IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> vs. ) <br> ) <br> HAWAIIAN EXPRESS SERVICE, ) <br> INC., a California corporation; et al. ) <br> ) <br> Defendants. ) <br> _____ ) | Civ. No. CV03 00385 SOM-LEK <br> (Copyright) <br><br> **PLAINTIFF WAYNE BERRY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEDUCTIBLE EXPENSES AND BARRING ANY TESTIMONY FROM THE PCT'S EXPERTS** |

**PLAINTIFF WAYNE BERRY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEDUCTIBLE EXPENSES AND BARRING ANY TESTIMONY FROM THE PCT'S EXPERTS**

Comes now Plaintiff WAYNE BERRY, by and through his attorneys, Lynch Ichida Thompson Kim & Hirota, and moves this Honorable Court for an order prohibiting Defendants from making any references to, or offering any evidence concerning the Defendant's deductible expenses including, but not limited to, the Exhibits 202 to 207 that are purported to be the financial records of Fleming Companies Inc. and barring any testimony from Fleming's experts who received the allegedly privileged Guidance materials.

The Motion is brought on three grounds. First, Mr. Kinrich, the Fleming damage expert, failed to address approximately 92% of the deductible expense claiming, erroneously that he had no obligation to address the cost of goods sold and that because Fleming showed no bottom line profits, Mr. Kinrich had no further obligation to prove deductible expenses. Both of these positions are flatly wrong and the Court has already ruled regarding the "bottom line" fallacy in its Order dated October 21, 2005 at pages 30 to 31.

Second, the materials referred to in the Kinrich report were not produced to Plaintiff who received a contrived set of financials. Fleming bares the burden of production and persuasion as to this proof of deductible expense. It had the obligation to disclose the actual materials relied upon by its experts but chose instead to provide alternative financial to the Plaintiff.

Third, Fleming's PCT obstructed third party discovery under the claim of privilege regarding the materials sought from Guidance Software, Inc. that Guidance never produced to Plaintiff. At the same time that Fleming was obstructing third-party discovery, it made these alleged privileged materials

available to its trial experts.[1]  The PCT should be prevented from putting forward any evidence to rebut the Plaintiff's showing of gross revenues because Fleming has withheld material evidence under a claim of privilege while at the same time providing this evidence to its experts who are expected to testify at trial.  All evidence of deductible expenses either documentary or through their experts should be barred at trial.

This motion is made pursuant to Rules 401 and 402 of the Federal Rules of Evidence, and Rule 26 of the Federal Rules of Civil Procedure and is based on the memorandum of law attached hereto, the records and files herein, and such other matters as may be presented to the Court at the hearing of this matter.

Dated: Honolulu, Hawaii  JAN 3 2006

TIMOTHY J. HOGAN
Attorney for Plaintiff
Wayne Berry

---

[1] It is not clear that the materials were shared with Mr. Kinrich but the PCT readily admits it shared them with Mr. Walker.