IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | Civ. No. CV03 00385 SOM-LEK (Copyright) |
| Plaintiff, | |
| vs. | **MEMORANDUM IN SUPPORT OF MOTION** |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation; et al. | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION**

1. The Kinrich Report Failed to Address 92% of the Deductible Expenses

At the trial of this matter, Defendant will attempt to argue that its deductible expenses resulted in no profit to Fleming during the relevant period. As an initial matter, this argument is legally flawed as the Court acknowledged in the Order Denying the PCT's Motion for Partial Summary Judgment on Damages. More over, as the Declaration of Thomas Ueno filed on September 15, 2005 (the "Ueno Dec.") at ¶¶ 23 to 25 evidences, Mr. Kinrich simply ignored over 92% of the deductible expenses. *See* redacted excerpt of the Ueno Dec. attached to the Declaration of Timothy J. Hogan as Exhibit "A." His report and the materials

provided by the PCT are devoid of any of this proof. The PCT bares the burden at trial regarding this proof, had an obligation to disclose it pursuant to Rule 26, and Kinrich simply ignored it choosing to rely instead on the defective legal position that the lack of bottom line profits ends the damage inquiry as it relates to profits.

Moreover, the evidence is clear from the selection of Guidance materials that Fleming chose to share with the Plaintiff that the costs of goods includes profits derived directly from the infringing use of the Berry FCS 1993. As set forth in the Hogan Dec. Exhibit "B" among the Guidance materials is evidence that Fleming hid freight allowances in its "cost of goods" as part of its fraudulent accounting scheme that even the PCT admits involved a complex fraudulent conspiracy operated by Fleming's own management with the participation of its vendors. *See* Hogan Dec. Exhibit C at ¶¶ 40 to 44. In light of the PCT's interference with the Production of the Guidance materials, which materials contained relevant financial information that was shared with the PCT experts but not the plaintiff, the Court should prevent the PCT from producing any evidence to rebut the showing of Fleming gross revenue.

   2.   <u>Fleming Produced False Financials to the Plaintiff.</u>

Fleming's PCT admits to long standing accounting fraud in the suit against Fleming's former management. Hogan Dec. Exhibit "C". Mr. Berry raised in his Opposition to the PCT's Damage Summary Judgment the issue of Fleming's providing a bogus set of financials to Plaintiff. Fleming never rebutted this in any filing or otherwise and the Court may find this an adoptive admission that Fleming agrees that its financials given to Plaintiff are not the same as the ones given to its expert. The Court should deny Fleming's PCT the ability to produce any evidence at trial derived from the expert's review of these contrived records. It is unrebutted that the set of financials given to Plaintiff were not the same set used by the PCT's expert Mr. Kinrich. *See* Ueno Dec. Hogan Dec. Exhibit A at ¶¶ 20-22.

   3.   <u>Fleming Has Claimed Attorney Client Privilege Over the Materials Given to Its Experts.</u>

Fleming admits that it gave materials to its expert that it is still withholding from Plaintiff under the claim of privilege. Hogan Dec. Exhibit "D." Fleming was warned that its turn over to its experts would be a waiver but went ahead and voluntarily waived the privilege. The Rule 26(A)(2) Fourth Supplemental Expert Report of Martin G. Walker, PH.D confirms that Fleming's PCT waived its

privilege as follows:

> II.   Materials Reviewed
> 3.   In addition to material reviewed detailed in previous expert reports, I reviewed . . . I also reviewed a copy of the files from the "Before Images" as produced to Defendants, as well as the list of "Suspect Files" created by Berry."

Hogan Dec. Exhibit "E."

The PCT has yet to cite any legal authority to support the view that the privilege was not waived when Fleming's PCT, knowing that the Guidance materials contained privileged items, gave them to its experts to review and prepare reports submitted to this Court. Even were the Court to ignore the obvious waiver, the PCT's position that it can claim a privilege over the materials reviewed by its experts necessarily disqualifies these experts from testifying at trial. Fleming can't have it both ways: either the privilege was waived, or the experts are barred. Because the PCT has continued to take the position that the materials are privileged, it concedes that the Experts must be barred from testifying at trial. Surely, Mr. Berry's counsel cannot be impeded in the cross examination of these witnesses under the threat that the questioning violates the attorney-client privilege.

It is well settled that testifying experts are deemed not to be covered by the privilege or work product doctrine. In *In re Pioneer Hi-Bred International, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001), the court found that "the 1993 amendments to Rule 26 of the Federal Rules of Civil Procedure make clear that documents and information disclosed to a testifying expert in connection with his testimony are discoverable by the opposing party, whether or not the expert relies on the documents and information in preparing his report." The court further noted that, since any disclosure to a testifying expert in connection with his testimony assumes that privileged or protected material will be made public, there is a waiver to the same extent as with any other disclosure.

In *United States Fid. & Guaranty Co. v. Brapetro Oil Serv. Co.*, 53 Fed. R. Serv. 3d 60 (S.D.N.Y. 2002), as in this case, the party delivered a large number of electronic files to the testifying expert. The court ruled the privilege waived finding it mattered not whether the expert opened the protected material but whether the expert could open and view them. *See also CP Kelco United States, Inc. v. Pharmacia Corp.*, 213 F.R.D. 176, 178 (D. Del. 2003)(privilege irrevocably waived when materials produced to trial expert); *In re Pioneer Hi-Bred Int'l, Inc.*,

238 F.3d 1370, 1375 (Fed. Cir., 2001) (all materials provided to expert are discoverable).

Based on the foregoing, the Court is respectfully asked to rule *In Limine* that the proof of Fleming's deductible expenses be excluded at trial and that no testimony from its experts who received the withheld privileged materials be allowed as to any matter.

Dated: Honolulu, Hawaii       JAN 3 2006

TIMOTHY J. HOGAN
Attorney for Plaintiff