Berry, Wayne 5/18/2005

```
 1           IN THE UNITED STATES DISTRICT COURT
 2               FOR THE DISTRICT OF HAWAII
 3
 4   WAYNE BERRY, a Hawaii     ) CIVIL NO. CV03-00385 SOM LEK
     citizen;                  ) (Copyright)
 5                             )
              Plaintiff,       )
 6                             )
                               )
 7         vs.                 )
                               )    Volume 1
 8   HAWAIIAN EXPRESS SERVICE, )
     INC., a California        )
 9   corporation; et al.,      )
                               )
10           Defendants.       )
     _____)
11
12
13              DEPOSITION OF WAYNE BERRY,
14   taken on behalf of the Defendant, Post-Confirmation
15   Trust, at the Law Offices of Kobayashi, Sugita & Goda,
16   999 Bishop Street, Suite 2600, Honolulu, Hawaii,
17   96813, commencing at 8:59 a.m., on Wednesday, May 18,
18   2005, pursuant to Notice.
19
20
     BEFORE:   Julie A. Peterson, CSR #361, CRR, RMR
21             Registered Professional Reporter
               Notary Public, State of Hawaii
22
23
                   Ali'i Court Reporting
24               2355 Ala Wai Blvd., Suite 306
                   Honolulu, Hawaii  96815
25                      (808) 926-1719
```


EXHIBIT "A"

Page 1

Berry, Wayne 5/18/2005

```
 1  APPEARANCES:
 2
 3
 4  For the Plaintiff:    TIMOTHY J. HOGAN, ESQ.
                          Lynch Ichida Thompson Kim & Hirota
 5                        1132 Bishop Street, Suite 1405
                          Honolulu, Hawaii  96813
 6
 7
 8  For the Defendant Post-Confirmation Trust:
 9                        LEX R. SMITH, ESQ.
                          ANNE E. LOPEZ, ESQ.
10                        Kobayashi, Sugita & Goda
                          First Hawaiian Center
11                        999 Bishop Street, Suite 2600
                          Honolulu, Hawaii  96813
12
                               and
13
                          ERIC C. LIEBELER, ESQ.
14                        DAMIAN D. CAPOZZOLA, ESQ.
                          Kirkland & Ellis LLP
15                        777 South Figueroa Street
                          Los Angeles, California  90017
16
17
18
    For the Defendants Mark Dillon, Teresa Noa and Brian
19  Christensen, et al:
20                        LYLE S. HOSODA, ESQ.
                          RAINA P.B. MEAD, ESQ.
21                        Lyle S. Hosoda & Associates
                          345 Queen Street, Suite 804
22                        Honolulu, Hawaii  96813
23
24
25
```

Berry, Wayne 5/18/2005

1    Did API file a claim in the Fleming
2 bankruptcy for that receivable?
3    MR. LIEBELER: It doesn't happen often, Tim.
4    MR. HOGAN: I'm gonna mark that one down.
5 A    I filed a claim for API, yes.
6 Q    (By Mr. Liebeler): You've correctly
7 anticipated my next question.
8    Was it you that filed the claim on behalf
9 of API?
10 A    Yes.
11 Q    And what's the face amount of that claim?
12    MR. HOGAN: Objection as to "the face amount."
13 Vague and ambiguous.
14 A    Do you mean the dollar amount on the claim form
15 itself?
16 Q    (By Mr. Liebeler): That's what face amount of
17 the claim means, sir, yes.
18 A    I don't recall the exact amount. It was
19 something just shy of $800,000.
20 Q    Do you have in your possession any documents to
21 support that claim?
22    MR. HOGAN: Objection as to in his possession.
23 Vague and ambiguous.
24 A    Not with me.
25 Q    (By Mr. Liebeler): Do you have them within

Page 24

Berry, Wayne 5/18/2005

1   your possession, custody or control?  Do you have

2   access to them, sir?

3   A      Yes.

4   Q      Where are they located?

5          MR. HOGAN:  Objection, vague as to the term

6   "they."  Vague and ambiguous.

7              Also I'm going to make an objection as to

8   the conducting of PCT discovery in this case by PCT's

9   appointed counsel in violation of the Delaware local

10  rules that makes it inapplicable for such testimony to

11  be taken while nonparties to the proceedings are

12  present.  Specifically C&S and the other parties in

13  this room are represented, and it violates the

14  Delaware local rule.

15  Q      (By Mr. Liebeler):  Go ahead.

16  A      I'd have to look, but I believe there's

17  probably one set of backups for that claim with the

18  United States Postal investigators, since it was a

19  mail fraud, and I probably have other copies.  I'd

20  have to look for copies that I kept.

21  Q      Where physically are the copies that you kept?

22  Are they in your residence, a storage shed or

23  someplace?  I'm not asking a specific address.  I'm

24  asking the conceptual location.

25         MR. HOGAN:  I'm going to object on the grounds

Berry, Wayne 5/18/2005

1  of relevance again. I don't see this has anything to
2  do with the pending litigation, and I think it's time
3  that we contact the master and ask him if he can take
4  some time off today and attend.
5          And I'll further state for the record that
6  the purpose of this is for Mr. Liebeler and his firm
7  to find out where evidence of a crime committed by his
8  client is so they can destroy the evidence. That's
9  why it's being asked. That's why it's objectionable.
10     MR. LIEBELER: You're absurd, Mr. Hogan,
11 absolutely absurd.
12     MR. HOGAN: Perhaps you can make some
13 foundation for your request, then, Mr. Liebeler.
14     MR. LIEBELER: The foundation for my request is
15 Mr. Berry is suing Fleming in litigation in various
16 places. That's going to come in at trial in this
17 case. He has a vendetta against my client. The jury
18 is perfectly entitled to hear that.
19     MR. HOGAN: As to the location of his records
20 is irrelevant to that. And, again, I renew my
21 statement --
22     MR. LIEBELER: Because I'm going to be
23 permitted to find those records for purposes of
24 assessing the merits of that litigation for purposes
25 of showing it's meritless here.

STATE OF HAWAII             )
                            ) ss.
CITY AND COUNTY OF HONOLULU )

I, Julie A. Peterson, Notary Public, State of Hawaii, do hereby certify:

That on May 18, 2005, commencing at 8:59 a.m., appeared before me Wayne Berry, the witness whose deposition is contained herein; that prior to being examined he was by me duly sworn; that the deposition was taken in machine shorthand by me and thereafter reduced to typewriting under my supervision; that the foregoing represents, to the best of my ability, a true and correct transcript of the proceedings had in the foregoing matter.

That the deponent was notified through counsel, by mail or by telephone, to appear and sign; that if the transcript is filed without signature, deponent has failed to appear and the transcript is therefore kept on file without signature pursuant to Court rules.

I further certify that I am not attorney for any of the parties hereto, nor in any way interested in the outcome of the cause named in the caption.

Dated at Honolulu, Hawaii, this 22nd day of May, 2005.

_____
NOTARY PUBLIC, STATE OF HAWAII
My Commission Expires: 9/1/2006