IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; ) | Civ. No. CV03 00385 SOM-LEK |
| ) | (Copyright) |
| Plaintiff, ) | |
| ) | **MEMORANDUM IN SUPPORT OF** |
| vs. ) | **MOTION** |
| ) | |
| HAWAIIAN EXPRESS SERVICE, ) | |
| INC., a California corporation; et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM IN SUPPORT OF MOTION

As the Court is aware, this is an action for copyright infringement arising out of Defendants' infringement of freight tracking business software developed and owned by Plaintiff. Plaintiff has concern that Defendant will be attempting to make reference to, or introduce at trial, evidence concerning an unrelated judgment entered against Plaintiff in an action that is completely unrelated to this case and the underlying facts of this case. Moreover, Mr. Berry's personal finances are equally irrelevant.

The Fleming Companies, Inc. Post-Confirmation Trust ("PCT") has admitted in the deposition of Wayne Berry that it intends to introduce this evidence of the judgment and Mr. Berry's finances at trial. *See* Excerpt of the

Deposition of Wayne Berry taken on May 18, 2005 in *Wayne Berry v. Hawaiian Express Service, Inc..* A true and correct copy of which is attached Declaration of Timothy J. Hogan ("Hogan Dec.") Exhibit A at 13:2 to 22:6. The existence and validity of a judgment against Plaintiff and his personal wealth or lack thereof are completely irrelevant to any of the issues in this case under FRE 401, and is therefore inadmissible pursuant to FRE 402 or 403. Whether or not a judgment was entered against Plaintiff in an unrelated case to this action has no factual bearing on the issues raised by this case, *i.e.*, infringement damages. Such evidence would only tend to cause the jury to be unfairly prejudiced against Plaintiff, as Defendant apparently seeks to have the jury conclude (improperly) that Defendant lacks credibility merely because he is the defendant with respect to a judgment issued in a wholly unrelated lawsuit. Ironically, Fleming has a willful infringement judgement against it. Accordingly, even if such evidence had any probative value at all, which it does not, such evidence should nevertheless be excluded because such probative value would be and is substantially outweighed by the danger of unfair prejudice to Plaintiff. Similarly, evidence of Mr. Berry' financial status is equally irrelevant.

Plaintiff therefore urges this Court to grant this motion *in limine*, and enter an order precluding introduction of evidence concerning the existence of any

unrelated judgments and/or litigation involving Plaintiff or of his personal finances, and prohibiting Defendant, its counsel, and all witnesses in this case, from making any references to such finances or judgment and/or other unrelated litigation.

Dated: Honolulu, Hawaii,   JAN 3 2006   .

TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY