IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | Civ. No. CV03 00385 SOM-LEK (Copyright) |
| Plaintiff, | |
| vs. | **MEMORANDUM IN SUPPORT OF MOTION** |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation; et al. | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF MOTION

In it proposed demonstrative Exhibit No. 231 a copy of which is attached to the Declaration of Timothy J. Hogan ("Hogan Dec.") as Exhibit "A,"[1] Mr. Kinrich telegraphs his intention to go outside his report.

1.  Kinrich Can't Cure His Failure T Address The Costs Of Good Sold.

On the pages 11 and 12 of 21 of Hogan Dec. Exhibit "A" entitled – "Fleming Hawaii Lost Money During the Infringement Period", Mr. Kinrich continues to gloss over the alleged deductible expense of the cost of goods sold. He started his analysis from the $54,435,793 net sales number. As the demonstrative evidences, Mr. Kinrich starts his analysis from the Net Sales figure.

---

[1] Page numbers have been added to the exhibit by counsel for Mr. Berry.

The evidence that will be put forward at trial is that Fleming included freight related income in the cost of goods sold. It therefore is not a number that can be ignored by Mr. Kinrich who has left the entire cost of goods sold estimated as 92% of all costs on the table.

2.      <u>Kinrich Made No Mention Of The $300,000 Offer In His Report.</u>

On page 10 of 21 of the Kinrich demonstrative entitled "Other Conceptual Problems with Mr. Ueno's 'Reasonable License Fee' Calculation (Cont.)" Mr. Kinrich addresses the following bullet points:

- "Mr. Berry offered to sell entire FCS software for $300,000
    - Fleming turned him down and received a free license

This offer and rejection was not mentioned in any Kinrich reports and he should not be allowed to testify regarding this at trial.

3.      <u>Other Additions Show A Likelihood That Kinrich Will Go Outside Of His Report At Trial.</u>

On page 13 of 21 of this demonstrative entitled – Fleming Hawaii's Performance Improved After Use of FCS Ceased the "Loss per Day" line was not included in any of his reports.

On page 15 of 21 that is entitled "Fleming's Costs Increased Slightly After Abandoning the FCS Software" there is no mention of the additional clerk cost in

his report. While this is an increase to the damage amount which Kinrich attributes to any infringement it shows that Mr. Kinrich needs to be reigned in before trial.

Based on the foregoing, the Court is respectfully asked to rule *In Limine* that the motion be granted and that the PCT's damage expert be prohibited from testifying to matters not contained in his expert reports.

Dated: Honolulu, Hawaii          JAN 3 2006

TIMOTHY J. HOGAN
Attorney for Plaintiff

3