LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;  )<br>                                                   )<br>              Plaintiff,                        )<br>                                                   )<br>                                                   )<br>       vs.                                       )<br>                                                   )<br>                                                   )<br>HAWAIIAN EXPRESS SERVICE, )<br>INC., a California corporation; et al. )<br>                                                   )<br>              Defendants.                   )<br>_____ ) | Civ. No. CV03 00385 SOM-LEK<br>(Copyright)<br><br>**PLAINTIFF WAYNE BERRY'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF JACK BORJA AND RALPH STUSSI** |

**PLAINTIFF WAYNE BERRY'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF JACK BORJA AND RALPH STUSSI**

Comes now Plaintiff WAYNE BERRY, by and through his attorneys, Lynch Ichida Thompson Kim & Hirota, and moves this Honorable Court for an order prohibiting Defendants offering the testimony of either Jack Borja or Ralph Stussi.

The Motion is brought on grounds that, in a sanctionable act of "sandbagging" the PCT and Employee Defendants' failed to disclose prior to the Final Comprehensive Witness List submitted on January 3, 2006, the fact that Ralph Stussi and Jack Borja had relevant information related to their defenses. The joint Final Pre-Trial Statement is devoid of any mention of these witnesses and the failure to disclose them in a timely fashion should result in an order preventing them from testifying. To compound the wrong, the PCT's attorneys refuse to provide counsel with their contact information for Mr. Borja. Finally, if Mr. Borja has relevant information it can only be related to the time he was employed by Atlantic Pacific International, Inc. ("API"). API is adverse to the PCT, and API"s counsel was never contacted to obtain permission to communicate with Mr. Borja, a former API shareholder and former employee. The act of contacting this individual regarding the subject of this case is ground for disciplinary sanctions. In any event, based on all of this these witnesses should be barred from testifying.

This motion is made pursuant to Rules 401 and 402 of the Federal Rules of Evidence, and Rule 26 of the Federal Rules of Civil Procedure and is supported by

the based on the memorandum of law attached hereto, the records and files herein, and such other matters as may be presented to the Court at the hearing of this matter.

Dated: Honolulu, Hawaii, January 4, 2006.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY