LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | Civ. No. CV03 00385 SOM-LEK |
| | (Copyright) |
| Plaintiff, | |
| | **MEMORANDUM IN SUPPORT OF** |
| vs. | **MOTION** |
| | |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation; et al. | |
| | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF MOTION

In its desperate attempt to create a defense to damages, the PCT and its counsel have chosen the low road. Rather than disclose the intention to bring to court Ralph Stussi, the Fleming Hawaii Division's former president and Atlantic Pacific International, Inc.'s former shareholder and former employee Jack Borja,

by listing these witnesses in the PCT's Final Pre-Trial Statement or any pre-trial disclosures, the PCT and Employee Defendants chose to list these claimed material witnesses for the first time on the day the motions in limine were due.

First as to Mr. Stussi, this former Fleming employee has been concealed by the PCT during the entire case only to spring him in on the day that motions in limine are due. The Declaration of Timothy J. Hogan ("Hogan Dec.") Exhibiit A is a true and correct excerpt of the PCT and Employee Defendants Final Pre-Trial Statement. Hogan Dec. Exhibit "B" is an excerpt from the PCT and Employee Defendants' Comprehensive Witness List that for the first time lists these witnesses. This type of sandbagging is grounds for the Court to bar his testimony as Court of Appeals for the Seventh Circuit held as follows:

> Finally, the judge did not abuse her discretion in excluding Keith Bronk's testimony as a rebuttal witness after plaintiffs failed to name him on their pre-trial witness list pursuant to the district court's order. See Fed. R. Civ. P. 16, 26(a), 37(c); *Spray-Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226, 1245 (7th Cir. 1982) (district court should consider prejudice or surprise to opposing party, ability of party to cure prejudice, likelihood of disruption, and moving party's bad faith or unwillingness to comply  in ruling on motion to call witness not previously listed), affirmed, 465 U.S. 752, 79 L. Ed. 2d 775, 104 S. Ct. 1464. It should have been clear to plaintiffs from the outset that Keith Bronk's testimony

> regarding Pierre's training might be significant; their
> failure to name him at the appropriate time cannot be laid
> at anyone else's doorstep.

*Bronk v. Ineichen*, 54 F.3d 425, 432 (7th Cir. 1995)(citations in the original).

In addition, Mr. Stussi's testimony was rejected by the first jury that found Fleming a willful infringer. The Court should not permit a second chance as this would clearly violate the doctrine of collateral estoppel. Hogan Dec. ¶ 7.

As to Mr. Borja, anything that Mr. Borja is likely to say has, like Mr. Stussi, already been rejected by the jury in the first infringement case and the facts are therefore not to be re-litigated based on collateral estoppel. Fleming doesn't get two bites of the apple.

In addition, Mr. Borja has, like Mr. Stussi, been concealed by the PCT that had an obligation to disclose its witnesses. The PCT Final Pre-Trial Statement is devoid of any mention of Mr. Borja. Hogan Dec. Exhibit A. More egregious is the fact that Mr. Borja during the relevant time was an employee of API and anything potentially relevant that he has to say will be relevant to that time. Before speaking to him counsel was obligated to obtain API's counsel for permission to discuss it with him. One presumes that the attorneys for the PCT

have discussed his testimony with Mr. Borja and that discussion violated the Hawaii Disciplinary Rules. Hogan Dec. ¶¶ 3 to 5. The PCT should not be rewarded for this conduct. Despite counsel's request for contact information regarding Mr. Borja, the PCT and the Employee Defendants's attorneys have sat silent. Hogan Dec. ¶ 3.

The failure to disclose witnesses with relevant testimony is a violation of the Rule 26 disclosure rules as well as the Rule 16. The violation of these rules prejudices Mr. Berry who was not given any warning that these witnesses had relevant testimony in time to depose them in advance of trial. Mr. Borja's testimony in the last trial that could not reconciled other than for the jury to find his testimony false, makes his concealment true prejudice to Mr. Berry who was not given an opportunity to depose him. Hogan Dec. ¶ 7.

Based on the foregoing, the Court is respectfully asked to rule *In Limine* that no testimony from Mr. Stussi nor Mr. Borja may be permitted as to any matter.

Dated: Honolulu, Hawaii, January 4, 2006.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY

4