LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; ) | Civ. No. CV03 00385 SOM-LEK |
| ) | (Copyright) |
| Plaintiff, ) | |
| ) | **DECLARATION OF TIMOTHY J.** |
| vs. ) | **HOGAN; EXHIBITS "A" and "B"** |
| ) | |
| HAWAIIAN EXPRESS SERVICE, ) | |
| INC., a California corporation; et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DECLARATION OF TIMOTHY J. HOGAN

I, TIMOTHY J. HOGAN, hereby make the following declaration under penalty of law:

1. I am an attorney with the law firm of Lynch Ichida Thompson Kim & Hirota, which represents Plaintiff in the above-captioned matter.

2. Attached hereto as Exhibit "A" is a true and correct relevant excerpt

from the Fleming PCT's Final Pre-Trial Statement that omits any reference to Ralph Stussi and/or Jack Borja.

3. I have requested today that the defendants' attorneys provide me with Mr. Borja's contact information and have not received it nor has any reason been given for withholding it.

4. I am attorney for Atlantic Pacific International, Inc. and am engaged in ongoing attempts to recover fraudulently misappropriated accounts receivable of API. API has filed a claim in the Fleming bankruptcy and Fleming's attorneys in Mr. Berry's deposition, admitted that this matter is ongoing and that API is adverse to the PCT.

5. Jack Borja was a former API shareholder and employee and I gave no attorney in this case permission to speak to him regarding any of the events that might arguably be relevant to his testimony that were all during his employment at API.

6. Attached hereto as Exhibit "B" is a true and correct copy of and excerpt from the PCT and the Employee Defendants' Comprehensive Witness List submitted on January 3, 2006, that for the first time in this case identifies Mr. Stussi and/or Mr. Borja as having any relevant information.

7.      I was not give time to depose these witnesses as a result of the defendants' failure to disclose them in a timely manner, and Mr. Berry will be prejudiced if they are allowed to testify. I have examined Mr. Borja before and in my view his testimony was, for the most part, perjury. The jury in the first case apparently agreed. To force Mr. Berry to proceed without the ability to depose these witnesses, especially Mr. Borja, is clear and unavoidable prejudice.

Dated: Honolulu, Hawaii, January 4, 2006.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY