IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;    )<br>                                            )<br>        Plaintiff,                )<br>                                            )<br>    vs.                                    )<br>                                            )<br>HAWAIIAN EXPRESS SERVICE,  )<br>INC., a California corporation; et al. )<br>                                            )<br>        Defendants.           )<br>                                            )<br>                                            )<br>                                            )<br>                                            )<br>_____ ) | Civ. No. CV03 00385 SOM-LEK<br>(Copyright)<br><br>**PLAINTIFF WAYNE BERRY'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PLAINTIFF MR. BERRY'S ALLEGED *VENDETTA*** |

**PLAINTIFF WAYNE BERRY'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE MR. BERRY'S ALLEGED *VENDETTA***

Comes now Plaintiff WAYNE BERRY, by and through his attorneys, Lynch Ichida Thompson Kim & Hirota, and moves this Honorable Court for an order prohibiting Defendants from wasting the jury's time and thereby opening the door regarding the history of Fleming's conduct and what the PCT claims is a *"vendetta."*

Further, should Fleming attempt to raise the *"vendetta"* that it claims is the reason for Mr. Berry protecting his copyrights, this case will descend into a

irrelevant farce. More importantly, when the door opens on the Fleming conduct that its own lawyers have now conceded involved fraudulent and criminal conduct, Mr. Berry should be permitted to rebut the claim of vendetta with proof of Fleming's own misconduct and specifically the proof that Mark Dillon misrepresented, under oath, the scope of the infringement that was the foundation for the Court's grant of summary judgment on the issue of "inadvertence" and the lack of proof of willful infringement.

By the PCT's own admission, it's defense to the damages in this case will be to claim that Fleming is the blameless victim of Mr. Berry's "vendetta." Should Fleming open the door on its conduct then the interlocutory findings that Fleming's conduct was not willful must be reopened too and the actual evidence that was absent prior to the grant of summary judgment on this issue that shows that Fleming, Mark Dillon and the Fleming expert misrepresented the scope of the infringement must be fair game and Mr. Berry should be able to rebut this theory with additional evidence regarding willful infringement. This motion is made pursuant to Rules 401 and 402 of the Federal Rules of Evidence, and is based on the memorandum of law attached hereto, the records and files herein, and such

other matters as may be presented to the Court at the hearing of this matter.

Dated: Honolulu, Hawaii           JAN 3 2006

TIMOTHY J. HOGAN
Attorney for Plaintiff
Wayne Berry

3