IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| vs. | ) | **MOTION** |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

In Mr. Berry's deposition the Fleming attorney made it clear that Fleming's

PCT intends to claim that Fleming, not Mr. Berry, is the victim in this

infringement case.

> Mr. Liebeler:   The foundation for my request is Mr. Berry is suing
> Fleming in litigation in various places. That's going to
> come in at trial in this case. He has a vendetta against
> my client. The jury is perfectly entitled to hear that.

*See* Excerpt of the Deposition of Wayne Berry taken on May 18, 2005 in *Wayne*

*Berry v. Hawaiian Express Service, Inc.* A true and correct copy of which is

attached  Declaration of Timothy J. Hogan ("Hogan Dec.") Exhibit "A" at 26:14 to

26:25. Ironically, upon information and belief, Fleming's management remains

under criminal investigation.  The PCT' attorneys are defending it from these

claims and  Fleming's theory that it admits it intends to put before the jury that it is

the blameless victim of Mr. Berry's vendetta, must necessarily open the door to

the actual scope of infringement and Fleming's past.  In response to Mr. Berry's

Motion for Reconsideration, Fleming never disputed that, contrary to the

testimony of Mark Dillon and the report of Martin Walker, Ph.D, the Original

Logistics Data.mdb had far more illegal modification than the Court was lead to

believe before granting summary judgment on the issue of willfulness.  The

undisputed fact is that the Berry system had 69 tables and the Dillon derivative 88

tables.  Hogan Dec. Exhibit "B" is a true and correct Exhibit "F" from the

Supplemental Report of Martin Walker Ph.DFleming's expert, and Hogan Dec.

Exhibit "C" that is a true and correct screen print of the actual database that

Fleming was running between April 1 to June 9, 2003 that was begrudgingly

turned over with the Guidance materials that Fleming chose to share with Plaintiff.

Should Fleming be permitted to introduce evidence of its "inadvertence" and

"innocence" that is the necessary predicate to its claim that Mr. Berry is engaged

in a *vendetta,*  then the actual evidence in this case should be permitted to rebut

such a showing as the result of this "door opening." Mr. Berry believes that the Court has made its intentions clear: that the proof of damages will proceed promptly to final judgment and that no evidence of innocence or lack thereof is relevant related to damages. Fleming should not be permitted to make a showing that Mr. Berry is required to sit idly by and not put on a rebuttal case. If Fleming opens the door, fairness and due process requires that Mr. Berry should be permitted to rebut this evidence and should the evidence support a finding of the lack of innocence, the jury should be given an appropriate instruction on willfulness, Fleming having opened the door on its own interlocutory finding. Moreover, Fleming's own prior adjudicated willful infringement would also be relevant and should be admitted.

For the reasons stated, Mr. Berry requests that the Court rule that the Defendants should be prohibited from adducing evidence regarding its claim of innocence and Mr. Berry's alleged vendetta unless the Court rules that by so doing the door will open on the issue of willfulness as is necessary for Mr. Berry to make his rebuttal case.

Dated: Honolulu, Hawaii _____ JAN 3 2006

TIMOTHY J. HOGAN
Attorney for Plaintiff