IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) ) | Civ. No. CV03 00385 SOM-LEK (Copyright) |
| Plaintiff, | ) ) | |
| vs. | ) ) | **DECLARATION OF TIMOTHY J. HOGAN; EXHIBIT "A"** |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation; et al. | ) ) ) | |
| Defendants. | ) ) ) | |

## DECLARATION OF TIMOTHY J. HOGAN

I, TIMOTHY J. HOGAN, am an attorney licensed to practice before all the courts of the State of Hawaii and I make this declaration under the penalty of perjury. All the statements herein are true and correct to the best of my knowledge, information and belief. If called upon to testify regarding the matters herein, I am competent and willing to do so.

1. Attached hereto as Exhibit "A" is a true and correct copy of the Plaintiff Wayne Berry's Motion in Limine to Exclude Testimony of Jack Borja and Ralph Stussi; Memorandum in Support of Motion; Declaration of Timothy J. Hogan; Exhibits "A" and "B."

2. The facts contained in the Ex Parte Motion are true and correct to the

best of my knowledge information and belief.

3. In accordance with the local rules, I requested that the parties agree to shortening time by 12:00 noon today. Mr. Smith representing the PCT and C&S emailed me that he did not object. I receive no response from Mr. Hosoda, attorney for the former Fleming Employees. These defendants and the PCT filed a joint Final Pre-Trial Statement and Comprehensive Witness List.

4. I respectfully request that the Court shorten time on this motion to be heard on January 20, 2006 at 2:00 p.m.

Dated: Honolulu, Hawaii, January 4, 2006.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY

A

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., a California corporation; et al.<br><br><br><br>Defendants. | Civ. No. CV03 00385 SOM-LEK<br>(Copyright)<br><br>**NOTICE OF MOTION;**<br>**PLAINTIFF WAYNE BERRY'S**<br>**MOTION IN LIMINE TO**<br>**EXCLUDE TESTIMONY OF JACK**<br>**BORJA AND RALPH STUSSI;**<br>**DECLARATION OF TIMOTHY J.**<br>**HOGAN; EXHIBITS "A" & "B";**<br>**CERTIFICATE OF SERVICE**<br><br>PROPOSED<br>Hearing:<br>DATE:      January 20, 2006<br>TIME:      2:00 p.m.<br>JUDGE:    Hon. Susan Oki Mollway<br><br>Trial Date: January 24, 2006 |



**EXHIBIT A**

## NOTICE OF HEARING

TO:   LEX R. SMITH, ESQ.
       ANNE E. LOPEZ, ESQ.
       Kobayashi Sugita & Goda
       First Hawaiian Center
       999 Bishop Street, Suite 2600
       Honolulu, Hawaii 96813
       Attorneys for Defendant
       Fleming Companies, Inc.
       C&S Wholesale Grocers, Inc.,
       C&S Logistics of Hawaii, LLC,
       C&S Acquisitions, LLC, ES3, LLC
       and RICHARD COHEN

       ERIC C. LIEBELER, ESQ.
       DAMIAN CAPOZZOLA, ESQ.
       MELISSA M. DULAC, ESQ.
       R. OLIVIA SAMAD, ESQ.
       Kirkland & Ellis
       777 South Figueroa Street
       Los Angeles, CA 90017
       Attorneys for Defendant Fleming Companies, Inc.

       LYLE HOSODA, ESQ.
       345 Queen Street, Suite 804
       Honolulu, Hawaii 96813
       Attorney for Defendants Mark Dillon,
       Brian Christensen and Teresa Noa
       Melvin Ponce, Alfredda Waiolama,
       Jacqueline Rio, and Justin Fukumoto

      NOTICE IS HEREBY GIVEN that Plaintiff's Motion *In Limine* to Exclude

Testimony of Jack Borja and Ralph Stussi  shall, if the Court grants a motion to

2

shorten time, come on for hearing before the Honorable Susan Oki Mollway,

United States District Judge of the above-entitled Court, in his/her courtroom in

the United States District Court, 300 Ala Moana Boulevard, Honolulu, Hawaii

96813 on January 20, 2006 at 2:00 p.m., or as soon thereafter as counsel can be

heard.

Dated: Honolulu, Hawaii, January 4, 2006.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **MOTION IN LIMINE TO** |
| | ) | **EXCLUDE TESTIMONY OF JACK** |
| HAWAIIAN EXPRESS SERVICE, | ) | **BORJA AND RALPH STUSSI** |
| INC., a California corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF WAYNE BERRY'S MOTION *IN LIMINE* TO EXCLUDE
TESTIMONY OF JACK BORJA AND RALPH STUSSI**

Comes now Plaintiff WAYNE BERRY, by and through his attorneys, Lynch

Ichida Thompson Kim & Hirota, and moves this Honorable Court for an order

prohibiting Defendants offering the testimony of either Jack Borja or Ralph

Stussi.

