IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| vs. | ) | **MOTION** |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

## **MEMORANDUM IN SUPPORT OF MOTION**

Leaving aside that Bradley Dechter is Mr. Berry's competitor and that he failed to even sign his expert report, the Court should bar his testimony as irrelevant because Mr. Dechter failed, by his own admission, to review Mr. Berry's freight control system that is relevant to his case.  *See* Unsigned Expert Report of Bradley Dechter, Declaration of Timothy J. Hogan at Exhibit "A."   This is a case about a specific piece of software.  Mr. Dechter didn't even look at it.

In addition, Mr. Dechter has not shown any foundation for his being able to testify regarding the entire universe of business software applicable to the shipping industry but to assume his report has any validity, the Court must grant

him this degree of knowledge that is nowhere evident from his report or its absent

curriculum vitae.  In short, the testimony of Bradley Dechter on the universe of

freight industry software lacks the minimum required foundation to be found

relevant or helpful and should be excluded.

Based on the foregoing, the Court is respectfully asked to rule *In Limine*

that no testimony from Mr. Dechter may be permitted as to any matter and that his

report be ruled irrelevant.

Dated: Honolulu, Hawaii _____ JAN  3 2006 _____.

TIMOTHY J. HOGAN
Attorney for Plaintiff