IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) ) ) | CIVIL NO. CV03-00385 SOM-LEK (Copyright) |
| Plaintiff, | ) ) ) ) | **MEMORANDUM IN SUPPORT OF DEFENDANT PCT'S MOTION IN LIMINE NO. 1 (TO LIMIT** |
| vs. | ) ) ) | **TESTIMONY OF WAYNE BERRY)** |
| HAWAIIAN EXPRESS SERVICE, INC., et al., | ) ) ) | Judge:        Hon. Susan O. Mollway Trial Date:   January 24, 2006 |
| Defendants. | ) ) | Hearing Date: January 20, 2006 Hearing Time: 2:00 p.m. |

## TABLE OF CONTENTS

I.   Introduction ..................................................................................... 1

II.  Berry's Sworn Interrogatory Response Fails to Articulate Any
     Coherent Factual Basis For His Damage Claims.............................. 2

     A.   The Rules Prohibit Berry From Testifying To More Than What
          His Interrogatories Disclosed. .................................................. 4

III. Berry Cannot Testify About Fleming's Profits................................ 6

     A.   Berry's Lay Testimony On Damages Lacks Foundation. ......... 6

     B.   Berry is not a Damages Expert and Failed to Comply with
          Expert Disclosure Rules ......................................................... 9

IV.  The Court Should Exclude Berry From Discussing Diminution in
     Value Issues Because His Admissions Show There Wasn't Any. ... 11

V.   The Court Should Exclude Berry From Testifying Regarding Other
     Damages. ....................................................................................... 13

VI.  Conclusion.................................................................................... 16

# TABLE OF AUTHORITIES

## Cases

Adams v. Teck Cominco Alaska, Inc.,
  No. A04-49 CV (JWS) 2005 WL 3047066, at *4 (D. Alaska Nov. 10, 2005)...... 4

Basch v. Westinghouse Elec. Corp.,
  777 F.2d 165 (4th Cir. 1985) ................................................................. 9

Cambridge Electronics Corp. v. MGA Electronics, Inc.,
  227 F.R.D. 313 (C.D. Cal. 2004)............................................. 11, 13, 14

Certain Underwriters at Lloyd's, London v. Sinkovich,
  232 F.3d 200 (4th Cir. 2000) .................................................................. 8

Daly v. Fesco Agencies NA Inc.,
  108 Fed. Appx. 476 (9th Cir. 2004)....................................................... 9

Gart v. Logitech, Inc.,
  254 F. Supp. 2d at 1123 ........................................................................ 8

Hickman v. Taylor,
  329 U.S. 495 (1947)................................................................................ 5

Hurst v. United States,
  882 F.2d 306 (8th Cir. 1989) ................................................................. 7

Jenkins v. Whittaker Corp.,
  785 F.2d 720 (9th Cir. 1986) ............................................................... 10

JGR, Inc. v. Thomasville Furn. Indus., Inc.,
  370 F.3d 519 (6th Cir. 2004) ................................................................. 8

Lifewise Master Funding v. Telebank,
  374 F.3d 917 (10th Cir. 2004) .............................................................. 7

Mackie v. Rieser,
  296 F.3d 909 (9th Cir. 2002) ................................................................. 6

Medina v. Hornung,
  106 Fed. Appx. 539 (9th Cir. 2004)..................................................... 12

Nelson v. City & County of San Francisco,
  123 Fed. Appx. 817 (9th Cir. 2005)..................................................... 10

Nintendo of America, Inc. v. Dragon Pacific Int'l,
  40 F.3d 1007 (9th Cir. 1994) ............................................................... 10

Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto
  Rico,
  248 F.3d 29 (1st Cir. 2001)................................................................... 13

Polar Bear Prods., Inc. v. Timex Corp.,
  384 F.3d 700 (9th Cir. 2004) ..................................................... 1, 6, 10

