IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., et al.,<br><br>Defendants. | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT PCT'S MOTION IN LIMINE NO. 4 (TO EXCLUDE EVIDENCE OR ARGUMENT THAT ANY INFRINGEMENT HAS BEEN WILLFUL AND TO REQUIRE REFERENCE TO THE INSTANT INFRINGEMENT AS "INADVERTENT" OR "INNOCENT")**<br><br>Judge:         Hon. Susan O. Mollway<br>Trial Date:    January 24, 2006<br><br>Hearing Date:  January 20, 2006<br>Hearing Time:  2:00 p.m. |

Throughout these proceedings Plaintiff repeated the mantra that Fleming is an "adjudicated willful infringer" as a result of the prepetition trial verdict. This court has conclusively resolved that factual issue in Fleming's favor. Even if it had not, the prior verdict is irrelevant. This Court should preclude Berry and his counsel from referring to Fleming or its employees as willful infringers. Federal Rules of Evidence 401- 403 protect Fleming from the precise sort of unfair prejudice Berry would inflict were he allowed to suggest that Fleming had acted intentionally.

### A. The Court Should Prohibit Reference In This Case To Any Willful Infringement.

This Court has already rejected Berry's claim that the Defendants in this lawsuit infringed intentionally. Instead the Court conclusively ruled that any infringement in this case was inadvertent. See Ex. 28 at 11-12, 25-28 (Court's June 27, 2005 Summary Judgment Order) (Berry "fails to prove that any Defendant's action was intentional"), at 30 ("any infringement of Berry's software was inadvertent").

Federal Rules of Evidence 402 and 403 exclude evidence that is not relevant as well as evidence that, although technically relevant, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. The District Court employs these rules as part of its "inherent powers" which confer "'broad discretion to make discovery and evidentiary rulings conducive to

1

the conduct of a fair and orderly trial." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (citation omitted).

The Court's previous ruling means that, as a matter of law, Fleming did not willfully infringe Berry's software when it used what it believed was the originally licensed version between April 1, 2003 and June 9, 2003. For Berry to suggest otherwise would transcend being simply irrelevant under Rules 401 and 402, would confuse and mislead the jury under Rule 403, and would flatly contradict the Court's prior rulings in this case.

To protect Fleming from being in the futile position of having to unring that bell, the Court should order Berry in advance not to argue, suggest, or imply in any fashion (including through questioning of witnesses, regardless of whether the questions are answered) that Fleming acted intentionally in committing the infringement giving rise to the damages at issue, if any. As will be described below, the Court has broad powers to control terminology during trial, and should both prohibit the misleading and prejudicial implication of intentional infringement and require the explanation of inadvertent or innocent infringement.

**B.     This Court Has the Authority to Control Terminology Used at Trial.**

Because of its irrelevance and prejudicial effect, this Court should direct Berry not to mention the willful aspect of the previous jury verdict in any argument, questioning, or presentation of evidence concerning the pre-petition trial

2

and the sequence of events spawning the infringement in the present case.

The Ninth Circuit recognizes that the District Court can and should tailor the parties' language during trial to avoid prejudice and confusion. For example, in *United States v. Neill*, the Ninth Circuit criticized the District Court for failing to preclude a prejudicial description. 166 F.3d 943, 946 (9th Cir. 1999) *cert. denied*, 526 U.S. 1153 (1999) (finding error, but ultimately finding that error to be harmless). The defendant had a previous criminal background and at the time of the alleged robbery was housed as a prison-related Work Release Center. *Id.* He moved in limine to exclude any reference to that fact for fear that his prior criminal activities may invoke unfair and irrelevant prejudice in the jurors. The trial court denied the motion. *Id.* The Ninth Circuit made it clear that the trial court committed error by failing to control the parties' terminology:

> The facts that Neill knew [another defendant], that Neill was not at home during the commission of the crimes, and had money to repay debts after the crimes could have been established while avoiding prejudicial reference to the Work Release Center by calling it a different name. . . Therefore, we hold that the district court erred . . . . Precedent for tailoring of terms to avoid a more prejudicial term exists and should have been adopted in this case.

*Neill*, 166 F.3d at 946.

As in *Neill*, Berry could and would only use the previous finding of willful infringement to suggest that because Fleming had willfully infringed before, it

3

must have done so in this case. The Court should bar Berry from stating or implying in any fashion that the previous jury found that Fleming had willfully infringed. That finding of willful infringement is based on different facts that are mutually exclusive from the facts at issue in this case. For present purposes, the undisputed evidence is that Fleming infringed by trying unsuccessfully to eliminate all the infringing changes and revert to the licensed version of the software. Such evidence would be highly prejudicial and would serve no purpose other than to mislead the jury away from the already-established conclusion in this case that Fleming's infringing actions were not willful.

Other courts, including the United States Supreme Court itself, have also implemented or approved procedures to control the terminology used at trial to ensure a fair and orderly process. *See United States v. Abel*, 469 U.S. 45, 47-48, 54-55 (1984) (in bank robbery trial of prison gang member, District Court properly excluded reference to name of "Aryan Brotherhood"); *Citizens Financial Group, Inc. v. The Citizens National Bank of Evans City et al.*, No. Civ.A. 01-1524, 2003 WL 24010950 at *19 (W.D. Pa. April 23, 2003) (in trademark infringement action between two financial institutions with "Citizens" in their names, District Court required parties to refer to themselves and each other as "CFG" and "CNBEC"); *Malta Constr. Co. v. Henningson, Durham & Richardson, Inc., et al.*, 716 F. Supp. 1466, 1470 (N.D. Ga., 1989) (in construction dispute trial, District Court granted

4

one defendant's motion in limine to prohibit plaintiff from summarily referring to another entity as its "installer"). This Court should follow suit and exercise its authority to exclude any reference to willfulness and to enforce the previous summary judgment order by requiring the parties to describe the infringement here as inadvertent or innocent.

### C. The Court Should Further Require Berry to Always Refer to the Infringement in This Case as "Inadvertent" or "Innocent."

An infringing defendant can prove the infringement was "innocent" if it can show that it was not aware and had no reason to believe that its acts constituted an infringement of copyright. 17 U.S.C. § 504(c). But here the Court has already determined that there is "no evidence that Employees had any reason to believe that they were not allowed to use the software" and moreover that no Defendant "knew that the version of FCS in use at that time was infringing." Ex. 28 at 12, 28. In making these findings and ruling that the infringement was "inadvertent," Ex. 28 at 28, 30, the Court's Order therefore establishes that the infringement was innocent for purposes of 17 U.S.C. § 504(c). *See* Webster's II New College Dictionary, pp. 558 (1999) (second definition of "inadvertent" is "Unintentional: accidental.").

To prevent Berry from attempting to suggest that the infringement in this case was anything other than inadvertent, the Court should require him to refer to always refer to the infringement as an "inadvertent infringement." Relatedly, the

5

Court should allow the phrase "innocent infringement" as an equivalent substitute and permit the parties to refer to the infringement in that manner if they so choose.

Dated: Honolulu, Hawaii, January 3, 2006

/s/

KOBAYASHI, SUGITA & GODA
Lex R. Smith 659-0
Thomas H. Yee 7344-0
Suite 2600 First Hawaiian Center
999 Bishop Street
Honolulu, HI 96813
Telephone:   (808) 539-8700
Facsimile:   (808) 539-8799

and

KIRKLAND & ELLIS LLP
Eric C. Liebeler (CA Bar No. 149504)
Damian D. Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Co-Counsel for the Post Confirmation Trust for Fleming Companies, Inc.