IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY,<br><br>           Plaintiff,<br><br>vs.<br><br>HAWAII EXPRESS SERVICE, INC., et al.,<br><br>           Defendants. | ) CIVIL NO. CV 03 00385 SOM LEK<br>) (Copyright)<br>)<br>)<br>) MEMORANDUM IN SUPPORT OF<br>) THE POST CONFIRMATION TRUST<br>) FOR THE FLEMING COMPANIES,<br>) INC.'S MOTION IN LIMINE NO. 7<br>) REGARDING EVIDENCE<br>) PERTAINING TO GUIDANCE<br>) SOFTWARE, INC. AND C&S<br>) LOGISTICS OF HAWAII, LLC, C&S<br>) WHOLESALE GROCERS, INC., C&S<br>) ACQUISITIONS LLC, AND ES3, LLC<br>) |

**MEMORANDUM IN SUPPORT OF THE POST CONFIRMATION TRUST FOR THE FLEMING COMPANIES, INC.'S MOTION IN LIMINE NO. 7 REGARDING EVIDENCE PERTAINING TO GUIDANCE SOFTWARE, INC. AND C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS LLC, AND ES3, LLC**

I.  **INTRODUCTION**

This will be a trial about Plaintiff's Freight Control System ("FCS"), Fleming's minor modifications to that system, and what damages (if any) Plaintiff Wayne Berry ("Plaintiff" or "Berry"), is entitled to recover for Fleming's use of that system between April 1, 2003 and June 9, 2003. This Court's June 27, 2005 Order granted summary judgment to defendants Guidance Software, Inc. ("Guidance") and C&S Logistics Of Hawaii, LLC, C&S Wholesale Grocers, Inc.,

C&S Acquisitions LLC, And ES3, LLC (collectively, "C&S"). See Exhibit 28 to the Declaration of Lex R. Smith ("Smith Declaration"). The June 27, 2005 Order, along with this Court's earlier January 26, 2005 Order, have narrowed the issues to be tried to (a) whether Fleming profited from the infringing use of FCS by former Fleming employees between April 1, 2003 to June 9, 2003, thereby vicariously infringing on Plaintiff's copyright in FCS; and (b) what, if any, damages Plaintiff may recover from the Post Confirmation Trust for the Fleming Companies, Inc. ("PCT") on this vicarious liability theory, as well as what, if any, damages Plaintiff is entitled to for direct infringement between March 7, 2003 and June 9, 2003. See Exhibits 28 and 34 to the Smith Declaration.

Because this Court has so narrowed the issues and parties, evidence and/or questioning regarding the following categories is irrelevant and should be excluded for specific reasons, as explained:

1.  **References to the Guidance activities, the Guidance Report, and any claims about what files were or were not on the computers C&S bought.** Guidance[2] was not retained until **after** the time period at issue in this trial. This

---

[2] In response to Plaintiff's repeated threats, in the wake of the prepetition litigation in case no. 01-00446 SPK/LEK, to sue Fleming for further acts copyright infringement, Fleming retained Guidance to (a) take a forensic image of the hard drives of certain Fleming computers to preserve a record of the original data, and to hold such images as evidence; (b) wipe the hard drives clean of all data; (c) witness the re-installation of Fleming's files and software, less any of Plaintiff's software; (d) acquire an "after" forensic image of the hard drives following

2

Court has already rejected Plaintiff's allegations that Guidance had anything to do with any alleged infringement upon Plaintiff's copyright. Any reference to the services Guidance performed for Fleming is therefore irrelevant and would only serve to confuse or prejudice a jury by detracting from the real issues at hand.

Any reference to what was on the computers C&S purchased, is likewise irrelevant. In dismissing all claims against Guidance (as well as C&S) and limiting the relevant time period, the logical conclusion is that **no act of infringement occurred in the sale of assets to C&S**. Consequently, any discussion of this post-June 9, 2003 event has no bearing on the issues to be tried and should be excluded.

