IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY,<br><br>        Plaintiff,<br><br>vs.<br><br>HAWAII EXPRESS SERVICE, INC., et al.,<br><br>        Defendants. | ) CIVIL NO. CV 03 00385 SOM LEK<br>) (Copyright)<br>)<br>) MEMORANDUM IN SUPPORT OF<br>) THE POST CONFIRMATION TRUST<br>) FOR THE FLEMING COMPANIES,<br>) INC.'S MOTION IN LIMINE NO. 8 TO<br>) EXCLUDE THE MAY 5, 2003 EMAIL<br>) FROM RON GRIFFIN TO BRIAN<br>) CHRISTIANSEN<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF THE POST CONFIRMATION TRUST FOR THE FLEMING COMPANIES, INC.'S MOTION IN LIMINE NO. 8 TO EXCLUDE THE MAY 5, 2003 EMAIL FROM RON GRIFFIN TO BRIAN CHRISTIANSEN**

By this Court's orders of January 26, 2005 and June 27, 2005, the issues remaining to be tried in this case are limited to: "(1) whether there is any causal connection between the April 1 through June 9, 2003 infringement of the Microsoft Access database and any actual damages or Fleming's alleged profits or benefits; (2) the amount, if any, of Berry's actual damages and Fleming's profits or benefits allegedly attributable to the infringement; and (3) the issue of whether Fleming is liable for vicarious copyright infringement." Exhibit 27 to the Declaration of Lex R. Smith ("Smith Declaration") at 2-3.

The e-mail dated May 5, 2003 from Ron Griffin to Brian Christiansen (the "May 5 Email") has no bearing on any issue remaining in this case and should therefore be excluded. See Exhibit 39 to the Smith Declaration. The May 5 Email was written by someone in Georgia who – without any apparent analysis or basis – speculated that the cost to replace the Microsoft Access database authored by Wayne Berry might cost over $100,000, and further speculated that it might cost less to negotiate with Wayne Berry. None of Mr. Griffin's speculation has any bearing on any issue remaining in this case.

This Court's October 21, 2005 Order Denying Defendants' Motions for Summary Judgment; Order Affirming Magistrate Judge's Adoption of Discovery Master's Order Regarding F-1 Program Materials, filed October 21, 2005 (the "October 21 Order"), recognizes that the May 5 Email "does not 'show [] a direct causal link between the revenue of Fleming's Hawaii Wholesale division in the period after 4/1/03 and before it ceased the use of the software on 6/09/03.'" Exhibit 37 to the Smith Declaration, at 25. This Court went on to note that "contrary to Berry's belief that the email establishes that 'Fleming did not believe that it had any option other than to use the Berry system,' the email clearly shows that Fleming had other options and was not limited to using Berry's program." Id.

2

The facts have already established that Fleming elected a different option: it used Microsoft Excel to keep track of its freight records. Mr. Griffin's comments on possible options have no relevance to the issue of what, if any, recovery the plaintiff is entitled to receive for the 70 days in 2003.

It is one of the principle tenets of the law of evidence that only relevant evidence is admissible at trial. Fed. R. Evid. Rule 402 provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. **Evidence which is not relevant is not admissible**.

Fed. R. Evid. Rule 402 (emphasis added). "Relevant evidence" is defined as:

> . . . having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. Rule 401.

As the May 5 Email does not, as Plaintiff claims, speak to the question of a causal link between the infringement and Fleming's revenue, it is not relevant to the remaining issues and should therefore be excluded as irrelevant under Rule 402 of the Federal Rules of Evidence.

I.  **CONCLUSION**

For the foregoing reasons, Fleming respectfully requests that this Honorable Court bar the admission of the May 5 Email and any reference to it.

DATED: Honolulu, Hawaii, January 3, 2006.

KOBAYASHI, SUGITA & GODA

BERT T. KOBAYASHI, JR.
LEX R. SMITH
THOMAS H. YEE
Attorneys for Defendant
THE POST CONFIRMATION
TRUST FOR THE FLEMING
COMPANIES, INC.

and

KIRKLAND & ELLIS LLP
Eric C. Liebler (CA Bar No. 149504)
Damian D. Capozzola (CA Bar No. 228611)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimilie: (213) 680-8500

Co-Counsel for the Post Confirmation
Trust for Fleming Companies, Inc.

4