393107

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HAWAII EXPRESS SERVICE, INC., et al.,<br><br>　　　　Defendants. | ) CIVIL NO. CV 03 00385 SOM LEK<br>) (Copyright)<br>)<br>)<br>) MEMORANDUM IN SUPPORT OF<br>) THE POST CONFIRMATION TRUST<br>) FOR THE FLEMING COMPANIES,<br>) INC.'S MOTION IN LIMINE TO<br>) EXCLUDE EVIDENCE REGARDING<br>) SOFTWARE WHICH IS NOT THE<br>) SUBJECT OF THIS CASE<br>)<br>) |

MEMORANDUM IN SUPPORT OF THE POST-CONFIRMATION
TRUST FOR THE FLEMING COMPANIES, INC.'S MOTION
IN LIMINE TO EXCLUDE EVIDENCE REGARDING SOFTWARE
WHICH IS NOT THE SUBJECT OF THIS CASE

I. INTRODUCTION.

There is only one issue to be tried in this case: the amount of money that the plaintiff may recover under the Copyright Act for the defendant's inadvertent infringement of a Microsoft Access database for seventy (70) days in 2003. The plaintiff has submitted a binder loaded with exhibits that have no bearing on the issue to be tried. These irrelevant exhibits should be excluded because they will distract the jurors from the relevant issue. The following are the irrelevant subjects that should be excluded:

1.  **The Court Should Exclude Evidence Discussing Problems With Fleming's Use Of The Non-Infringing Spreadsheets**

Plaintiff has submitted ten[1] exhibits purporting to be comments and complaints by Fleming personnel regarding the use of Excel spreadsheets to keep track of Fleming's freight. Evidence regarding any problems involved in the use of the non-infringing spreadsheets should be excluded because it has no relevance to the sole issue in this case: compensation for the time period prior to June 9, 2003.

2.  **The Court Should Exclude Evidence Regarding Software That Is Not – And Cannot Be – The Subject of This Case**

The plaintiff's exhibits include several documents apparently relating to software that is not the subject of this case. Again, discussion of such software only distracts from the issue at hand and should therefore be excluded.

Plaintiff's Exhibits 4, 5, 6, 7, 8, 9, 10 and 12 discuss the efforts by Fleming employee Mark Dillon to independently create a Microsoft Access database to keep Fleming's freight data. This effort, which was never used, is wholly irrelevant to any amount the plaintiff might be entitled to recover for the use of the Berry-authored database from April 1 to June 9, 2003

Additionally, Exhibits 3, 11 and 92 discuss the creation and modification of "reports." A "report" is a separate computer file that extracts data from the

---

[1] Plaintiff's Exhibits 10, 13, 14, 15, 17, 26, 27, 29, 41 and 45.

2

database and formats it in a particular way.[2] There is not a single "report" that is the subject of this lawsuit. The only software that is the subject of this lawsuit is the Microsoft Access database. The plaintiff should not be permitted to mislead the jury by pretending that the jury's decision somehow related to Fleming's use of "reports." Even if there were any damages or profits resulting from Fleming's use of any report, such amounts are not the proper subject for the jury's consideration in this case. Accordingly, references to reports used by Fleming should be excluded.

Exhibit 92 should be excluded in its entirety because it applies to a totally irrelevant time period: prior to October 1999. Since the time period that is the subject of this case is more than three years later, Exhibit 92 has no relevance to any issue in this case.

Finally, Exhibit 92 should be excluded in its entirety because it is a gross attempt to mislead the jurors by claiming damages for Fleming's alleged use of countless pieces of software that are not the subject of this case. Exhibit 92 clearly seeks to trick the jurors into believing they should award damages for Fleming's

---

[2] For example, in the 2003 trial, Mr. Berry accused Fleming of infringing a "report" whose function was to insert data into the form of an invoice. The invoice had Fleming's name and address at the top; beneath Fleming's name was a description of the service provided on the left and the amount charged on the right. The jury found that Fleming had not infringed Mr. Berry's copyright in the report.

3

use of numerous pieces of software other than the database which is the subject of the Court's ruling. These include:

Exhibit 92 extols the benefits of "Hundreds of Crystal Reports." Yet no Crystal Report is the subject of this case. Indeed, Berry **lost** the only claim he ever made regarding any Crystal Report (See the March 6, 2003 verdict).

Exhibit 92 brags of benefits derived from "Dozens of Web Pages For Remote Internet Access": Again no web page is the subject of this case, and the jury should not be allowed to consider what these web page do, or any benefits they provide, since they are not the subject of this case.

Exhibit 92 boasts of benefits from "Hundreds of Excel Spreadsheets", "Dozens of Compiled Programs" and "Dozens of Ancillary Databases." Since none of these is the subject of this case, the alleged benefits they provide must not be considered by the jury.

Exhibit 92 repeatedly discusses the benefits of EDI ("Electronic Data Interchange"). EDI is a national standard used to transmit information over the internet. Mr. Berry does not own it. Indeed, anyone can use it. Moreover, the March 2003 verdict specifically found in Fleming's favor regarding Fleming's use of EDI. That is, the jury already ruled that Fleming did not violate Berry's copyright in the program Berry wrote to extract data from EDI and insert it into the database.

4

Exhibit 92 is designed to mislead the jury into thinking Berry is to be compensated for Fleming's use of multiple software that is not, and should not be, before the jury. It should therefore be prohibited

DATED: Honolulu, Hawaii, January 3, 2006.

KOBAYASHI, SUGITA & GODA     _____
                             LEX R. SMITH
                             THOMAS H. YEE

KIRKLAND & ELLIS LLP         ERIC C. LIEBELER
                             DAMIAN CAPOZZOLA
                             R. OLIVIA SAMAD

                             Attorneys for Defendant
                             POST CONFIRMATION TRUST