# Exhibit 7

```
 1           IN THE UNITED STATES DISTRICT COURT

 2              FOR THE DISTRICT OF HAWAII

 3

 4   WAYNE BERRY, a Hawaii      CIVIL NO. CV03-00385 SOM LEK
     citizen,                            (Copyright)
 5
                    Plaintiff,
 6
          vs.
 7
     HAWAIIAN EXPRESS SERVICE,
 8   INC., a California corporation,     VOLUME II
     et al.,
 9                  Defendants.
     _____

10

11                     VIDEOTAPED

12           DEPOSITION OF WAYNE BERRY

13

14        Taken on behalf of Defendants,

15   at the Law Offices of Kobayashi, Sugita & Goda,

16   Suite 2600, 999 Bishop Street, Honolulu, Hawaii,

17            commencing at 1:11 p.m.,

18   on Thursday, May 19, 2005, pursuant to Notice.

19

20   BEFORE:      HEDY COLEMAN, CSR #116, RPR, CRR, CM
                  Notary Public, State of Hawaii
21                Certified Shorthand Reporter

22

23

24               Ali'i Court Reporting
              2355 Ala Wai Boulevard, Suite 306
25                Honolulu, Hawaii 96815
```

261

```
 1    APPEARANCES:

 2    For the Plaintiff:

 3                        TIMOTHY J. HOGAN, ESQ.
                          Lynch, Ichida, Thompson & Kim
                          1132 Bishop Street, Suite 1405
 4                        Honolulu, Hawaii 96813

 5


 6    For the Defendant Post-Confirmation Trust:

 7                        LEX R. SMITH, ESQ.
                          ANNE E. LOPEZ, ESQ.
 8                        Kobayashi, Sugita & Goda
                          First Hawaiian Center, Suite 2600
 9                        999 Bishop Street
                          Honolulu, Hawaii 96813
10

11                                and

12
                          ERIC C. LIEBELER, ESQ.
13                        DAMIAN D. CAPOZZOLA, ESQ.
                          Kirkland & Ellis
14                        777 South Figueroa Street
                          Los Angeles, California 90017
15

16    For the Defendants Mark Dillon, Teresa Noa and Brian

17    Christensen, et al:

18                        LYLE HOSODA, ESQ.
                          RAINA P.B. MEAD, ESQ.
19                        Lyle Hosoda & Associates
                          345 Queen Street, Suite 804
20                        Honolulu, Hawaii 96813

21
      For the Defendants Hawaiian Express Service, Inc.,
22    H.E.S. Transportation Services, Inc.,et al.:

23                        ROY J. TJIOE, ESQ.
                          Goodsill Anderson Quinn & Stifel
24                        Alii Place, Suite 1800
                          1099 Alakea Street
25                        Honolulu, Hawaii 96813
```

262

```
 1      For the Defendant Guidance Software, Inc. and Michael
 2  Gurzi:
 3                          REX Y. FUJICHAKU, ESQ.
                            Bronster Crabtree & Hoshibata
 4                          Suite 2300, Pauahi Tower
                            1001 Bishop Street
 5                          Honolulu, Hawaii 96813
 6
 7      For Defendant Alix Partners, LLC:
 8                          GREGORY Y.P. TOM, ESQ.
                            Watanabe Ing Kawashima & Komeiji
 9                          999 Bishop Street
                            23rd Floor
10                          Honolulu, Hawaii 96813
11
12
13      Also present:       Wayne Berry
14                          Martin Walker, Ph.D.
15
16      Videographer:       Robert Whitman
```

263

1  A  At the moment, yes.

2  Q  Are there any other facts based on your personal
3  knowledge that underlie or give rise to your claim for
4  direct infringement against Guidance and Michael Gurzi?

5  A  Aside from what I've already mentioned, none that
6  I can think of at the moment. There might be more, but I --
7  none come to mind at the moment.

