# Exhibit 12



*dist*

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | Civ. No. CV03 00385 SOM-LEK |
| | (Copyright) |
| Plaintiff, | |
| | **PLAINTIFF WAYNE BERRY'S** |
| vs. | **RESPONSE TO DEFENDANT** |
| | **FLEMING COMPANIES, INC.'S** |
| HAWAIIAN EXPRESS SERVICE, | **FIRST REQUEST FOR ANSWERS** |
| INC., a California corporation; et al. | **TO INTERROGATORIES TO** |
| | **PLAINTIFF WAYNE BERRY** |
| Defendants. | |

**PLAINTIFF WAYNE BERRY'S RESPONSE TO
DEFENDANT FLEMING COMPANIES, INC.'S
FIRST REQUEST FOR ANSWERS TO
INTERROGATORIES TO PLAINTIFF WAYNE BERRY**

COMES NOW Plaintiff Wayne Berry and submits his answers Defendant

Fleming Companies, Inc.'s First Request for Answers to Interrogatories to

Plaintiff Wayne Berry as follows:

Exhibit 12

## GENERAL OBJECTIONS

Plaintiff objects to Defendant Fleming Companies, Inc.'s First Request for Answer to Interrogatories to Plaintiff Wayne Berry to the extent that:

The Interrogatories impose burdens or obligations greater than those imposed by Rules 26 and 33 of the Federal Rules of Civil Procedure including demanding responses in less than 30 days; the Interrogatories seek information that are protected by the attorney-client privilege and/or work product immunity doctrine; the Interrogatories seek information not relevant to any claim or defense in this proceeding; the Definitions and instructions in the Interrogatories change or are inconsistent with the customary meaning of words; the Interrogatories are seeking information that is equally available to Defendants including, but not limited to, information available on the Fleming Companies, Inc. Bankruptcy Pacer site or in US District Court files available to the public; the Interrogatories, in whole or in part, are overly broad, vague, ambiguous, confusing, complex, unintelligible, oppressive, or duplicative.

Discovery is ongoing and Plaintiff reserves the right to supplement its

2

responses to the request at any time prior to trial in this matter.

## INTERROGATORIES

### INTERROGATORY NO. 1:

DESCRIBE in detail all acts of direct copyright infringement of YOUR 1993 FREIGHT CONTROL SYSTEM YOU allege FLEMING committed on or after April 1, 2003.

### ANSWER

Objection: The Plaintiff objects to the Interrogatory No. 1 on the ground that the definition of the word "Fleming" as defined by defendant is vague, ambiguous and incomplete. Plaintiff also objects to the defined term, "1993 FREIGHT CONTROL SYSTEM." The filed Copyright Registration and the filed Deposit all in Fleming's possession, set forth the basis for the claims of copyright infringement and the description of the software that are both incorporated by this reference pursuant to Fed. R. Civ. P. 33(d) and relate to "Freight Control System." As the owner of all derivatives of "Freight Control System," Mr. Berry also owns and has been the victim of ongoing criminal infringement regarding numerous derivatives of "Freight Control System," including, but not limited to, FCS Original Data.mdb., FCS Auxillary Data.mdb, the so-called Spreadsheets that alleged to have replaced the "Freight Control System" that is admitted to being

3

used daily by no less than 10 unlicenced users and any and all other unauthorized derivatives or copies of the "Freight Control System" that has not yet been discovered. All of these unlawful derivatives and any derivatives of them are "Freight Control System." Hereinafter the relevant software including all derivatives is referred to herein as, "Freight Control System."

Not waiving these objections, and preserving the right to amend these interrogatories as discovery proceeds, Plaintiff answers as follows:

Fleming Companies, Inc., ("Fleming") began to make illegal unlicenced derivatives of "Freight Control System" no later than December 1999, continued to do it after April 1, 2003 and continues to be actively engaged in this infringement today. All use by Fleming, its employees or any acting under its permission, license, loan or otherwise is a direct infringer of "Freight Control System." The number of bootups and changes to "Freight Control System" likely measure in the tens if not hundreds of thousands of separate acts of criminal infringement and is a number more likely known to Fleming and its agents. Each time a copy of "Freight Control System" is used by Fleming and/or C&S in the operations of either or both entities business this constitutes an act of direct

4

infringement, C&S appears to be an alter ego of Fleming or vice versa by sharing employees, counsel and property including the use at the Fleming Kapolei facility, "Fleming-Logistics.com" that together evidence of a defacto merger. Discovery is ongoing.

