# Exhibit 13

```
 1                IN THE UNITED STATES DISTRICT COURT
 2                     FOR THE DISTRICT OF HAWAII
 3
 4   WAYNE BERRY, a Hawaii      ) CIVIL NO. CV03-00385 SOM LEK
     citizen;                   ) (Copyright)
 5                              )
              Plaintiff,        )
 6                              )
                                )
 7        vs.                   )
                                )   Volume 1
 8   HAWAIIAN EXPRESS SERVICE,  )
     INC., a California         )
 9   corporation; et al.,       )
                                )
10            Defendants.       )
                                )
11   _____)
12
13                    DEPOSITION OF WAYNE BERRY,
14   taken on behalf of the Defendant, Post-Confirmation
15   Trust, at the Law Offices of Kobayashi, Sugita & Goda,
16   999 Bishop Street, Suite 2600, Honolulu, Hawaii,
17   96813, commencing at 8:59 a.m., on Wednesday, May 18,
18   2005, pursuant to Notice.
19
20   BEFORE:    Julie A. Peterson, CSR #361, CRR, RMR
21              Registered Professional Reporter
                Notary Public, State of Hawaii
22
23
                       Ali'i Court Reporting
24                 2355 Ala Wai Blvd., Suite 306
                     Honolulu, Hawaii  96815
25                       (808) 926-1719
```

1

```
 1  APPEARANCES:

 2

 3

 4  For the Plaintiff:    TIMOTHY J. HOGAN, ESQ.
                          Lynch Ichida Thompson Kim & Hirota
 5                        1132 Bishop Street, Suite 1405
                          Honolulu, Hawaii  96813
 6

 7

 8  For the Defendant Post-Confirmation Trust:

 9                        LEX R. SMITH, ESQ.
                          ANNE E. LOPEZ, ESQ.
10                        Kobayashi, Sugita & Goda
                          First Hawaiian Center
11                        999 Bishop Street, Suite 2600
                          Honolulu, Hawaii  96813
12
                                  and
13
                          ERIC C. LIEBELER, ESQ.
14                        DAMIAN D. CAPOZZOLA, ESQ.
                          Kirkland & Ellis LLP
15                        777 South Figueroa Street
                          Los Angeles, California  90017
16

17

18
    For the Defendants Mark Dillon, Teresa Noa and Brian
19  Christensen, et al:

20                        LYLE S. HOSODA, ESQ.
                          RAINA P.B. MEAD, ESQ.
21                        Lyle S. Hosoda & Associates
                          345 Queen Street, Suite 804
22                        Honolulu, Hawaii  96813

23

24

25
                                                              2
```

```
 1  APPEARANCES:    (cont'd)

 2


 3  For the Defendants Hawaiian Express Service, Inc.,
    H.E.S. Transportation Services, Inc., California
 4  Pacific Consolidators, Inc., Jeffrey P. Graham; Peter
    Schaul and Patrick Hirayama:
 5
                    ROY J. TJIOE, ESQ.
 6                  Goodsill Anderson Quinn & Stifel
                    Alii Place, Suite 1800
 7                  1099 Alakea Street
                    Honolulu, Hawaii   96813
 8

 9
    For the Defendant Alix Partners, LLC:
10
                    GREGORY Y.P. TOM, ESQ.
11                  JOHN T. KOMEIJI, ESQ.
                    Watanabe Ing Kawashima & Komeiji
12                  First Hawaiian Center
                    999 Bishop Street, Suite 2300
13                  Honolulu, Hawaii   96813

14

15
    For the Defendants Guidance Software, Inc., and
16  Michael Gurzi:

17                  REX Y. FUJICHAKU, ESQ.
                    Bronster Crabtree & Hoshibata
18                  Pauahi Tower, Suite 2300
                    1001 Bishop Street
19                  Honolulu, Hawaii   96813

20

21  Also present:   Martin G. Walker, Ph.D.

22
    Videographer:   Justin Langlais
23                  Certified Legal Video Services
                    1000 Bishop Street, Suite 410
24                  Honolulu, Hawaii   96813
                    (808) 530-2587
25
```

3

```
 1  materials available to you to determine any
 2  differences that you could identify between FCS 1993
 3  and the version or the database that Fleming was using
 4  between April and early June of 2003, right?
 5           MR. HOGAN:  Objection, calls for speculation.
 6  You can answer if you can.  Assumes facts not in
 7  evidence.
 8  A        Could you state that one more time?
 9           MR. SMITH:  Can you read it back, please?
10           ( Record read as requested.)
11           MR. HOGAN:  Same objection.
12  A        I've studied the materials that are available
13  to me with that intent, to identify those, yes.
14  Q        (By Mr. Smith):  Okay.  Would you take a look
15  at Exhibit 53, please, which is your affidavit?
16  A        Look at what?
17  Q        Page 14 of Exhibit 53.
18  A        Okay.
19  Q        Paragraph 31 makes a reference to Exhibit 27.
20  You wrote this paragraph 31?
21  A        Yes.
22  Q        And that truthfully describes how you created
23  Exhibit 27?
24  A        Yes, it's a good characterization, yes.
25  Q        Now, exhibit 27, is it correct that based on
```

