# Exhibit 16

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; ) | Civ. No. CV03 00385 SOM-LEK |
| ) | (Copyright) |
| Plaintiff, ) | |
| ) | PLAINTIFF'S WAYNE BERRY'S |
| vs. ) | MOTION FOR ISSUANCE OF |
| ) | PRELIMINARY INJUNCTION |
| HAWAIIAN EXPRESS SERVICE, ) | |
| INC., a California corporation; H.E.S. ) | |
| TRANSPORTATION SERVICES, ) | |
| INC., a California corporation; ) | |
| CALIFORNIA PACIFIC ) | |
| CONSOLIDATORS, INC., a ) | |
| California corporation; JEFFREY P. ) | |
| GRAHAM and PETER SCHAUL, ) | |
| California citizens; MARK DILLON ) | |
| and TERESA NOA, BRIAN ) | |
| CHRISTENSEN, Hawaii citizens; ) | |
| FLEMING COMPANIES, INC., an ) | |
| Oklahoma corporation; C & S ) | |
| LOGISTICS OF HAWAII, LLC, a ) | |
| Delaware LLC; C & S WHOLESALE ) | |
| GROCERS, INC., a Vermont ) | |
| corporation; ) | |
| C & S ACQUISITIONS, LLC; ) | |
| FOODLAND SUPER MARKET, ) | |
| LIMITED, a Hawaii corporation; ) | |
| HAWAII TRANSFER COMPANY, ) | |
| LIMITED, a Hawaii Corporation, DOE ) | |
| INDIVIDUALS 1-350; DOE ) | |
| PARTNERSHIPS, CORPORATIONS ) | |
| and OTHER DOE ENTITIES 1-20, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

Exhibit 16

PLAINTIFF WAYNE BERRY'S MOTION
FOR ISSUANCE OF PRELIMINARY INJUNCTION

COMES NOW, Plaintiff Wayne Berry ("Plaintiff"), by and through his undersigned counsel and hereby moves this Honorable Court for issuance of a preliminary injunction prohibiting the use, reproduction and/or transfer of the Berry Freight Control System computer software that is the subject of this case. In addition, Plaintiff seeks issuance of a temporary injunction against the reproduction, transfer use and/or creation of any and all derivative works of the Berry Freight Control System computer software. Plaintiff seeks an injunction against Defendants C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, C&S Logistics of Hawaii, LLC ("C&S"), Fleming Companies, Inc. ("Fleming") their affiliates, officers, agents, servants, employees, including, but not limited to Mark Dillon and Teresa Noa, any third-party developers under their control, any internet service providers, the Defendants' attorneys and any other person in active concert with them who receives actual notice of the order by personal service or otherwise, from further acts of infringement including the continued possession, use and or creation and/or use of the Berry Freight Control System Software and any and all derivative works. Further, Plaintiff seeks an order

2

directing the turn over of all copies of the software and any derivatives under their control, an order directing the United States Marshall and or a Deputy United States Marshall to enter upon the premises of any enjoined defendant and remove and return to Plaintiff any and all copies of the Plaintiff's work including any derivative works.

Plaintiff brings this Motion on the grounds that on or about July 7, 2003, Fleming caused no less than sixteen pirated copies of Plaintiff's copyrighted work to be transferred to Defendant C&S. C&S, has participated in the infringement by participating in obtaining illegal pirated copies of no less than sixteen separate copies, in violation of the Copyright Act, Title 17 United States Code. Because Fleming has been previously found to have committed willful infringement and because Defendants have transferred unauthorized copies of the software there remains a real risk of additional infringements. The fact of the transfers is not subject to a bona fide dispute and therefore, Plaintiff has more than a strong likelihood of success and is entitled to the entry of the temporary injunction.

The injunction should be broad in scope to prohibit corporate and limited liability entities including, their affiliates, subsidiaries, officers, directors, internet service providers, employees, including, but not limited to Mark Dillon and Teresa Noa, third-party developers and all other agents from engaging in any future acts

3

of infringement, including the continued attempt to reverse engineer Plaintiff's software.

This motion is brought pursuant to The Copyright Act, 17 U.S.C. §§ 106, 502, Fed. R. Civ. P. 65, LR 7 and is supported by the attached Memorandum in Support, Declaration of Counsel, and Declaration of Wayne Berry and Exhibits attached thereto and all the record of this case all of which is incorporated herein by this reference.

Dated: Honolulu, Hawaii, _____ MAY 2 8 2004 _____.

_____
TIMOTHY J. HOGAN
Attorney for Plaintiff
Wayne Berry

4