# Exhibit 18

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 15 2005

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., a California corporation; et al.,<br><br><br><br><br><br>　　　　Defendants. | Civ. No. CV03 00385 SOM-LEK<br>(Copyright)<br><br>PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO DEFENDANTS MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA AND JACQUELINE RIO'S MOTION FOR SUMMARY JUDGMENT ON DAMAGES FILED ON AUGUST 24, 2005; CERTIFICATION PURSUANT TO L.R. 7.5(e); CERTIFICATE OF SERVICE<br><br>HEARING:<br>Date: October 3, 2005<br>Time: 9:00 a.m.<br>Judge: Honorable Susan Oki-Mollway<br>TRIAL DATE: January 24, 2006 |

Exhibit 18

mail of Fleming's CIO Ronald Griffin, Hogan Declaration Exhibit "4". Mr. Griffin concedes there was no replacement for the Berry software. He concedes that to lawfully replace it would cost money "well in excess of $100,000." *Id.* He admits that the choices being made were driven by the need to save money (IE for Profit). *Id.* He admitted at the time that Fleming had "no software to provide the function." Mr. Dillon's testified in open court where he admitted that without the freight control automation providing that function, the logistics department would have to shut down. Transcript of Proceeding in this case, taken on September 28, 2004 at pg. 113:8 to 113:21. Hogan Dec. Exhibit "7." The only replacement that Fleming was able to obtain for the Berry software was an illegal copy of an unlicensed derivative and for that both Fleming and its employees must pay damages as set forth in this proceeding. The testimony of Mark Dillon also proves that but for the Berry software, that Mr. Griffin admits was the only freight logistics software Fleming had, the employees would be out of jobs. In addition, Mr. Berry's declaration describes how Teresa Noa admitted to Mr. Berry that, without his software, the employees would all loose their jobs. Mr. Berry describes in great detail how this software assisted the employees in serving their employer and providing for their own needs. Berry Dec. ¶ 11.

F.  <u>Mr. Ueno Properly Relied on Mr. Berry.</u>

9

> The Defendant may not claim the absence of profits merely because the profits attributable to the infringing items were not sufficient to offset the losses sustained by the Defendant from other aspects of his business.

4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright.* § 14.03[C][1] (2005).

Next, as to the causal relation between Fleming's profit, the Griffin e-mail shows the avoided cost that Fleming had by not using Mr. Berry's software. It avoided "well in excess of a $100,000" in replacement costs or the cost to deal with Mr. Berry which is set forth in the above section would have been several hundred thousand dollars. In any event, that money was used by Fleming to pay its salaries to operate its business, to obtain product and therefore was part of its operational profit regardless of whether or not at the end of the day they showed a bottom line black number. Mr. Berry is entitled to whatever profits were derived from the use of his software, the causal relationship having been sufficiently established. Mr. Berry has made a jury demand, a constitutional right affirmed by the United States Supreme Court. The Court should permit the profits to be determined by the jury.

Mr. Dillon and Ms Noa both admit that, but for the freight control software, they could not operate the logistics department and would be out of jobs. See Hogan Dec. Exhibit "7" at pg. 113:8 to pg. 113:2 and Berry Dec. ¶ 13 that

23

establishes that Ms. Noa admitted to Mr. Berry even before the infringement that, if Fleming couldn't use FCS it would have to switch to "prepaid" shipments. This shows the clear causal link between the Fleming-Logistics Department's employee's financial benefit the use of the Berry work. Mr. Dillon admits that the only copy Fleming had at the time the Bankruptcy commenced was one his infringing derivatives. Hogan Dec. Exhibit "5" at ¶ 13. Of this supports Mr. Ueno's report's conclusions regarding the critical function that the Berry software played in Fleming's overall operations. A reasonable juror could conclude that Fleming's employees financially benefitted from the use of the Berry work.[1]

> G. Statutory Damages Fleming Would Be Liable For Its Own $30,000 Maximum and the Separate Damages Attributable to its Employees for a total of $210,000.

The Ninth Circuit has made abundantly clear, these are divisible injuries and each of the Defendants is separately liable for a maximum statutory damage of $30,000. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194-95 (9th Cir. 2001) *cert denied* 534 U.S. 1127 (2002). *Krypton* establishes that Fleming is liable for each of the infringements of its employees under the theory of vicarious liability. Fleming

---

[1] Mr. Berry addresses the Court June 27, 2005 order but for the purpose of preserving an appeal point does not concede that he has the burden to show that the Employee's or Fleming financially benefitted from the infringement in order to be entitled to actual damages.

24

disclaims any joint and several responsibility for its employee's infringement in its section on vicarious liability. The Court has already dismissed the conspiracy count. There is no evidence to support any finding of joint and several liability. As set forth in *Krypton* above, Fleming is liable for its separate infringement jointly liable with each of its employees while each of its employees are severally liable for its their own infringement. *See* 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.04[F][C] 14-104-5 (2005) (*citing Krypton supra*).

IV. CONCLUSION.

For the reasons stated, the Motion should be denied and Mr. Berry be granted further relief as is just.

DATED: Honolulu, Hawaii, _____ SEP 1 5 2005 _____.

TIMOTHY J. HOGAN
Attorney for Plaintiff

25