# Exhibit 33

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, <br><br> Plaintiff, <br><br> vs. <br><br> HAWAII EXPRESS SERVICE, INC., a California corporation, et al., <br><br> Defendants. | Civ. No. 03-00385 SOM/LEK <br><br> ORDER DENYING PLAINTIFF WAYNE BERRY'S MOTION FOR PRELIMINARY INJUNCTION |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 08 2004

at ___ o'clock and ___ min. ___ M
WALTER A. Y. H. CHINN, CLERK

ORDER DENYING PLAINTIFF WAYNE BERRY'S
MOTION FOR PRELIMINARY INJUNCTION

I.  INTRODUCTION.

Plaintiff Wayne Berry seeks an injunction against Defendants C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, and C&S Logistics of Hawaii, LLC (collectively, "C&S"), as well as against Defendant Fleming Companies, Inc. ("Fleming"), and C&S and Fleming affiliates, officers, agents, servants, and employees, prohibiting the use, reproduction, and/or transfer of the "Berry Freight Control System" computer software ("FCS"). Berry claims that he owns the copyright to FCS and that Defendants have used and continue to use FCS and derivatives of FCS in violation of his copyright. Defendants deny that they are now using FCS or a derivative of FCS.

Berry's motion is DENIED. Berry has not shown a likelihood of success on his claim that Defendants are using, or

Exhibit 33

K.   On Sunday, July 13, 2003, after Gurzi had completed his work, Dillon reduced the size of the database still on the computer. Dillon said he was only accessing Fleming's data, but Berry argues that Dillon was also accessing FCS or components of FCS.

L.   After Berry filed the present complaint, Fleming retained a second forensic software expert, New Technologies, Inc. ("NTI"). NTI was retained to examine the computers sold by Fleming to C&S to determine whether any files or software created by Berry were on the computers at the time of the sale. See Stevens Depo. at 10, Fleming Ex. K. If any files were found, NTI was to determine the last time that any such files had been opened or modified, and to erase any such software from the system. Id.

M.   On learning that Fleming had retained NTI, Berry's counsel contacted NTI and warned NTI that it could face RICO charges, as Guidance already had, if it worked for Fleming and accessed the FCS program. Anderson Depo. at 11-13, Fleming Ex. M. Although it had already sent a consultant to Hawaii to work on the project, NTI cancelled its consulting agreement with Fleming to avoid a potential lawsuit. Id. at 11, 14-15 NTI was to have performed its work by the first week of July 2004. Stevens Depo. at 14.

11

N. The court is thus left without a definitive statement as to the present state of the computer files and must rely on what the parties argue happened earlier and on the inferences the parties urge upon the court. Berry asserts that the information captured by Gurzi after the scrubbing, including the sixteen files containing Berry's software, "was what Fleming sold to C&S." Motion at 7. Berry's attorney, Timothy Hogan, says that Lex Smith, Fleming's counsel, "told me it was his understanding that the second acquired images contained the software that was sold to C&S." Hogan Decl. ¶ 16. Even if Hogan could serve as a fact witness while being counsel of record, and even if Smith's testimony were considered a party admission, it would be unpersuasive. It is equivocal and does not represent concrete evidence that Berry's intellectual property was transferred in the sale.

O. There is, however, some evidence that C&S did not use or access FCS, even if it was on its system. The court therefore finds that Berry has not met his burden of showing that FCS, even if it was transferred to C&S, is still on C&S's computers or is still being used today.[4]

P. Berry next asserts that Fleming "trick[ed] the

---

[4] It would have been helpful to the court to have had NTI's report to corroborate, or disprove, Dillon's and Noa's testimony. Berry's efforts to impede NTI suggest that Berry's true objective may not be to protect any rights in FCS.

12

Delaware Bankruptcy Court" into approving the sale to C&S by falsely claiming that it was not using FCS and falsely claiming that FCS would not be part of the sale. Motion at 8-9. Berry again points to the presence of Berry's software on the network when Guidance took the post-scrubbing image as proof that FCS was sold to C&S. Id.; Berry Decl. ¶ 6. As the court has explained, it is unclear whether FCS was on the Fleming computers at the time of the sale.

Q. Berry further claims that Fleming and Gurzi committed "fraud" that was "clear and unmistakable" on the Bankruptcy Court when Gurzi, not having examined Dillon's home computer, told the court that he had made sure that no Fleming employee had access FCS. Mot. at 11; Dillon Depo. at 321-323, Berry Ex. M; Gurzi Aff. ¶ 9, Berry Ex. I. It does appear that Gurzi's report may have been incorrect. Dillon was able at the time to access Berry software from home. However, there is no evidence of an intent to defraud the court. Gurzi apparently was unaware of what was on Dillon's home computer. More importantly, there is no evidence that Dillon did access FCS from his home, and there is no evidence to refute Dillon's testimony that he has not used FCS since June 2003. Having observed Dillon's demeanor, this court finds Dillon credible. At worst, Dillon forgot about files on his home computer.

R. Fleming acknowledges that a literal copy of FCS

13

The court was asked to strike certain declarations, but the parties subsequently agreed to this court's consideration of all declarations and exhibits attached to the briefs.

VI. CONCLUSION.

For the foregoing reasons, Berry's motion for a preliminary injunction is DENIED. The court takes the judicial notice noted above, and denies Fleming's request that declarations be stricken.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 8, 2004.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

Berry v. Hawaiian Express Service, Inc., et al., Civ. No. 03-0385 SOM/LEK; ORDER DENYING PLAINTIFF WAYNE BERRY'S MOTION FOR PRELIMINARY INJUNCTION.