LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 16 2004

at ___ o'clock and ___ min. ___ M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., a California corporation; H.E.S. TRANSPORTATION SERVICES, INC., a California corporation; CALIFORNIA PACIFIC CONSOLIDATORS, INC., a California corporation; JEFFREY P. GRAHAM and PETER SCHAUL, California citizens; MARK DILLON and TERESA NOA, BRIAN CHRISTENSEN, Hawaii citizens; FLEMING COMPANIES, INC., an Oklahoma corporation; C & S LOGISTICS OF HAWAII, LLC, a Delaware LLC; C & S WHOLESALE GROCERS, INC., a Vermont corporation; | Civ. No. CV03 00385 SOM-LEK (Copyright)<br><br>NOTICE OF HEARING; PLAINTIFF WAYNE BERRY'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; DECLARATION OF TIMOTHY J. HOGAN; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br>HEARING:<br>DATE: February 17, 2004<br>TIME: 11:00 A.M.<br>JUDGE: Honorable Magistrate Judge Leslie Kobayashi |

Exhibit 40

FILE-STAMPED COPY OF
FIRST PAGE TO
COMPLETE YOUR RECORD

JAN

C & S ACQUISITIONS, LLC; )
FOODLAND SUPER MARKET, )
LIMITED, a Hawaii corporation; )
HAWAII TRANSFER COMPANY, )
LIMITED, a Hawaii Corporation, DOE )
INDIVIDUALS 1-350; DOE )
PARTNERSHIPS, CORPORATIONS )
and OTHER DOE ENTITIES 1-20, )
)
              Defendants. )
_____ )

## NOTICE OF HEARING

TO:    LEX R. SMITH, ESQ.
         Kobayashi Sugita & Goda
         First Hawaiian Center
         999 Bishop Street, Suite 2600
         Honolulu, Hawaii 96813
         Attorneys for Defendant
         Fleming Companies, Inc.
         C&S Wholesale Grocers, Inc.,
         C&S Logistics of Hawaii, LLC and
         C&S Acquisitions, LLC
         ES3, LLC and RICHARD COHEN

         ROY J. TJIOE, ESQ.
         EMILY REBER PORTER, ESQ.
         Goodsill Anderson Quinn & Stifel
         Alii Place, Suite 1800
         1099 Alakea Street
         Honolulu, Hawaii 96813
         Attorney for Defendants
         Hawaiian Express Service, Inc.,

H.E.S. Transportation Services, Inc.,
California Pacific Consolidators, Inc.,
Jeffrey P. Graham and Peter Schaul

KAREN L.S. FINE, ESQ.
Nordman Cormany Hair & Compton
1000 Town Center Drive, Sixth Floor
Oxnard, California 93036
Attorney for Defendants
Hawaiian Express Service, Inc.,
H.E.S. Transportation Services, Inc.,
California Pacific Consolidators, Inc.,
Jeffrey P. Graham and Peter Schaul

ANDREW V. BEAMAN, ESQ.
Chun Kerr Dodd Beaman & Wong, LLLC
Topa Financial Center, Fort Street Tower
745 Fort Street, Floor 9
Honolulu, Hawaii 96813
Attorney for Foodland Super Market, Limited

LYLE HOSODA, ESQ.
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Attorney for Defendants Mark Dillon,
Brian Christensen and Teresa Noa

PETER KASHIWA, ESQ.
Goodsill Anderson Quinn & Stifel
Alii Place
1099 Alakea Street, Suite 1800
Honolulu, Hawaii 96813
Attorney for Hawaii Transfer Company, Limited

NOTICE IS HEREBY GIVEN that the hearing on Plaintiff Wayne Berry's Motion for Leave to File Second Amended Complaint shall come on for hearing

3

on February 17, 2004, at 11:00 a.m., before the Honorable Magistrate Judge Leslie Kobayashi in her courtroom, at PJKK Federal Building, 300 Ala Moana Boulevard, or as soon thereafter as counsel may be heard.

