KOBAYASHI, SUGITA & GODA

BERT T. KOBAYASHI, JR.   659-0
LEX R. SMITH            3485-0
THOMAS H. YEE           7344-0
SUITE 2600, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 539-8700
Fax No. (808) 539-8799
Email: lrs@ksg.law.com

KIRKLAND & ELLIS LLP
Eric C. Liebeler (CA Bar No. 149504)
Damian Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA  90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: eliebeler@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen | ) CIVIL NO. CV 03 00385 SOM LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| | ) THE POST-CONFIRMATION TRUST |
| vs. | ) FOR THE FLEMING COMPANIES, |
| | ) INC.'S MEMORANDUM IN |
| HAWAII EXPRESS SERVICE, INC., et al., | ) RESPONSE TO PLAINTIFF WAYNE |
| | ) BERRY'S MOTION *IN LIMINE* TO |
| | ) EXCLUDE EVIDENCE OF MR. |
| Defendants. | ) BERRY'S ALLEGED VENDETTA |
| | ) |



) DATE: January 20, 2006
) TIME: 2:00 p.m.
) JUDGE: Honorable Susan O. Mollway
) Trial Date: January 24, 2006
)

THE POST CONFIRMATION TRUST FOR THE FLEMING COMPANIES, INC.'S MEMORANDUM IN RESPONSE TO PLAINTIFF WAYNE BERRY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF MR. BERRY'S ALLEGED VENDETTA

### A.   Ven-det-ta:  "A prolonged feud marked by bitter hostility"[1]

The PCT agrees that Mr. Berry's longstanding vendetta should not be considered by the jury in this case.  The only issue before the jurors is the narrow question of the amount to award under the Copyright Act for seventy days of unintentional infringement in 2003.  The evidence needs to be limited to this topic and this topic only.  Unfortunately, Mr. Berry himself seeks to introduce into this case, aspects of his historic vendetta.  To the extent that the Court allows him to do so, the appropriate context will need to be provided.

Mr. Berry was the President of a company called Atlantic Pacific International ("API"), which went out of business in 1999, nearly four years before the relevant time period.  Obviously, anything that API did in 1999 has no relevance to any issue in this case.  This Court's records confirm that "API purchased transportation services from Sea-Land [and Matson] and

---

[1] Webster's New Collegiate Dictionary.

resold them to Fleming."[2]  API failed to pay Sea-Land and Matson more than $3 million in ocean freight charges.  Sea-Land sued API *and Fleming* to collect its unpaid bills; and because Fleming was the consignee, Fleming was held liable to Sea Land even though it had already paid the full amount of the bills to API.  In 1999, Fleming elected to cease doing business with API and API went out of business.  API sold certain assets to Fleming; Fleming hired certain API employees; and Wayne Berry agreed to give Fleming a *free* license to use the software that API had previously used.

In 2000, Mr. Berry served as the Honolulu Advertiser's "source" for a series of columns falsely claiming that Fleming controls 70% of the groceries consumed in Hawaii and uses its market power to overcharge the public.  Eventually, the Advertiser stopped publishing Mr. Berry's allegations.  The records of the U.S. District Court are loaded with Mr. Berry's use of the judicial process to further his attacks on Fleming.  See Sea-Land Service, Inc. v. Atlantic Pacific Intern., Inc., 61 F.Supp.2d 1092 (D.Hawai'i 1999); Fleming v. Atlantic Pacific International, Civil No. 01-00645 SPK KSC (2001)[3];  Berry v. Fleming Companies Inc., CIVIL NO.

---

[2] Sea-Land Service, Inc. v. Atlantic Pacific Intern., Inc., 61 F.Supp.2d 1092 (D.Hawai'i 1999).
[3] Fleming filed a state court action to order Berry to arbitrate an issue under the parties' settlement agreement.  Berry refused; removed the proceeding to federal court; and appealed Judge Samuel King's order to the Ninth Circuit.

3

CV 01 00446 SPK LEK (2001)[4]; Atlantic Pacific International, Inc.v. Fleming Companies, Inc., Civil No. CV02-00711 HG LEK[5] (2002); and the instant lawsuit. Moreover, Mr. Berry has communicated his allegations against Fleming to numerous government agencies, including Securities and Exchange Commission, the U.S. Department of Defense; Department of Agriculture; Internal Revenue Service, Alcohol, Tobacco and Firearms, Federal Trade Commission and the State of Hawaii Department of Health.[6]

**B.      Mr. Berry Cannot Pick and Choose The Portions Of His Vendetta Which He Wishes The Jury To Consider**

Mr. Berry apparently intends to testify (over Fleming's objection) regarding the glorious profits his software generated before API became defunct in 1999. If Berry were allowed to make such claims, the PCT would be entitled to show that API's profits weren't so great since they stiffed Matson and Sea Land for approximately $3 million in fees.

---

[4] The first copyright case.
[5] An alleged antitrust case.
[6] The latest illustration of how Mr. Berry has himself introduced aspects of his vendetta into this case, is the late submission of his proposed trial exhibit 94 – excerpts from a pleading in an unrelated matter in U.S. District Court for the Eastern District of Texas, Texarkana Division, which discusses the misdeeds of Fleming's former officers. The submission of proposed exhibit 94 demonstrates the lengths Mr. Berry will go to, to dredge up anything negative about Fleming.

Similarly, Mr. Berry's expert apparently intends to claim (without any basis whatsoever, and again, over objection) that the mutual release and settlement agreement Fleming entered in 1999 with API and API's sole shareholder, Jack Borja,[7] constitutes millions of dollars of consideration paid for the database that is the subject of this case.

Although the PCT strongly believes that such baseless testimony should be excluded, if such it is allowed, the PCT will have to defend itself with appropriate evidence regarding the historical relationship and the motivations for the settlement.

C.     **The Summary Judgment That The Infringement Was Unintentional Is Admissible**

The plaintiff's motion in limine inexplicably attempts to connect the plaintiff's lengthy vendetta with the summary judgment entered in this case holding that the infringement that took place was unintentional. There is no relationship between the two. The summary judgment holding that the infringement was unintentional is settled; it has nothing to do with Mr.

---

[7] Although Berry was the President of API, Berry owned no API stock. In 2000, long after API had become defunct, Berry acquired API's stock from Mr. Borja.

5

Berry's vendetta and there is no reason to exclude it from evidence.

Dated: Honolulu, Hawaii, January 10, 2006.

KOBAYASHI, SUGITA & GODA

/s/ Thomas H. Yee
_____
BERT T. KOBAYASHI, JR.
LEX R. SMITH
THOMAS H. YEE
Attorneys for Defendant
THE POST CONFIRMATION
TRUST FOR THE FLEMING
COMPANIES, INC.

and

KIRKLAND & ELLIS LLP
Eric C. Liebler (CA Bar No. 149504)
Damian D. Capozzola (CA Bar No. 228611)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street