KOBAYASHI, SUGITA & GODA

BERT T. KOBAYASHI, JR.   659-0
LEX R. SMITH            3485-0
THOMAS H. YEE           7344-0
SUITE 2600, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 539-8700
Fax No. (808) 539-8799
Email: lrs@ksg.law.com

KIRKLAND & ELLIS LLP
Eric C. Liebeler (CA Bar No. 149504)
Damian Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA  90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: eliebeler@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen<br><br>               Plaintiff,<br><br>     vs.<br><br>HAWAII EXPRESS SERVICE, INC., et al.,<br><br>               Defendants. | ) CIVIL NO. CV 03 00385 SOM LEK<br>) (Copyright)<br>)<br>) THE POST-CONFIRMATION TRUST<br>) FOR THE FLEMING COMPANIES,<br>) INC.'S MEMORANDUM IN<br>) RESPONSE TO PLAINTIFF WAYNE<br>) BERRY'S MOTION *IN LIMINE* TO<br>) EXCLUDE EVIDENCE OF PRIOR<br>) UNRELATED JUDGMENT AGAINST |

|  | ) PLAINTIFF AND HIS FINANCES |
|---|---|
|  | ) |
|  | ) DATE: January 20, 2006 |
|  | ) TIME: 2:00 p.m. |
|  | ) JUDGE: Honorable Susan O. Mollway |
|  | ) Trial Date: January 24, 2006 |

### THE POST CONFIRMATION TRUST FOR THE FLEMING COMPANIES, INC.'S MEMORANDUM IN RESPONSE TO PLAINTIFF WAYNE BERRY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR UNRELATED JUDGMENT AGAINST PLAINTIFF AND HIS FINANCES

Defendant the Post-Confirmation Trust for the Fleming Companies, Inc. ("PCT") by and through its attorneys, Kobayashi, Sugita & Goda, hereby responds to PLAINTIFF WAYNE BERRY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR UNRELATED JUDGMENT AGAINST PLAINTIFF AND HIS FINANCES, filed January 3, 2006 (Plaintiff's "Unrelated Judgment Motion") as follows:

The issues left to be tried in the present case will pertain only to damages arising from acts of copyright infringement which took place over a period from April 1, 2003 to June 9, 2003. The PCT agrees, therefore, that to the extent evidence of any "unrelated judgments and/or litigation involving Plaintiff or of his personal finances," is not relevant to the issue of damages, such evidence should be excluded. The PCT has no intent of introducing such evidence at trial. Unrelated Judgment Motion at 3.

Likewise, the PCT agrees with Plaintiff, that "[w]hether or not a judgment was entered . . . in an unrelated case to this action has no factual bearing on the issues raised by this case, *i.e.*, infringement damages." Unrelated Judgment Motion at 2. By Plaintiff's own argument, then, Plaintiff should be likewise prohibited from introducing evidence concerning the existence of any unrelated judgments against the PCT. Plaintiff notes that "[i]ronically, Fleming has a willful infringement judgment against it." Unrelated Judgment Motion at 2. However, by Plaintiff's own reasoning, any evidence concerning the existence of a willful infringement judgment against Fleming is inadmissible, as it has no bearing on the narrow issue of damages arising out of infringement over the period from April 1, 2004 to June 9, 2003, particularly since this Court has already decided the issue of liability.

Moreover, to the extent that Plaintiff intends to introduce evidence of other unrelated, alleged "bad acts" of Fleming, including, but not limited to, (a) allegations that the Fleming Companies are still in operation (including, but not limited to any reference to a scheme to sell re-pasteurized milk); (b) communications with the FBI, (c) Al Qaeda, (d) terrorists, (e) cigarette smuggling (including, but not limited to any reference to Lokelani Lindsey), (f) K-Mart, (g) armed gunmen, (h) references to attorneys' fees stemming from prepetition trial, (i) references to the SEC investigation / PCT's complaint on that issue, (j) anything

having to do with API, in particular allegations that Fleming stole API's accounts receivable, (k) any reference to Plaintiff's purported motivations in creating FCS (i.e., to create cost savings that could be passed on to Hawaii consumers) or that Fleming used FCS to overcharge Hawaii consumers; (l) representations that software development is important to Hawaii's economy, and that it is therefore crucial that an independent Hawaii software developer be protected from a national company's attempts to infringe on his intellectual property; and (m) any references to pornography or evidence of pornography purportedly found on the "Guidance Image" computer drives, Plaintiff should be bound to his own argument that such unrelated topics are irrelevant and any possible probative value is outweighed by the danger of unfair prejudice. Without unduly repeating arguments already made in the PCT's Motion in Limine No. 6 Regarding Alleged Unrelated Bad Acts ("PCT Motion No. 6"), the PCT asks only that if this Court grants Plaintiff's

Unrelated Judgment Motion, that it remain consistent and likewise grant PCT Motion No. 6.[1]

Dated: Honolulu, Hawaii, January 10, 2006.

KOBAYASHI, SUGITA & GODA

/s/ Thomas H. Yee
_____
BERT T. KOBAYASHI, JR.
LEX R. SMITH
THOMAS H. YEE
Attorneys for Defendant
THE POST CONFIRMATION
TRUST FOR THE FLEMING
COMPANIES, INC.

and

KIRKLAND & ELLIS LLP
Eric C. Liebler (CA Bar No. 149504)
Damian D. Capozzola (CA Bar No. 228611)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimilie: (213) 680-8500

Co-Counsel for the Post Confirmation Trust for Fleming Companies, Inc.

---

[1] All of the above is without prejudice to Fleming's ability to introduce evidence of unrelated judgments in the event Berry opens the door to its relevance through affirmative evidence of his own.