LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **OBJECTIONS TO DEFENDANT** |
| | ) | **PCT'S EXHIBITS; CERTIFICATE** |
| HAWAIIAN EXPRESS SERVICE, | ) | **OF SERVICE** |
| INC., a California corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF WAYNE BERRY'S**
**OBJECTIONS TO DEFENDANT PCT'S EXHIBITS**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned

counsel and hereby submits his evidentiary objections to the Exhibits 200 to 225

submitted by Defendant PCT.

Plaintiff objects to Exhibits 202 through 207 on the grounds that these are financial documents that are not the same set that were provided to the PCT expert as set forth in the Declaration of Thomas Ueno filed earlier in this case and further that the PCT cannot authenticate these records.  The PCT has sued the accountants and other management responsible for the creation of the financial records of Fleming Companies, Inc. during the relevant time and therefore Fleming cannot claim these are the true and correct records of Fleming Companies, Inc. by their own admission.

Plaintiff objects to Exhibits 208 through 215 on the grounds that they are not relevant to the pending case.

Plaintiff objects to Exhibit 219 on the grounds that it is irrelevant as there is no issue related in this case regarding the comparison between the original Berry database and the Dillon derivative that was provided in the first infringement case because the derivative that was provided in the first infringement case was a contrived false evidence created by Mr. Dillon extracting out tables related to Kmart and other infringing portions of his derivative in order to hide Fleming's ongoing criminal infringement that has already been determined as a civil finding of willful infringement case and therefore is irrelevant to this case.

Plaintiff objects to Exhibits 221 through 223, Plaintiff objects on the

grounds of the irrelevance of these and as to the true and correctness of these

documents.

Mr. Berry objects to Exhibit 225 in that it is irrelevant in this proceeding and

is voluminous and unnecessary and cannot be authenticated.  Mr. Berry has

received information from the Copyright Office that Mr. Smith, attorney for the

PCT, is likely in possession of an unauthorized purported certified copy of Mr.

Berry's deposit.

Mr. Berry objects to Exhibit 229 in that it is irrelevant in that Fleming's

expert, Martin Walker, has no expertise at all in software development and cannot

provide helpful testimony in regard to the relevant database and this testimony

would be confusing to the jury because the issue of infringement in regard to the

creation and use of the Dillon derivative that is the subject of this case is already

decided as a matter of law.

Mr. Berry objects to Exhibit 230 in that it is a false statement of the actual

fields and tables in the database that Fleming and Mr. Dillon had misrepresented as

being a single field.  Rather it is a difference between 69 and 88 tables and

therefore this Exhibit is false evidence and therefore irrelevant and prejudicial.

Mr. Berry objects to the demonstrative Exhibit 231 submitted by the

Defendant in that it contains matters that are not contained in the expert's report as

more fully discussed in Mr. Berry's Motion in Limine.  It is confusing and will not

be helpful and therefore is irrelevant.

DATED:  Honolulu, Hawai'i, January 10, 2006.


/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| vs. | ) | |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the dates and by the methods of service noted below,

a true and correct copy of Plaintiff Wayne Berry's Objections to Defendant PCT's

Exhibits was served on the following at their last known addresses:

<u>Served Electronically through CM/ECF on January 10, 2006</u>:

Rex Y. Fujichaku rfujichaku@bchlaw.net, jennifer@bchlaw.net

Lyle S. Hosoda lsh@hosodalaw.com

Raina P. Mead rpbm@hosodalaw.com

Ann C. Teranishi act@ksglaw.com

Thomas H.Y.P. Yee thy@ksglaw.com

DATED: Honolulu, Hawai'i, January 10, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY