LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **FIRST SET OF PROPOSED JURY** |
| | ) | **INSTRUCTIONS WITHOUT** |
| HAWAIIAN EXPRESS SERVICE, | ) | **AUTHORITY; CERTIFICATE OF** |
| INC., a California corporation; et al. | ) | **SERVICE** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | DATE:  January 20, 2006 |
| | ) | TIME:   2:00 P.M. |
| | ) | JUDGE: Honorable Susan Mollway |
| | ) | |
| | ) | TRIAL DATE: January 24, 2006 |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF WAYNE BERRY'S FIRST SET OF
## PROPOSED JURY INSTRUCTIONS WITHOUT AUTHORITY

Plaintiff Wayne Berry hereby respectfully submits his first set of proposed jury instructions without authority.

The parties have agreed that, if the Court is inclined to give preliminary instructions the Ninth Circuit Model Civil Jury Instructions 1.1., 1.3, 1.4, 1.5. 1.6, 1.7, 1.8, 1.9 (modified to reflect Court's instruction 23 regarding the term Courtroom Deputy), 1.10, 1.11 (modified to reflect Court's instruction 23 regarding the term Courtroom Deputy), 1.12, 1.13 and 1.15 are acceptable.

Regarding Optional Instruction to be used during trial, the parties have agreed to Ninth Circuit Model Civil Jury Instructions 2.1 (modified to reflect Court's instruction 23 regarding the term Courtroom Deputy), 2.2, 2.3, 2.4 and 2.13.

Regarding additional Ninth Circuit Model Civil Jury Instructions to be pre-deliberation, the parties have agreed to Instructions numbers 2.9, 3.10 and 4.2.

In addition, the parties agree to the giving of the Court's Model Instructions 1(A), 2, 3, 4, 4.3 (modified to reflect Court's instruction 23 regarding the term Courtroom Deputy), 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 17 and 18(A).

Mr. Berry also believes that the Court's Model Instruction 15 should be given.   In addition, Mr. Berry respectfully submits these addition instructions.

2

Except as noted, Mr. Berry agrees to the submission of the above instructions in the order presented by the Defendants.

The principal instructions that are not agreed to as to the PCT"s proposed set of instructions are Nos. 2, 22, 23, 24, 25, 26 and 29.

DATED: Honolulu, Hawai'i, January 10, 2006.


/s/ Timothy J. Hogan

TIMOTHY J. HOGAN

Attorney for Plaintiff Wayne Berry

PRELIMINARY INSTRUCTION _____

The plaintiff in this case, Wayne Berry, is a software designer.  In this trial he brings claims against Fleming Companies, Inc. ("Fleming") that was a grocery wholesaler and freight forwarder that operated in Hawaii and on the Mainland and seven individual defendants who were employed by Fleming at its facility in Kapolei all for direct copyright infringement.  These employees are:  Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio.  These defendants will be referred to as the Fleming Employees.  The Court has already determined that Fleming and the Fleming Employees are copyright infringers as a matter of law.

Mr. Berry also brings claims against Fleming for Fleming's vicarious liability for the unlicensed use of his freight control system by the seven Fleming Employees and also for Fleming permitting its mainland freight consolidator Hawaiian Express Service, Inc,  HES Transportation Services, Inc., California Pacific Consolidators, Inc., Jeffrey P Graham, Peter Schaul; Jessie Gonzales, Luiz Rodrigues, Al Perez, and Patrick Hirayama, to use the Berry FCS 1993 without Mr. Berry's permission.   Collectively these parties will be referred to as the Hawaiian Express Defendants.  These Hawaiian Express Defendants have been dismissed from this case but the claims against Fleming for its vicarious infringement have not been dismissed.

Mr. Berry authored, and has the copyright in, certain software that he licensed to Fleming.  Fleming used the software for a number of its functions including tracking the ocean carrier and trucker Division of Revenue, Accounts Payable, Job / PO Costing, Booking, Scheduling, Tracking, Routing, Transaction Auditing, Waypoint Equipment Inventories, Freight Claims, Freight Allowances, Cost Resolution by Purchase Order, Vendor Demographics, Velocity Reporting, Purchase Orders From Customers to Vendors, Order Tracking, Waypoint Receiving, Waypoint Inventory, Waypoint Shipping, Product Claims, Product Allowance, Broker Commissions, Detention and Demurage, Equipment Tracking, Tariff Database, Freight Rate Database and Data Collection.   Mr. Berry calls this software Freight Control System 1993, or "FCS1993."

