LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO DEFENDANT PCT'S MOTION** |
| HAWAIIAN EXPRESS SERVICE, | ) | **IN LIMINE NO. 1 (TO LIMIT** |
| INC., a California corporation; et al. | ) | **TESTIMONY OF WAYNE** |
| | ) | **BERRY); CERTIFICATE OF** |
| | ) | **SERVICE** |
| | ) | |
| | ) | HEARING: |
| | ) | DATE:  January 20, 2006 |
| | ) | TIME:   2:00 P.M. |
| | ) | JUDGE: Honorable Susan Mollway |
| | ) | |
| | ) | TRIAL DATE: January 24, 2006 |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO DEFENDANTS PCT'S MOTION IN LIMINE NO. 1 (TO LIMIT TESTIMONY OF WAYNE BERRY)**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel and hereby submits his memorandum in opposition to Defendant PCT's Motion in Limine No. 1 (To Limit Testimony of Wayne Berry) (the "Motion").

**I. INTRODUCTION.**

The PCT, in an attempt to hoodwink the Court, claims that Mr. Berry was not forthcoming in his pre-trial disclosures and interrogatory responses when he disclosed the materials about which Fleming now complains. Even Fleming listed these materials in its disclosures and argued their relevance in proceedings in Delaware and used them to set aside one of its defaults. Finally, not only is the material in Mr. Ueno's report, but it is also in Fleming's expert report too.

**II.   BACKGROUND**.

  A. <u>Fleming is Not Being Honest with the Court</u>.

All the materials regarding which Fleming now claims shock and surprise were disclosed in the Ueno report that was incorporated by Mr. Berry interrogatory response as the basis for his damages. *See* Ueno Report at Attachment A at page 2, Declaration of Timothy J. Hogan filed in Support of the Oppositions to Defense Motions in Limine (the "Hogan Dec.") at Exhibit A. Even if that was the only

reference ( and its is not) then Fleming's motion should be denied.

First, the materials in the first infringement case were all made part of not only Mr. Berry's initial disclosures, but also Fleming's. Hogan Dec. Exhibit "C" at pg. 4 and Hogan Dec. "I" at pg. 3.  This document was admitted in that case and was contained in both Defendants as well as Plaintiff's binders.  Hogan Dec. Exhibits "J" and "K."  Fleming pointed to its alleged license as the basis for the court to set aside its default. Hogan Dec. Exhibit "H"  at its Exhibit "A" at pg. 6. That should be enough for the Court to rule that Fleming is estopped.

As proof of Fleming's lack of candor claiming some prejudice for the surprise, is the fact that Eric Liebeler, Esq. the Fleming lead attorney in this case specifically addressed the very issue he how claims was concealed from him in his final argument in Delaware on July 26, 2004 as follows:

> A little bit later on, in Exhibit 304, and 304 is actually several documents. They may or may not go together and the parties have been disputing that, so I don't want to over characterize it, but the last page of that exhibit is a document that Mr. Berry crafted that he calls an addendum to his end user license agreement.  <u>And on the last page, what Mr. Berry wrote was, quote, licensee understands the original contract value of this software is $2 million.</u>
>
> <u>So Mr. Berry has admitted that the original contract value of his software is two million. That's one-twenty fourth of the value he's asserted in his administrative claim...</u>

Transcript of Proceedings before the Honorable Mary F. Walrath, United States Bankruptcy Judge for the District of Delaware in *In re Fleming Companies, Inc.*, BK No. 03-10945-MFW (Bankr. Del.) taken on July 26, 2004. Hogan Dec. Exhibit "F" at 148:6 to 148:16.

Any doubt about the Fleming lack of candor is established by the fact that the same document that Fleming claims was hidden is address in its own expert's report. Hogan Dec. at Exhibit "L" and filed in Delaware by its Counsel. Hogan Dec. Exhibit "G" at its Exhibit "A".

    B.    <u>Mr. Berry has Relevant Personal Knowledge</u>.

What the PCT is attempting to do is to prevent Mr. Berry from discussing what his system does and how it earns money for Fleming and how it did it historically. He created it, ran it at Fleming for almost five year. Fleming cannot claim it was run in a different manner because it has put forward sworn testimony that says so. Specifically, Mark Dillon, the person who actually performed the illegal modifications of the Berry system, under oath states that "Fleming used Mr. Berry's software as originally configured from March 31 2003, to June 9, 2003." Hogan Dec. Exhibit "E." Noone knows more about how Mr. Berry "originally configured" his system than Mr. Berry.

The Fleming PCT chose to spend it limited time in depositions seeking the location of third-party business records, exploring Mr. Berry's personal finances and seeking the identity of law enforcement personnel that had questioned Mr.

Berry about Fleming rather than conduct a useful deposition. Mr. Berry has sat through three days of depositions. Clearly, Mr. Berry's testimony is relevant to the instant case and specifically relevant to the issue of causation. Mr. Berry has personal knowledge of how his system operated at Fleming because he operated it. Fleming admitted in several instances that the Berry system was operated during the relevant period exactly as it had under API. *See* Hogan Dec. Exhibit "E." His testimony is therefore both relevant and to deny Mr. Berry the right to put on his case will deny him due process.

