LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO DEFENDANT PCT'S MOTION** |
| HAWAIIAN EXPRESS SERVICE, | ) | **IN LIMINE NO. 3 (TO EXCLUDE** |
| INC., a California corporation; et al. | ) | **REFERENCE TO CERTAIN** |
| | ) | **TESTIMONY BY MARK** |
| | ) | **DILLON); CERTIFICATE OF** |
| | ) | **SERVICE** |
| | ) | |
| | ) | |
| | ) | |
| | ) | HEARING: |
| | ) | DATE: January 20, 2006 |
| | ) | TIME: 2:00 P.M. |
| | ) | JUDGE: Honorable Susan Mollway |
| Defendants. | ) | |
| | ) | TRIAL DATE: January 24, 2006 |
| _____ | ) | |

**PLAINTIFF WAYNE BERRY'S MEMORANDUM IN
OPPOSITION TO DEFENDANT PCT'S MOTION IN
LIMINE NO. 3 (TO EXCLUDE  REFERENCE
TO CERTAIN TESTIMONY BY MARK DILLON)**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel and hereby submits his memorandum in opposition to Defendant PCT's Motion in Limine No. 3 (To Exclude Reference to Certain Testimony By Mark Dillon) (the "Motion").

**I.  INTRODUCTION.**

As the Court may recall, in the hearing on Mr. Berry's motion for preliminary injunction, in its desperate attempt to avoid a preliminary injunction, the PCT elicited the testimony of Mr. Dillon regarding the effect of the loss of the use of its freight logistics technology would have on C&S inferring that the State of Hawaii would be plunged into economic ruin because Fleming past the torch to C&S as the only full line wholesale grocer in Honolulu.

Now Fleming has been found to have been an infringer.  It now seeks to have it both ways.  Having put this testimony forward when it suits its purpose it now wishes to keep this testimony out when it doesn't suit it.  Fleming is estopped from denying that this testimony is relevant.   The Court, in its October 21, 2005 Order, found that this testimony,  "did not, by itself, suggest a causal link.."  This is a far cry from barring it at trial.

2

Fleming is terrified of this testimony because it makes clear two things. One, the Court has already found that Fleming only had Mr. Berry's software and only used it during the relevant period. This is the first fact that is undisputed based on the Court's order dated October 21, 2005. After it ceased using Mr. Berry's software, it only ran Mr. Dillon's spreadsheet, not any of Mr. Berry's spreadsheets or databases. Therefore, the loss of Dillon's spreadsheets would have brought C&S to a halt means that the jury could reasonably infer that the loss of Mr. Berry's software (including Berry's spreadsheets the only such technology it had during the relevant period) would have also brought Fleming to a halt. It is clearly relevant under Fed. R. Evid.401 and 402. It creates, at a minimum, an inference that the jury should be able to hear and judge for its self.

It is obvious why Fleming wants to keep it out because it is damaging evidence it advanced through its frantic attempts to avoid a preliminary injunction not thinking the effect it would have on it at trial. This evidence is clearly relevant to the issue of damages in that it shows that without some kind of logistics software, Fleming Logistics would have to cease its function.

Relevant to this testimony, the Declaration of Timothy J. Hogan Filed in Support of Plaintiff Wayne Berry's Oppositions to the Fleming-pct's Motions in Limine Nos. 1 Through 9 (the "Hogan Dec.") Exhibit "M" is a collection of

3

relevant emails that will be introduced at trial that are also addressed in regard to

the PCT Motion in Limine No. 9.   These documents, withheld by the PCT under its

various claims of privilege (but shared with its experts) show the disastrous effect

of the Berry system's removal on the Fleming operations.

In the first of these emails, Plaintiff Exhibit 10 dated July 1, 2003, on of the

Fleming line employees, defendant Melvin Ponce admits that: "The implementation

of the spreadsheets have made operations more difficult for everyone...Please be

advised that we do not have HEX imputing into the system anymore and that also

delays info getting into the system."

In Exhibit 13 dated June 16, 2003, the Logistic Department supervisor,

Teresa Noa, admits  "THIS IS NOT WORKING FOR ME...THIS IS REALLY

MESSING ME UP IN TRYING TO DO MY JOB."

In Exhibit 14 dated June 16, 2003, Teresa Noa admits "It is really

unbearable... This sentiment is felt by all."

In Exhibit 17 dated June 16, 2003, Ron Hatch Fleming's  transportation

manager admits to the division president:  "Brian - this is not going to work.  It

seems in speaking /w the people there that it is overwhelming working in these

conditions and they are all trying to do their best  - but the way this is set up

utilizing spreadsheets just is not working."  ... " **I would like to go back to the**

**database**."

In Exhibit 26 dated June 17, 2003, Ron Hatch admits, "Brian we are trying the best we can to get containers up from the ports so we can get the product that we need to increase service level, the change in our logistics department dept. and jumping off of the Data Base has rally hampered our ability to perform our daily function . . ."

In Exhibit 27 dated June 16, 2003, Ron Hatch admits, "Brian - this is not going to work.  It seems in speaking w/ the people there that it is overwhelming working in these conditions and they are all trying to do their best - but the way this is set up utilizing spreadsheets just is not working."

It literally takes between 15-20 minutes to perform a change or set up a new move etc. This is not productive.

**I would like to go back to the database.  This is costing a lot of manhour monies, lost sales etc.** ...

In Exhibit 29, Dated May 8, 2003, Teresa Noa admits  "...(I don't think the simplicity of a spreadsheet will do as a temporary situation).

In Exhibit 45 shows overtime being incurred based on the inadequacy of the spreadsheets.

These e-mails show that Fleming was in a meltdown situation in the period

after it switched over to the alleged spreadsheets and that evidence is clearly relevant to the issue of causation and to the damages that are the relevant issue in this case.

Fleming is expected to put forward testimony of Bradley Dechter who will claim that this software is nothing but an expense.  Mr. Berry must be able to rebut this and show, like Mr. Ueno has reported, that the Berry software was critical to the operations.  This is clearly shown by these emails.  Dillon's earlier admissions in the hearing, though not sufficient in of themselves, together with other relevant evidence, proves the fact that the Berry system was causally connected to Fleming income production during the relevant period.   The Court should deny the Motion in regard to the testimony of Mark Dillon especially in light of  these exhibits that were previously withheld.

This evidence is clearly relevant and to keep it out would deny Mr. Berry the right to a fair trial and the Court should deny the Motion on that basis alone.

DATED:  Honolulu, Hawaiʻi, January 10, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| vs. | ) | |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of Plaintiff Wayne Berry's Memorandum in Opposition to Defendant PCT's Motion in Limine No. 3 (To Exclude Reference to Certain Testimony By Mark Dillon) was served on the following at their last known addresses:

<u>Served Electronically through CM/ECF on January 10, 2006</u>:

Rex Y. Fujichaku rfujichaku@bchlaw.net, jennifer@bchlaw.net

Lyle S. Hosoda lsh@hosodalaw.com

Raina P. Mead rpbm@hosodalaw.com

Ann C. Teranishi act@ksglaw.com

Thomas H.Y.P. Yee thy@ksglaw.com

DATED: Honolulu, Hawai'i, January 10, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY

2