LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO DEFENDANT PCT'S MOTION** |
| HAWAIIAN EXPRESS SERVICE, | ) | **IN LIMINE NO. 4 (TO EXCLUDE** |
| INC., a California corporation; et al. | ) | **EVIDENCE OR ARGUMENT** |
| | ) | **THAT ANY INFRINGEMENT HAS** |
| | ) | **BEEN WILLFUL AND TO** |
| | ) | **REQUIRE REFERENCE TO THE** |
| | ) | **INSTANT INFRINGEMENT AS** |
| | ) | **"INADVERTENT" OR** |
| | ) | **"INNOCENT"); CERTIFICATE OF** |
| | ) | **SERVICE** |
| | ) | |
| | ) | DATE: January 20, 2006 |
| | ) | TIME: 2:00 P.M. |
| Defendants. | ) | JUDGE: Honorable Susan Mollway |
| | ) | |
| | ) | TRIAL DATE: January 24, 2006 |
| _____ | ) | |

**PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO DEFENDANTS PCT'S MOTION IN LIMINE NO. 4 (TO EXCLUDE EVIDENCE OR ARGUMENT THAT ANY INFRINGEMENT HAS BEEN WILLFUL AND TO REQUIRE REFERENCE TO THE INSTANT INFRINGEMENT AS "INADVERTENT" OR "INNOCENT")**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel and hereby submits his memorandum in opposition to Defendant PCT's Motion in Limine No. 4 (To Exclude Evidence Or Argument That Any Infringement Has Been Willful and to Require Reference to the Instant Infringement as "Inadvertent" or "Innocent") (the "Motion").

**I. INTRODUCTION**.

Despite having misrepresented the extent of the infringement and obtaining summary judgment against Mr. Berry based on that misrepresentation, the PCT wishes now to gag Mr. Berry or rather, have him act as a ventriloquist dummy and spout the same sanctionable false testimony that the PCT and its witnesses have put forward in this case. The fact is clear, there were 69 tables in Mr. Berry's database and 88 on original logistics data. At least as to Fleming and Dillon that is not inadvertent. Mr. Berry recognizes that the Court has already determined that it would not revisit this issue. But Mr. Berry should be permitted to put on evidence to rebut any door opening by Fleming and not follow the Fleming script if it attempts to make any reference to this charade.

First, as to the issue of inadvertence, it is not relevant to this case as it is presently set. There is no inadvertent defense to infringement. If that were the case, Fleming would have won. Therefore, Fleming's attempt to paint a pretty picture of its conduct is simply not necessary because it is irrelevant whether it was inadvertent or not and the Court has already ruled.

Secondly, if Fleming opens the door on willfulness, Mr. Berry should be able to drive right through it. And if Fleming begins to make argument or produce evidence that it was in fact accidental, it has opened the door on the interlocutory findings that were contained in the motion for summary judgment and Mr. Berry has a right to put on his rebuttal case.

Third, even the Ninth Circuit Model Jury instruction on "innocent" infringement makes it clear that the Court must instruct the jury that the purpose of the statutory damage award is to "punish the infringer." To create the never-never land that Fleming proposes flies directly in the face of the law this Court is bound to apply as follows:

> If you determine that the defendant infringed the
> plaintiff's copyrighted work[s] in Instruction [[20.4
> (Copyright Infringement - Elements - Ownership and
> Copying)] [insert number of infringement instruction]],
> you must consider the damages the defendant must pay to
> the plaintiff. The plaintiff seeks a statutory damage award,
> established by Congress for [the work infringed] [each
> work infringed, regardless of the number of infringements

of each work]. **<u>Its purpose is to penalize the infringer and deter future violations of the copyright laws.</u>**

[You may award as statutory damages for the infringement of the plaintiff's copyrighted work an amount that you feel is just under the circumstances, provided that amount is not less than $750, nor more than $30,000. In this case, the plaintiff contends that the defendant infringed the plaintiff's copyrighted work and that an award of $___ for that infringement would be just.]

[You may award as statutory damages an amount that you feel is just under the circumstances, provided that amount is not less than $750, nor more than $30,000 per work you conclude was infringed. In this case, the plaintiff contends that the defendant infringed [insert number] of the plaintiff's works and contends that [specify particular works and statutory damages amount requested for infringement of the particular work or works]] would be just.]

20.25 COPYRIGHT DAMAGES—STATUTORY DAMAGES–WILLFUL INFRINGEMENT—INNOCENT INFRINGEMENT (17 U.S.C. § 504(c)) (Emphasis added.).

Finally, Fleming misconstruing the effect of a Good Faith Settlement ignored Mr. Berry's claims to vicarious infringement related to the Hawaiian Express Defendants. There has been no adjudication regarding Fleming's willful vicarious infringement for this concealed and extensive infringement. Now that the Guidance documents are out, Fleming's claim to be innocent is clearly yesterday's news.

Therefore, the Motion should be denied and Fleming should move cautiously

in this case lest it open the door regarding these interlocutory findings.  As to Hawaiian Express and Fleming's deliberate and willful infringing involvement in those acts of infringement, the jury should have its say.

    DATED:  Honolulu, Hawai‘i, January 10, 2006.

                               /s/ Timothy J. Hogan
                               TIMOTHY J. HOGAN
                               Attorney for Plaintiff WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| vs. | ) | |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of Plaintiff Wayne Berry's Memorandum in Opposition to Defendant PCT's Motion in Limine No. 4 (To Exclude Evidence Or Argument That Any Infringement Has Been Willful and to Require Reference to the Instant Infringement As "Inadvertent" Or "Innocent") was served on the following at their last known addresses:

<u>Served Electronically through CM/ECF on January 10, 2006</u>:

Rex Y. Fujichaku   rfujichaku@bchlaw.net, jennifer@bchlaw.net

Lyle S. Hosoda   lsh@hosodalaw.com

Raina P. Mead   rpbm@hosodalaw.com

Ann C. Teranishi act@ksglaw.com

Thomas H.Y.P. Yee thy@ksglaw.com

DATED: Honolulu, Hawai'i, January 10, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY