LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO THE POST CONFIRMATION** |
| HAWAIIAN EXPRESS SERVICE, | ) | **TRUST FOR THE FLEMING** |
| INC., a California corporation; et al. | ) | **COMPANIES, INC.'S MOTION IN** |
| | ) | **LIMINE NO. 6 REGARDING** |
| | ) | **ALLEGED UNRELATED BAD** |
| | ) | **ACTS; CERTIFICATE OF** |
| | ) | **SERVICE** |
| | ) | |
| | ) | |
| | ) | HEARING |
| | ) | DATE:  January 20, 2006 |
| | ) | TIME:   2:00 P.M. |
| | ) | JUDGE: Honorable Susan Mollway |
| Defendants. | ) | |
| | ) | TRIAL DATE: January 24, 2006 |
| _____ | ) | |

**PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO THE POST CONFIRMATION TRUST FOR THE FLEMING COMPANIES, INC.'S MOTION IN LIMINE NO. 6 REGARDING ALLEGED UNRELATED BAD ACTS**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel and hereby submits his memorandum in opposition to the Post Confirmation Trust for the Fleming Companies, Inc.'s Motion in Limine No. 6 Regarding Alleged Unrelated Bad Acts (the "Motion").

I. **BACKGROUND**.

Starting in 1998, the undersigned counsel has met with ATF regarding Fleming cigarette smuggling and the shipment of automatic weapons in Fleming containers. In 1999 the undersigned counsel responded to grand jury subpoenas that resulted in the production of evidence that eventually indicted the Lindeys. This early look at the reality of life with Fleming makes the PCT's claim that Mr. Berry is some kind of crack pot absurd. Based on the recent admission that Fleming's management, accountants and vendors were engaged in a massive accounting fraud Mr. Berry is totally vindicated.

With the time limits imposed by the Court there is no way that Mr. Berry could do justice to providing the history of this corporate degenerate in the time allowed. As to the PCT motion, it is calculated to implicate clearly relevant testimony and documentary evidence that is both relevant to the remaining issues

and therefore the Motion should be denied.  Come to think of it, Mr. Berry has no intention of letting the jury think he has any relation to the real Fleming that he will be happy to conceal from the jury.

    A.    <u>Relevant Evidence the PCT Seeks to Bar at Trial</u>.

In the laundry list of what the PCT claims should be prohibited topics are real bits of Mr. Berry's damage case that the Court must permit to go to the jury.

    1.    Fleming is still in business.  This will only be relevant if Fleming claims that it is out of business i.e. Bankrupt with no money to pay for the damages.  If Fleming opens the door the proof of the ongoing sale of milk in Hawaii is in play.

    2.    K-Mart. The evidence at trial regarding market will be that Mr. Berry attempted to license his system to K-Mart even traveling to Michigan to its corporate headquarters.  It is undisputed that Fleming used the Berry system in an illegal unlicenced form K-Mart starting in no later than 2000 and continuing right through the relevant period.  The use of the Berry system for outbound moves was prohibited by his license.  This potential market was destroyed by the infringement. K-Mart is clearly relevant.

    3.    The PCT's Complaint against its own management for accounting

fraud is clearly relevant because the PCT admits in its filing that its financials are fraudulent. Mr. Berry has to be able to cross examine the expert who relied on them and seek to keep them out on the basis that they are unauthenticated false financials. As to the SEC, if Fleming opens the door by putting in evidence that it is the victim of Mr. Berry's vendetta that will be offering is own character and its consent decree in which it admits bad acts should be allowed in to rebut.

4. Any reference to API. Fleming knows that it has admitted in sworn statements that Fleming used the Berry system exactly as API used it. Mr. Berry has personal knowledge of this use and therefore has relevant testimony regarding the use of his system relevant to the damages. In addition, Fleming knows that both parties experts have reviewed the API records that shows the massive amount of profit that API began to earn after the installation of the software that is the subject of this case. The API records are part of the foundation for the Berry expert report and the damages generally. Barring this evidence would be akin to a grant of summary judgement against Mr. Berry on the issue of damages.

