LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO THE POST CONFIRMATION** |
| HAWAIIAN EXPRESS SERVICE, | ) | **TRUST FOR THE FLEMING** |
| INC., a California corporation; et al. | ) | **COMPANIES, INC.'S MOTION IN** |
| | ) | **LIMINE NO. 7 REGARDING** |
| | ) | **EVIDENCE PERTAINING TO** |
| | ) | **GUIDANCE SOFTWARE, INC.** |
| | ) | **AND C&S LOGISTICS OF** |
| | ) | **HAWAII, LLC, C&S WHOLESALE** |
| | ) | **GROCERS, INC., C&S** |
| | ) | **ACQUISITIONS LLC, AND ES3,** |
| | ) | **LLC; CERTIFICATE OF SERVICE** |
| | ) | |
| | ) | |
| Defendants. | ) | DATE:  January 20, 2006 |
| | ) | TIME:   2:00 P.M. |
| _____ | ) | JUDGE: Honorable Susan Mollway |
| | | |
| | | TRIAL DATE: January 24, 2006 |

**PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO THE POST CONFIRMATION TRUST FOR THE FLEMING COMPANIES, INC.'S MOTION IN LIMINE NO. 7 REGARDING EVIDENCE PERTAINING TO GUIDANCE SOFTWARE, INC. AND C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS LLC AND ES3, LLC**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel and hereby submits his opposition to the Post Confirmation Trust for the Fleming Companies, Inc.'s Motion in Limine No. 7 Regarding Evidence Pertaining to Guidance Software, Inc. and C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions LLC and ES3, LLC (the "Motion").

**I. BACKGROUND**.

Mr. Berry agrees that there is no evidence that the acts of Guidance Software were relevant to the damages remaining in this case. With the exception of the evidence that has produced in the form of the "Guidance Materials" that may mean that there may be little need to mention Guidance other than is such context. Contrary to the PCT, there is no issue that the Court need to address regarding the sale of Berry Technology to C&S. None of the other works are implicated in this infringement action that deals with only one work based on one copyright registration.

As to mentioning the parties listed, it will be impossible to inquire whether a juror should be disqualified unless the parties listed can be stated to the panel.

2

II. **DISCUSSION**.

Regarding the F-1 project the Court has ruled this is not relevant to whether or not the functions Mr. Berry's software performed were assisting Fleming in its profit-making endeavors. Mr Berry simply seeks to make a record. The e-mails that said that Fleming needs the functionality of the Berry system that is clearly relevant to damages and should not be excluded in limine.

In regard to the price paid by C&S, it remains relevant in that the only thing that C&S got out of the deal was access to Mr. Berry's technology. The three divisions are connected to the ocean freight business. This inference that these allowances would not be obtainable without the use of such technology is therefore clearly relevant.

As to Kraft, this request is because Mr. Smith represents this entity in regard to Mr. Berry and API and it is now adverse with Fleming. That is a problem for Mr. Smith but Mr Berry should not be gagged as a result and the only reference to Kraft that Mr. Berry can recall deals with the use of Mr. Berry's system to obtain freight allowances from vendors like Kraft that are included in the costs of goods sold and that is clearly relevant to Fleming's profits because Fleming's expert forgot to address 92% of the deductible expenses because he wrongly concluded that it had nothing to do with the use of the Berry system. Declaration of Timothy

J. Hogan Filed in Support of Plaintiff Wayne Berry's Oppositions to the Fleming-PCT's Motions in Limine Nos. 1 Through 9 at Exhibit "M" at Trial Exhibit 46.

This Motion in limine should be denied.

DATED:  Honolulu, Hawai'i, January 10, 2006.

        /s/ Timothy J. Hogan
        TIMOTHY J. HOGAN
        Attorney for Plaintiff WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;   )<br>                                                        )<br>                   Plaintiff,              )<br>                                                        )<br>          vs.                                        )<br>                                                        )<br>HAWAIIAN EXPRESS SERVICE,  )<br>INC., a California corporation; et al.  )<br>                                                        )<br>                   Defendants.           )<br>                                                        )<br>_____ ) | Civ. No. CV03 00385 SOM-LEK<br>(Copyright)<br><br>**CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of Plaintiff Wayne Berry's Memorandum in Opposition to the Post Confirmation Trust For the Fleming Companies, Inc.'s Motion in Limine No. 7 Regarding Evidence Pertaining to Guidance Software, Inc. and C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions LLC, and ES3, LLC was served on the following at their last known addresses:

Served Electronically through CM/ECF on January 10, 2006:

Rex Y. Fujichaku rfujichaku@bchlaw.net, jennifer@bchlaw.net

Lyle S. Hosoda lsh@hosodalaw.com

Raina P. Mead rpbm@hosodalaw.com

Ann C. Teranishi act@ksglaw.com

Thomas H.Y.P. Yee thy@ksglaw.com

    DATED: Honolulu, Hawai'i, January 10, 2006.

                        /s/ Timothy J. Hogan
                        TIMOTHY J. HOGAN
                        Attorney for Plaintiff WAYNE BERRY