LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO THE POST CONFIRMATION** |
| HAWAIIAN EXPRESS SERVICE, | ) | **TRUST FOR THE FLEMING** |
| INC., a California corporation; et al. | ) | **COMPANIES, INC.'S MOTION IN** |
| | ) | **LIMINE NO. 8 TO EXCLUDE THE** |
| | ) | **MAY 5, 2003 EMAIL FROM RON** |
| | ) | **GRIFFIN TO BRIAN** |
| | ) | **CHRISTENSEN; CERTIFICATE** |
| | ) | **OF SERVICE** |
| | ) | |
| | ) | DATE:  January 20, 2006 |
| | ) | TIME:   2:00 P.M. |
| | ) | JUDGE: Honorable Susan Mollway |
| | ) | |
| Defendants. | ) | TRIAL DATE: January 24, 2006 |
| | ) | |
| _____ | ) | |

**PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO THE POST CONFIRMATION TRUST FOR THE FLEMING COMPANIES, INC.'S MOTION IN LIMINE NO. 8 TO EXCLUDE THE MAY 5, 2003 EMAIL FROM RON GRIFFIN TO BRIAN CHRISTENSEN**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel and hereby submits his memorandum in opposition to the Post Confirmation Trust for the Fleming Companies, Inc.'s Motion in Limine No. 8 To Exclude the May 5, 1002 Email From Ron Griffin to Brian Christensen (the "Motion").

**I. BACKGROUND**.

In what appears to be the final proof that the SEC has been onto something, the Fleming/PCT's attorneys now admit that the person that the SEC thought was running the Fleming IT operations had no ability to control the conduct of the companies sub-agents. The Court cannot disregard the fact that this is days after Fleming had been engaged at what has already been determined to be willful infringement. Ron Griffin is not 'some guy' in Georgia, but the Executive VP and Chief Information Officer. Mr. Berry concedes that for the relevant time, the Court has found this conduct to be not willful. Mr Berry has preserved his record on this issue and does not seek to revisit it. Clearly Mr. Griffin speaks on behalf of Fleming as its information technology chief and his statements in his e-mail are

relevant to issues cited in the Motion.

## II. **DISCUSSION**.

First, as to the issue of causal connection, the Court in its own October 21, 2005 Order at page 27 held that there is an undisputed fact that Fleming only had Mr. Berry's system to operate its freight logistics operation and only used Mr. Berry's freight logistics software during the relevant period. This is supported by this e-mail that states the same factual finding. It is therefore it is relevant and is consistent with the Court's finding that there is no disputed issue regarding this fact. Unless the PCT is going to concede this fact, this e-mail remains relevant to this case and should go to the jury.

Second, as to the question of vicarious liability, this is relevant to the management of Fleming confirming that Fleming used this in its operations, thus relevant to the issue of control and financial benefit. This is directly relevant to the issue of whether Fleming was making money from the use of Mr. Berry's software and that it was necessary to make a deal with him in order to comply with the law if the continued use of the system in the altered form was what was contemplated. The Court has earlier determined, does not itself show a direct causal link, but it is it is supportive of Mr. Berry's proof and should be admitted as relevant in these proceedings and relevant particularly to the issue of damages that

the e-mail directly addresses related to the cost of replacing Mr. Berry's system at the time the e-mail was written.  Therefore, the e-mail is admissible and the Motion should be denied.

    DATED:  Honolulu, Hawaiʻi, January 10, 2006.

        /s/ Timothy J. Hogan
        TIMOTHY J. HOGAN
        Attorney for Plaintiff WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| vs. | ) | |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of Plaintiff Wayne Berry's Memorandum in Opposition to the Post Confirmation Trust For the Fleming Companies, Inc.'s Motion in Limine No. 8 to Exclude the May 5, 2003 Email from Ron Griffin to Brian Christensen was served on the following at their last known addresses:

Served Electronically through CM/ECF on January 10, 2006:

Rex Y. Fujichaku  rfujichaku@bchlaw.net, jennifer@bchlaw.net

Lyle S. Hosoda  lsh@hosodalaw.com

Raina P. Mead  rpbm@hosodalaw.com

Ann C. Teranishi  act@ksglaw.com

Thomas H.Y.P. Yee thy@ksglaw.com

DATED: Honolulu, Hawai'i, January 10, 2006.

>   /s/ Timothy J. Hogan
>   TIMOTHY J. HOGAN
>   Attorney for Plaintiff WAYNE BERRY