LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO THE POST CONFIRMATION** |
| HAWAIIAN EXPRESS SERVICE, | ) | **TRUST FOR THE FLEMING** |
| INC., a California corporation; et al. | ) | **COMPANIES, INC.'S MOTION IN** |
| | ) | **LIMINE NO. 9 REGARDING** |
| | ) | **MOTION TO EXCLUDE** |
| | ) | **EVIDENCE REGARDING** |
| | ) | **SOFTWARE WHICH IS NOT THE** |
| | ) | **SUBJECT OF THIS CASE;** |
| | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| | ) | HEARING |
| | ) | DATE:  January 20, 2006 |
| | ) | TIME:   2:00 P.M. |
| Defendants. | ) | JUDGE: Honorable Susan Mollway |
| | ) | |
| _____ | ) | TRIAL DATE: January 24, 2006 |

**PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO THE POST CONFIRMATION TRUST FOR THE FLEMING COMPANIES, INC.'S MOTION IN LIMINE NO. 9 REGARDING MOTION TO EXCLUDE EVIDENCE REGARDING SOFTWARE WHICH IS NOT THE SUBJECT OF THIS CASE**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel and hereby submits his memorandum in opposition to the Post Confirmation Trust for the Fleming Companies, Inc.'s Motion in Limine No. 9 Regarding Motion to Exclude Evidence Regarding Software Which Is Not the Subject of This Case (the "Motion in Limine").

**I.  BACKGROUND.**

The Court should deny the Motion in Limine on the grounds that the Fleming Post-Confirmation Trust ("PCT") and its joining party, the Fleming Employee Defendants (the "Defendants") seek to prevent the jury from being presented with relevant evidence regarding the affairs leading up to the instant infringement.  In addition, evidence of the direct causal effect of the removal of the Berry system after June 9, 2003 is the best proof of the system's causal connection to the Fleming operations and its profit.

**II.  DISCUSSION.**

In the Section No. 1 on page 2 of the PCT's Memorandum in Support of Motion, Fleming first cites ten exhibits, Exhibits 10, 13, 14, 15, 17, 26, 27, 29, 40

and 45 that it claims are irrelevant because they relate to the switch over to the Excel spreadsheets in the period after June 9, 2003. Quite the contrary, the disaster that these exhibits show was occurring in Fleming operations point directly to why the Berry software was and is still the operative software to make money for Fleming-Logistics.

The Declaration of Timothy J. Hogan Filed in Support of Plaintiff Wayne Berry's Oppositions to the Fleming-pct's Motions in Limine Nos. 1 Through 9 (the "Hogan Dec.") at Exhibit "M" is a collection of relevant emails that will be introduced at trial. These documents withheld by the PCT under its various claims of privilege, but shared with its experts, show the effect of the Berry system's removal, on the Fleming operations.

In the first of these emails, Plaintiff Exhibit 10 dated July 1, 2003, Melvin Ponce admits that: "The implementation of the spreadsheets have made operations more difficult for everyone...Please be advised that we do not have HEX imputing into the system anymore and that also delays info getting into the system."

In Exhibit 13 dated June 16, 2003, the Logistic Department supervisor, Teresa Noa, admits "THIS IS NOT WORKING FOR ME...THIS IS REALLY MESSING ME UP IN TRYING TO DO MY JOB."

In Exhibit 14 dated June 16, 2003, Teresa Noa admits "It is really

unbearable... This sentiment is felt by all."

In Exhibit 17 dated June 16, 2003, Ron Hatch Fleming's transportation manager admits to the division president: "Brian - this is not going to work. It seems in speaking /w the people there that it is overwhelming working in these conditions and they are all trying to do their best - but the way this is set up utilizing spreadsheets just is not working."   ... "**I would like to go back to the database**."

In Exhibit 26 dated June 17, 2003, Ron Hatch admits, "Brian we are trying the best we can to get containers up from the ports so we can get the product that we need to increase service level, the change in our logistics department dept. and jumping off of the Data Base has rally hampered our ability to perform our daily function . . ."

