# EXHIBIT "C"

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br>　　　　　Plaintiff<br><br>　　vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., a California corporation; H.E.S. TRANSPORTATION SERVICES, INC., a California corporation; CALIFORNIA PACIFIC CONSOLIDATORS, INC., a California corporation; JEFFREY P. GRAHAM and PETER SCHAUL, California citizens; MARK DILLON and TERESA NOA, BRIAN CHRISTENSEN, Hawaii citizens; FLEMING COMPANIES, INC.; an Oklahoma corporation; C & S LOGISTICS OF HAWAII, LLC. a Delaware LLC; C & S WHOLESALE GROCERS, INC., a Vermont corporation; C & S ACQUISITIONS, LLC; | Civ. No. CV03 00385 SOM-LEK<br>(Copyright)<br><br>PLAINTIFF WAYNE BERRY'S INITIAL DISCLOSURES |



EXHIBIT "C"

| | |
|---|---|
| FOODLAND SUPER MARKET, LIMITED, a Hawaii corporation; HAWAII TRANSFER COMPANY, LIMITED, a Hawaii Corporation, DOE INDIVIDUALS 1-350; DOE PARTNERSHIPS, CORPORATIONS and OTHER DOE ENTITIES 1-20,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF WAYNE BERRY'S INITIAL DISCLOSURES

Comes now Plaintiff Wayne Berry and hereby submits his Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

 I. **Name and If Known, Address and Telephone Number of Each Individual Likely to Have Discoverable Information Relevant to Disputed Facts Alleged with Particularity in the Pleadings, Identifying the Subjects of the Information.**

  1. Wayne Berry, c/o Lynch Ichida Thompson Kim & Hirota, 1132 Bishop Street, Suite 1405 Honolulu Hawaii 96813 (808) 528-0100. Plaintiff, software developer. Liability and Damages.

  2. Teresa Noa. Believed to be a Fleming and/or C&S ("Fleming-C&S") former employee. Testimony on liability and damages and the Guidance report. Testimony on damages regarding the amount of compensation she received as a Fleming-C&S employee related to Mr. Berry's right to all lost profits. Last known addresses, 86412-G Lualualei Road, Waianae, Hawaii, 96792. Last known telephone (808) 625-7191.

2

3. Mark Dillon, c/o Lyle S. Hosoda, & Assoc. 345 Queen Street, Ste. 804, Honolulu, Hawaii 96813. (808) 524-3700. Liability regarding use of software and development of derivatives and regarding the Guidance Report. Testimony damages regarding the amount of compensation he received as a Fleming-C&S employee related to Mr. Berry's right to all lost profits.

4. Jeffrey Graham. Owner of Hex, HEST and CalPac. Testimony on liability and damages regarding the use of the Berry software by various defendants and the amount of gross revenue derived from the infringing use. 1661 Washington Street, San Mateo, California 94402. Telephone unknown.

5 Pete Schaul. General Manager of Hex, HEST and CalPac. Testimony regarding liability and damages including the manner in which the Berry software has been used by Hex, Hest and CalPac and the number and identify of the employees who have used the system. 442 Hillcrest Road, San Mateo, California 94402. Telephone unknown.

6. Brian Christensen, c/o Lyle S. Hosoda, & Assoc. 345 Queen Street, Ste. 804, Honolulu, Hawaii 96813. (808) 524-3700. 7300. Testimony regarding damages and liability.

7. Roger Wall, c/o Foodland Supermarket, Limited through Andrew Beaman, Esq., Chun Kerr Dodd Beaman & Wong. LLLC. Topa Financial Ctr., Fort Street Tower, 745 Fort Street, Fl. 9, Honolulu, Hawaii 96813. (808) 528-8200. Testimony regarding liability and damages.

8. Lex Smith, c/o Kobayashi Sugita & Goda. First Hawaiian Center, 999 Bishop St. Ste. 2600, Honolulu, Hawaii 96813. Testimony regarding liability regarding

3



the creation of the Guidance Report and the alleged most recent Dillon created derivative of the Berry Freight Control system. (808) 539-8700.

9. Michael D. Gurzi, c/o Guidance Software, Inc. Testimony regarding liability for the making a copy of Mr. Berry's copyrighted work for the purpose of "examining" it. 215 North Marengo Avenue, Second Floor, Pasadena, California 91101. General Counsel, Victor Limongelli (626) 229-9191.

10. Wendel Wie, c/o Ed Saffery, Esq. Goodsill Anderson Quinn & Stifel, LLP. (808) 547-5600. Testimony regarding liability including the manner in which the Berry system was utilized in the Hawaiian Transfer Company Limited daily business.

11. Jackie Rio, believed to be employed by Fleming-C&S. in care of Kobayashi Sugita & Goda. Kobayashi Sugita & Goda. First Hawaiian Center, 999 Bishop St. Ste. 2600, Honolulu, Hawaii 96813.

12. Alfredda Waiolama, believed to employed by Fleming-C&S in care of Kobayashi Sugita & Goda. Kobayashi Sugita & Goda. First Hawaiian Center, 999 Bishop St. Ste. 2600, Honolulu, Hawaii 96813.

II. **Documents, Data Compilations, and Tangible Things in Possession, Custody, or Control of the Party That Are Relevant to Disputed Facts Alleged with Particularity in the Pleadings.**



1. Documents including trial and deposition transcripts and exhibits developed in Wayne Berry v. Fleming Companies, Inc. Civ. No. 01-00446 SPK-LEK. Copies will be made available for inspection at a mutually convenient time and place.

4

2. Copies of Correspondence from Fleming, including the report prepared by Guidance Software, Inc. showing the illegal copying and re-installation of the Berry Freight Control System that is illegally operating on C&S computers. These documents will be made available for inspection and/or copying at a mutually convenient time and place.

3. Documents available on-line in the Fleming Bankruptcy related to the Market Share of Fleming and C&S in the Hawaii Market, Software Infringement and C&S agreement to continue Fleming's willful infringement and the plan to use Guidance Software to effect the transfer of Mr. Berry's software to C&S.

4. The Berry Freight Control System as of October 31, 1999. A copy will be made available under the terms of a stipulated protective order.

5. Correspondence and other materials related to the admission that the Berry Software was used by Fleming and C&S in the period after March 31, 2003. These documents will be made available for inspection and/or copying at a mutually convenient time and place.

6. Transcript of Hearing in Delaware Bankruptcy Court where Court put C&S and Fleming on notice that any transfer of the Berry software would be illegal. This document will be made available for inspection at a mutually convenient time and place.

III. Computation of Damages.

Pursuant to the Copyright Act, 17 U.S.C. Sec. 504, Plaintiff is entitled to actual damages and profits derived by the Defendants from the unauthorized use of his property. Plaintiff may also elect, any time before

5

judgment, to accept statutory damages in amount up to $150,000 per infringer.

1. ACTUAL DAMAGES.

Actual damages will be based on the amount of income lost from Defendants' failure to properly license the copyrighted work. As to C&S, HEX, HEST and CalPac, Plaintiff presently offers to license his software for $50 for each container that is moved through his system. Based on admissions in the earlier litigation, this amounts to no less than $6,000 per week plus the cost of an initial license. Plaintiff is informed and believes that the C&S system ships over 700 containers a week through his system. Based on that proof the per contain license fee of $50 per container yields weekly damages of $35,000 per infringer, including C&S, HEX, HEST and CalPac.

In addition to the per container fee, Plaintiff customarily charges an initial license fee for custom software that based on the size of the C&S operation would be no less than $2 million. Upon receiving requested discovery regarding container counts and related data, Plaintiff will supplement these disclosures.

6

## 2. LOST PROFITS.

Plaintiff is also entitled, in addition to the actual damages set forth above, to all of the profits derived from the infringement. This is a unique custom software package that operates as a source of income to the defendants. It is similar to the showing of a pirated copy of a film. The copyright owner in those circumstances is entitled to the money received from the exhibition including the profit from the sale of concession refreshments. The defendants bear the burden of showing what portion of their gross revenues was not derived from the infringement. This applies to the individual direct infringers and the entities. After receipt of the gross sales and/or personal income data from defendants, Plaintiff will supplement this disclosure. Plaintiff's burden is to produce the gross revenue figures only. If defendants intend to rely on the defense that any of the revues was not derived from infringement, then it is the defendants' burden to produce that evidence in disclosure or be barred at time of trial from raising the defense.

3.   STATUTORY DAMAGES UPON ELECTION.

As to Statutory Damages, Plaintiff may, but does not now, elect to seek statutory damages. This would allow Plaintiff up to $150,000 for each infringer.

As to C&S, each and every C&S employee is a separate infringer if they in any way have utilized this system or its product. The number of such infringers is known to C&S but presently unknown to Plaintiff. Upon disclosure by C&S of the total number of employees, Plaintiff will supplement this disclosure. Plaintiff is informed and believes that the total number of direct infringer C&S employees exceed 1,000. Based on this preliminary estimate, Plaintiff's maximum statutory damages against C&S would be at least $150,000,000.

As to Hawaiian Express Service, Inc, ("HEX"), HES Transportation Services, Inc. ("HEST") and California Pacific Consolidators, Inc. ("CalPac") each of these companies is a direct infringer, and upon disclosure of their infringing employees' names, these additional direct infringers shall be made a defendant. Upon election, Plaintiffs will seek full statutory damages from each and every such defendant. Upon information and belief the total of all such defendants is no less than 200 at

$150,000 each the total for these related defendants would be no less than $30,000,000.

As to Hawaii Transfer Company Limited ("HTC") for each and every person who used the Berry system, Plaintiff would be seeking maximum statutory damages in the amount of $150,000. HTC would be liable as a vicarious infringer for these sums. The identity of these defendants to be later named is not yet known to Plaintiff.

Those parties that are liable for the infringement through theories of contributory and vicarious liability would all be liable for the full amount of infringement damages attributable to their direct infringers agents. This includes, but is not limited to, HTC, Foodland, Brian Christensen and certain Doe Defendants. Plaintiff will name additional contributory and vicarious infringers as they are identified. Each such infringer is liable for the full amount of damages proven at trial for each infringer.

As to the direct infringer defendants, each of those defendants is liable for statutory damages, upon election, of up to $150,000 per defendant.

D.  **INSURANCE POLICIES.**

C&S and Fleming have entered into an indemnity agreement that they may claim is relevant to this proceeding. Because the agreement was clearly created to facilitate future willful copyright infringement it is likely not enforceable as against public policy.

DATED: Honolulu, Hawaii _____ OCT 1 0 2003 _____.

_____
TIMOTHY J. HOGAN, Esq.
Attorney for Plaintiff
WAYNE BERRY