KOBAYASHI, SUGITA & GODA

BERT T. KOBAYASHI, JR.   659-0
LEX R. SMITH            3485-0
THOMAS H. YEE           7344-0
SUITE 2600, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 539-8700
Fax No. (808) 539-8799
Email: lrs@ksg.law.com

KIRKLAND & ELLIS LLP
Eric C. Liebeler (CA Bar No. 149504)
Damian Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA  90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: eliebeler@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen | ) CIVIL NO. CV 03 00385 SOM LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| | ) DEFENDANT FLEMING |
| vs. | ) COMPANIES, INC.'S PROPOSED |
| | ) JURY INSTRUCTIONS; |
| HAWAII EXPRESS SERVICE, INC., et al., | ) CERTIFICATE OF SERVICE |
| | ) |
| | ) Trial Date: January 24, 2006 |
| Defendants. | ) JUDGE: Honorable Susan O. Mollway |
| | ) |
| | ) |

DEFENDANT FLEMING COMPANIES, INC.'S PROPOSED JURY
<u>INSTRUCTIONS</u>

Defendant the POST-CONFIRMATION TRUST FOR FLEMING

COMPANIES, INC. ("Fleming") hereby submits the following proposed jury

instructions in compliance with Local Rule 51.1 of the Rules of the Unites States

District Court for the District of Hawaii:

## PRETRIAL INSTRUCTION NO. 1

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 1.1 DUTY OF JURY)

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

### Comment [to Ninth Circuit Model Instruction 1.1]

See Instruction 3.1 (Duties of Jury to Find Facts and Follow Law) for an instruction at the end of the case.

### Introductory Comment [to Ninth Circuit Model Instructions]

It is within the district court's discretion to provide the jury with preliminary instructions, including preliminary instructions regarding the claims and defenses. Preliminary jury instructions are intended to give the jury, briefly and in understandable language, information to make the trial more meaningful. Jurors should be cautioned that the formal instructions and definitions will be given at the end of trial. Erroneous pretrial instructions can be the basis for appeal. Caution, therefore, should be used in giving preliminary instructions when there is a dispute as to applicable law. *United States v. Marsh*, 144 F.3d 1229, 1238 (9th Cir. 1998) (Ninth Circuit frequently utilizes the preliminary instructions in determining the adequacy of the instructions given at trial). *See also United States v. Hegwood*, 977 F.2d 492, 495 (9th Cir.1992) (absent defense objection, correct instruction at trial cured error in preliminary instruction), *cert. denied*, 508 U.S. 913 (1993); *Guam v. Ignacio,* 852 F.2d 459, 461 (9th Cir.1988).

## PRETRIAL INSTRUCTION NO. 1

## (NINTH CIRCUIT MODEL INSTRUCTION 1.1 DUTY OF JURY)

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

### Comment [to Ninth Circuit Model Instruction 1.1]

See Instruction 3.1 (Duties of Jury to Find Facts and Follow Law) for an instruction at the end of the case.

### Introductory Comment [to Ninth Circuit Model Instructions]

**It is within the district court's discretion to provide the jury with preliminary instructions, including preliminary instructions regarding the claims and defenses.  Preliminary jury instructions are intended to give the jury, briefly and in understandable language, information to make the trial more meaningful.  Jurors should be cautioned that the formal instructions and definitions will be given at the end of trial.  Erroneous pretrial instructions can be the basis for appeal.  Caution, therefore, should be used in giving preliminary instructions when there is a dispute as to applicable law. _United States v. Marsh_, 144 F.3d 1229, 1238 (9th Cir.1998) (Ninth Circuit frequently utilizes the preliminary instructions in determining the adequacy of the instructions given at trial).  _See also United States v. Hegwood_, 977 F.2d 492, 495 (9th Cir.1992) (absent defense objection, correct instruction at trial cured error in preliminary instruction), _cert. denied_, 508 U.S. 913 (1993); _Guam v. Ignacio_, 852 F.2d 459, 461 (9th Cir.1988).**

The text of the proposed instruction has not been modified.

## PRETRIAL INSTRUCTION NO. __

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

## PRETRIAL INSTRUCTION NO. 2

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 20.0 PRELIMINARY INSTRUCTION—COPYRIGHT)

The plaintiff in this case, Wayne Berry, is a software designer.  In this trial he brings claims against Fleming Companies, Inc., a grocery wholesaler that operated in Hawaii, and seven individuals who were employed by Fleming at its facility in Kapolei:  Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio.

Berry authored, and has the copyright in, certain software that he licensed to Fleming.  Fleming used the software to track freight -- primarily grocery products -- shipped from the mainland to Hawaii.  Berry calls this freight tracking software Freight Control System 1993, or "FCS 1993," because it was first completed in 1993.  In this lawsuit Berry has claimed that Fleming and the former employees infringed his copyright by modifying FCS 1993 without his permission and then using that modified version of the software to track freight between April 1, 2003 and June 9, 2003.

The Court has already determined that Fleming and the former Fleming employees inadvertently infringed Berry's copyright by modifying FCS 1993  and using that modified version without his permission.  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

## DEFINITION OF COPYRIGHT

Copyright is the exclusive right to copy.  The owner of a copyright has, among other rights, the right to exclude any other person from preparing derivatives of the work covered by copyright for a specific period of time.  A computer program can be a copyrighted work.

## PLAINTIFF'S BURDEN OF PROOF AND VICARIOUS INFRINGEMENT

You will decide what amount of damages, if any, that Berry should receive for the defendants' inadvertent infringement.  Berry has the burden of proving by a preponderance of the evidence that he is entitled to damages.  Preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to

establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so.

You will also decide whether Fleming vicariously infringed Berry's copyright by profiting from the employees' inadvertent infringement. A defendant has vicariously infringed when the defendant profits from infringing activity by someone the defendant has the right and ability to supervise. Berry has the burden of proving by a preponderance of the evidence that because of the employees' actions Fleming vicariously infringed, and that he is entitled to damages from Fleming for vicarious infringement.

You will receive additional instructions about damages at the conclusion of the trial.

Based on this Court's June 27, 2005 and October 21, 2005 summary judgment orders, and incorporating this Court's language on preponderance of the evidence from Court's Instruction No. 18(A), this instruction modifies Ninth Circuit Model Instruction 20.0 as follows:

<u>**PRETRIAL INSTRUCTION NO. 2**</u>

<u>**[NINTH CIRCUIT MODEL INSTRUCTION 20.0 PRELIMINARY INSTRUCTION—COPYRIGHT]**</u>

The plaintiff, [*insert plaintiff's name*],~~the owner of a copyright, seeks damages against the defendant, [insert defendant's name], for copyright infringement. The defendant denies infringing the copyright [and contends that the copyright is invalid].~~ **Wayne Berry, is a software designer.  In this trial he brings claims against Fleming Companies, Inc., a grocery wholesaler that operated in Hawaii, and seven individuals who were employed by Fleming at its facility in Kapolei:  Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio.**

**Berry authored, and has the copyright in, certain software that he licensed to Fleming.  Fleming used the software to track freight -- primarily grocery products -- shipped from the mainland to Hawaii.  Berry calls this freight tracking software Freight Control System 1993, or "FCS 1993," because it was first completed in 1993.  In this lawsuit Berry has claimed that Fleming and the former employees infringed his copyright by modifying FCS 1993 without his permission and then using that modified version of the software to track freight between April 1, 2003 and June 9, 2003.**

**The Court has already determined that Fleming and the former Fleming employees inadvertently infringed Berry's copyright by modifying FCS 1993 and using that modified version without his permission.**  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

<u>**DEFINITION OF COPYRIGHT**</u>

Copyright is the exclusive right to copy. The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time. **A** ~~Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a~~ computer program **can be a copyrighted work.**

8

[Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.]

[The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.]

## [COPYRIGHT INTERESTS]

[The copyright owner may [transfer] [sell] [convey] to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, preparing a derivative work from, distributing, performing, or displaying, the copyrighted work. To be valid, the [transfer] [sale] [conveyance] must be in writing. The person to whom a right is transferred is called an assignee.

One who owns a copyright may agree to let another reproduce, prepare a derivative work [of], distribute, perform, or display the copyrighted work. [To be valid, the [transfer] [sale] [conveyance] must be in writing.] The person to whom this right is transferred is called an exclusive licensee. The exclusive licensee has the right to exclude others from copying the work [to the extent of the rights granted in the license.]

## [HOW COPYRIGHT IS OBTAINED]

[Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.]

## PLAINTIFF'S BURDEN OF PROOF AND VICARIOUS INFRINGEMENT

You will decide what amount of damages, if any, that Berry should receive for the defendants' inadvertent infringement. Berry has the burden of proving by a preponderance of the evidence that he is entitled to damages. Preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than

**not true.  In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so.**

**You will also decide whether Fleming vicariously infringed Berry's copyright by profiting from the employees' inadvertent infringement.  A defendant has vicariously infringed when the defendant profits from infringing activity by someone the defendant has the right and ability to supervise.  Berry has the burden of proving by a preponderance of the evidence that because of the employees' actions Fleming vicariously infringed, and that he is entitled to damages from Fleming for vicarious infringement.**

**You will receive additional instructions about damages at the conclusion of the trial.**

**Based on this Court's June 27, 2005 and October 21, 2005 summary judgment orders, and incorporating this Court's language on preponderance of the evidence from Court's Instruction No. 18(A), this instruction modifies Ninth Circuit Model Instruction 20.0 as follows:**

## ~~PLAINTIFF'S BURDEN OF PROOF~~

~~In this case, the plaintiff, [*insert plaintiff's name*], contends that the defendant, [*insert defendant's name*], has infringed the plaintiff's copyright. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of the copyright and that the defendant copied original elements of the copyrighted work. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.~~

## ~~LIABILITY FOR INFRINGEMENT~~

~~One who [reproduces] [prepares derivative works from] [distributes] [performs] [displays] a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.~~

~~[To prove that the defendant infringed the copyright, the plaintiff may show that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and the plaintiff's copyrighted work [and that the defendant's work was not independently created].]~~

10

[Copyright may also be infringed by [vicariously infringing] [and] [contributorily infringing].]

## [VICARIOUS INFRINGEMENT]

[A person is liable for copyright infringement by another if the person has a financial interest and the right and ability to supervise the infringing activity, whether or not the person knew of the infringement.]

## [CONTRIBUTORY INFRINGEMENT]

[A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and [induces] [causes] [or] [materially contributes to] the activity.]

## [DEFENDANT'S BURDEN OF PROOF]

[The defendant contends that there is no copyright infringement.  There is no copyright infringement where the [defendant makes fair use of a copyrighted work by reproducing copies for criticism, comment, news reporting, teaching, scholarship, or research] [plaintiff has abandoned ownership of the copyrighted work].]

Comment

See generally 17 U.S.C. § 101 et seq.

## PRETRIAL INSTRUCTION NO. __

The plaintiff in this case, Wayne Berry, is a software designer.  In this trial he brings claims against Fleming Companies, Inc., a grocery wholesaler that operated in Hawaii, and seven individuals who were employed by Fleming at its facility in Kapolei:  Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio.

Berry authored, and has the copyright in, certain software that he licensed to Fleming.  Fleming used the software to track freight -- primarily grocery products -- shipped from the mainland to Hawaii.  Berry calls this freight tracking software Freight Control System 1993, or "FCS 1993," because it was first completed in 1993.  In this lawsuit Berry has claimed that Fleming and the former employees infringed his copyright by modifying FCS 1993 without his permission and then using that modified version of the software to track freight between April 1, 2003 and June 9, 2003.

The Court has already determined that Fleming and the former Fleming employees inadvertently infringed Berry's copyright by modifying FCS 1993  and using that modified version without his permission.  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

## DEFINITION OF COPYRIGHT

Copyright is the exclusive right to copy.  The owner of a copyright has, among other rights, the right to exclude any other person from preparing derivatives of the work covered by copyright for a specific period of time.  A computer program can be a copyrighted work.

## PLAINTIFF'S BURDEN OF PROOF AND VICARIOUS INFRINGEMENT

You will decide what amount of damages, if any, that Berry should receive for the defendants' inadvertent infringement.  Berry has the burden of proving by a preponderance of the evidence that he is entitled to damages.  Preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so.

You will also decide whether Fleming vicariously infringed Berry's copyright by profiting from the employees' inadvertent infringement. A defendant has vicariously infringed when the defendant profits from infringing activity by someone the defendant has the right and ability to supervise. Berry has the burden of proving by a preponderance of the evidence that because of the employees' actions Fleming vicariously infringed, and that he is entitled to damages from Fleming for vicarious infringement.

You will receive additional instructions about damages at the conclusion of the trial.

## PRETRIAL INSTRUCTION NO. 3

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 1.3 WHAT IS EVIDENCE)

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.


This is Ninth Circuit Model Jury Instruction 1.3 without changes.

**PRETRIAL INSTRUCTION NO. __**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

**PRETRIAL INSTRUCTION NO. 4**

**(BASED ON NINTH CIRCUIT MODEL INSTRUCTION 1.4 WHAT IS NOT EVIDENCE)**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Comment**

See Ninth Circuit Model Jury Instruction 3.3 (What Is Not Evidence) for an instruction at the end of the case.

This is Ninth Circuit Model Jury Instruction 1.4 without changes.

## PRETRIAL INSTRUCTION NO. __

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## PRETRIAL INSTRUCTION NO. 5

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 1.5 EVIDENCE FOR LIMITED PURPOSE)

Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

### Comment

As a rule, limiting instructions need only be given when requested and need not be given *sua sponte* by the court.  *United States v. McLennan*, 563 F.2d 943, 947–48 (9th Cir.1977), *cert. denied*, 435 U.S. 969 (1978).

*See United States v. Marsh*, 144 F.3d 1229, 1238 (9th Cir.1998) (when the trial court fails to instruct the jury in its final instructions regarding the receipt of evidence for a limited purpose, the Ninth Circuit examines the trial court's preliminary instructions to determine if the court instructed the jury on this issue).

*See also* Instructions 2.10 (Limited Purpose Evidence), 2.11 (Impeachment by Conviction of Crime), and 3.3 (What Is Not Evidence).

This is Ninth Circuit Model Jury Instruction 1.5 without changes.

## PRETRIAL INSTRUCTION NO. __

Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**PRETRIAL INSTRUCTION NO. 6**

**(BASED ON NINTH CIRCUIT MODEL INSTRUCTION 1.6 DIRECT AND CIRCUMSTANTIAL EVIDENCE)**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Comment**

See Instruction 3.5 (Direct and Circumstantial Evidence) for an instruction at the end of case.

It may be helpful to include an illustrative example in the instruction:

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may explain the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

This is Ninth Circuit Model Jury Instruction 1.6 without changes.

**PRETRIAL INSTRUCTION NO. __**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## PRETRIAL INSTRUCTION NO. 7

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 1.7 RULING ON OBJECTIONS)

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

### Comment

See Ninth Circuit Model Jury Instruction 3.3 (What Is Not Evidence) for an instruction at the end of the case.

This is Ninth Circuit Model Jury Instruction 1.7 without changes.

## PRETRIAL INSTRUCTION NO. __

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## PRETRIAL INSTRUCTION NO. 8

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 1.8 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

### Comment

See Ninth Circuit Model Jury Instruction 3.6 (Credibility of Witnesses) for an instruction at the end of the case.


This is Ninth Circuit Model Jury Instruction 1.8 without changes.

## PRETRIAL INSTRUCTION NO. __

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

# PRETRIAL INSTRUCTION NO. 9

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 1.9 CONDUCT OF THE JURY)

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the courtroom deputy to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

## Comment

An abbreviated instruction should be repeated before the first recess and as needed before other recesses. *See* Instruction 2.1 (Cautionary Instruction at First Recess).

The practice in federal court of instructing jurors not to discuss the case until deliberations is widespread. *See, e.g., United States v. Pino–Noriega,* 189 F.3d 1089, 1096 (9th Cir.) ("There is a reason that most judges continually admonish their juries during trials not to discuss the evidence or begin deliberations until told to do so, after all of the evidence, argument, and instruction on the law has been received."), *cert. denied,* 528 U.S. 989 (1999).

This is Ninth Circuit Model Jury Instruction 1.9 without changes except that "courtroom deputy" has been inserted into the fifth paragraph based on that phrase appearing in Court's Instruction No. 23.

## PRETRIAL INSTRUCTION NO. __

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the courtroom deputy to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

## PRETRIAL INSTRUCTION NO. 10

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 1.10 NO TRANSCRIPT AVAILABLE TO JURY)

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

### Comment

The previous version of this instruction has been modified to delete the suggestion that readbacks are either unavailable or highly inconvenient.  The practice of discouraging readbacks has been criticized in *United States v. Damsky,* 740 F.2d 134, 138 (2d Cir.), *cert. denied*, 469 U.S. 918 (1984). *See also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 5.1.F (1998).

The court may wish to repeat this instruction in the instructions at the end of the trial.

This is Ninth Circuit Model Jury Instruction 1.10 without changes.

## PRETRIAL INSTRUCTION NO. __

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

## PRETRIAL INSTRUCTION NO. 11

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 1.11 TAKING NOTES)

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you so that you do not hear other answers by witnesses.  When you leave, your notes should be left in the courtroom.

Whether or not you take notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

### Comment

It is well settled in this circuit that the trial judge has discretion to allow jurors to take notes.  *United States v. Baker,* 10 F.3d 1374, 1402 (9th Cir.1993)*, cert. denied*, 513 U.S. 934 (1994). *See also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.4 (1998).

This is Ninth Circuit Model Jury Instruction 1.11 without changes except that "courtroom" has been selected at the end of the first paragraph based on Procedure No. 5 of the Court's Trial Procedure.

## PRETRIAL INSTRUCTION NO. __

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you so that you do not hear other answers by witnesses.  When you leave, your notes should be left in the courtroom.

Whether or not you take notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

## PRETRIAL INSTRUCTION NO. 12

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 1.12 OUTLINE OF TRIAL)

The next phase of the trial will soon begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

## <u>PRETRIAL INSTRUCTION NO. 12</u>

### 1.12 OUTLINE OF TRIAL

The next phase of the trial will ~~now~~**<u>soon</u>** begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

## PRETRIAL INSTRUCTION NO. __

The next phase of the trial will soon begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

## PRETRIAL INSTRUCTION NO. 13

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 1.13 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE)

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### Comment

See Chapter 5 regarding instructions on burdens of proof. This instruction may not apply to cases based on state law.

This is Ninth Circuit Model Jury Instruction 1.13 without changes.

## PRETRIAL INSTRUCTION NO. __

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# PRETRIAL INSTRUCTION NO. 14

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 1.15 QUESTIONS TO WITNESSES BY JURORS)

While it is not customary for a juror to ask a question of a witness, if you wish to do so, put the question in writing and hand it to the courtroom deputy.

The court and counsel will review your question. Do not be concerned if the question is not asked.

Do not discuss your question with anyone, including the courtroom deputy. Remember that you are not to discuss the case with other jurors until it is submitted for your decision.

### Comment

The committee recommends against encouraging jurors to ask questions. "Questions by jurors during trial should not be encouraged or solicited." JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.5 (1998) (citing *DeBenedetto v. Goodyear Tire & Rubber Co.,* 754 F.2d 512, 517 (4th Cir.1985)). "Juror questioning is a course fraught with peril for the trial court. No bright-line rule is adopted here, but the dangers in the practice are very considerable." *DeBenedetto*, 754 F.2d at 517.

However, if the court decides to give such an instruction, the following instruction may be used:

While it is not customary for a juror to ask a question of a witness, if you wish to do so, put the question in writing and hand it to the [marshal] [bailiff] [clerk] [law clerk].

The court and counsel will review your question. Do not be concerned if the question is not asked.

Do not discuss your question with anyone, including the [marshal] [bailiff] [clerk] [law clerk]. Remember that you are not to discuss the case with other jurors until it is submitted for your decision.

This is Ninth Circuit Model Jury Instruction 1.15 without changes except that "courtroom deputy" has been included based on its inclusion in Court's Instruction No. 23.

**PRETRIAL INSTRUCTION NO. __**

While it is not customary for a juror to ask a question of a witness, if you wish to do so, put the question in writing and hand it to the courtroom deputy.

The court and counsel will review your question. Do not be concerned if the question is not asked.

Do not discuss your question with anyone, including the courtroom deputy. Remember that you are not to discuss the case with other jurors until it is submitted for your decision.

**OPTIONAL INSTRUCTIONS FOR USE DURING TRIAL**

**OPTIONAL INSTRUCTION DURING TRIAL NO. 1**

**(BASED ON NINTH CIRCUIT MODEL INSTRUCTION 2.1
CAUTIONARY INSTRUCTION—FIRST RECESS)**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the courtroom deputy to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

This is Ninth Circuit Model Jury Instruction 2.1 without changes except that "courtroom deputy" has been inserted in the second paragraph

## OPTIONAL INSTRUCTION DURING TRIAL NO. __

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.  Do not read or listen to any news reports of the trial.  Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the courtroom deputy to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

**OPTIONAL INSTRUCTION DURING TRIAL NO. 2**

**(BASED ON NINTH CIRCUIT MODEL INSTRUCTION 2.2 BENCH
CONFERENCES AND RECESSES)**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

This is Ninth Circuit Model Jury Instruction 2.2 without changes.

## OPTIONAL INSTRUCTION DURING TRIAL NO. __

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**OPTIONAL INSTRUCTION DURING TRIAL NO. 3**

**(BASED ON NINTH CIRCUIT MODEL INSTRUCTION 2.3 STIPULATED TESTIMONY)**

The parties have agreed what [*witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

**Comment**

There is a difference between stipulating that a witness would give certain testimony and stipulating that the facts to which a witness might testify are true. *United States v. Lambert,* 604 F.2d 594, 595 (8th Cir.1979); *United States v. Hellman*, 560 F.2d 1235, 1236 (5th Cir.1977).

This is Ninth Circuit Model Jury Instruction 2.3 without changes.

## OPTIONAL INSTRUCTION DURING TRIAL NO. __

The parties have agreed what [*witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

**OPTIONAL INSTRUCTION DURING TRIAL NO. 4**

**(BASED ON NINTH CIRCUIT MODEL INSTRUCTION 2.4
STIPULATIONS OF FACT)**

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

**Comment**

When parties enter into stipulations as to material facts, those facts will be deemed to have been conclusively proved, and the jury may be so instructed. *United States v. Mikaelian,* 168 F.3d 380, 389 (9th Cir.) (citing *United States v. Houston*, 547 F.2d 104, 107 (9th Cir.1976)), *amended by* 180 F.3d 1091 (9th Cir.1999))).

This is Ninth Circuit Model Jury Instruction 2.4 without changes.

## OPTIONAL INSTRUCTION DURING TRIAL NO. __

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

**OPTIONAL INSTRUCTION DURING TRIAL NO. 5**

**(BASED ON NINTH CIRCUIT MODEL INSTRUCTION 2.13 USE OF INTERROGATORIES OF A PARTY)**

Evidence is now to be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers have been given in writing and under oath, before the actual trial, in response to questions which were submitted in writing under established court procedures. The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand.

**Comment**

Use this oral instruction before interrogatories and answers are read to the jury.  The attorney should warn the judge ahead of time and give the judge an opportunity to give this oral instruction.  This oral instruction is not appropriate if answers to interrogatories are being used for impeachment only.

Do not use this instruction for requests for admission under Fed. R. Civ. P. 36.  The effect of requests for admission under the rule is not the same as the introduction of evidence through interrogatories.  If an instruction is needed, a special one will have to be drafted.

This is Ninth Circuit Model Jury Instruction 2.13 without changes.

## OPTIONAL INSTRUCTION DURING TRIAL NO. __

Evidence is now to be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to questions which were submitted in writing under established court procedures. The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand.

# POST-TRIAL INSTRUCTIONS

## POST-TRIAL INSTRUCTION NO. 1

## (BASED ON COURT'S INSTRUCTION NO. 1(A) DUTY OF JUDGE/DUTY OF JURY -- BEFORE CLOSING ARGUMENTS)

Members of the Jury:

You have now heard all of the evidence in the case and will hear the final arguments of the lawyers for the parties.  It is my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.

In any jury trial there are, in effect, two judges.  I am one of the judges; you, the jurors, are the other.  It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is now my duty to instruct you on the law applicable to the case.

This is Court's Instruction 1(A) without changes.

## POST-TRIAL INSTRUCTION NO. __

Members of the Jury:

You have now heard all of the evidence in the case and will hear the final arguments of the lawyers for the parties.  It is my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.

In any jury trial there are, in effect, two judges.  I am one of the judges; you, the jurors, are the other.  It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is now my duty to instruct you on the law applicable to the case.

## POST-TRIAL INSTRUCTION NO. 2

## (BASED ON COURT'S INSTRUCTION NO. 2 DUTY TO FOLLOW INSTRUCTIONS)

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case - that is, in reaching your decision as to the facts - it is your sworn duty to follow the law I am now in the process of defining for you.

You must follow all of my instructions as a whole.  You have no right to disregard or give special attention to anyone instruction, or to question the wisdom or correctness of any rule I may state to you.  That is you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you regardless of the consequences.

In deciding the facts of this case you must not be swayed by sympathy, bias, or prejudice as to any party.  This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life.  The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

This is Court's Instruction 2 without changes.

## POST-TRIAL INSTRUCTION NO. __

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case - that is, in reaching your decision as to the facts - it is your sworn duty to follow the law I am now in the process of defining for you.

You must follow all of my instructions as a whole.  You have no right to disregard or give special attention to anyone instruction, or to question the wisdom or correctness of any rule I may state to you.  That is you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you regardless of the consequences.

In deciding the facts of this case you must not be swayed by sympathy, bias, or prejudice as to any party.  This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life.  The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

## POST-TRIAL INSTRUCTION NO. 3

## (BASED ON COURT'S INSTRUCTION NO. 3 CORPORATION AS PARTY)

A corporation is entitled to the same fair consideration at your hands as is a private individual.

This is Court's Instruction 3 without changes.

## POST-TRIAL INSTRUCTION NO. __

A corporation is entitled to the same fair consideration at your hands as is a private individual.

## POST-TRIAL INSTRUCTION NO. 4

## (BASED ON COURT'S INSTRUCTION NO. 4 EVIDENCE -- EXCLUDING ARGUMENT OF COUNSEL)
### (Adjust If There Are No Stipulations And/Or No Judicial Notice)

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.  The term "evidence" includes (1) the sworn testimony of the witnesses, (2) the exhibits admitted in the record, (3) any facts or testimony to which the parties have agreed and stipulated, and (4) any facts of which I have taken judicial notice.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case.  The function of each lawyer is to point out those things that are most significant or most helpful to that lawyer s side of the case, and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

This is Court's Instruction 4 without changes.

## POST-TRIAL INSTRUCTION NO. __

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes (1) the sworn testimony of the witnesses, (2) the exhibits admitted in the record, (3) any facts or testimony to which the parties have agreed and stipulated, and (4) any facts of which I have taken judicial notice.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of each lawyer is to point out those things that are most significant or most helpful to that lawyer s side of the case, and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

## POST-TRIAL INSTRUCTION NO. 5

## (BASED ON COURT'S INSTRUCTION NO. 5 EVIDENCE -- OBJECTIONS)

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered or the exhibit cannot be received, and you must not speculate as to what the answer might have been or what the exhibit might have shown. Nor should you speculate as to the reason for any objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

This is Court's Instruction 5 without changes.

## POST-TRIAL INSTRUCTION NO. __

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered or the exhibit cannot be received, and you must not speculate as to what the answer might have been or what the exhibit might have shown.  Nor should you speculate as to the reason for any objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

## POST-TRIAL INSTRUCTION NO. 6

## (BASED ON COURT'S INSTRUCTION NO. 6 EVIDENCE -- EXCLUDING STATEMENTS OF JUDGE)

During the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel. Do not assume from anything I have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

This is Court's Instruction 6 without changes.

## POST-TRIAL INSTRUCTION NO. __

During the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel. Do not assume from anything I have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

**POST-TRIAL INSTRUCTION NO. 7**

**(BASED ON COURT'S INSTRUCTION NO. 7 EVIDENCE -- JUDICIAL NOTICE)**

The court may take judicial notice of certain facts or events.  When the court declares that it will take judicial notice of some fact or event you must accept the court's declaration as evidence and regard the fact or event that has been judicially noticed as conclusively proved.

This is Court's Instruction 7 without changes.

## POST-TRIAL INSTRUCTION NO. __

     The court may take judicial notice of certain facts or events.  When the court declares that it will take judicial notice of some fact or event you must accept the court's declaration as evidence and regard the fact or event that has been judicially noticed as conclusively proved.

## POST-TRIAL INSTRUCTION NO. 8

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 3.9 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE)

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### Comment

This instruction applies only where the charts and summaries are not received into evidence and are used for demonstrative purposes. *See United States v. Johnson*, 594 F.2d 1253, 1254–55 (9th Cir.), *cert. denied,* 444 U.S. 964 (1979). *See also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10 (1998).

This is Ninth Circuit Model Jury Instruction 3.9 without changes.

## POST-TRIAL INSTRUCTION NO. __

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**POST-TRIAL INSTRUCTION NO. 9**

**(BASED ON NINTH CIRCUIT MODEL INSTRUCTION 3.10 CHARTS AND SUMMARIES IN EVIDENCE)**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Comment**

*See* Fed. R. Evid. 1006.  *See also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10 (1998).  This instruction may be unnecessary if there is no dispute as to the accuracy of the chart or summary.

This is Ninth Circuit Model Jury Instruction 3.10 without changes.

## POST-TRIAL INSTRUCTION NO. __

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## POST-TRIAL INSTRUCTION NO. 10

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 4.2 USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.


This is Ninth Circuit Model Jury Instruction 4.2 without changes.

## POST-TRIAL INSTRUCTION NO. __

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## POST-TRIAL INSTRUCTION NO. 11

## (BASED ON COURT'S INSTRUCTION NO. 8 EVIDENCE -- STIPULATION)

The parties have agreed as to certain facts that have been stated to you.  You should treat these facts as having been proved.


This is Court's Instruction 8 without changes.

## POST-TRIAL INSTRUCTION NO. __

The parties have agreed as to certain facts that have been stated to you. You should treat these facts as having been proved.

## POST-TRIAL INSTRUCTION NO. 12

## (BASED ON COURT'S INSTRUCTION NO. 9 EVIDENCE -- DEPOSITIONS)

Certain testimony has been read into evidence from depositions.  A deposition is testimony taken under oath before the trial and preserved in writing. You are to consider that testimony as if it had been given in court.


This is Court's Instruction 9 without changes.

## POST-TRIAL INSTRUCTION NO. __

Certain testimony has been read into evidence from depositions.  A deposition is testimony taken under oath before the trial and preserved in writing. You are to consider that testimony as if it had been given in court.

## POST-TRIAL INSTRUCTION NO. 13

## (BASED ON COURT'S INSTRUCTION NO. 10 EVIDENCE -- INTERROGATORIES

During the course of the trial you have heard reference made to the word "interrogatory."  An interrogatory is a written question asked by one party of another, who must answer it under oath in writing.  You are to consider interrogatories and the answers to interrogatories the same as if the questions had been asked and answered here in court.

This is Court's Instruction 10 without changes.

## POST-TRIAL INSTRUCTION NO. __

During the course of the trial you have heard reference made to the word "interrogatory."  An interrogatory is a written question asked by one party of another, who must answer it under oath in writing.  You are to consider interrogatories and the answers to interrogatories the same as if the questions had been asked and answered here in court.

## POST-TRIAL INSTRUCTION NO. 14

## (BASED ON COURT'S INSTRUCTION NO. 11 EVIDENCE -- DIRECT AND CIRCUMSTANTIAL)

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

This is Court's Instruction 11 without changes.

## POST-TRIAL INSTRUCTION NO. __

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## POST-TRIAL INSTRUCTION NO. 15

## (BASED ON COURT'S INSTRUCTION NO. 12 EVIDENCE -- CREDIBILITY OF WITNESS)

I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In weighing the testimony of a witness, you should consider the witness' relationship to the parties; the witness' interest, if any, in the outcome of the case; the witness' manner of testifying; the witness' opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness' candor, fairness, and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

This is Court's Instruction 12 without changes.

## POST-TRIAL INSTRUCTION NO. __

I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider the witness' relationship to the parties; the witness' interest, if any, in the outcome of the case; the witness' manner of testifying; the witness' opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness' candor, fairness, and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

# POST-TRIAL INSTRUCTION NO. 16

## (BASED ON COURT'S INSTRUCTION NO. 13 EVIDENCE -- EXPERT WITNESSES)

The rules of evidence provide that, if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state an opinion or opinions concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence then you may disregard the opinion entirely.

This is Court's Instruction 13 without changes.

**POST-TRIAL INSTRUCTION NO. __**

The rules of evidence provide that, if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state an opinion or opinions concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence then you may disregard the opinion entirely.

## POST-TRIAL INSTRUCTION NO. 17

## (BASED ON COURT'S INSTRUCTION NO. 14 IMPEACHMENT -- GENERALLY)

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

This is Court's Instruction 14 without changes.

## POST-TRIAL INSTRUCTION NO. __

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

**NOTE TO THE COURT CONCERNING
COURT'S INSTRUCTIONS NOS. 15, 16 and 19**

The parties contend that there is no basis in the record to apply Court's Instructions 15 ("A witness may also be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides or has recently resided.") and 16 ("The fact that a witness has previously been convicted of a felony or of a crime involving dishonesty or false statement is also a factor you may consider in weighing the credibility of that witness. The fact of such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to be given to the testimony.").

The parties have therefore omitted those instructions from this set of proposed instructions.

Likewise, because there is only one plaintiff the parties have omitted as non-applicable Court's Instruction No. 19 (multiple plaintiffs).

**POST-TRIAL INSTRUCTION NO. 18**

**(BASED ON COURT'S INSTRUCTION NO. 17 CORPORATION RESPONSIBLE FOR ACTS AND DECLARATIONS OF ITS AGENTS AND EMPLOYEES)**

When a corporation is involved, it may act only through persons who are its agents or employees.  In general, any agent or employee of a corporation may bind the corporation by his or her acts and declarations made while acting within the scope of the authority delegated to him or her by the corporation, or within the scope of the agent's or employee's duties to the corporation.

This is Court's Instruction 17 without changes.

## POST-TRIAL INSTRUCTION NO. __

When a corporation is involved, it may act only through persons who are its agents or employees. In general, any agent or employee of a corporation may bind the corporation by his or her acts and declarations made while acting within the scope of the authority delegated to him or her by the corporation, or within the scope of the agent's or employee's duties to the corporation.

## POST-TRIAL INSTRUCTION NO. 19

### (BASED ON COURT'S INSTRUCTION NO. 18(A) BURDEN OF PROOF PREPONDERANCE OF THE EVIDENCE SINGLE CLAIM
### (Modified as Necessary to Reflect the Number of Parties Involved)

The burden is on the plaintiff in a civil action such as this to prove every essential element of the claim by a "preponderance of the evidence."  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to establish a claim by a preponderance of the evidence" means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them, as well as any facts I have instructed you to accept.  If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, the jury should find for the defendant or defendants as to that claim.

This is Court's Instruction 18(A) unchanged except for "or defendants" added at the end.

## POST-TRIAL INSTRUCTION NO. __

The burden is on the plaintiff in a civil action such as this to prove every essential element of the claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a preponderance of the evidence" means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them, as well as any facts I have instructed you to accept. If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, the jury should find for the defendant or defendants as to that claim.

**POST-TRIAL INSTRUCTION NO. 20**

**(BASED ON COURT'S INSTRUCTION NO. 20 MULTIPLE
DEFENDANTS)**

Although there is more than one defendant in this suit, it does not follow
from that fact alone that all are liable if one is liable.  Each defendant is entitled to
a fair and separate consideration of that defendant's own defense and is not to be
prejudiced by your decision as to the others.  Unless otherwise stated, all
instructions given apply to the case against each defendant.

You will decide each defendant's case separately.

This is Court's Instruction No. 20 without changes.

## POST-TRIAL INSTRUCTION NO. __

Although there is more than one defendant in this suit, it does not follow from that fact alone that all are liable if one is liable. Each defendant is entitled to a fair and separate consideration of that defendant's own defense and is not to be prejudiced by your decision as to the others. Unless otherwise stated, all instructions given apply to the case against each defendant.

You will decide each defendant's case separately.

## POST-TRIAL INSTRUCTION NO. 21

## (BASED ON COURT'S INSTRUCTION NO. 21 DUTY TO DELIBERATE)

Your verdict must represent the considered judgment of each Juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with the other jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors, or solely for the purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

This is Court's Instruction No. 21 without changes.

## POST-TRIAL INSTRUCTION NO. __

Your verdict must represent the considered judgment of each Juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with the other jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors, or solely for the purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

## POST-TRIAL INSTRUCTION NO. 22

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 20.20 DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT— ELEMENTS AND BURDEN OF PROOF)

I will now instruct you on the substantive law that applies to vicarious infringement.

Whether or not a person knows of someone else's infringement, that first person is vicariously liable for the other persons' copyright infringement if that first person has a financial interest in and the right and ability to supervise the infringing activity by the other person.

If you find that one or more of the former Fleming employees infringed Berry's copyright in FCS 1993, you may consider Berry's claim that Fleming vicariously infringed that copyright. Berry has the burden of proving both of the following by a preponderance of the evidence:

    1.    Fleming had a financial interest in and profited from the infringing activity of one or more of the former Fleming employees; and

    2.    Fleming had the right and ability to control the infringing activity of the former Fleming employees.

If you find both of these elements are proved, your verdict should be for Berry. On the other hand, if either of these elements was not proved, your verdict should be for Fleming.

## Comment

Vicarious and contributory infringement are legitimate theories of liability. *See Sony Corp. v. Universal City Studios*, 464 U.S. 417, 437–38 (1984).

Direct infringement is a prerequisite for finding third party liability. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir.2001). *See also Subafilms, Ltd. v. MGM–Pathe Communications*, 24 F.3d 1088, 1091–94 (9th Cir.1994) (en banc).

In certain cases, it may be appropriate to instruct the jury upon the meaning of "control" or "financial benefit" for purposes of vicarious infringement. *See A &*

*M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1023–1024 (9th Cir.2001) (defendant's ability to block or police use of its internet service is evidence of the right and ability to supervise); *Fonovisa, Inc. v. Cherry Auction, Inc*., 76 F.3d 259, 262–263 (9th Cir.1996) (detailing the elements of vicarious infringement in the absence of an employer-employee relationship).

**Further Comments**: *Knowledge of Direct Infringement; "Safe Havens."*


## 20.20 DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT—ELEMENTS AND BURDEN OF PROOF

**I will now instruct you on the substantive law that applies to vicarious infringement.**

**Whether or not a person knows of someone else's infringement, that first person is vicariously liable for the other persons' copyright infringement if that first person has a financial interest in and the right and ability to supervise the infringing activity by the other person.**

~~A person is liable for copyright infringement by another if the person has a financial interest and the right and ability to supervise the infringing activity whether or not the person knew of the infringement.~~

If you find that [~~*name of direct infringer*~~]**one or more of the former Fleming employees** infringed **Berry's** ~~the plaintiff's~~ copyright in [~~*alleged violation*~~]**FCS 1993**, you may consider **Berry's** ~~the plaintiff's~~ claim that [~~*name of vicarious infringer*~~]**Fleming** vicariously infringed that copyright. ~~The plaintiff~~ **Berry** has the burden of proving both of the following by a preponderance of the evidence:

1. ~~the defendant~~**Fleming** had a financial interest in **and profited from** the infringing activity of [~~*name of direct infringer*~~]**one or more of the former Fleming employees**; and

2. ~~the defendant~~**Fleming** had the right and ability to ~~[supervise]~~ [control] the infringing activity of [~~*name of direct infringer*~~]**the former Fleming employees**.

If you find both of these elements are proved, your verdict should be for ~~the plaintiff if you also find that [~~*~~name of direct infringer~~*~~] infringed plaintiff's copyright~~**Berry**.  On the other hand, if either of these elements was not proved, your verdict should be for ~~the defendant [~~*~~insert name of alleged vicarious infringer~~*~~].~~**Fleming.**

## POST-TRIAL INSTRUCTION NO. __

I will now instruct you on the substantive law that applies to vicarious infringement.

Whether or not a person knows of someone else's infringement, that first person is vicariously liable for the other persons' copyright infringement if that first person has a financial interest in and the right and ability to supervise the infringing activity by the other person.

If you find that one or more of the former Fleming employees infringed Berry's copyright in FCS 1993, you may consider Berry's claim that Fleming vicariously infringed that copyright. Berry has the burden of proving both of the following by a preponderance of the evidence:

1.     Fleming had a financial interest in and profited from the infringing activity of one or more of the former Fleming employees; and

2.     Fleming had the right and ability to control the infringing activity of the former Fleming employees.

If you find both of these elements are proved, your verdict should be for Berry. On the other hand, if either of these elements was not proved, your verdict should be for Fleming.

## POST-TRIAL INSTRUCTION NO. 23

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 20.22
## COPYRIGHT—DAMAGES (17 U.S.C. § 504))

The Court has already determined that the defendants directly infringed Berry's copyright in FCS 1993.  You must determine Berry's damages, if any, for the defendants' direct infringement.  It is therefore the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered with regard to vicarious liability.  However, you must also determine Berry's damages, if any, for Fleming's vicarious infringement if you find that Fleming has vicariously infringed.

Berry is entitled to recover from Fleming and the former employees the actual damages suffered as a result of the infringing activities.  [Actual damages includes the profits lost by Berry and any diminution in the market value of the copyright.][1]

In addition to actual damages, Berry is also entitled to recover from Fleming only any profits of Fleming attributable to the infringing activities.  However, you may not include in an award of Fleming's profits any amount that you have taken into account in determining actual damages.

Berry must prove damages by a preponderance of the evidence.  Your award must be based on evidence and not upon speculation, guesswork, or conjecture.

### Comment

Give this instruction along with instruction 7.1 (Damages—Proof).  [*Note:* relevant portions already incorporated.]

The copyright law allows the award of compensatory damages and infringer's profits.  *See Eales v. Envtl. Lifestyles, Inc.*, 958 F.2d 876, 880 (9th Cir.1992); *Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 772 F.2d 505, 512 n. 5 (9th Cir.1985).

**Further Comments**: *Election of Damages; Statutory Damages Required* .

_____

[1]  Without waiving any rights with regard to any other language in these jury instructions, the parties specifically reserve the right to have this language adjusted or eliminated depending on what evidence comes in at trial.

## 20.22 COPYRIGHT—DAMAGES (17 U.S.C. § 504)

~~If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages.  The plaintiff~~**The Court has already determined that defendants directly infringed Berry's copyright in FCS 1993. You must determine Berry's damages, if any, for the defendants' direct infringement.  It is therefore the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered with regard to vicarious liability.  However, you must also determine Berry's damages, if any, for Fleming's vicarious infringement if you find that Fleming has vicariously infringed.**

**Berry** is entitled to recover **from Fleming and the former employees** the actual damages suffered as a result of the ~~infringement~~ **infringing activities**. [Actual damages includes the profits lost by ~~the plaintiff~~**Berry** and any diminution in the market value of the copyright.]**1**

In addition to actual damages, ~~the plaintiff~~**Berry** is also entitled to recover **from Fleming only** any profits of ~~the defendant~~**Fleming** attributable to the ~~infringement~~ **infringing activities**.  However, you may not include in an award of ~~the defendant~~**Fleming**'s profits any amount that you have taken into account in determining actual damages.

~~The plaintiff~~**Berry** must prove damages by a preponderance of the evidence**. Your award must be based on evidence and not upon speculation, guesswork, or conjecture**.

### Comment

Give this instruction along with instruction 7.1 (Damages—Proof).  **[*Note:* relevant portions already incorporated.]**

The copyright law allows the award of compensatory damages and infringer's profits.  *See Eales v. Envtl. Lifestyles, Inc.*, 958 F.2d 876, 880 (9th

---

**1   Without waiving any rights with regard to any other language in these jury instructions, the parties specifically reserve the right to have this language adjusted or eliminated depending on what evidence comes in at trial.**

Cir.1992); *Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 772 F.2d 505, 512 n. 5 (9th Cir.1985).

**Further Comments**: *Election of Damages; Statutory Damages Required* .

## POST-TRIAL INSTRUCTION NO. __

The Court has already determined that the defendants directly infringed Berry's copyright in FCS 1993. You must determine Berry's damages, if any, for the defendants' direct infringement. It is therefore the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered with regard to vicarious liability. However, you must also determine Berry's damages, if any, for Fleming's vicarious infringement if you find that Fleming has vicariously infringed.

Berry is entitled to recover from Fleming and the former employees the actual damages suffered as a result of the infringing activities. [Actual damages includes the profits lost by Berry and any diminution in the market value of the copyright.][1]

In addition to actual damages, Berry is also entitled to recover from Fleming only any profits of Fleming attributable to the infringing activities. However, you may not include in an award of Fleming's profits any amount that you have taken into account in determining actual damages.

Berry must prove damages by a preponderance of the evidence. Your award must be based on evidence and not upon speculation, guesswork, or conjecture.

_____

[1] Without waiving any rights with regard to any other language in these jury instructions, the parties specifically reserve the right to have this language adjusted or eliminated depending on what evidence comes in at trial.

## POST-TRIAL INSTRUCTION NO. 24

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 20.23 COPYRIGHT—DAMAGES—ACTUAL DAMAGES (17 U.S.C. § 504(B)))

The plaintiff, Wayne Berry, is entitled to recover from Fleming and the former employees the actual damages he has suffered, if any.  Actual damages means the amount of money adequate to compensate Berry for losses, if any, caused by the infringement.  Actual damages can include what Fleming should reasonably have had to pay to use the modified version of FCS 1993.  [Actual damages can also include the reduction in the market value of the copyrighted work, which is the amount a willing buyer would have been reasonably required to pay to a willing seller at the time of the infringement for the use made by Fleming of Berry's work.][1]

_____

[1]  Without waiving any rights with regard to any other language in these jury instructions, the parties specifically reserve the right to have this language adjusted or eliminated depending on what evidence comes in at trial.


## Comment

Add applicable paragraphs from Instruction 20.24 (Copyright Damages—Defendant's Profits).

The Ninth Circuit has described actual damages as consisting of "elements such as [1] the profits lost by the copyright holder, [2] the profits made by the infringer or [3] the diminution in value of the copyright.  Such damages are designed to compensate the plaintiff and to prevent the defendant's unjust enrichment." *Nintendo of America, Inc. v. Dragon Pacific Int'l.*, 40 F.3d 1007, 1011 (9th Cir.1994).  The profits made by the infringer are the subject of Instruction 20.24 (Damages—Defendant's Profits).

" 'Actual damages' are the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement." *Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 772 F.2d 505, 512–13 & n. 6 (9th Cir.1985).  The diminution in value of the copyright is to be determined by the profit lost by plaintiff as a result of the infringement. *Id.*  This is reflected by the lost fair market

value and "all profits attributable to the defendant's infringement of the copyright and any ascertainable indirect profits." *Eales v. Envtl. Lifestyles, Inc.*, 958 F.2d 876, 880 (9th Cir.1992). *See also Sid & Marty Krofft Television Prod. v. McDonald's Corp.*, 562 F.2d 1157, 1172–74 (9th Cir.1977) (discussing the difference between actual damages for reduction in value and infringer profits).

Once plaintiff establishes with reasonable certainty the loss due to the infringement, the burden shifts to the infringer to show that such loss would have occurred even in the absence of the infringement. *See Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 567 (1985).

Lost fair market value is "what a willing buyer would have been reasonably required to pay a willing seller for plaintiff's work." *Eales v. Envtl. Lifestyles, Inc.*, 958 F.2d 876, 880 (9th Cir.1992).

**Further Comments**: *License Fee as Damage Measure; Extraterritoriality.*

### Comment [from Ninth Circuit Model Jury Instruction 3.8 -- Causation]

The committee recommends the use of "cause" rather than "legal cause" or "proximate cause." There is not a uniform causation standard for either federal or state claims. Separate causation instructions are included with specific federal actions covered in this work. *See, e.g.*, Instructions 8.4 (FELA—Causation) and 9.4 (Jones Act—Negligence Claim—Causation).

State law on causation must be carefully reviewed for diversity or supplemental (pendent) claims. State standards vary widely and are subject to change. *See, e.g., Mitchell v. Gonzales*, 54 Cal.3d 1041, 1045, 1 Cal.Rptr.2d 913, 918, 819 P.2d 872, 877 (1991) ("We think it unwise to underestimate the problems associated with the term 'proximate cause.' ").

The terms "proximate cause" and "legal cause" are not uniformly defined and should be used only with the correct definition for the issues before the court.

*See* Comment to Instruction 7.1 (Damages—Proof).

## 20.23 COPYRIGHT—DAMAGES—ACTUAL DAMAGES (17 U.S.C. § 504(B))

The ~~copyright owner~~**plaintiff, Wayne Berry,** is entitled to recover **from Fleming and the former employees** the actual damages **he has** suffered**, if any**. Actual damages means the amount of money adequate to compensate ~~the copyright owner~~**Berry** for **losses,** ~~the reduction of the market value of the copyrighted work~~ **if any,** caused by the infringement.  **Actual damages can include what Fleming should reasonably have had to pay to use the modified version of FCS 1993. [Actual damages can also include the** ~~The~~ reduction in the market value of the copyrighted work **which** is the amount a willing buyer would have been reasonably required to pay to a willing seller at the time of the infringement for the use made by ~~the defendant of the plaintiff~~**Fleming of Berry's** work.  This can be measured by the ~~[~~profits lost by the copyright owner~~]~~~~[~~**, the** diminution in value of the copyright~~]~~**, or both]**.

**POST-TRIAL INSTRUCTION NO. __**

The plaintiff, Wayne Berry, is entitled to recover from Fleming and the former employees the actual damages he has suffered, if any. Actual damages means the amount of money adequate to compensate Berry for losses, if any, caused by the infringement. Actual damages can include what Fleming should reasonably have had to pay to use the modified version of FCS 1993. [Actual damages can also include the reduction in the market value of the copyrighted work, which is the amount a willing buyer would have been reasonably required to pay to a willing seller at the time of the infringement for the use made by Fleming of Berry's work.][1]

_____

[1] Without waiving any rights with regard to any other language in these jury instructions, the parties specifically reserve the right to have this language adjusted or eliminated depending on what evidence comes in at trial.

## POST-TRIAL INSTRUCTION NO. 25

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 20.24 COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS (17 U.S.C. § 504(B)))

In addition to actual damages, Wayne Berry is entitled to recover from Fleming any profits attributable to the infringing activities.  You may not include in an award of profits any amount that you took into account in determining actual damages.

Fleming's profit is determined by subtracting all expenses from Fleming's gross revenue.

Fleming's gross revenue is all of its receipts from the use of Berry's software.  Berry has the burden of proving Fleming's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and transportation costs incurred in producing Fleming's gross revenue.  Fleming has the burden of proving its expenses by a preponderance of the evidence.  Fleming also has the burden of proving the portion of the profit, if any, attributable to factors other than infringing Berry's software.  But you should only award Berry profit attributable to Fleming's use of the infringing version of FCS 1993 between April 1, 2003 and June 9, 2003.

### Comment

"Any doubt as to the correctness of the profit calculation should ... be resolved in favor of the plaintiff." *Eales v. Envtl. Lifestyles, Inc.*, 958 F.2d 876, 881 n. 4 (9th Cir.) (Requirement that profits not be used in actual damage calculation "is designed to prevent a plaintiff from recovering twice for the same damages."), *cert. denied*, 506 U.S. 1001 (1992).

In the Ninth Circuit, the calculation of actual damages under the 1909 Copyright Act differs from that under the 1976 Copyright Act. Prior to 1985, the Ninth Circuit interpreted the 1909 Copyright Act as allowing recovery of only the higher of actual damages or infringer profits.  This differed from other circuits, where recovery of both actual damages and the infringer's profits was allowed. However, in the 1976 Copyright Act, Congress resolved these differing interpretations.  *See Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.,* 772 F.2d 505, 512 n. 5 (9th Cir.1985) ("Under the current [1976] Copyright Act ... a

prevailing plaintiff is entitled to recover both actual damages and the infringer's profits.") (citing *Transgo, Inc. v. Ajac Transmission Parts Corp.,* 768 F.2d 1001, 1023 (9th Cir.1985)), cert. denied, 474 U.S. 1059 (1986).

A jury instruction on defendant's profits must adequately convey the burden of proof on attribution of profit. The copyright owner is required to present proof "only of the infringer's gross revenue, and the infringer is required to prove ... deductible expenses" and "what percentage of the infringer's profits" were not attributable to copying the infringed work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir.2000).

Where defendant's profits are derived from both infringing and non-infringing activities, not all of defendant's profits can be attributed to the infringement. Accordingly, the profits should be apportioned. *See Cream Records v. Joseph Schlitz Brewing Co.* , 754 F.2d 826, 828–29 (9th Cir.1985). However, the benefit of the doubt in apportioning profits is given to the plaintiff. *See Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 886 F.2d 1545, 1549 (9th Cir.1989). Precision is not required, as long as a reasonable and just apportionment of profits is reached. *See Frank Music Corp.,* 772 F.2d at 518. In the final analysis, "where infringing and noninfringing elements of a work cannot be readily separated, all of a defendant's profits should be awarded to a plaintiff." *Nintendo of America, Inc. v. Dragon Pacific Intern.*, 40 F.3d 1007, 1012 (9th Cir.1994).

In a multi-defendant case, this instruction may need to be tailored according to the defendant to whom it applies. Where there are multiple infringers of a copyright, all infringers are jointly and severally liable for the plaintiff's actual damages, but each defendant is severally liable for the defendant's own illegal profits. *See Frank Music Corp.,* 772 F.2d at 519.

**Further Comments**: *Purpose of Profit Award*; *Examples of Calculation of Profits*; *Examples of Deductions from Defendant's Gross Revenue; Willful Infringement and Deductions.*

## 20.24 COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS (17 U.S.C. § 504(B))

In addition to actual damages, ~~the copyright owner~~**Wayne Berry** is entitled to **recover from Fleming** any profits ~~of the defendant~~ attributable to the ~~infringement~~ **infringing activities**.  You may not include in an award of profits any amount that you took into account in determining actual damages.

~~The defendant'~~**Fleming's** profit is determined by ~~[deducting]~~ [subtracting] all expenses from ~~the defendant'~~**Fleming's** gross revenue.

~~The defendant'~~**Fleming's** gross revenue is all of ~~the defendant's~~**its** receipts from the ~~[use]~~ ~~[sale] of a [product] [work] containing or using the copyrighted work.  The plaintiff~~ **of Berry's software.  Berry** has the burden of proving ~~the defendant'~~**Fleming's** gross revenue by a preponderance of the evidence.

Expenses are all ~~[operating costs]~~ ~~[,~~**,** overhead costs~~]~~ ~~[,~~ **and]** ~~production~~ **transportation** costs incurred in producing ~~the defendant'~~**Fleming's** gross revenue.  ~~The defendant~~**Fleming** has the burden of proving ~~the defendant's~~**its** expenses by a preponderance of the evidence.

~~Unless you find that a portion of the profit from the [use] [sale] of a [product] [work] containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement.  The defendant~~**Fleming also** has the burden of proving the ~~[portion]~~ ~~[percentage]~~ of the profit, if any, attributable to factors other than ~~[copying]~~ ~~[infringing] the copyrighted work.~~ **Berry's software.  But you should only award Berry profit attributable to Fleming's use of the infringing version of FCS 1993 between April 1, 2003 and June 9, 2003.**

## POST-TRIAL INSTRUCTION NO. __

In addition to actual damages, Wayne Berry is entitled to recover from Fleming any profits attributable to the infringing activities.  You may not include in an award of profits any amount that you took into account in determining actual damages.

Fleming's profit is determined by subtracting all expenses from Fleming's gross revenue.

Fleming's gross revenue is all of its receipts from the use of Berry's software.  Berry has the burden of proving Fleming's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and transportation costs incurred in producing Fleming's gross revenue.  Fleming has the burden of proving its expenses by a preponderance of the evidence.  Fleming also has the burden of proving the portion of the profit, if any, attributable to factors other than infringing Berry's software.  But you should only award Berry profit attributable to Fleming's use of the infringing version of FCS 1993 between April 1, 2003 and June 9, 2003.

## POST-TRIAL INSTRUCTION NO. 26

## (BASED ON COURT'S INSTRUCTION NO. 22 DAMAGES INSTRUCTION NOT RELEVANT TO LIABILITY)

The fact that I have given you instructions concerning the issue of the plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail on his claim for vicarious infringement or otherwise receive any award for damages.


This is Court's Instruction No. 22 without changes except that the last clause has been modified in light of the Court's previous summary judgment orders.

**POST-TRIAL INSTRUCTION NO. __**

The fact that I have given you instructions concerning the issue of the plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail on his claim for vicarious infringement or otherwise receive any award for damages.

This is Court's Instruction No. 22 without changes except that the last clause has been modified in light of the Court's previous summary judgment orders.

## POST-TRIAL INSTRUCTION NO. 27

## (BASED ON COURT'S INSTRUCTION NO. 23 VERDICT FORM)

Upon retiring to the jury room you should first select one of your number to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.  A form of verdict has been prepared for your convenience.

(Explain verdict form.)

You will take the verdict form to the jury room, and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, then date and sign it.  You will then return to the courtroom.

If, during your deliberations, you desire to communicate with the court, please reduce your message or question to writing signed by the foreperson.  The foreperson will then contact the courtroom deputy by using the telephone located in the hallway outside the jury room.  The courtroom deputy will pick up the note and bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

This is Court's Instruction No. 23 without changes.

## POST-TRIAL INSTRUCTION NO. __

Upon retiring to the jury room you should first select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

(Explain verdict form.)

You will take the verdict form to the jury room, and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, then date and sign it. You will then return to the courtroom.

If, during your deliberations, you desire to communicate with the court, please reduce your message or question to writing signed by the foreperson. The foreperson will then contact the courtroom deputy by using the telephone located in the hallway outside the jury room. The courtroom deputy will pick up the note and bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

## POST-TRIAL INSTRUCTION NO. 28

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 4.3 COMMUNICATION WITH COURT)

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

This is Court's Instruction No. 4.3 without changes except for the insertion of "courtroom deputy" in the first sentence based on that language appearing in Court's Instruction No. 23.

## POST-TRIAL INSTRUCTION NO. __

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## POST-TRIAL INSTRUCTION NO. 29

## (BASED ON NINTH CIRCUIT MODEL INSTRUCTION 20.25 COPYRIGHT DAMAGES—STATUTORY DAMAGES—WILLFUL INFRINGEMENT—INNOCENT INFRINGEMENT (17 U.S.C. § 504(C)))

**[To be given after further presentation of evidence if Berry subsequently elects statutory damages].**

You must consider the damages Fleming and the former employees must pay to Berry. Berry seeks a statutory damage award, established by Congress for the work infringed. Its purpose is to penalize the infringing defendants and deter future violations of the copyright laws.

You may award as statutory damages for the infringement of Berry's copyrighted work an amount that you feel is just under the circumstances, provided that amount is not more than $30,000. Factors you should consider include:

1.  the expenses saved and the profits reaped by the defendants in connection with the infringements;

2.  the revenues lost by Berry as a result of the defendants' conduct;

3.  the defendants' state of mind; and

4.  the goal of deterring future violations of the copyright laws.

Additionally, the Court has determined the infringement was inadvertent. You therefore may, but are not required to, reduce the statutory damages for infringement of that work to a sum as low as $200.

Factors you should consider in this respect include the extent to which:

1.  the defendants were not aware that the defendants' acts constituted infringement of the copyright; and

2.  the defendants had no reason to believe that the defendants' acts constituted an infringement of the copyright.

## Comment

The jury should be provided with a special interrogatory form in order to report its findings on the issue of statutory damages.

The Seventh Amendment provides for the right to a jury trial on statutory damage issues, including the amount of such award. *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340, 355 (1998).

Under the Digital Theft and Deterrence and Copyright Damages Improvement Act of 1999, P.L. No. 106–60 (106th Cong. 1st. Sess), the minimum for statutory damages was raised from $500 to $750 per work infringed and the maximum was raised from $20,000 to $30,000 per work infringed. The statutory damage maximum for willful infringement increased from $100,000 to $150,000.

There is wide discretion in determining the amount of statutory damages, constrained only by the specified statutory maximum and minimum. *See Los Angeles News Serv. v. Reuters Television Intern.*, 149 F.3d 987, 996 (9th Cir.1998); *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir.1984) (The trier of fact must be guided by "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like" restrained only by the qualification it be within the prescribed maximum or minimum.). *See also Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir.1990).

Because statutory damages serve both compensatory and punitive purposes, plaintiff can recover statutory damages whether or not there is adequate evidence of the actual damage suffered by plaintiff or the profits reaped by the defendant. *Harris*, 734 F.2d at 1335. *See also Peer Int'l Corp.,* 909 F.2d at 1337. "Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy" of discouraging infringement. *F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 233 (1952). When an injury can be shown, but neither profits nor damages can be proven, statutory profits are mandatory. *See Russell v. Price,* 612 F.2d 1123 (9th Cir.1979); *Pye v. Mitchell*, 574 F.2d 476, 481 (9th Cir.1978).

## Modification to Instruction for Innocent Infringement Cases

When the defendant raises evidence regarding innocent infringement of the copyright, add the following two paragraphs to this instruction:

The defendant contends that the defendant innocently infringed the [*specify*] copyright[s].  If the defendant proves this by a preponderance of the evidence, you may, but are not required to, reduce the statutory damages for infringement of that work to a sum as low as $200.

An infringement is considered innocent when:

1.    the defendant was not aware that the defendant's acts constituted infringement of the copyright; and

2.    the defendant had no reason to believe that the defendant's acts constituted an infringement of the copyright.

Whether defendant's infringement was innocent is a factual determination. *See Los Angeles News Serv. v. Reuters Television Int'l*, 149 F.3d 987, 995 (9th Cir.1998).

Even if the trier of fact finds that an infringement was innocent, this finding does not mandate a reduction in the statutory damages.  *See Los Angeles News Serv. v. Tullo*, 973 F.2d 791, 800 (9th Cir.1992).

**Modification of Instruction when Willful Infringement Alleged**

When the plaintiff provides evidence regarding willfulness of the defendant's infringement of the copyright, add the following two paragraphs to this instruction:

The plaintiff contends that the defendant willfully infringed the [*specify* ] copyright[s].  If the plaintiff proves by a preponderance of the evidence willful infringement, you may, but are not required to, increase the statutory damages for infringement of that work to a sum as high as $150,000.

An infringement was willful when the defendant engaged in acts that infringed the copyright, and knew that those actions may infringe the copyright.

Although neither the Copyright Act nor its legislative history defines "willful," the Ninth Circuit defined willful as the defendant's "knowledge that the defendants' conduct constituted an act of infringement." *See Peer Int'l. Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335–36 n. 3 (9th Cir.1990).  To refute evidence of willful infringement, the defendant must "not only establish its good faith belief in the innocence of its conduct, it must also show that it was reasonable

in holding such a belief." *Id.* at 1336 (a defendant who ignored the revocation of its license to a copyrighted work and continued to use the work after the revocation, willfully infringed that work). *See also Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 293 (9th Cir.1997) ("Willful" means acting "with knowledge that [one's] conduct constitutes copyright infringement."), *rev'd on other grounds, Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340 (1998).

     **Further Comments**: *Statutory Damage Limitations*; *Effect of Failure to Prove Actual Damages; Statutory Damages in Multiparty Cases; Statutory Damages in Multi–Work Cases; Innocent Infringement and Fair Use; Practicability and Innocent Infringement; Specificity of Knowledge for Willful Infringement; Contempt Finding and Willful Infringement; Willful Infringement and Attorneys' Fees.*

     These instructions are based in significant part on the factors listed in *IO Group v. Adkins*, 2005 WL 1492381 (N.D. Cal., 2005).

## 20.25 COPYRIGHT DAMAGES—STATUTORY DAMAGES—WILLFUL INFRINGEMENT—INNOCENT INFRINGEMENT (17 U.S.C. § 504(C))

~~If you determine that the defendant infringed the plaintiff's copyrighted work[s] in Instruction [[20.4 (Copyright Infringement—Elements—Ownership and Copying)] [*insert number of infringement instruction*]], you~~**[To be given after further presentation of evidence if Berry subsequently elects statutory damages].**

**You** must consider the damages **Fleming and** the ~~defendant~~**former employees** must pay to ~~the plaintiff. The plaintiff~~**Berry.  Berry** seeks a statutory damage award, established by Congress for ~~[the work infringed] [each work infringed, regardless of the number of infringements of each work]~~.  Its purpose is to penalize the ~~infringer~~**infringing defendants** and deter future violations of the copyright laws.

~~[~~You may award as statutory damages for the infringement of ~~the plaintiff~~**Berry**'s copyrighted work an amount that you feel is just under the circumstances, provided that amount is not ~~less than $750, nor~~ more than $30,000. ~~In this case, the plaintiff contends that the defendant infringed the plaintiff' copyrighted work and that an award of $___ for that infringement would be just.]~~ **Factors you should consider include:**

**1.    the expenses saved and the profits reaped by the defendants in connection with the infringements;**

**2.    the revenues lost by Berry as a result of the defendants' conduct;**

**3.    the defendants' state of mind; and**

**4.    the goal of deterring future violations of the copyright laws.**

**Additionally, the Court has determined the infringement was inadvertent.  You therefore may, but are not required to, reduce the statutory damages for infringement of that work to a sum as low as $200.**

**Factors you should consider in this respect include the extent to which:**

**1.    the defendants were not aware that the defendants' acts constituted infringement of the copyright; and**

**2.      the defendants had no reason to believe that the defendants' acts constituted an infringement of the copyright.**

~~[You may award as statutory damages an amount that you feel is just under the circumstances, provided that amount is not less than $750, nor more than $30,000 per work you conclude was infringed. In this case, the plaintiff contends that the defendant infringed [*insert number*] of the plaintiff's works and contends that *[specify particular works and statutory damages amount requested for infringement of the particular work or works]*] would be just.]~~

## POST-TRIAL INSTRUCTION NO. __

**[To be given after further presentation of evidence if Berry subsequently elects statutory damages].**

You must consider the damages Fleming and the former employees must pay to Berry. Berry seeks a statutory damage award, established by Congress for the work infringed. Its purpose is to penalize the infringing defendants and deter future violations of the copyright laws.

You may award as statutory damages for the infringement of Berry's copyrighted work an amount that you feel is just under the circumstances, provided that amount is not more than $30,000. Factors you should consider include:

1.    the expenses saved and the profits reaped by the defendants in connection with the infringements;

2.    the revenues lost by Berry as a result of the defendants' conduct;

3.    the defendants' state of mind; and

4.    the goal of deterring future violations of the copyright laws.

Additionally, the Court has determined the infringement was inadvertent. You therefore may, but are not required to, reduce the statutory damages for infringement of that work to a sum as low as $200.

Factors you should consider in this respect include the extent to which:

1.    the defendants were not aware that the defendants' acts constituted infringement of the copyright; and

2.    the defendants had no reason to believe that the defendants' acts constituted an infringement of the copyright.

124

DATED: Honolulu, Hawaii, January 10, 2006

KOBAYASHI, SUGITA & GODA          */s/ Thomas H. Yee*_____

BERT T. KOBAYASHI, JR.
LEX R. SMITH
THOMAS H. YEE
Attorneys for Defendant
THE POST CONFIRMATION TRUST
FOR THE FLEMING COMPANIES, INC.

and

KIRKLAND & ELLIS LLP
Eric C. Liebler (CA Bar No. 149504)
Damian D. Capozzola (CA Bar No. 228611)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimilie: (213) 680-8500

Co-Counsel for the Post Confirmation Trust
for Fleming Companies, Inc.