KOBAYASHI SUGITA & GODA
BERT T. KOBAYASHI, JR.   659-0
LEX R. SMITH                      3485-0
THOMAS H. YEE               7344-0
SUITE 2600, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 539-8700
Fax No. (808) 539-8799
Email: lrs@ksg.law.com

KIRKLAND & ELLIS LLP
Eric C. Liebeler (CA Bar No. 149504)
Damian Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA  90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: eliebeler@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM-LEK<br>) (Copyright)<br>) |
| Plaintiff, | ) **DEFENDANT PCT'S OPPOSITION**<br>) **TO PLAINTIFF WAYNE BERRY'S**<br>) **MOTION IN LIMINE TO EXCLUDE** |
| vs. | ) **EXPERT TESTIMONY OF JEFFREY**<br>) **KINRICH REGARDING MATTERS**<br>) **NOT CONTAINED IN HIS EXPERT** |
| HAWAIIAN EXPRESS SERVICE,<br>INC., et al., | ) **REPORT; DECLARATION OF**<br>) **DAMIAN CAPOZZOLA IN** |

1

|  |  |
|---|---|
| Defendants. | ) SUPPORT OF DEFENDANT PCT'S<br>) OPPOSITION TO PLAINTIFF<br>) WAYNE BERRY'S MOTION IN<br>) LIMINE TO EXCLUDE EXPERT<br>) TESTIMONY OF JEFFREY<br>) KINRICH REGARDING MATTERS<br>) NOT CONTAINED IN HIS EXPERT<br>) REPORT; EXHIBITS "A" – "E"<br>)<br>)<br>) Judge:        Hon. Susan O. Mollway<br>) Trial Date:   January 24, 2006<br>)<br>) Hearing Date: January 20, 2006<br>) Hearing Time: 2:00 p.m.<br>) |

**DEFENDANT PCT'S OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF JEFFREY KINRICH REGARDING MATTERS NOT CONTAINED IN HIS EXPERT REPORT**

The Court should reject Berry's request for an order restricting the testimony of the PCT's[1] economics expert, Jeff Kinrich. Mr. Kinrich's June 16, 2005 report (as supplemented on September 28, 2005) complies with the requirements of Fed. R. Civ. P. 26(a)(2), and the Powerpoint presentation about which Berry now complains lives well within the spirit of the disclosure rules.

Expert reports define the boundary of an expert's testimony. They are not

---

[1] For linguistic convenience we will use "Fleming" and the "PCT" throughout our briefing, and the terms are interchangeable unless context requires. Fleming Companies, Inc. filed Chapter 11 bankruptcy on April 1, 2003. As part of Fleming's reorganization plan, the Post-Confirmation Trust (PCT) was to handle a number of rights and obligations relating to Fleming.

supposed to be a verbatim transcript of what the witness will say; to require otherwise would be both theoretically undesirable and practically unrealistic. A complete report must include the substance of the testimony which an expert is **expected** to give on direct examination together with the reasons therefore. *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (emphasis added). But a court should only exclude expert testimony when there is **considerable and unjustified variance** between the expert's Rule 26 report and his testimony. *Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.*, 175 F.3d 18, 34 (1st Cir. 1999) (emphasis added); *see also Phil Crowley Steel Corp. v. Macomber, Inc.*, 601 F.2d 342, 344 (8th Cir. 1979) (noting trial judge has wide discretion to allow expert testimony even if revised shortly before trial). Indeed, one of the central purposes of an expert deposition is to flesh out the nuances of what the expert will say at trial. *See Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55 (9th Cir. 1961) (stating purpose of deposition is to perpetuate testimony). To satisfy Rule 26 requirements, the report must be sufficiently complete so as to shorten or decrease—as opposed to eliminate—the need for expert depositions. *Salgado*, 150 F.3d at 742.

     Berry's true complaint in this motion really reduces to one of regret at never deposing Mr. Kinrich despite his availability. Two of the specific details about which Berry complains are easily extrapolated from Kinrich's report. The other

two are relatively immaterial supplements that are easily introduced through other witnesses in any event, from which Berry will suffer no prejudice.

**A.    Kinrich's Report Complies With the Requirements of Fed. R. Civ. P. 26(a)(2) and There Is No Basis for a Blanket Order Restricting Kinrich's Testimony.**

Berry alleges that Fleming's Powerpoint summary of Kinrich's testimony strays so far from his report that "Mr. Kinrich needs to be reigned in [sic] before trial." *See* Opp. at 7; Capozzola Decl. Ex. A (Kinrich Report); Capozzola Decl. Ex. B (Trial Ex. 231). In other words, Berry claims that he needs the protection of a special order to give him what the law already provides anyway: Fleming is well aware of how the expert disclosure requirements operate and has no intention of abusing them. Moreover, as the following table demonstrates, with only minor exceptions Kinrich's report, supplemented on September 28, 2005 (*see* Ex. E at ¶¶ 35-37), forms the foundation for each of the slides in the Powerpoint presentation, which is all the law requires. *See* Fed. R. Civ. P. 26(a)(2)(B) (the export report shall contain any exhibits to be used as a **summary** of or support for the opinions) (emphasis added). There is only a slight variation between Kinrich's Powerpoint slides and what he provided in his report. Expert testimony is properly excluded when there is **considerable and unjustified variance** between the expert's Rule 26 report and his testimony. *Coastal Fuels of Puerto Rico, Inc.*, 175 F.3d at 34 (emphasis added); *cf. Murray v. First Marine Ins. Co.*, 29 Fed. Appx.

4

503, 507 (10th Cir. 2002) (expert testimony based on photographs excluded because expert's report made **no mention** of such photographs) (emphasis added).

| Slide Nos. | Slide Title(s) | See Kinrich Report ¶¶ |
|---|---|---|
| 1 | Summary of Opinions | 13-18 |
| 2-3 | Mr. Ueno's "Reasonable License Fee" Per Container Calculation | 21-27 |
| 4 | "Fleming Acknowledged Fee" Used by Mr. Ueno Has Nothing to do with the FCS | 21-27 |
| 5 | Mr. Ueno's Calculation of the Number of Containers Processed By Fleming is Arbitrary | 21-27 |
| 6-7 | Other Conceptual Problems with Mr. Ueno's "Reasonable License Fee" Calculation | 21-27 (also Kinrich Supp. Report ¶ 25) |
| 8-9 | Fleming Hawaii Lost Money During The Infringement Period | 28-32; 43-44 |
| 10 | Fleming Hawaii's Performance Improved after the Use of FCS Ceased | Ex. 5 |
| 11 | Even if Fleming Did Have Profits, They are not Attributable to the FCS Software | 33-36 |
| 12 | Fleming's Costs Increased Slightly After Abandoning the FCS Software | See discussion below |
| 13-17 | Actual Damages Suffered by Mr. Berry | 37-41 |
| 18 | Summary | 13-18 |

5

In reviewing the above comparison between Kinrich's report and the Powerpoint presentation, the Court should also keep in mind that Mr. Kinrich expressly reserved his right to update his analysis if additional information became available to him. Capozzola Decl. Ex. A, ¶ 6. Berry had notice of this possibility, which the Federal Rules contemplate in any event. *See* Fed. R. Civ. P. 26(e)(1) (requiring a party to inform another party of a material change in or addition to information contained in an expert's pre-trial report). Nothing in Rule 26, however, precludes an expert from revising or further clarifying opinions, particularly in response to points raised in the presentation of a case. *Johnson v. H.K. Webster, Inc.*, 775 F.2d 1, 7 (1st Cir. 1985). Fleming volunteered Mr. Kinrich for deposition, Capozzola Decl. Ex. C, but Berry refused this opportunity to examine Mr. Kinrich about what information may have become available to him subsequent to his report. In any event, the law already empowers the Court to preclude testimony from Kinrich that does not comply with his report. There is no basis for a separate order granting Berry unnecessary relief, and the Court should reject his request. A court should not ignore the principles of judicial economy by creating delays that waste the time and resources of the courts and the litigants. *See e.g. DeNieva v. Reyes*, 966 F.2d 480, 484 (9th Cir. 1992).

**B.    Two of Berry's Specific Issues Are Easily Extrapolated From Kinrich's Report.**

Berry first specifically complains that Kinrich's report never addressed the

costs of goods (accounting for roughly 92% of Fleming's net operating sales). Not so. Exhibit 5 of Kinrich's report (Capozzola Decl. Ex. A) contains separate line items showing $54 million in net sales and $4.6 million in gross margin for all operations. Moreover, Kinrich expended on this issue at ¶¶ 35-37 of his supplemental report (Capozzola Decl. Ex. E). Fleming expects Kinrich to testify that it is common internal reporting practice that the reduction from the former to the latter comes from removing the cost of acquiring the goods that Fleming subsequently sold, and further that this is so patently obvious that wholesale distribution companies routinely do not include a separate line item showing what has been removed. (Fleming further expects former Division President, Brian Christensen, to so testify as well). In any event, if Berry was really interested in knowing how Kinrich went from one line to the next he should have deposed Mr. Kinrich, not waited until the eleventh hour to raise this makeweight objection. *See JOM, Inc. v. Adell Plastics, Inc.*, 193 F.3d 47, 50 (1st Cir. 1999) (party may not "lay in wait" to "exploit" other side's discovery violation).

    Berry's argument about the "loss per day" line in the tenth of the eighteen slides ("Fleming Hawaii's Performance Improved After Use of FCS Ceased," which Berry mistakenly terms the thirteenth slide of twenty-one slides) similarly fails. Exhibit 5 to Kinrich's report clearly provides the data necessary to make the calculations that appear on that slide, and Fleming twice provided the underlying

7

support for Kinrich Ex. 5 to Berry's expert. Capozzola Decl. Ex. D. The slide simply shows another way to cut data that has been on the table for months, and no expert disclosure rule requires any party to spoon feed the other the degree Berry suggests. The rationale behind requiring an expert report is to eliminate unfair surprise to the opposing party and to conserve resources. *See* Fed. R. Civ. P. 26 advisory committee's note. While an expert report must "contain a complete statement of all opinions **to be expressed**;" there is simply no restriction on the manner of this expression. *See* Fed. R. Civ. P. 26(a)(2)(B). Kinrich's report satisfies Rule 26(a)(2); the information necessary to make the calculations on slide 10 is contained within his report. Moreover, Kinrich's report complies with the spirit of Rule 26(a)(2). The calculations on slide 10 should come as no surprise to Berry; the data has been on the table for months and Fleming twice provided the underlying support for Kinrich's Ex. 5 to Berry's expert. If Berry was really interested in knowing how Kinrich arrived at the slide 10 calculations, he should have deposed Mr. Kinrich.

**C.    The Other Two of Berry's Specific Issues Are, At Most, Immaterial Supplements To Kinrich's Testimony That Fleming Can Introduce Through Other Means In Any Event.**

Berry also complains that the Kinrich trial Powerpoint references two facts not specifically referenced in Kinrich's report: (a) that Fleming rejected Berry's pre-license offer to sell the FCS for $300,000; and (b) that after ceasing its use of

8

the FCS Fleming hired a clerk with an annual cost of roughly $25,000. Both of these facts are easily admissible through various of the fact witnesses who will testify, so there is no prejudice to Berry in allowing Kinrich to comment on them. On this basis alone the Court should reject Berry's request.

Dated: Honolulu, Hawaii, January 10, 2006.

KOBAYASHI, SUGITA & GODA

*/s/ Thomas H. Yee*
BERT T. KOBAYASHI, JR.
LEX R. SMITH
THOMAS H. YEE
Attorneys for Defendant
THE POST CONFIRMATION TRUST
FOR THE FLEMING COMPANIES, INC.

and

KIRKLAND & ELLIS LLP
Eric C. Liebler (CA Bar No. 149504)
Damian D. Capozzola (CA Bar No. 228611)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimilie: (213) 680-8500

Co-Counsel for the Post Confirmation Trust for Fleming Companies, Inc.