KOBAYASHI SUGITA & GODA

BERT T. KOBAYASHI, JR.   659-0
LEX R. SMITH            3485-0
THOMAS H. YEE           7344-0
SUITE 2600, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 539-8700
Fax No. (808) 539-8799
Email: lrs@ksg.law.com

KIRKLAND & ELLIS LLP
Eric C. Liebeler (CA Bar No. 149504)
Damian Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA  90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: eliebeler@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM-LEK |
| | ) (Copyright) |
| | ) |
| Plaintiff, | ) **DEFENDANT PCT'S RESPONSE TO** |
| | ) **PLAINTIFF WAYNE BERRY'S** |
| | ) **MOTION IN LIMINE TO EXCLUDE** |
| vs. | ) **EXPERT TESTIMONY OF** |
| | ) **BRADLEY DECHTER;** |
| | ) **DECLARATION OF DAMIAN** |
| HAWAIIAN EXPRESS SERVICE, | ) **CAPOZZOLA IN SUPPORT OF** |

1

|  |  |
|---|---|
| INC., et al., | ) DEFENDANT PCT'S RESPONSE TO |
|  | ) PLAINTIFF WAYNE BERRY'S |
| Defendants. | ) MOTION IN LIMINE TO EXCLUDE |
|  | ) EXPERT TESTIMONY OF |
|  | ) BRADLEY DECHTER; EXHIBITS |
|  | ) "A" – "C" |
|  | ) |
|  | ) Judge:        Hon. Susan O. Mollway |
|  | ) Trial Date:   January 24, 2006 |
|  | ) |
|  | ) Hearing Date: January 20, 2006 |
| _____ | ) Hearing Time: 2:00 p.m. |

**DEFENDANT PCT'S RESPONSE TO PLAINTIFF WAYNE BERRY'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF <u>BRADLEY DECHTER</u>**

Berry's motion to exclude testimony from Brad Dechter is as disingenuous as it is meritless. Arguing that Dechter is a competitor, Berry prohibited Dechter from reviewing his software, and on that condition accepted Dechter's involvement as someone who would testify concerning whether logistics operations and logistics software are properly construed as a cost or a source of profit. Now Berry wishes to use his previous refusal to let Dechter see his software as a basis to stop Dechter from providing general industry expert testimony that is perfectly proper in any event. Berry's other, procedural objections are similarly baseless. The Court should deny Berry's motion in its entirety.

**A.    Berry Has Waived Any Objection To Dechter's Participation, and/or Should Be Estopped From Raising Such an Objection.**

On April 20, 2005, the PCT's counsel disclosed its intent to offer Brad

2

Dechter as an industry expert to testify "concerning whether logistics operations and logistics software are properly construed as a cost or a source of profit." Capozzola Decl. Ex. A.  Two days later, Berry agreed in writing to Dechter's participation provided that Dechter not review Berry's software given Berry's view of Dechter as a competitor:

> We are writing and sending via fax our objection to Brad Dechter or any other Berry competitor having access to Highly Confidential -- Attorneys Eyes Only materials in this case.  We designate all Y. Hata documents and of course all Berry Technology as such.  Because the last time someone used Mr. Dechter as an expert he sued them during the case just prior to trial from what appeared to be revelations that he learned in his deposition, **we welcome his participation so long as he has no access to protected materials**.  We wish to extend to him our fondest 'long time no see' and a 'welcome aboard!'

Capozzola Decl. Ex. B (emphasis added).  Having snidely agreed to Dechter's participation as an expert witness on the topic of whether logistics software bears on profits and having expressly conditioned that agreement on Dechter not reviewing his software, Berry has waived his ability to object -- as he now does -- that Dechter should not be able to testify about such issues because Dechter has not reviewed Berry's software. *See United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005) (defining waiver as the intentional relinquishment of a known right); *Slaven v. American Trading Transp. Co., Inc.*, 146 F.3d 1066, 1069 (9th Cir. 1998) (holding that appellant waived its right to challenge the settlement agreement because appellant unconditionally signed a stipulation agreeing to the

3

proposed settlement prior).

Relatedly, Berry's April 20 letter operates to estop him from maintaining his present position and the Court should not consider it. *See e.g. Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (stating judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position); *see also Humetrix, Inc. v. Gemplus, S.C.A.*, 268 F.3d 910, 917 (9th Cir. 2001) (judicial estoppel prohibits a litigant from asserting inconsistent positions in the same litigation).

**B.   Dechter's Testimony Is Proper In Any Event.**

The PCT[1] intends to elicit testimony from Brad Dechter concerning how logistics software relates to logistics operations and how, if at all, such software bears on revenues and profits generated by such operations. Because Dechter has not seen Berry's software (precisely for the reasons stated above), Dechter's testimony will necessarily cover the issues as they pertain to logistics companies generally. Such expert testimony will help the jury understand the subject matter and the issues in this case and is entirely proper here, especially since fact

---

[1]   For linguistic convenience we will use "Fleming" and the "PCT" throughout our briefing, and the terms are interchangeable unless context requires. Fleming Companies, Inc. filed Chapter 11 bankruptcy on April 1, 2003. As part of Fleming's reorganization plan, the Post-Confirmation Trust (PCT) was to handle a number of rights and obligations relating to Fleming.

4

witnesses such as Mark Dillon and Teresa Noa have worked with Berry's software and can give testimony connecting it to Dechter's general opinions. *See* F.R.E. 401-402 (allowing relevant evidence, meaning evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); 702 (expert testimony appropriate where "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue"). In determining whether the proposed expert testimony is relevant, the district court must make a preliminary determination as to whether the scientific knowledge can be applied to facts of the case at hand. *United States v. Rincon*, 28 F.3d 921, 925 (9th Cir. 1994). Here, testimony from fact witnesses familiar with Berry's software—such as Dillon and Noa—can be linked to Dechter's general testimony and thereby assist the jury in comprehending the subject matter. Indeed, expert testimony is properly admissible when it serves to assist the trier of fact to understand the evidence or determine a fact in issue. *See e.g. United States v. Brodie*, 858 F.2d 492, 496 (9th Cir. 1988) *partially overruled on other grounds by United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir. 1988) (re expert witness testimony of defendant's mental state); *see also United States v. Christophe*, 833 F.2d 1296, 1299 (9th Cir. 1987) (allowing expert to testify when jury will receive appreciable help from expert's testimony). Because Dechter's

5

testimony is relevant and will assist the jury in understanding the subject matter of the case, his testimony is entirely proper and should be allowed.

As the Court considers all of the pending motions *in limine* Fleming also wishes to direct the Court's attention to the essence of Berry's one page supporting memorandum: "This is a case about a specific piece of software. Mr. Dechter didn't even look at it." Ignoring for now that the reason Dechter didn't look at it was because Berry prohibited him from doing so, the Court should recognize that Dechter's situation is quite different from those of Berry's proposed experts, Ueno and Johnson. Neither Ueno nor Johnson have any prior experience in the logistics industry. They have been retained specifically for this case, and because they have no useful industry experience they have nothing to offer at the general level. As explained in detail in Fleming's motions to exclude Johnson and Ueno, both experts' opinions are inadmissible because they failed to look at the software: Johnson's because he simply parrots what Berry told him, and Ueno's because the applicable Ninth Circuit law requires him to connect Berry's damages to the infringing software. Berry's assertion that the Court should exclude experts who have not looked at Berry's software applies to his own experts, whose testimony hinges completely on the specific software at issue here. Dechter's opinions are different: they relate to the logistics industry generally. A jury can apply them to this case based on related testimony from Fleming's fact witnesses.

6

Berry's objections at most go to the weight of Dechter's testimony, not its admissibility. *Cf. United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993) (stating objection to alleged lack of particularized expertise goes to the weight of the testimony, not the admissibility of the expert testimony). In *Garcia*, the district court—over the defense objection that expert Dr. Rozensweig had not met with the child victim—permitted Dr. Rozensweig to offer general testimony regarding child trauma at trial. *Id.* By analogy, Dechter, despite not having reviewed Berry's software, should be allowed to testify as to logistics companies in general, and the Court should allow the jury members to consider Dechter's testimony and accept or reject it as they see fit.

**C.    The Court Should Disregard Berry's Baseless Procedural Objections.**

Berry raises a number of makeweight procedural objections to Dechter's report. The Court should ignore them, as Dechter's concise report dated June 6, 2005 (Capozzola Decl. Ex. C) fully complies with Federal Rule of Civil Procedure 26(a)(2), which requires the following of any expert report:

1.   that it contain the witness' qualifications;

2.   that it contain the data or other information considered by the witness in forming the opinions;

3.   that it contain any exhibits to be used as a summary of or support for the opinions;

4.   that it contain a complete statement of all opinions to be expressed and the basis and reasons therefor;

      5.      that it list the witness' compensation, testimony in the past four years, and publications in the past ten years; and,

      6.      that it be prepared and signed by the witness.

With regard to his qualifications, Dechter's report clearly states that he has decades of experience managing DHX, an ocean/air freight company providing forwarding and logistics services in Hawaii and other markets. In the course of this experience he has assumed the business of three other similar companies and evaluated their systems and profitability, and he has interacted about these issues with DHX's hundreds of customers. This is more than sufficient background to demonstrate the requisite expertise under F.R.E. 702. Moreover, in April, 2005 (as required by the then-operative schedule) Fleming provided Berry with Dechter's identity and basic biography, which describes his Masters thesis on the freight forwarding industry to Hawaii and previous work as an expert witness. Capozzola Decl. Ex. A. Berry has no legitimate complaint about the substance of Dechter's qualifications or that they were not adequately disclosed to him.

Beyond that which has already been discussed, Berry raises no complaint about the second, third, fourth, or fifth requirements. To the extent Berry is complaining that he had not previously received a signed version of Dechter's report, this is a complaint of form over substance. Berry has not been prejudiced: if he received an unsigned version of the report it was identical to the signed version save for the missing signature. And if Berry were so concerned about the

8

signature requirement, it was incumbent upon him to raise it when it was served upon him in early June, 2005. A party may not exploit a procedural technicality by remaining quiet about it until the last possible moment when its impact on the offering party is potentially greatest. *See JOM, Inc. v. Adell Plastics, Inc.*, 193 F.3d 47, 51 (1st Cir. 1999) (party may not "lay in wait" to "exploit" other side's discovery violation).

For all of the foregoing reasons, Fleming respectfully requests that the Court deny in its entirety Berry's motion *in limine* concerning Brad Dechter.

Dated: Honolulu, Hawaii, January 10, 2006.

KOBAYASHI, SUGITA & GODA          */s/ Thomas H. Yee*
                                  BERT T. KOBAYASHI, JR.
                                  LEX R. SMITH
                                  THOMAS H. YEE
                                  Attorneys for Defendant
                                  THE POST CONFIRMATION TRUST
                                  FOR THE FLEMING COMPANIES, INC.

                                        and

                                  KIRKLAND & ELLIS LLP
                                  Eric C. Liebler (CA Bar No. 149504)
                                  Damian D. Capozzola (CA Bar No. 228611)
                                  R. Olivia Samad (CA Bar No. 228611)
                                  777 South Figueroa Street
                                  Los Angeles, CA 90017
                                  Telephone: (213) 680-8400
                                  Facsimilie: (213) 680-8500

                                  Co-Counsel for the Post Confirmation Trust
                                  for Fleming Companies, Inc.