KOBAYASHI, SUGITA & GODA

LEX R. SMITH                3485-0
THOMAS H. YEE               7344-0
SUITE 2600, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 539-8700
Fax No. (808) 539-8799
Email: lrs@ksg.law.com

KIRKLAND & ELLIS LLP
Eric C. Liebeler (CA Bar No. 149504)
Damian Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA  90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: eliebeler@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>          Plaintiff,<br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., et al.,<br><br>          Defendants.<br>_____ | ) CIVIL NO. CV03-00385 SOM-LEK<br>) (Copyright)<br>)<br>) **DEFENDANT PCT'S TRIAL BRIEF;**<br>) DECLARATION OF DAMIAN<br>) CAPOZZOLA IN SUPPORT OF<br>) DEFENDANT PCT'S TRIAL BRIEF;<br>) EXHIBITS "A" – "C"<br>) Judge:         Hon. Susan O. Mollway<br>) Trial Date:    January 24, 2006<br>) Hearing Date: January 20, 2006<br>) Hearing Time: 2:00 p.m. |

## TABLE OF CONTENTS

Page

A. All Defendants Jointly and Severally Share Liability for One Statutory Damage Award ...................................................................................................2

B. Regardless of the Number of Infringements or Legal Theories, There is Only One Statutory Award Because Only One Work Has Been Infringed..........................................................................................................7

    1. The legislative history of § 504(c) supports the PCT's position. ........7

    2. The relevant case law and Nimmer support the PCT's position..........8

C. Berry Is Not Entitled To a Jury Instruction Regarding Multiple Statutory Damages...................................................................................................10

D. The Court Should Not Permit Berry To Claim Vicarious Liability Against Fleming for Vicarious Liability Based on Activities by the Former HEX Defendants ...........................................................................12

## TABLE OF AUTHORITIES

**CASES**

**Federal**
*Mackie v. Rieser*, 296 F.3d 909, 915, n.6 (9th Cir. 2002)……………….. 2
*U.S. Media Corp. v. Edde Entertainment Corp., et al.*, No.94 CIV 4849 (MBM) MHD, 1998 WL 401532, (S.D.N.Y. July 17, 1998)……………. 2
*Branch v. Ogilvy & Mather, Inc.*,
772 F. Supp. 1359, 1364 (S.D.N.Y. 1991)………………………………. 2
*Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1116-17 (2d Cir. 1986)……………………………………………………………………... 2
*Bouchat v. Champion Products, Inc.*,
327 F. Supp. 2d 537 (D. Md. 2003)…………………………………3-5, 7
*Warner Bros. v. Dae Rim Trading, Inc.*,
677 F. Supp. 740, 769-70 (S.D.N.Y. 1988)……………………………….6
*Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., et al.*,
106 F.3d 284 (9th Cir. 1997)……………………………………………6-7
*Walt Disney Co. v. Powell*, 897 F.2d 565, 570 (D.C. Cir. 1990)…………8
*Coogan v. Avnet, Inc.*,
No. CV04621, 2005 WL 2789311 (D. Ariz. Oct 24, 2005)………………9
*Playboy Enterprises, Inc. v. Webbworld, Inc.*,
991 F. Supp. 543, 562 (N.D. Tex. 1997)…………………………….. 9-10
*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*,
791 F.2d 1356, 1360 (9th Cir. 1986)……………………………………..10
*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)……………….10-11
*Wong v. Swier*, 267 F.2d 749, 761 (9th Cir. 1959)…………………..10-11
*Southern Pacific Co. v. Villarruel*, 307 F.2d 414, 415 (9th Cir. 1962)…11
*Volkswagenwerk Aktiengesellschaft*, No. CV 83-5254-SVW,
1987 WL 158108 (C.D. Cal. July 31, 1987)………………….……...11-12
*United States v. Breitling*, 61 U.S. 252, 255 (1857)…………………….11
*Albano v. Norwest Financial Hawaii, Inc.*, 244 F.3d 1061, 1063 (9th Cir. 2001)………………………………………………………………………13
*Aro Manufacturing Co. v. Convertible Top Replacement Co.*,
377 U.S. 476, 512 (1964)………………………………………………14
*Rite-Hite Corp. v. Kelley Corp.*, 56 F.3d 1538, 1558 (Fed. Cir. 1995)…14
*Hilleby v. FMC Corp.*,
No. C-91-068 FMS, 1992 WL 455435 (N.D. Cal. July 28, 1992)……..14

**STATUTES**

17 U.S.C. § 504(c)……………………………………………………1, 15

**TREATISES**

7 Wright, Miller & Kane, *Federal Practice & Procedure*, § 1614 at 225 (2d ed. 1986)……………………………………………2

3 M. Nimmer and D. Nimmer, *Nimmer on Copyright* § 12.04[A][3][b] (2005)……………………………………………………………..5

4 M. Nimmer and D. Nimmer, *Nimmer on Copyright* § 14[E][2][d] (2005)……………………………………………………………..5

## DEFENDANT PCT'S TRIAL BRIEF

Wayne Berry is entitled to only one statutory damage award. The plain language of 17 U.S.C. § 504(c)(1), provides that statutory damages may be awarded "for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally...." Thus, when statutory damages are assessed against one defendant or a group of defendants held to be jointly and severally liable, each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work. But at the October 11, 2005 summary judgment hearing and elsewhere Berry has refused to acknowledge this elemental principle of copyright damages, and he has threatened to seek more than $30,000 in statutory damages. Therefore, as required by Paragraph 29 of the Court's May 2, 2005 Amended Scheduling Order, the PCT[1] submits this trial brief in support of its position that Berry's statutory damages in this matter may not exceed $30,000. Berry is not entitled to a jury instruction suggesting otherwise; nor, more generally, is he entitled to a jury instruction on

---

[1] For linguistic convenience we will use "Fleming" and the "PCT" throughout our briefing, and the terms are interchangeable unless context requires. Fleming Companies, Inc. filed Chapter 11 bankruptcy on April 1, 2003. As part of Fleming's reorganization plan, the Post-Confirmation Trust (PCT) was to handle a number of rights and obligations relating to Fleming.

1

anything unsupported by record evidence.

Additionally, and relatedly, the Court should prohibit Berry from claiming vicarious liability against Fleming for direct infringement claims Berry has settled against the HEX defendants.  For starters, the doctrine of *res judicata* prohibits Berry from presenting this issue here because he lost on it during the prepetiton trial.  Moreover, Berry has already settled his direct infringement claim against the HEX defendants.  Having done so, Berry may not double dip and demand additional compensation from Fleming for the same operative infringement.

**A.     All Defendants Jointly and Severally Share Liability for One Statutory Damage Award.**

"[A] suit for infringement may be analogized to other tort actions; all infringers are jointly and severally liable."  7 Wright, Miller & Kane, *Federal Practice & Procedure*, § 1614 at 225 (2d ed. 1986), *cited with approval by Mackie v. Rieser*, 296 F.3d 909, 915, n.6 (9th Cir. 2002).  Courts have applied this rule in a variety of circumstances.  *See, e.g.*, *U.S. Media Corp. v. Edde Entertainment Corp., et al.*, No.94 CIV 4849 (MBM) MHD, 1998 WL 401532, at* 3 (S.D.N.Y. July 17, 1998) (supplier, distributor, and retailers jointly and severally liable for non-willful portion of one statutory damage award arising from unauthorized distribution of one work; supplier and distributor jointly and severally liable for willful portion of award as well); *Branch v. Ogilvy & Mather, Inc.*, 772 F. Supp. 1359, 1364 (S.D.N.Y. 1991) (one statutory award against advertising firm and

2

client that used author's illustrations and writing in advertising campaign); *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1116-17 (2d Cir. 1986) (two intentional infringers, a publisher and a printer, held jointly and severally liable for statutory damages for reprinting historical illustrated book series with changed copyright notices). But the PCT particularly directs the Court to *Bouchat v. Champion Products, Inc.*, 327 F. Supp. 2d 537 (D. Md. 2003) as the most relevant precedent to follow in this regard.

  The *Bouchat* matter, like the instant matter, had a lengthy history leading up to its 2003 opinion evaluating plaintiff's statutory damages claim. In 1995 plaintiff Bouchat drew and submitted a logo for the Baltimore Ravens. The artists who ultimately created the Ravens logo had seen the plaintiff's submission, and the final logo was strikingly similar to Bouchat's submission. Bouchat sued the Ravens and National Football League Properties for copyright infringement. He prevailed on the issue of liability. In the damages phase, Bouchat exclusively sought disgorgement of profits, and he won nothing because the defendants proved that the logo itself played no role in profits generated by sales of merchandise bearing the logo. *Bouchat*, 327 F. Supp. 2d at 539-42.

  During and after his lawsuit against the Ravens and NFLP, Bouchat sought to expand the reach of his attack to include at least three hundred and fifty "downstream" corporate entities that had marketed Baltimore Ravens merchandise

3

bearing the infringing logo, such as Champion Products (sportswear), K-Mart, and Seven-Eleven. *Id*. at 540, 547.  Just as Berry here claims against each employee entitlement to a separate statutory award (in which Fleming would be jointly and severally liable), Bouchat claimed that he was entitled to three hundred and fifty separate statutory damage awards that would yield him anywhere from $262,500 to $10,500,000 (in which NFLP would be jointly and severally liable), all where actual damages did not exceed $10,000 and the infringement played no role at all in creation of profits.  And as this Court should here, the Maryland District Court concluded that "Bouchat is not entitled to the windfall that he seeks," refused to allow Bouchat to "ask a jury to exercise its discretion to make him a multi-millionaire," and limited Bouchat to one statutory damage award. *Id*. at 547-48, 552-53.

The *Bouchat* court reasoned that the downstream defendants "were manufacturing and selling goods carrying the Flying B logo under express licensing agreements with NFLP to the financial benefit of both.  Thus, all of the Downstream Defendants were 'participating' in the infringement initiated by NFLP when they used the Flying B logo to represent the Ravens football team." *Id*. at 548.  This is directly on point with the case at bar:  in simply doing their jobs as directed by Fleming management the former Fleming employees were participating in the infringement initiated by Fleming when Fleming attempted but

4

failed to completely revert to the originally licensed version of Berry's software. Although hundreds of separate companies were involved, the *Bouchat* court looked to the underlying structure of how the infringements arose and granted only one statutory award. All defendants infringed the same work at the direction of a coordinating entity: "The instant case does not present a situation in which each of many infringers acted independently and not derivatively from a common primary infringer." *Id*. at 553, n.22.

*Bouchat* therefore carves out wide boundaries within which this Court should comfortably hold that only one statutory award lies where the former Fleming employees all infringed the same work at the direction of Fleming management. Indeed, the commonsense holding of *Bouchat* applies with particular force to employees acting in the scope of their duties. 3 M. Nimmer and D. Nimmer, *Nimmer on Copyright* § 12.04[A][3][b] (2005) (ordinarily an employee is jointly and severally liable with his employer for copyright infringement, although the employee will not be liable if the act of infringement was required as a part of his duties and if he did not exercise discretion or judgment in the conduct of those duties); 4 M. Nimmer and D. Nimmer, *Nimmer on Copyright* § 14[E][2][d] (2005) ("Where two *or more* persons have joined in or contributed to a single infringement of a single copyright, they are all jointly and severally liable, and in such circumstances, in a single infringement action there is but a single set of

5

statutory damages (with a single minimum of $250) for which all such persons are liable.") (emphasis added); *Warner Bros. v. Dae Rim Trading, Inc.*, 677 F. Supp. 740, 769-70 (S.D.N.Y. 1988) (plaintiff sued company and employee but ultimately sought statutory award against company; court stating that where "two or more persons join in or contribute to a single infringement they are all jointly and severally liable").

*Columbia Pictures Television* is unhelpful. *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., et al.,* 106 F.3d 284 (9th Cir. 1997) [hereinafter *Feltner*]. Berry relied on *Feltner* in his argument at the October 11, 2005 summary judgment hearing. In that case the court found the owner of three separate television stations (Feltner) jointly and severally liable with each individual station for unauthorized broadcasts of the same work by each station, but since the stations were independent of one another the court imposed separate statutory violations. Berry wants this Court to analogize each Fleming employee to each of Feltner's separate television stations and therefore find that there should be separate statutory damage awards attributable to each employee, with each of whom only Fleming is jointly and severally liable.

This argument ignores the fact that Feltner's three television stations operating out of three separate cities are far different than the remaining former Fleming employees who all worked at the same Kapolei location for the same

6

company in the same department under the same supervisor. What would be analogous -- but what the *Feltner* opinion does not address at all -- would be whether separate statutory violations should have been imposed for multiple employees causing multiple broadcasts of the same work from the same station. As discussed above, *Bouchat* strongly suggests that would not be the correct result, and indeed *Bouchat* directly confronts and rejects *Feltner* as off-point. *Bouchat*, 327 F. Supp. 2d at 553. This Court should do the same.

**B.      Regardless of the Number of Infringements or Legal Theories, There is Only One Statutory Award Because Only One Work Has Been Infringed.**

The Court has already expressed its inclination that "[e]ven with multiple infringements, . . . it appears that only one work may have been infringed in this case," and the time has arrived for the Court to turn that inclination into a ruling. There is only one work at issue: Berry's Freight Control System. *See* 2nd Am. Compl. ¶¶ 71-78. Under such circumstances the legislative history and the case law compel the conclusion that the alleged number of infringements is irrelevant. Only one work was infringed; there may be only one statutory damage award.

**1.      The legislative history of § 504(c) supports the PCT's position.**

In enacting 17 U.S.C. § 504(c), Congress could not have made more clear its intent to prevent the very sort of runaway statutory damages that Berry seeks here:

> A single infringer of a single work is liable for a single amount between $250 and $10,000, **no matter how many acts of**

7

> **infringement are involved in the action** and regardless of whether the acts were separate, isolated, or occurred in a related series.... Subsection (c)(1) makes clear, however, that although they are regarded as independent works for other purposes, '**all the parts of a** compilation or **derivative work constitute one work**' for this purpose.... Similarly, where the work was infringed by two or more joint tortfeasors, [they are] jointly and severally liable for **an amount** in the $250 to $10,000 range.

House Report No. 94-1733, Sept. 3, 1976, at 162 (referencing original statutory damage amounts, emphasis added).

    2.    **The relevant case law and Nimmer support the PCT's position.**

The leading case for the proposition that "it is the number of works, not the number of infringements, that counts" is *Walt Disney Co. v. Powell*, 897 F.2d 565, 570 (D.C. Cir. 1990). There the infringing defendant had been selling unauthorized shirts bearing the likenesses of two Disney characters, Mickey and Minnie Mouse, in a variety of different poses that in total violated six separate copyrights. The District Court elected to award statutory damages in the amount of $15,000 per infringement and thus erroneously multiplied that figure by six. The appellate court reversed and remanded for recalculation of damages based on the fact that only two works had been infringed.

> The district court erred in assessing damages based upon six "violations," mistakenly focusing on the number of infringements rather than on the number of works infringed. Both the text of the Copyright Act and its legislative history make clear that statutory damages are to be calculated according to the number of works infringed, not the number of infringements.

8

*Walt Disney Co.*, 897 F.2d at 569.

Other cases and leading treatises are in accord. *See*, *e.g.*, *Coogan v. Avnet, Inc.*, No. CV04621, 2005 WL 2789311, at *6 (D. Ariz. Oct 24, 2005) (multiple pictures from same photo shoot of corporate executive deemed one work for statutory damages purposes: "'as Mickey is still Mickey whether he is smiling or frowning, running or walking, waving his left hand or his right,' 'Roy Vallee is still Roy Vallee whether he is sitting or standing or looking out the window.'"); 4 M. Nimmer and D. Nimmer, *Nimmer on Copyright* § 14[E][2][a] (2005) (multiple infringements of same work gives rise to "only a single minimum, and a single set of statutory damages").

Even if Berry should supplement his direct infringement claims by prevails on his vicarious infringement claim, he may still only receive one statutory damage award. *Playboy Enterprises, Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 562 (N.D. Tex. 1997) (court awarding only one statutory damage award per infringed work even though plaintiff prevailed on direct and vicarious infringement claims against multiple defendants).

In *Playboy*, the defendant Webbworld ran a website containing photos infringing the plaintiff's copyrighted publications. The defendant charged users a fee to access the website. The plaintiff prevailed on direct infringement claims against the defendant and vicarious infringement against two individual co-

9

defendants, both principals of Webbworld. *Id.* at 553-54. The court found that the defendant infringed 62 separate works at the summary judgment stage, and 29 at trial. *Id.* at 562. The court found that the defendants willfully infringed five of the works. *Id.* Despite the numerous copyrights, the two liability theories, willful infringement and three liable defendants, the court granted only a single statutory award per copyright infringed. *Id.*

Even if Berry is able to show that the co-defendants somehow are liable under multiple theories of infringement, this Court should only issue one statutory award per copyrighted work. There is only one copyrighted work and therefore, there should be only one award.

**C.     Berry Is Not Entitled To a Jury Instruction Regarding Multiple Statutory Damages.**

Because there is only one copyrighted work at issue, and there is no factual support for anything other than joint and several liability between the defendants, Berry cannot seek a jury instruction to the contrary. A party is not entitled to an instruction on its theory of the case if that theory lacks support in either the law or in the record. *See e.g. Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 791 F.2d 1356, 1360 (9th Cir. 1986); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (stating a party is entitled to an instruction about his theory of the case if it is supported by law and has foundation in the evidence) (emphasis added). Indeed, it is error for a trial judge to submit to a jury an issue as

to which there is no evidence in the record. *Wong v. Swier*, 267 F.2d 749, 761 (9th Cir. 1959); *see also Southern Pacific Co. v. Villarruel*, 307 F.2d 414, 415 (9th Cir. 1962) (stating no error is committed by failure to give an instruction which finds no support in the evidence).

Berry can provide no factual support for a jury instruction in this case for anything other than a single damage award for jointly and severally liable defendants. There is also no incidental evidence for including other jury instructions. A trial judge does not have to instruct the jury on issues only inferentially suggested by incidental evidence. *See Jones*, 297 F.3d at 934 (affirming denial of jury instruction re group liability for improper search of a home where plaintiff could only show destruction of her home, but could not show that officers were integral participants in unlawful conduct); *Roy v. Volkswagenwerk Aktiengesellschaft*, No. CV 83-5254-SVW, 1987 WL 158108, at *3 (C.D. Cal. July 31, 1987) (refusing to instruct the jury on a failure to warn where plaintiff showed no evidence that a warning would have prevented the accident).

Berry is not entitled to any such instruction because a jury instruction presupposes that there is **some** evidence before the jury which they may think sufficient to establish the facts hypothetically assumed in the opinion of the court. *United States v. Breitling*, 61 U.S. 252, 255 (1857) (emphasis added). To warrant

11

giving an instruction on a given issue, the evidence must be of such force that the jury may reach a non-speculative conclusion. *See Roy*, 1987 WL 158108, at *3. In this case, the only option is a single damage award, and the only instructions should pertain to that theory.

**D.     The Court Should Not Permit Berry To Claim Vicarious Liability Against Fleming for Vicarious Liability Based on Activities by the Former HEX Defendants.**

Berry's Trial Exhibit 90 suggests that Berry will try to claim millions of dollars in damages from Fleming for vicarious liability arising from alleged infringement by the HEX defendants with whom he settled in June, 2005. The Court should not let Berry pursue this theory.

In the first instance, Berry has already lost on the underlying premise of his vicarious liability theory, that HEX's activities constitute copyright infringement. Berry made this claim as part of the prepetition trial against Fleming. Capozzola Decl. Ex. A (December 18, 2002 letter memorializing that Berry would go to trial on "Permitting HEX to use through the alleged use of PC anywhere the Berry freight system as violation of licensing and infringement;"). The Court found the claim so meritless that it did not even get to the jury. Capozzola Decl. Exs. B (jury verdict from prepetition trial), C at pp. 5-6 (Judge King ruling that Berry "failed on . . . his remaining claims relating to HEX.").

Res judicata provides that "the judgment of a court of competent jurisdiction

12

is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation not only of issues which were actually litigated in the first action, but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided." *Albano v. Norwest Financial Hawaii, Inc.*, 244 F.3d 1061, 1063 (9th Cir. 2001). Courts apply the doctrine in a "robust way" to spare parties "unnecessary vexation, expense, and inconsistent results." *Id*. The court must ask three questions: (1) Was there a final judgment on the merits? (2) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (3) Was the issue decided in the prior adjudication identical with the one presented in the action in question? *Id*.at 1063-64. The answers in this case are as clear: the same parties litigated this same issue, and final judgment has been rendered. Res judicata bars Berry's claim. And without underlying direct infringement against HEX, there can be no vicarious infringement against Fleming for HEX's activities, foreclosing Berry's claims for damages.

  Second, Berry has already settled his claims against the HEX Defendants. As is typical, the parties' settlement contained recitals that the Defendants did not admit any wrongdoing or other liability and in fact specifically denied the allegations brought against them, and the parties settled all allegations which were made or could have been made in this lawsuit. *See* Settlement Agreement dated

13

June 7, 2005 and filed under seal with the Court, at Recital D and ¶ 6(a). In fact, Berry represented to the Court that the settlement "provides the Plaintiff to be compensated for his alleged claims" and was "reasonable under the circumstances." June 30, 2005 Memorandum in Support of Plaintiff Wayne Berry's Motion for Entry of Order Finding Good Faith Settlement re: Hawaiian Express Related Defendants, at pp. 5, 7.

Having obtained satisfaction for his direct infringement claims against the HEX defendants, Berry may not double dip and attempt to recover again for the same infringement. *See Aro Manufacturing Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 512 (1964) ("Hence we think that after a patentee has collected from or on behalf of a direct infringer damages sufficient to put him in the position he would have occupied had there been no infringement, he cannot thereafter collect actual damages from a person liable only for contributing to the same infringement."); *see also Rite-Hite Corp. v. Kelley Corp.*, 56 F.3d 1538, 1558 (Fed. Cir. 1995) ("The quotation from Aro on which Rite-Hite relies simply precludes double recovery."); *Hilleby v. FMC Corp.*, No. C-91-068 FMS, 1992 WL 455435 at *2 (N.D. Cal. July 28, 1992) ("In Aro II, the Supreme Court explained that the rule against collecting damages from a collateral infringer after full satisfaction of a claim against a direct infringer was designed to prevent a patent-holder from resting on its rights while waiting for collateral markets to spring up around the

14

infringing product, and to prevent double recovery against multiple tortfeasors."); *see also* discussion of *Bouchat*, *supra* at 3, et seq.

\*        \*        \*        \*        \*

The operative pleading alleges infringement of only one work, by defendants who are all jointly and severally liable regardless of the number of infringements. Berry is therefore entitled to only one statutory damage award not to exceed $30,000. 17 U.S.C. § 504(c) ($30,000 statutory maximum for non-willful infringements), June 27, 2005 Summary Judgment Order at 11-12, 25-28 (Berry "fails to prove that any Defendant's action was intentional"), 30 ("any infringement of Berry's software was inadvertent"). The Court should not permit Berry to have any jury instructions contravening these principles, nor should the Court allow Berry to claim vicarious liability for actions by the former HEX Defendants.

Dated: Honolulu, Hawaii, January 10, 2006.

KOBAYASHI, SUGITA & GODA         */s/ Thomas H. Yee*
                                 BERT T. KOBAYASHI, JR.
                                 LEX R. SMITH
                                 THOMAS H. YEE
                                 Attorneys for Defendant
                                 THE POST CONFIRMATION TRUST
                                 FOR THE FLEMING COMPANIES, INC.

                                         and

                                 KIRKLAND & ELLIS LLP

15

Eric C. Liebler (CA Bar No. 149504)
Damian D. Capozzola (CA Bar No. 228611)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimilie: (213) 680-8500

Co-Counsel for the Post Confirmation Trust
for Fleming Companies, Inc.

16