KOBAYASHI, SUGITA & GODA
LEX R. SMITH           3485-0
THOMAS H. YEE          7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No. (808) 539-8700
Facsimile No.  (808) 539-8799
Email: lrs@ksglaw.com

KIRKLAND & ELLIS LLP
Eric C. Liebeler (CA Bar No. 149504)
Damian Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: eliebeler@kirkland.com
Attorneys for Defendant POST-CONFIRMATION TRUST

LYLE S. HOSADA & ASSOCIATES, LLC
LYLE S. HOSADA        3964-0
RAINA P.B. MEAD       7329-0
345 Queen Street, Suite 904
Honolulu, Hawaii 96813
Telephone No.  (808) 524-3700
Facsimile No.   (808) 524-3868
Email: lsh@hosodalaw.com
Attorneys for Defendants MARK DILLON, TERESA NOA,
MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO,
ALFREDDA WAIOLAMA, and JACQUELINE RIO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | CIVIL NO. CV03-00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| vs. | ) | **JOINT EVIDENTIARY** |
| | ) | **OBJECTIONS** |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, INC., et al., | ) | Judge:         Hon. Susan O. Mollway |
| | ) | Trial Date:   January 24, 2006 |
| | ) | |
| Defendants. | ) | Hearing Date: January 20, 2006 |
| _____ | ) | Hearing Time: 2:00 p.m. |

## EVIDENTIARY OBJECTIONS

| No. | Plaintiff's Description | Objections |
|---|---|---|
| 1. | Berry FCS 1993 Copyright Registration No. TX 5-079-445 | No objection. |
| 2. | API Invoice | $2,000,000 backdated invoice is irrelevant, outside the period for damages and does not help the trier of fact determine damages. (Fed. R. Evid. 401). It is prejudicial (Fed. R. Evid. 403) and improperly suggests a value unrelated to the damage requirements under the law. |
| 3. | Email-Crystal Reports Created before 10 1 1999 from Sent Items | Crystal Reports are irrelevant to the 1993 FCS at issue in this trial (Fed. R. Evid. 401). This software was the subject of the first trial and Berry lost. Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 4. | Email- Tariff 60 Bill of Lading from Sent Items - from Dillon to Noa | Irrelevant (Fed. R. Evid. 401). Reports have nothing to do with this trial. Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |

2

| No. | Plaintiff's Description | Objections |
|---|---|---|
| 5. | Email-Logistics Network from Sent Items | This is irrelevant because it pertains to items already litigated in the 2003 trial. (Fed. R. Evid. 401). Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 6. | Email-Re good morning! from Sent Items | This is irrelevant because it pertains to items already litigated in the 2003 trial. (Fed. R. Evid. 401). Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 7. | Email-Re another addition to this Last Day Report from Sent Items | This is irrelevant because it pertains to items already litigated in the 2003 trial. (Fed. R. Evid. 401). Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 8. | Email-Re Update on New Database from Sent Items | This is irrelevant because it pertains to items already litigated in the 2003 trial. (Fed. R. Evid. 401). Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 9. | Email-Logistics Database from Sent Items | Irrelevant, outside the time period at issue, hearsay and not properly authenticated. (Fed. R. Evid. 104, 401, 802, 901). |
| 10. | Email-Re general mill po 304848 id 50375 c aplu990936 from Move to Spreadsheets | Irrelevant, spreadsheets are not at issue in this case. (Fed. R. Evid. 401). Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 11. | Email-Reformatting Accounting Reports Guide from Sent Items with Attachment | This is irrelevant because it is re Crystal Reports and things already-litigated. (Fed. R. Evid. 401). Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 12. | Email-Re HTC Yard Inventory from Sent Items with Attachment | This is irrelevant because HEX is no longer a party and has no bearing on issue of damages. Pertains to matters already litigated. (Fed. R. Evid. 401) The attached documents are not |

3

| No. | Plaintiff's Description | Objections |
|---|---|---|
|  |  | properly authenticated. (Fed. R. Evid. 104, 901). |
| 13. | Email-Fw LOGISTIC SPREAD SHEETS (NEW SYSTEM) from Move to Spreadsheets | Irrelevant - pertains to spreadsheets no longer part of the case. (Fed. R. Evid. 401). Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 14. | Email-Re LOGISTIC SPREAD SHEETS (NEW SYSTEM) from Move to Spreadsheets | Irrelevant - pertains to spreadsheets no longer part of the case. (Fed. R. Evid. 401). Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 15. | Email-Re TERESA TRYING TO SAVE from Move to Spreadsheets | Irrelevant - pertains to spreadsheets no longer part of the case. (Fed. R. Evid. 401). Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 16. | Email-LOGISTICS INCOME AND EXPENSES from Bankruptcy with Excel Spreadsheet Logistics Expenses.xls | The attached documents are not properly authenticated and there are hearsay problems. (Fed. R. Evid. 104, 802, 901). |
| 17. | Email-Re SPREADSHEET from Move to Spreadsheets | Irrelevant - pertains to spreadsheets no longer part of the case. (Fed. R. Evid. 401). Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 18. | Email-Mainframe connectivity for new logistics computers from Sent Items | This is irrelevant because it is re already-litigated matters, has no bearing on damages pertaining to the 1993 FCS. (Fed. R. Evid. 401). It is also cumulative with Ex. 30. Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 19. | Email-RE outstanding DEC invoices from inbox | This is irrelevant because it has no bearing on damages pertaining to the 1993 FCS. (Fed. R. Evid. 401). Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 20. | Word Doc-LAN Admin Tasks from FHL 141Drive 1 4 20 01 | The exhibit has not been properly authenticated for admission into evidence, is undated and has no information about the source. (Fed. R. |

4

| No. | Plaintiff's Description | Objections |
|---|---|---|
|  |  | Evid. 104, 901).  Hearsay. (Fed. R. Evid. 802). |
| 21. | Memo Stussi to Berry re Assistance with Programming Changes | Objection, irrelevant (Fed. R. Evid. 401). |
| 22. | Email-Period End Freight Spreadsheets from Saved with 3 Attachments | Relevance, hearsay and authenticity problems.  (Fed. R. Evid. 104, 401, 802, 902) |
| 23. | Declaration of Mark Dillon from In re Fleming 7 25 03 | Irrelevant because it concerns Guidance issues after the 6/9/03 date . (Fed. R. Evid. 401) |
| 24. | Email-Re outstanding DECA invoices from Saved from inbox2 | This is irrelevant; it has no bearing on damages re the 1993 FCS.  (Fed. R. Evid. 401). Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 25. | Letter from Wayne Berry to Ralph Stussi re Payment for making changes. | No objection. |
| 26. | Email-Fwd Re SPREADSHEET with attachment from A New System | Irrelevant because it relates to non-infringing spreadsheets. (Fed. R. Evid. 401).  Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 27. | Email-Re SPREADSHEET from A New System | Irrelevant because it relates to non-infringing spreadsheets. (Fed. R. Evid. 401).  Hearsay and authentication problems. (Fed. R. Evid. 802, 901). Cumulative - this is identical to Ex. 17. (Fed. R. Evid. 403). |
| 28. | Email-TERESA PERFORMANCE APPRAISAL 2002 w/Excel Attachment Teresa Noa 2002 Self Appraisal from Department | Irrelevant because it has no bearing on damages in this case. (Fed. R. Evid. 401) |
| 29. | Email-ELIMINATION OF DATABASE from Computer | Irrelevant because it has no bearing on damages in this case and pertains to non-infringing spreadsheets. (Fed. R. Evid. 401).  Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |

| No. | Plaintiff's Description | Objections |
|---|---|---|
| 30. | Email-Re Mainframe connectivity for new logistics computers from Deleted Items | This is irrelevant because it is re already-litigated matters, has no bearing on damages pertaining to the 1993 FCS.  (Fed. R. Evid. 401). It is cumulative with Ex. 18. (Fed. R. Evid. 403).  Hearsay and authentication problems. (Fed. R. Evid. 802, 901). |
| 31. | Fleming MOR from Bk Docket 3214, Excerpt for relevant period | Irrelevant because these are companywide figures. (Fed. R. Evid. 401) |
| 32. | Draft of EULA Addendum No. 2 with handwriting | No objection. |
| 33. | Executed EULA Addendum No. 2 | No objection to Nov. 26, 1999 signed letter agreement.  But objection to Oct. 29, 1999 unsigned EULA - it is irrelevant because it was superceded. (Fed. R. Evid. 401) |
| 34. | Email-FLEMING HAWAII MILITARY FREIGHT from Military | Objection as to authenticity, hearsay and relevance; outside period of infringement (4/1/03 - 6/9/03); freight rate irrelevant if Ueno's damages calculation is $1,772 license fee x number of containers during relevant period. (Fed. R. Evid. 401, 402, 403, 901). |
| 35. | Email-Fw MILITARY BILLING from Military | Objection as to authenticity, hearsay and relevance; outside period of infringement (4/1/03 - 6/9/03); freight rate irrelevant if Ueno's damages calculation is $1,772 license fee x number of containers during relevant period. (Fed. R. Evid. 401, 402, 403, 901). |
| 36. | Email-Re FLEMING LINE ITEM RECEIVING from Hawaiian Express | Objection as to authenticity; also not relevant given Ueno's calculation of damages; HEX is no longer a party; whether HEX was accessing reports via computer has no bearing on issue |

6

| No. | Plaintiff's Description | Objections |
|---|---|---|
|  |  | of damages; conduct is consistent with company's desire to move off of the database (Fed. R. Evid. 104, 401, 402, 403, 901) |
| 37. | Email-(No Subject) Attachment (Word Doc.) Fleming understanding 5. 12. 02.doc from Hawaiian Express | Objection as to hearsay, authenticity and relevance. Attachment (word doc) appears incomplete, no signature line or closing of letter. Outside period of infringement. Historical info re past relationship that has no bearing on issue of damages. (Fed. R. Evid. 106, 401, 402, 403, 802, 901) |
| 38. | Email-Fw FOLLOW UP from Hawaiian Express | Objection as to authenticity and relevance. Outside period of infringement. (Fed. R. Evid. 401, 402, 403, 901) |
| 39. | Email-status 0335 freight income with attachment from Merchandising | Objection as to authenticity and relevance (Fed. R. Evid. 401, 901) |
| 40. | Email-kmart inbound freight from Kmart | Objection as to authenticity and relevance. (Fed. R. Evid. 401, 402, 403, 901) |
| 41. | Email-HISTORY from A New System | Objection – irrelevant. Pertains only to issues with new system; has no bearing on issue of damages (Fed. R. Evid. 401, 402, 403) Hearsay and authentication problems. (Fed. R. Evid. 802, 901) |
| 42. | Email-Re FW Replacement of Berry Database in Logistics Department from a New System | Objection as to hearsay, authenticity and relevance. Spreadsheets are non-infringing. (Fed. R. Evid. 401, 402, 403, 802, 901) |
| 43. | Email-Fw LOGISTICS DEPARTMENT OVERVIEW with excerpt of attachment DATABASE CREATION.XLS from Computer | Objection as to hearsay, authenticity and relevance. (Fed. R. Evid. 401, 402, 403, 802, 901) |
| 44. | Email-Fw FLEMING HAWAII LOGISTICS DEPARTMENT from | Objection as to hearsay, authenticity and relevance. (Fed. R. Evid. 401, 402, |

7

| No. | Plaintiff's Description | Objections |
|---|---|---|
| | Sent Items3 213702 with (Word Doc) Point Fleming Hawaii Logistics Department and (Power Point) Consolidator Services.ppt | 403, 802, 901) |
| 45. | Email-Re_ID 50427,50428,50429.eml with attached email from Deleted Itemsl | Objection as to hearsay, authenticity and relevance. Outside period of infringement. Shows growing pains with spreadsheets. (Fed. R. Evid. 401, 402, 403, 802, 901) |
| 46. | Email-KELLOGG'S ALLOWANCE from Rates to Merchandising | Objection as to hearsay, authenticity and relevance. Not relevant to Ueno's damages calculation. No evidence that Berry's software plays any role in setting prices for goods. (Fed. R. Evid. 401, 402, 403, 802, 901) |
| 47. | Dillon Supplemental Declaration 6/24/04 | Not relevant to Ueno's damages calculation. No evidence that Berry's software plays any role in setting prices for goods. (Fed. R. Evid. 401, 402, 403) |
| 48. | DHX Proof of Claim | Objection as to relevance. Has nothing to do with damages or Berry's FCS. (Fed. R. Evid. 401, 402, 403). |
| 49. | Email-Fw fleming hawaii orders from Agrilink | Objection as to authenticity and relevance. (Fed. R. Evid. 401, 402, 403, 901). |
| 50. | Email-Fw FLEMING HAWAII STATUS OF ORDERS dated 1/9 from Agrilink | Objection as to authenticity and relevance. (Fed. R. Evid. 401, 402, 403, 901). |
| 51. | Email-Fw FLEMING HAWAII STATUS OF ORDERS dated 1/10 from Agrilink with Attachment | Objection as to authenticity and relevance. (Fed. R. Evid. 401, 402, 403, 901). |
| 52. | Attachment re: Exhibit 51 from Agrilink | Objection as to authenticity and relevance. (Fed. R. Evid. 401, 901) |
| 53. | DHX DCCA | Objection as to authenticity and relevance. (Fed. R. Evid. 401, 901) |
| 54. | Email-Mark Dillon outstanding things to do from Sent Items1 | Objection as to authenticity, hearsay, relevance. Outside period of |

| No. | Plaintiff's Description | Objections |
|---|---|---|
|  |  | infringement. (Fed. R. Evid. 401, 402, 403, 802, 901). |
| 55. | Email-Re 417-01 Hawaii Conference Call Notes from Fleming(2) with attached Word Doc. | Objection as to hearsay, authenticity and relevance; F-1 materials have no bearing on damages for the 4/1/03 – 6/9/03 period. (Fed. R. Evid. 401, 402, 403, 802, 901) |
| 56. | DHX Web Page with highlighted box added | Objection as to hearsay, authenticity and relevance. (Fed. R. Evid. 401, 802, 901) |
| 57. | Word Doc-LOGISTICS CHECKLIST from Server FHL D Author Noa with screen print | Objection as to hearsay, authenticity and relevance. (Fed. R. Evid. 401, 802, 901) |
| 58. | Email-Procedures for Routine IT Tasks from Department with Attached Word Doc | Objection as to hearsay, authenticity and relevance. (Fed. R. Evid. 401, 802, 901) |
| 59. | Resume Noa from After Guidance Image | Objection as to authenticity and relevance. Objection as to privacy. (Fed. R. Evid. 401, 402, 403, 901) |
| 60. | SEC Form 10-Q Core-Mark Holding Company, Inc. Feming's [sic] Company (Excerpt) | Objection as to hearsay, authenticity and relevance. (Fed. R. Evid. 401, 802, 901) |
| 61. | Screen Prints from Database recovered from unallocated cluster 10-27-5. | Objection as to hearsay, authenticity and relevance. (Fed. R. Evid. 401, 802, 901) |
| 62. | API Fleming Proposal To Replace DHX as Freight Forwarder | Objection as to hearsay, authenticity and relevance. (Fed. R. Evid. 401, 802, 901). This document was created four years before the relevant time period. This was not produced during discovery, so the PCT never had the opportunity to depose Plaintiff on it. |
| 63. | LOGISTICS DATA ORG Excel Spread Sheet dated 6/9/03 from Server FHL-D, Excerpts of Voluminous Record | Objection as to hearsay, authenticity and relevance. (Fed. R. Evid. 401, 802, 901) The exhibit is incomplete. There are no excerpts attached. (Fed. R. Evid. 401, 402, 403, 901) |
| 64. | Settlement and Release Agreement | Objection as to hearsay, authenticity |

9

| No. | Plaintiff's Description | Objections |
|---|---|---|
|  | API - Fleming | and (conditionally) relevance. (Fed. R. Evid. 401, 802, 901). The API matters are not relevant, but if Ueno is allowed to discuss this, Fleming may use this document. Document is incomplete/disrupted. (Fed. R. Evid. 106, 403) |
| 65. | Asset Purchase Agreement API - Fleming | Conditional relevance objection - if API matters come in, Fleming should be able to use this document. |
| 66. | Email-Hawaii Org Chart from Department | No objection. |
| 67. | Crystal Report-Freight Profit/Loss Report from Fleming Computer FHL 150 5/21/2003 | Objection as to relevance, hearsay and authentication– document bears no indication as to who author is or source, except for indication on bottom that it comes from the drive "C" of a computer. (Fed. R. Evid. 401, 402, 403, 802, 901). |
| 68. | Excerpt from API Fleming Settlement and Release with hand written notes Bates No. A00075 | Objection - relevance and authenticity - document is a hodgepodge of incomplete and disjointed materials. (Fed. R. Evid. 401, 402, 403, 802, 901). |
| 69. | Ueno Expert Report | Objection – hearsay, relevance. Ueno Report is inadmissible by Plaintiff; Ueno must testify. PCT has moved in limine to exclude. (Fed. R. Evid. 702, 802; Fed. R. Civ. Proc. 26). |
| 70. | HEST Claim in Fleming BK | Objection as to relevance,, hearsay and authenticity - copy not certified; no indication as to who handwritten notes belong to. (Fed. R. Evid. 106, 401, 402, 403, 802, 901). |
| 71. | Email-CHANGES IN THE LOGISTICS DEPARTMENT from Third Party Development | Objection as to relevance, hearsay and authenticity. It is related to non-infringing spreadsheets and conversion |

| No. | Plaintiff's Description | Objections |
|---|---|---|
| | | that are no longer part of this litigation. (Fed. R. Evid. 106, 401, 402, 403, 802, 901). |
| 72. | C&S Pro-forma Data from Fleming Bk Docket | Objection – document is incomplete, not authenticated and lacks foundation. Document also irrelevant, contains hearsay, and contains company-wide information. (Fed. R. Evid. 106, 401, 402, 403, 802, 901). |
| 73. | Reasonable License Fee Demonstrative | Irrelevant, authenticity, hearsay and d disclosed past time for expert report disclosures; also lacks foundation – nothing on document to indicate who author is or source. (Fed. R. Evid. 401, 402, 403, 702). |
| 74. | Summary from Kinrich Rebuttal Report Exhibit 5 | No objection assuming numbers accurately correspond to Kinrich report. |
| 75. | Kinrich Rebuttal Report Exhibit 5 | No objection. |
| 76. | Email-Dave Batten re Manugistics Roll Out from Fleming CD produced in Berry v. Fleming | Irrelevant, lacks authentication. Email pertaining to the switch to Manugistics software has nothing to do with damages. Document also contains hearsay. (Fed. R. Evid. 401, 402, 403, 802, 901). |
| 77. | Economic Report of the President Excerpt with Chart | Irrelevant. Document is not authenticated – there is no way to determine whether excerpts are from the report as represented; and is incomplete insofar as it is impossible to tell whether all parts of the document are part of the same. Document also contains hearsay. (Fed. R. Evid. 106, 401, 402, 403, 802) |
| 78. | Email-Fw Re Damian Capazola? [sic] D0064 | Irrelevant – document has no bearing on issue of damages; see PCT's Motion in Limine No. 8. Hearsay and lack of foundation. (Fed. R. Evid. 401, |

| No. | Plaintiff's Description | Objections |
|---|---|---|
|  |  | 402, 403 802, 901). |
| 79. | Robert Morris Ratio books with Wholesale Grocers | Objection – inadmissible hearsay. Not authenticated. (Fed. R. Evid. 802, 901). |
| 80. | Summary of Crystal Reports Voluminous Data Disclosure A00519 | Objection on basis of relevance; document covers time period from 11/1/95 to 10/31/99 – outside the relevant time period; document also not authenticated and contains hearsay. (Fed. R. Evid. 401, 402, 403, 802, 901). |
| 81. | External Hard Drive Produced by Fleming | Irrelevant- the fact of production of the hard drive itself has no bearing on damages; any attempt to use the drive to authenticate numerous irrelevant email messages does not make the fact of production any more relevant. Hearsay and authenticity problems. (Fed. R. Evid. 401, 402, 403, 802, 901). |
| 82. | Access Database Derivative of FCS 1993 Original Logistics Data.mdb 6/9/03 from Server FHL   D Excerpt Screen Print of Tables Voluminous Record | Objection - irrelevant to the issue of damages, issue of liability for infringement has already been litigated and resolved; also lacks foundation and is not authenticated.  Hearsay problems. (Fed. R. Evid. 401, 402, 403, 901) |
| 83. | EXHIBIT O4 from Walker Report (Supplemental) | No objection to as to the second paragraph.  As to the rest of it, object on relevance grounds.  (Fed. R. Evid. 403). |
| 84. | Email-Changes in the Logistics Department D0012 | Objection – irrelevant to the issue of damages; Logistics Data Entry Clerk needed with the phasing-out of FCS has no direct bearing on the value of FCS to Fleming also contains hearsay; (Fed. R. Evid. 401, 402, 403, 802, 901). |

| No. | Plaintiff's Description | Objections |
|---|---|---|
| 85. | Email-Changes in the Logistics Department from Department with Word Doc LOGISTICS DATA ENTRY CLERK and Power Point Hawaiian Express Changes | As to first page, see response to Ex. 84. As to the balance of Ex. 85, objection as to relevance, hearsay and authenticity. (Fed. R. Evid. 401, 402, 403, 802, 901). |
| 86. | Email-Re HEX ACCESS TO DATABASE D0018 | Objection on basis of relevance - HEX access to Fleming's database has no bearing on the issue of damages; even though this is within the relevant time period, and may speak to the question of liability, it has no relation to damages and is therefore irrelevant; also lacks authentication, foundation and contains hearsay. (Fed. R. Evid. 401, 402, 403, 802, 901). |
| 87. | Email-ACCESS TO DATABASE D0016 | Objection as irrelevant, prejudicial and cumulative (Fed. R. Evid. 401, 402, 403); moreover, even though this outlines the procedure HEX is to follow in lieu of FCS, it says nothing quantitative about the value of FCS and is therefore irrelevant. |
| 88. | Email-Re HAWAIIAN EXPRESS LINE ITEMS RECEIVING BY FLEMING PO from Sent Items1 | Objection - no relevance to the issue of damages; also lacks foundation, not authenticated and contains hearsay. (Fed. R. Evid. 401, 402, 403, 802, 901) |
| 89. | Fleming Indemnity Letter from Fleming Confirmation Hearing evidence | Objection - indemnity agreement is irrelevant to the issue of Plaintiff's damages. (Fed. R. Evid. 401, 402, 403) This is the "indemnity letter" from the Fleming / C&S agreement. Signed on August 23, 2003, outside the time period of this trial, and therefore irrelevant. Relatedly, C&S has been dismissed from the case and this should fall within the scope of the MIL against evidence pertaining to C&S. |
| 90. | Copyright Damages Power Point Demonstrative | This purports to present expert opinion that plaintiff is not qualified to give. |

| No. | **Plaintiff's Description** | **Objections** |
|---|---|---|
|  |  | Objection –powerpoint demonstrative lacks foundation. (Fed. R. Evid. 401, 402, 403, 702) <br> The very first slide (cover slide) lists parties that are no longer in the case. They should be deleted.  This only leaves open a means for Plaintiff to try to expand the scope of his case in the eyes of the jury. <br> The second slide, eight awards of $2 million each, is inadmissible / prejudicial.  There's only one award (See PCT Trial Brief) and in any event the EULA does not control. <br> The third slide, eight awards of $2.7 million each, is inadmissible / prejudicial.  Again, there is only one award.  The purported $1,772 per container license fee has no support (See PCT Motions in Limine Nos.). <br> The analysis for the fourth slide, sixteen awards of $2 million each, is the same as the second slide. <br> Objections/analysis to the fifth slide are the same as third slide. <br> Sixth slide (profits based on "MOR") is inadmissible / prejudicial.  Also, Berry has no basis for "receipts from the use of a work containing or using the copyrighted work."  He has the burden of showing a link between his work and the revenue in the first instance. <br> Seventh slide, same analysis as sixth slide. <br> Eighth slide, is inadmissible as based on unreliable fact data. |
| 91. | Fleming Critical Functions | This purports to present expert opinion |

| No. | Plaintiff's Description | Objections |
|---|---|---|
|  | Demonstrative Power Point | that plaintiff is not qualified to give. Objection –powerpoint demonstrative lacks foundation. (Fed. R. Evid. 401, 402, 403, 702) |
| 92. | FCS 1993 System Functions Demonstrative Power Point | This purports to present expert opinion that plaintiff is not qualified to give. Objection –powerpoint demonstrative lacks foundation. (Fed. R. Evid. 401, 402, 403, 702) |
| 93. | Ueno Supplemental Report incorporating Guidance Materials produced by Fleming Exhibits A to H | Supplemental Ueno report should be excluded as untimely; it was not submitted as an expert report, even though it is not based on "new information." Also lacks foundation and is unreadable (pages are broken up). (Fed. R. Civ. Proc. 26; Fed. R. Evid. 401, 402, 403, 702). See also PCT's Motion in Limine to Exclude Ueno. |
| 94. | Excerpt from the PCT Motion Cross-Complaint Excerpt from Bk 03-10945 Docket No. 11559 | Irrelevant, prejudicial - Fleming's cross-complaint re Deloitte & Touche, LLC and the events leading up to its bankruptcy and SEC investigation have no bearing on any issues in this case regarding Berry software or damages and indeed does not involve the same management or officers involved in the Berry litigation (Fed. R. Evid. 401, 402, 403). The document is incomplete. (Fed. R. Evid. 106, 403). Finally, it was served after the 1/3/06 deadline for Trial Exhibits. |

15

DATED: Honolulu, Hawaii, January 10, 2006.

|  |  |
|---|---|
| KOBAYASHI, SUGITA & GODA | /s/ Thomas H. Yee |
|  | LEX R. SMITH |
|  | THOMAS H. YEE |
| KIRKLAND & ELLIS LLP | ERIC C. LIEBELER |
|  | DAMIAN CAPOZZOLA |
|  | R. OLIVIA SAMAD |

Attorneys for Defendant
POST-CONFIRMATION TRUST

LYLE S. HOSODA & ASSOCIATES, LLC

LYLE S. HOSODA
RAINA P.B. MEAD

Attorneys for Defendants
MARK DILLON, TERESA NOA,
MELVIN PONCE, SONIA PURDY,
JUSTIN FUKUMOTO, ALFREDDA
WAIOLAMA, AND JACQUELINE RIO

16