KOBAYASHI SUGITA & GODA

BERT T. KOBAYASHI, JR.   659-0
LEX R. SMITH            3485-0
THOMAS H. YEE           7344-0
SUITE 2600, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 539-8700
Fax No. (808) 539-8799
Email: lrs@ksg.law.com

Attorneys for Defendants
C&S LOGISTICS OF HAWAII,
LLC, C&S WHOLESALE
GROCERS, INC., C&S
ACQUISITIONS LLC; ES3, LLC,
and RICHARD COHEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., et al.,<br>　　　　　　Defendants. | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>C&S LOGISTICS OF HAWAII, LLC,<br>C&S WHOLESALE GROCERS, INC.,<br>C&S ACQUISITIONS LLC; ES3, LLC,<br>and RICHARD COHEN'S<br>MEMORANDUM IN OPPOSITION TO<br>PLAINTIFF WAYNE BERRY'S<br>MOTION FOR ISSUANCE OF<br>PERMANENT INJUNCTION AND<br>ORDER DIRECTING RETURN,<br>DESTRUCTION OR OTHER<br>REASONABLE DISPOSITION OF<br>ALL COPIES OF FREIGHT<br>CONTROL SYSTEM; DECLARATION |

```
                                       ) OF THOMAS H. YEE; EXHIBIT "A";
_____        ) CERTIFICATE OF SERVICE
```

**C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS LLC; ES3, LLC, and RICHARD COHEN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION FOR ISSUANCE OF PERMANENT INJUNCTION AND ORDER DIRECTING RETURN, DESTRUCTION OR OTHER REASONABLE DISPOSITION OF ALL COPIES OF <u>FREIGHT CONTROL SYSTEM</u>**

Under the law of the Ninth Circuit, in order to obtain an injunction the plaintiff must prove two elements both of which are absent in the case of C&S[1]. For a permanent injunction, the law requires that (1) "liability has been established" and (2) "there is a threat of continuing violations." <u>MAI Systems Corp. v. Peak Computer, Inc.</u>, 991 F.2d 511, 520 (9th Cir. 1993). This motion against C&S is meritless because (1) liability has **not** been established; and (2) there is no threat of continuing violation.

The Court has granted summary judgment in C&S's favor on every single claim alleged in the Complaint. Moreover, summary judgment has been entered in favor of every C&S employee for the entire time they have been employed by C&S. Plaintiff himself concedes, in his own Motion[2],

---

[1] Defendants C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS LLC; ES3, LLC, and RICHARD COHEN (collectively, "C&S").

[2] Plaintiff Wayne Berry's Motion for Issuance of Permanent Injunction and Order Directing Return, Destruction or Other Reasonable Disposition of All

2

that C&S was "Not Found an Infringer."  Injunction Motion at 13.  It is absolutely unprecedented for the plaintiff to seek a permanent injunction against a defendant that has already prevailed on summary judgment!  No statute or other legal authority exists that could possibly support a permanent injunction against a party who has obtained summary judgment in its favor.  Therefore, as a matter of law, Plaintiff's Injunction Motion fails on this point alone.

Nevertheless, C&S will address the second prong of the Ninth Circuit's test in MAI Systems.  The Plaintiff bases his motion against C&S on the fact that several copies of the Microsoft Access database were on Fleming's logistics computers sometime before the purchase by C&S.  The Court has already recognized that these copies were lawfully on the Fleming Logistics Computers, because the law allows Fleming to keep copies in order to defend itself from the plaintiff's litigation:  "Fleming had a right to retain the 16 FCS files for litigation purposes under the fair use doctrine."[3]  Since Fleming's possession of those files was lawful, there is certainly no basis for an injunction against C&S.

---

Copies of Freight Control System, filed October 26, 2005 (hereinafter, Plaintiff's "Injunction Motion").

[3] June 27, 2005 Order Granting in Part, Denying in Part Berry's Motion for Summary Judgment etc. Page 26.

3

There is **no evidence** that any Berry-copyrighted file was on any computer owned by C&S. Indeed, the uncontradicted record in this case confirms that the files are **not** on C&S's computers. In September of 2004, Mark Dillon searched all of C&S's computers and confirmed that the files are not there. See, the Affidavit of Mark Dillon filed herein on September 13, 2004 at 9, a copy of which is attached as Exhibit "A" to the Declaration of Thomas H. Yee.

Nor should any injunction be entered against any of C&S's employees. Plaintiff makes much of the fact that several individuals who are now employed by C&S were found to have **unintentionally** infringed before they were employed by C&S, **nearly three years ago in 2003**! The fact of unintentional infringement several years ago, when they were not C&S employees, presents no risk to justify any permanent injunction against C&S or its employees today.

Under the governing law, there is no basis for an injunction in this case where the plaintiff can make no showing of any potential future infringement: "injunctive relief ordinarily will not be granted when there is no probability or threat of continuing or additional infringements." Shapiro, Bernstein & Co. v. 4636 S. Vermont Ave., Inc., 367 F.2d 236, 242 (9th Cir. 1966). "When there is no probability or threat of continuing infringements,

4

injunctive relief is ordinarily inappropriate." Harolds Stores, Inc. v. Dillard Dept. Stores, Inc., 82 F.3d 1533 (10th Cir. 1996), quoting Nimmer On Copyright § 14.06[B], at at 14-97 to 14-98.

      Plaintiff's reliance on the Polo Fashions case is misplaced. In the instant case (1) the Court has already rejected every claim against C&S; and (2) the Court has rejected every claim against C&S's employees relating to any time period when C&S employed them. Under these circumstances, there is no basis for a permanent injunction because as to C&S there is no finding of liability and as to the employees there is no evidence of any threat of future infringement.

      DATED: Honolulu, Hawaii, January 12, 2006.

KOBAYASHI, SUGITA & GODA

/s/ Thomas H. Yee
_____
LEX R. SMITH
THOMAS H. YEE

Attorneys for Defendants

C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS LLC; ES3, LLC, and RICHARD COHEN