KOBAYASHI, SUGITA & GODA

LEX R. SMITH            3485-0
THOMAS H. YEE           7344-0
SUITE 2600, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 539-8700
Fax No. (808) 539-8799
Email: lrs@ksg.law.com

KIRKLAND & ELLIS LLP
Eric C. Liebeler (CA Bar No. 149504)
Damian Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone No. (213) 680-8400
Facsimile No. (213) 680-8500
Email: eliebeler@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM-LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| | ) **DEFENDANT PCT'S OPPOSITION** |
| vs. | ) **TO WAYNE BERRY'S MOTION** |
| | ) **FOR PERMANENT INJUNCTION** |
| HAWAIIAN EXPRESS SERVICE, | ) |
| INC., et al., | ) Judge:        Hon. Susan O. Mollway |
| | ) Trial Date:   January 24, 2006 |
| Defendants. | ) Hearing Date: January 20, 2006 |
| _____ | ) Hearing Time: 2:00p.m._____ |

# DEFENDANT PCT'S OPPOSITION TO
# WAYNE BERRY'S MOTION FOR PERMANENT INJUNCTION

One of the fundamental principles of American jurisprudence is that courts do not grant requests that would accomplish nothing.[1] Berry's latest request to enjoin the Fleming Post-Confirmation Trust -- his fifth such request to this Court[2] -- is just such a request, and the Court should summarily reject it.

In August 2003, the Delaware Bankruptcy Court confirmed the sale of Fleming's wholesale division to C&S, and in July 2004, over Berry's objection, the Bankruptcy Court confirmed the reorganization plan that established the Post-Confirmation Trust and otherwise spelled out the procedures for winding down Fleming Companies, Inc. Capozzola Decl. Exs. F, G.[3] No sane person would

---

[1] *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"); *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 911 F.2d 1331, 1335 (9th Cir. 1990) ("It would be pointless to enjoin enforcement of a regional plan that is no longer in effect; claims for such relief have been rendered moot by adoption of the 1987 Plan."); *Burr v. Board of Supervisors of Sacramento County*, 31 P. 38, 39 (Cal. 1892) ("A court will not exercise a power for no material or useful purpose. . . .").

[2] Judge King has twice rejected Berry's requests for injunctions against Fleming, as has Judge Mollway. Capozzola Decl. Ex. A-D. The Ninth Circuit Court of Appeal has also rejected a similar request from Berry for injunctive relief. Capozzola Decl. Ex. E.

[3] The PCT has concurrently filed the Declaration of Damian Capozzola in Support of its Opposition to Wayne Berry's Motion for Permanent Injunction.

1

seriously maintain the position that Fleming is still in business. But in his unending crusade to torment anyone who ever had anything to do with Fleming, Berry has unearthed various remnants of Fleming's former seventeen billion dollar operations that for whatever reason still remain scattered across America's corporate landscape. All are inadmissible, irrelevant, or easily explainable.

Berry's first exhibit (Berry Decl. Ex. A) purports to be a January 12, 2005 Enforcement Report from the Food and Drug Administration. Even if the Court were to overlook the glaring authentication and hearsay issues it presents, at this point the information is a year old and carries no probative value. Berry's other alleged government record, purportedly an October 2005 communication from the United States Patent and Trademark Office, suffers from the same authentication and hearsay issue. Moreover by its own terms, it reflects the status of Fleming's Best Yet trademark as of August 5, 2003, before the sale to C&S even closed. Berry Decl. Ex. E. Berry's proffered government records prove nothing.

The balance of Berry's evidence contains copies of milk and cereal cartons that Berry claims to have purchased from a local Foodland in October 2005. By their terms the cartons state that they were distributed by Fleming Companies, Inc. of Oklahoma City, Oklahoma. This is simply a mistake, for which the PCT is not to blame.

2

As explained in the accompanying Declaration of Brian Christensen,[4] prior to Fleming's bankruptcy Meadow Gold Dairy provided milk packaged under Fleming's "Best Yet" brand name to Foodland stores. Fleming and Foodland wanted to keep the labeling consistent with other "Best Yet" products Foodland sold, but Fleming could not compete with Meadow Gold's milk pricing given that Fleming would have to import milk from the mainland while Meadow Gold operated from Honolulu. Fleming thus agreed that Foodland could purchase milk from Meadow Gold in "Best Yet" packaging, and Meadow Gold printed the packaging themselves based on labeling originally provided by Fleming (and containing the Fleming address). After the bankruptcy and sale to C&S, C&S continued the milk packaging arrangement.

Most important for our purposes is that when C&S heard in March 2005 that Meadow Gold was still packaging milk with Fleming's information on the cartons, C&S instructed Meadow Gold to adjust the packaging to contain C&S's information instead of Fleming's. *See* Christensen Decl. and Ex. A (March 2005 e-mail chain between C&S and Meadow Gold). Perhaps Meadow Gold has not yet followed through, or perhaps Meadow Gold still has extra stock on hand that it wants to use, but that is neither here nor there to the present fundamental issue:

---

[4] The PCT has concurrently filed the Declaration of Brian Christensen.

3

Berry's store-bought "evidence" does not entitle him to a pointless injunction against the Fleming Post-Confirmation Trust.

Finally, to the extent that Berry is requesting an order from this Court requiring counsel for the Fleming Post-Confirmation Trust to properly handle copies of Berry's FCS that have been obtained during litigation, such an order already exists.  When Discovery Master Matsui ordered Berry to cease his months of foot-dragging and finally produce for inspection purposes the software at the foundation of this lawsuit, Discovery Master Matsui proscribed various procedures for handing Berry's FCS at the conclusion of the litigation.  Capozzola Decl. Ex. H.  There is no reason for this Court to think that counsel will not follow this order, or for this Court to issue another order giving Berry security he already has.  *See supra,* citations at fn. 1.

///

///

///

///

///

///

///

///

4

\*          \*          \*          \*          \*

For all of the foregoing reasons, Fleming respectfully requests that the Court deny Berry's request for injunctive relief against the Fleming Post-Confirmation Trust.

Dated:  Honolulu, Hawaii, January 12, 2006

/s/ Thomas H. Yee

_____

KOBAYASHI, SUGITA & GODA
Lex R. Smith (659-0)
Thomas H. Yee (7344-0)
Suite 2600 First Hawaiian Center
999 Bishop Street
Honolulu, HI  96813
Telephone:   (808) 539-8700
Facsimile:   (808) 539-8799

and

KIRKLAND & ELLIS LLP
Eric C. Liebeler (CA Bar No. 149504)
Damian D. Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500

Co-Counsel for the Post Confirmation Trust for Fleming Companies, Inc.

5