# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

WAYNE BERRY,                              ) CIV. NO. 01-00446 SPK/LEK
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )
                                          )          FILED IN THE
                                          )   UNITED STATES DISTRICT COURT
FLEMING COMPANIES, INC., aka              )        DISTRICT OF HAWAII
FLEMING FOODS, INC., aka                  )
FLEMING, ET AL..                          )          DEC 27 2004
                                          )
            Defendants.                   )   at __ o'clock and __ min. __ M
                                          )   WALTER A. Y. H. CHINN, CLERK
────────────────────────────────         )

ORDER DENYING POST-TRIAL MOTIONS

On March 6, 2003, a jury returned a special verdict awarding Plaintiff

Wayne Berry ("Berry") $98,250.00 against Defendant Fleming Companies

("Fleming") for violating a copyright of Berry's "Freight Control System" software.

The jury, however, ruled against Berry for two other programs ("Crystal Reports"

and "Flemingpo.exe").

     Following the verdict, Fleming filed four Renewed Motions for Judgment as

a Matter of Law or for New Trial.  Fleming also filed a Motion for Attorneys' Fees

and Costs, contending that it was a "prevailing party" because Berry recovered

very little of what he sought in the litigation.  On the other hand, Berry filed a

Motion for Entry of a Permanent Injunction based upon the jury's finding, as well

1

DEC 28 2004

as a Motion for Attorneys' Fees and Full Costs.

Soon thereafter, Fleming filed for bankruptcy protection (presumably for reasons unrelated to this litigation) and the case was automatically stayed. The Court was notified in September 2004 of the lifting of the stay. The matters were then fully briefed and submitted in late-October 2004 for decision without an oral hearing. The Court has now reviewed the history of this case, the trial proceedings, and filings on the post-trial motions. This order rules on Fleming's renewed motions for judgment as a matter of law or for new trial, and on Berry's Motion for Entry of a Permanent Injunction. A separate and forthcoming order will rule on the motions for attorneys' fees and costs.

I.

First, Fleming seeks judgment as a matter of law under Fed. R. Civ. P. 50(b) on all claims for infringement of "freight control systems" due to an allegedly defective "deposit" in the copyright office. Fleming contends that there is no evidence that Berry properly complied with all statutory requirements (specifically the "deposit" requirement of a "virtually identical" copy or "best edition") necessary to establish ownership of the freight control systems software.

Upon review of the record, the Court cannot say that Fleming met the necessary standard for granting a Rule 50(b) motion. The test is whether the

evidence, construed in the light most favorable to the nonmoving party (i.e., Berry), permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict. See, e.g., Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002). The record reveals evidence (Exh. 69 and testimony of Berry) that Berry sent two copies of the source code to the copyright office and obtained a certificate of registration. Although there might be questions about the timing of the submission to the office and obtaining of the certificate, any such conflicts are resolved in favor of Berry. "A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." Id. The Court "may not substitute its view of the evidence for that of the jury." Id. (citation omitted).

Accordingly, Fleming's Renewed Motion for Judgment as a Matter of Law on All Claims for Infringement of "Freight Control System" Due to a Defective Deposit in the Copyright Office, filed on March 20, 2003 (and renewed by Notice on September 17, 2004), is DENIED.

## II.

Fleming moves to alter or amend the verdict, or for a new trial, contending that there was no evidence that could support the jury's finding of willful infringement. After reviewing the record, the Court agrees with Berry that there

3

was conflicting evidence regarding the circumstances of ownership. The testimony of Mark Dillon, combined with other evidence, is sufficient to support the jury's verdict. Even assuming it thought otherwise, this Court cannot substitute its belief for that of the jury. See, e.g., Pavao, 307 F.3d at 918.

Fleming's Motion to Alter or Amend Verdict of Statutory Damages Based Upon a Finding of "Willfulness" or in the Alternative a Motion for a New Trial on the Issue of "Willfulness" and Damages, filed on March 20, 2003 (and renewed by Notice on September 17, 2004), is DENIED.

### III.

Fleming renews its motion for judgment as a matter of law pursuant to 17 U.S.C. § 117. Fleming contends that the record is absolutely clear that Fleming's conduct in relation to the "Freight Control System" is authorized by section 117 in that Fleming would have been authorized to make changes or adaptations as a lawful owner of a copy of Freight Control Systems.

The Court, however, agrees with Berry that there is conflicting evidence as to whether Fleming had a lawful copy and thus could not benefit from a section 117 defense. Fleming's contention (and the jury's finding) that Fleming had a valid license (although it made unauthorized changes) does not help Fleming's position regarding a section 117 defense. Again, the Court is not free to disregard the jury's

4

verdict if the record contains substantial evidence that could support the jury's findings. Pavao, 307 F.3d at 918.

Accordingly, Fleming's Renewed Motion for Judgment as a Matter of Law Pursuant to 17 U.S.C. § 117, filed on March 20, 2003 (and renewed by Notice on September 17, 2004), is DENIED.

## IV.

Next, Fleming seeks judgment as a matter of law asserting that the "end user license agreement" is unenforceable as against Fleming because it lacks mutual assent.

The Court, however, agrees with Berry's opposition that the jury's finding that Fleming has a license was the more relevant inquiry. Further, there was conflicting evidence as to whether there was a rejection. See, e.g., Tr. of Feb. 25, 2003 ("[d]id Mr. Stussi say that he rejects your end user license agreement sir? . . . No."); March 4, 2003, at 106 ("At any time did Mr. Stussi tell you that Fleming rejected your EULA license? No. . . ."). The record contains substantial evidence supporting the jury's finding. This Court is not free to reject the jury's conclusions. Pavao, 307 F.3d at 918.

Accordingly, Fleming's Renewed Motion for Judgment as a Matter of Law that the "End User License Agreement" is Unenforceable Against Fleming, filed on

5

March 20, 2003 (and renewed by Notice on September 17, 2004), is DENIED.

## V.

Based upon the jury's verdict finding of infringement of the "Freight Control System" software, Berry seeks a permanent injunction prohibiting the use of the software.

The Court, however, agrees with Fleming that -- with the passage of time since the verdict -- the request for a permanent injunction is now pointless. Fleming cannot resume using the software because it essentially is no longer in operation. The evidence is that Fleming had a valid license. And the Court has reviewed the filings and order in <u>Berry v. Hawaii Express Service, Inc.</u>, Civ. No. 03-00385, and agrees with the findings of Judge Susan Oki Mollway in her well-reasoned order of October 8, 2004, Denying Plaintiff Wayne Berry's Motion for Preliminary Injunction, which was decided on a much more current factual record.

Berry's Motion for Entry of Permanent Injunction, filed March 20, 2003 (and renewed by Notice on September 17, 2004), is DENIED.

## CONCLUSION

For the foregoing reasons, the following motions are DENIED:

(1) Fleming's Renewed Motion for Judgment as a Matter of Law on All Claims for Infringement of "Freight Control System" Due to a Defective Deposit in

6

the Copyright Office, filed on March 20, 2003 (and renewed by Notice on
September 17, 2004) [CR 216, 252];

     (2) Fleming's Motion to Alter or Amend Verdict of Statutory Damages
Based Upon a Finding of "Willfulness" or in the Alternative a Motion for a New
Trial on the Issue of "Willfulness" and Damages, filed on March 20, 2003 (and
renewed by Notice on September 17, 2004) [CR 215, 253];

     (3) Fleming's Renewed Motion for Judgment as a Matter of Law Pursuant to
17 U.S.C. § 117, filed on March 20, 2003 (and renewed by Notice on September
17, 2004) [CR 218, 250];

     (4) Fleming's Renewed Motion for Judgment as a Matter of Law that the
"End User License Agreement" is Unenforceable Against Fleming, filed on March
20, 2003 (and renewed by Notice on September 17, 2004) [CR 217, 251]; and

     (5) Berry's Motion for Entry of Permanent Injunction, filed March 20, 2003
(and renewed by Notice on September 17, 2004) [CR 214, 248(2)].

     IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, _27 December 2004_ .

SAMUEL P. KING
UNITED STATES DISTRICT JUDGE

7