# Exhibit C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, | ) | CIV. NO. 03-00385 SOM/LEK |
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND DENYING WITHOUT PREJUDICE DEFENDANTS' REQUEST FOR ATTORNEYS' FEES AND COSTS |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation; H.E.S. TRANSPORTATION SERVICES, INC., a California corporation; CALIFORNIA PACIFIC CONSOLIDATORS, INC., a California corporation; JEFFREY P. GRAHAM and PETER SCHAUL, California citizens; DOE INDIVIDUALS 1-350; DOE PARTNERSHIPS, CORPORATIONS and OTHER DOE ENTITIES 1-20, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND DENYING WITHOUT PREJUDICE
DEFENDANTS' REQUEST FOR ATTORNEYS' FEES AND COSTS

I.   INTRODUCTION.

Plaintiff Wayne Berry ("Berry") alleges that Defendants Hawaiian Express Service, Inc. ("HEX"), H.E.S. Transportation Services, Inc. ("HEST"), California Pacific Consolidators, Inc. ("CalPac"), Jeffrey Graham ("Graham"), and Peter Schaul ("Schaul") (collectively "Defendants") are liable for infringement of Berry's copyrighted software ("the Software"). Berry seeks preliminary and permanent injunctions, damages, and a return of the Software and related things.

Berry seeks a temporary restraining order ("TRO") prohibiting Defendants from using the Software and any derivatives of the Software.[1] Berry requests that the court direct Defendants to turn over any copies they may have of the Software or its derivatives.

II.   BACKGROUND.

Berry allegedly developed the Software in 1993 and first published it in 1995. Compl. ¶¶ 11-12. Berry registered the Software with the United States Copyright Office on October 19, 1999. Certificate of Registration (Compl. Ex. A).

The Software, named "Freight Control System," is "primarily a database designed to control and monitor consolidation and containerization of freight." Compl. ¶ 18.

At some point in October or November 1999, Berry gave Fleming Companies, Inc. ("Fleming"), a temporary nontransferable limited license to use the Software. Berry Decl. ¶ 9. Berry later sued Fleming for copyright infringement. On March 6, 2002, after a jury trial in this court, Berry won that lawsuit against Fleming. The jury found that Fleming had a valid license for the use of the Software but that Fleming had infringed the Software by making unauthorized changes to the Software. See Berry v.

---

[1] At the hearing on this motion, Berry orally withdrew the portion of the motion that had also sought a preliminary injunction, without prejudice to the filing of a later motion for preliminary injunction.

2


infringement, but that the plaintiff is not entitled to such a presumption if the plaintiff is likely to prevail on a different type of claim).

Finally, the court notes that Berry's arguments regarding the public interest reasons for granting a TRO are unpersuasive. Berry contends that proper use of the Software will benefit consumers in Hawaii because cost savings will be passed on to them. He says that he created the Software to pass on those cost savings. However, Berry submits no evidence in support of such contentions. Moreover, even if those contentions were true, Berry fails to show how they are relevant to the present motion.

In light of Berry's failure to show a threat of future infringement by Defendants and any likelihood of success on the merits, the court denies Berry's motion for TRO.

### B.  Defendants' Request for Attorneys' Fees and Costs Is Denied Without Prejudice.

Defendants have requested that the court award them attorneys' fees and costs related to the motion for TRO. The court denies Defendants' motion without prejudice at this time. Defendants may make a motion for any fees and costs related to the motion for TRO after a final disposition in this case.

V.    CONCLUSION.

For the foregoing reasons, the motion for TRO is denied. Berry has withdrawn the request for a preliminary injunction, leaving only Defendants' request for fees and costs related to the present motion. That request is denied without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 25, 2003.



SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

Berry v. Hawaiian Express Serv., Inc. et al., Civ. No. 03-00385 SOM/LEK; ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND DENYING WITHOUT PREJUDICE DEFENDANTS' REQUEST FOR ATTORNEYS' FEES AND COSTS.