# Exhibit D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAII EXPRESS SERVICE, INC., a California corporation, et al.,<br><br>Defendants. | Civ. No. 03-00385 SOM/LEK<br><br>ORDER DENYING PLAINTIFF WAYNE BERRY'S MOTION FOR PRELIMINARY INJUNCTION<br><br>FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII<br><br>OCT 0 8 2004<br><br>at __ o'clock and __ min. __ M<br>WALTER A. Y. H. CHINN, CLERK |

ORDER DENYING PLAINTIFF WAYNE BERRY'S
MOTION FOR PRELIMINARY INJUNCTION

I.   INTRODUCTION.

Plaintiff Wayne Berry seeks an injunction against Defendants C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, and C&S Logistics of Hawaii, LLC (collectively, "C&S"), as well as against Defendant Fleming Companies, Inc. ("Fleming"), and C&S and Fleming affiliates, officers, agents, servants, and employees, prohibiting the use, reproduction, and/or transfer of the "Berry Freight Control System" computer software ("FCS"). Berry claims that he owns the copyright to FCS and that Defendants have used and continue to use FCS and derivatives of FCS in violation of his copyright. Defendants deny that they are now using FCS or a derivative of FCS.

Berry's motion is DENIED. Berry has not shown a likelihood of success on his claim that Defendants are using, or

EXHIBIT "A"

intend to use in the future, FCS or a derivative of FCS. Berry similarly fails to show irreparable harm or a balance of hardships tipping sharply in his favor. The court is not persuaded by Berry's argument that present infringement must be presumed because of past infringement. Defendants rebut that presumption, showing that any infringement after July 2003 was innocent and that they have no intention of infringing in the future.

II.    STANDARD FOR INJUNCTIVE RELIEF.

To obtain a preliminary injunction, a party must demonstrate: 1) probable success on the merits and irreparable injury; or 2) sufficiently serious questions going to the merits to make the case a fair ground for litigation, with the balance of hardships tipping decidedly in favor of the party requesting relief.[1] Topanga Press, Inc. v. City of Los Angeles, 989 F.2d 1524, 1528 (9th Cir. 1993). These two formulations represent two points on a sliding scale, with the required degree of irreparable harm increasing as the probability of success decreases. Miller v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th

---

[1] Traditionally, there were four factors to be considered in deciding whether an injunction or restraining order should issue: 1) the likelihood of the plaintiff's success on the merits; 2) the threat of irreparable harm to the plaintiff if the injunction is not imposed; 3) the relative balance of the harm to the plaintiff and the harm to the defendant; and 4) the public interest. Alaska v. Native Vill. of Venitie, 856 F.2d 1384, 1388 (9th Cir. 1988). These factors have been collapsed into the current test. See id.

The court was asked to strike certain declarations, but the parties subsequently agreed to this court's consideration of all declarations and exhibits attached to the briefs.

VI.  CONCLUSION.

For the foregoing reasons, Berry's motion for a preliminary injunction is DENIED. The court takes the judicial notice noted above, and denies Fleming's request that declarations be stricken.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 8, 2004.

_____
SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

Berry v. Hawaiian Express Service, Inc., et al., Civ. No. 03-0385 SOM/LEK; ORDER DENYING PLAINTIFF WAYNE BERRY'S MOTION FOR PRELIMINARY INJUNCTION.