# Exhibit F

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------x
                                                               :  Chapter 11
In re:                                                         :
FLEMING COMPANIES, INC., et al.,                               :  Case No. 03-10945 (MFW)
                                                               :
                    Debtors.                                   :  Jointly Administered
                                                               :
                                                               :
---------------------------------------------------------------x

**ORDER (A) APPROVING ASSET PURCHASE AGREEMENT BY AND AMONG FLEMING COMPANIES, INC., C&S WHOLESALE GROCERS, INC., C&S ACQUISITION LLC AND THE OTHER PARTIES NAMED THEREIN, (B) AUTHORIZING (I) SALE OF SUBSTANTIALLY ALL OF SELLING DEBTORS' ASSETS RELATING TO THE WHOLESALE DISTRIBUTION BUSINESS TO PURCHASER OR ITS DESIGNEE(S), FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND (II) PROCESS FOR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, LICENSE AGREEMENTS AND UNEXPIRED LEASES TO PURCHASER OR ITS DESIGNEE(S) AND ESTABLISHING THE MAXIMUM CURE AMOUNT WITH RESPECT THERETO AND (C) GRANTING RELATED RELIEF**

Upon the motion[1] (the "Sale Motion") dated July 11, 2003 of Fleming Companies, Inc., Fleming Transportation Service, Inc., Piggly Wiggly Company, RFS Marketing Services, Inc., Fleming International, Ltd., Fleming Foods of Texas, L.P., and Fleming Foods Management Co., LLC (collectively, the "Selling Debtors"), seven of the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] in the above-captioned cases, for entry of an order, under sections 105(a), 363(b), (f), and (m), 364, 365, and 1146(c) of title 11 of the United States

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the APA (as defined herein) and the Sale Motion, and to the extent of any inconsistency, the APA shall govern.

[2] The Debtors are the following entities: Fleming Companies, Inc.; ABCO Food Group, Inc.; ABCO Markets, Inc.; ABCO Realty Corp.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; Dunigan Fuels, Inc.; Favar Concepts, Ltd.; Fleming Foods Management Co., L.L.C.; Fleming Foods of Texas, L.P.; Fleming International, Ltd.; Fleming Supermarkets of Florida, Inc.; Fleming Transportation Service, Inc.; Food 4 Less Beverage Company, Inc.; Fuelserv, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; Minter-Weisman Co.; Piggly Wiggly Company; Progressive Realty, Inc.; Rainbow Food Group, Inc.; Retail Investments, Inc.; Retail Supermarkets, Inc.; RFS Marketing Services, Inc.; and Richmar Foods, Inc.

1906

Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, 9014 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (A) approving the asset purchase agreement (as amended from time to time, the "APA"; a copy of the original of which was attached tyo the Sale Motion and was amended by that letter agreement dated August 4, 2003 that was introduced into evidence at the Sale Hearing (the "Letter Agreement")) by and among the Selling Debtors (C&S Acquisition LLC, as Purchaser (including any affiliated assignee or designee of such company, the "Purchaser") and C&S Wholesale Grocers, Inc. ("C&S"), and such other agreements to be entered into among the parties thereto as contemplated therein, (B) authorizing (i) the sale (the "Sale") of substantially all of the Selling Debtors' assets and business operations relating to their Wholesale Distribution Business and certain other assets designated in the APA (the "Acquired Assets") free and clear of all Liens, claims, Encumbrances, Offset Rights (as defined in the Letter Agreement), and Interests (except the Permitted Encumbrances and Assumed Liabilities under the APA), pursuant to and as described in the APA to Purchaser or any Third Party Purchaser (as defined herein), as the case may be, and (ii) the assumption and assignment to Purchaser or any Third Party Purchaser, as the case may be, of executory contracts and unexpired leases under sections 365(a) and (f) of the Bankruptcy Code both as of the Initial Closing Date and during the Option Period, and (C) granting related relief; and upon the Order of this Court dated July 18, 2003, approving the bidding procedures in connection with the Sale and notice of the hearing with respect to the Sale (the "Bidding Procedures Order"); and a hearing having been held on August 4, 2003, continued to August 7, 2003, and further continued to August 14, 2003 in connection with the Sale Motion (the "Sale Hearing"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding the Sale; and the Court having considered (x) the Sale Motion, (y) the objections to the Sale Motion (other than objections with

2

respect to assumption and assignment of Acquired Contracts, which objections were deferred), and (z) the arguments made and evidence proffered or adduced in support of approval of the Sale at the Sale Hearing; and it appearing from the affidavits of service filed with the Court that due and sufficient notice of the Sale Motion and the relief granted by this Order, have been provided to all parties affected thereby (the "Sale Notice"); and it further appearing that no other or further notice hereof is required; and upon the Court record of these cases; and the Court having received evidence in support of the approval of the APA and the Sale; and it appearing that the relief requested in the Sale Motion and approved hereby is in the best interests of the Selling Debtors, their estates, creditors, and other parties-in-interest; and upon the record of the Sale Hearing and these chapter 11 cases including the decision of the Court to approve the Sale Motion, APA, and Sale as reflected on the record of the Sale Hearing; and after due deliberation and good and sufficient cause appearing therefor, this Court hereby makes the following Findings of Fact and Conclusions of Law:

I.  **FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

**Jurisdiction, Final Order and Statutory Predicates**

A.  The Court has jurisdiction to hear and determine the Sale Motion and to grant the relief requested therein, pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N) and (O).

B.  This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(g) and 6006(d), the parties may

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Any statements of the Court from the bench at the Sale Hearing shall constitute additional findings of fact and conclusions of law as appropriate and are expressly incorporated by reference into this Order to the extent not inconsistent herewith.

Selling Debtors or their estates (except the Permitted Encumbrances and Assumed Liabilities under the APA) because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Encumbrances, Offset Rights or Interests against the Debtors or their estates who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of such Encumbrances or Interests who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their Encumbrances or Interests, if any, in each instance against the Selling Debtors or their estates, attach to the cash proceeds of the Sale ultimately attributable to the property in which they allege an interest. Certain holders of alleged Offset Rights are adequately protected as set forth in paragraph 6 below.

### Compelling Circumstances for Immediate Sale

Y.      The Selling Debtors have demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the Sale pursuant to section 363(b) of the Bankruptcy Code prior to a chapter 11 plan in that, among other things, the value of the Wholesale Distribution Business is extremely time-sensitive given the importance of customer relationships to that business and the threatened continued erosion of these relationships, and that any sale taking place after the time contemplated by the parties would likely yield markedly less value than the Sale contemplated hereby, due to the potential for additional customer defections.

Based on the foregoing Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS:

### General Provisions

1.      The relief requested in the Sale Motion is granted and approved as set forth in this

11

Order, and the Sale contemplated thereby is hereby approved as set forth in this Order.

2.  All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits; provided however, that all objections to the assumption or assignment of Acquired Contracts are reserved and will be addressed on the merits at subsequent hearings on the assumption and assignment of the particular Acquired Contracts.

### Approval of APA and Transition Services Agreement

3.  The APA, the Transition Services Agreement to be entered into pursuant to the APA (the "Transition Services Agreement"), and all other ancillary documents and all of the terms and conditions thereof are hereby approved in their entirety. To the extent of any conflict or inconsistency between the provisions of this Order and the terms and conditions of the APA, the Transition Services Agreement and such other ancillary documents, as applicable, this Order shall govern and control.

4.  Pursuant to section 363(b) of the Bankruptcy Code, the Selling Debtors are authorized and empowered to take any and all actions necessary or appropriate to (i) consummate the Sale of each of the Acquired Assets (other than Acquired Contracts) to Purchaser or any Third Party Purchaser, as the case may be, pursuant to and in accordance with the terms and conditions of the APA, (ii) close the Sale as contemplated in the APA and this Order, and (iii) execute and deliver, perform under, consummate, implement and close fully the APA together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA and the Sale, including without limitation, the Transition Services Agreement and any other ancillary document, and to take all further actions as may be reasonably requested in accordance with the APA by C&S, Purchaser, or any Third Party Purchasers, as the case may be, for the purpose of assigning, transferring, granting, conveying,

12

51. Notwithstanding anything contained in this Order to the contrary, Brigantine Supermarkets, Inc. reserves its rights to argue it may recoup the deposit referred to in its objection to the Sale Motion [Docket No. 2141].

52. Notwithstanding anything in this Order to the contrary, nothing herein shall effect the transfer, assumption or assignment of any contracts or agreements of Stop-N-Go of Madison, Inc., or affect the interpretation of any such contracts or agreements or their treatment under any section of the United States Bankruptcy Code (including, but not limited to, the determination or allowance of any cure amounts or damages thereunder).

53. Subject to a later determination by this Court as to the validity, priority, enforceability and amount of the reclamation claims and/or reclamation liens, nothing contained herein shall either: (a) be construed to extinguish any rights or interests of the holders of valid reclamation claims; (b) preclude any reclamation lien, whether now in existence (if any) or subsequently granted by this Court pursuant to the order establishing the reclamation procedures and/or section 546(c) of the Bankruptcy Code from attaching to the sale proceeds; (c) limit any of the Debtors' defenses or arguments regarding the validity, priority or enforceability of any reclamation claim, including, but not limited to, the argument that all or part of the right of reclamation may be valueless in light of the Lenders' floating liens.

54. No accounts receivable are being sold pursuant to the authority of this Order and no Offset Right against accounts receivable are intended to be affected hereby.

Dated: Wilmington, Delaware
 Aug 15, 2003

_____
UNITED STATES BANKRUPTCY JUDGE