LYLE S. HOSODA & ASSOCIATES, LLC

LYLE S. HOSODA        3964-0
RAINA P.B. MEAD       7329-0
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

Attorneys for Defendants
BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA,
MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO,
ALFREDDA WAIOLAMA, and JACQUELINE RIO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, | CIVIL NO. CV03-00385 SOM-LEK |
| | (Copyright) |
| Plaintiff, | |
| | DEFENDANTS BRIAN CHRISTENSEN, |
| v. | MARK DILLON, TERESA NOA, |
| | MELVIN PONCE, SONIA PURDY, |
| HAWAIIAN EXPRESS SERVICE, | JUSTIN FUKUMOTO, ALFREDDA |
| INC., a California | WAIOLAMA, AND JACQUELINE RIO'S |
| corporation; H.E.S. | MEMORANDUM IN OPPOSITION TO |
| TRANSPORTATION SERVICES, INC., | PLAINTIFF WAYNE BERRY'S MOTION |
| a California corporation; | FOR ISSUANCE OF PERMANENT |
| CALIFORNIA PACIFIC | INJUNCTION AND ORDER DIRECTING |
| CONSOLIDATORS, INC., a | RETURN, DESTRUCTION OR OTHER |
| California corporation; | REASONABLE DISPOSITION OF ALL |
| JEFFREY P. GRAHAM and PETER | COPIES OF FREIGHT CONTROL |
| SCHAUL, California citizens; | SYSTEM; DECLARATION OF LYLE S. |
| MARK DILLON and TERESA NOA, | HOSODA; EXHIBITS "A" - "G" |
| BRIAN CHRISTENSEN, Hawaii | |
| citizens; FLEMING COMPANIES, | Hearing: |
| INC., an Oklahoma corporation; | |
| C & S LOGISTICS OF HAWAII, | Date:    January 30, 2006 |
| LLC, a Delaware LLC; C & S | Time:    10:30 a.m. |
| WHOLESALE GROCERS, INC., a | Judge:   Hon. Susan Oki |
| Vermont corporation; C & S | Mollway |
| ACQUISITIONS, LLC; FOODLAND | |
| SUPER MARKET, LIMITED, a | |
| Hawaii corporation; HAWAII | [*caption continued on next page*] |

| | |
|---|---|
| TRANSFER COMPANY, LIMITED, a Hawaii corporation; RICHARD COHEN, New Hampshire citizen; ES3, LLC, a Delaware Limited Liability Company, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA, JACQUELINE RIO, Hawaii citizens; JESSIE GONSALVES, LUIZ RODRIGUES, AL PEREZ and PATRICK HIRAYAMA, California citizens; GUIDANCE SOFTWARE, LLC, a California LLC; MICHAEL GURZI, a California citizen; ALIX PARTNERS, LLC, a Delaware LLC; DOE INDIVIDUALS 2-350; DOE PARTNERSHIPS, CORPORATIONS and OTHER DOE ENTITIES 2-20, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Trial: January 24, 2006 |
| Defendants. ) ) |

**DEFENDANTS BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA, AND JACQUELINE RIO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION FOR ISSUANCE OF PERMANENT INJUNCTION AND ORDER DIRECTING RETURN, DESTRUCTION OR OTHER REASONABLE DISPOSITION OF ALL COPIES OF FREIGHT CONTROL SYSTEM**

A permanent injunction is a "harsh and drastic" discretionary remedy, never an absolute right. *See Abend v. MCA, Inc.*, 863 F.2d 1465, 1479 (9th Cir. 1998). For Berry to be entitled to a permanent injunction, the Ninth Circuit requires a showing that (1) "liability has been established" and (2) "there is a threat of continuing violations.". *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993).

Injunctive relief ordinarily will not be granted where there is no probability or threat of continuing or additional

infringements.  *Shapiro, Bernstein & Co., v. Vermont Ave., Inc.*, 367 F.2d 236, 242 (9th Cir. 1966).  If the plaintiff "has not shown irreparable injury which would justify imposing the severe remedy of an injunction on defendants" an injunction will not be issued.  *See Abend*, 863 F.2d at 1479.  Because Plaintiff fails to adduce any evidence of any potential future infringement by the Employees, his motion for a permanent injunction must be denied.

There is no threat of future infringement because none of the Employees are using Berry's software.  First, Sonia Purdy and Justin Fukumoto no longer work for C&S.  *See* Exs. A-B, Aff. of Sonia Purdy and Justin Fukumoto.  There is absolutely no reason for an injunction to enter against Ms. Purdy and Mr. Fukumoto when they no longer have any connection, association, or employment relationship with C&S or Fleming.

Second, the Court granted summary judgment in favor of Brian Christensen on all counts of the Second Amended Verified Complaint.  *See* Ex. C, Jan 26, 2005 Order at 41-42.  There is no evidence that Mr. Christensen ever used the modified version of FCS.  *See* Ex. C, Jan. 26, 2005 Order at 32.  Thus, there is no basis for an injunction to enter against Mr. Christensen.

The remaining Employee defendants, Mark Dillon, Teresa Noa, Melvin Ponce, Jacqueline Rio, and Alfredda Waiolama, are not using Berry's software and have not used his software since June 9, 2003, when they were employed by Fleming.  *See* Ex. D, 9/13/04

Aff. of Dillon; Ex. E, 8/10/04 Aff. of Noa. Fleming stopped using Berry's software and is no longer in existence. As such, Fleming poses no threat of future infringement and neither do its former employees.

There has been no finding of liability for infringement against Mark Dillon, Teresa Noa, Melvin Ponce, Jacqueline Rio, Alfredda Waiolama, Sonia Purdy, or Justin Fukumoto as current or former employees of C&S. The Court granted summary judgment in favor the C&S employees for the entire time they were employed by C&S. The Court specifically found that the Employees did not infringe by using the Excel Spreadsheets after June 9, 2003. *See* Ex. F, Jun. 27, 2005 Order at 12-13. Absent a finding of liability, an injunction against the former and current C&S employees cannot be granted.

Berry contends that Dillon's access to works in the form of FCS Logistics Data.mdb, Original Logistics Data.mdb, and/or FHL Data.mdb will act as a temptation for Mr. Dillon to expose himself and his co-workers to new claims of infringement. In support, Berry offers the same evidence (7/7/05 declaration of Professor Johnson and accompanying exhibits) he relied upon in his motion for reconsideration of the Court's June 27, 2005 Order. The Court denied Berry's request for reconsideration, finding that evidence of links between Fleming's files and FCS files after June 9, 2003 fail to establish any copyright

4

violation.  *See* Ex. G, Aug. 10, 2005 Order at 4-5.  The Court should deny Berry's request for an injunction for the same reason.

The fact that Mr. Dillon and Ms. Noa can access the server in the C&S Logistics department from their home computers does not establish a real threat of future infringement.  C&S and its employees in the logistics department are using Excel Spreadsheets and Crystal Reports to track freight for the company.  They have no desire or intention to use anything Berry has authored and want nothing more to do with him or his software.  *See* Ex. D, 9/13/04 Aff. of Dillon at 10; *See* Ex. E, 8/10/04 Aff. of T Noa at ¶ 20.

There is no evidence that FCS and any of its derivatives are still being used today.  There is no evidence that C&S or any of the Employees are reverse-engineering FCS to develop a new freight logistics software.  Berry has not shown that his software was used or accessed by the Employees.  Because there is no evidence that the Employees pose any threat of real, future infringement, Plaintiff's motion must be denied.

DATED:  Honolulu, Hawaii, January 12, 2006.

>   /s/ Lyle S. Hosoda
> LYLE S. HOSODA
> RAINA P.B. MEAD
> Attorneys for Defendants
> BRIAN CHRISTENSEN, MARK DILLON,
> TERESA NOA, MELVIN PONCE, SONIA
> PURDY, JUSTIN FUKUMOTO, ALFREDDA
> WAIOLAMA, and JACQUELINE RIO

5