**EXHIBIT C**

UNITED STATES DISTRICT COURT,
DISTRICT OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JAN 2 6 2005

at 2 o'clock and 28 min. P. M.
WALTER A. Y. H. CHINN, CLERK

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANT FOODLAND'S MOTION FOR SUMMARY |
| vs. | ) ) | JUDGMENT; GRANTING DEFENDANT HAWAII TRANSFER COMPANY'S |
| HAWAII EXPRESS SERVICE, INC., a California corporation; et al. | ) ) ) ) | MOTION FOR SUMMARY JUDGMENT; AND GRANTING IN PART, DENYING IN PART DEFENDANTS DILLON, |
| Defendants. | ) ) ) | NOA, AND CHRISTENSEN'S MOTION FOR SUMMARY JUDGMENT. |

ORDER GRANTING DEFENDANT FOODLAND'S MOTION FOR SUMMARY JUDGMENT;
GRANTING DEFENDANT HAWAII TRANSFER COMPANY'S MOTION FOR SUMMARY
JUDGMENT; AND GRANTING IN PART, DENYING IN PART DEFENDANTS
DILLON, NOA, AND CHRISTENSEN'S MOTION FOR SUMMARY JUDGMENT.

I.      INTRODUCTION.

Plaintiff Wayne Berry is suing multiple defendants for

copyright infringement and related matters.  Defendant Foodland

Super Market, Limited ("Foodland"), moves to dismiss the Second

Amended Verified Complaint ("SAVC"), or, in the alternative, for

summary judgment on all claims in which it is named.[1]  In a

separate motion, Defendant Hawaii Transfer Company, Limited

("HTC"), moves for summary judgment.  In a third motion,

Defendants Mark Dillon, Brian Christensen, and Teresa Noa

---

[1] Because the court considers evidence beyond the pleadings,
the court treats the motion as one for summary judgment with
respect to Counts I, II, III, and VI.

1

Dillon claims that he ceased use of the infringing software on June 9, 2003, at which time Fleming says it ceased use of FCS entirely and began using Microsoft Excel. Berry presents no evidence to contradict this claim. Accordingly, the court finds that any infringing behavior by Dillon continued only until June 9, 2003.

A triable issue of fact also exists regarding whether or not Noa used the infringing version of FCS during this time period.

Berry presents no evidence that Christensen ever used the infringing version of FCS.

>           ii.   Dillon and Noa Establish that Any
>                 Infringement During the Period of
>                 March 7, 2003, to June 9, 2003, Was
>                 Not Willful.

Although Berry establishes that Dillon and Noa may have infringed on his copyright between March 7, 2003, and June 9, 2003, Berry does not establish that Dillon's conduct was willful. Willful infringement occurs when a defendant acts "with knowledge that the defendant's conduct constitutes copyright infringement." Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1335 n.3 (9th Cir. 1990).

Berry does not establish that Dillon had knowledge of the infringement between March 7, 2003, and June 9, 2003. To the contrary, the only evidence before the court indicates that, after removing the Y2K feature, Dillon believed that he was

32

Employee Defendants fail, and the court grants summary judgment to those employees.

To establish a RICO violation, Berry must prove a predicate RICO predicate act. With respect to Employee Defendants, Berry alleges only criminal copyright infringement. As noted earlier, however, to establish criminal copyright infringement, Berry must establish willful infringement. <u>See</u> 17 U.S.C. § 506(a). Berry fails to establish willful infringement by Employee Defendants. Accordingly, the court grants Employee Defendants' motion for summary judgment with respect to Count VI.

V.      CONCLUSION.

For the reasons stated above, the court grants summary judgment to Foodland and HTC on Counts I, II, III, and VI. The court dismisses Count V with respect to Foodland and HTC. The court denies summary judgment to Dillon and Noa with respect to Count I for acts occurring between the dates of March 7, 2003, and June 9, 2003, but grants summary judgment to Christensen with respect to Count I for that time period. The court grants summary judgment to all Employee Defendants with respect to Count

I for acts occurring outside the period from March 7, 2003, to June 9, 2003.  The court grants summary judgment to Employee Defendants on Counts II, III, and IV, and dismisses Count V with respect to Employee Defendants.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 26, 2005.

SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

**Berry v. Hawaiian Express Service, Inc., et al.**, Civ. No. 03-0385
SOM/LEK; ORDER GRANTING DEFENDANT FOODLAND'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT HAWAII TRANSFER COMPANY'S MOTION FOR
SUMMARY JUDGMENT; AND GRANTING IN PART, DENYING IN PART
DEFENDANTS DILLON, NOA, AND CHRISTENSEN'S MOTION FOR SUMMARY
JUDGMENT.