**EXHIBIT F**

Case 1:03-cv-00385-DAE-LEK    Document 762-8    Filed 01/12/2006    FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

ORIGINAL

JUN 2 7 2005

at 10 o'clock and 45 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen,<br><br>    Plaintiff,<br><br>vs.<br><br>HAWAII EXPRESS SERVICE, INC., a California corporation; et al.<br><br>    Defendants. | Civ. No. 03-00385 SOM/LEK<br><br>ORDER GRANTING IN PART, DENYING IN PART BERRY'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITION, LLC, ES3, LLC, AND RICHARD COHEN'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING GUIDANCE SOFTWARE, INC., AND MICHAEL GURZI'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING IN PART, DENYING IN PART REMAINING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

ORDER GRANTING IN PART, DENYING IN PART BERRY'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITION, LLC, ES3, LLC, AND RICHARD COHEN'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING GUIDANCE SOFTWARE, INC., AND MICHAEL GURZI'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING IN PART, DENYING IN PART REMAINING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

I.  INTRODUCTION.

Plaintiff Wayne Berry is suing multiple defendants for copyright infringement and related matters.  This court has previously ruled on several motions in this case.  In this latest round of what seems to this court to be a never ending stream of motions, Berry moves for summary judgment against all remaining Defendants.  Defendant Post Confirmation Trust ("PCT")[1]; Defendants C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers,

---

[1] PCT represents the interests of Defendant Fleming Companies, Inc. ("Fleming"), during Fleming's bankruptcy.

was based on the inadvertence of Dillon's failure to remove all infringing elements from the version of FCS in use between March 7, 2003, and June 9, 2003.

The court now similarly concludes that any infringement by the other Employees was not willful. Employees were not aware that they were using an infringing version of FCS; they were merely using the software given to them by their supervisors, Dillon and Noa. Neither Dillon nor Noa was aware that the version of FCS in use between March 7, 2003, and June 9, 2003, was not the original licensed version, and there is no evidence that Employees had any reason to believe that they were not allowed to use the software. Employees have established that their infringement was not willful.

          d.    Employees Did Not Infringe By Using the Excel Spreadsheets After June 9, 2003.

Employees claim that, after June 9, 2003, they "got away" from FCS and began using Microsoft Excel spreadsheets to track freight. Employees claim that they extracted raw data that had been entered into FCS and transferred that data into Excel spreadsheets. Berry, however, contends that Employees extracted not only data, but also the structures of his software to create spreadsheets that were really an unauthorized derivative of FCS. In its January 26, 2005, order, this court granted summary judgment to Dillon and Noa with respect to this claim. The court now grants summary judgment to the remaining Employees.

12

While alleging that Employees directly infringed by copying elements of FCS into the Microsoft Excel spreadsheets, Berry fails to establish that Employees copied any protectable elements of the FCS structure in creating the Excel spreadsheets. Berry therefore fails to establish the existence of any triable issue of fact with respect to the alleged infringement by Employees after June 9, 2003. See Whitehead v. Paramount Pictures Corp., 53 F. Supp. 2d 38, 46 (D.D.C. 1999) ("plaintiff must show that defendants' works are substantially similar to elements of plaintiff's work that are copyrightable or protected by the copyright"); see also Nimmer on Copyright § 13.03[B][2][a] ("When similar works resemble each other only in those unprotected aspects, then defendant prevails.").

The Ninth Circuit has articulated a procedure for determining whether protectable elements of a work have been copied in software cases. See Apple Computer, 35 F.3d at 1443. That procedure requires the following:

> (1) The plaintiff must identify the source(s) of the alleged similarity between his work and the defendant's work.
>
> (2) Using analytic dissection, and, if necessary, expert testimony, the court must determine whether any of the allegedly similar features are protected by copyright [and] unprotectable ideas must be separated from potentially protectable expression . . . .
>
> (3) Having dissected the alleged similarities and considered the range of possible expression, the court must define the scope of

13

infringement and the issue of any direct benefit to Fleming for alleged vicarious infringement. Motions for summary judgment on damages or on Fleming's alleged vicarious infringement may be filed on or before the dispositive motions cutoff. Berry's motion for summary judgment is denied in all other respects.

Employees' motion for summary judgment is denied with respect to liability for direct infringement between March 7, 2003, and June 9, 2003, and for vicarious infringement. Employees' motion for summary judgment is granted in all other respects.

Fleming's motion for summary judgment is denied with respect to liability for direct infringement between March 7, 2003, and June 9, 2003, and with respect to vicarious infringement. Fleming's motion for summary judgment is granted in all other respects.

All other Defendants' motions for summary judgment are granted. The tentatively reserved hearing date of August 9, 2005, is vacated with respect to Guidance and Gurzi.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 27, 2005.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

Berry v. Hawaiian Express Service, Inc., et al., Civ. No. 03-00385 SOM/LEK, ORDER GRANTING IN PART, DENYING IN PART BERRY'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITION, LLC, ES3, LLC, AND RICHARD COHEN'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING GUIDANCE SOFTWARE, INC., AND MICHAEL GURZI'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING IN PART, DENYING IN PART REMAINING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT.