**EXHIBIT G**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

**1 0 2005**

at __8__ o'clock and __20__ min. __9__ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | ) ) | |
| HAWAII EXPRESS SERVICE, INC., a California corporation, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

### ORDER DENYING MOTION FOR RECONSIDERATION

I.  INTRODUCTION.

Plaintiff Wayne Berry requests reconsideration of this court's June 27, 2005 order. Berry seeks reconsideration on the grounds that (1) newly discovered evidence justifies reconsideration; and (2) the court committed manifest errors of law. The court disagrees and denies Berry's motion.

II. LEGAL STANDARD.

A successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate some reason that the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999). The District of Hawaii has implemented these standards in Local Rule 60.1. See id.

Courts have established three grounds justifying reconsideration of interlocutory orders: (i) an intervening change in controlling law, (ii) the availability of new evidence, and (iii) the need to correct clear error or prevent manifest injustice. Id.; see also In re Pacific Adventures, Inc., 27 F. Supp. 2d 1223, 1224 (D. Haw. 1998).

III.     ANALYSIS.

Berry claims that newly discovered evidence and errors of law merit reconsideration of this court's June 27, 2005, order. However, Berry identifies no new evidence or legal point justifying reconsideration.

    A.    Berry's "Newly Discovered Evidence" Does Not Show Further Copyright Infringement.

Berry cites "newly discovered evidence" as one ground for reconsideration. To support such a motion, Berry must show not only that the evidence was newly discovered or unknown to him until after the hearing on the underlying motion, but also that he could not with reasonable diligence have discovered and produced such evidence at the hearing. See Engelhard Indus., Inc. v. Research Instr. Corp., 324 F.2d 347, 352 (9th Cir. 1963).

Berry satisfies this requirement. In the June 27, 2005, order, this court recognized that Guidance Software had not produced all documents requested by Berry. Accordingly, the court granted Berry leave to file a motion for reconsideration if

2

these documents so warranted.  The present motion is based in part on the documents turned over by Guidance Software.

Defendants claim that this evidence could have been uncovered earlier, and that Berry should therefore be barred from claiming that the evidence is "newly discovered."  Based on the June 27, 2005, order, however, the court accepts Berry's characterization of the evidence cited in this motion as "newly discovered."  What the court does not accept, however, is Berry's argument as to the impact that evidence has on this court's earlier ruling.

Berry claims that the newly discovered evidence shows that Fleming was using FCS after June 9, 2003, and further indicates that the court erred in earlier concluding that Fleming and its employees had ceased use of Berry's software on April 1, 2003.  Berry's evidence, however, is insufficient to show the alleged error.

Berry first cites to evidence showing that Fleming was using a file called "Auxiliary Logistics Data.mdb," which in turn gave Fleming access to a file called "MsysObjects."  Berry presents evidence that Msysobjects was "linked" to "FCSlogistics.data.mdb" on June 17, 2003.  Berry contends that, because a screen shot of MDB Files shows that the "Auxiliary Logistics Data.mdb" file was last modified in July 1, 2003,

3

Fleming must have been illegally using FCS after April 1, 2003.[1] Berry also presents evidence that the "Tariff 60 Bill of Lading" and "FHL Data Screens" files linked to FCS files.

Berry, however, fails to establish that evidence of links between Fleming's files and FCS files establish any copyright violation. Direct copyright infringement requires a showing by a plaintiff (1) that the plaintiff owns the copyright, and (2) "that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004). A plaintiff may show a violation through direct copying, or through the defendant's access to the infringed work, and a substantial similarity between the infringed and infringing works. Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir. 1991).

Even assuming the reliability of the dates in the "last modified" column, Berry's evidence only establishes that files Fleming used were linked to FCSlogistics.data.mdb after April 1, 2003. There is no evidence that having links between files means that Fleming copied Berry's work or otherwise violated his

---

[1] Berry contends that the date identified as the last "modified" date of a file accurately identifies when the file was accessed. Defendants contend that this date is inherently unreliable, as evidenced by Berry's own statement that "there's no way to tell anything" based on system dates. Berry testimony, Feb. 5, 2003, attached as Ex. L. The court need not decide the issue, as, even accepting the validity of the evidence, Berry's motion fails.

copyright. The linking of files could have other explanations. The links could, for example, indicate extraction of data, a permissible use. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991) (copying of factual data is not copyright infringement).

Berry presents a declaration from Dr. Philip Johnson that offers no more evidence of infringement than the rest of Berry's submissions. Dr. Johnson states:

> Based on the evidence that I have reviewed, and my knowledge and expertise in the field of computer science, I conclude that Fleming continued to link to a copy of FCS Logistics Data.mdb up to and including June 30, 2003 when the file evidenced by Exhibit "B" was last saved. In addition, Fleming linked to the file named "FHL Data.mdb" after June 9, 2003 and at least up to July 4, 2003 as evidenced by Exhibits "E "F" and "G."

Significantly, Dr. Johnson does not state that the links demonstrate any illegal copying or infringement of Berry's software. Lacking any evidence that linking constitutes infringement, the court concludes that Berry has not met his burden of establishing a copyright violation. Accordingly, Berry does not establish that any newly discovered evidence justifies reconsideration of this court's prior order.

      B.   The Court Did Not Err in Rejecting Berry's Calculation of Damages.

Berry claims that this court erred by failing to accept his calculation of damages for infringement between March 7,

5

2003, and June 9, 2003. Berry contends that, because the June 27, 2005, order makes no distinction between the right to reasonable license fees as "actual damages" and the right to profits, the court committed clear error. Berry further argues that, because Defendants failed to rebut his calculation of a reasonable license fee, the court should have accepted the value that he asserted.

Regardless of whether Berry sought actual damages or the right to profits, the Ninth Circuit requires a causal link between the infringement and the claimed damage amount. See Mackie v. Rieser, 296 F.3d 909, 915-16 (9th Cir. 2002), cert denied, 537 U.S. 1189 (2003). Berry showed no such causal link. Even if a party does not rebut an opponent's damage claim, the claimant must satisfy his burden. Because there were significant questions regarding damages, the court determined that the best course was to allow further discovery and briefing on the issue. The court fails to see any manifest error in its exercise of caution, given the state of the record.

    C.    <u>Sanctions Are Not Awarded on this Motion.</u>

Defendants seek sanctions, alleging that Berry's attorney has "surreptitiously created evidence." Defendants rely on an email exchange in which Berry's attorney stated that he had moved files into working directories to create screen prints. See Ex. E to Walker Decl. Just as Berry's evidence of "linking"

was insufficient to prove infringement, Defendants' proof of "moving" is insufficient to establish the surreptitious creation of evidence. Defendants' request for sanctions is denied.

IV.    CONCLUSION.

Berry has not met the high burden of showing either that newly discovered evidence merits reconsideration of the court's order, or that the court has committed any manifest error of fact or law. Berry's motion for reconsideration is denied. The court also denies Defendants' request for sanctions.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 10, 2005.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

**Wayne Berry v. Hawaiian Express Service, Inc., et. al.**, Civil No. 03-00385 SOM/LEK; ORDER DENYING MOTION FOR RECONSIDERATION.

7