LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **REPLY TO C&S LOGISTICS OF** |
| | ) | **HAWAII, LLC, C&S WHOLESALE** |
| HAWAIIAN EXPRESS SERVICE, | ) | **GROCERS, INC., C&S** |
| INC., a California corporation; et al. | ) | **ACQUISITION, LLC, ES3, LLC** |
| | ) | **AND RICHARD COHEN'S** |
| | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO PLAINTIFF WAYNE BERRY'S** |
| | ) | **MOTION FOR ISSUANCE OF** |
| | ) | **PERMANENT INJUNCTION AND** |
| | ) | **ORDER DIRECTING RETURN,** |
| | ) | **DESTRUCTION OR OTHER** |
| | ) | **REASONABLE DISPOSITION OF** |
| | ) | **ALL COPIES OF FREIGHT** |
| | ) | **CONTROL SYSTEM** |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | Hearing: |
| | ) | DATE:  January 30, 2006 |

|                                      | ) | TIME:  2:00 P.M. |
|                                      | ) | JUDGE: Honorable Susan Mollway |
|                                      | ) |  |
|                                      | ) | TRIAL DATE: January 24, 2006 |
|                                      | ) |  |
| _____     | ) |  |

### PLAINTIFF WAYNE BERRY'S REPLY TO C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITION, LLC, ES3, LLC AND RICHARD COHEN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION FOR ISSUANCE OF PERMANENT INJUNCTION AND ORDER DIRECTING RETURN,  DESTRUCTION OR OTHER REASONABLE DISPOSITION OF ALL COPIES OF FREIGHT CONTROL SYSTEM

COMES NOW Plaintiff Wayne Berry, by and through his undersigned

counsel and hereby submits his reply to Plaintiff Wayne Berry's Reply to C&S

Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisition, LLC,

ES3, LLC and Richard Cohen's Memorandum in Opposition to Plaintiff Wayne

Berry's Motion for Issuance of Permanent Injunction and Order Directing Return,

Destruction or Other Reasonable Disposition of All Copies of Freight Control

System (the "Opposition").   This Reply is supported Declaration of Timothy J.

Hogan in Support of Reply to Memoranda in Opposition to Motion for Entry of

Permanent Injunction and Order Directing Return, Destruction, or Other

Reasonable Disposition of All Copies of Freight Control System; Exhibits "A"

Through "I" (the "Hogan Dec.") and the Declaration of Wayne Berry Exhibits "A"

and "B."

C&S makes a fatal admission in its Opposition.  It addresses the sixteen copies that were on the server when C&S  bought Fleming's wholesale operations.  It then says: "Since Fleming's possession of those files was lawful, there is certainly no basis for an injunction against C&S."   Opposition at page 3.   The transfer from Fleming, of those sixteen copies, to C&S is an altogether different legal issue than Fleming's right to maintain evidence in its litigation.  C&S does not say that the copies were never on the servers only that Mr. Dillon claims he deleted them but doesn't know when or how.

C&S has been successful in preventing any investigation of its computers by Mr. Berry and apparently by the Discovery Master.  Its concealment and obfuscation bode well for the Court's need to enjoin them.  They simply had no right to possess those sixteen copies they now apparently admit to possessing.  They make no claim to have had these copies lawfully transferred to them.  In addition, C&S has, through its PCT's concurrent counsel, withheld evidence related to the After Guidance materials that they gave to their trial expert but withheld from Plaintiff on the claim the materials were privileged.  Combined with Mr. Dillon's feeble explanation that he removed all these files but can't say when or how is simply too much.

In addition, the copies that were transferred to C&S were more than just 16 copies of the FCS Logistics Data.mdb database ("FCS"). The database screens, the Z Tables and other portions of the FCS Copyrighted work were also delivered to C&S.  Mr. Berry has an absolute right to their return.  *See* Declaration of Wayne Berry in Support of Reply to Memoranda in Opposition to Motion for Entry of Permanent Injunction and Order Directing Return, Destruction, or Other Reasonable Disposition of All Copies of Freight Control System; Exhibit "A." Leaving aside the hundreds of FCS derivatives that C&S likely pirated, C&S puts forth no credible evidence that it doesn't still have the sixteen copies .  It simply stands pat and hopes that the Court will condone software piracy and permit them to take copies of Mr. Berry's software illegally and unlawfully in violation of Mr. Berry's exclusive rights.

Finally, there is already an injunction entered in this case.  It will make very little difference to the overall operation of C&S if the injunction were entered because C&S' freight forwarder has already agreed to an injunction.  If C&S causes its freight forwarder to infringe, as a person with notice of the injunction, C&S is already bound.   If C&S doesn't have any of the Berry works then it won't have to lift a finger in complying.  The Court must exercise its discretion and order C&S to return any and all copies of Mr. Berry's works in its possession, if any, and be

further permanently enjoined from any future possession and hopefully put an end to over five years of litigation.

DATED:  Honolulu, Hawai'i, January 18, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY