Of Counsel:
MATSUI CHUNG SUMIDA & TSUCHIYAMA
A Law Corporation

CLYDE WM. MATSUI 1329-0
Suite 1400 Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No.: 536-3711
Facsimile No.: 599-2979
E-Mail: info@triallawhawaii.com

DISCOVERY MASTER

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 2 2005

at 3 o'clock and __ min. P M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM LEK<br>) (Copyright)<br>)<br>)<br>)<br>) PROTECTIVE |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation; H.E.S. TRANSPORTATION SERVICES, INC., a California corporation; CALIFORNIA PACIFIC CONSOLIDATORS, INC., a California corporation; JEFFREY P. GRAHAM and PETER SCHAUL, California citizens; MARK DILLON and TERESA NOA, BRIAN CHRISTENSEN, Hawaii citizens; FLEMING COMPANIES, INC., an Oklahoma corporation; C&S LOGISTICS OF HAWAII, LLC, a Delaware LLC; C&S WHOLESALE | ) ORDER; EXHIBIT "A"<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

K&E 9967373.

Exhibit G

2.3 **Counsel** (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.4 **Court:** United States District Court for the District of Hawaii, including any appointed discovery master or special master.

2.5 **Designating Party:** a Party that designates information or items that it produces in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.6 **Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in response to discovery in this matter.

2.7 **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party, its Counsel, or the Court as a consultant and/or to serve as an expert witness in this proceeding. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.8 **"Highly Confidential - Attorneys' Eyes Only" Information or Items:** extremely sensitive "Confidential Information", disclosure of which, to another Party or nonparty, would create a substantial risk of serious injury that could not be avoided by less restrictive means.

Exhibit G

2.9   **House Counsel:** attorneys who are employees of a Party.

2.10  **Outside Counsel:** attorneys who are not employees of a Party but who are retained to represent or advise a Party in this proceeding, and who are not involved in the competitive decision making in the business of any Party.

2.11  **Party:** any party to this proceeding, including all of its current officers, directors, members, managers, general partners, employees, consultants, retained experts, indemnitees, and Outside Counsel (and their support staff).

2.12  **Producing Party:** a Party that produces Discovery Material in this proceeding.

2.13  **Professional Vendors:** persons or entities (other than employees of Counsel) that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14  **Protected Material:** any Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only." Protected Material does not include Discovery Material that the Court has determined is not Confidential Information and does not include any material produced prior to the entry of this Protective Order. Any information, previously produced under an agreement of confidentiality or protection, or an Order for such confidentiality or protection, shall be entitled to the protections (1) agreed to, or (2) previously

5

Exhibit G

ordered, or (3) this Protective Order, which ever affords the information the greatest protection.

2.15 **Receiving Party:** a Party that receives Discovery Material from a Producing Party.

3. **Scope.**

The protections conferred by this Protective Order cover Protected Material (as defined above) and any information copied or extracted from Protected Material as well as all copies, excerpts, summaries, or compilations thereof, plus deposition and trial testimony, and presentations by Parties or Counsel in Court or other proceedings.

4. **Duration.**

The provisions of this Protective Order shall continue as set forth in Section 12 hereof. The final determination or settlement of this action shall not relieve any person who has received Confidential Information or agreed to be bound by the terms of this Protective Order by his, her, or its obligations hereunder, other than as set forth in Section 12 hereof. The Court shall retain jurisdiction after final determination of this proceeding to enforce the provisions of this Protective Order.

5. **Designating Protected Material.**

5.1 **Exercise of Restraint and Care in Designating Material for Protection.** Each Party that designates information or items for protection under

Exhibit G

(b) Is or becomes publicly known through no fault or act of such Party or Expert; or

(c) Is or was rightfully received by such Party or Expert from a third party that has authority to provide such documents, information, or material and without restriction as to disclosure.

**13.4 Confidentiality or Non-Disclosure Agreements.** Nothing in this Protective Order shall modify or relieve any Party, Expert, or other person from any obligation he, she, or it may have under any other confidentiality or non-disclosure agreement.

**13.5 Time.** Local Rule 6.1 of the Local Rules for the District of Hawaii shall govern the calculation of any period of time prescribed or allowed herein. Respectfully submitted,

**14. Enforcement.**

Parties or persons violating this Protective Order, may be subject to sanctions imposed by the Court including, but not limited to, being found in contempt of court.

DATED: Honolulu, Hawaii, APRIL 12, 2005.

_____
SPECIAL DISCOVERY MASTER
CLYDE WM. MATSUI

27

Exhibit G