LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| HAWAIIAN EXPRESS SERVICE, | ) | **MEMORANDUM IN REGARD TO** |
| INC., a California corporation; et al. | ) | **HAWAIIAN EXPRESS SERVICE,** |
| | ) | **INC. RELATED CLAIMS** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | HEARING: |
| | ) | DATE:  January 20, 2006 |
| | ) | TIME:   2:00 P.M. |
| | ) | JUDGE: Honorable Susan Mollway |
| | ) | |
| Defendants. | ) | TRIAL DATE: January 24, 2006 |
| | ) | |
| _____ | ) | |

**PLAINTIFF WAYNE BERRY'S MEMORANDUM IN REGARD TO HAWAIIAN EXPRESS SERVICE, INC. RELATED CLAIMS**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel and hereby submits his Memorandum in Regard to Hawaiian Express Related Claims (the "HEX Claims).

I.  **INTRODUCTION**.

In what has become an all-to-common occurrence in this case, the Fleming Companies, Inc. Post-Confirmation Trust ("PCT") has tried to pull a fast one. By not raising the issue of the HEX Claims in a motion *in limine*, the PCT thought it could avoid a trial on claims that it has known about but had failed to address.  The one thing that Mr. Berry agrees with the PCT about in regard to the HEX Claims is that collateral estoppel should prevent re-litigation of the basis for liability regarding these claims.  The problem for the PCT is that it is one estoped by the prior jury verdict and judgment not Mr. Berry.

II.    DISCUSSION.

A.    Fleming Is Trying to Trick the Court.

Fleming doesn't dispute that the claims against **HEX** in the first case were dismissed **without prejudice each party bearing its own costs and fees**. What the PCT did at the hearing on Friday January 20, 2006 was to admit that HEX continued to access the Berry FCS system after April 1, 2003 but, because Mr.

2

Berry lost on the issue of **Fleming's** *vicarious infringement*, this issue was decided

and against Mr. Berry.  The PCT claimed at the hearing that Judge King, in passing

on issues before the case went to the jury, threw out Mr. Berry's vicarious claims

that were eventually adjudicated **against Mr. Berry** in the order regarding attorneys

fees.  The PCT's claim to have prevailed on the issue of HEX's use of the Berry

system is fatally flawed.

> **B.**     **C&S and PCT are Wrong About What Happened at Trial.**

First, the review of the trial transcripts reveals no evidence of the claim of

vicarious infringement that Judge King allegedly ruled upon.  Specifically the

transcript of the close of Plaintiff's case where Fleming raised its motions for

judgment as a matter of law has no reference to any vicarious infringement claims.

Declaration of Timothy J. Hogan ("Hogan Dec.") Exhibit "A" that is a is a true and

correct copy of transcript of proceeding  dated March 3, 2003 that addressed the

closing of Plaintiff's case in chief and the motions for judgment as a matter of law

that were raised by Fleming  in the previous case *Wayne Berry v. Fleming*

*Companies, Inc. et al*, CV 01–00446 SPK-LEK at pages 15 to 19.

Likewise, the transcript of the settling of instructions has no reference to

vicarious infringement at all.  Hogan Dec.  Exhibit "B"at pages 2 to 26.   Applying

the maxim of "the one who asserts must prove" the PCT has not shown the Court

the place in the record where this issue was actually litigated and a review by Mr.

Berry's counsel reveals no such reference.  Hogan Dec. ¶¶ 3 and 4 .  Moreover,

none of the submitted instructions contained a proposed vicarious instruction nor

did the Plaintiff's First Proposed Special Verdict Form.  Hogan Dec. Exhibit "C."[1]

The PCT has not shown any such proof only unsupported statements in court by

attorneys.

Finally, as to whether Mr. Berry is unquestionably entitled to a ruling of

collateral estoppel on the issue of whether the continued use by unlicensed third

party is willful infringement, the transcript of counsel opening remarks shows that

this direct infringement was in the case.  Hogan Dec. Exhibit "D" at page 19:3-12.

The Hogan Dec. Exhibit "E" clearly shows evidence that the jury could have found

was clear and unabashed willful infringement in the testimony of Fleming logistics

supervisor Teresa Noa who admitted to the unauthorized illegal distribution of the

database to HEX. Hogan Dec. Exhibit "E" at pages 96:4 to 98:5.

What the jury verdict actually shows is that "HEX's use of PCAnywhere

computers in California to connect to and remotely operate the database running in

Hawaii violates the license."   Exactly what was stated in the letter to the Master.

---

[1]      The PCT claims that the Court had to fix the jury form. If it did, and
Plaintiff has seen no evidence of that, it wasn't Mr. Berry's proposed form that was
fixed.

The only party ever alleged to have a license to violate was Fleming. As Fleming admits, the issue of the conduct described in Noa's testimony was tried to the jury. There is no need for the jury to have found vicarious infringement to have found that Fleming's conduct was in violation of the license and constituted a violation of Mr. Berry's exclusive rights. Among Mr. Berry's exclusive rights is the right to distribute his works.

## C.    __The Willful Conduct that Was Tried Can't Be Relitigated.__

By allowing HEX to access a copy of Mr. Berry's system is distribution and a violation of Mr. Berry's exclusive rights. The Ninth Circuit considers the word "copying" as "shorthand" for the various activities that may infringe "any of the copyright owner's . . . exclusive rights described at 17 U.S.C. § 106." _S.O.S., Inc., v. Payday Inc._, 886 F.2d 1081, 1085 n.3 (9th Cir.1989)(cited by Ninth Circuit in Model Instruction 20.4 Comment). The Copyright Act 17, U.S.C. § 106 specifically reserves to Mr. Berry the right to distribute his work. The evidence showed HEX using a copy given to it by Fleming over the internet, and under _S.O.S_ this violated the Mr. Berry exclusive 106 rights and moreover his license and is direct infringement. The jury could have reasonably concluded that the conduct was infringement and, in fact, clearly did when it ruled Fleming is a willful infringer. Direct, infringement being defined as use beyond the rights granted in the

license, there is no reason to assume that when the jury found Fleming a "willful

infringer," it wasn't solely based on violation of the license that it knew specifically

prohibited use by third parties a reserved right in any event.  Therefore, it was not

necessary to prove **HEX** was an infringer or the specific elements of vicarious

infringement because there was sufficient evidence for the jury to find FLEMING'S

conduct infringement under existing 9th Circuit law and that is exactly what the jury

found.  Because Mr. Berry has a final judgment on this issue of Fleming's willful

infringement for violations of the license to FCS for the conduct tried in the

previous case, and by the PCT's admission the issue of the distribution to HEX for

its use was bound in the final judgment, collateral estoppel, if applied in this case,

bars Fleming who admits to permitting the continued conduct, it does not bar Mr.

Berry.  As a matter of law, Fleming is estopped from claiming the conduct was

lawful in light of the jury verdict of willful infringement.  Because it concedes it

kept doing what was found to have been willful, it can't even pass the giggle test for

inadvertence and gives ground for a finding of willfulness should Mr. Berry be

forced to elect.  Even if Fleming actually went back to the original database its

conduct would be willful (IE Criminal) infringement as a matter of law.

**D.      Judge King Was Ruling of Whether Fees are Allowed for Dismissed Claims.**

As to the claim that Judge King adjudicated this claim when he ruled on attorneys fees, that is absurd.  Judge King, addressing the things that Mr. Berry did not prevail upon, simply stated the obvious that the dismissal without prejudice on claims **against HEX** cannot be considered a victory from which fees are allowed. In light of the dismissal "without prejudice each party to bear their own fees," this ruling would seem to be appropriate and any other ruling absurd.   This single reference to the HEX claims can hardly rise to the level of actually litigated or necessary to the judgment required for collateral estoppel in light of the clear proof that the opposite conclusion is dictated.  Moreover, and proof of Fleming's deception,  the claim that was retained in the letter to the discovery master, whether it be vicarious or direct,  was directed to **FLEMING** not **HEX**.  Therefore, the cite to Judge King's attorney's fees order is not even relevant because it is specifically limited to claims **against HEX** that there is no dispute were dismissed without prejudice.  As the issue of claims against Fleming,  Mr. Berry won on all of those claims related to infringement of the work in this case, FCS.

Mr. Berry urges the Court to apply collateral estoppel and order that the issue at trial be limited only to damages related to Fleming in the period that is

relevant to this case and rule that Fleming's continued conduct after the filing of the

Bankruptcy is as a matter of collateral estoppel, willful.  To further order that any

claim of inadvertence will open the door to all issues related to willful infringement.

DATED: Honolulu, Hawaii, January 23, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN