KOBAYASHI, SUGITA & GODA

LEX R. SMITH                3485-0
THOMAS H. YEE               7344-0
SUITE 2600, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 539-8700
Fax No. (808) 539-8799
Email: lrs@ksg.law.com

KIRKLAND & ELLIS LLP
Eric C. Liebeler (CA Bar No. 149504)
Damian Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA  90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: eliebeler@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., et al.,<br><br>　　　　　　　　Defendants. | ) CIVIL NO. CV03-00385 SOM-LEK<br>) (Copyright)<br>)<br>)<br>) **SUPPLEMENTAL TRIAL**<br>) **MEMORANDUM RESPECTING**<br>) **PRECLUSION OF PLAINTIFF'S**<br>) **CLAIM FOR "VICARIOUS**<br>) **INFRINGEMENT" BASED ON**<br>) **OPERATION OF THE DATABASE**<br>) **BY HAWAIIAN EXPRESS**<br>) **EMPLOYEES** |

|  |  |  |
|---|---|---|
| ) Judge: | Hon. Susan O. Mollway |
| ) Trial Date: | January 24, 2006 |
| _____ ) | | |

**SUPPLEMENTAL TRIAL MEMORANDUM RESPECTING PRECLUSION OF PLAINTIFF'S CLAIM FOR "VICARIOUS INFRINGEMENT" BASED ON OPERATION OF THE DATABASE BY HAWAIIAN EXPRESS EMPLOYEES**

**I. INTRODUCTION**

In August of 2001, Fleming filed a declaration which, among other things, explained that the software running on Fleming-owned computers in Hawaii was accessed at the Hawaiian Express ("HEX") terminals in California where Flemng's freight was processed. The declaration explained that the software was used in California the same way it was previously used at the California terminals of Atlantic Pacific International Inc. ("API"). (A copy of the August 2001 Declaration is attached as Exhibit "A" to the Declaration of Lex R. Smith ("Smith Declaration") filed herewith). Since that date, the plaintiff knew that two HEX employees were operating Fleming's database in the course of their work of servicing Fleming.

Through the entire course of Mr. Berry's first copyright lawsuit against Fleming[1], plaintiff claimed that Fleming was liable for "infringement" because HEX employees (rather than Fleming employees)

---

[1] Berry v. Fleming Companies Inc., Civil No. CV 01 00446 SPK LEK;

2

entered and retrieved certain data to the database. Berry took this claim to trial in February of 2003 and lost.

Berry dismissed HEX from his lawsuit on **December 11, 2002**[2] but his claim against Fleming based on HEX employees operating the database went to trial and was rejected. Three weeks after HEX had been dismissed, Berry summarized this claim against Fleming in a Memorandum of Law filed on December 30, 2002:

> Fleming agreed not to allow third party use of the software but admits that it is allowing HEX to use it. That's infringement. At the time of the API Fleming split in October – November 1999, Fleming personnel were operating the system in the two California terminals. Both Fleming and HEX admit that HEX, the unlicensed third party that Fleming promised would never use Mr. Berry's system is now operating it. Fleming's allegation that the system is being used in the same manner as API is simply false and raises an issue of fact precluding summary judgment.

Berry's December 30, 2002 Memorandum in Opposition to Fleming's Motion for Summary Judgment (Exhibit "C" to the Smith Declaration) Page 17.

The case, including plaintiff's claim based on HEX employees operating the database was tried to a jury in February and March of 2006. The plaintiff lost on his claim relating to HEX employees. In ruling on the

---

[2] The File-Stamped copy of the Stipulation for Dismissal is attached as Exhibit "B" to the Smith Declaration.

parties' motions for attorneys' fees, Judge Samuel P. King specifically noted that Plaintiff had lost on this claim:

> Berry failed on (1) his claim of infringement of FlemingPO.exe; (2) his claim of infringement of Crystal Reports; (3) his claim for rescission of the license; **(4) and his remaining claims relating to HEX**.

Order dated December 28, 2004 (Emphasis added).  A copy is attached as Exhibit "K" to the Smith Declaration.

A few months after the 2003 verdict, Mr. Berry sued HEX, claiming that HEX had infringed.  In 2005, plaintiff settled his claims against HEX in exchange for a payment from HEX of $100,000.

Respecting plaintiff's claims arising out of HEX operation of the database, the law does not allow plaintiff a *third* bite at this apple.  Plaintiff has already (1) lost this claim against Fleming in a trial on the merits; and (2) released his claim against HEX in exchange for cash.  The Court should not allow the plaintiff to pursue this claim for a third time.

## II. PLAINTIFF'S CLAIMS REGARDING HEX EMPLOYEES' OPERATION OF THE DATABASE ARE BARRED BY THE DOCTRINE OF RES JUDICATA

Plaintiff is bound by the result of the 2003 trial that HEX employees' remote operation of the database does not infringe.  Plaintiff's claim regarding HEX remote operation of the database went to trial and failed.

Under the well settled doctrine of res judicata, Plaintiff cannot pursue that claim in this case.

The doctrine of res judicata prohibits the plaintiff from pursuing the same claim he already took to trial in 2003 and lost.

> "Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits. It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought."

Tahoe Sierra Preservation Council, Inc. v. Tahoe, 322 F.3d 1064 (9th Cir. 2003).

Because the plaintiff took to trial and lost the very same claim regarding HEX use of software that he is attempting to pursue here, the plaintiff's claim is barred.

### A. THE RECORD IS ABSOLUTELY CLEAR THAT THE PLAINTIFF TOOK HIS CLAIM TO TRIAL IN 2003 REGARDING HEX EMPLOYEES' OPERATION OF THE DATABASE

#### 1. Before the Trial Began, The Plaintiff Specifically Identified The Six Claims He Was Taking To Trial, Including The Claim Based On HEX Employees' operation of the database

On December 18, 2002, the plaintiff wrote a letter confirming his decision to dismiss HEX from the lawsuit and to go to trial only against

Fleming.  **Plaintiff's December 18, 2002 letter expressly enumerated the claims that would be presented at trial against Fleming in February 2003**:

> We will be working with counsel to prepare appropriate stipulations in regard to the HEX dismissal and we believe **the following issues will be set to go forward at trial** that will not require any additional discovery other than what is presently pending.
>
> (1)  The creation of the Y2K derivative regarding the FlemingPO.EXE program;
>
> (2) The copyright infringement regarding the freight database program, including but not limited to, the creation of multiple derivatives of that program;
>
> (3)  The unauthorized change of the API invoice in October of 1999, prior to any licensing of Fleming to make such changes;
>
> **(4)  Permitting HEX to use through the alleged use of PC anywhere the Berry freight system as a violation of licensing and infringement;**
>
> (5)  Repudiation and rescindment of the alleged license by infringement and making claims of ownership to the software.
>
> (6)  Related to the above and the damages derived therefrom, there is evidence that Fleming is operating 14 computers under the Berry system.  This is at least 4 more than was ever authorized by Wayne Berry or used by API and will be a basis for damages and a separate basis of infringement.

Plaintiff's December 18, 2002 Letter (emphasis added), attached as Exhibit "D" to the Smith Declaration.

Thus, Mr. Berry clearly announced that his claim against Fleming based on HEX operation of the software was going to trial in the 2003 case.

### 2. The 2003 Trial Record Confirms That The Plaintiff Actually Presented To The 2003 Jury His Claim Based On HEX Employees' Operation Of The Database

Review of the record confirms that the plaintiff's claims regarding HEX employees' operation of the database were fully litigated in the 2003 trial. Indeed, a significant amount of testimony was presented on this claim by almost every non-expert who testified in the 2003 trial. Mr. Hogan stressed the claim in his opening statement, stating:

> The evidence will show that, as we sit here today, a company on the mainland is using Mr. Berry's software through PC Anywhere.

Feb. 24, 2003 Trial Transcript, 19:10-12[3].

After raising the claim in his opening statement, the Plaintiff went on to introduce testimony from Wayne Berry discussing this claim.[4] Mr. Hogan elicited testimony from Mark Dillon on the same subject.[5] Moreover,

---

[3] Exhibit "E" to the Smith Declaration.
[4] Mr. Berry's February 25, 2003 trial testimony on this issue is attached as Exhibit "F" to the Smith Declaration.
[5] Exhibit "G", attached to the Smith Declaration.

7

Ralph Stussi testified on direct and cross examination regarding the same claim[6] as did Teresa Noa.[7]

### 3. Although Fully Presented In The Trial, The Plaintiff's Claim Regarding HEX Employees' Use of the Database Was Rejected By The Court And Never Got To The Jury

Of the six claims which the plaintiff identified in his December 18, 2002 letter (Exhibit "D"), only three made it to the jury's deliberations. The Court refused to even instruct the jurors on the plaintiff's claims regarding HEX employees' operation of the database. A copy of the verdict form from the 2003 trial (attached as Exhibit "H" to the Smith Declaration) confirms the only three claims on which the Court instructed the jury.

### 4. The Trial Judge's Post-Trial Order Expressly Confirmed That The Plaintiff Lost His Claim Regarding HEX Employees' Operation of the Database

Following the 2003 verdict, plaintiff and defendant moved for attorneys' fees. In deciding the plaintiff's motion for attorneys' fees, the Honorable Samuel P. King referred to the same six claims plaintiff had enumerated in his December 18, 2002 letter (Exhibit "D") approximately two months before the start of the trial. Judge King stated:

---

[6] Exhibit "I" to the Smith Declaration.
[7] Exhibit "J" to the Smith Declaration.

> Berry failed on (1) his claim of infringement of FlemingPO.exe; (2) his claim of infringement of Crystal Reports; (3) his claim for rescission of the license; **(4) and his remaining claims relating to HEX**.

Order dated December 28, 2004 (Emphasis added).  A copy is attached as Exhibit "K" to the Smith Declaration.

### 5. Because The 2003 Trial On The Merits Resulted In No Fleming Liability For HEX Employees' Operation Of The Database, Plaintiff's Claim Is Barred

The record thus clearly shows that the plaintiff took to trial his claims that Fleming was liable for HEX's use of the software and that the result of the trial was no liability on this claim.  In the words of the Honorable Samuel P. King:  "Berry failed" on this claim.

The law could not be more clear:  res judicata "provides that a final judgment on the merits of an action precludes the parties from relitigating **all issues connected with the action that were or could have been raised in that action**."   Rein v. Providian Financial Corp., 270 F.3d 895, 898-9 (9th Cir. 2001).   Obviously, the doctrine applies in the present case because the record conclusively shows that any and all issues of Fleming alleged liability for HEX employees' operation of the database "were or could have been raised" in the 2003 trial.  The plaintiff's counsel raised the claim in his 2003 opening statement, the plaintiff himself testified about it as did numerous

9

other witnesses. It is indisputable that the claim was presented and rejected in the 2003 trial.

The plaintiff cannot escape application of res judicata merely because he failed to use the word "vicarious" in the 2003 trial. The claim against Fleming that plaintiff characterized it in his December 18, 2002 letter is the same claim:

> **(4) Permitting HEX to use through the alleged use of PC anywhere the Berry freight system as a violation of licensing and infringement;**

Res judicata covers not only the claims actually litigated but any claims that "could have been" litigated in the previous trial:

> Claim preclusion works to prevent a party who has litigated one action through to a final judgment from bringing another action against the adverse party when the second claim: 1) involves the same parties and the same facts as in the first action, 2) seeks an additional or alternative remedy, and 3) could have been raised in the first action.

Qwest Corp. v. City of Portland, 385 F.3d 1236, 1243 (9th Cir. 2004).

The 2003 final judgment is a final adjudication that Fleming is not liable to the plaintiff for HEX employees' operation of the software from California. In the words of the Ninth Circuit, Fleming already "litigated one action through to a final judgment" on this claim. The law does not allow the plaintiff to make the instant claim because it "1) involves the same

10

parties and the same facts as in the first action, 2) seeks [the same] remedy, and 3) could have been raised in the first action."

The Court should reject the plaintiff's claim that res judicata is inapplicable merely because the challenged conduct took place after the March, 2006 verdict. Plaintiff cannot be permitted to sue time and again for the same conduct that was determined lawful in the 2003 trial, merely because the defendant continued the lawful conduct after the trial ended. No legal authority supports the plaintiff's position.

For the foregoing reasons, the plaintiff's claim that Fleming is vicariously liable for HEX employees' operation of the database has already been decided in Fleming's favor and the plaintiff is bound by that judgment. The claim cannot be pursued in this case.

### III. BECAUSE PLAINTIFF HAS ALREADY RELEASED HEX, PLAINTIFF CANNOT ASSERT CLAIMS THAT FLEMING IS VICARIOUSLY LIABLE FOR HEX'S INFRINGEMENT

Plaintiff has already settled his claims against the HEX Defendants. As is typical, the parties' settlement contained recitals that the Defendants did not admit any wrongdoing or other liability and in fact specifically denied the allegations brought against them, and the parties settled all allegations which were made or could have been made in this lawsuit. See Settlement Agreement dated June 7, 2005 and filed under seal with the

11

Court, at Recital D and ¶ 6(a).  In fact, Berry represented to the Court that the settlement "provides the Plaintiff to be compensated for his alleged claims" and was "reasonable under the circumstances."  June 30, 2005 Memorandum in Support of Plaintiff Wayne Berry's Motion for Entry of Order Finding Good Faith Settlement re:  Hawaiian Express Related Defendants, at pp. 5, 7.

Plaintiff's assertion that he has somehow "preserved" a right to a double-recovery is outrageous.  Having obtained satisfaction for his direct infringement claims against the HEX defendants, Berry may not double dip and attempt to recover again for the same infringement.  See <u>Aro Manufacturing Co. v. Convertible Top Replacement Co</u>., 377 U.S. 476, 512 (1964) ("Hence we think that after a patentee has collected from or on behalf of a direct infringer damages sufficient to put him in the position he would have occupied had there been no infringement, he cannot thereafter collect actual damages from a person liable only for contributing to the same infringement."); see also <u>Rite-Hite Corp. v. Kelley Corp</u>., 56 F.3d 1538, 1558 (Fed. Cir. 1995) ("The quotation from <u>Aro</u> on which <u>Rite-Hite</u> relies simply precludes double recovery."); <u>Hilleby v. FMC Corp</u>., No. C-91-068 FMS, 1992 WL 455435 at *2  (N.D. Cal. July 28, 1992) ("In <u>Aro II</u>, the Supreme Court explained that the rule against collecting damages from a

12

collateral infringer after full satisfaction of a claim against a direct infringer was designed to prevent a patent-holder from resting on its rights while waiting for collateral markets to spring up around the infringing product, and to prevent double recovery against multiple tortfeasors.").

## IV. CONCLUSION.

The plaintiff's claims against Fleming based on HEX employees' use of software were already tried to a jury and decided against Fleming. Moreover, the plaintiff has settled the claims against the alleged infringer.

Dated:  Honolulu, Hawaii, January 23, 2006.

KOBAYASHI, SUGITA & GODA         */s/ Thomas H. Yee*
                                 BERT T. KOBAYASHI, JR.
                                 LEX R. SMITH
                                 THOMAS H. YEE
                                 Attorneys for Defendant
                                 THE POST CONFIRMATION
                                 TRUST FOR THE FLEMING
                                 COMPANIES, INC.

                                       and

                                 KIRKLAND & ELLIS LLP
                                 Eric C. Liebler (CA Bar No. 149504)
                                 Damian D. Capozzola (CA Bar No. 228611)
                                 R. Olivia Samad (CA Bar No. 228611)
                                 777 South Figueroa Street
                                 Los Angeles, CA 90017
                                 Telephone: (213) 680-8400
                                 Facsimilie: (213) 680-8500

Co-Counsel for the Post Confirmation
Trust for Fleming Companies, Inc.