# EXHIBIT "D"

# LYNCH ICHIDA THOMPSON KIM & HIROTA
### A LAW CORPORATION

MAILE M. HIROTA
WESLEY W. ICHIDA
STEVEN J. KIM
PAUL A. LYNCH
WILLIAM "Buzz" THOMPSON III
GORDON T. YANG

1132 BISHOP STREET, SUITE 1405
HONOLULU, HAWAII 96813
TELEPHONE (808) 528-0100
FACSIMILE (808) 528-4997
(808) 523-1920

*Counsel*
TIMOTHY J. HOGAN

*Of Counsel*
GREG TURNBULL, MA

December 18, 2002

Robert Carson Godbey, Esq.
Jackson Godbey Griffiths
Pauahi Tower
1001 Bishop Street, Suite 2300
Honolulu, Hawaii 96813

<u>Via Fax No. 523-8899</u>

Re:   Wayne Berry v. Fleming Companies, Inc., et al., Civil No. CV 01 00446 SPK, LEK, in the United States District, Court for the District of Hawaii
<u>Reply to Hawaiian Express and Fleming Companies, Inc.'s Letter Brief</u>

Dear Mr. Godbey:

In my discussion with my client and with opposing counsel, we have agreed to the following:

(1) Dismissal, without prejudice, of Hawaiian Express Service, Inc. ("HEX"), with each party to bear their own fees and costs;

(2) Withdrawal of the 30(b)(6) Notice to Fleming in all respects;

(3) The withdrawal of any request for further imaging or analysis to be conducted in this case.

We will be working with counsel to prepare appropriate stipulations in regard to the HEX dismissal and we believe the following issues will be set to go forward at trial that will not require any additional discovery other than what is presently pending.

(1) The creation of the Y2K derivative regarding the FlemingPO.EXE program;

(2) The copyright infringement regarding the freight database program, including but not limited to, the creation of multiple derivatives of that program;

(3) The unauthorized change of the API invoice in October of 1999, prior to any licensing of Fleming to make such changes;

Robert C. Godbey, Esq.
Page 2
December 18, 2002

(4) Permitting HEX to use through the alleged use of PC anywhere the Berry freight system as violation of licensing and infringement;

(5) Repudiation and rescindment of the alleged license by infringement and making claims of ownership to the software.

(6) Related to the above and the damages derived therefrom, there is evidence that Fleming is operating 14 computers under the Berry system. This is at least 4 more than was ever authorized by Wayne Berry or used by API and will be a basis for damages and a separate basis of infringement.

These are the issues that will be tried in this case and we believe this should be allowed to get this case to trial without further delay. Additional issues have arisen since the filing of the First Amended Verified Complaint that will not be litigated and arise out of a separate core of operative facts. Specifically, Fleming has interfered with Mr. Berry's prospective advantage in regard to his attempts to license his software to Foodland. This will not be the subject of this litigation.

Very truly yours,

LYNCH ICHIDA THOMPSON KIM & HIROTA

Timothy J. Hogan

TJH:llk

cc: Lex Smith, Esq.