# EXHIBIT "K"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, | ) | CIV. NO. 01-00446 SPK/LEK |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | FILED IN THE |
| | ) | UNITED STATES DISTRICT COURT |
| FLEMING COMPANIES, INC., aka | ) | DISTRICT OF HAWAII |
| FLEMING FOODS, INC., aka | ) | DEC 28 2004 |
| FLEMING, ET AL.. | ) | |
| | ) | at _1_ o'clock and _53_ min._P_ M |
| Defendants. | ) | WALTER A. Y. H. CHINN, CLERK |
| | ) | By |

ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND
GRANTING IN PART PLAINTIFF'S MOTION FOR AWARD OF
ATTORNEYS' FEES AND FULL COSTS

On March 6, 2003, a jury returned a special verdict awarding Plaintiff Wayne Berry ("Berry") $98,250.00 against Defendant Fleming Companies ("Fleming") for violating a copyright of Berry's "Freight Control System" software. The jury, however, ruled against Berry for two other programs ("Crystal Reports" and "Flemingpo.exe"). The parties filed several post-trial motions. Both parties also filed motions for attorneys' fees, contending they were both "prevailing parties" for purposes of 17 U.S.C. § 505.

After Fleming emerged from chapter 11 bankruptcy proceedings in August

1

or September of 2004, the matters were fully briefed. In a separate order, the Court recently denied the parties' post-trial motions. This order rules on the motions for attorneys' fees and costs.

I.

Title 17 U.S.C. § 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Under section 505, the U.S. Supreme Court identified the following non-exclusive list of factors to guide the award or denial of attorney's fees: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n. 19 (1994) (citation omitted). Some other considerations are: the degree of success obtained, the purposes of the Copyright Act, and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff. Fantasy, Inc. v. Fogerty, 94 F.3d 553, 559-60 (9th Cir. 1996). "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the

2

court's discretion. 'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" Fogerty, 510 U.S. at 534 (citation omitted).

Fleming argues these factors in its motion and contends that it is a prevailing defendant because Berry achieved very little (at least monetarily) of what he sought at various points in the litigation. Fleming argues that Berry's motivation was suspect and -- given the exaggerated and (in Fleming's terms) "bizarre" "paranoid" "irrational" nature of claims made at various times -- the Court should consider his case as "frivolous." Thus, Fleming contends that, because it successfully defended against dozens of Plaintiff's copyright claims and Plaintiff obtained a statutory damage award far less than he sought, the Court should find that Fleming is a prevailing defendant.

The Court finds, however, that -- despite limited success -- Berry is the prevailing party for purposes of section 505. The Court cannot ignore the jury's finding of "willful" infringement and the jury's award of $98,250 as damages. True, Fleming did successfully defend many of the claims (as ultimately Berry chose to proceed against Fleming on only six specified claims). See, e.g., March 20, 2003, Decl. of Lex. R. Smith at ¶ 15 and Exh. A attached thereto. In that sense, then, Fleming was "successful" but not necessarily a "prevailing party" for

3

purposes of section 505. Berry did recover almost $100,000 and is the "prevailing party." The action, although perhaps exaggerated, was not frivolous. The Court will, however, consider the arguments Fleming makes in determining the <u>extent</u> of Berry's success and the <u>amount</u> of his fee award.

The Court DENIES Fleming's Motion for Attorneys' Fees and Costs.

II.

Berry has filed a motion for fees and full costs as a prevailing party. Berry seeks $170,212.75 in fees and $17,217.93 in costs. In opposition, Fleming makes substantially the same arguments that it made in its affirmative motion for fees. Fleming does not challenge, entry-for-entry, the amount of time spent, nor does it challenge specific cost entries.

As set forth earlier, the Court considers Berry's recovery of $98,250 as sufficient to render him a prevailing party. <u>Cf.</u> <u>Farrar v. Hobby</u>, 506 U.S. 103, 111-13 (1992) (finding a judgment for even a nominal amount sufficient to render a civil rights plaintiff as a prevailing party). Having so "prevailed," however, does not guarantee a full fee award. Rather, "the degree of the plaintiff's overall success goes to the reasonableness of a fee award." <u>Id.</u> at 114 (citations omitted). "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" <u>Id.</u> (citations omitted).

4

Berry seeks fees under the following lodestar calculation:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Timothy Hogan | 845.75 | $185/hr | $156,463.75 |
| Wesley Ichida | 69.2 | $195/hr | $ 13,494.00 |
| Steven Kim | 1 | $195/hr | $      195.00 |
| Carole Christopher (paralegal) | 1 | $ 60/hr | $       60.00 |
| **Total** | **916.95** | | **$170,212.75** |

Without factoring in a degree of success, or other Fogerty factors, the Court finds these amounts reasonable for a civil case that was carried through a jury verdict. Moreover, the amounts are comparable to amounts expended by Fleming ($211,708 according to Exh. D of the Mar. 20, 2003, Smith Decl.). See Democratic Party of Washington State v. Reed, 388 F.3d 1281, 1287 (9th Cir. 2004) ("there is one particularly good indicator of how much time is necessary . . . and that is how much time the other side's lawyers spent").

The Court next applies the Fogerty factors, and considers the limited degree of success of Berry. In this regard, the Court finds convincing some of the arguments of Fleming indicating that Berry only "succeeded" on one of six claims that he did not abandon. See, e.g., March 20, 2003, Decl. of Lex. R. Smith at ¶ 15 and Exh. A attached thereto. Berry failed on (1) his claim of infringement of FlemingPO.exe; (2) his claim of infringement of Crystal Reports; (3) his claim for

5

rescission of the license; (4) and his remaining claims relating to HEX. As for Freight Control Systems, although he obtained a $98,250 award, he did not achieve other success such as establishment of a new legal theory.

The Court, therefore, finds it appropriate to reduce the $170,212.75 sought by $5/6^{ths}$ to reflect the limited degree of success. That is, Berry should recover $1/6^{th}$ of the $170,212.75 or **$28,368.79**. In addition to that, the Court awards "full costs" of **$17,217.93** as set forth in section 505. Fleming has not attacked item-by-item Berry's cost entries and -- after review of Exh. B. to the March 19, 2003, Declaration of Timothy J. Hogan -- the Court finds the amounts sought to be reasonable and necessary for a case that proceeded through to a jury verdict.

Accordingly, the Court GRANTS in part Berry's Motion for Award of Attorneys' Fees and Full Costs. The Court awards attorneys' fees of **$28,368.79** and costs of **$17,217.93** for a total award of **$45,586.72.**

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES Fleming's Motion for Attorneys' Fees and Costs, filed on March 20, 2003 (and renewed by Notice of Sept. 17, 2004) [CR 219, 249]; and

(2) GRANTS in part Berry's Motion for Award of Attorneys' Fees and Full Costs, filed on March 19, 2003 (and renewed by Notice of Sept. 17, 2004) [CR

6

213, 248(1)], and awards a total of **$45,586.72** in fees and costs.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, _28 December 2004_.

_/s/ Samuel P. King_
SAMUEL P. KING
UNITED STATES DISTRICT JUDGE

Berry v. Fleming, Civ. No. 01-00446SPK/LEK, ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND GRANTING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND FULL COSTS