KOBAYASHI, SUGITA & GODA

LEX R. SMITH                     3485-0
THOMAS H. YEE                    7344-0
SUITE 2600, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 539-8700
Fax No. (808) 539-8799
Email: lrs@ksg.law.com

KIRKLAND & ELLIS LLP
Eric C. Liebeler (CA Bar No. 149504)
Damian Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone No. (213) 680-8400
Facsimile No. (213) 680-8500
Email: eliebeler@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM-LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| | ) DECLARATION OF LEX R. SMITH |
| vs. | ) REGARDING PRODUCTION OF |
| | ) FILES BY GUIDANCE SOFTWARE; |
| HAWAIIAN EXPRESS SERVICE, | ) EXHIBITS "A" – "B" |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## DECLARATION OF LEX R. SMITH REGARDING PRODUCTION OF FILES BY GUIDANCE SOFTWARE

Lex R. Smith, under penalty of perjury, declares as follows:

1.   I am an attorney licensed to practice law before all of the State and Federal Courts in the State of Hawaii and am one of the attorneys representing Defendant POST-CONFIRMATION TRUST for Fleming Companies, Inc. in this case.

2.   On Sunday morning, January 22, 2005, Timothy Hogan, Esq. provided me with a disk drive which he represented is a complete copy of the disk drive I produced to him on September 21, 2005.  Consistent with the Court's instructions, I provided that disk (the "Hogan Files") to Martin Walker, PhD and asked him to compare its contents to the Before files that were provided to Dr. Walker several months ago (the "Before Files").  Dr. Walker's declaration is submitted herewith.

3.   Of the 132,503 files that were on the Before Files, Dr. Walker has concluded 2,979 of those files are not on the Hogan Disk and are also not on the privilege log that I provided to Mr. Hogan.

    4.    Dr. Walker has copied all 2,979 files to a DVD and I have provided it to Mr. Hogan. Plaintiff now has 100% of the Before Files except those listed on the privilege log that I prepared.

    5.    Assuming that the Hogan Disk is an accurate copy of the disk I produced to Mr. Hogan (and I have no basis to dispute this) then it would appear that, through inadvertence, failed to produce to Mr. Hogan 2,979 files that Guidance had produced.

    6.    I apologize to the Court and counsel for this error. In mitigation, I ask that the Court consider the following facts.

    7.    The plaintiff's voluminous list of files that he alleged were connected to his intellectual property included numerous attorney-client communications.

    8.    In July of 2005, I repeatedly offered to produce to the plaintiff the entire disk drive that Guidance had produced. All I asked was that the plaintiff agree (1) not to use or look at any attorney-client materials he encountered; and (2) not to claim that my production to him would constitute a waiver of the privilege. Plaitiff thus would have had all of these records in July except for his refusal of this very reasonable offer. This situation is summarized in my letter to Clyde Matsui dated August 1, 2005 and the exhibits attached thereto (Exhibit "A") attached hereto.

9. Plaintiff's request was extraordinarily broad: Guidance estimated that the amount of data plaintiff requested exceeded **70 million pages**. Plaintiff rejected my repeated request that he identify for production only those files that had a reasonable basis for discovery. Even when Discovery Master Matsui ordered plaintiff to state a good faith basis for the files he requested (see below) plaintiff refused.

10. I could not use the PCT's expert to search the disk drives for privileged communications because the plaintiff was claiming that the privilege would be waived for any privileged communications the expert found. Accordingly, I felt I had no choice but to handle the search and production myself.

11. In September or October 2005, I sent to Dr. Walker the disk that I had copied for the production to Mr. Hogan and asked Dr. Walker to confirm that it was a complete set of the Before Files, missing only the files on the privilege log. Dr. Walker confirmed to me that the only files missing were those that I had listed on the privilege log. Since I had produced a copy of that disk to Mr. Hogan, I honestly believed it contained all of the Before Files except those I had listed on the privilege log.

12. This matter was already addressed by Discovery Master Clyde Matsui in an order dated October 5, 2005. The Master ruled on Mr. Hogan's

discovery claims (including his demands for the Guidance disk and his claim that attorney-client privilege had been waived).[1]  Mr. Matsui expressly ordered the plaintiff to state a good faith basis for any files he requested before any further production was required.  No party ever appealed the Master's order.

    13.    Specifically, the Master ordered:

> Plaintiff shall provide, to Defendants, an explanation as to the good faith basis for each of the Guidance Files requested.
> …
>
> Plaintiff is ordered to demonstrate the good faith basis for each of the files requested.
> …
>
> No later than 10 days after receipt of Plaintiff's explanations, C&S shall:
>
>> (a) produce a copy of all Guidance Files identified by Plaintiff to which it has no objection to production, and
>>
>> (b) provide Plaintiff with an explanation of all Guidance Files identified by Plaintiff to which it objects.
>> …

---

[1] Mr. Hogan's letter to Master Matsui stating his claims (including his demands for the entire Guidance Disk and his claim that the privilege had been waived) is attached hereto as Exhibit "B."  My letter stating the PCT's position is attached hereto as Exhibit "A."

5

14. The procedure mandated by the Master never took place because the plaintiff never complied with the Master's order. The plaintiff has never stated a good faith basis to receive any file that had not already been produced; indeed, the plaintiff has never even identified any particular files that he claimed he had a good faith basis to receive.

15. Additionally, the Master expressly rejected the plaintiff's claim that attorney-client privilege had been waived:

> Plaintiff cannot both invite discovery, by seeking production of the Guidance Files, and punish ensuing discovery production, by stating that the production will waive any claim of privilege.

16. The files that I withheld on the ground of privilege were withheld because they contained a communication between counsel and Fleming. They have been printed out in hard copy and are available for the Court's inspection in camera.

17. In the course of printing out the files that contained privileged communications, I found that in several cases some portions of the file were not privileged. All of those pages have been printed and produced to Mr. Hogan.

18. Again, I apologize to the Court and counsel for my error and ask that the Court consider the above facts in mitigation.

I declare under penalty of perjury that the statements made herein are true and correct to the best of my knowledge, information and belief.

DATED: Honolulu, Hawaii, January 23, 2006.

_____
LEX R. SMITH