# EXHIBIT "A"

# KOBAYASHI SUGITA & GODA
ATTORNEYS • AT • LAW

999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813-4430

Telephone: 808-539-8700
Facsimile: 808-539-8799
E-Mail: lrs@ksglaw.com

Bert T. Kobayashi, Jr.*
Kenneth Y. Sugita*
Alan M. Goda*
Dale W. Lee*
Lex R. Smith*
David L. Monroy*
Wendell H. Fuji*
Robert K. Ichikawa*
Janeen-Ann A. Olds*
Clifford K. Higa*
Charles W. Gall*
John F. Lezak*
Larry L. Myers*
Craig K. Shikuma*
Christopher T. Kobayashi*
Ruth K. Oh*
Burt T. Lau*
Ronald T. Ogomori*
David B. Tongg*
Bruce A. Nakamura*
Lanson K. Kupau*
Jonathan A. Kobayashi*
Nathan H. Yoshimoto*
*A Law Corporation

Brendan S. Bailey
George Gusman III
Anne E. Lopez
Kenneth M. Nakasone
Curtis K. Saiki
Jesse W. Schiel
Duane C. Seabolt
Joseph A. Stewart
Ann C. Teranishi
Robert A. Ueoka
Thomas H. Yee

August 1, 2005

VIA FACSIMILE #599-2979

Clyde Wm. Matsui, Esq.
Matsui, Chung, Sumida & Tsuchiyama LLC
Pacific Guardian Center, Mauka Tower
Suite 1400
Honolulu, Hawaii 96813

Re:   Berry v. HEX, et al.

Dear Mr. Matsui:

This responds to Mr. Fujichaku's letter dated July 28, 2005. When you review the facts, you will see that this problem is entirely of the plaintiff's making because of his enormous, overbroad designation[1]. Moreover, the materials have been repeatedly tendered to the plaintiff on reasonable terms and the plaintiff has refused to accept them. Since plaintiff has rejected our proposals, we submit that the only way to address this problem is for the Master to limit discovery to those specific files which plaintiff can demonstrate have potential relevance to an issue remaining in this case.

Shortly after the initial *eleven gigabyte* production containing *more than 24,000 files*, we learned that plaintiff's designation was grossly overbroad, as it included numerous attorney-client privileged communications. (Exhibit "A"). We asked the plaintiff to narrow his designation to only those files he reasonably believed contained something he authored. Id. Plaintiff refused to narrow his request but specifically asked for production of files "with the following extensions: *.mdb, *.asp, *.rpt, *.ldb and *.xls (Exhibit "B"). I began the difficult process[2] of going one-by-one through the massive number of files to determine if they contained any privileged information.

---

[1] Plaintiff's designation exceeds 150,000 files, comprising well over 100 gigabytes of data. The amount of data is so enormous that Guidance purchased a 200 GB external hard disk for each party in the case just to make the production.
[2] Because my computer at work did not have 11 GB free, took the materials home and began to work on them there.

Clyde Wm. Matsui, Esq.
August 1, 2005
Page 2

    We then offered to produce everything to the plaintiff as long as he would agree that in doing so we were not waiving the attorney client privilege. (Exhibit "C"). Plaintiff again refused. (Exhibit "D").

    On July 21 and again on July 25, I specifically told the plaintiff he could preserve all of his claims that the privilege had already been waived. We only asked that he agree that the act of producing the files now would not be deemed a separate waiver. (Exhibit "E" and Exhibit "F.")

    Plaintiff accepted our proposal and agreed that we would immediately produce the materials and he would not claim the production to him was a waiver. (Exhibits "G" and "H").

    In reliance on Mr. Hogan's statements, I deleted the materials from my home computer; brought the materials Guidance had produced back to my office and telephoned Mr. Hogan to advise him I was ready to exchange them for the signed agreement he had previously agreed to in Exhibit "G". To my surprise, Mr. Hogan yelled at me at some length that he would not sign the agreement. Later he sent an e-mail confirming his position. (Exhibit "I"). Hence, I was forced to go back to the laborious process of reviewing file by file the materials Mr. Hogan has requested.

    In summary, the plaintiff created this problem with his outrageous designation of more than 150,000 computer files filling well over 100 megabytes. Despite this abuse, plaintiff has repeatedly been given the chance to view everything he designated immediately as long as he would agree that the privilege covering the attorney-client materials he designated is not waived.

    The Master can solve this problem by requiring plaintiff to demonstrate whether he has a good faith basis for discovery of each file he seeks.

                                      Very truly yours,

                                      LEX R. SMITH
                                      for
                                    KOBAYASHI, SUGITA & GODA

enclosures

cc: All Counsel



# KOBAYASHI SUGITA & GODA
ATTORNEYS • AT • LAW

999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813-4430

Telephone: 808-539-8700
Facsimile: 808-539-8799
E-Mail: lrs@ksglaw.com

Bert T. Kobayashi, Jr.*
Kenneth Y. Sugita*
Alan M. Goda*
Dale W. Lee*
Lex R. Smith*
David L. Monroy*
Wendell H. Fuji*
Robert K. Ichikawa*
Janeen-Ann A. Olds*
Clifford K. Higa*
Charles W. Gall*
John F. Lezak*
Larry L. Myers*
Craig K. Shikuma*
Christopher T. Kobayashi*
Ruth K. Oh*
Burt T. Lau*
Ronald T. Ogomori*
David B. Tongg*
Bruce A. Nakamura*
Lanson K. Kupau*
Jonathan A. Kobayashi*

Brendan S. Bailey
George Gusman III
Anne E. Lopez
Kenneth M. Nakasone
Curtis K. Saiki
Jesse W. Schiel
Duane C. Seabolt
Joseph A. Stewart
Ann C. Teranishi
Robert A. Ueoka
Thomas H. Yee
Nathan H. Yoshimoto

*A Law Corporation

July 12, 2005

<u>VIA FACSIMILE #528-4997</u>

Timothy Hogan, Esq.
Lynch, Ichida, Thompson, Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813

Re:   <u>Berry v. HEX</u>

Dear Mr. Hogan:

It came to our attention on the afternoon of July 11 that among the 23,000 files you requested from Guidance Software are a number of attorney-client privileged communications. In consenting to Guidance's production of these electronic materials -- and in agreeing to such production without insisting on screening every file first, we relied on the plaintiff's representation that these files had been identified in good faith as being authored by Mr. Berry. It was not the PCT's intent or understanding that you or any other party would thus come into possession of attorney-client privileged communications. Nonetheless, we now find ourselves in the current situation because of your vastly overbroad list of allegedly relevant files.

Under the circumstances we request that you immediately do the following:

1. Return to Guidance Software, or the Master, the materials Guidance Software produced to you.

2. Destroy any electronic copies or electronic derivatives of such material and certify that you have done so or certify there were no such materials to destroy.

3. Narrow your list of over 23,000 files to those files for which you have a good faith basis for believing they may contain Mr. Berry's intellectual property. Once you have done so we can discuss them one at a time and the PCT can screen them to be sure there is no privileged material. We can then coordinate with Guidance (and the Master as may be needed) to determine which files should properly be produced

**Exhibit A**

Timothy Hogan, Esq.
July 12, 2005
Page 2

Please also provide your agreement to our proposal that Guidance Software not produce the over 100,000 files from the "Before" image unless and until we can develop appropriate safeguards to prevent another production of privileged material.

Finally, we request your response by close of business today, July 12. If you refuse we will be forced to seek immediate assistance from Master Matsui.

Thank you for your attention to these matters.

                                          Very truly yours,

                                          LEX R. SMITH
                                             for
                                        KOBAYASHI, SUGITA & GODA

cc: Rex Fujichaku, Esq.

From: "Timothy J. Hogan" <tjh@loio.com>
To: "Lex Smith" <lex@gte.net>
Cc: "Eric Liebeler" <eliebeler@kirkland.com>; "Damian Capozzola" <dcapozzola@kirkland.com>; "Lyle Hosoda" <lsh@hosodalaw.com>; "Lyle Hosoda" <lshosoda@hotmail.com>; "Rex Y. Fujichaku" <rfujichaku@bchlaw.net>; "Rex Fujichaku" <fujichaku@hotmail.com>; "Victor Limongelli (E-mail)" <victor.limongelli@guidancesoftware.com>; <cmatsui@triallawhawaii.com>; "K Akamine" <kakamine@triallawhawaii.com>
Sent: Thursday, July 14, 2005 11:57 AM
Subject: RE: Guidance Images -Highly Confidential -Attorneys' Eyes Only

-Highly Confidential -Attorneys' Eyes Only

Mr. Smith:

First, every file requested was relevant to files Berry has authored. Because you refuse to provide a log your claim to privilege is not capable of a reasoned response.

The PCT's and C&S intent to obstruct is obvious from your email. Also, when they were produced the order addressed all parties need for these files. I remind you that you were the one that moved to have them produced. In light of what the evidence has shown that is direcly relevant to the illegal concealed use of Berry technology, the sworn statements to the Court notwithstanding, it all remains relevant and the continued right to claim a privilege over any of these materials is far from certain based on, at a minimum, the PCT's voluntary waiver for sharing these materials with C&S's counsel.

As to the Guidance Files, both before and after, these extensions have no rational way to be connected to any attorney client privileged communication.

All filed with the following extensions: *.mdb, *.asp, *.rpt, *.ldb and *.xls files plus the unallocated 4.6 gig. cluster in the Before images should be produced today. These can be sorted in minutes with Windows File Explorer. There is no need to review each file and we demand that you provide them immediately.

We also request the same files from the C&S servers as of today. Are you going to produce that? Will you agree to allow us to have the ones on the Server that the Master has? If not, why not?

Tim Hogan

Exhibit B

# KOBAYASHI SUGITA & GODA
ATTORNEYS • AT • LAW

999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813-4430

Telephone: 808-539-8700
Facsimile: 808-539-8799
E-Mail: lrs@ksglaw.com

Bert T. Kobayashi, Jr.*
Kenneth Y. Sugita*
Alan M. Goda*
Dale W. Lee*
Lex R. Smith*
David L. Monroy*
Wendell H. Fuji*
Robert K. Ichikawa*
Janeen-Ann A. Olds*
Clifford K. Higa*
Charles W. Gall*
John F. Lezak*
Larry L. Myers*
Craig K. Shikuma*
Christopher T. Kobayashi*
Ruth K. Oh*
Burt T. Lau*
Ronald T. Ogomori*
David B. Tongg*
Bruce A. Nakamura*
Lanson K. Kupau*
Jonathan A. Kobayashi*

Brendan S. Bailey
George Gusman III
Anne E. Lopez
Kenneth M. Nakasone
Curtis K. Saiki
Jesse W. Schiel
Duane C. Seabolt
Joseph A. Stewart
Ann C. Teranishi
Robert A. Ueoka
Thomas H. Yee
Nathan H. Yoshimoto

*A Law Corporation

July 20, 2005

Timothy Hogan, Esq.
Lynch, Ichida, Thompson, Kim & Hirota
First Hawaiian Tower Suite 1405
Honolulu, Hawaii 96813

Re: <u>Materials Produced By Guidance</u>

Dear Mr. Hogan:

    On July 11, 2005, we learned that you had included a number of Fleming's attorney-client communications in the files you claimed had been authored by Wayne Berry. We asked that you provide a properly narrowed list covering only files with some relevance to your claims. You refused, insisting instead that the defendants should search the massive, overbroad production for all of the non-discoverable material that you had improperly designated. We disagreed with your position but nevertheless began the process of going through the production file by file.

    The massive amount of data you have designated from the "Before" and "After" images (collectively the "Production") would fill more than one hundred CD's. We are simply not able to complete a review of it in a time frame consistent with the pending court proceedings. I therefore propose that we will return to you all of the Production from Guidance Software upon your agreement that (1) Guidance's entire production is designated "confidential - attorney eyes only" pursuant to the protective order entered in this case; (2) if you encounter any attorney-client communications in the Production, you will not read them and will not use them in

Exhibit C

Timothy Hogan, Esq.
July 20, 2005
Page 2

connection with this or any matter; and (3) the attorney-client privilege is not waived with respect to any attorney-client materials contained in the Production.

    If you agree to these terms, please sign below and I will have the materials delivered to your office.

Very truly yours,

*[signature]*

LEX R. SMITH
for
KOBAYASHI, SUGITA & GODA


Agreed

_____
TIMOTHY J. HOGAN
Attorney for Wayne Berry


cc: All Counsel

# LYNCH ICHIDA THOMPSON KIM & HIROTA
### A LAW CORPORATION

MAILE M. HIROTA
WESLEY W. ICHIDA
ANN C. KEMP
STEVEN J. KIM
PAUL A. LYNCH
WILLIAM "Buzz" THOMPSON III

1132 BISHOP STREET, SUITE 1405
HONOLULU, HAWAII 96813
TELEPHONE (808) 528-0100
FACSIMILE (808) 528-4997
(808) 523-1920

*Counsel*
TIMOTHY J. HOGAN

*Of Counsel*
GREG TURNBULL, MA

July 21, 2005

Lex R. Smith, Esq.
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813

<u>**VIA FAX NO. 539-8799**</u>

Re:  Wayne Berry v. Hawaiian Express Service, Inc., et al.,
     Civil No. CV03-0035 SOM-LEK

Dear Mr. Smith:

I am writing with regard to your letter dated July 21, 2005. Because the only way a voluntary disclosure to me would not be a waiver of the privilege is if I established an attorney-client relationship with your clients, I must decline your proposal.

We restate our demand that the Guidance Before and After materials be turned over, without condition, immediately, other than the limitations already imposed by the Protective Order.

Very truly yours,

LYNCH ICHIDA THOMPSON KIM & HIROTA

Timothy J. Hogan

TJH:llk

cc: All Counsel via email.

# Exhibit D

# KOBAYASHI SUGITA & GODA
ATTORNEYS • AT • LAW

999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813-4430

Telephone: 808-539-8700
Facsimile: 808-539-8799
E-Mail: lrs@ksglaw.com

Bert T. Kobayashi, Jr.*
Kenneth Y. Sugita*
Alan M. Goda*
Dale W. Lee*
Lex R. Smith*
David L. Monroy*
Wendell H. Fuji*
Robert K. Ichikawa*
Janeen-Ann A. Olds*
Clifford K. Higa*
Charles W. Gall*
John F. Lezak*
Larry L. Myers*
Craig K. Shikuma*
Christopher T. Kobayashi*
Ruth K. Oh*
Burt T. Lau*
Ronald T. Ogomori*
David B. Tongg*
Bruce A. Nakamura*
Lanson K. Kupau*
Jonathan A. Kobayashi*

Brendan S. Bailey
George Gusman III
Anne E. Lopez
Kenneth M. Nakasone
Curtis K. Saiki
Jesse W. Schiel
Duane C. Seabolt
Joseph A. Stewart
Ann C. Teranishi
Robert A. Ueoka
Thomas H. Yee
Nathan H. Yoshimoto

*A Law Corporation

July 21, 2005

Timothy Hogan, Esq.
Lynch, Ichida, Thompson, Kim & Hirota
1132 Bishop Street
Suite 1405
Honolulu, Hawaii 96813

Re: Berry v. HEX, et al.

Dear Mr. Hogan:

We will agree that you can reserve your claim that attorney-client privilege is waived as a result of Guidance's entire Production, which you designated, being provided to our expert witness, Martin Walker PhD and we will reserve our position that the privilege was not waived.

We are prepared to return to you all of the data produced by Guidance Software upon your agreement that (1) Guidance's entire production is designated "confidential - attorney eyes only" pursuant to the protective order entered in this case; (2) if you encounter any attorney-client communications in the production, you will not read them and will not use them in connection with this or any matter unless and until a court of competent jurisdiction determines

Exhibit E


Timothy Hogan, Esq.
July 21, 2005
Page 2

that the privilege was waived by virtue of Mr. Walker having access to it; and (3) the attorney-client privilege is not waived as a result of the Guidance Production being provided to you.

If this is agreeable to you, please sign below and we will have the materials delivered.

Very truly yours,

LEX R. SMITH
for
KOBAYASHI, SUGITA & GODA

AGREED:

_____
TIMOTHY HOGAN, ESQ.
Attorney for Wayne Berry

Case 1:03-cv-00385-DAE-LEK    Document 784-2    Filed 01/23/2006    Page 11 of 15

**From:** Lex R. Smith
**Sent:** Monday, July 25, 2005 4:58 PM
**To:** 'Timothy J. Hogan'; Anne E. Lopez; Damian Capozzola
**Cc:** Eric Liebeler
**Subject:** RE: pdf transmissions

Dear Tim:

First, you have already been provided copies of everything Walker relied on.

Second, I have not asked that you "concede that the privilege was not waived" when the Guidance production was given to Dr. Walker. On July 21, I clearly offered to stipulate that you can preserve your claim that privilege has previously been waived and we would preserve our position to the contrary. All I asked is that you stipulate that our providing you with the 150,000 files you have requested will not be deemed a waiver of the attorney client privilege. Specifically, my letter said:

"We will agree that you can reserve your claim that attorney-client privilege is waived as a result of Guidance's entire Production, which you designated, being provided to our expert witness, Martin Walker PhD and we will reserve our position that the privilege was not waived.

"We are prepared to return to you all of the data produced by Guidance Software upon your agreement that (1) Guidance's entire production is designated "confidential - attorney eyes only" pursuant to the protective order entered in this case; (2) if you encounter any attorney-client communications in the production, you will not read them and will not use them in connection with this or any matter unless and until a court of competent jurisdiction determines that the privilege was waived by virtue of Mr. Walker having access to it; and (3) the attorney-client privilege is not waived as a result of the Guidance Production being provided to you."

Exhibit F

**From:** Timothy J. Hogan [mailto:tjh@loio.com]
**Sent:** Monday, July 25, 2005 5:16 PM
**To:** Lex R. Smith; Anne E. Lopez; Damian Capozzola
**Cc:** Eric Liebeler
**Subject:** RE: pdf transmissions

As long as I don't waive any of my positions, send them over. As to what Walker did with the files, he had the ability to pick and chose. We are supposed to accept his assertions at face value. We will will seek to have his report disregarded as a violation of Rule 26.

Exhibit G

**From:** Lex R. Smith
**Sent:** Monday, July 25, 2005 6:04 PM
**To:** 'Timothy J. Hogan'; Anne E. Lopez; Damian Capozzola
**Cc:** Eric Liebeler
**Subject:** RE: pdf transmissions

Tim,

Thank you. We'll deliver (a) the Guidance DVD with the 23,000 files from the after images plus (b) the Guidance USB disk drive with the 140,000 files from the before images in the morning in exchange for your signing the attached letter which says what my last e-mail said.

Lex

Exhibit "H"

**From:** Timothy J. Hogan [mailto:tjh@loio.com]
**Sent:** Tuesday, July 26, 2005 9:10 AM
**To:** Lex R. Smith; Anne E. Lopez; Damian Capozzola
**Cc:** Eric Liebeler
**Subject:** RE: pdf transmissions

Mr. Smith:

So we are clear, it is my position that the privilege is waived. Therefore anything I look at is not privileged. How can I tell if it is an attorney-client communication if I don't look at it? You should just accept the fact that your privilege is waived and stop trying to get me to agree that it is not.

We won't agree that all these materials shall remain Highly Confidential. Anything you have claimed is Berry's work he should be able to see. If you won't agree, I'll move for a judicial determination and sanctions in light of your position regarding Dillon's right to access the materials.

Also, there are many Crystal Reports that show creation dates in 1996. One is in my motion. These are Berry's. Please advise me of C&S' position regarding its claimed right to use these works and the derivatives that Dillon created. It is our view that all these works belong to Berry. The derivative portion is all that C&S can use. Each of these works is a separate grounds for a claim of infringement and Mr. Berry reserves all rights.

Also, we have now seen the actual "Original Logistics Data.mdb" that again shows Dillon committed perjury this time in front of Judge Mollway in open court when he falsely testified to the only difference between Original and FCS being a few "fields." The Court has relied on that falsehood compounded by the Walker's report. Because Walker refers to this in his supplemtal report we intend to raise it in our reply as proof that our motion must be granted.

Walker's first report confirms that the actual Berry Database had 69 tables. The attached PDF Berry Dec. was filed earlier and confirms this. Walker's first report says that only a couple of "fields" within a table were modified consistent with Dillon's testimony. These screen prints show how wrong he was and why recon. must be granted.

In addition, as further proof of the fraud, Dillon linked the FCS Logistics Data.mdb into Original Logistics Data.mdb on May 1, 2003. When you load the Original Logistics Datat1 in Access go to Tables and click on the table named "Item-Job1". It opens up a box saying that it can't find FCS Logistics Data.mdb. The "MsysObjects" table confirms the date and time that Dillon put this in Original Logistics Data.mbd. None of this is necessary to prove Dillon's testimony and Walker's report are both materially false. Simply counting the Tables in the two screen prints of the database is all that is necessary and we will encourage the Court to do so.

In light of the outrageous conduct of C&S's employee, I must advise Mr. Berry to cease his efforts to resolve this case globally and proceed vigorously with his efforts to protect his intellectual property from the obvious ongoing infringement.


Tim Hogan

Exhibit "I"