# EXHIBIT "B"

AUG-02-05 14:49 FROM:LYNCH et al.     ID:808 528 4997     PAGE 1/1

Case 1:03-cv-00385-DAE-LEK     Document 784-3     Filed 01/23/2006     Page 2 of 15

# LYNCH ICHIDA THOMPSON KIM & HIROTA

### A LAW CORPORATION

MAILE M. HIROTA
WESLEY W. ICHIDA
ANN C. KEMP
STEVEN J. KIM
PAUL A. LYNCH
WILLIAM "Buzz" THOMPSON III

1132 BISHOP STREET, SUITE 1405
HONOLULU, HAWAII 96813

TELEPHONE (808) 528-0100
FACSIMILE (808) 528-4997

E-MAIL: mail@loio.com

COUNSEL
TIMOTHY J. HOGAN

OF COUNSEL
GREG TURNBULL, MA

## FAX TRANSMITTAL

August 2, 2005

| | | | |
|---|---|---|---|
| TO | Clyde W. Matsui, Esq. | FAX NO. | 599-2979 |
| CC: | Lex Smith, Esq. | FAX NO. | 539-8799 |
| FROM: | Timothy J. Hogan, Esq. | PAGE(S): | 14 |

RE:     <u>Wayne Berry v. HEX, et al.</u>, Civ. No. CV03 00385 SOM-LEK

*PLEASE NOTE: This communication contains confidential and privileged information. It is exempt from disclosure under applicable law. If you received it in error, please notify the sender immediately by telephone or fax.*

Letter to Clyde W. Matsui (dated 8/2/05) from Timothy J. Hogan

cc: Counsel via Email

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
WAYNE BERRY VS HAWAIIAN EXPRESS SERVICE ET AL
CIV NO CV03 00385 SOM LEK

# LYNCH ICHIDA THOMPSON KIM & HIROTA

A LAW CORPORATION

MAILE M. HIROTA
WESLEY W. ICHIDA
ANN C. KEMP
STEVEN J. KIM
PAUL A. LYNCH
WILLIAM "Buzz" THOMPSON III

1132 BISHOP STREET, SUITE 1405
HONOLULU, HAWAII 96813
TELEPHONE (808) 528-0100
FACSIMILE (808) 528-4997

*Counsel*
TIMOTHY J. HOGAN

*Of Counsel*
GREG TURNBULL, Psy.D

August 2, 2005

Clyde W. Matsui, Esq.
Matsui Chung Sumida & Tsuchiyama
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 1400
Honolulu, Hawaii 96813

      Re:    Wayne Berry v. Hawaiian Express Service, et al.,
              Civ. No. CV03-00385 SOM-LEK

Dear Mr. Matsui:

      I am writing regarding Mr. Smith's letter dated August 1, 2005 and Mr. Fujichaku's July 28, 2005 letter. As a preliminary matter, it is unclear from Mr. Smith's letter whether he is acting as counsel for the PCT, the various C&S entities or some combination of these disparate components of his current representation. Because the facts show that the PCT has voluntarily waived its privilege, we do not believe that Mr. Smith can reverse that waiver on behalf of C&S that lacks standing to raise issues related to the PCT's privilege. To the extent that the PCT has already knowingly and voluntarily waived its claim of privilege over these materials, Mr. Smith may not undue that irrevocable act. Because the waiver is complete, the withholding of these files is simply contempt.

      To address Mr. Fujichaku's letter, it is obvious that Mr. Smith's letter is in opposition to Mr. Fujichaku's request for a prompt resolution of this matter suggesting instead a process that would likely take years to accomplish. In as much as Mr. Fujichaku's letter suggests a prompt resolution, Mr. Berry agrees. To the extent that this resolution contemplate some jury rigged fix of the PCT's privilege waiver, Mr. Berry objects.

      The Master may recall that the critical need for these documents was first memorialized in the Minutes of his initial meeting with the parties. *See* Exhibit "A" at paragraph 4. Because Mr. Berry had long sought the Guidance materials he joined in the request made by the PCT and argued to the Master that the entire Guidance images should be produced. At no time did the PCT ever preserve an objection to the production on attorney-client privilege grounds.

      The Order compelling the Guidance production was entered on May 26, 2005. It was not appealed and should not be revisited through this letter brief process.

Clyde W. Matsui, Esq.
August 2, 2005
Page 2

  Mr. Berry had a good faith basis for the materials that were sought and Fleming's failure to produce a single privilege log entry regarding these materials should resolve this attempt to further delay these proceedings. Mr. Smith's claim that he deleted his privilege log from his home computer is utterly absurd. Mr. Smith won't even describe the scope of his concerns by file type and is simply using this false claim of privilege as a devise to block Mr. Berry from proceeding in this case because the small number of files that have been given to Mr. Berry evidence that the Court and Mr. Berry have together been victims of a long and costly fraud.

  In regard to the Guidance After image materials, these were materials that the PCT admits were transferred to C&S in the summer of 2003 and the privilege was waived at that time. Mr. Berry asks that his DVD be returned so that he may proceed with preparing his case regarding these materials.

  As to the both the After and Before materials, there is no question that the PCT, having claimed on July 12, 2005 that these files contained what they asserted were privileged materials, willingly and voluntarily provided these materials to Martin Walker, PhD, the PCT's identified trial expert on or about July 19, 2005. At that moment all privilege was irretrievably waived. This was a deliberate and calculated waiver. Attached hereto as Exhibit "B" is an email thread regarding the communication with the PCT's counsel conceding the conduct that resulted in the the voluntary waiver of privilege. In addition, Mr. Smith, as C&S's attorney, as stated, lacks standing to reverse the PCT's calculated, though perhaps ill advised, decision to knowingly engage in acts that waived its privilege. Providing the materials to opposing counsel is no less a voluntary waiver and a request for counsel to say otherwise is simply absurd. Attached hereto as Exhibit "C" is an excerpt of the Walker Second Supplemental Report filed just days ago where Mr. Walker admits that he prepared his report after his "review" of the Guidance materials that have been claimed as privileged.

  It is well settled that testifying experts are deemed not to be covered by the privilege or work product doctrine. In *In re Pioneer Hi-Bred International, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001), the court found that "the 1993 amendments to Rule 26 of the Federal Rules of Civil Procedure make clear that documents and information disclosed to a testifying expert in connection with his testimony are discoverable by the opposing party, whether or not the expert relies on the documents and information in preparing his report." The court further noted that, since any disclosure to a testifying expert in connection with his testimony assumes that privileged or protected material will be made public, there is a waiver to the same extent as with any other disclosure.

  In *United States Fid. & Guaranty Co. v. Brapetro Oil Serv. Co.*, 53 Fed. R. Serv. 3d 60 (S.D.N.Y. 2002), as in this case, the party delivered a large number of electronic files to the testifying expert. The court ruled the privilege waived finding it mattered not whether the expert opened the protected material but whether the expert could open and view them. *See also CP Kelco United States, Inc. v. Pharmacia Corp.*, 213 F.R.D. 176, 178 (D. Del. 2003)(privilege irrevocably waived when materials produced to trial expert); *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir., 2001) (all materials provided to expert are discoverable).

Clyde W. Matsui, Esq.
August 2, 2005
Page 3

      Contrary to Mr. Smith, Mr. Berry's counsel never agreed to sign Mr. Smith's agreement but agreed to accept the documents on the grounds that he doesn't waive anything. That means that he doesn't agree that the production is not a waiver. Counsel should not be required to make a false statement in any writing that the privilege is not waived when such materials are provided to opposing counsel because nothing that counsel can say changes the fact that such a disclosure is a waiver. Mr. Smith's claim that counsel accepted this absurd position is simply false.

      Contrary to Mr. Smith's letter, the limited categories of documents provided to Mr. Smith in an effort to move the case forward, could not contain any privileged materials unless Fleming was communicating with its attorneys through databases, spreadsheets and other such operational files. His desire to limit and slow the production is because he is fully aware that these materials show that the PCT's damage expert reports, like its liability expert reports are based on false evidence. Mr. Berry is entitled to receive the Guidance materials as they were produced to the PCT's trial expert not limited in any way. Anything other than that will be simply concealing relevant discoverable evidence from Mr. Berry and inappropriate in light of the Master's stated purpose to permit discovery in this case.

      In addition, this matter is not properly before the Master. What the PCT and C&S, through their concurrent counsel ask the Master to do is to assist in an end run around the Article III Judge whom they are keenly aware is about to address this issue in regard to Mr. Berry's Motion for Reconsideration. The Master should await the ruling of the District Court on the privilege issue and the use of the Guidance materials by the PCT's trial expert. Because neither C&S nor the PCT appealed the Order regarding the Guidance production, Mr. Berry believes they must apply to the District Court to vacate its order that is no longer before the Master. The Master has already so ruled in regard to an earlier *timely* request made by Mr. Berry. The Master should not engage in acts that would have the effect of eviscerating this Order and the contempt sanctions that derive from its willful and ongoing disobedience.

      Very truly yours,

      LYNCH ICHIDA THOMPSON KIM & HIROTA

      Timothy J. Hogan

TJH:llk

Enclosures: Exhibits "A" to "C"
cc    Lex Smith
        Counsel (via e-mail).

# MEMORANDUM

TO: Clyde Matsui, Esq.
Discovery Master Appointed in the Berry/HEX case

FROM: Timothy J. Hogan, Esq. via email.

RE: *Wayne Berry v. Hawaiian Express Service, Inc. et al.*, CV03-000385 SOM-LEK Discovery Conference held January 7, 2005, 10:00 a.m. HST.

cc: Lex R. Smith, Esq.
Wesley H. H. Ching, Esq.
Roy J. Tjioe, Esq.
Karen L.S. Fine, Esq.
Emily Reber Porter
Julia Morgan, Esq.
Leroy Colombe, Esq.
Lyle Hosoda, Esq.
Eric C. Liebeler, Esq.
Sheldon Toll, Esq.
Lex Fujichaku, Esq.

---

Mr. Matsui convened a discovery conference on Friday, January 7, 2005 at 10:00 a.m., at his offices regarding his appointment as Discovery Master in regard to *Wayne Berry v. Hawaiian Express Service, Inc. et al.*, CV03-000385 SOM-LEK.

In attendance were counsel for the parties: Ms. Reber-Porter, Ms. Morgan, Mr. Smith, Mr. Hosoda, Mr. Ching, Mr. Colombe, Mr. Fujichaku and Mr. Hogan. Participating telephonically were Mr. Liebeler, Ms. Fine and Mr. Toll.

The following is a memorandum to recap the matters addressed by the Discovery Master at that meeting:

1. Mr. Hosoda and Mr. Hogan's pending issue regarding the redaction of certain records that were turned over by Iowa Telecom pursuant to Mr. Berry's subpoena was addressed. Mr.


"A"

Hosoda shall turn over all documents produced by Iowa Telecom for review and consideration by the Master.

2. As to the FCS 2003, Mr. Liebeler will seek a schedule for submission of letter briefs on that issue. Mr. Hogan stated his objection, that requiring Mr. Berry to turn over this work under development was like asking Microsoft to turn over its source code to the next generation of windows to someone Microsoft claimed was infringing an old DOS program.

3. As to the retention of the Master's computer expert, Mr. Matsui will retain his own expert to do what he deems necessary regarding the C&S computer systems.

4. Regarding the Guidance Software, Inc., images and the other materials that were obtained by Guidance Software, Inc. that has yet to make its formal appearance, there was discussion that those materials should be turned over to Mr. Matsui immediately but the Master did not order the turnover.

5. Mr. Hogan is to prepare and circulate a non-destruction stipulated order to the parties for later submission to the Master. If agreement on the order cannot be reached, alternate forms of proposed orders should be submitted.

## Timothy J. Hogan

**From:** Timothy J. Hogan
**Sent:** Tuesday, July 19, 2005 11:33 AM
**To:** 'Damian Capozzola'; Clyde Matsui (cmatsui@triallawhawaii.com); K Akamine
**Cc:** ael@ksglaw.com; cmatsui@triallawhawaii.com; Eric Liebeler; Emily Reber Porter (E-mail); Rex Fujichaku; gtom@wik.com; John T. Komeiji; K Akamine; kgabler; Sheldon Toll (E-mail); Lex Smith; Lyle Hosoda; Lyle Hosoda; Margery Bronster (E-mail); Olivia Samad; Rex Y. Fujichaku; rpbm@Hosodalaw.Com; Roy Tjioe (E-mail); Victor Limongelli (E-mail); Wesley H. Ching (E-mail)
**Subject:** RE: Letter to Discovery Master

**Tracking:**

| Recipient | Read |
|---|---|
| 'Damian Capozzola' | |
| Clyde Matsui (cmatsui@triallawhawaii.com) | |
| K Akamine | |
| ael@ksglaw.com | |
| cmatsui@triallawhawaii.com | |
| Eric Liebeler | |
| Emily Reber Porter (E-mail) | |
| Rex Fujichaku | |
| gtom@wik.com | |
| John T. Komeiji | |
| K Akamine | |
| kgabler | |
| Sheldon Toll (E-mail) | |
| Lex Smith | |
| Lyle Hosoda | |
| Lyle Hosoda | |
| Margery Bronster (E-mail) | |
| Olivia Samad | |
| Rex Y. Fujichaku | |
| rpbm@Hosodalaw.Com | |
| Roy Tjioe (E-mail) | |
| Victor Limongelli (E-mail) | |
| Wesley H. Ching (E-mail) | |
| 'Wayne Berry' | |
| Wesley W. Ichida | Read: 7/20/2005 9:37 AM |

Dear Mr. Capozzola:

So we don't get delayed in another claim of inadvertent disclosure of privileged materials please _see_: United States Fid. & Guaranty Co. v. Braspetro Oil Servs. Co., 2002 U.S. Dist. LEXIS 111, 53 Fed. R. Serv. 3d (Callaghan) 60 (S.D.N.Y. Jan. 4, 2002). This case involved a similar discovery dispute in which Defendant alleged that attorney-client privilege applied to 60 electronic discs that had been supplied to defendant's experts. Plaintiffs asserted that supplying the discs to the experts had ceased any level of confidentiality and the court agreed and ordered the defendant to produce all information that had been provided to their experts. In this case, the waiver was clear because the expert "could" open the files. It didn't matter "if" the expert actually opened them.

"R"

8/2/2005

In addition, you have claimed privilege over the database and Crystal reports files as part of the privileged files. You refuse to produce a log and are using this claim of privilege to stymie Mr. Berry from being able to present his case and to ferret out the fraud.

Your intentional waiver is complete and irrevocable. Because you have waived a substantive right of the Debtors and the committee, do you think this issue should be run past Judge Walrath for her say on the waiver? See also CP Kelco United States, Inc. v. Pharmacia Corp., 213 F.R.D. 176, 178 (D. Del., 2003) (Delaware District Court finding all materials provided to trial expert must be produced because privilege is irrevocably waived).

Tim Hogan

---

Timothy J. Hogan
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. (808) 528-0100
Fax. (808) 528-4997
Email tjh@loio.com

NOTICE: This email is only for use by the intended recipient. If received in error any use, disclosure or copying is prohibited. Any inadvertent receipt shall not be a waiver of any privilege or work product protection. Please contact the sender at tjh@loio.com or at (808) 528-0100.

---

**From:** Damian Capozzola [mailto:dcapozzola@kirkland.com]
**Sent:** Tuesday, July 19, 2005 10:50 AM
**To:** Timothy J. Hogan
**Cc:** ael@ksglaw.com; cmatsui@triallawhawaii.com; Eric Liebeler; Emily Reber Porter (E-mail); Rex Fujichaku; gtom@wik.com; John T. Komeiji; K Akamine; kgabler; Sheldon Toll (E-mail); Lex Smith; Lyle Hosoda; Lyle Hosoda; Margery Bronster (E-mail); Olivia Samad; Rex Y. Fujichaku; rpbm@Hosodalaw.Com; Roy Tjioe (E-mail); Victor Limongelli (E-mail); Wesley H. Ching (E-mail)
**Subject:** RE: Letter to Discovery Master

Mr. Hogan,

I believe you are mistaken. We specifically instructed Dr. Walker to disregard any attorney-client materials and focus exclusively on the technical issues relevant to his analysis, and if and when you depose Dr. Walker you will be free to explore this issue. But under the present circumstances we do not believe there has been a waiver of any sort; I invite you to make whatever motion you feel you need to make if you continue to disagree.

Thank you for your attention to these matters.

--Damian

8/2/2005

AUG-02-05 14:52 FROM:LYNCH et al. ID:808 528 4997 PAGE 3/1

Case 1:03-cv-00385-DAE-LEK   Document 784-3   Filed 01/23/2006   Page 10 of 15   Page 3 of 7

**Damian D. Capozzola** | KIRKLAND & ELLIS LLP
777 South Figueroa St., Floor 37 | Los Angeles, CA 90017
213.680.8653 PHONE | 213.448.2709 MOBILE | 213.680.8500 FACSIMILE

dcapozzola@kirkland.com | www.kirkland.com/dcapozzola

"Timothy J. Hogan" <tjh@loio.com>

07/19/2005 01:41 PM

To "Damian Capozzola" <dcapozzola@kirkland.com>,
<cmatsui@triallawhawaii.com>, "K Akamine" <kakamine@triallawhawaii.com>

cc <ael@ksglaw.com>, "Eric Liebeler" <eliebeler@kirkland.com>, "Emily Reber Porter \(E-mail\)" <eporter@goodsill.com>, "Rex Fujichaku" <fujichaku@hotmail.com>, <gtom@wik.com>, "John T. Komeiji" <JKomeiji@wik.com>, "kgabler" <kgabler@nchc.com>, "Sheldon Toll \(E-mail\)" <lawtoll@comcast.net>, "Lex Smith" <lex@gte.net>, "Lyle Hosoda" <lsh@hosodalaw.com>, "Lyle Hosoda" <lshosoda@hotmail.com>, "Margery Bronster \(E-mail\)" <mbronster@bchlaw.net>, "Olivia Samad" <OSamad@kirkland.com>, "Rex Y. Fujichaku" <rfujichaku@bchlaw.net>, <rpbm@Hosodalaw.Com>, "Roy Tjioe \(E-mail\)" <rtjioe@goodsill.com>, "Victor Limongelli \(E-mail\)" <victor.limongelli@guidancesoftware.com>, "Wesley H. Ching \(E-mail\)" <WHC@fmhc-law.com>

Subject RE: Letter to Discovery Master

Dear Mr. Capozzola:

We have no objection to the materials being provided to Mr. Walker under the terms of the protective order.

We need to make clear, because the PCT knowingly and voluntarily "shipped" them to its trial expert it can't withhold them from Mr. Berry on the grounds of privilege. It is clear that the PCT has voluntarily waived attorney-client privilege over these materials and their subject matter. I respectfully ask that Master please return our After DVD and request a date certain when we can receive a full copy of the Hard Drive and other materials identified in Mr. Limongelli's letter and shipped to Dr. Walker. We will purchase our drive and await your instructions.

Thank you for your prompt attention to this so we can move forward without delay,

Tim Hogan

Timothy J. Hogan
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. (808) 528-0100
Fax. (808) 528-4997
Email tjh@loio.com

NOTICE: This email is only for use by the intended recipient. If received in error any use, disclosure or copying is prohibited. Any inadvertent receipt shall not be a waiver of any privilege or work product protection. Please contact the

8/2/2005

sender at tjh@lolo.com or at (808) 528-0100.

---

**From:** Damian Capozzola [mailto:dcapozzola@kirkland.com]
**Sent:** Tuesday, July 19, 2005 9:53 AM
**To:** Timothy J. Hogan
**Cc:** ael@ksglaw.com; Eric Liebeler; Emily Reber Porter (E-mail); Rex Fujichaku; gtom@wik.com; John T. Komeiji; kgabler; Sheldon Toll (E-mail); Lex Smith; Lyle Hosoda; Lyle Hosoda; Margery Bronster (E-mail); Olivia Samad; Rex Y. Fujichaku; rpbm@Hosodalaw.Com; Roy Tjioe (E-mail); Victor Limongelli (E-mail); Wesley H. Ching (E-mail)
**Subject:** RE: Letter to Discovery Master



The letter and the materials it describes.

Damian D. Capozzola | KIRKLAND & ELLIS LLP
777 South Figueroa St., Floor 37 | Los Angeles, CA 90017
213.680.8653 PHONE | 213.448.2709 MOBILE | 213.680.8500 FACSIMILE

dcapozzola@kirkland.com | www.kirkland.com/dcapozzola

---

"Timothy J. Hogan" <tjh@lolo.com>

07/19/2005 12:45 PM

To: "Damian Capozzola" <dcapozzola@kirkland.com>, <ael@ksglaw.com>, "Eric Liebeler" <eliebeler@kirkland.com>, "Emily Reber Porter \(E-mail\)" <eporter@goodsill.com>, "Rex Fujichaku" <fujichaku@hotmail.com>, "John T. Komeiji" <JKomeiji@wik.com>, "kgabler" <kgabler@nchc.com>, "Sheldon Toll \(E-mail\)" <lawtoll@comcast.net>, "Lex Smith" <lex@gte.net>, "Lyle Hosoda" <lsh@hosodalaw.com>, "Lyle Hosoda" <lshosoda@hotmail.com>, "Margery Bronster \(E-mail\)" <mbronster@bchlaw.net>, "Olivia Samad" <OSamad@kirkland.com>, "Rex Y. Fujichaku" <rfujichaku@bchlaw.net>, <rpbm@Hosodalaw.Com>, "Roy Tjioe \(E-mail\)" <rtjioe@goodsill.com>, "Victor Limongelli \(E-mail\)" <victor.limongelli@guidancesoftware.com>, "Wesley H. Ching \(E-mail\)" <WHC@fmhc-law.com>,

cc: <gtom@wik.com>

Subject: RE: Letter to Discovery Master

---

Mr. Capozzola:

Can you please describe the "materials" to which you refer? Is it just the pdf letter or is it more? 

Thanks,

Tim Hogan

8/2/2005

Timothy J. Hogan
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. (808) 528-0100
Fax. (808) 528-4997
Email tjh@loio.com

NOTICE: This email is only for use by the intended recipient. If received in error any use, disclosure or copying is prohibited. Any inadvertent receipt shall not be a waiver of any privilege or work product protection. Please contact the sender at tjh@loio.com or at (808) 528-0100.

---

**From:** Damian Capozzola [mailto:dcapozzola@kirkland.com]
**Sent:** Tuesday, July 19, 2005 9:42 AM
**To:** ael@ksglaw.com; Eric Liebeler; Emily Reber Porter (E-mail); Rex Fujichaku; John T. Komeiji; kgabler; Sheldon Toll (E-mail); Lex Smith; Lyle Hosoda; Lyle Hosoda; Margery Bronster (E-mail); Olivia Samad; Rex Y. Fujichaku; rpbm@Hosodalaw.Com; Roy Tjioe (E-mail); Timothy J. Hogan; Victor Limongelli (E-mail); Wesley H. Ching (E-mail); dcapozzola@kirkland.com; gtom@wik.com
**Subject:** Fw: Letter to Discovery Master

Counsel,

FYI, we have shipped these materials to Marty Walker. I presume there is and can be no objection, but out of an abundance of caution please let me know if anyone disagrees. Thank you for your attention to these matters.

–Damian Capozzola


**Damian D. Capozzola | KIRKLAND & ELLIS LLP**
777 South Figueroa St., Floor 37 | Los Angeles, CA 90017
213.680.8653 PHONE | 213.448.2709 MOBILE | 213.680.8500 FACSIMILE

dcapozzola@kirkland.com | www.kirkland.com/dcapozzola

----- Forwarded by Damian Capozzola/Los Angeles/Kirkland-Ellis on 07/19/2005 12:40 PM -----

"Limongelli, Victor"
<victor.limongelli@guidancesoftware.com>

07/18/2005 12:17 PM

To: <cmatsui@triallawhawaii.com>, "Timothy J. Hogan" <tjh@loio.com>, "Damian Capozzola \(E-mail\)" <dcapozzola@kirkland.com>, "Emily Reber Porter \(E-mail\)" <eporter@goodsill.com>, "Eric Liebeler \(E-mail\)" <eliebeler@kirkland.com>, "John T. Komeiji" <JKomeiji@wik.com>, <kgabler@nchc.com>, "Leroy Colombe \(E-mail\)" <lcolombe@ckdbw.com>, "Lex Smith \(E-mail\)" <lex@gte.net>, "Lyle Hosoda \(E-mail\)" <lsh@hosodalaw.com>, "Lyle Hosoda \(E-mail\)" <lshosoda@hotmail.com>, "Margery Bronster \(E-mail\)" <mbronster@bclaw.net>, "Rex Fujichaku" <fujichaku@hotmail.com>, "Rex Y. Fujichaku" <rfujichaku@bchlaw.net>, "Roy Tjioe \(E-mail\)" <rtjioe@goodsill.com>, "Sheldon Toll \(E-mail\)" <lawtoll@comcast.net>, "Wesley H. Ching \(E-mail\)" <WHC@fmhc-law.com>, "K Akamine" <kakamine@triallawhawaii.com>

cc

Subject: Letter to Discovery Master

8/2/2005

All – Please find the attached letter to the Discovery Master dated July 18, 2005.

**Victor Limongelli | General Counsel | Guidance Software, Inc.**
215 N. Marengo Ave. | Pasadena | CA | 91101 | t 626.229.9191 | f 626.229.9199
victor@guidancesoftware.com | www.guidancesoftware.com

Note: The information contained in this message may be privileged and confidential and thus protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer. Thank you. [attachment "July 18 2005 Letter to Discovery Master.pdf" deleted by Damian Capozzola/Los Angeles/Kirkland-Ellis]

***********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
***********************************************************

***********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
***********************************************************

***********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.

Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited

and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************

8/2/2005

## II. MATERIALS REVIEWED.

5. In addition to the materials identified in my previous reports, I have considered the following material: Plaintiff Wayne Berry's Motion for Reconsideration, the Declarations of Professor Philip Johnson and Timothy Hogan attached thereto, materials specifically referenced in this report to the extent not included in the above materials. In addition, I reviewed the following material produced by Guidance:

- "Before File Metadata" including the complete list of files included in the "Before Images" (explained in more detail in section IV below);
- "After File Metadata" including the complete list of files included in the "After Images" (explained in more detail in section IV below);
- Files from the "Before Images" designated by Berry as "Suspect Files"; and
- Files from the "After Images" designated by Berry as "Suspect Files".

To the extent I relied on these Guidance-produced files from either the "Before Images" or from the "After Images," they have been included on the CD attached to this supplemental report as Exhibit B.

## III. SUMMARY OF MY ASSIGNMENT.

6. I was asked to review and analyze the allegations made in Berry's Motion for Reconsideration as purportedly supported by the Hogan and Johnson Declarations and their exhibits. I was also asked to opine on the reliability and veracity of these allegations, to the extent I could do so.

## IV. FACTUAL BACKGROUND

7. I understand that Fleming retained Guidance Software to perform the following tasks:

- image the hard drives of certain computers used by Defendants (I will ref to these images as the "Before Images");
- "scrub" these drives so that no traces of any Berry intellectual property w left;
- reinstall generic software and reload specific user files onto these drives;