would need more time to complete their expert reports and that the dispositive motion deadline may need to slip as well. Ex. I (April 15, 2005 Minutes). At her direction, the parties submitted proposed schedules to Discovery Master Matsui on April 19. Fleming and Berry submitted their respective proposals, and Discovery Master Matsui convened a conference on Friday, April 22. Ex. J.

With the handwriting now clearly on the wall, on the eve of that discovery conference (and after business had closed in Los Angeles) Berry for the first time unequivocally agreed to produce the 1993 FCS to Fleming for review by its expert, and immediately shared this news with the Discovery Master. Exs. K, L (Hogan e-mails 4/21/05, 6:59 and 7:24 pm). At the discovery conference Fleming raised other outstanding discovery due from Berry, including his failure to identify the files he had issues with. Discovery Master Matsui ordered the parties to further meet and confer on this and bring a motion if necessary. The next day Berry produced his list of over 23,000 files. Exs. A, B.

2. **Fleming needs ample time to review the materials.**
Fleming needs to have its expert analyze 1993 FCS in detail, as this analysis bears on controverting evidence concerning the copyright infringement and trade secret claims. With regard to the pre-June 9, 2003 copyright claims, by comparing the 1993 FCS against the version Fleming was running prior to June 9, 2003 (which will have to be obtained from Guidance), Fleming's expert may be able to

establish that the modifications were de minimis. If so, Berry's copyright claim would fail. It is a fundamental legal maxim that *de minimis non curat lex* -- the law cares not for small things. This principle applies to copyright law with full force: "trivial changes and inconsequential modifications" do not create derivative works, because to qualify as a derivative work "the changes must be such that the work itself has been recast, transformed, or adapted and new expression created." R. Nimmer, *The Law of Computer Technology*, § 1.104 (Derivative Works and Personal Modifications) (2004). The Ninth Circuit follows this view. *See, e.g., Lone Ranger Television, Inc. v. Program Radio Corp.*, 740 F.2d 718, 721 (9th Cir. 1984) (derivative work has been created at "that point at which the contribution of independent expression to an existing work effectively creates a new work for a different market . . ." (internal quotes omitted)).

Similarly, Fleming's expert needs to review 1993 FCS and compare it to the spreadsheets Fleming used after June 9, 2003. Fleming's expert will be looking to see what if any elements of FCS were transported into the spreadsheets and, if so, whether any of such elements demonstrate original expression. These opinions may provide Fleming with the factual predicates necessary to argue that the spreadsheets do not constitute infringing derivatives. *See Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 347-349 (1991) (no copyright in data); *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir.