```
LYLE S. HOSODA & ASSOCIATES, LLC

LYLE S. HOSODA          3964-0
RAINA P.B. MEAD         7329-0
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

Attorneys for Defendants
MARK DILLON, TERESA NOA, MELVIN PONCE,
ALFREDDA WAIOLAMA, JACQUELINE RIO,
JUSTIN FUKUMOTO, AND SONIA PURDY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., a California<br>Corporation; et al.<br><br>　　　　　Defendants. | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>**DEFENDANTS MARK DILLON, TERESA NOA, MELVIN PONCE, ALFREDDA WAIOLAMA, JACQUELINE RIO, JUSTIN FUKUMOTO, AND SONIA PURDY'S OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE RULE 60(b) RELIEF FOR FRAUD ON THE COURT, FILED ON FEBRUARY 10, 2006; DECLARATION OF MARK DILLON**<br><br>*Hearing*:<br>Date:　　February 24, 2006<br>Time:　　2:00 p.m.<br>Judge:　 Hon. Susan Oki<br>　　　　　Mollway<br><br>Trial:　　February 28, 2006 |

**DEFENDANTS MARK DILLON, TERESA NOA, MELVIN PONCE, ALFREDDA WAIOLAMA, JACQUELINE RIO, JUSTIN FUKUMOTO, AND SONIA PURDY'S OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE RULE 60(b) RELIEF FOR FRAUD ON THE COURT, FILED ON FEBRUARY 10, 2006**

I.   **INTRODUCTION**

Plaintiff's motion is time barred.  Rule 60(b) of the Federal Rules of Civil Procedure specifically requires that a 60(b) motion based on fraud must be brought "not more than one year after the judgment, order or proceeding was entered or taken."  Fed. R. Civ. P. 60(b).  By order entered on January 26, 2005, the Court found that any infringement by Mark Dillon and Teresa Noa was inadvertent, and not willful.[1]  *See* Order Granting Defendant Foodland's Motion for Summary Judgment; Granting Defendant Hawaii Transfer Company's Motion for Summary Judgment; and Granting in Part, Denying in Part Defendants Dillon, Noa, and Christensen's Motion for Summary Judgment (Jan. 26, 2005) at 34, 41.  Plaintiff filed his motion on February 10, 2006, more than one year from the date of the relevant order.  Thus, Plaintiff should not now be allowed to claim prejudice and have the Court overturn its ruling as to Mark Dillon when Plaintiff has clearly failed to seek relief on a timely basis. *See Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)(denying Rule 60 motion in the

---

[1] Plaintiff does not challenge the Court's ruling of inadvertent infringement as to Teresa Noa and the other employees.

interest of finality because "according to the rule, such motions must be brought within a "reasonable time" and in any event not longer than one year after the judgment was entered").

More importantly, Mark Dillon has committed no fraud on the court. There is no clear and convincing evidence that Mr. Dillon falsely testified as part of a deliberately planned and carefully executed scheme to defraud Plaintiff and the Court. Plaintiff attempts to do as he has always done, take statements out of context, distort them to make them appear favorable to his position, and use them to raise arguments that this Court has repeatedly rejected. Plaintiff's latest motion must fail for similar reasons.

II.   **STANDARD OF REVIEW FOR 60(b) RELIEF FROM JUDGMENT**

Ninth Circuit law requires that a party moving for relief under Rule 60(b)(3) for fraud by an adverse party must: (1) prove by clear and convincing evidence that the judgment was obtained by fraud, misrepresentation, or misconduct and (2) that the conduct complained of prevented the moving party from fully and fairly presenting the case. *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1337 (9th Cir. 1986); *Bunch v. U.S.*, 680 F.2d 1271, 1283 (9th Cir. 1982).

To determine whether there has been fraud on the court, the Ninth Circuit applies the following definition:

> "Fraud upon the court" should, we believe, embrace only that species of fraud which does

> or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.

*In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999).

"To constitute fraud on the court, the alleged misconduct must 'harm [] the integrity of the judicial process.'" *Id.* Ultimately, the moving party must show by clear and convincing evidence "an unconscionable plan or scheme which is designed to improperly influence the court in its decision". *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960).

III. **THERE IS NO CLEAR AND CONVINCING EVIDENCE THAT MR. DILLON FALSELY TESTIFIED AS PART OF A DELIBERATELY PLANNED AND CAREFULLY EXECUTED SCHEME TO IMPROPERLY INFLUENCE THE COURT IN ITS DECISIONS ON INFRINGEMENT LIABILITY.**

Plaintiff wants this Court to believe that Mr. Dillon intentionally perjured himself during the second day of his deposition taken on December 23, 2003, and that this alleged perjury is grounds alone to reverse the Court's ruling of inadvertent infringement. That simply is not the case.

Mr. Dillon's responses to Plaintiff's counsel's questions during his deposition on December 23, 2003 were truthful and accurate. Plaintiff's counsel asked whether Mr. Dillon knew where a copy of Original Logistics Data.mdb could be obtained. Mr. Dillon responded, "Guidance Software." *See* Hogan

Dec., Ex. 5 at p. 3, lines 22-25; p. 4, lines 1-3.  In answering "Guidance Software", Mr. Dillon informed Plaintiff's counsel where he thought was the logical place for a party in this lawsuit to obtain a copy from - the certified forensics lab that had secured all such copies in July, 2003, Guidance Software. Mr. Dillon did not interpret Plaintiff's counsel's question to be comprehensive such that he was expected to recall every location in which a copy may have been retained, including a copy that was given to counsel.  *See* Dec. of Mark Dillon.  This was the second of two days in which Mr. Dillon was deposed.  He was being asked about events following the March 6, 2003 jury verdict and during the period of time when Fleming was making every effort comply with the jury verdict.  Mr. Dillon's testimony cannot be said to have been misleading.  "[N]on-disclosure by itself does not constitute fraud on the court".  *See In re Levander*, 180 F.3d at 1119.  Mr. Dillon did not have a copy of Plaintiff's database. When he was deposed in December, 2003, he was an employee of C&S, and C&S did not have a copy of Plaintiff's database.  Plaintiff's counsel never asked Mr. Dillon whether there were any sources, other than Guidance Software, where a copy of Plaintiff's database might be found, and his failure to do so is not a sufficient basis to challenge the veracity of Mr. Dillon's testimony.

In general, any questions directed at Mr. Dillon asking whether "you" had copies of the Berry database in your possession were understood by Mr. Dillon to mean the users of the Logistics network who were charged with infringement. Thus, when Plaintiff's counsel asked Mr. Dillon whether he had kept a copy of the Berry database after Guidance completed its work, Mr. Dillon, responded "we" did not, meaning "none of the Logistics users" had a copy of Plaintiff's database. *See* Dec. of Mark Dillon; Dec. of Hogan, Ex. 5, p. 2, lines 16-19. That was the truth. Mr. Dillon does not recall sending a copy of Mr. Berry's database to counsel in May, 2003. He did not interpret "you" so broadly to include attorneys involved in this case. It never occurred to Mr. Dillon that it was his responsibility to account for copies of the database being litigated over that were given to counsel for their privileged role. *See* Dec. of Mark Dillon. Any alleged perjury by Mr. Dillon is not fraud on the court where a party has the opportunity, as Plaintiff has done here, to challenge the disputed testimony. *See Levander*, 180 F.3d at 1119-1120 (citations omitted)("perjury by a party or witness, by itself, is not normally fraud on the court").

Plaintiff offers nothing to challenge the veracity of Mr. Dillon's statements. Instead, he resorts to his usual tactic of misconstruing Mr. Dillon's testimony this time to mean that *only* Guidance had a copy of Original Logistics Data.mdb. Such

misconstruction is not conclusive proof of fraud on the court. It cannot be said that as a matter of law Mr. Dillon allegedly perjured himself as part of a deliberately planned and carefully executed scheme aimed at influencing the decisions of this Court, when, in fact, he testified truthfully and accurately. As Plaintiff fails to present any clear and convincing evidence that Mr. Dillon's testimony was intended to harm the integrity of the judicial process, his motion must be denied.

IV.    **CONCLUSION**

For the foregoing reasons, the Employees' respectfully request that Plaintiff Wayne Berry's Motion for Reconsideration or in the Alternative Rule 60(b) Relief for Fraud on the Court, filed on February 10, 2006, be denied and that the Court grant any such further relief it deems just and proper under the circumstances.

DATED:   Honolulu, Hawaii, February 17, 2006.

  /s/ Lyle S. Hosoda
LYLE S. HOSODA
RAINA P.B. MEAD

Attorneys for Defendants
MARK DILLON, TERESA NOA, MELVIN PONCE, ALFREDDA WAIOLAMA, JACQUELINE RIO, JUSTIN FUKUMOTO, and SONIA PURDY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen,  )<br>                                )<br>            Plaintiff,          )<br>                                )<br>       v.                       )<br>                                )<br>HAWAIIAN EXPRESS SERVICE,       )<br>INC., et al.                    )<br>                                )<br>            Defendants.         )<br>_____ ) | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>DECLARATION OF MARK DILLON |

## DECLARATION OF MARK DILLON

I, MARK DILLON, hereby declare as follows:

1. I am one of the named defendants in the above referenced lawsuit and have personal knowledge of the facts stated in this Declaration.

2. I do not recall sending a copy of the Berry database to Mr. Capozzola in May, 2003.

3. Mr. Hogan asked during my December, 2003 deposition whether I knew where a copy of Original Logistics Data.mdb was. In answering "Guidance Software", I was informing Mr. Hogan where I thought was the logical place for a party in this lawsuit to obtain a copy from - the certified forensics lab that had secured all such copies, Guidance Software. I did not interpret Mr. Hogan's question to be comprehensive such that I was expected to recall every location in which a copy may have been retained, including a copy that was sent to counsel.

4. In general, any questions directed at me asking whether "you" had copies of the Berry database in your possession were understood by me to mean the users of the Logistics network who were charged with infringement. Thus, I answered in the plural "we", meaning "none of the Logistics users you are litigating against." I did not interpret "you" so broadly to include attorneys involved in this case. It never occurred to me that it was my responsibility to account for copies of the database being litigated over that were given to counsel for their privileged role.

I declare under penalty of perjury under the laws of the State of Hawaii and the United States that the foregoing is true and correct. Executed this 17TH day of February, 2006 at Honolulu, Hawaii.

_____
MARK DILLON

3