IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>        Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., et al.,<br><br>        Defendants. | ) CIVIL NO. CV03-00385 SOM-LEK<br>) (Copyright)<br>)<br>) **DECLARATION OF DAMIAN D.**<br>) **CAPOZZOLA IN SUPPORT OF**<br>) **PCT'S OPPOSITION TO**<br>) **PLAINTIFF WAYNE BERRY'S**<br>) **MOTION FOR**<br>) **RECONSIDERATION OR IN THE**<br>) **ALTERNATIVE RULE 60(b)**<br>) **RELIEF FOR FRAUD ON THE**<br>) **COURT** |

Hearing: February 24, 2006, 2:00 pm
Judge: Hon. Susan Oki Mollway
Trial Date: February 28, 2006

## **DECLARATION OF DAMIAN D. CAPOZZOLA**

I, DAMIAN D. CAPOZZOLA, declare that:

1. I am an attorney at the law firm of KIRKLAND & ELLIS, LLP, attorneys for Defendant PCT, and I am duly authorized to make this affidavit.

2. I am licensed to practice law in the State of California (SBN 186412) and have been admitted pro hac vice in this case. I know the following to be true through my work in this case. If called upon to do so I could and would competently testify as follows.

3. Attached hereto as Exhibit A is a true and correct copy of excerpts from Dr. Martin G. Walker's July 22, 2005 report showing that Berry received one of the very last iterations of Original Logistics Data.mdb on or about July 22, 2005.

4. When Berry's counsel brought my May 12, 2003 e-mail to my attention, I tracked the electronic version it referenced to a K&E storage facility in Chicago and had it returned to me, then immediately forwarded a copy to Berry's counsel. Exhibit B to this Declaration contains a true and correct copy of internal K&E correspondence bearing on this issue.

5. In preparing his May 31, 2005 report, Dr. Walker analyzed the actual spreadsheets that the defendants had produced to Berry in December, 2003. Exhibit C contains a true and accurate copy of excerpts from Dr. Walker's report bearing on this issue.

6. Ex. D to this Declaration contains a true and accurate copy of correspondence between counsel and with Dr. Walker concerning the Excel spreadsheets produced to Berry in December, 2003.

7. Exhibit E to this Declaration is a true and correct copy of excerpts from the PCT's April 27, 2005 Rule 56(f) motion.

8. As of May 31, 2005 the Guidance images were still held by Guidance

2

Software and had not been produced to any party.

9. Marty Walker's May 31, 2005 analysis evaluated changes to the original, licensed FCS based on the "Dillon queries."

10. The Dillon queries are strings of software code providing anyone conducting a forensic analysis with at least a partial shadow image of what the infringing version of Berry's software at use at Fleming would have looked like when the queries were written and implemented. Ex. F to this Declaration contains true and correct excerpts from Dr. Walker's May 31, 2005 report bearing on this issue.

11. Exhibit G to this Declaration contains a true and correct copy of an expert report from Berry's technical expert, Dr. Philip Johnson, that was produced and served in or about December, 2004.

12. Exhibit H to this Declaration is a true and correct excerpt from the January 20, 2006 hearing in this matter.

13. My billing rate exceeds $400/hour. I spent at least ten hours reviewing Berry's February 10, 2006 motion for reconsideration or Rule 60(b) relief, drafting the opposition papers, and preparing the opposition and related materials for filing and service.

So sworn under penalty of perjury under the laws of the United States of America in Honolulu, Hawaii on February 17, 2006.

_____
Damian D. Capozzola