# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

Berry v. HEX, et. al.

Case No.  CV03 00385 SOM-LEK

**Rule 26(A)(2) SECOND SUPPLEMENTAL EXPERT REPORT OF
MARTIN G. WALKER, PH.D**

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

I, Martin G. Walker, Ph.D., provide the following supplemental expert report:

1.    I have been retained as an expert consultant by the Post-Confirmation Trust for Fleming Companies, Inc. I have been asked to review certain declarations and memoranda regarding Plaintiff Wayne Berry's July 12, 2005 Motion for Reconsideration and, if possible, render opinions relating to these papers. This supplemental report is based on my investigation in this matter to date and on my personal knowledge and experience, which are detailed in my previous reports and which I incorporate by reference, although for the convenience of the Court and counsel I will again attach my current resume as Exhibit A. This supplemental report reflects my expert opinions on certain issues to which I could testify if asked.

## I.    EXECUTIVE SUMMARY.

2.    Berry's Motion principally relies on allegations that Defendants operated two databases (FCS Logistics Data.mdb and FHL Data.mdb) after April 1, 2003, and Berry contends this conflicts with the evidence on which the Court based its previous order re summary judgment. As proof of these allegations, Berry provides seven examples (Exhibits A through G of the Declaration of Tim Hogan and the identical Exhibits A through G attached to the Declaration of Professor Philip Johnson).

3.    I have reviewed the material listed in Paragraph 5. For the reasons detailed below, it is my opinion that Berry has presented no evidence that either of the databases were operational during the time periods that Berry claims. Instead, as detailed below, I found that Berry's allegations are based on inadequate forensic analysis of various files, invalid assumptions, and/or faulty reasoning, and that the evidence Berry presents is actually consistent with the premises on which the Court based its June 27, 2005 Order.

4.    Further, to the extent that Berry implies that the operation of the databases in question may have continued after July 5, 2003 (i.e., after Guidance Software completed its project), Berry is simply and demonstrably wrong. Berry may not reasonably dispute that Guidance Software permanently removed these databases because the operational images of these databases do not appear in the images Guidance Software made of Fleming's computer systems upon completion of the project. None of Berry's evidence casts doubt on this conclusion.

## II.     MATERIALS REVIEWED.

5.     In addition to the materials identified in my previous reports, I have considered the following material:  Plaintiff Wayne Berry's Motion for Reconsideration, the Declarations of Professor Philip Johnson and Timothy Hogan attached thereto, materials specifically referenced in this report to the extent not included in the above materials.  In addition, I reviewed the following material produced by Guidance:

- "Before File Metadata" including the complete list of files included in the "Before Images" (explained in more detail in section IV below);

- "After File Metadata" including the complete list of files included in the "After Images" (explained in more detail in section IV below);

- Files from the "Before Images" designated by Berry as "Suspect Files"; and

- Files from the "After Images" designated by Berry as "Suspect Files".

To the extent I relied on these Guidance-produced files from either the "Before Images" or from the "After Images," they have been included on the CD attached to this supplemental report  as Exhibit B.

## III.     SUMMARY OF MY ASSIGNMENT.

6.     I was asked to review and analyze the allegations made in Berry's Motion for Reconsideration as purportedly supported by the Hogan and Johnson Declarations and their exhibits.  I was also asked to opine on the reliability and veracity of these allegations, to the extent I could do so.

## IV.     FACTUAL BACKGROUND

7.     I understand that Fleming retained Guidance Software to perform the following tasks:

- image the hard drives of certain computers used by Defendants (I will refer to these images as the "Before Images");

- "scrub" these drives so that no traces of any Berry intellectual property was left;

- reinstall generic software and reload specific user files onto these drives;

RULE 26(a)(2)(B) SECOND SUPPLEMENTAL EXPERT REPORT OF MARTIN G. WALKER, PH.D.
CASE NO. CV03 00385 SOM-LEK                                    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

2

Similarly, the use of the reports referenced in Exhibits C, E, F, and G are not at issue. The only matter for consideration here is the extent to which this Exhibit B documents operation use of the Berry "FCS Logistics Data.mdb" database.

35.    However, as can be seen by inspecting the form, data boxes such as "Consignee," "Place of Receipt," etc., are empty. In fact there are no logistics data in the form at all. These data are typically loaded (and the form filled out) when Crystal Reports queries a database. The fact that these fields are empty means that there is no evidence of any query to any database. Thus this exhibit cannot present evidence of use of any particular database, let alone the "FCS Logistics Data.mdb" database in question.

36.    Like Exhibit B, Exhibit C presents an analysis of another Crystal Report form. Unlike Exhibit B, this report does contain some logistics data, indicating that the data may have been loaded from some database. Thus, in order to conduct a proper examination, I reviewed the contents of the report. I determined that the data displayed appeared to derive from some database. Hogan speculates that the data were loaded from the "FCS Logistics Data.mdb" database. In order to determine if his speculation were correct, I inspected the "FCS Logistics Data.mdb" database to determine if it contained the data displayed in Hogan's Exhibit C. For ease of reference, I have reprinted the report referenced in Hogan's Exhibit C, and attached it to this report as Exhibit F.

37.    As can be seen by inspecting my Exhibit F, I highlighted the field labeled "Container ID." The value of this field is 50013. I used Crystal Reports to determine that that data derived from a database table called "Item – Container" and field "ContainerID." Next I inspected the "FCS Logistics Data.mdb" database, and found the appropriate table and field. Attached as my Exhibit G is a screen shot of the relevant section of the table. As can be seen, the last entry in this field has a value of 48402. Thus the data that are displayed in this report are not contained in the Berry "FCS Logistics Data.mdb" database. Since these data are not in the "FCS Logistics Data.mdb" database, Exhibit C to Berry's motion does not show use of Berry's "FCS Logistics Data.mdb" database.

38.    In order to determine the source of the data in this form, I examined the database

"Original Logistics Data.mdb" that appears in the Before Images and that was the subject of much discussion in the prior Summary Judgment motion. This was the database Fleming used from April 1, 2003 to June 9, 2003. Searching the "Item – Container" table, I found a record which exactly matched the data represented in this form. I printed out some of the data associated with this record and attached the print out as my Exhibit H. As can be seen, the data match the information displayed in Berry's Exhibit C. In particular, the Container ID is 50013, the Consignee is "K-MART GUAM # 7705", and the arrival date is "6/17/2003" just as in Berry's Exhibit C.

39.     I was also able to estimate the date on which these data were entered into the "Original Logistics Data" database. Although other records associated with ContainerID 50013 were incomplete for reasons that are unknown, there were complete records associated with ContainerID 50011 and 50012. Since these ContainerIDs were normally assigned sequentially, it is reasonable to conclude that the record associated with ContainerID 50013 was entered at approximately the same time as was 50011 and 50012. Since records associated with 50011 and 50012 were entered on May 27, 2003, it is reasonable to assume that the 50013 record was also entered at that time, or at least on or around that day. This date is entirely consistent with prior testimony that Fleming was using the "Original Logistics Data" database through June 9, 2003.

40.     In summary, Berry's Exhibit C shows that the Defendants were *not* using the "FCS Logistics Data.mdb" database, but the *were* using the "Original Logistics Data.mdb" database. Thus Berry's Exhibit C actually confirms the Defendants' position that they had ceased using Berry's "FCS Logistics Data.mdb" database before April 1, 2003. It also confirms Mr. Dillon's deposition testimony and discredits the Plaintiff's incomplete analysis upon which this motion is based.

## XI.     EXHIBIT D

41.     Exhibit D purports to be an analysis of the file "FHL Data Screens." Dr. Johnson's analysis of Exhibit D is particularly flawed. Dr. Johnson states that "[FHL Data Screens] remained linked to Mr. Berry's FCS Logistics Data.mdb when Guidance Software captured it in its imaging in July 2003." However, as discussed above, there is no evidence of

creation dates of last written dates of these files. But merely opening a report does not provide evidence that underlying database was used for operational purposes.

46.    Berry then makes the unsupported argument that these Crystal Report files "evidence the use of the Access database 'FHL Data.mdb' to operate Fleming's freight logistics business." Although Berry cites to Dr. Johnson's declaration to support this statement, Dr. Johnson never opines that any evidence he reviewed supports any conclusion regarding operation of the database. Indeed Dr. Johnson never uses the term "operate" at all.

47.    Thus it is my opinion that there is no support for Berry's contention regarding operation of the "FHL Data.mdb" database, and indeed all evidence cited is consistent with the testimony of Mr. Dillon regarding the "FHL Data.mdb" database.

## XIII.  CONCLUSION

48.    My principal conclusions in this matter therefore can be summarized as follows:

- That the Berry "FCS Logistics Data.mdb" database was not operated after March 28, 2003;

- That the "FHL Data.mdb" database was not used for operational purposes and certainly not used after March 28, 2003;

- That the operational versions of the databases at issues were never loaded onto the Defendants' servers at the conclusion of the Guidance Software project in July 2003; and

- That Berry has presented no contrary evidence to any of the conclusions stated above or to otherwise justify reconsideration of the Court's previous ruling.

Dated: July 22, 2005

MARTIN G. WALKER, PH.D.



Exhibit B - CD Containing Files
Considered by Walker