KOBAYASHI, SUGITA & GODA

BERT T. KOBAYASHI, JR.   659-0
LEX R. SMITH            3485-0
THOMAS H. YEE           7344-0
SUITE 2600, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 539-8700
Fax No. (808) 539-8799
Email: lrs@ksg.law.com

Attorneys for Defendants

C&S LOGISTICS OF HAWAII, LLC, C&S
WHOLESALE GROCERS, INC., C&S
ACQUISITIONS LLC; ES3, LLC, and RICHARD
COHEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM-LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| vs. | ) C&S DEFENDANTS' OPPOSITION |
| | ) TO PLAINTIFF WAYNE BERRY'S |
| HAWAIIAN EXPRESS SERVICE, | ) MOTION FOR RECONSIDERATION |
| INC., et al., | ) OR IN THE ALTERNATIVE RULE |
| Defendants. | ) 60(b) RELIEF FOR FRAUD ON THE |
| _____ | ) COURT |

C&S DEFENDANTS' OPPOSITION TO PLAINTIFF WAYNE BERRY'S
MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE
RULE 60(b) RELIEF FOR FRAUD ON THE COURT

## I.    **INTRODUCTION**

In May of 2003, the Delaware Bankruptcy proceedings were the only active legal proceedings involving Fleming anywhere in the United States. Wayne Berry, through his counsel, was sending numerous e-mails to Damian Capozzola raising a wide spectrum of accusations and claims.[1] In connection with his efforts to get "up to speed" with Berry's demands, Capozzola requested and obtained a copy of the database referenced in Berry's counsel's many e-mails. This copy of the database went into the Kirkland & Ellis bankruptcy file relating to Fleming and by 2004 it was in storage in Chicago where it remained until last week when Mr. Hogan found a reference to it *in an e-mail that was produced to him back in September*. The May 2003 copy of the database is materially indistinguishable from other copies of the database that were produced to Mr. Hogan in September of 2005. See the Rule 26(A)(2) Fifth Supplemental Expert Report of Martin G. Walker, Ph.D, attached as Exhibit "A" to PCT's Opposition to Plaintiff Wayne Berry's Motion for Reconsideration or in the Alternative Rule 60(b) Relief for Fraud on the Court ("PCT's Opposition Memo").

---

[1] Capozzola was and is a litigation partner at the Los Angeles office of Kirkland & Ellis, and had no involvement with any aspect of Fleming prior to the bankruptcy being handled by his Firm.

The Court should reject Plaintiff's mischaracterization of these simple facts as some kind of crime or fraud.   C&S Wholesale Grocers, Inc., C&S Logistics LLC and C&S Acquisition LLC (collectively "C&S") urge the Court to deny the motion as to C&S for at least the following reasons:

a.  C&S's summary judgment is based on a comparison of the spreadsheets C&S uses to the original 1993 FCS that Berry registered with the copyright office in 1999.  The May 2003 version that has been sitting in storage in Chicago has nothing to do with any issue involving C&S.

b.  There is no "newly discovered evidence" because

i.  **Since February of 2004**, Mr. Hogan has had a complete list of all files on the Guidance images and could have requested production of any file on that list, including database files materially indistinguishable from the database file that was in storage in Chicago;

ii.  Mr. Hogan has been in possession of the e-mail on which he relies since **September of 2005**;

iii.  Since **September of 2005**, Mr. Hogan has been in possession of copies of the database materially indistinguishable from the copy that is the subject of this motion; and

c.  the Court has already held as a matter of law that the database Fleming used in May of 2003[2] infringed Berry's copyright. Accordingly, another copy of the database that the Court has already found infringed has no relevance to any issue in this case.

## II.    C&S'S SUMMARY JUDGMENT HAS NOTHING TO DO WITH ANY MAY 2003 VERSION OF THE DATABASE

---

[2] The Court's order holds that Fleming infringed from April 1 through June 9, 2003.

Plaintiff's motion for reconsideration does not contest the Court's ruling that the spreadsheets C&S uses do not infringe. The record is clear that C&S never used the database Wayne Berry created. As the Court noted in granting summary judgment, "Berry's only claim against C&S for direct infringement arises out of arises out of Berry's allegation that the spreadsheets used by C&S are actually an FCS derivative."[3] By August of 2003, when C&S took over the Kapolei operation, freight was being tracked with spreadsheets created by Mark Dillon. Thus, the only copyright issue involving C&S was the plaintiff's claim that the spreadsheets authored by Mark Dillon infringed the database that Mr. Berry registered with the copyright office.

The only "work" that could be the subject of Berry's infringement lawsuit is the version of 1993 FCS that Berry registered with the Copyright Office in 1999. This is because the plaintiff is precluded from suing for infringement unless the allegedly infringing work has been registered: "[t]he Copyright Act requires registration of all 'United States work[s]' as a prerequisite for a copyright infringement action." See 17 U.S.C. § 411. Leicester v. Warner Bros., 232 F.3d 1212, 1235 (9th Cir. 2000).

---

[3] June 27 Order Granting in Part Summary Judgment, Page 27.

Thus, a May 2003 database has no relevance to any issue involving C&S.  The Court's summary judgment was based on the plaintiff's copyright registration and the spreadsheets C&S has used.  Because nothing in the plaintiff's motion for reconsideration has any impact on that analysis, the motion should be denied as to C&S.

III.  **PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF PRESENTS NO NEWLY DISCOVERED EVIDENCE**

The Plaintiff's motion is not based on anything that could fairly be characterized as "newly discovered."  The e-mail that triggered this recent activity was produced to the plaintiff **in September of 2005**.  Moreover, the same September production contained a copy of the database made in May of 2003 which is not materially different from the copy that is the subject of the Plaintiff's motion.  The PCT wanted to produce these materials to the Plaintiff in **July of 2005** but was precluded from doing so by the Plaintiff's refusal (until his statement in open court on January of 2006) to agree that such production was not a waiver of Fleming's attorney-client privilege.  Moreover, Plaintiff could have requested any files from the Guidance lists 2004 but failed to do so.[4]

---

[4] Plaintiff makes much of the fact that shortly after the Complaint was filed, Fleming agreed that "**subject to a protective order**" Plaintiff was entitled to production of a copy of the database.  The parties were unable to agree on a

A motion for reconsideration is an extraordinary remedy to be used

sparingly in the interests of finality and conservation of judicial resources.

See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).  The motion

should not be granted in the absence of highly unusual circumstances.  See

Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Courts have established only three grounds justifying reconsideration:  (1)

an intervening change in controlling law; (2) the discovery of new evidence

not previously available; and (3) the need to correct clear or manifest error in

law or fact, to prevent manifest injustice.  See Great Hawaiian Fin. Corp. v.

Aiu, 116 F.R.D. 612, 616 (D.Haw. 1987).  The District of Hawaii has

implemented these standards in Local Rule 60.1.

The present motion should be denied because the law has not changed

and there is no change in the controlling law.  Moreover, there is no "new

evidence" as that term is used in connection with motions to reconsider.

Evidence is not "newly discovered" if it could have been discovered with

reasonable diligence.  See Coastal Transfer Co. v. Toyota Motor Sales,

U.S.A., 833 F.2d 208, 212 (9th Cir. 1987).  Indeed, a party who moves for

---

protective order and the issue had to be submitted to the Discovery Master.
By the time the protective order was entered in 2005, Guidance Software
had been a party to the case for nearly a year and the Master was considering
the subject of what materials should be produced from the Guidance images.

reconsideration of a summary judgment based on alleged newly discovered

evidence is:

>  obliged to show not only that this evidence was
>  newly discovered or unknown to it until after the
>  hearing, but also that it could not with reasonable
>  diligence have discovered and produced such
>  evidence at the hearing.

Frederick S. Wyle Prof'l Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985).

Plaintiff cannot meet this standard.   The following is the relevant

chronology:

**July 2003**:        Plaintiff was provided with a copy of the Guidance

Report.

**February 2004**:   Plaintiff was provided with lists containing the name of

each and every file on the Guidance Images.  The reason

these lists were provided was to enable the Plaintiff to

identify the files in a discovery request.  See the

Declaration of Lex Smith.

**February 2004 through March 2005**:  For the next **thirteen (13) months**

plaintiff never requested a single file from the lists that

had been provided to him.

**June 2004:**        Plaintiff sued Guidance Software in this case.

**June 2004**:  Plaintiff moved for a preliminary injunction on the

grounds that the several copies of the database were on

the list of filenames that had been produced to him in

February of 2004.  However, plaintiff did not ask for

production of those files.

**April 2005**:  Plaintiff moved for summary judgment, claiming that all

necessary facts were already before the Court.

**May 2005:**  Plaintiff designated approximately 23,000 files from the

Guidance **after** images and 140,000 files from the

Guidance **before** images.  Guidance estimated this

request encompassed 70 million pages.

**June 2005:**  The PCT learned that the plaintiff had designated

numerous files containing attorney-client privileged

communications.

**July 2005:**  The PCT repeatedly offered to produce immediately all

of the Guidance production, as long as the plaintiff

agreed that the production did not constitute a waiver of

the attorney-client privilege.

**September 2005**: After searching for, and removing, attorney-client

privileged materials, the PCT produced to plaintiff over

140,000 files from the Guidance before and after

production.  **Included in the September production to**

**the plaintiff were (a) the e-mail which gives rise to the**

**instant motion; and (b) a May 2003 version of the**

**database comparable to the copy that is the subject of**

**plaintiff's motion**.  See Exhibit "A" to PCT's

Opposition Memo.

**October 2005**:   Discovery Master Clyde Matsui ordered that the Plaintiff

must provide a good faith basis for any files plaintiff

seeks to discover.

**October 2005 to Present**:  Plaintiff has never provided a good faith basis

for discovery of any file he had not already received.

**January 2006**:   Plaintiff's counsel agrees in open Court that the attorney-

client privilege is not waived by the PCT showing

plaintiff's counsel the entire Guidance production

including attorney-client communications (i.e. Plaintiff

agreed to the same thing that was repeatedly offered to

him since July of 2005).

Thus, everything related to this motion has been in the Plaintiff's

hands since September of 2005.  Moreover, the Plaintiff has only himself to

blame for the fact that he didn't receive it earlier.  He could have had the entire Guidance production in July if he had simply entered the stipulation that he finally accepted in January 2006, that the production is not a waiver of attorney-client privilege.  And he failed to request these files during all of 2004 after the Guidance lists had been provided to him.  Obviously, any evidence Plaintiff is now relying upon from the Guidance images is not "newly discovered" because during the year that elapsed after February of 2004, Plaintiff had the opportunity to pursue discovery of anything he thought was relevant on the Guidance images and he failed to do so. Plaintiff's motion therefore lacks legal basis and should be rejected.

**IV.    ANOTHER COPY OF THE MAY 2003 DATABASE IS IRRELEVANT BECAUSE THE COURT HAS ALREADY HELD THAT FLEMING INFRINGED BERRY'S DATABASE DURING MAY OF 2003**

The Court's June 27 order already holds that Fleming infringed Berry's copyright from April 1 through June 9, 2003.  The existence of another copy of the May database in the Kirkland & Ellis bankruptcy files in Chicago cannot have any impact on that that ruling.  The motion should therefore be denied.

**V.    <u>CONCLUSION</u>**

For the reasons set forth above, Plaintiff's Motion for Reconsideration should be denied.

DATED: Honolulu, Hawaii, February 17, 2006.

KOBAYASHI, SUGITA & GODA

/s/ Thomas H. Yee

_____

LEX R. SMITH
THOMAS H. YEE

Attorneys for Defendants

C&S LOGISTICS OF HAWAII,
LLC, C&S WHOLESALE
GROCERS, INC., C&S
ACQUISITIONS LLC; ES3, LLC,
and RICHARD COHEN