# EXHIBIT "B"

**KOBAYASHI SUGITA & GODA**
ATTORNEYS • AT • LAW

999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813-4430

Telephone: 808-539-8700
Facsimile: 808-539-8799
E-Mail: lrs@ksglaw.com

Bert T. Kobayashi, Jr.*
Kenneth Y. Sugita*
Alan M. Goda*
Dale W. Lee*
Lex R. Smith*
David L. Monroy*
Wendell H. Fuji*
Robert K. Ichikawa*
Janeen-Ann A. Olds*
Clifford K. Higa*
Charles W. Gall*
John F. Lezak*
Larry L. Myers*
Craig K. Shikuma*
Christopher T. Kobayashi*
Ruth K. Oh*
Burt T. Lau*
Ronald T. Ogomori*
David B. Tongg*
Bruce A. Nakamura*
Lanson K. Kupau*

Brendan S. Bailey
George Gusman III
Jonathan A. Kobayashi
Anne E. Lopez
Kenneth M. Nakasone
Curtis K. Saiki
Jesse W. Schiel
Duane C. Seabolt
Joseph A. Stewart
Ann C. Teranishi
Robert A. Ueoka
Thomas H. Yee
Nathan H. Yoshimoto

May 14, 2004

*A Law Corporation

The Honorable Leslie Kobayashi
United States District Court
Prince Kuhio Federal Building
Honolulu, Hawaii 96813

      Re:    <u>Guidance Software/Fleming Computer Records</u>

Dear Judge Kobayashi:

    As you may recall, the Court has granted plaintiff leave add Guidance Software (together with numerous other parties) as a defendant in this case. Guidance is the company that was hired by Fleming to assure that anything created by Wayne Berry was removed from the Fleming computers. (Plaintiff disputes whether Guidance was successful; however, that argument is not the subject of this letter).

    In order to preserve evidence, Guidance was instructed to maintain a complete record of everything that was on Fleming's logistics computers at the time Guidance arrived at Fleming's facility and a second record of everything on the same computers at the time Guidance finished its work. The data is stored on disk drives and other media in Guidance's possession (the "media") and contains *everything* that was on Fleming's logistics computers (1) at the time Guidance arrived at Fleming's warehouse in July of 2003; and (2) at the time Guidance finished a few days later.

    It is my understanding that the plaintiff has offered to refrain from suing Guidance if Guidance will agree to hand over to the Court all of the Fleming-related media in its possession.

    We have no problem with the plaintiff's decision not to sue Guidance, and we have no problem with the media Guidance is holding being held in the hands of an appropriate, neutral party (indeed this was the purpose for which Fleming hired Guidance). Obviously, the media should be held by a neutral party who is knowledgeable about computers, because the neutral party will be able to retrieve any information from the media that the court determines relevant to any issue in this case.

**Exhibit B**

Page 2

      We are agreeable to the media being placed in the hands of any competent, neutral party. If the Court wishes to select a neutral computer expert, *sua sponte* (or in consultation with the court-appointed mediator) we would have no objection. Alternatively, we would suggest that the Court invite the parties to submit recommendations for appropriate third parties with whom the media should be deposited.

      As I have indicated many times, we would strongly object to any attempt by the plaintiff to intrude into the entire contents of Fleming's computers. The computers contain much proprietary information that is not relevant to this case. Moreover, a protective order is of no comfort whatsoever given the fact that the plaintiff previously signed a confidentiality agreement, then turned around and handed over to the *Honolulu Advertiser* the very records covered by the confidentiality agreement.

      Thank you for your consideration of this matter.

                              Very truly yours,

                              LEX R. SMITH
                                for
                              KOBAYASHI, SUGITA & GODA

cc:    all counsel of record
        Guidance Software