# EXHIBIT "C"

## Lex Smith

| | |
|---|---|
| **From:** | "Limongelli, Victor" <victor.limongelli@guidancesoftware.com> |
| **To:** | <hogant001@hawaii.rr.com> |
| **Cc:** | <SMcFarland@PSZYJW.COM>; <damian_capozzola@la.kirkland.com>; <lex@gte.net>; <joseph.mcmahon@usdoj.gov> |
| **Sent:** | Tuesday, May 18, 2004 11:44 AM |
| **Subject:** | Re: Berry |

Mr. Hogan,

I did not know that Mr. Smith had written to the court -- I haven't received a fax or email of it, in any event. Can you or Mr. Smith forward the letter to me?

Thanks.

-----Original Message-----
From: Timothy J. Hogan <hogant001@hawaii.rr.com>
To: Limongelli, Victor <victor.limongelli@guidancesoftware.com>
CC: Scotta McFarland (E-mail) <SMcFarland@PSZYJW.COM>; Damian Capozzola (E-mail) <damian_capozzola@la.kirkland.com>; Lex Smith (E-mail) <lex@gte.net>; Joseph J. McMahon Jr. Esq (E-mail) <joseph.mcmahon@usdoj.gov>
Sent: Tue May 18 12:51:30 2004
Subject: RE: Berry

Dear Mr. Limongelli:

As you know, Mr. Smith has written to the court here in Hawaii requesting that the materials be deposited here in the hands of a neutral third party. So that we are clear, we do not consent to Mr. Berry's software being given to anyone without his permission.

As far as court intervention is concerned, I think we should consider bringing this issue to the Delaware Bankruptcy Court. First, to the extent that Fleming claims an interest in this data, it is Bankruptcy Estate Property. Second, other creditors may have an interest in having it available in the case. Finally, because Mr. Smith represents C&S and other non-debtor entities, we believe that his input has to be tested against the input of the Debtor's attorneys who, unlike Mr.Smith, may not be concurrently representing C&S. By copy of this email, I will inform Kirkland & Ellis, and the Pachulsky firm and request that they contact me to discuss the disposition of the Bankruptcy Estate's property.

In the interim, if you have a way to extract Mr. Berry's property from the Estate's property, that might be helpful in determining the course of action.

Tim Hogan

-----Original Message-----
From: Limongelli, Victor [mailto:victor.limongelli@guidancesoftware.com]
Sent: Saturday, May 15, 2004 6:24 AM
To: mail@timhogan.com

Subject: RE: Berry

Tim,

I don't have the report in front of me, but my recollection is that what occurred was (1) we preserved a snapsnot of the system, (2) we wiped the system clean, and (3) Fleming re-installed its systems, which we may have assisted with, and (4) we preserved a snapshot of the re-installed systems. I'll have to check the report, though, to confirm the sequence of events.

I thought the reason you and your client were concerned is because you believe that Fleming actually re-installed Mr. Berry's software in performing no. 3, and that Fleming therefore continued its infringement. If my recollection of the sequence of events is correct, however, I believe that our forensic imaging does constitute fair use.

Victor

-----Original Message-----
From: Timothy J. Hogan [mailto:mail@timhogan.com]
Sent: Sat 5/15/2004 1:16 AM
To: Limongelli, Victor
Cc:
Subject: RE: Berry


Dear Mr. Limongelli:

I have been considering your claim of "fair use." In additon to my earlier
comments, I think you may want to consider that your company did not really,
as you put it, "preserve a snapshot of the system..." As I understand, your
client actually scrubbed any and all trace of what had been on the system
prior to Fleming preparing it for your imaging. This means that your
client's acts removed any trace of what Fleming had deleted prior to July
7th. I think you will agree that many such deletions can be restored by a
skilled forensic professional. Your client scrubbed this. I am checking,
but I am relatively sure at the time Guidance was engaged in what you claim
to be "fair use" Fleming was not only under an order issued by the Hawaii
District Court to not destroy evidence but also under a SEC order
prohibiting any computer data destruction.


Tim Hogan

-----Original Message-----
From: Limongelli, Victor [mailto:victor.limongelli@guidancesoftware.com]
Sent: Friday, May 14, 2004 1:41 PM
To: Timothy J. Hogan
Subject: RE: Berry

Dear Mr. Hogan,

I agree that these discussions should proceed under the mutual understanding that we are engaged in settlement negotiations and that any deal that we strike will be reflected by the final document.

We do not maintain any type of relationship with Fleming, other than that Fleming is a former client.

If we interplead the digital evidence, it seems a fairly simple matter for the court to divide the interpleaded materials between your client (delivering anything that is owned by your client to him), and Fleming (delivering anything owned by Fleming to it). I don't understand the concern -- the 1's and 0's that constitute the data can be divided precisely. Also, we are happy to interplead the materials under oath, to certify that there has not been any dissemination of the materials, and to give evidence regarding our maintenance of the chain of custody.

It is important to remember that the digital evidence that we have maintained since last July is simply a duplicate of what was on Fleming's systems at the time. All we have done is preserve a snapshot of the systems as they existed then. All the legal authority of which we are aware has held that copying for the purposes of evidence preservation is permitted fair use. For example, see Jaratech, Inc. v. Clancy, 666 F.2d 403, 406-7 (9th Cir. 1982). If you know of any authority to the contrary, please let me know. We are not aware of a computer forensics consulting firm ever being held liable for infringement under any similar set of facts.

We truly would like to settle this matter by disposing of the digital evidence, and we are happy to reach an agreement with you that facilitates that disposition.

Regards,
Victor

> -----Original Message-----
> From:        Timothy J. Hogan [mailto:hogant001 @hawaii.rr.com]
> Sent: Friday, May 14, 2004 3:55 PM
> To:  Limongelli, Victor
> Subject:     Berry
>
> Confidential Settlement Communication-Inadmissible Pursuant State and
Federal Rules of Evidence 408.
>
>
> Dear Mr. Limongelli:
>
> We don't claim ownership over Fleming's property. The problem is Fleming has claimed ownership over my client's property. You may not be aware, a Federal jury returned a verdict in favor of Mr. Berry's copyright ownership claim to the Freight Control System that your client presently possesses. I

do not want to waste my time in another two year battle over an issue that I've already won. The reason for my call is to determine whether there is a way to avoid your client becoming a party to this suit. In order to move this matter forward I must know whether your client maintains a confidential relationship with Fleming. I take a bailment to not include the duties of an agent.

>
> In regard to an attempt to resolve this issue, I have had a chance to discuss your proposal with my client. We are willing to continue discussing this under the mutual understanding that we are engaged in settlement negotiations and that any deal that we strike will be reflected by the final document. Assuming you agree, here are some of our concerns:

>
> 1.    I am concerned that a release my have an impact on our claims against the other parties via a joint tortfeaser assertion.

>
> 2.    Your software is protected by a copyright. You have modified my client's work in a manner that it is not accessible without the use of your client's intellectual property.

>
> 3.    We don't want Mr. Berry's works included in any submission to the court generally but, at a minimum, isolated so that Fleming can't claim we are trying to obtain their confidential materials. We really believe that you should agree to give his materials back to him without question so we need to discuss this. I understand that Guidance's role with Fleming may make that cumbersome. Because it seems clear that, at a minimum, Guidance  was used as a device to commit these infringements, I feel quite confident that the Bankruptcy court will be more than understanding should C&S' counsel, who strangely are also the Bankruptcy Estates, chose to object.   >

>
> 4.    We want the materials to be put under oath for authenticity and business records exception as provided by the federal rules.

>
> 5.    We need your certification that their has been not dissemination of any of these materials to anyone at any time.

>
> 6.    We or other parties may need to depose Mr. Gurzi. We do not wish to in any way impede his ability to testify as a fact witness in this case or any related proceeding, but we are proceeding with the present understanding that Guidance has already decided that it will not serve as an expert witness in any litigation related to Mr. Berry due to Fleming's failure to disclose the claim of infringement at the outset.

>
> 7.    There are some chain of custody issues that may have to be addressed also.

>
> 8.    We need to know that your have terminated your client's relationship as the agent of Fleming/C&S and/or their mutual attorneys, the Kobayashi firm and Kirkland & Ellis so that you are free to enter into these agreements without reference to any prior agency agreement.

>

>
>
> Tim Hogan
>
>
>

Note:  The information contained in this message may be privileged and
confidential and thus protected from disclosure.  If the reader of this
message is not the intended recipient, or an employee or agent responsible
for delivering this message to the intended recipient, you are hereby
notified that any dissemination, distribution or copying of this
communication is strictly prohibited.  If you have received this
communication in error, please notify us immediately by replying to the
message and deleting it from your computer.  Thank you.

Note:  The information contained in this message may be privileged and confidential and thus protected from
disclosure.  If the reader of this message is not the intended recipient, or an employee or agent responsible for
delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited.  If you have received this communication in error, please
notify us immediately by replying to the message and deleting it from your computer.  Thank you.

Note:  The information contained in this message may be privileged and confidential and thus protected from
disclosure.  If the reader of this message is not the intended recipient, or an employee or agent responsible for
delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited.  If you have received this communication in error, please
notify us immediately by replying to the message and deleting it from your computer.  Thank you.