# EXHIBIT "L"

# MATSUI CHUNG

Suite 1400 Mauka Tower • Pacific Guardian Center • 737 Bishop Street • Honolulu, Hawaii 96813
Telephone Number (808) 536-3711 • Facsimile Number (808) 599-2979

## *Facsimile Header*

DATE:   October 5, 2005

**FAX NO.**

| TO: | | |
|---|---|---|
| Timothy J. Hogan, Esq. | | 528-4997 |
| Lex Smith, Esq. / Anne E. Lopez, Esq. | | 539-8799 |
| Eric C. Liebeler, Esq. / Damian Capozzola, Esq./ Melissa Dulac, Esq. / R. Olivia Samad, Esq. | (213) | 680-8500 |
| Roy T. Tjioe, Esq. / Emily Reber Porter, Esq. | | 547-5880 |
| Karen L.S. Gabler, Esq. | (805) | 988-8387 |
| Lyle Hosoda, Esq. | | 524-3838 |
| Margery Bronster, Esq. / Rex Fujichaku, Esq. | | 599-1881 |
| Victor Limongelli, Esq./ John Patzakis, Esq. | (626) | 229-9199 |

FROM:   MATSUI CHUNG

NO. OF PAGES (including header): _____08_____

****** *THIS IS A PRIVATE AND CONFIDENTIAL COMMUNICATION INTENDED TO BE REVIEWED ONLY BY THE PERSON(S) TO WHOM IT IS ADDRESSED. IF THIS COMMUNICATION WAS TRANSMITTED TO YOU IN ERROR, PLEASE DO NOT READ FURTHER. INSTEAD, PLEASE CALL US AT 536-3711 TO ARRANGE TO HAVE THIS COMMUNICATION RETURNED.*

---

IF YOU DO NOT RECEIVE ALL PAGES,
PLEASE TELEPHONE (808) 536-3711 ext. 812
ASK FOR:   Kathy

---

RE:   Wayne Berry v. Hawaiian Express Service, et al.
       Civil No. CV03-00385 SOM-LEK

ATTACHMENT(S):   ORDER REGARDING PRODUCTION OF GUIDANCE
                 SOFTWARE MATERIALS (filed on October 5, 2005)

Of Counsel:
MATSUI CHUNG SUMIDA & TSUCHIYAMA
A Law Corporation

CLYDE WM. MATSUI  1329-0
Suite 1400 Mauka Tower
737 Bishop Street
Honolulu, Hawaii  96813
Telephone No.: 536-3711
Facsimile No.: 599-2979
E-Mail: info@triallawhawaii.com

DISCOVERY MASTER

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 0 5 2005

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM LEK |
| | )    (Copyright) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HAWAIIAN EXPRESS SERVICE, | ) ORDER REGARDING PRODUCTION |
| INC., a California corporation; H.E.S. | ) OF GUIDANCE SOFTWARE |
| TRANSPORTATION SERVICES, INC., | ) MATERIALS |
| a California corporation; CALIFORNIA | ) |
| PACIFIC CONSOLIDATORS, INC., a | ) |
| California corporation; JEFFREY P. | ) |
| GRAHAM and PETER SCHAUL, | ) |
| California citizens; MARK DILLON and | ) |
| TERESA NOA, BRIAN | ) |
| CHRISTENSEN, Hawaii citizens; | ) |
| FLEMING COMPANIES, INC., an | ) |
| Oklahoma corporation; C&S | ) |
| LOGISTICS OF HAWAII, LLC, a | ) |
| Delaware LLC; C&S WHOLESALE | ) |
| GROCERS, INC., a Vermont | ) |
| corporation; C&S ACQUISITIONS, | ) |

| | |
|---|---|
| LLC; FOODLAND SUPER MARKET, | ) |
| LIMITED, a Hawaii corporation; | ) |
| HAWAII TRANSFER COMPANY, | ) |
| LIMITED, a Hawaii corporation; | ) |
| RICHARD COHEN, a New Hampshire | ) |
| citizen, ES3, LLC, Delaware Limited | ) |
| Liability Company, MELVIN PONCE, | ) |
| SONIA PURDY, JUSTIN FUKUMOTO, | ) |
| AFREDDA WAIOLAMA, | ) |
| JACQUELINE RIO, Hawaii citizens; | ) |
| JESSIE GONZALES, | ) |
| (CAPTION CONTINUED) | ) |
| LUIZ RODRIGUES, AL PEREZ, | ) |
| PATRICK HIRAYAMA, California | ) |
| citizens; GUIDANCE SOFTWARE, | ) |
| LLC, a California LLC; MICHAEL | ) |
| GURZI, a California citizen; ALIX | ) |
| PARTNERS, LLC a Delaware LLC; | ) |
| DOE INDIVIDUALS 2-350; DOE | ) |
| PARTNERSHIPS, CORPORATIONS | ) |
| and OTHER DOE ENTITIES 2-20, | ) |
| | ) |
| Defendants. | ) |
| | ) |

ORDER REGARDING COST OF
PRODUCTION OF GUIDANCE SOFTWARE MATERIALS

On May 26, 2005, the Special Discovery Master filed an Order Granting Fleming Companies, Inc.'s Post-Confirmation Trust's Request Re: Production of Guidance Software Materials. That order provided, in relevant part, that:

    1.    Plaintiff provide, forthwith, electronic versions of:

(a) the list of approximately 23,000 files identified above, to Guidance Software and the Special Master, to assist in the extraction of those files identified; and

(b) a list of all files Plaintiff claims comprises or are related to the version of the Berry database that Fleming used between March 7, 2003 and June 9, 2003.

The Order further provided that said production shall be identified, and considered, as **"Highly Confidential-Attorneys' Eyes Only"**, and subject to the Protective Order issued on April 12, 2005.

In addition to the approximately 23,000 files previously identified by Plaintiff, with regard to category (a), above, Plaintiff identified over 140,000 files with regard to category (b), above.

By letter dated July 28, 2005, GUIDANCE SOFTWARE, INC. requested that the Special Discovery Master issue an order regarding the production of the above images to Plaintiff.

By letter dated August 1, 2005, C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS, LLC (hereinafter, collectively "C&S"), questioned whether Plaintiff had a good faith basis for each of the approximately 174,000 files he identified ("Guidance Files"),

3

and requested that the Special Discovery Master order Plaintiff to demonstrate whether Plaintiff has a good faith basis for discovery of each file he seeks.

By letter dated August 2, 2005, Plaintiff stated his position that the Order compelling the Guidance production was entered on May 26, 2005 and should not be revisited through the letter brief process. Plaintiff also argued that any privilege to the Guidance image materials was waived by the PCT, and that the Special Discovery Master did not have jurisdiction over this matter.

By letter dated September 15, 2005, Guidance renewed its request for an order, stating that Plaintiff claimed the pendency of this discovery dispute as a reason for the Court to deny the summary judgment motions of various defendants.

No other party submitted a position regarding this issue; and

Having reviewed the memoranda presented; now, therefore, good cause appearing,

It is hereby ORDERED, ADJUDGED AND DECREED that:

1. The Special Discovery Master has jurisdiction to decide this issue.

Plaintiff cannot take contrary and opposing positions on an issue. He cannot, on the one hand, take the position that the Special Discovery Master does not have jurisdiction over this issue, and, at the same time, argue that the issue is

4

pending before the Special Discovery Master as a basis to defend against summary judgment motions.

3. Within 15 days, or upon a different deadline that is mutually agreeable to the contending parties, Plaintiff shall provide, to Defendants, an explanation as to the good faith basis for each of the Guidance Files requested.

Plaintiff cannot both invite discovery, by seeking the production of the Guidance Files, and punish ensuing discovery production, by stating that the production will waive any claim of privilege.

While the May 26, 2005 order compelled the production of the Guidance Images, it was presumed, perhaps mistakenly so, that the list of all files Plaintiff claims comprises or are related to the version of the Berry database that Fleming used between March 7, 2003 and June 9, 2003 would be reasonable, and made on a good faith basis. Although the Special Discovery Master does not, at this time, make a determination that the information sought is overly broad, or lacks a good faith basis, Plaintiff is ordered to demonstrate the good faith basis for each of the files requested.

It is the Special Discovery Master's intention to facilitate, not hinder discovery. Therefore, upon satisfactory identification of a good faith basis for each of the Guidance images by Plaintiff, the Special Discovery Master is inclined to order that said images be produced to Plaintiff. Such production, in and of itself,

shall not operate as a waiver of any privilege. Corollarily, production under this order will not operate as a bar to any contention either party may have as to the waiver of any privilege outside of this production.

4. No later than 10 days after receipt of Plaintiff's explanations, C&S shall:

>(a) produce a copy of all Guidance Files identified by Plaintiff to which it has no objection to production, and

>(b) provide Plaintiff with an explanation of all Guidance Files identified by Plaintiff to which it objects.

5. Within 5 days after the receipt of C&S' objections and explanations, Plaintiff shall:

>(a) submit a written request for the Special Discovery Master's intervention for each file which remains in dispute, with submission of the explanations by Plaintiff and C&S.

6. Failure to abide by this order, without good cause, shall be cause for sanctions, including the production or non-production of the Guidance Files.

7. The production of the Guidance Files shall continue to be identified, and considered, as **"Highly Confidential-Attorneys' Eyes Only"**, and be subject to the Protective Order issued on April 12, 2005.

DATED: HONOLULU, HAWAII, OCTOBER 5, 2005.

CLYDE Wm. MATSUI
Discovery Master

7