# EXHIBIT B

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 2 1 2005

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; ORDER AFFIRMING MAGISTRATE JUDGE'S ADOPTION OF DISCOVERY MASTER'S ORDER REGARDING F-1 PROGRAM MATERIALS |
| vs. | |
| HAWAII EXPRESS SERVICE, INC., a California corporation; et al. | |
| Defendants. | |

## ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; ORDER AFFIRMING MAGISTRATE JUDGE'S ADOPTION OF DISCOVERY MASTER'S ORDER REGARDING F-1 PROGRAM MATERIALS

I.    INTRODUCTION.

This court has previously found Defendant Post Confirmation Trust[1] and Defendants Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio (collectively, "Employees")[2] liable to Plaintiff Wayne Berry for direct infringement from April 1, 2003, through June 9, 2003.[3]  In the latest of a string of motions,

---

[1] As noted in this court's June 27, 2005, order, Post Confirmation Trust represents the interests of Fleming Companies, Inc., and is therefore referred to as "Fleming."

[2] Employees and Fleming are collectively referred to as "Defendants."

[3] The court amends its earlier finding that direct infringement commenced on March 7, 2003.  In a previous hearing, the court had raised the issue of the commencement date, and Defendants had relied on the March 7, 2003, date, which was less advantageous to them than the alternative of April 1, 2003. Defendants now point out that Berry's own Second Amended Verified

<u>Wilden Pump & Eng'q Co. v. Pressed & Welded Prods. Co.</u>, 655 F.2d 984, 990 (9th Cir. 1981) (stating that individual salaried, nonmanagerial employees were not liable for patent infringement, but not addressing the nature of damages recoverable from an individual employee who has been found liable for affirmative acts of infringement).

The Second Circuit uses the same rationale as the Ninth Circuit used in <u>Frank Music Corp.</u> In <u>MCA, Inc. v. Wilson</u>, 677 F.2d 180, 186 (2d Cir. 1981), the Second Circuit said:

> Because infringement of copyright is considered a tort, the general statement often is made that all defendants concerned in the infringement are jointly and severally liable. However, this rule applies only to the defendants['] liability for damages. Insofar as there is liability for illegal profit, the liability is several; one defendant is not liable for the profit made by another.

<u>Id.</u> (citations omitted).

Berry presents no evidence that Employees profited or otherwise financially benefitted from their infringing conduct. Rather, each Employee earned a salary or hourly pay while working for Fleming during the period of infringement, and no Employee received any additional compensation for the development of any computer software while at Fleming. Exs. G-M (attached to Employees Reply). Employees are therefore not liable for profits under § 504(b). See <u>Frank Music Corp.</u>, 772 F.2d at 519; <u>Wilden Pump & Eng'q Co.</u>, 655 F.2d at 990; <u>see also</u> <u>MCA</u>, 677 F.2d at 186.

33

Any recovery against Employees under § 504(b) must be based instead on Berry's actual damages.

E.  Summary of § 504(b) Recovery.

Berry establishes an issue of fact with respect to the causal connection between actual damages or profits and Defendants' infringement. At trial, the parties may present evidence concerning causation, Berry's actual damages, and Fleming's profits. However, even if Berry establishes causation, he may recover only actual damages, not profits, from Employees.

Although the court concludes that most of the items of evidence proffered by Berry do not individually establish issues of fact as to causation, the court is not here ruling that such evidence is inadmissible at trial. It may be that, in combination with other evidence, the items will tend to show causation. In so noting, the court is not indicating that all such evidence is indeed admissible. The court has particular concerns about the admissibility of Ueno's opinion. For the purposes of the present motions, the court has disregarded Ueno's opinion, for the reasons set forth above. Whether Ueno's opinion should not be admitted at trial is best addressed in the context of evidentiary objections, and the court defers that determination as unnecessary to the present rulings.

34

directed to terminate the appeal, and Berry must return to the magistrate judge for relief pending the magistrate judge's adoption, rejection, or modification of the Discovery Master's ruling on the Guidance software materials.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 21, 2005.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

Berry v. Hawaiian Express Service, Inc., et al., Civ. No. 03-00385 SOM/LEK; ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; ORDER AFFIRMING MAGISTRATE JUDGE'S ADOPTION OF DISCOVERY MASTER'S ORDER REGARDING F-1 PROGRAM MATERIALS.