# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM-LEK<br>) (Copyright)<br>) |
| Plaintiff, | ) **MEMORANDUM IN SUPPORT OF**<br>) **DEFENDANT PCT'S MOTION IN**<br>) **LIMINE NO. 2 (TO EXCLUDE** |
| vs. | ) **THOMAS UENO)**<br>)<br>) |
| HAWAIIAN EXPRESS SERVICE, INC., et al., | ) Judge:        Hon. Susan O. Mollway<br>) Trial Date:   January 24, 2006<br>) |
| Defendants. | ) Hearing Date: January 20, 2006<br>) Hearing Time: 2:00 p.m. |

## **TABLE OF CONTENTS**

A. Introduction ........................................................................................................ 1

B. Federal Rule of Evidence 702 Requires That Expert Testimony Stand on Reliable Application of Scientific Principles to Sufficient Facts or Data. ...... 2

C. Ueno's Opinions Do Not Meet the Standards of F.R.E. 702. ......................... 3

    1. The Court Should Exclude Ueno's Opinion On Profits. ...................... 5

        a. Ueno based his profits analysis on unsupported facts. ................ 5

        b. Ueno does not link profits to infringement. ................................ 7

    2. The Court Should Exclude Ueno's Opinion On Actual Damages. ..... 10

        a. Berry's actual damages fail because they are not related to "market value." ............................................................................ 10

        b. Berry's actual damages also fail because they are based on erroneous premises and are not causally connected to the alleged infringement. ................................................................................ 12

        c. The actual damages opinion has no probative value and is likely to confuse the jury. ........................................................................... 15

    3. The Court Should Exclude Mr. Ueno's Late, New Opinions. ........... 16

D. Conclusion ...................................................................................................... 18

As in *Oiness*, Ueno's broad range of damages and flawed method invites the jury to engage in rapt speculation. The Court should exclude even relevant and qualified expert opinion if its probative value is outweighed by the risk of prejudice, confusion, or waste of time.

### 3.    The Court Should Exclude Mr. Ueno's Late, New Opinions.

At the exchange of trial exhibits on December 27, Mr. Hogan included a new set of opinions from Mr. Ueno. Ex. 32 (Ueno's Supplemental Report December 27, 2005). In this opinion, Mr. Ueno makes new calculations based on his absurd $1772/per container fee; it also appears to claim that Berry is owed some $2.5 million for shipments to third parties. Mr. Ueno's brand-new four-page opinion is conclusory, baseless and largely incoherent. He has never been deposed on it. Berry and his counsel have offered no excuse why Mr. Ueno's new opinions have been disclosed months after the expert disclosure deadline. Fleming will be substantially prejudiced if it has to confront new, never-before-disclosed opinions from Mr. Ueno at trial.

Courts routinely exclude late-disclosed expert opinions. *See e.g. Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1067 (9th Cir. 2005) (granting summary judgment for defendant and excluding late-disclosed expert); *Paradigm Sale, Inc. v. Weber Marking Sys., Inc.*, 880 F. Supp. 1247, 1252 (N.D. Ind. 1995) (excluding expert opinion testimony on infringement because it was not included in expert

report); *China Resource Products (U.S.A.) Ltd. v. Fayda Intern., Inc.*, 856 F. Supp. 856, 867 (D. Del 1994) (refusing to allow expert to testify at trial for failure to provide an expert report).

In *Wong*, the district court denied supplemental expert testimony even though the plaintiff promptly notified the court and opposing counsel and proffered the witness for deposition. 410 F.3d at 1060. The court said that because the necessity of the witness could have reasonably been anticipated at the established deadlines, the delay was unjustified. *Id.* at 1062. The court granted summary judgment for defendant and excluded the late expert. *Id.* The Ninth Circuit affirmed despite the harsh result. *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001) (upholding exclusion of expert even though it prevented plaintiff from proving his case and was "a harsh sanction to be sure").

Here, Berry neither notified the Court nor made Mr. Ueno available for deposition. The Court should exclude his new opinion. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 573 (5th Cir. 1996) (refusing to permit late supplement to expert report), *cert. denied*, 519 U.S. 811 (1996).

Berry's expert report was due in June 2005. Ex. 47 (May 13, 2005 letter dated from Special Master Matsui). Berry has failed to comply with that deadline. He offers no excuse for his failure. This Court should preclude his expert from

17

offering his new opinion. *See e.g. Jenkins v. Whittaker Corp.*, 785 F.2d 720 (9th Cir. 1986) (upholding the exclusion of undisclosed opinion testimony by a party's employee); *Piper v. J.R. Simplot Co., Inc.*, 24 F.3d 248 (9th Cir. 1994) (upholding exclusion of additional and previously undisclosed expert witness testimony as a violation of Rule 26).

### D.  Conclusion

Both Ueno's analysis of profits and actual damages are founded on unsupported assumptions and fail to establish the legally required causal link between infringement and damages. His analysis is so flawed that it will confuse the jury. His late-filed report suffers from the same substantive problems, and should not come in because its delay is unjustified and prejudicial. For all of the foregoing reasons, the PCT requests that the Court issue an in limine order excluding the opinions of Thomas Ueno and precluding Berry from introducing them to the jury in any form.

///

///

///

///

///

///

Dated: Honolulu, Hawaii, January 3, 2006

/s/

KOBAYASHI, SUGITA & GODA
Lex R. Smith (659-0)
Thomas H. Yee (7344-0)
Suite 2600 First Hawaiian Center
999 Bishop Street
Honolulu, HI 96813
Telephone: (808) 539-8700
Facsimile: (808) 539-8799

and

KIRKLAND & ELLIS LLP
Eric C. Liebeler (CA Bar No. 149504)
Damian D. Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Co-Counsel for the Post Confirmation Trust for Fleming Companies, Inc.