# EXHIBIT G

1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF HAWAII

 3                                  )
     WAYNE BERRY, a Hawaii citizen, )  CV 03-00385 SOM-LEK
 4                                  )
             Plaintiff,             )  Honolulu, Hawaii
 5       vs.                        )  January 20, 2006
                                    )  2:00 P.M.
 6   HAWAII EXPRESS SERVICE, INC.,  )
     a California corporation,      )  Motions in Limine
 7   et al.,                        )
                                    )
 8           Defendants.            )
     _____)

 9

10              TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE SUSAN OKI MOLLWAY
11             UNITED STATES DISTRICT JUDGE

12   APPEARANCES:

13   For the Plaintiff:        TIMOTHY J. HOGAN, ESQ.
                               Lynch Ichida Thompson Kim
14                              & Hirota
                               First Hawaiian Tower
15                             1132 Bishop St., Ste. 1405
                               Honolulu, HI 96813
16
     For the Defendant         ERIC C. LIEBELER, ESQ.
17   Fleming Companies, Inc.:  DAMIAN D. CAPOZZOLA, ESQ.
                               Kirkland & Ellis LLP
18                             777 South Figueroa St.
                               Los Angeles, CA 90017
19
     For the Defendants        LEX R. SMITH, ESQ.
20   Fleming Companies, Inc.,  THOMAS YEE, ESQ.
     C&S Wholesale Grocers,    Kobayashi Sugita & Goda
21   C&S Acquisitions,         First Hawaiian Center
     C&S Logistics:            999 Bishop St., Ste. 2600
22                             Honolulu, HI 96813

23   For the Defendants        LYLE S. HOSODA, ESQ.
     Mark Dillon, Brian        RAINA P. MEAD, ESQ.
24   Christensen, Teresa Noa:  345 Queen St., Ste. 804
                               Honolulu, HI 96813
25
```

```
 1   APPEARANCES (Continued):

 2   Official Court Reporter:    Debra Kekuna Chun, RPR, CRR
                                 United States District Court
 3                               300 Ala Moana Blvd. Ste. C285
                                 Honolulu, HI 96850
 4                               (808) 534-0667

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
         Proceedings recorded by machine shorthand, transcript
25   produced with computer-aided transcription (CAT).
```

```
 1             MR. CAPOZZOLA:  Okay.
 2             THE COURT:  So I'm going to deny this motion,
 3   but again, of course, this is with the thought that there
 4   may well be specific objections that I may well sustain to
 5   specific questions either respecting the interrogatory
 6   answers or respecting going beyond his personal knowledge
 7   or, you know, going into expert opinion.  But -- so
 8   without prejudice to such objections.
 9             Okay.  I'm then looking at PCT's motion in
10   limine number 2, which is to exclude Thomas Ueno.
11             Although I did have a number of concerns and I
12   express those in my earlier order in October about
13   Mr. Ueno, that was in a summary judgment context.  Right
14   now, you know, having studied this and this was the most
15   serious of the motions, I thought, I'm inclined to deny
16   this motion.
17             I think even though I serve as a gatekeeper,
18   certainly under Daubert and Kumho Tire on expert witness
19   opinions being admissible, at the same time, you know,
20   there are many things that I think are best left for
21   cross-examination, and I see that Mr. Ueno's testimony can
22   well be tested effectively.
23             One of the things that is raised in the motion
24   is the concern that he said, "Well, this must be a very
25   valuable piece of software because, after all, Fleming
```

1    kept using it, even though Fleming, of course, had

2    eventually stopped."  But it is still the case -- it is

3    undisputed -- that Fleming was using it at the time in

4    issue for this damages trial.

5             Mr. Ueno also talked about the program being

6    feature rich, and in my earlier order I said, "Well, that

7    alone doesn't make this an indispensable tool."  At the

8    same time there may well be features that make this

9    valuable.  I don't think that my statements in my orders

10   negate that.

11            And so I am inclined to deny the motion.

12            Now, I realize that there's a fight about a

13   supplemental opinion that Mr. Ueno gave, but, as I

14   understand it, that was in light of some late produced

15   documents, and so my inclination is to allow that, too.

16            Who's going to argue?

17            MR. CAPOZZOLA:  I will, Your Honor.  First off,

18   with regard to the supplemental report and the allegedly

19   late-produced documents, Mr. Hogan had those documents by

20   mid September.  So there's no reason that Mr. Ueno should

21   be filing and Mr. Hogan then filing supplemental reports

22   from Mr. Ueno on December 27th with the rest of the

23   exhibits.

24            Additionally, we would like a deposition of

25   Mr. Ueno on the supplemental report.  If the court is

1    inclined to allow depositions of Mr. Borja, we should have
2    fair play in that regard.  And, additionally, we would ask
3    the court to just simply exclude any opinions based on
4    that supplemental report since it was late filed and he
5    had the documents for many, many months, but at a minimum
6    we should get a deposition.
7        THE COURT:  I'm inclined to let them have a
8    deposition.
9        MR. HOGAN:  Your Honor, just so I understand, I
10   want to make clear that his report actually lowered our
11   numbers, and so, if they want to do that, I mean it was
12   just we didn't have the actual documents.  And they've
13   already said we had a half a terabyte of stuff, Your
14   Honor.  That's 500 gigabytes of material that I got in
15   late September after they'd given it to their expert in
16   July.  So I just didn't want the court to think I was
17   sandbagging, Your Honor.  This was not an easy case to get
18   at the stuff.
19       THE COURT:  I'm going to stick with this.  This
20   motion to exclude Mr. Ueno's testimony is denied, but
21   Mr. Ueno must be made available for a deposition by the
22   defense with respect to his December 2005 supplemental
23   opinion.
24       I'm not really certain when you folks are going
25   to be taking all these depositions.

1           MR. HOGAN:  Thank you, Your Honor.

2           THE COURT:  Now, then I'm looking at PCT's

3   motion in limine number 3 to exclude reference to certain

4   testimony by Mark Dillon.

5           My inclination is to deny this particular motion

6   and allow that Dillon testimony to be the subject of

7   cross-examination.  But, you know, I mean what's so bad

8   about letting Mr. Berry raise this?  I've already put in

9   my order that I don't think this Dillon testimony gets him

10  very far; so, you know -- I'm inclined, though, to let him

11  do it and ask the jury to draw such inferences as he

12  thinks may be reasonable.  Although, I don't think those

13  inferences are all that great myself, but I was inclined

14  to leave that to the jury.

15          MR. CAPOZZOLA:  Damian Capozzola again.  I

16  understand that you may, after having been living this

17  case for as long as you have, appreciate the difference

18  between "We needed the spreadsheets" and "We needed

19  Berry's software."  We are concerned that it will be

20  highly prejudicial if Mr. Berry is entitled to run what

21  would essentially be a trick and contort that piece of

22  testimony to try to mean that we needed Berry's software.

23  That's how he tries to use that statement from Mr. Dillon.

24  What Mr. Dillon said was in so many words without the

25  spreadsheets it would be very difficult or impossible to

```
 1                COURT REPORTER'S CERTIFICATE
 2          I, Debra Kekuna Chun, Official Court Reporter,
 3   United States District Court, District of Hawaii, do
 4   hereby certify that the foregoing is a correct transcript
 5   from the record of proceedings in the above-entitled
 6   matter.
 7          DATED at Honolulu, Hawaii, January 21, 2006.
 8
 9                                  /s/ Debra Chun
10                                  DEBRA KEKUNA CHUN
11                                  RPR, CRR
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```