LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
Email: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **DECLARATION OF** |
| vs. | ) | **TIMOTHY J. HOGAN; EXHIBITS** |
| | ) | **"1" TO "6"** |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**DECLARATION OF TIMOTHY J. HOGAN**

I, TIMOTHY J. HOGAN, am an attorney licensed to practice before all the courts of the State of Hawaii and I hereby respectfully submit this declaration under penalty of perjury. All the statements herein are true and correct to the best of my knowledge, information and belief. If called upon to testify regarding the

matters herein, I am qualified and willing to do so. This Declaration is filed in support of the single reply to the Oppositions filed in regard to the Plaintiff's Motion to Reconsideration or in the Alterative Rule 60(b) Relief for Fraud on the Court.

    1.    On June 20, 2005, after a hearing in this case regarding motions for summary judgment, I first received a DVD containing approximately 23,000 of the purported After Acquired files of the Fleming Hawaii Logistics system obtained and kept by Guidance Software, Inc.

    2.    After about one week, Mr. Smith contacted me to demand their return on the grounds of inadvertent disclosure of privileged materials. I complied delivering my only copy of the DVD to the Master retaining only a few disclosed files related to the F-1 and Fleming's financials.

    3.    Subsequently, in July, the Guidance Before imaged files comprising over 140,000 separate files some of which containing hundreds of emails, were delivered to the PCT and C&S through concurrent counsel and then sent to Martin Walker. In advance of that turn over, I specifically warned the PCT and C&S through the PCT and its concurrent counsel that such a turn over would waive any claims of privilege. They turned the files over despite these warnings.

    4.    As the Court may recall, on the eve of trial, and in apparent admission that the Guidance Materials shared in September with Plaintiff's counsel were

deficient, the PCT dumped on Plaintiff's counsel nearly one and one half banker's boxes of documents plus computer files that were purported to have been withheld from Plaintiff as the result of the defective Guidance production. Thereafter, the Court ordered that the electronic files given to Walker be produced to Plaintiff. On January 25and 26, I personally sat in Mr. Smith's conference room while the files were being copied and delivered. I began a thorough but overwhelming search of the files that were now delivered absent any claim of privilege.

5.     The email that I attached to my declaration filed on February 10, 2006 at Exhibit "7" was among the files I discovered subsequent to January 26, 2006. I first viewed that file shortly before I disclosed it to Eric Liebeler on February 3, 2006, who, upon receipt of my letter informed me that he had withdrawn from Kirkland & Ellis.

6.     Subsequent to receiving the Oppositions filed regarding this Motion, and in light of the PCT and C&S' concurrent counsel Mr. Smith's claim that he had no recollection of being told about the copy being held by Mr. Capozzola, I ran a search of the materials looking for additional evidence that Mr. Smith knew about the files held by Mr. Capozzola.

7.     Attached hereto as Exhibit "1" is a true and correct copy of an email dated May 19, 2003, from the Guidance materials received from the PCT, that contains a thread of emails going back to May 16, 2003, just four days after the

email in which Mr. Capozzola first reveals to Mr Smith the fact that he had received a copy of the Berry software. In this email Mr. Capozzola again discloses to Mr. Smith the existence of the copy regarding which Mr. Smith claims to have no knowledge. This email evidences that Mark Dillon was the person who provided the file to Mr. Capozzola and that Mr. Dillon had told the attorneys Smith and Capozzola that he had a copy of the original Berry FCS. I have made numerous request of Guidance Software to produce the tape backups but they have refused to produce them.

8.   In late September, after Martin Walker had been given unrestricted access to the Guidance materials in July, Mr. Smith delivered to me what he claimed was a redacted set of Guidance Before and After Images. I immediately had difficulty opening files and the After disk had been prepared in such a way that all directory information had been removed and all files contained in one large directory. It was of little value to me. In a letter from Lex Smith dated September 28, 2006 the PCT and C&S through their concurrent counsel concede that this fact was conveyed to them. A true and correct copy of Mr. Smith's letter addressing my difficulty is attached as Exhibit "2".

9.   Attached hereto as Exhibit "3" is a true and correct copy of an excerpt from the Expert Report of Martin Walker, PhD.

10.  As to the PCT's claim that the file on the Guidance images was

identical to the one they produced, first, it was not identical. This file was produced by Mr. Smith not Mr. Capozzola on February 7, 2006. When I opened it produces a splash screen showing the original FCS splash with the name Atlantic Pacific International, Inc. The one that was on the Guidance images produces an error and no slash screen. This can be shown to the Court at the hearing.

11.     When I converted the file that was on the Guidance images from MS Access version 1997 to the 2002-2003 version and then converted it back to the 1997 version, it worked just like the one that Mr. Smith turned over on February 7, 2006.

12.     After Mr. Capozzola admitted to me in an email that he had located the software in Chicago and then Mr. Smith was able to produce it in Honolulu just one and one half working days later, I requested the shipping proof that would corroborate this claim to have retrieved it from Chicago. Despite several request to both Mr. Capozzola and Mr. Smith neither has responded.   This same fact was stated in my earlier Declaration at Paragraph 24 and they did not address it in the Oppositions.

13.     Attached hereto as Exhibit "4" is a true and correct copy of Exhibit "B" to the Damian Capozzola Declaration filed on February 17, 2006.

14.     Attached hereto as Exhibit "5" is a true and correct copy of an email from Damian Capozzola to me.

15.     Attached hereto as Exhibit "6" is a true and correct excerpt from the Fifh Supplemental Expert Report of Martin Walker filed on February 17, 2006 in support of the Oppositions to the instant motion.

DATED: Honolulu, Hawai'i, February 19, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY