**07 FHL 136 New**

**From:**     "Lex Smith" <lex@gte.net>
**To:**        "Mark Dillon" <markd@fleming-logistics.com>
**Sent:**      Monday, May 19, 2003 11:29 AM
**Subject:**  Re: Statement of Work Proposal

Thanks Mark,

All of these issues will be taken into consideration.  I'm going to be in L.A. on Wed., so I'm going to see if I can meet face to face with the computer guy and talk about this stuff including your issues.  You will have plenty of input on how we handle this, but as I say he has to be able to testify about his own knowledge not about what he told you.

----- Original Message -----
**From:** Mark Dillon
**To:** Lex Smith
**Cc:** "Mike Carey" ; "Brian Christensen" ; "Craig Birchette" ; "Carlos Hernandez" ; "Ralph Stussi" ; markd@fleming-logistics.com ; teresan@fleming-logistics.com ; MScott@alixpartners.com
**Sent:** Monday, May 19, 2003 9:02 AM
**Subject:** Re: Statement of Work Proposal

While it means more work for me, I understand that having Guidance software wipe the hard drives clean puts Fleming in the best position in anticipation of further litigation.  For this to be practical for the Logistics department of Fleming Hawaii, whose computers will be disabled by this process, the wiping of the disks will have to be done beginning after hours on a Friday, and completed asap, giving me time to reinstall by the following Monday the software packages required for us to operate.  An especially good time to do this is Friday, 5/23, which gives us an extra day to work with on account of the holiday.

Some other concerns, some of which I have expressed previously, but should be repeated here:

- There are files that we must retain for each user:  saved email, Microsoft Word, Excel and PowerPoint files.
- We have backup tapes and CD's containing Mr. Berry's software.  Mr. Berry and Mr. Hogan are aware of this fact.  I expect we need a way to handle these.
- One or two of the tapes have files from the original installation of Windows and Mr. Berry's software on the Logistics server.  I would like to retain this as evidence since it contains information about the history of the server and Mr. Berry's software.
- We have about five old computers and three or four hard drives that we are no longer using.  I kept these as possibly containing evidence.  It seems these will have to either be destroyed, have their hard drives wiped, or be place in someone's custody.

Mark Dillon
Fleming Companies, Hawaii Division
Logistics LAN Administrator

----- Original Message -----

**From:** Lex Smith
**To:** damian_capozzola@la.kirkland.com
**Cc:** Mike Carey ; Brian Christensen ; Craig Birchette ; Carlos Hernandez ; Ralph Stussi ; markd@fleming-logistics.com ; teresan@fleming-logistics.com ; MScott@alixpartners.com
**Sent:** Sunday, May 18, 2003 12:25 PM
**Subject:** Re: Statement of Work Proposal

Thanks Damian.

I certainly agree that taking these steps won't instantly get rid of Berry. In fact, we need to take these steps in order to be in the best possible position when they try to harass Fleming, which I have no doubt they will do.

I think Guidance Software is fine. To the greatest extent possible we want to be able to respond to Berry/Hogan with Guidance's affidavit with no reliance on information provided by Mark or anybody else (we don't want to have to fight with Hogan about whether Mark Dillon is telling the truth).

----- Original Message -----
**From:** damian_capozzola@la.kirkland.com
**To:** lex@gte.net
**Cc:** Mike Carey ; Brian Christensen ; Craig Birchette ; Carlos Hernandez ; Ralph Stussi ; markd@fleming-logistics.com ; teresan@fleming-logistics.com ; MScott@alixpartners.com
**Sent:** Saturday, May 17, 2003 12:31 PM
**Subject:** Re: Statement of Work Proposal

I agree with Lex on all counts. I'll also add that we should not expect that Berry will go away instantly, but these procedures should help significantly. One other question to kick around -- do we want to offer Berry the opportunity to participate in the independent consultant process (selecting and paying for the consultant)? On one hand, if we could get him locked in ex ante to an independent consultant retained by both parties, it would be harder for him to contest the findings later on. On the other hand, getting him involved in the process may create more problems than it solves. I think I am inclined not to offer this to him, but I am interested in other views.

Lex, you may not know that Mark send me a CD containing a copy of Berry's software as it stood as of about a week ago. This may or may not have included everything Lex is discussing. We should definitely make sure everything is preserved.

The report I had in mind was always like the one Lex describes. Sorry if I didn't make that more clear. In the absence of any other suggestions of consultants to use I suggest we sign up Guidance Software ASAP even if it means we have to incur some travel costs. We also need to be sure the lenders are on the same page but I understand Mike is handling that and does not anticipate any problems.

--Damian

lex@gte.net on 05/17/2003 11:32:48 AM

To:   "Mike Carey" <mcarey@email.fleming.com>, "Brian
      Christensen" <BCHRIST@email.fleming.com>, "Craig
      Birchette" <CBIRCHE@email.fleming.com>, "Carlos
      Hernandez" <CHERNAN@email.fleming.com>, "Ralph
      Stussi" <RSTUSSI@email.fleming.com>,
      markd@fleming-logistics.com,
      teresan@fleming-logistics.com, Damian
      Capozzola/Los Angeles/Kirkland-Ellis@K&E
cc:

Subject:  Re: Statement of Work Proposal


As you know, I'm all in favor of getting this done.  I
do have some comments, though.


1.  I think it's necessary for a copy to be preserved
of what was on the computers immediately before the
removal of Berry programs took place.  Otherwise, we
will be subjected to Hogan's claims that (a) we
destroyed evidence; and (b) claims by Hogan, Berry and
whatever "expert" they may hire attempting to offer
opinions of what was on Fleming's computers based on
invoices or other paper generated by the software.
This is how many of their previous claims arose:  Hogan
would go before the federal court and say "See this
invoice, this portion right here proves Pillsbury's
infringing the software."  The judge, of course, has no
idea whether the claim is right or wrong and has to
turn to experts.  If the software on the disk has been
destroyed then we risk simply having two experts
offering competing opinions.  If the "image" of the
disk is preserved someplace, we will be able to prove
what was there and what was done.  The "image" of the
disk drives can be maintained by the expert or by my
office or by Kirkland & Ellis or whatever (so we can
truthfully say that Fleming didn't have access to it)
but it should be retained because I believe it's likely
we're gonna need it.

2.  To the greatest extent possible, we need the expert
to be able to sign an affidavit saying that the expert
knows from his own personal knowledge that as of the

date he finished with the computers there is absolutely nothing on any of the Fleming Logistics computers that was created by Wayne Berry. In contrast, the description I saw seemed like the most the expert would be able to say is "I deleted the files Mark Dillon told me were created by Wayne Berry." If all we have is the latter, we are going to be exposing ourselves to more discovery on the credibility of Mark Dillon. How we get this result (or as close to it as we can, given the fact that it would obviously be difficult for the expert to know what Berry created) is something that the expert should be asked for his advice: "how can you certify to us that there's nothing on the computer created by Berry." One way that might be considered, would be that after imaging the disk, that it be wiped clean and then keep a record of everything that gets re-installed on it.

It's probably a little bit more of a headache this way, but I really believe it's worth it.

  ----- Original Message -----
  From: Mike Carey
  To: MScott@alixpartners.com ; Brian Christensen ; Craig Birchette ; Carlos Hernandez ; Ralph Stussi ; markd@fleming-logistics.com ; teresan@fleming-logistics.com ; lex@gte.net ; damian_capozzola@la.kirkland.com
  Sent: Saturday, May 17, 2003 7:48 AM
  Subject: Re: Statement of Work Proposal


  Brian,

  need your thoughts, but this looks reasonable to me....suggest we implement this plan and hire this company ASAP to help us get rid of Wayne Barry legal problems for good......MIKE

  >>> <damian_capozzola@la.kirkland.com> 05/16/2003 3:37:07 PM >>>



  FYI -- here's the proposal from Guidance Software. Comments welcome, especially on the technical side.

  --Damian

  --------------------- Forwarded by Damian Capozzola/Los Angeles/Kirkland-Ellis on 05/16/2003

01:41 PM --------------------------

cheryl.bashaw@guidancesoftware.com on 05/16/2003
01:34:27 PM

To:   Damian Capozzola/Los Angeles/Kirkland-Ellis@K&E
cc:   "Ken Basore" <ken.basore@guidancesoftware.com>

Subject:  Statement of Work Proposal

  <<Proposal - 05-16-03.pdf>> Damian,
     John asked me to prepare for you a Statement of
 Work encompassing the objectives that you stated to
him
 for this possible engagement. I have attached the
 proposal for your review and signature. I believe
that
 John has already sent to you our Professional
Services
 Agreement contract, but please let me know if this is
 not the case. While this Statement of Work relates
 directly to this particular engagement, the Agreement
 addresses our billing policy as well as our
 intellectual property conditions regarding the use of
 our software during the engagement and is more of a
 generic contract that we require. Please contact me
 with any questions regarding this Statement of Work,
 our Agreement contract or next steps.

     We look forward to assisting you in any way.

 Best regards,
 Cheryl

 Cheryl Bashaw Tilly
 Director, Professional Services
 Guidance Software, Inc.
 work: 626-229-9191 ext. 208
 fax: 626-229-9199
 <mailto:cheryl.tilly@encase.com>

 PGP Key ID: 0x6BD2D651
 PGP Key Fingerprint: CD58 49BE 5187 887B 40FB  27CE
 B7F6 763E 6BD2 D651

 cc: Ken Basore, Director of Investigations, Guidance
Software

Note:  The information contained in this message may be
  privileged and confidential and thus protected from
  disclosure.  If the reader of this message is not the
  intended recipient, or an employee or agent responsible
  for delivering this message to the intended recipient,
    you are hereby notified that any dissemination,
    distribution or copying of this communication is
    strictly prohibited.  If you have received this
    communication in error, please notify us immediately by
    replying to the message and deleting it from your
    computer.  Thank you.