LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| vs. | ) | **PLAINTIFF WAYNE BERRY'S** |
| | ) | **MOTION *IN LIMINE* TO** |
| HAWAIIAN EXPRESS SERVICE, | ) | **EXCLUDE ANY TESTIMONY** |
| INC., a California corporation; et al. | ) | **MARTIN WALKER  (Plaintiff No.** |
| | ) | **2)** |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF WAYNE BERRY'S MOTION
*IN LIMINE* TO EXCLUDE ANY TESTIMONY OF
MARTIN WALKER  (Plaintiff No. 2)**

I.      **INTRODUCTION.**

   A.   **The PCT Continues to Withhold Materials Given to Walker in March 2005.**

It is beyond dispute that the Fleming-PCT and C&S had a copy of the Berry FCS when they submitted their expert reports claiming they had no such copy. The Court might ask whether there is proof that this withheld evidence was shared with the C&S and Fleming-PCT expert, Martin Walker prior to this initial report on March 31, 2005.

For the first time, in an email dated February 14, 2006, the PCT disclosed that, on March 21, 2005, the PCT send a CD along with the printed copy of the Berry Copyright registration materials to the newly retained expert Martin Walker, PhD.  *See* Declaration of Timothy J. Hogan (the "Hogan Dec.") Exhibit "1", that is an email dated February 14, 2006 from Mr. Capozzola that attached Bates No. PCT-B MW 02924-02925.  These pages, that are Hogan Dec. Exhibit "1" pages 4 & 5 of 5, evidence a transmittal of the CD with a Xerox image of the CD attached. The CD has been, and continues to be, withheld from Plaintiff as of this writing. Hogan Dec. ¶¶ 2 & 5 and Exhibit "2."   In addition, the PCT continued to produce other withheld communications with its expert well beyond the February 7, 2006

cutoff set by the Court.   Hogan Dec. Exhibit "3."

### B. Logic Says this Was The Hidden FCS Software.

In Walker's initial report he details the materials he reviewed.  Hogan Dec. Exhibit "4."   The last Bates Number evidenced in his report was PCT-B  MW 2490.  The March 21, 2005 CD, that was sent to Walker along with a printed copy of the Berry Copyright registration, is not mentioned in the Walker report and has a Bates number of PCT-B MW 02924-02925, the very last in the series.  The fact that Walker concealed these materials that he had to have considered as among the very first materials he received, evidences that the expert report lacks the minimum intellectual integrity necessary to permit his testimony to go forward. Despite requests to receive a copy of the withheld Walker CD and examine this original disk, the PCT, C&S  and Walker refuse to turn this material over to Plaintiff.   Hogan Dec. ¶ 5 and Exhibit "5."   This conduct is a continuation of, and consistent with, the conduct that is set forth in the Plaintiff's Rule 60(b) Motion, which motion and supporting papers are respectfully incorporated by this reference.   There is no doubt that Walker has had the emails that were given to him in July in the Guidance First Acquired materials and Walker has sat silent or

worse, repeated the falsehoods, in his subsequent filings. Walker has left the ranks of the neutral third-parties and joined the combatants. His testimony, other than to confirm the Fleming wrongdoing, is of no evidentiary value.

### C. **Walker's Report Violated the Rules.**

By refusing to identify let alone turn over these materials, the first ones the "expert" considered in this case, and by failing to disclose the existence of the CD that the "expert" must have considered prior to producing his report, Walker and the PCT violated Fed. R. Civ. P. 26(a)(2)(B) that requires disclosure of <u>all</u> materials <u>considered</u> by the Expert. The initial report submitted by Walker omits this CD and demonstrates that he did not comply with Rule 26 and that should seal his fate. Hogan Dec. Exhibit "4." His testimony must be excluded especially under the circumstances of this case where there is no question that Walker had, since July, evidence of the existence of hidden FCS and that the infringers could have gone back to an original FCS if they chose to. But, in furtherance of the fraud, Walker kept silent when he had a duty to speak.

**II.    ARGUMENT.**

In what can only be described as a torturous, never-ending revelation of additional materials that have been withheld from Plaintiff and his experts, Mr. Berry renews his Motion to bar the testimony of Martin Walker, PhD on the grounds that the PCT has failed to produce the materials that were shared with Mr. Walker and continues to produce additional materials that have been produced well beyond the February 7th drop-dead date the at the Court has set.  As set forth in the Declaration of Timothy J. Hogan, Exhibit "3," the PCT continued to produce additional materials that were previously withheld.

In regard to the concealed CD, Walker appears to have received the CD in March 2005, just days after being hired.  Under any normal software infringement case, this first disclosure would contain the software he was hired to examine. That CD has been withheld despite numerous requests since it was first disclosed on or about February 14, 2006.  Hogan Dec. at ¶¶ 2 & 5.  It is now beyond dispute that Fleming-PCT withheld the material evidence related to the software it was running during the relevant period.  Fleming-PCT and Walker continue to withhold this CD.  This ongoing obstruction has to have a cost. That cost is barring Walker

from testifying in this or any other proceedings before this Court.

Mr. Berry also asks the Court to incorporate by reference his arguments and support that was set forth in regard to his Motion For Reconsideration Or In The Alternative Rule 60(b) Relief For Fraud On The Court. The record evidences the extreme level of improper conduct that has occurred in this case in which not only the PCT but also their expert who allowed himself to be used to create an admittedly false report in this case.

Finally, the PCT cannot claim any prejudice from barring Walker because liability is established so there is no relevant testimony that Mr. Walker can provide regarding infringement.

### III.  CONCLUSION.

For the reason stated the Motion should be granted.

Dated: Honolulu, Hawai'i February 22, 2006.

                                             /s/ Timothy J. Hogan
                                             TIMOTHY J. HOGAN
                                             Attorney for Plaintiff WAYNE BERRY