LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation; et al. | ) ) ) ) ) ) | **PLAINTIFF WAYNE BERRY'S FIRST SUPPLEMENTAL INSTRUCTIONS RE: STATUTORY DAMAGES FOR WILLFUL INFRINGEMENT** |
| | ) ) | |
| Defendants. | ) ) | |
| | ) | Trial Date: February 28, 2006 |
| _____ | ) | |

# Plaintiff's Supplemental Post-Trial Instruction on Statutory Damages No. 30.

~~If you determine that the defendant infringed the plaintiff's copyrighted work[s] in Instruction [[20.4 (Copyright Infringement - Elements - Ownership and Copying)] [*insert number of infringement instruction*]], you must consider the damages the defendant must pay to the plaintiff.~~ The plaintiff seeks a statutory damage award, established by Congress for ~~[the work infringed] [each work infringed, regardless of the number of infringements of each work]~~ <u>the infringement of of the Plaintiff's copyright in FCS 1993.</u> Its purpose is to penalize the infringer and deter future violations of the copyright laws.

~~[You may award as statutory damages for the infringement of the plaintiff's copyrighted work an amount that you feel is just under the circumstances, provided that amount is not less than $750, nor more than $30,000. In this case, the plaintiff contends that the defendant infringed the plaintiff's copyrighted work and that an award of $___ for that infringement would be just.]~~

~~[You may award as statutory damages an amount that you feel is just under the circumstances, provided that amount is not less than $750, nor more than $30,000 per work you conclude was infringed. In this case, the plaintiff contends that the defendant infringed [*insert number*] of the plaintiff's works and contends that [*specify particular works and statutory damages amount requested for infringement of the particular work or works*] would be just.]~~

The defendant<u>s</u> contend<u>s</u> that the defendant<u>s</u> innocently infringed the [*specify* ] copyright[s] in <u>FCS 1993</u>. If the defendant proves this by a preponderance of the evidence, you may, but are not required to, reduce the statutory damages for infringement of that work to a sum as low as $~~200~~ <u>750 but not greater than $30,000 for each infringer you find was an innocent infringer. You may find some infringers innocent while finding others were not innocent.</u>

An infringement is considered innocent when:

1. the defendant was not aware that the defendant's acts constituted infringement of the copyright; and

2. the defendant had no reason to believe that the defendant's acts constituted an infringement of the copyright.

### ~~Modification of Instruction when Willful Infringement Alleged~~
~~When the plaintiff provides evidence regarding willfulness of the defendant's infringement of the copyright, add the following two paragraphs to this instruction:~~

The plaintiff contends that the defendant<u>s</u> willfully infringed the ~~[*specify*]~~ copyright[s] in FCS 1993. If the plaintiff proves by a preponderance of the evidence willful infringement, you may, but are not required to, increase the statutory damages for infringement of that work to a sum as high as $150,000 <u>per infringer</u>.

An infringement was willful when the defendant engaged in acts that infringed the copyright, and knew that those actions may infringe the copyright.

Authority:
Ninth Circuit Model Civil Jury Instructions 20.25 COPYRIGHT DAMAGES—STATUTORY DAMAGES–WILLFUL INFRINGEMENT—INNOCENT INFRINGEMENT (17 U.S.C. § 504(c)).

Instruction No. \_\_\_\_.

The plaintiff seeks a statutory damage award, established by Congress for the infringement of the Plaintiff's copyright in FCS 1993.  Its purpose is to penalize the infringer and deter future violations of the copyright laws.

The defendants contend that the defendants innocently infringed the copyright in FCS 1993. If the defendant proves this by a preponderance of the evidence, you may, but are not required to, reduce the statutory damages for infringement of that work to a sum as low as $750 but not greater than $30,000 for each infringer you find was an innocent infringer. You may find some infringers innocent while finding others were not innocent.

An infringement is considered innocent when:

1. the defendant was not aware that the defendant's acts constituted infringement of the copyright; and

2. the defendant had no reason to believe that the defendant's acts constituted an infringement of the copyright.

The plaintiff contends that the defendants willfully infringed the copyright in FCS 1993. If the plaintiff proves by a preponderance of the evidence willful infringement, you may, but are not required to, increase the statutory damages for infringement of that work to a sum as high as $150,000 per infringer.

An infringement was willful when the defendant engaged in acts that infringed the copyright, and knew that those actions may infringe the copyright