LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| HAWAIIAN EXPRESS SERVICE, | ) | **MEMORANDUM IN OPPOSITION** |
| INC., a California corporation; et al. | ) | **TO DEFENDANT PCT'S MOTION** |
| | ) | **IN LIMINE TO EXCLUDE** |
| | ) | **THOMAS UENO** |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | DATE: February 24, 2006 |
| | ) | TIME: 2:00 P.M. |
| | ) | JUDGE: Honorable Susan Mollway |
| | ) | |
| | ) | TRIAL DATE: January 24, 2006 |
| _____ | ) | |

### PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO DEFENDANT PCT'S MOTION IN LIMINE TO EXCLUDE THOMAS UENO

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel and hereby submits his memorandum in Opposition to Defendant PCT's Motion in Limine To Exclude Thomas Ueno (the "Motion").

**I. INTRODUCTION.**

The PCT, in its ongoing abusive campaign in this case, filed a Second Supplemental Report of its expert despite the Court's order that permitted a supplemental report in response to a new report submitted by Mr. Ueno based on the evidence produced after January 24, 2006. Plaintiff Wayne Berry's Motion in Limine to Exclude Testimony of Jeffrey Kinrich and Evidence of and Any Reference to the Opinions Contained in the Second Supplemental Expert Report of Jeffrey Kinrich (Plaintiff No. 1) regarding this supplemental report is incorporated by this reference.

**II.   DISCUSSION.**

   **A.   The PCT's Report is Out of Order.**

As the Court may note, Mr. Ueno did not file a supplemental report as the Court provided for in the January 24, 2006 minute order. Undeterred, the PCT submitted a Second Supplemental Kinrich report not addressing anything new, but

going over old ground.  This bizarre and disjointed Motion and Memorandum citing the equally confusing new report is used as the basis to exclude Mr. Ueno's testimony when even the Motion does not pray for that relief.   This Motion *in limine* must be denied because it admits it is simply a motion for reconsideration of the Court's earlier ruling.  Because nothing has changed in regard to Mr. Ueno the motion must be denied.   The only thing that has changed is that the PCT has filed another report and motion without following the Court's minute order and in total disregard to the standard set forth in LR 60.1 regarding reconsideration because the PCT admits it had the information prior to date set for filing motions in limine and admits it conducted a deposition based on this information.

    **B.**    **The Documents that the PCT Claims It Didn't Get Were Its Documents It had Since July But Blocked Production To Plaintiff.**

Reading the PCT's Memorandum in Support might leave the impression that Mr. Berry and his expert had been sitting on relevant evidence.  The fact is that the PCT had this evidence in July, withheld it from Kinrich who produced a supplemental report on September 28, 2005 apparently without seeing the PCT's data.   Plaintiff would have been justified in surprising the PCT with evidence that the PCT had a duty to produce under the Rule 26 disclosure rules.  By putting the materials in the exhibits, Mr. Berry gave the PCT and its expert the "heads up" that there was a lot of financial records that the PCT chose to withhold from Kinrich.

**C.     The PCT Can't Fault Ueno For Its Own Failure to
Produce the PCT's Financials to Kinrich**

Kinrich didn't disclose these records in his first two reports and there is no doubt that, as Fleming's own financials, Kinrich should have reviewed them. Consequently, it is Mr. Kinrich who should be barred from testifying regarding these records, not Mr. Ueno. The PCT disingenuously states that it did not have time to examine the materials that were produced in regard to the Ueno Deposition that the Court permitted just prior to trial. What the PCT omits from this statement is that the PCT had these documents from at least July on, while the Plaintiff didn't get them until September in the then only redacted Guidance materials.[1] In any

---

[1] In addition, if the PCT is conceding that it disposed of the Debtor's financials and could not provide them to its experts, it appears that the PCT admits that, during the administration of the Chapter 11 case, the Debtor's under the direction of Kirkland & Ellis, violated 18 U.S.C. § 152 that makes the failure to maintain a debtor's financials a serious violation federal law as follows:

> 8) after the filing of a case under title 11 or in contemplation thereof, knowingly and fraudulently conceals, destroys, mutilates, falsifies, or makes a false entry in any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor; or

> (9) after the filing of a case under title 11, knowingly and fraudulently withholds from a custodian, trustee, marshal, or other officer of the court or a United States Trustee entitled to its possession, any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor,

event, the PCT had them for at least five months before deposing Mr. Ueno.  If anyone's damage expert should be excluded it is the PCT's experts,  not Mr. Ueno who should be excluded.

     Finally, as set forth in the Declaration of Thomas Ueno, CPA, which is filed herewith, the assumptions and calculations in the Kinrich Second Supplemental Report are wrong or evidence that Fleming's troubling financials are the reasons for any inconsistences.  This declaration proves that Kinrich did not do the basic forensic analysis to examine other Fleming-Logistics financials before rushing to the conclusion that the problem was Mr. Ueno.  Mr. Kinrich, of all people,  must be fully aware of Fleming's admitted accounting related malfeasance that is the subject of official SEC action as well as a law suit filed against Fleming management and auditors by the very firm that hired Mr. Kinrich.  One wonders why Kirkland & Ellis didn't provide the factual basis for its complaint against Fleming's management and auditors to assist Mr. Kinrich in his quest for the truth.   The fact that Fleming's records are unreliable is hardly something that Mr. Ueno can fix nor should he bear any responsibility for the accounting fraud in which even the PCT admits, Fleming and its accountants were engaged.   The Declaration of Thomas

---

shall be fined under this title, imprisoned not more than 5 years, or both.

Ueno, filed concurrently establishes that the Ueno numbers are derived from Fleming's own records. To the extent there are inconsistencies, that is for Kinrich and the PCT to explain at trial.

In regard to the lack of coherence in the Kinrich Second Supplemental Report, Mr. Kinrich makes the unsupported statement that there should be some cutoff as to which transactions that are clearly contained within the Berry database based on some arbitrary relationship to the sale date. There is no reason to do this. Mr. Kinrich does not provide any basis for his assumptions. *See* Ueno Declaration at ¶ 5. This, as the rest of this report, is simply meant to increase the cost of the litigation, violates the Court's minute order and local rules and the PCT and its new lead counsel should, at a minimum, be reprimanded for their failure to adhere to the Court's orders.

### III.   CONCLUSION.

For the reasons stated the Motion should be denied.

DATED: Honolulu, Hawai'i, February 23, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY