LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF WAYNE BERRY'S** |
| | ) | **OBJECTION TO PCT'S SPECIAL** |
| HAWAIIAN EXPRESS SERVICE, | ) | **VERDICT FORM (DOCKET NO.** |
| INC., a California corporation; et al. | ) | **822)** |
| | ) | |
| Defendants. | ) | |
| | ) | Trial Date: February 28, 2006 |
| _____ | ) | |

## PLAINTIFF WAYNE BERRY'S OBJECTION TO
## PCT'S PROPOSED VERDICT FORM (DOCKET NO. 822)

COMES NOW Plaintiff Wayne Berry, by and through his undersigned

counsel and hereby respectfully submits his objection to PCT's Proposed Verdict

Forms filed as Docket No. 822.

Missing from this proposed verdict form is anything that vaguely relates to the issue of vicarious infringement and consistent with the PCT's mantra that bottom line profits are a condition precedent to profit damages in a copyright case, at No. 4 the PCT is proposing the following instruction:

> Do you find that between April 1st, 2003 and June 9, 2003, Fleming was profitable, meaning receipts from the use of the copyrighted software exceeded the costs incurred to generate those receipts?

Despite the Court already ruling that it is not necessary for Mr. Berry to show that there was bottom line profits but only there was revenue generated through the use of the copyrighted work, Fleming again seeks to revisit ground that has already been traveled . *See* Declaration of Timothy J. Hogan at Exhibit "1" that is an excerpt from the Court's October 21, 2005 Order.

In addition, the term, "receipts from the use of the copyrighted software" shifts the burden from the PCT regarding the deductible expenses, a burden that by admission, the PCT's expert has failed to carry.   The manner in which the jury is to be asked to rule on profits is to establish gross receipts (Plaintiff's burden) and then what, if any gross receipts were not derived from the use of the copyrighted work (Defendant's Burden).  That covers all issues related to causation and the parts of the proposed special verdict form that attempt to modify the statutory burdens and muddy the proof of causation are contrary to law, would be confusing

2

to the jury and contrary to the 9th Circuit Model instructions on damages.

In regard to No. 9, of the PCT"s proposed Supplemental Verdict Form, Mr. Berry believes that in this case first, the minimum statutory award is $750 as set forth in the Copyright Act, 17 U.S.C. § 504(c)(1). Section 504(c)(2) also provides that the Court may remit damages to as little as $200.00.

(c) Statutory Damages.—

> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200. The court shall remit statutory damages in any case where an infringer believed and had reasonable grounds for believing that his or her use of the copyrighted work was a fair use under section 107, if the infringer was:

> (i) an employee or agent of a nonprofit educational institution, library, or archives acting within the scope of his or her employment who, or such institution, library, or archives itself, which infringed by reproducing the work in copies or phonorecords; or

> (ii) a public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in subsection (g) of section 118) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

The Copyright Act, 17 U.S.C. § 504 (emphasis added).

The statute appears to clearly provide for the reduction of the statutory minimum by the Court through *remititur* and not as part of the damage award for the jury to determine that has $750 as the innocent infringement floor.

The proposed special verdict form also does not provide for stacking of the defendants' damages that in light of the Fleming-PCT claim to not be vicariously liable would appear a foregone conclusion.

Noting that the PCT has not submitted a willful infringement instruction this special verdict form is not correct on the law and does not in any way provide instruction as to the proper standard to determine actual damages, profits or statutory damages.

For the reasons stated, the Court should sustain the objection to this Special

Verdict Form.

Dated: Honolulu, Hawai'i, February 23, 2006.


/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY