C. If Berry Establishes Causation at Trial, Berry's Right to Recover Profits Under § 504(b) Is Not <u>Nullified by Fleming's Insolvency.</u>

Fleming argues that, even if Berry establishes causation under § 504(b), Berry may not recover profits because "Fleming did not profit" during the infringement period. If Fleming is right, then any recovery by Berry against Fleming under § 504(b) will be limited to Berry's actual damages from April 1, 2003, to June 9, 2003. Fleming says that, as "Fleming lost over $800,000," "there are no profits to disgorge." Fleming Mem. at 8.

The Ninth Circuit has noted that a copyright owner's recovery of "any profits of the infringer" is essentially recovery of "the infringer's gains." <u>Polar Bear</u>, 384 F.3d at 708. Therefore, a copyright owner may recover any financial gain attributable to the infringement, regardless of whether the infringer's business was ultimately profitable. Stated differently, "[t]he defendant may not claim the absence of profits merely because the profits attributable to the infringing items were not sufficient to offset the losses sustained by the defendant from other aspects of his business." Melville B Nimmer & David Nimmer, <u>Nimmer on Copyright</u> § 14.03[C][1] (2005) [hereinafter, <u>Nimmer</u>] (citing <u>Wilkie v. Santly Bros.</u>, 139 F.2d 264, 265 (2d Cir. 1943)).

Moreover, § 504(b) does not require the copyright owner to show that the infringer profited from the infringement. Rather, the copyright owner is "required to present proof only of the infringer's gross revenue." 17 U.S.C. § 504(b). The burden is on the infringer "to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." Id. Accordingly, at trial, if Berry establishes, for example, that the only freight tracking system used by Fleming during the relevant period was the infringing software, and that the use of Berry's software caused Fleming to receive revenue, then the issue of Fleming's offsetting expenses will go to the amount of damages that Berry can recover under § 504(b), not to Berry's entitlement to a damage award. In that event, Berry need show only Fleming's gross revenues, and the burden will fall on Fleming, not Berry, to prove offsetting expenses. In short, at this stage of the case, Fleming's nonprofitability does not defeat Berry's claim that Fleming profited from the infringement and does not limit the amount of Berry's recovery.

    D.    Even if Berry Establishes Causation at Trial, Berry May Not Recover Profits From Employees.

Employees argue that, because they earned salaries or hourly wages during the infringement period and received no bonuses or additional compensation for their infringing conduct,