KOBAYASHI, SUGITA & GODA

LEX R. SMITH          3485-0
THOMAS H. YEE      7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No. (808) 539-8700
Facsimile No.  (808) 539-8799
Email: lrs@ksglaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
Damian Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: eliebeler@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM-LEK<br>) (Copyright)<br>) |
| Plaintiff, | ) |
| vs. | ) **PCT'S OPPOSITION TO**<br>) **PLAINTIFF WAYNE BERRY'S**<br>) **MOTION IN LIMINE TO EXCLUDE** |
| HAWAIIAN EXPRESS SERVICE,<br>(CAPTION CONTINUED) | ) **EVIDENCE OF ANY TESTIMONY**<br>) **OF MARTIN WALKER (Plaintiff No.**<br>) **2); DECLARATION OF DAMIAN D.**<br>) **CAPOZZOLA IN SUPPORT OF** |

| | |
|---|---|
| INC., et al., | ) PCT'S OPPOSITION TO |
| | ) PLAINTIFF WAYNE BERRY'S |
| Defendants. | ) MOTION IN LIMINE TO EXCLUDE |
| | ) EVIDENCE OF ANY TESTIMONY |
| | ) OF MARTIN WALKER (Plaintiff No. |
| | ) 2); |
| | ) |
| | ) |
| | ) |
| | ) Hearing:    February 24, 2006, 2:00 pm |
| | ) Judge:       Hon. Susan Oki Mollway |
| _____ | ) Trial Date: February 28, 2006 |

## PCT'S OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ANY TESTIMONY OF MARTIN WALKER (PLAINTIFF NO. 2)

Berry continues to split his time between making mountains out of molehills and proving that no good deed goes unpunished. Not satisfied with provoking a one month continuance of the trial date to examine the alleged "mother lode" of damages material in files Marty Walker may or may not have reviewed (all to ultimately conclude that nothing about any of those files justified a single adjustment to his damages theory), Berry now misinterprets materials in the PCT's supplemental production and urges this Court to bar Walker's testimony because the PCT did not produce back to him his client's own copyright submission. The Court should deny his request.

The bulk of Berry's motion is just a warmed over rehash of his February 10, 2006 Rule 60 motion, to which the PCT responded on February 17, 2006. To avoid duplication, the PCT incorporates that response by reference here to the extent applicable and simply makes three specific additional points.

1

First, to the extent this was not already clear from the accompanying cover letter, the CD produced to Dr. Walker on March 21, 2005 and pictured in Hogan Decl. Ex. 5 contained only a pdf version of the copyright registration that Berry attached to his publicly filed complaint in the prepetition lawsuit.  Capozzola Decl. ¶ 3.  In other words, the CD contained only hundreds of electronic "pictures" of the various pages of Berry's hard copy filing with the Copyright Office, not an electronic code version of the Berry FCS.  *Id*.

Second, Dr. Walker explicitly disclosed in his May 31, 2005 report that he had reviewed and was relying on this material.  Hogan Decl. Ex. 4, p. 1, ¶¶ 14-15 ("I considered . . . materials specifically referenced in this report [including] the Berry Freight Control System, registered with the Copyright Office by Wayne Berry on October 19th, 1999 . . . .").  The PCT and Walker could not have more clearly disclosed that Walker considered and relied on Berry's copyright filing, but the Court has never ordered the PCT to produce plaintiff's own materials back to plaintiff, nor would there be any sense in doing so.

Third, Dr. Walker may offer testimony concerning the number and scope of the differences between the infringing version and the licensed version of Berry's FCS.  Such testimony may be relevant to computing actual damages, as the PCT's theory on actual damages includes a calculation based on the number and scope of the differences multiplied by the appropriate wage rate for creating those differences.  Such testimony may also be relevant to statutory damages as the number and scope of the differences could bear on arguments concerning intent and the need (or lack thereof) for deterrence or punishment.  Excluding Dr. Walker could therefore prejudice the PCT's ability to present its case on damages.

/ / /

/ / /

For these reasons and the reasons articulated in the PCT's February 17, 2006 Opposition to Berry's Rule 60 Motion, the PCT requests that the Court deny Berry's motion in limine concerning Dr. Walker's testimony or related evidence.

Dated: Honolulu, Hawaii, February 23, 2006

/s/ Thomas H. Yee
KOBAYASHI, SUGITA & GODA
Lex R. Smith 659-0
Suite 2600 First Hawaiian Center
999 Bishop Street
Honolulu, HI 96813
Telephone: 808 539 8700
Facsimile: 808 539 8799

and

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
Damian D. Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Counsel for the Post Confirmation Trust for Fleming Companies, Inc.

3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 23, 2006, copies of the foregoing document were duly served via the Court's electronic transmission facilities, on the following parties:

Timothy J. Hogan     tjh@loio.com

Lyle S. Hosoda     lsh@hosodalaw.com

Raina P. Mead     rpbm@hosodalaw.com

DATED:  Honolulu, Hawaii, February 23, 2006.

KOBAYASHI, SUGITA & GODA     /s/ *Thomas H. Yee*
BERT T. KOBAYASHI, JR.
LEX R. SMITH
THOMAS H. YEE
Attorneys for Defendant
     and

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
Damian D. Capozzola (CA Bar No. 228611)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimilie: (213) 680-8500

Counsel for the Post Confirmation Trust for Fleming Companies, Inc.

4