KOBAYASHI, SUGITA & GODA

LEX R. SMITH         3485-0
THOMAS H. YEE        7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii  96813
Telephone No. (808) 539-8700
Facsimile No.  (808) 539-8799
Email: lrs@ksglaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
Damian Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA  90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: eliebeler@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM-LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| | ) **PCT'S COMBINED OPPOSITION** |
| vs. | ) **TO PLAINTIFF WAYNE BERRY'S** |
| | ) **MOTION IN LIMINE TO EXCLUDE** |
| HAWAIIAN EXPRESS SERVICE, | ) **TESTIMONY OF JEFFREY** |
| (CAPTION CONTINUED) | ) **KINRICH AND EVIDENCE OF AND** |
| | ) **ANY REFERENCE TO THE** |
| | ) **OPINIONS CONTAINED IN THE** |

|  |  |
|---|---|
| INC., et al.,<br><br>                    Defendants.<br><br><br><br><br><br><br><br><br><br><br>_____ | ) **SECOND SUPPLEMENTAL**<br>) **EXPERT REPORT OF JEFFREY**<br>) **KINRICH (Plaintiff No. 1) AND**<br>) **REPLY IN SUPPORT OF**<br>) **DEFENDANT PCT'S MOTION IN**<br>) **LIMINE TO EXCLUDE THOMAS**<br>) **UENO; DECLARATION OF**<br>) **DAMIAN D. CAPOZZOLA IN**<br>) **SUPPORT OF COMBINED**<br>) **OPPOSITION; EXHIBITS "A" –**<br>) **"F"; CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>) Hearing:   February 24, 2006, 2:00 pm<br>) Judge:     Hon. Susan Oki Mollway<br>) Trial Date:  February 28, 2006 |

        Plaintiff Berry included a "supplemental" expert report from Thomas Ueno on his list of trial exhibits. This supplemental report, dated December 27, 2005, violated Fed. R. Civ. Proc. 26, which requires such reports to be served at least 90 days before trial and the Court's case management requirement that plaintiff's expert reports were due March 21, 2005. On January 20, 2006, over the PCT's objection, the Court allowed the report to stand, but permitted the PCT to depose Mr. Ueno. Less than 30 days later, PCT served Plaintiff with its expert's supplemental report rebutting the new opinions offered by Mr. Ueno. As discussed in PCT's Motion in Limine to exclude Mr. Ueno's supplemental report, the new report submitted by Mr. Ueno contains an embarrassing series of errors that result in every number he presents being incorrect.

        Plaintiff in fact confirms the validity of the PCT's analysis -- and the importance of allowing Kinrich to point out the errors in Ueno's supplemental

report -- in his February 23, 2006 "opposition" to the PCT's pending motion in limine against Ueno. The "opposition" attaches a declaration from Mr. Ueno in which he admits the errors in his report pointed out in the Kinrich supplemental report. Declaration of Thomas T. Ueno, 12. ("In regard to Invoices, we reviewed our analysis and do not disagree with Mr. Kinrich with regards to the amounts invoiced to third parties during the period."). This rather dry admission concedes that Mr. Ueno grossly inflated the revenues in his new report by including orders outside the relevant dates established by the Court. The magnitude of the error is impressive: the report and "analysis" Plaintiff still insists should be presented to the jury overstated revenues by more than $2.2 million out of $2.7 million. In other words, Ueno agrees that *eighty-six percent* of the orders he included (18,741 out of 21,863) are outside the relevant period.

     Mr. Ueno's declaration also addresses the errors in his report relating to the number of containers. Mr. Ueno's report, confirmed in his testimony, was that he "considered the items of information found in Fleming's 'Logistics Data Org' Excel file." Plaintiff Ex. 93, December 27, 2005 Supplemental Report at 1. Because this file does not contain the numbers reported by Mr. Ueno, as confirmed in the Kinrich supplemental report, Mr. Ueno now says he was looking in a file called "Logistics Data--Theresa" which was not identified as a source of data in his December 27, 2005 supplemental report. Mr. Ueno affirms that "it is unclear why there are differences" between the file his report said he relied on and the new file identified for the first time in his Declaration. Declaration of Thomas T. Ueno, 4, 7, 10. Finally, Mr. Ueno testifies that certain of the containers he counted are not included at all in the Logistics Data Org file he identified in his report. *Id*. At 10. The Court should therefore exclude these aspects of Ueno's opinions as irrelevant and not consistent with the standards for expert testimony. The Court's role as gatekeeper requires exclusion of this junk expertise to prevent jury confusion.

2

While Mr. Ueno admits, as he must, the errors and omissions in his supplemental report, Mr. Berry's lawyer nevertheless claims the right to present this erroneous material to the jury and continues to object to Mr. Kinrich being able to testify about these admitted errors. In light of the magnitude of the mistakes, and Mr. Ueno's admissions, those aspects of Ueno's opinions expressed in the supplemental report should have been withdrawn. But rather than withdraw the flawed opinions of his expert, Berry now moves in limine to exclude Kinrich's February 17, 2006 report on two fabricated procedural grounds: that the Court did not authorize such a report and that the PCT has refused to produce materials related to the report. Neither argument has merit. If the Court is going to allow Ueno to present admittedly incorrect opinions, the pursuit of truth requires that the Court permit Kinrich to rebut them.

**A.    The Court Must Allow the PCT to Intelligently Respond to Ueno's Untimely Supplemental Report.**

The PCT initially moved in limine against Ueno's untimely December 27, 2005 report primarily on procedural grounds. Although the Court denied this motion, the Court recognized that the PCT needed to have an adequate opportunity to explore and attack Ueno's supplemental opinions, and thus granted the PCT a deposition. Jeff Kinrich attended that January 23, 2006 deposition, and the PCT prepared to attack Ueno's supplemental opinions as best it could under the circumstances. The Court's January 24, 2006 minute order allows for subsequent analysis, stating that "any defense expert may amend or supplement his report in light of <u>any</u> amended report by Mr. Ueno." Hogan Decl. Ex. 1, p. 2 (emphasis added). Jeff Kinrich has now had time to thoroughly examine Ueno's supplemental report and deposition testimony, and he has condemned Ueno's opinions as demonstrated in his report filed with the Court as an exhibit to the

3

PCT's February 17, 2006 motion in limine against Tom Ueno.

Had Berry produced Ueno's supplemental report in October or November, which he easily could have done given that he had in September the data on which Ueno relied for his supplemental opinions, Kinrich could have supplemented then as well.[1]  Clearly the Court could not have contemplated that the PCT should sit idle and not evaluate or prepare to respond to Ueno's supplemental opinions.  *See* Advisory Committee Notes to 1993 Amendments, Paragraph (2) (expert disclosure rules designed to allow "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."). And with time to prepare a written analysis, disclosing it in advance of trial is simply consistent with the policies of Fed. R. Civ. Proc. 26(a)(2), 26(e).  Indeed, as the PCT served Kinrich's February 17, 2006 report well within thirty days of both the Court's January 20, 2005 ruling allowing Ueno's supplemental report to stand and Ueno's January 23, 2005 disclosure of the CDs containing the data underlying his supplemental report, Kinrich's February 17, 2006 report is timely in any event. Fed. R. Civ. Proc. 26(a)(2)(C) (allowing thirty days for rebuttal after disclosure by the other party).  Consistent with the requirements of Rule 26, the PCT has now disclosed to Berry the substance of the response it will make to Mr. Ueno's supplemental report should the Court allow the opinions to be presented to the jury.

The Court should also not forget that Berry represented that the materials he received on the eve of trial were "the mother lode" of information (6:14) that "absolutely" (131:17) affected his case-in-chief on damages.  On that basis the

---

[1]  The PCT also reminds the Court that Berry himself caused the delay and logistical problems concerning the Guidance production by irresponsibly designating well over one hundred thousand files for production.

Court granted a continuance (136:25-137:16) and stated that Ueno "may amend his expert report in light of the newly produced materials" (152:17) and designated a specific date for a response from the PCT.[2]  Berry's failure to amend Ueno's opinions or any aspects of his damages claim strongly suggests that Berry already had all the truly relevant damages material long before receiving "the mother lode" and that his protestations about "the mother lode" were just a smear tactic.  The Court must not let him simultaneously gag the PCT from responding to Ueno's supplemental opinions by mischaracterizing the Court's Order.  February 17, 2006 was simply a due date for responding to a contemplated amendment Berry ultimately chose to drop, and the Order was not a proscription against supplemental expert analysis Berry himself has occasioned by disclosing Ueno's December 27, 2005 supplemental opinion in an untimely and procedurally improper manner.

**B.      Berry Mischaracterizes the Record and Obscures the Fact That the PCT Specifically Told Him Kinrich Would Submit a Supplemental Report.**

Berry also tries to make it seem as though the PCT sprung Kinrich's report on him without warning and then required him to fly to Los Angeles to collect materials "related to this report."  Absolutely not so.

As a threshold matter, absent an agreement among counsel, the procedurally proper way to obtain documents from an expert is to serve a deposition subpoena with related request for documents.  Fed. R. Civ. Proc. 30, 34, 45.[3]  Along these

---

[2]   All transcript citations are from the January 24, 2006 transcript excerpted at Capozzola Decl. Ex. A.

[3]  .  If the Court wishes, PCT counsel will be happy to share the countless e-mails from Berry counsel threatening sanctions, criminal prosecutions and lawsuits

5

lines, the PCT told Berry in <u>July</u> that "reasonably in advance of Mr. Kinrich's deposition we will voluntarily supplement our production as necessary so that you have a complete set of Mr. Kinrich's working files. Please let us know if and when you would like to depose Mr. Kinrich." Capozzola Decl. Ex. B. Reinforcing this basic concept that the PCT would be pleased to produce Mr. Kinrich's documents in connection with a proper deposition, counsel emphasized at the January 30, 2006 hearing that "to the extent the deposition [of Mr. Kinrich] is just a pure discovery deposition, then the standard rules would apply; and that would take place in Los Angeles and Mr. Hogan can participate however he wants to." (Capozzola Decl. Ex. C at 14:6-14:9).

On February 13, 2006, the PCT explicitly told Berry that the PCT would be submitting a supplemental report from Kinrich on February 17 and that Kinrich would be available for deposition in Los Angeles on February 21. Capozzola Decl. Ex. D. Instead of recognizing the PCT's fundamental right to develop an appropriate expert rebuttal to Ueno's December 27, 2005 report and acting cooperatively to schedule a deposition, Berry threatened the PCT's counsel with sanctions and revocation of his pro hac vice admission. Capozzola Decl. Ex. E. Then, after receiving the supplemental Kinrich report exactly as promised, Berry waited until 9:12 pm on Friday, February 17 to demand "all correspondence with Kinrich, his working papers and the electronic copies of the materials in his exhibits. I'll expect it in the morning." Capozzola Decl. Ex. F. The PCT informed Berry this request was unreasonable, but again offered to produce documents in connection with the previously offered February 21 deposition, but Berry again refused. Hogan Decl. Ex. 2, p. 1.

---

for every imagined slight. Given this approach, forcing adherence to the rules seemed the wisest course for PCD counsel.

The bottom line is that the PCT told Berry what would happen, and Berry simply refused to cooperate within the boundaries of basic civil procedure. Having failed to avail himself of simple procedural mechanisms designed to elicit documents, Berry can not blame Kinrich or the PCT for failing to respond to document requests that Berry simply never bothered to serve.

Finally, as for Berry's ability to evaluate Kinrich's February 17, 2006 report itself, Berry already has all of the materials he needs. The report contained detailed, self-explanatory exhibits and Berry can not plausibly say he does not have the three additional specific items Kinrich considered: Plaintiff's trial exhibits 63 and 93 and Ueno's January 23, 2006 deposition transcript. *See* Kinrich February 17, 2006 report ¶ 4 and Exs., attached as Ex. J to the February 17, 2006 Declaration of Damian Capozzola.

/ / /

/ / /

For all of these reasons, the PCT requests that the Court grant the PCT's motion to exclude Ueno's opinions and deny Berry's motion in limine to exclude Jeff Kinrich's February 17, 2006 report.

Dated: Honolulu, Hawaii, February 23, 2006

/s/ *Thomas H. Yee*_____
KOBAYASHI, SUGITA & GODA
Lex R. Smith 659-0
Suite 2600 First Hawaiian Center
999 Bishop Street
Honolulu, HI  96813
Telephone:  808 539 8700
Facsimile:  808 539 8799

and

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
Damian D. Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:  (213) 680-8400
Facsimile:   (213) 680-8500

Counsel for the Post Confirmation Trust for Fleming Companies, Inc.