```
KOBAYASHI, SUGITA & GODA

LEX R. SMITH                 3485-0
THOMAS H. YEE                7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No.: (808) 539-8700
Facsimile No.: (808) 539-8799
Email: lrs@ksglaw.com

KIRKLAND & ELLIS LLP

MICHAEL E. BAUMANN (CA Bar No. 145830)
DAMIAN D. CAPOZZOLA (CA Bar No. 186412)
R. OLIVIA SAMAD (CA Bar No. 228611)
777 Sough Figueroa Street
Los Angeles, CA 90017
Telephone No.: (213) 680-8400
Facsimile No.: (213) 680-8500
Email: mbaumann@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

LYLE S. HOSODA & ASSOCIATES, LLC

LYLE S. HOSODA     3964-0
RAINA P.B. MEAD    7329-0
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

Attorneys for Defendants
MARK DILLON, TERESA NOA, MELVIN PONCE,
SONIA PURDY, JUSTIN FUKUMOTO,
ALFREDDA WAIOLAMA, and JACQUELINE RIO
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen,<br><br>        Plaintiff,<br><br>    v.<br><br>HAWAIIAN EXPRESS SERVICE, INC., a California corporation; et al.<br><br>        Defendants. | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>DEFENDANTS' JOINT EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL EXHIBITS; CERTIFICATE OF SERVICE<br><br><br>Judge:   Hon. Susan Oki Mollway<br>Trial:   February 28, 2006 |

**DEFENDANTS' JOINT EVIDENTIARY OBJECTIONS
TO PLAINTIFF'S SUPPLEMENTAL EXHIBITS**

**EVIDENTIARY OBJECTIONS**

| NO. | PLAINTIFF'S DESCRIPTION | OBJECTION |
|---|---|---|
| 95 | Supplemental Declaration of Mark Dillon dated 8-10-03 | Objection as to relevance. Does not go to the issue of damages. Fed. R. Evid. 401, 402, 403. |
| 96 | Request for Verification of Employment | Objection as to hearsay and relevance. Does not help the trier of fact on damages. Fed. R. Evid. 401, 802. |
| 97 | API, Inc. Payroll Analysis 1995 | Objection as to hearsay and relevance. Does not help the trier of fact on damages. Fed. R. Evid. 401, 802. |

| NO. | PLAINTIFF'S DESCRIPTION | OBJECTION |
|---|---|---|
| 98 | Borja Personal Financial Statement | Objection as to hearsay and relevance. Does not help the trier of fact on damages. Fed. R. Evid. 401, 802. |
| 99 | API, Inc. Time Worked Register 1999 | Objection as to hearsay and relevance. Does not help the trier of fact on damages. Fed. R. Evid. 401, 802. |
| 100 | Summary of Voluminous Records with Backup API Check Registers | Objection as to hearsay and relevance. Does not help the trier of fact on damages. Fed. R. Evid. 401, 802. |
| 101 | Money from freight allowances going to Merchant | Objection as to hearsay, authenticity and relevance. Outside period of infringement. Fed. R. Evid. 104, 401, 802, 901. |
| 102 | Ron Hatch with attached Christensen to Staff re Kmart | Objection as to hearsay, authenticity and relevance. Outside period of infringement. Fed. R. Evid. 104, 401, 802, 901. |
| 103 | Christensen with Did they terminate the license attached from Computer | Objection as to hearsay, authenticity and relevance. Does not assist the trier of fact on damages. Fed. R. Evid. 104, 401, 802, 901. Objection as to attorney-client privilege/common interest privilege. Fed. R. Evid. 501. |
| 104 | Moving KMart violates license from Computer from Kmart | Objection as to hearsay, authenticity and relevance. Does not go to the issue of damages. Fed. R. Evid. 401, 802, 901. |
| 105 | New Owners Won't Stop Us from Inbox3 | Objection as to hearsay, authenticity and relevance. Outside period of infringement. Does not go to the issue of damages. Fed. R. Evid. 401, 802, 901. |

| NO. | PLAINTIFF'S DESCRIPTION | OBJECTION |
|---|---|---|
| 106 | Noa to Hatch Aloha and T to Hatch Aloha and TAG from Tag/Detention | Objection as to hearsay, authenticity and relevance. Outside period of infringement. Does not go to the issue of damages. Fed. R. Evid. 401, 802, 901. |
| 107 | Original Tables | Objection as to authenticity and relevance. Does not go the issue of damages. Fed. R. Evid. 104, 401, 802, 901. |
| 108 | SQL | Objection as to authenticity and relevance. Does not go to the issue of damages. Fed. R. Evid. 104, 401, 802, 901. |
| 109 | Kmart Tshirts in Containers | Objection as to hearsay, authenticity and relevance. Outside period of infringement. Does not go to the issue of damages. Fed. R. Evid. 401, 802, 901. |
| 110 | Noa to HR from Hawaiian Express | Objection as to hearsay, authenticity and relevance. Outside period of infringement. Does not go to the issue of damages. Fed. R. Evid. 401, 802, 901. |
| 111 | Certified Copy of Fleming Bankruptcy MORS | Objection as to relevance. Monthly operating reports do not show underlying financial statements for Fleming's Kapolei operations. Fed. R. Evid. 401. |
| 112 | Certified Copy of C&S Pro-forma | Objection as to relevance. C&S Pro Forma statements do not show financials for C&S Logistics of Hawaii LLC for relevant period of time of April 1, 2003 to June 9, 2003 but rather numbers for year ending August 2004. Fed. R. Evid. 401 |

| NO. | PLAINTIFF'S DESCRIPTION | OBJECTION |
|---|---|---|
| 113 | Certified Copy of Texas SEC Litigation Cross Complaint | Objection as to relevance. Fed. R. Evid. 401.  At the motions in limine hearing held on January 20, 2006, the Court ruled that any reference at trial to the Texas lawsuit was excluded.  *See* Jan. 20, 2006 Transcript of Hearing at 53-57.  The Texas lawsuit deals with different financials than the ones at issue here for a different period of time and when the company was under different management post-petition. |
| 114 | Freight in costs of goods sold in military | Objection as to hearsay, authenticity and relevance.  Outside period of infringement.  Does not go to the issue of damages.  Fed. R. Evid. 401, 802, 901. |
| 115 | Jackies Handbook from email Jackies Handbook | Objection as to authenticity and relevance.  Fed. R. Evid. 401, 802, 901. |
| 116 | Teresas Handbook from email Logistic Coordinator Position | Objection as to authenticity and relevance.   Fed. R. Evid. 401, 802, 901. |
| 117 | Total Access Detective Compare Capozzola Copy to Original FCS | Objection as to authenticity and relevance.  Does not assist the trier of fact on the issue of damages.  Fed. R. Evid. 401, 402, 403, 901.  The document is affirmatively misleading and Plaintiff lacks foundation and appropriate expert testimony with which to introduce this exhibit.  Fed. R. Evid. 402, 601-602, 701-702. |

| NO. | PLAINTIFF'S DESCRIPTION | OBJECTION |
|-----|------------------------|-----------|
| 118 | Dillon 9/30/04 Affidavit | Objection as to relevance. Does not go to the issue of damages. No evidence that Berry's database plays any role in setting prices for goods. Fed. R. Evid. 401, 402, 403. |

Dated: Honolulu, Hawaii, January 24, 2006.

KOBAYASHI SUGITA & GODA

/s/
LEX R. SMITH
THOMAS H. YEE

KIRKLAND & ELLIS LLP

MICHAEL BAUMANN
DAMIAN D. CAPOZZOLA
R. OLIVIA SAMAD

Attorneys for Defendant
POST-CONFIRMATION TRUST


LYLE S. HOSODA & ASSOCIATES, LLC

/s/ Raina P.B. Mead
LYLE S. HOSODA
RAINA P.B. MEAD

Attorneys for Defendants
MARK DILLON, TERESA NOA,
MELVIN PONCE, SONIA PURDY,
JUSTIN FUKUMOTO, ALFREDDA
WAIOLAMA, and JACQUELINE RIO

6