IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, )<br>)<br>        Plaintiff,    )<br>)<br>  v.                            )<br>)<br>HAWAIIAN EXPRESS SERVICE,  )<br>INC., et al.             )<br>)<br>        Defendants.   )<br>_____) | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>MEMORANDUM IN SUPPORT OF<br>MOTION |

### MEMORANDUM IN SUPPORT OF MOTION

The Employees are entitled to judgment as a matter of law on damages where Berry has failed to adduce any evidence that he suffered actual damages as a direct result of any of the Employees' infringement and where the Court already ruled that the Employees are not liable for lost profits.[1] With no lost profits or actual damages directly attributable to the Employees' separate infringement, Fleming cannot be held liable for vicarious infringement as a matter of law.

I.  **STANDARD FOR JUDGMENT AS A MATTER OF LAW**

Judgment as a matter of law is governed by Rule 50 of the Federal Rules of Civil Procedure.  Rule 50 provides in relevant part:

---

[1] *See* Order Denying Defendants' Motion for Summary Judgment; Order Affirming Magistrate Judge's Adoption of Discovery Master's Order Regarding F-1 Program Materials (Oct. 21, 2005) at 3, 11, 33-34, 45

> (a) Judgment as a Matter of Law. (1) If during a trial by jury **a party has been fully heard** on an issue and **there is no legally sufficient evidentiary basis** for a reasonable **jury to find for that party** on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue. (2) Motions for judgment as a matter of law **may be made at any time before the submission of the case to the jury**. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to judgment. (emphasis added).

Fed. R. Civ. P. 50.

"The standard for granting summary judgment mirror the standard for judgment as a matter of law such that the inquiry under each is the same". *See Sun v. City and County of Honolulu*, Slip Copy, 2006 WL 278859 *2 (D. Haw. 2006)(citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150, 120 S.Ct 2097, 2110 (2000). Thus, the Court is tasked with determining whether "the evidence present a sufficient disagreement to require submission to the jury or whether it is so one-sided such that one party must prevail as a matter of law." *Rapp v. Disciplinary Board of Hawaii Supreme Court*, 916 F.Supp. 1525, 1530 (D. Haw. 1996)(citing *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990)). Uncorroborated allegations and self-serving testimony will not create a genuine issue of material fact. *Doe ex rel. Doe v. State of Hawaii Dept. Of Educ.*, 351 F.Supp.2d 998,

1006 (D. Haw. 2004) (citing *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)). "A scintilla of evidence, or evidence that is merely colorable, or not significantly probative, is not sufficient to present a genuine issue of material fact." *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

II.  **AS A MATTER OF LAW, THE EMPLOYEES ARE NOT LIABLE FOR LOST PROFITS.**

The Court has ruled as a matter of law that any recovery against the Employees under 17 U.S.C. § 504(b) must be based solely on Berry's actual damages. Berry failed to present any evidence that the Employees profited or otherwise financially benefitted from using an altered version of his database between April 1, 2003 and June 9, 2003. Each Employee earned a salary or hourly pay while working for Fleming during the period of infringement, and no Employee received any additional compensation for the development of any computer software while at Fleming. The Employees are therefore not liable for any profits under § 504(b). *See* Order Denying Defendants' Motion for Summary Judgment; Order Affirming Magistrate Judge's Adoption of Discovery Master's Order Regarding F-1 Program Materials (Oct. 21, 2005) at 3, 11, 33-34, 45.

### III. **THERE IS NO EVIDENCE THAT BERRY SUFFERED ACTUAL DAMAGES AS A RESULT OF ANY OF THE EMPLOYEES' SEPARATE INFRINGEMENT.**

Berry fails to offer any evidence that he suffered actual damages as a result of any of the Employees' separate infringement. He claims he is entitled to a reasonable license fee of $2.7 million as his measure of actual damages. However, his expert fails to opine that this measure of actual damages applies to the Employees and was sufficiently connected to their separate infringement. Mr. Ueno testified he rendered no opinion as to whether any of the Employees should pay $2.7 million for the use of his software between April 1, 2003 and June 9, 2003:

> Q. You don't believe, and you are not opining, that any of the employees sitting over at the table should have paid $2.7 million during that period, in order to do whatever they did at the company; you're not saying that, are you?
>
> A. Again, I'm not an attorney, so I can't give an opinion on that.
>
> Q. Well, and you haven't given any opinion to that effect; correct?
>
> A. I have given no opinion as to -- you know -- okay, I was asked to do the damages, and to compute the amount of damages, okay? So I have given opinions as to the amounts of damages.
>
> Q. Yes, the amount of damages based on what you think Fleming, the company, would pay for a license during that period; correct?
>
> A. Uh -- I guess -- I guess that would be the answer -- the answer would be "yes."[2]

---

[2] *See* Instant Rough Transcript of Proceedings of March 1, 2006 at 131:20-132:10.

Mr. Ueno confirmed that his calculation of actual damages as measured by a reasonable license fee was based on what he thought Fleming should pay, not what the Employees should pay for their separate infringement:

> And so I am doing my computations based on Fleming. I am not doing my computations -- you know, I'm not sure how many infringers there are --.[3]

Regardless of the number of infringers, Mr. Ueno's calculation of a reasonable license fee is not based on the Employees' separate infringement, and therefore, Berry fails to meet his burden on causation. Under the law of the Ninth Circuit, a plaintiff seeking recovery under 17 U.S.C. § 504(b) must show a legally sufficient causal link between the infringement and damages claimed. *See Mackie Mackie v. Rieser*, 296 F.3d 909, 915-916 (9th Cir. 2002)(holding that to survive summary judgment on a demand for indirect profits, a copyright holder must proffer sufficient non-speculative evidence to support a causal relationship between the infringement and the profits generated indirectly from such an infringement); *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004)(reaffirming the principle that a plaintiff in a § 504(b) action must establish a causal link between the infringement and monetary remedy sought as a predicate to

---

[3] *See* Instant Rough Transcript of Proceedings of March 1, 2006 at 132:19-21.

recovery of both actual damage and profits). Berry has presented no evidence that any of the seven employees directly caused him to suffer actual damages as a result of their separate infringement.

Two Ninth Circuit infringement actions which have addressed the issue of an employee's personal liability for damages are highly instructive here. In *Wilden Pump & Engineering Co. v. Pressed and Welded Products Co.*, 655 F.2d 984 (9th Cir. 1981), a patentee brought a patent infringement action against corporate and individual defendants, including officers and an employee of the defendant corporation. The lower court found all defendants were liable for the infringement. The Ninth Circuit Court of Appeals reversed this judgment as to the employee's liability, holding that a non-management, salaried employee should not be held personally liable for infringement. *Id.* at 985. Central to this reasoning was the fact that the employee derived no personal benefit from the infringement:

> No contention has been made that [the employee] enjoyed profits or derived distinct benefits from the infringement separate from those of any other salaried employee. . . . The appellee simply maintains that [the employee] should be held individually liable because he was one of the moving, active, conscious forces behind the appellants' infringement. *All of the cases cited to us by the appellees which imposed individual liability, however, involve persons who were significant shareholders in the corporation, executive officers or chief executives, presidents of the corporation, alter egos of*

6

> *the company, or other high ranking officials with personal control, supervision, and direction of both the company and the copying of the patent. . .. No cases have been cited where a non-management, salaried employee, without more, was found to be an individually liable infringer, and we have found none.*

*Id.* at 990 (emphasis added).  It is clear from this language that the Court sought to protect employees from becoming the target of infringement actions when their involvement occurs in the scope of their employment and is neither motivated by nor resultant in a personal gain.

This principle was reaffirmed in *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505 (9th Cir. 1985).  In that case, holders of a copyright on a musical drama brought a copyright infringement action against MGM, Inc., its subsidiary, MGM Grand, and Don Arden, an employee of MGM Grand who had staged, produced and directed the show containing the infringing piece. *Id.* at 509.  The Ninth Circuit found that the plaintiffs were entitled to damages in the amount of MGM Grand's profits from the infringing work but held that Arden could not be held jointly liable for these profits unless he acted as a partner or practically as a partner of MGM Grand, rather than as an employee or independent contractor. *Id.* at 519.  Remanding to the district court for the determination of Arden's position with the company, the Court dictated that Arden could only be held jointly and severally liable as an employee if he himself had earned

7

profits in connection with the infringing work, further stating that amounts paid in salary were not to be considered as profits. *Id.*

The holdings in *Frank Music* and *Wilden Pump* illustrate there is no basis for holding the Employees personally liable for actual damages in this infringement action. The Employees were former salary and hourly wage earners of Fleming who had no decision-making authority or control. Any infringement that occurred between April 1, 2003 and June 9, 2003 was done in the scope of their employment and under the direction of their supervisors. Mr. Ueno has not conducted an analysis of any of the Employees' separate infringement. Indeed, no reasonable expert could say that employees acting within the scope of their duties should pay licensing fees for the myriad of programs that their employer uses to generate and do its work. In fact, Mr. Ueno admits that as an employer, he would not require his own employees to pay for a license fee his company would be charged for use of a copyrighted work such as Word:

> Q. Do you charge each of your employees a license fee to use it?
>
> A. Do I charge?
>
> Q. Yeah.
>
> A. Well, because I don't own the copyright, I don't charge them for it. But we pay, separately, for each user. In other words, if we use copyright software, for example, Word, okay, each

>       installation of Word, we have in our office, is a
>       separate -- we pay a separate fee for that.
>
> Q.    Okay.  Do you pay it, or do you make your
>       employees pay it?
>
> A.    I pay it.[4]

Mr. Ueno has never opined that his reasonable license fee of $2.7 million for 70 days is directly attributable to any infringement by the Employees. The Employees are entitled to judgment as a matter of law on actual damages.

III. **AS BERRY DID NOT SUFFER ANY ACTUAL DAMAGES OR LOST PROFITS AS A RESULT OF THE EMPLOYEES' SEPARATE INFRINGEMENT, FLEMING CANNOT BE HELD VICARIOUSLY LIABLE.**

As discussed above, Berry has not suffered any actual damages or lost profits directly attributable to the Employees' infringement. Fleming, therefore, did not receive a direct financial benefit that flowed from the Employees' use of an altered version of Berry's database. As a matter law, Fleming cannot be held liable for vicarious infringement. "A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from another's infringing activity and 'has the right and ability to supervise' the infringing activity.'" *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004)(citing *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001)). Fleming is not a living breathing person and

---

[4] *See* Instant Rough Transcript of Proceedings of March 1, 2006 at 157:8-19.

9

must act through its employees. Thus, the Employees' infringement is Fleming's infringement. The Employees' infringement is not in addition to Fleming's infringement but rather, identical to it. The Employees are not liable for lost profits. The Employees did not directly cause Berry any actual damages. As Berry's actual damages and lost profits by the Employees are zero, Berry's actual damages by Fleming for the infringement of its Employees is also zero.

### III. CONCLUSION

For all of the above-stated reasons, the Defendants respectfully request that this Court enter judgment as a matter of law that the actual damages for the Employees and vicarious damages for Fleming are zero.

DATED: Honolulu, Hawaii, March 2, 2006.

KOBAYASHI SUGITA & GODA

LEX R. SMITH
THOMAS H. YEE

KIRKLAND & ELLIS LLP

MICHAEL BAUMANN
DAMIAN D. CAPOZZOLA
R. OLIVIA SAMAD

Attorneys for Defendant
POST-CONFIRMATION TRUST

LYLE S. HOSODA & ASSOCIATES, LLC

LYLE S. HOSODA
RAINA P.B. MEAD

Attorneys for Employee
Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen,<br><br>    Plaintiff,<br><br>    v.<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., et al.<br><br>    Defendants. | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>CERTIFICATE OF SERVICE |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy the foregoing document was served on March 2, 2006, by U.S. Mail and/or Hand Delivery upon the following parties at their last known address as set forth below:

>   TIMOTHY J. HOGAN, ESQ.
>   Lynch, Ichida, Thompson, Kim & Hirota
>   1132 Bishop Street, Suite 1405
>   Honolulu, Hawaii 96813
>
>   Attorney for Plaintiff
>   WAYNE BERRY

DATED:   Honolulu, Hawaii, March 2, 2006.

_____
LYLE S. HOSODA
RAINA P.B. MEAD

Attorneys for Defendants
MELVIN PONCE, SONIA PURDY, JUSTIN
FUKUMOTO, ALFREDDA WAIOLAMA, and
JACQUELINE RIO