# ORIGINAL

KOBAYASHI, SUGITA & GODA
LEX R. SMITH          3485-0
THOMAS H. YEE        7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No. (808) 539-8700
Facsimile No.  (808) 539-8799
Email: lrs@ksglaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
Damian D. Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: mbaumann@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

WAYNE BERRY, a Hawaii citizen;

            Plaintiff,

      vs.

HAWAIIAN EXPRESS SERVICE,
INC., et al.,        (Caption Continued)
                      Defendants.

) CIVIL NO. CV03-00385 SOM-LEK
) (Copyright)
)
) **NOTICE OF MOTION**
)
) Judge:        Hon. Susan O. Mollway
) Trial Date:   February 28, 2006
)
) Hearing Date:
) Hearing Time:
)

## NOTICE OF MOTION

TO:    Timothy J. Hogan, Esq.
      Lynch, Ichida, Thompson & Kim
      1132 Bishop Street, Suite 1405
      Honolulu, Hawaii 96813

      Attorney for Plaintiff

   NOTICE IS HEREBY GIVEN THAT DEFENDANT PCT'S MOTION TO

EXCLUDE USE OF PRIVILEGED COMMUNICATIONS AT TRIAL, shall

come on for hearing before the Honorable Susan Oki Molloway Judge of the

above-entitled Court, in her courtroom in the United States Courthouse, 300 Ala

Moana Boulevard, Honolulu, Hawaii, at _____, on _____, or as soon

thereafter as counsel can be heard.

DATED:  Honolulu, Hawaii, _____3/1/06_____.

         _____
         KOBAYASHI, SUGITA & GODA
         LEX R. SMITH (659-0)
         THOMAS H. YEE (7344-0)

         KIRKLAND & ELLIS LLP
         MICHAEL E. BAUMANN
         DAMIAN D. CAPOZZOLA
         R. OLIVIA SAMAD

         Attorneys for Defendant PCT

KOBAYASHI, SUGITA & GODA
LEX R. SMITH            3485-0
THOMAS H. YEE        7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No. (808) 539-8700
Facsimile No. (808) 539-8799
Email: lrs@ksglaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
Damian Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone No. (213) 680-8400
Facsimile No. (213) 680-8500
Email: mbaumann@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>              Plaintiff,<br><br>       vs.<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., et al.,<br><br>              Defendants. | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>**MOTION TO EXCLUDE<br>PLAINTIFF'S USE OF<br>PRIVILEGED COMMUNICATIONS<br>AT TRIAL**<br><br>Judge:       Hon. Susan Oki Mollway<br>Trial Date:  February 28, 2006 |

Plaintiff has already foreshadowed his intent to raid the Guidance images for privileged materials by his inclusion of Trial Exhibit 103 (Exh. A to this motion) and Exhibit 1 to Berry's Reconsideration Reply (Exh. B). These documents and others are protected by the attorney-client privilege. The fact that Fleming at one point produced them to its expert, Dr. Martin Walker, did not waive privilege. The materials are still privileged and Berry should not be able to introduce them as evidence, impeach witnesses with them or use them for any purpose.

## I. Governing Law Under Fed. R. Evid. 501

In the federal courts, the definition of privilege follows the source for the rule of decision; if the claim or defense arises under federal law, as this copyright case does, federal law defines privilege; if state law governs substantively, state law governs privilege. Fed. R. Evid. 501. Rule 501 also provides that privilege "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Federal courts have "the flexibility to develop rules of privilege on a case-by-case basis." *See Trammel v. United States*, 445 U.S. 40, 47 (1980) (quoting 120 Cong. Rec. 40,891 (1974) (statement of Rep. Hungate)). This can mean that even if federal rules of common interest and joint defense apply to a copyright case, the court may look to Hawaii state law for additional input. Because the Hawaii law codifies and mirrors the federal law and relies on federal law for its analysis, the analysis is the same. *See* Haw. R. Evid.§ 503(b)(3); *State of Hawaii v. Soto*, 84 Hawai'i 229 (1997). In both federal and state law, the joint defense privilege applies to the co-defendants in this copyright case.

## II. Federal and Hawaii Law on Privilege

Attorney client privilege applies to protect and encourage communication and is "designed 'to facilitate the administration of justice' in order 'to promote freedom of consultation of legal advisors by clients,'" and to encourage persons "to seek legal advice in planning their affairs to avoid litigation as well as in pursuing it." *Natta v. Hogan*, 392 F.2d 686, 691 (10th Cir. 1968); *SCM Corp. v. Xerox Corp.*, 70 F.R.D. 508, 513 (D. Conn. 1976), *appeal dismissed*, 534 F.2d 1031 (2d Cir. 1976); *see also* 8 Wigmore, Evidence 2292 at 554 (3d ed. 1961).

The joint defense and common interest privilege is an extension of the attorney-client and work product privilege that operates as an exception to the rule that the privilege is waived when shared with third parties. It enables parties to share information where the parties have common interests in defending against a pending or anticipated proceeding. Where a common interest exists in matters pertaining to multiple parties, a privilege exists for communications between the parties and between the parties' attorneys. *See, e.g. Baldwin v. Commissioner*, 125 F.2d 812 (9th Cir. 1942) (finding that client's communications to attorney in presence of jointly employing client was privileged); *Continental Oil Co. v. United States*, 330 F.2d 347 (9th Cir. 1964) (holding there was no waiver when lawyers' exchanged interview notes of grand jury testimony).

### A. The PCT's Communications Fall Within the Joint Defense Privilege.

The "joint defense privilege" and the "common interest privilege" have been recognized by statute in Hawaii. *See* Haw. R. Evid.§ 503(b)(3).

General rule of privilege. A client has a privilege to refuse to disclose and to prevent any other person from disclosing **confidential** communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between the client or the client's representative and the lawyer or the lawyer's representative, or (2) between the lawyer and the lawyer's representative, or **(3) by the client or the client's representative or the lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest**, or (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

Haw. R. Evid.§ 503(b)(3) (emphasis added).

The Hawaii Supreme Court recognized that information shared among joint defendants is protected by the attorney client and work product privileges. *Soto*, 84 Hawai'i at 239 (citing Ninth circuit and other federal case law for support). The *Soto* court explicitly states, "We do not hold that disclosures between and among several defendants and their counsel in ... group defense contexts would lack confidentiality, and therefore lack [s]ixth [a]mendment protection. On the contrary, ... the attorney-client privilege applies to confidential communications among attorneys and their clients for purposes of a common defense." *Id.*; *see also United States v. McPartlin*, 595 F.2d 1321 (7th Cir. 1979), *cert. denied*, 444 U.S. 833 (1979); *Hunydee v. United States*, 355 F.2d 183 (9th Cir. 1965); *Continental Oil Co. v. United States*, 330 F.2d 347 (9th Cir. 1964); *In the Matter of Grand Jury Subpoena, Etc.*, 406 F.Supp. 381 (S.D.N.Y. 1975); 2 Weinstein's Evidence, ¶ 503(b)[06] (1980).

## 1. Attorney-Client Privilege Applies.

Because the joint defense privilege is an extension of attorney client and work product doctrines, as a preliminary matter, the defendant's must show that their communications fall within these privileges. Here, the defendants retained counsel and were communicating with them for opinions on the law or legal services. They were not involved in a crime or tort, have claimed the privilege and have not waived it. *See* Haw. R. Evid.§ 503. The only issues are whether they "waived" their privilege by including co-defendants and allied attorneys in their communication.

## 2. The Communications were Confidential.

The attorney-client privilege protects "confidential" communications. *See* Haw. R. Evid. 503(b); *Soto*, 84 Hawai'i at 239. A communication is protected "if it is intended to remain confidential and was made under such circumstances that it was reasonably expected and understood to be confidential." *Soto*, 84 Hawai'i at 239; McCormick on Evidence, § 91 (2d ed. 1972).

"[I]n the multiparty context, the disclosures must be made in circumstances which indicate that they were made in confidence." *Soto*, 84 Hawaii at 240; *United States v. Friedman*, 445 F.2d 1076, 1085 n.4 (9th Cir. 1971), *cert. denied*, 404 U.S. 958 (1971). There is no confidentiality when disclosures are made in the presence of a person who has **not** joined the defense team, and with respect to whom there is no reasonable expectation of confidentiality. *Soto*, 84 Hawai'i at 240.

### 3. The Confidential Nature Was Not Waived in a Multi-Party Context Due to Common Interest.

Thus, the key to whether a communication between attorney and client, which occurs in the presence of a third party, is privileged under HRE 503(b) or whether the privilege has been waived by virtue of "voluntary disclosure" under HRE 511 turns on the third party's status as a "representative of the client"[1] or a "representative of the lawyer."[2] *Soto*, 84 Hawai'i at 240. This is precisely because "disclosures made in the presence of third parties" cannot be "reasonably expected to remain confidential" when "defendants and their counsel knew or should have known that the [third party] was not part of the defense team and [therefore] knew or should have known that there was no reasonable expectation of confidentiality in the presence of the [third party]." *Id.*

The disclosures were made in front of co-defendants who share a common interest in a unified defense against Mr. Berry's inflated copyright damage allegations.  Furthermore, the third parties involved were all either clients, representatives of clients, or counsel.  The privilege also extends to communications with agents of the attorney. Information furnished by a defendant to an accountant hired by codefendant's attorney to serve joint interests of the defendants was protected by the attorney-client privilege. The information was

---

[1] A "representative of the client" is one having authority to obtain professional legal services, or to act on advice rendered pursuant thereto, on behalf of the client. Haw. R. Evid. 503(a)(2).

[2] A "representative of the lawyer" is one directed by the lawyer to assist in the rendition of professional legal services.  Haw. R. Evid. 503(a)(4)

imparted in confidence for the ultimate purpose of assisting attorneys who had agreed upon and undertaken a joint strategy of representation. *United States v. Schwimmer*, 892 F.2d 237, 244 (2d Cir. 1989), *on remand* 738 F. Supp. 654 (E.D.N.Y. 1990), aff'd, 924 F.2d 443 (2d Cir. 1991), *cert. denied* 112 S. Ct. 55 (1991). They were all therefore part of the defense team and had a reasonable expectation of confidentiality in the presence of each other.

### B. Fleming's Expert Never Considered Privileged Documents Within the Meaning of FRCP 26 to Constitute a Waiver of the Privilege.

Fed. R. Civ. Proc. 26 does not require Fleming to disclose privileged documents because the expert witness never considered them in formulating his opinion. The requirement that a party disclose materials provided to an expert witness only applies to "data or other information *considered by the witness* in forming the [expert] opinions." Fed. R. Civ. Proc. 26(a)(2)(B) (emphasis added). An expert witness "considers" information within the meaning of Rule 26 only when that person (1) relies on the information in formulating the opinion or (2) actually reviews the information, but ultimately rejects it in formulating the opinion. *Baxter Diagnostics Inc. v. AVL Scientific Corp.*, No. 91-4178-RG, 1993 WL 360674 at *1 (C.D. Cal., Aug. 6, 1993). While the "considered by" standard adopted by the 1993 amendments to Rule 26 encompasses a wider range of information than the rejected "relied upon" standard, *Karn v. Ingersoll-Rand Co.*, 168 F.R.D. 633, 635 (N.D. Ind. 1996), it is not so broad as to include material that the expert witness never actually reviewed. *Johnson v. Gmeinder*, 191 F.R.D. 638, 648 (D. Kan. 2000) (Rule 26 requires something more than mere disclosure to

7

expert); *Vaughan Furniture Co., Inc. v. Featureline Mfg. Co., Inc.,* 156 F.R.D. 123,

128 (M.D.N.C. 1994) (waiver only applies to documents reviewed and relevant to

formulation of opinion).  Dr. Walker never reviewed privileged documents and

therefore could not have considered it.  *See Johnson v. Gmeinder*, 191 F.R.D. 638

(D. Kan. 2000); *Amway Corp. v. Procter & Gamble Co.*, No. 1:98CV726, 2001

WL 1877268 (W.D. Mich. 2001, Apr. 17, 2001); *Vaughan*, 156 F.R.D. at 128.

### 1. Fleming Did Not Waive Privilege By Producing the Guidance Images.

Courts require more than mere disclosure to find waiver. In *Johnson* the

defendants conceded they had provided protected materials to their expert. *Id.* at

648.  According to the court, the mere fact of disclosure was insufficient to justify

a finding of waiver. *Id.*  Although the court ultimately found that defendants

waived their claim of privilege as to the material in question, the fact that the

experts had actually reviewed and considered the material was clearly necessary to

this conclusion. *Id.* at 648-49.  Similarly in *Amway Corp. v. Procter & Gamble

Co.*, No. 1:98CV726, 2001 WL 1877268 (W.D. Mich. 2001, Apr. 17, 2001) the

defendant provided privileged information to its expert witnesses. *Id.* at *1.

Nonetheless, the court held this fact did not require a finding of waiver because the

expert witness never read, reviewed or considered the privileged material. *Id.*  In

*Vaughan*, the plaintiff designated his attorney as an expert witness. 156 F.R.D. at

127.  The court ruled that under such circumstances, a waiver of privilege can

occur as to documents reviewed by the attorney. *Id.*  However, the court was

unable to resolve the waiver issue because it was unclear which of the documents

at issue the expert had actually reviewed. *Id.* at 129.

As in all of these cases, Fleming's expert witness never considered the privileged documents Berry seeks to discover. Applying the rule set out in *Johnson*, the mere fact that Fleming provided protected materials to its expert witness does not constitute a waiver. As in *Amway*, the expert witness here never actually read, reviewed, or considered any of the privileged documents contained in the electronic records given to him. In fact, Fleming employed the expert witness for the specific purpose of discerning the nature of the data contained in the electronic records. Furthermore, Fleming's attorney's expressly instructed the expert witness not to review any privileged documents contained in the record. Pursuant to these instructions, Fleming's expert witness merely determined what types of documents the electronic record contained without viewing any privileged documents. (See the Declaration of Martin G. Walker attached hereto as Exhibit C, ¶2.)

In fact, Fleming expressly instructed its expert witness not to review the privileged information. In doing so, Fleming demonstrated that it did not voluntarily relinquish any claim of privilege. Thus, Fleming did not waive the attorney-client privilege when it provided the electronic records to its expert witness.

### 2.     This is Not an Instance Where Waiver Serves the Policy Behind the Rules.

To find waiver in this case would reward the plaintiff for the difficulties he created by his over-broad discovery requests, and it would not advance the fairness

of the proceedings.

First, it was the plaintiff's conduct that necessitated Dr. Walker's review of the documents. The reason Fleming provided the electronic record to the expert witness in the first place was to characterize the documents—an extraordinary task considering the record contained hundreds of thousands of documents and emails. Plaintiff's waiver claim is particularly brazen because he further burdened Fleming by requesting hundreds of thousands of irrelevant documents.

Second, waivers of attorney-client privilege are narrowly construed and imposed only to the extent needed to ensure the fairness of the proceeding. *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005). Waiver is justified where a party uses privilege both offensively and defensively by sharing privileged information with an expert witness. *CP Kelco U.S. Inc. V. Pharmacia Corp.*, 213 F.R.D. 176, 179 (D. Del 2003) (privilege cannot be used as a sword and a shield). However, where a party gains no offensive advantage from disclosing privileged information to an expert witness, the privilege should not be deemed waived. *In Re Lott*, 424 F.3d at 454 (while the sword stays sheathed, the privilege stands); *see Amway*, 2001 WL 1877268 at *1 (rationale for finding of waiver disappears where material is not used offensively).

Finally, the PCT gained no offensive advantage from disclosing information to an expert witness who never actually viewed it. *See Amway*, 2001 WL 1877268 at *1. In *Amway*, the court declined to find waiver of privilege as to documents received but never viewed by defendant's expert witnesses. The court reasoned that in such case, the plaintiff's right to effectively cross-examine the expert

10

witness was in no way affected. *Id.*

The PCT asserts the attorney-client privilege solely for the defensive purpose of protecting confidential communications and not for any other offensive purpose. Like the expert in *Amway*, Fleming's expert never viewed, considered, or relied on the privileged materials–in fact, Fleming expressly instructed the expert not to do so. Consequently, the expert's opinion is based only on information that has been provided to Plaintiff through discovery and not on any privileged materials. Under these circumstances, Plaintiff's ability to effectively cross-examine the expert will not be impeded at all. Since the rationale justifying a finding of waiver is not served here, the court should reject Plaintiff's claim of waiver.

Finding waiver would reward the unethical and wasteful practices of Plaintiff, while unfairly punishing Fleming's earnest efforts to comply with the rules of discovery.

/// 

/// 

/// 

/// 

/// 

/// 

/// 

/// 

///

## IV. Conclusion

For the foregoing reasons, the Court should not allow Berry to introduce privileged documents from the Guidance images as evidence, impeachment material or for any purpose.

Dated:  Honolulu, Hawaii, February 2̲3̲ , 2006

KOBAYASHI, SUGITA & GODA
Lex R. Smith 659-0
Suite 2600 First Hawaiian Center
999 Bishop Street
Honolulu, HI  96813
Telephone:  808 539 8700
Facsimile:  808 539 8799

and

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
Damian D. Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:  (213) 680-8400
Facsimile:   (213) 680-8500

Co-Counsel for the Post Confirmation Trust for
Fleming Companies, Inc.