# ORIGINAL

Members of the Jury:

You have now heard all of the evidence in the case and will hear the final arguments of the lawyers for the parties.  It is my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.

In any jury trial there are, in effect, two judges.  I am one of the judges; you, the jurors, are the other.  It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is now my duty to instruct you on the law applicable to the case.

UNITE        CT COURT
DIS...          ...II

MAR 7 - 2006

at _____ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

CV 03-00385 Sum-LEK
Wayne Berry vs. HI
Express Service, et al

1

You, as jurors, are the judges of the facts. But in determining what actually happened in this case - that is, in reaching your decision as to the facts - it is your sworn duty to follow the law I am now in the process of defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you regardless of the consequences.

In deciding the facts of this case you must not be swayed by sympathy, bias, or prejudice as to any party. This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes (1) the sworn testimony of the witnesses, (2) the exhibits admitted in the record, and (3) any facts or testimony to which the parties have agreed and stipulated.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of each lawyer is to point out those things that are most significant or most helpful to that lawyer's side of the case, and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered or the exhibit cannot be received, and you must not speculate as to what the answer might have been or what the exhibit might have shown. Nor should you speculate as to the reason for any objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

During the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel.  Do not assume from anything I have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider the witness' relationship to the parties; the witness' interest, if any, in the outcome of the case; the witness' manner of testifying; the witness' opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness' candor, fairness, and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger

number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The rules of evidence provide that, if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state an opinion or opinions concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

The parties have agreed as to certain facts that have been stated to you.  You should treat these facts as having been proved.

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

During the course of the trial you have heard reference made to the word "interrogatory." An interrogatory is a written question asked by one party of another, who must answer it under oath in writing. You are to consider interrogatories and the answers to interrogatories the same as if the questions had been asked and answered here in court.

The burden is on the plaintiff in a civil action such as this to prove every essential element of the claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them, as well as any facts I have instructed you to accept. If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, the jury should find for the defendant or defendants as to that claim.

Although there is more than one defendant in this suit, it does not follow from that fact alone that all are liable if one is liable.  Each defendant is entitled to a fair and separate consideration of that defendant's own defense and is not to be prejudiced by your decision as to the others.  Unless otherwise stated, all instructions given apply to the case against each defendant.

You will decide each defendant's case separately.

A corporation is entitled to the same fair consideration at your hands as is a private individual.

When a corporation is involved, it may act only through persons who are its agents or employees. In general, any agent or employee of a corporation may bind the corporation by his or her acts and declarations made while acting within the scope of the authority delegated to him or her by the corporation, or within the scope of the agent's or employee's duties to the corporation.

As indicated earlier, the Court has already determined that defendants directly infringed the plaintiff's copyright. You must determine whether the plaintiff has been damaged by that direct infringement, and if so, the amount of such damage.

The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. Actual damages includes the profits lost by the plaintiff, diminution in the market value of the copyright, or the value of a reasonable license fee that might have been paid in a comparable situation.

In addition to actual damages, the plaintiff is also entitled to recover any profits of Fleming's Hawaii division ("Fleming") attributable to the infringement. However, you may not include in an award of Fleming's profits any amount that you have taken into account in determining actual damages.

The plaintiff must prove damages by a preponderance of the evidence. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

18

An act or omission is a legal cause of damage if it was a substantial factor in bringing about the damage.

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. "Actual damages" means the amount of money adequate to compensate the copyright owner for the reduction of the market value of the copyrighted work caused by the infringement. The reduction in the market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay to a willing seller at the time of the infringement for the use made by the defendant of the plaintiff's work. This can be measured by the profits lost by the copyright owner, any diminution in value of the copyright, or the value of a reasonable license fee that might have been paid in a comparable situation.

In addition to actual damages, the plaintiff is entitled to any profits of Fleming's Hawaii division ("Fleming") attributable to the infringement, which occurred from April 1, 2003 through June 9, 2003. You may not include in an award of profits any amount that you took into account in determining actual damages.

Fleming's profit is determined by subtracting all expenses from Fleming's gross revenue.

Fleming's gross revenue is all of its receipts from the use of the copyrighted work. The plaintiff has the burden of proving Fleming's gross revenue by a preponderance of the evidence.

Expenses are all operating costs and overhead costs incurred in producing Fleming's gross revenue. Fleming has the burden of proving its expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use of the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. Fleming has the burden of proving the portion or percentage of the

profit, if any, attributable to factors other than infringing the copyrighted work.  Where Fleming's profits are derived from both infringing and non-infringing activities, not all of Fleming's profits can be attributed to the infringement.

Any doubt as to the correctness of the profit calculation should be resolved in favor of the plaintiff.

I will now instruct you on the substantive law that applies to vicarious infringement.

A person is liable for copyright infringement by another if the person has a financial interest and the right and ability to supervise the infringing activity whether or not the person knew of the infringement.

The Court has already found that the Fleming Employees directly infringed the plaintiff's copyright. You must decide whether Fleming is vicariously liable for the Fleming Employees' infringement. To establish Fleming's liability for vicarious infringement, the plaintiff has the burden of proving both of the following by a preponderance of the evidence:

1. Fleming had a financial interest in and profited from the infringing activity of one or more of the Fleming Employees; and

2. Fleming had the right and ability to supervise or control the infringing activity of the Fleming Employees.

If you find both of these elements are proved, your verdict should be for the plaintiff. On the other hand, if either of these elements was

not proved, your verdict on the issue of whether Fleming is vicariously liable for the Fleming Employees' infringement should be for Fleming on that issue.

The fact that I have given you instructions concerning the issue of the plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail on his claim for vicarious infringement or otherwise receive any award of damages.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

Upon retiring to the jury room you should first select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

(Explain verdict form.)

You will take the verdict form to the jury room, and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, then date and sign it. You will then return to the courtroom.

If, during your deliberations, you desire to communicate with the court, please reduce your message or question to writing signed by the foreperson. The foreperson will then contact the courtroom manager by using the telephone located in the hallway outside the jury room. The courtroom manager will pick up the note and bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send,

that you should never state or specify your numerical division at the

time.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with the other jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors, or solely for the purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges - - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

30