ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ) ) ) | SPECIAL VERDICT FORM |
| vs. | ) ) ) | |
| FLEMING COMPANIES, INC., an Oklahoma corporation; MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA, and JACQUELINE RIO, Hawaii citizens; et al., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

[Court filing stamp: UNITED STATES DISTRICT COURT DISTRICT OF HAWAII, MAR 7 - 2006, at 3 o'clock and 45 min P M, SUE BEITIA, CLERK]

## SPECIAL VERDICT FORM

The jury must answer all of the questions unless otherwise indicated. To understand what issues are being submitted to you, you may wish to read over the entire Special Verdict Form before proceeding to answer it. Answer the questions in numerical order. Follow the directions carefully. Each answer requires the agreement of all jurors. If you do not

understand any question, or if you wish to communicate with the Court on any subject, you must do so in writing through the courtroom manager.

I. **Direct Infringement**

**Actual Damages Caused by Direct Infringement**

1. Has the plaintiff proven by a preponderance of the evidence that he is entitled to recover actual damages for any defendant's use of the plaintiff's software between April 1, 2003, and June 9, 2003?

    Yes  _X_

    No  ____

If you answered "Yes" to Question No. 1, go on to Question No. 2. If you answered "No" to Question No. 1, skip Question Nos. 2 and 3 and proceed to Question No. 4.

2. If you answered "Yes" to Question No. 1, state the total amount of actual damages that the plaintiff is entitled to recover for direct infringement.

    $ _57,534_

Go on to Question No. 3.

3. State the portion of the actual damage amount that each defendant's direct infringement caused. If one or more defendants were responsible for

the entire actual damage amount, you may so indicate by writing the word "all" in the space next to any such defendant's name. If a defendant did not cause the entire actual damage award, you may fill in "0" or a dollar amount less than your response to Question No. 2 next to that defendant's name. Remember that the total of what all defendants caused is stated in your response to Question No. 2.

| Defendant | Amount |
|---|---|
| Fleming | $ 57,530 |
| Mark Dillon | $ 0 |
| Teresa Noa | $ 0 |
| Melvin Ponce | $ 0 |
| Sonia Purdy | $ 0 |
| Justin Fukumoto | $ 0 |
| Alfredda Waiolama | $ 0 |
| Jacqueline Rio | $ 0 |

Go on to Question No. 4.

## **Fleming's Profits Resulting from Direct Infringement**

4. Has the plaintiff proven by a preponderance of the evidence that he is entitled to recover profits attributable to Fleming's use of the plaintiff's software between April 1, 2003, and June 9, 2003?

    Yes  X

    No  ____

If you answered "Yes" to Question No. 4, go on to Question No. 5. If you answered "No" to Question No. 4, skip Question No. 5 and proceed to Question No. 6.


5. If you answered "Yes" to Question No. 4, state the amount of profit attributable to Fleming's direct infringement, but do not include in your calculation any matters that would duplicate damages, if any, already awarded in your response to Question No. 2.

    $  0

Go on to Question No. 6.

## II.     Vicarious Liability

6.   Is Fleming vicariously liable for any employee defendant's use of the plaintiff's software between April 1, 2003, and June 9, 2003?

    Yes  _X_

    No  ___

Please sign and date this form and give it to the courtroom manager.

_7 MARCH 2006_           _[signature]_
Date                                 Foreperson