LYNCH ICHIDA THOMPSON KIM & HIROTA

WESLEY W. ICHIDA 1079-0
TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | **Civ. No. CV03 00385 SOM-LEK** |
| | ) | **(Copyright)** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| HAWAIIAN EXPRESS SERVICE, | ) | **MEMORANDUM OF LAW IN** |
| INC., a California corporation; et al. | ) | **SUPPORT OF MOTION FOR** |
| | ) | **AWARD OF ATTORNEY'S FEES** |
| | ) | **AND FULL COSTS** |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**PLAINTIFF WAYNE BERRY'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND FULL COSTS**

TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.  INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     A.  Fees and Costs Requested. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     B.  Procedural Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  BASIS FOR SEEKING AWARD OF FEES AND FULL COSTS. . . . . . . 5

     A.  Fleming Ignored Offers to Settle Prior to Suit. . . . . . . . . . . . . . . . 5

     B.  Mr. Berry Offered to Settle With The Employees for
         No Money or Costs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     C.  Prior to Trial Mr. Berry Sought Settlement for No Damages
         Only Injunctive Relief and Attorneys Fees And Costs.      . . . . . . 6

     D.  The Fees and Costs Are All Necessary and Were Reasonable. . . . . . 7

     E.  Mr. Berry Was the Prevailing Party . . . . . . . . . . . . . . . . . . . . . . 8

     F.  The Time Spent in Protecting Mr. Berry's Work Was Reasonable . . 8

IV.  CLAIMS REGARDING WHICH MOVING PARTY PREVAILED. . . . . 9

V.  CLAIMS TO WHICH THE PREVAILING PARTY DID NOT PREVAIL.
     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

VI.  APPLICABLE AUTHORITY ENTITLING MOVING
     PARTY TO REQUEST AN AWARD. . . . . . . . . . . . . . . . . . . . . . . . . 11

VII.  DESCRIPTION OF WORK PERFORMED BY EACH
      ATTORNEY AND PARALEGAL.      . . . . . . . . . . . . . . . . . . . . . . . . 12

A.    The Court Has Discretion to Provide the Prevailing Party Attorneys' Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

B.    Plaintiff Is Entitled to the Full Costs of this Suit . . . . . . . . . . . . . . 19

C.    The Court Should Grant Mr. Berry his reasonable Fees and Full Costs as provided by the Copyright Act. . . . . . . . . . . . . . . . . . . . . . . . . . 20

VIII.  The  Majority of Costs are Generally Taxable and Should be Allowed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

A.    Charges of Court Reporter for Transcripts of Trial and of Depositions Reasonably Necessary for Use in Case. . . . . . . . . . . . . . . . . . . . . . 21

B.    Cost of Transcripts of Hearings Is Taxable Against the Losing Party . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

C.    Fees for Preparation of Exhibits Used at Trial . . . . . . . . . . . . . . . . . 22

D.    Taxing Cost of Special Master Against Nonprevailing Party. . . . . . 22

IX.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

TABLE OF AUTHORITIES

CASES

*Boz Scaggs Music v. KND Corporation*, 491 F. Supp. 908, 915 (D. CN  1980)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 365 (D.N.Y.
2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Broadcast Music v. Beach Ball Benny's,* 30 U.S.P.Q.2d BNA 1231, 1993 U.S. Dist.
LEXIS 16350 (D. La. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Bruce v. Weekly World News, Inc.*, 203 F.R.D. 51, 55 (D. Mass. 2001) . . . . . . . 16

*Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 555 (9th Cir. 1996) . . . . . . . . . . . . . . . . 17

*Farrar vs. Hobby*, 506 U.S. 103, 111-13 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Fireman's Fund Insurance Co. vs. Tropical Shipping and Construction Company*,
254 F.3d 987, 1012-13 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534,  nt.19 (1994) *citing  Lieb v. Topstone
Industries*, Inc., 788 F.2d 151, 156 (CA3 1986)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Food Pantry, Ltd. vs. Waikiki Business Plaza,* 58 Haw. 606 (1978) . . . . . . . . . . 12

*Kroll-O'Gara Co. v. First Defense Int'l, Inc.*, 2000 U.S. Dist. LEXIS 4549, 2-3
(D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Lauratex Textile Corporation v. Allton Knitting Mills, Inc.*, 517 F. Supp. 900, 904
(S.D.N.Y. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Nelson v Darragh Co.* 120 FRD 517, 11 FR Serv 3d 630 (1988, WD Ark . . . . . 22

*Stacy v Williams* 50 FRD 52, 14 FR Serv 2d 397 (1970, ND Miss) . . . . . . . . . . 22

*Studiengesellschaft Kohle mbH v Eastman Kodak Co.,* 713 F2d 128, 219 USPQ 958, 37 FR Serv 2d 526 (1983, CA5 Tex) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Texas State Teacher's Association vs. Garlend Independent School District*, 489 U.S. 782, 791-92 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Wahl v Carrier Mfg. Co.* 511 F2d 209, 184 USPQ 516, 19 FR Serv 2d 1209 (1975, CA7 Ind) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

STATUTES

28 USCS § 1920. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

28 USCS § 1924. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

42 U.S.C.A. § 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Copyright Act, 17 U.S.C. §505 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 19

# I. **INTRODUCTION.**

The Copyright Act provides for an award of attorneys' fees and full costs to the prevailing party. Where a defendant prevails but receives no award of damages, the Supreme Court has held it may still be entitled to its reasonable fees incurred. Likewise, the plaintiff in a Copyright case, who prevails on the issues of infringement is the prevailing party and is, like a prevailing defendant, entitled to reasonable fees and full costs incurred. Nowhere in the case law or the statute is there any authority to apply state law contract law limitations to establish the reasonableness of the fees and costs incurred. This analysis is entirely a matter of federal copyright law and statutory construction viewed in light of the congressional purpose set forth in the Copyright Act. The complexity and challenges of the copyright litigation are the determinative factors to apply not a state law formulaic contract law rules of thumb.

# II. **FACTUAL BACKGROUND.**

## A. **Fees and Costs Requested.**

Mr. Berry as the prevailing party in this case seeks payment of $600,000 in attorneys fees of the over $700,000 in attorneys' fees incurred and full costs of $108,622.25. Of that amount of costs, no less than $42,000 are taxable. The contemporaneous time records of the fees incurred and costs expended are attached to the Affidavit of Timothy J. Hogan (the "Hogan Aff.") as Exhibits 1(A) to (C)

and 2(A) to  (F).

      B.    <u>Procedural Background.</u>

On March 6, 2003, Mr. Berry obtained a jury verdict in the District Court for the District of Hawaii finding Fleming Companies, Inc. a willful infringer and obtaining an award of damages in the amount of $98,250.00 for statutory damages. Before an injunction entered, a formerly publicly-traded Fortune 100 company, filed for Chapter 11 bankruptcy commencing *In re Fleming Companies, Inc.*, Bk. No. 03-10945-MFW (Bankr. Del.).  Immediately upon the commencement of the bankruptcy the pre-petition proceedings in Hawaii were stayed.  Despite the District Court awarding attorneys fees and full costs, as a result of the Fleming Bankruptcy Mr. Berry has received nothing even in light of the finding of willful infringement.

Recognizing that violations of law likely continued to occur in the post-petition period, counsel for the copyright owner and victim of Fleming's years of willful infringement began communications with Fleming's Bankruptcy counsel to get Fleming to simply pay a license fee for the use of Mr. Berry's work during the pendency of its Chapter 11 proceeding. Hogan Aff.")  ¶ and its Exhibit "3".   The Debtor chose to claim to have ceased the infringing use but as the Court has held Fleming and its employees failed to cease their infringement.   Trial Exhibit 103,

Hogan Aff. Exhibit "4" evidences that Fleming's Hawaii management raised issues that went unheaded.   The Debtor chose to go forward contrary to the direction of the corporate officer responsible for such decision making who concluded that an accommodation with Mr. Berry was necessary under the circumstances.  *See* e-mail from Ron Griffin, CIO, Fleming Companies, Inc., Trial Exhibit "78" Hogan Aff., Exhibit "5".  Had  Fleming Hawaii done what the CIO, Mr. Griffin, proposed none of the costs or fees would have been incurred in this case.  Even after both the Delaware and the instant litigation commenced, Mr. Berry agreed to waive any claim of damages if the Debtor would agree to cease the infringing use and return Mr. Berry's works.  Hogan Aff. ¶ and  Exhibit "6."

On July 23, 2003, Mr. Berry filed this action, *Wayne Berry v. Hawaiian Express Services, Inc.*, against Hawaiian Express Service, Inc. ("HEX"), the freight forwarder who had been using Mr. Berry's system illegally in an unlicensed form for a period of over three years.  That freight forwarder had been dismissed in the earlier action without prejudice.

In an obvious effort to try to "first file" Mr. Berry and pin him down in Delaware to prevent him from protecting of his copyright in his home forum through the increased costs of litigation, Fleming initiated an action against Mr. Berry, *Fleming Companies, Inc. v. Wayne Berry*, Adv. Proc. 03-10945-MFW

(Bankr. Del.) seeking a declaratory judgment that Fleming was not continuing to infringe.  In addition, the Debtor sought the extraordinary equitable relief of preventing Mr. Berry from reporting Fleming's conduct to law enforcement authorities.   Fleming has filed numerous contested matters in Delaware as strategic attempts to bring the Hawaii litigation to an end. There are certain time entries and costs in the current fee application related to fending off Fleming's Delaware maneuvering all necessary to protect the copyrighted work and continue the instant copyright litigation.

Mr. Berry, having first filed in the HEX action, named Fleming before HEX filed an answer and Fleming became a party in the first filed Hawaii case blocking Fleming's attempt to further prejudice Mr. Berry by the contrived Delaware Adversary proceeding.  In regard to that case, that sought a declaratory judgment that Fleming was not an infringer and to block Mr. Berry from exercising his rights, the Delaware Bankruptcy Court *sua sponte* threw out Fleming's  attempt to obstruct Mr. Berry from seeking redress through communication with federal law enforcement.  Hogan Aff. Exhibit "7."  Thereafter, motions were filed in both Hawaii and Delaware regarding the first filed issue.  In a trial setting status conference before the Honorable Mary F. Walrath, United States Bankruptcy Judge for the District of Delaware, Judge Walrath ordered that the Delaware Fleming

4

case be dismissed and directed that the Hawaii case go forward to deal with issues related to Mr. Berry's software.                    After the filing, Mr. Berry's counsel obtained defaults against a variety of parties including twice against Fleming and the C&S defendants.  The conduct of counsel in failing to file answers and produce material evidence in a timely fashion was a great factor leading to the costly litigation that followed.   Mr. Berry proceeded diligently to pursue his case in an attempt to protect his copyrighted work.

Discovery was timely served in this case but Fleming failed to comply.  Had Fleming been diligent in reviewing its own files, Fleming's obvious infringements would have been seen earlier in this case saving hundreds of thousands of dollars in attorney's fees.   Mr. Berry's attorney spent a great amount of time dealing with this case, addressing numerous motions for summary judgment that would have been avoided had Fleming not failed to produce the work.  At the end of the day, Mr. Berry prevailed, again, against the infringers.

## III.    BASIS FOR SEEKING AWARD OF FEES AND FULL COSTS.

### A.    Fleming Ignored Offers to Settle Prior to Suit.

As set forth in the Affidavit of Timothy J. Hogan, ¶ 14 and Exhibit "3" prior to suing anyone in the post-petition period, Mr. Berry sought to obtain from Fleming a reasonable license fee for the continued and now proven infringing use.

Later Mr. Berry offered to go away for just an injunction against further use.

Fleming never responded to either offer.   Hogan Aff. ¶ 17 and Exhibit "6."  The

evidence is clear that Mr. Berry was only seeking to stop Fleming and others from

doing something that the law forbids.

> **B.    Mr. Berry Offered to Settle With The Employees for
> No Money or Costs.**

As set forth in the Hogan Aff. ¶ 19 and Exhibit "8" Mr. Berry reached out to

the employee defendants in an effort to dismiss them for no money or costs only an

agreement to refrain from doing something that the law forbids.  The employees

never explored this settlement offer other than to request that Mr. Berry stop other

work and draft documents.  Had the employees sought to be removed from the

litigation, they had an easy means at their disposal but chose to forego that

opportunity choosing to take their chances with a judgment.

> **C.    Prior to Trial Mr. Berry Sought Settlement for No Damages
> Only Injunctive Relief and Attorneys Fees And Costs.**

In accordance with the local rules, prior to the final trial phase Mr. Berry

sent settlement offers to each of the defendant constituencies.   Hogan Aff.

Exhibits "9", "10" and "11."  The offers are all based on two primary terms.  One

was for the defendants to agree to some from of injunctive relief: simply to refrain

from doing something the law forbids.  The second was to pay a settlement based

on the estimated attorney's fees and costs incurred in the litigation. Other than one call from C&S' counsel seeking a clarification, none of the defendants bothered to respond by way of a counter or even a polite rejection. Hogan Aff. ¶¶ 20 to 22 and Exhibits "9" to "11."

### D.    The Fees and Costs Are All Necessary and Were Reasonable.

The amount of time in preparation was considerable in this case. This was a large and complex case that was conducted in Delaware and Honolulu and it deserved the time that was spent in preparing it for trial. Kirkland & Ellis, the lead counsel, is widely known as one of, if not the largest, firm in the nation related to intellectual property litigation. No one could fault Kirkland & Ellis on the grounds that they did not bring enough of their formidable resources to bare on Mr. Berry.

Mr. Berry's counsel was first admitted in 1990. Except for a small amount of paralegal time, Mr. Hogan performed all of the legal services up to the time of trial in later January. After that period, Wesley Ichida, Esq. a trial attorney with over 35 years of experience assisted Mr. Hogan at trial and billed at his customary rate of $250 per hour. Because Mr. Hogan performed all of the pre-trial legal services alone, there are no duplicative time entries that often are found in such large case time and billing records.    In addition, Mr. Hogan who has first chaired three federal jury trials, bills at the customary rate of $200 per hours that is

7

demonstratively reasonable in regard to this type of complex litigation. Therefore, under any analysis, Mr. Hogan and Mr. Ichida's rates are reasonable and should be paid in full.

### E.    Mr. Berry Was the Prevailing Party

Mr. Berry obtained summary judgment against the seven employees and Fleming. He is the prevailing party. As to his right to full costs, Mr. Berry believes that the costs of this case were incurred as the result of a financial decision made by Fleming that decided that it would risk incurring the costs of this litigation rather than stop using Mr. Berry's software during the relevant period in which Fleming created over $55 million in sales that the jury found were causally linked to the use of Mr. Berry's work. The costs that have been incurred, including attorney's fees, but specifically the court costs, should be fully borne by all the liable parties and that includes all costs chargeable in this case and not simply those that are taxable under applicable law and rule.

### F.    The Time Spent in Protecting Mr. Berry's Work Was Reasonable.

The Court can see that the large balance of the time in this was trial preparation, motions practice and discovery. The Court has already seen that discovery abuses have occurred in regard to the withholding of the material evidence in this case. Defense counsel's admitted lack of diligence that resulted in

8

the multiple defaults should not be the basis for a fee reduction in regard to the prevailing party. In addition, Mr. Berry was forced to litigate in concurrent proceedings in Delaware to keep his instant claims from being expunged through repeated harassing proceedings in Delaware. Local counsel fees of $14,905 and costs of $2,405.91 were incurred in this regard. The PCT utilized deposition transcripts taken in the Delaware proceedings in this case and the fees and cost should be borne by the PCT as part of the recovery in this case. Therefore, as to all the time entries, they are reasonable in light of the size and complexity of the case. Mr. Berry should be granted his full fees and costs as any prevailing party.

## IV.    CLAIMS REGARDING WHICH MOVING PARTY PREVAILED.

Mr. Berry commenced this case seeking a finding of infringement against Hawaiian Express Service, Inc. and an injunction. Mr. Berry entered into a settlement with HEX that included a payment of money and a stipulated consent decree. As to all parties, Mr. Berry had prevailed on ownership and copyrightability of the software program. Despite Fleming's ongoing assertions being made in the Court of Appeals, to the contrary, Mr. Berry is the owner of the software work that was the subject of the case and therefore the prevailing party.

In regard to infringement, Mr. Berry prevailed on the issue of direct and vicarious infringement regarding Fleming and seven of its employees and received

9

a damage award of $57,530.00.   Therefore, the full amount of attorney's fees

incurred in this case was $750,204.56, plus $14,905.00 incurred in Delaware, plus

the Delaware costs of $2,405.41.  Based on the Court's earlier ruling that took the

willful infringement statutory award away from plaintiff, this amount is nearly

double the amount of statutory damages available to plaintiff that the Court's

ruling capped at $30,000.00.[1]   The defendants against whom liability had attached

chose not to offer judgment or discuss a settlement.  They have no one to blame for

the costs and fees the law provides to Mr. Berry but themselves.

## V.    CLAIMS TO WHICH THE PREVAILING PARTY DID NOT PREVAIL.

Mr. Berry did not prove his claims in regard to C&S, HTC, Guidance and

Foodland and the Sherman Act and RICO claims against Fleming. Mr. Berry

estimates that the following as to time spent on these matters:

| | |
|---|---|
| Foodland | 62.4 hours |
| HTC | 28.7 hours |
| Guidance | 48.6 hours |
| C&S | 57.2 hours |
| | |
| Total | 196.9 hours times $200.00 = $39,380. |

The vast amount of time in this case was incurred in the direct conflict

---

[1] The jury finding that Fleming was vicariously liable would have
necessarily resulting in a single $30,000 damage award.

10

between Fleming and eventually its PCT and Mr. Berry in motions practice and

discovery.   Mr. Berry is the prevailing party and should be granted his full costs

and fees as modified for the time expended on the C&S, HTC, Guidance and

Foodland issues.  To insure that no charges related to the above claims are

included, Mr. Berry has reduced his fee request by mor $100,000.

## VI.    APPLICABLE AUTHORITY ENTITLING MOVING PARTY TO REQUEST AN AWARD.

This request for attorneys' fees is brought pursuant to the Copyright Act, 17

U.S.C. §505 which allows attorneys' fees and actions for copyright infringement as

follows:

> In any civil action under this title, the court in its
> discretion may allow the recovery of **full costs** by or
> against any party other than the United States or an
> officer thereof. Except as otherwise provided by this title,
> the court may also award a **reasonable attorney's fee** to
> the prevailing party as part of the costs.

The Copyright Act, 17 U.S.C. § 505 (emphasis added).

The prevailing party is generally one who succeeds in some significant issue

in the litigation and thereby achieves some of the benefits sought in filing the

lawsuit.  (cf. *Texas State Teacher's Association vs. Garlend Independent School*

*District*, 489 U.S. 782, 791-92 (1989) (applying definition in civil rights litigation

under 42 U.S.C.A. § 1988).  Thus, a prevailing plaintiff is one who obtains relief

11

and materially alters the parties' legal relationship by modifying the behavior of the defendant in the way that directly benefits the plaintiff.  (*See Farrar vs. Hobby*, 506 U.S. 103, 111-13 (1992)).  A judgment for <u>any</u> amount of damages necessarily modifies the defendant's behavior to the plaintiff's benefit.  Thus a plaintiff who obtains only nominal damages may still become a prevailing party.  Thus, a litigant may not succeed on all issues to qualify as a prevailing party.  *Food Pantry, Ltd. vs. Waikiki Business Plaza,* 58 Haw. 606 (1978).  *See Fireman's Fund Insurance Co. vs. Tropical Shipping and Construction Company*, 254 F.3d 987, 1012-13 (11th Cir. 2001).

In this case, Fleming cannot be the prevailing party since no dismissal of the entire case was granted.  Mr. Berry prevailed on all claims of ownership and on the infringement of the FCS logistics system.  Based upon this verdict, Fleming and its employees' "behavior" must clearly be "modified."

## VII.    DESCRIPTION OF WORK PERFORMED BY EACH ATTORNEY AND PARALEGAL.

Timothy J. Hogan, Esq. was the principal attorney in this case and did the vast majority of the work during the period of time, both pretrial and during the trial.  Mr. Hogan's rate was $200 per hour.   Wesley W. Ichida, Esq. assisted in trial. Mr. Ichida's rate was $250 per hour.  As indicated in the time records that are attached to the Affidavit of Timothy J. Hogan as Exhibit "1"  Mr. Hogan's work

performed in this case equaled the total of 3,646 hours.  Mr. Ichida's total time was

78 hours.   The total amount of time for Mr. Hogan and Mr. Ichida and

paraprofessional,  by itemized categories as set forth in L.R. 54.3(d)(1) are as

follows:

| Categories | Timothy Hogan Hours / Fees | Wesley Ichida Hours / Fees | Para Hours/Fees Laureen Bowles |
|---|---|---|---|
| Case Asses., Dev. and Admin. | 366.5 Hours $79,302 | 0 | |
| Pleadings | 401.6 Hours $80,320 | 0 | |
| Written Discovery | 571.3 Hours $114,270 | 0 | |
| Depositions | 123.7 Hours $24,740.00 | 0 | |
| Motions Practice | 1,150.4 Hours $230,080 | 0 | 15.9 Hours $1,033.5 |
| Attending Court Hearings | 77.4 hours $15,480 | | |
| Trial Preparation and Trial | 898.7 $179,740 | 78.40 $19,600 | |
| TOTAL | 3,589.2 hours $717,840 | 78.40  hours $19,600 | 15.9 Hours $ 1,033.5 |

GRAND TOTAL: Hours 3,683,5, $ 738,473.5.

Mr. Hogan's customary hourly rate is presently $ 200 an hour.  This rate is well within the acceptable rate for similar complex litigation in the State of Hawaii and is in the low end of the spectrum.   Mr. Ichida's rate of $250 is also well within the acceptable range of attorneys with over 35 years of litigation experience.

The expenditures in this case involved a significant amount of money expended to obtain discovery of Fleming's infringement, some of which was never actually turned over in the case, but required a court-appointed expert, an expense that was unnecessary if Fleming had simply turned over a copy of the freight system that its own documents indicated Mr. Berry owned.  The cost of that failure to conduct the litigation diligently should be entirely borne by Fleming and therefore the cost of all court-appointed experts and the Discovery Master should be imposed upon Fleming who has now been twice found to be an infringer of the Berry Freight Control System.

Attached to the Affidavit of Timothy J. Hogan as Exhibit "1" are true and correct copies of the contemporaneous time records kept throughout this case. Attached to the Hogan Aff.. as Exhibit "2" is a record of the costs incurred in this case.

Plaintiff seeks attorneys' fees under the Copyright Act to provide a means for a small author to defend his work from corporate infringers who were able to

14

continue to create over $55 million in revenues that the jury found were causally linked to the use of the copyrighted work. The time records that are attached to the Affidavit of Timothy J. Hogan show that the amount of time spent on this case is reasonable under the circumstances. All the costs were necessarily incurred in prosecuting this action.

## VIII. ARGUMENT.

### A. The Court Has Discretion to Provide the Prevailing Party Attorneys' Fees.

Clearly Mr. Berry is the prevailing party. He has proven infringement. He has proven his ownership.

> While the Copyright Act does not offer a crystal-clear definition of what is meant by the term "prevailing party," in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources,* 532 U.S. 598, 121 S. Ct. 1835, 1839-1840, 149 L. Ed. 2d 855 (2001), the Supreme Court, labeling the phrase "a legal term of art," defined a "prevailing party" <u>as one who obtains an enforceable judgment on the merits or a court-ordered consent decree.</u>

*Bruce v. Weekly World News, Inc.*, 203 F.R.D. 51, 55 (D. Mass. 2001) (citation in original) (emphasis added).

In this case, Mr. Berry is clearly the prevailing party because he has obtained <u>both</u> an enforceable judgment on the merits and a stipulated injunction/consent decree regarding he HEX defendants.

15

As the Court will see the time spent on this case is reasonable under the circumstances.  Plaintiff can only guess at the amount of attorneys' fees that were generated by defense counsel.

> The Copyright Act provides that the court "in its discretion may allow the recovery of full costs [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In order to encourage suits to redress copyright infringement, attorney fees are awarded to a prevailing plaintiff as a matter of course. The award of attorney's fees is the rule rather than the exception.

*Broadcast Music v. Beach Ball Benny's,* 30 U.S.P.Q.2d BNA 1231, 1993 U.S. Dist. LEXIS 16350 (D. La. 1993) (citations omitted).

> An award of attorney's fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts, and that such discretion is not cabined by a requirement of culpability on the part of the losing party.

*Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 555 (9th Cir. 1996).

A plaintiff may recover costs and attorney's fees for  copyright infringement.  *Lauratex Textile Corporation v. Allton Knitting Mills, Inc.*, 517 F. Supp. 900, 904 (S.D.N.Y. 1981); *Boz Scaggs Music v. KND Corporation*, 491 F. Supp. 908, 915 (D. CN  1980) (costs mandated by statute but fees within court's discretion).  In the present case, an award of costs and reasonable attorney's fees is justified because Fleming failed to heed Plaintiff's warnings that it was an infringer and either obtain a license from Mr. Berry or stop using the copyrighted work.  If

16

Fleming had done either of these alternatives, this litigation would have been wholly unnecessary. *See Boz Scaggs Music v. KND Corporation*, 491 F. Supp. at 915. Thus, costs and reasonable attorney's fees are appropriate. See *Broadcast Music, Inc. v. Niro's Palace, Inc.*, 619 F. Supp. 958, 963-4 (N.D. IL, E.D. 1985). However, as the testimony at trial established, Fleming could not simply shut off the infringing work and continued to operate despite the risk. During that period Fleming's Hawaii division was able to create over $55 million in gross revenues.

The Supreme Court has adopted non-exclusive criteria for the Court to consider in determining whether to grant attorneys fees in a copyright case.

> Some courts following the evenhanded standard have suggested several nonexclusive factors to guide courts' discretion. For example, the Third Circuit has listed several nonexclusive factors that courts should consider in making awards of attorney's fees to any prevailing party. These factors include "<u>frivolousness, motivation, objective unreasonableness</u> (both in the factual and in the legal components of the case) <u>and the need in particular circumstances to advance considerations of compensation and deterrence</u>." We agree that such factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner.

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534,  nt.19 (1994) *citing  Lieb v. Topstone Industries*, Inc., 788 F.2d 151, 156 (CA3 1986) (emphasis added).

In *Fogerty,* the defendant prevailed, and did not recover any damages from

17

the plaintiff. The District Court denied defendant's request for attorney's fees and the Circuit Court affirmed.  The U.S. Supreme Court reversed holding that defendant can still recover attorney's fees.

In this case, much of the time expended in this case was caused by Fleming's lack of diligence regarding filing answers, responding to discovery and its failure to comprehend the law of derivative works.  Had Fleming's attorney's been diligent in responding to discovery, the expert costs, and the entire Guidance issue might have been avoided.

Moreover, the Supreme Court in *Fogerty* specifically directs this Court to treat a prevailing plaintiff and defendant equally and sets forth the criteria that this Court must consider in exercising its discretion. That is not a suggestion but the law this Court is bound to follow.  Any attempt to lower Mr. Berry's recovery based on a formulaic approach related to the amount recovered would be directly contrary to *Fogarty*.  Albeit nonexclusive, none of the factors set forth in *Fogerty* even remotely refer to the amount recovered.  And in *Fogerty*, the prevailing party did not recover any damages.   Here, Fleming used Mr. Berry's work to increase it revenues by $55,000,000.  The PCT is holding no less than $70,000,000 for Fleming creditors. There is no legal reason, let alone an equitable one for denying Mr. Berry the fees and full costs that are provided for by Congress in the Copyright

Act.

**B.     <u>Plaintiff Is Entitled to the Full Costs of this Suit</u>**.

The Copyright Act, 17 U.S.C. §505 allows to the prevailing party the full

costs of the suit as follows:

> In any civil action under this title, the court in its
> discretion may allow the recovery of **<u>full costs</u>** by or
> against any party other than the United States or an
> officer thereof. Except as otherwise provided by this title,
> the court may also award a reasonable attorney's fee to
> the prevailing party as part of the costs.

The Copyright Act, 17 U.S.C. § 505.

In this case, the total amount of costs incurred are $ .  Much of the costs

associated with this case were incurred because of Fleming's alleged "commercial

secrets," which was used as an artifice to block discovery and increase cost by

forcing the appointment of a master.   In addition, Fleming used mediation as a

means to impede the conduct of litigation and never made a single offer as the

result of any such expensive endeavor.    Since Fleming caused the increased costs,

it should be made to pay these costs as set forth in Section 505.

**C.     The Court Should Grant Mr. Berry his reasonable Fees and Full
         <u>Costs as provided by the Copyright Act.</u>**

There is no policy served by not granting Mr. Berry is fees and costs

incurred in protecting his copyright.

> Costs other than attorneys' fees shall be allowed as of
> course to the prevailing party unless the court otherwise
> directs.  The categories of costs allowable under the
> Copyright Act and Rule 54 are the same.  Traditionally,
> although not required to do so, courts routinely award
> costs to the prevailing party in copyright cases.

*Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 365

(S.D.N.Y. 2003) (citations omitted).

In *Arclightz*, the Court held <u>$100 statutory award justified $20,000 in fees</u>.

The ratio of fees to damages awarded was approximately on half of one percent.

In this case the jury awarded $57,534 that justifies the full award of fees sought

and full cots.

> The awarding of attorneys' fees is left to the Court's
> discretion. However, the prevailing view is that although
> attorney's fees are awarded in the trial court's discretion,
> they are the rule rather than the exception and should be
> awarded routinely. <u>Because the Copyright Act is</u>
> <u>intended to encourage suits to redress copyright</u>
> <u>infringement, fees are generally awarded to a prevailing</u>
> <u>plaintiff.. Where, as here, the defendant is warned of its</u>
> <u>infringing activities and is given ample opportunity to</u>
> <u>cease and desist prior to the commencement of the</u>
> <u>lawsuit, attorneys' fees are clearly justified.</u>

*Kroll-O'Gara Co. v. First Defense Int'l, Inc.*, 2000 U.S. Dist. LEXIS 4549, 2-3

(D.N.Y. 2000) (emphasis added) (citations omitted).

In this case, the record is clear that Fleming had warnings recognized them

as such and chose to risk the litigation to keep the Hawaii division operating.

20

Under *Kroll-O'Gara*, the Plaintiff's right to full fees and costs is "clearly justified."

**VIII.    The  Majority of Costs are Generally Taxable and Should be Allowed.**

    **A.    Charges of Court Reporter for Transcripts of Trial and of Depositions Reasonably Necessary for Use in Case.**

Even though not used at trial, the charges for reporter transcripts are recoverable as costs under 28 USCS § 1920, upon proper showing as provided in 28 USCS § 1924. *Wahl v Carrier Mfg. Co.* 511 F2d 209, 184 USPQ 516, 19 FR Serv 2d 1209 (1975, CA7 Ind).  The Hogan Aff.  ¶12 evidences that these were necessarily obtained in regard to this case.

    **B.    Cost of Transcripts of Hearings Is Taxable Against the Losing Party.**

The complexity and importance of case made transcripts necessary, if not indispensable, for proper and efficient conduct of case such costs are considered taxable. *See  Stacy v Williams* 50 FRD 52, 14 FR Serv 2d 397 (1970, ND Miss) , *affd on other grounds* (1971, CA5 Miss) 446 F2d 1366, 15 FR Serv 2d 664.  The Hogan Aff.  ¶ 12 evidences that these were necessarily obtained in regard to this case.

    **C.    Fees for Preparation of Exhibits Used at Trial.**

These costs including necessary copy costs are taxable as costs under 28

21

USCS § 1920. *Nelson v Darragh Co.* 120 FRD 517, 11 FR Serv 3d 630 (1988, WD Ark).  The Hogan Aff.  ¶ 12 evidences that these were necessarily obtained in regard to this case.

### D. Taxing Cost of Special Master Against Nonprevailing Party.

The Costs of the special master are clearly within District Court's discretion to award as taxable cost.  No factual showing of necessity is required. *See Studiengesellschaft Kohle mbH v Eastman Kodak Co.,* 713 F2d 128, 219 USPQ 958, 37 FR Serv 2d 526 (1983, CA5 Tex).[2]

The remaining costs associated with facsimile, long distance and copies are clearly reasonable and should be allowed in light of the statutory authority for award of full costs in such cases.   The Hogan Aff.  ¶ 12 evidences that these were necessarily obtained in regard to this case.

## IX. CONCLUSION.

For all the reasons stated, the Plaintiff prays that the Motion be granted and that he be granted $600,000.00 in attorneys' fees and full costs in the amount of $108,622.25 to be included in an amended final judgement.

DATED: Honolulu, Hawai'i, March 15, 2005.

---

[2]  Mr. Berry also requests that the PCT be ordered to pay all costs that remain outstanding if any to the Master to avoid any need to return to the court if the master issues another invoice.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY