Exhibit
3

hogant001@hawaii.rr.com on 05/01/2003 11:47:13 AM

To:  Damian Capozzola/Los Angeles/Kirkland-Ellis@K&E
cc:

Subject:  Berry Freight Control Software


Rule 408 Settlement Communication


Dear Mr. Capozzola:

As I stated in my earlier telephone conversation with you, I will wait until
the end of next week to begin to address Mr. Berry's myriad of issues
related to the ongoing use of his original work.  I have already drafted the
Motion for Relief from Stay and complaints against Hawaiian Express and
others.

We agree that a sale of the copyright to Fleming would result in a global
resolution of the dispute.   We are willing to delay our actions but not
during protracted negotiations.  We believe that some tangible expression of
the Debtor-in-Possession's good faith in the form of some payment to Mr.
Berry is the necessary consideration for further delay. Our pre-Bankruptcy
experience with Fleming has shown that delay is never in my client's
interest.  We will be happy to discuss and negotiate with the
Debtor-in-Possession after filing, but my experience is that negotiations
are enhanced during stay relief proceedings. Therefore if you don't believe
that an acceptable payment can be made in the short term, we will file at
the end of next week and continue our discussions, if that is what you
desire.

Tim Hogan


Timothy J .Hogan
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii  96813
Tel.  (808) 528-0100
Fax. (808) 528-4997
email: tjh@loio.com

# Exhibit 4

**07 FHL 136 New**

| | |
|---|---|
| **From:** | "Brian Christensen" <bchrist@email.fleming.com> |
| **To:** | <teresan@fleming-logistics.com> |
| **Sent:** | Friday, May 09, 2003 11:51 AM |
| **Attach:** | Re_ Fleming - Berry freight software.eml |
| **Subject:** | Fwd: Re: Fleming - Berry freight software |

FYI

Mark, Did we do the attached or reinstall the original?

## 07 FHL 136 New

| | |
|---|---|
| **From:** | <damian_capozzola@la.kirkland.com> |
| **To:** | <peter_spingola@chicago.kirkland.com> |
| **Cc:** | <lex@gte.net>; <bchrist@email.fleming.com>; <cbirche@email.fleming.com>; <rkapmfner@whitecase.com> |
| **Sent:** | Friday, May 09, 2003 11:18 AM |
| **Subject:** | Re: Fleming - Berry freight software |

I don't believe they've ever sent a formal notice in writing, but I believe their theory is that we are continuing to infringe regardless of our efforts to scale back to the original license. In other words, as I understand it, building up from the original license and then trying to tear off the modifications does not result in the original, it results in a derivative which looks like the original, which is itself an infringement. They are definitely threatening to bring additional actions in whatever forum will hear them. I wouldn't be surprised if they filed something today or Monday, which highlights the need for us to work quickly. I'll try to circulate something over the weekend.

--Damian


Peter Spingola
05/09/2003 02:15 PM

To:   Damian Capozzola/Los Angeles/Kirkland-Ellis@K&E
cc:

Subject:  Fleming - Berry freight software

Just had a few follow up points. Do you know if there has been a notice to terminate or a notice of breach served by Berry/Hogan for our current use? My guess is no, but I'm trying to think of any possible scenarios in which Fleming could be currently infringing the license agreement, even though it is no longer using the infringing modifications. Could Berry/Hogan potentially bring another action for any such infringement?

Berry v Hawaiian Express Plaintiff Exhibit 103     2/8/2006

Exhibit
5

**Mark Dillon**

| | |
|---|---|
| **From:** | "Mark Dillon" <markd@fleming-logistics.com> |
| **To:** | "Brian Christensen" <bchrist@email.fleming.com> |
| **Sent:** | Tuesday, May 06, 2003 11:19 AM |
| **Subject:** | Fw: Re: Damien Capazola? |

Brian,

Regarding the following email concerning a replacement for the Logistics database:

I assume that "Damien" is Wayne Berry.

1) and 2) below imply that there is a license fee to be paid to continue using the database in its original licensed state (as we are now doing). I will also assume that this is incorrect (Please correct me if I am mistaken.)

Option 1), to continue indefinitely to use the database in its original licensed form. The end users, especially Teresa Noa, could tell you whether this option will work given their current duties. The obvious problem with this from my vantage, aside from the inefficiencies of the database as we now have it, is that any further development to streamline Logistics operations or to integrate the logistics information with related operations, as discussed with Teresa Noa, would not be possible. She has indicated to me that there a numerous inefficiencies that could be improved by this means.

Option 2), to give Mr. Berry our changes and ask him to incorporate them into the database has these problems. I would avoid any ongoing interaction with Mr. Berry. He would likely continue what he has done from the start, which is to entrap Fleming and seek to extort monies from the company. This option requires that Fleming continue to use Mr. Berry's database and be dependent upon Mr. Berry for any changes to the database, even minor ones. Should the database be used in anyway that can be construed as a violation of license, it would cost at least as much as a new database to litigate. He could increase his rates sharply at will if he perceives that we have no other choice. If this option is pursued, any new licensing should be thoroughly reviewed by counsel.

Option 4) is more viable from my perspective. It would be very important to obtain rights to modify a database developed by a third party precisely to avoid the type of litigation we have been involved in.

Another option is to offer Mr. Berry what we would pay a developer for a new database to sign off on any rights to the database and any so called 'derivatives', thus allowing us to use the revised database, or to move onto the database that I created to replace the Berry database. However, I doubt that Mr. Berry would do this for a reasonable amount. You could request bids for a replacement database, then show these to Mr. Berry when negotiating a price for his cooperation.

A final option is to purchase canned software and have it modified to meet our needs. However, after extensive shopping around on the Internet, I believe this is not a practical way to go. I have yet to find anything that looks like it would work well for us. We will undoubtedly need numerous changes to begin with, and would want to have additional changes made over time. The seller is the only one who can make changes, and he would be in Chicago or Florida or wherever. In the end, Teresa Noa is the one to know whether a given package will meet our needs. She did look at a few websites advertising logistics software and talked enthusiastically about a couple of them, yet when I looked at those same sites, there was not even a snapshot of any of their screens, let alone a demo to download and try out. I have placed a couple of demo's on her computer to look at while she is on leave, but I expect that she will agree with me that these are not real possibilities.

· Mark

----- Original Message -----
From: "Ron Griffin" <rgriffi@email.fleming.com >
To: "Brian Christensen" <BCHRIST@email.fleming.com >

D0064
12/11/2003

Berry v Hawaiian Express Plaintiff Exhibit 78

Cc: "Mike Carey" <MCAREY@email.fleming.com>; "Rita Jones" <RJONES2@email.fleming.com>
Sent: Monday, May 05, 2003 9:07 AM
Subject: Fwd: Re: Damien Capazola?

Brian, I believe Rita Jones has been trading voice mails with Teresa.

In summary, as we see it, there are four options.

1) Pay his license and continue using it as is

2) Pay his license and get him to customize, building into his base product. You provide the intellectual capital and provide him the rights to include your mods into his product.

3) We've reviewed our portfolio here and there is no software to provide the function. Given the travel for specs, etc., it is impractical for us to develop something. (It could take well in excess of $100,000). In fact, under the current scenario, every spare nickel we have for the next year will go toward a conversion to get us on a much lower cost platform.

4) Find someone new to totally write it from scratch without looking at any existing work products.

My recommendation would be, albeit distasteful, to find some accommodation with Damien.


Ron.Griffin@fleming.com
972-906-8704

>>> Brian Christensen 05/02/03 09:19PM >>>
Have you had a chance to review Teresa's notes on the logistic software we need to run our operation here?
Attached is a memo that revolves around that. Please let me know how we should proceed.
Thanks


Brian Christensen
Division President
Fleming Companies - Hawaii
Ph: 808-682-3308
fax: 808-682-5670
email: bchrist@email.fleming.com


D0065
12/11/2003

Berry v Hawaiian Express Plaintiff Exhibit 78

Exhibit
6

**Timothy J. Hogan**

| | |
|---|---|
| From: | Timothy J. Hogan |
| Sent: | Wednesday, September 10, 2003 10:19 AM |
| To: | Damian Capozzola (E-mail) |
| Subject: | Proposed Issues for Discussion |

Attachments:        Scann001.PDF

Settlement communication under Rule 408 Fed. R. Evid.

9/10/03

Dear Mr. Capozzola:

I've attached as a pdf file a list of the issues that Mr. Berry is concerned about regarding the end of the infringement that we allege has occurred and is ongoing.   This will in our view allow us to negotiate an end of this saga with Fleming there may be some additional issues that come to mind but we believe that this is a good look at the universe of our concerns We will begin to prepare appropriate language for an injunction but we thought you should have the list of issues that we believe must be addressed.

We do not waive any of our rights nor should this be construed as anything but an attempt to resolve litigation and may not be admitted for any purpose pursuant to Rule 408.

If there is any point in pursuing this, please respond to me by tomorrow so that I won't waste my time working on an injunction.

Thanks in advance.


Tim Hogan

attachment




Scann001.PDF (149
KB)

1

09/10/2003

1. Software
   a) All copies of any of Mr. Berry's Software and derivatives returned to him. The total number of programs that were on the Fleming server that were written by Mr. Berry exceed 100 separate programs..
   b) We need to be sure that the following are returned:
      i) Guidance Copy
      ii) Fleming - Kapolei Copy
      iii) Dillon Home Copy
      iv) Noa Home Copy
      v) Any other Fleming employee home copies.
      vi) All Fleming Backup Tapes
      vii) Copy at HEX – Hayward
      viii) Copy at HEX – La Mirada
      ix) Lex Smith Copy
      x) Fleming – Miami Copy, if any.
      xi) Fleming – Salt Lake City Copy, if any.
      xii) Fleming – any other copies at any other Divisions
      xiii) Fleming – any other copies at Lewisville or Okalahoma
      xiv) Discovery Master's Copy from the Infringement Trial
   c) Return of all copies of user manuals and documentation to the Berry created software must be returned.
      i) Documentation from Infringement Trial
      ii) Documentation shown on Server from the Guidance Report
      iii) Documentation given to others
         (1) HEX
         (2) HEST
         (3) KMART
         (4) Fleming Corporate
         (5) Other Fleming Divisions
         (6) Anyone Else
   d) A complete list of all recipients of a copy of the Guidance Report.
   e) All third party correspondence related to the Guidance Report.
   f) A list of anyone who Fleming has information has seen, used or examined the Berry software including anyone connected with C & S.
2. Employees
   a) Fleming will not employ or give additional benefits to:
      i) Teresa Noa
      ii) Mark Dillon
      iii) Brian Christensen
      iv) Others in the logistics department ?

3. Fleming and any related entities will not create a new software system or derivative based on past knowledge gained from infringing my software and will report any information that Fleming or its agents receive that evidence that others may be engaged in similar conduct.
4. Permission and cooperation to examine machines from the various divisions that have been stored in Oklahoma and other locations to determine the scope and extent of the infringement.

5. Fleming agrees not to infringe in the future.

Exhibit
7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                          )    Chapter 11
                                )
Fleming Companies, Inc., et     )    Case No. 03-10945 (MFW)
al.,                            )
                                )    (Jointly Administered)
      Debtors.                  )
                                )
Fleming Companies, Inc., et     )
al.                             )
      Plaintiffs,               )
                                )
      v.                        )
                                )    Adversary Proceeding
                                )    Case NO. 03-54809
Wayne Berry, an individual      )
                                )
      Defendant                 )
                                )

<u>ORDER</u>

AND NOW, this **8TH** day of **AUGUST**, upon consideration of

Fleming's Motion for Immediate and Preliminary Injunctive Relief

filed on August 1, 2003, Fleming's Complaint For Declaratory

Relief and an Injunction Prohibiting Harassment filed on August

1, 2003, Fleming's Memorandum of Points and Authorities in

Support of Fleming's Motion For Immediate and Preliminary

Injunctive Relief filed on August 1, 2003, and the Affidavit of

Damian Capozzola filed in support thereof, which sought an order

enjoining Berry, his counsel and all other agents from:

"(1)...communicating with Fleming, its employees, its counsel or
agents, the United States government, or any other entity
regarding the liability of Fleming for any post-petition
infringement of any copyright owned by Berry, unless through

1435

communications and legal proceedings directly related to this
adversary proceeding, until such time as there is a final
determination on the merits, (2)...communicating with Fleming,
its employees, its counsel or agents, the United States
government, or any other entity regarding the allegations that
Fleming, its employees, its counsel, or agents are involved in
wrongdoing of any kind, including but not limited to acts of
terrorism, cigarette smuggling, overcharging, and/or concealing
information, unless by express approval of this Court,
and(3)...engaging in any harassing behavior towards Fleming, its
employees, counsel, or any other agents....”; it is hereby

**HELD** that § 1109 of the Bankruptcy Code authorizes a

creditor to appear and be heard “on any issue” in a bankruptcy

case; and it is further

**HELD** that 28 U.S.C. § 959 provides that a debtor “may be

sued, without leave of the court...with respect to any of their

acts or transactions in carrying on business” post-petition;

therefore, it is hereby

**ORDERED** that the Motion for Immediate and Preliminary

Injunction is **DENIED**.

BY THE COURT:

Mary F. Walrath
United States Bankruptcy Judge

Exhibit
8

# LYNCH ICHIDA THOMPSON KIM & HIROTA

### A LAW CORPORATION

MAILE M. HIROTA
WESLEY W. ICHIDA
STEVEN J. KIM
PAUL A. LYNCH
WILLIAM "Buzz" THOMPSON III

1132 BISHOP STREET, SUITE 1405
HONOLULU, HAWAII 96813
TELEPHONE (808) 528-0100
FACSIMILE (808) 528-4997
(808) 523-1920

*Counsel*
TIMOTHY J. HOGAN
------------------
*Of Counsel*
GREG TURNBULL, MA

February 9, 2004

Lyle Hosoda, Esq.
345 Queen Street, Suite 804
Honolulu, Hawaii 96813

**VIA FAX to No. 524-3838**

RULE 408 SETTLEMENT COMMUNICATION

**Re:** **Wayne Berry v. Hawaiian Express Service, Inc., et al.,**
**Civil No. CV03-0035 SOM-LEK**

Dear Mr. Hosoda:

I am writing in regard to the attempt to settle the above case. I will presume that your clients are not presently in a position to contribute anything of substance to the monetary part of any settlement. In regard to any settlement that provides your clients with a resolution of this case, Mr. Berry will require that they agree to enter into a stipulated injunction against any future acts inconsistent with Mr. Berry's rights under the Copyright act and/or the Hawaii Uniform Trade Secrets Act. This offer will remain open until February 18, 2004, unless extended by me in writing.

Very truly yours,

LYNCH ICHIDA THOMPSON KIM & HIROTA

Timothy J. Hogan

TJH:llk
Enclosure
cc: Mr. Wayne Berry

Exhibit
9

# LYNCH ICHIDA THOMPSON KIM & HIROTA

### A LAW CORPORATION

MAILE M. HIROTA
WESLEY W. ICHIDA
ANN C. KEMP
STEVEN J. KIM
PAUL A. LYNCH
WILLIAM "Buzz" THOMPSON III

1132 BISHOP STREET, SUITE 1405
HONOLULU, HAWAII 96813
TELEPHONE (808) 528-0100
FACSIMILE (808) 528-4997
(808) 523-1920

*Counsel*
TIMOTHY J. HOGAN
----------------
*Of Counsel*
GREG TURNBULL, MA

November 4, 2005

## *CONFIDENTIAL SETTLEMENT COMMUNICATION*
## *SUBJECT TO RULE 408 FED. R. EVID.*

Lyle Hosoda, Esq.                                  VIA FAX  524-3838
345 Queen Street, Suite 804
Honolulu, Hawaii 96813

> **Re:    Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy**
> **Alfredda Waiolama, Jacqueline Rio, and Justin Fukumoto**
> **Wayne Berry v. Hawaiian Express Service, Inc., et al.,**
> **Civil No. CV03-0035 SOM-LEK**

Dear Mr. Hosoda:

As you are aware we are about to proceed to trial. We had earlier offered your clients a dismissal in exchange for an injunction. They chose to go forward. Be that as it may, the law is clear that Mr. Berry is entitled to damages, his attorney's fees and costs. By trial, I am sure you must agree, the fees and costs will grow even larger than they presently are. In order to provide your clients with relief from this matter we hereby make an offer to your clients to settle for their payment of $200,000 based on the terms similar to those that were offered to the HEX Defendants that would require an injunction but would at least allow the Employees to operate at C&S using the spreadsheets until that issue is resolved on appeal or otherwise. We believe this sum is equivalent to a reasonable share of the attorneys' fees and cost that Mr. Berry will seek at the conclusion of the trial.

Then, upon conclusion of the litigation, the Employees must also agree to an injunction against the possession and/or use of any other Berry software or derivatives of any kind. They must agree to return all copies of Mr. Berry's works and provide cooperation regarding identifying the disposition of all copies of Mr. Berry's works that are no longer in their possession and/or control. They must agree not to attempt to reverse, engineer or otherwise infringe his copyrights. Because they own no copies, any previously reverse engineered works would continue to be subject to claims of infringement. That would conclude the matter between Mr. Berry and the Employees.

Page 2
November 4, 2005

     This offer will remain open for a period of seven (7) days and is subject to agreement regarding final documentation. Each party would otherwise bear their own fees and costs. If I have not had any response from you it will be expire without further notice. If there is any desire to explore this offer, then a request to extend it must be made in writing prior to its termination. Mr. Berry reserves the right to modify his settlement demand in response to any counter offers. Any attempt to use this offer as pretext to continue the trial date will automatically terminate the offer.

                              Very truly yours,

                              LYNCH ICHIDA THOMPSON KIM & HIROTA

                              Timothy J. Hogan

TJH:llk

NOV-04-05 13:22    ID:808 528 4997              LYNCH et al.

| JOB NUMBER | | | 620 |
|---|---|---|---|
| INFORMATION CODE | | | OK |
| TELEPHONE NUMBER | 5243838 | | |
| NAME(ID NUMBER) | 808 524 3838 | | |
| START TIME | NOV-04-05 13:21 | | |
| PAGES TRANSMITTED | 003 | TRANSMISSION MODE | EMMR |
| RESOLUTION | STD | REDIALING TIMES | 00 |
| SECURITY | OFF | MAILBOX | OFF |
| MACHINE ENGAGED | 00'50 | | |

THIS TRANSMISSION IS COMPLETED.

LAST SUCCESSFUL PAGE      003

# LYNCH ICHIDA THOMPSON KIM & HIROTA
### A LAW CORPORATION

MAILE M. HIROTA
WESLEY W. ICHIDA
ANN C. KEMP
STEVEN J. KIM
PAUL A. LYNCH
WILLIAM "Buzz" THOMPSON III

1132 BISHOP STREET, SUITE 1405
HONOLULU, HAWAII 96813

TELEPHONE (808) 528-0100
FACSIMILE (808) 528-4997

E-MAIL: mail@lolo.com

COUNSEL
TIMOTHY J. HOGAN

OF COUNSEL
GREG TURNBULL, MA

## FAX TRANSMITTAL

November 4, 2005

TO        Lyle Hosoda, Esq.          FAX:  524-3838

FROM:     Timothy J. Hogan, Esq.     PAGES:     3

RE:       *Wayne Berry v. HEX, et al.*, Civ. No. CV03 00385 SOM-LEK

*PLEASE NOTE: This communication contains confidential and privileged information. It is exempt from disclosure under applicable law. If you received it in error, please notify the sender immediately by telephone or fax.*

Letter to Lyle Hosoda (dated 11/04/05) from Timothy J. Hogan, Esq.

Exhibit
10

# LYNCH ICHIDA THOMPSON KIM & HIROTA

### A LAW CORPORATION

MAILE M. HIROTA
WESLEY W. ICHIDA
ANN C. KEMP
STEVEN J. KIM
PAUL A. LYNCH
WILLIAM "Buzz" THOMPSON III

1132 BISHOP STREET, SUITE 1405
HONOLULU, HAWAII 96813
TELEPHONE (808) 528-0100
FACSIMILE (808) 528-4997
(808) 523-1920

*Counsel*
TIMOTHY J. HOGAN
------------------
*Of Counsel*
GREG TURNBULL, MA

November 4, 2005

## *CONFIDENTIAL SETTLEMENT COMMUNICATION SUBJECT TO RULE 408 FED. R. EVID.*

Eric Liebeler, Esq.
Kirkland & Ellis
777 S. Figueroa Street, Suite 3700
Los Angeles, California 90017

**Via Fax No. (213) 680-8500**

> **Re:  Fleming Companies, Inc./Post Confirmation Trust
> Wayne Berry v. Hawaiian Express Service, Inc., et al.,
> Civil No. CV03-0035 SOM-LEK**

Dear Mr. Liebeler:

I am writing regarding the upcoming trial. The PCT has apparently rejected Mr. Berry's earlier offer to globally conclude this matter. Mr. Berry makes the following offer to the PCT. The PCT must agree to allow and approve for prompt payment a compromise of Mr. Berry's administrative claims in the amount of $800,000. We believe this sum is equivalent to a reasonable share of the attorneys' fees and cost that Mr. Berry will seek at the conclusion of the trial.

The PCT must also agree to an injunction against the possession and/or use of any other Berry software or derivatives of any kind. It must agree to return, all copies of Mr. Berry's works and provide cooperation regarding identifying the disposition of all copies of Mr. Berry's works that are no longer in Fleming and/or the PCT's possession or control. It must agree not to attempt to reverse, engineer or otherwise infringe his copyrights and works. Because the PCT owns no copies, any previously reverse engineered works would continue to be subject to claims of infringement. That would conclude the matter between Mr. Berry and the PCT.

This offer will remain open for seven (7) days from this date and then will be withdrawn without further notice. It is subject to agreement regarding final documentation. Each party would otherwise bear their own fees and costs  If there is any desire to explore this offer, then a request to extend it must be made in writing prior to its termination. Mr. Berry reserves the right to modify his settlement demand in response to any counter offers. Any attempt to use this offer as pretext to continue the trial date will automatically terminate the offer.

Eric C. Liebeler, Esq.
Page 2
November 4, 2005

Very truly yours,

LYNCH ICHIDA THOMPSON KIM & HIROTA

Timothy J. Hogan

TJH:llk

NOV-04-05 13:31     ID:808 528 4997          LYNCH et al.

| JOB   NUMBER | | 623 |
|---|---|---|
| INFORMATION   CODE | | OK |

| | | | | |
|---|---|---|---|---|
| TELEPHONE NUMBER | 12136808500 | | | |
| NAME(ID NUMBER) | | | | |
| START TIME | NOV-04-05 13:30 | | | |
| PAGES TRANSMITTED | 003 | TRANSMISSION MODE | | EMMR |
| RESOLUTION | STD | REDIALING TIMES | | 00 |
| SECURITY | OFF | MAILBOX | | OFF |
| MACHINE ENGAGED | 00'47 | | | |

THIS TRANSMISSION IS COMPLETED.

LAST SUCCESSFUL PAGE     003

# LYNCH ICHIDA THOMPSON KIM & HIROTA
### A LAW CORPORATION

MAILE M. HIROTA
WESLEY W. ICHIDA
ANN C. KEMP
STEVEN J. KIM
PAUL A. LYNCH
WILLIAM "Bozz" THOMPSON III

1132 BISHOP STREET, SUITE 1405
HONOLULU, HAWAII 96813

TELEPHONE (808) 528-0100
FACSIMILE (808) 528-4997
(808) 523-1920
E-MAIL: mail@loio.com

COUNSEL
TIMOTHY J. HOGAN
OF COUNSEL
GREG TURNBULL, MA

## FAX TRANSMITTAL
November 4, 2005

TO:      Eric C. Liebeler, Esq.          FAX NO. (213) 680-8500
         Kirkland & Ellis

FROM:    Timothy J. Hogan, Esq.        PAGES:   3

RE:      *Wayne Berry v. Hawaiian Express Service, Inc., et al.*
         *Civ. No. CV 01-0035 SOM-LEK*

PLEASE NOTE: This communication contains confidential and privileged information. It is exempt from disclosure under applicable law. If you received it in error, please notify the sender immediately by telephone or fax.

Letter (dated 11/04/05) to Eric C. Liebeler, Esq. from Timothy J. Hogan, Esq.

Exhibit
11

# LYNCH ICHIDA THOMPSON KIM & HIROTA

### A LAW CORPORATION

MAILE M. HIROTA
WESLEY W. ICHIDA
ANN C. KEMP
STEVEN J. KIM
PAUL A. LYNCH
WILLIAM "Buzz" THOMPSON III

1132 BISHOP STREET, SUITE 1405
HONOLULU, HAWAII 96813
TELEPHONE (808) 528-0100
FACSIMILE (808) 528-4997
(808) 523-1920

*Counsel*
TIMOTHY J. HOGAN
-----------------
*Of Counsel*
GREG TURNBULL, Psy.D

November 4, 2005

## *CONFIDENTIAL SETTLEMENT COMMUNICATION SUBJECT TO RULE 408 FED. R. EVID.*

Lex R. Smith, Esq.
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813

**VIA FAX NO. 539-8799**

> **Re:**   **C&S Wholesale Grocers, Inc.**
> **Wayne Berry v. Hawaiian Express Service, Inc., et al.,**
> **Civil No. CV03-0035 SOM-LEK**

Dear Mr. Smith:

I am writing with regard to the upcoming trial. I agree with you that C&S has prevailed on the issue of using the spreadsheets. We are confident that upon the conclusion of this case, C&S will commence infringement of Mr. Berry's works. We therefore, believe that the right to use the spreadsheets is a pyrrhic victory at best. Because Mr. Berry has once again prevailed on ownership and copyrightability of his database, C&S will be at risk for additional infringement claims if it uses any database that can't be traced to a source other than Berry or Dillon.

First, Mr. Berry will agree not to appeal the summary judgment and C&S will be allowed to continue to use the spreadsheet without threat of continued litigation. In exchange C&S must agree to return all copies of Mr. Berry's works and provide cooperation regarding identifying the disposition of all copies of Mr. Berry's works that are no longer in the C&S' possession. Additionally, C&S must agree to an injunction against the possession and/or use of any other Berry software or derivatives of any kind  It must agree not to attempt to reverse, engineer or otherwise infringe his copyrights and works. Because C&S owns no copy, any previously reverse engineered works would have to be disposed of or accounted for, other than the spreadsheets. That would conclude the matter between Mr. Berry and C&S.

This offer will remain open for seven (7) days from this date and then will be withdrawn without further notice. The offer is subject to agreement regarding final documentation. Each party would otherwise bear their own fees and costs.

Page 2
November 4, 2005


If there is any desire to explore this offer, then a request to extend it must be made in writing prior to its termination.   Mr. Berry reserves the right to modify his settlement demand in response to any counter offers.  Any attempt to use this offer as pretext to continue the trial date will automatically terminate the offer.

Very truly yours,

LYNCH ICHIDA THOMPSON KIM & HIROTA

Timothy J. Hogan


TJH:llk

cc: Wayne Berry