LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| HAWAIIAN EXPRESS SERVICE, | ) | **MOTION TO ALTER OR AMEND** |
| INC., a California corporation; et al. | ) | **SECOND AMENDED JUDGMENT** |
| | ) | **ENTERED ON MARCH 16, 2006** |
| Defendants. | ) | **AND TO DELAY TIME FOR** |
| | ) | **FILING AN APPEAL PENDING** |
| | ) | **RESOLUTION OF MOTION FOR** |
| | ) | **ATTORNEYS' FEES AND FULL** |
| _____ | ) | **COSTS** |

**PLAINTIFF WAYNE BERRY'S MEMORANDUM
IN SUPPORT OF PLAINTIFF WAYNE BERRY'S MOTION TO ALTER
OR AMEND SECOND AMENDED JUDGMENT ENTERED ON MARCH
16, 2006 AND TO DELAY TIME FOR FILING AN APPEAL PENDING
RESOLUTION OF MOTION
<u>FOR ATTORNEYS' FEES AND FULL COSTS</u>**

COMES NOW, Plaintiff Wayne Berry, by and through his undersigned counsel, hereby respectfully submits his memorandum in support of his Plaintiff Wayne Berry's Motion to Alter or Amend Second Amended Judgment Entered on March 16, 2006 and to Delay Time for Filing an Appeal Pending Resolution of Motion for Attorneys' Fees and Full Costs.

## I.   FACTUAL BACKGROUND.

### A.   The Judgment Becomes an Official Record of The Copyright Office.

On March 16, 2006, the Court issued a Second Amended Judgment in a Civil Case. A true and correct copy is attached to the Declaration of Timothy J. Hogan ("Hogan Dec.") Exhibit "1. On June 27, 2005, the Court entered summary judgment against seven (7) Fleming employees on June 27, 2005. Hogan Dec. Exhibit "2" at page 2. The trial went forward as to Fleming's vicarious liability and damages only. Nominal monetary sums were awarded against Fleming Employee defendants Mark Dillon and Teresa Noa. However, the jury's failure to award damages against Justin Fukumoto, Jacqueline Rio, Alfredda Waiolama, Melvin Ponce and Sonia Purdy did not in any way vacate the Court's earlier June 27, 2005 Summary Judgment Order that found them to be infringers.

Mr. Berry respectfully requests that the Second Amended Judgment be altered or amended to include language that provides for final judgment as to all

the defendants found to have infringed. The amount of judgment as to the three Defendants who were found to be liable for damages can be stated separately in an amended judgment but all seven[1] Employee defendants, along with Fleming, should be named in the final judgment consistent with The Copyright Act, 17 U.S.C. § 508.

In addition to the requirements of the Copyright Act, Mr. Berry has the right to a final judgment that fairly represents the Court's order finding the employees infringers and to have that finding registered as part of the official records of the United States of America.

      B.    <u>The Court may Delay the Commencement of the Time to Appeal</u>.

In addition, On March 15, 2006, Mr. Berry filed a Motion for Attorneys' Fees and Full Costs consistent with the Copyright Act 17 U.S.C. § 505 and asks that the Court order, pursuant to FRAP 4(a)(4) and Fed. R. Civ. P. 58(c)(1) & (2), that the time for filing an appeal shall not begin to run until the Court has disposed of the instant Motion to Alter or Amend and/or the Motion for Attorneys' Fees and Full Costs, which ever occurs later.

---

[1] As to Sonia Purdy, Mr. Berry will attempt to address the issue with Employee Counsel and if it is demonstrated that she was not a user of the Berry system she can be omitted from an amended final judgment. As set forth in the Hogan Dec. ¶ 3, there are documents in the Guidance records that go back over a year before June 2003 that evidence Ms. Purdy's personal files on the Logistics Department Computers.

## II. ARGUMENT.

### A. The Clerk Must Accurately Report the Judgment to the Register.

The Copyright Act provides that the Clerk of the District Court, pursuant to Copyright Act, 17 U.S.C. § 508 shall report the result of copyright litigation to the Register of Copyrights as follows:

> (a) Within one month after the filing of any action under this title, the clerks of the courts of the United States shall send written notification to the Register of Copyrights setting forth, as far as is shown by the papers filed in the court, **the names and addresses of the parties** and the title, author, and registration number of each work involved in the action. If any other copyrighted work is later included in the action by amendment, answer, or other pleading, the clerk shall also send a notification concerning it to the Register within one month after the pleading is filed.
>
> (**b) Within one month after any final order or judgment is issued in the case, the clerk of the court shall notify the Register of it, sending with the notification a copy of the order or judgment together with the written opinion, if any, of the court.**
>
> (c) Upon receiving the notifications specified in this section, the Register shall make them a part of the public records of the Copyright Office.

The Copyright Act, 17 U.S.C. § 508 (emphasis added).

For this judgment to be complete and for the Clerk of the District Court's report to the Copyright Register to be accurate it is necessary that all the infringer

4

defendants be clearly listed on the judgment. Those for which a monetary sum of damages have been awarded, may be noted in the judgment. As to the other infringer defendants, they too must be reported to the Copyright Register. Therefore, Mr. Berry respectfully requests that the final judgment be altered and amended as follows:

> IT IS ORDERED AND ADJUDGED, that Judgment is entered in favor of the Plaintiff in the amount of $57,534.00 and against the Defendant Fleming Companies, Inc. in the amount of $57,534.00 and Mark Dillon in the amount of $2.00, Teresa Noa in the amount of $2.00, Brian Christensen in the amount of $0.00, Justin Fukumoto in the amount of $0.00, Jacqueline Rio in the amount of $0.00, Alfredda Waiolama in the amount of $0.00 and Melvin Ponce in the amount of $0.00, all pursuant to the jury verdict filed on March 7, 2005 and Order Granting In Part, Denying In Part Berry's Motion For Summary Judgment; Order Granting C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisition, LLC, ES3, LLC, and Richard Cohen's Motion For Summary Judgment; Order Granting Guidance Software, Inc., and Michael Gurzi's Motion for Summary Judgment; Order Granting In Part, Denying In Part Remaining Defendants' Motions for Summary Judgment filed on June 27, 2005.

B.  **The Court May Delay the Commencement of the Appeal Period to Allow Post Trial Motions to Be Decided.**

The Federal Rules do not provide for the automatic tolling of the commencement of time for appeal by the filing of a motion for attorney's fees and

full costs as provided by The Copyright Act, 17 U.S.C. § 505.  *See* Fed. R. Civ. P. 58(c)(1).  The local rules of this district provide for the filing of a motion for attorneys fees within 14 days of the entry of judgement (Mr. Berry filed in 6 days) and delays the presentation of the motion and the briefing of opposition and replies for a period that the parties are required to attempt to reach a stipulated consensus for up to an additional 14 days.   While the parties are put to the task of conducting alternative dispute resolution proceedings the appeal period is not stayed.  Based on the Court's minute order dated March 17, 2006, the determination of the fee motion will not occur until after the appeal period has run. This would create jurisdictional complexity and possibly require the fling of additional motions that would be unnecessary if the Court applies the authority contained in Fed. R. Civ. P. 58 (c) in its order disposing of the Motion to Alter or Amend as follows:

> (1) Entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees, except as provided in Rule 58(c)(2).
>
> (2) When a timely motion for attorney fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and has become effective to order that <u>the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59</u>.

Fed. R. Civ. P. 58(c) (emphasis added).

It appears that the statement in the Court's order disposing of the Motion to Alter or Amend, that "the Motion for Attorneys Fees and Full Costs, filed on March 15, 2006, shall have the same effect under FRAP 4(a)(4) as a timely motion under Rule 59" will be sufficient to avoid any jurisdictional issues that might arise if the disposition of the Motion for Attorneys' Fees and Full Costs that, by local rule, must be addressed through alternative dispute resolution mechanisms, is delayed.  In addition, so that the judgment need not be amended again, the determination of the both motions should be completed prior to the actual filing of an amended judgment should the Court grant any relief regarding the motion to alter or amend.

## III.   CONCLUSION.

For the reasons stated, Plaintiff respectfully asks that the Motion be granted.

DATED: Honolulu, Hawai'i, March 21, 2006.

        /s/ Timothy J. Hogan
        TIMOTHY J. HOGAN
        Attorney for Plaintiff
        WAYNE BERRY