LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; ) | **Civ. No. CV03 00385 SOM-LEK** |
| ) | **(Copyright)** |
| Plaintiff, ) | |
| ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. ) | **RENEWED MOTION FOR** |
| ) | **JUDGMENT AS A MATTER OF** |
| HAWAIIAN EXPRESS SERVICE, ) | **LAW REGARDING DEFENDANT** |
| INC., a California corporation; et al. ) | **FLEMING PCT'S FAILURE TO** |
| ) | **PRODUCE EVIDENCE OF** |
| ) | **DEDUCTIBLE EXPENSES, OR IN** |
| ) | **THE ALTERNATIVE, FOR NEW** |
| ) | **TRIAL** |
| Defendants. ) | |
| ) | |
| ) | **Non-Hearing** |
| ) | **Judge: Susan Oki Mollway** |
| ) | **Judgement Entered: March 9, 2006** |
| _____ ) | |

**PLAINTIFF WAYNE BERRY'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING DEFENDANT FLEMING PCT'S FAILURE TO PRODUCE EVIDENCE OF DEDUCTIBLE EXPENSES, OR IN THE ALTERNATIVE, FOR NEW TRIAL**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel, and hereby respectfully submits his Renewed Motion for Judgment As A Matter of Law, that the Defendant Fleming Companies, Inc., through its Post-Confirmation Trust ("PCT") failed to produce evidence to support the deduction of over $54,413,019.00 in alleged costs of goods sold expenses during the relevant period.

This Motion is brought on the grounds that, in the record of this case, there is no evidence at all for the jury to have made a determination that $54,413,019.00 in deductible expenses related to Fleming Hawaii's alleged cost of goods sold should be credited to Fleming in regard to its onerous burden under the Copyright Act, 17 U.S.C.§ 504(b) because the freight income was being reported in the cost of goods sold and Fleming's customers were paying for the goods and not Fleming.

This Motion was timely orally made at the close of the Defendant's case. Mr. Berry hereby respectfully renews the Motion pursuant to Fed. R. Civ. P. 50(b) and 59. As set forth in the attached Memorandum of Law and Declaration of Counsel there was no evidence produced that would justify the deduction of

$54,413,019.00 of costs of goods sold and the Plaintiff was entitled to a judgment as a matter of law for that sum. The only evidence presented regarding this alleged deductible expense was that the PCT's expert had not considered this expense and that Fleming's Hawaii division was not paying for its merchandise during the relevant period. Because the jury found that the Plaintiff is entitled to the Defendant's profits, the Court is requested to enter judgment as a matter of law in the amount of the $54,413,019.00 in profits plus $57,534.00 in actual damages set as forth in the special jury verdict, for a total of $54,470,553.00.

In the alternative, should the Court not grant the Motion for Judgment as a Matter of Law, the Court is respectfully and alternatively asked to grant a new trial on the issue of deductible expenses the jury having already determined the Plaintiff's entitlement to profits.

DATED: Honolulu, Hawaii, March 21, 2006

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN