LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | **Civ. No. CV03 00385 SOM-LEK** |
| | ) | **(Copyright)** |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF LAW IN** |
| vs. | ) | **SUPPORT OF PLAINTIFF** |
| | ) | **WAYNE BERRY'S MOTION FOR** |
| HAWAIIAN EXPRESS SERVICE, | ) | **JUDGMENT AS A MATTER OF** |
| INC., a California corporation; et al. | ) | **LAW REGARDING** |
| | ) | **DEFENDANT'S FAILURE TO** |
| | ) | **PRODUCE EVIDENCE OF** |
| Defendants. | ) | **DEDUCTIBLE EXPENSES, OR IN** |
| | ) | **THE ALTERNATIVE, FOR NEW** |
| | ) | **TRIAL** |
| _____ | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
WAYNE BERRY'S MOTION FOR JUDGMENT AS A MATTER OF
LAW REGARDING DEFENDANT'S FAILURE TO PRODUCE
EVIDENCE OF DEDUCTIBLE EXPENSES, OR IN THE
<u>ALTERNATIVE, FOR NEW TRIAL</u>**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned

counsel, and hereby submits his memorandum in support of Plaintiff Wayne Berry's Renewed Motion for Judgment as a Matter of Law Regarding Defendant's Failure to Produce Evidence of Deductible Expenses, Or In the Alternative For New Trial..

**I.      BACKGROUND.**

On Friday, March 3, 2006, at the close of the Defendant's case, Plaintiff moved orally for a judgment as a matter of law.  Specifically, Plaintiff moved on the grounds that the Defendant Fleming PCT did not meet its statutory burden of proof to deduct from gross revenues all its deductible expenses.  The evidence was unrebutted that the PCT left all the costs of goods sold completely unaddressed.  Mr. Berry had produced evidence that income from the use of his FCS was included in the cost of good sold.  *See* Declaration of Timothy J. Hogan, Exhibit "1", Trial Exhibit "46" admitted on February 28, 2006.  The Court, in orally ruling on the motion, pointed to the record, specifically exhibits that were introduced into evidence.  However, in regard to the trial exhibits that were admitted as PCT Exhibits "202" through "207" none of these voluminous exhibits detail the cost of goods sold.  This was consistent with the PCT's damage expert Mr. Jeffrey Kinrich's testimony, where he conceded that he did not address the costs of goods sold at all.  The only evidence in the record was that the freight revenues that were

directly related to Mr. Berry's software use were in the costs of goods sold figures as set forth in Trial Exhibit 46. In addition, the unrebutted testimony of Brian Christensen established that Fleming Hawaii's customers were themselves paying for the costs of goods sold and not Fleming. Fleming produced no evidence to rebut this undisputed fact. Fleming put forward no evidence at all to support its deductions that were evidenced in the cost of goods sold figures and therefore, as a matter of law, based on the jury's findings that Mr. Berry was entitled to the profits, the PCT is liable for the $54,413, 019.00 and the jury should not have been given the issue of profits related to the $54,413,019.00 that was unrebutted in regard to the cost of goods sold. Therefore, Mr. Berry respectfully asks that Court to rule, as a matter of law, that the profits that Mr. Berry is entitled to (as the jury determined) should be no less than the amount of $54,413,019.00, or, alternatively, grant a new trial regarding this issue.

## II.     ARGUMENT.

A motion for judgment as a matter of law may be made orally or in writing but must be made on the record. *Ross v. Rhodes Furniture, Inc.*, 146 F.3d 1286, 1289 (11 Cir. 1998). A motion for judgment as a matter of law may seek judgment on the entire claims or defenses or on specific issues that are not wholly dispositive of the claim or defense. *See Ross, id., at 1289-90.* Where the sufficiency of

evidence is the grounds for a motion for judgment as a matter of law, the primary consideration is whether the evidence in the record could properly support a particular verdict. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The court must view all evidence in favor of the non-moving party and may not make credibility determinations or weigh the evidence. *This Is Me, Inc. v. Taylor*, 157 F.3d 139, 142 (2nd Cir. 1998). The Court may however, disregard testimony that is opposed to undisputed facts. *O'Connor v. Pennsylvania RR Co.*, 308 F.2d 911 (2nd Cir. 1962); *Grant v. Cia and AnonimaVenezolana De Navegacion*, 228 F. Supp., 232 (Ed. LA 1964), *aff'd* 343 F.2d 757 (5th Cir. 1965).

The Plaintiff only has the burden to establish gross revenues. Thereafter it is defendant's burden to rebut the presumption that all profits belong to the plaintiff. Failing to produce evidence is fatal.

> Under § 504(b) of the Copyright Act, once the infringer's gross revenue is established, "the infringer is required to prove his or her deductible expenses . . ." 17 U.S.C. § 504(b) If the infringer "does not assume this burden, or if its attempt to do so is found unacceptable by the court . . . then the 'gross figure is left to stand as the profit factor.'" *Russell v. Price*, 612 F.2d 1123, 1130-31 (9th Cir. 1979), *cert. denied*, 446 U.S. 952, 64 L. Ed. 2d 809, 100 S. Ct. 2919 (1980). **The defendant is required, of course, to render a true and complete accounting of the claimed costs.** *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1174-75 (9th Cir. 1977). **Where the defendant has failed to produce adequate records of his costs, any doubt must be resolved in favor of the plaintiff**. *Shapiro, Bernstein & Co. v. Remington Records, Inc.*, 265 F.2d 263, 272-73 (2d Cir. 1959).

*Business Trends Analysts, Inc. v. Freedonia Group, Inc.*, 700 F. Supp. 1213, 1240 (D.N.Y. 1988) (citations in original) (emphasis added).

In this case, the exhibits that the defendant introduced contained no evidence of the costs of goods sold. The only testimony that even remotely addressed the issue of costs of goods sold was Mr. Kinrich's testimony establishing that he didn't examine this deduction in preparing his opinions. His statement supports the finding that Defendant failed to produce any evidence to meet its burden under the Copyright Act 17 U.S.C. § 504(b) that requires that the defendant rebut each element of deductible expenses and produce evidence that it was not causally related to the use of the Plaintiff's work. It is well established in the Ninth Circuit that the defendant must produce evidence to avoid the presumption.

> Defendants argue further that profits in fact were considered by the jury. The record does not support this conclusion. No exhibits regarding either defendants' profits were submitted to the jury in the infringement action. We therefore find that the issue of profits was neither submitted to nor considered by the jury.

*Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1174 (9th Cir. 1977).

Like the defendant in *Sid & Marty Krofft*, Fleming made no attempt to produce any such evidence regarding the cost of goods sold. The evidence showed

that revenues from the use of the copyrighted work were included in the costs of goods sold. Therefore, the Court must enter judgment as a matter of law on the issue of deductible expenses for the amounts represented by the cost of goods sold in favor of Plaintiff.

In regard to the jury verdict, the jury found that Mr. Berry is entitled to profits. Therefore, there is no issue remaining for the Court to determine and the Court can enter judgment as a matter of law and enter judgment in the amount of $54,413, 019.00, plus the amount of the verdict of $57,530.00 to arrive at a final judgment amount of $54,470, 549.00. If the Court does not so rule, the Court must grant a new trial under Rule 59 as there clearly been insufficient evidence for this issue to have been put to the jury and Mr. Berry is entitled to a new trial, in the alternative.

### III. CONCLUSION.

For the reasons stated, Plaintiff requests that the motion be granted.

DATED: Honolulu, Hawaii, March 21, 2006.

                                        /s/ Timothy J. Hogan
                                        TIMOTHY J. HOGAN