CHUN, KERR, DODD, BEAMAN & WONG
  A Limited Liability Law Partnership

LEROY E. COLOMBE      #3662-0
745 Fort Street, 9th Floor
Honolulu, HI  96813
Telephone:  528-8200
Facsimile:  536-5869
Email:  lcolombe@chunkerr.com


                IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

WAYNE BERRY, a Hawaii citizen,  ) CASE NO. 03-CV-00385 SOM/LEK
                                ) (Copyright)
                Plaintiff,      )
        vs.                     ) MEMORANDUM IN SUPPORT OF
                                ) DEFENDANT FOODLAND SUPER
HAWAIIAN EXPRESS SERVICE,       ) MARKET, LIMITED'S MOTION FOR
INC., a California              ) ATTORNEYS' FEES AND RELATED
corporation; et al.,            ) NON-TAXABLE COSTS
                                )
                Defendants.     )
                                )
                                )
                                )
                                )
                                )
                                )
_____  )


            MEMORANDUM IN SUPPORT OF DEFENDANT
         FOODLAND SUPER MARKET, LIMITED'S MOTION FOR
         ATTORNEYS' FEES AND RELATED NON-TAXABLE COSTS

                      **INTRODUCTION**

        Plaintiff Wayne Berry ("Plaintiff") cast a wide net in
this case, pulling in as many defendants as possible.  Defendant
Foodland Super Market Limited ("Foodland") became entangled in
this net when Plaintiff filed his First Amended Complaint.

Foodland, a retail grocery operation was accused of copyright infringement, vicarious and contributory infringement, and violations of the Sherman Act, all related to computer software Foodland never owned, possessed, had access to, or used.

Plaintiff raised the stakes against Foodland when he sought to file a Second Amended Complaint in 2004 which alleged, inter alia, a conspiracy to infringe and a RICO claim. The RICO allegations included working with Al Quida to bring down the Philippine Government, highjacking food shipments, murder, insurance fraud, and smuggling machine guns and cigarettes. To the extent that Foodland was a "defendant" for purposes of Plaintiff's conspiracy and RICO allegations, it was threatened with joint and several liability for Plaintiff's claimed $116,000,000.00 in damages.

Foodland sought dismissal and/or summary judgment on all counts. Unable to find any evidence supporting Plaintiff's allegations against Foodland, the Court granted Foodland's motion. Under such circumstance, an award of attorneys' fees and related non-taxable costs, pursuant to 17 U.S.C. § 505, is reasonable and necessary.

## FACTS

Plaintiff's First Amended Complaint, filed August 13, 2003 ("FAC"), alleged that Foodland was engaged in copyright infringement, direct copyright infringement, contributory and vicarious infringement, and violations of the Sherman Act related to Plaintiff's computer software. Foodland denied all of the substantive allegations.

On October 10, 2003, Plaintiff served Foodland with his First Request for Production of Documents and Things and First Request for Answers to Interrogatories. Foodland served its answers and production on December 1, 2003, a true and exact copy of which is attached as Exhibit D to the Declaration of

Leroy E. Colombe ("Declaration of Counsel"), filed herewith.
Foodland's answers to interrogatories Nos. 1 and 6 informed
Plaintiff that Foodland had never owned, possessed, had access
to, or used the software.

On January 16, 2004, Plaintiff filed his Motion for
Motion for Leave to File Second Amended Complaint ("Proposed
SAC") adding a conspiracy to infringe and RICO claim stating
that he "names all defendants as RICO persons and seeks to
impose RICO liability on all defendants...." ¶ 137.  The
Proposed SAC contained the ludicrous, over-the-top allegations
referenced above.

Foodland opposed leave to file the Proposed SAC on
January 30, 2004, and at the hearing on February 17, 2004, the
Magistrate Judge informed Plaintiff that she would not permit
him to file the Proposed SAC in the form presented.  Plaintiff
was instructed to remove the offensive material and re-submit
it.  The Magistrate Judge permitted Plaintiff to file the Second
Amended Verified Complaint on June 18, 2004 ("SAVC").  On that
same day, Plaintiff filed his RICO Statement, which continued to
include Foodland as a "RICO person."  The only "predicate act"
listed relevant to the claim against Foodland was "criminal
copyright infringement."  See Plaintiff Wayne Berry's RICO
Statement, p.10.

The SAVC included the following claims against
Foodland: Count I, Direct Infringement; Count II, Contributory
and Vicarious Infringement; Count III, Conspiracy to Infringe;
Count V, Violation of the Sherman Act, and Count VI, Violations
of RICO.  Foodland answered the SAVC on July 7, 2004.

On September 30, 2004, Foodland filed its Motion to
Dismiss Under Rule 12(b)(6), F.R.C.P. and/or Motion for Summary
Judgment.  On January 26, 2005, the Court entered summary

judgment in favor of Foodland and against Plaintiff on all counts as follows:

**Count I Direct Infringement**.  This Court found no evidence that Foodland was a direct infringer, and that Foodland established that it had never possessed Plaintiff's software, let alone infringed upon it.  The Court observed that it "need not draw all possible inferences in [Plaintiff]'s favor, only all reasonable ones."  Order Granting Defendant Foodland's Motion for Summary Judgment; Granting Defendant Hawaii Transfer Company's Motion for Summary Judgment; and Granting in Part and Denying in Part Defendants Dillon, Noa, and Christensen's Motion for Summary Judgment ("Order"), filed herein on January 26, 2005, at 12.

**Count II Contributory and Vicarious Infringement**.  The Court stated that while Plaintiff may have established direct infringement by other defendants, he "fails to establish either that Foodland had knowledge of that infringement, or that Foodland made any material contribution to such infringement."  Order at 15.  Ultimately, the Court concluded that Plaintiff failed to submit any evidence that established Foodland's knowledge of any infringement or made any material contribution to any infringement.  Order at 10.

**Count III Conspiracy to Infringe**.  The Court concluded that Plaintiff failed to "establish any unlawful arrangement or concerted action by Foodland and Fleming."  Order at 20.  Plaintiff relied on the same unsupported facts he relied upon in Counts I and II that the Court said were no more likely to establish contributory infringement as they were direct or vicarious infringement.

**Count V Violations of the Sherman Act Against Non-Debtor Defendants**.  Plaintiff alleged violations of 15 U.S.C. §§ 1-2 based on the use of his copyrighted software.  The Court

held that Plaintiff lacked "antitrust standing" to bring a claim and that Plaintiff's "copyright infringement claim arising out of Defendants' use of unauthorized copies and derivatives of [software]...[were] neither the type of injury that the antitrust laws were intended to prevent, nor an injury that flows from Defendants' anticompetitive conduct." Order at 22.

**Count VI Violations of RICO Against Non-Bankrupts**.
Plaintiff accused the defendants, including Foodland, of a engaging in a variety of criminal activity.  The Court concluded that Plaintiff's reliance on the same evidence that was "insufficient to establish copyright infringement conspiracy, is similarly insufficient to establish any RICO conspiracy."  Order at 25.

Indeed, Plaintiff has admitted that, as between Foodland and Plaintiff, Foodland was the prevailing party. Plaintiff's Motion for Award of Attorney's Fees and Full Costs, filed herein on March 15, 2006, stated:

> **Mr. Berry did not prove his claims in regard to** C&S, HTC, Guidance and **Foodland** and the Sherman Act and RICO claims against Fleming."

Plaintiff's Memorandum in Support of Motion at 10-11 (emphasis added).

**RELEVANT LAW**

**I.    17 U.S.C. § 505 Authorizes The Court To Award "Full Costs" And Attorneys' Fees To The Prevailing Party**

Foodland may be awarded attorneys' fees and related non-taxable costs[1] pursuant to 17 U.S.C. § 505, which provides:

---

[1]    Taxable costs will be addressed in Foodland's Bill of Costs, to be filed separately pursuant to F.R.C.P. Rule 54(d)(1).

> In any civil action under this title, the
> court in its discretion may allow the
> recovery of **full costs** by or against any
> party other than the United States or an
> officer thereof.  Except as otherwise
> provided by this title, the court may also
> award a reasonable attorney's fee to the
> prevailing party as part of the costs.

(Emphasis added.)

Under 17 U.S.C. § 505, "attorneys' fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogarty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994). But, "'exceptional circumstances' are not a prerequisite to an award of attorneys' fees; district courts may freely award fees as long as they treat prevailing plaintiffs and prevailing defendants alike[.]" Advanz Behavioral Mgmt. Res., Inc. v. Miraflor, 21 F.Supp.2d 1179, 1192 (C.D.Cal. 1998) (quoting Historical Research v. Cabral, 80 F.3d 377, 378 (9th Cir.1996)).

In Fogarty, the Supreme Court stated that "there is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified." Id. (citation omitted). The considerations approved by the Fogarty Court include:

> frivolousness, motivation, objective
> unreasonableness (both in the factual and in
> the legal components of the case) and the
> need in particular circumstances to advance
> considerations of compensation and
> deterrence.  We expressly do not limit the
> factors to those we have mentioned,
> realizing that others may present themselves
> in specific situations.

Id., 510 U.S. at 534 n.19, 114 S.Ct. at 1033 n.19 (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3rd Cir. 1986)).

The Ninth Circuit has added to these factors stating that the district court should also consider the "degree of success obtained." Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001); see also Ets-Hokin v. Skyy Spirits, Inc., 323 F.3d 763, 766 (9th Cir. 2003).

## II. ATTORNEYS' FEES MAY BE AWARDED TO A PREVAILING DEFENDANT IN ANTI-TRUST AND RICO CASES WHERE THE ALLEGATIONS ARE INTERTWINED WITH CLAIMS FOR WHICH FEES MAY BBE AWARDED

Normally, a prevailing defendant in a RICO action is not entitled to an award of attorneys' fees. However, where a plaintiff's RICO allegations are intertwined with allegations made under a separate federal statutory scheme which allows for an award of attorneys' fees, the prevailing defendant's fees should not be reduced on the ground that time was expended on the RICO claim. See Strain v. Kaufman County District Attorneys Office, 23 F.Supp.2d 698 (N.D.Tex. 1998) (reduction in fee request for time expended on RICO not warranted where RICO allegations were intertwined with civil rights claim under 42 U.S.C. §§ 1883, 1888). Furthermore, even though the RICO act does not authorize an award of attorneys' fees to a prevailing defendant, it does not prevent such a defendant from being awarded those fees on other grounds. See Chang v. Chen, 94 F.3d 27 (9th Cir. 1996) (RICO does not preclude prevailing defendants in civil RICO action from recovering attorneys' fees when specified by agreement of the parties).

As to Plaintiff's anti-trust claim, 15 U.S.C. § 15 provides for an award of attorneys' for a prevailing plaintiff, but not for a prevailing defendant. However, the Ninth Circuit has expressly determined that a prevailing defendant in a copyright case can also recover fees for "any related claims."

The Traditional Cat Ass'n, Inc. v. Gilbreath, 340 F.3d 829 (9th Cir. 2003). In that case, the lower court had denied fees in a copyright case which also included claims for conversion and defamation. The appellate court reversed, holding that:

> Controlling precedent establishes "that a party entitled to attorneys' fees as a prevailing party on a particular [copyright] claim, but not on other claims in the same lawsuit, can only recover attorneys' fees incurred in defending against that one claim or any 'related claims.'"

Id. at 833 (citations omitted). The court then remanded for determination as to whether or not the non-copyright claims were "related." Accordingly, Foodland may recover attorneys' fees in regards to the anti-trust and RICO claims to the extent they were "related" to the copyright claims.

### ARGUMENT

### I.   FOODLAND IS THE PREVAILING PARTY

Plaintiff admitted that Foodland was the prevailing party in this litigation. This Court granted Fleming's motion for summary judgment in four of five counts and dismissed the fifth.

> Generally, the prevailing party is the one who successfully prosecutes the action or successfully defends against it, prevails on the merits of the main issue, and the one in whose favor the decision or verdict is rendered and judgment entered.

Champion Produce, 342 F.3d at 1023-24; see also Florentine Art Studio, Inc. v. Vedet K. Corp., 891 F.Supp. 532, 541 (C.D.Cal. 1995) (quoting Warner Brothers, Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1126 (2d Cir.1989)). Foodland was completely exonerated on all counts. Under any reading of Ninth Circuit case law, Foodland is the prevailing party, Plaintiff has

admitted as much, and there are no findings of fact that warrant
the Court exercising its discretion and reducing or denying
Foodland's costs.

## II. THE FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES TO A PREVAILING COPYRIGHT DEFENDANT ARE IN FOODLAND'S FAVOR

Under the above-cited authorities, the relevant
factors to consider in awarding Foodland its fees are "degree of
success obtained", "objective reasonableness, and "frivolous" of
Berry's case, and "the need to advance considerations of
compensation and deterrence."

### A. Foodland Obtained The Highest Degree Of Success Possible In This Litigation

Foodland obtained the highest degree of success under the
circumstances.  Even when a copyright defendant does not succeed
outright on all counts, fees may be awarded.  In Florentine, 891
F.Supp. at 541, the court stated:

> [I]n this case, defendants are the
> prevailing parties.  Defendants clearly
> succeeded in a substantial part of this
> litigation, and achieved substantially all
> the benefits they hoped to achieve in
> defending the suit.
>
> Defendant Gonul Kurdoglu was completely
> exonerated on all counts. . . .
>
> Defendants Vedat Kurdoglu and Vedat K.
> Corporation prevailed on seven of the nine
> infringement counts, were found merely to be
> innocent infringers on the remaining two,
> and were assessed the minimum statutory
> damages.  Defendants established that they
> never knowingly copied any copyrighted work.

Foodland is in a much stronger position than that of
the defendants in Florentine.  Here, the Court's Order left no

101699

9

doubt that Plaintiff failed on every claim; he had no facts to substantiate his allegations.  And, Plaintiff has admitted he lost on all counts.

   **B.   Plaintiff's Factual Arguments Were Objectively Unreasonable In The Absence Of Any Fact Or Inference Supporting His Allegations**

        Arguments and/or objections in a copyright infringement case that are weak or irrelevant can be "objectively unreasonable."  <u>See</u> <u>Sega Enters., Ltd. v. MAPHIA</u>, 948 F.Supp. 923, 940-41 (N.D.Cal. 1996).  Although <u>Sega</u> involved a defendant who put forth weak and irrelevant defenses the reasoning is nonetheless applicable.  <u>See</u> <u>e.g.</u>, <u>Berkla</u>, 302 F.3d at 922 ("Prevailing plaintiffs and prevailing defendants are to be treated alike[.]").  In <u>Sega</u>, the plaintiffs brought multiple claims against defendant MAPHIA for, among other things, willful infringement and contributory infringement.  On summary judgment, Sega established that MAPHIA not only willfully infringed but made plaintiff's copyright work available to the public and encouraged users of its website to download the Sega copyrighted work.  <u>Sega</u>, 948 F.Supp. at 931-33.  MAPHIA raised several defenses that the court uniformly dismissed.  The court granted Sega's motion for summary judgment explaining that

> Sega is the prevailing party in its copyright claim.  Several of Sherman's arguments for denying copyright infringement liability and for objecting to the evidence are weak or irrelevant.  He had knowledge of the infringing activity, and willfully encouraged it.  He also participated in the sale of copiers that did not have any substantial non-infringing uses.  All of these factors weigh in favor of an award of attorneys' fees.

<u>Id.</u> at 940-41.

In this case, the roles are reversed.  Plaintiff
introduced irrelevant and unsubstantiated allegations and
Foodland produced uncontradicted facts and declarations
supporting its defenses.  As early as December of 2003,
Plaintiff learned, from Foodland's answers to Plaintiff's
interrogatories, that Foodland did not have a copy of the
software nor had it ever had access to the software.  Indeed, at
summary judgment, in the face of declarations from Foodland's
officer denying having a copy of or access to the software,
Plaintiff nonetheless relentlessly argued, without evidentiary
support, that his version of the facts were true.  All of
Plaintiff's unsubstantiated allegations, from an agreement
between Foodland and Fleming to his most outrageous and
unsubstantiated RICO allegations were irrelevant, groundless,
and objectively unreasonable.

### C.    Plaintiff's Claims Were Frivolous

"A 'frivolous' case is one that is 'groundless ...
with little prospect of success[.]'" U.S. v. Manchester Farming
P'ship, 315 F.3d 1176, 1183 (9th Cir. 2003).  And, in the
context of a frivolous appeal, "[a] frivolous appeal is defined
as one in which the result is obvious, or where the appellants'
claims are utterly meritless." Harrah's Club v. Van Blitter,
902 F.2d 774, 777 (9th Cir. 1990) (quoting Franklin v. Murphy,
745 F.2d 1221, 1225 (9th Cir. 1984)).

In this case, Plaintiff knew, or should have known,
from the start that his case against Foodland was all smoke and
mirrors.  Rather than dismiss Foodland because his claims were
utterly meritless, Plaintiff distorted facts, ignored evidence
contradicting his allegations, and relied on his own version of
events to keep Foodland in the litigation.

D.    **Plaintiff's Utter Disregard For The Facts And The Law Must Be Deterred**

Deterrence is a necessary factor in considering an award of attorneys' fees and costs.  See Warner Bros. Entm't Inc. v. Caridi, 346 F.Supp.2d 1068, 1074 (C.D.Cal. 2004) (holding that patently unreasonable conduct warranted an award of attorneys' fees).  Moreover, exceptional circumstances are not a prerequisite to such an award.  See Sega , supra, 948 F.Supp. at 940-41.

As this Court well knows, Plaintiff launched a campaign against Fleming many years ago.  He appears bent on doing whatever it takes to damage Fleming's business, not caring that he sweeps the innocent into his battle.  He accused Foodland of scandalous conduct without regard for the truth, thereby requiring Foodland's attorneys' to spend time defending the baseless allegations.  Plaintiff persisted in pursuing Foodland even after being advised that Foodland did not have, never had, and never possessed or accessed the software.

Plaintiff's conduct is inexcusable.  An award of attorneys' fees and costs will help deter Plaintiff (and others like him) from dragging innocent parties into such irrational and groundless lawsuits.

III. **PLAINTIFF'S ALLEGATIONS REGARDING ANTI-TRUST VIOLATIONS AND RICO ARE CLOSELY INTERTWINED WITH HIS COPYRIGHT ALLEGATIONS, AND THERE SHOULD BE NO APPORTIONMENT OF FEES ON ACCOUNT OF THE SHERMAN ACT AND RICO CLAIMS**

Plaintiff may attempt to argue that Foodland's fees should be reduced on the theory that some of those fees were expended on fending off the anti-trust claim.  However, as explained above, where copyright allegations are so closely related to, and "intertwined" with, allegations supporting other claims, such a reduction would be inappropriate.  In the current

101699                          12

situation, Plaintiff's anti-trust and copyright claims and allegations are clearly "related and intertwined."  Plaintiff alleged that his "[software], is necessary to the monopoly that facilitates the overcharges to all Fleming customers."  SAVC ¶ 120.  Plaintiff later states "[b]ut for the conspiracy with Foodland...Fleming would not require the illegal use of Mr. Berry's [software] to continue its Hawaii monopoly."  SAVC ¶ 123.

Likewise, Plaintiff's RICO allegations are "intertwined" with his copyright allegations.  The only predicate act on which Plaintiff based his RICO claim against Foodland was copyright infringement.  Indeed, throughout Plaintiff's RICO Statement, it is clear that he is relying on his copyright allegations, as opposed to anti-trust or other allegations, to support his RICO theory.  Therefore, Plaintiff should not be allowed to argue that Foodland's fee application should be reduced on the ground that time was expended on the RICO claim.  See Strain, supra.

## IV.  FEES INCURRED BY FOODLAND IN THIS MATTER WERE REASONABLE AND NECESSARY

Despite the dubiousness of Plaintiff's claims, and the lack of evidence to support them, there were several factors which caused Foodland particular expense in defending against this action.  These include the breadth and imprecision of the allegations, the vigorousness with which Plaintiff's attorney pursued Foodland and the case in general, and the time and expense inherent in being involved in multi-party litigation.

Specifically, per the attached Declaration of Counsel (paragraph 7), it was necessary for Foodland's attorneys to provide the following services in defending against Plaintiff's lawsuit:

a.    reviewing, analyzing, and responding to the First Amended Complaint in this matter;

b.    participating in mediation efforts, as well as direct settlement discussions with Plaintiff's attorney, both of which were ultimately fruitless;

c.    reviewing and responding to a motion to file a Second Amended Complaint, which attached a proposed draft Second Amended Complaint that was 42 pages long, with 185 paragraphs of factual allegations, much of which was impertinent, scandalous, and ultimately not allowed by the Court;

d.    reviewing and responding to a revised Second Amended Complaint in the form allowed by this Court;

e.    conducting discovery of Plaintiff's vague and scattershot allegations which lumped Foodland in with other Defendants without specifying which Defendants allegedly committed which acts;

f.    responding to overly broad, unduly burdensome, and (in some cases) irrelevant discovery requests by Plaintiff;

g.    reviewing a massive amount of correspondence and pleadings, as is evidenced by the fact that the files of Foodland's attorneys on this case, <u>for pleadings alone</u>, beginning with the First Amended Complaint through this Court's order granting summary judgment, take up nineteen file folders and include 389 documents;

h.    attending several depositions, including the lengthy deposition of Mark Dillon;

i.    reviewing, responding (where appropriate), and attending conferences concerning many different matters, including Plaintiff's Motion for Preliminary Injunction and

motions concerning appointment of a Discovery Master, as well as conferences with the Discovery Master;

        j.   fending off Plaintiff's attempt to make use of inadvertently-disclosed privileged documents, including ultimately obtaining a ruling of the Court preserving the privilege;

        k.   preparing and arguing a successful motion for summary judgment which, based on the nature of the claims in the Second Amended Complaint, required research and briefing of issues on each of the five counts brought against Foodland.

The time expended by Foodland in this matter is detailed in Exhibit A to the Declaration of Counsel filed herewith. Having made these services necessary through his imprecise pleadings, heedless pursuit of dubious claims, and litigation tactics, Plaintiff should not be heard to complain about the time and expense expended by Foodland in its defense.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Foodland respectfully requests that this Court grant the present Motion and award the attorneys' fees and non-taxable costs prayed for herein.

DATED:  Honolulu, Hawaii, March 23, 2006.


            /s/ Leroy E. Colombe
        LEROY E. COLOMBE
        of Chun, Kerr, Dodd, Beaman & Wong
        A Limited Liability Law Partnership

        Attorneys for Defendant
        FOODLAND SUPER MARKET, LIMITED

101699