# EXHIBIT B

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

'JUN 2 7 2005

at 10 o'clock and 45 min. A M C
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ) ) | ORDER GRANTING IN PART, DENYING IN PART BERRY'S |
| vs. | ) ) | MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING C&S LOGISTICS |
| HAWAII EXPRESS SERVICE, INC., a California corporation; et al. | ) ) ) ) | OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITION, LLC, ES3, LLC, AND RICHARD COHEN'S MOTION |
| Defendants. | ) ) ) ) ) ) ) ) ) ) ) | FOR SUMMARY JUDGMENT; ORDER GRANTING GUIDANCE SOFTWARE, INC., AND MICHAEL GURZI'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING IN PART, DENYING IN PART REMAINING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

ORDER GRANTING IN PART, DENYING IN PART BERRY'S MOTION FOR
SUMMARY JUDGMENT; ORDER GRANTING C&S LOGISTICS OF HAWAII, LLC,
C&S WHOLESALE GROCERS, INC., C&S ACQUISITION, LLC, ES3, LLC, AND
RICHARD COHEN'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING
GUIDANCE SOFTWARE, INC., AND MICHAEL GURZI'S MOTION FOR SUMMARY
JUDGMENT; ORDER GRANTING IN PART, DENYING IN PART REMAINING
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

I.      INTRODUCTION.

        Plaintiff Wayne Berry is suing multiple defendants for

copyright infringement and related matters.  This court has

previously ruled on several motions in this case.  In this latest

round of what seems to this court to be a never ending stream of

motions, Berry moves for summary judgment against all remaining

Defendants.  Defendant Post Confirmation Trust ("PCT")[1];

Defendants C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers,

_____

        [1] PCT represents the interests of Defendant Fleming
Companies, Inc. ("Fleming"), during Fleming's bankruptcy.

2.    A Material Issue of Fact Remains With Respect
to Berry's Claim of Vicarious Infringement By
Fleming.

One infringes vicariously by profiting from direct

infringement while declining to exercise a right to stop or limit

the infringement.  Id.  A defendant's lack of knowledge of the

infringement is not a defense.  Id. at 12 n.9.

As noted above, the direct infringement in this case

occurred between March 7, 2003, and June 9, 2003, when Fleming

and Employees inadvertently used an altered version of FCS.

Fleming clearly had the right and ability to stop or limit

Dillon, Noa, and the other Employees' use of the infringing

software during this period.  It is unclear, however, whether

Fleming realized any profit through use of the altered version of

FCS.

Fleming and Employees had a license to use the original

Berry software during this time and attempted to revert to the

original version of the software.  They were unaware of their use

of an altered version of FCS.  While Berry fails to raise any

factual issue as to whether any Defendant other than Fleming

directly benefitted from infringement between March 7, 2003, and

June 9, 2003, the court leaves for another day the question of

whether Fleming directly benefitted from the infringement.

Berry's and Fleming's motions for summary judgment on

Count II are denied, and the counter-motions filed by Defendants

29

infringement and the issue of any direct benefit to Fleming for alleged vicarious infringement. Motions for summary judgment on damages or on Fleming's alleged vicarious infringement may be filed on or before the dispositive motions cutoff. Berry's motion for summary judgment is denied in all other respects.

Employees' motion for summary judgment is denied with respect to liability for direct infringement between March 7, 2003, and June 9, 2003, and for vicarious infringement. Employees' motion for summary judgment is granted in all other respects.

Fleming's motion for summary judgment is denied with respect to liability for direct infringement between March 7, 2003, and June 9, 2003, and with respect to vicarious infringement. Fleming's motion for summary judgment is granted in all other respects.

All other Defendants' motions for summary judgment are granted. The tentatively reserved hearing date of August 9, 2005, is vacated with respect to Guidance and Gurzi.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 27, 2005.

SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

Berry v. Hawaiian Express Service, Inc., et al., Civ. No. 03-00385 SOM/LEK, ORDER GRANTING IN PART, DENYING IN PART BERRY'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITION, LLC, ES3, LLC, AND RICHARD COHEN'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING GUIDANCE SOFTWARE, INC., AND MICHAEL GURZI'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING IN PART, DENYING IN PART REMAINING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT.

40