KOBAYASHI, SUGITA & GODA

BERT T. KOBAYASHI, JR.    659-0
LEX R. SMITH              3485-0
THOMAS H. YEE             7344-0
SUITE 2600, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 539-8700
Fax No. (808) 539-8799
Email: lrs@ksg.law.com

Attorneys for Defendants

C&S LOGISTICS OF HAWAII, LLC, C&S
WHOLESALE GROCERS, INC., C&S
ACQUISITIONS LLC; ES3, LLC, and RICHARD
COHEN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>            Plaintiff,<br>    vs.<br><br><br>HAWAIIAN EXPRESS SERVICE, INC., et al.,<br>            Defendants.<br>_____ | ) CIVIL NO. CV03-00385 SOM-LEK<br>) (Copyright)<br>)<br>) MEMORANDUM IN SUPPORT OF<br>) MOTION OF PREVAILING<br>) DEFENDANTS C&S WHOLESALE<br>) GROCERS INC., C&S ACQUISITION<br>) LLC, C&S LOGISTICS LLC, ES3 LLC<br>) AND RICHARD COHEN FOR<br>) AWARD OF ATTORNEYS'<br>) FEES AND FULL COSTS<br>) |

**MEMORANDUM IN SUPPORT OF MOTION OF PREVAILING
DEFENDANTS C&S WHOLESALE GROCERS INC., C&S**

**ACQUISITION LLC, C&S LOGISTICS LLC, ES3 LLC AND
RICHARD COHEN FOR AWARD OF ATTORNEYS'
FEES AND FULL COSTS**

I.    **INTRODUCTION**

The present motion is made on behalf of four defendants who

prevailed on every single claim that was made against them:  (1) C&S

Wholesale Grocers Inc.; (2) C&S  Acquisition LLC; (3) C&S Logistics

LLC; (4) ES3 LLC and (5) Richard Cohen (collectively "Movants").  Each

prevailed in this case when the Honorable Susan Mollway granted summary

judgment rejecting all of the plaintiff's claims against them.  They seek an

award of their attorneys' fees as authorized by 17 U.S.C. § 505.

The prevailing party is the one who "succeeded in a substantial part of

this litigation, and achieved substantially all the benefits they hoped to

achieve in defending the suit." <u>Florentine Art Studio, Inc. v. Vedet K. Corp.</u>,

891 F.Supp. 532, 541 (C.D.Cal. 1995).   Here, there is no question that

Movants are the prevailing party because on every single one of Wayne

Berry's claims against them were rejected.   Movants should recover their

attorneys' fees and associated taxable and nontaxable costs.

II.    **THE COURT SHOULD AWARD ATTORNEYS' FEES AND
COSTS TO MOVANTS UNDER SECTION 505 OF THE
COPYRIGHT ACT**

The Copyright Act entitles prevailing defendants to recover attorneys'
fees on the same basis as prevailing plaintiffs.  "[A]ttorney's fees are to be
awarded to the prevailing parties only as a matter of the court's discretion."
Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d
455 (1994).   The factors to be considered in deciding whether to award fees
are (a) frivolousness of the plaintiff's claims, (b) motivation, (c) objective
unreasonableness (both in the factual and in the legal components of the
case), (d) the need in particular circumstances to advance considerations of
compensation and deterrence, (e) the degree of success obtained, (f) the
purposes of the Copyright Act, and (g) whether the chilling effect of an
award of attorneys' fees may be too great or impose an inequitable burden
on an impecunious plaintiff.   Id.  Each of these factors fully supports an
award of attorneys' fees against the plaintiff.

> A.    **Frivolousness, Objective Unreasonableness, and Degree of
>        Success Obtained**

Plaintiff's claims against the Movants were frivolous and objectively
unreasonable.  For example, the plaintiff sued ES3 LLC for no reason at all
and with absolutely no evidence.  The only basis the plaintiff ever gave for
suing ES3 LLC was that ES3 "shares a server" with C&S.  See the
Deposition of Wayne Berry, at 132-135, attached as Exhibit "A" to the

Declaration of Lex R. Smith ("Smith Declaration").  Sharing a server is

certainly not an act of infringement.

Similarly, the plaintiff's lawsuit against Mr. Richard Cohen is utterly

frivolous.  In his deposition, the only explanation he could conjure was:

> Well, he seems to be the owner or principal shareholder
> of C&S, the C&S acquisitions, the LLC's, the C&S
> Logistics of Hawaii, ES3, all those different names.  He
> was -- obviously gave his approval for this transaction.
> He's the ultimate authority of accepting the transfers of
> all my software and things from Fleming.

Wayne Berry Depo. at  140:23-141:11, attached to the Smith Declaration as

Exhibit "A".

Obviously, it is not a violation of the copyright law to own stock in a

corporation.   The claim against Cohen was patently frivolous.

All of the plaintiff's claims against the Movants were, at a minimum,

"objectively unreasonable."  Mr. Berry could not identify a single

protectable element of his "work" he claimed was infringed and utterly

failed to meet the requirements of established Ninth Circuit precedent.

Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435, 1443 (9th Cir.

1994).  As this Court recognized in its summary judgment order, Berry

could not meet the requirements of governing Ninth Circuit precedent:

> Berry fails to establish that Employees copied any
> protectable elements of the FCS structure in creating the
> Excel spreadsheets.

June 27, 2005 Order Granting Summary Judgment, at 13, attached as Exhibit "B" to the Smith Declaration.

Instead of following <u>Apple Computer</u>, plaintiff attempted to support his case against Movants with nothing but an expert's conclusory assertion that, in his opinion, "C&S infringed."    Plaintiff's attempt to ignore the governing law of the Ninth Circuit was objectively unreasonable.

The "degree of success obtained" by the Movants was total victory. The Court rejected each and every claim plaintiff has made against each of the defendants.

B.    **<u>Motivation</u>**

Plaintiff's motivation, stemming from a long-standing vendetta, strongly calls for an award of the Movants' attorneys' fees.   Since C&S acquired Fleming's Hawaii operations, the plaintiff simply "plugged in" C&S to his ongoing crusade against Fleming.  The chain of litigation sponsored by the plaintiff includes <u>Atlantic Pacific International vs. Fleming</u>, Civil No. CV02-00711 HG LEK[1]; <u>Fleming Companies Inc. vs. Atlantic Pacific International</u>, Civil No. CV 01-00645 SPK KSC[2]; and <u>Atlantic Pacific International Inc. v. Kraft Foods North America, Inc</u>, Civil

---

[1] An alleged antitrust case filed by plaintiff's wholly owned corporation.
[2] An action to compel arbitration, which the plaintiff appealed to the Ninth Circuit rather than arbitrate.

NO. 03-1-0865-04[3].   But plaintiff's crusade has not stopped in the

courtroom.  In his deposition, plaintiff admitted to making allegations of

Fleming wrongdoing to countless government agencies, including the

Securities & Exchange Commission; Postal Service; Bureau of Alcohol,

Tobacco and Firearms; Defense Department and Internal Revenue Service.

Since C&S acquired Fleming assets in August of 2003, the Plaintiff

took up his campaign of harassment against C&S, complaining to the FTC

about C&S's compliance with the Hart Scott Rodino Antitrust

Improvements Act, complaining to the United States Department of

Agriculture about C&S's alleged spreading of Mad Cow Disease, and

complaining to government agencies about the labels on milk sold by C&S

and the poor health effects supposedly resulting from "double pasteurized"

milk.[4]

This history gives context to the motivation underlying the Plaintiff's

unsupported claims in this lawsuit.  The fact that Plaintiff is registering

complaints about C&S with the Federal Trade Commission and the Hawaii

Health Department reflect his desire to harass and annoy C&S at every

opportunity.  It is this motivation that underlies his baseless lawsuit against

---

[3] A "collection action" in which the plaintiff sued Kraft for bills that Kraft
had already paid to Fleming.
[4] Berry Deposition at 349, attached to the Smith Declaration as part of
Exhibit "A".

not only C&S but its shareholder and its affiliate.  As called for under 17

U.S.C. § 505, plaintiff should be required to pay Movants' attorneys' fees

because this lawsuit was motivated out of spite and not merit.

    C.    **Considerations Of Compensation And Deterrence**

The plaintiff's tactic of asserting dubious copyright claims against

countless parties should be deterred.   The five Movants were drug into this

case with twenty-four other defendants apparently because the plaintiff

wanted to sue as many people as possible.  Discovery confirmed, as the

Court ultimately ruled, that there was no basis for a copyright claim against

the Movants, as well as many other defendants.   Plaintiff's litigation tactic

should be deterred through an award of attorneys' fees in favor of the

Movants.

    D.    **Purposes Of The Copyright Act**

The purpose of the Copyright Act is not to authorize the author of a

database program to perpetually harass and torment everyone who does

business with the author's licensee.   Yet, that is precisely what the plaintiff

attempted to do with his copyright in this case.  With the exception of

Fleming, every Defendant in this case was sued for the mere act of doing

business with Fleming.  Because the plaintiff's conduct is completely

contrary to the purposes of the Copyright Act, plaintiff should be required to pay Movants' defense costs.

     E.    **<u>Chilling Effect</u>**

One can only hope that there would be a "chilling effect" on the plaintiff's endless thirst for litigation against numerous parties whose only offense is doing business with Fleming. Under the circumstances of this case, any "chilling effect" is desirable.

III.    **AS PREVAILING DEFENDANTS, MOVANTS ARE ENTITLED TO SEEK THEIR ATTORNEYS' FEES FROM THE PLAINTIFF, REGARDLESS OF MOVANTS' <u>CONTRACTUAL RELATIONSHIP WITH FLEMING.</u>**

It is anticipated that plaintiff may attempt to avoid responsibility for Movants' defense costs on the ground that Movants' defense costs were been paid by the Fleming Post Confirmation Trust ("PCT") pursuant to an indemnity agreement. Any such attempt should fail.

Each Court that has addressed this question has held that a prevailing defendant is not precluded from recovering attorneys' fees under Section 505 of the Copyright Act merely because the defense costs were paid by a third party. In <u>Pickering v. Holman</u>, 459 F.2d 403 (9th Cir. 1972), a patent case, the Ninth Circuit held that a prevailing defendant is entitled to seek attorneys' fees even though its fees had been paid by a third party. The Ninth Circuit stated:

10

> Pickering finds error in that a third party-the manufacturer of the infringing device-was footing defendants' litigation and thus their costs were paid for by that party. For this reason, he argues, he should not be required to pay defendants' costs.
>
> Tidewater Patent Dev. Co., Inc. v. Kitchen (4 Cir. 1970), 421 F.2d 680, is the closest case. There the court awarded attorney's fees to defendant even though a third party paid for the litigation expenses. We think the same principle should apply here. The arrangement between the defendants and the manufacturer is a common one in patent litigation. We see no reason to penalize it. Pickering, who obtained his patent without full disclosure to the Patent Office and sued upon an invalid patent, is the wrongdoer. If he is not charged costs he gains a windfall.

459 F.2d at 407.

The principle of Pickering has been applied in Section 505 of the Copyright Act.  For example, in ABC, Inc. v. Primetime 24, 67 F.Supp.2d 558 (M.D.N.C. 1999), the Court awarded attorneys' fees to a prevailing plaintiff despite the fact that the plaintiff's fees had been paid by a third party:

> PrimeTime 24 next argues that ABC is not entitled to an award of statutory attorney's fees because all or most of those fees have been paid by a third party, the National Association of Broadcasters ("NAB"), of which ABC is a member. PrimeTime 24 cites no case law in support of this argument. In other contexts, courts have consistently held that the fact that a third party has paid some or all of the prevailing party's legal fees does not bar a recovery of statutory attorney's fees. See Pickering v. Holman, 459 F.2d 403, 407-08 (9th Cir.1972) (holding in a patent case

that, although a third party had paid the prevailing party's legal fees and expenses, the prevailing party was nevertheless entitled to recover those fees and expenses from the losing party); American Council of the Blind of Colorado, Inc. v. Romer, 962 F.2d 1501, 1503-04 (10th Cir.1992) (finding full payment of attorney's fees by nonparty to be irrelevant to an award of attorney's fees to a prevailing party under Section 1988), vacated on unrelated grounds, 506 U.S. 1075, 113 S.Ct. 1038, 122 L.Ed.2d 348 (1993). The court concludes that, while the fact that ABC's legal fees and expenses have been paid by the NAB may be a factor which the court considers in deciding whether to exercise its discretion in awarding fees, that fact does not bar ABC from recovering such fees.

Id. at 562.

Pickering was also followed in Horning v. County of Washoe, 108 F.R.D. 364, 365 (D.Nev. 1985), where the District Court in Nevada awarded costs to individual county employees whose legal expenses had been paid by the county.

Pickering is equally applicable here. Movants are the prevailing parties in this case and the Fogerty factors strongly indicate that Movants should recover their fees. As Pickering explains, the fact that those fees were paid, in the first instance, by someone other than Movants, does not impair Movants' right to seek fees as the prevailing party.

IV.    **CONCLUSION**

Each of the <u>Fogerty</u> factors supports awarding fees to Movants. The plaintiff's claims against Movants were objectively unreasonable. The plaintiff's motivation to harass and vex Movants is obvious, as he has he now includes them in his long-running feud against Fleming. Fees should be awarded to Movants in order to provide deterrence from making outrageous and unsupportable claims. The degree of success obtained by Movants was complete. The purposes of the Copyright Act are supported by awarding a prevailing defendant fees in a case such as this where the plaintiff has pursued numerous claims that were lacking in factual and legal support. Finally, awarding attorneys fees to Movants would have no chilling effect on plaintiffs pursuing meritorious claims.

DATED: Honolulu, Hawaii, March 23, 2006.

KOBAYASHI, SUGITA & GODA

/s/ Thomas H. Yee
_____
LEX R. SMITH
THOMAS H. YEE

Attorneys for Defendants

C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS LLC; ES3, LLC, and RICHARD COHEN