LYLE S. HOSODA & ASSOCIATES, LLC

LYLE S. HOSODA      3964-0
RAINA P.B. MEAD     7329-0
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

Attorneys for Defendants
MARK DILLON, TERESA NOA, MELVIN PONCE,
SONIA PURDY, JUSTIN FUKUMOTO,
ALFREDDA WAIOLAMA, and JACQUELINE RIO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen,<br><br>                    Plaintiff,<br><br>          v.<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., a California<br>corporation; et al.,<br><br>                    Defendants. | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>NOTICE OF MOTION; DEFENDANTS<br>MARK DILLON, TERESA NOA,<br>MELVIN PONCE, SONIA PURDY,<br>JUSTIN FUKUMOTO, ALFREDDA<br>WAIOLAMA, AND JACQUELINE RIO'S<br>RENEWED MOTION FOR JUDGMENT AS<br>A MATTER OF LAW AS TO ACTUAL<br>DAMAGES AND VICARIOUS<br>INFRINGEMENT; MEMORANDUM IN<br>SUPPORT OF MOTION; CERTIFICATE<br>OF SERVICE<br><br><br>Non-Hearing Motion<br>Trial:    February 28, 2006<br>Judge:    Hon. Susan Oki<br>          Mollway |

## NOTICE OF MOTION

TO:     TIMOTHY J. HOGAN, ESQ.
        Lynch, Ichida, Thompson & Kim
        1132 Bishop Street, Suite 1405
        Honolulu, Hawaii 96813

Attorney for Plaintiff
WAYNE BERRY

LEX R. SMITH, ESQ.
THOMAS YEE, ESQ.
Kobayashi Sugita & Goda
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813

Attorneys for Defendant
FLEMING COMPANIES, INC.
C & S WHOLESALE GROCERS, INC.
C & S LOGISTICS OF HAWAII, LLC
and C & S ACQUISITIONS, LLC

MICHAEL BAUMANN, ESQ.
DAMIAN CAPOZZOLA, ESQ.
R. OLIVIA SAMAD, ESQ.
Kirland & Ellis
777 South Figueroa Street
Los Angeles, California 90017

Attorneys for Defendant
POST-CONFIRMATION TRUST for FLEMING COMPANIES, INC.

NOTICE IS HEREBY GIVEN that the undersigned has filed with the above-entitled Court the motion attached hereto.  An opposition to a non-hearing motion shall be served and filed not more than eleven (11) days after service of the motion.  Any reply in support of a non-hearing motion shall be served and filed by the moving party not more than eleven (11) days after service of the opposition.

Dated: Honolulu, Hawaii, March 23, 2006.

/s/ Lyle S. Hosoda
LYLE S. HOSODA
RAINA P.B. MEAD

Attorneys for the Employee
Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, )<br><br>           Plaintiff,   )<br><br>       v.         )<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., et al.<br><br>          Defendants.  )<br><br>_____ ) | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>) DEFENDANTS MARK DILLON, TERESA<br>) NOA, MELVIN PONCE, SONIA<br>) PURDY, JUSTIN FUKUMOTO,<br>) ALFREDDA WAIOLAMA, AND<br>) JACQUELINE RIO'S RENEWED<br>) MOTION FOR JUDGMENT AS A<br>) MATTER OF LAW AS TO ACTUAL<br>) DAMAGES AND VICARIOUS<br>) INFRINGEMENT |

**DEFENDANTS MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA, AND JACQUELINE RIO'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO ACTUAL DAMAGES AND VICARIOUS INFRINGEMENT**

Defendants MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA, and JACQUELINE RIO, (collectively "Employees") by and through their attorneys, hereby move this Court for judgment as a matter of law on the issue of actual damages and vicarious infringement.

This motion is made pursuant to Rule 50(b) of the Federal Rules of Civil Procedure and is based upon the attached memorandum in support of motion, the testimony and evidence

\

\

\

presented at trial beginning on February 28, 2006, and the entire records and files herein.

DATED:   Honolulu, Hawaii, March 23, 2006.


 /s/ Lyle S. Hosoda
LYLE S. HOSODA
RAINA P.B. MEAD

Attorneys for Defendants
MARK DILLON, TERESA NOA,
MELVIN PONCE, SONIA PURDY,
JUSTIN FUKUMOTO, ALFREDDA
WAIOLAMA, and JACQUELINE RIO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) | CIVIL NO. CV03-00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| v. | ) | MOTION |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM IN SUPPORT OF MOTION

The Employees hereby move the Court for entry of judgment in their favor and against Berry on the basis of insufficient evidence as a matter of law of direct infringement by the Employees as individuals, or in the alternative, insufficient evidence as a matter of law to support the jury's verdict that Berry is entitled to recover actual damages for any defendant's use of Berry's software between April 1, 2003 and June 9, 2003.

### I.   STANDARD FOR JUDGMENT AS A MATTER OF LAW

A trial court may set aside a jury verdict and grant judgment as a matter of law if, under the governing law, there is no legally sufficient basis for a reasonable jury to find for that party on that issue.  In ruling on such a motion, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe, and it may not make

credibility determinations or weigh the evidence. *Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001); *Settlegoode v. Portland Public Schools*, 371 F.3d 503 (9th Cir. 2004).

    "The standard for granting summary judgment mirrors the standard for judgment as a matter of law such that the inquiry under each is the same". *See Sun v. City and County of Honolulu*, Slip Copy, 2006 WL 278859 *2 (D. Haw. 2006)(citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150, 120 S.Ct 2097, 2110 (2000). Thus, the Court is tasked with determining whether "the evidence present a sufficient disagreement to require submission to the jury or whether it is so one-sided such that one party must prevail as a matter of law." *Rapp v. Disciplinary Board of Hawaii Supreme Court*, 916 F.Supp. 1525, 1530 (D. Haw. 1996)(citing *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990)). Uncorroborated allegations and self-serving testimony will not create a genuine issue of material fact. *Doe ex rel. Doe v. State of Hawaii Dept. Of Educ.*, 351 F.Supp.2d 998, 1006 (D. Haw. 2004) (citing *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)). "A scintilla of evidence, or evidence that is merely colorable, or not significantly probative, is not sufficient to present a genuine issue of material fact." *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (citing *Anderson v.*

2

*Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

II.    **THE EMPLOYEES ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW BECAUSE THERE IS NO EVIDENCE OF DIRECT INFRINGEMENT BY THEM AS INDIVIDUALS**.

        The trial evidence clearly shows that the Employees acted in the course and scope of their duties and at all times at the direction of their employer, Fleming.  As such, the Employees cannot be held liable for actual damages because there is no evidence of direct infringement by them as individuals.

        Two Ninth Circuit infringement actions which have addressed the issue of an employee's personal liability for damages are highly instructive here.  In *Wilden Pump & Engineering Co. v. Pressed and Welded Products Co.*, 655 F.2d 984 (9th Cir. 1981), a patentee brought a patent infringement action against corporate and individual defendants, including officers and an employee of the defendant corporation.  The lower court found all defendants were liable for the infringement. The Ninth Circuit Court of Appeals reversed this judgment as to the employee's liability, holding that a non-management, salaried employee should not be held personally liable for infringement. *Id.* at 985.  Central to this reasoning was the fact that the employee derived no personal benefit from the infringement:

                No contention has been made that [the
        employee] enjoyed profits or derived distinct
        benefits from the infringement separate from
        those of any other salaried employee. . ..
        The appellee simply maintains that [the

3

employee] should be held individually liable
because he was one of the moving, active,
conscious forces behind the appellants'
infringement. *All of the cases cited to us by
the appellees which imposed individual
liability, however, involve persons who were
significant shareholders in the corporation,
executive officers or chief executives,
presidents of the corporation, alter egos of
the company, or other high ranking officials
with personal control, supervision, and
direction of both the company and the copying
of the patent. . .. No cases have been cited
where a non-management, salaried employee,
without more, was found to be an individually
liable infringer, and we have found none.*

*Id.* at 990 (emphasis added).  It is clear from this language that

the Court sought to protect employees from becoming the target of

infringement actions when their involvement occurs in the scope

of their employment and is neither motivated by nor resultant in

a personal gain.

This principle was reaffirmed in *Frank Music Corp. v.
Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505 (9th Cir. 1985).  In that

case, holders of a copyright on a musical drama brought a

copyright infringement action against MGM, Inc., its subsidiary,

MGM Grand, and Don Arden, an employee of MGM Grand who had

staged, produced and directed the show containing the infringing

piece.  *Id*. at 509.  The Ninth Circuit found that the plaintiffs

were entitled to damages in the amount of MGM Grand's profits

from the infringing work but held that Arden could not be held

jointly liable for these profits unless he acted as a partner or

practically as a partner of MGM Grand, rather than as an employee

4

or independent contractor. *Id.* at 519. Remanding to the district court for the determination of Arden's position with the company, the Court dictated that Arden could only be held jointly and severally liable as an employee if he himself had earned profits in connection with the infringing work, further stating that amounts paid in salary were not to be considered as profits. *Id.*

The holdings in *Frank Music* and *Wilden Pump* illustrate there is no basis for holding the Employees personally liable for actual damages in this infringement action. The Employees were former salary and hourly wage earners of Fleming who had no decision-making authority or control. Any infringement that occurred between April 1, 2003 and June 9, 2003 was done in the scope of their employment and under the direction of their supervisors. The Employees should be dismissed from this case as a matter of law.

III. **THERE IS INSUFFICIENT EVIDENCE AS A MATTER OF LAW TO SUPPORT THE JURY'S VERDICT THAT BERRY WAS ENTITLED TO RECOVER ACTUAL DAMAGES FOR ANY DEFENDANT'S USE OF HIS SOFTWARE BETWEEN APRIL 1, 2003 AND JUNE 9, 2003.**

Alternatively, Berry failed to meet his burden of establishing a sufficient causal connection between the Employees' use of a derivative version of his Freight Control System ("FCS") between April 1, 2003 and June 9, 2003 and the actual damages he claimed as measured by (1) a reasonable license fee or (2) a diminution in the value of his copyright.

5

Under the law of the Ninth Circuit, a plaintiff seeking recovery under 17 U.S.C. § 504(b) must show a legally sufficient causal link between the infringement and damages claimed. *See Mackie Mackie v. Rieser*, 296 F.3d 909, 915-916 (9th Cir. 2002)(holding that to survive summary judgment on a demand for indirect profits, a copyright holder must proffer sufficient non-speculative evidence to support a causal relationship between the infringement and the profits generated indirectly from such an infringement); *Polar Bear Productions, Inc. v. Timex Corp.,* 384 F.3d 700, 708 (9th Cir. 2004)(reaffirming the principle that a plaintiff in a § 504(b) action must establish a causal link between the infringement and monetary remedy sought as a predicate to recovery of both actual damage and profits).

"'Actual damages' are the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement." *Frank Music Corp.*, 772 F.2d at 512-513 & n.6. Actual damages "are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer.'" *Polar Bear*, 384 F.3d at 7018-710.  To determine the work's "market value" at the time of the infringement, the Ninth Circuit has "endorsed a hypothetical approach: 'what a willing buyer would have been reasonably required to pay to a willing seller for the owner's work."

*Mackie*, 296 F.3d at 914 (citing *Sid & Mary Krofft Tel. Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1174 (9th Cir. 1977)).

The evidence presented at trial clearly shows Berry's expert never testified or opined that the reasonable license fee he calculated as a measure of Berry's actual damages applied to the Employees and was sufficiently connected to their separate infringement.  Mr. Ueno testified that in preparing his expert report, he rendered no opinion as to whether any of the Employees should pay $2.7 million for the use of his software between April 1, 2003 and June 9, 2003.  He never opined that his reasonable license fee of $2.7 million for 70 days was directly attributable to any infringement by the Employees.

Instead, Mr. Ueno confirmed that his calculation of actual damages as measured by a reasonable license fee was based on what he thought Fleming should pay, not what the Employees should pay for their separate infringement.  Indeed, no reasonable expert could say that employees acting within the scope of their duties should pay licensing fees for the myriad of programs that their employer uses to generate and do its work. The Employees were not willing buyers of Berry's FCS as they would not have sought and individually paid a license fee for use of the database when they had no decision making authority or control over what software they used to carry out their jobs. They simply did what their employer told them to do.  In fact, Mr. Ueno admitted that as an employer, he would not require his

7

own employees to pay for a license fee his company would be charged for use of a copyrighted work such as Microsoft Word. Mr. Ueno testified that he did not conduct a separate analysis or evaluation of any infringing acts of the Employees.  Absent such an analysis, Berry failed to present sufficient evidence that the reasonable license fee he claimed he was entitled to was causally connected to the Employees' use of his FCS while employed at Fleming.

The evidence presented at trial further shows that at the time of the infringement, there was no diminution in the value of the 1993 FCS.  Berry testified that he was not impaired in any way from marketing or commercially licensing the 1993 FCS to other companies during the relevant time period.  In fact, he confirmed he created a 2003 FCS which was "much improved" and "radically different" from the 1993 FCS and successfully licensed its use to Y-Hata through a Software End User License agreement executed on May 8, 2003, within the April 1 to June 9, 2003 time period.  *See* PCT Exhibit 211.  Thus, between April 1, 2003 and June 9, 2003, there was no diminution in the value of the 1993 FCS as result of the Employees' infringement.

Berry testified when he attempted to market the 1993 FCS, he felt it was necessary to tell potential customers that Fleming made a claim to copyright ownership over the 1993 FCS. However, Berry failed to confirm that he undertook such marketing efforts between April 1, 2003 and June 9, 2003.  Moreover,

Fleming has never made a claim to copyright ownership of the 1993 FCS in this lawsuit.  Thus, Berry's testimony was insufficient and insubstantial in establishing a diminution in the market value of the 1993 FCS during the relevant period of infringement.

Berry failed to present any evidence that the Employees infringed on his copyright in their individual capacities rather than as employees who were acting in the scope of their employment and at the direction of Fleming.  Berry failed to show a sufficient causal connection between the Employees' infringement and the reasonable license fee he claimed he should be paid by each of the Employees.  Finally, Berry provided no testimony or evidence that his attempts to market the FCS was negatively impacted as a direct result of the Employees' use of his system between April 1, 2003 and June 9, 2003.  Berry failed to meet his burden on causation, and therefore, the Employees are entitled to judgment as a matter of law in their favor on the issue of actual damages.

IV.  **FLEMING CANNOT BE HELD VICARIOUSLY LIABLE.**

As discussed above, Berry has presented insufficient evidence that the Employees infringed on his copyright as individuals and that he suffered actual damages as a direct result of the Employees' infringement.  Fleming, therefore, did not receive a direct financial benefit that flowed from the Employees' use of an altered version of Berry's database.  As a matter law, Fleming cannot be held liable for vicarious

9

infringement. "A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from another's infringing activity and 'has the right and ability to supervise' the infringing activity.'" *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004)(citing *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001)).

V.    **CONCLUSION**

         For all of the reasons set forth above, the Employees respectfully submit that the Court should dismiss the Employees from this lawsuit as a matter of law because Berry failed to present any evidence that they infringed on his copyright as individuals, or in the alternative, rule that there is insufficient evidence as a matter of law to support the jury's verdict that Berry is entitled to recover actual damages for any defendant's use of his software between April 1, 2003 and June 9, 2003.

         DATED: Honolulu, Hawaii, March 23, 2006.


                                    /s/ Lyle S. Hosoda
                                   LYLE S. HOSODA
                                   RAINA P.B. MEAD

                                   Attorneys for Defendants
                                   MARK DILLON, TERESA NOA,
                                   MELVIN PONCE, SONIA PURDY,
                                   JUSTIN FUKUMOTO, ALFREDDA
                                   WAIOLAMA, and JACQUELINE RIO