LYLE S. HOSODA & ASSOCIATES, LLC

LYLE S. HOSODA        3964-0
RAINA P.B. MEAD       7329-0
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

Attorneys for Defendants
BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA,
MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO,
ALFREDDA WAIOLAMA, and JACQUELINE RIO

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, | CIVIL NO. CV03-00385 SOM-LEK (Copyright) |
| Plaintiff, | |
| v. | NOTICE OF MOTION; DEFENDANTS BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA, MELVIN |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation; H.E.S. TRANSPORTATION SERVICES, INC., a California corporation; CALIFORNIA PACIFIC CONSOLIDATORS, INC.,a California corporation; JEFFREY P. GRAHAM and PETER SCHAUL, California citizens; MARK DILLON and TERESA NOA, BRIAN CHRISTENSEN, Hawaii citizens; FLEMING COMPANIES, INC.,an Oklahoma corporation; C & S LOGISTICS OF HAWAII, LLC, a Delaware LLC; C & S WHOLESALE GROCERS, INC., a Vermont corporation; C & S ACQUISITIONS, LLC; FOODLAND SUPER MARKET, LIMITED, a Hawaii corporation; HAWAII | PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA, AND JACQUELINE RIO'S MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM IN SUPPORT OF MOTION; AFFIDAVIT OF LYLE S. HOSODA; EXHIBITS "A" – "R"; CERTIFICATE OF SERVICE |
| | Non-Hearing Motion Magistrate:   Hon. Leslie E. Kobayashi |
| | *[caption continued on next page]* |

```
TRANSFER COMPANY, LIMITED, a    )
Hawaii corporation; RICHARD     )
COHEN, New Hampshire citizen;   )
ES3, LLC, a Delaware Limited    )
Liability Company, MELVIN       )
PONCE, SONIA PURDY, JUSTIN      )
FUKUMOTO, ALFREDDA WAIOLAMA,    )
JACQUELINE RIO, Hawaii          )
citizens; JESSIE GONSALVES,     )
LUIZ RODRIGUES, AL PEREZ and    )
PATRICK HIRAYAMA, California     )
citizens; GUIDANCE SOFTWARE,    )
LLC, a California LLC; MICHAEL   )
GURZI, a California citizen;    )
ALIX PARTNERS, LLC, a Delaware  )
LLC; DOE INDIVIDUALS 2-350;     )
DOE PARTNERSHIPS, CORPORATIONS  )
and OTHER DOE ENTITIES 2-20,    )   Trial: February 28, 2006
                                )
              Defendants.       )
─────────────────────────────  )
```

## **NOTICE OF MOTION**

TO:       TIMOTHY J. HOGAN, ESQ.
          Lynch, Ichida, Thompson & Kim
          1132 Bishop Street, Suite 1405
          Honolulu, Hawaii 96813

          Attorney for Plaintiff
          WAYNE BERRY

          LEX R. SMITH, ESQ.
          THOMAS YEE, ESQ.
          Kobayashi Sugita & Goda
          999 Bishop Street, Suite 2600
          Honolulu, Hawaii 96813

          Attorneys for Defendant
          FLEMING COMPANIES, INC.
          C & S WHOLESALE GROCERS, INC.
          C & S LOGISTICS OF HAWAII, LLC
          and C & S ACQUISITIONS, LLC

2

MICHAEL BAUMANN, ESQ.
DAMIAN CAPOZZOLA, ESQ.
R. OLIVIA SAMAD, ESQ.
Kirland & Ellis
777 South Figueroa Street
Los Angeles, California 90017

Attorneys for Defendant
POST-CONFIRMATION TRUST for FLEMING COMPANIES, INC.

KAREN L.S. FINE, ESQ.
Nordman Cormany Hair & Compton
1000 Town Center Drive
Sixth Floor
Oxnard, California  93036

        and

ROY J. TJIOE, ESQ.
EMILY REBER PORTER, ESQ.
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813

Attorneys for Defendants
HAWAIIAN EXPRESS SERVICE, INC.
H.E.S. TRANSPORTATION SERVICES, INC.
CALIFORNIA PACIFIC CONSOLIDATORS, INC.
JEFFREY P. GRAHAM and PETER SCHAUL

ANDREW V. BEAMAN, ESQ.
LEROY E. COLOMBE, ESQ.
Chun Kerr Dodd Beaman & Wong
745 Fort Street, 9th Floor
Honolulu, Hawaii 96813

Attorneys for Defendant
FOODLAND SUPERMARKET, LTD.

WESLEY H.H. CHING, ESQ.
JULIA MORGAN, ESQ.
Fukunaga Matayoshi Hershey & Ching, LLC
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813

Attorney for Defendant
HAWAIIAN TRANSFER COMPANY, LTD.

3

MARGERY BRONSTER, ESQ.
REX Y. FUJICHAKU, ESQ.
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

Attorneys for Defendant
GUIDANCE SOFTWARE, INC.
and MICHAEL GURZI

JOHN T. KOMEIJI, ESQ.
Watanabe Ing Kawashima & Komeiji, LLP
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813

Attorneys for Defendant
ALIX PARTNERS, LLC

NOTICE IS HEREBY GIVEN that the undersigned has filed with the above-entitled Court the motion attached hereto. Any opposition to this motion must be filed with the Court no later than eleven (11) days after service of the Statement of Consultation. If service has been made by mail pursuant to Rule 6(e) of the Federal Rules of Civil Procedure, then any opposition to this motion must be filed with the Court no later than fourteen (14) days after service of the motion.

Dated: Honolulu, Hawaii, March 23, 2006.


                    /s/ Lyle S. Hosoda
                    LYLE S. HOSODA
                    RAINA P.B. MEAD
                    Attorneys for Defendants
                    BRIAN CHRISTENSEN, MARK DILLON,
                    TERESA NOA, MELVIN PONCE, SONIA
                    PURDY, JUSTIN FUKUMOTO, ALFREDDA
                    WAIOLAMA, and JACQUELINE RIO

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen,<br><br>               Plaintiff,<br><br>        v.<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., et al.<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>DEFENDANTS BRIAN CHRISTENSEN,<br>MARK DILLON, TERESA NOA,<br>MELVIN PONCE, SONIA PURDY,<br>JUSTIN FUKUMOTO, ALFREDDA<br>WAIOLAMA, AND JACQUELINE RIO'S<br>MOTION FOR ATTORNEYS' FEES AND<br>COSTS |

**DEFENDANTS BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA, AND JACQUELINE RIO'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Defendants BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA, and JACQUELINE RIO (collectively "Employees"), by and through their attorneys, Lyle S. Hosoda & Associates, LLC, hereby move this Honorable Court for an order granting the Employees their attorneys' fees and costs incurred in defending against the copyright infringement claims in this case.

This motion is brought pursuant to Rule 54 of the Federal Rules of Civil Procedure, Rules 54.2 and 54.3 of the Local Rules of Practice for the United States District Court for the District of Hawaii, 17 U.S.C. § 505, and is supported by the

\

\

Memorandum in Support of Motion, the affidavit and exhibits attached thereto, and the entire records and files herein.

DATED:  Honolulu, Hawaii, March 23, 2006.


          /s/ Lyle S. Hosoda
          LYLE S. HOSODA
          RAINA P.B. MEAD

          Attorneys for Defendants
          BRIAN CHRISTENSEN, MARK DILLON,
          TERESA NOA, MELVIN PONCE, SONIA
          PURDY, JUSTIN FUKUMOTO, ALFREDDA
          WAIOLAMA, and JACQUELINE RIO

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . ii

I.   RELEVANT FACTS . . . . . . . . . . . . . . . . . . . 1

II.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . 4

    A.   The Employees are the Prevailing Party in
        this Lawsuit . . . . . . . . . . . . . . . . . . 4

    B.   As the Prevailing Party, the Employees are Entitled to
        an Award of Attorneys' Fees and Costs  . . . . . . . 8

    C.   The Amount of Attorneys' Fees and Costs Sought in this
        Motion is Reasonable . . . . . . . . . . . . . . 13

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . 18

**TABLE OF AUTHORITIES**

<u>CASES</u>

*Alflex Corp. v. Underwriters Labs, Inc.*,
    914 F.2d 175 (9th Cir. 1990) . . . . . . . . . . . . . . . 5

*Association of Flight Attendants, AFL-CIO v. Horizon Air
    Industries, Inc.*, 976 F.2d 541 (9th Cir. 1992) . . . . . 15

*Chalmers v. City of Los Angeles*,
    796 F.2d 1205 (9th Cir. 1986) . . . . . . . . . . . . . 17

*Columbia Pictures Television, Inc. v. Krypton Broadcasting of
    Birmingham*, 259 F.3d 1186 (9th Cir. 2001) . . . . . . . . 9

*Crawford Fitting Co. v. Gibbons, Inc.*,
    482 U.S. 437 (1987) . . . . . . . . . . . . . . . . . . . . 5

*Entertainment Research Group, Inc. v. Genesis Creative Group*,
    122 F.3d 1211 (9th Cir. 1997) . . . . . . . . . . . . 8, 9

*Evanow v. M/V Neptune*,
    163 F.3d 1108 (9th Cir. 1998) . . . . . . . . . . . . . 15

*Florentine Art Studio, Inc. V. Vedet K. Corp.*,
    891 F.Supp. 532 (C.D. Cal. 1995) . . . . . . . . . . . 6, 7

*Fogerty v. Fantasy, Inc.*,
    510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) . 6, 13

*Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Cream*,
    920 F.2d 587 (9th Cir. 1990) . . . . . . . . . . . . . 16

*Hensley v. Eckerhart*,
    461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) . . . . 6

*Pinkham v. Camex, Inc.*,
    84 F.3d 292 (8th Cir. 1996) . . . . . . . . . . . . . . 17

*Stacy v. Williams*,
    50 F.R.D. 52, 14 Fed.R.Serv.2d 397 (N.D. Miss. 1970) . . 16

*Studiengesellschaft Kohle v. Eastman Kodak Co.*,
    713 F.2d 128 (5th Cir. 1983) . . . . . . . . . . . . . 16

**<u>STATUTES</u>**

17 U.S.C. § 504(b) . . . . . . . . . . . . . . . . . . . 3

17 U.S.C. § 505 . . . . . . . . . . . . . . . . 1, 4, 5, 9

28 U.S.C. § 1920 . . . . . . . . . . . . . . . . . . 5, 6

      § 1920(1) . . . . . . . . . . . . . . . . . . . 15

      § 1920(2) . . . . . . . . . . . . . . . . . . . 15

      § 1920(4) . . . . . . . . . . . . . . . . . . . 16

Fed. R. Civ. P. Rule 54(d) . . . . . . . . . . . . . 1, 5

      Rule 54(d)(1) . . . . . . . . . . . . . . . . . . 5

L.R. 54.2 . . . . . . . . . . . . . . . . . . . . . . 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) CIVIL NO. CV03-00385 SOM-LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| | ) MEMORANDUM IN SUPPORT OF |
| v. | ) MOTION |
| | ) |
| HAWAIIAN EXPRESS SERVICE, | ) |
| INC., et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION**

The Employees are a prevailing party and should be awarded their reasonable attorneys' fees and costs pursuant to Fed. R. Civ P. 54(d) and 17 U.S.C. § 505.

I.   **RELEVANT FACTS**

Plaintiff filed a Second Amended Verified Complaint on June 18, 2004 ("SAVC"), naming twenty-eight individuals and entities and alleging, among other things, claims of direct infringement, contributory and vicarious infringement, conspiracy to infringe, misappropriation of trade secrets, violations of the Sherman Act, violations of RICO, and injunctive relief. *See* Second Amended Verified Complaint, filed herein on June 18, 2004.

However, by June, 2005, all of these claims were either summarily dismissed or severely limited by the Court's entry of orders granting in whole and in part motions for summary judgment

1

filed by the various defendants. *See* Hosoda Aff., Exs. A-C.
Specifically, the Court found no merit to any of Plaintiff's
claims against Brian Christensen and granted him summary judgment
on all counts of Plaintiff's SAVC. *See* Hosoda Aff., Ex. A (Jan.
26, 2005 Order) at 32, 37-42.

The Court further determined that any infringing acts
by Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin
Fukumoto, Alfredda Waiolama, and Jacqueline Rio ceased on June 9,
2003, when Fleming moved to use of the non-infringement Excel
Spreadsheets. Any infringement that occurred between April 1,
2003 and June 9, 2003 by these Employees was inadvertent and not
willful. The Court concluded the Employees were not aware that
the version of FCS they were using during this period of time was
not the original licensed version and that they were not allowed
to use it. *See* Hosoda Aff., Ex. A (Jan. 26, 2005 Order) at 32-
42; Ex. C (Jun. 27, 2005 Order) at 7, 11-21.

The Court denied Plaintiff's request for injunctive
relief against Fleming and the Employees. The Court found that
(1) the process Fleming used to revert to the original version of
FCS was not a violation of Plaintiff's copyright; (2) the act of
removing infringing elements of a work was not itself the
creation of a derivative work; and (3) even if a derivative was
created, it was done innocently and in good faith, without

2

causing harm to Plaintiff.  *See* Hosoda Aff., Ex. D (Oct. 8, 2004 Order) at 27-28.

Furthermore, any recovery Plaintiff had against the Employees under 17 U.S.C. § 504(b) was limited to his actual damages.  Plaintiff was precluded from seeking any profits from the Employees as they did not profit or otherwise financially benefit from their conduct or receive any additional compensation for the development of any computer software while employed by Fleming.  *See* Hosoda Aff., Ex. E (Oct. 21, 2005 Order) at 31-34.

For his claim of direct infringement against Fleming and the remaining seven employees, Plaintiff sought between $2,004,891 and $302,252,571 in actual damages.  *See* Hosoda Aff., Ex. F.  At trial, Plaintiff's expert opined that use of Plaintiff's FCS for 7 weeks between April 1, 2003 and June 9, 2003 entitled Plaintiff to a $2.7 million license fee from each infringer.

On March 7, 2006, the jury rejected these exorbitant amounts, and in fact, determined five of the employees should not have to pay a single penny, awarding zero damages to Plaintiff for the use of a derivative version of FCS by Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio. As to the use of a derivative version of FCS by Mark Dillon and Teresa Noa, the jury believed Plaintiff was only entitled to $4 in nominal damages.  *See* Hosoda Aff., Ex. G.

3

Most recently, the Court denied Plaintiff's request for a permanent injunction, finding no evidence that (1) copies of his FCS were on the computers purchased by C&S or that C&S's network currently has copies on it and (2) Mark Dillon has a copy of FCS or intends to infringe.  The Court concluded the Employees pose no threat of continuing or additional infringement.  *See* Hosoda Aff., Ex. H (Mar. 9, 2006 Order) at 3, 5-13.

In light of these facts, the Employees, not Berry, has prevailed in this case and should recover their reasonable attorneys' fees and costs.  The Employees successfully defended against Plaintiff's claims.  Furthermore, the jury's $4 nominal damage award with respect to two of the employees was a minute fraction, if anything, of the millions Berry insisted he was entitled throughout the course of this litigation.  Thus, it is clear the Employees should be deemed the prevailing party in this case.

II.    **ARGUMENT**

    A.    **The Employees are the Prevailing Party in this Lawsuit**

Under the Copyright Act, a prevailing party may request an award of reasonable attorneys' fees and costs.  17 U.S.C. § 505 provides in relevant part:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also

4

> award a reasonable attorney's fees to the
> prevailing party as part of costs.

17 U.S.C. § 505. With respect to costs other than attorneys'

fees, Rule 54(d)(1) of the Federal Rules of Civil Rule provides

in relevant part:

> Except when express provision therefore is
> made either in a statute of the United States
> or in these rules, costs other than
> attorneys' fees shall be allowed as of course
> to the prevailing party unless the court
> otherwise consented to the reference; but
> costs against the United States, its
> officers, and agencies shall be imposed only
> to the extent permitted by the law. Such
> costs may be taxed by the clerk on one day's
> notice. On motion served within 5 days
> thereafter, the action of the clerk may be
> reviewed by the court.

Fed. R. Civ. P. 54(d)(1). The costs that may be recovered under

Fed. R. Civ. P. 54(d) are limited to those costs generally

enumerated in 28 U.S.C. § 1920. *See Alflex Corp. v. Underwriters*

*Labs, Inc.*, 914 F.2d 175, 175 (9th Cir. 1990) (citing *Crawford*

*Fitting Co. v Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987)).

Costs defined in § 1920 include the following:

> (1)  Fees of the clerk and marshal;
> (2)  Fees of the court reporter for all or
>      any part of the stenographic transcript
>      necessarily obtained for use in the
>      case;
> (3)  Fees and disbursements for printing and
>      witnesses;
> (4)  Fees for exemplification and copies of
>      papers necessarily obtained for use in
>      the case;
> (5)  Docket fees under section 1923 of this
>      title;

5

> (6) Compensation of court appointed experts,
>     compensation of interpreters, and
>     salaries, fees, expenses, and costs of
>     special interpretation services under
>     section 1828 of this title.

28 U.S.C. § 1920.  The taxation of the above referenced costs are further exemplified by LR 54.2.

For purposes of an award of attorneys' fees and costs, the prevailing party is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).  The Copyright Act entitles prevailing defendants to be awarded attorneys' fees and costs on the same basis as prevailing plaintiffs.  Attorneys' fees and costs are to be awarded as a matter of the court's discretion. *Fogerty v. Fantasy, Inc.* 510 U.S. 517, 534, 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994).

Despite a finding of liability against them, the Employees are a prevailing party for purposes of attorneys' fees and costs where their liability was inadvertent, not willful and the amount of damages Plaintiff ultimately obtained against only two of the seven employees was a mere $4.  In *Florentine Art Studio, Inc. v. Vedet K. Corp.*, 891 F.Supp. 532 (C.D.Cal. 1995), the court found the defendants who prevailed on seven of nine infringement counts were prevailing parties in a copyright infringement suit.  The defendants who prevailed on seven of the

6

nine infringement counts were found to be innocent infringers on the remaining two, and were assessed the minimum statutory damages.  The defendants established they never knowingly copied any copyrighted work.  *Florentine*, 891 F.Supp. at 541.  In reaching its determination, the court considered the fact that the plaintiff knew there were only two works at issue yet still brought numerous claims, the plaintiff rejected a November 11, 1993 settlement letter, and there were no complex or novel legal issues in the case which could have justified continuing the action.  *Id.* at 542.

Here, similar to the defendants in *Florentine*, the Employees prevailed on all but one of the claims that were asserted in this case and prevailed on the contested issue of willful infringement.  The Employees established that any infringement that occurred between April 1, 2003 and June 9, 2003 was inadvertent and not willful.  The Court concluded the Employees were not aware that the version of FCS they were using between April 1, 2003 and June 9, 2003 was not the original licensed version and that they were not allowed to use that software.  *See* Hosoda Aff., Ex. A (Jan. 26, 2005 Order) at 32-42; Ex. C (Jun. 27, 2005 Order) at 11-21.  Furthermore, Fleming proved that the Excel Spreadsheets in use after June 9, 2003 was not an infringing derivative work.  *See* Hosoda Aff., Ex. C (Jun. 27, 2005 Order) at 7, 12-21.  This is drastically different from

7

the claims Plaintiff originally sought with respect to the Employees: direct infringement, Sherman Act and RICO violations, and injunctive relief against all eight of the former Fleming employees, conspiracy to infringe against three of the employees, and contributory and vicarious infringement against one of the employees. *See* SAVC at 26-27, 30-31, 36, 40-41 and 44.

The jury in this case awarded Plaintiff zero damages for five of the seven remaining employee defendants and $4 in nominal damages for the remaining two employees' inadvertent, non-willful use of a derivative version of his software. *See* Hosoda Aff., Ex. G. This is in stark contrast to the millions of dollars Plaintiff claimed he was entitled to throughout this litigation. As with the defendants in *Florentine*, the Employees succeeded in a substantial part of this litigation, and achieved substantially all of the benefits they hoped to achieve in defending this suit, and should be deemed the prevailing party.

B. **As the Prevailing Party, the Employees are Entitled to an Award of Attorneys' Fees and Costs.**

In awarding attorneys' fees and costs a district court is "given wide latitude to exercise 'equitable discretion.'" *Entertainment Research Group, Inc. V. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997). While there is no precise formula in the exercise of that discretion, the following are factors a district court may consider: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4)

8

objective unreasonableness (both in the factual and in the legal components of the case); (5) the need in particular circumstances, to advance considerations of compensation and deterrence; and (6) purposes of the Copyright Act.  *Id.; see also Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham*, 259 F.3d 1186, 1197 (9th Cir. 2001).

Applying the above-mentioned factors, it is clear that the Employees should be awarded their attorneys' fees and costs pursuant to 17 U.S.C. § 505:

**Degree of Success**.  Plaintiff sued a total of twenty-eight individuals and entities asserting a multitude of claims.  By June, 2005, all of the defendants but Fleming and seven of the former Fleming employees, settled or were dismissed by way of summary judgment.  For the Employees, the sole issue at trial what, if any, actual damages Plaintiff was entitled to for the infringement that occurred during a 7-week period of time.  Plaintiff demanded $2.7 million from each of the seven employees, but only obtained a nominal damages award of $4 with respect to two of the seven remaining employee defendants.  *See* Hosoda Aff., Ex. G.

**Frivolousness**.  Plaintiff's claims against the Employees were frivolous.  As part of his May 28, 2004 request for injunctive relief, Plaintiff fixated on the belief that Teresa Noa fled Hawaii to Iowa with a copy of his FCS and that

9

she was in fact using his FCS for C&S' logistics operations.  *See* Plaintiff's Motion for Issuance of Preliminary Injunction, Memorandum, filed herein on May 28, 2004, at 20-21.  On October 8, 2004, the Court rightly determined Plaintiff's accusations were devoid of any factual support.  *See* Hosoda Aff., Ex. D (Oct. 8, 2004 Order) at 17, 31.  It was no surprise then Plaintiff never followed through on taking the deposition of Ms. Noa to confirm his baseless allegations.

During this same period of time, Plaintiff sought the production of telephone and internet records from a third-party, Iowa Telecommunications Services, Inc. ("Iowa Telecom"), that allegedly would show Ms. Noa's use of Plaintiff's FCS.  *See* Hosoda Aff., Ex. I.  Plaintiff's pursuit of this discovery required the expense of substantial time and effort on the part of the parties and the Court.  Discovery conferences were held with Magistrate Kobayashi and an in camera review conducted by Discovery Master Matsui to ensure Ms. Noa's privacy rights were protected and the information that was produced was relevant to Plaintiff's claims.  *See* Hosoda Aff., Exs. J-L.  In the end, the Iowa Telecom documents were irrelevant and never relied upon by Plaintiff.

**Motivation**.  Plaintiff's baseless attacks against Mark Dillon, Teresa Noa, and Brian Christensen further support an award attorneys' fees and costs to the Employees.  In September

10

2003, as part of any settlement discussion, Plaintiff wanted Fleming to terminate its employment of Mark Dillon, Teresa Noa, and Brian Christensen.  *See* Hogan Dec. and Ex. 6 attached thereto.

Plaintiff filed claims of direct, contributory, and vicarious infringement against Brian Christensen.  Mr. Christensen attested that he never used the FCS and never received financial benefits over and above his regular compensation in his capacity as President of C&S.  The Court determined that Mr. Christensen had no knowledge of any infringement or of any infringing elements in the version of FCS that Fleming used between April 1, 2003 and June 9, 2003.  The Court properly rejected all of Plaintiff's claims against Mr. Christensen and summarily dismissed him from the lawsuit.  *See* Hosoda Aff., Ex. A (Jan. 26, 2005 Order) at 32, 38-42.  At a minimum, the Court must find Brian Christensen a prevailing party as he successfully defended against all of Plaintiff's claims and award him all attorneys' fees and costs related to his counsel's efforts in getting him out on summary judgment.

As discussed, *supra*, Plaintiff mistakenly believed Ms. Noa fled Hawaii for Iowa in order to set up a boiler room FCS on behalf of C&S.  *See* Plaintiff's Motion for Issuance of Preliminary Injunction, Memorandum (May 28, 2004) at 20-21.  Ms. Noa is originally from Iowa and moved back there because of

11

employment uncertainties resulting from Fleming's bankruptcy.
Rather than consider reasonable, rationale explanations,
Plaintiff leapt to unfounded conclusions as matter of course
throughout this litigation. *See* Hosoda Aff., Ex. D (Oct. 8, 2004
Order) at 17.

As part of his February 10, 2006 motion for
reconsideration of the Court's summary judgment rulings,
Plaintiff attacked the integrity of Mark Dillon by claiming he
provided false deposition testimony when asked where copies of
FCS or its derivatives could be found.  Not surprisingly,
Plaintiff failed to establish that Mr. Dillon provided false
deposition testimony, and the Court denied Plaintiff's request
for reconsideration on all counts. *See* Hosoda Aff., Ex. M. (Feb.
27, 2006 Order) at 2, 5-8, 19.

**Objective Unreasonableness of Factual and Legal
Arguments**.  All of Plaintiff's claims against the Employees were,
at a minimum, "objectively unreasonable".  As evidenced by the
Court's summary judgment rulings and the jury's verdict,
Plaintiff was completely and objectively unreasonable in his
relentless pursuit of millions of dollars in actual damages from
the Employees, who did nothing but show up for work and did as
they were told by their employer, Fleming.

**Considerations of Compensation and Deterrence**.  One of
the stated purposes of the Copyright Act is to enrich the general

12

public through access to creative works.  To carry out that purpose, the law requires that boundaries of copyright law be clearly demarcated.  As such, "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement."  *See Fogerty*, 510 U.S. at 527, 114 S.Ct. at 1030.

        Consistent with the purposes of the Copyright Act, the Employees defended against and ultimately obtained favorable summary judgment rulings on Plaintiff's claims of conspiracy, violations of the Sherman Act, violations of RICO, and contributory and vicarious infringement.  Brian Christensen was granted summary judgment on all counts of Plaintiff's SAVC.  The Employees were also successful in defending against all of Plaintiff's claims for injunctive relief.  Their successful defense against Plaintiff's claims have "further[ed] the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of the copyright."  *Id*.  Considering these circumstances as a whole, an award of attorneys' fees and costs is proper.

        C.    **The Amount of Attorneys' Fees and Costs Sought in this Motion is Reasonable**.

        The Employees seek reasonable attorneys' fees in the amount of $386,087.50.  *See* Hosoda Aff. and Exs. N-P.  As set forth in Lyle S. Hosoda's Affidavit, the Employees' counsel

charged reasonable hourly rates that are consistent with the fees customarily charged in this judicial district for similar legal services.  *See* Hosoda Aff.

Lyle S. Hosoda is a member of Lyle S. Hosoda & Associates, LLC, and his law practice primarily consists of litigation.  He has been practicing in Hawaii for 20 years.  His usual and customary fee is presently $250.00 per hour, but he has been billing the clients at $200 per hour and did not change the hourly rate since 2003 when he was first retained.  He expended in excess of 1162 hours in defending claims brought against the Employees by Plaintiff.  The background, time investment and other relevant information of the associate attorney assisting Mr. Hosoda in defending this action is delineated in the Affidavit of Lyle S. Hosoda, attached hereto.

The estimated number of hours incurred, as well as a description of the work performed and services rendered are itemized as follows:

|   | Category | LH (Hours/Fees) | RM (Hours/Fees) | Total Fees |
|---|----------|-----------------|-----------------|------------|
| A | Case Development | 271/54,200.00 | 234/29,250.00 | 83,450.00 |
| B | Pleadings | 38/7,600.00 | 32/4,000.00 | 11,600.00 |
| C | Written Discovery | 207/41,400.00 | 304/38,000.00 | 79,400.00 |
| D | Depositions | 109/21,800.00 | n/a | 21,800.00 |
| E | Motions | 277.5/55,500.00 | 442/55,250.00 | 110,750.00 |

14

| F | Court Hearings | 72.5/14,500.00 | 30.5/3,812.50 | 18,312.50 |
|---|---|---|---|---|
| G | Trial | 173/34,600.00 | 173/21,625.00 | 56,225.00 |
| H | Post Trial | 14/2,800.00 | 14/1,750.00 | 4,550.00 |
| | **Total Hours** | **1162/232,400.00** | **1229.5/153,687.50** | **360,087.50** |

*See* Hosoda Aff. and Exs. O and P.

The Employees also seek non-taxable expenses and costs reasonably and necessarily incurred in the defense of the claims asserted against the Employees by Plaintiff in the amount of $34,910.78. *See* Hosoda Aff. and Ex. N, Q, R. The following is a break down of the non-taxable expenses and costs requested:

| | Category | Amount |
|---|---|---|
| I | Mediation Fees (non-taxable expense) | 1,678.03 |
| J | Travel Expenses (non-taxable expense) | 11,655.35 |
| 1 | Fees of the Clerk | 50.00 |
| 2 | Depositions and Court Reporters | 9,097.22 |
| 3a | Photocopying (in house) | 6,162.85 |
| 3b | Photocopying (outside) | 2,670.46 |
| 4 | Special Master's Fees | 3,596.87 |
| | **Total** | **34,910.78** |

*See* Hosoda Aff. and Ex. Q, R.

**Fees of the Clerk**. Filing fees charged by the clerk of the court are recoverable costs under 28 U.S.C. § 1920(1). The movants request fees of the clerk in the amount of $50.00. *See* Hosoda Aff.

15

**Deposition/Court Reporter Fees**.  Fees incurred in obtaining deposition transcripts are recoverable costs under 28 U.S.C. § 1920(2).  *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998); *Association of Flight Attendants, AFL-CIO v. Horizon Air Industries, Inc.*, 976 F.2d 541, 551 (9th Cir. 1992).  Such costs are recoverable if necessarily obtained for use in the case.  The movants necessarily incurred depositions costs for preparation of pretrial and trial motions and for use at trial.

Costs of hearing transcripts at the trial level are taxable matter within the discretion of the trial court.  *See Stacy v. Williams*, 50 F.R.D. 52, 56, 14 Fed.R.Serv.2d 397, (N.D. Miss. 1970).  Daily trial transcripts were necessary and important for trial preparation, trial motions, and trial.  The movants incurred deposition and court reporter costs in the total amount of $9,097.22.  *See* Hosoda Aff.

**Copying Costs**.  28 U.S.C. § 1920(4) permit taxation for the copies of papers "necessarily obtained for use in the case" and does not require that the document be introduced into the record.  *Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Cream, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990).  The movants incurred in-house and outside reproduction costs in the process of filing pleadings and in securing documents during the discovery process in the total amount of $8,833.31.  *See* Hosoda Aff.

16

**Special Master's Fees**.  The taxing of the cost of a special master against a non-prevailing party is clearly within the discretion of the district court and no factual showing of necessity is required.  *See Studiengesellschaft Kohle v. Eastman Kodak Co.*, 713 F.2d 128, 134 (5th Cir. 1983).  The movants incurred costs related to the special master in the amount of $3,596.87.  *See* Hosoda Aff.

The remaining costs associated with mediation fees and travel costs are clearly reasonable and should be allowed where these out-of-pocket expenses are of the kind normally charged to clients by attorneys and may be included as part of any reasonable attorneys' fees awarded.  *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-295 (8th Cir. 1996); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986)(out-of-pocket litigation expenses reimbursable as part of attorney's fees).

As discussed in Sections III.A and III.B, *supra*, the nature of this litigation justifies the amount of attorneys' fees, non-taxable expenses, and costs as reasonable.

\

\

\

\

\

\

17

III. **CONCLUSION**

Based on the foregoing arguments and authority, the Employees respectfully request that this Honorable Court grant an award of all attorneys' fees, non-taxable expenses, and costs incurred in defending against the claims in this action.

DATED: Honolulu, Hawaii, March 23, 2006.

/s/ Lyle S. Hosoda
LYLE S.  HOSODA
RAINA P.B. MEAD

Attorneys for Defendants
BRIAN CHRISTENSEN, MARK DILLON,
TERESA NOA, MELVIN PONCE, SONIA
PURDY, JUSTIN FUKUMOTO, ALFREDDA
WAIOLAMA, and JACQUELINE RIO

18