# EXHIBIT I

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | NOTICE OF SERVICE OF |
| vs. | ) | SUBPOENA DUCES TECUM ON |
| | ) | IOWA TELECOM; EXHIBIT "A" |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; H.E.S. | ) | |
| TRANSPORTATION SERVICES, | ) | |
| INC., a California corporation; | ) | |
| CALIFORNIA PACIFIC | ) | |
| CONSOLIDATORS, INC., a | ) | |
| California corporation; JEFFREY P. | ) | |
| GRAHAM and PETER SCHAUL, | ) | |
| California citizens; MARK DILLON | ) | |
| and TERESA NOA, BRIAN | ) | |
| CHRISTENSEN, Hawaii citizens; | ) | |
| FLEMING COMPANIES, INC., an | ) | |
| Oklahoma corporation; C & S | ) | |
| LOGISTICS OF HAWAII, LLC, a | ) | |
| Delaware LLC; C & S WHOLESALE | ) | |
| GROCERS, INC., a Vermont | ) | |
| corporation; | ) | |

C & S ACQUISITIONS, LLC;            )
FOODLAND SUPER MARKET,              )
LIMITED, a Hawaii corporation;      )
HAWAII TRANSFER COMPANY,            )
LIMITED, a Hawaii Corporation, DOE )
INDIVIDUALS 1-350; DOE             )
PARTNERSHIPS, CORPORATIONS )
and OTHER DOE ENTITIES 1-20,        )
                                    )
              Defendants.           )
_____ )

## NOTICE OF SERVICE OF
## SUBPOENA DUCES TECUM ON IOWA TELECOM

NOTICE IS HEREBY GIVEN that a Subpoena In A Civil Case was served

on Iowa Telecom in the form attached hereto as Exhibit "A".

DATED: Honolulu, Hawaii, _____ JUN 2 1 2004 _____.

_____
TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY

2

AO  88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Hawaii _____

Wayne Berry

V.

Hawaiian Express Service, Inc. et.
al,

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]    **Civil. No. CV03-00385 SOM LEK**

TO:    Iowa Telecommunications Services, Inc. (d.b.a. Iowa Telecom)

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above  case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying the following documents or objects at the place, date, and time specified below (list documents or objects).

All documents described in Exhibit "A". It is requested that they be authenticated under the declaration in a form substantially similiar to the attached Exhibit "B"

| PLACE | DATE AND TIME |
|---|---|
| Office of  Lynch Ichida Thompson Kim & Hirota, 1132 Bishop Street, Suite 1405, Honolulu, Hawaii 96813 | Jul 15, 2004<br>4:00 PM |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

_ Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]    Attorney for Plaintiff Wayne Berry | 6/18/2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Timothy J. Hogan, Esq. 1132 Bishop St. Ste. 1405 Honolulu Hawaii  96813   (808) 528-9721

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district  other than district of issuance, state district under case number.

# EXHIBIT "A"

AO 88 (Rev. 1/94) Subpoena in a Civil Cas

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or respect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of

this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Exhibit "A"

1.    Iowa Telecommunications Services, Inc. ("Iowa Telecom") is
requested to produce any and all documents in its custody and/or control, related
to Teresa Noa, 845 Franklin Street Wapello, Iowa including all copies of all long
distance call records for the period of January 1, 2004 to the present related to any
Iowa Telecom account held by Teresa Noa and/or "Earthlogistics."

2.    Iowa Telecom is requested to produce any and all documents in its
custody and/or control, related to any internet accounts held by Teresa Noa and/or
"Earthlogistics" including, but not limited to, all documents related to the creation
of such accounts and records related to any and all payments received related to
such accounts.

3.    Iowa Telecom is requested to produce any and all non-voice related
digital and/or internet data related to the use of any Iowa Telecom internet services
by Teresa Noa and/or "Earthlogistics" through any Iowa Telecom internet account
held by Teresa Noa and/or Earthlogistics.com that can be obtained by Iowa
Telecom through reasonable efforts, that comply with the requirements of the
Digital Millennium Copyright Act ("DMCA") 17 U.S.C. § 512. The request is
limited to any period of not greater than one week of use beginning after receipt of
this subpoena.

## End of Exhibit "A"

## EXHIBIT B

I, _____, make this declaration upon personal knowledge.

1.     I have personal knowledge of the records that are the subject of this Declaration.

2.     On, _____, my employer, Iowa Telecommunications Services, Inc. ("Iowa Telecom") was served with a subpoena in *Wayne Berry v. Hawaiian Express Service, Inc.*, CVO3-00385 SOM LEK (U.S.D.C. Hawaii) (the "Subpoena")  The Subpoena was issued by Timothy J. Hogan, Esq., attorney for Plaintiff Wayne Berry.

3.     On, _____, as the custodian of records of Iowa Telecom, I produced documents in response to the Subpoena to Mr. Hogan at his business address at 1132 Bishop Street, Suite 1405, Honolulu, Hawaii, 96813 via _____. The total number of pages produced were ____.

4.     All the documents produced in response to the Subpoena were kept, and continue to be kept, in the regular course of Iowa Telecom's regularly conducted activities under a duty to maintain such records.

5.     The documents produced in response to the Subpoena were made or received at or near the time of the occurrence of the matters set forth in the documents.

6.     It is Iowa Telecom's custom and practice to keep records of this type as part of its regularly conducted activities.

7.     All non-privileged documents that are responsive to the Subpoena have been produced except for _____.

8.     The documents produced are true and correct photocopies of my original source documents or true and correct digital data copies of data obtained by Iowa Telecom.

9.    None of the documents produced have been redacted or altered in any way except as noted conspicuously.

10.    No documents have been withheld under any privilege or for any other reason unless specifically noted in a separate privilege log.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____ .


_____
Custodian of Records and _____
Iowa Telecom