# EXHIBIT J

# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

7/7/2004 4:30 pm

WALTER A.Y.H. CHINN, CLERK

CASE NUMBER:    CIVIL NO. 03-00385SOM-LEK

CASE NAME:      Wayne Berry, a Hawaii citizen vs. Hawaii Express Service, Inc., a California corporation, et al.

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

JUDGE:  Leslie E. Kobayashi          REPORTER:

DATE:   7/7/2004                     TIME:

COURT ACTION: EO: COURT ORDER:

A discovery conference having been held on July 7, 2004 with Plaintiff Wayne Berry ("Plaintiff") being represented by Timothy Hogan, Esq., and Defendants Hawaiian Express Service, Inc., HES Transportation Services, Inc., California Pacific Consolidators, Inc., Jeffrey P. Graham, and Peter Schaul being represented by Emily Reber Porter, Esq., Defendants Mark Dillon, Teresa Noa, and Brian Christensen being represented by Lyle Hosoda, Esq. and Raina P.B. Mead, Esq., Defendants Fleming Companies, Inc., C&S Logistics of Hawaii, LLC, C & S Wholesale Grocers, Inc., and C & S Acquisitions, LLC being represented by Lex R. Smith, Esq., and Defendant Foodland Super Market, Ltd. being represented by Leroy E. Colombe, Esq.

Defendant Teresa Noa ("Defendant") and Plaintiff submitted discovery letter briefs on July 6, 2004. The discovery issue raised was "[w]hether the subpoena directed to Iowa Telecommunications, Inc. which demands production of any and all information and records regarding any telephone and internet account held in Teresa Noa's name or the non-active website, 'Earthlogistics.com", which she created, should be quashed or restricted?" (Def.'s 07/06/04 Letter at 2.) At the conference, Defendant raised privacy and relevancy objections to the subpoena. In response, Plaintiff has "[denied] catagorically the need for any such protections, [but] has agreed to work with Ms. Noa through her counsel to alleviate any concerns . . . ." (Pl.'s 07/06/04 Letter at 1.) Plaintiff further argued at the conference that the information was relevant to his claims in that the subpoena records may contain evidence that Defendant is or was conducting her business

by using Plaintiff's proprietary computer program through internet and telephone services.

By agreement, the parties have stipulated, and the court hereby ORDERS, that the records produced in response to the subpoena duces tecum served on Iowa Telecommunications, Inc. shall be delivered to Lou Carnazzo or his designated representative (collectively "Mr. Carnazzo") at Carnazzo Court Reporting Company, Ltd., 888 Mililani Street, Suite 705, Honolulu, Hawaii 96813. The court FURTHER ORDERS (1) that Mr. Carnazzo inform the parties as the amount of records produced (i.e., number of pages) in response to the subpoena, (2) that a copy of the records containing information regarding Defendant Noa's "long distance call records for the period of January 1, 2004 to the presented related to any Iowa Telecom account held by Teresa Noa and/or 'Earthlogistics'" shall be delivered to Defendant's counsel, Hosoda & Associates, (3) that Defendant's counsel shall redact confidential and/or private information contained in the telephone records, specifically, by redacting the last four digits of telephone numbers for which Defendant claims confidentiality and/or privacy, and by providing an identifying catagory for the redacted telephone number (e.g., acquaintance, family), (4) Defendant shall produce a redacted copy of the telephone records to Plaintiff and the other defendants' counsel, if they wish to obtain a copy, on a date agreed upon by the parties but no later than twenty (20) days after receipt by Defendant, and (4) other than as directed by this order, Mr. Carnazzo shall not provide copies of the records produced pursuant to the subpoena, except by court order, and shall serve as a repository of the original documents produced pursuant to the subpoena.

IT IS SO ORDERED.

Cc: all counsel

Submitted by: Warren N. Nakamura, Courtroom Manager