# EXHIBIT K

# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

10/26/2004 4:30 pm

WALTER A.Y.H. CHINN, CLERK

| | | |
|---|---|---|
| CASE NUMBER: | CIVIL NO. 03-00385SOM-LEK | |
| CASE NAME: | Wayne Berry, a Hawaii citizen vs. Hawaii Express Service, Inc., a California corporation, et al. | |
| ATTYS FOR PLA: | | |
| ATTYS FOR DEFT: | | |
| INTERPRETER: | | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 10/26/2004 | TIME: | |

COURT ACTION: **EO: COURT ORDER**

## DISCOVERY ORDER RE DEFENDANT'S REQUEST FOR PROTECTIVE ORDER

Before the Court is Defendant Teresa Noa's ("Defendant") request for protective order as to two categories of records: "1) 271 pages of ISP reports; and 2) 4066 pages of ITC CGCD Viewer reportS for telephone connections." (Def.'s 10/21/04 Letter at 2.) Specifically, Defendant "objects to the production of these records out of extreme concern for her privacy . . . ." (Id.) Plaintiff Wayne Berry ("Plaintiff"), on the other hand, seeks production of the information in dispute without redaction. Plaintiff contends that the information is relevant as the information being redacted is presumed to be "the IP addresses and other data that will show the remote servers that are attached to this network." (Pl.'s 10/21/04 Letter at 2.)

Plaintiff and Defendants simultaneously submitted their letter briefs on October 21, 2004, as required by LR 37.1; Plaintiff's counsel has certified that the parties have conferred in a good faith effort to resolve this dispute. (Def.'s 10/21/04 Letter at 3.)

At issue is whether or not the information that Defendant has redacted is relevant to any claims or defenses in the subject lawsuit. Rule 26(b)(1) provides that the scope of discovery is generally "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). The rule (which was amended in

2000) focuses party-controlled discovery in terms of claims and defenses. Whether information is discoverable depends on the specifics of the litigation. See Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000) ("The Committee intends that the parties and the court focus on the actual claims and defenses . . . . information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable . . . [depending] on the circumstances of the pending case.").

In general, Rule 26 permits the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). While "relevance is to be construed liberally," Alexander v. Fed. Bureau of Investigation, 194 F.R.D. 316, 325 (D.D.C. 2000), that requirement nevertheless should be "firmly applied." Herbert v. Lando, 441 U.S. 153 (1979) ("To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery . . . .") (citing Fed. R. Civ. P. 26(c)).

The Court is unable to conclude that the information in dispute is relevant. First, the Court's recollection, faulty as it may be, is that the essential information sought by Plaintiff that was the subject of the discovery conference held on July 7, 2004, was the telephone numbers being dialed from Defendant's telephone in Iowa. Plaintiff would be able to detect, from the record of telephone numbers, and the dates and times that these numbers were called, whether or not Defendant had been dialing out with a computer to connect with other defendants' computers.
Second, the arguments about IP addresses and whatnot are more properly in the realm of the special master that has been appointed by this Court. (See Order Granting Defendants' Motion for Appointment of Special Master, filed October 25, 2004.)

For completeness, this Court also analyzes this discovery dispute in the context of a request for protective order pursuant to Fed. R. Civ. P. 26(c). The Supreme Court has interpreted Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). Rule 26(c) states, in relevant part:

> Upon motion by a party or by a person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c).

Thus, the moving party bears the burden of demonstrating "good cause," that is, making a showing of specific prejudice or harm that will result if no protective order is granted. See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); see also San Jose Mercury

News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1103 (9th Cir. 1999) (holding that to gain a protective order the party must make a "particularized showing of good cause with respect to any individual document"). Once a finding is made that particularized harm will result from disclosure of information to the public, then the court must balance the public and private interests to decide whether a protective order is necessary. See Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing factors).

Trial courts have considered and granted protective orders regarding many different types of information:

> Although courts may be more likely to grant protective orders for the information listed in Rule 26(c)(7), courts have consistently granted protective orders that prevent disclosure of many types of information, such as letters protected under attorney-client privilege which revealed the weaknesses in a party's position and was inadvertently sent to the opposing side, see KL Group v. Case, Kay, & Lynch, 829 F.2d 909, 917-19 (9th Cir. 1987); medical and psychiatric records confidential under state law, see Pearson v. Miller, 211 F.3d 57, 62-64 (3d Cir. 2000); and federal grand jury testimony, see Krause v. Rhodes, 671 F.2d 212, 216 (6th Cir. 1982). Most significantly, courts have granted protective orders to protect confidential settlement agreements. Hasbrouck v. BankAmerica Housing Servs., 187 F.R.D. 453, 458 (N.D.N.Y. 1999); Kalinauskas v. Wong, 151 F.R.D. 363, 365-67 (D. Nev. 1993).

Phillips v. General Motors Corp., 289 F.3d 1117, 1122-23 (9th Cir. 2002).

Here, Defendant has the burden of demonstrating good cause for the issuance of the Protective Order. The documents at issue contain information that Defendant contends may leave her susceptible to having her privacy violated, specifically having her computer "hacked" into by third parties. (See Def.'s 10/21/04 Letter at 2.) The Court declines to conclude that Plaintiff would hack into Defendant's computer. However, the Court is keenly aware of Plaintiff's long history of litigation against the various defendants in this and other lawsuits, and the considerable animus and accusations that have been generated by and among the parties. Thus, in balancing the interests involved, the Court does conclude that the factors tip in favor of issuing the protective order.

After careful consideration of the submissions and pertinent case law, and for the foregoing reasons, this Court GRANTS Defendant's request for protective order and ORDERS the information to be produced with the redactions, subject to an in camera review by the special master. The Court specifically directs the special master to order production of information relevant to Plaintiff's claims and/or Defendant's defenses.

**IT IS SO ORDERED.**

Cc: all counsel

Submitted by: Warren N. Nakamura, Courtroom Manager