KOBAYASHI, SUGITA & GODA
LEX R. SMITH 3485-0
THOMAS H. YEE 7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No. (808) 539-8700
Facsimile No. (808) 539-8799
Email: lrs@ksglaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
Damian D. Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone No. (213) 680-8400
Facsimile No. (213) 680-8500
Email: mbaumann@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE,<br><br>(Caption Continued) | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>**DECLARATION OF DAMIAN D. CAPOZZOLA IN SUPPORT OF DEFENDANT PCT'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Judge: Hon. Susan O. Mollway |

INC., et al., )
)
)
Defendants. )
_______________________________________ )

DECLARATION OF DAMIAN D. CAPOZZOLA IN SUPPORT OF DEFENDANT PCT'S MOTION FOR ATTORNEYS' FEES AND COSTS

I, DAMIAN D. CAPOZZOLA, declare that:

1. I am a partner at Kirkland & Ellis, LLP, and one of the attorneys representing the Defendant Fleming (now the Post Confirmation Trust ("PCT")) in this case. I am licensed to practice law in the State of California (SBN 186412) and have been admitted pro hac vice in this case.

2. I have been engaged in the practice of law continuously since 1996. My billing rate during the timeframe of this matter has ranged from $410.00 to $515.00.

3. I make this declaration based on my personal knowledge and belief. I know the following to be true through my work on this case. If called upon to do so I could and would competently testify as follows.

4. Attached as Exhibit "A" is a true and correct copy of an e-mail from Tim Hogan to Damian Capozzola dated April 21, 2004 [Ex. 9 to the 7/1/04 Berry Deposition].

5. Attached as Exhibit "B" is a true and correct copy of Wayne Berry's first Administrative Claim dated June 9, 2004.

6. Attached as Exhibit "C" is a true and correct copy of Thomas Ueno's expert report dated March 21, 2005.

7. Attached as Exhibit "D" is a true and correct copy of Berry's July 3, 2001 complaint against Fleming.

8. Attached as Exhibit "E" is a true and correct copy of Special Verdict Form dated March 06, 2003.

9. Attached as Exhibit "F" is a true and correct copy of Order Granting in Part, Denying in Part Berry's Motion for Summary Judgment dated June 27, 2005.

10. Attached as Exhibit "G" is a true and correct copy of Berry's Original Complaint in this matter.

11. Attached as Exhibit "H" is a true and correct copy of Berry's First Amended Complaint in this matter.

12. Attached as Exhibit "I" is a true and correct copy of Order Denying Plaintiff Wayne Berry's Motion for Preliminary Injunction dated Oct. 08, 2004.

13. Attached as Exhibit "J" is a true and correct copy of excerpts from Fleming Asset Purchase Agreement dated July 07, 2003.

14. Attached as Exhibit "K" is a true and correct copy of a February 9, 2004 letter from Tim Hogan offering to settle for $400,000.

15. Attached as Exhibit "L" and Exhibit "M" are excerpts from deposition

transcripts from the depositions of Scott Stevens and Michael Anderson.

16. Attached as Exhibit "N" are excerpts from the July 26, 2004 transcript of the Fleming confirmation hearing.

17. Attached as Exhibit "O" is a true and correct copy of excerpts from W. Berry Deposition Transcript dated May 19, 2005.

18. Attached as Exhibit "P" is a true and correct copy of E-mail from T. Hogan to D. Capozzola dated July 15, 2003.

19. Attached as Exhibit "Q" is a true and correct copy of Plaintiff W. Berry's Submission of Redrafted Proposed Second Amended Verified Complaint dated Feb. 23, 2004.

20. Attached as Exhibit "R" is a true and correct copy of excerpts from W. Berry Deposition Transcript dated Feb. 05, 2003.

21. Attached as Exhibit "S" is a true and correct copy of Plaintiff W. Berry's RICO Statement dated June 18, 2004.

22. Attached as Exhibit "T" are true and correct excerpts from Plaintiff W. Berry's Memorandum in Opposition to Hawaii Transfer Co., Ltd.'s Motion for Summary Judgment dated Dec. 20, 2004.

23. Attached as Exhibit "U" is a true and correct copy of Berry's Second Amended Verified Complaint dated June 18, 2004.

24. Attached as Exhibit "V" are a summary sheet and backup showing the

PCT's $296,624.57 in expert fees for Jeff Kinrich and Dr. Martin Walker.

25. Attached as Exhibit "W" are a summary sheet and backup showing the PCT's $19,392.38 in deposition transcript and video costs.

26. Attached as Exhibit "X" are a summary sheet and backup showing the PCT's $11,556.53 in expenses for hearing transcripts.

27. Attached as Exhibit "Y" are a summary sheet and backup showing the PCT's expenses of $2,178.08 in outside costs for exhibits and printing / copying.

28. Attached as Exhibit "Z" are a summary sheet and backup showing $5,466.39 in expenses for trial attendance and participation of Samantha Benson, executive assistant to the PCT's lead counsel, Michael Baumann.

29. Attached as Exhibit "AA" are a summary sheet and backup showing $5,605.17 in expenses incurred throughout this case by Olivia Samad. See also Exhibit "VV" for an additional $4,485.82 in expenses for Olivia Samad, bringing her total expenses to $10,090.99.

30. Attached as Exhibit "BB" are a summary sheet and backup showing $16,960.11 in expenses incurred throughout this case by Eric Liebeler.

31. Attached as Exhibit "CC" are a summary sheet and backup showing $19.931.16 in expenses incurred throughout this case by Damian Capozzola.

32. Attached as Exhibit "DD" are a summary sheet and backup showing $2,927.59 in expenses incurred throughout this case by Melissa Dulac.

33. Attached as Exhibit "EE" are a summary sheet and backup showing $6,649.27 in expenses incurred throughout this case by Michael Baumann.

34. Attached as Exhibit "FF" are biographies (in alphabetical order) for all K&E personnel who billed time to this matter that the PCT is claiming. These resumes describe the relevant qualifications and experience of the various K&E personnel. Eric Liebeler, Damian Capozzola, Melissa Dulac, and Olivia Samad were the primary litigation attorneys on the matter and jointly handled all aspects of the case including pleadings, written discovery and deposition practice, motions, and trial preparation. Michael Baumann substituted in as lead trial counsel when Eric Liebeler left Kirkland & Ellis for other employment in February, 2006. Richard Wynne was the lead bankruptcy attorney for Fleming and the PCT, and he provided general oversight and comments on strategy with regard to handling Berry's efforts to leverage the bankruptcy proceedings against his lawsuit in Hawaii and vice versa. Geoff Richards, Shirley Cho, and Erin Brady are bankruptcy attorneys who similarly provided such bankruptcy insights from time to time. Jeffrey Norman, Karen Schweikert, Dawn Dawson, Michael Fatall, and Peter Spingola are intellectual property attorneys who gave occasional advice on specific copyright issues from time to time. Greer Shaw, Glen Mastroberte, and Russell Archer are litigation attorneys who helped out with discrete projects on certain not requiring deep institutional knowledge of the case when other team

members were not available. Kamran Salour is a law clerk who also helped out in that manner. Allison Andrews, Ed Yep, Antoinette Huerta, Ray Roman, and Neal San Diego served as legal assistants, responsible for file maintenance, developing our internal working database of documents and images, preparing exhibits and assisting with filings, and otherwise serving in a standard litigation support role.

35. Attached as Exhibit "GG" is an e-mail from Timothy Hogan to Thomas Ueno and Wayne Berry dated June 29, 2005 in which Mr. Hogan concedes that the Court's June 27, 2005 Order "killed a lot of our case."

36. Attached as Exhibit "HH" is a true and correct copy of plaintiff's trial exhibit 90.

37. Attached as Exhibit "II" is a true and correct copy of the March 7, 2006 jury verdict in this matter.

38. Attached as Exhibit "JJ" is a true and correct copy of page 3 from the memorandum in support of Wayne Berry's concurrent motion for attorneys' fees.

39. Attached as Exhibit "KK" and "LL" are excerpts from the orders of this Court denying Berry injunctive relief dated October 8, 2004 and March 9, 2006.

40. Attached as Exhibit "MM" is a true and correct copy of a June 21, 2002 letter from Timothy Hogan.

41. Attached as Exhibit "NN" is a spreadsheet summarizing the time

spent on this matter by Kirkland & Ellis billable counsel (as well as legal assistants and research staff), sorted by the categories delineated in the District of Hawaii Local Rules (Rule 54.3(d)(1)), with subtotals by category.

42. Attached as Exhibit "OO" is a spreadsheet summarizing the time spent on this matter by Kirkland & Ellis billable counsel (as well as legal assistants and research staff), sorted by counsel, with subtotals by counsel or staff member.

43. Attached as Exhibit "PP" is a spreadsheet summarizing the time spent on this matter by Kirkland & Ellis billable counsel (as well as legal assistants and research staff), sorted by date.

44. Attached as Exhibit "QQ" is a spreadsheet summarizing reductions made to time entries that required me to exercise "billing judgment" in reducing them because they were not on their face entirely attributable to this matter. In exercising this judgment I considered how many other matters appeared in the time description as well as my general recollection of what was happening in the case as of the date of the entry, and I made conservative estimates (i.e., favorable to Berry). The descriptions listed do not include irrelevant matters that comprised part of the original entries; only portions relevant to Berry have been included.

45. The fees listed in the spreadsheets contained in Exhibits NN-QQ are the attorneys' and staff members' customary fees for like work, and are the customary fees for like work prevailing in the communities in which the attorneys

and staff members practice.

46. Attached as Exhibit "RR" is a true and correct copy of a letter dated July 13, 2004 from Richard Wynne to Timothy Hogan.

47. Attached as Exhibit "SS" is a true and correct copy of a letter dated July 14, 2004 from Timothy Hogan to Richard Wynne.

48. Attached as Exhibit "TT" is a spreadsheet showing $65,391.42 in additional "soft costs" necessarily and reasonably incurred on which no additional backup is available.

49. Attached as Exhibit "UU" is a spreadsheet developed by my staff at my direction and under my supervision showing $212.30 in costs for copying 2123 pages (at K&E's reasonable and standard rate of $0.10 per page) that were used as exhibits to motions (one set of pages for each motion).

50. Attached as Exhibit "VV" is an expense report for Olivia Samad that was not completed in time to be captured in Exhibit "AA."

51. Exhibit "WW" is reserved.

52. Attached as Exhibit "XX" is an overall summary of K&E's fees and costs.

53. Exhibit "YY" contains true and correct copies of backup for Kirkland & Ellis' fees for attorneys and staff claimed by the PCT. Items concerning July, 2004 through October, 2004 were drawn from bills also covering numerous

unrelated matters. They have been edited by K&E staff to exclude matters unrelated to Berry and only retain entries germane to this analysis. Redacted versions of the source materials can be made available upon request.

54. I have reviewed and approved the time and charges set forth in the itemizations of work performed contained in the Exhibits to this Declaration, and the time spent and expenses incurred were reasonable and necessary under the circumstances.

55. The fees, costs, and expenses claimed in this Declaration and the Motion it supports to the best of my knowledge after diligent inquiry are correctly stated, were necessarily incurred, are reasonable, and are allowable by law. Counsel have met and conferred, or (in light of plaintiff's own request for costs and the schedule established by Magistrate Kobayashi) prior to the settlement conference or hearing on this matter will meet and confer, in an effort to resolve any disputed about the claimed costs and will report to the Court as appropriate.

I declare under penalty of perjury that the statements made herein are true and correct to the best of my knowledge, information and belief in Los Angeles, California, on March 23, 2006.

Damian D. Capozzola