# EXHIBIT L

```
 1          IN THE UNITED STATES BANKRUPTCY COURT

 2             FOR THE DISTRICT OF DELAWARE

 3

 4

 5          ----------------------------

 6     In re:                        )

 7                                   )

 8     FLEMING COMPANIES, INC.;      ) No. 03-10945 (MFW)

 9     et al.,                       ) VOLUME I

10              Debtors.             )

11          ----------------------------

12

13

14          Deposition of SCOTT STEVENS, taken

15          at 209 S.W. Oak Street, Suite 500,

16          Portland, Oregon, commencing at 1:52 p.m.,

17          Friday, July 9, 2004, before Phillip A.

18          Rader, a Notary Public.

19

20

21

22

23

24

25     PAGES 1 - 42
```

spherion
deposition service

700 South Flower Street, Suite 1050
Los Angeles, CA 90017
Voice 213-385-4000 / 800-221-7295
Fax 213-385-6577
Email depos@spherion.com

Scott Stevens, Volume 1, 7/9/2004

```
 1    APPEARANCES OF COUNSEL

 2

 3    APPEARING ON BEHALF OF THE DEBTORS

 4

 5    KIRKLAND & ELLIS, LLP

 6    BY:  DAMIAN D. CAPOZZOLA

 7    777 South Figueroa Street

 8    Los Angeles, California 90017

 9    (213) 680-8653

10

11    APPEARING ON BEHALF OF WAYNE BERRY

12

13    LYNCH, ICHIDA, THOMPSON, KIM & HIROTA

14    BY:  TIMOTHY J. HOGAN

15    1132 Bishop Street

16    Suite 1405

17    Honolulu, Hawaii 96813

18    (808) 528-0100

19

20

21

22

23

24

25
```

2

1    APPEARANCES OF COUNSEL (CONTINUED)

2    APPEARING ON BEHALF OF THE OFFICIAL COMMITTEE

3    OF UNSECURED CREDITORS

4

5    PEPPER, HAMILTON, LLP

6    BY:   JULIE SKIDMORE, ESQ.

7          ROBERT HERTZBERG, ESQ.

8    Renaissance Center

9    Suite 3600

10   Detroit, Michigan 48243-1157

11   (313) 259-7110

12

13

14   APPEARING ON BEHALF OF THE WITNESS AND NTI

15

16   STOLL STOLL BERNE LOKTING & SHLACHTER, P.C.

17   BY:  KEITH A. KETTERLING, ESQ.

18   209 S.W. Oak Street

19   Suite 500

20   Portland, Oregon 97204

21   (503) 227-1600

22

23   ALSO PRESENT

24

25   MICHAEL GRAMZA, VIDEOGRAPHER

3

Scott Stevens, Volume 1, 7/9/2004

| | | |
|---|---|---|
| 1 | MR. HOGAN:  I beg your pardon? | 14:04:02 |
| 2 | MR. CAPOZZOLA:  We're going to move the | 14:04:04 |
| 3 | phone so it's closer to the witness. | 14:04:06 |
| 4 | Is everybody still there? | 14:04:19 |
| 5 | Let's go off the record. | 14:04:23 |
| 6 | THE VIDEOGRAPHER:  The time is 2:01 p.m. | 14:04:26 |
| 7 | We're off the record. | 14:04:27 |
| 8 | (Discussion off the record.) | 14:06:32 |
| 9 | (The answer was read as requested.) | 14:06:32 |
| 10 | BY MR. CAPOZZOLA: | 14:06:35 |
| 11 | Q.   Do you recall that June 18 was a Friday? | 14:06:35 |
| 12 | A.   Yes. | 14:06:39 |
| 13 | Q.   And then 19 would be Saturday; 20 would be | 14:06:40 |
| 14 | Sunday. | 14:06:45 |
| 15 | So if the following Tuesday was when you | 14:06:46 |
| 16 | pulled out, that would have been on or about June | 14:06:48 |
| 17 | 22? | 14:06:52 |
| 18 | A.   It sounds right, yes. | 14:06:52 |
| 19 | Q.   As the account executive on the Fleming | 14:06:52 |
| 20 | project, what is your understanding as to why NTI -- | 14:06:59 |
| 21 | withdrawn.  A premise question first. | 14:07:03 |
| 22 | Do you have an understanding that NTI | 14:07:06 |
| 23 | pulled out of the agreement with Fleming? | 14:07:08 |
| 24 | A.   Yes. | 14:07:10 |
| 25 | MR. HOGAN:  I'm going to object. | 14:07:11 |

12

Scott Stevens, Volume 1, 7/9/2004

| | | |
|---|---|---|
| 1 | Foundation.  Hearsay. | 14:07:12 |
| 2 | BY MR. CAPOZZOLA: | 14:07:13 |
| 3 | Q.    You are the account executive supervising | 14:07:13 |
| 4 | this project, right? | 14:07:16 |
| 5 | A.    Yes. | 14:07:17 |
| 6 | Q.    What is your understanding as to why NTI | 14:07:18 |
| 7 | pulled out of the agreement with Fleming? | 14:07:20 |
| 8 |         MR. HOGAN:   Objection.  Lack of | 14:07:22 |
| 9 | foundation.  Hearsay. | 14:07:24 |
| 10 |         MR. KETTERLING:   You can answer. | 14:07:25 |
| 11 | BY MR. CAPOZZOLA: | 14:07:27 |
| 12 | Q.    Go ahead. | 14:07:27 |
| 13 | A.    Okay.  My understanding of why we pulled out | 14:07:28 |
| 14 | is that Wayne Berry's attorney contacted Mike | 14:07:32 |
| 15 | Anderson on -- it would have been the 21st, Monday | 14:07:36 |
| 16 | evening, and had a brief discussion alluding to a | 14:07:42 |
| 17 | potential lawsuit that would be filed if NTI | 14:07:47 |
| 18 | followed through with its current Statement of Work. | 14:07:49 |
| 19 | And Mike then got in touch with their parent | 14:07:55 |
| 20 | company, Armor Holdings, and their attorneys out of | 14:08:00 |
| 21 | New York, and requested direction as to whether or | 14:08:04 |
| 22 | not to proceed with the knowledge that the lawsuit | 14:08:07 |
| 23 | could be eminent.  And we decided on the 22nd to | 14:08:11 |
| 24 | pull out. | 14:08:15 |
| 25 |         MR. HOGAN:  Again, my objection.  Move | 14:08:17 |

13

| | | |
|---|---|---|
| 1 | to strike. | 14:08:18 |
| 2 | BY MR. CAPOZZOLA: | 14:08:19 |
| 3 | Q.    Why was it that you decided to pull out? | 14:08:19 |
| 4 | A.    My understanding of that decision is that the | 14:08:21 |
| 5 | -- the risk of lawsuit and the expenditure of money | 14:08:25 |
| 6 | was too great to move forward. | 14:08:30 |
| 7 | Q.    As the account executive on the project, is | 14:08:32 |
| 8 | it safe to say that you were involved in the process | 14:08:37 |
| 9 | of making that decision, or were you at least | 14:08:38 |
| 10 | included? | 14:08:41 |
| 11 | A.    I was included; not necessarily a part of the | 14:08:43 |
| 12 | actual decision-making process.  But obviously kept | 14:08:46 |
| 13 | up to speed on the status of things.  Sure. | 14:08:49 |
| 14 | Q.    Is it your understanding that if Mr. Hogan | 14:08:51 |
| 15 | had not called Mr. Anderson, the project would have | 14:08:52 |
| 16 | been completed? | 14:08:55 |
| 17 | A.    Yes. | 14:08:55 |
| 18 | MR.  HOGAN:  Objection.  It calls for | 14:08:56 |
| 19 | speculation.  Lack of personal knowledge. | 14:08:58 |
| 20 | BY MR. CAPOZZOLA: | 14:08:59 |
| 21 | Q.    What is your answer, sir?  I'm sorry. | 14:08:59 |
| 22 | A.    Yes. | 14:09:01 |
| 23 | Q.    What was your understanding of the time frame | 14:09:02 |
| 24 | for completing the project embodied by the | 14:09:04 |
| 25 | consulting agreement, Exhibit 3? | 14:09:07 |

14

**Scott Stevens, Volume 1, 7/9/2004**

| | | |
|---|---|---|
| 1 | A. My understanding of completing the Statement | 14:09:08 |
| 2 | of Work was that we were going to have it done by | 14:09:12 |
| 3 | the first week of July. | 14:09:15 |
| 4 | Q. Okay. | 14:09:16 |
| 5 | MR. CAPOZOLLA: I think I have nothing | 14:09:16 |
| 6 | else for this witness right now. | 14:09:24 |
| 7 | MR. HOGAN: I have some questions. This | 14:09:26 |
| 8 | is Tim Hogan. I'll let everyone else go first. | 14:09:27 |
| 9 | MR. CAPOZZOLA: I think you can go | 14:09:31 |
| 10 | ahead, Mr. Hogan. | 14:09:32 |
| 11 | EXAMINATION | 14:09:32 |
| 12 | BY MR. HOGAN: | 14:09:33 |
| 13 | Q. What was your first name, sir? Your last | 14:09:34 |
| 14 | name is Stevens, correct? | 14:09:41 |
| 15 | A. Last name Stevens. First name Scott. | 14:09:41 |
| 16 | Q. Where are you from? | 14:09:41 |
| 17 | A. Portland, Oregon. | 14:09:42 |
| 18 | MR. CAPOZZOLA: Objection. Relevance. | 14:09:43 |
| 19 | BY MR. HOGAN: | 14:09:45 |
| 20 | Q. I'm sorry? | 14:09:45 |
| 21 | MR. CAPOZZOLA: Go ahead and answer. | 14:09:46 |
| 22 | Objection. Relevance. | 14:09:47 |
| 23 | A. Portland, Oregon. | 14:09:48 |
| 24 | BY MR. HOGAN: | 14:09:50 |
| 25 | Q. Portland, Oregon. | 14:09:50 |

15

1                    REPORTER'S CERTIFICATE

2

3          I, PHILLIP A. RADER, do hereby certify:

4

5      That the foregoing deposition testimony of

6  SCOTT STEVENS was taken before me at the time and

7  place therein set forth, at which time the witness

8  was placed under oath and was sworn by me to tell the

9  truth, the whole truth, and nothing but the truth;

10     That the testimony of the witness and all

11 objections made by counsel at the time of the

12 examination were transcribed under my direction and

13 supervision, and that the foregoing pages contain a

14 full, true and accurate record of all proceedings and

15 testimony to the best of my skill and ability.

16     I further certify that I am neither counsel for

17 any party to said action, nor am I related to any

18 party to said action, nor am I in any way interested

19 in the outcome thereof.

20     IN WITNESS WHEREOF, I have subscribed my name

21 this 15th day of July, 2004.

22

23  _____       _3-18-06_____

24      Signature                        Expiration Date

25

OFFICIAL SEAL
PHILLIP A RADER
NOTARY PUBLIC–OREGON
COMMISSION NO. 355816
MY COMMISSION EXPIRES MARCH 18, 2006

41