# EXHIBIT N

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF DELAWARE

IN RE:                          .   Case No.: 03-10945 (MFW)
                                .
                                .   821 North Market Street
FLEMING COMPANIES, INC. et al.  .   Wilmington, Delaware 19801
                                .
          Debtor,               .
                                .   Date:  July 26, 2004
. . . . . . . . . . . . . . . . .   Time:  9:46 a.m.
```



### TRANSCRIPT OF OMNIBUS HEARING
### BEFORE HONORABLE MARY F. WALRATH
### UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:          Pachulski, Stang, Ziehl, Young,
                           Jones & Weintraub, P.C.
                         By: LAURA DAVIS JONES, ESQ.
                             CHRIS J. LHULIER, ESQ.
                         919 North Market Street
                         Wilmington, DE 19899-8705

For the Debtor:          Kirkland & Ellis, LLP
                         By: RICHARD L. WYNNE, ESQ.
                             ERIC LIEBELER, ESQ.
                         200 East Randolph Drive
                         Chicago, IL 60601


Audio Operator:          Danielle R. Cherry



       Proceedings recorded by electronic sound recording, transcript
                    Produced by transcription service.

---

                     J&J COURT TRANSCRIBERS, INC.
                          268 Evergreen Avenue
                       Hamilton, New Jersey 08619
                       E-Mail: jjcourt@optonline.net

          (609) 586-2311        Fax No. (609) 587-3599

# 9150

2

APPEARANCES: (cont'd)

| | |
|---|---|
| For AWG | Buchanan Ingersoll, P.C.<br>By: SELINDA A. MELNIK, ESQ.<br>Chase Manhattan Centre<br>1201 N. Market Street<br>Wilmington, DE 19801 |
| For Farris Class Action Plaintiffs | Werb & Sullivan<br>By: DUANE D. WERB, ESQ.<br>300 Delaware Avenue<br>Wilmington, DE 19899 |
| For Kemps, LLC, et al. | Morris James Hitchens & Williams<br>By: STEPHEN MILLER, ESQ.<br>222 Delaware Avenue<br>Wilmington, DE 19899 |
| For Raymond Choy | Potter, Anderson & Corroon<br>By: MADISON L. CASHMAN, ESQ.<br>1313 N. Market Street<br>Wilmington, DE 19899 |
| For SuperValu | Sidley Austin Brown & Wood<br>By: WILLIAM EVANOFF, ESQ. |
| For Office of U.S. Trustee | United States Dept. of Justice<br>By: JOSEPH McMAHON, ESQ.<br>J. Caleb Boggs Federal Bldg.<br>844 N. King Street<br>Wilmington, DE 19801 |
| For Russell Stover | Connolly, Bove, Lodge & Hutz, LLP<br>By: JEFFREY WISLER, ESQ.<br>1220 Market Street<br>Wilmington, DE 19899 |
| For Pre- & Post-Petition Agents | Greenberg Traurig, LLP<br>By: DENNIS A. MELORO, ESQ.<br>The Brandywine Bldg.<br>1000 West Street<br>Wilmington, DE 19801 |
| For ACE | White & Williams, LLP<br>By: MARC S. CASARINO, ESQ.<br>    LEONARD GOLDBERGER, ESQ.<br>824 N. Market Street<br>Wilmington, DE 19899 |

```
For OUCC                        Pepper Hamilton, LLP
                                By: WILLIAM COHEN, ESQ.
                                1201 Market Street
                                Wilmington, DE 19899

For C&S Acquisition             Landis Rath & Cobb
                                By: RICHARD S. COBB, ESQ.
                                    MEGAN N. HARPER, ESQ.
                                919 Market Street
                                Wilmington, DE 19801

For Sonitrol Management         Reed Smith, LLP
                                By: KIMBERLY E. C. LAWSON, ESQ.
                                1201 Market Street
                                Wilmington, DE 19801

For Teamsters Union & UFCW      Previant, Goldberg Uelmen Gratz
                                  Miller & Brueggeman
                                By: FREDERICK PERILLO, ESQ.
                                Milwaukee, Wisconsin

                                Heiman Gouge & Kaufman
                                By: SUSAN KAUFMAN, ESQ.
                                800 King Street
                                Wilmington, DE 19899

For Wayne Berry                 William W. Erhart, PA
                                By: WILLIAM W. ERHART, ESQ.
                                800 King Street
                                Wilmington, DE 19899

For Buy For Less, Northstar     Walsh, Monzack & Monaco, P.A.
                                By: RACHEL B. MERSKY, ESQ.
                                1201 North Orange Street
                                Wilmington, DE 19899

For Big 8                       Campbell & Levine
                                By: MARK HURFORD, ESQ.
                                800 N. King Street
                                Wilmington, DE 19801

By Phone:

For Debtors                     Kirkland & Ellis
                                By: JAMIE SPRAYREGEN, ESQ.
                                    SHIRLEY CHO, ESQ.
                                200 East Randolph Drive
                                Chicago, IL 60601
```

4

| | |
|---|---|
| For Bradley Operating, LP | McGuire Woods, LLP<br>By: MICHAEL SCHMAHL, ESQ.<br>150 North Michigan Avenue<br>Chicago, IL 60601 |
| For Wayne Berry | Lynch Ichida Thompson Kim & Hirota<br>By: TIMOTHY HOGAN, ESQ.<br>1132 Bishop Street<br>Honolulu, HI 96813 |
| For BP Products North America | Kelley Drye & Warren, LLP<br>By: DEBRA SUDOCK, ESQ.<br>101 Park Avenue<br>New York, NY 10178 |
| For General Mills and Marigold | Frederickson & Byron<br>By: FAY KNOWLES, ESQ. |
| For Application to retain Bob Reynolds | By: BOB REYNOLDS, ESQ. |
| For Lexington Insurance | Grotefeld & Denenberg<br>By: LYNN WEAVER, ESQ.<br>105 West Adams Street<br>Chicago, IL 60603 |

1      THE COURT: But tell me the basis in paragraph 18 for
2  his belief that API would have been limited to 20 containers per
3  week without his software.
4      MR. HOGAN: Yeah, it's in the other part of his
5  declaration, Your Honor, in the story of API. And I don't want
6  to go into it because it's not in the record. But it's -- Mr.
7  Berry, I think it was testified, was the president of API, came
8  in and helped run the company. And his -- it isn't -- it's
9  knowledge of the person who would know these facts. That -- the
10 intrinsic value of selling a unique piece of software to someone
11 is going to be difficult for anyone to establish, Your Honor.
12     THE COURT: Yeah, but isn't the best evidence what you
13 were actually getting from Fleming? Which was zero.
14     MR. HOGAN: Well, no, I don't think that -- Your Honor,
15 I understand that Mr. Berry allowed Fleming to use his software
16 and I believe Mr. Stuecy's statements in that memorandum as an
17 interim measure. And as we had Mr. Dillon discussing, one of the
18 reasons Mr. Berry did that is so he could employ his former
19 employees as the company was being put out of business.
20     Now, it may not seem like a good business deal for most
21 people, but I don't think it should be construed as him waiving
22 his rights as a copyright owner. To protect --
23     THE COURT: I'm not suggesting his waiving his rights,
24 but he's suggesting he's put a value on those rights. And
25 there's nothing in the exhibits to suggest it was a temporary

1  measure only.

2      MR. HOGAN: Only the exhibit that I referred to, Your
3  Honor, the EULA, the first page of the EULA that was the
4  memorandum.

5      THE COURT: Yeah, but even your statement, the long
6  term goal of our operation is to interface with our company's
7  total inbound logistics system. What does that mean?

8      MR. HOGAN: It's, I believe, to get rid of Mr. Berry.
9  That's what I believe it meant. Which is -- he's almost gone,
10 Your Honor, so --

11              (Laughter)

12     MR. HOGAN: But now he's C&S's problem.

13              (Laughter)

14     THE COURT: Yes, he will.

15     MR. HOGAN: Let's say I have nothing else, Your Honor.

16     THE COURT: All right. What other evidence?

17     MR. HOGAN: I think that's it, Your Honor.

18     THE COURT: All right.

19     MR. LIEBELER: Nothing further on estimation, Your
20 Honor. I would yield to Mr. Sprayregen with respect to the
21 overall confirmation issues.

22     THE COURT: All right. Well, let me make a ruling on
23 the estimation so we can proceed more orderly. I think that --
24 and again, for purposes of this proceeding, I must assume there
25 is some claim that Mr. Berry has against the debtor that would

174

1  qualify as an administrative expense. And I'm prepared to
2  estimate the administrative expense at $100,000.
3       The only evidence really before me that it has any
4  value, the license agreement provides that the debtor may use it
5  for no licensing fee. So that is not evidence of any value for
6  the debtor's use that would constitute the administrative
7  expense. There is the jury verdict that found that the debtor
8  had made improper changes to and was using the changed version
9  which constituted infringement and the jury awarded damages of
10 approximately $98,000. So that is some evidence of a value that
11 can be attributed to any claim for infringement. That is, change
12 of the original version of the software.
13      With respect to any alleged damages for a sale to C&S,
14 there is no evidence of a sale to C&S. The asset purchase
15 agreement specifically does not include the software. My ruling
16 at the hearing on approval of the asset purchase agreement made
17 it clear that there was no sale of Mr. Berry's software. So
18 nothing can be attributed to any value the debtor received as a
19 result of any sale of the software. So I would estimate the
20 Berry administrative claim against the debtor at $100,000.
21      MR. SPRAYREGEN: Thank you, Your Honor. With respect
22 to confirmation, and obviously in my confirmation argument, I'll
23 take this ruling in account with respect to the feasibility
24 objection, I think in the first instance there was one party that
25 I had reported was resolved, Mr. Block. And they stepped up and

Closing Argument/Sprayregen                          175

1  it was a little bit unclear whether there was still a
2  confirmation objection or whether he was just agreeing that it
3  was close to being resolved but it wasn't resolved yet. I can
4  report and I believe Mr. Block's counsel is still in the
5  courtroom, that that is now settled and the documentation is in
6  process and the settlement of that claim we would intend to
7  submit under a certification of counsel to the extent the court
8  order will confirm the plan.
9           MR. HOUSTON: Good afternoon, Your Honor. Joseph
10 Houston of Stevens Lee and Dunn. That is correct. We have
11 reached an agreement. It's simply a matter now of actually
12 signing an agreement and on that basis we withdraw the objection.
13          THE COURT: All right. Thank you.
14          MR. HOUSTON: Thank you.
15              MR. SPRAYREGEN'S CLOSING ARGUMENT
16          MR. SPRAYREGEN: So, Your Honor, we're back to where I
17 thought we started which is with the one objection. And the
18 basis of the objection is both feasibility and lack of good faith
19 that we proposed a plan by means of forbidden by law. I would in
20 the first instance state that we believe all of the other
21 evidence we've put in satisfies all of the other confirmation
22 standards and I'm happy to go through those because it is our
23 burden, but I think they're well in the evidence unless the Court
24 desires them.
25          THE COURT: That's fine. I think it's stated in the

## CERTIFICATE

I certify that the foregoing is a correct transcript, from the electronic sound recording of the proceedings in the above-entitled matter.

_Susan Holcomb_   August 3, 2004
Susan Holcomb, Transcriber
AAERT Cert. No. D-273