# EXHIBIT Q

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 2 3 2004

at ____ o'clock and ____ min. ____ M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., a California corporation; H.E.S. TRANSPORTATION SERVICES, INC., a California corporation; CALIFORNIA PACIFIC CONSOLIDATORS, INC., a California corporation; JEFFREY P. GRAHAM and PETER SCHAUL, California citizens; MARK DILLON and TERESA NOA, BRIAN CHRISTENSEN, Hawaii citizens; FLEMING COMPANIES, INC., an Oklahoma corporation; C & S LOGISTICS OF HAWAII, LLC, a Delaware LLC; C & S WHOLESALE GROCERS, INC., a Vermont corporation; | Civ. No. CV03 00385 SOM-LEK (Copyright)<br><br>PLAINTIFF WAYNE BERRY'S SUBMISSION OF REDRAFTED PROPOSED SECOND AMENDED VERIFIED COMPLAINT PURSUANT TO COURT'S MINUTE ORDER DATED FEBRUARY 18, 2004; EXHIBIT "A"; CERTIFICATE OF SERVICE |

FILE-STAMPED COPY OF
FIRST PAGE TO
COMPLETE YOUR RECORD

FEB 2 4 2004

C & S ACQUISITIONS, LLC;                )
FOODLAND SUPER MARKET,         )
LIMITED, a Hawaii corporation;         )
HAWAII TRANSFER COMPANY,    )
LIMITED, a Hawaii Corporation, DOE )
INDIVIDUALS 1-350; DOE                   )
PARTNERSHIPS, CORPORATIONS )
and OTHER DOE ENTITIES 1-20,      )
                                                                  )
                Defendants.                              )
                                                                  )
_____)


### PLAINTIFF WAYNE BERRY'S SUBMISSION OF REDRAFTED PROPOSED SECOND AMENDED VERIFIED COMPLAINT PURSUANT TO COURT'S MINUTE ORDER DATED FEBRUARY 18, 2004

COMES NOW, Plaintiff Wayne Berry, by and through his undersigned counsel and hereby respectfully submits a revised redlined Second Amended Verified Complaint in response to the Court's Minute Order dated February 18, 2004 pursuant to the Magistrate Judge's Minute Order Dated February, 18, 2004.

A copy of the redrafted Proposed Second Amended Complaint with red-lining removed is also being provided to each attorney of record.

DATED: Honolulu, Hawaii, _____FEB 2/3 2004_____.

_____
TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY

2

130. As a direct and proximate result of these acts, the Plaintiff has suffered injury in amounts to be determined at time of trial.

131. Pursuant to The Sherman Act, 15 U.S.C. §§ 1 & 2, and the Section 4 of the Clayton Act, 15 U.S.C. § 15, Plaintiff is entitled to recovery treble damages from the non-debtor defendants for all damages proven.

## COUNT VI
### (VIOLATIONS OF RICO AGAINST THE NON-BANKRUPTS)

132. Plaintiff re-alleges the preceding allegations that are incorporated by this reference.

133. ~~In or about 1993, certain individuals, including Jack Borja and Lokilani Lindsey formed Atlantic Pacific International, Inc. ("API").~~

~~API was formed by these individuals to facilitate two principal criminal practices.~~

~~The first was to facilitate false billing overcharges for food shipments into the state of Hawaii through repeated acts of mail and wire fraud.~~

~~The second practice was to facilitate the trafficking of untaxed cigarettes.~~

~~By late 1995, Lokilani Lindsey began to distrust Jack Borja who she and her sister Marlene believed was engaged in a fraud on them.~~

~~In or about December 1995, Fleming Companies, Inc., that was engaged in both of these illegal practices, transferred $200,000 to API for Jack Borja to use~~

41

to buy the interests held by Lokelani and Marlene Lindsey to insure the continued flow of untaxed cigarettes and the false documentation that Fleming used to facilitate its overcharge scheme.

In late 1994, Jack Borja approached Wayne Berry who had been his tenant and requested that Mr. Berry provide a proposal for automating the API logistics functions.

By late 1995, Mr. Berry had completed the development of the Berry Freight Control System and put it on line at API.

During the time after November 1995, Jack Borja informed Mr. Berry of other business affiliations that he was developing including several related to the securitization of mortgage instruments in the Philippines.

During the time after November 1995, Mr. Berry traveled with Jack Borja, Brian Christensen and overheard conversations regarding criminal acts including, murder for hire, piracy, gun running and hijacking.

Mr. Berry also attended social functions in the Philippines where Jack Borja, and a member of the Philippines government discussed their close relationship with persons identified at the time as Moslem rebels. Upon information and belief these persons with whom Mr. Borja and the member of the Philippine government were discussing are commonly known as Al Quida.

42

———Based on these overheard conversations, Al Quida was engaged in terrorist activities to cause the default of Philippine Government backed mortgages to assist certain political factions in the Philippines in their attempts to influence Philippine domestic political affairs and win a presidential election.

———Mr. Borja and Mr. Christensen participated in a meeting where a plan to allow the highjacking of food shipments was discussed. This highjacking plan was to be incorporated in a plan to purchase Fleming food products and to obtain additional revenues from those purchase through the conduct of a illegal racketeering enterprise.

———The plan required the murder of the truck driver, the hijacking of the cargo followed by the filing of false insurance claims shipper Fleming.

———Later, the goods were sold and the profits split among the actors. This enterprise included members of Al Quida who were, upon information and belief, were to commit the murders.

———In or about 1998, Mr. Berry was informed by a temporary API employee, Mauro Edwards, that he had overheard one of Jack Borja's relative discussing the shipment of machine guns with silencers in Fleming controlled ocean containers. Mr. Berry immediately contacted the Alcohol Tobacco and Firearms ("ATF") to report this information.

43

- In a meeting with Tracy Elder and Jordon Lowe, who were identified as ATF employees, Mr. Berry was asked if he knew anything about cigarette smuggling through Fleming.

- Later, after being requested to produce certain corporate records in litigation, Mr. Berry discovered certain records of Fleming related companies that appeared to be engaged in cigarette trafficking. Mr. Berry reported this to the ATF and the AFT that immediately sent an investigator to review the records.

- After further investigation, Mr. Berry discovered documents dating back to 1993 detailing the agreement by the Lindseys and Mr. Borja using the Fleming money to facilitate the trafficking of untaxed cigarettes.

- These documents were obtained by the United States pursuant to grand jury subpoena and, upon information and belief, were the government's principal evidence against Marlene and Lokelani Lindsey who were convicted of the predicate offenses of Money Laundering and Bankruptcy Fraud.

- Further, after discovering that his intellectual property was being used by Fleming to commit fraud, Mr. Berry reported the food overcharge schemes to the press and a series of articles were published detailing the manner in which vendor allowances and credits that should have been passed on the consumer but were instead taken by Fleming.

# CERTIFICATE OF SERVICE

I hereby certify that filed-marked copies of the foregoing document were duly served upon the following parties via hand delivery except as noted by first class mail, postage prepaid, on _____**FEB 2 3 2004**_____ :

LEX R. SMITH, ESQ.
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Attorneys for Defendant
Fleming Companies, Inc.
C&S Wholesale Grocers, Inc.,
C&S Logistics of Hawaii, LLC and
C&S Acquisitions, LLC

ROY J. TJIOE, ESQ.
EMILY REBER PORTER, ESQ.
Goodsill Anderson Quinn & Stifel
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Attorney for Defendants
Hawaiian Express Service, Inc.,
H.E.S. Transportation Services, Inc.,
California Pacific Consolidators, Inc.,
Jeffrey P. Graham and Peter Schaul

KAREN L.S. FINE, ESQ.                     United States First Class
Nordman Cormany Hair & Compton            Mail, Postage Prepaid
1000 Town Center Drive, Sixth Floor
Oxnard, California 93036
Attorney for Defendants

Hawaiian Express Service, Inc.,
H.E.S. Transportation Services, Inc.,
California Pacific Consolidators, Inc.,
Jeffrey P. Graham and Peter Schaul

ANDREW V. BEAMAN, ESQ.
Chun Kerr Dodd Beaman & Wong, LLLC
Topa Financial Center, Fort Street Tower
745 Fort Street, Floor 9
Honolulu, Hawaii 96813
Attorney for Foodland Super Market, Limited

LYLE HOSODA, ESQ.
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Attorney for Defendants Mark Dillon,
Brian Christensen and Teresa Noa

WESLEY H. H. CHING, ESQ.
Fukunaga, Matayoshi, Hershey & Ching, LLC
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Attorney for Hawaii Transfer Company, Limited

DATED: Honolulu, Hawaii, _____ FEB 2 3 2004 _____.

_____
TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY

3