# EXHIBIT R

1

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE DISTRICT OF HAWAII

3    ---:---                    ORIGINAL

4    WAYNE BERRY,                    ) CIVIL NO. CV 01 00446 SPK LEK
                                     ) (Copyright)
5                Plaintiff,          )
                                     )
6         vs.                        )
                                     )
7    FLEMING COMPANIES, INC., aka    )
     FLEMING FOODS, INC., aka FLEMING,)
8    DOE INDIVIDUALS 1-50 AND        )
     DOE PARTNERSHIPS, CORPORATIONS  )
9    AND OTHER ENTITIES 1-20,        )
                                     )
10               Defendants.         )
     _____ )

11

12               DEPOSITION OF WAYNE BERRY

13

14   Taken on behalf of Defendant Fleming Companies, Inc. at the

15   Law Offices of Kobayashi, Sugita & Goda, Suite 2600, First

16   Hawaiian Center, 999 Bishop Street, Honolulu, Hawaii,

17   commencing at 9:10 a.m., on Wednesday, February 5, 2003,

18   pursuant to Notice.

19

20

21

22

23   BEFORE:

24        Emi Albright, RPR/CSR 319
          Notary Public, State of Hawaii

25

2

1    APPEARANCES:

2    For the Plaintiff:              TIMOTHY J. HOGAN, ESQ.
                                     Lynch Ichida Thompson Kim
3                                       & Hirota
                                     1132 Bishop Street, Suite 1405
4                                     Honolulu, Hawaii 96813

5    For the Defendant               LEX R. SMITH, ESQ.
     Fleming Companies, Inc.:        ANNE E. LOPEZ, ESQ.
6                                     Suite 2600, First Hawaiian Center
                                     999 Bishop Street
7                                     Honolulu, Hawaii 96813

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    answer?

2    MR. HOGAN:    I am saying there's a statute that

3    directly applies to identify theft and Social Security

4    numbers, so I ask that we have a protective order regarding

5    issues related to a Social Security number. I believe you are

6    trying to get around the protective order, so I would ask that

7    at least we seal the transcript, the transcript be used as a

8    sealed transcript at trial.

9    By the way, did you sign the protective order?

10    MR. SMITH:    I thought you were going to bring it

11    this morning.

12    MR. HOGAN:    No, you had it.  You were going to

13    give it to me.  I will take these back.  I will give you back

14    your copy of the signature and we will discuss it after the

15    deposition.

16    MR. SMITH:    Okay.  Are you instructing the witness

17    not to answer the question?  I don't have any problem with

18    agreeing that the portion of the transcript regarding this

19    answer will be sealed and will be covered by any protective

20    order at this point.

21    MR. HOGAN:    Can you give me any reason that this

22    is relevant to any issue in this proceeding?

23    MR. SMITH:    We think that Mr. Berry's background

24    is going to be introduced at the trial, and we have a right to

25    validate whether it's accurate or not.  One way of doing that

6

1    is with a Social Security number.  I certainly don't intend to

2    turn it over to anyone else or use it for any purpose other

3    than this case.  And I'm quite comfortable agreeing to any

4    restriction along those lines that you want.

5              MR. HOGAN:    Would it be your position at trial I

6    can ask every one of the Fleming witnesses their Social

7    Security numbers and that would be relevant in the proceeding?

8              MR. SMITH:    In discovery I think it's certainly

9    permissible.

10             MR. HOGAN:    But in trial you would say not?

11             MR. SMITH:    I just said in discovery I think it's

12   perfectly permissible, and that's what I am doing today.

13             MR. HOGAN:    I just think it's irrelevant.  I

14   think that asking a witness under the new laws that are out in

15   terms of identity theft is something that is not necessary.

16   To create a trail to someone's identity is unnecessary.

17       To the extent that you have some reason to use it in this

18   case, simply to say that you are going to now two weeks before

19   trial, three weeks before trial conduct a background search on

20   Mr. Berry to me just is not credible.

21             MR. SMITH:    Are you instructing the witness not to

22   answer?

23             MR. HOGAN:    I'll let the witness make his own

24   decision on his own privacy issues.  If he wants to answer the

25   question, he can.  If he doesn't want to answer it, you can

CARNAZZO COURT REPORTING COMPANY, LTD.        (808) 532-0222

1    ask him to compel to answer it later if he chooses not to.

2    Q    (By Mr. Smith)    What is your Social Security number?

3    A    I will keep that private for now.

4    Q    You are refusing to answer the question?

5    A    Yes.

6    Q    What is your residence address?

7                MR. HOGAN:    I will also object on relevance.

8    Q    (By Mr. Smith)    You may answer.

9    A    I will keep that private for now also.

10    Q    Are you refusing to answer my question?

11    A    Yes, I am.

12    Q    What is the basis of your refusal?

13    A    Probably the visitations that were made to my residence a

14    year ago in November by armed gunmen.  I fear for my safety.

15    Q    You are refusing to tell me your residence address

16    because you fear for your safety; is that correct?

17    A    Yes.

18    Q    And could you explain why it is that you fear that

19    telling me your residence address is going to have an effect

20    on your safety?

21                MR. HOGAN:    I will object as asked and answered,

22    but go ahead if you want to hear it again.

23    A    Asked and answered.

24    Q    (By Mr. Smith)    Are you refusing to answer my question?

25    A    It was asked and answered.

CARNAZZO COURT REPORTING COMPANY, LTD.        (808) 532-0222

1          MR. HOGAN:    Answer it again.

2    A    Basically it's I fear for my safety and I believe by

3    telling you, it will put my life in peril.

4    Q    (By Mr. Smith)   Why do you believe that telling me your

5    residence address will put your life in peril?

6    A    Because those gunmen could come back and my whereabouts

7    would be known.

8    Q    What gunmen are you speaking of?

9    A    The ones that visited my home a year ago November over

10   Thanksgiving weekend.

11   Q    Why do you believe that telling me your residence address

12   is going to cause gunmen to come back as they did in November

13   of, what, 2002 or 2001?

14   A    2001.

15   Q    Why do you believe that telling me your residence address

16   is going to cause gunmen to come back?

17   A    I believe the only people I am adverse to right now is

18   you and your clients.

19   Q    Is that right?  What about Jack Borja?  Are you·adverse

20   to him now?

21          MR. HOGAN:    Objection.  Calls for legal

22   conclusion.  Answer it if you can.

23   A    I don't know how to answer that.  I hadn't thought about

24   it.

25   Q    (By Mr. Smith)   Didn't Jack Borja recently work with

1   Bank of Hawaii to have your car repossessed?

2           MR. HOGAN:   Objection.   Calls for speculation.

3   Answer if you know.

4   A    I don't know that for a fact.

5   Q    (By Mr. Smith)   Okay.   Jack Borja was the guarantor on

6   the loan or lease related to the car you were driving, wasn't

7   he?

8   A    Which car do you mean?

9   Q    The one that got repossessed?

10  A    Yes.

11  Q    And you weren't making the payments that were required

12  for that car, were you?

13  A    That's correct.

14  Q    And as a result of that, the bank was chasing Jack Borja

15  for the payments, weren't they?

16          MR. HOGAN:   Objection.   Calls for speculation.

17  Answer if you know.

18  A    I don't know that.

19  Q    (By Mr. Smith)   You only know that you weren't making the

20  payments?

21  A    Yes.

22  Q    And then one day when you were scheduled to have a

23  meeting with Jack Borja, your car got repossessed; right?

24  A    No.

25  Q    Your car did get repossessed?

1    STATE OF HAWAII              )
                                 )  SS.
2                                )

3         I, Emi Albright, C.S.R., a Notary Public in and for

4    the State of Hawaii, do hereby certify:

5         That on February 5, 2003, appeared before me WAYNE

6    BERRY, the witness whose testimony is contained herein, that

7    prior to being examined, the witness was by me duly sworn or

8    affirmed; that the proceedings were taken in computerized

9    machine shorthand by me and were thereafter reduced to print

10   under my supervision; that the foregoing represents, to the

11   best of my ability, a correct transcript of the proceedings

12   had in the foregoing matter;

13        That the witness, if applicable, was notified

14   through counsel, by mail, or by telephone to appear and sign;

15   that if the transcription is not signed, either the reading

16   and signing were waived by the witness and all parties, or the

17   witness has failed to appear and the original is therefore

18   kept on file without signature pursuant to Court rules.

19        I further certify that I am not counsel for any of

20   the parties hereto, nor in any way interested in the outcome

21   of the cause named in the caption.

22        Dated:    FEB - 7 2003                              .

23

24                 _Emi Albright_____
                   Emi Albright, C.S.R. #319
25                 Notary Public, State of Hawaii
                   My Commission Expires: July 8, 2004

CARNAZZO COURT REPORTING COMPANY, LTD.      (808) 532-0222