# EXHIBIT T

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., a California corporation; et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. CV03 00385 SOM-LEK<br>(Copyright)<br><br>**PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO HAWAII TRANSFER COMPANY, LTD.'S MOTION FOR SUMMARY JUDGMENT FILED ON OCTOBER 2, 2004; CERTIFICATION PURSUANT TO L.R. 7.5(e);  CERTIFICATE OF SERVICE** |

Exhibit 42

DEC 2 0 2004

defense. Simply stated, HTC' co-conspirator rebuts its assertion that HTC created this system. Teresa Noa admits that it was Jim Kleban, who created it in January 2004.

Finally, HTC admits in sworn answers to interrogatories that it is using the Fleming Logistics software to create its "invoices." Hogan Dec. Exhibit "I" at No. 9. Berry Dec. ¶¶ 11-13 and Exhibits "C" and "D" that establish HTC as unlicenced user of the Berry system at least up to July 2003.

C.    MR. BERRY IS NOT ABLE TO PRODUCE EVIDENCE TO MEET THE MOTION.

Mr. Berry also hereby incorporates his Ex Parte Motion to Continue hearings filed on November 1, 2004 and the Fed. R. 56(f) declaration filed in support by this reference as grounds for the Court to defer ruling on the instant motion pending more complete discovery. In addition to the arguments set forth in that Motion and supporting declaration, Mr. Berry further notes that discovery as to the principal RICO participants has been stayed from March 2004 to October 1, 2004 and that the fact that a discovery master has just been appointed has further delayed discovery through no fault of Mr. Berry. Hogan Dec. ¶¶ 1-5.

The instant Movant has not produced any of the alleged reports that it claims to receive from Fleming. HTC has resisted production of any documents

on the grounds that its trucking dispatch reports constitute trade secrets. The court has just recently appointed a discovery master who has yet to hold his initial conference. *Id.* The Courts should just deny the Motion because there are clearly issues of fact regarding each issue raised by HTC as undisputed.

D.    **THE RICO IS PROPERLY ALLEGED AND THE FACTS SHOW IT TO BE MORE THAN AN ALLEGATION.**

HTC, producing no evidence to support its argument, asserts under Fed. R. Civ. P. 12(b)(6) that Mr. Berry has failed to allege an appropriate RICO enterprise. Quite the contrary. Mr. Berry has alleged one of the most vibrant and ongoing racketeering enterprises in the history of the State of Hawaii. This enterprise, as set forth in Mr. Berry's declaration in ¶¶ 18-42 and as alleged by the Second Verified Complaint, and RICO statement the conduct of an enterprise engaged in numerous predicate acts, including mail and wire fraud, the smuggling of untaxed cigarettes and, as to Mr. Berry's specific RICO injury, clear acts of criminal copyright infringement. The existence of the HTC invoices on the Fleming computer system, is also strong circumstantial evidence of the false invoicing scheme making out additional mail and wire fraud predicate acts. Just who these RICO persons are invoicing is not yet fully clear. Why is HTC having Fleming invoice HTC's customers? Mr. Berry produces the evidence of the

6

Fleming false invoicing scheme that evidences very clearly why HTC has

Fleming-C&S create its invoices. Berry Dec. Exhibits "I" and "J."

To the extent that Mr. Berry has not been able to fully identify each of the

participants and relate each to the structure of the enterprise, Mr. Berry has been

blocked from conducting discovery regarding the principal participants of this

Enterprise and should be permitted now that the case has recommenced, to

conduct that discovery as part of his case.

In any event, Mr. Berry has uncovered the link between this Hawaii based

Racketeering Enterprise operating as the Fleming Logistics Enterprise and the

Providence Rhode Island Patriarcha Crime Family though DiSilva Transportation,

Inc. and its subsidiary Webster Trucking and its principal Thomas DiSilva that are

closely associated with C&S and James Kleban.

Attached to the Berry Dec. as Exhibit "L" is a graphic depiction of the

RICO and the participants that have been identified to date. C&S, as set forth in

the Berry Dec. Exhibits "M" to "T" has apparent connections with the New

England Patriarcha crime family through C&S' New England trucking companies.

These RICO persons have been charged and convicted in a variety of racketeering

crimes.

Attached to the Berry Dec. as Exhibit "M" is an excerpt from C&S' in-

house new magazine for the current month that links both C&S and James Kleban to the Patriarcha New England Crime Family though a convicted RICO person Thomas DiSilva. Berry Exhibit "N" is a document obtained from the Vermont Department of Labor and Industry that establishes that Webster Trucking is a subcontractor of C&S. Berry Exhibit "O" is an excerpt from the DiSilva Transportation Website that lists Webster Trucking as a DiSilva subsidiary.

Berry Dec. Exhibit "P" is news release from the U.S. Department of Justice discussing the indictment of DiSilva Transportation, Inc. and its principal along with George Cashman on a variety of Racketeering predicates. Berry Dec. Exhibit "Q" page 2 is the admission of Thomas DiSilva that he is a principal of DiSilva Transportation, Inc. Berry Dec. Exhibit "R" is the Judgement of Conviction of Thomas DiSilva on Mail Fraud and other SUA counts.

Berry Dec. Exhibit "S" is the Judgement of Conviction in the same Criminal proceeding, of Teamsters Union boss, George Cashman on Mail Fraud, Extortion and other SUA counts. Berry Dec. Exhibit "T" is the report of Union Corruption Update, that links George Cashman to the Patriarca organized crime family. Discovery is ongoing.

As to HTC's RICO argument, the HTC memorandum erroneously claims that criminal infringement is not a RICO predicate. Congress has amended RICO

8

copyright infringement. The court stated "<u>it is only necessary that a copyright defendant have knowledge of the infringing activity.</u>" Id. (emphasis in original). Regardless of the standard applied, however, "a copyright defendant's "innocence" does not absolve him of liability; it only affects the remedies available." Id.

<u>The determination of willfulness under the applicable standards is generally a question of fact for the jury.</u> The question now before this court is therefore whether there are such undisputed facts in the record as to make this issue now appropriate for summary judgment.

*Hearst Corp. v. Stark*, 639 F. Supp. 970, 979-980 (D. Cal., 1986) (emphasis added).

The Defendants, therefore, the burden of this defense at trial. They have put forth no evidence to support the reasonableness of innocent infringement defense and the motion must be denied.

Further, there exist clear issues of material fact as to whether HTC is a direct infringer and therefor the motion must be denied.

IV. **CONCLUSION.**

For the reason's stated, the Motion should be denied.

DATED: Honolulu, Hawaii, _____    DEC 2 0 2004 .

_____
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY

24