# EXHIBIT MM

Case 1:03-cv-00385-DAE-LEK     Document 883-4     Filed 03/23/2006     Page 2 of 3

JUN-21-02 10:28 FROM:LYNCH et al.          ID:808 528 4997          PAGE 2/3

# LYNCH ICHIDA THOMPSON KIM & HIROTA
### A LAW CORPORATION

MAILE M. HIROTA
WESLEY W. ICHIDA
STEVEN J. KIM
PAUL A. LYNCH
WILLIAM "Buzz" THOMPSON III
GORDON T. YANG

1132 BISHOP STREET, SUITE 1405
HONOLULU, HAWAII 96813
TELEPHONE (808) 528-0100
FACSIMILE (808) 528-4997
(808) 523-1920

*Counsel*
TIMOTHY J. HOGAN

*Of Counsel*
GREG TURNBULL, MA

June 21, 2002

Lex R. Smith, Esq.                                  VIA FAX NO. 539-8799
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813

Re:   Wayne Berry v. Fleming Companies, Inc., et al., Civil No.
      CV 01 00446 SPK LEK

Dear Mr. Smith:

    We have been reviewing our options in regard to the continued, apparently unrestricted infringement of the author's copyrights. I am specifically referring to the ongoing use of derivatives that were made in violation of every copyright law imaginable that continue to be used by Fleming and HEX in the operation of their businesses. Specifically, the larger customers, we believe, are liable to the Plaintiff for vicarious infringement where they have the ability to police the conduct of the primary infringer (Fleming) and derive an economic benefit from the infringement (shipping goods). Four potential targets come to mind but the principal target would be the United States of America.

    We are informed and believe that Fleming is responsible for shipping the majority of all of the food and other consumable products into the State of Hawaii and other locations that are serviced by the Berry freight system under the DeCA arrangements that Fleming has with the United States. Specifically, Fleming is required to use Mr. Berry's system to identify the freight rebates, discounts and other cost factors in its reporting to the United States government on its cost plus contracts. Without the use of Mr. Berry's system, Fleming could not satisfy its requirements under these contracts specifically ¶¶ 52, 212-5 of the CFR regarding "debarment" and therefore it is our view that the United States of America has the ability to control Fleming in regard to its conduct as a criminal infringer. This letter is to advise Fleming that if Fleming has not insured that it has ceased all infringing activities and begun to make amends for all past infringement no later than Friday, June 28, 2002, Plaintiff Wayne Berry, the Developer of the subject software will immediately begin
→ making demand upon the United States as a vicarious infringer. For your information, Plaintiff

Lex R. Smith, Esq.
June 21, 2002
Page 2

believes that the United States of America has waived sovereign immunity at least as it relates to injunctive relief under the United States Code, 5 U.S.C. § 702. We believe that we have a firm basis in pursuing the United States on this claim and we intend to do so beginning Friday, June 28, 2002 if we have not full assurances, including verifiable proof that the infringement has ceased and a commitment from Fleming to cure all past infringements by a date certain.

Very truly yours,

LYNCH ICHIDA THOMPSON KIM & HIROTA

Timothy J. Hogan

TJH:llk

cc: Wayne Berry