IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, Hawaii citizen, ) | **Civil No. CV03-00385 SOM/LEK** |
| ) | **(Copyright)** |
| Plaintiff, ) | |
| ) | **MEMORANDUM IN SUPPORT OF** |
| vs. ) | **MOTION** |
| ) | |
| HAWAIIAN EXPRESS SERVICE, INC., ) | |
| a California corporation, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |

**MEMORANDUM IN SUPPORT OF MOTION**

I.    **INTRODUCTION**

This Motion for Attorneys' Fees and Costs arises from this Honorable Court's granting of summary judgment on all counts in favor of Defendant ALIXPARTNERS LLP ("ALIXPARTNERS") and against Plaintiff WAYNE BERRY ("Plaintiff") by Order filed on June 17, 2005, and Judgment entered on March 9, 2006 in the above-captioned matter.  As will be demonstrated below, the weight of authority dictates that ALIXPARTNERS be awarded the attorneys' fees and costs incurred during its defense against Plaintiff's claims.

II.   **PROCEDURAL HISTORY**

On April 20, 2005, Plaintiff filed a Motion for Summary Judgment Against All Defendants including ALIXPARTNERS.  In his motion, Plaintiff baselessly argued that ALIXPARTNERS should be

liable for the alleged copyright infringement of his software pursuant to theories of "vicarious and contributory infringement".  See Order Denying Berry's Motion for Summary Judgment Against AlixPartners; Order Granting AlixPartners' Countermotion for Summary judgment filed on June 17, 2005 ("6/17/05 Order") at 1.[1]

In response to Plaintiff's summary judgment motion, ALIXPARTNERS filed a Countermotion For Summary Judgment As to All Claims of Plaintiff on June 2, 2005 ("Countermotion") seeking summary judgment against Plaintiff on the grounds that Plaintiff's own evidence proved that ALIXPARTNERS was never involved in this case.  ALIXPARTNERS also sought summary judgment on all claims of conspiracy as a result of a prior ruling by this Court.  See Order Granting Defendant Foodland's Motion For summary Judgment, Filed On 1/26/05, at 21-22.

Plaintiff filed his opposition to ALIXPARNTERS' Countermotion on June 9, 2005, to which ALIXPARTNERS filed its reply on June 14, 2005.  By Order of this Court filed on June 17, 2005, Plaintiff's summary judgment motion was denied as it pertained to ALIXPARTNERS, and ALIXPARTNERS' Countermotion was granted, disposing of all claims against ALIXPARTNERS.

---

[1] To avoid waste and unnecessary burden upon this Court, documents previously filed as part of the record are not attached hereto.  Defendants would gladly provide any needed copies at the Court's request.

In the 6/17/05 Order, this Court determined that Plaintiff's claims arose out of his allegation that ALIXPARTNERS, "through its principal Michael Scott, authorized the copying and the transfer of Berry's works to C&S and his Principal obtained a fee for a successful reorganization." See 6/17/05 Order. This Court concluded, however, that ALIXPARTNERS **was not** involved in this case at all, and that there was absolutely no evidence to reflect that alleged actions by Mr. Scott were taken on behalf of ALIXPARTNERS, as opposed to Mr. Scott's capacity as Fleming's treasurer. Ultimately, this Court concluded "ALIXPARTNERS is not liable to Berry on any of his claims." See 6/17/05 Order at 9.

Judgment on the jury verdict was entered on March 9, 2006, and an Amended Judgment in a Civil Case was entered on March 16, 2006 as to, among other things, this Court's 6/17/05 Order. A Second Amended Judgment in a Civil Case was also entered on March 16, 2006.

As the prevailing party in the instant lawsuit, ALIXPARTNERS respectfully requests the taxation of its costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP"), and an award of attorneys' fees and nontaxable costs pursuant to FRCP 54(d)(2).

## III. ARGUMENT

### A.    ALIXPARTNERS Is Entitled To An Award Of Costs

Under Federal Rules of Civil Procedure ("FRCP") Rule 54(d)(1), "there is a **presumption** that the prevailing party will

be awarded its taxable costs." See Dawson v. City of Seattle, 435 F.3d 1054, 1070 (9th Cir. 2006) (citing Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003)) (emphasis added). Rule 54(d)(1) provides:

> **(1)  Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' **fees shall be allowed as of course to the prevailing party** unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

See Fed. R. Civ. P. 54(d)(1) (emphasis added). ALIXPARTNERS, having prevailed on its Countermotion as to all of Plaintiff's claims, is clearly the prevailing party here. See e.g., Dawson (Defendants are considered the "prevailing parties" after Plaintiffs' suits were dismissed by summary judgment).

Costs taxed pursuant to Rule 54(d)(1) include those defined in 28 U.S.C. § 1920.[2] ALIXPARTNERS is concurrently

---

[2] 28 U.S.C. § 1920 provides:

**Taxation of costs.**  A judge or clerk of any court of the United States may tax as costs the following:
    (1)  Fees of the clerk and marshal;
    (2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3)  Fees and disbursements for printing and witnesses;
    (4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5)  Docket fees under section 1923 of this title;
    (6)  Compensation of court appointed experts, compensation

filing a Bill of Costs reflecting the recoverable costs incurred throughout this litigation. <u>See</u> copy of Bill of Costs attached hereto as Exhibit "A". There being no reason to deny ALIXPARTNERS the recovery of the costs identified in its Bill of Costs, ALIXPARTNERS respectfully submits that an award of costs is appropriate here "as a matter of course." <u>See</u> <u>Dawson</u>, 435 F.3d at 1070.

### B.    ALIXPARTNERS Should Be Awarded Its Attorneys' Fees

#### 1.    This Court May Award Attorneys' Fees Pursuant to FRCP Rule 54(d)(2)

The prevailing party in a lawsuit may move for an award of attorneys' fees pursuant to FRCP 54(d)(2) which provides, in relevant part:

> Claims for attorneys' fees and related nontaxable expenses shall be made by motion.... Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after the entry of judgment; must specify the judgment, and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.

<u>See</u> Fed. R. Civ. P. 54(d)(2).

ALIXPARTNERS, as the prevailing party here, has satisfied the elements articulated FRCP 54(d)(2). That is, ALIXPARTNERS obtained a judgment against Plaintiff on all claims on March 9, 2006, and now timely brings this motion for fees

---

> of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

within the 14 days articulated in the rules.  Moreover, as will
be further detailed forth below, the statutory grounds upon which
claims against ALIXPARTNERS were premised allow attorneys' fees
to be awarded under the circumstances present here.

> **2.    Section 505 of the Copyright Act Authorizes
> the Recovery of Attorneys' Fees to the
> Prevailing Party**

The underlying basis for Plaintiff's claims against
ALIXPARTNERS arises out of the alleged infringement of
Plaintiff's supposed copyrighted software under theories of
"vicarious and contributory infringement".  See 6/17/05 Order at
1.  The Copyright Act thus governs these claims.

The U.S. Supreme Court has determined that the
Copyright Act entitles prevailing defendants to recover
attorneys' fees on the same basis as prevailing plaintiffs.  See
Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S.Ct. 1023, 127
L.Ed.2d 455 (1994).

Under the Copyright Act, courts have the discretion to
award attorneys' fees to the prevailing parties.  See Fogerty,
510 U.S. at 534.  Although there is no "precise rule or formula
for making these determinations," the Supreme Court has
recognized certain factors that may be considered when deciding
whether to award attorneys' fees.  These factors include: (a)
frivolousness, (b) motivation, (c) objective unreasonableness
(both in the factual and in the legal components of the case),
and (d) the need in particular circumstances to advance

considerations of compensation and deterrence.  See Fogerty, 510 U.S. at 534 and 535 n.19.  These factors fully support an award of attorneys' fees to ALIXPARTNERS.

Plaintiff's claims against ALIXPARTNERS were frivolous and objectively unreasonable.  As stated above, Plaintiff's allegations related to the supposed actions of Mr. Scott who happened to be affiliated with ALIXPARTNERS.  However, Plaintiff offered no evidence to prove that Mr. Scott acted in any capacity other than as Fleming's acting treasurer.  See 6/17/05 Order at 8-9.  And, this Court found absolutely to evidence to indicate that ALIXPARTNERS was even involved with any of the claims in this case.  See 6/17/05 Order at 8.

Stated simply, even viewing the facts in a light most favorable to Plaintiff, "AlixPartners is not liable to Berry on any of his claims."  See 6/17/05 Order at 9.  In so ruling, this Court rejected each and every claim that Plaintiff made against ALIXPARTNERS.  Such claims, without question, were objectively unreasonable.

It is unclear what Plaintiff's motivation was in asserting claims against ALIXPARTNERS when Plaintiff's own evidence reflected that ALIXPARNTERS was not even a party to any agreement with any party in this entire case.  See 6/17/05 Order at 3.  Plaintiff's claims against ALIXPARTNERS were unsupported from the very inception and as such, Plaintiff's motivation for alleging claims against ALIXPARTNERS clearly did not arise out of

-7-

any basis in fact.  ALIXPARTNERS should be compensated with the fees that it necessarily incurred in defending against Plaintiff's baseless allegations.  Perhaps then, Plaintiff will be deterred from raising further groundless and harassing claims.

### 3.    Amount of Fees Being Sought

The final element of FRCP 54(d)(2)(B) requires the moving party to state the amount or provide a fair estimate of the amount of fees being sought.  To date, ALIXPARTNERS has incurred attorneys' fees in the approximate amount of **$53,065.00**, as set forth in the Affidavit of John T. Komeiji and Exhibit "B" attached hereto.  Further documentation or clarification may be provided at the Court's request.

As reflected above, ALIXPARTNERS is the prevailing party in this litigation and should be awarded the taxable costs it incurred "as of course".  Moreover, ALIXPARTNERS has satisfied the elements of FRCP 54(d)(2) to justify an award of attorneys' fees since ALIXPARTNERS has established that: (1) judgment has been entered in its favor; (2) the Copyright Act, which was the basis of Plaintiff's claims, authorizes an award of fees at the court's discretion; and (3) the amount of fees being sought has been disclosed.  Given the foregoing, ALIXPARTNERS' motion for fees and costs should be granted and ALIXPARTNERS should be awarded the fees and costs detailed in the exhibits attached hereto.

## IV.  <u>CONCLUSION</u>

For all of the foregoing reasons, ALIXPARTNERS respectfully requests that this Honorable Court grant the instant motion for attorneys' fees and all costs.

DATED:  Honolulu, Hawaii, March 23, 2006.


SHELDON S. TOLL
JOHN T. KOMEIJI
GREGORY Y.P. TOM
KAREN Y. ARIKAWA

Attorneys for Defendant
**ALIXPARTNERS, LLC**