ORIGINAL

370750.1
WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership

JOHN T. KOMEIJI           # 2498-0
KAREN Y. ARIKAWA          # 7684-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No.:  544-8300
Facsimile No.:  544-8399
E-Mail Address:  karikawa@wik.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 23 2006

at 3 o'clock and 40 min. P M
SUE BEITIA, CLERK

SHELDON S. TOLL (Mich. Bar P-21490) (admitted *pro hac vice*)
2000 Town Center, Suite 2550
Southfield, MI 48075
Tel. No. (248) 358-2460
Fax. No. (248) 358-2740
E-Mail Address:  lawtoll@comcast.net

Attorneys for Defendant
**ALIXPARTNERS, LLC**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, Hawaii citizen,<br><br>             Plaintiff,<br><br>    vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC.,<br>a California corporation, et<br>al.,<br><br>             Defendants. | Civil No. CV03-00385 SOM/LEK<br>(Copyright)<br><br>DEFENDANT ALIXPARTNERS, LLC'S<br>MEMORANDUM IN SUPPORT OF BILL<br>OF COSTS; AFFIDAVIT OF JOHN T.<br>KOMEIJI; EXHIBITS "A" - "B";<br>CERTIFICATE OF SERVICE |

DEFENDANT ALIXPARTNERS, LLC'S
MEMORANDUM IN SUPPORT OF BILL OF COSTS

Defendant ALIXPARTNERS, LLC ("ALIXPARTNERS"), by and

through its attorneys, SHELDON S. TOLL PLLC and WATANABE ING &

KOMEIJI LLP, and hereby submits its memorandum in support of the Bill of Costs, and the Bill of Costs which is attached hereto as Exhibit "A". This Memorandum is submitted pursuant to Local Rule 54.2 of the Rules of the United States District Court for the District of Hawaii, and is supported by the Memorandum in Support of Bill of Costs, Affidavit of John T. Komeiji, Exhibit "A" attached hereto, and the entire record and files herein.

## I.   GROUNDS SUPPORTING REQUEST FOR BILL OF COSTS

1. On April 20, 2005, Plaintiff WAYNE BERRY ("Plaintiff") filed a Motion for Summary Judgment Against All Defendants including ALIXPARTNERS.

2. In response to Plaintiff's summary judgment motion, ALIXPARTNERS filed a Countermotion For Summary Judgment As to All Claims of Plaintiff on June 2, 2005 ("Countermotion") seeking summary judgment against Plaintiff on all claims of Plaintiff.

3. Plaintiff filed an opposition to ALIXPARNTERS' Countermotion on June 9, 2005.

4. ALIXPARTNERS filed its reply on June 14, 2005.

5. By Order of this Court filed on June 17, 2005, Plaintiff's summary judgment motion was denied as it pertained to ALIXPARTNERS, and ALIXPARTNERS' Countermotion was granted, disposing of all claims against ALIXPARTNERS. See Order Denying Berry's Motion for Summary Judgment Against AlixPartners; Order

Granting AlixPartners' Countermotion for Summary Judgment filed on June 17, 2005 ("6/17/05 Order") at 1.[1]

  6. Judgment on the jury verdict was entered on March 9, 2006.

  7. An Amended Judgment in a Civil Case was entered on March 16, 2006 as to, among other things, this Court's 6/17/05 Order.

  8. A Second Amended Judgment in a Civil Case was also entered on March 16, 2006.

II. **AUTHORITIES SUPPORTING REQUEST FOR BILL OF COSTS**

  Under Federal Rules of Civil Procedure ("FRCP") Rule 54(d)(1), "there is a **presumption** that the prevailing party will be awarded its taxable costs." See Dawson v. City of Seattle, 435 F.3d 1054, 1070 (9th Cir. 2006) (citing Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003)) (emphasis added). Rule 54(d)(1) provides:

> **(1) Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' **fees shall be allowed as of course to the prevailing party** unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days

---

[1] To avoid waste and unnecessary burden upon this Court, documents previously filed as part of the record are not attached hereto. Defendants would gladly provide any needed copies at the Court's request.

3

> thereafter, the action of the clerk may be reviewed by the court.

See Fed. R. Civ. P. 54(d)(1) (emphasis added). ALIXPARTNERS, having prevailed on its Countermotion as to all of Plaintiff's claims, is clearly the prevailing party here. See e.g., Dawson (Defendants are considered the "prevailing parties" after Plaintiffs' suits were dismissed by summary judgment).

Costs taxed pursuant to Rule 54(d)(1) include those defined in 28 U.S.C. § 1920.[2] ALIXPARTNERS has incurred $2,000.01 in recoverable costs throughout this litigation as evidenced by the Bill of Costs attached hereto as Exhibit "A" and the supporting documentation attached hereto as Exhibit "B". There being no reason to deny ALIXPARTNERS the recovery of the costs identified in its Bill of Costs, ALIXPARTNERS respectfully submits that an award of costs is appropriate here "as a matter of course." See Dawson, 435 F.3d at 1070.

---

[2] 28 U.S.C. § 1920 provides:

**Taxation of costs.** A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

4

DATED: Honolulu, Hawaii, March 23, 2006.

_____
SHELDON S. TOLL
JOHN T. KOMEIJI
KAREN Y. ARIKAWA

Attorneys for Defendant
**ALIXPARTNERS, LLC**