398480v1

KOBAYASHI, SUGITA & GODA

LEX R. SMITH                3485-0
THOMAS H. YEE             7344-0
SUITE 2600, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 539-8700
Fax No. (808) 539-8799
Email: lrs@ksg.law.com

KIRKLAND & ELLIS LLP
Eric C. Liebeler (CA Bar No. 149504)
Damian Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA  90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: eliebeler@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE,<br>(Caption continued) | ) CIVIL NO. CV03-00385 SOM-LEK<br>) (Copyright)<br>)<br>) **PCT'S OPPOSITION TO**<br>) **PLAINTIFF WAYNE BERRY'S**<br>) **RENEWED MOTION FOR**<br>) **JUDGMENT AS A MATTER OF**<br>) **LAW REGARDING DEFENDANT**<br>) **FLEMING PCT'S FAILURE TO**<br>) **PRODUCE EVIDENCE OF** |

| | |
|---|---|
| INC., et al., | ) **DEDUCTIBLE EXPENSES, OR IN** |
| | ) **THE ALTERNATIVE, FOR NEW** |
| Defendants. | ) **TRIAL; CERTIFICATE OF** |
| | ) **SERVICE** |
| | ) |
| | ) |
| | ) Non-Hearing |
| | ) |
| | ) Judge:        Hon. Susan O. Mollway |
| | ) |
| | ) Judgment |
| | ) Entered:      March 9, 2006 |

**PCT'S OPPOSITION TO PLAINTIFF WAYNE BERRY'S
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
REGARDING DEFENDANT FLEMING PCT'S FAILURE TO
PRODUCE EVIDENCE OF DEDUCTIBLE EXPENSES,
OR IN THE ALTERNATIVE, FOR NEW TRIAL**

### A.    Introduction

Wayne Berry's motion for judgment as a matter of law or a new trial asks the Court to disregard the letter of Fleming's financials as explained by both Fleming's former Controller and the PCT's damages expert.  In short, Berry's motion is preposterous.  It serves no purpose other than to force the PCT to incur even more fees and costs responding to the latest in the long string of Berry's meritless motions, in the process further demonstrating why the Court should award the PCT every penny of its requested legal fees and costs.

### B.    Argument

#### 1.    The applicable legal standards weigh heavily in favor of the PCT.

The Court must deny Berry's motion for judgment as a matter of law if,

viewing the evidence most favorably for the PCT, it finds that the jury's verdict is

supported by substantial evidence.  "Substantial evidence is evidence adequate to

support the jury's conclusion, *even if it is also possible to draw a contrary*

*conclusion from the same evidence.*"  *Johnson v. Paradise Valley Unified School*

*Dist.,* 251 F.3d 1222, 1227 (9th Cir. 2001) (*emphasis added*).  In ruling on a motion

for judgment as a matter of law, "[a]lthough the court should review the record as a

whole, it must disregard all evidence favorable to the moving party that the jury is

not required to believe."  *Id.* (*citing Reeves v. Sanderson Plumbing Prods., Inc.,*

530 U.S. 133, 151 (2000).  Moreover, the Court "may not substitute its view of the

evidence for that of the jury."  *Id.*, (*citing Gilbrook v. City of Westminster*, 177

F.3d 839, 864 (9th Cir. 1999).

Thus, if the evidence before the jury was adequate to support the jury's

conclusion, the Court must deny Berry's motion for a judgment as a matter of law.

The fact that there might also be evidence favorable to Berry's position is simply

not relevant, since the jury was free to disbelieve, and therefore disregard, that

evidence.  More specifically, "in entertaining a motion for judgment as a matter of

law . . . the court must draw all reasonable inferences in favor of the nonmoving

party, and it may not make credibility determinations or weigh the evidence."  *Id.,*

(*citing Gilbrook v. City of Westminster*, 177 F.3d at 856).  As such, for the reasons

explained in the subsequent sections of this opposition, Berry's motion for

judgment as a matter of law should be denied.

In addition, Berry's request for a new trial must also fail, unless the Court believes the verdict was against the clear weight of the evidence. *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir., 1987). In ruling on a motion for a new trial, the Court may weigh the evidence and assess the credibility of witnesses; after weighing the evidence, however, the Court faces a difficult task. While the Court does have the power to grant a motion for a new trial in order to prevent a miscarriage of justice, "on the other hand, a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter." *Id.* Only if, "having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed" should the judge grant a new trial. *Id.* at 1372. "Doubts about the correctness of a verdict are not sufficient grounds for a new trial: the trial court must have a firm conviction that the jury has made a mistake." *Id. See also Tennant v. Peoria & Pekin Union Ry.*, 321 U.S. 29, 35 (1944) ("The focal point of judicial review is the reasonableness of the particular inference or conclusion drawn by the jury. It is the jury, not the court, which is the fact-finding body. . . . Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could

have drawn different inferences or conclusions, or because judges feel that other results are more reasonable."). Thus, unless the Court finds that the verdict was against the clear weight of the evidence, the Court should deny Berry's motion for a new trial.

### 2. Berry does not meet the applicable legal standards.

Berry claims that the Court should award judgment as a matter of law in his favor on profits or a new trial because "there is no evidence at all for the jury to have made a determination that $54,413,019.00 in deductible expenses related to Fleming in regard to its onerous burden under the Copyright Act, 17 U.S.C. § 504(b) because the freight income was being reported in the cost of goods sold and Fleming's customers were paying for the goods and not Fleming." Renewed Motion, p. 2. Measured against the applicable standards, one wonders whether Berry attended the same trial as the Court and the other parties. How else could he make these requests?

Fleming's financials, admissible by stipulation of the parties, contained numerous line items. *See*, *e.g.*, Tr. Ex. 203 (Smith Decl. Ex. A). Among the line items were two of particular importance: "Net Sales" and "Gross Margin." *Id.* at PCT-B 000255. Fleming's financials did not contain a separate line item for "Cost of Goods," and the Court will recall that the PCT addressed that issue directly through its first witness, Andrew Chun.

Mr. Chun is a C.P.A. and served as Fleming's Controller during the relevant window of time. Mr. Chun testified that the difference between net sales and gross margin (or "product margin," more specifically) was the cost of goods sold. He further testified that there was no separate line item for "Cost of Goods" because such a line item was unnecessary since the cost of goods was already a component of financial statements (i.e., the difference between net sales and product margin).

The PCT reinforced Mr. Chun's testimony through the testimony of its damages expert, Jeff Kinrich. Mr. Kinrich is also a C.P.A., and he specializes in analyzing intellectual property damages. Mr. Kinrich testified exactly as Mr. Chun had: that the difference between the net sales and the product margin accounted for cost of goods. Moreover, Mr. Kinrich further testified that it was a common practice for a distributor (such as Fleming) to focus on the expenses it can control, which are the ones below the cost of the product, and not to bother with a separate line item for the cost of the product.

This testimony from Andrew Chun and Jeff Kinrich easily provides sufficient basis to support the jury verdict. More broadly, the PCT showed the jury that between April 1 and June 9, 2003, Fleming's Hawaii division in general and its transportation area in particular were losing money. The jury special verdict that there were no profits attributable to the infringement is supported by ample and uncontradicted evidence in the record.

In comparison, Berry's theory that Fleming's seventy days worth of infringement entitles Berry to the entire $55 million that ran through Fleming's Hawaii Division -- which ignores the facially obvious fact that by definition a wholesaler sells what it has purchased -- is simply not worthy of serious consideration.  Berry's expert did not make this claim, instead admitting that he had not reviewed the financial statements although he received them twice.  After he attempted to look at them during a break in his testimony the most he was willing to say was that there was no cost of goods sold line, an irrelevant point explained fully by the testimony of Chun and Kinrich.  To the extent Berry's present motion further alleges that Fleming's customers paid for all $55 million of the goods, that is a gross misinterpretation of Brian Christensen's testimony and was not supported by any analysis, testimony, or documents indicating what, if any effect this had on the financial statements.  There is no basis in the record for concluding as a matter of law that funds advanced by customers were in any way material and certainly no basis to overturn the jury verdict rejecting this claim.

Berry's motion at most raises a conflict in the evidence, a conflict that the jury resolved in the PCT's favor and that should not be disturbed.  *McEuin v. Crown Equip Corp.*, 328 F.3d 1028, 1037 (9th Cir., 2003) (On  JMOL, District Court may not reject the jury's verdict if adequate evidence exists to support it, even if another verdict appears preferable); *Landes Constr. Co.*, *supra* (court

should deny new trial motion unless the verdict contradicts the clear weight of the evidence).  Trial Exhibit 46 similarly fails to advance the ball for Berry, who makes no effort to show that Fleming's financials didn't already account for the issues it raises.  In any event, Berry expressly argued to the jury that the PCT had not met its burden to deduct from gross revenue; the jury instead embraced Fleming's financial records and the PCT's witness testimony, and summarily rejected Berry's argument.

## C.    Conclusion

The amount of Fleming's profits, if any, during the relevant period was one of the primary issues for the PCT throughout its case.  The PCT addressed this issue through its financial records (which were stipulated into evidence) and through the testimony of both its former Controller and its expert witness on damages.  Contrary to Berry's motion, it is difficult to conceive of how the PCT could have more specifically addressed the issue without running afoul of the proscription in FRE 403 against cumulative evidence.  The Court should deny

/ / /

/ / /

/ / /

Berry's motion and award supplemental attorneys' fees and costs to the PCT for having to oppose it.

Dated:  Honolulu, Hawaii, March 30, 2006.

*/s/  Thomas H. Yee*
KOBAYASHI, SUGITA & GODA
Lex R. Smith (659-0)
Thomas H. Yee (7344-0)
Suite 2600 First Hawaiian Center
999 Bishop Street
Honolulu, HI  96813
Telephone:    (808) 539-8700
Facsimile:    (808) 539-8799

   and

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
Damian D. Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500

Co-Counsel for the Post Confirmation Trust for Fleming Companies, Inc.