IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) Civil No. 03-00385 SOM/LEK<br>) (Copyright)<br>) |
| Plaintiff, | ) MEMORANDUM OF LAW IN<br>) SUPPORT OF DEFENDANTS |
| v. | ) GUIDANCE SOFTWARE, INC.<br>) AND MICHAEL GURZI'S |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation, et al., | ) MOTION FOR AWARD OF<br>) ATTORNEYS' FEES AND COSTS<br>)<br>) |
| Defendants. | )<br>)<br>) |
| _____ | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
GUIDANCE SOFTWARE, INC. AND MICHAEL GURZI'S MOTION
FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Defendants Guidance Software, Inc. and Michael Gurzi (collectively "GSI Defendants") respectfully ask that this Court grant an award for reasonable attorneys' fees and full costs incurred in being forced to defend themselves against Plaintiff Wayne Berry's ("Berry" or "Plaintiff") frivolous copyright infringement claims and related claims. GSI Defendants should never have been placed in the position of defending against the allegations brought by Berry, who knew full well at the outset that the GSI Defendants' forensic

activities were squarely protected by the statutory fair use defense under controlling Ninth Circuit precedent. An award of fees and costs is merited by the standards articulated by the U.S. Supreme Court for awarding attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505; this Court therefore should exercise its discretion in granting this motion. Moreover, taxable costs should be awarded by this Court under 28 U.S.C. § 1920.

I.  PROCEDURAL BACKGROUND

GSI Defendants were hired by Fleming Companies, Inc. ("Fleming") to provide expert computer forensics services in connection with the earlier copyright infringement action instituted by Plaintiff against Fleming and other entities. During the extended July 4th weekend in 2003, GSI Defendants preserved duplicates of the Fleming computer system for litigation purposes.

Upon learning of the forensic activity performed by GSI Defendants, Plaintiff's counsel sent Fleming's counsel an email on or about July 24, 2003, alleging that such activity constituted copyright infringement. Fleming's counsel responded by letter dated July 28, 2003, stating the obvious: that the statutory fair use doctrine, 17 U.S.C. § 107, permits the duplication of copyrightable

material for the purposes of preservation of evidence for litigation purposes. See Ex. A to Declaration of Margery S. Bronster ("Bronster Dec."). The letter cited two clearly applicable Ninth Circuit cases, Religious Technology Center v. Wollersheim, 971 F.2d 364 (9th Cir. 1991) and Jartech, Inc. v. Clancy, 666 F.2d 403 (9th Cir. 1982). Id.

Despite Plaintiff's knowledge that his position as a matter of law was untenable, talks between GSI Defendants and Plaintiff to avoid litigation were unsuccessful. On June 18, 2004, Berry filed the Second Amended Verified Complaint, alleging that GSI Defendants committed the following offenses: direct copyright infringement (Count I); contributory and vicarious copyright infringement (Count II); conspiracy to infringe (Count III); misappropriation of trade secrets (Count IV); violations of the Sherman Act (Count V); and Racketeering Influenced and Corrupt Organization ("RICO") violations (Count VI). GSI Defendants denied all substantial allegations made by Berry.

On April 20, 2005, GSI Defendants moved for summary judgment on all counts. After full consideration of the merits, the Court granted summary judgment in favor of GSI Defendants on all

3

counts.  Order Granting Guidance Software, Inc., and Michael Gurzi's Motion for Summary Judgment filed June 27, 2005 ("MSJ Order") at 40.  The Court's ruling granting summary judgment to GSI Defendants was finalized in the Second Amended Judgment filed March 16, 2006, at 3.  Consequently, GSI Defendants are the prevailing parties in this litigation as to the claims asserted against them by Plaintiff.

## II.    ARGUMENT

Under 17 U.S.C. § 505, this Court has discretion to award reasonable attorneys' fees and full costs to the prevailing party:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award reasonable attorney's fees to the prevailing party as part of the costs.

The award may be granted to prevailing defendants as well as prevailing plaintiffs in a copyright infringement action.  Fogarty v. Fantasy, Inc., 510 U.S. 517, 534 114 S.Ct. 1023, 1033 (1994).

A. GSI Defendants are the Prevailing Parties in Connection to Plaintiff's Asserted Claims

The GSI Defendants are the prevailing parties in the claims asserted against them by Plaintiff. "A 'prevailing party' is considered one who succeeds on a significant issue in the litigation after an adjudication on the merits." NLFC, Inc. v. Devcom Mid-Am., Inc., 916 F.Supp. 751, 756 (N.D. Ill. 1996).

The Court, in the MSJ Order, granted summary judgment in favor of GSI Defendants on all counts asserted by Plaintiff: direct infringement (p. 24); contributory and vicarious infringement (pp. 29-30); conspiracy to infringe (p. 30); misappropriation of trade secrets (p. 33); violations of the Sherman Act (pp.34-35); and RICO violations (p. 37).[1]  GSI Defendants are unquestionably the prevailing parties.

B. The Award of Attorneys' Fees Is Persuasive Under the Supreme Court's Factors

In awarding fees, the district court may consider the following non-exhaustive factors: (1) frivolousness; (2) motivation;

---

[1] Indeed, Plaintiff, in his Motion for Award of Attorney's Fees and Full Costs, filed March 15, 2006, admits that "Mr. Berry did not prove his claims in regard to C&S, HTC, Guidance and Foodland . . . ." Plaintiff's Memorandum in Support of Motion at 10-11 (emphasis added).

(3) objective reasonableness both in the factual and legal components of the case; and (4) the need in particular circumstances to advance the goals of deterrence and compensation. Fogerty, 510 U.S. at 534 n.19, 114 S.Ct. at 1033 n.19; Twentieth Century Fox Film Corp. v. Entertainment Dist., 429 F.3d 869, 883 (9th Cir. 2005). In addition to these factors, the Ninth Circuit has also recognized that the district court may consider the degree of success obtained by the prevailing party. Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001).

      Under these factors, Plaintiff's claims against GSI Defendants are a prime example of the type of case where reasonable attorneys' fees and full costs should be awarded in order to deter such unfounded litigation.

      Berry knew full well that GSI Defendants' forensic activities were protected by the fair use statutory provisions, and that like activity has been deemed protected by the Ninth Circuit. Indeed, this Court has determined that GSI Defendants were protected under fair use in accordance with the very same Ninth Circuit opinions cited by Fleming's counsel in his July 28, 2003,

letter to Plaintiff's counsel.  See MSJ Order at 23 (citing <u>Religious Tech. Ctr. v. Wollersheim</u>, 971 F.2d 364 (9th Cir. 1992) and <u>Jartech, Inc. v. Clancy</u>, 666 F.2d 403 (9th Cir. 1982); Ex. A at 1, 2.

   An award of reasonable attorneys' fees and costs to GSI Defendants would also promote the exercise of the fair use defense against frivolous infringement actions, such as the one instituted by Plaintiff, and would fully consonant with promoting the purpose of the Copyright Act.  *See* <u>Fogerty</u>, 510 U.S. at 527; see also <u>Video-Cinema Films, Inc. v. Cable News Network, Inc.</u>, 2003 WL 1701904 (S.D.N.Y. Mar. 31, 2003) at *5 ("[T]he Court is persuaded that fees are appropriate in this case to deter future copyright owners from using the threat of litigation to chill other fair uses.  To hold otherwise would diminish any incentive for defendants to incur the often hefty costs of litigation to defend the fair use doctrine.").

   GSI Defendants prevailed against Plaintiff's attack on the fair use defense.  Controlling Ninth Circuit caselaw clearly held that copying of works for litigation purposes was squarely within the boundaries of fair use.  See <u>Religious Tech. Ctr. v. Wollersteim</u>, 971 F.2d 364, 367 (9th Cir. 1992); <u>Jartech, Inc. v. Clancy</u>, 666 F.2d 403, 407 (9th Cir. 1982).  These cases, which were cited by the Court as

the basis for its fair use ruling in the MSJ Order, were brought to Plaintiff's counsel's attention prior to his filing his claims against GSI Defendants.  An award of fees and costs would advance the use of the fair use defense by defendants against frivolous infringement lawsuits.  *See,* Bond v. Blum, 317 F.3d 385, 398 (4th Cir. 2003) (affirming award of attorney's fees to prevailing fair use defendants under § 505).

    C.    GSI Defendants are Entitled to an Award of Reasonable Attorneys' Fees and Costs in Connection With the Copyright-related Claims Asserted by Plaintiff

Under Ninth Circuit precedent, it is well established that a prevailing party on a particular claim may recover attorney's fees and costs incurred in defending against that copyright infringement claim and any related claims.  Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1230 (9th Cir. 1997).  GSI Defendants were the prevailing parties not only as to the claims of direct infringement, and contributory and vicarious infringement brought under the Copyright Act, but also as to the related claims of conspiracy to infringe, trade secret misappropriation, Sherman Act and RICO violations.  See MSJ Order at 40.  These other claims were clearly related to the

copyright infringement actions, as these claims "arose from the same course and conduct" as the Copyright Act claims. Entertainment Research, 122 F.3d at 1230, quoting Schwartz v. Sec. of Health & Human Services, 73 F.3d 895, 903 (9th Cir. 1995). Consequently, the reasonable attorneys' fees and costs incurred by GSI Defendants in defending against the copyright-related claims are recoverable under § 505.

    D.    GSI Defendants' Attorneys' Fees and Costs Incurred are Reasonable and Necessary

Berry's pursuit of its frivolous claims against GSI Defendants necessitated a legal defense. The contemporaneous time records of GSI Defendants' outside counsel for the reasonable attorneys' fees and costs incurred are attached to the Bronster Decl. as Exhibits B-D.

To date, reasonable attorneys' fees of $86,927.04 have been incurred. In addition, taxable costs of $5,443.12 and non-taxable costs of $4,530.20 have been incurred. All fees and costs incurred were reasonable and necessary to fully defend against the breath of Plaintiff's claims.

## III.  CONCLUSION

For the foregoing reasons, GSI Defendants ask the Court to grant this motion.

DATED:  Honolulu, Hawaii, March 30, 2006.

　　　　　　　　　　　　　　　　　/s/ Margery S. Bronster
　　　　　　　　　　　　　　　　MARGERY S. BRONSTER
　　　　　　　　　　　　　　　　REX Y. FUJICHAKU

　　　　　　　　　　　　　　　　VICTOR LIMONGELLI
　　　　　　　　　　　　　　　　JOHN PATZAKIS

　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　GUIDANCE SOFTWARE, INC.
　　　　　　　　　　　　　　　　and MICHAEL GURZI