# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

777 South Figueroa Street
Los Angeles, California 90017

Damian D. Capozzola
To Call Writer Directly:
(213) 680-8653
damian_capozzola@la.kirkland.com

213 680-8400

www.kirkland.com

Facsimile:
213 680-8500

July 28, 2003

<u>Via Facsimile Only</u>
808 528 4997

Timothy J. Hogan, Esq.
Lynch Ichida et al.
1132 Bishop St., Ste. 1405
Honolulu, HI 96813

Re:   Fleming / Berry

Dear Mr. Hogan,

This letter responds in part to the copyright infringement allegation in your July 24, 2003 e-mail, attached to this letter for preservation purposes. In particular, your second point reads: "Also, you didn't' have authority to make the copy. That's infringement. Oooops!!!!!"

Your position is erroneous. Among many reasons why this is so, most obvious is that the "fair use" doctrine of 17 U.S.C. § 107 permits the duplication of intellectual property for the purposes of preservation of evidence to be submitted in connection with pending or probable legal proceedings.

The leading legal treatise on copyright issues states that "works are customarily reproduced in various types of judicial proceedings, including obscenity and defamation actions, to say nothing of copyright infringement actions, and *it seems inconceivable that any court would hold such reproduction to constitute infringement either by the government or by the individual parties responsible for offering the work in evidence.*" 4 *Nimmer on Copyright,* § 13.05[D][2], p. 13-223 (Matthew Bender & Co., 2003) (emphasis added).

Cases which have considered these issues have uniformly held against a finding of copyright infringement. For example, in *Religious Technology Center v. Wollersheim,* 971 F.2d 364 (9th Cir. 1991), the Ninth Circuit Court of Appeals held that the use of a stolen, confidential church document in preparation for litigation was "fair use." *Id.* at 367.

EXHIBIT ___A___ 

Chicago        London        New York        San Francisco        Washington, D.C.

KIRKLAND & ELLIS LLP

July 28, 2003
Page 2

In *Jaratech, Inc. v. Clancy*, 666 F.2d 403, 406-07 (9th Cir. 1982), that same court earlier held that copying of film for evidence in a judicial proceeding was fair use. *Id.* at 407. The court explained that the threshold inquiry is: "[D]id the alleged infringers copy the material to use it for the same purpose that the copyright holder intended this audience to use or enjoy the work." *Id.* at 406. The *Jaratech* court affirmed the jury's verdict finding fair use because the use was "neither commercially explioitive of the copyright, nor commercially exploitive of the copyright holder's market." *Id.* at 407; *see also, City Consumer Serv., Inc. v. Horne*, 100 F.R.D. 740, 748 (D. Utah 1983) (finding "fair use" of documents for purposes of litigation); Steven D. Smith, *"Making a Copy for the File . . .": Copyright Infringement by Attorneys*, 64 Baylor L. Rev. 1, 42 (1994) ("Generally, making unauthorized copies . . . for use in a lawsuit should be considered a 'fair use' . . . if a copy . . . is necessary to fully prosecute or defend any claims in the lawsuit.").

17 U.S.C. § 107 requires courts to look at four factors when analyzing a fair use defense. The statutory factors are: (1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and, (4) the effect of the use upon the potential market for the copyrighted work. The Supreme Court has explained that "[t]his last factor is undoubtedly the single most important element of fair use," *Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 566 (1985), that § 107 "calls for case-by-case analysis" of the four statutory factors, and that these factors "are to be explored, and the results weighed together, in light of the purpose of the copyright." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577-78 (1994).

Undoubtedly, the relevant factors compel a finding of fair use here. The purpose of the use is only defensive, with no economic motivations. Indeed, Fleming has an "uncompromising duty to preserve" relevant evidence for pending or probable litigation. *See Kronisch v. U.S.*, 150 F.3d 112, 130 (2nd Cir. 1998). Such pending or probable litigation would include, at a minimum, the stayed action in Hawaii as well as any adversary proceedings or motions practice which may arise in the context of the bankruptcy proceedings currently pending in Delaware.

Moreover, in no way could the copying here usurp the existing or potential market for Mr. Berry's software. The copying here was done for the sole purpose of maintaining a record, and the archived copy is essentially locked away in a vault. No court would find that the alleged copyright violation here promotes the objectives of copyright law. *See Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148, 1155 (9th Cir. 1986) ("'use that has no demonstrable effect upon the market for, or the value of, the copyrighted work need not be prohibited in order to protect the author's incentive to create.'") (quoting *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 450 (1984)).

# KIRKLAND & ELLIS LLP

July 28, 2003
Page 3

     This interpretation of fair use is consistent with 17 U.S.C. § 117(a)(2), which allows the owner of a copy of a computer program to make copies for "archival purposes." The explicit recognition and codification of such an exception by Congress demonstrates the inherently different nature of the type of copying at issue here from the type of copying that the law prohibits.

     In short, the fundamental policy behind the copyright laws is to "promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive rights to their respective writings and discoveries." U.S. Const., Art. 1, § 8. Copying aspects of Mr. Berry's software as part of the larger task of preserving Fleming Hawaii's entire system as evidence for use in pending or probable legal proceedings has no commercial effect on Mr. Berry, is consistent with the policies of the United States Constitution and the "fair use" defense, and does not constitute copyright infringement.

Sincerely,

Damian Capozzola

Enclosure as noted

cc: Victor Limongelli, Esq., Guidance Software