LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | **Civ. No. CV03 00385 SOM-LEK** |
| | ) | **(Copyright)** |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO DEFENDANTS MARK** |
| HAWAIIAN EXPRESS SERVICE, | ) | **DILLON, TERESA NOA, MELVIN** |
| INC., a California corporation; et al. | ) | **PONCE, SONIA PURDY, JUSTIN** |
| | ) | **FUKUMOTO, ALFREDDA** |
| | ) | **WAIOLAMA AND JACQUELINE** |
| | ) | **RIO'S RENEWED MOTION FOR** |
| | ) | **JUDGMENT AS A MATTER OF** |
| | ) | **LAW AS TO ACTUAL DAMAGES** |
| | ) | **AND VICARIOUS** |
| | ) | **INFRINGEMENT; CERTIFICATE** |
| Defendants. | ) | **OF SERVICE** |
| | ) | |
| | ) | **Trial:     February 29, 2006** |
| | ) | **Judge:    Honorable Susan Oki** |
| | ) | **           Mollway** |
| | ) | |
| _____ | ) | **Non-Hearing Motion** |

**PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO DEFENDANTS MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA AND JACQUELINE RIO'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW <u>AS TO ACTUAL DAMAGES AND VICARIOUS INFRINGEMENT</u>**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel, and hereby respectfully submits his Memorandum in Opposition to Defendants Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama and Jacqueline Rio's Renewed Motion for Judgment As A Matter of Law As to Actual Damages and Vicarious Infringement (the "Motion"). Plaintiff respectfully incorporates by Reference Plaintiff Wayne Berry's Memorandum In Opposition To PCT's Renewed Motion For Judgment As A Matter Of Law Against Entitlement To Profits And Vicarious Liability.

I.      <u>Introduction</u> .

The Motion is a sophomoric and absurd rehashing of arguments upon which the Court has already ruled.  It is not a renewed motion for judgment as a matter of law but simply a wasteful exercise on the part of the employees.   In addition, the employees' are moving to deny the employees the requirement that their former employer pay for any damages (and fees and costs)  for their infringement should this case be reversed on appeal.  Precisely why the employees feel this would be in their collective best interest is difficult to fathom.

**II.     Discussion  Related to Damages.**

The Court ruled many months ago that the subject Defendants Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama and Jacqueline Rio are direct infringers.  The instant Motion seeks to reverse that ruling, not through a motion for reconsideration under Rule 60 or otherwise, but simply in a wasteful attempt to make more work and to increase one attorney's billings at the expense of another.  It is an outrageous motion and the Court should sanction counsel for having brought it in the first place.

Once again, the employees cite the *Wildon Pump & Eng'g Co. v. Pressed and Welded Products Co.,* 655 F.2d 984 (9th Cir. 1981) that dealt simply with the issue of profits and whether employee infringer defendants are liable for the **profits** of the employer that were derived from infringing conduct.  The Court has already ruled in this case that they are not and this issue was not tried in this case. Once again, the same argument finds its way into the pleadings and the employees should be sanctioned for raising this again.  The fact is that the employees were found direct infringers and nothing in this Motion can change that.  This was not an issue that was even being tried in the trial and for the employees to raise this

again for the third time is wasteful and sanctionable.[1] Failure to properly point the Court to the true holdings of the case is itself sanctionable conduct.

As to the issue of whether there was sufficient evidence to support a finding that Mr. Berry was entitled to actual damages for the unlicensed use of his software, first, the Copyright Law allows, as a matter of law, statutory damages for any infringement regardless of the causal link. Likewise, willfulness or innocence are totally irrelevant.

Under the actual damages statutory right of recovery, Mr. Berry is entitled to damages for the unlicensed use of his software. The Court has already found that the defendants had engaged in unlicensed use for use. The only evidence was that they used it for Fleming, they earned their living while they continued to use Mr. Berry's software as unlicensed infringers. Mr. Berry's testimony, as well as testimony of Tom Ueno and Brian Christensen, along with (Trial Exhibits 10, 13, 14, 15, 17, 26 and 27) made clear that all these employees were using this software and none of them produced any license. The fact of their infringement was not even an issue to be tried. The use by these defendants was not even put to the jury.

The question is whether evidence was put forward that a reasonable juror

---

[1] Counsel for the employees raised this in his voir dire that prompted a motion for mistrial and a necessary curative instruction.

could have found damages for Mr. Berry. The testimony of Thomas Ueno, Wayne Berry and the numerous emails showed both the use of the software and the need for it as evidenced by the meltdown that occurred when it was taken away. (Trial Exhibits 10, 13, 14, 15, 17, 26 and 27.) What the Motion argues is that somehow these defendants, who have been found infringers, are immune from any damage calculation based on the fact that they are someone's employees. The *Nuremburg* defense was rejected by this Court early in these proceedings and there has been no reason for the Court to reverse itself.

   As to the issue of diminution and market value first the instruction did not limit the jurors to one way to establish damages. They could have chosen reasonable license fee (as they apparently did). As to market effect, the evidence of the effect on the Y. Hata agreement by Fleming's ongoing claim of ownership to permit its employee's to continue to use it directly impacted Mr. Berry's ability to market his software were put before the jury in the Plaintiff's case in chief. The jury could reasonably conclude that the employees willing and continued use of the software prevented a licensed sale to Fleming. It is worth noting that the two employees who made changes in the work were the only ones held liable for damages. (Trial Exhibits 20 and 25). All this evidence was more than enough for the jury to determine that plaintiff's market had been sufficiently diminished to

entitle Mr. Berry to damages in this case. The fact is, had the employees (Dillon an Noa in particular) refused to work with unlicensed software, Fleming, by its own admission, would have had to "make an accommodation" with Mr. Berry as its Hawaii management and attorneys had been ordered by Fleming's top management. (Trial Exhibit 78).

There is absolutely no basis for the Court to find that it matters whether a person is an infringer as an individual or as an employee in regard to the direct infringement damage calculations. The cases cited dealt with only whether they were liable for profits and the Court ruled early in this case that they were not.

### III. Discussion Related to Vicarious Liability.

In what can only be considered a bizarre attack on the employees' own interest, the employees' Motion claims that, if they are liable for damages, their employer is not. Attempting to draw the perfect world where infringers live free from any liability to the copyright owner, the employee's Motion takes the position that appears contrary to movants' own interests. Even Fleming recognized in the trial that the employees' infringement should be chargeable to the employer. However, the employees are now taking the position, contrary to Fleming's own position at trial, that if they are liable for damages, Fleming is not. This position may seem worth the risk based on the jury verdict, but should this case return after

appeal on the issue of willfulness or should they commit future infringements resulting from the Court's denial of the Motion for Permanent Injunction, this could subject each employee to $150,000 in damages plus full costs and fees for willful infringement all to be paid out of their own pocket long after the PCT has left the scene. Perhaps, in the reply, the employees can explain why that position benefits the employees.[2]

In the final stanza of this bizarre filing, the employees' make a motion to dismiss the employees from the lawsuit.  It is difficult for Mr. Berry's counsel to address this level of practice simply to restate that the motion is an absurd, sophomoric and wasteful exercise and that Mr. Berry will submit additional fee requests in regard to this motion in addition to the ones that have already been filed in this case.

---

[2] It appears that cooperative efforts that have been exhibited in this case have taken an ugly turn and one that the Court should note, in light of this filing, may require each employee to have their own attorney.

**IV.    CONCLUSION.**

For the reasons stated, Plaintiff requests that the motion be denied.

DATED: Honolulu, Hawaii, March 31, 2006.

                                         /s/ Timothy J. Hogan
                                         TIMOTHY J. HOGAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; ) | Civ. No. CV03 00385 SOM-LEK |
| ) | (Copyright) |
| Plaintiff, ) | |
| ) | **CERTIFICATE OF SERVICE** |
| vs. ) | |
| ) | |
| HAWAIIAN EXPRESS SERVICE, ) | |
| INC., a California corporation; et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of the PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO DEFENDANTS MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA AND JACQUELINE RIO'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO ACTUAL DAMAGES AND VICARIOUS INFRINGEMENT; CERTIFICATE OF SERVICE  were served on the following at their last known addresses:

<u>Served Electronically on March 31, 2006</u> :

Andrew V. Beaman abeaman@chunkerr.com

Margery S. Bronster mbronster@bchlaw.net, audrey@bchlaw.net

Damian Capozzola dcapozzola@kirkland.com

Christopher T. Chun ctc@hosodalaw.com

Leroy E. Colombe lcolombe@chunkerr.com

Rex Y. Fujichaku rfujichaku@bchlaw.net, jennifer@bchlaw.net

Lyle S. Hosoda lsh@hosodalaw.com

Eric C. Liebeler eliebeler@kirkland.com

Raina P. Mead ! rpbm@hosodalaw.com

William G. Meyer , III wmeyer@dwyerlaw.com

R. Olivia Samad osamad@kirkland.com

Lex R. Smith lrs@ksglaw.com

Ann C. Teranishi act@ksglaw.com

Thomas H.Y.P. Yee thy@ksglaw.com, bls@ksglaw.com

    DATED: Honolulu, Hawai'i, March 31, 2006.

                    /s/ Timothy J. Hogan
                    TIMOTHY J. HOGAN
                    Attorney for Plaintiff WAYNE BERRY