LYLE S. HOSODA & ASSOCIATES, LLC

LYLE S. HOSODA        3964-0
RAINA P.B. MEAD       7329-0
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

Attorneys for Defendants
BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA,
MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO,
ALFREDDA WAIOLAMA, and JACQUELINE RIO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, <br><br> Plaintiff, <br><br> v. <br><br> HAWAIIAN EXPRESS SERVICE, INC., a California corporation; H.E.S. TRANSPORTATION SERVICES, INC., a California corporation; CALIFORNIA PACIFIC CONSOLIDATORS, INC.,a California corporation; JEFFREY P. GRAHAM and PETER SCHAUL, California citizens; MARK DILLON and TERESA NOA, BRIAN CHRISTENSEN, Hawaii citizens; FLEMING COMPANIES, INC.,an Oklahoma corporation; C & S LOGISTICS OF HAWAII, LLC, a Delaware LLC; C & S WHOLESALE GROCERS, INC., a Vermont corporation; C & S ACQUISITIONS, LLC; FOODLAND SUPER MARKET, LIMITED, a Hawaii corporation; HAWAII | CIVIL NO. CV03-00385 SOM-LEK (Copyright) <br><br> DEFENDANTS BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA, AND JACQUELINE RIO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION TO ALTER OR AMEND SECOND AMENDED JUDGMENT ENTERED ON MARCH 16, 2006 AND TO DELAY TIME FOR FILING AN APPEAL PENDING RESOLUTION OF MOTION FOR ATTORNEYS' FEES AND COSTS; CERTIFICATE OF SERVICE <br><br><br> Mon-Hearing Motion <br> Judge:    Hon. Susan Oki <br>             Mollway <br><br> [*caption continued on next page*] |

TRANSFER COMPANY, LIMITED, a        )
Hawaii corporation; RICHARD         )
COHEN, New Hampshire citizen;       )
ES3, LLC, a Delaware Limited        )
Liability Company, MELVIN           )
PONCE, SONIA PURDY, JUSTIN          )
FUKUMOTO, ALFREDDA WAIOLAMA,        )
JACQUELINE RIO, Hawaii              )
citizens; JESSIE GONSALVES,         )
LUIZ RODRIGUES, AL PEREZ and        )
PATRICK HIRAYAMA, California        )
citizens; GUIDANCE SOFTWARE,        )
LLC, a California LLC; MICHAEL       )
GURZI, a California citizen;        )
ALIX PARTNERS, LLC, a Delaware      )
LLC; DOE INDIVIDUALS 2-350;         )
DOE PARTNERSHIPS, CORPORATIONS      )
and OTHER DOE ENTITIES 2-20,        )  Trial:    February 28, 2006
                                    )  Judgment: March 16, 2006
                    Defendants.     )
_____ )

**DEFENDANTS BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA, AND JACQUELINE RIO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION TO ALTER OR AMEND SECOND AMENDED JUDGMENT, ENTERED ON MARCH 16, 2006 AND TO DELAY TIME FOR FILING AN <u>APPEAL PENDING RESOLUTION OF MOTION FOR ATTORNEYS' FEES AND COSTS</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . .  ii

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . 1

II.   STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . 5

III.  PLAINTIFF SHOULD BE SANCTIONED AS HE OFFERS NO EVIDENCE
      OR LAW TO SUPPORT HIS RULE 59(e) MOTION  . . . . . . . . 5

      A.   No Intervening Change in Controlling Law  . . . . . 5

      B.   No Newly Discovered Evidence Not Previously
           Available . . . . . . . . . . . . . . . . . . . . . 5

      C.   Plaintiff Has Not Proven any Manifest Error in Fact
           or Law Which Would Therefore Need to be Corrected . . 6

           1.    There is No Basis to Amend the March 16, 2006
                 Judgment Where Six of the Eight Former Fleming
                 Employees were Found Not Liable for Any Damages to
                 Plaintiff . . . . . . . . . . . . . . . . . . 6

           2.    Now That the Jury Has Spoken with Regard to the
                 Employees, it Is Time for this Court to Remove
                 Them from this Lawsuit and from Being Targets of
                 the Plaintiff . . . . . . . . . . . . . . . . 8

      D.   Nothing in the Copyright Statute Requires the Judgment
           to be Amended as Requested  . . . . . . . . . . . 15

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . 17

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

<u>**Page**</u>

*Bank One, Texas, N.A., v. Federal Deposit Insurance Corporation,*
     16 F.Supp.2d 698 (N.D. Tex. 1998) . . . . . . . . . . . 6

*Circuit City Stores, Inc. v. Mantor*,
     417 F.3d 1060 (9th Cir. 2005) . . . . . . . . . . . . . 5

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*,
     772 F.2d 505 (9th Cir. 1985) . . . . . . . . . . . 11, 12

*Freiman v. Lazur,*
     925 F.Supp. 14 (D. D.C. 1996) . . . . . . . . . . 12, 13

*Hendrickson v. eBay, Inc.*,
     165 F.Supp.2d 1082 (C.D. Cal. 2001) . . . . . . . . . 12

*Wilden Pump & Engineering Co. v. Pressed and Welded Products Co.*,
     655 F.2d 984 (9th Cir. 1981) . . . . . . . . . . . 10, 11

<u>STATUTES</u>

17 U.S.C. § 508 . . . . . . . . . . . . . . . . . . . 15, 16

Fed. R. Civ. P. Rule 59(e) . . . . . . . . . . . . . . . . 5

<u>OTHER AUTHORITIES</u>

H.R. Rep. No. 94-1476 (1976) . . . . . . . . . . . . . . 16

I.    **INTRODUCTION**

Plaintiff seeks an amendment of page 4 of the Second Amended Judgment, entered herein on March 16, 2006 ("Judgment"), to specifically provide that judgment is entered in favor of Plaintiff and against Brian Christensen, Justin Fukumoto, Jacqueline Rio, Alfredda Waiolama, Melvin Ponce, and Sonia Purdy (collectively "Employees"), each in the amount of $0.00.[1] However, the time has come for the Court to intervene and stop what has been three years of harassment of the Employees.  The Court and the jury heard the evidence and the arguments of Plaintiff's counsel, and the jury has ruled.  The Court has entered Judgment based upon the jury's findings.  Plaintiff had his day in court, and it is now over.  The Court should stand behind the findings of the jury, and its Judgment based thereupon.

Plaintiff's latest attempts to harass the Employees should be denied, and this Court must consider sanctioning Plaintiff and his counsel for their continuing harassment and threats, for they have openly vowed to continue.  Plaintiff's present motion is a complete misuse of Rule 59(e)for there is no

---

[1] To the extent Plaintiff requests an order tolling the time for filing of an appeal until the Court has disposed of all motions for attorney's fees and costs filed by the parties, the Employees do not object.

1

intervening change in controlling law, discovery of new evidence, or manifest error in law or fact.

The Employees initially viewed Plaintiff's post-trial filings as pre-emptive strikes, seeking to distract this Court from the various positions that he took since the commencement of this lawsuit, including but not limited to, alleging and arguing that various defendants were (1) tied to an organized crime family on the east coast and a former Bishop Estate trustee, (2) supported a terrorist group, and (3) smuggled illegal weapons and tobacco products, and that he was entitled to an award of $866 Million (and by the time of trial, $2.7 Million against each of the individual Employees) and an additional $54 Million in profits against the entity defendant.

But through additional communication with Plaintiff's counsel and further review of Plaintiff's post-trial filings, it is clear that despite Plaintiff's feigned care and concern for the Employees during his counsel's closing argument, Plaintiff's intent is merely to attempt to continue to harass and abuse them. For merely showing up to work and doing their jobs for the past three years without any knowledge or ability to control what database they were using to do their work, the Employees have had to endure this harassment and extreme inconvenience to their lives. For those same three years, because they were named and served with this federal court lawsuit, they have had to disclose

2

it (or worry about having to disclose it) on loan applications and other documents requiring disclosure of any lawsuits where they were named as a party.  They have had this dark cloud hanging over their heads.

For Brian Christensen, he sought and was granted summary judgment.  Unbelievably, Plaintiff still seeks to try and harass Mr. Christensen by having the Judgment amended to reflect that there was some type of adverse finding against him.  This is egregious and sanctionable conduct.  This Court cleared Mr. Christensen of any liability, and Plaintiff's continued attempts to harass him should be stopped immediately.

Sonia Purdy was put through the trial unnecessarily. She moved for summary judgment on all counts and supported her motion with an affidavit dated February 23, 2005 in which she testified: "I have never used Plaintiff's Freight Control System after June 9, 2003, when the company shifted to using Excel Spreadsheets".  She and the other Employees were granted summary judgment for the period after June 9, 2003, but were denied summary judgment for the time period between April 1, 2003 and June 9, 2003.

Ms. Purdy's affidavit testimony is accurate.  The truth is that she never used the Plaintiff's Freight Control System ("FCS"), period.  This was her testimony at trial.  She was not cross examined.  And there was no evidence offered or submitted

3

to contradict her testimony.  The Court let this issue be decided by the jury.  And, the jury decided it.  They put a "0" next to her name on the Special Verdict Form.  There is no business naming Ms. Purdy on the Judgment, and doing so would serve no other purpose but to harass her.

The jury conclusively found and determined the same for Melvin Ponce, Justin Fukumoto, Jacqueline Rio and Alfredda Waiolama.  The jury saw, heard and believed each one of them that testified.  They all had zeros next to their names on the Special Verdict Form.  They were not even cross examined by the Plaintiff.

As the jury has spoken, it is time for this Court to remove the Employees from the Plaintiff's scope as being potential targets for his stated and continued commitment is to attempt to inflict pain and misery on them whenever and wherever possible.  There are no trial or additional exhibits, or new affidavit testimony appended to Plaintiff's motion which means Plaintiff has offered no newly discovered evidence.  His memorandum in support does not cite or append any new case precedence which means that there is no new controlling law.  And because Plaintiff has not offered any new facts or law, there has been no showing of manifest error in the Court's application in fact or law.  As such, this motion should be denied and sanctions ordered.

II.  **STANDARD OF REVIEW**

A motion to alter or amend a judgment under Rule 59(e) applies to "[a]ny motion to alter or amend a judgment."  Fed. R. Civ. P. 59(e).  *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063 (9th Cir. 2005).  A Rule 59(e) motion is appropriate if the district court is presented with: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; or (3) the need to correct clear or manifest error in law or fact, to prevent manifest justice.  *Id*.

III. **PLAINTIFF SHOULD BE SANCTIONED AS HE OFFERS NO EVIDENCE OR LAW TO SUPPORT HIS RULE 59(e) MOTION**

A.  **No Intervening Change in Controlling Law**

Plaintiff has neither cited nor appended any new case precedence.  Plaintiff has not argued that there has been an intervening change in controlling law.  Therefore, Plaintiff not only fails to carry his burden, but he has not even attempted to do so.

B.  **No Newly Discovered Evidence Not Previously Available**

Plaintiff has not appended any trial testimony or new affidavits from witnesses.  Nor has Plaintiff appended or offered any new exhibits.  Plaintiff not only fails to meet his burden here again, he has not even attempted to do so.

5

**C.    Plaintiff Has Not Proven any Manifest Error in Fact or Law Which Would Therefore Need to be Corrected**

In order to prove that a "manifest error" exists, Plaintiff must provide evidence that an obvious mistake or departure from the truth has occurred.  *See Bank One, Texas, N.A., v. Federal Deposit Insurance Corporation,* 16 F.Supp.2d 698, 713 (N.D. Tex. 1998).

Because Plaintiff has not provided any newly discovered evidence and has not asserted, argued or offered a change in the controlling law, the threshold requirement of identifying a fact or application of law that needs to be corrected in order to find "manifest error" is missing.  Based upon the actual evidence and the jury's findings, there is no basis to find that a manifest error has occurred.

**1.    There Is No Basis to Amend the March 16, 2006 Judgment Where Six of the Eight Former Fleming Employees Were Found Not Liable for Any Damages to Plaintiff**

Brian Christensen was granted summary judgment as a matter of law on all counts of Plaintiff's Second Amended Verified Complaint on January 26, 2005.  *See* Jan. 26, 2005 Order at 32, 38-42.  Thus, there was no finding of infringement liability against Mr. Christensen and no triable issue of fact for the jury to determine with regard to him.  For Plaintiff to contend that his name should be on the Judgment is ludicrous and harassment for which Plaintiff should be sanctioned.

6

On March 7, 2006, the jury determined that Sonia Purdy, Melvin Ponce, Justin Fukumoto, Jacqueline Rio, and Alfredda Waiolama should not have to pay a single penny to Plaintiff for the inadvertent infringement that occurred between April 1, 2003 and June 9, 2003. *See* Special Verdict Form (Mar. 7, 2006). The jury did not believe one bit of Plaintiff's theory that any of the Employees should have to pay a reasonable license fee, let alone the $2.7 million he proffered, for use of a derivative version of his software. In fact, the jury rightly determined that if any license fee should be paid, it should be paid by the employer, Fleming. Given the Court's summary judgment ruling and the jury's verdict, there is no just reason to amend the March 16, 2006 judgment to specifically identify Brian Christensen, Sonia Purdy, Melvin Ponce, Justin Fukumoto, Jacqueline Rio, and Alfredda Waiolama as having "0.00" awarded against each of them, individually, and in favor of the Plaintiff.

The only possible explanation for wanting to have their names on the Judgment even though the jury spoke and found zero damages is to harass the Employees. Plaintiff has shown and continues to brazenly announce that he will continue to attempt to make life miserable for the Employees. Plaintiff has used the news media, he has written letters to third parties, sued third parties, and met with third parties with the intent to adversely influence their thinking and dealing with the Employees and other

7

defendants.  One example of this is Plaintiff's communication
with Teresa Noa's Iowa internet service provider and with
individuals relative to her website registration.  Another
example is Plaintiff's successful threat to New Technologies,
Inc. that it would face RICO charges, if it went through with its
intent to examine the computers sold by Fleming to C&S to
determine whether any files or software created by Plaintiff were
on the computers at the time of the sale.  *See* Order Denying
Plaintiff Wayne Berry's Motion for Preliminary Injunction (Oct.
8, 2004) at 11-12.  Through all of the litigation that Plaintiff
has been involved with thus far, he has clearly demonstrated his
propensity to take any and all measures to prosecute or otherwise
vindicate his rights with respect to his copyrights.  Allowing
the Judgment to be amended as Plaintiff requests would only
provide Plaintiff with further opportunity to attempt to
adversely influence anyone who associates with the Employees:
current employers, prospective employers, financial institutions,
and others.

> 2.  **Now That the Jury Has Spoken with Regard to the
> Employees, it Is Time for this Court to Remove
> Them from this Lawsuit and from Being Targets of
> the Plaintiff**

Since the Employees' initial motion for summary
judgment well over a year ago, they have continuously and
respectfully requested that this Court dismiss them from the
lawsuit.  Their testimony and the evidence of their role in this

lawsuit has been consistent.  They were employees.  As such, they had no ability to control what database they did their work on. In fact, the evidence showed that they did not even know that the database that they were using to do the work was in any way wrong or a violation of Plaintiff's copyright.  In short, they not only had no control over what they were doing, they did not even have actual or even constructive knowledge to attempt to change their conduct.  Even if they did know, they would then be left with having to choose between staying and using what the Company provided or quitting their jobs.  As with most employees, jobs are an absolute necessity to sustain themselves and their families.

The Court previously considered the Employees' argument that if these facts were enough to keep employees in this type of lawsuit that it would threaten the entire United States' labor force.  The Court viewed this as a "policy" argument.  The case is now in a different position as the jury has spoken, and spoken very clearly that the Employees are not responsible for paying the Plaintiff.

At this point, because it is undisputed that the Employees were acting within the course and scope of their employment at all relevant times, because Fleming voluntarily assumed payment responsibility for any amount awarded, and because the jury has ruled accordingly, it is time for this Court

to apply the doctrine of respondeat superior and dismiss the Employees from personal obligation and liability in this lawsuit.

The Employees have repeatedly cited this Court to two Ninth Circuit infringement actions which have addressed the issue of an employee's personal liability for damages which the Employees believe are highly instructive here. In *Wilden Pump & Engineering Co. v. Pressed and Welded Products Co.*, 655 F.2d 984 (9th Cir. 1981), a patentee brought a patent infringement action against corporate and individual defendants, including officers and an employee of the defendant corporation. The lower court found all defendants were liable for the infringement. The Ninth Circuit Court of Appeals reversed this judgment as to the employee's liability, holding that a non-management, salaried employee should not be held personally liable for infringement. *Id.* at 985. Central to this reasoning was the fact that the employee derived no personal benefit from the infringement:

> No contention has been made that [the employee] enjoyed profits or derived distinct benefits from the infringement separate from those of any other salaried employee. . .. The appellee simply maintains that [the employee] should be held individually liable because he was one of the moving, active, conscious forces behind the appellants' infringement. *All of the cases cited to us by the appellees which imposed individual liability, however, involve persons who were significant shareholders in the corporation, executive officers or chief executives, presidents of the corporation, alter egos of the company, or other high ranking officials with personal control, supervision, and*

10

> *direction of both the company and the copying*
> *of the patent. . .. No cases have been cited*
> *where a non-management, salaried employee,*
> *without more, was found to be an individually*
> *liable infringer, and we have found none.*

*Id.* at 990 (emphasis added).  It is clear from this language that

the Court sought to protect employees from becoming the target of

infringement actions when their involvement occurs in the scope

of their employment and is neither motivated by nor resultant in

a personal gain.

    This principle was reaffirmed in *Frank Music Corp. v.*

*Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505 (9th Cir. 1985).  In that

case, holders of a copyright on a musical drama brought a

copyright infringement action against MGM, Inc., its subsidiary,

MGM Grand, and Don Arden, an employee of MGM Grand who had

staged, produced and directed the show containing the infringing

piece.  *Id*. at 509.  The Ninth Circuit found that the plaintiffs

were entitled to damages in the amount of MGM Grand's profits

from the infringing work but held that Arden could not be held

jointly liable for these profits unless he acted as a partner or

practically as a partner of MGM Grand, rather than as an employee

or independent contractor.  *Id.* at 519.  Remanding to the

district court for the determination of Arden's position with the

company, the Court dictated that Arden could only be held jointly

and severally liable as an employee if he himself had earned

profits in connection with the infringing work, further stating

11

that amounts paid in salary were not to be considered as profits. *Id.*

In addition to the Ninth Circuit cases cited hereinabove, this Court should consider the findings and holdings in *Hendrickson v. eBay, Inc.*, 165 F.Supp.2d 1082 (C.D. Cal. 2001) and *Freiman v. Lazur,* 925 F.Supp. 14 (D. D.C. 1996). In *Hendrickson*, a federal district court granted summary judgment in favor of two employees of eBay who were sued for copyright infringement by the owner of a copyrighted motion picture entitled, "Manson". The court determined the undisputed facts established eBay did not have the right and ability to control the infringing activity. In granting summary judgment to the employees and to the company, the court stated that "the copyright claims against eBay's employees are based solely on alleged acts and omissions committed in the course and scope of their employment with eBay." *Hendrickson*, 165 F.Supp. at 1094.

Similarly in *Freiman*, a federal district court granted motions to dismiss filed by employees of a federal agency. In *Freiman*, the holders of a copyright for a computer program filed a copyright infringement action naming a federal agency and individual employee defendants. The court ruled that as long as the employees were acting within the course and scope of their employment, the federal agency and not the individual employees

12

was possibly liable to the plaintiff therein for copyright infringement. *Freiman*, 925 F.Supp. at 19.

As the rulings in the above cases show, there is ample authority to dismiss the Employees herein from this case and to support the jury's findings. There is no basis for amending the Judgment when one of the eight former Fleming employees Plaintiff sued was summarily dismissed from the action and five others were found not to be liable for any damages at trial. Melvin Ponce, Justin Fukumoto, Jacqueline Rio, and Alfredda Waiolama were former salary and hourly wage earners of Fleming who had no decision-making authority or control. Any infringement that occurred between April 1, 2003 and June 9, 2003 was inadvertent and done in the scope of their employment and under the direction of their supervisors. Sonia Purdy was not even working in Fleming's logistics department during the relevant time period and never used Plaintiff's FCS. Brian Christensen also never used Plaintiff's FCS, and the Court properly ruled Mr. Christensen was not liable for any infringement. The Employees are not individually liable.

When a corporation is involved, it may act only through persons who are its agents or employees. In general, any agent or employee of a corporation may bind the corporation by his or her acts and declarations made while acting within the scope of the authority delegated to him or her by the corporation, or

13

within the scope of the agent's or employee's duties to the corporation. *See* Jury Instructions at 17. Thus, it is Fleming who is liable for the acts of the Employees. As such, the Second Amended Judgment should not be amended to identify Sonia Purdy, Melvin Ponce, Jacqueline Rio, Justin Fukumoto, and Alfredda Waiolama, all of whom the jury found not liable for any damages to Plaintiff or to identify Brian Christensen, whom the Court determined to be entitled to summary judgment as a matter of law on all counts of Plaintiff's SAVC. *See* Special Verdict Form (Mar. 7, 2006); Jan. 26, 2005 Order at 32, 38-42. Denying Plaintiff's request will have no impact as Plaintiff has already stipulated that he could not recover double damages for vicarious liability and direct infringement. The Second Amended Judgment as filed should stand.

On the other hand, having individual judgments entered against the employees who were found not liable for any damages would be problematic. For example, Sonia Purdy, who truthfully testified at trial that she did not work in the logistics department during the period of infringement, may have to report the judgment entered against her on mortgages or loan applications despite the fact that the jury found no damages against her. Melvin Ponce and Justin Fukumoto, who no longer work for C&S, may have to disclose the zero judgment entered against them to their current or future employers.

14

Moreover, Brian Christensen was found not liable for direct, vicarious, or contributory infringement as a matter of law, and thus, could not be liable for damages in any amount. Any mention of Mr. Christensen as having a zero damage amount awarded against him and in favor of Plaintiff in an amended judgment would be inconsistent with the Court's rulings and the jury's verdict. Amending the March 16, 2006 judgment would serve no other purpose than to cause these former Fleming employees more inconvenience, annoyance, and frustration.

The jury has spoken through the Special Verdict Form: all of the Employees are not responsible for paying any damages to the Plaintiff (with a very nominal $2.00 being determined against Mark Dillon and Teresa Noa). Plaintiff presents no manifest error in law or in fact to warrant an amendment of the March 16, 2006 judgment.

D.    **Nothing in the Copyright Statute Requires the Judgment to be Amended as Requested**

Under 17 U.S.C. § 508, the clerk of the court is required to (1) provide the Register of Copyrights with names and addresses of the parties named in a copyright action and the title, author, and registration number of each work involved in the action within one month after the filing of the lawsuit and (2) notify the Register of Copyrights of the judgment entered in a case and send a copy of the judgment within one month of the filing of the judgment. *See* 17 U.S.C. § 508. The provision

15

simply establishes a method for notifying the Copyright Office
and the public of the filing and disposition of copyright cases.
It requires nothing more than for the clerk of the district court
to notify the Copyright Office of the filing of any copyright
actions and of their final disposition so that the Copyright
Office may in turn make these notifications a part of its public
records. *See* H.R. Rep. No. 94-1476 (1976). The amendment
Plaintiff seeks is not required under a plain reading of 17
U.S.C. § 508 and should be denied.

In essence, Plaintiff is seeking a declaratory
judgment. However, he has never asked for such relief. If the
Court is inclined to afford any type of declaratory relief, it
should expressly state that the finding of infringement against
the Employees was inadvertent, unintentional for a seventy day
period between April 1, 2003 and June 9, 2003 and the jury only
awarded $4.00 in damages to Plaintiff with respect to the
inadvertent infringement of Mark Dillon and Teresa. *See* Jan. 26,
2005 Order at 32-42; Jun. 27, 2005 Order at 11-21; Special
Verdict Form (Mar. 7, 2006).

\

\

\

\

16

IV.  **CONCLUSION**

For the foregoing reasons, the Employees respectfully request that this Honorable Court deny Plaintiff Wayne Berry's Motion to Alter or Amend Second Amended Judgment entered on March 16, 2006, and to sanction Plaintiff appropriately.

DATED: Honolulu, Hawaii, March 31, 2006.


  /s/ Lyle S. Hosoda
LYLE S.  HOSODA
RAINA P.B. MEAD

Attorneys for Defendants
BRIAN CHRISTENSEN, MARK DILLON,
TERESA NOA, MELVIN PONCE, SONIA
PURDY, JUSTIN FUKUMOTO, ALFREDDA
WAIOLAMA, and JACQUELINE RIO

17