IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) Civil No. CV03 00385 SOM-LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| | ) MEMORANDUM IN SUPPORT OF |
| vs. | ) MOTION |
| | ) |
| HAWAIIAN EXPRESS SERVICE, INC., | ) |
| a California corporation; et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION

Defendant Hawaii Transfer Company, Limited ("HTC") successfully moved for summary judgment against the claims alleged in Plaintiff Wayne Berry's ("Plaintiff") Second Amended Verified Complaint filed on June 18, 2004 ("SAVC"). Pursuant to federal statutory and case law, HTC, as the prevailing party against Plaintiff's claims, should be awarded the attorneys' fees and non-taxable costs[1] it incurred while defending itself against Plaintiff's claims.

---

[1] This Motion addresses only the non-taxable costs HTC incurred in defense of this action. HTC will file the appropriate motion requesting taxable costs pursuant to Local Rule 54.2, Rules of the United States District Court for the District of Hawaii.

II.   PROCEDURAL HISTORY

HTC became involved in the above-entitled action when it was named in Plaintiff's First Amended Complaint filed on August 13, 2003. Plaintiff subsequently filed his SAVC which alleged the following against HTC: Count I - Direct Infringement; Count II - Contributory and Vicarious Infringement; Count III - Conspiracy to Infringe; Count V - Violations of the Sherman Act Against Non-Debtor Defendants; and Count VI - Violations of RICO Against Non-Bankrupts. Plaintiff sought a preliminary injunction against Fleming Companies, Inc., C&S Logistics of Hawaii, LLC, and C&S Wholesale Grocers, Inc., and monetary damages against all defendants, including HTC. In May, 2004, HTC participated in court ordered mediation, however such mediation was unsuccessful. See Affidavit of Wesley H.H. Ching at ¶18. On October 1, 2004, HTC filed its Motion for Summary Judgment. HTC's Motion for Summary Judgment was heard before the Honorable Susan Oki Mollway on January 18, 2005. On January 26, 2005, the Court entered its order granting HTC's Motion for Summary Judgment ("Order").[2]

---

[2]  See Order Granting Defendant Foodland's Motion for Summary Judgment; Granting Defendant Hawaii Transfer Company's Motion for Summary Judgment; and Granting in Part, Denying in Part Defendants Dillon, Noa, and Christiensen's Motion for Summary Judgment, filed January 26, 2005 ("Order").

Regarding Count I of the SAVC, Direct Infringement, as it pertained to HTC, the Court found that Plaintiff's claim failed as "[t]here is no evidence . . . HTC was a direct infringer[.]" Order at pp. 7-8. As such, the Court granted summary judgment in favor of HTC as to Count I of the SAVC. Id.

Regarding Count II of the SAVC, Contributory and Vicarious Infringement, the Court found Plaintiff "[failed] to show any knowledge of or material contribution to infringement by HTC." Id. at 16. Further, the Court found Plaintiff "[did] not contest HTC's assertion that he has abandoned his claim of vicarious infringement against HTC." Id. Thus, the Court granted summary judgment in favor of HTC as to Count II of the SAVC. Id. at 14, 16-17.

Regarding Count III of the SAVC, Conspiracy to Infringe, the Court granted summary judgment in favor of HTC because Plaintiff did not oppose HTC's Motion for Summary Judgment on Count III. Id. at 19. Further, the Court found that Plaintiff "[presented] no evidence establishing an agreement between HTC and Fleming to infringe upon [Plaintiff's] copyright." Id.

Regarding Count V of the SAVC, Violations of the Sherman Act Against Non-Debtor Defendants, the Court found Plaintiff lacked "antitrust standing". Id. at 21. Thus, the Court dismissed Plaintiff's antitrust claim against HTC as set forth in Count V. Id.

3

Regarding Count VI of the SAVC, Violations of RICO Against Non-Bankrupts, the Court found Plaintiff did not "show how he would establish that . . . HTC committed any RICO violation." Id. at 22-23. Thus, the Court granted summary judgment in favor of HTC as to Count VI. Id. at 23.

HTC successfully defended itself against all of Plaintiff's claims as set forth in the SAVC. Plaintiff's remaining claims against the other defendants were subsequently disposed of via summary judgment, settlement and trial. On March 16, 2006, the Court entered its Second Amended Judgment setting forth the final disposition of all parties' claims.

III.   DISCUSSION

    A.   HTC Should Be Awarded the Attorneys' Fees and Costs It Incurred In Its Defense of this Case as Authorized by 17 U.S.C. Section 505

Title 17 of the United States Code, Section 505 ("Section 505"), authorizes the Court to award full costs to any party in a civil action brought under Title 17. Section 505 reads as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, *the court may also award a reasonable attorney's fee to the prevailing party* as part of the costs.

4

17 U.S.C. §505 (2006) (emphasis added).[3] Thus, it is within the Court's discretion to award the non-taxable expenses as requested in this Motion. Further, it is within the Court's discretion to award reasonable attorneys' fees (as part of the costs) to HTC, the prevailing party, as requested in this Motion.

In this case, HTC is clearly the prevailing party as the Court granted summary judgment and dismissed all of Plaintiff's claims in this action against HTC. There is no question that HTC is the "prevailing party" as discussed in Section 505. The fact that HTC, the prevailing party, is a defendant, and not a plaintiff, in this case is of no consequence to its request for an award of attorneys' fees and costs. Under Section 505, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogarty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S.Ct. 1023, 1033 (1994). In Fogarty, the Supreme Court set forth a non-exclusive list of factors the courts should consider when determining whether to award attorneys' fees to a prevailing party.

> These factors include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular

---

[3] The award of attorneys' fees and costs pursuant to Section 505 does not require a finding of exceptional circumstances. See Sega Enterprises Ltd. v. MAPHIA, 948 F.Supp. 923, 940 (N.D. Cal. 1996).

> circumstances to advance considerations of compensation and deterrence." *Lieb v. Topstone Industries, Inc.* 788, F.2d 151, 156 (1986). We agree that such factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and **are applied to prevailing plaintiffs and defendants in an evenhanded manner**.

Fogarty, 510 U.S. at 534 n.19, 114 S.Ct. at 1033 n. 19 (emphasis added). As the Fogarty list is non-exclusive, this Court should also consider the degree of success obtained by HTC, the prevailing party in this case, when determining whether to award HTC its requested attorneys' fees. See Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001) (quoting Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994)).

        1.    <u>HTC is the prevailing party in this case.</u>

There is no question that HTC is the prevailing party in this case. Plaintiff brought five counts against HTC in the SAVC. As discussed above, HTC filed a Motion for Summary Judgment and the Court granted HTC summary judgment on four of the five counts brought against it; the Court dismissed the fifth count. See Order at pp. 7-22.

> Under the Copyright Act, the "prevailing party is one who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit."

6

Florentine Art Studio, Inc. v. Vedet K. Corp., 891 F.Supp. 532, 541 (C.D. Cal. 1995 (quoting Warner Brothers, Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1126 (2nd Cir. 1989)). Thus, HTC is the prevailing party as its Motion for Summary Judgment was successful against each claim brought by Plaintiff.

        2.    Plaintiff's claims against HTC were frivolous and objectively unreasonable.

Plaintiff's claims against HTC were frivolous as they were groundless with little prospect of success. See U.S. v. Manchester Farming P'ship, 315 F.3d 1176, 1183 (9th Cir. 2003) (defining "frivolous" for the purpose of reviewing the district court's denial of fees and costs pursuant to the Hyde Amendment which allows for sanctions against the government for prosecutorial misconduct). The frivolousness of Plaintiff's claims is evidenced by HTC's complete success on its Motion for Summary Judgment. Plaintiff presented no evidence to support his claims of direct and contributory infringement; did not contest HTC's claim that he completely abandoned his claim of vicarious infringement against HTC; did not oppose HTC's motion for summary judgment on his conspiracy claims against HTC and presented no evidence to establish an agreement between HTC and Fleming to infringe upon Plaintiff's copyright; and had no standing to assert his claim of violation of the Sherman Act. See Order at pp. 7-22. Further, Plaintiff's

lack of evidence and lack of ability and/or effort to substantiate his claims against HTC was objectively unreasonable. See Sega, 948 F.Supp. at 940-41 (The court noted that the defendant's arguments and objections were weak or irrelevant, and such factors, among others, weighed in favor of awarding attorneys' fees.).[4]

       3.    HTC achieved the highest degree of success possible in this case.

Plaintiff brought five counts against HTC, and HTC was completely exonerated by the Court of all five counts. The Court granted summary judgment on four of the counts and dismissed the fifth count against HTC. See Order at pp. 7-22. HTC could not achieve any higher degree of success in this litigation.[5]

       4.    Plaintiff's actions in this case were so blatant and unreasonable that he must be deterred from such actions in the future.

As discussed above, Plaintiff brought this action against HTC without

---

[4] Although the prevailing party was the plaintiff in Sega, the court's analysis of the factors to consider when determining whether to award attorneys' fees under Section 505 applies to this case.

[5] Even in a case where the defendant did not have a degree of success as high as HTC in this case, the court still awarded attorneys fees pursuant to Section 505. See Florentine Art Studio, Inc. v. Vedet K. Corp., 891 F.Supp. 532, 541-42 (C.D. Cal. 1995) (The court awarded attorneys' fees to defendants who "prevailed on seven of the nine infringement counts, were found merely to be innocent infringers on the remaining two, and were assessed the minimum statutory damages." Id.)

any evidence to support his claims. Moreover, Plaintiff did not even attempt to support some of his claims as he knew they were completely baseless. Such actions on the part of Plaintiff should be deterred as they result in an opposing party incurring needless expense, and are wasteful of both the opposing party's and the court's respective resources.

    B.    Plaintiff's RICO Claim Against HTC Does Not Preclude An Award of Attorneys' Fees and Costs to HTC

HTC incurred attorneys' fees in its defense of not only the claims of violations of federal copyright laws, but it also incurred attorneys' fees in its defense of Plaintiff's RICO allegation. When a defendant prevails in a RICO action, it is normally not awarded attorneys' fees. However, in this case HTC should be awarded the attorneys' fees and costs it incurred in defense of the RICO allegation as such allegation was intertwined with the federal copyright allegations. See Strain v. Kaufman County District Attorney's Office, et al., 23 F.Supp.2d 698, 703 (N.D. Tex. 1998). In Strain, Plaintiffs argued that attorneys' fees and costs should not be awarded because the attorneys' fees and costs incurred on the RICO claims were not separated from the fees and costs incurred on the civil rights claims. The court rejected plaintiffs' argument and found that it would not be reasonable to reduce the amount of fees requested because the RICO

allegations were so intertwined with the civil rights allegations. Id. In this case, Plaintiff's RICO allegation is inextricably intertwined with his federal copyright allegations as the act upon which Plaintiff based his RICO claim was his allegation of copyright infringement.

      C.    Plaintiff's Anti-Trust Claim Against HTC Does Not Preclude An Award of Attorneys' Fees and Costs to HTC

Plaintiff's anti-trust claim against HTC should not preclude the award of attorneys' fees and costs to HTC, the prevailing party. Title 15 of the United States Code Section 15 specifically allows for an award of attorneys' fees to a prevailing plaintiff; it does not address a prevailing defendant. However, when a copyright claim is related to other claims, attorneys' fees may be awarded for such related claims. See The Traditional Cat Ass'n, Inc. v. Gilbreath, 340 F.3d 829, 833 (9th Cir. 2003) (The appellate court recognized that a prevailing party on a copyright claim can recover attorneys' fees incurred in defending against the claims related to the copyright claim.)

Plaintiff's copyright claims are related to his anti-trust claims as evidenced by the SAVC. For example, see paragraphs 125-26 of the SAVC which state:

> 125. All of these acts have been committed with the
> specific intent to maintain the Fleming Hawaii market

> wholesale grocery monopoly with the hope to sell the Hawaii division to a new monopolist that would continue the earlier illegal practices including the infringement of Mr. Berry's intellectual property rights.
>
> 126. Alternatively, the conspiring defendants have attempted to create a monopoly and/or conspired to created [sic] a monopoly also in violation of the [Sherman Act]."

Thus, because Plaintiff's anti-trust claims, as well as his RICO claim, are related to his copyright claims, HTC is entitled to an award of all the attorneys' fees it incurred in its defense of Plaintiff's anti-trust, RICO, and copyright claims.

D. The Attorneys' Fees and Costs Incurred by HTC In Its Defense of Plaintiff's Claims Were Reasonable

HTC seeks an award of attorneys' fees incurred in this case in the amount of $77,700.50. HTC seeks an award of non-taxable costs incurred in this case in the amount of $3,052.30. The attached affidavits of counsel for HTC, Wesley H.H. Ching and Edmund K. Saffery, along with the exhibits attached to their respective affidavits, itemize the work performed in this case, describe the services rendered and expenses incurred, and describe the qualifications of the attorneys and paralegals for which fees and costs are being sought.

As supported by the attached affidavits and exhibits thereto, the fees charged by the law firms who defended HTC in this matter are within the

customary range of fees charged by those respective law firms for this type of litigation; the fees charged are also within the customary range of fees charged by Hawaii law firms for this type of intellectual property litigation. See Ching Affidavit at ¶12; see also, Affidavit of Edmund K. Saffery at ¶10. As further supported by the attached affidavits and exhibits, the attorneys' fees and costs requested in this Motion are reasonable and were necessarily incurred. See Ching Affidavit at ¶17; see also, Saffery Affidavit at ¶14.

IV.   CONCLUSION

Based on above authorities and analysis, HTC respectfully requests this Court grant HTC's Motion for An Award of Attorneys' Fees and Related Non-Taxable Costs, as HTC prevailed on all of Plaintiff's claims against it, and the fees and costs incurred were reasonable and necessary.

DATED: Honolulu, Hawaii, _____MAR 3 0 2006_____.

_____
WESLEY H.H. CHING
Attorney for Defendant
HAWAII TRANSFER COMPANY,
LIMITED