IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) Civil No. CV03 00385 SOM-LEK <br> ) (Copyright) |
| Plaintiff, | ) <br> ) <br> ) AFFIDAVIT OF WESLEY H. H. |
| vs. | ) CHING <br> ) |
| HAWAIIAN EXPRESS SERVICE, INC., <br> a California corporation; et al. | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

### AFFIDAVIT OF WESLEY H. H. CHING

| | |
|---|---|
| STATE OF HAWAII | ) |
| | ) SS. |
| CITY AND COUNTY OF HONOLULU | ) |

WESLEY H. H. CHING, being first duly sworn on oath, deposes and says:

1.   I am a partner in the law firm of Fukunaga Matayoshi Hershey and Ching ("FMHC") and am the lead attorney representing Defendant HAWAII TRANSFER COMPANY LIMITED ("HTC") in the above-entitled matter.

2.   I am licensed to practice law before all state and federal courts in the State of Hawaii.

3.   I make this Affidavit based upon personal knowledge, and am

WHC Affidavit - Mt Fees.wpd

competent to testify as to all matters stated herein.

    4.    Throughout the course of the above-entitled matter HTC was represented by two different law firms. From the commencement of HTC's involvement in this lawsuit it has been represented by attorney Edmund K. Saffery, partner at the law firm of Goodsill Anderson Quinn & Stifel, LLP ("Goodsill"). FMHC became involved in this lawsuit on behalf of HTC in approximately January, 2004, and has continuously represented HTC in this litigation to date. A Withdrawal and Substitution of Counsel substituting myself in place of Mr. Saffery as HTC's counsel of record in this lawsuit was filed on February 19, 2004.

    5.    The attorneys at FMHC who worked on the above-entitled matter were myself, Leighton K. Chong, Kathleen M. Douglas, and Julia M. Morgan. The paralegals at FMHC who worked on the above-entitled matter were Erin O. Lee and Wanda K. Fujimoto.

    6.    I graduated from Boston University School of Law and have been licensed to practice law before both state and federal courts in Hawaii since 1981. I have 25 years of experience in civil litigation.

    7.    Mr. Chong is former of counsel to FMHC. Mr. Chong

graduated from Boston University School of Law and has been licensed to practice law before both state and federal courts in Hawaii since 1993. Mr. Chong's hourly rate, as set forth below, reflects his expertise in the areas of intellectual property, technology law, patents, and software protection.

8.   Ms. Douglas is of counsel to FMHC. Ms. Douglas graduated from Case Western Reserve University School of Law and has been licensed to practice law before both state and federal courts in Hawaii since 1989. Ms. Douglas' practice area includes civil litigation, including copyright and trademark litigation.

9.   Ms. Morgan is a former associate of FMHC. Ms. Morgan graduated from George Washington University Law School and has been licensed to practice law in Hawaii since 1999. While employed at FMHC, Ms. Morgan practiced in the area of civil litigation.

10.   Ms. Lee is a paralegal at FMHC. Ms. Lee has been a paralegal with me for the past 23 years and has worked on numerous civil lawsuits with me and other attorneys.

11.   Ms. Fujimoto is a paralegal at FMHC. Ms. Fujimoto has been a paralegal at FMHC for the past four years and has over 20 years experience as a

paralegal in civil lawsuits.

12. The hourly rates for this case are as follows: myself at $150.00; Mr. Chong at $175.00; Ms. Douglas at $125.00; Ms. Morgan at $115.00; Ms. Lee at $60.00 and $65.00 (as of October, 2004); and Ms. Fujimoto at $60.00. These are among the customary insurance rates charged by FMHC for this type of civil litigation. Based on my experience, these hourly rates are on the lower end of the range of hourly rates charged by law firms in Hawaii for the type of intellectual property litigation involved in this case. See Exhibit "A" attached hereto, a true and correct copy of List of Hourly Rates, reported in Book of Lists published by Pacific Business News, 2003-2006.

13. HTC incurred attorneys' fees for FMHC's services in the amount of $58,212.61. HTC incurred non-taxable costs in the amount of $3,052.30. These costs included payments to the court ordered mediator and discovery master in this case. The amount of attorneys' fees incurred by HTC for Goodsill's services is set forth in the Affidavit of Edmund K. Saffery.

14. I reviewed the work and fees invoiced for this litigation and, when appropriate, made the necessary adjustments before sending out the invoices for payment. FMHC's fees, as set forth in the preceding paragraph, represent fees

actually invoiced after I reviewed, made final adjustments and approved the time and charges.

15. Attached hereto as Exhibit "B" is a true and correct copy of a summary (broken down by personnel, time, and description of services) of the services rendered by the attorneys and paralegals at FMHC on behalf of HTC. The case-related contributions of each attorney and paralegal are set forth in Exhibit "B". When necessary the appropriate redactions have been made to protect attorney client and/or attorney work-product privileges, and/or confidential proprietary information.

16. Attached hereto as Exhibit "C" is a true and correct copy of a summary of non-taxable costs incurred by HTC in its defense of this lawsuit.

17. FMHC's attorneys' fees and expenses as set forth above and supported by the referenced exhibits are reasonable and were necessarily incurred by HTC in its defense of this lawsuit.

18. In May, 2004, HTC participated in court ordered mediation, however such mediation was unsuccessful.

19. Pursuant to Local Rule 54.3(b) of the Rules of the United States District Court for the District of Hawaii, I will make good faith efforts to

consult with Plaintiff's attorney regarding the requested attorneys' fees and costs.

FURTHER, AFFIANT SAYETH NAUGHT.

*[signature]*
WESLEY H. H. CHING

Subscribed and sworn to before me this
30 day of March, 2006.

*[signature]*
Notary Public, State of Hawaii

My commission expires: 8/11/06