CHUN, KERR, DODD, BEAMAN & WONG,
  A Limited Liability Law Partnership

LEROY E. COLOMBE     #3662-0
745 Fort Street, 9th Floor
Honolulu, HI 96813
Telephone: 528-8200
Facsimile: 536-5869
Email: lcolombe@ckdbw.com

Attorneys for Defendant
FOODLAND SUPER MARKET, LIMITED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen,<br><br>          Plaintiff,<br><br>     vs.<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., et al.,<br><br>          Defendants. | ) CASE NO. 03-CV-00385 SOM/LEK<br>) (Copyright)<br>)<br>)<br>) DEFENDANT FOODLAND SUPER<br>) MARKET LIMITED'S MEMORANDUM<br>) IN SUPPORT OF ITS BILL OF<br>) COSTS; DECLARATION OF LEROY<br>) E. COLOMBE; EXHIBIT A;<br>) CERTIFICATE OF SERVICE<br>)<br>) |

DEFENDANT FOODLAND SUPER MARKET LIMITED'S
<u>MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS</u>

Third-Party Defendant FOODLAND SUPER MARKET LIMITED ("Foodland") seeks taxation of certain costs incurred herein, in the amount of $2,355.54, as indicated in the bill of costs filed and served concurrently herewith, pursuant to 20 U.S.C. §§ 1920, 1924; Fed. R. Civ. P. 54(d)(1); and LR 54.2 of the Local Rules of Practice of the United States District Court for the District of Hawaii.

Defendant Foodland Super Market, Limited's Motion to Dismiss Under Rule 12(b)(6), F.R.C.P. and/or Motion for Summary

Judgment was filed herein on September 30, 2004.  The Order Granting Defendant Foodland's Motion for Summary Judgment; Granting Defendant Hawaii Transfer Company's Motion for Summary Judgment; and Granting in Part and Denying in Part Defendants Dillon, Noa, and Christensen's Motion for Summary Judgment (the "Order") was entered herein on January 26, 2005.  According to the Order:

> Foodland and HTC move for dismissal or summary judgment on all counts . . . in which they are named.  The court grants summary judgment to Foodland and HTC on all claims except the Sherman Act claims, which are dismissed.

Order at p.7.  Under the terms of the Order, Foodland clearly prevailed against Plaintiff WAYNE BERRY on all counts.

Pursuant to the Federal Rules of Civil Procedure, "**costs** other than attorneys' fees **shall be allowed as of course to the prevailing party** . . . ."  Fed. R. Civ. P. 54(d)(1) (emphasis added).  Under 28 U.S.C. § 1920, which details what costs are taxable, court reporter fees and copying expenses may be taxed by the court.

> A judge or clerk of any court of the United States may tax as costs the following:
> 
> . . .
> 
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> 
> . . .

>     (4) Fees for . . . copies of papers
>     necessarily obtained for use in the
>     case . . . .

20 U.S.C. § 1920.  Foodland seeks taxation of its costs incurred in obtaining transcripts of the depositions of Mark Dillon, Brian Christensen, Jacqueline Rio and Alfredda Waiolama herein (at $1,858.70), and its costs incurred for in-house photocopying of various court filings herein (at $496.84).  These costs were necessarily incurred herein, as detailed in the declaration of counsel filed herewith, and are taxable pursuant to 20 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1).

   DATED: Honolulu, Hawaii, April 5, 2006.

/s/ Leroy E. Colombe
_____
LEROY E. COLOMBE

CHUN, KERR, DODD, BEAMAN & WONG,
A Limited Liability Law Partnership

Attorney for Defendant
FOODLAND SUPER MARKET, LIMITED