CHUN, KERR, DODD, BEAMAN & WONG,
  A Limited Liability Law Partnership

LEROY E. COLOMBE    #3662-0
745 Fort Street, 9th Floor
Honolulu, HI 96813
Telephone: 528-8200
Facsimile: 536-5869
Email: lcolombe@ckdbw.com

Attorneys for Defendant
FOODLAND SUPER MARKET, LIMITED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) CASE NO. 03-CV-00385 SOM/LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| vs. | ) DECLARATION OF LEROY E. |
| | ) COLOMBE |
| HAWAIIAN EXPRESS SERVICE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

DECLARATION OF LEROY E. COLOMBE

1.   I am LEROY E. COLOMBE.  I am an attorney licensed to practice in the State of Hawaii and before this Court, and I am a partner in the law firm of Chun, Kerr, Dodd, Beaman & Wong, a Limited Liability Law Company ("CKDBW"), attorneys for Defendant FOODLAND SUPER MARKET, LIMITED ("Foodland") in the above-referenced matter.

2. At CKDBW, I was the attorney primarily responsible for the above-captioned matter, and I have personal knowledge of the matters contained herein.

3. Foodland's bill of costs, a true copy of which is attached hereto as **Exhibit A**, includes an itemization of Foodland's taxable costs incurred herein, in the total amount of $2,355.54, and supporting documentation.

4. Most of the taxable costs incurred herein were court reporter's fees for deposition transcripts, totaling $1,858.70. Attached to Foodland's bill of costs are true and exact copies of three invoices from Jan Floate, RPR, CSR, for the court reporter's fees for the transcripts of the depositions of Mark Dillon, Brian Christensen, Jacqueline Rio and Alfredda Waiolama taken herein. At the time the depositions were taken, it was reasonably expected that they would be necessary for trial preparation herein and not merely for general discovery purposes. The copy of the transcripts obtained by CKDBW was necessarily obtained for use in this case, and not merely for the convenience of counsel.

5. The remaining taxable cost items are monthly charges for in-house duplication, totaling $496.84. These charges are for photocopies which were necessarily obtained for use in this case, and not merely for the convenience of counsel. Each court filing by Foodland required multiple service copies,

2

two copies for the judge, a copy for Foodland's counsel, and a copy for Foodland itself in addition to the original.

      6.   The costs as to which Foodland seeks taxation are correctly stated, were necessarily incurred herein, were actually performed, and are allowable by law.

      7.   Counsel for the parties met and conferred on March 28, 2006 in an effort to resolve any disputes about the costs claimed by Foodland. The parties have been unable to agree, despite a good-faith effort.

DATED: Honolulu, Hawaii, April 5, 2006.

/s/ Leroy E. Colombe
_____
LEROY E. COLOMBE