IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) Civil No. CV03 00385 SOM-LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| | ) MEMORANDUM IN SUPPORT |
| vs. | ) |
| | ) |
| HAWAIIAN EXPRESS SERVICE, INC., | ) |
| a California corporation; et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM IN SUPPORT

I.  INTRODUCTION

Defendant Hawaii Transfer Company, Limited ("HTC") successfully moved for summary judgment against the claims alleged in Plaintiff Wayne Berry's ("Plaintiff") Second Amended Verified Complaint filed on June 18, 2004 ("SAVC"). Pursuant to federal rule, statute, and case law, HTC, as the prevailing party against Plaintiff's claims, should be awarded taxable costs it incurred while defending itself against Plaintiff's claims.

II.  PROCEDURAL HISTORY

HTC became involved in the above-entitled action when it was named in Plaintiff's First Amended Complaint filed on August 13, 2003. Plaintiff subsequently filed his SAVC which alleged the following against HTC: Count I -

Direct Infringement; Count II - Contributory and Vicarious Infringement; Count III - Conspiracy to Infringe; Count V - Violations of the Sherman Act Against Non-Debtor Defendants; and Count VI - Violations of RICO Against Non-Bankrupts. Plaintiff sought a preliminary injunction against Fleming Companies, Inc., C&S Logistics of Hawaii, LLC, and C&S Wholesale Grocers, Inc., and monetary damages against all defendants, including HTC. In May, 2004, HTC participated in court ordered mediation, however such mediation was unsuccessful. See Affidavit of Wesley H. H. Ching at ¶4. On October 1, 2004, HTC filed its Motion for Summary Judgment. HTC's Motion for Summary Judgment was heard before the Honorable Susan Oki Mollway on January 18, 2005. On January 26, 2005, the Court entered its order granting HTC's Motion for Summary Judgment ("Order").[1]

      Regarding Count I of the SAVC, Direct Infringement, as it pertained to HTC, the Court found that Plaintiff's claim failed as "[t]here is no evidence . . . HTC was a direct infringer[.]" Order at pp. 7-8. As such, the Court granted summary judgment in favor of HTC as to Count I of the SAVC. Id.

---

[1]  See Order Granting Defendant Foodland's Motion for Summary Judgment; Granting Defendant Hawaii Transfer Company's Motion for Summary Judgment; and Granting in Part, Denying in Part Defendants Dillon, Noa, and Christiensen's Motion for Summary Judgment, filed January 26, 2005 ("Order").

Regarding Count II of the SAVC, Contributory and Vicarious Infringement, the Court found Plaintiff "[failed] to show any knowledge of or material contribution to infringement by HTC." Id. at 16. Further, the Court found Plaintiff "[did] not contest HTC's assertion that he has abandoned his claim of vicarious infringement against HTC." Id. Thus, the Court granted summary judgment in favor of HTC as to Count II of the SAVC. Id. at 14, 16-17.

Regarding Count III of the SAVC, Conspiracy to Infringe, the Court granted summary judgment in favor of HTC because Plaintiff did not oppose HTC's Motion for Summary Judgment on Count III. Id. at 19. Further, the Court found that Plaintiff "[presented] no evidence establishing an agreement between HTC and Fleming to infringe upon [Plaintiff's] copyright." Id.

Regarding Count V of the SAVC, Violations of the Sherman Act Against Non-Debtor Defendants, the Court found Plaintiff lacked "antitrust standing". Id. at 21. Thus, the Court dismissed Plaintiff's antitrust claim against HTC as set forth in Count V. Id.

Regarding Count VI of the SAVC, Violations of RICO Against Non-Bankrupts, the Court found Plaintiff did not "show how he would establish that . . . HTC committed any RICO violation." Id. at 22-23. Thus, the Court granted summary judgment in favor of HTC as to Count VI. Id. at 23.

HTC successfully defended itself against all of Plaintiff's claims as set forth in the SAVC. Plaintiff's remaining claims against the other defendants were subsequently disposed of via summary judgment, settlement and trial. On March 16, 2006, the Court entered its Second Amended Judgment setting forth the final disposition of all parties' claims.

III.  DISCUSSION

    A.  <u>HTC Is Entitled to All Taxable Costs As the Prevailing Party</u>

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP"), HTC as the prevailing party is entitled to costs other than attorneys' fees. FRCP 54(d)(1) reads in relevant part (emphasis added): "[c]osts other than attorneys' fees *shall be allowed as of course to the prevailing party* unless the court otherwise directs." FRCP 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party. This presumption is supported by the explicit language of FRCP 54(d)(1) which makes the award of costs to a prevailing party automatic in the absence of an express direction to the contrary by the court. See also, <u>Dawson v. City of Seattle</u>, 435 F.3d 1054, 1070 (9th Cir. 2006) (where the appellate court recognized the presumption created by FRCP 54(d)(1) in favor of awarding a prevailing party its taxable costs).

HTC is clearly the prevailing party in this case. Plaintiff brought five

counts against HTC in the SAVC. As discussed above, HTC filed a Motion for Summary Judgment and the Court granted HTC summary judgment on four of the five counts brought against it; the Court dismissed the fifth count. See Order at pp. 7-22.

> Under the Copyright Act, the "prevailing party is one who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit."

Florentine Art Studio, Inc. v. Vedet K. Corp., 891 F.Supp. 532, 541 (C.D. Cal. 1995 (quoting Warner Brothers, Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1126 (2nd Cir. 1989)). Thus, HTC is the prevailing party as it successfully defended itself against each claim brought by Plaintiff.

Section 1920 of Title 28 of the United States Code ("Section 1920") sets forth costs which may be taxed. Section 1920 states in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees,

>expenses, and costs of special interpretation services under section 1828 of this title.
>
>. . . .

28 U.S.C. §1920 (2006).

The costs, as set forth on HTC's Bill of Costs, are correctly stated, and based on my experience, are reasonable, were necessarily incurred, and appear to be allowable by law. The services for which such costs have been charged were necessarily and actually performed. See Ching Affidavit at ¶10.

>1. **HTC is entitled to the costs it incurred for copying of papers necessarily obtained for use in this case.**

HTC requests an award of $2,938.17 for costs incurred for copying of papers necessarily obtained for use in this case. See Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Cream, Inc., 920 F.2d 587, 588 (9th Cir. 1990) (Section 1920 permits taxation of the costs to copy papers necessary for use in the case and does not require that the copied documents be introduced into the record). All of the requested copying and reproduction costs were necessarily obtained for use in this case. See Affidavit of Wesley H. H. Ching at ¶7. In-house copying at the law firm of Fukunaga Matayoshi Hershey and Ching, LLC, was charged at $.10 per page. Id. The number of pages copied in-house at FMHC was 20,867. Id. Attached as Exhibit "C" are copies of FMHC's redacted invoices for, among other things, in-house copying costs incurred in this case.

The number of pages copied by outside vendors was 6,936. Id. Attached as Exhibit "D" are copies of invoices for copying and reproduction expenses charged by an outside vendor. The charge for each copy by the outside vendor varied depending on the type of service necessary. For example, to unstaple/re-staple originals, staple copies, and add slip sheet for tabs, the rate was $.16 per page; to copy and add slip sheets the rate was $.10 per page; to copy staple and re-staple the rate was $.12 per page; to auto-feed copies (one side) the rate was $.06 per page. Id.; see Exhibit "C". The outside vendor's rates were competitive and reasonable. See Ching Affidavit at ¶7. The copying costs were not incurred for mere convenience of HTC's counsel, but were necessarily incurred for the defense of HTC in this litigation. See Ching Affidavit at ¶8. The purposes for which documents were copied in this case include, but are not limited to: submission of pleadings and exhibits, service on other parties of pleadings and exhibits, extra copies of pleadings and exhibits to the Court, submission of mediation documents, discovery, and reproduction of discovery (including produced documents). Id.

  2. HTC is entitled to the court reporter costs it incurred for the stenographic transcripts necessarily obtained for use in this case.

HTC is entitled to an award of $713.45 for the court reporter costs it

incurred in this case. The court reporter costs were incurred for the transcripts of the following individuals' depositions: Brian Christensen, Jacqueline Rio, and Alfredda Waiolama. See Exhibit "E", Court Reporter Invoice. At the time the depositions were taken, all information gathered from such depositions were to be used for trial preparation, if trial was necessary; such depositions were not taken for merely general discovery. See Ching Affidavit at ¶9. The transcripts of the aforementioned individuals' depositions were necessary for use in HTC's defense of Plaintiff's claims in this case. Id.

III. CONCLUSION

For the reasons and authority set forth above, and based on the attached affidavit and exhibits, as well as the entire record and file of this case, HTC respectfully requests an award of $3,651.62 for taxable costs pursuant to FRCP 45(d)(1).

DATED: Honolulu, Hawaii, April 7, 2006

/s/ Wesley H.H. Ching
WESLEY H. H. CHING
Attorney for Defendant
HAWAII TRANSFER COMPANY, LIMITED

8