LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>          Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., a California corporation; et al.<br><br><br>          Defendants.<br>_____ | **Civ. No. CV03 00385 SOM-LEK**<br>**(Copyright)**<br><br>**PLAINTIFF WAYNE BERRY'S REPLY MEMORANDUM TO FLEMING COMPANIES, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION TO ALTER OR AMEND SECOND AMENDED JUDGMENT ENTERED ON MARCH 16, 2006 ENTERED IN DELAYED TIME FOR FILING OF AN APPEAL PENDING RESOLUTION OF MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>HEARING<br><br>Date:     June 5, 2006<br>Time:    9:45 a.m.<br>Judge:   Hon. Susan Oki Mollway |

**PLAINTIFF WAYNE BERRY'S REPLY MEMORANDUM
TO FLEMING COMPANIES, INC.'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION TO
ALTER OR AMEND SECOND AMENDED JUDGMENT ENTERED
ON MARCH 16, 2006 ENTERED IN DELAYED TIME FOR
FILING OF AN APPEAL PENDING RESOLUTION OF MOTION FOR
ATTORNEYS' FEES AND COSTS**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel, and hereby respectfully submits his Plaintiff Wayne Berry's Reply Memorandum to Fleming Companies, Inc.'s Memorandum in Opposition to Plaintiff Wayne Berry's Motion to Alter or Amend Second Amended Judgment Entered on March 16, 2006 Entered in Delayed Time for Filing of an Appeal Pending Resolution of Motion for Attorneys' Fees and Costs (the "Reply").

I. **DISCUSSION**.

    A.    **The Opposition Does Not Oppose the Relief Regarding The Appeal Date.**

Mr. Berry had sought a delay of entry of an order establishing that the time for appeal would not begin to run until the Court had disposed of the attorneys' fees motions that are presently pending before it. There is no opposition to that relief requested in the Motion and Mr. Berry respectfully asks the Court to enter an order that will permit the delaying of the appeal period as requested in the Motion.

    B.    **The Motion to Alter or Amend Is Justified Under the**

**Circumstances.**

Mr. Berry obtained summary judgment against certain Employee Defendants.[1]  As to the other Employees, each of them lost at summary judgment and Mr. Berry has a right to final judgment against the defendants.  In addition, this Court has already given notice to the Copyright Office of the parties against whom Mr. Berry has sought to prove infringement.  It makes no sense whatsoever to not inform the Copyright Registrar not only the parties against whom infringement has been determined but also those in which it hasn't been determined.   Mr. Berry can see no logical argument presented by the opposition to deny him the relief sought in the Motion.  It simply became another all too common opportunity on the part of these Defendants to heap invective on Mr. Berry rather than addressing the issues that were addressed on the Motion.   Therefore, Mr. Berry requests that the Motion be granted in all respects.

**C.     The PCT Has Taken Two Different Positions on the Same Issue.**

The PCT has argued in its own Rule 50(b) motion that it is not liable under the theory of vicarious liability for the acts of its former employee all done within

---

[1] The errata regarding Brian Christensen has been filed and should dispense of the issue related to Mr. Christensen.  There was no relief sought in the Motion and Mr. Berry has corrected the text of the proposed amendment in accordance with the requested relief.

the scope of their employment. Willing to change its position to suit the occasion, the PCT in this filing claims that Mr. Berry's requested relief should be denied because Fleming as a corporation "could only act through its employees." Not choosing to obtain licensed software for the same employees it now claims to care so much about, the PCT appears to have waived its Rule 50(b) motion regarding vicarious liability. In any even, if the Fleming employees have anyone to blame for the infringement and the effect that may have on them, it stands that the persons who caused them to use infringing software are the ones to blame, not the victim copyright owner.

## II.     CONCLUSION.

For the reasons stated Mr. Berry asks that the Motion be granted.

DATED: Honolulu, Hawaii, April 10, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN