LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>            Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., a California corporation; et al.<br><br>            Defendants.<br>_____ | **Civ. No. CV03 00385 SOM-LEK**<br>**(Copyright)**<br><br>**PLAINTIFF WAYNE BERRY'S REPLY MEMORANDUM TO DEFENDANT EMPLOYEES' MEMORANDUM IN OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION TO ALTER OR AMEND SECOND AMENDED JUDGMENT ENTERED ON MARCH 16, 2006 ENTERED IN DELAYED TIME FOR FILING OF AN APPEAL PENDING RESOLUTION OF MOTION FOR ATTORNEYS' FEES AND COSTS; CERTIFICATE OF SERVICE**<br><br>**HEARING**<br><br>Date:     June 5, 2006<br>Time:    9:45 a.m.<br>Judge:   Hon. Susan Oki Mollway |

**PLAINTIFF WAYNE BERRY'S REPLY MEMORANDUM
TO DEFENDANT EMPLOYEES'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION TO
ALTER OR AMEND SECOND AMENDED JUDGMENT ENTERED
ON MARCH 16, 2006 ENTERED IN DELAYED TIME FOR
FILING OF AN APPEAL PENDING RESOLUTION OF MOTION FOR
ATTORNEYS' FEES AND COSTS**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel, and hereby respectfully submits his Plaintiff Wayne Berry's Reply Memorandum to Defendant Employees's Memorandum in Opposition to Plaintiff Wayne Berry's Motion to Alter or Amend Second Amended Judgment Entered on March 16, 2006 Entered in Delayed Time for Filing of an Appeal Pending Resolution of Motion for Attorneys' Fees and Costs (the "Reply").

I. **DISCUSSION**.

    A.    **The Opposition Does Not Oppose the Relief Regarding The Appeal Date.**

As requested in the Motion, Mr. Berry had sought a delay of entry of an order establishing that the time for appeal would not begin to run until the Court had disposed of the attorneys' fees motions that are presently pending before it. There is no opposition to that relief sought in the Motion and Mr. Berry respectfully asks the Court to enter an order that will permit the delaying of the

2

appeal period as requested in the Motion.

### B. The Motion to Alter or Amend Is Justified Under the Circumstances.

Mr. Berry obtained summary judgment against certain Employee Defendants.[1] Mr. Berry simply seeks an amended judgment that reflects that Mr. Berry prevailed on his claim of infringement against these additional defendants. This Court has already given notice to the Copyright Office of the parties against whom Mr. Berry has sought to prove infringement. It makes no sense whatsoever to not inform the Copyright Registrar the parties against whom infringement has been established. Mr. Berry can see no logical argument presented by the opposition to deny him the relief sought in the Motion. It simply became another opportunity on the part of these Defendants to add to the list of *ad hominem* attacks on Mr. Berry and his counsel rather than addressing the issues that were addressed on the Motion.

### C. Any Claim That Mr. Berry Should Be Sanctioned or Fees Awarded Is Itself Sanctionable.

The constant din in this case that has been intended to deter Mr. Berry from

---

[1] The errata regarding Brian Christensen has been filed and should dispense of the issue related to Mr. Christensen. There was no relief sought in the Motion and Mr. Berry has corrected the text of the proposed amendment in accordance with the requested relief.

seeking to protect rights guaranteed him by federal law is hopefully nearing an end. Neither the employees nor the PCT objected to the delay of the appeal period so at least as to that request, the Motion was unopposed. As for the request to have the Motion list the adjudicated infringers, the employees cannot deny that these individuals, acting under Fleming's direction, were found infringers. If there is any harm to them caused by such a finding, then the employees should blame persons other than Mr. Berry who had the ability to protect these defendants but chose not to.

As to any basis for seeking an award regarding Mr. Christensen or any other matter related to this filing, Mr. Berry notes that purpose of Rule 11 is to avoid this type of request. The Declaration of Timothy J. Hogan filed in support of the Reply sets forth the circumstances related to Mr. Christensen's name being included in the Memorandum in Support. Mr. Berry notes that no mention of Mr. Christensen can be found in the Motion.

The attorney who signed the Opposition did not follow the rules of Civil Procedure that would have brought the inclusion of Mr. Christensen to counsel's attention avoiding the pages of invective that are the all too common tactic employed by the employees. If the Court is going to consider a sanction, it may be worth applying Rule 11 to the employee's attorney who has taken so much of

4

the Court's, not to mention opposing counsel's time on an issue a phone call or email could have fixed. This is because Rule 11 provides a mechanism to address issues of this type and avoid any filings. The Rule is not a suggestion, but a rule of practice in this and all federal courts. This however, assumes that the party alleging to seek to protect a client is not acting in bad faith as is clearly evident from this filing.

## II.     CONCLUSION.

Mr. Berry requests that the Motion be granted in all respects. Should the Court consider any of the request for sanctions contained in the Opposition, Mr. Berry requests that he be heard and permitted to make further record on this matter.

DATED: Honolulu, Hawaii, April 10, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN