399216v.1

KOBAYASHI, SUGITA & GODA
LEX R. SMITH          3485-0
THOMAS H. YEE        7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No. (808) 539-8700
Facsimile No.   (808) 539-8799
Email: lrs@ksglaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
Damian D. Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: mbaumann@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) ) ) | CIVIL NO. CV03-00385 SOM-LEK (Copyright) |
| Plaintiff, | ) ) ) ) | **DEFENDANT PCT'S MEMORANDUM IN OPPOSITION** |
| vs. | ) ) ) ) ) | **TO PLAINTIFF WAYNE BERRY'S MOTION FOR AWARD AND ATTORNEY'S FEES AND FULL** |
| HAWAIIAN EXPRESS SERVICE, (CAPTION CONTINUED) | ) ) ) ) | **COSTS; EXHIBITS "A" – "E";DECLARATION OF R.** |

INC., et al.,

               Defendants.

) **OLIVIA SAMAD; CERTIFICATE OF**
) **SERVICE**
)
) Judge.  Magistrate Leslie Kobayashi
) Trial Date:  February 28, 2006
) Judgment Entered:  March 9, 2006
) Hearing Date:  May 05, 2006
) Hearing Time:  9:30 a.m.

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .............................................................................1

II.   THE PCT, NOT BERRY, IS THE PREVAILING PARTY ..........................1

    A.    The PCT Prevailed on Numerous Significant Issues in the Case. ........1

    B.    The PCT is Entitled to Attorney's Fees as the Prevailing Party Due to
        Berry's Unreasonable Conduct and Frivolous Claims.........................4

III.  EVEN IF BERRY IS DETERMINED TO BE THE PREVAILING PARTY,
    ATTORNEYS FEES ARE NOT REASONABLE ........................................6

    A.    Attorney's Fees Are Not Mandatory....................................................6

    B.    Nominal Damages Do Not Justify Attorney's Fees and Costs ............6

    C.    Berry's Motion Should Be Denied Under The Ninth Circuit's
        Guidelines in *Fogerty*...........................................................................7

        1.    Degree of Success Obtained .......................................................7

        2.    Frivolousness ..............................................................................8

        3.    Motivation...................................................................................8

        4.    Objective Unreasonableness of Factual and Legal Arguments ..8

    D.    Defendant's Status as an Innocent Infringer Weighs Against An
        Award of Attorney's Fees ...................................................................10

    E.    Plaintiff's Nominal Award of Damages from the Jury Requires
        Limited Recovery ...............................................................................10

    F.    Costs Associated With Plaintiff's Non-Copyright Claims Are Not
        Recoverable ........................................................................................13

    G.    Berry Failed to Adequately Reduce His Claim for Fees Based On the
        Cases Against Him That Were Dismissed ..........................................14

    H.    This Court Has the Burden of Ensuring that the Fees and Costs
        Awarded Are Appropriate ..................................................................17

IV.   Berry's Motion for Attorneys Fees Failed to Adequately Meet the
Requirements of Hawaii Local Rule 54.3 for a Motion for Attorney's Fees
and Related Non-taxable expenses ...............................................................17

     A.   Berry's Memorandum in Support of Fees did not Describe All of the
Claims on Which He did not Prevail...................................................17

V.   Conclusion ....................................................................................................18

## TABLE OF AUTHORITIES

**Page**

<u>**Cases**</u>

<u>Arclightz & Films Pvt. Ltd. v. Video Palace, Inc.</u>,
  303 F.Supp.2d 356 (S.D.N.Y. 2003) ...................................................... 11, 12

<u>Boz Scaggs Music v. KND Corp.</u>,
  491 F.Supp. 908 (D. Conn. 1980) ...................................................................10

<u>Broadcast Music, Inc. v. Niro's Palace, Inc.</u>,
  619 F.Supp. 958 (N.D. Ill. 1985)....................................................................10

<u>Dolori Fabrics, Inc. v. The Limited, Inc.</u>,
  662 F.Supp. 1347 (S.D.N.Y. 1987) .................................................................10

<u>Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.</u>,
  122 F.3d 1211 (9th Cir. 1997) .........................................................................14

<u>Fantasy, Inc. v. Fogerty</u>,
  94 F.3d 553 (9th Cir. 1996) ............................................................................1, 7

<u>Farrar v. Hobby</u>,
  506 U.S. 103 (1992)........................................................................................6, 7

<u>Fireman's Fund Ins. Co. v. Tropical Shipping and Constr. Co.</u>,
  254 F.3d 987 (11th Cir. 2001) ........................................................................3, 4

<u>Florentine Art Studio, Inc. v. Vedet K. Corp.</u>,
  891 F.Supp 532 (C.D. Cal. 1995).......................................................................2

<u>Fogerty v. Fantasy, Inc.</u>,
  510 U.S. 517 (1994).................................................................................... 1, 7, 9

<u>Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.</u>,
  886 F.2d 1545 (9th Cir. 1989) .........................................................................14

<u>Gracie v. Gracie</u>,
  217 F.3d 1060 (9th Cir. 2000) .........................................................................13

<u>Hensley v. Eckerhart</u>,
  461 U.S. 424 (1983)..........................................................................................11

<u>Lauratex Textile Corp.v. Alton Knitting Mills Inc.</u>,
  517 F.Supp. 900 (S.D.N.Y. 1981) ...................................................................10

<u>Maljack Productions, Inc. v. Goodtimes Home Video.</u>,
  81 F.3d 881 (9th Cir. 1996) .............................................................................16

<u>Marshall & Swift v. BS & A Software</u>,
  871 F.Supp. 952 (W.D. Mich. 1994) ...............................................................11

Symantec Corporation v. CD Micro,
    No. 02-406-KI(L), 2005 WL 1972563 (D. Or. Aug. 12, 2005) ...................13

Texas State Teachers Ass'n v. Garland Indep. School Dist.,
    489 U.S. 782 (1989)................................................................................2, 3

The Traditional Cat Ass'n, Inc. v. Gilbreath,
    340 F.3d 829 (9th Cir. 2003) ................................................................ 12, 13

Transgo, Inc. v. AJAC Transmission Parts Corp.,
    768 F.2d 1001 (9th Cir. 1985) ........................................................ 10, 11, 14

Warner Bros., Inc. v. Dae Rim Trading, Inc.,
    677 F.Supp. 740 (S.D.N.Y. 1988) ...............................................................4

Warner Bros., Inc. v. Dae Rim Trading, Inc.,
    877 F.2d 1120 (2d Cir. 1989) .......................................................................2

Whelan Associates, Inc. v. Jaslow Dental Lab.,
    609 F.Supp. 1325, 1330 (E.D. Pa. 1985)......................................................6

## Statutes

15 U.S.C. §  15 ................................................................................ passim

17 U.S.C. § 504 ..............................................................................................1, 8

18 U.S.C. § 1962 ..................................................................................... passim

42 U.S.C. § 1988 .................................................................................... 2, 3, 6

Haw. Rev. Stat. § 482 .....................................................................................5

## Rules

Fed. R. Civ. P. 54 ...........................................................................................4

Hawaii Local Rule 54.3 ......................................................................... 1, 17, 18

## I.    INTRODUCTION

In ruling on motions for attorney's fees in copyright cases, courts treat prevailing plaintiffs and prevailing defendants alike, and award fees as a matter of wide discretion.  *Fogerty v. Fantasy*, *Inc.*, 510 U.S. 517, 532 (1994).  In the Ninth Circuit the primary factors for consideration are:  (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 557 (9th Cir. 1996).

Applying these factors, the Court should deny Berry's motion for attorney's fees because the PCT, not Berry, is the prevailing party.  Moreover, Berry's claims for fees are not reasonable and he failed to meet the requirements of Hawaii Local Rule 54.3 in his motion for attorney's fees.

## II.    THE PCT, NOT BERRY, IS THE PREVAILING PARTY

### A.    The PCT Prevailed on Numerous Significant Issues in the Case.

In evaluating this motion and the related fee applications pending on the Court's docket it is critical that the Court remember that the PCT need not "win" outright to be considered a "prevailing party" for purposes of awarding fees and costs.  In the Ninth Circuit, a prevailing party under the Copyright Act  is one who "succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing the suit."  *Florentine Art Studio, Inc. v. Vedet K.*

*Corp.*, 891 F.Supp 532, 541 (C.D. Cal. 1995) (quoting *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989)).  In *Florentine,* the court found that the defendants, who had prevailed on seven of nine infringement claims were the prevailing parties and were entitled to attorney's fees.  On the remaining claims, the defendants were judged innocent infringers, and were awarded minimum damages.  *Id.* at 541.

Similarly, in this case, the PCT succeeded in having half of Berry's claims covering more than half of the applicable window of time dismissed on summary judgment.  Also, the PCT was judged to be an innocent infringer of Berry's software.  Finally, though Berry sought over $200 million dollars in damages, the jury awarded Berry only $57,534.  All of this illustrates that the PCT's defense of its claims against Berry were successful.  Therefore, the PCT should be deemed the prevailing party under the Copyright Act.

Berry cited *Texas State Teachers Ass'n v. Garland Indep. School Dist.* as evidence that a judgment of damages, even if purely nominal, is sufficient to establish that the plaintiff is the prevailing party.  *Texas State Teachers Ass'n v. Garland Indep. School Dist.,* 489 U.S. 782, 783 (1989).  But, *Texas State Teachers* was a civil rights case brought under 42 U.S.C. § 1988.  Assuming, however, that the holding is applicable to a case concerning attorney's fees under the Copyright Act, *Texas State Teachers* explicitly states that a *de minimis* success is not a guarantee of status as a prevailing party in a case.  *Id.* at 792. The Supreme Court

2

held that to be classified a prevailing party under § 1988, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.* at 792. But, the court explained further, some technical or *de minimis* victories are too insignificant to uphold that party's status as prevailing. *Id.* at 792. The facts of this case clearly demonstrate that the jury verdict for Berry in the amount of $57,534, as compared to the damages he sought, is a *de minimis* victory. Berry's small jury verdict, in comparison to the $400,000 in settlement that he failed to accept and the failure of a majority of his case in summary judgment, is evidence that the PCT is the prevailing party, even under *Texas State Teachers*.

Additionally, Berry, in his motion for fees, claims that he is the prevailing party because he "has obtained both an enforceable judgment on the merits and a stipulated injunction/consent decree regarding he[sic] HEX defendants." *See* Plaintiff Wayne Berry's Memorandum of Law in Support of Motion for Attorney's Fees and Full Costs, Docket No. 858, Filed March 15, 2006, at 15. The injunction related to HEX is not applicable to this matter because HEX was not a party at trial. Therefore, that injunction should have no bearing on the court's determination of whether Berry is the prevailing party in this matter.

Finally, Berry's reference to *Fireman's Fund Ins. Co. v. Tropical Shipping and Constr. Co.,* 254 F.3d 987, 1012 (11th Cir. 2001) in support of his assertion that he is the prevailing party in this case is inappropriate, as the Eleventh Circuit's

holding that "a party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all claims" was restricted to the court's discussion of a motion for costs under Fed. R. Civ. P. 54(d).  *Fireman's Fund Ins. Co. v. Tropical Shipping and Constr. Co.*

. Attorney's fees in that case were based upon a Florida Insurance statute.  The court held against an award of fees in the case.  Therefore, *Fireman's Fund*, which could only have been considered persuasive authority, is *not* applicable to this matter.

### B.    The PCT is Entitled to Attorney's Fees as the Prevailing Party Due to Berry's Unreasonable Conduct and Frivolous Claims

When a plaintiff's case is judged to be brought on baseless, frivolous, or unreasonable claims, or brought in bad faith, a prevailing defendant can be awarded attorney's fees.  *Warner Bros., Inc. v. Dae Rim Trading, Inc.,* 677 F.Supp. 740, 773 (S.D.N.Y. 1988).  In *Warner Brothers*, the court found that the plaintiff's claim was "unreasonable and that Warner continued to litigate it after it clearly became unreasonable." *Id.* at 773.  Though the court did not find that the plaintiff acted in bad faith in bringing the claim, the court did find that the plaintiff's conduct was "vexatious, was for oppressive reasons and was unreasonable."  *Id*. at 773.  In the case, the district court found that the defendant's infringement was committed innocently.  Though the court issued an injunction against the defendant to prevent further infringement of the plaintiff's copyright and issued a judgment

in favor of the plaintiff for 100 dollars, the court still determined that the defendant was the prevailing party for the purposes of awarding attorney's fees.  The court also weighed the fact that the plaintiff had turned down settlement offers in its decision to award fees to the defendant.

In this case, Berry repeatedly brought baseless claims against the PCT. Despite being offered a $400,000 settlement during the summer of 2004, Ex. A,[1] Berry preferred to continue to drag all the parties through two more years of litigation to trial, where he only recovered $57,534.  In refusing the settlement, Berry clearly "continued to litigate after it became unreasonable."  Berry's unreasonable and groundless RICO (18 U.S.C. § 1962), Sherman Act (15 U.S.C. § 15), conspiracy to infringe and violation of trade secret claims (Haw. Rev. Stat. § 482B-5) against the PCT and the other parties were all thrown out on summary judgment.  Finally, the court ruled that the PCT was not a willful infringer of the Berry software at any time.  Berry's behavior was the kind of "vexatious, oppressive and unreasonable" conduct that should allow an award of attorney's fees for the PCT, not Berry.

---

[1] All exhibits are attached to the concurrently-filed supporting Declaration of R. Olivia Samad.

## III.    EVEN IF BERRY IS DETERMINED TO BE THE PREVAILING PARTY, ATTORNEYS FEES ARE NOT REASONABLE

### A.    Attorney's Fees Are Not Mandatory

A plaintiff's designation as a prevailing party does not automatically entitle him to attorney's fees. *Whelan Associates, Inc. v. Jaslow Dental Lab.*, 609 F.Supp. 1325, 1330 (E.D. Pa. 1985) ("Congress has permitted the courts, in their discretion, to award counsel fees to the prevailing party, but this does not mean that such should routinely be granted.")

### B.    Nominal Damages Do Not Justify Attorney's Fees and Costs

In *Farrar v. Hobby*, 506 U.S. 103, 114 (1992), another case cited by Berry, the Supreme Court held that though a party can be named the prevailing party with as little as winning nominal damages, the designation alone is *not* enough to automatically support an award of attorney's fees under 42 U.S.C. § 1988.  . In *Farrar*, the plaintiff, who sought an award of 17 million dollars, was only awarded one dollar.  The court upheld the decision *not* to award attorney's fees to the plaintiff, even though he was technically the prevailing party.  The court held "when a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief… the only reasonable fee is usually no fee at all." *Id.* at 116.  In her concurrence, Justice O'Connor noted "[i]n the context of this litigation, the technical or *de minimis* nature of Joseph Farrar's victory is readily apparent: he asked for a bundle and got a pittance.

6

While we hold today that this pittance is enough to render him a prevailing party…
it does not by itself prevent his victory from being purely technical." *Id.* at 120.

Berry truly met Justice O'Connor's description of "asking for a bundle and
getting a pittance." The small jury verdict that that resulted from his request for
upwards of $200 million dollars in damages is clear evidence of a pittance. Even if
Berry is deemed the prevailing party, he is certainly not entitled to recover
attorney's fees under *Farrar*.

### C. Berry's Motion Should Be Denied Under The Ninth Circuit's Guidelines in *Fogerty*

As discussed *supra*, the factors that the Ninth Circuit has identified to help
determine the appropriateness of attorney's fees include (1) the degree of success
obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of
the losing party's factual and legal arguments; and (5) the need, in particular
circumstances, to advance considerations of compensation and deterrence.
*Fantasy, Inc.,* 94 F.3d at 557.

### 1. Degree of Success Obtained

Berry did not succeed in this trial. Two of his four claims against the PCT
were dismissed on summary judgment. On the two remaining claims, the jury
found that the PCT made no profits as a result of any direct infringement of the
Berry software by the PCT. The jury capped actual damages at $57,534, a far cry
from the $213 million that Berry claimed he was entitled to, an amount seven times

smaller than the $400,000 the PCT offered in settlement earlier in the case. Berry clearly did not achieve any appreciable degree of success in this trial.

### 2.     Frivolousness

Berry's claims alleging violations of RICO, the Sherman Act, Conspiracy to Infringe and Misappropriation of Trade Secrets against the PCT and the other parties were all dismissed for failure to establish triable issues of fact. *See* Ex. B. Those groundless claims, along with the numerous meritless motions filed throughout the litigation demonstrate the frivolous nature of the case.

### 3.     Motivation

Given the exponential growth of Berry's claims of damages from $35 to $213 million dollars throughout the case, it is clear that his motivation in the case was to secure a large verdict. However, under 17 U.S.C. § 504(b) of the Copyright Act (which Berry delayed electing until the eve of the jury verdict), a plaintiff can only recover the actual damages suffered by him and any profits of the infringer that are attributable to the infringement. The jury found that any infringement by the PCT was unintentional, and that Berry was only entitled to $57,534 in damages. The court found that the PCT did not profit at all from the alleged infringement, and determined *before trial* that any infringement by the PCT was unintentional. Yet Berry continued to litigate the case, with greed as his motivating factor.

### 4.     Objective Unreasonableness of Factual and Legal

**Arguments**

Berry's insistence that he was entitled to millions of dollars in damages was completely and objectively unreasonable in this case. Given the extent of Berry's frivolous claims, an award of fees to him would not meet the goals of compensation and deterrence. Berry awarded the PCT a license to use the software. The court found that any infringement was unintentional. Therefore, there is no public interest in awarding compensation. And because the original license gave the PCT permission to use the software, no behavior needs to be deterred.

Finally, Berry continues to claim, contrary to the findings of the jury, that Fleming made a profit of $55,000,000 as a result of the infringement. Berry wrote in his memorandum for attorney's fees, "during [the disputed] period Fleming's Hawaii division was able to create over $55 million in gross revenues." *See* Berry's Memo in Support of Motion for Award of Attorney's Fees at 17. On the contrary, the special verdict form stated that the jury found that Fleming profited a total of zero dollars as a result of infringement of the copyright. *See* Ex. C. He also continues to claim that the PCT put on no evidence of cost of goods notwithstanding testimony from Andrew Chun (Fleming's former Controller) and Jeff Kinrich (the PCT's damages expert) establishing that very point. If anyone's behavior needs to be deterred, it is Berry's. As a whole, the balance of the factors weigh against awarding Berry attorney's fees under *Fogerty*.

**D.    Defendant's Status as an Innocent Infringer Weighs Against An Award of Attorney's Fees**

A defendant who is found to have innocently infringed upon a copyright should be regarded differently from a willful infringer in the decision of whether to award attorneys fees.  In *Boz Scaggs Music*, a case cited by Berry, the court held that one consideration "that might justify the denial of fees" was "the defendant's status as innocent, rather than willful or knowing, infringers."  *Boz Scaggs Music v. KND Corp., 491 F.Supp.* 908, 915 (D. Conn. 1980).  In *Dolori Fabrics, Inc. v. The Limited, Inc*., the court awarded attorney's fees against the defendant who was a deliberate infringer, but not against the defendant whose infringement as unintentional.  *Dolori Fabrics, Inc. v. The Limited, Inc*., 662 F.Supp. 1347, 1357 (S.D.N.Y. 1987).  In this case, the court has specifically found that any infringement by the PCT was innocent, rather than willful.  Therefore, the other cases Berry cites where the defendant was required to pay fees and costs because the court found him to be a willful infringer of the copyright are inapplicable.  *See Broadcast Music*, *Inc. v. Niro's Palace, Inc.*, 619 F.Supp. 958, 963 (N.D. Ill. 1985), *Lauratex Textile Corp.v. Alton Knitting Mills Inc.*, 517 F.Supp. 900, 904 (S.D.N.Y. 1981).  The PCT was an innocent infringer, and should not be required to pay fees.

**E.    Plaintiff's Nominal Award of Damages from the Jury Requires Limited Recovery**

In the Ninth Circuit, the degree of a plaintiff's success in a case is an

important factor in determining the amount of fees and costs that can be recovered, if any.  In *Transgo, Inc. v. AJAC Transmission Parts Corp.*, the Ninth Circuit upheld the district court's decision to award attorney's fees to the plaintiff in a copyright case because it found that the defendant had acted in bad faith.  *Transgo, Inc. v. AJAC Transmission Parts Corp.*, 768 F.2d 1001, 1028 (9th Cir. 1985). Unlike in the present case, the *Transgo* court rejected the defendant's assertion that they were innocent infringers.  Yet, the court, when discussing the fees, held that "the extent of the plaintiff's success is a crucial factor in determining the proper amount." *Id.* at 1027

(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983), where the court held "[w]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the result obtained.").

The facts of this case show that Berry's recovery of $57,534 was far below his estimates of damages in the hundreds of millions. His request for fees should be adjusted downward accordingly. *See also Marshall & Swift v. BS & A Software*, 871 F.Supp. 952, 965 (W.D. Mich. 1994) (holding that because the court awarded the plaintiff one tenth of the damages it requested, the court reduced the award of attorney's fees by one third).

Berry cited *Arclightz & Films Pvt. Ltd. v. Video Palace, Inc.*, a district court case from the Southern District of New York, as evidence of a case where a court allowed fees even though the ratio of fees to damages awarded was approximately one half of one percent. *Arclightz & Films Pvt. Ltd. v. Video Palace, Inc.,* 303 F.Supp.2d 356, 357 (S.D.N.Y. 2003). But, the plaintiff in the case was awarded statutory damages by the court, not a jury verdict. Additionally, the court took under consideration the fact that it was awarding attorney's fees when it set the statutory damages award. "In this case, the deterrence goal of the statutory damages provision will be amply served by requiring Video Palace [the defendant] to pay plaintiff's reasonable attorney's fees and costs, in addition to a small amount of statutory damages." *Id.* at 363. However, unlike in this case, in *Arclightz,* the plaintiff was the clear prevailing party, as the defendant conceded

12

liability for infringing the copyright.  Also, the court ruled in *Arclightz* that the infringement was *willful*.  The jury in this case did not have to consider deterrence as a factor because the PCT had already been judged an innocent infringer. Therefore, the *Arclightz* holding is not applicable to the facts of this case.

### F.    Costs Associated With Plaintiff's Non-Copyright Claims Are Not Recoverable

Berry made no legitimate attempt to segregate his fees and costs related to his unsuccessful claims of violation of RICO, conspiracy to infringe, Sherman Act and trade secret claims from the infringement of copyright claims that went to trial. To the extent that the dismissed claims are unrelated to the copyright claims, costs associated with them cannot be recovered.  In *The Traditional Cat Ass'n, Inc. v. Gilbreath*, the Ninth Circuit held that if the district court finds that claims are unrelated "the [party requesting fees] cannot recover fees for the non-copyright claims, but the district court must attempt to arrive at a fair apportionment and then calculate a reasonable fee award."  *The Traditional Cat Ass'n, Inc. v. Gilbreath,* 340 F.3d 829, 834 (9th Cir. 2003).  Berry's fees and costs related to the RICO, Sherman Act, conspiracy to infringe and trade secret claims cannot be recovered from the PCT because they can be separated from the copyright claims that went to trial.

Even if a case involves copyright and non-copyright claims and it is impossible to differentiate between the two, the court must make an attempt to

adjust the fee award unless the "adjustment would be meaningless." *Symantec Corp. v. CD Micro,* No. 02-406-KI(L), 2005 WL 1972563 at *1 (D. Or. Aug. 12, 2005).   In *Gracie v. Gracie*, the Ninth Circuit remanded the case to the district court on the issue of the reasonableness of the attorney's fees.  *Gracie v. Gracie,* 217 F.3d 1060, 1072 (9th Cir. 2000).  The plaintiff had originally requested and had been awarded fees that included fees for legal work that was not related to his Lanham Act claims and on Lanham Act claims where he did not prevail.  *Id.* at 1069.  The court held that "as a general matter, a prevailing party in a case involving Lanham Act and non-Lanham Act claims can recover attorney's fees only for work related to the Lanham Act claims."  *Id.* at 1069.

### G.    Berry Failed to Adequately Reduce His Claim for Fees Based On the Cases Against Him That Were Dismissed

The plaintiff has the burden of proving that all costs and fees are related to the copyright infringement claim.  "Plaintiff's bear the burden of showing the time spent and that is was reasonably necessary to the successful prosecution of their copyright claims." *Frank Music Corp. v.  Metro-Goldwyn-Mayer Inc*., 886 F.2d 1545, 1557 (9th Cir. 1989).  In the case, the Ninth Circuit vacated the district' courts award of attorney's fees because the plaintiffs failed to make specific findings regarding the rates and hours performed that were related to the case.  Specifically, the plaintiff failed to show time records, and only prevailed on one of three claims for which he requested fees and costs.  *Id.* at 1558.

14

The Ninth Circuit in *Transgo* noted with approval that the district court reduced the fees by claims it found frivolous and those separate from claims that were successful at trial. "Most importantly, the district court expressly excluded from its calculations hours worked on a matter which the court considered to be frivolous. This exclusion provides a clear indication that the court properly exercised its discretion and understood its obligations to exclude those hours worked on separate and distinct contentions unrelated to the successful claims." *Transgo*, 768 F.2d at 1027..

In *Entertainment Research Group*, *Inc. v. Genesis Creative Group, Inc.* , the Ninth Circuit held that the district court had abused its discretion when it accepted a party's estimate of the time spent on one of two claims related in a case without providing detailed records. *Entertainment Research Group*, *Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1231 (9th Cir. 1997). In the case, the plaintiff failed to divide his attorney's fees between the two causes of action based on copyright from the other of his twelve causes of action. "Accordingly, under the rule requiring segregation of attorney's fees, the district court should not have awarded Genesis any attorney's fees incurred in doing work on these other claims." *Id.* at 1230.

Similarly, in this case, Berry has submitted billing records without attempting to segregate the costs related to the claims that were deliberated by the jury. Instead, Berry made a general statement that "to insure that no charges

related to the above claims [C&S, HTC, Guidance and Foodland] are included, Mr. Berry has reduced is fee request by mor [sic] $100,000." *See* Plaintiff Wayne Berry's Memorandum of Law in Support of Motion for Attorney's Fees and Full Costs at 11.  Berry offered no supporting documentation to indicate precisely which claims totaled 100,000.  Additionally, Berry made no attempt to similarly reduce the costs associated with the dismissed claims.  The bills Berry submitted for copying and expert fees likewise make no differentiation between the matters.

Berry also has failed to sufficiently separate expenses related to his claims against the PCT that were dismissed on summary judgment from the claims that went to trial.   In *Arclightz*, the court noted "Because this Court entered summary judgment for the Cinram defendants on June 2, 2003, plaintiffs are not entitled to fees incurred in pursuing the action against those defendants." *Arclightz*, 303 F.Supp.2d at 364.  Similarly in this case, Berry is not entitled to recover fees from the PCT for work related to the other defendants who prevailed on summary judgment.

An application for attorney's fees "must be supported by contemporaneous time records that specify, by attorney, the date, the hours expended, and the nature of the work done." *Id.* at 364.  The time records submitted by Berry do not distinguish between work done in preparation for the two issues that are litigated, and other issues on claims that were dismissed on summary judgment.  Given that there is no segregation of the claims, the descriptions of the "nature of the work

16

done" in many cases are not specific enough to show what matter is being discussed. Exhibit D is a chart that consists of examples of the various entries from Mr. Hogan's time records that are not related to this case. This non-exhaustive list does not include other entries that are impossible to classify given the lack of specificity about what matter Mr. Hogan was working on. Exhibit E is a chart of examples of questionable expert fees that further illustrates Berry's failure to separate those claims that were ruled on summary judgment from those that proceeded to trial.

### H. This Court Has the Burden of Ensuring that the Fees and Costs Awarded Are Appropriate

The court must report an explanation for the fees and costs a court awards. A court must review a party's records and must not adopt a party's requested fees without an explanation. *Maljack Productions, Inc. v. Goodtimes Home Video*., 81 F.3d 881, 890 (9th Cir. 1996). Berry's failure to provide the Court with material to fulfill its obligation is grounds for denying his request.

### IV. Berry's Motion for Attorneys Fees Failed to Adequately Meet the Requirements of Hawaii Local Rule 54.3 for a Motion for Attorney's Fees and Related Non-taxable expenses

### A. Berry's Memorandum in Support of Fees did not Describe All of the Claims on Which He did not Prevail

In Hawaii, Local Rule 54.3 requires that motions for attorney's fees include, among other things, a description of the claims upon which the moving party did not prevail. Hawaii Local Rule 54.3. In his motion, Berry failed to include the

fact that in addition to the Sherman Act and RICO claims against the PCT, his claims of conspiracy to infringe and misappropriation of trade secrets were also dismissed on summary judgment. Berry further failed to include an accounting of costs that were related to those dismissed claims in his estimate of time spent on claims on which he did not prevail. In fact, his summary failed to include an accounting for the time spent on the Sherman Act and RICO claims. Berry claims that $39,380 was spent on claims on which he did not prevail, claims against Foodland, HTC, Guidance and C&S. Yet that estimate did not include the costs related to the PCT claims that were also dismissed on summary judgment and should rightfully be excluded from the PCT's costs in this matter. Therefore, it is clear that Berry did not meet the requirements of Rule 54.3.

## V.    Conclusion

For all of the aforementioned reasons, the PCT respectfully urges the Court to deny Berry's motion for attorney's fees. In the first instance, Berry did not prevail. The PCT prevailed, for reasons discussed above and in more detail in the PCT's own papers requesting fees and costs. Moreover, and in the alternative,

even if Berry can in some sense be said to have prevailed the Court should not

award him any fees or costs.

Dated:  Honolulu, Hawaii, April 12, 2006

/s/ *Thomas H. Yee*_____
KOBAYASHI, SUGITA & GODA
Lex R. Smith (659-0)
Thomas H. Yee (7344-0)
Suite 2600 First Hawaiian Center
999 Bishop Street
Honolulu, HI  96813
Telephone:    (808) 539-8700
Facsimile:    (808) 539-8799

   and

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
Damian D. Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500
Co-Counsel for the Post Confirmation Trust for
Fleming Companies, Inc.