# EXHIBIT B

Case 1:03-cv-00385-DAE-LEK    Document 935-3    Filed 04/12/2006    Page 1 of 6

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 2 7 2005

at 10 o'clock and 47 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ) ) | ORDER GRANTING IN PART, DENYING IN PART BERRY'S |
| vs. | ) ) | MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING C&S LOGISTICS |
| HAWAII EXPRESS SERVICE, INC., a California corporation; et al. | ) ) ) ) | OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITION, LLC, ES3, LLC, AND RICHARD COHEN'S MOTION |
| Defendants. | ) ) ) ) ) ) ) ) | FOR SUMMARY JUDGMENT; ORDER GRANTING GUIDANCE SOFTWARE, INC., AND MICHAEL GURZI'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING IN PART, DENYING IN PART REMAINING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

ORDER GRANTING IN PART, DENYING IN PART BERRY'S MOTION FOR
SUMMARY JUDGMENT; ORDER GRANTING C&S LOGISTICS OF HAWAII, LLC,
C&S WHOLESALE GROCERS, INC., C&S ACQUISITION, LLC, ES3, LLC, AND
RICHARD COHEN'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING
GUIDANCE SOFTWARE, INC., AND MICHAEL GURZI'S MOTION FOR SUMMARY
JUDGMENT; ORDER GRANTING IN PART, DENYING IN PART REMAINING
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

I.     INTRODUCTION.

Plaintiff Wayne Berry is suing multiple defendants for copyright infringement and related matters. This court has previously ruled on several motions in this case. In this latest round of what seems to this court to be a never ending stream of motions, Berry moves for summary judgment against all remaining Defendants. Defendant Post Confirmation Trust ("PCT")[1]; Defendants C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers,

---

[1] PCT represents the interests of Defendant Fleming Companies, Inc. ("Fleming"), during Fleming's bankruptcy.

Inc., C&S Acquisitions, LLC, ES3, LLC, and Richard Cohen (collectively, "C&S"); Defendants Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio (collectively, "Employees"); and Defendants Guidance Software, Inc., and Michael Gurzi (collectively, "Guidance") have filed counter-motions for summary judgment.[2] The court grants Berry's motion for summary judgment with respect to alleged direct infringement by Employees and Fleming between the dates of March 7, 2003, and June 9, 2003, through the use of an altered version of FCS. The court denies Berry's motion with respect to all other claims.

The court denies the counter-motions for summary judgment of Employees and Fleming with respect to liability on the part of Employees and Fleming for direct infringement between the dates of March 7, 2003, and June 9, 2003. The court also denies Fleming's motion for summary judgment on the vicarious infringement claim. The court grants the counter-motions for summary judgment of Employees and Fleming in all other respects.

---

[2] Berry's original Complaint also asserted claims against Foodland Super Market, Ltd., Hawaii Transfer Company, Hawaiian Express Service, Inc., H.E.S. Transportation Services, Inc., California Pacific Consolidators, Inc., Jeffrey P. Graham, Peter Schaul, and Patrick Hirayama, and AlixPartners, LLC. In prior orders, this court granted summary judgment to Defendants Foodland, Hawaii Transfer Company, Brian Christensen, and AlixPartners, LLC. Berry has settled his claims with Defendants Hawaiian Express Service, Inc., H.E.S. Transportation Services, Inc., California Pacific Consolidators, Inc., Jeffrey P. Graham, Peter Schaul, and Patrick Hirayama.

The court grants all other Defendants' counter-motions for summary judgment.

II.   BACKGROUND.

The facts of this case were set forth in orders by this court filed October 8, 2004, January 26, 2005, and April 12, 2005. The court incorporates by reference the "BACKGROUND" section of those orders.

III.   STANDARD OF REVIEW.

Summary judgment shall be granted when

> the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party who fails to demonstrate facts to establish what will be an essential element at trial. Id. at 322. The burden initially lies with the moving party to identify for the court "the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)

3

Berry sets forth Fleming's profits in the expert report of Thomas Ueno, C.P.A. See Ex. I to Hogan Decl. Ueno's report calculates an "unpaid license fee" of $1772 per container shipped, based on Fleming's payments to API and Ueno's estimate of Fleming's gross profits. See id. at 6. Ueno, however, says nothing about any connection between these claimed profits and any infringement. As noted throughout this order, the only infringement that Berry has proven occurred through Fleming's and Employees' use of a slightly altered version of FCS during a three-month period. Berry provides no evidence that the profits he seeks are attributable to this limited direct infringement.

While the court therefore considered whether it could, on the present motions, rule on the issue of actual damages relating to direct infringement, the court has decided to allow the parties to conduct further discovery as to damage issues and then to brief those issues fully. This further discovery may include discovery on any direct benefit to Fleming with respect to alleged vicarious infringement.

V.   CONCLUSION.

Berry's motion for summary judgment is granted with respect to liability on the part of Fleming and Employees for direct infringement between March 7, 2003 and June 9, 2003, in the form of use of an altered version of FCS. The court leaves for future proceedings the issue of damages for this direct

39

infringement and the issue of any direct benefit to Fleming for alleged vicarious infringement. Motions for summary judgment on damages or on Fleming's alleged vicarious infringement may be filed on or before the dispositive motions cutoff. Berry's motion for summary judgment is denied in all other respects.

Employees' motion for summary judgment is denied with respect to liability for direct infringement between March 7, 2003, and June 9, 2003, and for vicarious infringement. Employees' motion for summary judgment is granted in all other respects.

Fleming's motion for summary judgment is denied with respect to liability for direct infringement between March 7, 2003, and June 9, 2003, and with respect to vicarious infringement. Fleming's motion for summary judgment is granted in all other respects.

All other Defendants' motions for summary judgment are granted. The tentatively reserved hearing date of August 9, 2005, is vacated with respect to Guidance and Gurzi.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 27, 2005.

SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

Berry v. Hawaiian Express Service, Inc., et al., Civ. No. 03-00385 SOM/LEK, ORDER GRANTING IN PART, DENYING IN PART BERRY'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITION, LLC, ES3, LLC, AND RICHARD COHEN'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING GUIDANCE SOFTWARE, INC., AND MICHAEL GURZI'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING IN PART, DENYING IN PART REMAINING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT.