LYLE S. HOSODA & ASSOCIATES, LLC

LYLE S. HOSODA         3964-0
RAINA P.B. MEAD        7329-0
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

Attorneys for Defendants
BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA,
MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO,
ALFREDDA WAIOLAMA, and JACQUELINE RIO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, | CIVIL NO. CV03-00385 SOM-LEK (Copyright) |
| Plaintiff, | |
| v. | DEFENDANTS BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA, AND JACQUELINE RIO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION FOR AWARD OF ATTORNEY'S FEES AND FULL COSTS, FILED ON MARCH 15, 2006; CERTIFICATE OF SERVICE |
| HAWAIIAN EXPRESS SERVICE, INC., a California, et al. | |
| | Mon-Hearing Motion |
| | Magistrate:   Hon. Leslie E. Kobayashi |

**DEFENDANTS BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA,
MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA,
AND JACQUELINE RIO'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF WAYNE BERRY'S MOTION FOR AWARD OF ATTORNEY'S FEES
AND FULL COSTS, FILED ON MARCH 15, 2006**

I.  **INTRODUCTION**

After nearly a year after his initial complaint was filed herein, the Plaintiff was given leave to attempt to clean up his claims and allegations.  Leaving behind the allegations referring to Al-Quaida, cigarette smuggling and ties to the wrongdoing of a former Bishop Estate Trustee, Plaintiff's Second Amended Verified Complaint ("SAVC") was reduced down to seven counts: 1) Direct Infringement; 2) Contributory and Vicarious Infringement; 3) Conspiracy to Infringe; 4) Misappropriation of Trade Secrets; 5) Violation of the Sherman Anti-Trust Action; 6) RICO; and 7) Injunctive Relief against a total of twenty-eight individual and entity defendants.  Plaintiff claimed he was entitled to hundreds of millions of dollars for the infringement of his copyrighted Freight Control System ("FCS") from the time that he created and licensed it until the time when the defendants all stopped using his database (Plaintiff has always argued and continues to argue that the defendants continue to use either his database or an unauthorized derivative).

By the time that trial in this case commenced, twenty of the twenty-eight defendants had been completely absolved of any liability for any of the seven counts, having been dismissed by way of summary judgment or settlement.  *See* Order (Jan. 26, 2005); Order (Jun. 17, 2005); Order (Jun. 27, 2005).  The Employees represented seven of the eight remaining defendants.

They moved for summary judgment three times. With each motion, the facts and allegations remaining for trial were narrowed significantly. *Id.; see also* Order (Oct. 21, 2005).

Fleming and the Employees successfully defended three attempts by Plaintiff for an injunction. Six out of seven of the counts against the Employees were defeated by way of summary judgment. And, the time frame for any damage consideration was significantly reduced from the beginning of creation until the end of time, to a narrow and limited seventy day period between April 1, 2003 to June 9, 2003.

At trial, after all of the evidence was heard and considered, the jury placed zeros next to five of the Employees, and the nominal sum of two dollars ($2.00) next to the two remaining Employees. *See* Special Verdict Form (Mar. 7, 2006). This was the jury's award following four full days of trial at the conclusion of which Plaintiff asked the jury for an award of nearly $60 million.

Thus, in the win-loss column whether the counting is done by parties or claims eliminated, or dollars asked for versus dollars awarded, Plaintiff was annihilated. In light of this track record, Plaintiff's motion for attorney's fees and costs must be denied.

II.  **THE EMPLOYEES, NOT PLAINTIFF, ARE THE PREVAILING PARTY**

Brian Christensen is a prevailing party where he successfully obtained summary judgment on all counts of Plaintff's SAVC.  *See* Order (Jan. 26, 2005) at 32, 37-42.

The remaining employees are also a prevailing party in this case where their liability was inadvertent, not willful and the amount of damages Plaintiff ultimately obtained against only two of the seven employees was a mere $4.  In *Florentine Art Studio, Inc. v. Vedet K. Corp.*, 891 F.Supp. 532 (C.D.Cal. 1995), the court found the defendants were prevailing parties in a copyright suit.  The defendants prevailed on seven of the nine infringement counts, were found to be innocent infringers on the remaining two, and were assessed the minimum statutory damages. The defendants established they never knowingly copied any copyrighted work.  *Florentine*, 891 F.Supp. at 541.

Similarly, in *Screenlife Establishment v. Tower Video, Inc.*, 868 F.Supp. 47 (S.D.N.Y. 1994), the court found the defendant to be a prevailing party in a copyright suit where the defendant conceded prior to trial, that the plaintiff was entitled to a permanent injunction, delivery of remaining infringing copies of its work, and an award of damages and costs. *Screenlife*, 868 F.Supp. at 50.  The only issue eventually litigated at trial was the plaintiff's demand for actual damages, predicated on the plaintiff's claim that the defendant's sale of

its works reduced plaintiff's sale and licensing rights in its United States' market. Following a bench trial, the court found in favor of the defendant on the issue of actual damages. *Id*.

Similar to the defendants in *Florentine*, seven of Fleming's former employees were determined to be innocent infringers of Plaintiff's copyright for a limited period of seventy days. They prevailed on all but one of the claims that were asserted against them and prevailed on the contested issue of willful infringement. Plaintiff claimed he was entitled to millions for each employee's infringement. The jury rejected this contention and determined that the innocent infringement by two of those seven employees was only worth $4. As to the five other employees, the jury believed Plaintiff was entitled to nothing. As with the defendants in *Florentine*, the Employees succeeded in a substantial part of this litigation, and achieved substantially all of the benefits they hoped to achieve in defending this suit, and should be deemed the prevailing party. As with the defendant in *Screenlife*, the five employees from whom Plaintiff was awarded zero dollars prevailed on actual damages, the only claim litigated against them at trial and should be deemed the prevailing party.

III. **APPLYING THE *FOGERTY* FACTORS, PLAINTIFF'S MOTION FOR FEES AND COSTS MUST BE DENIED**

In addressing motions for attorney's fees in copyright cases, courts must treat prevailing plaintiffs and prevailing

4

defendants alike and award attorney's fees to the prevailing party as a matter of discretion. *Fogerty v. Fantasy, Inc.* 510 U.S. 517, 534, 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994). The Supreme Court identified the following non-exhaustive list of factors to be considered in the award or denial of attorney's fees: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of competence and deterrence." *Fogerty*, 510 U.S. at 534, n. 19, 114 S.Ct. at 1033. Other factors to be considered include: the degree of success obtained, the purposes of the Copyright Act, and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff. *See Fantasy v. Forgerty*, 94 F.3d 553, 559-60 (9th Cir. 1996).

Applying the *Fogerty* factors relevant to the circumstances of this case warrant a denial of Plaintiff's request for attorney's fees and costs:

**Degree of Success**. The degree of success is obvious. As discussed, *supra*, Brian Christensen, obtained summary judgment on all counts of Plaintiff's SAVC. For the inadvertent, innocent infringement by five of the seven employees sued, Plaintiff was awarded zero dollars in damages and for the other two employees, four dollars in nominal damages. As noted by the Ninth Circuit

in *McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316 (9th Cir. 1987), a defendant's status as an innocent, rather than willful or knowing infringer, is a consideration justifying denial of attorney's fees.  823 F.2d at 323.

Berry argues that any judgment awarded in his favor and against any of the defendants makes him a prevailing party. However, "a party's success on a claim that is 'purely technical or *de minimis*' does not qualify him as a 'prevailing party'." *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2nd Cir. 1989) (citing *Texas State Teachers Assoc. v. Garland Independent School District*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).  Six of the eight employees[1] Plaintiff sued should be deemed a prevailing party in light of the Court's summary judgment rulings and their degree of success on the only litigated claim at trial.

**Frivolousness and Objective Unreasonableness (both in the factual and in the legal components of this case).**
Plaintiff's claims against the Employees were frivolous.  He believed he was entitled to over $200 million in damages from the defendants.  At trial, he claimed he was entitled to at least $2.7 million from each employee.  He argued in closing that he should be awarded $60 million.  In the end, the jury awarded him

---

[1] Brian Christensen, Melvin Ponce, Justin Fukumoto, Sonia Purdy, Jacqueline Rio, and Alfredda Waiolama.

$4 for the infringement by only two of the seven employees, an infinitesimal amount compared to the millions he demanded.

Plaintiff sought injunctive relief and discovery without any basis in fact or law.  In his May 28, 2004 request for a preliminary injunction, Plaintiff wrongly believed that Teresa Noa fled Hawaii to Iowa with a copy of his FCS and was using it for C&S' logistics operations.  *See* Plaintiff's Motion for Issuance of Preliminary Injunction, Memorandum, filed herein on May 28, 2004, at 20-21. In its October 8, 2004 order, the Court denied his request, determining that Plaintiff's accusations were devoid of any factual support.  *See* Order (Oct. 8, 2004 Order) at 17, 31.

During this same time period, Plaintiff sought the production of telephone and internet records from a third-party, Iowa Telecommunications Services, Inc. ("Iowa Telecom"), that allegedly would show Ms. Noa's use of Plaintiff's FCS.  The Employees' counsel, the Court, and the Discovery Master expended substantial time and effort, in part, because Plaintiff failed to show he was entitled to certain information in the requested documents as they were not relevant to the claims he alleged. *See* Order (Jul. 7, 2004); Order (Oct. 26, 2004); Order Apr. 13, 2005).  Ultimately, the Iowa Telecom documents were irrelevant and never relied upon by Plaintiff.

All of Plaintiff's claims against the Employees were, at a minimum, "objectively unreasonable". As evidenced by the Court's summary judgment rulings and the jury's verdict, Plaintiff was completely and objectively unreasonable in his relentless pursuit of millions of dollars in actual damages from the Employees, who did nothing but show up for work and did as they were told by their employer, Fleming.

**Motivation**. Plaintiff's baseless attacks against Mark Dillon, Teresa Noa, and Brian Christensen further support a denial of Plaintiff's attorney's fees and costs. Plaintiff filed claims of direct, contributory, and vicarious infringement against Brian Christensen. Mr. Christensen attested that he never used the FCS and never received financial benefits over and above his regular compensation in his capacity as President of C&S. The Court determined that Mr. Christensen had no knowledge of any infringement or of any infringing elements in the version of FCS that Fleming used between April 1, 2003 and June 9, 2003. The Court absolved Mr. Christensen of any liability and summarily dismissed him from the lawsuit. *See* Order (Jan. 26, 2005) at 32, 38-42. At a minimum, the Court must find Brian Christensen a prevailing party as he successfully defended against all of Plaintiff's claims.

As discussed, *supra*, Plaintiff mistakenly believed Ms. Noa fled Hawaii for Iowa in order to set up a boiler room FCS on

behalf of C&S.  *See* Plaintiff's Motion for Issuance of Preliminary Injunction, Memorandum (May 28, 2004) at 20-21.  Ms. Noa is originally from Iowa and moved back there because of employment uncertainties resulting from Fleming's bankruptcy.  Rather than consider reasonable, rationale explanations, Plaintiff leapt to unfounded conclusions as matter of course throughout this litigation.  *See* Order (Oct. 8, 2004) at 17.

As part of his February 10, 2006 motion for reconsideration of the Court's summary judgment rulings, Plaintiff attacked the integrity of Mark Dillon by claiming he provided false deposition testimony when asked where copies of FCS or its derivatives could be found.  Not surprisingly, Plaintiff failed to establish that Mr. Dillon provided false deposition testimony, and the Court denied Plaintiff's request for reconsideration on all counts.  *See* Order (Feb. 27, 2006) at 2, 5-8, 19.

Balancing these *Fogerty* factors, Plaintiff's request for fees and costs must be denied.

## IV. EVEN IF PLAINTIFF IS THE PREVAILING PARTY, NOMINAL DAMAGES DO NOT SUPPORT AN AWARD OF ATTORNEY'S FEES AND COSTS.

The jury awarded Plaintiff the nominal sum of $2 each for Mark Dillon and Teresa Noa's inadvertent use of a derivative version of his FCS for seventy days.  This nominal damage award merely indicates that the conduct complained of resulted in a technical, as opposed to injurious, violation of Plaintiff's

rights. *See Cummings v. Connell*, 402 F.3d 936, 945 (9th Cir. 2005). As noted by the Supreme Court in *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), "the awarding of nominal damages highlights the plaintiff's failure to prove actual, compensable injury." 506 U.S. at 115, 113 S.Ct. at 575. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id*. (internal citations omitted). "Thus, if a lawsuit achieves nothing other than an award of nominal damages, the prevailing party might deserve to 'receive no attorney's fee at all.'" *Wilcox v. City of Reno*, 42 F.3d 550, 555 (9th Cir. 1994)(citing *Farrar*, 506 U.S. at —, 113 S.Ct. at 575).

  Despite Plaintiff's contention, an award of nominal damages is not enough to justify an award of attorney's fees in this case. Based upon the principles set forth in *Farrar*, Ninth Circuit law requires that when "a district court chooses to award fees after a judgment for only nominal damages, it must point to some way in which the litigation succeeded, *in addition* to obtaining a judgment for nominal damage." *Benton v. Oregon Student Assistance Commission*, 421 F.3d 901, 905 (9th Cir. 2005)(citing *Wilcox,* 42 F.3d at 555). Thus, in order for Plaintiff to be entitled to an award of attorney's fees under these circumstances, he must show he obtained "other tangible

results" or point to some other manner in which the litigation succeeded in addition to obtaining a judgment for nominal damages. *Benton*, 421 F.3d at 905.

Here, Plaintiff did not achieve other tangible results or succeed in addition to obtaining a judgment for nominal damages against two of the seven Employees. He failed on three separate occasions to obtain any type of injunctive relief against Fleming or any of its former employees. *See* Order (Jul. 25, 2003); Order (Oct. 8, 2004); Order (Mar. 9, 2006). He failed to obtain a determination that the use of the Excel Spreadsheets constituted infringement. *See* Order (Jun. 27, 2005) at 7, 12-21. He failed to obtain an order of destruction or other reasonable disposition of all copies of his FCS. *See* Order (Mar. 9, 2006). He failed to obtain an award for any of Fleming's profits during the period of infringement. *See* Special Verdict Form (Mar. 7, 2006). In short, this litigation accomplished little beyond giving Plaintiff the moral satisfaction of knowing that a federal court concluded his copyright was innocently and inadvertently infringed. As stated in Justice O'Connor's concurrence in *Farrar,* "[w]hen the plaintiff's success is purely technical or *de minimis*, no fees can be awarded. Such a plaintiff either has failed to achieve victory at all, or has obtained only a Pyrrhic victory for which the reasonable fee is zero." *Farrar*, 506 U.S.

11

at 117, 113 S.Ct. at 576. Under these circumstances, an award of attorney's fees and costs to Plaintiff is not appropriate.

V. **THE AMOUNT OF ATTORNEYS' FEES AND COSTS SOUGHT BY PLAINTIFF ARE UNREASONABLE.**

The $700,000 in total fees and costs requested by Plaintiff is simply unreasonable in light of the $0 damage award he obtained against five of the employees, and the nominal $4 damage award he received against the remaining two. In determining the reasonableness of a fee award, the most critical factor for the Court's consideration is the degree of success obtained. *See Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). The ratio of fees ($600,000) to the damages awarded in favor of Plaintiff and against two of the employees ($4) is approximately sixty six hundred thousands of one percent. Based upon this degree of success, or lack thereof, Plaintiff's fee request is clearly excessive and unreasonable.

Brian Christensen is a prevailing party. He obtained summary judgment against all claims asserted by Plaintiff. However, Plaintiff fails to segregate his time spent on prosecuting claims alleged against Mr. Christensen. To the extent that Plaintiff's fee request includes time spent on the claims that were dismissed as to Mr. Christensen, his fee request must be denied. *See Transgro, Inc. v. AJAC Transmission Part Corp.*, 768 F.2d 1001, 1027 (9th Cir. 1985)(affirming the lower

court's proper exercise of discretion in excluding those hours worked on separate and distinct contentions unrelated to the successful claims).

Plaintiff's counsel reduces his fee request by $100,000 in an effort to exclude from his request those fees expended on issues related to HTC, C&S, Guidance, and Foodland, all of whom successfully obtained summary judgment. Yet, Plaintiff provides no supporting documentation to indicate precisely which claims total $100,000. Plaintiff's general statement that "to insure that no charges related to the above claims are included, Mr. Berry has reduced his fee request by mor [sic] $100,000" is not sufficient. *See Hensley,* 461 U.S. at 434-35, 103 S.Ct. at 1940 (determining that counsel's work on one claim will be unrelated to his work on another claim, and therefore, work on the unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved).

Plaintiff does not sufficiently establish the fees and costs incurred by his Delaware bankruptcy counsel, William W. Erhart, P.A., were reasonably and necessarily incurred in Plaintiff's pursuit of his copyright claims against the Employees in this action. Plaintiff makes no connection between the claims he asserted against the Employees, in their individual capacity, and Fleming's bankruptcy case. The legal fees and costs incurred by William Erhart, P.A., are not properly authenticated. *See*

13

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989)(finding plaintiffs bear the burden of proving all costs and fees were reasonably necessary to the successful prosecution of their copyright claims). The fees and costs requested on behalf of work performed by William Erhart, P.A., should be denied.

A prevailing party can only recover expert fees in the amount prescribed by 28 U.S.C. § 1821 and no other additional expert fees. *Pinkham v. Camex, Inc.*, 84 F.3d 292, 295 (8th Cir. 1996)(holding costs under 17 U.S.C. § 505 are limited to the costs expressly identified in 28 U.S.C. § 1920 and expert witness fees in excess of the 28 U.S.C. § 1821(b) $40 limit are not recoverable). The correct standard for taxing expert fees is not the amount the expert charged the party nor is the time spent by the expert consulting with attorneys or preparing to testify a taxable cost. *NLFC, Inc. v. Devcom Mid-America, Inc.*, 916 F.Supp. 751, 764 (N.D. Ill. 1996). Pursuant to 28 U.S.C. § 1821, all but $40 of Plaintiff's request for $42,600.20 in expert fees related to Thomas Ueno must be denied.

VI.  **CONCLUSION**

The Court has the discretion to deny Plaintiff's request for attorney's fees and costs. The Employees respectfully request that the Court do so here where (1) six of the eight Employees who were sued are a prevailing party; (2) a

balancing of the *Fogerty* factors weighs against awarding Plaintiff fees and costs; and (3) Plaintiff's request of over $700,000 is clearly unreasonable relative to the $0 damage award he obtained against five of the seven employees at trial, and the $4 nominal damage award he obtained against the remaining two.

DATED: Honolulu, Hawaii, April 12, 2006.


   /s/ Lyle S. Hosoda
LYLE S.  HOSODA
RAINA P.B. MEAD

Attorneys for Defendants
BRIAN CHRISTENSEN, MARK DILLON,
TERESA NOA, MELVIN PONCE, SONIA
PURDY, JUSTIN FUKUMOTO, ALFREDDA
WAIOLAMA, and JACQUELINE RIO