LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | **Civ. No. CV03 00385 SOM-LEK** |
| | ) | **(Copyright)** |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO DEFENDANT PCT'S MOTION** |
| HAWAIIAN EXPRESS SERVICE, | ) | **FOR ATTORNEY'S FEES AND** |
| INC., a California corporation; et al. | ) | **COSTS FILED ON MARCH 23,** |
| | ) | **2006; CERTIFICATE OF SERVICE** |
| | ) | |
| Defendants. | ) | **Non-Hearing** |
| | ) | |
| | ) | **Judge:     Hon. Magistrate Judge** |
| _____ | ) | **Leslie Kobayashi** |

## Table of Contents

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  CLAIMS RELATED TO THE MOTION. . . . . . . . . . . . . . . . . . . . . 8

IV.   ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      A.    The Court Must Treat All Parties Alike.  The PCT Never
            Registered its New Spreadsheet Replacement System So The
            Court Lacks Subject Matter Jurisdiction.  . . . . . . . . . . . . . . . . 11

      B.    The PCT  Cannot Bootstrap Other Claims to the Copyright
            Claim.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      C.    The Four Factors in *Fogerty* Show the
            Motion Must be Denied. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

            1.    Frivolousness. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

            2.    Motivation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

            3.    Objective Unreasonableness Concerning Both the Factual
                  and Legal Components of the Case.  . . . . . . . . . . . . . . . 17

            4.    The Need In Particular Circumstances To Advance
                  Considerations of Compensation and Deterrence.  . . . . . 18

      D.    The PCT Attorneys Failed to Keep Records of the Time
            Expended on C&S's Behalf. . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**E.**   **The Additional Claims that the PCT Claims to Have Prevailed Upon Do Not Provide for Attorneys Fees or Full Costs to the Prevailing Defendant.** .................................. **20**

    **1.**   **Count III- Conspiracy to Infringe.** ................. **20**

    **2.**   **Count IV-Violation of Hawaii Trade Secrets Law** ...... **20**

    **3.**   **Count V-Violation of the Sherman Act.** .............. **21**

    **4.**   **Count VI-Violations of RICO.** ...................... **22**

**F.**   **Even if Mr. Berry Had Rejected the PCT Offer to Settle That Still Cannot Be a Basis to Deny He Is The Prevailing Party And Entitled to Fees.** ....................................... **23**

**V.**   **CONCLUSION** ........................................... **25**

## Table of Authorities

**CASES**

*Stewart v. Gates*, **987 F.2d 1450 (9th Cir. 1993)** . . . . . . . . . . . . . . . . . . . . . . . . **19**

*The Traditional Cat Ass'n. Inc. v. Gilbreath*, **340 F. 3d 829 (9th Cir. 2003)** . . . **22**

*Berkla v. Corel Corp.*, **302 F.3d 909 (9th Cir. 2002)** . . . . . . . . . . . . . . . . . . . . . . **25**

*Chang v. Chen*, **95 F.3d 27 (9th Cir. 1996)** . . . . . . . . . . . . . . . . . . . . . . . . **22, 23**

*Entm't Research Group v. Genesis Creative Group*, **122 F.3d 1211, 1230 (9th Cir. 1997)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**

*Fogerty v. Fantasy, Inc.*, **510 U.S. 517, 534 (1994)** . . . . . . . . . . . . . . . . . **11, 14, 19**

*In re Pizza of Hawaii, Inc.*, **40 B.R. 1014 (D. Haw. 1984)** . . . . . . . . . . . . . . . . . . **7**

*Lieb v. Topstone Industries, Inc.*, **788 F.2d 151(CA3 1986)** . . . . . . . . . . . . . . . **14**

*Syufy Enterprises v. American Multicinema, Inc.*, **602 F. Supp. 1466 (D. Cal. 1983)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **21**

*United States Football League v. National Football League*, **887 F.2d 408 (2d Cir. 1989)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **22**

**STATUTES**

**18 U.S.C. §1962(d)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10, 23**

**Hawaii Rev. Stat. §482B-5** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **21**

**RICO** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14, 21-23**

**The Copyright Act** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9, 12**

**The Copyright Act Title 17, §106** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

**The Copyright Act, 17 U.S.C. § 412** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**

**The Copyright Act, 17 U.S.C. § 504(c)(1)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

**The Sherman Act** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14, 22**

**RULES**

**Fed. R. Civ. Proc. 68.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **23, 24**

**Fed. R. Civ. P. 12(b) (6)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10**

**PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO DEFENDANT PCT'S MOTION FOR ATTORNEY'S FEES AND COSTS FILED ON MARCH 23, 2006**

Comes now Plaintiff Wayne Berry, by and through his undersigned counsel and hereby respectfully submits his opposition to Defendant PCT's Motion For Attorney's Fees and Costs filed on March 23, 2006 (the "Motion"). The Motion is supported by the Declaration of Timothy J. Hogan (the "Hogan Dec.") and the Exhibits attached thereto, that are filed contemporaneously in support of the three oppositions to the Fleming-C&S-Employee defendants' motions for fees and full costs. Mr. Berry also incorporates by reference his oppositions filed concurrently regarding the Motions for Fees and Full Costs filed by the Employee Defendants and C&S.

## I.    INTRODUCTION.

It has been established that, after Fleming Companies, Inc. ("Fleming") was found to be a willful infringer on March 6, 2003, it continued to unlawfully use Mr. Berry's work up until at least June 9, 2003 running over $50 million of commerce through this unlicensed infringing software. Mr. Berry sought to have Fleming stop using his work immediately upon the entry of judgment on March 6, 2003. To avoid an injunction, Fleming filed an untimely bankruptcy and continued to engage in acts of infringement during the period after its bankruptcy filing on April 1, 2003 to June 9, 2003. To impede Mr. Berry's attempts to protect his

works, and to prevent Mr. Berry from protecting his works, Fleming sued him in

Delaware.  Mr. Berry named Fleming in this case and proved that Fleming was an

infringer.  That is what the Court has found in granting Mr. Berry's motion for

summary judgment regarding the Fleming conduct after it filed bankruptcy.  *See*

excerpt of Order Granting in Part, Denying in Part, Berry's Motion for Summary

Judgement, etc., dated June 27, 2005 (the "June 27 Order") Hogan Dec. Exhibit

"6" at page 25.

Fleming claims that it is the prevailing party seeking to turn the Court from

the actual results in this second infringement case.  The Jury awarded Mr. Berry

$57,534.00 in joint and several damages against Fleming with principal infringers

Teresa Noa and Mark Dillon.  Noa and Dillon were each severally liable for $2.

Hogan Dec. Exhibit "6" "7" and "9."   The amount awarded against Fleming was

nearly twice what Congress set as the maximum allowable for statutory damages

based on the Court's earlier rulings that, by law, was limited to no more than

$30,000.  *See* the Copyright Act, 17 U.S.C. § 504(c)(1).  Therefor, under any

rational and fair interpretation of the results, Mr. Berry is the prevailing party in

this litigation against the PCT and the Motion should be denied.

Moreover, if there was any doubt, the District Court, in a hearing on

dispositive motions stated:

2

> Okay. First of all, if I entered judgment against the
> defendants jointly and severally for any amount, they are
> not the prevailing party. So I don't understand how
> they're going to seek attorney's fees.

Transcript of Proceedings before the Honorable Susan Oki Mollway, United States

District Court Judge for the District of Hawaii, taken on October 11, 2005 at page

24 lines 6 to 9. Hogan Dec. Exhibit "8."

It is in this context that the Court should deny the instant motion and award

Plaintiff additional fees for having to meet this frivolous motion.

## II.    **BACKGROUND.**

Initially, the PCT makes the false statement that Mr. Berry had refused to

accept a generous $400,000 settlement offer. *See* PCT's Memorandum in

Opposition at p. 1. In fact, Mr. Berry had made the offer first some five months

earlier. Hogan Dec., ¶ 2 and Exhibit "2." When Fleming finally found the time to

respond some five months later, Mr. Berry's counsel wrote back immediately

making a request for some clarification regarding certain of the deal points. It was

the Fleming attorney who never wrote back. Hogan Dec. ¶ ¶ "4" and "5" and

Exhibits "4" and "5." Consistent with the PCT prior false claim to have not been

engaged in post-bankruptcy infringement, the PCT and its counsel once again

evidence a willingness to misrepresent facts in order to mislead any federal judge

3

who will listen.  The PCT in this Motion at least has remained consistent with prior form.  Mr. Berry prays that this Court look to the record and not to the unsubstantiated falsehoods in the PCT filing to arrive at a just decision in this matter.

The most important thing for the Court to remember is that this instant litigation against Fleming did not start by Mr. Berry suing Fleming.  Quite the contrary, it was Fleming who sued Mr. Berry in Delaware, seeking to pin him down while it sought to get away with additional acts of now proven infringing conduct.  This inequitable conduct on the part of the PCT should set the stage for the Court to determine any of the issues related to this Motion and as to the additional fees that should be awarded for Mr. Berry having to address this Motion that has clearly been filed in bad faith.  In addition and ironically, it was Fleming that originally sought an injunction, seeking through the extraordinary relief that was requested in Delaware, to prevent Mr. Berry from reporting Fleming's ongoing infringement to federal law enforcement authorities.  This outrageous request was denied *sua sponte* by the United States Bankruptcy Court for the District of Delaware.  Mr. Berry hopes that this Court will hold Fleming and its progeny the PCT to the same standards that were applied by the Delaware Bankruptcy Court in passing on Fleming's specious claims and outrageous request.

The one thing that the PCT's Motion for Fees points to that cannot be denied by the PCT counsel is the reasonableness of the fees and full costs being requested by Mr. Berry, which should be granted in full and not subject to any reduction in light of the massive unreasonable fees that were incurred by the PCT that only resulted in another finding of infringement against Fleming during the relevant period and another finding it has no rights in Mr. Berry's works.

The principal factor that points to Mr. Berry as the clear prevailing party, besides the new finding of infringement, is the fact that the PCT did not, in this case, prevail and, in fact, offered no evidence to support the defense based on copyrightability nor the claim to ownership of Mr. Berry's FCS, the subject registered copyrighted work.  Fleming's conceding of the issues of ownership and copyrightability in summary judgment means that it has mooted those issues in the pending proceedings before the Ninth Circuit Court of Appeals and therefore these issues are now final collateral estoppel not subject to any appeal and can't be used as a defense in any proceeding.   That alone is sufficient to find Mr Berry as the prevailing party even if he had lost on the issue of infringement.

 In addition, the PCT rails against Mr. Berry for his conduct in the bankruptcy court regarding his attempt to protect his works that were passing through the bankruptcy without proper court scrutiny and falsely states that Mr.

Berry was the one who ceased discussions regarding the settlement discussions that were going on in the late spring and early summer of 2004.  First, as to his success in Delaware, Mr. Berry obtained the extraordinary remedy of non-discharge and exemption from the discharge injunction in the Fleming bankruptcy, a remedy reserved for only the most despicable debtors.   In addition, as set forth in the Declaration of Timothy J. Hogan, it was the PCT, not Mr. Berry, who dropped the ball on settlement in July 2004.  Hogan Dec. ¶¶ 2, 4 & 5 and Exhibits "2," "4" and "5."   It is now obvious why the PCT and its attorneys have been willing to continue their assault on Mr. Berry.  Had they actually acted in good faith they would not have been able to reap the over $3.3  million in unreasonable attorneys' fees on their firm's behalf to the prejudice of the creditors of the Fleming bankruptcy including Mr. Berry.

As to the claims estimation proceedings in Delaware, this is a typical tactic of the Fleming team, comprised of no bankruptcy lawyers, only bullies, that seem to take some great solace from the estimation motion that, by law, is only relevant to whether a plan can be confirmed.

> Whatever value the bankruptcy court ultimately places on the claim is not, however, immediately relevant. Section 502(c) requires the bankruptcy court to estimate the claim regardless of the value of the claim the claimant places on it.

*In re Pizza of Hawaii, Inc*., 40 B.R. 1014, 1017 (D. Haw. 1984).

The Fleming non-bankruptcy lawyers who have now combined  together in order to further prejudice Mr. Berry once again, show their entire lack of acumen in regard to bankruptcy law having already twice shown their apparent disastrous lack of expertise in copyright law.

In addition, Fleming's attorneys again make a joke out of Fleming's conduct that has been subject of official SEC sanctions and the subject of a reported ongoing SEC criminal investigation.  The record is clear for anyone who wants to look regarding the fact that Federal law enforcement approached Mr. Berry and his counsel in its investigation of this corporate monster related to the allegations related to arms and black market cigarette trafficking and even the connection to a foreign terrorist organization.  Fleming's history of bad acts has never been rebutted by any factual record.  Its post-bankruptcy treasurer, Michael Scott's (the only person who could fully testify as to the missing items in Fleming's post-bankruptcy financials), clear refusal to testify for the PCT at trial speaks volumes.

Having washed off the dirt and irrelevancies that are typically the *modus operandi* of the PCT litigation team, the Court is faced with determining the actual outcome of the claims that Mr. Berry brought against the PCT in this case and

whether those claims entitle the PCT to any attorneys' fees or costs.  As the Court

will see from the following discussion, none of the PCT's claimed rights to the

"unreasonable attorneys' fees" were derived from any claim that could provide

fees and full cost.  The only claims derived from the Copyright Act, in which fees

would have possible be awarded to a prevailing party, Mr. Berry was the

indisputable prevailing party in regard to those claims.

## III.    <u>CLAIMS RELATED TO THE MOTION.</u>

The Second Amended Verified Complaint brought six claims in regard to

the litigation as follows:

COUNT I was a claim for direct infringement.  In regard to this claim, Mr.

Berry was the prevailing party as set forth in the Second Amended Judgment that

was entered on March 16, 2006 and Order regarding Summary Judgment dated

June 27, 2005.  That was the claim brought under the Copyright Act Title 17, §106

where Mr. Berry prevailed on the issue of ownership, copyrightability and direct

infringement as to Fleming Companies, Inc.   As the clear prevailing party Mr.

Berry is entitled to fees and full costs as provided by the Copyright Act and

applicable controlling precedent and the PCT is entitled to sanctions for claiming

its fees on this record.

COUNT II of the Second Amended Verified Complaint was a count for

contributory and/or vicarious infringement.  In regard to that claim, Mr. Berry prevailed against the PCT and the jury found, and Fleming conceded, that it was a vicarious infringer.  *See* Jury Special Verdict, Hogan Dec. Exhibit "9."  Therefore, as to Count II, Mr. Berry is the prevailing party and that is the last count on which attorneys' fees can be granted under the Copyright Act.

COUNT  III, is a claim for Conspiracy to Infringe.  The District Court, in granting summary judgment on June 27, 2005, held Count III is a state law  tort claim.  Hogan Dec. Exhibit "6" at page 30.  Under Hawaii law, no such claim can support a claim for attorneys' fees as a matter of well settled law.

COUNT IV is a claim brought under the Hawaii state misappropriation of trade secret statute.   Hawaii law provides for attorneys' fees to the prevailing party but only where there has been a showing of "bad faith."   There is nothing in the Motion filed by the PCT to even suggest that the trade secret claim was not well founded.  Mr. Berry sought to protect what has been admitted to be  hundreds of works transferred to C&S in regard to the Guidance debacle that set off much of the litigation in this case.

Finally, as to the last two COUNTS V and VI,  regarding the Sherman Act claims and the RICO claims respectively, neither of these claims, as a matter of well settled law, provide for attorneys' fees for the prevailing defendant.  In regard

to certain authority that provides for an exception where a non-copyright claim is bound up in the Copyright claim,  the  Sherman Act claims was largely based on the claim of monopoly and price fixing, which is are separate claims from any copyright claim.   Moreover, the Court has held in granting Fed. R. Civ. P. 12(b)(6) relief that Mr. Berry's copyright claims do not provide his standing under the federal antitrust laws.  Therefore, if the Court claims that this is grounds to grant fees, it would appear that the Court would vacate its earlier finding.  In any even, that findings works as an adjudication that no right to fees for those claims may be bootstrapped to the copyright claims.

The RICO claimed simply the existence of an enterprise and a 18 U.S.C. §1962(d) conspiracy that was the same conspiracy set forth in COUNT III. Because the District Court ruled that this claim was a state law tort claim and not a copyright claim, the RICO 1962(d) claim therefore, can provide no basis for attorneys' fees under the Copyright Act.  The PCT was not the prevailing party in regard to the only claims that fees and full costs are allowable the Copyright claims of Counts I and II.  In any event, the PCT made no attempt to separate out the time expended on Counts III to VI and on that basis alone, the Motion should be denied.

## IV.  <u>ARGUMENT.</u>

### A.    The Court Must Treat All Parties Alike.   The PCT Never

**Registered its New Spreadsheet Replacement System So The
Court Lacks Subject Matter Jurisdiction.**

Ignoring that it was found to be an infringer of Mr. Berry's work Freight
Control System ("FCS") the PCT crows about its great victory in the case related
to the Spreadsheet program as a basis to claim prevailing party status.  It is well
settled that all defendants and plaintiffs should be treated alike in regard to
copyright cases when attorneys' fees and full costs are sought.  *See Fogerty v.
Fantasy, Inc.*, 510 U.S. 517, 534 (1994). Mr. Berry agrees.

In this case, it is without doubt that Mr. Berry could not obtain any
attorneys' fees nor could the Court claim subject matter jurisdiction over his claims
if Mr. Berry did not first register his FCS work and allow the Copyright Office to
have notice of his claim of copyright.  This Court is required to follow the law and
the prevailing Supreme Court precedent and must conclude that the PCT, in order
to prevail on its claim that the work it was using after June 9, 2003 was is its own
property and an independently created work and, relevant to this Motion, in order
to be entitled to fees and full costs regarding its alleged vindication of its rights in
this work, the PCT  must file its copyright registration as follows:

> In any action under this title, other than an action brought
> for a violation of the rights of the author under section
> 106A (a) or an action instituted under section 411 (b), <u>no
> award of statutory damages or of attorney's fees, as</u>

provided by sections 504 and 505, shall be made for—

(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or

(2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

The Copyright Act, 17 U.S.C. § 412 (emphasis added).

The Court must impose upon the PCT the requirement that it file its work in the Copyright Office in order to proceed to establish any rights that come from ownership of a work under the Copyright Act.  That is directly relevant to whether the Court has subject matter jurisdiction that is lacking in regard to any claims to fees and costs derived from defending the ownership of this unregistered work. Any rights to attorneys' fees and costs, which would be denied the plaintiff under the same circumstances,  must, in this case, be denied to PCT for its failure to register its work.

As to who won the three relevant issues related to Mr. Berry's FCS, of the three issue of ownership, copyrightability and infringement, Mr. Berry won three out of three and therefore is the prevailing party as to the copyright claims.

**B.    The PCT  Cannot Bootstrap Other Claims to the Copyright Claim.**

The victory that the PCT claims is based on Claims III to VI regarding which there is no right to fees or full costs as follows:

> It is well-established law that a party entitled to attorney's fees as a prevailing party on a particular claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any "related claims." Indeed, as the Supreme Court commented in *Hensley*:
>
> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants . . . counsel's work on one claim will be unrelated to his work on another claim . . . The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

*Entm't Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1230 (9th Cir. 1997) (citations omitted).

First, ignoring for now that the Court has ruled that the Sherman Act claims were not related to the Copyright issues, in this case, the PCT can point to no work done in defending the Sherman Act and RICO Claims.   This is in great part because the Magistrate Judge ordered, and the District Court affirmed,  a halt on all discovery related to Fleming and C&S on these claims that, not altogether surprisingly, eventually resulted in their dismissal.  *See* Hogan Dec., Exhibit "10."

13

The Trade Secret Claim is controlled by state statute and the PCT has not even attempted to meet the burdens imposed by the Hawaii legislature to show "bad faith." The only other claim, Conspiracy to Infringe was a state tort claim and no fees are allowable under Hawaii law for such tort claims.

### C.    The Four Factors in *Fogerty* Show the Motion Must be Denied.

In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) the Supreme Court expressed that the four non-exclusive  factors  that the Court of Appeals applied in *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (CA3 1986) may be applied "so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner."  The Court must therefore, make a determination whether the purpose of the copyright act is advanced by awarding the PCT fees.   Applying the instant facts to the *Fogerty* factors, the Court must find for Mr. Berry.

1.     **Frivolousness.**

First, Mr. Berry won.  If the Court is going to look at each allegation of the Second Amended Complaint to see if the PCT prevailed on anything, the facts show that Guidance Software, Inc. caused the transfer of at least sixteen (16) copies of Mr. Berry's works back to computers that were sold to C&S.  The fact that Mr. Dillon claimed to have deleted them after Mr. Berry brought the instant action does not mean that Mr. Berry was not entirely justified in his desire to protect this vertical market software application from being transferred without his authority to an unknown potential customer.  Mr. Berry prevailed on all the relevant issues as to Fleming and seven of its employees and no less than two of the three as to C&S as to his FCS.[1]  In addition, even if the Court ignores the jurisdictional infirmities, C&S and Fleming both claimed that the use of the spreadsheet replacement was not infringement.   This system was created by Fleming, an adjudicated willful infringer, from an unlicensed **infringing** copy of Mr. Berry's FCS after the issue of FCS' copyrightability had been tried to a jury and found in Mr. Berry's favor.  Mr. Berry's claim was supported by the expert opinion of a full professor of computer science.  Mr. Berry's claims supported by competent expert opinion could not be viewed as frivolous.  Because Mr.

---

[1]     Because C&S answered jointly and asserted joint affirmative defenses with Fleming it lost on all issues along with Fleming.

Berry won, this issue only applies to the PCT and its frivolous claim to be the prevailing party.

### 2.  **Motivation.**

Congress has enacted  the Copyright Act to protect authors of original works. It is without dispute as an adjudicated fact that from January 1, 2000 to April 2003 Mr. Berry was the victim of willful infringement. This was clearly done for financial gain and as such Mr. Berry was the victim of criminal infringement.  For such a crime victim to utilize the mechanisms provided by Congress to protect their works cannot be construed as acting with improper motivation unless the Court is willing to condone violations of Federal criminal statutes meant to protect Mr. Berry, not the infringer.   In this case, Mr. Berry sought to have Fleming stop using his work after the jury found Fleming was a willful infringer and after Fleming filed bankruptcy. It is without dispute that Fleming continued to use the software as a willful infringer after the jury verdict.  This same willful infringer sued Mr. Berry first seeking to make it more difficult for a crime victim to protect his works.  The Delaware case was dismissed and Mr. Berry prevailed against Fleming as to the ownership and copyrightability and infringement of his FCS for a second time.   Mr. Berry was motivated by seeking to defend himself from a frivolous assault by an adjudicated willful-criminal infringer in proceedings it brought under the cover of a bankruptcy

16

filed Delaware. Because all facts pointed to the PCT having transferred unlicensed copies of Mr. Berry's works, he had no choice but proceed in this action to adjudicate again his ownership of FCS. This simple issue was again found for Mr. Berry against all defendants including the PCT.

### 3. Objective Unreasonableness Concerning Both the Factual and Legal Components of the Case.

Mr. Berry won as to FCS all issues relevant to the infringement action. As to the Spreadsheet program, Mr. Berry's could not have predicted that the Court would rule that an unlicensed copy of an infringing work can be employed to create a non-infringing replacement work nor that the Court would not apply collateral estoppel as to the copyrightability of the separate elements of his work where the copyrightability of the work as a whole had been tried to a jury and final judgment entered in his favor. Mr. Berry's expert witness, a full professor of computer science, had no difficulty in finding that the spreadsheets were a Berry FCS derivative. To claim objective unreasonableness in the face of conflicting evidence would be error.

As to the transfer of the copies to C&S , Mr. Dillon claims to have removed these works sometime after Mr. Berry brought claims in this case. His right to protect his work from acts of infringement cannot be impaired and the Court should not act

to deter a developer from protecting his works from infringement, especially where it has been established the principal defendant is a willful infringer.

### 4.    The Need In Particular Circumstances To Advance Considerations of Compensation and Deterrence.

First, Fleming has been twice adjudicated an infringer.  Deterrence necessitated the filing of the instant action in which Mr. Berry has prevailed.  As to claims that the PCT claims it prevailed upon, first none of these provide fees or full costs as a matter of law.  Even if they did, the Court must recognize that the outcome of this case was far from pre-ordained when it was filed.  The Court should not now order a struggling individual developer trying to eke out a living to pay the multi-billion dollar corporate wrongdoer and adjudicated willful infringer.   If however, the Court wants to deter all developers   from protecting their works in the future and make this state a technological death valley, then the award of fees to these Defendants would appear a good way to deter any attempt by such Plaintiffs to protect their works and send any other Hawaii independent developers rushing to the airport.  It would however shock the conscious, be error and contrary to the Court's obligation to be "faithful to the purposes of the Copyright Act" required under *Fogerty.*

18

**D.     The PCT Attorneys Failed to Keep Records of the Time Expended on C&S's Behalf.**

It is well settled law in this Circuit that the Court will abuse its discretion if it

awards attorneys fees on inadequate time records.

> In line with the Supreme Court's directive, we have held
> that a district court can abuse its discretion in certain
> circumstances by not requiring the party requesting
> attorney's fees to submit any materials besides summaries
> of the time expended to litigate a matter. Given the
> instant circumstances, we feel that the district court
> abused its discretion by concluding that the summaries
> submitted in conjunction with the declaration of
> Genesis's counsel were sufficient to determine exactly
> how many hours Genesis spent solely defending against
> the *Inflatimation* claims. Indeed, in these circumstances,
> we believe that the district court erred in not requiring
> Genesis to submit its original time records and billing
> statements so that ERG - and the district court - could
> determine whether the fees being claimed were truly for
> time spent in defending against the *Inflatimation* claims.

*Entm't Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1231 (9th Cir.

1997) (citations omitted).

In this case, the concurrent C&S-PCT counsel admitted in the C&S Fee

Motion that the PCT was not keeping separate time records for the time expended

defending C&S.  The PCT doesn't even attempt to create a summary of the time

expended in defending C&S.  *See  Stewart v. Gates*, 987 F.2d 1450, 1453 (9th Cir.

19

1993) ( "It is an abuse of discretion to award fees for hours not properly

documented").

     **E.**    **The Additional Claims that the PCT Claims to Have Prevailed Upon Do Not Provide for Attorneys Fees or Full Costs to the Prevailing Defendant.**

           **1.**    **Count III- Conspiracy to Infringe.**

     The District Court  has already determined this to be a claim sounding in

tort.  *See* June 27, 2005 Order at page 30. Hogan Dec. Exhibit "6."  Under well

settled Hawaii law, no attorneys' fees or full costs are allowable.  *Chun v. Park*, 51

Haw. 462, 469 (Haw. 1969).

           **2.**    **Count IV-Violation of Hawaii Trade Secrets Law.**

     The PCT failed to make any claim that the trade secret claim brought to

protect the hundreds of other works transferred to C&S was brought in "bad faith."

That was a requirement of the statute that could have arguably provided for fees to

the PCT as follows:

> The court may award reasonable attorney's fees to the prevailing party if:
>
> > (1) A claim of misappropriation is made in bad faith;
> >
> > (2) A motion to terminate an injunction is made or resisted in bad faith; or

(3) Wilful and malicious misappropriation exists.

Hawaii Rev. Stat. §482B-5 (emphasis added).

There is no claim or evidence presented to suggest that the trade secret

misappropriation claims he brought were in bad faith.

### 3.    Count V-Violation of the Sherman Act.

It is also well settled that no fees or costs may be awarded to the prevailing

defendant based on these claims.

> While it is clear that an award of attorney's fees will lie in favor of a defendant who successfully prosecutes a counterclaim sounding in antitrust, it is equally clear that the prevailing defendant in a private antitrust suit ordinarily is not entitled to attorney's fees for successfully resisting the plaintiff's claims.

*Syufy Enterprises v. American Multicinema, Inc.*, 602 F. Supp. 1466, 1468-1469

(D. Cal. 1983) (citations omitted) (emphasis added).

In addition, it is also been held that the plaintiff need not have prevailed to

be entitled to fees brought under the federal antitrust laws.

> First, there is no requirement in section 4 of the Clayton Act that an antitrust plaintiff be a "prevailing party" to recover attorney's fees. The term "prevailing party" appears nowhere in section 4 of the Clayton Act. All that is required is an injury. *See supra*. As stated *supra,* an injury was found, therefore the award of attorney's fees was automatic.

21

*United States Football League v. National Football League*, 887 F.2d 408, 412 (2d Cir. 1989) (emphasis added).

The copyright claims were not implicated in any of the claims for which the PCT might arguably be able to claim to be a prevailing party. There is no way to torture a price fixing and monopoly claim to a claim under the Copyright Act.   As such they can form no basis for an award of fees and full costs.  *See The Traditional Cat Ass'n. Inc. v. Gilbreath*, 340 F. 3d 829 (9th Cir. 2003).  Moreover, by finding that Mr. Berry's rights under the Copyright Act did not give him any standing to bring an action under the Sherman Act, the Court has already determined that these claims are unrelated to the Copyright claims.

### 4.     <u>Count VI-Violations of RICO</u>.

It is well settled in this Circuit that the RICO statute provides no fees and costs to prevailing defendants as follows:

> The RICO statute provides, in pertinent part, that "any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor . . . and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c). <u>As noted above, this provision permits only prevailing plaintiffs to recover attorneys' fees</u>.

*Chang v. Chen*, 95 F.3d 27, 28 (9th Cir. 1996) (emphasis added).

The RICO claim was brought under 18 U.S.C. § 1962(d) for conspiracy to violate RICO and  was based on the state law Conspiracy to Infringe claim in Count III that the Court has already determined was in tort not copyright law.  As such this claim can form no basis for an award of fees and full costs.  Hogan Dec. Exhibit "6" at page 30.

Moreover, it follows that in order to claim additional fees for non-copyright claims the purported prevailing party must have prevailed on the copyright claims. That is not the case as to the PCT that lost on Counts I and II brought under the Copyright Act.

**F.      Even if Mr. Berry Had Rejected the PCT Offer to Settle That Still Cannot Be a Basis to Deny He Is The Prevailing Party And Entitled to Fees.**

As an initial matter,  Mr. Berry has debunked the PCT claim that he dropped the ball on settlement.  Hogan Dec. ¶¶ 2, 4 and 5 and Exhibits "2" "4" and "5."

Second, even if he was the one who had refused to settle, the PCT cannot step into the role of prevailing party when Mr. Berry recovers less than an offer that was not in the form of an offer of judgment.

> When a Rule 68 offer of judgment is made and rejected, and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the

costs incurred after the making of the offer." Fed. R. Civ. Proc. 68. Berkla contends that he cannot be deprived of his costs without having received a Rule 68 offer of judgment. We agree.

Although no Ninth Circuit case speaks directly to this issue, other circuits have adopted Berkla's position in the analogous situation of determining attorney's fees awards after rejected settlement offers. *See Clark v. Sims*, 28 F.3d 420, 424 (4th Cir. 1994) ("Because the district court limited appellants' recovery of attorney's fees based on a settlement offer which failed to meet the requirements of Rule 68, its decision must be vacated and this case remanded so that the court may reconsider the amount properly awardable."); *Ortiz v. Regan*, 980 F.2d 138, 141 (2d Cir. 1992) (finding that, where the defendant could have made a formal offer of judgment pursuant to Rule 68, but chose not to use this procedure, the plaintiff's rejection of a settlement offer should not operate to reduce an otherwise appropriate fee award); *Cooper v. Utah*, 894 F.2d 1169, 1172 (10th Cir. 1990) (reversing district court's reduction of attorney's fees based on settlement negotiations where the defendants had not "availed themselves of an offer of judgment pursuant to Rule 68"). *Corel cites Meister v. Regents of the Univ.*, 67 Cal. App. 4th 437, 78 Cal. Rptr. 2d 913, 923 (Ct. App. 1998), which rejects these cases in determining that California law does not prevent "a trial court from considering a non-statutory settlement offer in determining the amount of a reasonable attorney's fee award." *Meister*, however, is a state law case and does not control the issue here. We agree with the reasoning of our sister circuits that, absent a Rule 68 offer of judgment, a plaintiff's failure to accept a settlement offer that turns out to be less than the amount recovered at trial is not a legitimate basis for denying an award of costs. To hold otherwise would render Rule 68 largely

24

> meaningless. It was therefore error for the district court
> to deny *Berkla* costs based on Corel's non-Rule 68
> settlement offer. Accordingly, on remand, the district
> court should award to *Berkla* his properly taxable costs.

*Berkla v. Corel Corp.*, 302 F.3d 909, 922 (9th Cir. 2002)(citation in the original).

Though having ample time to make an offer of judgment the PCT[2] chose to continue its right to appeal Mr. Berry rather than ending this litigation in a cost effective manner. Prior to trial each defendant received an offer from Plaintiff. None even bothered to write back.

## V.   <u>CONCLUSION.</u>

For all the reasons stated the PCT's motions should be denied and Mr. Berry awarded additional costs and fees in having to meet this frivolous  motion.

DATED: Honolulu, Hawaii, April 20, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WAYNE BERRY

---

[2]  In the October 11, 2005 hearing on the damage related motions for summary judgment, the District Court spend much time going over this option that the PCT consciously chose to ignore.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; ) | **Civ. No. CV03 00385 SOM-LEK** |
| ) | **(Copyright)** |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | **CERTIFICATE OF SERVICE** |
| vs. ) | |
| ) | |
| ) | |
| HAWAIIAN EXPRESS SERVICE, ) | |
| INC., a California corporation; et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of **PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO DEFENDANT PCT'S MOTION FOR ATTORNEY'S FEES AND COSTS FILED ON MARCH 23, 2005; CERTIFICATE OF SERVICE** was served on the following at their last known addresses:

Served Electronically on April 20, 2006 :

Andrew V. Beaman abeaman@chunkerr.com

Margery S. Bronster mbronster@bchlaw.net, audrey@bchlaw.net

Damian Capozzola dcapozzola@kirkland.com

Christopher T. Chun ctc@hosodalaw.com

Leroy E. Colombe lcolombe@chunkerr.com

Rex Y. Fujichaku rfujichaku@bchlaw.net, jennifer@bchlaw.net

Lyle S. Hosoda lsh@hosodalaw.com

Raina P. Mead ! rpbm@hosodalaw.com

William G. Meyer , III wmeyer@dwyerlaw.com

R. Olivia Samad osamad@kirkland.com

Lex R. Smith lrs@ksglaw.com

Ann C. Teranishi act@ksglaw.com

Thomas H.Y.P. Yee thy@ksglaw.com, bls@ksglaw.com

> DATED: Honolulu, Hawai'i, April 20, 2006.

> /s/ Timothy J. Hogan
> TIMOTHY J. HOGAN
> Attorney for Plaintiff WAYNE BERRY