LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | **Civ. No. CV03 00385 SOM-LEK** |
| | ) | **(Copyright)** |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO DEFENDANTS C&S** |
| HAWAIIAN EXPRESS SERVICE, | ) | **WHOLESALE GROCERS, INC.,** |
| INC., a California corporation; et al. | ) | **C&S ACQUISITIONS, LLC, C&S** |
| | ) | **LOGISTICS, LLC, ES3, LLC AND** |
| | ) | **RICHARD COHEN'S MOTION** |
| Defendants. | ) | **FOR AWARD OF ATTORNEYS'** |
| | ) | **FEES AND FULL COSTS;** |
| | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| | ) | **Non-Hearing** |
| | ) | **Judge:     Hon. Magistrate Judge** |
| _____ | ) | **Leslie Kobayashi** |

## Table of Contents

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

    **A.**    **This Court Lacks Subject Matter Jurisdiction In Regard to The C&S Claim For Attorneys' Fees Regarding The Alleged Spreadsheet Derivative.**  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    **B.**    **C&S Did Not Prevail on the Contested Issue of Ownership Of FCS or its Copyrightability.**  . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    **C.**    **Mr. Berry Prevailed on All Claims for Which Attorneys Fees May be Awarded.**  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    **D.**    **The C&S Attorneys Did Not Keep Contemporaneous Time Records Related to C&S that Defeats any Right to Fees and Costs** 8

    **E.**    **C&S Defendants, By Filing A Joint Amended Answer with Fleming Raised Denials and Affirmative Defenses Related to Mr. Berry's Ownership and Copyrightability that Makes Mr. Berry the Prevailing Party.**  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    **F.**    **The Court Had Stayed Discovery Against C&S and it Moved in the Fall of 1994 for Summary Judgment, Any Split in Fees Incurred Should be Cut Off at that Point.**  . . . . . . . . . . . . . . . . 10

**III.**    **ARGUMENT.**  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    **A.**    **Mr. Berry Prevailed Over the C&S Defendants Regarding His Ownership and Copyrightability of FCS.**  . . . . . . . . . . . . . . . . . 11

    **B.**    **The Court Must Treat All Parties Alike - C&S Never Registered its Alleged Original Work and Can't Claim any Fees.**  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**C.**    **C&S Cannot Bootstrap Other Claims to the Copyright Claim.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

**D.**    **The Four Factors in *Fogerty* Show the Motion Must be Denied.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **16**

      **1.**    **Frivolousness.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **16**
      **2.**    **Motivation** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**
      **3.**    **Objective Unreasonableness Concerning Both the Factual And Legal Components of the Case.** . . . . . . . . . . **18**
      **4.**    **The Need In Particular Circumstances to Advance Considerations of Compensation and Deterrence.** . . . . . . **19**

**E.**    **The Attorneys Failed to Keep Records of the Time Expended on C&S's Behalf.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **20**

**IV.**    **CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **22**

# Table of Authorities

## CASES

*EEOC v. Vanguard Group*, 2006 U.S. Dist. LEXIS 17935 (D. Pa. 2006) . . . . . 14

*Entm't Research Group v. Genesis Creative Group*, 122 F.3d 1211 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 21

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) . . . . . . . . . . . . . . . . . . . . 11, 16

*Lieb v. Topstone Industries, Inc.*, 788 F.2d 151 (CA3 1986) . . . . . . . . . . . . . . 16

*Westport Historical Soc'y v. Lee*, 43 U.S.P.Q.2D (BNA) 1858 U.S. Dist. LEXIS 11909 (D. Kan. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## STATUTES

RICO Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

The Copyright Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

The Copyright Act, 17 U.S.C. § 412 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS C&S WHOLESALE GROCERS,
INC., C&S ACQUISITIONS, LLC, C&S LOGISTICS, LLC, ES3, LLC
AND RICHARD COHEN'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND FULL COSTS**

Comes now, Plaintiff Wayne Berry, by and through his undersigned counsel, and hereby respectfully submits his memorandum in opposition to Defendants C&S Wholesale Grocers, Inc.'s, C&S Acquisitions, LLC, C&S Logistics, LLC, ES3, LLC and Richard Cohen's Motion for Award of Attorneys' Fees and Full Costs (the "Motion"). The Motion is supported by the Declaration of Timothy J. Hogan (the "Hogan Dec.") and the Exhibits attached thereto, that are filed concurrently in support of the three oppositions to the Fleming-C&S-Employee defendants' motions for fees and full costs. Mr. Berry also incorporates by reference his oppositions filed concurrently regarding the Motions for Fees and Full Costs filed by the PCT and the Employee Defendants.

## I.    INTRODUCTION.

The basic thrust of the Motion is that, despite the fact that it has been established that copies of Mr. Berry's works were put back on to the computers sold to C&S, despite the fact that C&S defended the use of software that was created by using an infringing copy of Mr. Berry's software, somehow Mr. Berry's bringing a copyright lawsuit against C&S is an act of outlandish frivolity that would warrant the granting of fees to C&S. Mr. Berry respectfully preserves for

appeal all the issues related to orders entered in this case.  There was however, no inkling in the Court's orders that Mr. Berry's claims were frivolous.  Mr. Berry believes the Court should not seek to revisit orders of the District Court and attempt to glean from them factual findings that were never made by the District Court.  Respectfully, Mr. Berry does not consent to any findings of the Magistrate Judge that would seek to modify the dispositive orders entered in this case.

**A.    This Court Lacks Subject Matter Jurisdiction In Regard to The C&S Claim For Attorneys' Fees Regarding The Alleged Spreadsheet Derivative.**

The controlling authority related to the decision whether to grant  attorneys' fees in a copyrights case provides that the prevailing plaintiff and prevailing defendants must be treated exactly alike.  For Mr. Berry  to claim the right to attorneys fees, Mr. Berry was required to file a copyright registration with the Register of Copyrights  for his Freight Control System ("FCS") software.  If he prevailed, and he did prevail on the issue of ownership and copyrightability of his FCS software as to all defendants including C&S and its affiliates (hereinafter "C&S"), he is entitled to and award of attorneys' fees and full costs.  Without a filed registration however, Mr. Berry could not prevail on his claims of ownership, copyrightability and infringement.  More relevant to the Motion, Mr. Berry would be denied any right to attorneys' fees and costs absent a filed registration.

2

**B.    C&S Did Not Prevail on the Contested Issue of Ownership Of FCS or its Copyrightability.**

C&S won nothing for which fees can be granted.  For C&S to lawfully prevail on its claim that the software that it has obtained from Fleming Companies, Inc. ("Fleming") is a non-infringing independently created work, C&S and/or the PCT was tasked with the obligation of filing a copyright registration with the Register of Copyrights in order to give the Court jurisdiction over that alleged independently created work.   Because C&S never registered its work, both the C&S Fee Motion and the orders related to C&S's claims of independent creation must be found to lack the necessary condition precedent to this Court having subject matter jurisdiction.  If the Court is going to treat both the plaintiff and the defendant equally, as the Supreme Court has dictated, then the failure of C&S to register its work means, at a minimum, the motion for fees and full costs must be denied.

**C.    Mr. Berry Prevailed on All Claims for Which Attorneys Fees May be Awarded.**

As set forth in the Second Amended Verified Complaint, Mr. Berry brought claims against C&S and its related entities on COUNT I for direct copyright infringement, COUNT II for vicarious and/or contributory infringement, COUNT III for conspiracy to infringe, COUNT IV for violations of Hawaii's  trade secret

law and COUNT V for violations of the Sherman Act and COUNT IV for violation of RICO.

C&S in its joint answer to the Second Amended Verified Complaint filed with Fleming defended on the grounds that FCS was owned by Fleming and that Mr. Berry was not the owner of a valid copyright in FCS.  Hogan Dec. Exhibit "11" at Eighth and Eleventh Affirmative Defenses, page. 8.

First, Mr. Berry  prevailed again on the ownership of FCS and its copyrightability as to all defendants including C&S, its joint affirmative defenses notwithstanding.  Mr. Berry is the prevailing party as to these central issues in any infringement action.  C&S contested Mr. Berry's ownership and all material allegations of the Second Amended Verified Complaint. Because C&S failed to prevail on its affirmative defenses that Mr. Berry was not the owner of FCS, it can't be considered the prevailing party in regard to the only work that the record reflects was ever registered.  Therefore, as to the only work that gives the Court jurisdiction to hear the fee motion, Mr. Berry won two out of the three relevant issues as to all defendants that contested these issues and that includes C&S.

C&S claims to be the prevailing party in regard to COUNT I based on the finding that the copy of the unregistered software that it had obtained from Fleming, a newly independently created work,  was not derived from Mr. Berry's software.

4

In regard to this unregistered work,  the Court did not accept Mr. Berry's proffer in the form of the expert opinion of a full professor in computer science, that the C&S spreadsheets copied the structure of  FCS.  The Court concluded therefore that there was no issue of fact regarding whether the spreadsheets were an FCS derivative. Mr. Berry therefore prevailed on two of the three relevant contested issues related to the filed registration for FCS, ownership and copyrightability but not infringement.

As to FCS, C&S, that the evidence showed, had received computers containing at least 16 copies of FCS, did not prevail on any rights to this work nor as to its ownership.  It defended this claim by asserting simply that one of its employees deleted the files.  Mr. Berry sought to protect his work from C&S and he prevailed on that issue because C&S did not prevail on its claim that Mr. Berry was not the owner to FCS, as claimed by C&S in its joint answer.

As to the spreadsheets, other than the pyrrhic victory of a finding that the spreadsheets were not an FCS derivative (1 of the 3 contested issues) C&S failed to establish its own ownership of this the Spreadsheet work or of the queries that create it.   Its failure obtain such findings can only be viewed as a total strategic defeat.  Had C&S filed a counterclaim and relevant copyright registrations to give the Court jurisdiction to determine any issues related to ownership of these works C&S might be able to claim victory.  But without a copyright registration, C&S can

5

claim no such victory.  More important, the Court cannot grant any fees and costs

related to this unregistered work on the grounds that the Court lack of subject

matter jurisdiction over that unregistered work.  The only basis for an award related

to FCS are related to the three relevant issues of ownership, copyrightability and

infringement.  As to C&S, Mr. Berry has prevailed on two of the three and is the

clear prevailing party.

     As to COUNT II, regarding vicarious and contributory infringement, it

follows from COUNT I that Mr. Berry was the prevailing party on those issues

because he prevailed on two of the three relevant issues.  This is because both C&S

and Fleming jointly denied the allegation of vicarious infringement and Mr. Berry

prevailed over both Fleming and C&S's denial as to one of what they referred to in

their joint answer as the "Answering Defendants."

     As to COUNT III, conspiracy to infringe, the District Court has already ruled

that this is a tort claim in its June 27, 2005 Order  regarding various summary

judgment motions and therefore it is well settled under Hawaii law that there is no

right to attorneys' fees at all derived from this claim.  *See* Hogan Dec. Exhibit "6"

at page 30.

     As to COUNT IV, the state law misappropriation of trade secret claim, it is

undisputed that Guidance Software transferred computers that contained copies of

Mr. Berry's software to C&S.  Mr. Berry had a right to protect his works.  There is

no claim that his bringing this claim was in bad faith and Mr. Berry's claims were

well founded especially in light of the fact that Fleming sued him first.   Although

Mr. Berry did not prevail on the trade secret claim, there has been no finding in the

District Court indicating that Mr. Berry's claims were brought in bad faith, the

necessary condition precedent to any finding that the defendant is entitled to his

attorneys' fees under the Hawaii trade secret  statute.   This Court should not now

take it upon itself to enter into a review of this record that was never presented in

previous filings to make a finding that Mr. Berry's proceeding to protect his works

was in bad faith.

As to COUNT V, based on violation of the Sherman Act, the particular claim

against C&S was that it had engaged in monopoly and other anti-competitive

conduct.  There is no logical connection between the copyright claims and the

Sherman Act claims.  In fact, the Court's finding that Mr. Berry lacked standing

evidences that Mr. Berry's claims under the copyright act were not related to any

claimed antitrust claim or injury.  Therefore it is well settled that a defendant in a

Sherman Act case is not entitled to attorneys' fees and costs.   In fact a non-

prevailing plaintiff may be entitled to their fees and costs.

As to the RICO claim in COUNT VI, this claim is tied to the conspiracy to

infringe claim.  Because this claim was not brought under the Copyright Act but rather, as the Court has already determined, sounded in tort, it stands that there is no basis to claim that the RICO count provides a basis for an award of fees and full costs.

**D.     The C&S Attorneys Did Not Keep Contemporaneous Time Records Related to C&S that Defeats any Right to Fees and Costs.**

The C&S Motion admits that the fees and costs sought are not based on representation of C&S only but are a *split* of fees incurred for PCT that was clearly not a prevailing party.  It is an absolute requirement that contemporaneous time records be presented to entitle a moving party to an award of fees and costs. This admission that no separate contemporaneous fees were maintained for C&S should resolve the issue of attorneys fees and costs.

Moreover, it is without doubt that the PCT provided the defense for C&S in this case. The PCT was not a prevailing party and cannot be allowed to end run the requirement of being the prevailing party by contriving a fee request for another party that is entirely derived of fees also expended on the PCT's behalf.

In addition, the Court affirmed the Magistrate Judge's limitation of discovery that for much of the case prevented the Plaintiff or anyone, including C&S, from conducting pre-trial discovery related to Fleming and C&S

E.    **C&S Defendants, By Filing A Joint Amended Answer with Fleming Raised Denials and Affirmative Defenses Related to Mr. Berry's Ownership and Copyrightability that Makes Mr. Berry the Prevailing Party.**

In what obviously constitutes an admission that there are no actual separate fees that were expended on the sole behalf of C&S, Fleming and the C&S related defendants, on August 5, 2004, jointly filed an Amended Answer to the Second Amended Verified Complaint. Hogan Dec. Exhibit "11." In that joint effort, C&S and its co-defendant Fleming denied all the material allegations of Mr. Berry's complaint related to ownership and copyrightability, two of the three issues in any copyright infringement case. *See* Excerpt of Second Amended Verified Complaint, Hogan Dec. Exhibit "13" at ¶¶ 25 to 32. Directly relevant to this Motion, C&S claimed that the software used by both C&S and Fleming was an independent creation of either Fleming or C&S. *See* Hogan Dec. Exhibit "11" at Eighth and Eleventh Affirmative Defenses, page 8. C&S cannot deny that it contested Mr. Berry's ownership of his original work FCS, and claimed that PCT was using FCS as the owner of the copyright to FCS. C&S's Amended Answer and its defenses, including these affirmative defenses, were patently frivolous. C&S's failure to prevail on these defenses, signed under Rule 11 by its attorneys, is an absolute admission that it was not the prevailing party in this litigation.

Moreover, C&S failed to raise any of these defenses related to its claim of ownership as to the Spreadsheet program as a counterclaim that would have required it to file a registration with the Register of Copyrights.  By not coming forward on this compulsory counterclaim, C&S and the PCT have both lost the right to defend a claim brought by Berry that he is the owner of the Spreadsheet program on the grounds that these defendants have waived this claim and are barred under the *Res Judicata* sub-doctrine of claim bar and merger from contesting a claim of ownership.  That can hardly be called a "win."

**F.     The Court Had Stayed Discovery Against C&S and it Moved in the Fall of 1994 for Summary Judgment, Any Split in Fees Incurred Should be Cut Off at that Point.**

Mr. Berry does not believe that a fee split that necessarily gives a non-prevailing party, the PCT, a fee award can be defended on any grounds.  If the Court were to consider this bizarre compromise then the fees for C&S had to stop at the time they were awarded summary judgment no later than January 2005.  To allow this absurd split to got deeper into the case would simply be illogical and nothing but a damage award to C&S-PCT for claims they never raised.

10

## III.    ARGUMENT.

### A.    Mr. Berry Prevailed Over the C&S Defendants Regarding His Ownership and Copyrightability of FCS.

C&S, in its Amended Answer, Hogan Dec. Exhibit "11" put forward specific defenses, including affirmative defenses challenging Mr. Berry's ownership of a copyright in FCS.  This issue was clearly contested by C&S as one of the "Joint Defendants" in the Amended Answer and Mr. Berry prevailed over C&S and Fleming on these issues.   Mr. Berry is clearly the prevailing party regarding the C&S attack on his original work FCS and is copyrightability, two of the three issues in any copyright infringement action.

As to the Joint Defendants that answered "collectively," Mr. Berry also proved infringement against the "collective" and therefor prevailed on that claim against C&S as a member Joint Defendant collective.

### B.    The Court Must Treat All Parties Alike - C&S Never Registered its Alleged Original Work and Can't Claim any Fees.

It is well settled that all defendants and plaintiffs should be treated equally in regard to copyright cases when attorneys' fees and costs are sought.  *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).  In this case, it is without doubt that Mr. Berry could not obtain any attorneys' fees nor could the Court claim jurisdiction over his claims if Mr. Berry did not first register his work and allow the Copyright

11

Office to have notice of his claim of copyright.  When Mr. Berry made claims that parties used his work FCS, a prevailing defendant, who was not otherwise challenging Mr. Berry's copyright could arguably claim to be entitled to fees based on the jurisdictional predicate evidenced by Mr. Berry's Copyright Registration to FCS.   In regard to C&S defendants, they all claimed that Mr. Berry was not the owner, so each of them was not a prevailing party on the relevant registered work. This Court is required to follow the law and must conclude that C&S, in order to prevail on its claim that the work it is using and that it claims is its own property (an independently created work) must be first perfected by the filing of a valid copyright registration.  The Court must impose upon C&S the requirement that it had to file its work in the Copyright Office in order to  proceed to establish any rights of ownership or any of the other rights under the Copyright Act.  Relevant to this motion, any rights to attorneys' fees and costs, which would be denied the plaintiff under the same circumstances,  must in this case be denied to C&S for its failure to register its work.

Registration as prerequisite to certain remedies for infringement:

> In any action under this title, other than an action brought for a violation of the rights of the author under section 106A (a) or an action instituted under section 411 (b), <u>no award of statutory damages or of attorney's fees,</u> as provided by sections 504 and 505, shall be made for—

(1) <u>any infringement of copyright in an unpublished work commenced before the effective date of its registration</u>; or

(2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

The Copyright Act, 17 U.S.C. § 412 (emphasis added).

As to who won the three relevant issues related to Mr. Berry's FCS and its filed registration, regarding the three relevant issues of ownership, copyrightability and infringement, Mr. Berry won two of the three (as to C&S) and therefore is the prevailing party as to the copyright claims as to C&S.[1]

More serious for C&S and Fleming is the fact that they both failed to file a registration and counterclaim to establish ownership of the Spreadsheet program they both admit C&S is currently using. *See, Westport Historical Soc'y v. Lee*, 43 U.S.P.Q.2D (BNA) 1858 ,1997 U.S. Dist. LEXIS 11909 (D. Kan. 1997) (registration of a copyright is a jurisdictional prerequisite to a counterclaim in a copyright case).

In *EEOC v. Vanguard Group*, 2006 U.S. Dist. LEXIS 17935, 12-13 (D. Pa.

---

[1] Mr. Berry presumes that the C&S defendants will claim that they did not make any claim to rights to FCS but that is simply false as evidenced by the collecting Amended Answer, Hogan Dec. Exhibit "11".

2006), a case decided earlier this month, the court addressed the issue of subject matter jurisdiction in the context of a counterclaim in a copyright infringement action seeking to defend a copyright infringement claim on the basis of the same defenses,like the ones raised in this case. The court held that the counterclaim could go forward in part, on the grounds that the defendant had registered the copyright to the alleged independently created work.

While the Court's rulings established that the Spreadsheet program is not a derivative of FCS, the only work over which the Court has subject matter jurisdiction, the Court, on jurisdictional grounds, could not have made any rulings that C&S is the owner of the Spreadsheet program because the "Joint Defendants" failed to register the work. As to Mr. Berry, should there actually be a case where the issue of ownership of the Spreadsheet program is litigated, both the PCT and C&S would be barred from defending it on the grounds that this was a compulsory counterclaim in this case and the *Res Judicata* sub-doctrine of claim bar and merger prevents them from raising it after judgment was entered in this case. This colossal strategic error can hardly support any finding that the C&S and PCT collective prevailed on anything in this case.

14

### C.    C&S Cannot Bootstrap Other Claims to the Copyright Claim.

The great victory that C&S claims is based on Claims III to VI regarding

which there is no right to fees or full costs as follows:

> It is well-established law that a party entitled to attorney's
> fees as a prevailing party on a particular claim, but not on
> other claims in the same lawsuit, can only recover
> attorney's fees incurred in defending against that one
> claim or any "related claims." *See, e.g., Hensley v.
> Eckerhart*, 461 U.S. 424, 434-35, 76 L. Ed. 2d 40, 103 S.
> Ct. 1933 (1983); *Ackerman v. Western Elec. Co., Inc*., 860
> F.2d 1514, 1520 (9th Cir. 1988). Indeed, as the Supreme
> Court commented in *Hensley*:

> In some cases a plaintiff may present in one lawsuit
> distinctly different claims for relief that are based on
> different facts and legal theories. In such a suit, even
> where the claims are brought against the same defendants
> . . . counsel's work on one claim will be unrelated to his
> work on another claim . . . The congressional intent to
> limit awards to prevailing parties requires that these
> unrelated claims be treated as if they had been raised in
> separate lawsuits, and therefore no fee may be awarded
> for services on the unsuccessful claim.

> *Hensley*, 461 U.S. at 434-35; see also Smith v. Robinson,
> 468 U.S. 992, 1006-07, 82 L. Ed. 2d 746, 104 S. Ct. 3457
> (1984); *Schwarz v. Sec. of Health & Hum. Servs*., 73 F.3d
> 895, 903 (9th Cir. 1995) (affirming the district court's
> decision to refuse to award fees incurred on claims for
> which attorney's fees were not available where the "course
> and conduct about which she [plaintiff] complained [in
> these other claims] . . . were entirely distinct and separate"
> from the claims upon which fees were awarded).

*Entm't Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1230 (9th Cir. 1997) (citations in original).

### D.    The Four Factors in *Fogerty* Show the Motion Must be Denied.

In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) the Supreme Court expressed that the four non-exclusive factors that the Court of Appeals applied in *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (CA3 1986) may be applied "so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner."    The Court must therefore, make a determination whether the purpose of the copyright act is advanced by awarding C&S fees.    Applying the instant facts to the *Fogerty* factors, the Court must find for Mr. Berry.

### 1.    Frivolousness.

The facts show that Guidance Software, Inc. caused the transfer of at least 16 copies of Mr. Berry's works back to computers that were sold to C&S.  The fact that Mr. Dillon claimed to have deleted them after Mr. Berry brought the instant action does not mean that Mr. Berry was not entirely justified in his desire to protect this vertical market software application from being transferred without his authority to a potential customer.  Mr. Berry prevailed on all the relevant issues as to Fleming and seven of its employees and two of the three relevant issues as to C&S regarding FCS.

16

In addition, C&S claimed that the use of the spreadsheet replacement was not infringement.  This system was created by Fleming, an adjudicated willful infringer, from an unlicensed **infringing** copy of Mr. Berry's FCS after the issue of FCS' copyrightability had been tried to a jury and found in Mr. Berry's favor.  All the other claims against C&S were not derived from violations of the Copyright Act.  In any event, the District Court made no findings that any of Mr. Berry's claims were frivolous and Mr. Berry does  not consent to the Article I court revisiting ground that has already been traveled in this case by the Article III court.

In addition, even through C&S's affirmative defense were clearly frivolous.  C&S can't now claim to have not filed the Amended Answer that made clearly frivolous defenses and affirmative defenses to Mr. Berry's ownership of FCS upon which it failed to prevail. If in its Reply it tries to *weasel* out of the collective affirmative defenses that will prove it was engaged in bringing sanctionable frivolous defenses and under *Fogerty* doom its Motion to be denied.

2.  <u>Motivation</u>.

Congress has enacted  the Copyright Act to protect authors of original works.  For such a person to utilize the mechanisms provided by Congress to protect their works could not be construed as acting with improper motivation.  In this case, Mr.  Berry sought to have Fleming stop using his work after the jury found Fleming was a

willful infringer and after Fleming filed bankruptcy. Fleming sued Mr. Berry to commence this litigation. The Delaware case was dismissed and Mr. Berry prevailed against Fleming and C&S as to the ownership and copyrightability of his FCS for a second time. Mr. Berry was motivated by seeking to defend himself from a frivolous assault by an adjudicated willful infringer in proceedings it brought under the cover of a bankruptcy filed Delaware. Because all facts pointed to C&S having obtained unlicensed copies of Mr. Berry's works, he had no choice but proceed against C&S in this action to adjudicate, again, his ownership of FCS. This simple issue was again found for Mr. Berry against all defendants including C&S.

C&S' motivation in making frivolous claims against Mr. Berry's ownership evidence that kind of evil intent that the Court should find disqualifies C&S from any right to fees or costs.

### 3. Objective Unreasonableness Concerning Both the Factual And Legal Components of the Case.

As to the spreadsheet program, Mr. Berry's could not have predicted that the Court would rule that an unlicensed copy of an infringing work can be employed to create a non-infringing replacement work nor that the Court would not apply collateral estoppel as to the copyrightability of the separate elements of his work where the copyrightability of the work as a whole had been tried to a jury and final judgment

18

entered in his favor.  Mr. Berry's expert witness, not a rent a witness, but a full professor of computer science, had no difficulty in finding that the C&S spreadsheets were a Berry FCS derivative. To claim objective unreasonableness in the face of conflicting evidence would be error.

As to the transfer of the copies to C&S, Mr. Dillon claims to have removed these works sometime after Mr. Berry brought claims in this case. His right to protect his work from acts of infringement cannot be impaired and the Court should not act to deter a developer from protecting his works from infringement, especially where it has been established the principal defendant is a willful infringer.

In the face of the proof of an earlier trial and the clear record of Mr. Berry's ownership, C&S claimed that Mr. Berry was not the owner and author of FCS.

### 4.    The Need In Particular Circumstances to Advance Considerations of Compensation and Deterrence.

In this case, C&S has been able through the Court's rulings to obtain copies of software created by an adjudicated willful infringer from an infringing copy of Mr. Berry's work.  The Court must recognize that the outcome of this case was far from pre-ordained when it was filed.  The Court should not now order the struggling individual developer trying to eek out a living in this state to pay the multi-billion dollar corporate recipient of the replacement for his work created with what the Court

has ruled was an infringing copy of his Copyrighted work.  If however, the Court wants to deter developers like Mr. Berry from protecting their work in the future then the award of fees to C&S would appear a good way to snuff out competition and deter any attempt by copyright owners to protect their works.  It would however shock the conscious and be error.

Deterrence clearly would not be served by rewarding C&S for making frivolous affirmative defenses and denials of Mr. Berry's rights a the owner of the  subject FCS.

### E.    The Attorneys Failed to Keep Records of the Time Expended on C&S's Behalf.

It is well settled law in this Circuit that the Court will abuse its discretion if it awards attorneys fees on inadequate time records.

> In line with the Supreme Court's directive, we have held that a district court can abuse its discretion in certain circumstances by not requiring the party requesting attorney's fees to submit any materials besides summaries of the time expended to litigate a matter. Given the instant circumstances, we feel that the district court abused its discretion by concluding that the summaries submitted in conjunction with the declaration of Genesis's counsel were sufficient to determine exactly how many hours Genesis spent solely defending against the Inflatimation claims. Indeed, in these circumstances, we believe that the district court erred in not requiring Genesis to submit its original time records and billing statements so that ERG - and the district court - could determine whether the fees being claimed were truly for time spent in defending against the Inflatimation claims.

20

*Entm't Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1231 (9th Cir. 1997) (citations omitted).

In this case, the C&S fee application doesn't even attempt to create a summary of the time expended for C&S but just takes the fees for a non-prevailing infringer the PCT and cuts them in half and expects the Court to ignore the controlling authority and award fees based on nothing but conjecture. The Court will necessarily be awarding fees for time defending a losing party if it buys into this absurd farce. Such an act would be a clear abuse of discretion.

In addition, C&S was out of this case in January 2005. The proposed fee split would necessarily give more fees to C&S than would be justified because the Court had stopped pretrial proceedings regarding C&S for a significant period of time and after it was out there is no reason to provide any fees to C&S for work being done solely on behalf of the non-prevailing PCT.

## IV.     **CONCLUSION**.

For the reasons stated the Motion should be denied and Mr. Berry's motion granted in full.

DATED: Honolulu, Hawaii, April 19, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff

22

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; ) | **Civ. No. CV03 00385 SOM-LEK** |
| ) | **(Copyright)** |
| ) | |
| Plaintiff, ) | |
| ) | **CERTIFICATE OF SERVICE** |
| vs. ) | |
| ) | |
| ) | |
| HAWAIIAN EXPRESS SERVICE, ) | |
| INC., a California corporation; et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of Plaintiff Wayne Berry's Reply Memorandum in Opposition to Defendants C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, C&S Logistics, LLC, ES3, LLC and Richard Cohen's Motion for Award of Attorneys' Fees and Full Costs; Certificate of Service was served on the following at their last known addresses:

Served Electronically on April 19, 2006 :

Andrew V. Beaman abeaman@chunkerr.com

Margery S. Bronster mbronster@bchlaw.net, audrey@bchlaw.net

Damian Capozzola dcapozzola@kirkland.com

Christopher T. Chun ctc@hosodalaw.com

Leroy E. Colombe lcolombe@chunkerr.com

Rex Y. Fujichaku rfujichaku@bchlaw.net, jennifer@bchlaw.net

Lyle S. Hosoda lsh@hosodalaw.com

Raina P. Mead ! rpbm@hosodalaw.com

William G. Meyer , III wmeyer@dwyerlaw.com

R. Olivia Samad osamad@kirkland.com

Lex R. Smith lrs@ksglaw.com

Ann C. Teranishi act@ksglaw.com

Thomas H.Y.P. Yee thy@ksglaw.com, bls@ksglaw.com

DATED: Honolulu, Hawai'i, April 19, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY

24