LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | **Civ. No. CV03 00385 SOM-LEK** |
| | **(Copyright)** |
| Plaintiff, | |
| | **PLAINTIFF WAYNE BERRY'S** |
| vs. | **MEMORANDUM IN OPPOSITION** |
| | **TO DEFENDANTS BRIAN** |
| HAWAIIAN EXPRESS SERVICE, | **CHRISTENSEN, MARK DILLON,** |
| INC., a California corporation; et al. | **TERESA NOA, MELVIN PONCE,** |
| | **SONIA PURDY, JUSTIN** |
| | **FUKUMOTO, ALFREDDA** |
| Defendants. | **WAIOLAMA AND JACQUELINE** |
| | **RIO'S MOTION FOR** |
| | **ATTORNEY'S FEES AND COSTS** |
| | **FILED ON MARCH 23, 2006;** |
| | **CERTIFICATE OF SERVICE** |
| | |
| | **Non-Hearing** |
| | |
| | **Judge:     Hon. Magistrate Judge** |
| _____ | **Leslie Kobayashi** |

**PLAINTIFF WAYNE BERRY'S MEMORANDUM
IN OPPOSITION TO DEFENDANTS BRIAN CHRISTENSEN,
MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA
PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA
AND JACQUELINE RIO'S MOTION FOR ATTORNEYS' FEE
AND COSTS FILED ON MARCH 23, 2006**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel, and hereby respectfully submits his opposition to Defendants Brian Christensen, Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama and Jacqueline Rio's Motion for Attorneys' Fee and Costs Filed on March 23, 2006 (the "Motion"). The Motion is supported by the Declaration of Timothy J. Hogan (the "Hogan Dec.") and the Exhibits attached thereto, that are filed concurrently in support of the three oppositions to the Fleming-C&S-Employee defendants' motions for fees and full costs.

Mr. Berry also incorporates by reference his oppositions filed concurrently regarding the Motions for Fees and Full Costs filed by the PCT and the Employee Defendants.

I.    **INTRODUCTION.**

Reading the Motion in a vacuum, one might actually get the impression that the Employee Defendants were the prevailing parties. If, however, the Court looks at the Second Amended Verified Complaint and the relevant orders granting

2

summary judgment in favor of Mr. Berry, the only conclusion is that this Motion is a waste of the Court's and opposing counsel's time and grounds for additional fees and costs to be entered on behalf of the Plaintiff.

## II.  BACKGROUND.

### A.  The Employee's were Offered a Dismissal but Refused.

Mr. Berry offered to dismiss the instant employee defendants for nothing more than an agreed injunction. They refused, clinging stubbornly to the belief that they could use unlicensed software because their employer said so.  Declaration of Timothy J. Hogan (the "Hogan Dec.") Exhibit "1."  The recent filings by these defendants suggest the belief that they may infringe with impunity claiming to be immune from copyright damages based on their status as employees.   That is especially troubling in light of the District Court's order permitting them to continue to possess unlicensed copies of Mr. Berry's work.

With the exception of Brian Christensen, all of the Employee Defendants are adjudicated copyright infringers.  Hogan Dec. Exhibit "6" at pages 7 to 11 and Exhibit "7."  That is what Mr. Berry sought in bringing this case and that is what the District Court has already determined to have occurred.   Mr. Berry has prevailed, again, on the issue of his ownership, copyrightability and infringement of his Freight Control System software ("FCS") this time against the employee

3

users.   Therefore, as to these seven employees, it is simply a waste of the Court's time and Mr. Berry's time to engage in a protracted discussion of a prevailing party.  The Second Amended Judgment, Hogan Dec. Exhibit "7"  and the Order Granting Summary Judgment, Hogan Dec. Exhibit "6" together evidence that these seven employee defendants are not prevailing parties.

### B.    Brian Christensen Lacks Standing to Claim Fees and Costs.

As to Brian Christensen, Mr. Christensen testified at trial that the date that he became the President of the Hawaii Division was at the end of March 2003.[1] That conveniently put Mr. Christensen in the group of Fleming blameless employee's coming on the scene not to be tarred with the infringing conduct that formed the jury verdict of willful infringement in the first case.  Contrary to his testimony, Mr. Christensen became the President of the Hawaii Division in March 2002 when and after he personally directed the use of willfully infringing software, his troubling conflicting testimony at the instant trial notwithstanding.  *See* Hogan Dec. Exhibit  "3." Therefore, on equitable  grounds, Mr. Christensen lacks the standing necessary to be able to request any fees or cost in this case.   Moreover, the false testimony regarding the day that he became the Hawaii Division President

---

[1]  The final transcripts have not yet been submitted and this will be supplemented by an excerpt from the official trial transcript when it is available.

was a lynchpin of several defense issues in this case. Specifically, were he or Fleming to have been found a willful infringer then the contributory infringement and infringement RICO claims should have survived dismissal, not to mention the issue of Mr. Berry's right to a permanent injunction. As a matter of law and equity and the factors enunciated by the Supreme Court Mr. Christensen cannot claim to be entitled to fees or costs in this proceeding.

### C.    There are No Separate Fees to Support Christensen's Request.

In addition, the review of the time records submitted evidence that, with one possible exception of working on Mr. Christensen's responses to plaintiff's document requests of approximately three (3) hours of attorney time, the rest of the entire time entries were all related to representation of all of the Employee defendants. Therefore, if the Employees are denied their fees, as they must because they can't be prevailing parties, then Mr. Christensen's small portion of $200-$300 of attorney time that was not separately sought by his concurrent attorneys must also be disregarded. It was Mr. Christensen's attorney's obligation to make some apportionment for the time spent on Mr. Christensen's behalf that was not also spent defending the adjudicated infringer defendants. Sticking to the indefensible claim that all the adjudicated infringer Employees were prevailing parties, the Employees have waived any claim to a portion of the fees and costs

expended solely on Mr. Christensen's behalf.

### D. Brian Christensen Denied the Material Allegations Related to Ownership and Mr. Berry Prevailed on these Copyright Related Issues.

On July 13, 2004, Brian Christensen, along with the other Employees, filed an Answer to the Second Amended Verified Complaint. A copy of the Answer is attached to the Hogan Dec. Exhibit "12." In that answer, Mr. Christensen denied the material allegations of the Second Amended Verified Complaint, including the allegations contained in paragraphs 25 to 33 that detail the facts to support Mr. Berry's claim to ownership and copyrightability of his FCS work. *See* Excerpt of Second Amended Verified Complaint, Hogan Dec. Exhibit "13." Mr Berry, not Mr. Christensen, was the prevailing party as to these critical and contested issues related to the copyright claims. As such, Mr. Berry, not Mr. Christensen, is properly the prevailing party in regard to this infringement action.

## II. ARGUMENT.

### A. The Employees Cannot Bootstrap Other Claims to the Copyright Claim.

Mr. Berry brought additional claims against Ms. Noa and Mr. Dillon. As to the other Employees the only claim was for direct infringement. On that claim against the other Employees, Mr. Berry was clearly the prevailing party as set forth

in the June 27, 2005 Order. Hogan Dec. Exhibit"6" at pages 7 to 11.

As to Dillon and Noa, they are adjudicated infringers.  As to the other claims

brought against them, they were all related to Count III, conspiracy to infringe.

The District Court has already ruled in this case that this is not a claim arising

under the copyright Act but a tort claim under state law.  As such it is well settled

that there is no right to fees for prevailing on this claim.  Hogan Dec. Exhibit "6" at

page 30.  Likewise, the RICO claim was based on the same state derived

conspiracy claim and as a RICO claim does not give rise to a right to fees.   The

employees cannot use these claims to argue a right to attorneys fees because they

lost on the copyright related issues.

> It is well-established law that a party entitled to attorney's
> fees as a prevailing party on a particular claim, but not on
> other claims in the same lawsuit, can only recover
> attorney's fees incurred in defending against that one
> claim or any "related claims." *See, e.g., Hensley v.
> Eckerhart*, 461 U.S. 424, 434-35, 76 L. Ed. 2d 40, 103 S.
> Ct. 1933 (1983); *Ackerman v. Western Elec. Co., Inc*.,
> 860 F.2d 1514, 1520 (9th Cir. 1988). Indeed, as the
> Supreme Court commented in *Hensley*:
>
> In some cases a plaintiff may present in one lawsuit
> distinctly different claims for relief that are based on
> different facts and legal theories. In such a suit, even
> where the claims are brought against the same defendants
> . . . counsel's work on one claim will be unrelated to his
> work on another claim . . . The congressional intent to
> limit awards to prevailing parties requires that these

> unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.
>
> *Hensley*, 461 U.S. at 434-35; see also Smith v. Robinson, 468 U.S. 992, 1006-07, 82 L. Ed. 2d 746, 104 S. Ct. 3457 (1984); *Schwarz v. Sec. of Health & Hum. Servs.*, 73 F.3d 895, 903 (9th Cir. 1995) (affirming the district court's decision to refuse to award fees incurred on claims for which attorney's fees were not available where the "course and conduct about which she [plaintiff] complained [in these other claims] . . . were entirely distinct and separate" from the claims upon which fees were awarded).

*Entm't Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1230 (9th Cir. 1997) (citations in original).

## B.    The Four Factors in *Fogerty* Show the Motion Must be Denied.

In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) the Supreme Court held that the four non-exclusive factors that the Court of Appeals applied in *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (CA3 1986) may be applied "so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner."   The Court must therefore, make a determination whether the purpose of the copyright act is advanced by awarding the any of the Employee defendants fees.   Applying the instant facts to the *Fogerty* factors, the Court must find for Mr. Berry.

8

1.     **<u>Frivolousness</u>**.

Mr. Berry prevailed on his claim of direct infringement against each of the employee defendants with the exception of Brian Christensen for the use of the infringing derivative.  He prevailed over Christensen on his defenses based on Mr. Berry's lack of rights of ownership and copyrightability.

As to other facts pled in the Second Amended Verified Complaint, the facts show that Guidance Software, Inc. caused the transfer of at least 16 copies of Mr. Berry's works back to computers that were sold to C&S.  The fact that Mr. Dillon claimed to have deleted them after Mr. Berry brought the instant action does not mean that Mr. Berry was not entirely justified in his desire to protect this vertical market software application from being transferred without his authority to a potential customer.  Mr. Berry prevailed on all the relevant issues as to Fleming and seven of its employees.

At to Mr. Christensen, based on his false testimony at trial, the claim against Mr. Christensen for willful infringement should have gone to the jury.  That claim was clearly not frivolous.  There is no *Fogerty* policy served by awarding him anything.

## 2.  **Motivation.**

Congress has enacted the Copyright Act to protect authors of original works not infringers. For a small developer to utilize the mechanisms provided by Congress to protect their works could not be construed  as acting with improper motivation.  Mr. Berry had been the adjudicated victim of willful infringement. The Court has found that Mr. Berry's rights continued to be violated during the relevant period, Fleming's false denials notwithstanding.  In this case, Mr. Berry sought to have Fleming and its employees stop using his work after the jury found Fleming was a willful infringer and after Fleming filed bankruptcy.  Fleming sued Mr. Berry to commence this litigation. The Delaware case was dismissed and Mr. Berry prevailed against Fleming and each of these defendants as to the ownership and copyrightability of his FCS, against Fleming for a second time.   Mr. Berry was motivated by seeking to defend himself from a frivolous assault by an adjudicated willful infringer in proceedings it brought under the costly cover of a bankruptcy filed Delaware and to stop unlicensed users from using his work.  Because all facts pointed to the PCT having transferred unlicensed copies of Mr. Berry's works, he had no choice but proceed in this action to adjudicate again his ownership of FCS. This simple issue was again found for Mr. Berry against all employee defendants, including Brian Christensen.

### 3.    Objective Unreasonableness Concerning Both The Factual and Legal Components of the Case.

Mr. Berry's claim that the employee defendants and Fleming were infringing his software was proven by summary judgment. As to the spreadsheet program, Mr. Berry's could not have reasonably predicted that the Court would rule that an unlicensed copy of an adjudicated willfully infringed work can be employed to create a non-infringing replacement work nor that the Court would not apply collateral estoppel as to the copyrightability of the separate elements of his work where the copyrightability of the work as a whole had been tried to a jury and final judgment entered in his favor. Not to mention the fact that such conduct violated his End User License Agreement. Mr. Berry's expert witness, a full professor of computer science, had no difficulty in finding that the Spreadsheet program was a Berry FCS derivative. To claim objective unreasonableness in the face of conflicting evidence and supporting competent expert testimony would be error.

As to the transfer of the copies to C&S, Mr. Dillon claims to have removed these works sometime after Mr. Berry brought claims in this case. Mr. Berry's right to protect his work from acts of infringement cannot be impaired and the Court should not act to deter a developer from protecting his works from infringement, especially

where it has been established the principal defendant is an adjudicated willful infringer.

### 4.    The Need In Particular Circumstances To Advance Considerations of Compensation and Deterrence.

Mr. Berry has a right to deter the employee defendants from committing additional acts of infringement.  He hopefully has done that.    These defendants refused to settle for no money because they resisted an injunction.  The Court should not now order a struggling individual developer trying to eke out a living to pay the infringing employees of a of a multi-billion dollar corporate wrongdoer and adjudicated willful infringer.  If however, the Court wants to deter developers from protecting their works in the future and thereby facilitate additional acts of infringement,  then the award of fees to these defendants would appear a good way to accomplish that end.  It would however shock the conscious and be reversible error.

### C.    The Employees' Attorneys Failed to Keep Records of The Time Expended On Solely On Mr. Christensen's Behalf.

It is well settled law in this Circuit that the Court will abuse its discretion if it awards attorneys fees on inadequate time records.

> In line with the Supreme Court's directive, we have held that a district court can abuse its discretion in certain circumstances by not requiring the party requesting attorney's fees to submit any materials besides summaries of the time expended to litigate a matter. Given the

12

> instant circumstances, we feel that the district court
> abused its discretion by concluding that the summaries
> submitted in conjunction with the declaration of
> Genesis's counsel were sufficient to determine exactly
> how many hours Genesis spent solely defending against
> the Inflatimation claims. Indeed, in these circumstances,
> we believe that the district court erred in not requiring
> Genesis to submit its original time records and billing
> statements so that ERG - and the district court - could
> determine whether the fees being claimed were truly for
> time spent in defending against the Inflatimation claims.

*Entm't Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1231 (9th Cir.

1997) (citations omitted).

In this case, the concurrent counsel for the employee defendants did not keep

separate time records for the time expended defending Mr. Christensen nor do they

argue that any apportionment is justified.  By seeking too much in the instant

Motion, they have waived any claim to a separate award for Mr. Christensen, who,

by his conduct, is not equitably entitled to anything.   *See  Stewart v. Gates*, 987

F.2d 1450, 1453 (9th Cir. 1993) ( "It is an abuse of discretion to award fees for

hours not properly documented").

13

**D.    Mr. Berry Prevailed over All the Employees Including Christensen's Frivolous Attack on His Ownership of FCS.**

The Answer filed by all these defendants denied all of the material allegations related to ownership and copyrightability of FCS.  Assuming that the Court looks at each defendant and each copyright related issue of ownership, copyrightability and infringement, then if Mr. Berry had prevailed against all employees on all contested issues he would have prevailed on 24 separate contested issue.  In this case, the only employee that was not found an infringer was Mr. Christensen.  He, like the other employees, contested all three issues relevant to him.  Therefore, as to the potential of 24 findings for Mr. Berry, Mr. Berry prevailed on 23.  Only Christensen escaped a finding of infringement, but failed to prevail on the other two issues he contested in his Answer.  Mr. Berry was, and remains, the prevailing party.

**E.    All Fees and Costs Were Paid By the PCT.**

The Employee Defendants have had their fees paid by the PCT that has engaged the services of an ordinary course professional in regard to the Fleming Bankruptcy.  Hogan Dec., Exhibit "14."  The simple fact is that the employees are not out a dime for the cost of this representation and it is sanctionable for counsel

to evan make such a suggestion.  The awarding of fees will simply be a grant of money to the principal losing party, the Fleming PCT.

## II.    CONCLUSION.

Under these circumstances, the Motion should be denied and Mr. Berry should be granted his full fees in having to address the Motion.

DATED: Honolulu, Hawaii, April 20, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN

15

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | **Civ. No. CV03 00385 SOM-LEK** |
| | ) | **(Copyright)** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| vs. | ) | |
| | ) | |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; et al. | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the dates and by the methods of service noted below,

a true and correct copy of PLAINTIFF WAYNE BERRY'S REPLY

MEMORANDUM IN OPPOSITION TO DEFENDANTS BRIAN

CHRISTENSEN, MARK DILLON, TERESA NOA, MELVIN PONCE,

SONIAPURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA AND

JACQUELINE RIO'S MOTION FOR ATTORNEYS' FEE AND COSTS FILED

ON MARCH 23, 2006 was served on the following at their last known addresses:

Served Electronically on April 20, 2006 :

Andrew V. Beaman abeaman@chunkerr.com

Margery S. Bronster mbronster@bchlaw.net, audrey@bchlaw.net

Damian Capozzola dcapozzola@kirkland.com

Christopher T. Chun ctc@hosodalaw.com

Leroy E. Colombe lcolombe@chunkerr.com

Rex Y. Fujichaku rfujichaku@bchlaw.net, jennifer@bchlaw.net

Lyle S. Hosoda lsh@hosodalaw.com

Raina P. Mead ! rpbm@hosodalaw.com

William G. Meyer , III wmeyer@dwyerlaw.com

R. Olivia Samad osamad@kirkland.com

Lex R. Smith lrs@ksglaw.com

Ann C. Teranishi act@ksglaw.com

Thomas H.Y.P. Yee thy@ksglaw.com, bls@ksglaw.com

        DATED: Honolulu, Hawai'i, April 20, 2006.

                                    /s/ Timothy J. Hogan
                                    TIMOTHY J. HOGAN
                                    Attorney for Plaintiff WAYNE BERRY