# Exhibit

# 8

1

```
 1              IN THE UNITED STATES DISTRICT COURT FOR THE

 2                         DISTRICT OF HAWAII

 3   WAYNE BERRY, a Hawaii         )   CIVIL NO. 03-00385SOM-LEK
     citizen,                      )
 4              Plaintiff,         )   Honolulu, Hawaii
                                   )   October 11, 2005
 5         vs.                     )   10:57 a.m.
                                   )
 6   HAWAII EXPRESS SERVICE,       )   DEFENDANTS MARK DILLON,
     Inc., a California            )    TERESA NOA, MELVIN PONCE,
 7   corporation, et al.,          )    SONIA PURDY, JUSTIN
                Defendants.        )    FUKUMOTO, ALFREDDA
 8   _____)    WAIOLAMA & JACQUELINE RIO'S
                                       MOTION FOR SUMMARY JUDGMENT
 9                                     ON DAMAGES
                                       DEFENDANT PCT'S MOTION
10                                     FOR PARTIAL SUMMARY
                                       JUDGMENT ON DAMAGES
11
                        TRANSCRIPT OF PROCEEDINGS
12              BEFORE THE HONORABLE SUSAN OKI MOLLWAY,
                     UNITED STATES DISTRICT JUDGE
13
     APPEARANCES:
14
     For the Plaintiff:             TIMOTHY J. HOGAN, Esq.
15                                  Lynch Ichida Thompson Kim
                                     & Hirota
16                                  1132 Bishop Street, Ste. 1405
                                    Honolulu, Hawaii 96813
17

18   For Defendant                  LEX R. SMITH, Esq.
     Post-Confirmation Trust        ANN C. TERANISHI, Esq.
19   for Fleming Companies,         First Hawaiian Center
     Inc.:                          999 Bishop Street, Suite 2600
20                                  Honolulu, Hawaii 96813

21                                  ERIC C. LIEBELER, Esq.
                                    Kirkland & Ellis LLP
22                                  777 South Figueroa Street
                                    Los Angeles, California 90017
23
     For Defendants Dillon,         LYLE S. HOSODA, Esq.
24   Noa, Ponce, Purdy,             RAINA P. B. MEAD, Esq.
     Fukumoto, Waiolama & Rio:      Lyle S. Hosoda & Associates, LLC
25                                  345 Queen Street, Suite 804
                                    Honolulu, Hawaii 96813
```

1    in the record, a quote:  You want to change my software, this

2    is what it's going to cost you.  That's an issue of fact as to

3    whether what they're claiming, $100, which is what they got

4    from somebody who's paying Mr. Berry a lot of money to use the

5    software legally.

6          THE COURT:  Okay.  First of all, if I entered judgment

7    against the defendants jointly and severally for any amount,

8    they are not the prevailing party.  So I don't understand how

9    they're going to seek attorney's fees.

10          If you seek attorney's fees, then even if you get an

11    award of attorney's fees it's going to be reasonable attorney's

12    fees.  And if your award is, for example, $30,000, I don't

13    know, you're going to have a great time establishing that, you

14    know, half a million dollars is a reasonable attorney's fee for

15    a $30,000 award.  I mean I think that's a pretty tough row to

16    hoe.

17          Now, you can take me up on appeal.  If I get reversed,

18    you come back down, you ultimately win a million dollars.

19    Well, obviously you're going to be in a different posture then

20    and, you know, no doubt your fees will stretch back even to

21    these proceedings that have preceded today.

22          I'm not saying I'm going to rule yet, but I'm just

23    trying to understand how the process will unfold as we go on

24    depending on how I rule.  And, you know, some of the things

25    that you just said do not seem to me to follow logically from

1    COURT REPORTER'S CERTIFICATE

2

3         I, CYNTHIA TANDO FAZIO, Official Court Reporter,

4    United States District Court, District of Hawaii, Honolulu,

5    Hawaii, do hereby certify that the foregoing pages numbered 1

6    through 47 is a correct transcript of the proceedings had in

7    connection with the above-entitled matter.

8

9         DATED at Honolulu, Hawaii, November 14, 2005.

10

11

12                    CYNTHIA TANDO FAZIO, RMR, CRR

13

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit

# 9

# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| FLEMING COMPANIES, INC., an Oklahoma corporation; MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA, and JACQUELINE RIO, Hawaii citizens; et al., | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civ. No. 03-00385 SOM/LEK

SPECIAL VERDICT FORM

UNITED          E
DIS...          CT COURT
                ....ii

MAR 7 - 2006

at 3 o'clock and 45 min __ M
SUE BEITIA, CLERK

## SPECIAL VERDICT FORM

The jury must answer all of the questions unless otherwise indicated. To understand what issues are being submitted to you, you may wish to read over the entire Special Verdict Form before proceeding to answer it. Answer the questions in numerical order. Follow the directions carefully. Each answer requires the agreement of all jurors. If you do not

understand any question, or if you wish to communicate with the Court on any subject, you must do so in writing through the courtroom manager.

## I.        Direct Infringement

### Actual Damages Caused by Direct Infringement

1.    Has the plaintiff proven by a preponderance of the evidence that he is entitled to recover actual damages for any defendant's use of the plaintiff's software between April 1, 2003, and June 9, 2003?

Yes   ✕

No   _____

If you answered "Yes" to Question No. 1, go on to Question No. 2.  If you answered "No" to Question No. 1, skip Question Nos. 2 and 3 and proceed to Question No. 4.

2.    If you answered "Yes" to Question No. 1, state the total amount of actual damages that the plaintiff is entitled to recover for direct infringement.

$ _51,534_____

Go on to Question No. 3.

3.    State the portion of the actual damage amount that each defendant's direct infringement caused.  If one or more defendants were responsible for

3

the entire actual damage amount, you may so indicate by writing the word

"all" in the space next to any such defendant's name.  If a defendant did not

cause the entire actual damage award, you may fill in "0" or a dollar amount

less than your response to Question No. 2 next to that defendant's name.

Remember that the total of what all defendants caused is stated in your

response to Question No. 2.

| | |
|---|---|
| Fleming | $ *57530* |
| Mark Dillon | $ *2* |
| Teresa Noa | $ *2* |
| Melvin Ponce | $ *∅* |
| Sonia Purdy | $ *∅* |
| Justin Fukumoto | $ *∅* |
| Alfredda Waiolama | $ *∅* |
| Jacqueline Rio | $ *∅* |

Go on to Question No. 4.

4

## **Fleming's Profits Resulting from Direct Infringement**

4.    Has the plaintiff proven by a preponderance of the evidence that he is
entitled to recover profits attributable to Fleming's use of the plaintiff's
software between April 1, 2003, and June 9, 2003?

Yes    ✕

No    _____

If you answered "Yes" to Question No. 4, go on to Question No. 5.  If you
answered "No" to Question No. 4, skip Question No. 5 and proceed to
Question No. 6.


5.    If you answered "Yes" to Question No. 4, state the amount of profit
attributable to Fleming's direct infringement, but do not include in your
calculation any matters that would duplicate damages, if any, already
awarded in your response to Question No. 2.

$    ∅

Go on to Question No. 6.

## II.    Vicarious Liability

6.    Is Fleming vicariously liable for any employee defendant's use of the

plaintiff's software between April 1, 2003, and June 9, 2003?

Yes    ✗

No    _____

Please sign and date this form and give it to the courtroom manager.

_7 MARCH 2006_

Date

_Dwayne Hu_

Foreperson

6

# Exhibit

# 10

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 3 2004

at____o'clock and ____min.____M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, | ) | CIV. NO. 03-00385 SOM/LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER AFFIRMING DISCOVERY |
| vs. | ) | LIMITATIONS IN AMENDED |
| | ) | RULE 16 SCHEDULING ORDER |
| HAWAIIAN EXPRESS SERVICE, | ) | FILED ON MAY 7, 2004 |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER AFFIRMING DISCOVERY LIMITATIONS IN
AMENDED RULE 16 SCHEDULING ORDER FILED ON MAY 7, 2004

I.      INTRODUCTION.

        Plaintiff Wayne Berry alleges that various Defendants

have been infringing on Berry's copyrighted software.  On May 7,

2004, Magistrate Judge Leslie E. Kobayashi issued an Amended

Rule 16 Scheduling Order.  This order limited discovery until

September 30, 2004, to discovery related to any claim against or

any defense raised by Defendants Foodland Super Market, Ltd., and

Hawaii Transfer Company, Ltd., and the individual Defendants.

Berry appeals this discovery limitation pursuant to Local Rule

74.1 and 28 U.S.C. § 636(b)(1)(a).  Because Berry fails to

demonstrate that the Amended Rule 16 Scheduling Order's discovery

limitation is clearly erroneous or contrary to law, that order is

AFFIRMED.

II.        STANDARD OF REVIEW.

Under Local Rule 74.1 and § 636(b)(1)(a), a district court may set aside a Magistrate Judge's order regarding any pretrial matter (except those motions delineated in Local Rule 72.4(a)) only if that order is "clearly erroneous or contrary to law." See also Bhan, C.R.N.A. v. NME Hosps., Inc., 929 F.2d 1404, 1414-15 (9th Cir. 1991) ("the magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard"). This standard is significantly deferential, requiring a "definite and firm conviction that a mistake has been committed before reversal is warranted." Mathews v. Chevron Corp., 362 F.3d 1172, 1180 (9th Cir. 2004); accord United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). Here, because the discovery limitation does not involve a conclusion of law, the court applies the "clearly erroneous or contrary to law" standard. See Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002) (noting that the district court reviews a magistrate judge's pretrial order under a "clearly erroneous or contrary to law" standard, that the appellate court uses the same standard, and that questions of law are reviewed de novo).

III.    ANALYSIS.

Berry's First Amended Complaint alleges that numerous Defendants are infringing on his software.[1] Magistrate Judge Kobayashi appears to have attempted to narrow the scope of discovery in this case so that discovery concerning Defendants who are not the alleged principal violators would conclude early. This appears to have been done to save all of the parties time, money, and energy in litigating this case.[2] Given Berry's extensive discovery requests, Magistrate Judge Kobayashi's decision to exercise her discretion in controlling the orderly progression of this case in an efficient manner is easily

---

[1]It appears from the files in this case that, on or about March 4, 2004, Berry was given leave to file a Second Amended Complaint. Because mediation was conducted since then, no Second Amended Complaint was filed. Berry is ordered to file his Second Amended Complaint no later than June 18, 2004, unless Magistrate Judge Kobayashi extends that deadline before it has passed.

[2]Because Rule 16 conferences are held off the record, this court did not have any record of what was said at the conference or of why Magistrate Judge Kobayashi imposed the discovery limitations. The court therefore requested supplemental briefing on that subject from the parties that had participated in this appeal. Berry indicated in his supplemental brief that Magistrate Judge Kobayashi sought to put certain Defendants on a "fast track" because the case against them could be more easily resolved than the case against the other Defendants. See Plaintiff Wayne Berry's Supplemental Memorandum (June 3, 2004). Other Defendants indicated that the limitation was imposed to "promote efficiency" by adjudicating the claims against "peripheral defendants" first. See Defendants Fleming Companies Inc., et al., Additional Statement of Fact (June 3, 3004).

understood.[3]  See, e.g., Zivkovic v. S. Cal. Edison Co., 302 F.3d
1080, 1087 (9th Cir. 2002) (noting that district courts have
"broad discretion in supervising the pretrial phase of
litigation").

Berry has not shown that the discovery limitation is
"clearly erroneous or contrary to law."  Berry concedes that the
court's discovery limitation is an attempt to "expedite"
discovery as to certain defendants.  See Appeal at 3.  Berry does
not even attempt to demonstrate why the discovery limitation is
"clearly erroneous or contrary to law."  At most, Berry baldly
argues that he will be prejudiced because, if he cannot have
discovery as to the alleged infringement, the alleged infringers
will continue to use his software or attempt to reverse engineer
it.  This argument is unpersuasive given this court's earlier
ruling that his Complaint presented no significant threat of
irreparable injury or likelihood of success on the merits.  See
Order Denying Plaintiff's Motion for Temporary Restraining Order

---

[3]Berry has submitted broad, burdensome, and sometimes
irrelevant discovery requests.  For example, although Berry
essentially seeks compensation for and cessation of Defendants'
alleged misuse of his software, Berry requests copies of "all
correspondence, including invoices, within the last year between
Fleming and any vendor selling to Fleming," see Berry's Second
Request for Production of Documents to Fleming, the "employment
file of each and every Fleming employee who used the original
Berry freight system," including the salary and wages paid to
that individual, and "all documents related to the compensation
of any attorney of record in this proceeding.  See Berry's Second
Request for Production of Documents to Fleming.

4

(July 25, 2003).  The court is similarly unconvinced by Berry's argument that he needs broad discovery so that he can file an administrative claim in the Bankruptcy Court.  Even if Berry were to be prejudiced by the discovery limitation, he does not demonstrate that any such prejudice would outweigh the benefits of the discovery limitation.  Berry therefore fails to demonstrate that the alleged prejudice would amount to clear error or be contrary to law.  Accordingly, the court AFFIRMS the discovery limitation.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Berry may make a future request to Magistrate Judge Kobayashi for a modification of the scheduling order based on "good cause" that goes beyond the current record.

IV.     CONCLUSION.

Given the scope of Berry's discovery requests, Berry's failure to meet the standard for a temporary restraining order, the number of Defendants in this action, and the types of claims against the various Defendants, the discovery limitation was not "clearly erroneous or contrary to law."  Accordingly, the discovery limitation in the Amended Rule 16 Scheduling Order is AFFIRMED.

The Clerk of the Court shall send a copy of this order to all of the parties in this action and to Magistrate Judge Kobayashi.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 3, 2004.

SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

Berry v. Hawaiian Express Service, Inc., et al., Civ. No. 03-00385 SOM/LEK; ORDER AFFIRMING DISCOVERY LIMITATIONS IN AMENDED RULE 16 SCHEDULING ORDER FILED ON MAY 7, 2004

6

# Exhibit

# 11

RECEIVED
AUG 6 2004

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 05 2004

at ___ o'clock and ___ min. ___ M.
WALTER A.Y.H. CHINN, CLERK

365551

# KOBAYASHI, SUGITA & GODA

LEX R. SMITH          3485-0
ANN C. TERANISHI      7318-0
ANNE E. LOPEZ         7609-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii  96813
Telephone No. (808) 539-8700
Facsimile No.  (808) 539-8799
Email: lrs@ksglaw.com

Attorneys for Defendants
FLEMING COMPANIES, INC.,
C&S LOGISTICS OF HAWAII, LLC,
C&S WHOLESALE GROCERS, INC.,
and C&S ACQUISITIONS, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| | ) FLEMING COMPANIES, INC., C&S |
| | ) LOGISTICS OF HAWAII, LLC, C&S |
| vs. | ) WHOLESALE GROCERS, INC., and |
| | ) C&S ACQUISITIONS, LLC'S |
| HAWAIIAN EXPRESS SERVICE, | ) AMENDED ANSWER TO SECOND |
| INC., a California corporation; H.E.S. | ) AMENDED COMPLAINT FILED |
| TRANSPORTATION SERVICES, INC.,) | JUNE 18, 2004, FILED JULY 16, 2004; |
| a California corporation; CALIFORNIA | ) CERTIFICATE OF SERVICE |
| PACIFIC CONSOLIDATORS, INC., a | ) |
| California corporation; JEFFREY P. | ) |
| GRAHAM and PETER SCHAUL, | ) |
| California citizens; MARK DILLON and ) | |
| TERESA NOA, BRIAN | ) |
| CHRISTENSEN, Hawaii citizens; | ) |
| (CAPTION CONTINUED) | ) |

FLEMING COMPANIES, INC., an )
Oklahoma corporation; C&S )
LOGISTICS OF HAWAII, LLC, a )
Delaware LLC; C&S WHOLESALE )
GROCERS, INC., a Vermont )
corporation; C&S ACQUISITIONS, )
LLC; FOODLAND SUPER MARKET, )
LIMITED, a Hawaii corporation; )
HAWAII TRANSFER COMPANY, )
LIMITED, a Hawaii corporation; )
RICHARD COHEN, a New Hampshire )
citizen, ES3, LLC, Delaware Limited )
Liability Company, MELVIN PONCE, )   Trial Date: September 20, 2005
SONIA PURDY, JUSTIN FUKUMOTO, )   Judge: Susan Oki Mollway
AFREDDA WAIOLAMA, )
JACQUELINE RIO, Hawaii citizens; )
JESSIE GONZALES, LUIZ )
RODRIGUES, AL PEREZ and )
PATRICK HIRAYAMA, California )
citizens; GUIDANCE SOFTWARE, )
LLC, a California LLC; MICHAEL )
GURZI, a California citizen; ALIX )
PARTNERS, LLC a Delaware LLC; )
DOE INDIVIDUALS 2-350; DOE )
PARTNERSHIPS, CORPORATIONS )
and OTHER DOE ENTITIES 2-20, )
)
              Defendants. )
_____ )

## FLEMING COMPANIES, INC., C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., and C&S ACQUISITIONS, LLC'S AMENDED ANSWER TO SECOND AMENDED COMPLAINT FILED JUNE 18, 2004, FILED JULY 16, 2004

FLEMING COMPANIES, INC., C&S LOGISTICS OF HAWAII, LLC,

C&S WHOLESALE GROCERS, INC., and C&S ACQUISITIONS, LLC,

2

("Answering Defendants") in answer to the claims set forth in the Second

Amended Complaint filed herein respond as follows:

## FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can

be granted.

## SECOND DEFENSE

1. Answering Defendants deny the allegations contained in paragraphs

21, 24, 25, 26, 27, 28, 29, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45, 46, 47,

48, 49, 52, 53, 55, 57, 58, 59, 60, 61, 62, 63(a) through (e), 64, 65, 66, 67, 68, 69,

70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 83, 84, 85, 86, 87, 88, 89, 92, 93, 94, 97,

98, 99, 100, 101, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 116, 117, 118,

119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 133, 134, 136,

137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149 and 150 of the

Second Amended Complaint.

2. Answering Defendants lack information sufficient to form a belief as

to the truth of the allegations contained in paragraphs 1, 2, 3, 4, 5, 9, 10, 11, 13, 14,

20, 30, 43, 50, 51, 54, 81, 82, 102, 114 and 115 of the Second Amended

Complaint and on that basis deny them.

3

3.    The allegations contained in paragraph 6 of the Second Amended Complaint are denied, except Answering Defendants admit that C&S Logistics is a Delaware limited liability company registered to do business in Hawaii.

4.    The allegations contained in paragraph 7 of the Second Amended Complaint are denied, except to admit that C&S Wholesale Grocers, Inc. is a Vermont corporation whose affiliates purchased certain assets from Fleming Companies, Inc. ("Fleming").

5.    The allegations contained in paragraph 8 of the Second Amended Complaint are denied, except to admit that C&S Acquisition, LLC is a Delaware limited liability company whose affiliates purchased certain assets from Fleming.

6.    The allegations contained in paragraph 12 of the Second Amended Complaint are denied except to admit that Fleming is an Oklahoma corporation and registered to do business in the State of Hawaii and is presently the debtor in a pending Delaware bankruptcy case.

7.    The allegations contained in paragraphs 15 and 16 of the Second Amended Complaint are denied except to admit that Mark Dillon ("Dillon") and Brian Christensen reside in the State of Hawaii.

8.    The allegations contained in paragraph 17 of the Second Amended Complaint are denied except to admit that ES3 is located in New Hampshire.

4

9.    The allegations of paragraph 18 of the Second Amended Complaint are denied except to admit that Richard Cohen is a citizen of the State of New Hampshire.

10.    The allegations of paragraph 19 are denied except to admit that Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio are Hawaii citizens.

11.    The Answering Defendants deny the allegations contained in paragraph 22 of the Second Amended Complaint, which, in any case, are improper under the Federal Rules of Civil Procedure: "As a general rule, the use of Doe defendants to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "In the federal courts, John Doe casts no magical spell on a complaint [as] there is no provision in the Federal Statutes or Federal Rules of Civil Procedure for use of fictitious parties." Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1191 (9th Cir. 1970).

12.    The allegations of paragraph 23 of the Second Amended Complaint are denied except to admit that Wayne F. Berry may be a domiciliary of the United States.

13.    The allegations of paragraph 33 of the Second Amended Complaint are denied except to admit that Freight Control System contains database tables, queries, screens and macros.

14.    The allegations contained in paragraph 56 of the Second Amended Complaint are denied except to admit that on March 6, 2003, a jury found that Fleming **"has a license"** to use the software Berry created but that Fleming made unauthorized changes and awarded Mr. Berry $98,250 in statutory damages for those unauthorized changes.  Post-trial motions were pending when Fleming's bankruptcy petition was filed on April 1, 2003.  Accordingly, no judgment was ever entered on the verdict.

15.    The allegations of paragraph 90 of the Second Amended Complaint are denied, except to admit that Alix Partners LLC has been employed by Fleming in connection with its bankruptcy and that Gleacher Partners, LLC was formerly employed by Fleming.

16.    The allegations of paragraph 91 are denied except to admit that Fleming hired Guidance software to remove from Fleming's computers all software created by Wayne Berry.

17.    In response to the allegations contained in paragraph 95 of the Second Amended Complaint, Answering Defendants admit that plaintiff is prohibited from pursuing claims for the period prior to April 1, 2004 and deny all other allegations contained therein.

18.    The allegations contained in Paragraph 135 of the Second Amended Complaint are denied, except to admit that in March 2003, the jury found that

6

Fleming has a license to use the database created by Wayne Berry but that Fleming had made unauthorized changes to it.

19.    In response to the allegations contained in paragraph 96, Answering Defendants incorporate by reference the responses hereinabove to paragraphs 1 through 95 of the Second Amended Complaint.

20.    In response to the allegations contained in paragraph 113, Answering Defendants incorporate by reference the responses hereinabove to paragraphs 1 through 112 of the Second Amended Complaint.

21.    In response to the allegations contained in paragraph 132, Answering Defendants incorporate by reference all of the responses hereinabove to paragraphs 1 through 132 of the Second Amended Complaint.

22.    All allegations not specifically addressed above are denied.

## THIRD DEFENSE

Fleming gives notice that it intends to rely on the defense that the conduct complained of is expressly authorized by the license signed by the Plaintiff.

## FOURTH DEFENSE

The claims in the Second Amended Complaint are barred by the defense of failure of consideration.

## FIFTH DEFENSE

7

The claims in the Second Amended Complaint are barred by the defense of fraud.

## SIXTH DEFENSE

The claims in the Second Amended Complaint are barred by the defenses of waiver, estoppel, and laches.

## SEVENTH DEFENSE

The claims in the Second Amended Complaint are barred by the defense of unclean hands.

## EIGHTH DEFENSE

The Plaintiff is not the owner of the copyrights in the software referred to in the Second Amended Complaint.

## NINTH DEFENSE

The copyright registrations referred to in the Second Amended Complaint were improperly registered.

## TENTH DEFENSE

If Answering Defendants have infringed, they did so with innocent intent.

## ELEVENTH DEFENSE

No software used by Answering Defendants was created by Plaintiff. The software used by Answering Defendants was independently created by Fleming and/or C&S.

8

## TWELFTH DEFENSE

Plaintiff has failed to demonstrate compliance with the requirements of a civil action under the RICO statute.

## THIRTEENTH DEFENSE

Defendants' alleged conduct constitutes fair use.

WHEREFORE, Answering Defendants Pray as follows:

1. That all claims in the Second Amended Complaint be dismissed with prejudice.

2. That Answering Defendants be awarded their attorneys' fees and costs incurred herein.

3. That the Court award such further relief as is just and proper under the circumstances.

DATED: Honolulu, Hawaii, August 5, 2004.

KOBAYASHI, SUGITA & GODA

LEX R. SMITH
ANN C. TERANISHI
ANNE E. LOPEZ

Attorneys for Defendants
FLEMING COMPANIES, INC.,
C&S LOGISTICS OF HAWAII, LLC,
C&S WHOLESALE GROCERS, INC.,
and C&S ACQUISITIONS, LLC

9

# Exhibit 12

LYLE S. HOSODA & ASSOCIATES, LLC

LYLE S. HOSODA          3964-0
RAINA P.B. MEAD         7329-0
SHELLEY TAMEKAZU        7387-0
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 13 2004

at __ o'clock and __ min. __ M.
WALTER A. Y. H. CHINN, CLERK

Attorneys for Defendants
MARK DILLON, BRIAN CHRISTENSEN
and TERESA NOA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, | CIVIL NO. CV03-00385 SOM-LEK |
| ) | (Copyright) |
| ) | |
| Plaintiff, ) | |
| ) | DEFENDANTS MARK DILLON, |
| ) | BRIAN CHRISTENSEN, AND |
| v. ) | TERESA NOA'S ANSWER TO |
| ) | PLAINTIFF'S SECOND AMENDED |
| HAWAIIAN EXPRESS SERVICE, ) | VERIFIED COMPLAINT, FILED ON |
| INC., a California corporation; H.E.S. ) | JUNE 18, 2004; CERTIFICATE OF |
| TRANSPORTATION SERVICES, ) | SERVICE |
| INC., a California corporation; ) | |
| CALIFORNIA PACIFIC ) | |
| CONSOLIDATORS, INC.,a ) | |
| California corporation; JEFFREY P. ) | |
| GRAHAM and PETER SCHAUL, ) | |
| California citizens; MARK DILLON ) | |
| and TERESA NOA, BRIAN ) | |
| CHRISTENSEN, Hawaii citizens; ) | |
| FLEMING COMPANIES, INC., ) | [caption continued on next page] |
| an Oklahoma corporation; C & S ) | |

LOGISTICS OF HAWAII, LLC, a )
Delaware LLC; C & S WHOLESALE )
GROCERS, INC., a Vermont )
corporation; C & S ACQUISITIONS, )
LLC; FOODLAND SUPER )
MARKET, LIMITED, a Hawaii )
corporation; HAWAII TRANSFER )
COMPANY, LIMITED, a Hawaii )
corporation; RICHARD COHEN, a )
New Hampshire citizen; ES3, LLC, a )
Delaware Limited Liability Company; )
MELVIN PONCE, SONIA PURDY, )
JUSTIN FUKUMOTO, AFREDDA )
WAIOLAMA, JACQUELINE RIO, )
Hawaii citizens; JESSIE GONZALES, )
LUIZ RODRIGUES, AL PEREZ and )
PATRICK HIRAYAMA, California )
citizens; GUIDANCE SOFTWARE, )
LLC, a California LLC; MICHAEL )
GURZI, a California citizen; ALIX )
PARTNERS, LLC, a Delaware LLC; )
DOE INDIVIDUALS 2-350; DOE )
PARTNERSHIPS, )
CORPORATIONS and OTHER )
DOE ENTITIES 2-20, )
                                        )
            Defendants. )
_____ )

## DEFENDANTS MARK DILLON, BRIAN CHRISTENSEN AND TERESA NOA'S ANSWER TO PLAINTIFF'S SECOND VERIFIED COMPLAINT, FILED ON JUNE 18, 2004

Defendants MARK DILLON ("Dillon"), BRIAN CHRISTENSEN

("Christensen"), and TERESA NOA ("Noa") (collectively "Defendants") by and

2

through their attorneys, Lyle S. Hosoda & Associates, LLC, hereby submit their

Answer to Plaintiff's Second Amended Verified Complaint, filed on June 18, 2004

("Amended Complaint") as follows:

## FIRST DEFENSE

1.     The Amended Complaint fails to state a claim upon which

relief may be granted.

## SECOND DEFENSE

2.     Defendants are without knowledge or information sufficient to

form a belief as to the truth of the matters asserted in paragraphs 1-8, 10, 11, 13,

14, 17, 18, 20, 21, 23-33 of the Amended Complaint, but insofar as they pertain to

any liability on the part of Defendants, they are specifically denied.

3.     Defendants deny the allegations contained in paragraphs 19,

34-41, 43-55, 60-65, 67-85, 89-95, 97-112, 114-131, and 133-150 of the Amended

Complaint insofar as they pertain to any liability on the part of Defendants, and are

without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in said paragraphs.

4.     Defendants deny the allegations contained in paragraphs 22,

57, 58, 59, 66, 86, 87, and 88.

3

5.    With respect to paragraph 12, Defendants admit that "Defendant Fleming Companies, Inc. ("Fleming") is an Oklahoma corporation and is presently the debtor in a pending Delaware bankruptcy case. Fleming is registered to do business in the state of Hawaii and maintains an agent of service." However, Defendants deny any and all remaining allegations in said paragraph.

6.    With respect to paragraph 15, Defendants admit that Dillon is a citizen of the state of Hawaii but deny any and all remaining allegations in said paragraph.

7.    With respect to paragraph 16, Defendants admit that Christensen is a citizen of the state of Hawaii and Fleming's Hawaii division president but deny any and all remaining allegations in said paragraph.

8.    With respect to paragraph 22, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against Doe defendants, and deny the remaining allegations in said paragraph.

9.    With respect to paragraph 42, Defendants admit that Plaintiff has informed Defendants and their counsel that Plaintiff claims the use of his software would constitute infringement, but deny the remaining allegations in said paragraph.

4

10.    With respect to paragraph 56, Defendants admit the allegations contained therein except the allegations that the jury "awarded Mr. Berry $98,500 in damages. That finding terminated any and all licenses to the Berry Freight Control System."

11.    Paragraphs 9, 96, 113, and 132 are non-allegational and therefore, Defendants neither admit nor deny those paragraphs.

### THIRD DEFENSE

12.    Defendants deny each and every allegation set forth in the Amended Complaint not herein specifically answered.

### FOURTH DEFENSE

13.    Defendants intend to rely upon the defense of lack of jurisdiction.

### FIFTH DEFENSE

14.    Defendants intend to rely upon the doctrine of res judicata and/or collateral estoppel.

### SIXTH DEFENSE

15.    Defendants intend to rely upon the defense that the alleged use of software by any defendant, if it occurred, was pursuant to a valid license agreement.

5

## SEVENTH DEFENSE

16.    Defendants intend to rely upon the defense that the alleged use of the software by any defendant, if it occurred, was expressly authorized by Plaintiff.

## EIGHTH DEFENSE

17.    Defendants intend to rely upon the defense of knowledge or acquiescence on the part of Plaintiff.

## NINTH DEFENSE

18.    Defendants intend to rely upon the defense that if they had infringed upon any interest held by the Plaintiff (and Defendants deny that they did so), Defendants did so with innocent intent.

## TENTH DEFENSE

19.    Defendants intend to rely upon the defense that they acted reasonably and in good faith at all times.

## ELEVENTH DEFENSE

20.    Defendants intend to rely upon the defense that other parties to this action are responsible in whole or in part for any wrongdoing attributed to Defendants.

6

## TWELFTH DEFENSE

21.    Defendants intend to rely upon the defense that persons or entities not parties to this action are responsible in whole or in part for any wrongdoing attributed to Defendants.

## THIRTEENTH DEFENSE

22.    Defendants intend to rely upon the defense of lack of malice or intent.

## FOURTEENTH DEFENSE

23.    Defendants intend to rely upon the defense that the claims in the Amended Complaint are barred in whole or in part by the applicable statute of limitations.

## FIFTEENTH DEFENSE

24.    Defendants intend to rely upon the defense that the claims in the Amended Complaint are barred in whole or in part by Plaintiff's failure to mitigate damages, if any.

## SIXTEENTH DEFENSE

25.    Defendants intend to rely upon the defense that the claim in the Amended Complaint are barred because Plaintiff cannot demonstrate that Defendants violated any of the exclusive rights enumerated under 17 U.S.C. § 106.

### SEVENTEENTH DEFENSE

26.    Defendants intend to rely upon the defense that the claims in the Amended Complaint are barred because Plaintiff cannot demonstrate that Defendants knew or had reason to know about any alleged direct infringement by others.

### EIGHTEENTH DEFENSE

27.    Defendants intend to rely upon the defense that the claims in the Amended Complaint are barred because Plaintiff cannot point to any financial benefit that Defendants derived as a direct result of the alleged infringement of Plaintiff's copyright by any of the other defendants named herein.

### NINETEENTH DEFENSE

28.    Defendants intend or may rely upon any of the defenses permitted under Rule 8 of the Federal Rules of Civil Procedure, including but not limited to, accord and satisfaction, circuity of action, estoppel, failure of consideration, fraud, illegality, laches, payment, release, statute of frauds, waiver, and any other matter which might be deemed an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure.

### TWENTIETH DEFENSE

29.    Defendants intend to rely upon the defense that Plaintiff is not entitled to injunctive relief because Plaintiff cannot show that he is likely to prevail on the merits.

### TWENTY-FIRST DEFENSE

30.    Defendants intend to rely upon the defense of fair use.

### TWENTY-SECOND DEFENSE

31.    Defendants intend to rely upon the defense that there has been no antitrust injury.

### TWENTY-THIRD DEFENSE

32.    Defendants reserve the right to identify any defenses that may be asserted against Plaintiff's claims which are discovered during the discovery proceedings.

### TWENTY-FOURTH DEFENSE

33.    Defendants intend to rely upon the defense that they are mere salaried employees acting within the course and scope of their employment at all relevant times herein, and accordingly they are not individually liable for any claims brought by the Plaintiff.

9

TWENTY-FIFTH DEFENSE

34.    Defendants intend to rely upon the defense that Plaintiff failed to act timely and failed to meet the necessary requirements to bring a claim for infringement under the applicable intellectual property laws.

WHEREFORE, Defendants pray as follows:

1.    That the Amended Complaint be dismissed with prejudice;

2.    That Defendants be awarded their costs, expenses and reasonable attorneys' fees incurred in defense of the Amended Complaint; and

3.    For such other and further relief as the Court may deem just and equitable under the circumstances.

DATED:  Honolulu, Hawaii, __JUL 1 3 2004__.

_____
LYLE S. HOSODA
RAINA P.B. MEAD
SHELLEY TAMEKAZU

Attorneys for Defendants
MARK DILLON, BRIAN CHRISTENSEN
and TERESA NOA

10