LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., a California corporation; et al.<br><br><br><br>　　　　　Defendants.<br>_____ | ）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>） | **Civ. No. CV03 00385 SOM-LEK**<br>**(Copyright)**<br><br>**PLAINTIFF WAYNE BERRY'S REPLY TO DEFENDANT PCT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION FOR AWARD OF ATTORNEYS' FEES AND FULL COSTS FILED ON APRIL 12, 2006; CERTIFICATE OF SERVICE**<br><br>Non-hearing Motion<br><br>Judge:　Hon. Magistrate Judge Leslie Kobayashi |

**PLAINTIFF WAYNE BERRY'S REPLY TO DEFENDANT PCT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND FULL COSTS FILED ON APRIL 12, 2006**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel, and hereby respectfully submits Plaintiff Wayne Berry's Reply to Defendant PCT's Memorandum in Opposition to Plaintiff Wayne Berry's Motion for Award of Attorneys' Fees and Full Costs Filed on April 12, 2006 (the "Opposition").

**I. DISCUSSION.**

**A.   The Award Was Not *De Minimis*.**

In the never-ending attempt to create a world that doesn't exist, the PCT makes the argument that Mr. Berry's recovery in this case is *de minimis*, just like it argued its infringement was *de minimis*. Simply because there was potential for the jury to award greater damages does not transform the actual award into a *de minimis* result.[1] Based upon the damage case that the Court allowed to go to trial, had Mr. Berry elected statutory damages, his maximum statutory award against the defendants would have been $30,000. *See*, The Copyright Act, 17 U.S.C. §

---

[1] It is likely that the PCT really means that the award was *de minimis* when compared to its attorneys' over $3.3 million in fees earned for their failed defense of Fleming's post-bankruptcy infringement.

504(c)(1). In this case, Mr. Berry's award of one $57,530, was nearly double what Congress has established as the maximum statutory damage allowable. It is well settled that Congress intended statutory damages as an alternative for plaintiffs who have been injured under the recognition that proof of damages in copyright cases are inherently problematic.

> Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy.

*F. W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (U.S. 1952).

This Court should not attempt to second guess Congress that has determined that a $30,000 damage award would have been a full recovery. Mr. Berry's award was nearly double that statutory maximum and clearly not *de minimis* under any stretch of the imagination. PCT has not cited to a single case in which an award of this type, under these circumstances, was found by any court to be *de minimis* and it is simply trying to mislead the Court. Contrary to the Opposition, it has long been held that the smaller the recovery the more likely that the plaintiff should receive an award of attorneys fees and costs.

> We go so far as to suggest, by way of refinement of the *Fogerty* standard, that the prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees.

*Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608, 610 (7th Cir. 2002)

> In this case, we are particularly concerned that the small award for damages in this case is insufficient to deter future copyright infringements such as the one at issue here.

*Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996).

In addition, the focus on the size of an award would likely deny all **defendants** their ability to recover fees directly contrary to *Fogerty* that requires that both defendants and plaintiffs be treated equally.

> When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from enforcing his rights.

*Assessment Techs. of Wi, LLC v. Wire Data, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004) (citation omitted).

The fact that Mr. Berry did not prevail on each issue in the case is likewise not sufficient to deny him reasonable fees and full costs.

> As we pointed out recently, "a plaintiff is not to be denied full attorneys' fees merely because he lost some interim rulings en route to ultimate success. Such setbacks are well-nigh inevitable, and a lawyer who nevertheless was sedulous to avoid them might lose a

4

good case through an excess of caution.

*Assessment Techs*, 361 F.3d at 439.

Moreover, in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the supreme court enumerated four non-exclusive factors in determining whether to award a prevailing party fees and full cost. There is no hint in *Fogerty* that the size of the award is to be given any weight and in fact, in *Fogerty* the defendant that the Court held should be awarded its fees and cost got no award of damages. To adopt this as a factor would be clearly contrary to Supreme Court precedent. Consistent with its unabashed lack of candor, the PCT claims that Mr. Berry rejected the $400,000 offer. Quite the contrary. Mr. Berry continued to communicate with Fleming and it was Fleming's attorneys who went on dead air and did not respond to Mr. Berry's correspondence regarding the term sheet that had been given to them. *See* Declaration of Timothy J. Hogan filed on April 20, 2006 at ¶¶ 2, 4 & 5 and Exhibits "2, 4 & 5". The PCT is simply attempting to deceive the Court. The Court should look at the record of this case and not to the usupported misrepresentations of the PCT's $3.3 million attorneys.

The PCT argues that Mr. Berry's claim to fees is contrary to the Supreme Court's holding in *Farrah v. Hobby*, 506 U.S. 103 (1992). Mr. Berry received an

award that was nearly double what the maximum statutory damage award permitted.  In *Farrah*, the court awarded $1.00.  Mr. Berry received an award over **fifty-seven thousand** times the award in *Farrah*.  He is clearly the prevailing party is this litigation and is entitled to a reasonable amount of fees and his full costs.  In light of the PCT's admission that its claimed $3.3 million in fees spent on losing were reasonable,  Mr. Berry's paltry request of a total amount of $600,000 is objectively reasonable from any prospective.

      The PCT also does not even address other prevailing party issues,  besides the award of damages, that Mr. Berry prevailed upon, or, to put it another way, regarding which the PCT lost.   The issue of ownership of FCS is clearly an issue that the PCT continues to advance in the Court of Appeals, now made moot by its failure to offer any evidence to support this specious claim in response to Mr. Berry's motions for summary judgment. That failure has now rendered the PCT"s claims in the pending appeal moot destroying its one remaining defense to a claim of criminal infringement that might arise from the finding of willful infringement in the first case.   Hardly what one might term a win.

      The  principal support cited in the Opposition is *Florentine Art Studio v. Vedet K. Corp*., 891 F. Supp. 532, 541-542 (D. Cal. 1995).  The PCT fails to point the Court to the controlling authority in the Ninth Circuit that specifically rejects

*Florentine's* application to the facts of the instant litigation where the defendants pressed on despite having no real defense to their infringement as follows:

> Corel cites **<u>Screenlife Establishment v. Tower Video, Inc., 868 F. Supp. 47, 50 (S.D.N.Y. 1994), and Florentine Art Studio, Inc. v. Vedet K. Corp.,891 F. Supp. 532, 541 (C.D. Cal. 1995)</u>**, but these cases do not aid its position. Both dealt with situations where plaintiffs pressed on with their lawsuits despite lacking any facially legitimate claims that would have justified continuing the action. In contrast, this case involved a clear prerelease infringement of *Berkla's* nozzles coupled with legitimate state law claims upon which *Berkla* ultimately recovered at trial.

*Berkla v. Corel Corp.*, 302 F.3d 909, 924 n.15 (9th Cir. 2002) (emphasis added) (citations in original); *see also Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1024 (9th Cir. 2003) *citing Berkla* (a district court may not look to a prevailing plaintiff's rejection of a non-Rule 68 settlement offer to justify a discretionary decision to deny costs pursuant to Rule 54(d) because to hold otherwise would undermine the effectiveness of Rule 68).  As further evidence that Mr. Berry should be awarded his full attorneys fees and costs, Mr. Berry made offers to each of the defendants in the weeks before trial. The PCT never wrote back.

    Moreover, as additional proof of the PCT's failure, by forgetting to establish any ownership rights in its Spreadsheet replacement system sold to C&S, the PCT

has left that system an un-adjudicated orphan, at least as to the PCT and the new work's foster parent, C&S.  The failure to raise this compulsory counterclaim to establish ownership puts the C&S pride and joy in the perpetual status of "up for adoption."

In addition, the PCT makes much of the fact that Mr. Berry did not detail the amount of time that he had spent in regard to issues related to the Sherman Act and the RICO claims.  The Court may recall that the Court specifically prevented Mr. Berry from doing any discovery on those matters related solely to C&S and Fleming.  The small amount of work performed related to these counts and the lesser defendants has already been taken into account in the deduction made by Plaintiff.

Finally, the PCT's attempt to add up time entries to show that the $100,000 reduction was insufficient showed nothing but the fact that Mr. Berry likely deducted too much.  Mr. Berry asks that his Motion be granted in full and that he be given his full attorney's fees and costs as set forth by Congress in enacting the Copyright Act to act as a deterrent against further acts of infringement.  This is especially necessary in a case such as this where the Court did not grant an injunction despite evidence of continued infringement.

DATED: Honolulu, Hawaii, April 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN