LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>    Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., a California corporation; et al.<br><br>    Defendants. | Civ. No. CV03 00385 SOM-LEK<br>(Copyright)<br><br>**PLAINTIFF WAYNE BERRY'S REPLY TO DEFENDANT EMPLOYEES BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA AND JACQUELINE RIO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND FULL COSTS FILED ON APRIL 12, 2006; CERTIFICATE OF SERVICE**<br><br>Non-hearing Motion<br><br>Judge:   Hon. Magistrate Judge<br>            Leslie Kobayashi |

**PLAINTIFF WAYNE BERRY'S REPLY TO DEFENDANT EMPLOYEES BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA AND JACQUELINE RIO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND <u>FULL COSTS FILED ON APRIL 12, 2006</u>**

COMES NOW Plaintiff Wayne Berry, by and through his undersigned counsel, and hereby respectfully submits his reply to Defendant Employees' Brian Christensen, Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama and Jacqueline Rio's Memorandum in Opposition to Plaintiff Wayne Berry's Motion for an Award of Attorneys' Fees and Full Costs Filed on April 12, 2006 (the "Opposition").

I. **INTRODUCTION**.

With the exception of Brian Christensen, all the Defendant Employees were found to be direct copyright infringers of Mr. Berry's Freight Control System ("FCS"). Brian Christensen lost on the contested issue of Mr. Berry's ownership and copyrightability of FCS. Each of the individual employees that were adjudged copyright infringers used unlicensed software during a period of time that Mr. Berry was attempting to get Fleming Companies, Inc. ("Fleming") to comply with its responsibilities as a debtor in possession and at a time immediately after

Fleming's use of the same work was found to have constituted willful infringement. Mr. Berry has reaffirmed the very important principal that employees are not immune from infringement claims when they use unlicensed software in their workplace.

In regard to the factors cited by the Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994), the policy underlying the Supreme Court's decision in *Fogerty* that the Court must be true to purposes underlying the Copyright laws, clearly points to the necessity that Mr. Berry receive attorney's fees and full costs awarded against these infringers to deter future acts of infringement of his protected works. This is especially so, because the District Court did not grant an injunction as a deterrent to future infringements.

## II. BACKGROUND.

### A. Brian Christensen Does Not Deserve Any Fees and Costs In This Case Because He Escaped Liability By False Testimony.

As has been established since the entry of the verdict, the testimony of Brian Christensen was materially false in these proceedings. Mr. Christensen avoided not only his own liability but the liability of Fleming in this case by claiming that he came on the scene as the Fleming Hawaii Division President at or around the time the bankruptcy was filed in late March 2003, and was therefore not part of the pre-bankruptcy, willful infringement crew. The simple fact is that Mr. Christensen

was the Division Chief who was operating and running the willful infringement operation going back to March 21, 2002. *See* Declaration of Timothy J. Hogan filed on April 20, 2006, Exhibit "3".

Moreover, as to the claim that Mr. Christensen was the prevailing party, Mr. Christensen's answer denied all the allegations related to Mr. Berry's ownership of Freight Control System. Mr. Christensen failed to prevail on these issues and is not the prevailing party for purposes of the Copyright Claims where he contested these issues. As to the other claims in the Second Amended Verified Complaint these claims do not provide for any award of fees.

### B. The Employee Defendants Lost.

The simple fact of the matter is that the Employee Defendants lost on summary judgment and were found to be infringers. Nothing they can do can change that. With the exception of Mark Dillon and Teresa Noa, there were no claims against any of the other Employees other than for direct infringement. Ms. Noa and Mr. Dillon were alleged to have been a party to the racketeering and other conspiratorial conduct that the Court found, based in large part, on Mr. Christensen's false testimony, didn't exist. This is because, as the Court stated, there is no evidence of willful infringement in regard to the Defendants in this case and therefore the RICO claim and contributory infringement claims could not be

sustained.

The Defendant Employees raise the issue of the Iowa documents. Mr. Berry did not present the Iowa documents in any form because he only received fully redacted copies of the relevant documents, essentially blank pages. Mr. Berry remains firm that the evidence that was sought in Iowa would have shown the use of the Berry system by numerous other unlicensed users during the relevant period of time. The discovery master and the Court chose not to allow this evidence that Mr. Berry could have obtained without notice to the Defendant Employees. That matter has been preserved for appeal and will soon be before the Court of Appeals to interpret the newly enacted portion of the DMCA to determine whether proof that could be obtained with no notice to a suspected infringer outside of pending litigation can be withheld in pending litigation. As to the claim that the Defendant Employees were the prevailing party, this is simply absurd.

The PCT has submitted attorney's fees of $3.3 million. Likewise, the attorneys for the Employee defendants who was hired by the PCT to represent the employees has also sought attorney's fees of more than $300,000. That makes the total fees for the PCT in its losing effort of over $3.5 million. Mr. Berry's request for his attorney's fees, reduced by amounts to take into account matters in which he did not prevail of $600,000, is objectively reasonable and the Court should grant

the Motion as filed. These defendants have put forward no real argument that the fees sought are not reasonable, only lip service.

Moreover, the Employee's Opposition mis-comprehends the scope of the 17 U.S.C. § 505 award that covers full costs. The portion of the Opposition that addresses the issue of whether certain costs are qualified as taxable misses the point entirely. The statute provides for an award of "full" costs.

It is also worth noting that each of these employee's received an offer to allow them to be dismissed from any claims if they would agree to the entry of a stipulated injunction. See Declaration of Timothy J. Hogan filed herein on April 20, 2006 at Exhibit "1." Contrary to the Opposition, Mr. Berry has obtained an injunction in this proceeding regarding several of the defendants. The fact that this injunction was obtained through settlement should be cause for the Court's applause not grounds to deny him fees on account of the Employee's ill-advised decision to ride this case to final judgment without an offer of judgment.

These defendants' erroneous site to *Screenlilfe Establishment v. Tower Video, Inc.*, 868 F. Supp 47 (SDNY 1994) only points to their mistake in not, as the defendants in *Screenlife* had, agreeing to an injunction and conceding their infringement. The other principal case cited in the Opposition is *Florentine Art Studio v. Vedet K. Corp.*, 891 F. Supp. 532, 541-542 (D. Cal. 1995). The one thing

6

that both *Florentine* and *Screenlife* have in common is that the Ninth Circuit holds that under the facts of the instant litigation, where the defendants pressed on despite having no real defense to their infringement, they loose as follows:

> Corel *cites Screenlife Establishment v. Tower Video, Inc.*, 868 F. Supp. 47, 50 (S.D.N.Y. 1994), and *Florentine Art Studio, Inc. v. Vedet K. Corp.*, 891 F. Supp. 532, 541 (C.D. Cal. 1995), but these cases do not aid its position. Both dealt with situations where plaintiffs pressed on with their lawsuits despite lacking any facially legitimate claims that would have justified continuing the action. In contrast, this case involved a clear prerelease infringement of Berkla's nozzles coupled with legitimate state law claims upon which Berkla ultimately recovered at trial.

*Berkla v. Corel Corp.*, 302 F.3d 909, 924 n.15 (9th Cir. 2002) (citations in original).

In this case, the defendants were given an opportunity to avoid any of the costs associated with continuing as defendants but chose to roll the dice and ride the case to final judgment. Mr. Berry can't be blamed if they must bear the price of that ill-advised decision.[1]

As to the Defendants' claim that size of the award controls, that is not the law. Contrary to the Opposition that string cites non-copyright cases regarding

---

[1] The only chance that these defendants would be responsible for any of the fees and costs awarded is if the PCT were to renege on its promise made at trial to pay anything that is awarded against these defendants.

the issue of *de minimis* recovery, it has long been held that in copyright cases, the smaller the recovery the more likely that the plaintiff should receive an award of attorneys fees and costs as follows:

> We go so far as to suggest, by way of refinement of the *Fogerty* standard, that the prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees.

*Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608, 610 (7th Cir. 2002)

> In this case, we are particularly concerned that the small award for damages in this case is insufficient to deter future copyright infringements such as the one at issue here.

*Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996).

In addition, the focus on the size of an award would necessarily deny all **defendants** their ability to recover fees directly contrary to *Fogerty* that requires that both defendants and plaintiffs be treated equally.

> When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from enforcing his rights.

*Assessment Techs. of Wi, LLC v. Wire Data, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004) (citation omitted).

In regard to the matters that the Defendants claim there should be additional

deductions, the Court must recall that the Court ordered that Mr. Berry be denied the opportunity to conduct discovery regarding C&S and Fleming including the RICO and antitrust issues. Mr. Berry was prevented from pursuing discovery so the Court should agree that Mr. Berry like the defendants did not expend any relevant time or effort in regard to this issues so there is nothing to deduct. The fact that Mr. Berry did not prevail on each issue in the case is likewise not sufficient to deny him reasonable fees and full costs.

> As we pointed out recently, "a plaintiff is not to be denied full attorneys' fees merely because he lost some interim rulings en route to ultimate success. Such setbacks are well-nigh inevitable, and a lawyer who nevertheless was sedulous to avoid them might lose a good case through an excess of caution.

*Assessment Techs*, 361 F.3d at 439.

Whether the Court decides to hold only the PCT liable for the attorneys fees and costs or imposes these costs on the individual employees as a deterrent to them and other litigants who don't take a reasonable offer to escape any monetary liability, the fact remains that Mr. Berry is the prevailing party and under the controlling authority is entitled to his attorneys fees and full costs in defending his

copyright.

    DATED: Honolulu, Hawaii, April 26, 2006.

                                        /s/ Timothy J. Hogan
                                        TIMOTHY J. HOGAN