LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | Civ. No. CV03 00385 SOM-LEK (Copyright) |
| Plaintiff, | |
| vs. | |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation; et al. | DECLARATION OF TIMOTHY J. HOGAN IN SUPPORT OF PLAINTIFF WAYNE BERRY'S OPPOSITIONS TO MOTION FOR AWARD OF ATTORNEYS' FEES AND FULL COSTS FILED BY HAWAII TRANSFER COMPANY LIMITED AND GUIDANCE SOFTWARE, INC. AND MICHAEL GURZI'S MOTION FOR ATTORNEYS FEES AND FULL COSTS BOTH FILED ON MARCH 30, 2006; EXHIBITS 1 TO 9 |
| Defendants. | |

**DECLARATION OF TIMOTHY J. HOGAN IN SUPPORT OF PLAINTIFF WAYNE BERRY'S OPPOSITIONS TO MOTION FOR AWARD OF ATTORNEYS' FEES AND FULL COSTS FILED BY HAWAII TRANSFER COMPANY LIMITED AND GUIDANCE SOFTWARE, INC. AND MICHAEL GURZI'S MOTION FOR ATTORNEYS FEES AND FULL COSTS <u>BOTH FILED ON MARCH 30, 2006</u>; <u>EXHIBITS 1 TO 9</u>**

I, TIMOTHY J. HOGAN, am an attorney licensed to practice before all the courts of Hawaii and I make this declaration under penalty of perjury. All the statements herein are true and correct to the best of my knowledge, information and belief. If called upon to testify regarding the matters contained herein, I am competent and willing to do so.

1.   On March 28, 2006, believing that all motions for Attorneys fees and costs had been filed, in my meet-and-confer with Leroy Colombe, Esq. in his office, on behalf of my client, I proposed a settlement with Foodland. I followed the with a written offer the following day.

2.   On March 29, 2006, believing that all motions for Attorneys fees and costs had been filed, I obtained my client's authority to make an offer to settle with Alix Partners, Inc. which offer was orally presented in my meet-and-confer with Gregg Ushiroda, Esq., attorney for Alix Partners, in his office. The following day Alix Partners accepted my client's offer.

3.   Had I known that Guidance-Gurzi and HTC were going to be able to

file motions for fees and costs after March 23, 2006, I would have not recommended that my client make the offers to Foodland or Alix Partners at the time I made them. But, having made the offers, after learning of Guidance and HTC's late filed motion, my client felt obligated to follow through because both Foodland and Alix appeared to be acting in good faith.

4. Attached hereto as Exhibit "1" is a true and correct copy of the final Judgement entered herein on March 9, 2006.

5. Attached hereto as Exhibit "2" is a true and correct copy of a letter received from Guidance's attorney responding to my inquiry as to the reason for filing the motion beyond the 14 days permitted by the rules.

6. Attached hereto as Exhibit "3" is a page from the complaint in the adversary proceeding *Fleming Companies, Inc. v. Wayne Berry*, Adv. Proc. 03-54809 (MFW), filed in Delaware that Fleming filed against Mr. Berry in Delaware in *In re Fleming Companies, Inc.*, Bk. No. 03-10945 (MFW) (Bankr. Del.).

7. Attached hereto as Exhibit "4" is a true and correct copy of an excerpt copy of pages from the Guidance Report that was filed as an exhibit to the Affidavit of Damian Capozzola, in support of Fleming Companies, Inc.'s Motion for Preliminary Injunction in *Fleming Companies, Inc. v. Wayne Berry*, Adv. Proc. 03-54809-MFW, filed in Delaware.

8. Attached hereto as Exhibit "5" is a true and correct copy of pages excerpted from the Answer filed by Hawaii Transfer Company Limited to the Plaintiff's Second Amended Complaint on July 12, 2004.

9. Attached hereto as Exhibit "6" is a true and correct of pages excerpted from the District Court's June 27, 2005 Order regarding various motions for summary judgment.

10. Attached hereto as Exhibit "7" is a true and correct copy of pages excerpted from the Plaintiff's Second Amended Verified Complaint filed herein on June 18, 2004.

11. Attached hereto as Exhibit "8" is a true and correct copy of the Magistrate Judge's Order Adopting the Report of the Discovery Master in *Wayne Berry v. Fleming Companies, Inc.*, Civ. No. 01-00446 SPK-LEK, with true and correct copies of excerpted pages of the Discovery Master's report attached.

12. Attached hereto as Exhibit "9" is a true and correct copy of Guidance's Document No. GSI0027 that was obtained by me from Guidance's attorneys in repose to a discovery request.

Dated:   Honolulu, Hawaii April 27, 2006.

/S/Timothy J. Hogan
Timothy J. Hogan