# Exhibit 3

"the appointment of a trustee or conversion of this case immediately into a case under Chapter 7." He also stated -- incorrectly -- that "Fleming continues to use Mr. Berry's software. This constitutes criminal conduct pursuant to the Copyright Act."

23.     While Berry's counsel claimed criminal conduct by Fleming to the unsecured creditors committee, Mr. Berry himself was writing to no fewer than eight Fleming employees as individuals (including one in Texas and one in Tennessee) and accusing them of willful infringement of his software. Examples of these letters are contained in Exhibit Q. He demanded that they respond to what amounted to unauthorized written discovery and document demands no later than July 11.

24.     On June 26, Fleming retained Guidance Software of Pasadena, California to wipe its drives clean of Berry's software or any derivatives. Ex. R. Specifically, Guidance was asked to take an image of the existing network for preservation purposes, wipe the network clean, and then take another image to preserve evidence so any necessary "before" and "after" comparisons could be done. Guidance was also asked to write a report.

25.     By June 28, Berry and his counsel had apparently heard industry rumors that Fleming was contemplating selling part of its wholesale business. With no factual basis, Berry assumed incorrectly that Fleming was still using his software, and he threatened to "act promptly to put them [the potential buyer] on notice of their potential liability and barring their unqualified compliance, sue them immediately in the U.S. District Court seeking to restrain them." Ex. S. Berry's counsel then went on to baselessly accuse Fleming's counsel and executives of concealing infringement extending beyond Hawaii to other distribution centers:

> Had ***Kirkland & Ellis not chosen to conceal the extent of the infringement*** that we now know, and can prove, extends to [distribution centers] other than Hawai'i, we might have been able to work through all of these liquidation issues in an amicable fashion. ***The Debtor-in-Possession's decision to conceal the post-petition willful infringement apparently with the knowledge of its General***

8