# Exhibit 8

# MINUTES



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

05/28/2002  4:30 pm

WALTER A.Y.H. CHINN, CLERK

CASE NUMBER:      CIVIL NO. 01-00446SPK-LEK

CASE NAME:        Wayne Berry vs. Fleming Companies, Inc., et al.

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

JUDGE:    Leslie E. Kobayashi          REPORTER:

DATE:     05/28/2002                   TIME:

## COURT ACTION:  EO: COURT ACTION:

Before the Court is the Special Master's Report and Ruling of Special Master Re Discovery dated May 24, 2002 ("Special Master's Report").

The Court has invested the Special Master with the powers set forth in the Order Appointing Special Master Re Discovery filed on February 27, 2002, which include the issuance of "rulings on all matters involving discovery issues in the above-entitled action . . . [,]" (Order ¶ 3). The Court adopts the Special Master's Report so that the parties, if they so choose, can appeal this Report to District Judge Samuel P. King.

The Court HEREBY ADOPTS AND RECOMMENDS the Special Master's Report, and the parties may appeal within ten (10) days of this Order as provided by LR74.1 and U.S.C. § 636(b)(1)(A).

## IT IS SO ORDERED.

cc: all counsel

Submitted by: Warren N. Nakamura, Courtroom Deputy

G:\docs\warren\CIVIL NO 01-00446SPK-LEK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

WAYNE BERRY,                          )    CIVIL NO.  01-00446 SPK-LEK
                                      )
            Plaintiff,                )
                                      )
                                      )
      vs.                             )
                                      )
FLEMING COMPANIES, INC., ET           )
AL.,                                  )
                                      )
            Defendants.               )
_____

## REPORT AND RULING OF SPECIAL MASTER RE DISCOVERY

On February 27, 2002, the Court, in an attempt to encourage expeditious completion of discovery in the above-entitled action, appointed the under-signed a special master to oversee and monitor discovery disputes in this case.

Pursuant to the Order of the Court, the special master has solicited and reviewed letter briefs from the parties and held conference calls with the parties to consider outstanding discovery issues, in particular, the analysis and preservation of software and data on various computers that may be relevant to this case. Based upon the foregoing, the special master has concluded that it is necessary and appropriate for a court-appointed expert to conduct such analysis and preservation of software and data. Because the appointment of such an expert is not expressly delegated to the special master in the Court's

Order, and because the compensation of such expert may involve significant costs, the special master has determined it is preferable to issue this ruling in writing.  This will allow the Court to determine what, if any, of the special master's Ruling it wishes to incorporate in an Order of the Court, and to allow the parties to appeal the ruling should they wish to do so.

THEREFORE the special master rules as follows:

1. As orally ordered by the special master in the conference call of April 17, 2002, the parties are to preserver all evidence in this case.  In particular, no software, data, or e-mails are to be destroyed.  The parties may continue with their ordinary business operations, however any routine corporate document destruction programs should be suspended during the pendency of this case.

2. Sergio D. Kopelev is appointed an expert in this case to collect, preserve, and examine computer evidence, pursuant to Fed. R. Civ. P. 53.  Mr. Kopelev's resume is attached. Mr. Kopelev shall be paid a reasonable compensation at his standard rates, with Plaintiff Wayne Berry, and Defendants Fleming Companies and Hawaiian Express Services, Inc., each paying an equal share of Mr. Kopelev's fees and costs.  Such payment thereafter may be charged in like manner as other costs, as the Court may direct.  The parties are directed to deposit with Mr. Kopelev the amount of $2,000.00 at such

2

imaged hard drives is to be provided to the parties, with or without redaction.

8. Based upon the reports of Mr. Kopelev, the special master may in the future recommend that the Court on its own motion, or on the motion of any party, enter an order to show cause why Mr. Kopelev should not be appointed an expert witness in this case, pursuant to Fed. R. Evid. 706.

DATED: Honolulu, Hawaii, May 24, 2002.

ROBERT CARSON GODBEY
Special Master

WAYNE BERRY V. FLEMING COMPANIES, INC., ET AL.; CIVIL NO. 01-00446 SPK-LEK; REPORT AND RULING OF SPECIAL MASTER RE DISCOVERY