LYLE S. HOSODA & ASSOCIATES, LLC

LYLE S. HOSODA        3964-0
RAINA P.B. MEAD       7329-0
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

Attorneys for Defendants
BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA,
MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO,
ALFREDDA WAIOLAMA, and JACQUELINE RIO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, | CIVIL NO. CV03-00385 SOM-LEK |
| | (Copyright) |
| Plaintiff, | |
| | DEFENDANTS BRIAN CHRISTENSEN, |
| v. | MARK DILLON, TERESA NOA, |
| | MELVIN PONCE, SONIA PURDY, |
| HAWAIIAN EXPRESS SERVICE, | JUSTIN FUKUMOTO, ALFREDDA |
| INC., a California | WAIOLAMA, AND JACQUELINE RIO'S |
| corporation; H.E.S. | REPLY MEMORANDUM IN SUPPORT OF |
| TRANSPORTATION SERVICES, INC., | THEIR MOTION FOR ATTORNEYS' |
| a California corporation; | FEES AND COSTS; AFFIDAVIT OF |
| CALIFORNIA PACIFIC | LYLE S. HOSODA; EXHIBITS "S" - |
| CONSOLIDATORS, INC.,a | "T"; CERTIFICATE OF SERVICE |
| California corporation; | |
| JEFFREY P. GRAHAM and PETER | |
| SCHAUL, California citizens; | |
| MARK DILLON and TERESA NOA, | |
| BRIAN CHRISTENSEN, Hawaii | |
| citizens; FLEMING COMPANIES, | |
| INC.,an Oklahoma corporation; | |
| C & S LOGISTICS OF HAWAII, | Non-Hearing Motion |
| LLC, a Delaware LLC; C & S | Magistrate:    Hon. Leslie E. |
| WHOLESALE GROCERS, INC., a | Kobayashi |
| Vermont corporation; C & S | |
| ACQUISITIONS, LLC; FOODLAND | [*caption continued on next* |
| SUPER MARKET, LIMITED, a | *page*] |
| Hawaii corporation; HAWAII | |

```
TRANSFER COMPANY, LIMITED, a    )
Hawaii corporation; RICHARD     )
COHEN, New Hampshire citizen;   )
ES3, LLC, a Delaware Limited    )
Liability Company, MELVIN       )
PONCE, SONIA PURDY, JUSTIN      )
FUKUMOTO, ALFREDDA WAIOLAMA,    )
JACQUELINE RIO, Hawaii          )
citizens; JESSIE GONSALVES,     )
LUIZ RODRIGUES, AL PEREZ and    )
PATRICK HIRAYAMA, California     )
citizens; GUIDANCE SOFTWARE,    )
LLC, a California LLC; MICHAEL )
GURZI, a California citizen;    )
ALIX PARTNERS, LLC, a Delaware )
LLC; DOE INDIVIDUALS 2-350;     )
DOE PARTNERSHIPS, CORPORATIONS )
and OTHER DOE ENTITIES 2-20,    )   Trial: February 28, 2006
                                )
                Defendants.     )
_____)
```

**DEFENDANTS BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA,
MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, ALFREDDA WAIOLAMA,
AND JACQUELINE RIO'S REPLY MEMORANDUM IN SUPPORT OF
THEIR MOTION FOR ATTORNEYS' FEES AND COSTS**

Viewing this litigation as a whole, the Employees are
the prevailing party and their motion for fees and costs should
be granted pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d).

I.    **THE EMPLOYEES ARE THE PREVAILING PARTY AS THEY SUCCEEDED ON
      NUMEROUS SIGNIFICANT ISSUES IN THIS CASE.**

In the Ninth Circuit, a prevailing party under the
Copyright Act is one who "succeeds on a significant issue in the
litigation that achieves some of the benefits the party sought in
bringing the suit." *Florentine Art Studio, Inc. v. Vedet K.
Corp.*, 891 F.Supp. 532, 541 (C.D.Cal. 1995)(quoting *Warner Bros,
Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2nd Cir.

2

1989)).  As set forth in their moving papers, the Employees are a prevailing party because they succeeded on numerous significant issues in this case and achieved substantially all of the benefits they hoped to achieve in defending against this lawsuit. The Employees incorporate herein by reference pages 2-13 of their Motion which describe the various issues on which they succeeded, but a few of them are worth mentioning here again.

First, Fleming and the Employees successfully defended their right to use Excel Spreadsheets for the freight logistics operations.  Fleming proved that the Excel Spreadsheets in use after June 9, 2003 was not an infringing derivative work.  *See* Hosoda Aff., Ex. C (Jun. 27, 2005 Order) at 7, 12-21.  The Court determined that the Employees did not copy any protectable elements of the FCS structure in creating the Excel Spreadsheets, and therefore, they were entitled to summary judgment as a matter of law for the period after June 9, 2003.  *See* Hosoda Aff., Ex. C (Jun. 27, 2005 Order) at 13, 40.

The Employees rightly rejected Plaintiff's offer for entry of a stipulated injunction in exchange for a dismissal as the Court wholeheartedly denied Plaintiff's two requests for such relief.  In denying Plaintiff's request for a preliminary injunction, the Court found that (1) the process Fleming used to revert to the original version of FCS was not a violation of Plaintiff's copyright; (2) the act of removing infringing

elements of a work was not itself the creation of a derivative work; and (3) even if a derivative was created, it was done innocently and in good faith, without causing harm to Plaintiff. *See* Hosoda Aff., Ex. D (Oct. 8, 2004 Order) at 27-28.

In denying Plaintiff's request for a permanent injunction, the Court determined there was no evidence that (1) copies of his FCS were on the computers purchased by C&S or that C&S's network currently has copies on it and (2) Mark Dillon has a copy of FCS or intends to infringe.  The Court concluded the Employees posed no threat of continuing or additional infringement.  *See* Hosoda Aff., Ex. H (Mar. 9, 2006 Order) at 3, 5-13.

Finally, the Employees won on the only litigated issue at trial.  The jury rejected Plaintiff's demand for millions in damages and instead determined five of the employees should not have to pay a single penny, awarding zero damages to Plaintiff for the use of a derivative version of FCS by Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio. With regard to Mark Dillon and Teresa Noa, the jury believed Plaintiff was only entitled to $2 each in damages.  *See* Hosoda Aff., Ex. G.  These employees that went to trial are a prevailing party in this case where their liability was inadvertent, not willful and the amount of damages Plaintiff ultimately obtained against only two of them was nominal. *See Florentine Art Studio,*

4

*Inc.,* 891 F.Supp. at 541 (finding defendants to be prevailing parties in a copyright suit despite a finding of innocent infringement on two of seven counts and an assessment of minimum statutory damages against them); *Screenlife Establishment v. Tower Video, Inc.*, 868 F.Supp. 47, 50 (S.D.N.Y. 1994) (finding the defendant to be a prevailing party in a copyright suit where the defendant conceded prior to trial, that the plaintiff was entitled to a permanent injunction, delivery of remaining infringing copies of its work, and an award of damages and costs).

II.  **BRIAN CHRISTENSEN IS A PREVAILING PARTY**.

        The fact that Christensen misstated at trial that he did not become President of Fleming's Hawaii division until the end of March, 2003 has no impact on the Court's rulings to date and does not change the fact that Christensen is a prevailing party.  In an attempt to defeat Christensen's rightful claim to attorney's fees and costs, Plaintiff simply resorts to an attack on Christensen's credibility.

        At trial, Christensen consistently testified that he was President of Fleming's Hawaii division during the relevant period of infringement:

                Q.   Good morning, Mr. Christensen.  What is your job
                     presently?

                A.   I am the president of C&S Wholesale, the Hawaii
                     division.

5

> Q.  And what was your job in - - let's say April 1st 2003?
>
> A.  I was president of Fleming Companies Hawaii division.

*See* Hosoda Aff., Ex. S at 88:13-17.

> Q.  Okay, now, in this period April 1st, 2003, to June 9th, 2003, what was your job?
>
> A.  I was the division president of Fleming Companies here in Hawaii.

*See* Hosoda Aff., Ex. T at 72:20-23.

He also consistently testified that following the March 6, 2003 jury verdict, Fleming's intent was to revert to the original licensed version of FCS and it attempted to do just that:

> Q.  An Mr. Christensen, what was your understanding - - was it your understanding that it was Fleming's intention as of April 1st, 2003 to go back to the Berry system as it was originally configured by Mr. Berry?
>
> A.  Yes, it was.

*See* Hosoda Aff., Ex. S at 88:22-89:1.

> Q.  Why didn't you tell 'em to stop using it?
>
> A.  Because I didn't think we had to.  After the ruling, my understanding is Fleming did have a license to use the software in its original form, and we reverted back to what we thought was the original form.

*See* Hosoda Aff., Ex. T at 73:13-17.

> Q.  Now, you testified that - - you were aware that Fleming lost an infringement trial on or about March 6, 2003?

> A.   Yes.
>
> Q.   And you are aware that despite losing, Fleming
>      continued to use the very software that was at
>      least the subject of that case?
>
> A.   Well-- - yes.  What we lost was that we couldn't
>      make changes to the software, but my understanding
>      was, we had a license to use it in its original
>      licensed form, and that's what we attempted to do.

*See* Hosoda Aff., Ex. T at 94:16-25.

Christensen's mistaken testimony, placed in its proper context, does nothing to negate the Court's summary judgment rulings.  By order entered on January 26, 2005, the Court found there was no evidence that Christensen ever used the version of FCS that was used by Fleming between April 1, 2003 and June 9, 2003.  Thus, the Court granted summary judgment in favor of Christensen on the issue of direct infringement.  *See* Hosoda Aff., Ex. A (Jan. 26, 2005 Order) at 32, 37.  Plaintiff has put forth no evidence that would reverse this ruling.

The Court further determined that following the March 6, 2003 jury verdict, Mark Dillon accessed FCS in an attempt to comply with the jury verdict by restoring the system to what he believed was its original, licensed form.  The Court further found that the Christensen and the other employees were not aware that the version of FCS the logistics department was using between April 1, 2003 and June 9, 2003 was not the original licensed version and that they were not allowed to use it.  *See* Hosoda Aff., Ex. A (Jan 26, 2005 Order) at 32-42; Ex. C (Jun. 27,

2005 Order) at 7, 11-21.  The Court determined that emails
written by Christensen before and after the March 6, 2003 jury
verdict, stating that a replacement may be needed for Berry's
software, did not establish any knowledge of infringement, nor
did they establish that Christensen had knowledge at any time of
infringing elements in Fleming's version of FCS.  *See* Hosoda
Aff., Ex. A (Jan. 26, 2005 Order) at 38.  The Court determined
the jury verdict did not provide notice that attempts to return
Fleming's version of FCS to the original, licensed form were
unlawful.  *See* Hosoda Aff., Ex. A (Jan. 26, 2005 Order) at 33.
Thus, even if Christensen was President of Fleming's Hawaii
division before the March 6, 2003 jury verdict, Christensen did
not have knowledge of the infringement.[1]  The Court rightly
determined Christensen could not be liable for contributory
infringement.  *Id*.  Plaintiff offers nothing that would change
this ruling.

        Finally, the Court determined that Berry failed to
present any evidence of any direct financial benefit to

_____

        [1] The Court determined that with respect to the Employees,
Count I of the Second Amended Verified Complaint referred only to
conduct after the jury verdict in the previous case.  The
Employees did not have notice that they were being sued for
alleged actions preceding the verdict against Fleming in the
earlier case.  Plaintiff did not move for leave to file a Third
Amended Complaint to seek damages from the Employees for a period
prior to the March 6, 2003 jury verdict.  *See* Hosoda Aff., Ex. A
(Jan. 26, 2005 Order) at 26-30.  Thus, any attempt by Plaintiff
to open the door to acts prior to March 6, 2003 should be wholly
disregarded.

Christensen. *Id.* As Christensen did not receive any direct financial benefit as a result of any infringement, Christensen was not liable for vicarious infringement. *See* Hosoda Aff., Ex. A (Jan. 26, 2005 Order) at 38-9. Again, Plaintiff presents no contradictory evidence. In light of these record facts and findings, Christensen is a prevailing party.

Plaintiff claims that there are no separate fees to support Christensen's request. However, an award of attorney's fees cannot be arbitrarily denied merely because counsel's time was not separately allocated amongst eight employees for each and every task worked on over a three year period. The motions for summary judgment that were filed by the Employees were done on a collective rather than individual basis given the surrounding facts and circumstances. To have prepared and filed separate motions for summary judgment for each of the eight individuals would have been a waste of economic and judicial resources. The Employees collectively opposed Plaintiff's requests for injunctive relief and reconsideration of adverse rulings. Each court hearing and conference with the discovery master was attended on behalf of all the Employees. Counsel vigorously defended all of the Employees against the numerous claims made by Plaintiff. All eight employees were equally and zealously represented. Thus, the Court, in its discretion, can apportion counsel's time spent on defending the claims alleged against

Christensen by awarding him as a prevailing defendant one third of the fees and costs incurred up to June 18, 2004, the date Plaintiff filed his SAVC and named five additional former Fleming employees, and one eighth of the fees and costs incurred from June 19, 2004 through January 26, 2005, the date Christensen was dismissed by way of summary judgment.  Such an apportionment would be reasonable and justified in light of the summaries and original time records that were submitted by counsel consistent with *Entertainment Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1231 (9th Cir. 1997).

III.  **THE EMPLOYEES ARE ENTITLED TO RECOVERY OF FEES AND COSTS FOR DEFENSE OF RELATED CLAIMS.**

Under Ninth Circuit authority, a prevailing party in a copyright case may recover fees on a particular copyright claim or any related claims.  *The Traditional Cat Assoc., Inc. v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003); *Entertainment Research Group,* 122 F.3d at 1230.  In this case, all of the claims asserted against the Employees are in fact related.  Count I of the SAVC was for direct copyright infringement, and Count II of the SAVC was for contributory and vicarious copyright infringement.  Plaintiff admits that these counts were related to Count III, conspiracy to infringe, and to Count VI, the RICO claim.  *See* Berry's Opp. at 7.  At the crux of these claims was the alleged infringement of Plaintiff's FCS.  The Employees successfully defended against the related non-copyright claims

10

and on the only claim litigated at trial.  They should be awarded their full fees and costs.

III. **THE FACT THAT DEFENSE COSTS WERE PAID BY A THIRD PARTY DOES NOT BAR THE EMPLOYEES' RECOVERY OF STATUTORY ATTORNEY'S FEES AS A PREVAILING PARTY.**

The fact that a third party has paid some or all of a prevailing party's legal fees does not bar recovery of statutory attorney's fees.  *See Pickering v. Holman*, 459 F.2d 403, 407-08 (9th Cir. 1972)(prevailing defendant in a patent case was entitled to recover fees and costs from the losing party even though its fees and costs had been paid by a third party); *American Council of the Blind of Colorado, Inc. v. Romer*, 962 F.2d 1501, 1503-04 (19th Cir. 1992)(payment of attorney's fees by non-party was irrelevant to an award of attorney's fees to a prevailing party under Section 1988).  Thus, while the Court may consider the fact that the Employees' legal fees and expenses were paid by a third party as a factor in deciding whether to exercise its discretion in awarding fees, that fact does not preclude the Employees from recovering such fees.

\

\

\

\

\

IV.    **CONCLUSION**

Based on the foregoing arguments and authority, the Employees respectfully request that this Honorable Court grant an award of all attorneys' fees, non-taxable expenses, and costs incurred in defending against the claims in this action.

DATED: Honolulu, Hawaii, May 4, 2006.

/s/ Lyle S. Hosoda
LYLE S.   HOSODA
RAINA P.B. MEAD

Attorneys for Defendants
BRIAN CHRISTENSEN, MARK DILLON,
TERESA NOA, MELVIN PONCE, SONIA
PURDY, JUSTIN FUKUMOTO, ALFREDDA
WAIOLAMA, and JACQUELINE RIO