400263v1
KOBAYASHI, SUGITA & GODA
LEX R. SMITH          3485-0
THOMAS H. YEE         7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No. (808) 539-8700
Facsimile No.  (808) 539-8799
Email: lrs@ksglaw.com

Attorneys for Defendants
C&S LOGISTICS OF HAWAII, LLC, C&S
WHOLESALE GROCERS, INC., C&S
ACQUISITIONS LLC; ES3, LLC, and RICHARD
COHEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>             Plaintiff,<br><br>   vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., et al.,<br><br>             Defendants.<br><br><br><br>(Caption continued) | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>**DEFENDANTS C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS, LLC, C&S LOGISTICS, LLC, ES3, LLC AND RICHARD COHEN'S REPLY TO PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO DEFENDANTS C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS, LLC, C&S LOGISTICS, LLC, ES3, LLC AND RICHARD COHEN'S MOTION FOR AWARD OF ATTORNEYS' FEES AND FULL COSTS;** |

```
                                    ) EXHIBIT "A"; DECLARATION OF
                                    ) LEX R. SMITH; EXHIBIT "D";
                                    ) CERTIFICATE OF SERVICE
                                    )
                                    )
                                    ) Non-Hearing
                                    ) Hon. Magistrate Leslie Kobayashi
                                    ) Trial Date: February 28, 2006
_____)
```

**DEFENDANTS C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS, LLC, C&S LOGISTICS, LLC, ES3, LLC AND RICHARD COHEN'S REPLY TO PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO DEFENDANTS C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS, LLC, C&S LOGISTICS, LLC, ES3, LLC AND RICHARD COHEN'S MOTION FOR AWARD OF ATTORNEYS' FEES AND FULL COSTS**

C&S Wholesale Grocers Inc., C&S Acquisition LLC, C&S Logistics LLC, ES3 LLC and Richard Cohen ("Movants") submit this Reply in support of their Motion for award of attorneys' fees and full costs.

## I. INTRODUCTION

Wayne Berry's Memorandum in Opposition ("Memo") confirms that this motion should be granted and Movants' fees and full costs should be awarded. Any other result would encourage the plaintiff to continue his plan (stated in his Memo) to burden Movants with more litigation.

2

Despite the clear judgment in Movants' favor,[1] plaintiff claims he prevailed! The Memo proclaims that he "is the clear prevailing party"[2]; and "is the prevailing party as to the copyright claims as to C&S"[3]. Even though summary judgment was entered in Movants' favor, the plaintiff claims he achieved his purpose in suing the Movants: "Mr. Berry sought to protect his work from C&S and he prevailed on that issue."[4]

Since plaintiff believes his suit against Movants was a success, it is no surprise that he intends to do it again. His Memo (at page 10) threatens a new suit against Movants asserting a **"claim brought by Berry that he is the owner of the Spreadsheet program."** The record is thus clear that unless he is deterred, Wayne Berry intends to continue harassing Movants with more lawsuits.

When the Court considers Plaintiff's Memo, together with the balance of the record in this case, it should award Movants' attorneys' fees and costs under the governing legal standard. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). The claims were at least objectively unreasonable, if not frivolous; and plaintiff's motivation is

---

[1] June 27, 2005 Order Granting in Part, Denying in Part Berry's Motion for Summary Judgment; Order Granting C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisition, LLC, ES3, LLC and Richard Cohen's Motion for Summary Judgment; Order Granting Guidance Software, Inc. and Michael Gurzi's Motion for Summary Judgmnet; Order Granting in Part, Denying in Part Remaining Defendants' Motions for Summary Judgment, page 40.
[2] Memo in Opp at 6
[3] Memo in Opp at 13
[4] Memo in Opp at 5

obviously improper given his claim of victory despite losing every claim. Finally, there is a compelling need in the particular circumstances of this case to advance considerations of deterrence through an appropriate award of full attorneys' fees and costs.

## II. THE RECORD CLEARLY ESTABLISHES THAT MOVANTS ARE THE PREVAILING PARTIES

A brief review of the judgment in this case (as well as the June 27 Order) makes it clear that Movants prevailed on every claim in the Complaint. The June 27 Order expressly states that **all other Defendants' motions for summary judgment are granted"** and the final judgment (Exhibit "A" attached hereto) confirms that Movants prevailed on every claim: "Defendants C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc.; C&S Acquisitions, LLC, ES3, LLC and Richard Cohen's Counter-Motion for Summary Judgment are GRANTED." No rational person could question the fact that Movants prevailed.

Plaintiff's assertions of victory[5] are not supported by the record or the law. Equally frivolous is the plaintiff's claim that the law requires *defendants* to register a copyright in order to prevail. There simply is no such requirement anywhere in the law. The record is clear: because

---

[5] For example, the plaintiff falsely asserts that C&S "can't be considered the prevailing party" (page 4); C&S suffered "total strategic defeat" (page 5); which "can hardly be called a 'win'" (Page 10); and C&S has made "an absolute admission that it was not the prevailing party in this litigation." (page 9).

4

Movants prevailed on every claim, they are prevailing parties and are entitled to seek fees and costs under Section 505 of the Copyright Act.

### III. THIS MOTION IS BASED ON APPROPRIATE TIME RECORDS

As with his mischaracterization of the result of this case, the plaintiff has also deliberately mischaracterized the time records submitted by Kobayashi, Sugita & Goda in support of this motion.

Kobayashi, Sugita & Goda was counsel of record in this case for the Movants. Over the course of this case, there were many occasions when Movants' counsel billed for legal services exclusively connected to the representation of the Movants. The time records submitted with Movants' motion reflect 100% the time billed for all of those matters.[6] In addition to serving as counsel for the Movants, Kobayashi, Sugita & Goda also acted as local counsel for the PCT/Fleming. On some occasions, Kobayashi, Sugita & Goda did work attributable exclusively to the representation of Fleming and/or the PCT. None of that work is reflected in the materials submitted with this motion. Finally, on some occasions Kobayashi, Sugita & Goda performed work for the Movants that also benefited the defense of Fleming

---

[6] A few the entries attributable entirely to representation of the Movants' interests are 7/2/04 "Telephone calls with C&S; work on report re status"; 8/11/04 "Work on C&S opp to injunction"; and 1/28/05 "Review order regarding motion for summary judgment and prepare report to C&S; work on motion for summary judgment regarding C&S and ES3; telephone conversations regarding mediation proposal."

5

and/or the PCT. The records submitted with this motion attribute one-half of such work to the defense of the Movants. In the judgment of Movants' counsel this is an equitable way to allocate the charges, since both parties benefited from the effort.[7] Declaration of Lex R. Smith.

All of the time records supporting this Motion have been carefully reviewed to assure that only work attributable to the defense of the Movants is covered by this Motion. Declaration of Lex R. Smith. The Movants urge the Court to find that the time spent by their counsel is appropriate and compensable under the law.

> Where a district court must apportion fees, "the impossibility of making an exact apportionment does not relieve the district court of its duty to make some attempt to adjust the fee award in an effort to reflect an apportionment."

The Traditional Cat Ass'n, Inc. v. Gilbreath, 340 F.3d 829, 834 (9th Cir. 2003), quoting Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir.2000).

The apportionment offered by the Movants' counsel is fair, reasonable and appropriate under the circumstances. Movants respectfully urge that it be adopted.

---

[7] Examples of work equally attributable to Movants and other defendants include 7/1/04 "Work on memo in opp to preliminary injunction" and 7/19/04 "work on opposition to preliminary injunction and related discovery matters."

## IV. BECAUSE ALL OF PLAINTIFF'S CLAIMS ARE RELATED TO THE COPYRIGHT CLAIMS, ALL FEES SHOULD BE AWARDED

The Ninth Circuit Court of Appeals has recognized that a prevailing defendant under Section 505 of the Copyright Act is entitled seek fees incurred in defending non-copyright claims that are *related* to the copyright allegations.  The Traditional Cat Ass'n, Inc. v. Gilbreath, 340 F.3d at 834. Therefore, "the first step in the calculation of a reasonable attorney's fee in the present case should [be] to decide if the copyright and non-copyright claims are related."

In the instant case, there is no question that Mr. Berry's copyright and non-copyright claims are closely related and therefore all of Movants' fees are recoverable.

The "work of authorship" which was the subject of all of Berry's claims against Movants is defined in the lawsuit as "Freight Control System."  Second Amended Verified Complaint ("SAVC"), ¶¶25 and 29. All of the claims in this action are related because the alleged infringement of the "Freight Control System" is the basis of each of the plaintiff's claims.

Count I (direct copyright infringement) Count II (contributory and vicarious copyright infringement); and Count III (conspiracy to infringe) all focus on the alleged infringement of Frieght Control System.  Count IV

7

(Trade Secrets) focuses its claims in part on "efficiencies of Mr. Berry's Freight Control System" (SAVC at ¶99); and "automation that was provide [sic] by the Berry Freight Control System" (SAVC ¶100). Count V (Sherman Act) attacks the alleged use of "Freight Control System" because allegedly "the Berry Freight Control System is necessary to the monopoly" (SAVC at ¶120); "the Berry Freight Control System is used to track commercial bribery and illegal rebating" (SAVC at ¶121); and:

> But for the conspiracy with Foodland, and the HEX defendants, Fleming would not require the illegal use of Mr. Berry's Freight Control System to continue to operate its Hawaii monopoly. By allowing the Fleming co-conspirator to use Mr. Berry's software without payment to Mr. Berry limits Mr. Berry's ability to develop and to provide his software to other competitors of Fleming thereby reducing competition in the civilian and military wholesale grocery market. This injury is traceable to the anti-competitive conduct complained of herein.

SAVC at ¶123.

Thus, the foundation of Berry's antitrust claim against the Movants was Berry's assertion that C&S was somehow wrongfully using "Freight Control System." Obviously, this claim is very close to the copyright claim since it arises from the same alleged behavior – use of software that Berry claims to own.

Similarly, the Count VI (plaintiff's RICO claim) is also based allegations regarding Freight Control System. Count VI alleges "because Mr. Berry's freight control System is necessary to the success of the Enterprise the members have conspired to infringe as set forth herein" (SAVC at 134); "[e]ach time the C&S system pirated version of the Berry software[8] is used, another predicate offence occurs" (SAVC at 135); "Fleming and C&S together along with the other defendants, conspired to create another illegal derivative of Plaintiff's Freight Control System in or about May 2003"[9] (SAVC at 136); "C&S was aware of the existence of the Enterprise … at least two predicate acts by the conspiracy were contemplated, specifically the daily booting up of Mr. Berry's freight system making an illegal copy in violation of the copyright laws of the United States and the creation of the Dillon derivatives" (SAVC at 143).

Thus, every claim in the lawsuit centered on the alleged misuse of "Freight Control System" that the Court clearly held Movants did not misuse. Under Section 505 of the Copyright Act, Movants are entitled to seek attorneys' fees and costs for all of these claims because they are related. All of the Movants' legal fees focused on this issue of "Freight Control

---

[8] This reference is to the software the Court held, on summary judgment, does not infringe Berry's rights.
[9] Another reference to the spreadsheets that the Court ruled do not infringe.

System" and therefore all fees should be awarded. Declaration of Lex Smith.

## V. THE LAW CALLS FOR AN AWARD OF ATTORNEYS' FEES AND FULL COSTS IN THIS CASE

The need for an award of full fees and costs is emphasized by the fact that the plaintiff is happy with the result[10] of his lawsuit against Movants, and that Plaintiff's Memo threatens file more meritless lawsuits, based on a "claim brought by Berry that he is the owner of the Spreadsheet program." If plaintiff is going to sue multiple parties against whom he has no legitimate claim, he should be required to pay their attorneys' fees and costs.

Under the governing legal standard (Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)) every factor strongly indicates that fees should be awarded. (A) frivolousness and objective unreasonableness: the summary judgment confirms there was no merit whatsoever to any of the claims against Movants; (B) motivation: the fact that plaintiff is satisfied with the result even though he lost on summary judgment confirms that his motivation is wholly improper; (C) considerations of compensation and deterrence: Movants should be compensated for needlessly being drug into this action and the plaintiff's

---

[10] Plaintiff's Memo trumpets his victory on every page "Mr. Berry is the prevailing party as to these central issues in any infringement action" (page 4); "Mr. Berry sought to protect his work from C&S and he prevailed on that issue" (page 5).

10

threats of more lawsuits confirm the need for maximum deterrence; (D) <u>degree of success obtained</u>: Movants were 100% successful; (E) <u>the purposes of the Copyright Act</u>: the plaintiff's conduct in filing meritless suits against multiple parties who had no liability is contrary to the purposes of the copyright act; and (F) <u>chilling effect</u>: the plaintiff's behavior needs to be chilled.

## VI.  CONCLUSION

For the foregoing reasons, Movants respectfully urge the Court to grant their motion and award full costs and fees.

DATED: Honolulu, Hawaii, May 4, 2006.

KOBAYASHI, SUGITA & GODA      */s/ Lex R. Smith*
                              LEX R. SMITH
                              THOMAS H. YEE
                              Attorneys for Defendants
                              C&S LOGISTICS OF HAWAII,
                              LLC, C&S WHOLESALE
                              GROCERS, INC., C&S
                              ACQUISITIONS LLC; ES3, LLC,
                              and RICHARD COHEN