IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>　　　　　　Plaintiff,<br>vs.<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., et al.,<br><br>　　　　　　Defendants. | ) CIVIL NO. CV03-00385 SOM-LEK<br>) (Copyright)<br>)<br>)<br>) **DECLARATION OF LEX R.**<br>) **SMITH; EXHIBIT "D";**<br>) |

DECLARATION OF LEX R. SMITH

## DECLARATION OF LEX R. SMITH

Lex R. Smith declares:

1. I am an attorney licensed to practice before all of State and federal Courts in the State of Hawaii.

2. I acted as local counsel for Fleming Companies Inc. and subsequently the Fleming Post Confirmation Trust ("PCT") in this case. Lead counsel for Fleming and the PCT was Kirkland & Ellis.

3. I also acted as lead counsel for C&S Wholesale Grocers Inc., C&S Acquisition LLC, C&S Logistics LLC, ES3 LLC and Richard Cohen ("Movants").

4. By order entered June 27, 2005 the Honorable Susan Mollway entered summary judgment completely rejecting every single claim plaintiff had made against Movants. (Plaintiff's memorandum wrongly claims summary judgment was entered for Movants at an earlier date).

5. Before submitting the time records with Movants' Motion for Attorneys' Fees and Full Costs, I reviewed them to assure that only time attributable to the defense of Movants was submitted.

6. Prior to the time Movants obtained summary judgment on June 27, 2005, there were a number of times when work performed by Kobayashi, Sugita & Goda was equally applicable to the defense of Movants and

Fleming. For that work only, I allocated 50% of the total time billed to C&S and the other 50% to Fleming.

7. Other work was entirely attributable to the defense of the Movants. For example, the preparation of Movants' motion for summary judgment was entirely attributable to Movants and 100% of the time spent on that effort is reflected in the billings that were submitted with the Motion.

8. Attached as Exhibit " D " is a copy of the same exhibit that was originally submitted with my motion for fees and costs. I have placed an asterisk next to each of the entries that reflect only one-half of the time spent because the other half was allocated to Fleming.

9. Although the Movants received summary judgment in June of 2005, the plaintiff filed various motions after that date accusing C&S of various wrongdoing and seeking injunctive and other relief against C&S. For that reason, the records that have been submitted contain certain time for work performed after June of 2005.

The foregoing is true under penalty of perjury.

_____
LEX R. SMITH