# EXHIBIT ZZ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | Civ. No. CV03 00385 SOM-LEK (Copyright) |
| Plaintiff, | |
| vs. | **PLAINTIFF WAYNE BERRY'S MOTION FOR SUMMARY JUDGMENT AGAINST ALL DEFENDANTS** |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation; H.E.S. TRANSPORTATION SERVICES, INC., a California corporation; CALIFORNIA PACIFIC CONSOLIDATORS, INC., a California corporation; JEFFREY P. GRAHAM and PETER SCHAUL, California citizens; MARK DILLON and TERESA NOA, BRIAN CHRISTENSEN, Hawaii citizens; FLEMING COMPANIES, INC., an Oklahoma corporation; C & S LOGISTICS OF HAWAII, LLC, a Delaware LLC; C & S WHOLESALE GROCERS, INC., a Vermont corporation; C & S ACQUISITIONS, LLC; FOODLAND SUPER MARKET, LIMITED, a Hawaii corporation; HAWAII TRANSFER COMPANY, LIMITED, a Hawaii Corporation, RICHARD COHEN, a New Hampshire citizen ES3, LLC, a Delaware Limited Liability Company, MELVIN PONCE, SONIA PURDY, JUSTIN FUKUMOTO, AFREDDA WAIOLAMA, JACQUELINE RIO, Hawaii citizens; JESSIE GONZALES, | |

| | |
|---|---|
| LUIZ RODRIGUES, AL PEREZ and PATRICK HIRAYAMA, California citizens; GUIDANCE SOFTWARE, LLC, a California, LLC; MICHAEL GURZI, a California citizen; ALIX PARTNERS, LLC, a Delaware LLC ; DOE INDIVIDUALS 2-350; DOE PARTNERSHIPS, CORPORATIONS and OTHER DOE ENTITIES 2-20, <br><br>           Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## PLAINTIFF WAYNE BERRY'S MOTION FOR SUMMARY JUDGMENT AGAINST ALL DEFENDANTS.

Comes now Plaintiff Wayne Berry and hereby respectfully moves this court to enter Summary Judgment against all Defendants.[1]

A.   As to Fleming Companies, Inc., Mr. Berry seeks summary judgment on the claims of Vicarious and Contributory Infringement contained in Counts II of the Second Amended Verified Complaint. There is no genuine issue of material fact that Fleming required its employees to use illegal, unlicensed modified versions of Mr. Berry's copyrighted work "Freight Control System." In addition,

---

[1] The Motion is Directed at all Defendants that remain in the Case. This Court has previously granted summary judgment against Mr. Berry as to claims against Hawaii Transfer Services, Inc., Foodland Super Market Ltd. and Brian Christensen. Mr. Berry has reached a settlement with Hawaiian Express Service, Inc. ("HEX") and all of the HEX related entities and individual defendants.

2

System, Dillon, Noa, Rio, Waiolama, Fukukumoto, Purdy and Ponce for using it in the period of April 1, 2003 to at least June 9, 2003. There is no genuine issue of material fact that the software the employee defendants used was an illegal unlicensed modified version of the Berry Freight Control System. In addition, Mr. Berry seeks summary judgment against these defendants on the grounds that the alleged spreadsheet program created by Fleming through the copying of Mr. Berry Freight Control System and used after June 9, 2003 to the present is a derivative of Freight Control System, owned by Mr. Berry for which no license has been granted. As a matter of law all users of this system are direct infringers. Mr. Berry seeks an award of Attorneys fees and full costs to be borne by these defendants, jointly and severally and such other amounts as the Court may think just.

G.   As to the Fleming Companies, Inc. and its Post Confirmation Trust and all C&S Defendants, Mr. Berry seeks summary judgment on all of the Second Amended Complaint on the Grounds that they have engaged in acts of spoliation of evidence sufficient for this Court to find them without any defenses and estopped from denying the allegations of the Second Amended Verified Complaint and be barred from producing evidence regarding damages and that judgment be entered against them in the full amount set forth above, jointly and

files after the Court Stated that its Master Should Investigate the C&S computers. Plaintiff's Concise Statement at ¶ 10.

The admissions of the C&S Defendant employees along with the additional proof contained in Mr. Berry's Concise Statement demonstrate that there is no issue of fact as to the past infringement nor to the ongoing infringement and therefore Mr. Berry requests that the Court enter final judgment against these Defendants.

This Motion is brought pursuant to Fed. R. Civ. P. Rules 54 and 56, LR 56.1 and is supported by the Memorandum in Support of Motion, the Concise Statement of Wayne Berry, filed concurrently herewith, the Declarations of Timothy J. Hogan and of Wayne Berry and the Exhibits attached thereto and all the record of this case, all of which are incorporated herein by this reference.

DATED:   Honolulu, Hawaii, 4-20-2005.

_____
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY