# EXHIBIT AAA



hogant001@hawaii.rr.com on 07/10/2003 05:09:24 PM

To: Damian Capozzola/Los Angeles/Kirkland-Ellis@K&E
cc: Peter Spingola/Chicago/Kirkland-Ellis@K&E

Subject: Suplement to My Letter of this date.

---

Dear Mr. Capozzola:

I have enclosed a PDF copy of a letter from Fleming's trial counsel that recognizes that Fleming cannot create an in-house replacement for Mr. Berry's software without committing infringement. Unless you can disclose a commercial vendor that we can then contact, we must presume that Fleming, post-petition, through Mark Dillon (Mr. Berry's former employee with possession of Mr. Berry's source code) has committed a new infringement by making another illegal derivative. I know of no authority that supports this act being subject to protection of the automatic stay. If you or any of the IP attorneys in your firm have any contrary authority please provide it to me immediately.

I implore you to provide us any and all information you have regarding the author of the new freight control software you allude to in your letter received today. Absent that, we must proceed under the confirmed belief that Fleming, as the Debtor-in-Possession, has committed a new infringements and take action in Hawaii immediately to protect Mr. Berry's rights.

Tim Hogan

Attachment

  <<Lex Smith Offer.pdf>>

 - att1.htm

 - Lex Smith Offer.pdf



# KOBAYASHI SUGITA & GODA
ATTORNEYS • AT • LAW

999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813-4430

Telephone: 808-539-8700
Facsimile:  808-539-8799
E-Mail:     roa@ksglaw.com

Bert T. Kobayashi, Jr.*
Kenneth Y. Sugita*
Alan M. Goda*
Dale W. Lee*
Lex R. Smith*
David L. Monroy*
Wendell H. Fuji*
Robert K. Ichikawa*
Janeen-Ann A. Olds*
Clifford K. Higa*
Charles W. Gall*
John F. Lezak*
Larry L. Myers*
Ernest H. Nomura*
Craig K. Shikuma*
Christopher T. Kobayashi*
Ruth K. Oh*
Burt T. Lau*
Ronald T. Ogomori*

William S. Bailey
George Gusman III
Jonathan A. Kobayashi
Lanson K. Kupau
Bruce A. Nakamura
Kenneth M. Nakasone
Gary K Nakata
Elena J. Onaga
Curtis K. Saiki
Duane C. Seabolt
Joseph A. Stewart
Ann C. Teranishi
David B. Tongg
Robert A. Uyeoka
Thomas H. Yee
Nathan H. Yoshimoto

*A Law Corporation



October 29, 2002

Via Telefax and Mail

Timothy Hogan, Esq.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street
Suite 1405
Honolulu, Hawaii 96813

RECEIVED OCT 31 2002

Re:     Wayne Berry v. Fleming Companies, Inc.

Dear Mr. Hogan:

This will respond to your letter of today's date. The first three pages of your letter make it clear that Mr. Berry and his counsel have very strong opinions about their expertise in copyright law and the merits of their case. I'm sure you know that Fleming and its counsel are equally confident. Extensive experience confirms that debating the facts and the copyright law with you benefits no one and we decline to do so here.

However, in case there is a chance of engaging in a reasonable settlement dialogue, I do want to respond to your other points.

Payment of $100,000. We believe this figure is more than reasonable based on the merits of this case. We would urge you to consider it – and perhaps discuss it with experienced copyright counsel -- before making an out of hand rejection.

Replacement of Berry's Software. If the other terms of a settlement could be agreed upon, Fleming would be willing to consider hiring a programmer who has never seen any software written by Mr. Berry to provide Fleming with a replacement program. We could also agree to engage the programmer only after all copies the software written by Mr. Berry have been returned to him so that the programmer will have no access to anything Mr. Berry wrote.

"Immediate Cooperation Regarding HEX's Separate Infringement." We are certainly prepared to provide truthful testimony and to abide by the rulings of the discovery master regarding relevant information. Beyond this, we would have to know what you are referring to. I should make it clear that Fleming doubts the assertion that there has been any "separate infringement" by HEX although we acknowledge your right to continue to assert your claim.

Tim Hogan, Esq.
October 29, 2002
Page 2

<u>Release by API And Dismissal of Antitrust Action</u>. Fleming is only interested in any settlement if it assures that all problems with Mr. Berry have been fully and finally disposed of. Hence, Fleming has no interest in a settlement unless it includes a complete release of all claims by Mr. Berry's wholly owned corporation, API.

Very truly yours,

LEX R. SMITH
for
KOBAYASHI, SUGITA & GODA