# EXHIBIT EEE

Case 1:03-cv-00385-DAE-LEK   Document 959-7   Filed 05/04/2006   Page 1 of 4

| | | |
|---|---|---|
| Damian Capozzola/Los Angeles/Kirkland-Ellis<br>05/03/2005 12:51 PM | To | "Timothy J. Hogan" <tjh@loio.com> |
| | cc | "Eric Liebeler \(E-mail\)" <eliebeler@kirkland.com>, "Erin Lee \(E-mail\)" <eol@fmhc-law.com>, "Emily Reber Porter \(E-mail\)" <eporter@goodsill.com>, "Julia Morgan" <jmm@fmhc-law.com>, "Sheldon Toll \(E-mail\)" <lawtoll@comcast.net>, "Leroy Colombe \(E-mail\)" <lcolombe@ckdbw.com>, "Lex Smith" <lex@gte.net>, "Lyle Hosoda \(E-mail\)" <lsh@hosodalaw.com>, "Lyle Hosoda \(E-mail\)" <lshosoda@hotmail.com>, "Margery Bronster \(E-mail\)" <mbronster@bchlaw.net>, "Rex Y. Fujichaku" <rfujichaku@bchlaw.net>, "Roy Tjioe \(E-mail\)" <rtjioe@goodsill.com>, "Victor Limongelli \(E-mail\)" <victor.limongelli@guidancesoftware.com>, "Wesley H. Ching \(E-mail\)" <WHC@fmhc-law.com>, kgabler@nchc.com |
| | bcc | Allison Andrews/Los Angeles/Kirkland-Ellis@K&E |
| | Subject | RE: Johnson and Berry depositions |

Mr. Hogan,

Please also check with Mr. Johnson for availability on Friday, May 20. Perhaps we will take Mr. Berry for five hours on Wednesday, May 18 (9:30-3:30 with a lunch break) and then up to four more hours if necessary on May 19.

While we understand you may not like certain aspects of Mr. Berry's July 1, 2004 deposition, it is usable pursuant to the normal rules of evidence -- just like Mr. Dillon's. We will not agree to your request to "exclude" it, nor is it appropriate for you to tie that request to Mr. Berry's current deposition. If you believe you have grounds for exclusion, we invite you to write a motion in limine at the appropriate time. If you wish to move for a protective order, please do so promptly as it will impact the schedule we set yesterday on the phone with the Court: we need Mr. Berry's deposition to oppose your motion for summary judgment, and there is little chance that a motion on Mr. Berry's deposition can be resolved and his deposition taken prior to the deadline for our opposition.

I will defer your request for the list of files to Mr. Smith. As we have told you many times, K&E does not represent C&S.

With regard to the Guidance issues, we are working on a request for an order from Discovery Master Matsui compelling Guidance to produce the relevant electronic materials on a "Highly Confidential - Attorney's Eyes Only" basis. We hope this will address all parties' concerns. But ultimately production of materials from Guidance is not an issue over which we have exclusive control.

I will not bother to respond to the all-too-common accusations and frivolous threats that comprise the remainder of your email.

Thank you for your attention to these matters.

--Damian Capozzola


"Timothy J. Hogan" <tjh@loio.com>



| | | |
|---|---|---|
| "Timothy J. Hogan" <tjh@loio.com><br>05/02/2005 11:46 PM | To | "Damian Capozzola" <dcapozzola@kirkland.com> |
| | cc | "Eric Liebeler" <eliebeler@kirkland.com> |
| | | RE: Johnson and Berry depositions |

                    Subject

I've sent the Professor an email and I'll get back to you on availability and witness exclusion hopefully, tomorrow.

Re: Berry depo., like Dillon, we may have to break it up into more than one day. I'll talk to him in the am and get back to you. I think if we agree to exclude the Bankruptcy Deposition it would be reasonable.

What is the status on our request for a list of the files on the computers? If you don't provide it, we will be forced to move to protect the Berry deposition based on your clients' demonstrated predilection for spoliation. If you want to move forward you have to produce the lists.

What is the status of the Guidance images? Are you refusing to turn them over after your expert says they are relevant?

I think it's time that the representative of the PCT be named as the party defendant. In Hawaii we don't appear as attorneys for trusts, only for trustees. We want to make sure the judgment is clear. Perhaps naming both will work.

Also, the liability for the use of the Berry derivative yesterday, isn't Mr. Kors liable for that as a contributory infringer? His order says he's liable for "willful" acts. We think he is clearly a willful infringer. It might be helpful to stipulate to the scope of the case so that we don't have to file another action. Also, his report to the Bankruptcy Court has zeroed the Berry claim. Does that mean he and Kraft Foods are going to cover it?

Finally, we are preparing a motion for entry of default as sanction against PCT and C&S related to liability and proof of damages based on spoliation. Will you agree to shorten time?


Tim Hogan
> -----Original Message-----
> **From:** Damian Capozzola [mailto:dcapozzola@kirkland.com]
> **Sent:** Monday, May 02, 2005 7:14 PM
> **To:** Timothy J. Hogan
> **Cc:** Eric Liebeler (E-mail); Erin Lee (E-mail); Emily Reber Porter (E-mail); Julia Morgan; Sheldon Toll (E-mail); Leroy Colombe (E-mail); Lex Smith; Lyle Hosoda (E-mail); Lyle Hosoda (E-mail); Margery Bronster (E-mail); Rex Y. Fujichaku; Roy Tjioe (E-mail); Victor Limongelli (E-mail); Wesley H. Ching (E-mail); kgabler@nchc.com
> **Subject:** Johnson and Berry depositions
>
>
> Mr. Hogan,
>
>     We intend to notice the depositions of Mr. Johnson on May 19 and Mr. Berry on May 20. Please confirm their availability for those dates. Relatedly, we will be rescheduling the depositions on the mainland; I trust you agree that in light of today's hearing with Judge Mollway it is critical for us to depose Mr. Johnson and Mr. Berry to obtain evidence relevant to our June 2 response.

Also, please confirm that if it is necessary you will allow the deposing attorneys to have up to nine hours of deposition time with Mr. Berry on that day. I understand that Mr. Dillon's counsel afforded you such courtesy and we would all appreciate it if you would return the favor.

Please also be advised that we intend to have Mr. Walker participate in the depositions of Messrs. Johnson and Berry, either in person or via telephone. I presume you have no objection to either scenario but if you do please raise it now so we may bring it to the immediate attention of the discovery master. We would of course agree that Mr. Johnson could similarly participate in the deposition of Mr. Walker.

Thank you for your attention to these matters.

--Damian Capozzola

************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************