# EXHIBIT LLL

Of Counsel:
MATSUI CHUNG SUMIDA & TSUCHIYAMA
A Law Corporation

CLYDE WM. MATSUI  1329-0
Suite 1400 Mauka Tower
737 Bishop Street
Honolulu, Hawaii  96813
Telephone No.: 536-3711
Facsimile No.: 599-2979
E-Mail: info@triallawhawaii.com

DISCOVERY MASTER

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 2 2005

at 3 o'clock and __ min. P M.
WALTER A.Y.H. CHINN, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM LEK<br>) (Copyright)<br>)<br>)<br>)<br>) PROTECTIVE |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation; H.E.S. TRANSPORTATION SERVICES, INC., a California corporation; CALIFORNIA PACIFIC CONSOLIDATORS, INC., a California corporation; JEFFREY P. GRAHAM and PETER SCHAUL, California citizens; MARK DILLON and TERESA NOA, BRIAN CHRISTENSEN, Hawaii citizens; FLEMING COMPANIES, INC., an Oklahoma corporation; C&S LOGISTICS OF HAWAII, LLC, a Delaware LLC; C&S WHOLESALE | ) ORDER; EXHIBIT "A"<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

KAG 0067272.

GROCERS, INC., a Vermont                    )
corporation; C&S ACQUISITIONS,             )
LLC; FOODLAND SUPER MARKET,                 )
LIMITED, a Hawaii corporation;             )
HAWAII TRANSFER COMPANY,                    )
LIMITED, a Hawaii corporation;             )
RICHARD COHEN, a New Hampshire             )
citizen, ES3, LLC, Delaware Limited        )
Liability Company, MELVIN PONCE,           )
SONIA PURDY, JUSTIN FUKUMOTO,)
AFREDDA WAIOLAMA,                          )
JACQUELINE RIO, Hawaii citizens;           )
JESSIE GONZALES,                           )
(CAPTION CONTINUED)                         )
LUIZ RODRIGUES, AL PEREZ,                  )
PATRICK HIRAYAMA, California                )
citizens; GUIDANCE SOFTWARE,               )
LLC, a California LLC; MICHAEL              )
GURZI, a California citizen; ALIX           )
PARTNERS, LLC a Delaware LLC;              )
DOE INDIVIDUALS 2-350; DOE                  )
PARTNERSHIPS, CORPORATIONS                  )
and OTHER DOE ENTITIES 2-20,               )
                                            )
              Defendants.                   )
                                            )

## PROTECTIVE ORDER

A confidentiality order is necessary to govern the production of

certain documents and things and testimony that may contain, or that the Parties

may assert contain, confidential, technical, scientific, or business information

within the meaning of Hawaii law or case law interpreting Rule 26 of the Federal

Rules of Civil Procedure.

2

Therefore, in accordance with the Rule 26 of the Federal Rules of Civil Procedure, all parties to the above-captioned case (the "Parties"), and their respective counsel, are hereby ordered to handle discovery material and information developed in the litigation of the above-captioned matter, as follows:

**1.    Purposes and Limitations**

Discovery Material in this proceeding may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other in this litigation would be warranted.  This Protective Order does not confer blanket protections on all disclosures or responses to discovery.  The protection this Order intends to afford extends only to the limited information or items entitled, under the applicable legal principles, to be treated as confidential.

**Definitions.**

**2.1    "Confidential" Information:**  information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Hawaii law and Fed. R. Civ. P. 26(c).

**2.2    Challenging Party:**  means a Party who challenges the designation of information, documents, or testimony as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

3

**2.3    Counsel** (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

**2.4    Court:**  United States District Court for the District of Hawaii, including any appointed discovery master or special master.

**2.5    Designating Party:**  a Party that designates information or items that it produces in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

**2.6    Discovery Material:**  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in response to discovery in this matter.

**2.7    Expert:**  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party, its Counsel, or the Court as a consultant and/or to serve as an expert witness in this proceeding. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.8    "Highly Confidential - Attorneys' Eyes Only" Information or Items:**  extremely sensitive "Confidential Information", disclosure of which, to another Party or nonparty, would create a substantial risk of serious injury that could not be avoided by less restrictive means.

4

**2.9    House Counsel:** attorneys who are employees of a Party.

**2.10   Outside Counsel:** attorneys who are not employees of a Party but who are retained to represent or advise a Party in this proceeding, and who are not involved in the competitive decision making in the business of any Party.

**2.11   Party:** any party to this proceeding, including all of its current officers, directors, members, managers, general partners, employees, consultants, retained experts, indemnitees, and Outside Counsel (and their support staff).

**2.12   Producing Party:** a Party that produces Discovery Material in this proceeding.

**2.13   Professional Vendors:** persons or entities (other than employees of Counsel) that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

**2.14   Protected Material:** any Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only." Protected Material does not include Discovery Material that the Court has determined is not Confidential Information and does not include any material produced prior to the entry of this Protective Order. Any information, previously produced under an agreement of confidentiality or protection, or an Order for such confidentiality or protection, shall be entitled to the protections (1) agreed to, or (2) previously

5

ordered, or (3) this Protective Order, which ever affords the information the greatest protection.

  **2.15  Receiving Party:** a Party that receives Discovery Material from a Producing Party.

**3. Scope.**

  The protections conferred by this Protective Order cover Protected Material (as defined above) and any information copied or extracted from Protected Material as well as all copies, excerpts, summaries, or compilations thereof, plus deposition and trial testimony, and presentations by Parties or Counsel in Court or other proceedings.

**4. Duration.**

  The provisions of this Protective Order shall continue as set forth in Section 12 hereof. The final determination or settlement of this action shall not relieve any person who has received Confidential Information or agreed to be bound by the terms of this Protective Order by his, her, or its obligations hereunder, other than as set forth in Section 12 hereof. The Court shall retain jurisdiction after final determination of this proceeding to enforce the provisions of this Protective Order.

**5. Designating Protected Material.**

  **5.1  Exercise of Restraint and Care in Designating Material for Protection.** Each Party that designates information or items for protection under

6

this Protective Order must take care to limit any such designation to specific material that qualifies as Confidential Information or Highly Confidential - Attorneys' Eyes Only Information under the appropriate standards.  If it comes to a Party's attention that Discovery Material designated as Protected Material does not qualify for protection as Confidential Information or Highly Confidential - Attorneys' Eyes Only Information, such Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2    Manner and Timing of Designation.**  Any Protected Material that a Party asserts qualifies for protection as Confidential Information or Highly Confidential - Attorneys' Eyes Only Information under this Protective Order must be clearly so designated in the manner and at the times set forth below:

**5.3    Documents.**

**(a)    Copies of Documents Provided to a Party.**  The Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top of each page that contains Protected Material prior to mailing or delivering them to the Receiving Party.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party must also clearly identify the Protected Material and all unprotected portions of the page by making appropriate markings in the margins.

7

**(b)    Originals of Documents Made Available to a Party.** A Party that makes *original* documents or materials available for inspection (instead of providing copies of documents to the Receiving Party under Section 5.3(a), above) need not designate original documents for protection until after the Receiving Party has indicated which documents it would like copied and produced by affixing a tag, clip, or otherwise marking them. During the inspection and before the designation, all of the documents made available for inspection shall be deemed "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" After the Receiving Party has identified the documents it wants copied and produced, the Producing Party shall not, without the written consent of the Receiving Party, alter or remove any tag, clip, or marking and must assert which documents, or portions thereof, are Protected Material under this Protective Order. Before producing the specified documents, the producing party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must also clearly identify the protected portion(s) by making appropriate markings in the margins and must specify the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

8

(c)    **Deposition, Motion, or Trial Transcripts.**  Within ten days after the mailing or delivery of a deposition, motion, or trial transcript, any Party may identify, in a writing sent to all Parties by facsimile, all Protected Materials contained in deposition, motion, or trial testimony.  The entire content of all such transcripts shall be considered Highly Confidential – Attorneys' Eyes Only until expiration of the ten days, or unless the concerned Party agrees otherwise in writing.   Thereafter, only those portions of the transcript that are timely and appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be treated in accordance with the terms of this Protective Order.  Any Party may designate on the record at any hearing on a motion, or, if applicable, at trial, all or portions of live testimony or Counsel's presentation as Confidential or Highly Confidential - Attorneys' Eyes Only if that Party deems that such testimony or Counsel's presentation involves discussion of Protected Material.  If the Court deems it appropriate, the Court may determine in connection with a motion, hearing, or, if applicable, trial, whether such information is Confidential or Highly Confidential - Attorneys' Eyes Only without the need of a separate motion pursuant to Section 6.3 below, or may require a separate motion pursuant to Section 6.3 below or other briefing on the issue.

(d)    **Discovery and Responses.**  Any Party may designate written discovery or responses to discovery as Protected Material by marking the

9

discovery or responses or portions thereof as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY" before serving or within ten

days of receiving the discovery or responses.

      **(e)    Information Other Than Documents.**  The Producing Party

shall affix in a prominent place in the file name of the electronic media, or on the

exterior of the container or containers in which the information or item is stored,

the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

EYES ONLY" prior to producing it.  If only portions of the information or item are

Protected Material, the Producing Party, to the extent practicable, shall identify

only the Protected Material as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL -ATTORNEYS' EYES ONLY."

**6.    Challenging Confidentiality Designations.**

      **6.1    Timing of Challenges.**  A Challenging Party does not waive any right

to object to the designation of Discovery Material as Protected Material by failing

to object promptly after the designation is made.

      **6.2    Meet and Confer.**  A Party may challenge any other Party's

designation of information or materials produced as Confidential or Highly

Confidential - Attorneys' Eyes Only by serving a written objection upon the

Producing Party.  The Producing Party shall notify the Challenging Party in writing

of the bases for the asserted designation within ten days after receiving any written

10

objection.  The Parties shall confer in good faith as to the validity of the

designation within five days after the Challenging Party has received notice of the

bases for the asserted designation.  To the extent the Parties are unable to reach an

agreement as to the designation, the Challenging Party may make an appropriate

application to the Court pursuant to Section 6.3 below.  Until a dispute over the

asserted designation is resolved by agreement of the Parties or by the Court, all

Parties and persons shall treat the information or materials in question pursuant to

the applicable "Confidential" or "Highly Confidential - Attorneys' Eyes Only"

designation.  The appeal of any adverse order of the Court that Discovery Material

is not Confidential Information shall not result in the Discovery Material being

treated as Confidential Information or Protected Material.  If the Court determines

that the information or materials are not Confidential Information, they shall be

treated as not Confidential Information or Protected Material unless and until any

appeal is finally determined to the contrary or a stay pending appeal is issued by

the Court or the Ninth Circuit Court of Appeals.

     6.3    **Motion for Judicial Determination.**  A Party that elects to object to

a designation of Discovery Material as Protected Material after considering the

justification offered by the Designating Party may file and serve a motion that

identifies the challenged materials and seeks a determination whether the

Discovery Material is Confidential Information.  Consistent with the terms of this

11

Protective Order, the motion shall identify the Discovery Material at issue and set

forth in detail the basis for the objection.  Each such motion must be accompanied

by a declaration affirming that the movant has complied with the meet and confer

requirements imposed in the preceding paragraph and submit a copy of the

disputed Discovery Material filed under seal pursuant to the provisions of Section

11 of this Protective Order, as well as any written materials provided by the

Designating Party or the Challenging Party as part of the meet and confer dialogue.

The burden of producing evidence and the burden of persuasion with respect to any

such objection shall be on the Designating Party to demonstrate that the

information is Confidential Information under the standards and case law

developed under Hawaii law and Fed. R. Civ. P. 26(c).

7.    **Access to and Use of Protected Material.**

    7.1    **Basic Principles.**  A Receiving Party may use Protected Material that

is disclosed or produced by another Party in connection with this case only for

prosecuting, defending, or attempting to settle this litigation.  Such Protected

Material may be disclosed only to the categories of persons and under the

conditions described in this Protective Order.  Protected Material must be stored

and maintained by a Receiving Party at a location and in a secure manner that

ensures that access is limited to the persons authorized under this Protective Order.

All software media provided to any Receiving party, for which a license was not

previously granted, shall be considered to be on loan, with no rights of ownership

and/or license of any kind other than the right to examine the contents for the sole

purpose of preparation for this case.

**7.2    Freight Control System Software**

(a)    Upon request by the various parties, Plaintiff shall provide a

copy, or multiple copies, as may be requested, of the requested version of

Plaintiff's Freight Control System software.

(b)    The various parties may request multiple copies of the software,

and, with each request for a copy (or copies) of such software, shall reaffirm, that

the software will be used only in the subject litigation proceeding between the

parties, and be subject to this Protective Order.

(c)    Upon receipt of the foregoing affirmation, and within 5 days of

such request, Plaintiff shall provide the requested copy(ies) to the requesting party,

and shall not be entitled to information as to the purpose of the requested software

copy(ies).

(d)    The parties shall not make a copy of said software, except as

necessary to prepare for trial in this matter, including, but not limited, the analysis

of said software.

(d)    All copies of said software shall be returned to Plaintiff within

sixty days after the final termination of this proceeding.

13

**7.3    Disclosure of "CONFIDENTIAL" Information or Items.**  Unless
otherwise ordered by the Court or permitted in writing by the Designating Party, a
Receiving Party may disclose any Discovery Material received through discovery
in this action and designated as "CONFIDENTIAL" (unless the Court has
determined that it is not Protected Material) only to:

(a)    Counsel and their respective associates, paralegals, clerks,
employees, and independent contractors involved in the conduct of this proceeding
to whom it is reasonably necessary to disclose Protected Material; *provided,*
*however,* that an authorized representative of Counsel is informed of the existence
and contents of this Protective Order, agrees to be bound by its terms by signing
the Agreement attached to this Protective Order as Exhibit A, and shall be
responsible for the compliance of their respective associates, paralegals, clerks,
employees, and independent contractors with this Protective Order;

(b)    Parties; *provided, however,* that each person receiving Protected
Material is informed of the existence and contents of this Protective Order and
agrees to be bound by its terms by signing the Agreement attached as Exhibit A to
this Protective Order;

(c)    Any other person to whom it is reasonably necessary to disclose
Protected Material if it is clear from the face of the Protected Material that the
Protected Material was previously lawfully received or authored by the receiving

14

person and such person is informed of the existence and contents of this Protective Order and agrees to be bound by its terms;

       **(d)**    Experts retained by Counsel, a Party, or the Court for the purpose of preparing or assisting in this proceeding, and their respective clerks and employees involved in assisting them with this litigation, to the extent deemed necessary by Counsel or the Court; *provided, however*, each such expert receiving Protected Material is informed of the existence and contents of this Protective Order and agrees to be bound by its terms by signing the Agreement attached as Exhibit A;

       **(e)**    The Court and its personnel;

       **(f)**    Court reporters, their staff, and Professional Vendors;

       **(g)**    Deponents with respect to whom the attorney for the examining party believes in good faith that disclosure of Protected Material should be made in order to conduct relevant examination of such deponent and the Designating Party agrees to such disclosure.  Nothing in this Protective Order shall prevent a deponent from being shown the original or a copy of Protected Material marked "Confidential" if such deponent is advised of the existence and contents of this Protective Order and agrees to be bound by its terms.  Such deponent will not be given a copy of the Protected Material except:  (1) to be shown the Protected Material and questioned regarding it at a deposition; (2) the Protected Material will

15

be attached to the deposition transcript if it is an exhibit thereto; however, the

deponent will not receive a copy of the exhibit with the transcript; and

(g)    Any other person with the prior written consent of the Party

who has designated the Discovery Material as Protected Material, or pursuant to a

Court order.

**7.4    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS'**

**EYES ONLY" Information or Items.**  Unless otherwise ordered by the Court or

permitted in writing by the Designating Party, a Receiving Party may disclose any

information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS'

EYES ONLY" (unless the Court has determined that it is not Protected Material)

only to:

(a)    The Receiving Party's Outside Counsel of record in this

proceeding, as well as employees of said Counsel to whom it is reasonably

necessary to disclose Protected Material for this litigation; *provided, however*, that

an authorized representative of Counsel is informed of the existence and contents

of this Protective Order, agrees to be bound by its terms by signing the Agreement

attached as Exhibit A, and shall be responsible for the compliance of their

respective associates, paralegals, clerks, employees, and independent contractors

with this Protective Order;

16

**(b)**    House Counsel for the Receiving Party to whom it is reasonably necessary to disclose Protected Material for this litigation; *provided, however*, that he or she is informed of the existence and contents of this Protective Order and agrees to be bound by its terms by signing the Agreement attached as Exhibit A, and provides all parties with an Affidavit, signed under the penalty of perjury, which verifies that he/she is the House Counsel for a specific party, and is not involved in the competitive decision making of the party that he or she represents;

**(c)**    Any other person to whom it is reasonably necessary to disclose Protected Material if it is clear from the face of the Protected Material that the Protected Material was previously lawfully received or authored by the receiving person and such person is informed of the existence and contents of this Protective Order and agrees to be bound by its terms by signing the Agreement attached as Exhibit A;

**(d)**    Experts retained by Counsel, a Party, or the Court for the purpose of preparing or assisting in this proceeding, and their respective employees involved in assisting them with this litigation, (1) to the extent deemed necessary by Counsel or the Court, (2) provided they are informed of the existence and contents of this Protective Order and agree to be bound by its terms by signing the

17

Agreement attached as Exhibit A, and (3) as to whom the procedures set forth in Section 7.5 below have been followed and satisfied;

      **(e)**    The Court and its personnel;

      **(f)**    Court reporters, their staff, and Professional Vendors;

      **(g)**    Deponents with respect to whom the attorney for the examining party believes in good faith that disclosure of Protected Material should be made in order to conduct relevant examination of such deponent and the Designating Party agrees to such disclosure.  Nothing in this Protective Order shall prevent a deponent from being shown the original or a copy of Protected Material marked "Highly Confidential - Attorneys' Eyes Only" if such deponent is advised of the existence and contents of this Protective Order and agrees to be bound by its terms. Such deponent will not be given a copy of the Protected Material except:  (1) to be shown the Protected Material and questioned regarding it at a deposition; (2) the Protected Material will be attached to the deposition transcript if it is an exhibit thereto; however, the deponent will not receive a copy of the exhibit with the transcript;

      **(h)**    Any other person with the prior written consent of the Designating Party, or pursuant to Court order.

    **7.5**    **Procedures for Objection to Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information to Experts.**

**(a)**     Unless otherwise ordered by the Court, or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" first must provide written notice by facsimile to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information for which the Receiving Party seeks permission to disclose to the Expert, and (2) sets forth the person's (i) full name, (ii) office address, (iii) current employer, and (iv) brief summary of all current expert work of the Expert where the Expert has been designated as an expert witness or his or her identity has been disclosed to opposing counsel in that proceeding.

**(b)**     A Party that makes a written request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven days of confirmation of delivery of the facsimile request, the Party receives a written objection by facsimile from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

**(c)**     A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so.  Any such motion must

19

describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a declaration in which the movant describes the Parties' efforts to resolve the matter by agreement and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of producing evidence and the burden of persuasion that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

    **7.6**    **Service of Executed Agreements.**  Copies of each agreement (in the form attached as Exhibit A) executed by any person associated with, or at the request of, a particular Party shall be served on Outside Counsel for each other Party within three business days of execution.

    **7.7**    **Reservation of Rights.**  The Protective Order shall not preclude the use of Protected Material at trial, subject to any applicable objections or orders made by the Court to use Protected Material at trial, and subject to the provisions of this Protective Order.  This Protective Order shall also not preclude or limit any Party's right to oppose or object to discovery on any ground which would be

otherwise available.  This Protective Order shall not preclude or limit any Party's right to seek *in camera* review or to seek further and additional protection against or limitation upon production or dissemination of Discovery Material, including documents and their contents.  Neither entering into this Protective Order, nor receiving any Discovery Material or other information designated as Protected Material shall be construed as an agreement or admission:  (1) that any document or information designated as Protected Material is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as Protected Material; or (3) as to the authenticity, competency, relevancy, or materiality of any Discovery Material designated as Protected Material.  Notwithstanding the entry of the Protective Order, all parties reserve any and all objections and/or rights as to the relevance and admissibility of all items or evidence which may be offered at deposition and/or at trial, including but not limited to, all Protected Material.

(a)    **Fees and Costs.**  The Parties specifically reserve the right to seek to recover their attorneys' fees and costs under applicable law including but not limited to Fed. R. Civ. P. 26(c) and 37(a)(4) in connection with any motion filed pursuant to Sections 6.3 and 7.4 of this Protective Order.

(b)    **Objections to Use of Protected Material at Trial.**  The Requesting Party specifically reserves the right to object to the introduction at trial,

on all grounds including unfair prejudice under Rule 403 of the Federal Rules of Evidence, of particular Protected Material that the Designating Party refuses to agree may be disclosed to deponents (under Sections 7.2(g) or 7.3(g)) or to Experts (under Section 7.4(b)).  The Designating Party specifically reserves all of its rights to oppose any such objection.

**8.    Use of Protected Material at Trial.**

The procedures and protections set forth in this Protective Order shall apply to the use of Protected Material at trial, unless otherwise ordered by the Court.  In advance of the final pretrial conference pursuant to Fed. R. Civ. P. 16(d) or otherwise, the Parties shall meet and confer to develop specific trial procedures with regard to Protected Material, including without limitation the handling of exhibits constituting or containing Protected Material, the use of Protected Material during the testimony of witnesses, the special designation of all or any portion of the trial transcript or record, and the attendance at trial of persons not permitted to receive or have Protected Material.  If the Parties reach agreement on such procedures, the Parties shall propose that the Court adopt them in the final pretrial order, even if they differ from the provisions of this Protective Order.  If the Parties are unable to reach agreement, any Designating Party may ask the Court to include specific proposed procedures in the final pretrial order, and any Receiving Party may object to such request.

9.  **Protected Material Requested, Subpoenaed, or Ordered Produced in Other Litigation.**

If a Receiving Party receives a request or an order to produce information or items designated in this matter as Protected Material (and not otherwise determined by this Court not to be Protected Material), the Receiving Party shall immediately notify the Designating Party of the request or order so that the Designating Party may take steps to protect its interests, and the Designating Party shall, within 10 days after being notified of the request or order, initiate steps to protect its interests, and the Receiving Party shall use its best efforts and all lawful means to resist production until either the the expiration of 10 days after notification to the Designating Party, or a determination on theDesignating Party's interests has been made, whichever occurs first.

10.  **Unauthorized Disclosure of Protected Material.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order, and (d) request such person(s) to execute the Agreement attached as Exhibit A.

23

11. **Filing Protected Material.**

For applications and motions to the Court on which a Party submits Protected Material, all documents and chamber copies containing Protected Material that are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelope(s), a copy of the first page of the document shall be attached. If Protected Material is included in the first page attached to the outside of the envelope(s), it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope(s) and a statement substantially in the following form shall also be printed on the envelope(s):

> This envelope is sealed pursuant to Order of the Court,
> contains Confidential Information, and is not to be
> opened or the contents revealed, except by Order of the
> Court or agreement by the parties.

12. **Final Disposition.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this proceeding, each Receiving Party must return all Protected Material to the Producing Party upon written request from the Producing Party, at Producing Party's cost. If Producing Party does not request the return of all Protected Material within sixty days after the final termination of this proceeding and does not respond within five business days to a written request by facsimile from Receiving Party inquiring as to Producing Party's position

24

regarding the return or destruction of such Protected Material, this Protective Order shall terminate.  As used in this Section, "all Protected Material" includes all copies, or any other form of reproducing any of the Protected Material.  The Receiving Party shall destroy any summaries, compilations, and abstracts of all Protected Material prepared by the Receiving Party.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  In either event, the Receiving Party must submit to the Producing Party (and, if not the same, to the Designating Party) a written certification that the Receiving Party has complied with all of its obligations hereunder and has returned or destroyed all Protected Material and all summaries, compilations, and abstracts of all Protected Material prepared by Receiving Party within sixty days following a written request from the Producing Party.  Notwithstanding this Section 12, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

**13.   Miscellaneous.**

**13.1   Right to Further Relief.**  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.  Nothing

contained herein shall preclude the Parties from entering into other written agreements designed to protect Protected Material.

**13.2  Right to Assert Other Objections.**  No Party waives any right it otherwise would have to object to disclosing or producing Discovery Material on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the Discovery Material covered by this Protective Order.

**13.3  Parties' Use of Their Own Protected Material.**  This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Protected Material for any purpose.  Nothing in this Protective Order shall limit the use by any Party, person, or entity of his, her, or its own documents, material or information lawfully obtained, even if such documents, material, or information have been designated by a Party as Protected Material.  Nothing contained herein shall impose any restrictions on the use or disclosure by any Party or Expert of Discovery Material, documents, information, or material designated as Protected Material that was obtained lawfully by such Party or Expert independently of any discovery in this proceeding, or which:

(a)    Was already known to or possessed by such Party or Expert by lawful means prior to acquisition from, or disclosure by, any other Party in this proceeding;

26

(b)    Is or becomes publicly known through no fault or act of such Party or Expert; or

(c)    Is or was rightfully received by such Party or Expert from a third party that has authority to provide such documents, information, or material and without restriction as to disclosure.

**13.4   Confidentiality or Non-Disclosure Agreements.**  Nothing in this Protective Order shall modify or relieve any Party, Expert, or other person from any obligation he, she, or it may have under any other confidentiality or non-disclosure agreement.

**13.5   Time.**  Local Rule 6.1 of the Local Rules for the District of Hawaii shall govern the calculation of any period of time prescribed or allowed herein. Respectfully submitted,

**14.    Enforcement.**

Parties or persons violating this Protective Order, may be subject to sanctions imposed by the Court including, but not limited to, being found in contempt of court.

DATED: Honolulu, Hawaii, <u>APRIL 12, 2005</u> .

<u>_[signature]_</u>
SPECIAL DISCOVERY MASTER
CLYDE WM. MATSUI

27

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Protective Order entered by the United States District Court for the District of

Hawaii on _____ in the case of *Wayne Berry v. Hawaiian Express*

*Service, et al.*, Civil No. CV03-00385 SOM-LEK. I agree to be bound by all the

terms of the Protective Order and I understand that failure to comply could expose

me to sanctions and punishment, including, but not limited to, sanctions in the

nature of contempt. I will not disclose in any manner any information or item that

is subject to the Protective Order to any person or entity except in strict compliance

with the provisions of the Protective Order.

I consent to the jurisdiction of the United States District Court for the

District of Hawaii for the purpose of enforcing the Protective Order, even if such

enforcement proceedings occur after termination of this proceeding.

Date: _____
City and State where sworn and signed: _____
Printed name: _____

Signature: _____

28