# EXHIBIT HHH

```
 1              IN THE UNITED STATES DISTRICT COURT FOR THE

 2                          DISTRICT OF HAWAII

 3   WAYNE BERRY, a Hawaii        )   CIVIL NO. 03-00385SOM-LEK
     citizen,                     )
 4             Plaintiff,         )   Honolulu, Hawaii
                                  )   October 11, 2005
 5        vs.                     )   10:57 a.m.
                                  )
 6   HAWAII EXPRESS SERVICE,      )   DEFENDANTS MARK DILLON,
     Inc., a California           )     TERESA NOA, MELVIN PONCE,
 7   corporation, et al.,         )     SONIA PURDY, JUSTIN
               Defendants.        )     FUKUMOTO, ALFREDDA
 8   _____)     WAIOLAMA & JACQUELINE RIO'S
                                        MOTION FOR SUMMARY JUDGMENT
 9                                      ON DAMAGES
                                      DEFENDANT PCT'S MOTION
10                                      FOR PARTIAL SUMMARY
                                        JUDGMENT ON DAMAGES
11
                         TRANSCRIPT OF PROCEEDINGS
12              BEFORE THE HONORABLE SUSAN OKI MOLLWAY,
                      UNITED STATES DISTRICT JUDGE
13
     APPEARANCES:
14
     For the Plaintiff:             TIMOTHY J. HOGAN, Esq.
15                                  Lynch Ichida Thompson Kim
                                     & Hirota
16                                  1132 Bishop Street, Ste. 1405
                                    Honolulu, Hawaii 96813
17

18   For Defendant                  LEX R. SMITH, Esq.
     Post-Confirmation Trust        ANN C. TERANISHI, Esq.
19   for Fleming Companies,         First Hawaiian Center
     Inc.:                          999 Bishop Street, Suite 2600
20                                  Honolulu, Hawaii 96813

21                                  ERIC C. LIEBELER, Esq.
                                    Kirkland & Ellis LLP
22                                  777 South Figueroa Street
                                    Los Angeles, California 90017
23
     For Defendants Dillon,         LYLE S. HOSODA, Esq.
24   Noa, Ponce, Purdy,             RAINA P. B. MEAD, Esq.
     Fukumoto, Waiolama & Rio:      Lyle S. Hosoda & Associates, LLC
25                                  345 Queen Street, Suite 804
                                    Honolulu, Hawaii 96813
```

```
 1
 2
 3
 4    Official Court Reporter:      Cynthia Tando Fazio, RMR, CRR
                                    United States District Court
 5                                  P.O. Box 50131
                                    Honolulu, Hawaii 96850
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
      Proceedings recorded by machine shorthand, transcript produced
25    with computer-aided transcription (CAT).
```

1   in the record, a quote: You want to change my software, this
2   is what it's going to cost you. That's an issue of fact as to
3   whether what they're claiming, $100, which is what they got
4   from somebody who's paying Mr. Berry a lot of money to use the
5   software legally.
6           THE COURT: Okay. First of all, if I entered judgment
7   against the defendants jointly and severally for any amount,
8   they are not the prevailing party. So I don't understand how
9   they're going to seek attorney's fees.
10          If you seek attorney's fees, then even if you get an
11  award of attorney's fees it's going to be reasonable attorney's
12  fees. And if your award is, for example, $30,000, I don't
13  know, you're going to have a great time establishing that, you
14  know, half a million dollars is a reasonable attorney's fee for
15  a $30,000 award. I mean I think that's a pretty tough row to
16  hoe.
17          Now, you can take me up on appeal. If I get reversed,
18  you come back down, you ultimately win a million dollars.
19  Well, obviously you're going to be in a different posture then
20  and, you know, no doubt your fees will stretch back even to
21  these proceedings that have preceded today.
22          I'm not saying I'm going to rule yet, but I'm just
23  trying to understand how the process will unfold as we go on
24  depending on how I rule. And, you know, some of the things
25  that you just said do not seem to me to follow logically from

1   your concern that I will grant their motion if the ultimate
2   order is that your damages are either 16-8 or 30,000.  I don't
3   see this parade of horribles on attorney's fees frankly.
4           MR. HOGAN:  Well, I've been through this once before
5   on the same issue of election right and during a trial, Your
6   Honor, and the case law is very clear that the simple fact of
7   election and the diminished amount that you get should not
8   be -- I can't remember the Ninth Circuit case, but the court
9   has spoken as saying that that is not relevant.  It's --
10  copyright is a special place and because of difficulty in
11  damages and whatnot that the courts have generally looked at
12  this not as a sort of a pro rata or percentage kind of thing
13  but basically look at what the case was about and --
14          THE COURT:  Okay.  I --
15          MR. HOGAN:  So that's why --
16          THE COURT:  I'll grant you that.  I mean I'll grant
17  you that in most intellectual property cases the money damages
18  do not fully reflect the value of a judgment that a plaintiff
19  obtains and that the more valuable portion of the judgment is
20  the injunction.
21          And so I agree with you that the money damages that
22  somebody obtains may be, you know, far outstripped by the
23  attorney's fees that were spent in the course of getting a very
24  valuable injunction.  But there isn't an injunction here
25  because I found that they aren't using this -- this program

```
 1   anymore and haven't been for sometime.  So -- so that the
 2   recover -- the value of any judgment you get is going to be
 3   your money damages and that's -- my guess is that if we look at
 4   these copyright cases that you're referring to in the Ninth
 5   Circuit, that there was an injunction involved of some value
 6   and that is what may lead a court to enter an attorney's fee
 7   order that is many times -- many multiples of the money
 8   judgment award.  But that's not what we have here.
 9             MR. HOGAN:  Well, Your Honor --
10             THE COURT:  You know, there's not an attorney fee
11   motion in front of me.  I'm just -- I'm just saying that this
12   parade of horribles is not scaring me too much even though you
13   tried it out.
14             MR. HOGAN:  Your Honor, as to the injunction they
15   still got copies of Mr. Berry's work.  He's -- he's entitled to
16   an order of destruction and return.  That's -- that's -- that's
17   still live in this case.  There's been no termination of that
18   possession.  There's no right to see and has to possess his
19   works.  Perhaps if you want to keep then in an attorney's lock
20   box for litigation purposes, that's what the courts earlier
21   ruled.  But CNS was delivered multiple copies of the work and
22   somebody has to deal with that.  I don't know what will -- what
23   it'll do, it'll just engender more litigation.
24             THE COURT:  Okay.  As I understand it, the copies they
25   have, have been retained for litigation purposes, not for use.
```

```
                                                                    48

 1                    COURT REPORTER'S CERTIFICATE
 2
 3         I, CYNTHIA TANDO FAZIO, Official Court Reporter,
 4   United States District Court, District of Hawaii, Honolulu,
 5   Hawaii, do hereby certify that the foregoing pages numbered 1
 6   through 47 is a correct transcript of the proceedings had in
 7   connection with the above-entitled matter.
 8
           DATED at Honolulu, Hawaii, November 14, 2005.
 9
10
11                               _____
                                 CYNTHIA TANDO FAZIO, RMR, CRR
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```