# EXHIBIT SSS

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 25 2003

at ___ o'clock and ___ min. __ M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, | CIV. NO. 03-00385 SOM/LEK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND DENYING WITHOUT PREJUDICE DEFENDANTS' REQUEST FOR ATTORNEYS' FEES AND COSTS |
| vs. | |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation; H.E.S. TRANSPORTATION SERVICES, INC., a California corporation; CALIFORNIA PACIFIC CONSOLIDATORS, INC., a California corporation; JEFFREY P. GRAHAM and PETER SCHAUL, California citizens; DOE INDIVIDUALS 1-350; DOE PARTNERSHIPS, CORPORATIONS and OTHER DOE ENTITIES 1-20, | |
| Defendants. | |

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND DENYING WITHOUT PREJUDICE
DEFENDANTS' REQUEST FOR ATTORNEYS' FEES AND COSTS

I.   INTRODUCTION.

Plaintiff Wayne Berry ("Berry") alleges that Defendants Hawaiian Express Service, Inc. ("HEX"), H.E.S. Transportation Services, Inc. ("HEST"), California Pacific Consolidators, Inc. ("CalPac"), Jeffrey Graham ("Graham"), and Peter Schaul ("Schaul") (collectively "Defendants") are liable for infringement of Berry's copyrighted software ("the Software"). Berry seeks preliminary and permanent injunctions, damages, and a return of the Software and related things.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen,<br><br>   Plaintiff,<br><br>   vs.<br><br>HAWAII EXPRESS SERVICE, INC., a California corporation, et al.,<br><br>   Defendants. | Civ. No. 03-00385 SOM/LEK<br><br>ORDER DENYING PLAINTIFF WAYNE BERRY'S MOTION FOR PRELIMINARY INJUNCTION |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 08 2004

at ___ o'clock and ___ min. ___ M
WALTER A. Y. H. CHINN, CLERK

ORDER DENYING PLAINTIFF WAYNE BERRY'S
MOTION FOR PRELIMINARY INJUNCTION

I.   INTRODUCTION.

Plaintiff Wayne Berry seeks an injunction against Defendants C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, and C&S Logistics of Hawaii, LLC (collectively, "C&S"), as well as against Defendant Fleming Companies, Inc. ("Fleming"), and C&S and Fleming affiliates, officers, agents, servants, and employees, prohibiting the use, reproduction, and/or transfer of the "Berry Freight Control System" computer software ("FCS"). Berry claims that he owns the copyright to FCS and that Defendants have used and continue to use FCS and derivatives of FCS in violation of his copyright. Defendants deny that they are now using FCS or a derivative of FCS.

Berry's motion is DENIED. Berry has not shown a likelihood of success on his claim that Defendants are using, or

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, | ) CIV. NO. 01-00446 SPK/LEK |
| Plaintiff, | ) |
| v. | ) |
| | ) FILED IN THE |
| FLEMING COMPANIES, INC., aka | ) UNITED STATES DISTRICT COURT |
| FLEMING FOODS, INC., aka | ) DISTRICT OF HAWAII |
| FLEMING, ET AL.. | ) DEC 27 2004 |
| Defendants. | ) at 11 o'clock and 55 min. a/ M |
| | ) WALTER A. Y. H. CHINN, CLERK |

ORDER DENYING POST-TRIAL MOTIONS

On March 6, 2003, a jury returned a special verdict awarding Plaintiff Wayne Berry ("Berry") $98,250.00 against Defendant Fleming Companies ("Fleming") for violating a copyright of Berry's "Freight Control System" software. The jury, however, ruled against Berry for two other programs ("Crystal Reports" and "Flemingpo.exe").

Following the verdict, Fleming filed four Renewed Motions for Judgment as a Matter of Law or for New Trial. Fleming also filed a Motion for Attorneys' Fees and Costs, contending that it was a "prevailing party" because Berry recovered very little of what he sought in the litigation. On the other hand, Berry filed a Motion for Entry of a Permanent Injunction based upon the jury's finding, as well

1

DEC 28 2004

March 20, 2003 (and renewed by Notice on September 17, 2004), is DENIED.

V.

Based upon the jury's verdict finding of infringement of the "Freight Control System" software, Berry seeks a permanent injunction prohibiting the use of the software.

The Court, however, agrees with Fleming that -- with the passage of time since the verdict -- the request for a permanent injunction is now pointless. Fleming cannot resume using the software because it essentially is no longer in operation. The evidence is that Fleming had a valid license. And the Court has reviewed the filings and order in <u>Berry v. Hawaii Express Service, Inc.</u>, Civ. No. 03-00385, and agrees with the findings of Judge Susan Oki Mollway in her well-reasoned order of October 8, 2004, Denying Plaintiff Wayne Berry's Motion for Preliminary Injunction, which was decided on a much more current factual record.

Berry's Motion for Entry of Permanent Injunction, filed March 20, 2003 (and renewed by Notice on September 17, 2004), is DENIED.

CONCLUSION

For the foregoing reasons, the following motions are DENIED:

(1) Fleming's Renewed Motion for Judgment as a Matter of Law on All Claims for Infringement of "Freight Control System" Due to a Defective Deposit in

the Copyright Office, filed on March 20, 2003 (and renewed by Notice on September 17, 2004) [CR 216, 252];

(2) Fleming's Motion to Alter or Amend Verdict of Statutory Damages Based Upon a Finding of "Willfulness" or in the Alternative a Motion for a New Trial on the Issue of "Willfulness" and Damages, filed on March 20, 2003 (and renewed by Notice on September 17, 2004) [CR 215, 253];

(3) Fleming's Renewed Motion for Judgment as a Matter of Law Pursuant to 17 U.S.C. § 117, filed on March 20, 2003 (and renewed by Notice on September 17, 2004) [CR 218, 250];

(4) Fleming's Renewed Motion for Judgment as a Matter of Law that the "End User License Agreement" is Unenforceable Against Fleming, filed on March 20, 2003 (and renewed by Notice on September 17, 2004) [CR 217, 251]; and

(5) Berry's Motion for Entry of Permanent Injunction, filed March 20, 2003 (and renewed by Notice on September 17, 2004) [CR 214, 248(2)].

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, 27 December 2004.

SAMUEL P. KING
UNITED STATES DISTRICT JUDGE

7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY,<br><br>    Plaintiff,<br>v.<br><br>FLEMING COMPANIES, INC., aka<br>FLEMING FOODS, INC., aka<br>FLEMING, ET AL..<br><br>    Defendants. | CIV. NO. 01-00446 SPK/LEK<br><br>FILED IN THE<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF HAWAII<br><br>MAR 0 4 2005<br><br>at 3 o'clock and 20 min. P M.<br>WALTER A.Y.H. CHINN, CLERK |

### ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR INJUNCTION PENDING APPEAL

Plaintiff Wayne Berry's Ex Parte Motion for Leave to File Motion for Injunction Pending Appeal Pursuant to FRAP 8, which was lodged on March 1, 2005, shall be deemed filed on March 1, 2005. The Court has reviewed the motion, the opposition, and the reply memoranda, and hereby DENIES the motion.

By its order of December 27, 2004, the Court found no basis for granting a permanent injunction at the district court level. The Court thus finds no basis for granting an injunction pending an appeal to the Ninth Circuit seeking to overturn the Court's order denying an injunction.

1

MAR 0 8 2005

The motion is DENIED without prejudice to Plaintiff seeking relief in the Ninth Circuit under Fed. R. App. P. 8(a)(2).

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, 4 March 2005.

_____
SAMUEL P. KING
UNITED STATES DISTRICT JUDGE

Berry v. Fleming, Civ. No. 01-00446SPK/LEK, ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR INJUNCTION PENDING APPEAL

2

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 24 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAYNE BERRY,<br><br>　　Plaintiff - Appellee/Cross-Appellant,<br><br>　v.<br><br>FLEMING COMPANIES, INC., aka Fleming Foods, Inc. aka Fleming; et al.,<br><br>　　Defendants - Appellees,<br><br>　and<br><br>POST CONFIRMATION TRUST,<br><br>　　Defendant - Appellant/Cross-Appellee. | Nos. 05-15223<br>　　　05-15347<br><br>D.C. No. CV-01-00446-SPK<br>Hawaii (Honolulu)<br><br><br>ORDER |

Before: TASHIMA and THOMAS, Circuit Judges

　　The motion by Wayne Berry for an injunction pending appeal is denied.

　　The briefing schedule established June 16, 2005 shall continue to govern these cross-appeals.

JUN 22 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen,<br><br>            Plaintiff,<br><br>   vs.<br><br>HAWAII EXPRESS SERVICE, INC., a California corporation; et al.,<br><br>            Defendants. | Civ. No. 03-00385 SOM/LEK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF PERMANENT INJUNCTION AND FOR ORDER DIRECTING RETURN, DESTRUCTION OR OTHER REASONABLE DISPOSITION OF ALL COPIES OF FREIGHT CONTROL SYSTEM |

<u>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF PERMANENT INJUNCTION AND FOR ORDER DIRECTING RETURN, DESTRUCTION OR OTHER REASONABLE DISPOSITION OF ALL COPIES OF FREIGHT CONTROL SYSTEM</u>

I.      INTRODUCTION.

Plaintiff Wayne Berry moves for an order prohibiting Fleming Companies, Inc. ("Fleming"); the Post Confirmation Trust ("PCT"); C&S Wholesale Grocers, Inc. ("C&S"), their affiliates, officers, agents, servants and employees; Mark Dillon, Teresa Noa, Melvin Ponce, Alfredda Waiolama, Jacqueline Rio, and Justin Fukumoto (collectively, "Employees"); internet service providers; Defendants' attorneys; and "any other person in active concert with them who receives actual notice of the order" from using, reproducing, and transferring Berry's 1993 Freight Control System ("FCS") and any copies or derivatives thereof. Berry also moves for an order "directing the return, destruction or other reasonable disposition of all copies of the [FCS] computer software including any derivatives." Berry excludes from this