LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **SUPPLEMENTAL** |
| vs. | ) | **DECLARATION OF TIMOTHY J.** |
| | ) | **HOGAN IN SUPPORT OF** |
| HAWAIIAN EXPRESS SERVICE, | ) | **PLAINTIFF WAYNE BERRY'S** |
| INC., a California corporation; et al. | ) | **OPPOSITIONS TO DEFENDANTS'** |
| | ) | **PCT, EMPLOYEES AN D C&S'** |
| | ) | **MOTIONS FOR ATTORNEY'S** |
| Defendants. | ) | **FEES AND COSTS FILED ON** |
| | ) | **MARCH 23, 2006; EXHIBITS 15** |
| | ) | **TO 18; CERTIFICATE OF** |
| | ) | **SERVICE** |
| | ) | |
| | ) | Non Hearing |
| | ) | |
| | ) | Judge:    Hon. Magistrate Judge |
| _____ | ) |            Leslie Kobayashi |

**SUPPLEMENTAL
DECLARATION OF TIMOTHY J. HOGAN IN SUPPORT OF
PLAINTIFF WAYNE BERRY'S MEMORANDUM
IN OPPOSITION TO DEFENDANTS PCT, EMPLOYEES AN D C&S'
MOTIONS FOR ATTORNEYS' FEES
AND COSTS FILED ON MARCH 23, 2006**

I, TIMOTHY J. HOGAN, am an attorney licensed to practice before all the courts of Hawaii and I make this declaration under penalty of perjury. All the statements herein are true and correct to the best of my knowledge, information and belief. If called upon to testify regarding the matters contained herein, I am competent and willing to do so.

1. Attached hereto as Exhibit "15" is a true and correct excerpt to the transcript of the Deposition of Brian Christensen taken herein on December 2, 2004 where Brian Christensen testifies under oath that he became the Fleming Hawaii Division President in March 2003. This testimony is now proven false by the Reply filed by Mr. Christensen on May 4, 2006 at page 5. The Reply claimed that the trial testimony amounted to a misstatement. Mr. Christensen made this same "misstatement" in his deposition over a year ago.

2. Attached hereto as Exhibit "16" is a true and correct excerpt of the Order Granting Defendant Foodland's Motion for Summary Judgment; Granting Defendant Hawaii Transfer Company's Motion for Summary Judgment and Granting Defendant's Dillon, Noa, and Christensen's Motion for Summary

Judgment Dated January 26, 2005, where the District Court addresses the basis for finding that Mr. Christensen was not liable for contributory and vicarious infringement based on his lack of knowledge of the willful infringement.

3. Because Mr. Christensen did not testify truthfully that he was the responsible Fleming Division President starting in the Spring of 2002 and falsely denied that for nearly a year the willful infringing conduct was under his authority, Mr. Berry was unable to produce evidence of Christensen obvious role in and knowledge of the willful infringement to establish a triable issue of fact regarding Christensen and his contributory and vicarious infringement liability during the period prior to the Fleming Bankruptcy.

4. Attached hereto as Exhibits "17" and "18" respectfully are true and correct copies of excerpts of attorneys fee invoices submitted by Lex Smith, Esq. Authenticated by his declaration seeking fees and costs in the first infringement case, *Wayne Berry v. Fleming Companies, Inc*.

5. These two invoices, Exhibits "17" and "18" show that Mr. Smith was submitting invoices to Fleming's Hawaii Division President, Ralph Stussi, on May 9, 2002 (Exhibit "17") and then by July 5, 2002 was submitting them to the new Division President Brian Christensen (Exhibit 18).

6. Mr. Smith is noted at page 18 line 17 and page 20 line 12 in the

Christensen deposition transcript (Exhibit "15") objecting to my questioning of Mr. Christensen which questioning was centering on the date he became the president of the Hawaii division.

7. Mr. Christensen in his Reply admits that his trial testimony was false, but gave the same false testimony over a year earlier and now wishes to receive money for the success that resulted from his false testimony.

8. Exhibits "17" and "18" are offered as evidence that Mr. Smith knew at the time of the deposition that Christensen was committing perjury when Mr. Christensen falsely denied being the responsible Fleming Hawaii Division President in March 2003.

9. At the time of the Christensen deposition, Mr. Christensen was a former employee of Fleming Companies, Inc. (Mr. Smith's Client at the deposition) and a present employee of C&S Wholesale Grocers, Inc. (Mr. Smith's client at the deposition).

10. Mr. Smith had an affirmative obligation to correct the false testimony of his clients' employee but did nothing allowing this false testimony to be used for obtain summary judgment beneficial to both of his clients. *See* Hawaii DR 3.3(a) and comments 4 to 6.

11. Mr. Smith now claims that he and/or is clients are entitled to collect

fees on behalf of C&S for his role in the Christensen Deposition.

  Dated:  Honolulu, Hawaii May 7, 2006.

        <u>/S/Timothy J. Hogan</u>
        Timothy J. Hogan