LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
Email: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **AMENDMENT TO MOTION  FOR** |
| | ) | **NEW TRIAL FILED ON 3/21/06 OR** |
| HAWAIIAN EXPRESS SERVICE, | ) | **IN THE ALTERNATIVE MOTION** |
| INC., a California corporation; et al. | ) | **FOR RECONSIDERATION AND** |
| | ) | **RULE 60(b) RELIEF;** |
| Defendants. | ) | **CERTIFICATE OR SERVICE** |
| | ) | |
| | ) | **Non-Hearing Motion** |
| | ) | |
| | ) | **JUDGE: Honorable Susan Oki** |
| | ) | **        Mollway** |
| | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF WAYNE BERRY'S AMENDMENT TO  MOTION FOR NEW TRIAL FILED ON 3/21/06 OR IN THE ALTERNATIVE MOTION FOR RECONSIDERATION AND <u>RULE 60(b) RELIEF</u>

COMES NOW, Plaintiff Wayne Berry ("Plaintiff"), by and through his undersigned counsel, and hereby respectfully supplements his Rule 59 Motion and moves this Court for a new trial or, in the alternative, moves for reconsideration or Rule 60(b) relief vacating the Court's rulings related to Brian Christensen who admits to having testified falsely.

Claiming to have misstated facts in his trial testimony, Mr. Christensen in his Defendants Brian Christensen, Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama and Jacqueline Rio's Reply Memorandum in Support of Their Motion for Attorneys' Fees and Costs filed on May 4, 2006 at Docket No. 957-1 (the "Reply")  (Docket No. 957) at page 5 admits that his trial testimony was not truthful.  By falsely testifying to having come on the scene after the willful infringement, Mr. Christensen escaped liability for his act of requiring Fleming employees to use the Berry system after the finding of willful infringement.  During that period of time, Mr. Christensen was engaged in contributory willful infringement.   As to the need for a new trial and other equitable relief, on behalf of both his past and present employer Fleming Companies, Inc. and C&S Wholesale Grocers, Inc., Christensen was able to

portray himself for the benefit of his employers as the blameless new person on the scene rather than one of the original architects of the Fleming willful infringement.

This motion is brought on the grounds that the verdict as well as the Court's January 27, 2004 order granting summary judgment related to Christensen were obtained through fraud on the court and the fraud must have been known by Christensen's employees' attorneys who have done nothing to remedy the harm. Mr. Berry did not have the irrefutable proof that the testimony was false until May 4, 2006, when the Reply filed by Mr. Christensen admitted that he testified falsely at trial. The trial transcript was just recently filed and Mr. Berry has acted promptly to bring this to the Court's attention.

Mr. Berry believes that he is entitled to a new trial if the Court denies his Rule 50(b) motion. Alternatively, Mr. Berry asks that the Court vacate the January 27, 2005 Order granting Christensen summary judgment as well as any findings that relate to the issue of willfulness and inadvertence, strike any affirmative defense of innocent infringement as a sanction against Christensen and his employers for their attorneys' conduct and grant a new trial on damages allowing proof of willful infringement as to Fleming and Christensen.

This motion is brought as a motion for amendment of the pending Fed. R. Civ. P. 59 Motion or be considered a motion for reconsideration under LR 60.1 or

3

relief from judgment under Fed. R. Civ. P. 60(b).  This motion is supported by the

memorandum of law and declaration of counsel filed in support and incorporates

by reference all the docket of this case.

DATED: Honolulu, Hawai'i, May 9, 2006.


/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY