# Exhibit 6

users.   Therefore, as to these seven employees, it is simply a waste of the Court's time and Mr. Berry's time to engage in a protracted discussion of a prevailing party.  The Second Amended Judgment, Hogan Dec. Exhibit "7"  and the Order Granting Summary Judgment, Hogan Dec. Exhibit "6" together evidence that these seven employee defendants are not prevailing parties.

### B.      Brian Christensen Lacks Standing to Claim Fees and Costs.

As to Brian Christensen, Mr. Christensen testified at trial that the date that he became the President of the Hawaii Division was at the end of March <u>2003</u>.[1] That conveniently put Mr. Christensen in the group of Fleming blameless employee's coming on the scene not to be tarred with the infringing conduct that formed the jury verdict of willful infringement in the first case.  Contrary to his testimony, Mr. Christensen became the President of the Hawaii Division in March <u>2002</u> when and after he personally directed the use of willfully infringing software, his troubling conflicting testimony at the instant trial notwithstanding.  *See* Hogan Dec. Exhibit  "3." Therefore, on equitable  grounds, Mr. Christensen lacks the standing necessary to be able to request any fees or cost in this case.   Moreover, the false testimony regarding the day that he became the Hawaii Division President

---

[1]  The final transcripts have not yet been submitted and this will be supplemented by an excerpt from the official trial transcript when it is available.

was a lynchpin of several defense issues in this case. Specifically, were he or Fleming to have been found a willful infringer then the contributory infringement and infringement RICO claims should have survived dismissal, not to mention the issue of Mr. Berry's right to a permanent injunction. As a matter of law and equity and the factors enunciated by the Supreme Court Mr. Christensen cannot claim to be entitled to fees or costs in this proceeding.

### C.     There are No Separate Fees to Support Christensen's Request.

In addition, the review of the time records submitted evidence that, with one possible exception of working on Mr. Christensen's responses to plaintiff's document requests of approximately three (3) hours of attorney time, the rest of the entire time entries were all related to representation of all of the Employee defendants. Therefore, if the Employees are denied their fees, as they must because they can't be prevailing parties, then Mr. Christensen's small portion of $200-$300 of attorney time that was not separately sought by his concurrent attorneys must also be disregarded. It was Mr. Christensen's attorney's obligation to make some apportionment for the time spent on Mr. Christensen's behalf that was not also spent defending the adjudicated infringer defendants. Sticking to the indefensible claim that all the adjudicated infringer Employees were prevailing parties, the Employees have waived any claim to a portion of the fees and costs