# Exhibit 7

*Inc.*, 891 F.Supp. at 541 (finding defendants to be prevailing parties in a copyright suit despite a finding of innocent infringement on two of seven counts and an assessment of minimum statutory damages against them); *Screenlife Establishment v. Tower Video, Inc.*, 868 F.Supp. 47, 50 (S.D.N.Y. 1994) (finding the defendant to be a prevailing party in a copyright suit where the defendant conceded prior to trial, that the plaintiff was entitled to a permanent injunction, delivery of remaining infringing copies of its work, and an award of damages and costs).

II. **BRIAN CHRISTENSEN IS A PREVAILING PARTY.**

The fact that Christensen misstated at trial that he did not become President of Fleming's Hawaii division until the end of March, 2003 has no impact on the Court's rulings to date and does not change the fact that Christensen is a prevailing party. In an attempt to defeat Christensen's rightful claim to attorney's fees and costs, Plaintiff simply resorts to an attack on Christensen's credibility.

At trial, Christensen consistently testified that he was President of Fleming's Hawaii division during the relevant period of infringement:

> Q.  Good morning, Mr. Christensen. What is your job presently?
>
> A.  I am the president of C&S Wholesale, the Hawaii division.

5