# Exhibit 9

Berry does argue in his opposition papers, however, that "Christensen is Liable as a Vicarious and Contributory Infringer."  The court therefore addresses Berry's claim of contributory and vicarious infringement against Christensen.

To establish a claim of contributory infringement, Berry must prove that Christensen had knowledge of the infringement.  <u>Metro-Goldwyn-Meyer</u>, 380 F.3d at 1154.  As evidence of this knowledge, Berry presents several emails written by Christensen, in which Christensen states that a replacement may be needed for Berry's software.  Ex. K to Hogan Dec.; Ex. L to Hogan Dec.  These emails, however, demonstrate only that Christensen recognized the need to comply with the jury verdict.  The emails do not establish any knowledge of infringement, nor do they establish that Christensen had knowledge at any time of infringing elements in Fleming's version of FCS.  Berry thus does not establish knowledge by Christensen and cannot succeed on his claim of contributory infringement.

To establish vicarious infringement, Berry must prove that infringement resulted in a direct financial benefit to the defendant.  <u>Id.</u>  Berry fails to make this showing, and his claim of vicarious infringement against Christensen thus fails.  Berry presents no evidence at all of any direct financial benefit to Christensen.  By contrast, Christensen clearly states, "I am a salaried employee and have never received any additional

38

compensation in my capacity as president of C&S or for the
development of any computer software for C&S." Christensen Aff.
¶ 2. Berry's claim of vicarious infringement thus fails.

> 3.    Employee Defendants are Granted Summary
>        Judgment with Respect to the Claim of
>        Conspiracy to Infringe Copyright.

Count III of the SAVC specifically identifies
Christensen, Dillon, and Noa as members of a conspiracy to
infringe on his FCS copyright. Berry, however, fails to prove
that any Employee Defendant agreed to infringe.

As evidence of a conspiracy to infringe, Berry points
out that C&S is indemnifying Defendants for claims against them,
and that C&S has provided Employees with a defense. A company's
agreement to provide indemnity and independent counsel to its
employees, however, does not demonstrate any wrongdoing, nor does
it establish any conspiracy. See In re Holywell Corp., 177 B.R.
991, 999 (S.D. Fla. 1995) (indemnity letter between Trustee and
bank insufficient to prove any agreement to conspire).

In contrast to Berry's assertions, the evidence
demonstrates that Employee Defendants made substantial efforts to
avoid infringing on the FCS copyright. For example, after the
jury verdict, Employee Defendants frequently emailed each other
to determine the best way to proceed without further violation.
See Ex. N to Hogan Dec.

39