400510v1
KOBAYASHI, SUGITA & GODA
LEX R. SMITH        3485-0
THOMAS H. YEE       7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No. (808) 539-8700
Facsimile No.  (808) 539-8799
Email: lrs@ksglaw.com

Attorneys for Defendants
C&S LOGISTICS OF HAWAII, LLC, C&S
WHOLESALE GROCERS, INC., C&S
ACQUISITIONS LLC; ES3, LLC, and RICHARD
COHEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>            Plaintiff,<br>       vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., et al.,<br><br>            Defendants.<br>_____ | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION OF PREVAILING DEFENDANTS C&S WHOLESALE GROCERS INC., C&S ACQUISITION LLC, C&S LOGISTICS LLC, ES3 LLC AND RICHARD COHEN FOR AWARD OF ATTORNEYS' FEES AND FULL COSTS; CERTIFICATE OF SERVICE**<br><br>Non-Hearing<br>Hon. Magistrate Leslie Kobayashi<br>Trial Date: February 28, 2006 |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF MOTION OF PREVAILING DEFENDANTS
C&S WHOLESALE GROCERS INC., C&S ACQUISITION LLC,
C&S LOGISTICS LLC, ES3 LLC AND RICHARD COHEN
<u>FOR AWARD OF ATTORNEYS' FEES AND FULL COSTS</u>**

C&S Wholesale Grocers Inc., C&S Acquisition LLC, C&S Logistics LLC, ES3 LLC and Richard Cohen ("Movants") submit the following supplemental authorities in support of their motion for award of attorneys' fees and full costs.

1.  **UNDER THE STANDARD SET BY THE UNITED STATES SUPREME COURT, THE "PURPOSES OF THE COPYRIGHT ACT" CALL FOR AN AWARD OF ATTORNEYS' FEES TO MOVANTS**

In <u>Fogerty v. Fantasy, Inc</u>., 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994), the United States Supreme Court stated that the "purposes of the Copyright Act" are an important consideration in deciding a prevailing party's motion for attorneys' fees under Section 505 of the Copyright Act. The Supreme Court explained the meaning of the term "purposes of the Copyright Act", making it clear that those purposes are well served by awarding fees to prevailing *defendants* such as movants, who, despite prevailing on every claim, received no monetary recovery.

The Court stressed that "[t]he primary objective of copyright is **not** to reward the labor of authors, but '[t]o promote the Progress of Science and

useful Arts.' To this end, copyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work.'" 510 U.S. at 527 (emphasis added), quoting <u>Feist Publications, Inc. v. Rural Telephone Service Co</u>., 499 U.S. 340, 349-350, 111 S.Ct. 1282, 1289-1290, 113 L.Ed.2d 358 (1991). Thus, the protection of the Movants' rights to use non-infringing software (such as the spreadsheets in this case) furthers the purposes of the Copyright Act. The Court explained:

> Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible. To that end, **defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims** of infringement. In the case before us, the successful defense of "The Old Man Down the Road" increased public exposure to a musical work that could, as a result, lead to further creative pieces. **Thus a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim** by the holder of a copyright.

<u>Id</u>.

3

In accordance with the Supreme Court's mandate in Fogerty, the federal courts have recognized that prevailing defendants (like the Movants here) are presumptively awarded their attorneys' fees and costs:

> When the prevailing party is the defendant, who by definition receives not a small award but no award, **the presumption in favor of awarding fees is very strong**. For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred all together from exercising his rights.

Assessment Technologies of WI, LLC v. WIREdata, Inc., 361 F.3d 434, 437 (7th Cir. 2004 (emphasis added). See also Woodhaven Homes & Realty, Inc. v. Hotz, 396 F.3d 822, 824 (7th Cir. 2005) ("like Assessment Technologies, awarding attorney fees is appropriate because [the prevailing defendant] 'could not obtain an award of damages from which to pay his lawyer no matter how costly it was for [it] to defend against the suit.'" 361 F.3d at 437); Agee v. Paramount Communications, Inc., 869 F.Supp. 209 (S.D.N.Y. 1994) ("a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright").

Like the prevailing defendants in the foregoing cases, Movants were forced to prove that the use of spreadsheets to keep track of shipping

information does not infringe the plaintiff's copyright. By doing so, Movants advanced the purposes of the Copyright Act and under the standard of Fogerty they should recover their attorneys' fees.

**2. THE POLICIES OF THE COPYRIGHT LAW WERE ADVANCED WHEN MOVANTS DEFEATED PLAINTIFF'S ATTEMPT TO PREVENT C&S FROM USING ITS OWN DATA**

The plaintiff violated the purposes of the copyright law when he attempted to use his copyright action to preclude the defendants' use of their own data. Movants' successful defense of the right to use one's own data advances the purposes of the Copyright Act and warrants an award of attorneys' fees. The Court rejected the plaintiff's claim that C&S was prohibited from using its own data:

> Dillon's statement shows that he copied data from FCS, not any structure. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991) (copying of factual data is not copyright infringement).

June 27, 2005 Order, Page 16.

Thus, Movants advanced the purposes of the Copyright Act by successfully vindicating the principle that the copyright cannot restrict defendants' copying of factual data because the Copyright Act "encourages others to build freely upon the ideas and information conveyed by a work." Feist, 499 U.S. at 349-350.

In similar circumstances, the Seventh Circuit recognized that the purposes of the Copyright Act were supported by an award of attorneys' fees to the defendant.  In <u>Assessment Technologies of WI, LLC v. WIREdata, Inc</u>., 361 F.3d 434 (7th Cir. 2004) the copyright holder sought to preclude the copying of data from a database.  Like the Movants, the defendant prevailed on the ground that copyright law does not restrict the copying of factual data.  The Seventh Circuit Court of Appeals awarded the successful defendant its attorneys' fees. The same result should be reached in this case.

DATED: Honolulu, Hawaii, May 10, 2006.

KOBAYASHI, SUGITA & GODA    */s/ Lex R. Smith*
LEX R. SMITH
THOMAS H. YEE
Attorneys for Defendants
C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS LLC; ES3, LLC, and RICHARD COHEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ）CIVIL NO. CV03-00385 SOM-LEK |
| | ）(Copyright) |
| Plaintiff, | ） |
| vs. | ）**CERTIFICATE OF SERVICE** |
| | ） |
| HAWAIIAN EXPRESS SERVICE, | ） |
| INC., et al., | ）Non-Hearing |
| | ）Hon. Magistrate Leslie Kobayashi |
| Defendants. | ）Trial Date: February 28, 2006 |
| | ） |
| | ） |
| _____ | ） |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2006, copies of the foregoing document were duly served via the Court's electronic transmission facilities, to the following parties:

/ / /

/ / /

/ / /

7

    Rex Y. Fujichaku    rfujichaku@bchlaw.net, jennifer@bchlaw.net

    Timothy J. Hogan    tjh@loio.com

    Lyle S. Hosoda    lsh@hosodalaw.com

    Raina P. Mead    rpbm@hosodalaw.com

DATED: Honolulu, Hawaii, May 10, 2006.

KOBAYASHI, SUGITA & GODA    */s/ Lex R. Smith*
    LEX R. SMITH
    THOMAS H. YEE
    Attorneys for Defendants
    C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS LLC; ES3, LLC, and RICHARD COHEN