LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
Email: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | **PLAINTIFF WAYNE BERRY'S** |
| INC., a California corporation; et al. | ) | **MOTION FOR RECUSAL** |
| | ) | |
| Defendants. | ) | **HEARING:** |
| | ) | **To be Determined** |
| | ) | |
| | ) | |
| | ) | **Judge:   Honorable Magistrate** |
| | ) | **Judge Leslie Kobayashi** |
| _____ | ) | |

## PLAINTIFF WAYNE BERRY'S MOTION FOR RECUSAL

COMES NOW, Plaintiff Wayne Berry ("Plaintiff"), by and through his undersigned counsel, and hereby respectfully moves this Court for an order of recusal regarding the Magistrate Judge regarding the pending motions for attorneys fees and costs, on the grounds that evidence strongly evidences that Lex Smith, who the Court has stated is a personal friend, may have engaged in conduct prejudicial to the administration of justice regarding the testimony of Brian Christensen that bares directly on the issues before the Court.

In his Reply in Support of his Motion for Attorney's Fees and Costs filed on May 4, 2006 (Docket No. 957), Mr. Christensen admits that his testimony at trial was not truthful. This same false testimony was given in his Deposition dated December 6, 2004.

Mr. Smith, was the attorney who should have had both knowledge of the false testimony and the affirmative obligation to correct the testimony in the deposition or thereafter. The evidence shows his conduct in the deposition defending his clients' managing agent in what could be construed as serious violation of Federal law.

This Motion is brought on the grounds that the Court has earlier stated to Mr. Berry's counsel that Mr. Smith is a close personal friend. Title 18 of the

United States Code imposes certain obligations on the Court that may impact Mr. Smith. The Court should not be put in a position to make such decisions regarding an attorney that the Court counts as a personal friend.

The Motion brought pursuant to 28 U.S.C. § 455 (a), is supported by the Declaration of Timothy J. Hogan; Exhibits "1" to "10" and incorporates by reference the documents filed regarding the motions for attorneys fees and costs that are presently before the Court.

DATED: Honolulu, Hawai'i, February 10, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY