# Exhibit
# 7

*Inc.*, 891 F.Supp. at 541 (finding defendants to be prevailing

parties in a copyright suit despite a finding of innocent

infringement on two of seven counts and an assessment of minimum

statutory damages against them); *Screenlife Establishment v.*

*Tower Video, Inc.*, 868 F.Supp. 47, 50 (S.D.N.Y. 1994) (finding

the defendant to be a prevailing party in a copyright suit where

the defendant conceded prior to trial, that the plaintiff was

entitled to a permanent injunction, delivery of remaining

infringing copies of its work, and an award of damages and

costs).

II.  **BRIAN CHRISTENSEN IS A PREVAILING PARTY.**

        The fact that Christensen misstated at trial that he

did not become President of Fleming's Hawaii division until the

end of March, 2003 has no impact on the Court's rulings to date

and does not change the fact that Christensen is a prevailing

party.  In an attempt to defeat Christensen's rightful claim to

attorney's fees and costs, Plaintiff simply resorts to an attack

on Christensen's credibility.

        At trial, Christensen consistently testified that he

was President of Fleming's Hawaii division during the relevant

period of infringement:

> Q.  Good morning, Mr. Christensen.  What is your job
>     presently?
>
> A.  I am the president of C&S Wholesale, the Hawaii
>     division.