BRONSTER CRABTREE & HOSHIBATA
A Law Corporation

MARGERY S. BRONSTER #4750
REX Y. FUJICHAKU #7198
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-5644
Facsimile: (808) 599-1881
mbronster@bchlaw.net
rfujichaku@bchlaw.net

VICTOR LIMONGELLI (admitted *pro hac vice*)
JOHN PATZAKIS (admitted *pro hac vice*)
GUIDANCE SOFTWARE, INC.
215 N. Marengo Ave.
Pasadena, California 91101
Telephone: (626) 229-9191
Facsimile: (626) 229-9199
Victor@GuidanceSoftware.com
John.Patzakis@GuidanceSoftware.com

Attorneys for Defendants
GUIDANCE SOFTWARE, INC.
and MICHAEL GURZI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) | Civil No. CV03 00385 SOM/LEK (Copyright) |
| Plaintiff, | ) ) | DEFENDANTS GUIDANCE SOFTWARE, INC. AND MICHAEL |
| v. | ) ) ) | GURZI'S REPLY IN SUPPORT OF THEIR MOTION FOR AWARD OF |
| (CAPTION CONTINUED) | ) ) | ATTORNEYS' FEES AND COSTS FILED MARCH 30, 2006; |

| | |
|---|---|
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation, et al., | ) DECLARATION OF REX Y. ) FUJICHAKU; EXHIBITS "1" – ) "4"; CERTIFICATE OF SERVICE ) |
| Defendants. | ) Non-Hearing Motion |

**DEFENDANTS GUIDANCE SOFTWARE, INC. AND MICHAEL GURZI'S REPLY IN SUPPORT OF THEIR MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS FILED MARCH 30, 2006**

Plaintiff Wayne Berry ("Berry"), in his Memorandum in Opposition filed April 27, 2006 ("Opp."), tries his best (or worst) to discredit Defendants Guidance Software, Inc. and Michael Gurzi's (collectively "GSI Defendants") Motion for Award of Attorneys' Fees and Costs filed March 30, 2006 ("Fee Motion").  Once again, Berry does not disappoint - he is wrong on the facts and wrong on the law.  In the end, it is but further evidence that GSI Defendants were needlessly and frivolously dragged into this action by Berry.  GSI Defendants were forced to vigorously defend themselves, and prevailed at summary judgment under the statutory fair use defense, 17 U.S.C. § 107, a key component of the Copyright Act.  The award of reasonable attorneys' fees and full costs sought by GSI Defendants in the Fee Motion would further the policies of the Copyright Act by championing the legitimate usage of the fair use doctrine in defending against frivolous infringement lawsuits.

1

1. **GSI Defendants Timely Filed Their Fee Motion As Final Judgment Was Granted to Them Only In the Second Amended Judgment.**

Berry challenges the timeliness of the Fee Motion, complaining that it was filed twenty-one days after entry of the Judgment filed March 9, 2006 ("Initial Judgment") (Exhibit "1" to Declaration of Rex Y. Fujichaku). *See* Opp. at 1. However, as explained below, GSI Defendants were not granted final judgment by the Court in this proceeding until the entry of the Second Amended Judgment on March 16, 2006 ("Second Amended Judgment")[1] (Exhibit "3"). The Fee Motion was filed on March 30, 2006, 14 days after the filing of the Second Amended Judgment.[2]

Rule 54(d)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.") provides that generally, a motion for attorneys' fees and related non-taxable costs[3] must be filed no later than 14 days after entry of a judgment entitling the moving party to the award. For

---

[1] An Amended Judgment was filed by the Court on March 16, 2006 (Exhibit "2"), which was subsequently corrected by the Second Amended Judgment filed later the same day. *See* footnote 3, *infra*.

[2] In addition, a declaration of counsel correcting the misallocation of taxable and non-taxable costs in the Fee Motion was filed April 13, 2006.

[3] Taxable costs are awarded under 28 U.S.C. § 1920.

2

this purpose, F.R.C.P. Rule 54(a) defines "judgment" as including "a decree and any order from which an appeal lies."

To his credit, Berry presented the correct standard by which to determine whether a subsequent judgment should be relied upon in establishing the timeliness for seeking an award of attorneys' fees and costs under Rule 54(d)(2). As held in <u>County of Imperial v. United States</u>, 348 F.2d 904, 905 (9th Cir. 1965):

> Only when the lower court changes matters of substance, or resolves a genuine ambiguity in a judgment previously rendered, should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, has been plainly and properly settled with finality.

<u>Id.</u>, quoting <u>FTC v. Minneapolis-Honeywell Regulator Co.</u>, 344 U.S. 206, 211, 73 S.Ct. 245, 249, 97 L.Ed. 245 (1952).

Even a cursory examination of the Initial Judgment and the Second Amended Judgment reveals that the "legal rights and obligations" of GSI Defendants were addressed only by the later judgment. <u>County of Imperial</u>, 348 F.2d at 905. The Initial Judgment merely reflects the disposition of the claims which were

3

presented to the jury; it does not mention the claims against GSI

Defendants at all, or the other claims disposed of at summary

judgment.  Anyone with more than a passing familiarity of this case

would be struck by the absence in the Initial Judgment of the final

disposition of all the claims brought by Berry against the multiple

defendants in this action, including those against GSI Defendants.

In contrast, the Second Amended Judgment plainly

states in relevant part that, "IT IS FURTHER ORDERED that: . . . (5)

Defendants Guidance Software, Inc., and Michael Gurzi's Counter-

Motion for Summary Judgment is GRANTED."  Second Amended

Judgment at 3.[4]  Viewed with a "practical" eye, one can only

conclude that the Second Amended Complaint resolved a "genuine

ambiguity" of a "matter of substance" in the earlier judgment by

clearly entering final judgment in favor of GSI Defendants.  County

of Imperial, 348 F.2d at 905.

The instant situation is analogous to that which

confronted the Ninth Circuit in United States v. Geophysical Corp.

---

[4] As noted in footnote 1 of the Second Amended Judgment, "The
'Amended Judgment' incorrectly reflected defendants Guidance
Software, Inc. and Michael Gurzi's Counter Motion for Summary
Judgment as having been Granted in Part and Denied in Part."
Second Amended Judgment at 3 n.1.

of Alaska, 732 F.2d 693 (9th Cir. 1984).  An appellee contested the

timeliness of the cross-appeal of the final judgment which was

modified by the district court to clarify the disposition of a

constitutional claim which was unaddressed in the earlier, initial

judgment; the appellant filed the cross-appeal based on the filing

date of the amended judgment.  Id., 732 F.2d at 701.

> Citing County of Imperial, the court of appeals held that:
>
> The [earlier] September 1, 1982 judgment adjudicated only the claim that the 1976 regulations violated the Constitution. Although it purported to be a final judgment, it left unresolved one of the permittees' claims. The permittees were thus prevented from appealing that judgment by Fed.R.Civ.P. 54(b). The amended judgment entered on September 13 made clear the district court's intention to dispose of all of the permittees' right to appeal. It was thus a material modification that triggered the running of the appeal period, and the [appellant's] cross-appeal was timely filed.

Id. (underscoring supplied).  *Accord*, United States v. Doe, 374 F.3d

851, 854 (9th Cir. 2004) (holding timeliness of appeal based on

amended judgment); United States v. Antoine, 953 F.2d 496, 497

(9th Cir. 1991) (same); Taylor v. Continental Group Change in

Control Severance Pay Plan, 933 F.2d 1227, 1231 n.2 (3d Cir. 1991)

(ditto); <u>Conway v. United States</u>, 326 F.3d 1268, 1276-77 (Fed. Cir. 2003) (ditto).

The application of the concept of appealability of a judgment to the timeliness of an attorneys' fee motion under F.R.C.P. 54(d)(2) is illustrated in <u>Castro County v. Crespin</u>, 101 F.3d 121 (D.C. Cir. 1996). In <u>Crespin</u>, the D.C. Circuit held that a attorneys' fee motion complied with the 14-day filing requirement pursuant to Rule 54(d)(2)(B), where the alleged triggering order was not deemed to be "a final order subject to appeal," given the subject order contemplated further settlement negotiations and further litigation if such negotiations failed. <u>Id.</u>, 101 F.3d at 128.

> Rule 54(a) defines judgment to "include a decree and any order from which an appeal lies." . . . The Rule thus posits a relationship between a judgment and its appealability. The [subject] order was not appealable when it was entered, because it was not a *final decision* under 28 § U.S.C. 1291 (1993). . . . The order, thus, would not have been immediately appealable and could not trigger Rule 54(d)(2)(B)'s filing requirements.

<u>Id.</u> (italics in original; citation and internal punctuation omitted).

Following the teachings of <u>County of Imperial</u>, <u>Geophysical Corp.</u>, and <u>Crespin</u>, the Fee Motion is timely because it was filed within 14 days of the entry of the Second Amended

Judgment.  By its terms, the Second Amended Judgment granted final judgment in favor of GSI Defendants; the Initial Judgment did not.  Thus, it was only upon the filing of the Second Amended Judgment that, vis à vis GSI Defendants, the judgment could be deemed "a decree [or] order from which an appeal lies."  F.R.C.P. Rule 54(a).  Therefore, as GSI Defendants moved for attorneys' fees and full costs within 14 days from the entry of the Second Amended Judgment, the Fee Motion is timely.

**2.    Even If the Filing Requirement Was Triggered by the Initial Judgment, the Fee Motion Is Still Timely Because the Time Period to File Was Tolled by the Filing by Berry of the Motions to Alter Or Amend the Judgment.**

Even if, *arguendo*, the 14-day filing period under F.R.C.P. Rule 54(d)(2)(B) was triggered by the entrance of the Initial Judgment, the Fee Motion would still be timely because the filing of the two motions by Berry to alter or amend the final judgment acted to toll the filing time period under Rule 54(d)(2)(B).

The Initial Judgment was filed March 9, 2006.  Twelve days later, on March 21, 2006, Berry filed his Motion to Alter or Amend Amended Second Judgment Entered on March 16, 2006 and To Delay Time For Filing an Appeal Pending Resolution of Motion for Attorneys' Fees and Full Costs ("Motion to Alter"), and

7

his Renewed Motion for Judgment as a Matter of Law Regarding Defendant Fleming PCT's Failure to Produce Evidence of Deductable Expenses, Or In The Alternative, for New Trial ("Motion for Judgment"). Berry's Motion to Alter was based, *inter alia*, on F.R.C.P. Rule 59(e). *See* Motion to Alter at 3. Berry's Motion for Judgment was based, inter alia, on Rules 50(b) and 59. *See* Motion for Judgment at 2.

Under controlling Ninth Circuit precedent, the 14-day time period to file a motion for attorneys' fees and costs under F.R.C.P. Rule 54(d)(2) is tolled pending the resolution of a Rule 50(b), Rule 52(b), or Rule 59 motion. *See* <u>Bailey v. County of Riverside</u>, 414 F.3d 1023, 1025 (9th Cir. 2005) (holding that a Rule 54(d)(2)(B) motion for fees and costs is timely if filed no later than 14 days after the resolution of a Rule 50(b), Rule 52(b) or Rule 59 motion). *Accord*, <u>Members First Fed. Credit Union v. Members First Credit Union of Fla.</u>, 244 F.3d 806, 807 (11th Cir. 2001) (per curiam) (filing period tolled pending resolution of a Rule 59 motion); <u>Weyant v. Okst</u>, 198 F.3d 311, 314 (2d Cir. 1999) (filing period tolled pending resolution of a Rule 50(b), Rule 52(b) or Rule 59 motion).

As the Second Circuit reasoned, "The timely filing of a postjudgment motion pursuant to Fed.R.Civ.P. 50(b), 52(b), or 59 automatically affects the finality of the judgment, because such a motion seeks to alter the judgment or reverse decisions embodied in it." <u>Weyant</u>, 198 F.3d at 314 (citations omitted; internal punctuation omitted).

The filing of the Motion to Alter and Motion for Judgment by Berry stopped the clock on Day 12 for the Initial Judgment, and on Day 5 of the Second Amended Judgment. These motions will not be resolved until at least June, 2006. *See* Order Setting Hearing filed April 7, 2006 (scheduling hearing on the motions before the District Court on June 5, 2006). GSI Defendants could have filed their Fee Motion *today*, and the motion still would have been timely filed. Thus, even if the 14-day deadline were triggered by the Initial Judgment, the Fee Motion would still be timely.

**3.    Berry Has Not Been Prejudiced by the Fee Motion.**

Berry complains that he has been prejudiced in his "global" settlement negotiations by GSI Defendants' "late" filing of their Fee Motion. *See* Opp. at 2-3.

9

Nonsense.  As discussed *supra*, the Fee Motion is not tardy under the Federal Rules and controlling caselaw.  Moreover, the filing of the Fee Motion has not prevented Berry from reaching apparent settlement with Defendant Hawaii Transfer Co., Ltd., which withdrew its fee and cost motion just three days ago, on March 8, 2006.  *See* Notice of Withdrawal With Prejudice of Defendant Hawaii Transfer Company, Limited's Motion For An Award of Attorneys' Fees and Related Non-Taxable Costs, Filed March 30, 2006.

**4.    GSI Defendants Have Not Claimed Excusable Neglect.**

Berry proclaims "Guidance Can't Claim Excusable Neglect," and spends five pages of his Opposition on why not.  Opp. at 3, 12-15.  Well, GSI Defendants haven't, nor do they need to—the Fee Motion is timely.  This is simply another straw man set up by Berry to divert the Court from the merits of the Fee Motion.

**5.    GSI Defendants Prevailed On All Claims, And May Seek An Award of Attorneys' Fees and Full Costs For the Infringement-Related Claims.**

Berry's argument that he was the prevailing party on the direct and vicarious/contributory infringement claims against GSI Defendants is ludicrous.  *See* Opp. at 4.  As described in the Fee

10

Motion, the Court held that GSI Defendants prevailed on both copyright infringement claims.  *See* Fee Motion at 5.

As to the related claims (conspiracy to infringe, misappropriation of trade secrets, Sherman Act violations, and RICO violations) asserted by Berry, governing Ninth Circuit caselaw provides that a prevailing party on a copyright infringement claim may recover attorney's fees and costs incurred in defending against that claim and any related claims.  Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1230 (9th Cir. 1997).  An award of fees and costs may be denied where a party defends against "distinctly different claims for relief that are based on different facts and legal theories."  Id., quoting Hensley v. Eckerhart, 461 U.S. 424, 434-35, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983).  *See also* Twentieth Century Fox Film Corp. v. Entertainment Distributing, 429 F.3d 869, 884 (9th Cir. 2005) (affirming award of fees and costs for defending against unfair competition and slander claims which "involve a common core of facts or are based on related legal theories," quoting Webb v. Sloan, 330 F.3d 1158, 1168 (9th Cir. 2003)).

The Ninth Circuit has recognized that, although the statutory provision upon which a cause of action is brought does not provide for an award of fees or costs, a court is not foreclosed from awarding fees and costs under other authority. "Courts, however, have never construed this provision [the RICO statutory attorney's fee provision] as precluding a prevailing defendant from recovering attorney's fees when authorized elsewhere." Chang v. Chen, 95 F.3d 27, 28 (9th Cir. 1996) (citations omitted). The fee provision of the Copyright Act, 17 U.S.C. § 505, is such an authority.

Berry's Second Amended Verified Complaint filed June 18, 2004 ("SAVC") conclusively shows that Berry's related claims against GSI Defendants were uniformly based on the distinctly *identical* facts and legal theories as plaintiff's infringement claims. Berry based his allegations of direct infringement and vicarious/contributory infringement on the forensic activities conducted by GSI Defendants during the July 4th weekend in 2003. *See* SAVC ¶¶ 37, 61-62, 73, 74. The same operative facts form the basis for Berry's claims of conspiracy to infringe (SAVC ¶ 91), misappropriation of trade secrets (SAVC ¶¶ 106-108); Sherman Act

12

violations (SAVC ¶ 131) and RICO violations (SAVC ¶ 138). Based on the standards articulated in <u>Entertainment Research</u>, GSI Defendants are entitled to seek fees and costs based on their defense against the infringement-related claims.

**6.    The Fogerty Factors Compel the Award of Fees and Full Costs to GSI Defendants.**

The United States Supreme Court, in <u>Fogerty v. Fantasy</u>, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994), held that prevailing plaintiffs and prevailing defendants must be held to the same standards in deciding whether to award attorneys' fees and full costs pursuant to 17 U.S.C. § 505. "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." <u>Id.</u>, 510 U.S. at 534, 114 S.Ct. at 1033.

As relayed to the Court in the Fee Motion, GSI Defendants assert that the <u>Fogerty</u> factors weigh heavily in favor of the Court exercising its discretion in awarding reasonable attorneys' fees and full costs. The touchstone for an award must be that such award must "further the policies of the Copyright Act", <u>Id.</u>, 510 U.S. at 527, 114 S.Ct. at 1030. A prevailing defendant who expends valuable resources to defend against meritless infringement claims

is acting to uphold the purposes of the Copyright Act just as much

as a prevailing copyright owner:

> Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is particularly important that the boundaries be demarcated as clearly as possible. To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement. . . . <u>Thus a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by a holder of a copyright.</u>

<u>Id.</u> (emphasis added).

GSI Defendants were the only defendants in this action

who prevailed expressly due to the protections of the statutory fair

use defense, 17 U.S.C. § 107. *See* Order Granting Guidance

Software, Inc., and Michael Gurzi's Motion For Summary Judgment

filed June 27, 2005 ("MSJ Order"), at 21 ("Guidance's copying of

FCS was protected by the Fair Use doctrine."). As such, GSI

Defendants acted to "further the policies of the Copyright Act,"

<u>Fogerty</u>, 510 U.S. at 527, 114 S.Ct. at 1030, by vigorously

defending against Berry's frivolous claims under the fair use

14

doctrine codified by Congress in section 107 of the Copyright Act. The wild arguments that Berry puts forth in his Opposition Memorandum, at 7-9, of criminal contempt is simply a rehash of unsubstantiated allegations that the Court has already heard in Berry's summary judgment papers, and had properly rejected.  *See* MSJ Order at 23-24.

**7.    Conclusion.**

Berry knew full well GSI Defendants were protected by the fair use doctrine, and that if he went ahead and filed his claims, he was doing so at his peril.  *See* Exhibit A to Fee Motion (D. Capozzola letter to T. Hogan dated July 28, 2003).  Now Berry must bear the consequences.  For the foregoing reasons, GSI Defendants respectfully request that the Court grant the Fee Motion.

Dated:    Honolulu, Hawaii, May 11, 2006.

  /s/ Rex Y. Fujichaku
MARGERY S. BRONSTER
REX Y. FUJICHAKU

VICTOR LIMONGELLI
JOHN PATZAKIS

Attorneys for Defendants
GUIDANCE SOFTWARE, INC.
and MICHAEL GURZI