IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND SECOND AMENDED JUDGMENT |
| vs. | ) ) ) | |
| HAWAII EXPRESS SERVICE, INC., a California corporation; et al. | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND
SECOND AMENDED JUDGMENT

I.    INTRODUCTION.

On March 7, 2006, the jury awarded damages in favor of Plaintiff Wayne Berry and against: (1) Defendant Post Confirmation Trust,[1] in the amount of $57,530.00; (2) Defendant Mark Dillon, in the amount of $2.00; and (3) Defendant Teresa Noa, in the amount of $2.00. The jury did not award damages against Defendants Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio.[2] The March 16, 2006, Second Amended Judgment ("judgment") reflected the jury's findings as follows: "IT IS ORDERED AND ADJUDGED THAT JUDGMENT is entered in favor of the Plaintiff in the amount of $57,534.00,

---

[1] As noted in prior orders, Post Confirmation Trust represents the interests of Fleming Companies, Inc., and is therefore referred to as "Fleming."

[2] Dillon, Noa, Ponce, Purdy, Fukumoto, Waiolama, and Rio are collectively referred to as "Employees."

and against the defendant(s) Fleming in the amount of $57,530.00; Mark Dillon in the amount of $2.00; and Teresa Noa in the amount of $2.00[.]" The judgment does not name the other Employees against whom the jury did not award damages, although they were previously found to have infringed Berry's copyright.

Berry now seeks to amend the judgment to reflect the names of the Employees against whom no damages were awarded. Berry argues that, because the Clerk of this court is required to notify the Register of Copyrights ("Register") of the judgment under 17. U.S.C. § 508, "it is necessary that all the infringer defendants be clearly listed on the judgment." Berry also requests that this court toll the time for filing a notice of appeal until the court decides the pending motions for attorneys' fees and costs.

In response, Fleming and Employees assert that the Clerk can fully satisfy her duties without amending the judgment. Neither Fleming nor Employees object to Berry's request to toll the time for appeal. The court denies all requests in Berry's motion.

II.     LEGAL STANDARD.

Rule 59(e) of the Federal Rules of Civil Procedure authorizes motions to alter or amend judgment. A decision whether to grant or deny a Rule 59(e) motion is committed to the sound discretion of this court. McDowell v. Calderon, 197 F.3d

1253, 1255 n.1 (9th Cir. 1999) ("the district court enjoys considerable discretion in granting or denying the motion"). The Ninth Circuit recognizes four basic grounds upon which a Rule 59(e) motion may be granted: (1) a manifest error of law or fact upon which the judgment is based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and (4) an intervening change in controlling law. Id.

III.    ANALYSIS.

    A.  The Court Denies Berry's Request to Amend the Judgment to Reflect the Names of Employees Against Whom the Jury Did Not Award Damages.

Berry argues that, although the jury did not award damages against Fukumoto, Rio, Waiolama, Ponce, and Purdy, the judgment should name them as direct infringers. Berry notes that, within one month after entry of the judgment, the Clerk must notify the Register of that judgment under 17 U.S.C. § 508(b). Berry continues:

> For this judgment to be complete and for the Clerk of the District Court's report to the Copyright Register to be accurate it is necessary that all the infringer defendants be clearly listed on the judgment. Those for which no monetary sum of damages have been awarded, may be noted in the judgment.

Motion at 5. Fleming and Employees argue that the Clerk can fully comply with her duties under 17 U.S.C. § 508 without any alteration or amendment of the judgment. The court agrees.

Section 508 of the Copyright Act requires the Clerk to notify the Register of new copyright actions and judgments entered in copyright cases. Section 508 provides:

> (a) Within one month after the filing of any action under this title, the clerks of the courts of the United States shall send written notification to the Register of Copyrights setting forth, as far as is shown by the papers filed in the court, the names and addresses of the parties and the title, author, and registration number of each work involved in the action. If any other copyrighted work is later included in the action by amendment, answer, or other pleading, the clerk shall also send a notification concerning it to the Register within one month after the pleading is filed.
>
> (b) Within one month after any final order or judgment is issued in the case, the clerk of the court shall notify the Register of it, sending with the notification a copy of the order or judgment together with a written opinion, if any, of the court.

17 U.S.C. § 508.

As Berry notes in his reply memoranda, "this Court has already given notice [under section 508(a)] to the Copyright Office of the parties against whom Mr. Berry has sought to prove infringement." Reply to Employees at 3; see also Reply to Fleming at 3. Thus, the present motion concerns only the Clerk's duties under section 508(b).

Section 508(b) merely requires the Clerk to notify the Register of the judgment and to send a copy of that judgment to the Register. Nowhere does the statute require the Clerk to

4

inform the Register of infringers against whom no damages were awarded. The judgment accurately reflects the jury's verdict and need not be altered or amended for the Clerk to carry out her duty to notify the Register of the judgment. Berry has not shown a manifest error in law or fact or otherwise met his burden on this motion. Accordingly, the court denies Berry's request to alter or amend the judgment.

        B.    The Court Denies Berry's Request to Toll the Time to File a Notice of Appeal.

Berry also asks this court to "delay the commencement of the appeal period to allow post trial motions to be decided." Motion at 5. Berry argues that "[t]he Federal Rules do not provide for the automatic tolling of the commencement of time for appeal by the filing of a motion for attorney's fees and full costs." Motion at 5-6. Berry notes that "the determination of the fee motion will not occur until after the appeal period has run." Motion at 6. Berry asks this court to order that his pending motion for fees and costs have the same effect as a timely motion under Rule 59, which would toll the time for appeal. Motion at 6-7. Although Fleming and Employees do not object to Berry's request, the court declines to delay the time for appeal.

Pursuant to Rule 3 of the Federal Rules of Appellate Procedure, an appeal "may be taken only by filing a notice of appeal with the district clerk within the time allowed by

Rule 4." Under Rule 4(a) of the Federal Rules of Appellate Procedure, "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." However, Rule 4(a)(4) provides an exception to the 30-day appeal period, which states:

> If a party timely files in the district court any of the following motions under Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> . . . .
>
> (iv) to alter or amend the judgment under Rule 59;
>
> (v) for new trial under Rule 59[.]

Furthermore, as Berry notes, Rule 58(c) of the Federal Rules of Civil Procedure authorizes this court, in its discretion, "to order that [a timely motion for attorney's fees] have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59."

Judgment was entered on March 16, 2006. Berry timely filed the present Rule 59 motion to alter or amend the judgment on March 21, 2006. The time to file an appeal runs from the entry of the order disposing of a Rule 59 motion. In other words, the present motion has tolled the appeal period. Other pending motions may similarly toll the time to appeal. See Fed. R. App. P. 4(a)(4). Because the time for filing a notice of

appeal has already been tolled, the court declines to order the pending motions for attorneys' fees to have the same effect as a Rule 59 motion.  Accordingly, the court denies Berry's request to toll the appeal period.

        C.    <u>Berry's Recent Motion to Amend the Present Motion.</u>

On May 9, 2006, Berry filed an "Amendment to Motion for New Trial filed on 3/21/06 or in the Alternative Motion for Reconsideration And Rule 60(b) Relief" ("the Amendment"). Although Berry styles this pleading as an amendment to the present motion, the court will address it as a separate motion under Rule 60(b) of the Federal Rules of Civil Procedure.[3]

IV.    <u>CONCLUSION.</u>

In light of the foregoing, the court denies Berry's motion to alter or amend the judgment.  This leaves for further adjudication the issues raised in Berry's Amendment to Motion for

---

[3] The Amendment will not be treated as a Rule 59 motion for purposes of Rule 4(a)(4) of the Federal Rules of Appellate Procedure.

7

New Trial filed on 3/21/06 or in the Alternative Motion for Reconsideration and Rule 60(b) Relief.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, May 16, 2006.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**Berry v. Hawaiian Express Service, Inc., et al.**, Civ. No. 03-00385 SOM/LEK; **ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND SECOND AMENDED JUDGMENT.**