BRONSTER CRABTREE & HOSHIBATA
A Law Corporation

MARGERY S. BRONSTER #4750
REX Y. FUJICHAKU #7198
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-5644
Facsimile: (808) 599-1881
mbronster@bchlaw.net
rfujichaku@bchlaw.net

VICTOR LIMONGELLI (admitted *pro hac vice*)
JOHN PATZAKIS (admitted *pro hac vice*)
GUIDANCE SOFTWARE, INC.
215 N. Marengo Ave.
Pasadena, California 91101
Telephone: (626) 229-9191
Facsimile: (626) 229-9199
Victor@GuidanceSoftware.com
John.Patzakis@GuidanceSoftware.com

Attorneys for Defendants
GUIDANCE SOFTWARE, INC.
and MICHAEL GURZI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) | Civil No. CV03 00385 SOM/LEK (Copyright) |
| | ) | |
| Plaintiff, | ) | DEFENDANTS GUIDANCE SOFTWARE, INC. AND MICHAEL GURZI'S OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION FOR RECUSAL FILED |
| v. | ) | |
| (CAPTION CONTINUED) | ) | |

| | | |
|---|---|---|
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation, et al., | ) | MAY 10, 2006; CERTIFICATE OF SERVICE |
| Defendants. | ) | No Hearing Set |

**DEFENDANTS GUIDANCE SOFTWARE, INC. AND MICHAEL GURZI'S OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION FOR RECUSAL FILED MAY 10, 2006**

Plaintiff Wayne Berry's ("Berry") Motion for Recusal ("Motion") should be denied. The Motion has the odor of sour grapes. After having lost his frivolous copyright infringement lawsuit against Guidance Software, Inc. and Michael Gurzi (collectively "GSI Defendants"), let alone the other prevailing defendants, Berry now faces the prospect of paying attorneys' fees and costs to the winning parties. Through this last-ditch gambit, he is attempting to cobble together "cause" for recusal of this Magistrate Judge, who, dating back to Berry's first infringement suit against Fleming, has been an eyewitness to Plaintiff's outrageous litigation shenanigans, up to and including the instant motion.

The Motion is without merit. Under 28 U.S.C. § 455(a), "the standard [for recusal or disqualification] remains one of

reasonableness and should not be interpreted to include spurious charges of impartiality." Flushing Sav. Bank v. Parr (In re Parr), 13 B.R. 1010, 1017 (E.D.N.Y. 1981) (citation omitted). Even if this Court were to have acknowledged a friendship with Lex Smith, Berry's unsupported musings and speculations do not demonstrate reasonable grounds giving rise to an obligation under 18 U.S.C. § 3057(a). *See, e.g.*, In re Botany Indus., Inc., 463 F.Supp. 793, 799 (E.D. Pa. 1978) (holding bankruptcy judge had no duty under § 3057(a) to report allegations of fraud where court did not have reasonable grounds for believing any violations had been committed). The purported conflict in connection with this Court as alleged by Berry is a false one.

Dated: Honolulu, Hawaii, May 17, 2006.

/S/ REX Y. FUJICHAKU
MARGERY S. BRONSTER
REX Y. FUJICHAKU

VICTOR LIMONGELLI
JOHN PATZAKIS

Attorneys for Defendants
GUIDANCE SOFTWARE, INC.
and MICHAEL GURZI