400886v1

KOBAYASHI, SUGITA & GODA
LEX R. SMITH            3485-0
THOMAS H. YEE          7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No. (808) 539-8700
Facsimile No.   (808) 539-8799
Email: lrs@ksglaw.com

Attorneys for Defendants
C&S LOGISTICS OF HAWAII, LLC, C&S
WHOLESALE GROCERS, INC., C&S
ACQUISITIONS LLC; ES3, LLC, and RICHARD
COHEN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>        Plaintiff,<br><br>  vs.<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., et al.,<br><br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>**DEFENDANTS C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS, LLC, C&S LOGISTICS, LLC, ES3, LLC AND RICHARD COHEN'S; OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION FOR RECUSAL; EXHIBITS "A"-"D"; DECLARATION OF LEX R. SMITH; CERTIFICATE OF SERVICE** |

### DEFENDANTS C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS, LLC, C&S LOGISTICS, LLC, ES3, LLC AND RICHARD COHEN'S OPPOSITION TO PLAINTIFF <u>WAYNE BERRY'S MOTION FOR RECUSAL</u>

## I.    INTRODUCTION

Plaintiff bases his motion on a demand to have Lex Smith prosecuted for the alleged "crime" of failing to remember what year Brian Christensen became Fleming's Hawaii Division President.  Fearing that Magistrate Judge Kobayashi (the "Judge") may not be sympathetic to his latest in an endless string of criminal accusations, the plaintiff seeks the Judge's recusal.  The motion is utterly frivolous and should be denied.

Although it is unethical to use criminal accusations to try to gain advantage in a civil case[1], such accusations are a way of life for the plaintiff and his attorney.   The file in this case is replete with plaintiff's scandalous allegations of crimes, conspiracies and wickedness throughout Hawaii, the United States and the world.

If the plaintiff or his counsel believe Lex Smith (or anyone else) has committed a crime, they are entitled to report it to the authorities as they

---

[1] Hawaii Rules of Professional Conduct 3.4(i) provides that "a lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter."

have done many times before.[2]   For purposes of this civil case, the motion

to recuse is frivolous and should be swiftly denied.

## II.  DISCUSSION

1.     THIS MOTION IS FRIVOLOUS BECAUSE IT IS UNTIMELY IN
       THE  EXTREME

The Plaintiff's motion is frivolous because it is far too late.  The

Court's alleged lack of impartiality  is based on something Plaintiff's

counsel claims Judge Kobayashi told him in a Rule 16 conference in 2001.

Plaintiff cannot seek recusal based on something he has known for more

than four years.  A recusal motion must be made in a timely fashion.  E. & J.

Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1295 (9th Cir. 1992).

Such motions "should be filed with reasonable promptness after the ground

for such a motion is ascertained."  Preston v. United States, 923 F.2d 731,

733 (9th Cir.1991).

The Plaintiff's motion grossly violates the law's timeliness

requirement because it relies on something Plaintiff was allegedly told more

than four years ago.  In view of the fact that Plaintiff has violated the

requirement to file such motions "with reasonable promptness after the

---

[2] According to the plaintiff's testimony, he has already reported alleged wrongdoing by defendants in this case to numerous government agencies including the U.S. Department of Defense; Department of Agriculture; Internal Revenue Service, Federal Trade Commission and the State of Hawaii Department of Health.

ground for such a motion is ascertained", the motion is frivolous and should

be sanctioned.

Moreover, the Plaintiff's attorney admits that the delay was deliberate:

"I did not object nor did I see any basis for recusal at that time."  Now, after

more than four years, Plaintiff has made the strategic decision that he would

like to try his luck with a different court, so he is challenging the Judge's

impartiality.  The authorities cited above confirm that the Plaintiff is

precluded from doing so.


2.     THIS MOTION IS FRIVOLOUS BECAUSE THE PLAINTIFF HAS
       KNOWN SINCE 2002 THAT BRIAN CHRISTENSEN BECAME
       HAWAII DIVISION PRESIDENT IN 2002

The centerpiece of the Plaintiff's motion is the fact that Brian

Christensen testified that he became Hawaii Division President in March of

2003, when he should have said March of 2002.  Contrary to the Plaintiff's

assertion of a grand conspiracy of concealment, the record confirms that Mr.

Hogan and Mr. Berry were both told the correct date during Mark Dillon's

deposition in 2002!  In the March 2002 deposition of Mark Dillon, with

Timothy Hogan asking the questions and Wayne Berry in attendance, the

following testimony was presented:

/ / /

Q    When was the last time you spoke with Mr. Stussi?

A    I saw him Friday, actually.

Q    You saw him Friday?

A    Yeah.

Q    Is Mr. Stussi still employed at Fleming Kapolei?

A    I'm not sure.

Q    Why do you say that?

MR. SMITH:  Well, I'll just tell you.  The answer's no.

BY MR. HOGAN:

Q    All right.  Who's the boss out there?

A    The boss would be Brian Christensen.

March 25, 2002 Deposition of Mark Dillon, Page 88-89 (emphasis added)
[Attached hereto as Exhibit "A"].

Several months later, Mr. Hogan obviously remembered this fact
when he questioned Mr. Stussi at trial in March of 2003 (again, in Mr.
Berry's presence):

Q.  Would you state where are you presently employed, sir?

A.   For Fleming Companies, Inc.

Q.   And you are not presently the Hawaii division president,
are you, sir?

A.  No, sir.

Q.  And were you ever the Hawaii division president?

A.  Yes, I was.

Q.  When did you cease being the Hawaii division president?

A.  April of 2002.

Q.  And where do you presently work, sir?

A.  I'm at the Garland, Texas division.

February 28, 2003 trial transcript, page 84-85.  [Attached hereto as Exhibit "B"].

Plaintiff's papers assert that the date is so critically important that Mr. Christensen (and Fleming attorney Lex Smith) could not have forgotten it. The above-quoted transcripts show that the Plaintiff himself and his counsel were told the date and apparently forgot it themselves!   The assertion that anyone deliberately concealed the actual date that Mr. Christensen became division president is patently unsupportable in view of the fact that the date was given to the Plaintiff and his counsel.  The Plaintiff and his counsel were provided with the correct date and apparently forgot it.

/ / /

/ / /

/ / /

3.     THIS MOTION IS FRIVOLOUS BECAUSE THE DATE BRIAN
        CHRISTENSEN BECAME HAWAII DIVISION PRESIDENT IS
        IMMATERIAL TO ANY ISSUE IN THIS CASE

In January of 2005, the Court ruled that the Complaint filed in this lawsuit does not encompass any conduct that occurred before March of 2003.   The Court's January 26, 2005 Order clearly holds that the Plaintiff's claims apply "only to events occurring after acts in issue in the earlier case" and "[i]f Berry wishes to seek damages from Employee Defendants for earlier periods, he must clarify that in yet another amended pleading." [Attached as Exhibit "C"].

Thus, Brian Christensen's 2002 job title with Fleming is not material to any issue in this case.  The only claims that were ever at issue in this case arose from April 1, 2003 when it was undisputed that Christensen was the Division President.  Because the date is not material, there is no basis for Plaintiff's claim of perjury and this entire matter is frivolous.  U.S. v. Leon-Reyes, 177 F.3d 816 (9th 1999).

Indeed, the record confirms that Mr. Christensen's position and its relevance to the trial were truthfully presented and understood by the jury. This information regarding the relevant time period was clearly and accurately presented to the jury in response to questioning by Mr. Hogan as follows:

Q.  And what was your job in -- let's say April 1st 2003?

A.  I was the president of Fleming companies Hawaii division.

Q.  And so would it be fair to say that you were the boss of the people that are the employee defendants here?

A.  yes.
…

Q.  And isn't it true, sir, that as the head of the division, you could have just told them to stop using it as of April 1st?

A. Yes.

Q.  And did you ever tell them to stop using it as of April 1st:

A.  No.

Trial Transcript March 1, 2006, pages  88 to 91.  [Attached as Exhibit "D"].

4.    ON ITS FACE THE PLAINTIFF'S MOTION ADMITS THAT IT WAS FILED FOR AN IMPROPER PURPOSE

Perhaps the most obvious reason this motion should be denied is because the plaintiff repeatedly admits that he has no objection to the Judge deciding the rights and obligations among the plaintiff and defendants in this case.   Since the only matters before the Judge are the plaintiffs' claims against defendants and defendants' claims against plaintiff, there is obviously no basis for any recusal.

The Plaintiff's papers repeatedly confirm that the Plaintiff has no objection to the Court deciding the claims, rights and remedies among

Plaintiff and any of the defendants.  Plaintiff's counsel confirms that in 2001, when he claims he learned of the grounds for recusal:

> "I did not object nor did I see any basis for recusal at that time"

Plaintiff's memorandum (page 17) reiterates that the Plaintiff has no objection to the Magistrate Judge deciding the disputes between the parties in this case:

> the mere fact that the Court is a close friend of counsel does not, in-of-itself, support grounds for recusal where the Court was simply reviewing papers supporting or opposing position taken by one of Mr. Smith's clients, with Mr. Smith acting only in the capacity of attorney of record.

The plaintiff thus admits that there are absolutely no grounds for recusal of Judge Kobayashi from any of the motions that are presently pending before her, since those motions only involve "simply reviewing papers supporting or opposing position taken by one of Mr. Smith's clients, with Mr. Smith acting only in the capacity of attorney of record."

The Plaintiff's desire to have the Court initiate a prosecution of Mr. Smith (albeit ridiculous)  provides no grounds for recusal from the instant case.  This case is not a prosecution.  Plaintiff can present his opinions about who should be prosecuted to anyone he wants.  But this civil case is not the appropriate forum to make his allegations.

Plaintiff thus admits that he has no concern about the impartiality of Judge Kobayashi in deciding the issues that are properly before her in this case. Rather, Plaintiff's papers admit that he and his counsel have filed this motion for the improper purpose of attempting to gain an advantage in this civil case through the assertion of meritless allegations of criminal responsibility by his opponent's attorney. The motive is improper and at the appropriate time should result in severe sanctions.

DATED: Honolulu, Hawaii, May 17, 2006.

KOBAYASHI, SUGITA & GODA     */s/ Thomas H. Yee*_____
                            LEX R. SMITH
                            THOMAS H. YEE
                            Attorneys for Defendants
                            C&S LOGISTICS OF HAWAII,
                            LLC, C&S WHOLESALE
                            GROCERS, INC., C&S
                            ACQUISITIONS LLC; ES3, LLC,
                            and RICHARD COHEN