400880v.1
KOBAYASHI, SUGITA & GODA
LEX R. SMITH          3485-0
THOMAS H. YEE        7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No. (808) 539-8700
Facsimile No.  (808) 539-8799
Email: lrs@ksglaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
Damian D. Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: mbaumann@kirkland.com

Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>              Plaintiff,<br><br>    vs.<br><br><br><br>(Caption continued) | ) CIVIL NO. CV03-00385 SOM-LEK<br>) (Copyright)<br>)<br>)<br>) **DEFENDANT PCT'S OPPOSITION**<br>) **TO PLAINTIFF WAYNE BERRY'S**<br>) **MOTION FOR RECUSAL;**<br>) **EXHIBITS "A" – "D";**<br>) **DECLARATION OF LEX R. SMITH;**<br>) **DECLARATION OF MARTIN G.**<br>) **WALKER; CERTIFICATE OF**<br>) **SERVICE** |

| | |
|---|---|
| HAWAIIAN EXPRESS SERVICE, INC., et al., | Hearing:    To be determined |
| Defendants. | Trial Date: February 28, 2006 |

## DEFENDANT PCT'S OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION FOR RECUSAL

**A.   Introduction.**

The Court should summarily deny Plaintiff's motion demanding recusal of Magistrate Judge Kobayashi.[1] As an initial matter, the motion suffers from significant procedural problems. Berry had all of the material supporting his motion months if not years before the trial. The Court should not now allow him to use this information to attempt to manufacture new issues for strategic gain. Moreover, the motion is substantively frivolous. Its premise is that a factual conflict in Brian Christensen's testimony may require a criminal referral concerning Lex Smith, regarding whom Magistrate Kobayashi allegedly is unable to be neutral. But a close examination of the underlying facts shows that no judge -- friend or foe to Mr. Smith -- could possibly refer the matter for criminal investigation, rendering moot any need for recusal.

**B.   The Motion is Untimely**

Berry tries to argue that not until April 5, 2006 did he discover the e-mail that allegedly gave him notice that Christensen became Division President in

---

[1]   The PCT is aware that Magistrate Judge Kobayashi herself will initially consider Plaintiff's motion and this Opposition. Because other courts may subsequently review this Opposition the PCT uses third person structure.

2

March, 2002. *See* Hogan Decl. ¶ 5. And Hogan further tries to argue that the PCT did not produce this e-mail in its previous (September, 2005) production. *Id.* This is simply incorrect. Indeed, the September, 2005 production contains at least six copies of this very e-mail. Walker Declaration ¶¶ 3-4. Even if everything else in Plaintiff's motion were otherwise true, the Court should rule that Plaintiff has actually or constructively waived his ability to now demand Magistrate Kobayashi's recusal. Plaintiff had multiple iterations of this e-mail throughout the entire trial and well before Magistrate Kobayashi invested many additional hours of her time preparing for and participating in a settlement conference.

Furthermore, since by his own admission (Hogan Decl. ¶ 5) Plaintiff discovered this e-mail on April 5, why did he not file his motion until May 10, five days <u>after</u> the settlement conference? The timing of his motion -- especially when combined with the conceded fact that Berry has believed for years that Magistrate Kobayashi considered Lex Smith a close personal friend -- strongly suggests that Plaintiff is simply dissatisfied with how things went at the settlement conference. He is now grasping at straws, threatening trumped-up <u>criminal</u> charges against opposing counsel in an attempt to derail the current process. Tactical decisions to disqualify a judge should not be indulged.

C.    **The Motion is Substantively Frivolous**

    1.    **There was no cover up.**

Even putting aside the March 21, 2002 e-mail that Berry received six copies of in September, 2005, the bottom line is that Christensen's true promotion date was well known to everyone during the prepetition trial. During the postpetition trial everybody obviously forgot, most likely because it wasn't material as further discussed below. It seems that Plaintiff's unending barrage of allegations and conspiracies have blurred time for witnesses and counsel alike. For example, Plaintiff and his counsel obviously forgot given that Mark Dillon told them both on

March 25, 2002 that Christensen was the boss at Fleming's Hawaii Division. Smith Decl. Ex. A (3/25/02 Dillon Deposition at p. 92). Plaintiff and his counsel apparently also forgot questioning Ralph Stussi about this very point during the March, 2003 prepetition trial as well as receiving in March 2003 the same time records to which they now point as evidence of Defendants' obfuscation. *See* Smith Decl. Ex. B (2/28/03 transcript, pp. 84-85); Pl. Mot. at p. 8 and Exs. 3, 4.

When Christensen subsequently testified during his deposition and again at the recent trial that he became Division President in March, 2003, Plaintiff and his counsel made absolutely no use of any of this potential impeachment material. Given their zeal for these issues, the only plausible inference is that they simply forgot about it, making it entirely reasonable that everyone else did also. Thus, no basis exists for any judge, including Magistrate Judge Kobayashi, to conclude that Brian Christensen, Lex Smith, or anyone else associated with the defense advanced untruthful testimony "knowingly and fraudulently" under 18 U.S.C. § 152.

2. **Berry shows no prejudice concerning the real issues at hand**

The real issues currently pending before this Court are (1) whether Plaintiff is entitled to a new trial or some other sort of drastic procedural relief, and (2) what parties prevailed and to what extent such parties are entitled to recover fees and costs. Nothing about Berry's recusal motion addresses Magistrate Judge Kobayashi's neutrality concerning either of these issues.

Plaintiff's motions for various radical forms of procedural relief are directed to Judge Mollway, not Magistrate Judge Kobayashi, so Magistrate Judge Kobayashi's relationship with Lex Smith (whatever it might be) is irrelevant to those motions. Moreover, the Court has already determined that Berry's postpetition lawsuit concerns events post-dating April 1, 2003. Smith Decl. Ex. C (10/21/05 Order at fn. 3). Christensen agreed under cross-examination that during this time he was President of the Hawaii Division with control over the employees,

4

Smith Decl. Ex. D (March 1, 2006 transcript at 88:16-88:20, 91:12-91:18), allowing Berry to argue whatever he wanted to argue concerning Christensen's culpability for the infringement. Such culpability, if any, would nonetheless only be indirect, as the record remains unrebutted that Christensen never actually used Berry's software. For all of these reasons the date when Christensen assumed his position is immaterial and in any event is irrelevant to Magistrate Judge Kobayashi's ability to make a recommendation concerning the pending fee motions.

Relatedly, Magistrate Judge Kobayashi's ruling will concern whether any <u>parties</u> are entitled to fees, and to what degree, but will not concern whether Lex Smith himself is entitled to recover so much as a single dime. Plaintiff does not even allege that Magistrate Judge Kobayashi can not rule with sufficient independence as to the parties' respective claims for fees, which provides further support for rejecting Plaintiff's recusal motion.

### D.    Conclusion

Apparently unhappy with the tenor of the settlement conference with Magistrate Judge Kobayashi, Plaintiff has filed a recusal motion that is a transparent attempt to derail the process and buy himself some time. His motion stands on information he could and should have raised long ago to threaten opposing counsel with criminal charges arising from an alleged cover-up of information that Plaintiff and his counsel demonstrably have been aware for years. The Court should deny Plaintiff's motion and give it due consideration in its

analysis of prevailing party attorneys' fees. It is but the latest example in the long string of Plaintiff's baseless antics that the PCT has had to spend creditors' money to oppose.

DATED: Honolulu, Hawaii, May 17, 2006.

/s/ Thomas H. Yee

---

KOBAYASHI, SUGITA & GODA
Lex R. Smith (659-0)
Thomas H. Yee (7344-0)
Suite 2600 First Hawaiian Center
999 Bishop Street
Honolulu, HI 96813
Telephone:   (808) 539-8700
Facsimile:   (808) 539-8799

and

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
Damian D. Capozzola (CA Bar No. 186412)
R. Olivia Samad (CA Bar No. 228611)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:   (213) 680-8400
Facsimile:   (213) 680-8500
Co-Counsel for the Post Confirmation Trust for Fleming Companies, Inc.