IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen,<br><br>        Plaintiff,<br><br>   v.<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., et al.<br><br>        Defendants. | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>DECLARATION OF BRIAN<br>CHRISTENSEN |

## DECLARATION OF BRIAN CHRISTENSEN

I, BRIAN CHRISTENSEN, hereby declare as follows:

1. I have personal knowledge of the facts stated in this Declaration and if called as a witness in this action, I could and would testify to all matters set forth herein of my own knowledge.

2. I am a named Defendant in this case.

3. I am the President of C&S Wholesale Grocers, Inc.'s Hawaii Division in Kapolei, Hawaii ("C&S"). In that capacity, I am responsible for overseeing all operations here in Hawaii. I am a salaried employee and have never received any additional compensation in my capacity as President of C&S or for the development of any computer software for C&S.

4. Prior to my employment with C&S, I was employed by Fleming's Hawaii Division in Kapolei, Hawaii ("Fleming"). I first started with Fleming in January, 1991 as a Retail Sales Counselor. In 1993, I was promoted to Sales Manager. I then became President of Fleming in March, 2002.

5. Aside from the compensation adjustments related to the new positions I held and the normal merit increases I received annually, I have never received any special or additional compensation or bonuses related to Plaintiff's software or the development of any computer software for Fleming while employed at Fleming.

6. I testified in my deposition and at trial in this matter that I became President of Fleming in March, 2003. I did not intentionally or purposely misstate the date I became Fleming's President. I did not scheme to defraud the Plaintiff or the Court. I made an honest mistake.

7. During my December, 2004 deposition, when I was asked when I became President, my mind went first to the month of March. I believed I became President near the end of March, but I deduced it was March of 2003 and not 2002 because I was not involved in any substantive way with Plaintiff's pre-petition lawsuit against Fleming.

8. Ralph Stussi, Fleming's former President, was the primary contact for all matters related to and concerning

Plaintiff's pre-petition suit up through trial and until the verdict was rendered. Mr. Stussi was involved with all decision-making relative to that lawsuit and in fact returned to attend the trial against Fleming. While I assumed the day to day operations of Fleming in March, 2002, I was not a part of and had little or no knowledge of Plaintiff's prior litigation proceedings against Fleming. I acknowledge that as Fleming's President in 2002, I would have likely received invoices from Fleming's local counsel for services rendered in connection with Plaintiff's prior lawsuit. However, I did not recall this at the time of my deposition or at trial in this matter.

9. I was not Fleming's counsel's primary contact on Plaintiff's prior lawsuit. I did not have personal knowledge of the events that lead to Plaintiff bringing the first lawsuit against Fleming. I got involved with Plaintiff's pre-petition lawsuit only after the jury rendered its verdict. I oversaw Fleming's efforts to return to the original, licensed version of Plaintiff's software. I believed that by taking out the changes that were made to Plaintiff's software, we would have the original, licensed version and thereby be in compliance with the jury's verdict. I also oversaw Fleming's subsequent abandonment of Plaintiff's software altogether in favor of the Excel Spreadsheets.

10. Finally, I personally have never used Plaintiff's Freight Control System.

I declare under penalty of perjury under the laws of the State of Hawaii that the foregoing is true and correct.

Executed this 17th day of MAY 2006 at Kapolei, Hawaii.

*[signature]*
BRIAN CHRISTENSEN

No.7990  P. 5