# EXHIBIT E

```
                                                                    1


 1                  IN THE UNITED STATES DISTRICT COURT

 2                      FOR THE DISTRICT OF HAWAII

 3

 4   WAYNE BERRY, a Hawaii Citizen, ) CIVIL NO. 03-00385SOM
                                    )
 5              Plaintiff,          )
                                    )
 6       vs.                        )
                                    )
 7   HAWAII EXPRESS SERVICE, INC.,  )  - VOLUME 4 -
     et al.,                        )
 8                                  )
                Defendants.         )
 9   _____)

10

11                     TRANSCRIPT OF PROCEEDINGS

12        The above-entitled matter came on for hearing on

13   Thursday, March 2, 2006, at 9:24 a.m., at Honolulu, Hawaii,

14   BEFORE:            THE HONORABLE SUSAN OKI MOLLWAY
                        United States District Judge
15
     REPORTED BY:       STEPHEN B. PLATT, RMR, CRR
16                      Official U.S. District Court Reporter

17   APPEARANCES:       TIMOTHY J. HOGAN, ESQ.
                        WESLEY W. ICHIDA, ESQ.
18                      Lynch Ichida Thompson Kim & Hirota
                        1032 Bishop Street, Suite 1405
19                      Honolulu, Hawaii  96813

20                                 Attorneys for the Plaintiffs

21                      MICHAEL E. BAUMANN, ESQ.
                        DAMIAN D. CAPOZZOLA, ESQ.
22                      Kirkland & Ellis LLP
                        777 South Figueroa Street
23                      Los Angeles, CA  90017

24                                 Attorneys for Defendant
                                   Post Confirmation trust
25                                 for Fleming companies, Inc.
```

1  Christensen.
2        THE COURT: Okay, Mr. Christensen can resume the
3  stand. He has been previously sworn and remains under oath.
4              BRIAN CHRISTENSEN,
5  recalled as a witness on behalf of the Defendants, having been
6  produced and previously duly sworn, was examined and testified
7  as follows:
8              DIRECT EXAMINATION
9  BY MR. BAUMANN:
10 Q.   Good afternoon, Mr. Christensen. It must be getting
11 familiar to you, to keep walking up there.
12       I know they have met you, but could you tell us a
13 little bit about yourself? Where do you live?
14 A.   I live in Mililani, Hawaii. I was born and raised here.
15 Q.   Okay.
16       And tell the jury a little bit about your
17 educational background.
18 A.   I graduated from Pearl City High School. I attended the
19 University of Hawaii for about three years.
20 Q.   Okay, now, in this period April 1st, 2003, to June 9th,
21 2003, what was your job?
22 A.   I was the division president of Fleming Companies here in
23 Hawaii.
24 Q.   And what were your responsibilities as division
25 president?

1  A.   To oversee the overall operations of the division.
2              (Discussion off the record between counsel.)
3  BY MR. BAUMANN:
4  Q.   About how many people were you the boss of?
5  A.   About 200-220 people.
6  Q.   Okay.
7              Now, the first time Mr. Hogan called you, he asked
8  you a question about whether you ever told the employees to
9  stop using the database between April 1st and June 9th, and
10 you said no.
11             Do you recall that?
12 A.   Yes, I do.
13 Q.   Why didn't you tell 'em to stop using it?
14 A.   Because I didn't think we had to.  After the ruling, my
15 understanding is Fleming did have a license to use the
16 software in its original form, and we reverted back to what we
17 thought was the original form.
18 Q.   Now, I'm going to show you what's in evidence as
19 Exhibit 66.2, an organizational chart.  Do you see that on the
20 overhead, sir?
21 A.   Yes.
22             MR. HOGAN:  Your Honor just for clarification, I
23 think it's Exhibit 66.  And the pagination counsel is using
24 are the points.  They are not part of the exhibit, but just so
25 we are clear, there is an extra exhibit out there.

1   profit, as you said.
2           How we -- you know, we don't sell any product to
3   lose money.  We're selling it to make money.  Yes, we have to
4   be competitive.  And, really, the volume will help us overcome
5   all the expenses.
6   Q.  Do you ever do a delivery for free?
7   A.  Uh --
8   Q.  Have you ever had a customer come to you and say, I'll
9   buy three containers of chilled beef, but I want you to
10  deliver it to our stores and don't charge us for the freight?
11  A.  No.
12  Q.  You'd never do that?
13  A.  No.
14  Q.  Even if your competitors were doing it?
15  A.  Why would I do that?  We have to make a profit.
16  Q.  Now, you testified that -- you were aware that Fleming
17  lost an infringement trial on or about March 6, 2003?
18  A.  Yes.
19  Q.  And you are aware that despite losing, Fleming continued
20  to use the very software that was at least the subject of that
21  case?
22  A.  Well -- yes.  What we lost was that we couldn't make
23  changes to the software, but my understanding was, we had a
24  license to use it in its original form, and that's what we
25  attempted to do.

248

1
2
3
4
5
6
7                          -ooOoo-
8        I, Stephen B. Platt, Official Court Reporter,
9   United States District Court, District of Hawaii, do hereby
10  certify that the foregoing is a true and correct transcript of
11  proceedings before the Honorable Susan Oki Mollway, United
12  States District Judge.
13
14
15
16
17
18
19
20                              /s/ Stephen B. Platt
21  THURSDAY, APRIL 27, 2006    STEPHEN B. PLATT, CSR NO. 248
22
23
24
25