**EXHIBIT "C"**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 2 1 2005
at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, ) | Civ. No. 03-00385 SOM/LEK |
| ) | |
| Plaintiff, ) | ORDER DENYING DEFENDANTS' |
| ) | MOTIONS FOR SUMMARY JUDGMENT; |
| vs. ) | ORDER AFFIRMING MAGISTRATE |
| ) | JUDGE'S ADOPTION OF DISCOVERY |
| HAWAII EXPRESS SERVICE, INC., ) | MASTER'S ORDER REGARDING F-1 |
| a California corporation; et ) | PROGRAM MATERIALS |
| al. ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT;
ORDER AFFIRMING MAGISTRATE JUDGE'S ADOPTION OF
DISCOVERY MASTER'S ORDER REGARDING F-1 PROGRAM MATERIALS

I.  INTRODUCTION.

This court has previously found Defendant Post Confirmation Trust[1] and Defendants Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio (collectively, "Employees")[2] liable to Plaintiff Wayne Berry for direct infringement from April 1, 2003, through June 9, 2003.[3]  In the latest of a string of motions,

---

[1] As noted in this court's June 27, 2005, order, Post Confirmation Trust represents the interests of Fleming Companies, Inc., and is therefore referred to as "Fleming."

[2] Employees and Fleming are collectively referred to as "Defendants."

[3] The court amends its earlier finding that direct infringement commenced on March 7, 2003.  In a previous hearing, the court had raised the issue of the commencement date, and Defendants had relied on the March 7, 2003, date, which was less advantageous to them than the alternative of April 1, 2003.  Defendants now point out that Berry's own Second Amended Verified

Exhibit C

OCT 2 4 2005

Defendants now move for summary judgment regarding damages related to the direct infringement claim.

Defendants argue that Berry is not entitled to an award for actual damages or profits under 17 U.S.C. § 504(b) because he cannot establish a causal connection between such damages or profits and the infringement. Alternatively, Defendants argue that an award under § 504(b) should be limited to $16,800 in actual damages. Fleming additionally asserts that Berry is not entitled to recover Fleming' profits because Fleming was not profitable during the infringement period. Employees, for their part, contend that, because they did not financially benefit from the infringement, they are not liable for any profits.

Defendants argue that, if Berry elects to seek statutory damages under § 504(c), he is limited to, at most, one award of $30,000. Fleming also moves for summary judgment as to Berry's claim for vicarious copyright infringement.

Because Berry establishes a genuine issue of material fact as to the causal connection between actual damages or profits and the infringement, the court denies Defendants' motions for summary judgment. The case will proceed to trial as scheduled regarding: (1) the causal connection between the infringement and Berry's alleged actual damages or Fleming's

---

Complaint uses the April 1 date, and the court now uses April 1, 2003, as the commencement date for such direct infringement by Defendants. See 2d Am. Verified Complaint ¶¶ 16, 57, 66.

2