LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
Email: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) | **REPLY TO DEFENDANTS BRIAN** |
| | ) | **CHRISTENSEN, MARK DILLON,** |
| HAWAIIAN EXPRESS SERVICE, | ) | **TERESA NOA, MELVIN PONCE,** |
| INC., a California corporation; et al. | ) | **ALFREDDA WAIOLAMA,** |
| | ) | **JACQUELINE RIO, JUSTIN** |
| Defendants. | ) | **FUKUMOTO AND SONIA** |
| | ) | **PURDY'S OPPOSITION TO** |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| | ) | **AMENDED MOTION FOR NEW** |
| | ) | **TRIAL FILED ON 3/21/06, OR IN** |
| | ) | **THE ALTERNATIVE, MOTION** |
| | ) | **FOR RECONSIDERATION AND** |
| | ) | **RULE 60(B) RELIEF** |
| | ) | |
| | ) | Hearing: |
| | ) | DATE: June 5, 2006 |
| | ) | TIME: 9:45 A.M. |
| | ) | JUDGE: Honorable Susan Oki |
| _____ | ) | Mollway |

**PLAINTIFF WAYNE BERRY'S REPLY TO DEFENDANTS BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA, MELVIN PONCE, ALFREDDA WAIOLAMA, JACQUELINE RIO, JUSTIN FUKUMOTO AND SONIA PURDY'S OPPOSITION TO PLAINTIFF WAYNE BERRY'S AMENDMENT TO MOTION FOR NEW TRIAL FILED ON 3/21/06, OR IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION AND RULE 60(B) RELIEF**

COMES NOW, Plaintiff Wayne Berry ("Plaintiff"), by and through his undersigned counsel, and hereby respectfully submits his reply to Defendants Brian Christensen, Mark Dillon, Teresa Noa, Melvin Ponce, Alfredda Waiolama, Jacqueline Rio, Justin Fukumoto and Sonia Purdy's Opposition to Plaintiff Wayne Berry's Amended Motion for New Trial Filed on 3/21/06, or in the Alternative, Motion for Reconsideration and Rule 60(b) Relief ("Employees' Opposition"). Mr. Berry incorporates by reference Plaintiff Wayne Berry's Reply to Defendant Pct's Opposition to Plaintiff Wayne Berry's Amendment to Motion for New Trial Filed on 3/21/06, or in the Alternative, Motion for Reconsideration And Rule 60(b) Relief ("Reply to the PCT Opposition").

## I.   INTRODUCTION.

Claiming to have made an honest mistake, Mr. Christensen asks the Court to accept, among other absurdities, the following: on the day that a jury verdict was entered finding the company that he was running as its president for just shy of a

year, was a willful infringer and was potentially in a position to be shut down or indicted for its conduct, he just forgot that he was in charge. This is the kind of nonsense that makes people hate lawyers and endangers our system of justice. No parent or school principal would excuse a child for this kind of lame excuse and neither should the Court. The Court should perform its function of the gatekeeper for conduct of its proceedings and see this for exactly what this is: Fleming and Mr. Christensen simply got caught. The question for the Court is whether under the circumstances there any remedy for Mr. Berry for what transpired both in the summary judgment phase and at trial and clearly there is.

## II. DISCUSSION.

### A. Whether Mr. Berry's Counsel Should have Known is Not Relevant.

In this case, the Employees, echoing the PCT Opposition, argue that because Mr. Berry's counsel missed this "evidence", it was okay for them to miss it too but more to the point, Christensen if given a pass for his false testimony. As to the attorneys, as stated in the Reply to the PCT Opposition, that would be like a parent excusing having forgotten their child's birthday by stating that a neighbor forgot it too. This again is something that the Court must see through from a logical and rational perspective and not look at Mr. Christensen, as the Employee Opposition would have it, as some honest do-gooder. The facts show him to be a person who

has repeatedly given materially false testimony in these proceedings and nothing more.  The Court should take appropriate and required action.

The simplest and easiest way to see that the Christensen Declaration, that is the bulwark for both the Employees' and the PCT Opposition, is in fact insufficient to deny Mr. Berry the relief he seeks, is the admission in his recent declaration that Mr. Christensen knew he was the division president at the time of the entry of the jury verdict in the first case and became active in the Berry matter upon the entry of the jury verdict.  *See* Declaration of Brian Christensen at ¶¶ 8 & 9.  That sounds convincing but it cannot be squared with what he said at trial.  Not tied to any date but to the actual logical historical event of the jury verdict, Mr. Christensen was asked the pointed question why he didn't just shut the system off after the verdict and he just lied.

Question by Mr. Hogan:

6     But I'm taking about - - <u>actually, I would like to go</u>

7     <u>back to March 7th, the day after the jury verdict:</u>

8     Why not just walk into the logistics department, as

9     the boss, and say, turn it off. We don't need this, because

10    it's your knowledge and hard work that we make our money with,

11    not this software that's been nothing but trouble.

12    Why not just shut it off?

13    A.    <u>Well, for one thing, I wasn't the president at that time.</u>

14    I became the president after that, the ending of March. When

15    I got on board, it already -- we were already using it.

Transcript of Proceeding Before the Honorable Susan Oki Mollway dated March 2, 2006, at page 98 lines to 15. Declaration of Timothy J. Hogan filed in support of the Motion at Exhibit "2" (emphasis added).

    This Court must be aware that very few people ever admit fraud or any of the dishonesty crimes. The elements of perjury are clearly set forth by Mr. Berry in his moving papers. The only element that is disputed is whether or not he had the knowledge of the falsehood. The Declaration filed in support of the oppositions establish that he did. But this is not relevant to the Court's inquiry under Fed. R. Civ. P. 60(b)(3). Moore's Federal Practice 3rd Ed. § 60.43[1][a] (2005) (unintentional conduct will suffice for relief). Moreover, Mr. Berry need not show the result would have been different. Moore's Federal Practice 3rd Ed. § 60.43[1][d] (2005). Where a party has testified falsely at trial, the Court should grant the requested relief. *See* More's Federal Practice 3rd Ed. § 60.43[1][b] (2005) (false trial testimony is ground for relief).

    Even if he had not admitted the necessary knowledge, the circumstantial

evidence is more than clear and convincing. First as to motive, had Mr. Christensen admitted that he was the one operating Fleming Hawaii as its President he would have been liable for the willful contributory infringement that had occurred from the day he started working as the President. He was receiving financial gain from a business that has already been determined would have shut down without Berry's software and he was in the position to control it. He does not deny any of those facts. Therefore, by testifying falsely at the deposition, he avoided liability.

In addition, when asked again at trial, under oath, why he didn't shut it off, rather than say "oh, yeah, I forgot in my deposition, yes I was in charge and I didn't shut it off because it would have destroyed the division," he looked the jury and the Court in the eye and flatly and falsely stated he was not on duty. This would be like this Court not accepting its function as a Judicial officer having just issued a signed order by claiming, "hey, I don't think I was a judge back then." The Court should not entertain this childishness.

### B. The Claim That Mr. Berry Had The Evidence to Bring This to the Court's Attention Earlier Is Simply Not True.

First, like the PCT, the Employee Opposition points to the deposition of Mark Dillon taken in the first infringement proceeding. First, this motion is brought for misconduct under Rule 60(b)(3) not for newly discovered evidence.

Even if it were a newly discovered evidence motion, it is fundamental evidence and civil procedure law that this transcript could not have been introduced against Mr. Christensen in his summary judgment motion because it was inadmissible hearsay. Therefore, this evidence could not have rebutted Mr. Christensen's unchallenged sworn admissible testimony in this proceeding. *See* Moore's Federal Practice 3rd, § 60.42[6] (the evidence must be admissible and credible for relief to be granted). Therefore Mr. Berry could not have moved for reconsideration of the Summary Judgment Order and could not have even properly used the evidence of that transcript to rebut the summary judgment motion. Mr. Christensen's testimony in his deposition was the only admissible evidence of the fact of when he became the Hawaii Division President and Mr. Berry had no other evidence, nor is there any claim that he had any other ***admissible*** evidence that would have rebutted it. So as to summary judgment related to Christensen, Mr. Berry is entitled to the relief he seeks.

Even if the Court were to consider this and the Stussi trial testimony as admissible evidence, the fact that there is some statement that Christensen was a "boss" during the time that Mr. Dillon was being deposed or when Stussi stopped being the division president does not mean he was the "division president." Nowhere in any of these transcripts does it say who was the division president after

Stussi.  One can only wonder how Mr. Berry would have faired in summary judgment had he tried to prove that Christensen was the "division president" when all he had was an inadmissible hearsay statement by someone else who said Christensen was the "boss".  In light of the admissible sworn testimony, denying such a motion would seem the only reasonable result.

As to the invoices, those put Mr. Smith on monthly notice as to who his client was at any given time.  He now admits that he was in a deposition where he knew who was the division president.  Mr. Smith is claiming that Berry's counsel didn't remember so he shouldn't have to remember either.  This is just plain nonsense.

As to the claim that the e-mail was in Mr. Berry's possession in December 2004 and could have been used to contradict Christensen's deposition testimony, Mr. Berry did not have this evidence because all agree it was not turned over prior to September 2005.

    C.    **Mr. Berry Did Not Amend the Complaint in Reliance on the Fraudulent testimony** .

The Employee Opposition makes much of the fact that Mr. Berry did not go back to amend the Complaint to bring a claim against Mr. Christensen for being the one responsible for operating the willful infringement prior to March 7, 2003 apparently concluding that Mr. Berry should have known that Mr. Christensen was

lying in his deposition (but Christensen's attorneys didn't) and Berry should have then run into court saying, "your Honor, I think he's lying in his deposition but I don't have any proof because it hasn't gotten to me yet because the e-mail won't get here until, maybe, September but I'm going to move now to bring additional claims against Mr. Christensen that frankly I have no evidence to support." Mr. Christensen now concedes that he was the division president with the authority to shut off the infringement. He was earning a living from the continued operation of a business that was engaged in willful infringement. He avoided liability for willful contributory infringement at a minimum for the period after March 7, 2003 to April 1, 2003 because he gave a false deposition. Mr. Berry has also proven based on the emails that were found in the Before Exported images that were given to counsel in September 2005 that Christensen was fully involved in the management of the first infringement case. *See* Declaration of Timothy J. Hogan, Exhibits "2" to "6."[1] Mr. Berry has proven all the elements of misconduct beyond any necessary standard. The actual testimony at trial more than any one single thing proof of Christensen's misconduct. Accepting for sake of argument that Christensen could have confused the dates that he became the president from 2003 to 2002, leaving aside that he repeated the falsehood in his declaration filed on

---

[1] Exhibits "2" "3" and "6" are filed separately under seal.

January 12, 2006 to block the permanent injunction, Hogan Dec. Exhibit "8" and accepting that he lacks any ability to recall a specific date or time, Mr. Christensen was asked a direct question regarding what he did in response to something, at a specific point in time regarding which he now admits he knew he was president with the authority to address but he gave false testimony.

    Mr. Berry respectfully offers that any reasonable person reading this testimony in light of the facts that were existing at the time would conclude that Mr. Christensen committed the necessary fraud to support a claim if perjury. Giving him the benefit of all doubt still results in the type of misconduct that Rule 60(b)(3) is meant to correct. The Court must make a determination not based on Mr. Christensen's statement that he only wishes to tell the truth but based on the facts that are presented to the Court and the facts clearly show what really happened.

    Mr. Berry recognizes that this Court is going to be hard pressed to undo so many years of litigation. But one thing the Court can do is to impose upon Mr. Christensen a judgment of willful infringement for the continued use after March 6, 2003 and enter a permanent injunction imposing an obligation to never permit the unauthorized use of Mr. Berry's works again or suffer dyer consequences. Neither Mr. Berry nor the Court should accept nor should they be required to

accept Mr. Christensen's word on anything. Fool me once shame on Christensen, fool me four times shame on all of us.

## III.     CONCLUSION.

Mr. Christensen as the representative of C&S and a former representative of Fleming has misrepresented material facts in this case on at least three and now four occasions. The Court has denied Mr. Berry a permanent injunction based solely on the claim from Christensen that no future infringements are possible. Mr. Berry, who has twice prevailed on infringement, shouldn't have to endure another case like this because the Court has accepted the word of a person who doesn't know truth from falsehood.

If the Court does not reconsider to impose willful contributory infringement liability on Christensen and enjoin him, based on the Supreme Court's recently decided case *Ebay, Inc. v. MERCEXCHANGE, L. L. C.*, 547 U.S. ____, (No. 05-130) (Slip Op. May 15, 2006), regarding intellectual property injunctions that limits the Court's permissible inquiry to four parts of a single test, none of which are "I promise in a false declaration to infringe no more" the Court should reconsider its finding on the injunction, enter a permanent injunction against those who have been found liable that will impose upon Mr. Christensen as a person with knowledge the burdens and the penalties for violation of such an order.

DATED: Honolulu, Hawaii, May 28, 2006.

                                /s/ Timothy J. Hogan
                                TIMOTHY J. HOGAN
                                Attorney for Plaintiff WAYNE BERRY