LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
Email: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| HAWAIIAN EXPRESS SERVICE, | ) | **REPLY TO DEFENDANTS** |
| INC., a California corporation; et al. | ) | **GUIDANCE SOFTWARE, INC.** |
| | ) | **AND MICHAEL GURZI'S** |
| Defendants. | ) | **OPPOSITION TO PLAINTIFF** |
| | ) | **WAYNE BERRY'S MOTION FOR** |
| | ) | **RECUSAL** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Non-Hearing:** |
| | ) | |
| | ) | |
| | ) | **JUDGE:    Honorable Magistrate** |
| | ) | **Judge Leslie Kobayashi** |
| | ) | |
| | ) | |
| _____ | ) | |

**PLAINTIFF WAYNE BERRY'S REPLY TO DEFENDANTS GUIDANCE SOFTWARE, INC. AND MICHAEL GURZI'S OPPOSITION TO PLAINTIFF WAYNE BERRY'S MOTION FOR RECUSAL FILED ON MAY 10, 2006**

COMES NOW, Plaintiff Wayne Berry ("Plaintiff"), by and through his undersigned counsel, and hereby respectfully submits his reply to Defendants Guidance Software, Inc. and Michael Gurzi's Opposition to Motion for Recusal ("Guidance Opposition").  Mr. Berry respectfully incorporates by reference his Reply to Defendants C&S Wholesale Grocers, Inc., C&S Acquisition, LLC, C&S Logistics, LLC, ES3, LLC and Richard Cohen's Opposition To Wayne Berry's Motion  for Recusal.

The Guidance Opposition makes two points. First, that the Motion is based on a spurious charge of [SIC] "impartiality."  Guidance Opposition at page 3. Presuming that Guidance means something else, Guidance's Opposition fails to raise any facts in opposition.

Second, Guidance claims there is no reasonable grounds for a judge to make a referral.  Guidance makes this claim despite the fact that the false testimony is admitted.

It wouldn't be that Guidance fears a referral because it has admitted to scrubbing computers containing a formerly publicly traded bankrupt debtor's

financial records in violation of this Court's order in the first case?   It wouldn't be because this was done  during a formal SEC investigation?  It couldn't be because Guidance has admitted that Gurzi filed a false affidavit in the Delaware Bankruptcy?

In light of Guidance's conduct, the Court need not look solely to the Christensen malfeasance to find grounds mandating a referral.  That Guidance, of all participants, argues that no such action is warranted is more evidence pointing to its necessity.

DATED: Honolulu, Hawaii, May 31, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY