LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
Email: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) Civ. No. CV03 00385 SOM-LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| | ) **PLAINTIFF WAYNE BERRY'S** |
| vs. | ) **REPLY TO DEFENDANTS BRIAN** |
| | ) **CHRISTENSEN, MARK DILLON,** |
| HAWAIIAN EXPRESS SERVICE, | ) **TERESA NOA, MELVIN PONCE,** |
| INC., a California corporation; et al. | ) **ALFREDDA WAIOLAMA,** |
| | ) **JACQUELINE RIO, AND JUSTIN** |
| Defendants. | ) **FUKUMOTO AND SONIA** |
| | ) **PURDY'S OPPOSITION TO** |
| | ) **WAYNE BERRY'S MOTION FOR** |
| | ) **RECUSAL** |
| | ) |
| | ) **NON-HEARING** |
| | ) |
| | ) |
| | ) **Judge:   Honorable Magistrate** |
| | ) **Judge Leslie Kobayashi** |
| | ) |
| _____ | ) |

**PLAINTIFF WAYNE BERRY'S REPLY TO DEFENDANTS
BRIAN CHRISTENSEN, MARK DILLON, TERESA NOA,
MELVIN PONCE, ALFREDDA WAIOLAMA, JACQUELINE
RIO, JUSTIN FUKUMOTO AND SONIA PURDY'S OPPOSITION TO
<u>WAYNE BERRY'S MOTION FOR RECUSAL</u>**

COMES NOW, Plaintiff Wayne Berry ("Plaintiff"), by and through his undersigned counsel, and hereby respectfully submits his Reply to Defendants Brian Christensen, Mark Dillon, Teresa Noa, Melvin Ponce, Alfredda Waiolama, Jacqueline Rio, and Justin Fukumoto and Sonia Purdy's Opposition to Wayne Berry's Motion for Recusal ("Employee Opposition"). Mr. Berry respectfully incorporates by reference his Reply to Defendants C&S Wholesale Grocers, Inc., C&S Acquisition, LLC, C&S Logistics, LLC, ES3, LLC and Richard Cohen's Opposition To Wayne Berry's Motion for Recusal.

Apparently admitting that his testimony was false, Mr. Christensen and other Fleming Employee Defendants attempt to excuse Christensen and his requirement to tell the truth by equating Christensen's inability to know the truth of his own relevant personal facts with Mr. Berry's counsel's ability to prove a fact at trial without admissible evidence. Mr. Christensen in his Declaration in support of the Employee Opposition, has stated that he was aware that he was the Hawaii Division President on March 6, 2003 in the sole position to shut the illegal Berry system down upon the finding of willful infringement. However, at trial when

asked the same question, Mr. Christensen testified as follows:

Question by Mr. Hogan:

```
6     But I'm taking about - - actually, I would like to go
7      back to March 7th, the day after the jury verdict:
8      Why not just walk into the logistics department, as
9      the boss, and say, turn it off. We don't need this, because
10     it's your knowledge and hard work that we make our money with,
11     not this software that's been nothing but trouble.
12     Why not just shut it off?
13     A.    Well, for one thing, I wasn't the president at that time.
14     I became the president after that, the ending of March. When
15     I got on board, it already -- we were already using it.
```

Transcript of Proceeding Before the Honorable Susan Oki Mollway dated March 2, 2006, at page 98 lines to 15. Declaration of Timothy J. Hogan filed in support of the motion. Exhibit "2" (emphasis added).

The other notable absurdity in it is the fact that the Opposition admits that the first production of any of the documents that were relevant to this came in September of 2005, but then states as follows:

> Plaintiff has also had the e-mail announcing Christensen's promotion since September 2005 when it was produced as part of the Guidance production. *See*, PCT Opp., Walker Declaration, ¶¶ 3-4. Despite having this information at the time Christensen was deposed in December 2004, and at the time of trial in March 2006, Plaintiff did nothing with it until faced with the possibility of an adverse recommendation against him on the fee motions pending before this Court.

*See* Employee Opposition at p. 9."

The Employee Opposition claims that Mr. Berry should have known about the false deposition testimony given in 2004 because, in addition to having the inadmissible transcript from the first case, he should have relied on a document produced in months later in "2005".

The Employee Opposition also claims that there is a dispute as to whether the Magistrate ever disclosed the personal relationship with Mr. Smith. Mr. Berry notes that the PCT and C&S Oppositions, that were supported by Mr. Smith's declaration, raised no claim that the facts as stated in support of the Motion for Recusal were not true.

For these reasons, the Motion should be granted.

DATED: Honolulu, Hawai'i, May 31, 2006.

                                     /s/ Timothy J. Hogan
                                     TIMOTHY J. HOGAN
                                     Attorney for Plaintiff WAYNE BERRY