LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
Email: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| HAWAIIAN EXPRESS SERVICE, | ) | **REPLY TO DEFENDANT PCT'S** |
| INC., a California corporation; et al. | ) | **OPPOSITION TO WAYNE** |
| | ) | **BERRY'S MOTION FOR** |
| Defendants. | ) | **RECUSAL** |
| | ) | |
| | ) | **NON-HEARING** |
| | ) | |
| | ) | **Judge:   Honorable Magistrate** |
| _____ | ) | **Judge Leslie Kobayashi** |

**PLAINTIFF WAYNE BERRY'S REPLY TO DEFENDANT
PCT'S OPPOSITION TO WAYNE BERRY'S MOTION FOR RECUSAL**

COMES NOW, Plaintiff Wayne Berry ("Plaintiff"), by and through his undersigned counsel, and hereby respectfully submits his reply to Defendants PCT's Opposition To Wayne Berry's Motion for Recusal ("PCT Opposition"). Mr. Berry respectfully incorporates by reference his Reply to Defendants C&S Wholesale Grocers, Inc., C&S Acquisition, LLC, C&S Logistics, LLC, ES3, LLC and Richard Cohen's Opposition To Wayne Berry's Motion for Recusal.

## I. INTRODUCTION.

The PCT's general thrust in its Opposition is that "we got away with it, so you ought to just accept it and go away quietly." Mr. Berry concedes that, as far as any civil remedy, the PCT is likely correct. The motion is not filed for the purpose of enhancing Mr. Berry's civil case. It is to alert the Court to the facts that exist in the record to permit the Court to make a decision whether to recuse under the circumstances.

## II. BACKGROUND.

The idea that simply having a personal friendship with an opposing counsel would require recusal in every case is absurd. It is only in cases in which that friend may necessarily look to the court to get him/herself out of a jam that would require the Court be required to recuse. The case cited in the Motion is a case of

the United States Supreme Court, the holding of which, appears to be on all fours with the present circumstances.

There is no dispute that Brian Christensen's testimony was false. It was materially false because he escaped any liability for contributory infringement because he claimed to have not been on duty during the period of willful infringement. As to the Dillon deposition in the first case that is touted as proof that Mr. Berry knew all along, first that deposition doesn't state that Brian Christensen was the "division president" of the Hawaii Division. Before Ralph Stussi resigned it was clear that Christensen was the head of sales. At the time that Mr. Christensen moved for summary judgment and at the time of trial the only admissible evidence as to what Mr. Christensen's actual title was his sworn statement in his deposition and it is now admitted to have been false. Any other evidence that could have been produced at that time, even had Berry or his counsel found it, would have been inadmissible hearsay as to Christensen and insufficient to overcome the sworn admissible testimony in the Christensen deposition. When asked what he did as "boss" of Fleming at trial, Christensen flatly denied he was the one with the ability to control the infringement. That statement was materially false. His recently filed declaration admits he knew what his job was at the time.

The deposition transcript of the previous case was not admissible and could

Case 1:03-cv-00385-DAE-LEK    Document 987    Filed 05/31/2006    Page 4 of 6

not have properly been used in the case to defeat summary judgment or to be used to impeach Christensen at trial. It was obtained in different case and could not be used in the present case against Mr. Christensen. The Stussi's trial transcript likewise could have been used in this case unless they produced Stussi, who was named on their witness list but never testified. By keeping Stussi off the stand, Christensen and the Fleming litigation team had locked the secret within a vault protected by the limitations place on the Plaintiff by the Federal Rules of Civil Procedure and Evidence, not to mention the fact that Mr. Berry and his counsel did not find that cite until it was presented by counsel who appears to have know of its existence all along.

As to the Walker claim that there were six copies in the September 2005 production, first as to summary judgment, this is irrelevant. Mr. Christensen's false testimony at his deposition resulted in an order granting him summary judgment in January 2005. In addition, Walker fails to provide any clue where he found them. He never had the redacted drive given to Plaintiff's counsel and as Mr. Berry has suspected from months, he was likely looking at the complete set of the Guidance Before images that were never given to Plaintiff. The reason the Court had to stop the trial and have Mr. Berry's counsel sit for two days in Lex Smith's conference room was to make copies of the Guidance files given earlier to

Walker but "redacted" by Mr. Smith. Even through redacted these files show that the Christensen and Smith Declarations filed in support of the oppositions to this motion are themselves grounds for Rule 60(b) relief. *See* Declaration of Timothy J. Hogan, filed in support of Plaintiff Wayne Berry's Reply to Defendant PCT's Opposition to Plaintiff Wayne Berry's Motion for New Trial filed on 3/21/06, or in the Alternative, Rule 60(b) Relief, Exhibits 2, 3 and 6 filed separately under seal on May 27, 2006 (the "Rule 60(b) Hogan Dec.").

As to why the Motion was filed when it was, it was filed immediately after the receipt of the official transcripts and after the admission in the Employee fee motion reply and after permitting counsel to correct the harm done by the fraud.

There is no doubt that there had been false sworn testimony in a case related to a pending Bankruptcy case. Whether it was done with the evil of a true fraud, is, respectfully, not for this Court to determine because to make such a determination would necessarily put the Court's friend at risk. It is for that reason that the Motion was filed and for that purpose only.

DATED: Honolulu, Hawai'i, May 31, 2006.

                                              /s/ Timothy J. Hogan
                                              TIMOTHY J. HOGAN
                                              Attorney for Plaintiff WAYNE BERRY