IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S AMENDMENT TO MOTION FOR NEW TRIAL FILED ON 3/21/06 OR IN THE ALTERNATIVE MOTION FOR RECONSIDERATION AND RULE 60(b) RELIEF |
| vs. | |
| HAWAII EXPRESS SERVICE, INC., a California corporation; et al. | |
| Defendants. | |

ORDER DENYING PLAINTIFF'S AMENDMENT TO MOTION FOR NEW TRIAL FILED ON 3/21/06 OR IN THE ALTERNATIVE MOTION FOR RECONSIDERATION AND RULE 60(b) RELIEF

I.      INTRODUCTION.

Defendant Brian Christensen ("Christensen") maintained in deposition testimony, in a declaration, and at trial that he became the president of Fleming's[1] Hawaii division sometime between March 7, 2003, and April 1, 2003.  However, in Employees'[2] May 4, 2006, reply memorandum supporting their motion for attorneys' fees and costs, they stated that "Christensen misstated at trial that he did not become President of Fleming's Hawaii division until the end of March, 2003."  In fact,

---

[1] As noted in prior orders, Post Confirmation Trust represents the interests of Fleming Companies, Inc., and is therefore referred to as "Fleming."

[2] Defendants Christensen, Mark Dillon, Teresa Noa, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Alfredda Waiolama, and Jacqueline Rio are collectively referred to as "Employees."

Christensen had been the president of Fleming's Hawaii division since March 2002.

Berry now moves under Rule 60(b)(3) of the Federal Rules of Civil Procedure,[3] arguing that Christensen's

---

[3] Berry calls the present motion "Plaintiff Wayne Berry's Amendment to Motion for New Trial Filed on 3/21/06 or in the Alternative Motion for Reconsideration and Rule 60(b) Relief." In this court's May 16, 2006, Order Denying Plaintiff's Motion to Alter or Amend Second Amended Judgment, this court stated, "Although Berry styles this pleading as an amendment to the present [Rule 59] motion, the court will address it as a separate motion under Rule 60(b) of the Federal Rules of Civil Procedure." 5/16/2006 Order at 7.

In the papers filed in support of his motion, Berry had argued that the present motion could be granted pursuant to Rule 59(e) even though it was filed more than ten days after entry of judgment, because it could simply serve as the ground for granting the original Rule 59(e) motion, which was indeed filed within the ten-day jurisdictional period but did not mention the Christensen issue. Even assuming this argument as to timing is correct, the present motion does not fall within Rule 59(e). In relying on Rule 59, Berry says, at page 18 of the memorandum in support of the present motion, that he is basing his motion on new evidence. He says that, to prevail on a Rule 59 motion based on new evidence, he must establish that there is newly discovered evidence that was discovered after judgment was entered and that he was excusably ignorant of the evidence at the time of trial despite the exercise of due diligence. Berry cannot meet the very standard he sets forth. He concedes that, by January 26, 2006, at the latest, he had received a copy of an email that verified that Christensen became the president of Fleming's Hawaii division in March 2002. January 26 was before trial had begun, and thus certainly before judgment was entered. By Berry's own analysis, his motion does not fall under Rule 59(e).

Perhaps for that reason, in the reply memoranda Berry filed in support of the present motion, Berry, having been told by the court that the court would proceed under Rule 60, clarified that the present motion seeks relief based on fraud, misrepresentation, or other misconduct under Rule 60(b)(3), not based on "newly discovered evidence" under Rule 60(b)(2). Rule 60(b)(2) provides for relief based only on "newly discovered

misstatements warrant: (1) vacating "the January 2[6], 2005 Order granting Christensen summary judgment as well as any findings that relate to the issue of willfulness and inadvertence;" (2) a new trial; and (3) reconsideration of the March 9, 2006, order denying Berry's request for a permanent injunction. Because no fraud on the court was committed and because Berry was not prevented from fully and fairly presenting his case, the court denies the present motion.

II.     LEGAL STANDARD.

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

To prevail on a Rule 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from

---

evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." This court therefore restricts its consideration of the present motion to the fraud issue.

fully and fairly presenting the defense." De Saracho v. Custom Food Mach. Inc., 206 F.3d 874, 880 (9th Cir. 2000) (citations omitted); see also In re M/V Peacock, 809 F.2d 1403, 1404-05 (9th Cir. 1987) (noting that "the moving party must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case"). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." De Saracho, 206 F.3d at 880 (citing In re M/V Peacock, 809 F.2d at 1405). "Motions for relief under Fed. R. Civ. P. 60(b) are addressed to the sound discretion of the trial court." Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986).

III.    ANALYSIS.

    A.   This Court's January 26, 2005, Order Granting Summary Judgment in Favor of Christensen.

Berry asks this court to "vacate the January 2[6], 2005 Order granting Christensen summary judgment as well as any findings that relate to the issue of willfulness and inadvertence." Motion at 3. Berry contends that "[t]his motion is brought on the grounds that [the court's summary judgment order was] obtained through fraud on the court." Motion at 3. Berry asserts that, because the misstatement in Christensen's deposition "was the basis for the grant of summary judgment" and because Employees relied on the misstatement in support of their

motion for summary judgment, Christensen escaped liability for direct, contributory, and vicarious infringement.  Motion at 10-13.  The court disagrees.

Rule 60(b)(3) of the Federal Rules of Civil Procedure provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."  To prevail on a Rule 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense."  Casey v. Albertson's, Inc., 362 F.3d 1254, 1260 (9th Cir. 2004) (citing De Saracho, 206 F.3d at 880).  Rule 60(b)(3) requires unfairness, not just inaccuracy, in proceedings.  See De Saracho, 206 F.3d at 880 (quoting In re M/V Peacock, 809 F.2d at 1405).  Rule 60(b)(3) also "requires that fraud not be discoverable by due diligence before or during the proceedings."  Casey, 362 F.3d at 1260 (quoting Pac. & Arctic Ry. & Navigation Co. v. United. Transp. Union, 952 F.2d 1144, 1148 (9th Cir. 1991)).

A Rule 60(b)(3) motion for fraud on the court is "reserved for those cases of injustices which, in certain

5

instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." Appling v. State Farm Mut. Auto. Ins. Co., 340 F.3d 769, 780 (9th Cir. 2003). The Ninth Circuit says:

> We read the term "fraud on the court" narrowly, and apply the following definition:
>
>> "Fraud upon the court" embraces only that species of fraud which does or attempts to defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.

In re Intermagnetics Am., Inc., 926 F.2d 912, 916 (9th Cir. 1991) (citation omitted); see also In re Levander, 180 F.3d 1114, 1119 (9th Cir. 1999) ("Although the term 'fraud on the court' remains a 'nebulous concept,' that phrase 'should be read narrowly, in the interest of preserving the finality of judgments.'" (citations omitted)). Fraud on the court "includes both attempts to subvert the integrity of the court and fraud by an officer of the court" and "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1131 (9th Cir. 1995). "Fraud on the court requires a 'grave miscarriage of justice,' and a fraud that is aimed at the court." Appling, 340 F.3d at 780 (citation omitted).

6

"[T]he inquiry as to whether a judgment should be set aside for fraud upon the court under Rule 60(b) focuses not so much in terms of whether the alleged fraud prejudiced the opposing party but more in terms of whether the alleged fraud harms the integrity of the judicial process." In re Intermagnetics Am., Inc., 926 F.2d at 917 (citing Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 246 (1976)). "Generally, non-disclosure by itself does not constitute fraud on the court." In re Levander, 180 F.3d at 1119 (citing England v. Doyle, 280 F.2d 304, 310 (9th Cir. 1960)); see also Appling, 340 F.3d at 780. "Similarly, perjury by a party or witness, by itself, is not normally fraud on the court." In re Levander, 180 F.3d at 1119-20 (citations omitted).

Berry argues that this court's summary judgment order, as it relates to Christensen's liability for infringement, must be vacated because Christensen's misstatement during his deposition "was the basis for the grant of summary judgment" and because Employees, in their reply memorandum in support of their motion for summary judgment, cited that deposition testimony in asserting that "[Christensen] did not even become President until March, 2003." Motion at 10.

In the summary judgment order, this court concluded that Berry's claim for direct infringement related only to Employees' actions after the March 6, 2003, jury verdict in a

separate but related action. The court also granted summary judgment in favor of Christensen as to Berry's claims for direct, contributory, and vicarious infringement. See 1/26/2005 Order at 26-42. Contrary to Berry's position, the court did not, in the summary judgment order, rely on or refer to Christensen's erroneous deposition testimony that he became the president of Fleming's Hawaii division in March 2003.

In Employees' reply memorandum supporting their motion for summary judgment, Employees challenged Berry's claim that they had directly infringed before the March 2003 jury verdict. Employees argued:

> Plaintiff argues that the Employees have not refuted his claims that before 2003 they committed illegal infringement by using Plaintiff's database. First, Mr. Christensen was not even using the database. He did not become President until March, 2003. So Plaintiff is just wrong with respect to Mr. Christensen. [See Exhibit A, 16: 24-25; 17: 1-2].

Employees' Reply Memorandum (12/29/2004) at 14.

In addressing whether Berry's direct infringement claim referred to Employees' conduct before or after the March 2003 jury verdict, the court concluded that the Second Amended Verified Complaint ("SAVC") did not "put Employee Defendants on notice that they were being sued for alleged actions preceding the verdict against Fleming in the earlier case." 1/26/2005 Order at 27-28. This court did not rely on or cite to

Christensen's deposition testimony or Employees' reference to the testimony in their reply memorandum. See 1/26/2005 Order at 26-30.

Moreover, regardless of whether Berry was misled about when Christensen became president of Fleming's Hawaii division, he was not prevented from fully and fairly defending against Employees' motion for summary judgment. As stated above, Employees argued in their reply memorandum that Christensen's conduct subsequent to the March 2003 jury verdict would not support Berry's direct infringement claim: (1) because Christensen did not use the database after that verdict, and (2) because Christensen did not become the president until March 2003. No matter what information Berry had or did not have with respect to when Christensen became the president, Berry still had to address the argument that Christensen had not used the program and, therefore, had not directly infringed. The court's order noted that "the unauthorized use of altered software constitutes copyright violation," and that there was "no evidence that Christensen ever used" the infringing software. 1/26/2005 Order at 31-32. Berry's direct infringement claim against Christensen therefore failed. Furthermore, this court determined that the SAVC had not given Employees notice that Berry's direct infringement claim concerned their conduct both before and after

9

the March 2003 jury verdict, a determination that did not depend on when Christensen became president.

Regarding contributory infringement, the court noted that "Berry must prove that Christensen had knowledge of the infringement." 1/26/2005 Order at 38. The evidence submitted by Berry did not "establish any knowledge of infringement, nor [did it] establish that Christensen had knowledge at any time of infringing elements in Fleming's version of FCS." 1/26/2005 Order at 38. The court concluded that "Berry thus does not establish knowledge by Christensen and cannot succeed on his claim of contributory infringement. 1/26/2005 Order at 38.

With respect to vicarious infringement, the court noted that "Berry must prove that infringement resulted in a direct financial benefit to [Christensen]." 1/26/2005 Order at 38. "Berry present[ed] no evidence at all of any direct financial benefit to Christensen," and "his claim of vicarious infringement against Christensen thus fail[ed]." 1/26/2005 Order at 38.

The grant of summary judgment in favor of Christensen resulted from Berry's failure to produce any evidence showing direct, contributory, or vicarious infringement. The date that Christensen's presidency began was irrelevant to whether he infringed Berry's copyright during the period in issue. See In re M/V Peacock, 809 F.2d at 1404-05 (noting that the moving party

must establish that "the conduct complained of prevented the moving party from fully and fairly presenting the case").

The court did not rely on Christensen's misstatement in granting Christensen's motion for summary judgment.  Berry was not prevented from fully and fairly defending against Christensen's motion for summary judgment, and no fraud on the court was committed.

    B.   <u>Christensen's Trial Testimony.</u>

Berry also seeks a new trial under Rule 60(b)(3) based on Christensen's trial testimony.  Berry says that "Christensen's testimony was prejudicial not just because the facts . . . were not properly presented, but also because Christensen was able to avoid the attack on his credibility because of his false statement."  Motion at 19 (citing <u>Stamps v. United States</u>, 406 F.2d 925, 929 (9th Cir. 1969)).  Berry says that, had Christensen testified truthfully, the jury verdict "would have been different as to damages" and "the truth would have shown him to be a willful infringer."  Motion at 4, 13, 17.  The court is not persuaded by these assertions.

In <u>Stamps</u>, 406 F.2d at 926, Henry Stamps ("Stamps") was convicted on two counts (Counts I and II) of selling imported heroin.  The only witness who testified for the government about the heroin sales was the federal narcotics agent who said he had bought heroin from Stamps on two occasions.  <u>Id.</u> at 928.  "During

the trial, the jury sent a note to the judge pointing out that there was no witness to the transaction between the agent and [Stamps] and inquired whether they were to believe the agent's testimony over Stamps." Id. at 929. After the jury convicted Stamps, he filed a motion for new trial, arguing that the agent had lied during trial when he testified that an informant and a sheriff signed a typewritten statement concerning the circumstances of the introduction of the agent to Stamps by the informant. Id. at 928. At the hearing on the motion, the agent told the court that he had lied during trial about the signing of the statement by the informant and the sheriff. Id. at 928.

On appeal, the Ninth Circuit noted that "the convictions on Counts I and II rested on the testimony of the agent and a serious question was presented to the trial court as to whether or not the agent had perjured himself, in the trial testimony." Id. at 929. Thus, the court held that, "in view of the closeness of the issue as to Counts I and II, hinging on the credibility of the agent, and in view of the inquiry by the jury, we think a new trial should have been granted on those counts." Id.

Berry relies on Stamps in arguing that "Christensen's testimony was prejudicial not just because [of] the facts that were not properly presented, but also because Christensen was able to avoid the attack on his credibility because of his false

12

statement." Motion at 19. Berry argues that, had Christensen testified that he was the president since March 2002, "he would have to have admitted that for over a year, he ran the business in a manner that could be considered criminal because they needed to use the software. That would have necessarily influenced the value that the jury would place on the software." Motion at 19.

On cross-examination at trial, Christensen incorrectly stated that he was not the president of Fleming's Hawaii division on March 7, 2003. Transcript of Proceedings ("Transcript") (3/2/2006) at 98. However, Christensen did testify that, during the period of infringement from April 1 to June 9, 2003, he was the president of Fleming's Hawaii division and that Fleming continued to use Berry's software program because it made Fleming's operations easier:

> Q [by Berry's counsel]. But on April 1st you were the president of the Hawaii division?
>
> A. Correct.
>
> . . . .
>
> Q. Why not just turn it off it if performs no function, whatsoever? If it's nothing but trouble. . . .
>
> A. Well, it's not that it doesn't do any function, you know. It stores the data we need. So until we get a replacement for that, that's what we're using for the data.
>
> Q. Because you needed it to operate your business at that time; isn't that correct, sir?

13

>     A.   We needed it as far as making it easier to do, yeah.
>
>     Q.   I mean, you could probably survive without it?
>
>     A.   Sure.
>
>     Q.   But it wouldn't be as easy, would it?
>
>     A.   Correct.

Transcript (3/2/2006) at 98-99.  Thus, Berry elicited Christensen's testimony as to why Fleming had continued to use the infringing software after the March 2003 jury verdict and as to the value of Berry's software program to Fleming's operations during the period of infringement.  And unlike in Stamps, the evidence in issue here was not necessarily the matter on which the verdict hinged.  Nor was Christensen the only witness who testified about the value of Berry's software program to Fleming.

　　　　Berry says that, had Christensen testified accurately at trial, "the truth would have shown him to be a willful infringer."  Motion at 4.  But whether Christensen was liable for infringement was not an issue at trial.  Additionally, because, even before trial, Berry had an email evidencing the true date Christensen became president, it cannot be said that the alleged fraud was not "discoverable by due diligence before or during the proceedings."  Casey, 362 F.3d at 1260.  Berry's request for a new trial is denied.

14

    C. This Court's March 9, 2006, Order Denying
      Berry's Motion for Issuance of Permanent
      Injunction.

  In his reply to Fleming's opposition memorandum,[4] Berry asks the court to vacate its March 9, 2006, order denying Berry's motion for permanent injunction and to issue a permanent injunction against Christensen. Reply to Fleming at 15 (citing Ebay, Inc. v. MercExchange, L.L.C., 547 U.S. __, 126 S. Ct. 1837 (2006)). Berry argues that, under Ebay, Inc., "a district court is to apply a strict four part test to determine whether a permanent injunction should issue," but that "the Court did not complete its required application of the four part test because it concluded, based on the evidence presented by the PCT including the false Christensen Declaration, that the PCT and Christensen were not a threat to Mr. Berry." Reply to Fleming at 16. Berry asserts that, "because Christensen made the same false claim in support of the various oppositions to the Motion for Permanent Injunction, continued reliance on Christensen is now clear error." Reply to Fleming at 18. The court declines to vacate its order denying permanent injunction.

  In its order denying permanent injunction, this court noted the four-part test to be applied by a court deciding whether to grant a preliminary injunction:

---

[4] Berry's reply memorandum, due on May 25, 2006, was untimely filed on May 28, 2006.

15

> Traditionally we consider (1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief.

3/9/2006 Order at 2 (quoting <u>Miller v. Cal. Pac. Med. Ctr.</u>, 19 F.3d 449, 456 (9th Cir. 1994)).  This court also noted, "'The standards for a permanent injunction are the same as a preliminary injunction, except the moving party must show actual success on the merits, instead of probable success on the merits.'"  3/9/2006 Order at 2 (quoting <u>Amoco Prod. Co. v. Village of Gambell</u>, 480 U.S. 531, 546 n.12 (1987)).

  For this court to award Berry a permanent injunction against Christensen, Berry must show "actual success on the merits."  <u>See</u> <u>Amoco Prod. Co.</u>, 480 U.S. at 546 n.12.  However, in its summary judgment order, this court concluded that Christensen was not liable for direct, contributory, or vicarious infringement.  <u>See</u> 1/26/2005 Order at 26-42.  Now, on the present motion, the court denies Berry's request to vacate that summary judgment order and to find Christensen liable for any infringement.  Berry does not show that, had he known from the start that Christensen had in fact been president of Fleming's Hawaii division since March 2002, Christensen would have been liable and Berry would have had the required "actual success on the merits."  <u>See</u> <u>Amoco Prod. Co.</u>, 480 U.S. at 546 n.12.

This court's order denying permanent injunction did not rely on Christensen's declaration that he "had been Division President at Fleming Hawaii since March 2003." Declaration of Brian Christensen 1/12/2006 (attached to Fleming's Opp. to Berry's motion for permanent injunction) ¶ 3. Berry's inability to establish a fraud on the court, coupled with the absence of any judicial reliance on Christensen's misstatements, supports denial of Berry's request to vacate the order denying permanent injunction. See In re Intermagnetics Am., Inc., 926 F.2d at 917 (noting that, in addressing a Rule 60(b)(3) motion, the court should focus on "whether the alleged fraud harms the integrity of the judicial process." (citation omitted)); Pumphrey v. K.W. Thompson Tool Co., 62 F.3d at 1131 ("Fraud on the court requires a 'grave miscarriage of justice.'").

IV.    CONCLUSION.

The court denies Berry's Amendment to Motion for New Trial Filed on 3/21/06 or in the Alternative Motion for Reconsideration and Rule 60(b) Relief.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 5, 2006.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**Berry v. Hawaiian Express Service, Inc., et al.**, Civ. No. 03-00385 SOM/LEK;
**ORDER DENYING PLAINTIFF'S AMENDMENT TO MOTION FOR NEW TRIAL FILED ON 3/21/06 OR IN THE ALTERNATIVE MOTION FOR RECONSIDERATION AND RULE 60(b) RELIEF.**