The Motion is brought on grounds that, in a sanctionable act of "sandbagging" the PCT and Employee Defendants' failed to disclose prior to the Final Comprehensive Witness List submitted on January 3, 2006, the fact that Ralph Stussi and Jack Borja had relevant information related to their defenses. The joint Final Pre-Trial Statement is devoid of any mention of these witnesses and the failure to disclose them in a timely fashion should result in an order preventing them from testifying. To compound the wrong, the PCT's attorneys refuse to provide counsel with their contact information for Mr. Borja. Finally, if Mr. Borja has relevant information it can only be related to the time he was employed by Atlantic Pacific International, Inc. ("API"). API is adverse to the PCT, and API"s counsel was never contacted to obtain permission to communicate with Mr. Borja, a former API shareholder and former employee. The act of contacting this individual regarding the subject of this case is ground for disciplinary sanctions. In any event, based on all of this these witnesses should be barred from testifying.

This motion is made pursuant to Rules 401 and 402 of the Federal Rules of Evidence, and Rule 26 of the Federal Rules of Civil Procedure and is supported by

2

the based on the memorandum of law attached hereto, the records and files herein,

and such other matters as may be presented to the Court at the hearing of this

matter.

     Dated: Honolulu, Hawaii, January 4, 2006.

            /S/Timothy J. Hogan
            TIMOTHY J. HOGAN
            Attorney for Plaintiff
            WAYNE BERRY

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| vs. | ) | **MOTION** |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM IN SUPPORT OF MOTION

In its desperate attempt to create a defense to damages, the PCT and its

counsel have chosen the low road. Rather than disclose the intention to bring to

court Ralph Stussi, the Fleming Hawaii Division's former president and Atlantic

Pacific International, Inc.'s former shareholder and former employee Jack Borja,

by listing these witnesses in the PCT's Final Pre-Trial Statement or any pre-trial

disclosures, the PCT and Employee Defendants chose to list these claimed

material witnesses for the first time on the day the motions in limine were due.

First as to Mr. Stussi, this former Fleming employee has been concealed by

the PCT during the entire case only to spring him in on the day that motions in

limine are due. The Declaration of Timothy J. Hogan ("Hogan Dec.") Exhibiit A

is a true and correct excerpt of the PCT and Employee Defendants Final Pre-Trial

Statement. Hogan Dec. Exhibit "B" is an excerpt from the PCT and Employee

Defendants' Comprehensive Witness List that for the first time lists these

witnesses. This type of sandbagging is grounds for the Court to bar his testimony

as Court of Appeals for the Seventh Circuit held as follows:

> Finally, the judge did not abuse her discretion in
> excluding Keith Bronk's testimony as a rebuttal witness
> after plaintiffs failed to name him on their pre-trial
> witness list pursuant to the district court's order. See Fed.
> R. Civ. P. 16, 26(a), 37(c); *Spray-Rite Service Corp. v.
> Monsanto Co.*, 684 F.2d 1226, 1245 (7th Cir. 1982)
> (district court should consider prejudice or surprise to
> opposing party, ability of party to cure prejudice,
> likelihood of disruption, and moving party's bad faith or
> unwillingness to comply  in ruling on motion to call
> witness not previously listed), affirmed, 465 U.S. 752, 79
> L. Ed. 2d 775, 104 S. Ct. 1464. It should have been clear
> to plaintiffs from the outset that Keith Bronk's testimony

2

> regarding Pierre's training might be significant; their
> failure to name him at the appropriate time cannot be laid
> at anyone else's doorstep.

*Bronk v. Ineichen*, 54 F.3d 425, 432 (7th Cir. 1995)(citations in the original).

In addition, Mr. Stussi's testimony was rejected by the first jury that found

Fleming a willful infringer.  The Court should not permit a second chance as this

would clearly violate the doctrine of collateral estoppel.  Hogan Dec. ¶ 7.

As to Mr. Borja, anything that Mr. Borja is likely to say has, like Mr. Stussi,

already been rejected by the jury in the first infringement case and the facts are

therefore not to be re-litigated based on collateral estoppel.  Fleming doesn't get

two bites of the apple.

In addition, Mr. Borja has, like Mr. Stussi, been concealed by the PCT that

had an obligation to disclose its witnesses.  The PCT Final Pre-Trial Statement is

devoid of any mention of Mr. Borja.  Hogan Dec. Exhibit A.   More egregious is

the fact that Mr. Borja during the relevant time was an employee of API and

anything potentially relevant that he has to say will be relevant to that time.

Before speaking to him counsel was obligated to obtain API's counsel for

permission to discuss it with him.  One presumes that the attorneys for the PCT

3

have discussed his testimony with Mr. Borja and that discussion violated the Hawaii Disciplinary Rules. Hogan Dec. ¶¶ 3 to 5. The PCT should not be rewarded for this conduct. Despite counsel's request for contact information regarding Mr. Borja, the PCT and the Employee Defendants's attorneys have sat silent. Hogan Dec. ¶ 3.

The failure to disclose witnesses with relevant testimony is a violation of the Rule 26 disclosure rules as well as the Rule 16. The violation of these rules prejudices Mr. Berry who was not given any warning that these witnesses had relevant testimony in time to depose them in advance of trial.    Mr. Borja's testimony in the last trial that could not reconciled other than for the jury to find his testimony false, makes his concealment true prejudice to Mr. Berry who was not given an opportunity to depose him. Hogan Dec. ¶ 7.

Based on the foregoing, the Court is respectfully asked to rule *In Limine* that no testimony from Mr. Stussi nor Mr. Borja may be permitted as to any matter.

Dated: Honolulu, Hawaii, January 4, 2006.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY

4

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., a California corporation; et al.<br><br>Defendants. | Civ. No. CV03 00385 SOM-LEK<br>(Copyright)<br><br>**DECLARATION OF TIMOTHY J.<br>HOGAN; EXHIBITS "A" and "B"** |

## <u>DECLARATION OF TIMOTHY J. HOGAN</u>

I, TIMOTHY J. HOGAN, hereby make the following declaration under

penalty of law:

1. I am an attorney with the law firm of Lynch Ichida Thompson Kim &

Hirota, which represents Plaintiff in the above-captioned matter.

2. Attached hereto as Exhibit "A" is a  true and correct relevant excerpt

from the Fleming PCT's Final Pre-Trial Statement that omits any reference to Ralph Stussi and/or Jack Borja.

3. I have requested today that the defendants' attorneys provide me with Mr. Borja's contact information and have not received it nor has any reason been given for withholding it.

4. I am attorney for Atlantic Pacific International, Inc. and am engaged in ongoing attempts to recover fraudulently misappropriated accounts receivable of API. API has filed a claim in the Fleming bankruptcy and Fleming's attorneys in Mr. Berry's deposition, admitted that this matter is ongoing and that API is adverse to the PCT.

5. Jack Borja was a former API shareholder and employee and I gave no attorney in this case permission to speak to him regarding any of the events that might arguably be relevant to his testimony that were all during his employment at API.

6. Attached hereto as Exhibit "B" is a true and correct copy of and excerpt from the PCT and the Employee Defendants' Comprehensive Witness List submitted on January 3, 2006, that for the first time in this case identifies Mr. Stussi and/or Mr. Borja as having any relevant information.

2

7.    I was not give time to depose these witnesses as a result of the

defendants' failure to disclose them in a timely manner, and Mr. Berry will be

prejudiced if they are allowed to testify.  I have examined Mr. Borja before and in

my view his testimony was, for the most part, perjury.   The jury in the first case

apparently agreed.  To force Mr. Berry to proceed without the ability to depose

these witnesses, especially Mr. Borja, is clear and unavoidable prejudice.

Dated: Honolulu, Hawaii, January 4, 2006.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY

3

A

statutory damage amounts,[1] emphasis added). *See also Mackie v. Reiser*, 296 F.3d at 915, n. 6 ("A suit for copyright infringement may be analogized to other tort actions; all infringers are jointly and severally liable. [Citation omitted]."); *Walt Disney Co. v. Powell*, 897 F.2d 565, 570 (D.C. Cir. 1990) (infringing use of Mickey & Minnie Mouse images in numerous poses infringed only two works); *Branch v. Ogilvy & Mather, Inc.*, 772 F.Supp. 1359, 1364 (S.D.N.Y., 1991) ("where two or more defendants contributed to the infringement, they are all jointly and severally liable for the award of statutory damages."); *Bouchat v. Champion Products, Inc.*, 327 F.Supp.2d 537 (D. Md., 2003) (one award against multiple entities in distribution chain) .

**(H)    PREVIOUS MOTIONS:** Exhibit C contains a table listing the motions that have been made throughout the history of this matter.

**(I)    WITNESSES TO BE CALLED:**    

In accordance with the Court's May 2, 2005 Amended Scheduling Order, the Fleming Post-Confirmation Trust and the former Fleming employees intend to

---

[1]  "A single infringer of a single work is liable for a single amount between $250 and $10,000, *no matter how many acts of infringement are involved in the action* and regardless of whether the acts were separate, isolated, or occurred in a related series. . . . Subsection (c)(1) makes clear, however, that although they are regarded as independent works for other purposes, '*all the parts of a* compilation or *derivative work constitute one work*' for this purpose. . . . Similarly, where the work was infringed by two or more joint tortfeasors, [they are] jointly and severally liable for *an amount* in the $250 to $10,000 range." (Quote references previous statutory amounts).



6

submit their full and binding witness list on January 3, 2006. Subject to that qualification, the Fleming Post-Confirmation Trust and the former Fleming employees preliminarily identify the following witnesses:

Fact witnesses: One or more of the former Fleming employees (Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio) concerning operation of Plaintiff's Freight Control Software and the relationship of that freight tracking system to business operations. Other nondefendant fact witnesses associated with the Fleming Post-Confirmation Trust or C&S Wholesale Grocers, including but not limited to Michael Scott, Barry Folse, and/or Brian Christensen, may also testify about the relationship of Plaintiff's freight tracking system to business operations, in particular with regard to issues of revenues and profits / losses.

Expert witnesses: (1) Martin Walker (operation of Freight Control Software and technical issues, and, if necessary, contents of materials produced by Guidance Software); (2) Jeff Kinrich (economic damages and profits issues); (3) Brad Dechter (industry expert concerning relationship of freight tracking software to business operations and profits).

**(J)    EXHIBITS, SCHEDULES, AND SUMMARIES:** The Fleming Post-Confirmation Trust and the former Fleming employees intend to exchange pre-marked exhibits no later than December 27, 2005 and subsequently follow the procedures delineated in the Court's May 2, 2005 Amended Scheduling Order.

B

6.   Melvin Ponce
     c/o Lyle S. Hosoda & Associates, LLC
     345 Queen Street, Suite 804
     Honolulu, Hawaii 96813

          Witness is expected to testify as to damages.  His

direct testimony is expected to take approximately 5 minutes.

7.   Sonia Purdy
     c/o Lyle S. Hosoda & Associates, LLC
     345 Queen Street, Suite 804
     Honolulu, Hawaii 96813

          Witness is expected to testify as to damages.  Her

direct testimony is expected to take approximately 5 minutes.

8.   Justin Fukumoto
     c/o Lyle S. Hosoda & Associates, LLC
     345 Queen Street, Suite 804
     Honolulu, Hawaii 96813

          Witness is expected to testify as to damages.  His

direct testimony is expected to take approximately 5 minutes.

9.   Jack Borja

          Witness is expected to testify as to his knowledge of

Atlantic Pacific International, Inc., its financial condition,

and relationship to Fleming Companies, Inc.  His direct testimony

is expected to take approximately 10 minutes.

10.  Brian Marting
     Y.Hata & Co., Ltd.
     Sand Island Access Road
     Honolulu, Hawaii 96819

          Witness is expected to testify as to Y.Hata & Co., Ltd.

and its business relationship with Wayne Berry and his software.

5

**EXHIBIT** B

His direct testimony is expected to take approximately 10 minutes.

11.  Ralph Stussi

        Witness is expected to testify as to damages. His direct testimony is expected to take approximately 10 minutes.

        In addition, the Defendants reserve the right to name and/or call to testify expert and non-expert witnesses previously identified by the parties, subsequently named by the parties, and/or as may be appropriate for impeachment, rebuttal, or authentication purposes.

        Dated: Honolulu, Hawaii, January 3, 2006.


KOBAYASHI, SUGITA & GODA

                                    LEX R. SMITH
                                    THOMAS YEE

KIRKLAND & ELLIS LLP                ERIC C. LIEBELER
                                    DAMIAN CAPOZZOLA
                                    R. OLIVIA SAMAD

                                    Attorneys for Defendant
                                    POST-CONFIRMATION TRUST


LYLE S. HOSODA & ASSOCIATES, LLC
                                    LYLE S. HOSODA
                                    RAINA P.B. MEAD

                                    Attorneys for Defendants
                                    MARK DILLON, TERESA NOA,
                                    MELVIN PONCE, SONIA PURDY,
                                    JUSTIN FUKUMOTO, ALFREDDA
                                    WAIOLAMA, and JACQUELINE RIO


6