Roadway Exp., Inc. v. Piper,
447 U.S. 752 (1980) .......................................................................... 5
SEC v. Infinity Group Co.,
212 F.3d 180 (3d Cir. 2000) ............................................................ 7
Sylla-Sawdon v. Uniroyal Goodrich Tire Co.,
47 F.3d 277 (8th Cir. 1995) .......................................................... 10
Travelers Cas. and Sur. Co. of America v. Gelbrich,
No. A04-0165 CV (RRB) 2005 WL 1958418, at *2 (D. Alaska, Aug. 12, 2005)
.................................................................................................... 15
United States v. Connecticut,
297 F.3d 548 (7th Cir. 2002) .......................................................... 8
United States v. Procter & Gamble Co.,
356 U.S. 677 (1958) ........................................................................ 5
United States v. Skeet,
665 F.2d 983 (9th Cir. 1982) .......................................................... 7
Wong v. Regents of Univ. of Cal.,
410 F.3d 1052 (9th Cir. 2005) .................................................... 4, 9
Yeti by Molly Ltd. v. Deckers Outdoor Corp.,
259 F.3d 1101 (9th Cir. 2001) .................................................. 4, 13

**Statutes**

17 U.S.C. § 504(b) .................................................................. 1, 6, 12

**Rules**

Fed. R. Civ. P. 26 ................................................................... passim
Fed. R. Civ. P. 37 ................................................................ 4, 5, 19
Fed. R. Evid. 401 .......................................................................... 17
Fed. R. Evid. 403 .......................................................................... 17
Fed. R. Evid. 701 .......................................................... 7, 8, 10, 11
Fed. R. Evid. 702 ................................................................ 8, 9, 10

**Other Authorities**

Ninth Circuit Model Jury Instructions Nos. 20.22-20.24 .................... 1, 12

## I.    Introduction

This is a trial about seventy days' worth of damages in three categories:

A.    Profits, if any, Fleming made from use of the infringing software;

B.    Diminution in the market value of the infringed copyright, if any; and

C.    Other profits, if any, Berry lost because of Fleming's infringement.

*See* 17 U.S.C. § 504(b); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004); Ninth Circuit Model Jury Instructions Nos. 20.22-20.24. Wayne Berry should not be permitted to testify on any of those three topics.

As a threshold issue, Fleming asked Berry to identify the factual basis for his damages claim. Berry's sworn interrogatory response stated only three such bases: that Fleming had no license, that Fleming could not operate without his software, and that Fleming transferred his software to C&S.[1] None establish damages.

Testimony about a causal connection between the software at issue and any profits Fleming may have earned during the relevant period is beyond the capabilities of common understanding, and therefore requires expertise. Berry has not been offered as an expert, has never submitted an expert report and is entirely unqualified to offer such an opinion in any event. This motion is to ensure that Berry does not attempt at the last minute, and without warning, to testify on

---

[1]    Berry's response also "incorporated" the opinions of his damage expert, Thomas Ueno. But Mr. Ueno's opinion contains no additional facts and cannot somehow entitle Berry to testify outside the scope of his interrogatory response.

1

damages issues for which he is not qualified. The Court should protect Fleming from the unfair surprise it would face were Mr. Berry to attempt to testify as his own damages expert.

With regard to diminution in market value, Berry has never succeeded in marketing the 1993 FCS to anyone. The last time he even **attempted** to do so was over two years before the infringement alleged here. The software was authored in 1993, was ten years old during the relevant time period, and was entirely outdated. There is no admissible evidence anywhere in the record which would permit Mr. Berry to testify about diminution of value.

Finally, with regard to other profits, the Court should preclude any evidence from Berry on other categories of damages because his interrogatory responses failed to mention them. Even if Berry is permitted to testify regarding other categories of damages, the Court should limit Berry to damages he can specifically attribute to the seven (and only seven) differences he has identified between the licensed and infringing versions of the software.

## II.    Berry's Sworn Interrogatory Response Fails to Articulate Any Coherent Factual Basis For His Damage Claims.

During discovery, Fleming asked Berry to identify "[] all damages you claim for Fleming's alleged infringing activity between April 1, 2003 and June 9, 2003." Ex. 1 (Berry 4/22/05 Interrogatory Response No. 7). Berry's response simply referred Fleming to the expert report of Thomas Ueno:

2

> Not waiving the above objection, and incorporating the general objections, *see* Report of Thomas Ueno, CPA. In summary, a per container license fee of no less than $1,772 times the number of containers shipped through the system of 600 per week, $21,252,571 plus and all profits derived from the use of the Berry software of approximately $20,000,000. Additionally punitive damages as permitted by Hawaii law, attorney's fees, prejudgment interest and treble damages. Thomas Ueno's expert report is incorporated by this reference as supplemented.

Ex. 1 (Berry 4/22/05 Interrogatory Response No. 7); *see also* Ex. 8 (Ueno Report).

> Fleming then asked Berry to identify all facts supporting his damage answer.

His entire answer is here:

> Fleming had no license for software it was using and was therefore, infringing. Mark Dillon testified that, but for the Berry software, the profits could not be obtained. Fleming transferred Berry Technology to C&S and to other yet identified third parties.

Ex. 1 (Berry 4/22/05 Interrogatory Response No. 8).[2]

---

[2] Each of his three stated bases is flawed. Fleming did in fact have a license to Berry's software. Mark Dillon testified that the Microsoft Access spreadsheets, not Berry technology, was critical to the business. *See* Ex. 17 (September 28, 2004 hearing transcript, 113:8-113:21). This Court found that Dillon's testimony provides Berry "no basis for any opinion that the infringing software was integral to Fleming's survival." Ex. 27 (October 21, 2005 Order at p.20). Finally, Fleming never sold or transferred Berry software to C&S and in fact did what it could to remove the software from its systems before the transfer. (October 8, 2004 Order at p. 12).

### A.    The Rules Prohibit Berry From Testifying To More Than What His Interrogatories Disclosed.

Berry's verified response defines the outer boundaries of the damages he may now seek in this case.    The Ninth Circuit has recognized that Rule 37(c)(1)[3] of the Federal Rules of Civil Procedure prohibits the introduction of evidence that should have been disclosed and was not disclosed pursuant to Rule 26(e)(2)[4] if the failure to disclose was not harmless and was not substantially justified. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (finding that the 1993 amendments to Rule 37 are "a recognized broadening of the sanctioning power"); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (excluding witness after finding lack of disclosure was not harmless or justified); *Adams v. Teck Cominco Alaska, Inc.*, No. A04-49 CV (JWS) 2005 WL 3047066, at *4 (D. Alaska Nov. 10, 2005) , (excluding documents from trial that party failed to disclosed under Rule 26 obligations).

---

[3] A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed....

Fed. R. Civ. P. 37(c)(1).

[4] A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process....

The underlying purpose of limiting a party to offering only evidence which has been disclosed, is to prevent unfair surprise and allow the narrowing of triable issues in discovery. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."); *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (stating that rules of discovery make "a trial less a game of blind man's buff [sic] and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."). Furthermore, courts must strictly enforce discovery rules and order in order to ensure the effectiveness of the rules and the proper functioning of the discovery process. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (stating that sanctions for failure to comply with discovery must be applied diligently both to penalize those whose conduct may be deemed to warrant such sanctions and to deter those who might be tempted to such conduct in absence of such deterrent).

This rule was tailor-made for Wayne Berry. Having failed to articulate any coherent factual premise for his massive damage claims, Berry should not be permitted to make one up now. To allow otherwise would subject Fleming to unfair surprise and severely limit its ability to put on a proper defense.

---

Fed. R. Civ. P. 26(e)(2).

### III.   Berry Cannot Testify About Fleming's Profits.

Fleming has produced its financial records for the months relevant to this case. Ex. 2 (e-mail chains showing production). The records show that during the period of April 1, 2003 to June 9, 2003, Fleming had a gross margin of $707,409, operating earnings of $202,533, and "earnings" before taxes of negative $861,478. Ex. 3, at internal Ex. 5 (Kinrich report). The question for the jury is whether any profits made by Fleming during this period are sufficiently connected to Berry's software under 17 U.S.C. § 504(b) to permit a damage award. *See* Ex. 28 (June 27, 2005, Order on Summary Judgment at 29-30); Ex. 27 (October 21, 2005, Order on Summary Judgment at 27-30).

A copyright infringement plaintiff "must proffer some evidence . . . [that] the infringement at least partially caused the profits that the infringer generated as a result of the infringement." *Mackie v. Rieser*, 296 F.3d 909, 911 (9th Cir. 2002). The plaintiff is required to do more than toss up an undifferentiated gross revenue number; the revenue stream must bear a legally significant relationship to the infringement, and this is something that must be done by a qualified expert. *See, e.g., Polar Bear*, 384 F.3d at 712.

### A.   Berry's Lay Testimony On Damages Lacks Foundation.

Connecting the software's functions to Fleming's financial results in order to show potential damages is not within Berry's first-hand knowledge. He may not

offer a lay opinion on the subject. Federal Rule of Evidence 701 states that if a witness is not testifying as an expert, then opinion or inference testimony of that witness is not permissible unless it is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, **and** (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *See also Fed. R. Evid.* 701, Adv. Comm. Notes (stating that to be admissible lay opinion testimony must meet "the familiar requirement of first-hand knowledge or observation"); *United States v. Skeet,* 665 F.2d 983, 985 (9th Cir. 1982) (stating that for lay testimony to be admissible it must be predicated upon concrete facts within the witness's own observation and recollection - that is facts perceived from their own senses - as distinguished from their opinions or conclusions drawn from such facts); *Hurst v. United States,* 882 F.2d 306, 312 (8th Cir. 1989) (holding that lay witness may give opinion only if it is rationally based on the perception of the witness); *SEC v. Infinity Group Co.* 212 F.3d 180, 197 (3d Cir. 2000) (excluding lay opinion where witness had no personal knowledge of the investments at issue).

Berry did not work for Fleming during the relevant period. In fact, he was materially adverse to Fleming and was actively litigating against the company at the time. He has no personal knowledge of Fleming's business operations at any relevant time. He cannot meet the requirements for offering lay opinion testimony.

*See Lifewise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004)

(precluding plaintiff's CEO from providing damages testimony because there was

no finding that such testimony was rationally based on his perception); *JGR, Inc. v.*

*Thomasville Furn. Indus., Inc.*, 370 F.3d 519, 526 (6th Cir. 2004) (finding the trial

court abused its discretion by permitting CPA to give lay opinion testimony

regarding business value where the witness had no first-hand knowledge of the

business's financial results).

Furthermore, the type of sophisticated damages testimony that is needed to

establish a causal connection between the software and Fleming's profits requires

technical, specialized knowledge.  Fed. R. Evid. 702.  Berry has no formal

education to speak of and no background in economics, Ex. 14 at pp. 20-23 (Berry

February 5, 2003 deposition transcript), and therefore may not testify in this

manner.  *See Gart v. Logitech, Inc.*, 254 F. Supp. 2d at 1119, 1123 (C.D. Cal.

2003) (lay witnesses are not permitted to testify on matters that require specialized

knowledge); *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200,

204-05 (4th Cir. 2000) (finding that the district court erred in allowing a lay

witness to testify on matters exceeding the scope of common experience); *see also*

*United States v. Connecticut*, 297 F.3d 548, 553 (7th Cir. 2002) (stating the

requirement that limits lay testimony to matters of common experience prevents

parties from offering an expert in lay witness clothing, and hence, evading the

Federal Rule of Evidence 702's reliability requirements).

**B.    Berry is not a Damages Expert and Failed to Comply with Expert Disclosure Rules**

Even if Berry could substantively qualify as an expert, the Court should preclude him from offering testimony about Fleming's profits.  Berry has not been identified as an expert and has never submitted an expert opinion.  The purpose behind Rule 701 was to ensure that "a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26… by simply calling an expert witness in the guise of a layperson."  Advisory Committee Notes to 2000 Amendments to Rule 701.

Permitting him to testify as an expert would subject Fleming to the very unfair surprise that the expert disclosure rules aim to avoid.  *Fed. R. Civ. P.* 26(a)(2)(A)-(B)*; Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1067 (9th Cir. 2005) (granting summary judgment for defendant and excluding late-disclosed expert); *Daly v. Fesco Agencies NA Inc.*, 108 Fed. Appx. 476, 479 (9th Cir. 2004) (refusing to allow witness to testify were he could not possibly have had personal knowledge of extremely broad range of facts about which he supposedly would have testified and was not listed as expert); *Basch v. Westinghouse Elec. Corp.*, 777 F.2d 165, 166 (4th Cir. 1985) (precluding physician from testifying as expert, where physician had been represented as strictly fact witness rather than expert witness in interrogatory answer and at deposition).

Berry has never submitted an expert report.  Federal Rule of Civil Procedure 26(a)(2) requires each party to provide a written report prepared by each expert that party intends to call as a witness setting forth "a complete statement of all opinions to be expressed and the basis and reasons therefore." *Fed. R. Civ. P.* 26(a)(2)(A)-(B); *see also Jenkins v. Whittaker Corp.*, 785 F.2d 720, 728 (9th Cir. 1986) (excluding expert testimony due to lack of notice); *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995) (affirming district court's decision to exclude expert's testimony on matters not contained in expert's report based on "the elimination of unfair surprise to the opposing party and the conservation of resources.").  Here, not only does Berry not provide a report that identifies his "bases and reasons" for any damages testimony he proposes to offer, but he has not provided any report at all.

Berry's failure to comply with the provisions of Rule 26(a) cannot be substantially justified and allowing him to testify regarding damages would prejudice Fleming.  Fleming cannot effectively challenge an undisclosed opinion at trial. *See Nelson v. City & County of San Francisco*, 123 Fed. Appx. 817, 820 (9th Cir. 2005) (affirming exclusion of expert testimony because expert report did not comply with disclosure rules and the failure to comply prejudiced the other party).

**IV.    The Court Should Exclude Berry From Discussing Diminution in Value Issues Because His Admissions Show There Wasn't Any.**

In some cases a copyright plaintiff is entitled to seek recovery for diminution in value to the copyright caused by the infringing activities. *See Polar Bear*, 384 F.3d at 707; *Nintendo of America, Inc. v. Dragon Pacific Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994); Ninth Circuit Model Jury Instruction 20.22. However, where the pretrial record conclusively establishes there has been no diminution in value, plaintiff has no basis for seeking it and the Court should preclude him from discussing it. *See Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 227 F.R.D. 313, 325 (C.D. Cal. 2004) ("[T]he court excludes all evidence not disclosed to defendants in plaintiff's deficient interrogatory answers or any Rule 26(e) supplement thereto.")  Just so here.

The software at issue in this lawsuit was authored in 1993. Exs. 4 (complaint excerpt at ¶ 25) and 5 (copyright registration paperwork).  By 2003, the time of the infringement, the software was ten years old.  Only in rare circumstances (not applicable here) is there ever any active market for ten-year-old software. *See* Walker Decl. ¶ 4.

Berry himself conceded on two separate occasions that there is no active market for the software:

    Q.    Did you ever succeed in licensing FCS 1993 to anyone other than Fleming?

A.    No.

Ex. 6 (Berry Dep. 79:6-8, July 1, 2004), *see also id.* at 79:9-82:10 (Berry

conceding that discussions with K-Mart and Foodland never came to fruition and

that nobody has ever paid Berry a dime for FCS 1993).

> Q.    Since that [July 1, 2004] deposition, when I think I asked you a
> similar question, what efforts have you made, if any, to market
> the 1993 FCS?
>
> A.    Since then, I don't believe I've made efforts to market any
> software, including FCS 1993.

Ex. 7 (Berry Dep. 284:21-25, May 19, 2005).  These deposition admissions leave

no room for doubt:  as of 2003 there simply was no active market for Berry's 1993

FCS.  By 2003 Berry was instead marketing (to Y. Hata) another version of his

freight tracking software, one that "was radically different in many ways and much

improved than the [1993 software] that was left with Fleming in October of 1999."

Ex. 6 (Berry Dep. 29:8-18, July 1, 2004).

Absent an active market, no diminution exists.  Any testimony regarding

diminution in value should be precluded.  It is unreliable and unhelpful to the jury.

*See, e.g., Medina v. Hornung*, 106 Fed. Appx. 539, 541 (9th Cir. 2004) (There is a

"standard rule of evidence allowing for the exclusion of unreliable expert

testimony.").  Allowing Berry to testify regarding this issue will only serve to

confuse the jury.

## V.    The Court Should Exclude Berry From Testifying Regarding Other Damages.

In some cases the law also allows an infringement plaintiff to recover other damages reflecting profits or revenue he would have obtained had the infringement not occurred.  17 U.S.C. § 504(b) ("The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."); Ninth Circuit Model Jury Instructions Nos. 20.22, 20.23.

Berry's interrogatory responses never disclose such damages.  The Court should not now permit him to testify at trial about any other categories of damages, including liquidated damages or actual damages.  *See Cambridge Electronics Corp.,* 227 F.R.D. at 325 ("Accordingly, the court excludes all evidence not disclosed to defendants in plaintiff's deficient interrogatory answers or any Rule 26(e) supplement thereto); *see also Yeti by Molly*, 259 F.3d at 1106 ("Courts have upheld the use of the [Rule 37's preclusion] sanction even when a litigant's entire cause of action or defense has been precluded"); *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001) (holding that although the exclusion of an expert prevented plaintiff from proving his case and was "a harsh sanction to be sure," it was "nevertheless within the wide latitude of" Rule 37(c)).

It would be particularly unfair to allow Berry to testify about the alleged $2,000,000 liquidated damages clause in his October 1999 proposed End User License Agreement. Ex. 10. Fleming never accepted this agreement. Exs. 10, 11. Berry's interrogatory response never mentions this liquidated damages provision. It is irrelevant in any event: it defines a "total contract value" for the software, which has nothing to do with the issues in this case. The Court should not let Berry taint the jury with such irrelevant, prejudicial evidence. *Fed. R. Evid.* 401, 403 (Federal Rule of Evidence 403 authorizes the Court to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

If the Court decides to allow Berry to testify regarding other categories of damages, such testimony should be confined to damages Berry can attribute to the seven differences he disclosed between the licensed software and the infringing software. For the purpose pinning Berry down on this exact issue -- namely, what differences he claimed existed between the licensed and infringing versions of the software -- Fleming posed interrogatories asking Berry to identify what aspects of his software he claimed that Fleming had infringed. Ex. 12, Nos. 2, 4, 6. Berry response was "All aspects." *Id.* Such a vague and uninformative response is equivalent to no response at all, and the Court should hold him to it at trial. *See*

14

*Cambridge Electronics Corp.*, 227 F.R.D. at 325 (excluding "all evidence not disclosed to defendants in plaintiff's deficient interrogatory answers or any Rule 26(e) supplement thereto).

Additionally, during his deposition, Fleming asked Berry about changes he had identified between the licensed and infringing versions of the software. Berry identified seven and only seven differences.

> Q.  You were able to identify seven differences between FCS 1993 and Original Logistics Data.mdb, right?
>
> A.  Yes.
>
> Q.  That's all?
>
> A.  I only needed one.
>
> Q.  But the total you were able to identify was seven, correct?
>
> A.  This analysis, yes.

Ex. 13 (Berry Dep. 202:14-22, May 18, 2005).

Berry should be limited to offering evidence regarding these seven differences and should be precluded from going beyond his deposition testimony. *See Travelers Cas. and Sur. Co. of America v. Gelbrich*, No. A04-0165 CV (RRB) 2005 WL 1958418, at *2 (D. Alaska, Aug. 12, 2005) (stating that plaintiff is obligated to make a good faith effort to fully answer defendant's interrogatories).

## VI.    Conclusion

A financial expert, not a fact witness, must be used to show the nexus between infringement and profits.  Berry is a lay witness who should not be permitted to testify about the relationship between copyright infringement and Fleming's profits, the diminution of value of his software, or any actual damages resulting from the infringement.

Facts about damages not disclosed in discovery responses should be excluded under Rule 37 to allow proper litigation of the issues and prevent unfair surprise.  Berry's interrogatory responses and his lack of personal knowledge illustrate that any profits testimony he would offer would be an impermissible regurgitation of his expert's opinion. Berry himself is not and cannot now be treated as an expert -- he lacks the qualifications and certainly has not complied with expert disclosure rules.  Similarly, Berry cannot enter evidence about diminution of value of his 1993 FCS because the record reveals that he has no basis in seeking it.  His software is old, obsolete and unmarketable by his own admission.  Furthermore, he should not be able to discuss liquidated damages or other types of damages because he never revealed his intention to seek other types of damages.  If Berry is permitted to testify about damages at all, his testimony should be limited to actual damages related to the seven differences he identified in his deposition testimony between the licensed and infringing software.

16

We respectfully request the Court to exclude Berry's testimony on profits, dimunition of value and other damages, and to limit any damage testimony to actual damages.

Dated: Honolulu, Hawaii, January 3, 2006

KOBAYASHI, SUGITA & GODA
Lex R. Smith (659-0)
Thomas H. Yee (7344-0)
Suite 2600 First Hawaiian Center
999 Bishop Street
Honolulu, HI 96813
Telephone:    (808) 539-8700
Facsimile:    (808) 539-8799

        and

KIRKLAND & ELLIS LLP
Eric C. Liebeler (CA Bar No. 149504)
Damian D. Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500

Co-Counsel for the Post Confirmation Trust for Fleming Companies, Inc.