2.  **References to the alleged 4.6 gigabyte cluster and spoliation of evidence.** At the heart of Plaintiff's claim against Guidance was his allegation that Guidance representative Michael Gurzi "located a massive 4.6 gigabyte copy of the Berry 'FCS Logistics Data.mdb' file," and deleted it, thereby committing, as Plaintiff describes it, an "act of spoliation." See Exhibit 35 to the Smith Declaration. The PCT reminds the Court that there is no such thing as a 4.6 gigabyte cluster (see the Rule 26(A)(2) Expert Report of Martin G. Walker, Ph.D at 28-30, attached to the Smith Declaration, filed under seal), but more important

---

reinstallation, and to preserve such images as evidence; and (e) to submit a written report to Fleming of these documented procedures. Plaintiff named Guidance as a defendant in the present action, but was subsequently dismissed when this Court granted its Motion for Summary Judgment, finding, *inter alia*, that any

for present purposes is that this Court's dismissal of claims against Guidance and Gurzi, and the limitation of the relevant time period, lead to the inescapable conclusion that the actions taken by Guidance are irrelevant. This Court having rejected the claim that the alleged spoliation was part of a scheme to defraud a Delaware Bankruptcy Court. Plaintiff should not now be allowed to muddy the waters with any reference to this unsupported claim.

3.  **References to the F-1 Project.** The F-1 Project was the subject of a discovery dispute between Plaintiff and Fleming, in which Plaintiff had originally requested "[a] complete and un-redacted copy of the 'F1 project files,'" and "[a]ny and all documents related to the Securities and Exchange Commission in any way related to the F1 Project and the issue of copyright infringement." Plaintiff Wayne Berry's Third Request for Production of Documents and Things to Defendant Fleming Companies, Inc. appended to Exhibit 44 to the Smith Declaration. The dispute was subsequently submitted to the Discovery Master, who denied Plaintiff's request on the ground that it did "not appear to be reasonably calculated to lead to the discovery of admissible evidence relevant to the issue of damages for the period April 1, 2003 – June 9, 2003." Order Denying Plaintiff's Request for F-1 Program Materials at 3, appended to Exhibit 37 to the Smith Declaration. Magistrate Judge Kobayashi thereafter adopted the Discovery Master's Order, and

---

reproduction of Plaintiff's software by Guidance, was protected under the fair use

4

this Court subsequently affirmed Magistrate Kobayashi's adoption of the Order. See Exhibit 37 to the Smith Declaration.

The scope of what is discoverable under Rule 26 of the Federal Rules of Civil Procedure, is much broader than what is ultimately admissible as evidence at trial. See 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2007 (2nd Ed. 1994). Consequently, where it has been held by the Discovery Master, and thereafter adopted and affirmed by this Court, that discovery relating to the F-1 Project does not even meet the broad standard of discoverability, any evidence of or reference to the F-1 Project is clearly inadmissible at trial, and should therefore be excluded.

4. **References to C&S (the sale to C&S, the price paid by C&S, the divisions closed by C&S, the divisions that C&S has kept open and the representation of C&S and/or Kraft by Lex R. Smith)**. In his Second Amended Complaint, Plaintiff claimed that C&S illegally purchased FCS from Fleming and continued to use and derive profit from its use. See Exhibit 4 to the Smith Declaration at ¶¶ 67-70. As with Guidance, C&S' involvement falls outside the relevant time period. Moreover, the dismissal of claims against C&S leads to the conclusion that there was no unlawful infringement in the sale of assets to C&S or in C&S' subsequent operations. Any reference to such activities, therefore, has no

---

doctrine. See Exhibit 28 to the Smith Declaration.

bearing on the events of time period between April 1st and June 9, 2003, **before** the sale to C&S.

Given the narrow issues to be decided in the upcoming trial, any evidence of the above is: (1) irrelevant under Fed. R. Evid. Rule 402; and (2) unfairly prejudicial under Fed. R. Evid. Rule 403 notwithstanding any probative value thereof, and should, therefore, be held inadmissible.

II. <u>**ARGUMENT**</u>

    A. **EVIDENCE RELATING TO GUIDANCE AND C&S IS INADMISSIBLE UNDER FED. R. EVID. RULE 402.**

It is one of the principal tenets of the law of evidence, as well as a matter of common sense, that only relevant evidence is admissible at trial. Fed. R. Evid. Rule 402 provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. **Evidence which is not relevant is not admissible**.

Fed. R. Evid. Rule 402 (emphasis added). "Relevant evidence" is defined as:

> . . . having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. Rule 401.

The central issues in this case relate to whether Berry is entitled to recover damages for Fleming's use of Berry's FCS between April 1, 2003 and June 9,

6

2003, and for Fleming's minor modifications to that system. This Court has dismissed claims against Guidance and C&S. Consequently, neither the actions of Guidance nor of C&S are germane to issues remaining. The involvement of both parties comes **after** the relevant time period, and have nothing to do with the inadvertent use of an altered version of FCS between April 1, 2003 and June 9, 2003. Neither the services provided by Guidance, nor the sale to C&S, both after June 9, 2003, would remotely tend to make the existence of any fact of consequence in the copyright infringement action more probable or less probable. See United States v. Hitt, 981 F.2d 422, 423 (9th Cir. 1992).

### B. EVIDENCE PERTAINING TO GUIDANCE AND C&S IS INADMISSIBLE UNDER FED. R. EVID. RULE 403.

Assuming, for argument's sake, that this Court finds that references to the activities of Guidance, or the sale to C&S are somehow relevant to the issues at trial, the negligible benefit such evidence might confer, would be outweighed by the greater likelihood that it would confuse or prejudice a jury. Rule 403 of the Federal Rules of Evidence specifically bars evidence whose probative value is greatly outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

7

Fed. R. Evid. 403. Where, by this Court's June 27, 2005 Order, the issues remaining are "the issue of damages for this direct infringement and the issue of any direct benefit to Fleming for alleged vicarious infringement," evidence relating to the subsequent actions of Guidance or the sale to C&S would open a veritable "can of worms" for a jury, necessitating a thorough explanation of both Guidance and C&S' roles in this overall case, as well as requiring the entertainment of additional evidence to rebut any inferences Plaintiff may attempt to draw.[3] The mini-trials on these collateral matters will undoubtedly confuse and mislead the jury. Additionally, these mini-trials on collateral issues would unduly delay the adjudication of the merits of this case and waste this Court's time.

Mini-trials on extraneous issues are particularly inappropriate here, where the Court has strictly limited each party to six hours' trial time.

III. **CONCLUSION**

For the foregoing reasons, Fleming respectfully requests that this Honorable Court bar the admission of evidence (a) relating to the activities of Guidance, the Guidance Report and any claims about what files were or were not on the

---

[3] Likewise, any reference to Lex R. Smith's representation of C&S and/or Kraft, would only detract from the real issues at trial. Plaintiff has alluded, in the past, to his belief in a broad-based conspiracy headed by Fleming, to maintain a monopolistic hold over food distribution in Hawaii, and has suggested that Mr. Smith's representation of C&S is somehow related to this conspiracy. Such unfounded conspiracy theories can do little to enlighten, but much to confuse a jury, and should therefore be excluded.

computers sold to C&S; (b) relating to the 4.6 gigabyte cluster and the spoliation of evidence; (c) references to the F-1 project; and (d) references to C&S (the sale to C&S, the price paid by C&S, the divisions closed by C&S, the divisions kept open by C&S and the representation of C&S and/or Kraft by Lex R. Smith).

DATED: Honolulu, Hawaii, January 3, 2006.

KOBAYASHI, SUGITA & GODA

/s/

BERT T. KOBAYASHI, JR.
LEX R. SMITH
THOMAS H. YEE
Attorneys for Defendant
THE POST CONFIRMATION
TRUST FOR THE FLEMING
COMPANIES, INC.

and

KIRKLAND & ELLIS LLP
Eric C. Liebler (CA Bar No. 149504)
Damian D. Capozzola (CA Bar No. 228611)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimilie: (213) 680-8500

Co-Counsel for the Post Confirmation Trust for Fleming Companies, Inc.