8  MR. FUJICHAKU: That's all I have. Thank you.

9  THE VIDEOGRAPHER: Off the record?

10                    EXAMINATION
11 BY MR. LIEBELER:

12  Q  Mr. Berry, just following up on that testimony you
13 gave, do you have any factual basis to assert that Mr.
14 Walker and Mr. Gurzi have ever said so much as one single
15 word with respect to -- to one another with respect to you
16 or your case?

17  MR. HOGAN: Vague as to time.

18  MR. LIEBELER: At any time, sir.

19  A  No.

20 BY MR. LIEBELER:

21  Q  You're just making it up, aren't you?

22  MR. HOGAN: Objection; argumentative.

23  MR. LIEBELER: You may answer, sir.

24  A  I think everything I said was true. We don't know
25 conclusively what it all means. He was asking for things I

283

```
 1  knew, that's all.
 2  BY MR. LIEBELER:
 3      Q    What efforts, if any, have you made since the last
 4  time I took your deposition to market the 1993 FCS to
 5  anyone?
 6      MR. HOGAN:  Objection; vague as to time.  The last time
 7  you took your deposition was two days ago.
 8      MR. LIEBELER:  July 1st of 2004.  So, whenever it was
 9  the last -- the deposition in the bankruptcy case.
10  Actually, it was yesterday, Mr. Hogan, just --
11      MR. HOGAN:  Yeah.
12      MR. SMITH:  You better correct it, because it was
13  yesterday.
14      MR. LIEBELER:  I did.  But I took the point of the
15  objection.  I want to make sure the question is clear.
16      Q    You remember I took your deposition last year --
17      A    Yes.
18      Q    -- in connection with the bankruptcy proceedings
19  in Deleware?  You recall that, Mr. Berry, right?
20      A    Yes.
21      Q    Since that deposition, when I think I asked you a
22  similar question, what efforts have you made, if any, to
23  market the 1993 FCS?
24      A    Since then, I don't believe I've made efforts to
25  market any software, including FCS 1993.
```

284

```
 1      Q    Okay.  Have you attemptd to market the 2003 FCS
 2 since last year?
 3      A    I think I discussed it briefly, but I wouldn't
 4 consider it a marketing effort.
 5      Q    Who did you discuss it with?
 6      A    There was a local -- it was a local freight
 7 forwarder.  It may have been before the deposition, I
 8 can't -- in fact it was before the deposition.  It was -- it
 9 was in the summer of 2003.  I apologize.  It was before.
10      Q    Just so the record is clear, is it fair to say,
11 sir, that you've not tried to market the 1993 FCS in the
12 last year at all?
13      A    That's correct.
14      Q    You have contended at various points in this case
15 that one or more of the defendants hired Guidance Software
16 for the purpose of tricking the bankruptcy court.  Are you
17 familiar with that contention, sir?
18      A    Yes.
19      Q    Articulate every basis in fact you have for that
20 contention, please.
21      A    My understanding is that Guidance went out to
22 Kapolei in July of 2003 with the intent of removing all my
23 intellectual property from the Fleming computers.  After
24 they did their work out there, Mr. Gurzi produced an
25 affidavit to the bankruptcy court, basically claiming that
```

285

```
 1                      C E R T I F I C A T E
 2
 3              I, HEDY COLEMAN, CSR, in and for
    the State of Hawaii, do hereby certify:
 4
                That I was acting as shorthand
 5  reporter in the foregoing matter on the 19th day of
    May, 2005;
 6
                That the proceedings were taken
 7  down in machine shorthand by me and were thereafter
    reduced to typewriting by me; that the foregoing
 8  represents, to the best of my ability, a correct
    transcript of the proceedings had in the foregoing
 9  matter;
10
11              I further certify that I am not
    counsel for any of the parties hereto, nor in any
12  way interested in the outcome of the cause named in
    the caption.
13
14
15
16
17
18
19       DATED: May 23, 2005
20
21
22       _____
23       HEDY COLEMAN, CSR #116
         Notary Public, State of Hawaii
24       My commission expires: 9-14-05
25
```

ALI'I COURT REPORTING
(808) 926-1719