During the time from and after April 1, 2003 to the present, Fleming operated by making copies of the "Freight Control System" on no less of 10 separate computers and/or servers daily. Each time these computers opened a copy of the "Freight Control System" another unlicenced copy was loaded in the computers' random access memory ("RAM"). Each such opening of these programs constitutes another copy made by Fleming for the purpose of financial gain and constitutes a separate predicate act of criminal copyright infringement and SUA under the Racketeering Influenced and Corrupt Organizations Act ("RICO"). Each act of one of Fleming's co-conspirator in regard to this "Freight Control System" is also a direct act of Fleming as a member of a criminal enterprise.

In addition, Mark Dillon has testified that Fleming and/or C&S has created its own derivatives to function with the Berry FCS, all without any license that are being operated from C&S' New Jersey facilities. Discovery is ongoing but Mr. Berry estimates that hundreds or thousands of additional copies or derivative

5

copies have been created by Fleming and/or C&S that, by agreement, are imputed to Fleming and to Robert Kors who actively, and for financial gain, directs the daily copying of the unlicensed works.

In addition, through the acts of its agent Guidance Software, Inc. ("Guidance") Fleming transferred with the intent to commit criminal copyright infringement no less that 16 copies of the "Freight Control System" for the purpose of financial gain that is imputed to Fleming.

Because Fleming is a person engaged in a conspiracy to infringe, under both civil and RICO conspiracy theories, Fleming is liable for the acts of each of its co-conspirators as if it had committed the acts itself. These acts continue and therefore Fleming continues to be a direct infringer.

Further, Fleming has made copies of the "Freight Control System" and/or related documentation, available to developers that separately constitute and act of direct infringement. In addition, Fleming has upon information and belief, made copies that have been placed on remote servers including one or more in Iowa that constitute additional acts of criminal infringement of "Freight Control System" that continue to operate and Fleming is liable as a direct infringer for each use of that software.

INTERROGATORY NO. 2:

For each act of direct copyright infringement YOU describe in response to Interrogatory No. 1, DESCRIBE in detail what specific element(s), aspect(s), component(s), expression(s), or part(s) of YOUR 1993 FREIGHT CONTROL SYSTEM YOU contend FLEMING directly infringed.

ANSWER

Objection: The Plaintiff objects to the Interrogatory No. 1 on the ground that the definition of the word "Fleming" as defined by defendant is vague, ambiguous and incomplete. Plaintiff also objects to the defined term, "1993 FREIGHT CONTROL SYSTEM." The filed Copyright Registration and the filed Deposit all in Fleming's possession, set forth the basis for the claims of copyright infringement and the description of the software that are both incorporated by this reference pursuant to Fed. R. Civ. P. 33(d) and relate to "Freight Control System." As the owner of all derivatives of "Freight Control System," Mr. Berry also owns and has been the victim of ongoing criminal infringement regarding numerous derivatives of "Freight Control System," including, but not limited to, FCS Original Data.mdb., FCS Auxillary Data.mdb, the so-called Spreadsheets that alleged to have replaced the "Freight Control System" that is admitted to being used daily by no less than 10 unlicenced users and any and all other unauthorized

7

derivatives or copies of the "Freight Control System" that has not yet been discovered. All of these unlawful derivatives and any derivatives of them are "Freight Control System." Hereinafter the relevant software including all derivatives is referred to herein as, "Freight Control System."

Not waiving these objections, and preserving the right to amend these interrogatories as discovery proceeds, Plaintiff answers as follows:

All aspects.

INTERROGATORY NO. 3:

DESCRIBE in detail all acts of contributory copyright infringement of YOUR 1993 FREIGHT CONTROL SYSTEM YOU allege FLEMING committed on or after April 1, 2003:

ANSWER

Objection: The Plaintiff objects to the Interrogatory No. 1 on the ground that the definition of the word "Fleming" as defined by defendant is vague, ambiguous and incomplete. Plaintiff also objects to the defined term, "1993 FREIGHT CONTROL SYSTEM." The filed Copyright Registration and the filed Deposit all in Fleming's possession, set forth the basis for the claims of copyright

8

infringement and the description of the software that are both incorporated by this reference pursuant to Fed. R. Civ. P. 33(d) and relate to "Freight Control System." As the owner of all derivatives of "Freight Control System," Mr. Berry also owns and has been the victim of ongoing criminal infringement regarding numerous derivatives of "Freight Control System," including, but not limited to, FCS Original Data.mdb., FCS Auxillary Data.mdb, the so-called Spreadsheets that alleged to have replaced the "Freight Control System" that is admitted to being used daily by no less than 10 unlicenced users and any and all other unauthorized derivatives or copies of the "Freight Control System" that has not yet been discovered. All of these unlawful derivatives and any derivatives of them are "Freight Control System." Hereinafter the relevant software including all derivatives is referred to herein as, "Freight Control System."

Not waiving these objections, and preserving the right to amend these interrogatories as discovery proceeds, Plaintiff answers as follows:

Plaintiff has the burden to show that Fleming knew or should have known of a direct infringer's infringing activity and induced, caused and/or materially contributed to the direct infringer's infringing activity.

9

C&S began to operate the Fleming Kapolei facility no later than June 2003. During that time, Fleming had no right to allow any party to use the Berry system moreover it had no right to use or permit the use of any of the Dillon derivatives of "Freight Control System". In addition, Fleming induced Foodland to use the "Freight Control System" to operate its direct store deliveries and/or stop in transit shipments after Mr. Berry had attempted to license the use of his software to Foodland for that purpose. Fleming knew that it was inducing C&S, Foodland and Fleming's employees and agents to violate Mr. Berry's exclusive rights, but did so for the purpose of financial gain in violation of both the civil and criminal copyright laws of the United States.

Further, Fleming knew that Hawaii Transfer Company, LTD ("HTC"), Hawaiian Express Service, Inc. ("HEX") and HEX's affiliated entities and employees had no license to use "Freight Control System" but Fleming, as a habitual criminal infringer, induced these entities and their agents including Fleming's employees to commit numerous acts of willful infringement for the purpose of financial gain in violation of the civil and criminal copyright laws of the United States. In addition, discovery is proceeding in regard to the use of Freight Control System by certain agency of the United States of America without any license, including the United States Department of Defense.

INTERROGATORY NO. 4:

For each act of contributory copyright infringement YOU describe in response to Interrogatory No. 3, DESCRIBE in detail what specific element(s), aspect(s), component(s), expression(s), or part(s) of YOUR 1993 FREIGHT CONTROL SYSTEM YOU contend FLEMING contributorily infringed.

ANSWER

Objection: The Plaintiff objects to the Interrogatory No. 1 on the ground that the definition of the word "Fleming" as defined by defendant is vague, ambiguous and incomplete. Plaintiff also objects to the defined term, "1993 FREIGHT CONTROL SYSTEM." The filed Copyright Registration and the filed Deposit all in Fleming's possession, set forth the basis for the claims of copyright infringement and the description of the software that are both incorporated by this reference pursuant to Fed. R. Civ. P. 33(d) and relate to "Freight Control System." As the owner of all derivatives of "Freight Control System," Mr. Berry also owns and has been the victim of ongoing criminal infringement regarding numerous derivatives of "Freight Control System," including, but not limited to, FCS Original Data.mdb., FCS Auxillary Data.mdb, the so-called Spreadsheets that alleged to have replaced the "Freight Control System" that is admitted to being used daily by no less than 10 unlicenced users and any and all other unauthorized

11

derivatives or copies of the "Freight Control System" that has not yet been discovered. All of these unlawful derivatives and any derivatives of them are "Freight Control System." Hereinafter the relevant software including all derivatives is referred to herein as, "Freight Control System."

Not waiving these objections, and preserving the right to amend these interrogatories as discovery proceeds, Plaintiff answers as follows:

All aspects.

## INTERROGATORY NO. 5:

DESCRIBE in detail all acts of vicarious copyright infringement of YOUR 1993 FREIGHT CONTROL SYSTEM YOU allege FLEMING committed on or after April 1, 2003.

## ANSWER

Objection: The Plaintiff objects to the Interrogatory No. 1 on the ground that the definition of the word "Fleming" as defined by defendant is vague, ambiguous and incomplete. Plaintiff also objects to the defined term, "1993 FREIGHT CONTROL SYSTEM." The filed Copyright Registration and the filed Deposit all in Fleming's possession, set forth the basis for the claims of copyright

12

infringement and the description of the software that are both incorporated by this reference pursuant to Fed. R. Civ. P. 33(d) and relate to "Freight Control System." As the owner of all derivatives of "Freight Control System," Mr. Berry also owns and has been the victim of ongoing criminal infringement regarding numerous derivatives of "Freight Control System," including, but not limited to, FCS Original Data.mdb., FCS Auxillary Data.mdb, the so-called Spreadsheets that alleged to have replaced the "Freight Control System" that is admitted to being used daily by no less than 10 unlicenced users and any and all other unauthorized derivatives or copies of the "Freight Control System" that has not yet been discovered. All of these unlawful derivatives and any derivatives of them are "Freight Control System." Hereinafter the relevant software including all derivatives is referred to herein as, "Freight Control System." Plaintiff also objects on the grounds that the interrogatory calls for a legal conclusion.

Not waiving these objections, and preserving the right to amend these interrogatories as discovery proceeds, Plaintiff answers as follows:

13

A person is liable for copyright infringement by another if the person has a financial interest and the right and ability to supervise the infringing activity whether or not the person knew of the infringement. It is Plaintiff's burden to prove, by a preponderance of the evidence, that Fleming had a financial interest in the infringing activity... and; it had the right and ability to, supervise and/or control the infringing activity of the direct infringer.

First, Fleming has made many millions of dollars in the unlawful use of the "Freight Control System". C&S paid approximately $75 million to Fleming for the transfer of its business to C&S including the Freight Control System. Discovery is ongoing and this interrogatory will be supplemented.

Second, each and every employee of the Fleming, C&S, HEX and HTC are person that Fleming has the right to supervise or control who are users of the "Freight Control System" system. Fleming connected the "Freight Control System" to the Fleming mainframe making it accessible to all Fleming employees engaged in the transportation of goods. Fleming used and continues to use "Freight Control System" for the operation of its business with C&S without a license.

In addition, because Fleming, by entering into an agreement with C&S to conspire to infringe and to indemnify it for C&S's criminal infringement, it is

14

liable for each and every C&S employee and agent that has used or is still usinig the "Freight Control System" and/or any illegal derivatives. Because Fleming and now the PCT and its representative has agreed to the commission of two acts of criminal infringement, Fleming and now the PCT and its representative are liable under RICO. Were Fleming to cease to indemnify C&S, then C&S would cease its infringement. By supplying the means for C&S's continuing infringement, Fleming remains vicariously liable.

Because Fleming and now the PCT and its representative has a financial interest in the use of the system by Foodland, Kmart and other customers, Fleming and now the PCT and its representative are liable for unpaid licenseing fees and all profits derived from the use by each and every such infringer.

Because Fleming and now the PCT and its representative can stop the use of the sytem by denying access and becaue each such defendant and Fleming and now the PCT and its representative has a financial intreste in the infringing activity, Fleming and now the PCT and its representative are liable for all such use that shall be times three according to RICO and/or the Clayton Act.

<u>INTERROGATORY NO. 6</u>:

15

For each act of vicarious copyright infringement YOU describe in response to Interrogatory No. 4, DESCRIBE in detail what specific elemtn(s), aspect(s), component(s), expression(s), or part(s) of YOUR 1993 FREIGHT CONTROL SYSTEM YOU contend FLEMING vicariously infringed.

ANSWER

Objection: The Plaintiff objects to the Interrogatory No. 1 on the ground that the definition of the word "Fleming" as defined by defendant is vague, ambiguous and incomplete. Plaintiff also objects to the defined term, "1993 FREIGHT CONTROL SYSTEM." The filed Copyright Registration and the filed Deposit all in Fleming's possession, set forth the basis for the claims of copyright infringement and the description of the software that are both incorporated by this reference pursuant to Fed. R. Civ. P. 33(d) and relate to "Freight Control System." As the owner of all derivatives of "Freight Control System," Mr. Berry also owns and has been the victim of ongoing criminal infringement regarding numerous derivatives of "Freight Control System," including, but not limited to, FCS Original Data.mdb., FCS Auxillary Data.mdb, the so-called Spreadsheets that alleged to have replaced the "Freight Control System" that is admitted to being used daily by no less than 10 unlicenced users and any and all other unauthorized derivatives or copies of the "Freight Control System" that has not yet been

16

discovered. All of these unlawful derivatives and any derivatives of them are "Freight Control System." Hereinafter the relevant software including all derivatives is referred to herein as, "Freight Control System."

Not waiving these objections, and preserving the right to amend these interrogatories as discovery proceeds, Plaintiff answers as follows:

All aspects.

## VERIFICATION

STATE OF HAWAII           )
                          ) SS:
CITY AND COUNTY OF HONOLULU )

Wayne F. Berry, being first duly sworn upon oath, deposes and says that I have read the foregoing answers to interrogatories, know the contents thereof and that the same are true to the best of his/her knowledge and belief.

*[signature]*
Wayne F. Berry

Subscribed and sworn to before me this 22nd day of March, 2005.

*[signature]*

Print Name: Jane Sung
Notary Public, State of Hawaii
My commission expires 3/18/2009

*[Notary seal: JANE SUNG, NOTARY PUBLIC, STATE OF HAWAII]*