199

```
 1  the information available to you, you are only able to
 2  identify seven fields that are in Original Logistics
 3  Data.MDB that were not in FCS 1993?
 4  A      Okay.  I had to think this through again.  Ask
 5  the question again.
 6  Q      Is it true --
 7  A      I'm sorry.  It's late in the day.
 8  Q      Is it true that based on the information
 9  available to you, you were only able to identify seven
10  fields that were in Original Logistics Data.MDB that
11  were not in FCS 1993?
12  A      Yes, according to this analysis, I did, yes.
13  Q      Any other changes that Dillon had made or that
14  had been made in the 2001 version that was produced to
15  you in discovery in the last case were out of Original
16  Logistics Data.MDB by the time you did this analysis,
17  right?
18  A      I had just gone over to Auxiliary Logistics
19  Data.MDB.
20  Q      We'll talk about that, but let's talk about
21  Original Logistics Data.MDB.  They were out of -- Any
22  other changes that were in 2001 version that you had
23  looked at were out of Original Logistics Data.MDB?
24  A      I think that question is a little bit different
25  than what you asked the first time.
```

200

```
 1              The first one you're asking about, FCS
 2   1993, comparing that to Original Logistics Data.MDB.
 3   Q      Correct.
 4   A      There were -- None of these existed, none of
 5   these listings existed in FCS 1993.
 6              Right?
 7   Q      Let's go back to my question.  My question is:
 8   As of the point that you did this study, except for
 9   the seven fields that you've identified in Exhibit 27,
10   the other Dillon changes were out of Original
11   Logistics Data.MDB, right?
12   A      No.  Only the ones that we could identify in
13   this listing.  Set out to identify, again, looking at
14   the original to the changes made in the 2001 stuff
15   that you turned over.
16   Q      So based on your analysis, Original Logistic
17   Data.MDB was much closer to FCS 1993 than the 2001
18   version you had looked at prior to the last trial?
19   A      It doesn't work like that with copyrights.  It
20   either is or it isn't, and it wasn't.
21   Q      I understand your legal position and I'm not
22   asking about that.  All I'm asking is, there were far
23   fewer differences between FCS 1993 and Original
24   Logistics Data.MDB than there were between FCS 1993
25   and the November 2001 version?
```

201

```
 1  A      It's a yes or no question, and it was
 2  different.  That's the end of it.
 3  Q      It was different, but there were fewer
 4  differences, weren't there?
 5         MR. HOGAN:  Objection as to "there were."
 6  Talking about -- It's vague and ambiguous because at
 7  the time there were two databases being run, both of
 8  them illegal derivatives, and together they contained
 9  all the things that were removed.
10  A      It's not reasonable to talk about the degree of
11  differences between two pieces of software when you're
12  discussing a copyright.  It's either the original or
13  it's not.
14  Q      (By Mr. Smith):  You were able to identify
15  seven differences between FCS 1993 and Original
16  Logistics Data.MDB, right?
17  A      Yes.
18  Q      That's all?
19  A      I only needed one.
20  Q      But that's the total you were able to identify
21  was seven, correct?
22  A      This analysis, yes.
23  Q      And what was the number, approximately, of
24  differences that you identified between FCS 1993 and
25  the 2001 version?
```

202

```
 1  A      What is it, about 58?
 2  Q      At least 50, right?  Okay.
 3              And some of the differences that you
 4  identified between FCS 1993 and the 2001 version
 5  involved entire tables, correct?
 6  A      I can't tell that from this report.
 7  Q      Okay.  Now, you and your counsel have both made
 8  reference to a database called Auxiliary Logistics
 9  Data.MDB.  Did you write anything or create anything
10  that's in Auxiliary Logistics Data.MDB?
11  A      Again, I'd have to consult the copyright office
12  on that.  It's a derivative of my work.
13  Q      Did you create it?  That's what I want to know.
14  A      I'd have to ask the copyright office.
15  Q      So you can't tell yourself whether you're the
16  creator or not of anything that's in Original
17  Logistics Data.MDB?
18  A      No.
19  Q      Did you actually sit at a computer and cause
20  any of the -- I'm sorry.  I'm on the wrong one.
21              Did you sit at a computer and cause the
22  creation of any of the things that are in Auxiliary
23  Logistics Data.MDB?
24  A      Did I physically sit at a computer and create
25  that?
```

```
1    STATE OF HAWAII           )
                               ) ss.
2    CITY AND COUNTY OF HONOLULU )

3        I, Julie A. Peterson, Notary Public, State of
4    Hawaii, do hereby certify:
5        That on May 18, 2005, commencing at 8:59 a.m.,
6    appeared before me Wayne Berry, the witness whose
7    deposition is contained herein; that prior to being
8    examined he was by me duly sworn; that the deposition
9    was taken in machine shorthand by me and thereafter
10   reduced to typewriting under my supervision; that the
11   foregoing represents, to the best of my ability, a
12   true and correct transcript of the proceedings had in
13   the foregoing matter.
14       That the deponent was notified through counsel,
15   by mail or by telephone, to appear and sign; that if
16   the transcript is filed without signature, deponent
17   has failed to appear and the transcript is therefore
18   kept on file without signature pursuant to Court
19   rules.
20       I further certify that I am not attorney for
21   any of the parties hereto, nor in any way interested
22   in the outcome of the cause named in the caption.
23       Dated at Honolulu, Hawaii, this 22nd day of
24   May, 2005.
                               _____
                               NOTARY PUBLIC, STATE OF HAWAII
25   My Commission Expires: 9/1/2006
```