Dated: Honolulu, Hawaii, _____ JAN 1 6 2004 _____.

TIMOTHY J. HOGAN
Attorney for Plaintiff
Wayne Berry

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., a California corporation; H.E.S. TRANSPORTATION SERVICES, INC., a California corporation; CALIFORNIA PACIFIC CONSOLIDATORS, INC., a California corporation; JEFFREY P. GRAHAM and PETER SCHAUL, California citizens; MARK DILLON and TERESA NOA, BRIAN CHRISTENSEN, Hawaii citizens; FLEMING COMPANIES, INC., an Oklahoma corporation; C & S LOGISTICS OF HAWAII, LLC, a Delaware LLC; C & S WHOLESALE GROCERS, INC., a Vermont corporation; C & S ACQUISITIONS, LLC; FOODLAND SUPER MARKET, LIMITED, a Hawaii corporation; HAWAII TRANSFER COMPANY, LIMITED, a Hawaii Corporation, DOE INDIVIDUALS 1-350; DOE PARTNERSHIPS, CORPORATIONS and OTHER DOE ENTITIES 1-20,<br><br>Defendants. | Civ. No. CV03 00385 SOM-LEK<br>(Copyright)<br><br>PLAINTIFF WAYNE BERRY'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

## PLAINTIFF WAYNE BERRY'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Wayne Berry ("Plaintiff"), by and through his undersigned counsel, and hereby respectfully moves this Honorable Court for leave to file a Second Amended Complaint. The amendment is sought only if the Court sets aside the defaults entered against Fleming Companies, Inc. and the C&S parties to name certain responsible persons as party defendants defendant and to add a claims based on misappropriation of trade secrets RICO and to further allege the claim of conspiracy to infringe. The Second Amended Complaint, in a red-lined form, is attached to the Declaration of Timothy J. Hogan as Exhibit "A", and demonstrates the substantive changes in the Complaint are those that deal with these issues.

This Motion is brought pursuant to Fed. R. Civ. P. 15 (a) & (c) and is supported by the Declaration of Timothy J. Hogan and the Exhibits attached thereto including the proposed Second Amended Complaint, which is attached to that Declaration as Exhibit "A", and all the record of this case, all of which is incorporated by this reference.

2

Dated: Honolulu, Hawaii, _____ JAN 1 6 2004

_____
TIMOTHY J. HOGAN
Attorney for Plaintiff
Wayne Berry

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., a California corporation; H.E.S. TRANSPORTATION SERVICES, INC., a California corporation; CALIFORNIA PACIFIC CONSOLIDATORS, INC., a California corporation; JEFFREY P. GRAHAM and PETER SCHAUL, California citizens; MARK DILLON and TERESA NOA, BRIAN CHRISTENSEN, Hawaii citizens; FLEMING COMPANIES, INC., an Oklahoma corporation; C & S LOGISTICS OF HAWAII, LLC, a Delaware LLC; C & S WHOLESALE GROCERS, INC., a Vermont corporation; C & S ACQUISITIONS, LLC; FOODLAND SUPER MARKET, LIMITED, a Hawaii corporation; HAWAII TRANSFER COMPANY, LIMITED, a Hawaii Corporation, DOE INDIVIDUALS 1-350; DOE PARTNERSHIPS, CORPORATIONS and OTHER DOE ENTITIES 1-20,<br><br>Defendants. | Civ. No. CV03 00385 SOM-LEK (Copyright)<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

_____ )

# MEMORANDUM IN SUPPORT OF PLAINTIFF WAYNE BERRY'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

COMES NOW, Plaintiff Wayne Berry ("Plaintiff"), by and through its undersigned counsel and hereby respectfully submits its Memorandum in Support of Plaintiff's Motion for Leave to File Second Amended Complaint.

## I.   BACKGROUND.

1. <u>Additional Parties</u>.

Plaintiff seeks to add certain additional defendants as parties to this suit on the theories direct, contributory and vicarious infringement. In addition, the Second Amended Complaint seeks to bring additional claims based on misappropriation of trade secrets and RICO.

As to the added parties, Plaintiff has identified as Doe Individual Number 1, Richard Cohen, the owner and principal of the closely held C&S entities. Under the Copyright Act, and the theories of vicarious and contributory infringement, Mr. Cohen may be found personally liable for all acts of infringement regarding persons under this control were he "has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." *See*

*Famous Music Corp. v. Bay State Harness Horse Racing and Breeding Association, Inc.*, 554 F.2d 1213, 1215 (1st Cir.1977); *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971); *Shapiro, Bernstein & Company v. H.L. Green Company*, 316 F.2d 304, 307 (2nd Cir.1963.). Upon information and belief, Mr. Cohen is the sole shareholder and owner of Defendant C&S and answers to no higher corporate authority.

Additional party, ES3, LLC, Doe entity Number 1, is an affiliate of C&S and under the control of Mr. Cohen and operates its computer systems through C&S. Because this company is a developer of freight software, its is a direct competitor of Mr. Berry its access to the C&S Systems, is alleged to have given it unauthorized access to Mr. Berry's software. Mr. Berry seeks an injunction to prevent ES3 from exploiting that unauthorized access to create an infringing work. Hogan Dec. ¶ 3.

Additional individual defendants Melvin Ponce, Sonia Purdy. Justin Fukumoto, Alfredda Waiolama, Jacqueline Rio (the "Logistics Employees") are all Hawaii citizens and have during the relevant times operated the Berry Freight Control System as direct infringers. Each of these individual defendants continues to derive personal financial gain from the operation of Mr. Berry's Freight Control System under Fleming and now under C&S' direction. Because these individuals

4

have had direct access to copies of Mr. Berry's intellectual property, they remain a threat to Plaintiff and his rights as a copyright owner. These defendants have just recently been identified by the Plaintiff in discovery. Hogan Dec. ¶ 4.

Additional Defendants Jessie Gonzales, Luiz Rodrigues, Al Perez and Patrick Hirayama, are all California citizens and employees of HEXT/HEST and/or CalPac. Each of these defendants have used Mr. Berry's Freight control system and the Web Pages without a license and are therefore direct infringers and have recently been identified in discovery. Hogan Dec. ¶ 5.

Additional Defendants Guidance Software, LLC, Michael Gurzi and Alex Partners are named as participants in certain criminal conduct directed against Mr. Berry and are principally named in the RICO claim that Plaintiff seeks to add by this amendment. Hogan Dec. ¶6.

II.  ADDITIONAL CLAIMS.

A.  Conspiracy to Infringe.

Plaintiff has set forth with greater detail than in the First Amended Complaint his claim to damages based on the conspiracy to infringe. These allegations were contained in the First Amended Complaint but are being made clear and setting forth a separate cause of action.

B.  Misappropriation of Trade Secrets.

5

In his depositions taken in December, Mark Dillon testified of the use of certain of Mr. Berry's original works by the employees of HEX/HEST/CALPAC. These works in the form of Web Pages used to operate the Access Database have never been previously disclosed. Hogan Dec. ¶ 7. These uses show that additional components of Mr. Berry's software systems have been transferred to C&S illegally by Fleming. This has been confirmed by the documents related to the Guidance Report that list an additional Berry authored programs. Hogan Dec. ¶ 7. These software systems together constitute the type of information generally not disclosed publically and, as the Second Amended Complaint alleges, constitute trade secrets the misappropriation of which is made unlawful by Hawaii law and is brought as a pendent claim against C&S.

C.  RICO.

Plaintiff has, through investigation, identified a matured continuing 18 U.S.C. § 1962(c) enterprise being conducted primarily in the state of Hawaii. This "Enterprise" has committed the predicate acts of bankruptcy fraud, money laundering and, related to Mr. Berry, thousands of predicate acts of criminal copyright infringement. These predicate acts go back to no earlier than 1995 and continue as of this writing. C&S and other of the defendants have pursuant to 18

6

U.S.C. § 1962(d), conspired with the 18 U.S.C. § 1962(c) enterprise and insured its continuity.

III. ARGUMENT.

Federal R. Civ. P. 15(a) governs amendments to pleadings and requires that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

> While a district court's action on a motion for leave to amend should be reversed only if the action is an abuse of discretion, there is a strong policy to permit the amending of pleadings and denial of a motion to amend must be viewed strictly. We have noted on several occasions, that the "Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) . . . by freely granting leave to amend when justice so requires.

*Partington v. Bugliosi*, 825 F. Supp. 906, 925 (U.S.D.C. Hawaii 1993) (Ezra, J.) quoting *Gabrielson v Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986) (citations omitted).

> When determining whether to grant a motion to amend, the Court should look to four factors: bad faith, undue delay, prejudice to the opposing party, and futility of the amendment.

*Partington*, 825 F. Supp. at 925.

7

In the instant case, the additional employee direct infringer defendants were identified subsequent to the filing of the First Amended Complaint. As to the misappropriation of trade secrets Plaintiff did not know of the use of the web pages until December 2003 when it was disclosed in discovery.

As to Mr. Cohen, was not identified as the apparent sole shareholder of C&S until after the filing of the First Amended Complaint. He is liable for the infringement of others as follows:

> Put differently, liability exists if the defendant engages in personal conduct that encourages or assists the infringement." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (2001) (internal quotations and citations omitted). "The absence of such language in the copyright statute does not preclude the imposition of liability for copyright infringement on certain parties who have not themselves engaged in the infringing activity. For vicarious liability is imposed in virtually all areas of the law, and the concept of contributory infringement is merely a species of the broader problem of identifying the circumstances in which it is just to hold one individual accountable for the actions of another."

*Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 435, 78 L. Ed. 2d 574, 104 S. Ct. 774 (1984).

In the instant case, the original pleading contained doe allegations. As to the claim of Trade Secret Misappropriation, Plaintiff did not learn of the continued use of his other programs until the deposition of Mark Dillon.

8

As to the Guidance and Alex Partners defendants, only when Mr. Dillon admitted that Guidance and, Plaintiff alleges, Michael Scott of Alex Partners, conspired to commit bankruptcy fraud by concealing the fact that Fleming employees likely remained in possession of Mr. Berry's original work, did Plaintiff have the type of continuity necessary to maintain such an claim.

III. CONCLUSION.

Plaintiff respectfully asks that it be granted leave to file the Second Amended Complaint in the form as set forth in Exhibit "A" attached to the Declaration of Timothy J. Hogan. Plaintiff requests that the file version be allowed to be corrected prior to filing, with notice to the parties to correct typographical errors and misspellings.

Dated: Honolulu, Hawaii, _____ JAN 1 6 2004 _____.

_____
TIMOTHY J. HOGAN
Attorney for Plaintiff
Wayne Berry

9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; ) | Civ. No. CV03 00385 SOM-LEK |
| ) | (Copyright) |
| Plaintiff, ) | |
| ) | DECLARATION OF TIMOTHY J. |
| ) | HOGAN; EXHIBIT "A" |
| vs. ) | |
| ) | |
| HAWAIIAN EXPRESS SERVICE, ) | |
| INC., a California corporation; H.E.S. ) | |
| TRANSPORTATION SERVICES, ) | |
| INC., a California corporation; ) | |
| CALIFORNIA PACIFIC ) | |
| CONSOLIDATORS, INC., a ) | |
| California corporation; JEFFREY P. ) | |
| GRAHAM and PETER SCHAUL, ) | |
| California citizens; MARK DILLON ) | |
| and TERESA NOA, BRIAN ) | |
| CHRISTENSEN, Hawaii citizens; ) | |
| FLEMING COMPANIES, INC., an ) | |
| Oklahoma corporation; C & S ) | |
| LOGISTICS OF HAWAII, LLC, a ) | |
| Delaware LLC; C & S WHOLESALE ) | |
| GROCERS, INC., a Vermont ) | |
| corporation; ) | |
| C & S ACQUISITIONS, LLC; ) | |
| FOODLAND SUPER MARKET, ) | |
| LIMITED, a Hawaii corporation; ) | |
| HAWAII TRANSFER COMPANY, ) | |
| LIMITED, a Hawaii Corporation, DOE ) | |
| INDIVIDUALS 1-350; DOE ) | |
| PARTNERSHIPS, CORPORATIONS ) | |
| and OTHER DOE ENTITIES 1-20, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DECLARATION OF TIMOTHY J. HOGAN

I, TIMOTHY J. HOGAN, am an attorney licensed to practice before all the courts of the State of Hawaii and I make this declaration under penalty of perjury. All the statements herein are true and correct to the best of my knowledge, information and belief. If called upon to testify regarding the matters stated herein, I am competent and willing to do so.

1. Attached hereto as Exhibit "A" is a true and correct of the proposed red-lined version of the proposed Second Amended Complaint.

2. The proposed Second Amended Complaint seeks to bring claims against the HEX and Fleming/C&S employees who had used Mr. Berry's software without licenses.

3. Additional party, ES3, LLC, Doe entity Number 1, is an affiliate of C&S and under the control of Mr. Cohen and operates its computer systems through C&S. Because this company is a developer of freight software, its is a direct competitor of Mr. Berry its access to the C&S Systems, is alleged to have given it unauthorized access to Mr. Berry's software. Mr. Berry seeks an injunction to prevent ES3 from exploiting that unauthorized access to create an infringing work.

4. Additional individual defendants Melvin Ponce, Sonia Purdy. Justin

2

Fukumoto, Alfredda Waiolama, Jacqueline Rio (the "Logistics Employee") are all Hawaii citizens and have during the relevant times operated the Berry Freight Control System as direct infringers. Each of these individual defendants continues to derive personal financial gain from the operation of Mr. Berry's Freight Control System under Fleming and now under C&S' direction. Because these individuals have had direct access to copies of Mr. Berry's intellectual property, they remain a threat to Plaintiff and his rights as a copyright owner. These defendants have just recently been identified by the Plaintiff in discovery.

5. Additional Defendants Jessie Gonzales, Luiz Rodrigues, Al Perez and Patrick Hirayama, are all California citizens and employees of HEXT/HEST and/or CalPac. Each of these defendants have used Mr. Berry's Freight control system and the Web Pages without a license and are therefore direct infringers and have recently been identified in discovery.

6. Additional Defendants Guidance Software, Inc., Michael Gurzi, Alex Partners and Michael Scott are named as participants in certain criminal conduct directed against Mr. Berry and are principally named in the RICO claim that Plaintiff seeks to add by this amendment.

7. In his depositions taken in December, Mark Dillon testified of the use of certain of Mr. Berry's original works by the employees of HEX/HEST/CALPAC.

3

These works in the form of Web Pages used to operate the Access Database has never been previously disclosed. These uses show that additional components of Mr. Berry's software systems have been transferred to C&S illegally by Fleming. This has been confirmed by the documents related to the Guidance Report that list an additional Berry authored programs.

8. Because this motion is brought before any adverse party has commenced any significant discovery, and prior to the cutoff for adding parties, no other party can show prejudice resulting from the instant motion being granted.

I hereby declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Dated: Honolulu, Hawaii, _____ JAN 1 6 2004 _____.

_____
TIMOTHY J. HOGAN