In this lawsuit the Court has already determined that Fleming and the Fleming Employees infringed Mr. Berry's copyright by modifying FCS 1993 without Mr. Berry's permission and then using that modified version of the software to operate Fleming's business between April 1, 2003 and June 9, 2003 without Mr. Berry's permission. Your task will be to determine the amount of damages that Fleming and each of the Employee Defendants should pay. You should determine the damages for each defendant for that defendant's own direct infringement.

In addition, you will be asked to determine whether Fleming is liable for the use of the Berry FCS1993 by its Employee Defendants and the Hawaiian Express Defendants as a vicarious infringer and how much damages Fleming should pay. You should determine the amount of damages that Fleming should pay for its vicarious infringement in addition to any damages you have determined Fleming should pay for its direct infringement. You will be given a special verdict form at the close of the evidence that will assist you in your task.

To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

Copyright is the exclusive right to copy. The owner of a copyright has, among other rights, the right to exclude any other person from preparing derivatives of the work covered by copyright for a specific period of time. A computer program can be a copyrighted work. The Court has already determined that Fleming and the seven Fleming Employees violated Mr. Berry's copyright and are direct infringers.

You will decide what amount of damages that Berry should receive for each of the defendant's infringement. Berry has the burden of proving by a preponderance of the evidence that he is entitled to damages. Preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so.

You will also decide whether Fleming vicariously infringed Berry's copyright by profiting from the Fleming Employees' and/or the Hawaii Express

Defendants' infringement.  A defendant has vicariously infringed when the defendant profits from infringing activity by someone the defendant has the right and ability to supervise.  Berry has the burden of proving by a preponderance of the evidence that, because of the Fleming Employees' and/or the Hawaiian Express Defendants' infringement, Fleming vicariously infringed his copyright to FCS 1993 and that he is entitled to damages from Fleming for vicarious infringement in addition to any damages from Fleming's own direct infringement.

INSTRUCTION NO. _____

The copyright owner is entitled to recover the actual damages suffered as a
result of the infringement. Actual damages means the amount of money adequate to
compensate the copyright owner for the reduction of the market value of the
copyrighted work caused by the infringement. The reduction in the market value of
the copyrighted work is the amount a willing buyer would have been reasonably
required to pay to a willing seller at the time of the infringement for the use made
by the defendant of the plaintiff's work. This can be measured by the profits lost by
the copyright owner or diminution in value of the copyright.

Reduction in market value may also be shown by examining the value of a
license fee that might have been paid in a comparable situation.

Where infringement destroyed value of copyrighted work for licensing
purposes, copyright owner entitled to recover value of a license for use of the work
as damages.

7

INSTRUCTION NO. _____

The Court has already determined that Fleming and the Fleming Employees are copyright infringers and you must determine plaintiff's damages. If you find for the plaintiff on the plaintiff's copyright infringement claim regarding Fleming's vicarious infringement, you must also determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. Actual damages includes the profits lost by the plaintiff and any diminution in the market value of the copyright.

In addition to actual damages, the plaintiff is also entitled to recover any profits of the defendant attributable to the infringement. However, you may not include in an award of the defendant's profits any amount that you have taken into account in determining actual damages.

The plaintiff must prove damages by a preponderance of the evidence.

8

INSTRUCTION NO. ____

I will now instruct you on the substantive law that applies to vicarious infringement.

A person is liable for copyright infringement by another if the person has a financial interest and the right and ability to supervise the infringing activity whether or not the person knew of the infringement.

Because the Court has already found that Fleming Employee Defendants are direct infringers of Mr. Berry's copyright in FCS 1993, you may consider Berry's claim that Fleming vicariously infringed that copyright. You must also determine whether the Hawaiian Express Defendants infringed Mr. Berry's software. If you find that any or all of the Hawaiian Express Defendants infringed Mr. Berry's FCS1993 you may then consider if Fleming is vicariously liable for the Hawaiian Express Defendants' Infringement.

Mr. Berry has the burden of proving both of the following by a preponderance of the evidence regarding the Fleming Employees:

1.    Fleming had a financial interest in and profited from the infringing activity of one or more of the former Fleming employees; and

2.    Fleming had the right and ability to control the infringing activity of the former Fleming employees.

If you find both of these elements are proved, your verdict should be for Mr. Berry. On the other hand, if either of these elements was not proved, your verdict should be for Fleming.

Mr. Berry has the burden of proving the following by a preponderance of the

evidence regarding the Hawaiian Express Defendants:

1.      Fleming had a financial interest in and profited from the infringing activity of one or more of the Hawaiian Express Defendants;

2.      Fleming had the right and ability to control the infringing activity of the Hawaiian Express Defendants; and

3.      The Hawaiian Express Defendants used Mr. Berry's software without Mr. Berry's permission.

If you find these elements are proved, your verdict should be for Mr. Berry. On the other hand, if any of these elements was not proved, your verdict should be for Fleming.

Once you have determined that Fleming is vicariously liable for the infringement of some or all of the Employee Defendants and/or the Hawaiian Express Defendants you will be asked to determine the amount of damages that Fleming should pay for its vicarious infringement. These damages, if any, are separate and in addition to, any damages you award Mr. Berry based on Fleming's direct infringement.

INSTRUCTION NO. _____

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

The defendant's profit is determined by subtracting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from using the copyrighted work. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the percentage of the profit, if any, attributable to factors other than infringing the copyrighted work.

Any doubt as to the correctness of the profit calculation should be resolved in favor of the plaintiff. Profit is awarded to prevent infringer from unfairly benefitting from a wrongful act.

11

INSTRUCTION NO. _____


      The fact that I have given you instructions concerning the issue of the plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail on his claims for vicarious infringement or otherwise receive an award for damages.

# INSTRUCTION NO. _____

Mr. Berry has elected statutory damages.  You must consider the damages Fleming and each of the Fleming Employee defendants must pay to Mr. Berry who seeks a statutory damage award, established by Congress for the infringement of FCS1993.  Its purpose is to penalize the infringer and deter future violations of the copyright laws.

You may award as statutory damages for Fleming and each Employee Defendant's ~~the~~ infringement of the plaintiff's copyrighted work an amount that you feel is just under the circumstances, provided that amount is not less than $750, nor more than $30,000 for Fleming and each Fleming Employee defendant.  In this case, Fleming and  Employee Defendant and Fleming infringed Mr. Berry's copyright.  As to Fleming and the Fleming Employees, because the Court has ruled that their use of the modified version of Mr. Berry's software was not willful Mr. Berry is limited to seeking and award from these defendants of no less than $750 and no more than $30,000 per infringer.  Mr. Berry believes that  an award of $30,000 for each infringer would be just.

Mr. Berry contends that Fleming willfully infringed  his copyright when it allowed the Hawaiian Express defendants to use his work for financial gain without his permission. If Mr. Berry proves by a preponderance of the evidence willful infringement, you may, but are not required to, increase the statutory damages for infringement of that work to a sum as high as $150,000 for Fleming's vicarious infringement, if any, related to any or all of  the Hawaiian Express Defendants unauthorized use of the Berry software.  Mr. Berry believes that a statutory damage award of $150,000 against Fleming for each Hawaiian Express Defendant you found was an unlicensed user of Mr. Berry's software would be just.

An infringement was willful when the defendant engaged in acts that infringed the copyright, and knew that those actions may infringe the copyright.

DATED: Honolulu, Hawai'i, January 10, 2006.


/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff Wayne Berry

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| vs. | ) | |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the dates and by the methods of service noted below,

a true and correct copy of Plaintiff Wayne Berry's First Set of Proposed Jury

Instructions was served on the following at their last known addresses:

<u>Served Electronically through CM/ECF on January 10, 2006</u>:

Rex Y. Fujichaku rfujichaku@bchlaw.net, jennifer@bchlaw.net

Lyle S. Hosoda lsh@hosodalaw.com

Raina P. Mead rpbm@hosodalaw.com

Ann C. Teranishi act@ksglaw.com

Thomas H.Y.P. Yee thy@ksglaw.com

DATED: Honolulu, Hawai'i, January 10, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY

2