### III.   ARGUMENT.

It is abundantly apparent that the PCT gag Mr. Berry because the truth be told, Fleming could not operate without his system during the relevant period because that is all Fleming had. Fleming admits that its used the system "as originally configured." Mr. Berry "originally configured it" so he can give relevant testimony regarding its use by Fleming.

The PCT attempts to say that Mr. Berry did not disclose the basis of his damages but throughout this proceeding that is just false. Mr. Berry has submitted disclosures to the PCT making documents available to it and it has never availed itself of after the disclosures that were provided. Hogan Dec. ¶ 2. These documents were used by Mr. Ueno in regard to his report. They are in Mr. Ueno's report and

5

that is what the interrogatory says. Fleming even refers to them in the Kinrch Report. Fleming simply dropped the ball on its own duty of diligence and cannot blame Mr. Berry for that. Next time rather than conducting intelligence gathering regarding ongoing criminal investigations to assist targets of Federal law enforcement, Fleming's counsel might focus on the civil matters at hand.

Moreover, Berry is not attempting to be qualified as an expert although the fact is that he has personal knowledge of his own system, its actual configuration and operation and should not be barred from testifying as to what it does based on his own personal knowledge. Clearly the PCT fears Mr. Berry's testimony because it found Mr. Berry to be credible witness in the jury finding against Fleming that it was a willful infringer. Mr. Berry's testimony is relevant to this case and he should not be gagged because the PCT didn't do its pretrial diligent preparation.

As to the market issue, contrary to the PCT's claim that there was no active market for Mr. Berry's software, the PCT's own infringing use of it during the relevant period is evidence of a market. The fact that Fleming's infringement destroyed that market is clearly relevant to this case and Mr. Berry's damages as the Ninth Circuit instruction makes the destruction of a small market more than relevant to the issue of damages.

> License Fee as Damage Measure: Reduction in market
> value may also be shown by examining the value of a

> license fee that might have been paid in a comparable situation. See, e.g., Cream Records, Inc. v. Joseph Schlitz Brewing Co., 754 F.2d 826, 878-829 (9th Cir. 1985) (**where infringement destroyed value of copyrighted work for licensing purposes, copyright owner entitled to recover value of a license for use of the work as damages**).

Ninth Circuit Model Civil Jury Instructions - Further Comments to Instruction 20.23. (Emphasis added) (citations in the original).

Mr. Berry will testify regarding his attempts to license for legal use, to Fleming customers. There is no issue remaining that Fleming used its unlicensed Berry software to service these customers. Therefore, Mr. Berry should be able to testify regarding the effect of the infringement on his own market.

As to Fleming's claim that Mr. Berry hid the ball, the clause that Fleming refers to as a "liquidated damage clause" is simply a floor on the amount that the parties agreed the software was worth. Fleming conceded in July 2004 that it fully comprehended that agreement and used it as the basis to effect the "feasibility" component of its plan confirmation that would have been blocked otherwise.

In Section V, the PCT again attempts to mislead the Court in that the Ueno report did not disclose the damages that were being sought in this. The Ueno report clearly disclosed the basis for damages. Its just that the PCT does not like the damages that were disclosed and now is attempting to block the jury from hearing

them from Mr. Berry as it is attempting to block the jury from hearing Mr. Ueno's testimony in this case. For both of these attempts, the Court should deny the Motions in Limine and permit Mr. Berry to testify regarding his personal knowledge regarding his freight system and what it did at Fleming during the relevant period.

Fleming is now complaining about Answers to Interrogatories that were clear and unmistakable when Mr. Berry stated that the use of any of his software was infringing "all aspects" of his software. This Court has already found that in its grant of summary judgment disregarding any claim that a small insignificant infringement was a defense to infringement. Mr. Berry's statement in his interrogatory was consistent with that and Fleming did nothing to compel a further answer simply now to claim that this is somehow the basis for sanction is absurd and the Court should deny the Motion.

## IV.     CONCLUSION.

For the reasons stated, the Court should deny the Motion.

DATED: Honolulu, Hawaiʻi, January 10, 2006.

>   /s/ Timothy J. Hogan
>   TIMOTHY J. HOGAN
>   Attorney for Plaintiff WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., a California corporation; et al.<br><br>Defendants.<br>_____ | Civ. No. CV03 00385 SOM-LEK (Copyright)<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of Plaintiff Wayne Berry's Memorandum in Opposition to Defendant PCT's Motion in Limine No. 1 (To Limit Testimony of Wayne Berry) was served on the following at their last known addresses:

Served Electronically through CM/ECF on January 10, 2006:

Rex Y. Fujichaku rfujichaku@bchlaw.net, jennifer@bchlaw.net

Lyle S. Hosoda lsh@hosodalaw.com

Raina P. Mead rpbm@hosodalaw.com

Ann C. Teranishi act@ksglaw.com

Thomas H.Y.P. Yee thy@ksglaw.com

DATED: Honolulu, Hawai'i, January 10, 2006.

          /s/ Timothy J. Hogan
          TIMOTHY J. HOGAN
          Attorney for Plaintiff WAYNE BERRY