5. As to the value of software or the right to be free from infringement,

the Court should not order counsel to, in final argument, follow the infringers' script.

6. As to Fleming's failed attempt to enjoin Mr. Berry from being a government witness, in that bazaar proceeding in Delaware (in which Judge Walrath immediately ruled against Fleming) Fleming put several documents in the record. In particular, the Declaration and Supplemental Declaration of Mark Dillon and the Declaration of Damian Capozzola. The former prove that Fleming was using Mr. Berry's system during the relevant time exactly as it had been used under API thereby making Mr. Berry's personal knowledge regarding is use clearly relevant to damages. It also proves that the Fleming employees were using the Berry system under the control of Fleming and for Fleming's financial gain. Therefore relevant to the issue of vicarious liability. The Capozzola Declaration admits that Fleming had agreed to the Berry EULA and otherwise rebuts its claim to surprise regarding the damage floor contained in the EULA.

As to remaining Bad Acts, the PCT has sued its own outside accountants and managers for creating the same false financials it is attempting to put before the jury. That is directly relevant to the defendants' ability to introduce material evidence and the report of Fleming's expert that incorporated these fraudulent financials.

As to the other litany of Fleming sins, if the PCT had not late named Jack Borja who was for much of the time, Fleming's point man regarding these bad acts, then nearly this entire sorted series of what Flemings calls its "bad acts" could have been ignored. That individual is the person with the connection to all of the major bad acts and Mr. Berry has a right to raise that issue regarding this individual as it is clearly relevant to his bias interest and motives with regard to assisting Fleming in this case.

B.    <u>If Fleming Opens the Door at Trial all of these Acts are in Play</u>.

In one of the thee days of depositions that the PCT took during this case, it admitted that its theory is to show that it is an innocent corporate good citizen and that it is the victim of Wayne Berry's vendetta. Should the PCT go forward with this absurd defense that requires that it claim "good character" then all of its bad acts are admissible to rebut its own offer of such character evidence.

    C.    <u>Fleming's Own Documents Contain Evidence of Serious Wrongdoing</u>.

Fleming was warned that the materials it turned over in discovery contained disturbing evidence of wrongdoing.  The late filed Supplemental Declaration of Lex Smith confirms that the materials were brought to the PCT's attention.  The problem is that these materials contain computer viruses that trigger blocking software without warning.   This was raised because Fleming flatly refused to stipulate to the authenticity of its own emails turned over in discovery thus forcing the use of the Fleming computer files at trial for the purpose of authenticity . The fact of this was brought to Fleming's counsel's attention who appear to be at peace with what such an spectacle would be like before the jury.  These attorneys have never denied the presence of this disturbing evidence of additional bad acts. Declaration of Timothy J. Hogan Filed in Support of Plaintiff Wayne Berry's Oppositions to the Fleming-pct's Motions in Limine Nos. 1 Through 9, at ¶ 15.

## III. CONCLUSION.

As set forth above, relevant evidence should remain admissible. If Fleming's attorneys attempt to paint Fleming in a light that opens the door to character evidence, Fleming cannot prevent Mr. Berry from offering admissible evidence to rebut it.

DATED: Honolulu, Hawaiʻi, January 10, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| vs. | ) | |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of Plaintiff Wayne Berry's Memorandum in Opposition to the Post Confirmation Trust For the Fleming Companies, Inc.'s Motion in Limine No. 6 Regarding Alleged Unrelated Bad Acts was served on the following at their last known addresses:

Served Electronically through CM/ECF on January 10, 2006:

Rex Y. Fujichaku rfujichaku@bchlaw.net, jennifer@bchlaw.net

Lyle S. Hosoda lsh@hosodalaw.com

Raina P. Mead rpbm@hosodalaw.com

Ann C. Teranishi act@ksglaw.com

Thomas H.Y.P. Yee thy@ksglaw.com

DATED: Honolulu, Hawai'i, January 10, 2006.

        /s/ Timothy J. Hogan
        TIMOTHY J. HOGAN
        Attorney for Plaintiff WAYNE BERRY