In Exhibit 27 dated June 16, 2003, Ron Hatch admits, "Brian - this is not going to work. It seems in speaking w/ the people there that it is overwhelming working in these conditions and they are all trying to do their best - but the way this is set up utilizing spreadsheets just is not working."

It literally takes between 15-20 minutes to perform a change or set up a new move etc. This is not productive.

I would like to go back to the database.  This is costing a lot of manhour

<u>monies, lost sales etc</u>. ...

In Exhibit 29, Dated May 8, 2003, Teresa Noa admits "...(I don't think the simplicity of a spreadsheet will do as a temporary situation).

In Exhibit 45 shows overtime being incurred based on the inadequacy of the spreadsheets.

These e-mails show that Fleming was in a meltdown situation in the period after it switched over to the alleged spreadsheets and that evidence is clearly relevant to the issue of causation and to the damages that are the relevant issue in this case.

Exhibit 40 is related to the income that the use of the Berry system generated through "cross docking" that is added to the ocean freight costs in the cost of goods. Exhibit 45 shows overtime being incurred based on the inadequacy of the spreadsheets.

These e-mails show that Fleming was in a meltdown situation in the period after it switched over to the alleged spreadsheets and that evidence is clearly relevant to the issue of causation and to the damages that are the relevant issue in this case. Fleming is expected to put forward testimony of Bradley Dechter who will claim that this software is nothing but an expense. Mr. Berry must be able to rebut this and show, like Mr. Ueno has reported, that the Berry software was critical

to the operations. This is clearly shown by these emails. The Court should deny the Motion in regard to these exhibits.

In regard to Section No. 2 on page 2, this deals with Exhibits 4, 5, 6, 7, 8, 9, 10 and 12 that discusses Mr. Dillon's efforts to create what he referred to as "FHLdata.mdb," one of the hundreds of infringing derivatives that the jury found was the basis for the willful infringement verdict. While even if we accept it as true, contrary to the evidence that has been presented in the motion for reconsideration that Mr. Dillon "never operated" this database, the length of time that Dillon continued to work on this alleged replacement and which was never put on line because of Dillon's inability to effect the changes necessary to put a live database on line, evidence that an amount of time that Mr. Berry should have been paid for making the changes that the PCT's own expert claims are the only relevant basis for Mr. Berry's damages. These e-mails are clearly relevant to this and therefore they are admissible under Rules 401 and 402 of the Federal Rules of Evidence and the Motion should be denied on that grounds.

In regard to the claim that reports are somehow irrelevant, the fact is that the PCT admits that the database was being operated through reports. Therefore even if the reports are not the subject of the infringement case, they are clearly relevant to the database operation by the PCT's own admission and therefore should not be

prohibited from being addressed before the jury.

Finally, the PCT objects to proposed demonstrative Exhibit 92 that is Mr. Berry's demonstrative power point that shows the operation of his freight logistics system. To the extent that the PCT claims that these certain materials that are not relevant to this case, Mr. Berry will attempt to provide a revised Exhibit 92 that will comport with the PCT's objection and it therefore should be admissible for the use at trial as a demonstrative during Mr. Berry's direct examination.

### III.  CONCLUSION.

For those reasons, Mr. Berry requests that the Motion be denied.

DATED:  Honolulu, Hawaiʻi, January 10, 2006.

                /s/ Timothy J. Hogan
                TIMOTHY J. HOGAN
                Attorney for Plaintiff WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| vs. | ) | |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of Plaintiff Wayne Berry's Memorandum in Opposition to the Post Confirmation Trust For the Fleming Companies, Inc.'s Motion in Limine No. 9 Regarding Motion to Exclude Evidence Regarding Software Which Is Not the Subject of This Case was served on the following at their last known addresses:

Served Electronically through CM/ECF:

Served Electronically through CM/ECF on January 10, 2006:

Rex Y. Fujichaku  rfujichaku@bchlaw.net, jennifer@bchlaw.net

Lyle S. Hosoda  lsh@hosodalaw.com

Raina P. Mead  rpbm@hosodalaw.com

Ann C. Teranishi act@ksglaw.com

Thomas H.Y.P. Yee thy@ksglaw.com

DATED: Honolulu, Hawai'i, January 10, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY