400663v1

KOBAYASHI, SUGITA & GODA
LEX R. SMITH          3485-0
THOMAS H. YEE       7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No. (808) 539-8700
Facsimile No.   (808) 539-8799
Email: lrs@ksglaw.com

Attorneys for Defendants
C&S LOGISTICS OF HAWAII, LLC, C&S
WHOLESALE GROCERS, INC., C&S
ACQUISITIONS LLC; ES3, LLC, and RICHARD
COHEN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | CIVIL NO. CV03-00385 SOM-LEK (Copyright) |
| Plaintiff, | |
| vs. | |
| HAWAIIAN EXPRESS SERVICE, INC., et al., | **DEFENDANTS C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS, LLC, C&S LOGISTICS, LLC, ES3, LLC AND RICHARD COHEN'S; MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 BASED ON PLAINTIFF'S AND HIS COUNSEL'S FRIVOLOUS "MOTION FOR RECUSAL"; EXHIBITS "A"-"C"; DECLARATION OF LEX R. SMITH; CERTIFICATE OF SERVICE** |
| Defendants. | |

MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11
BASED ON THE PLAINTIFF'S AND HIS COUNSEL'S
FRIVOLOUS "MOTION FOR RECUSAL"

Comes now C&S Wholesale Grocers Inc., C&S Acquisition LLC, C&S Logistics LLC, Richard Cohen and ES3 LLC and move for sanctions pursuant to Fed. R. Civ. P. 11 against the Plaintiff Wayne Berry and his counsel, Lynch, Ichida, Thompson, Kim & Hirota.

This motion is based on Fed. R. Civ. P. 11, the attached memorandum, declaration and exhibits and the record and file herein.

DATED: Honolulu, Hawaii, June 6, 2006.

KOBAYASHI, SUGITA & GODA     /s/ Lex R. Smith
                            LEX R. SMITH
                            THOMAS H. YEE
                            Attorneys for Defendants
                            C&S LOGISTICS OF HAWAII,
                            LLC, C&S WHOLESALE
                            GROCERS, INC., C&S
                            ACQUISITIONS LLC; ES3, LLC,
                            and RICHARD COHEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM-LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| vs. | ) MEMORANDUM IN SUPPORT OF |
| | ) MOTION FOR SANCTIONS |
| HAWAIIAN EXPRESS SERVICE, | ) PURSUANT TO FED. R. CIV. P. 11 |
| INC., et al., | ) BASED ON THE PLAINTIFF'S |
| | ) AND HIS COUNSEL'S FRIVOLOUS |
| Defendants. | ) "MOTION FOR RECUSAL" |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS
PURSUANT TO FED. R. CIV. P. 11 BASED ON THE PLAINTIFF'S
AND HIS COUNSEL'S FRIVOLOUS "MOTION FOR RECUSAL"**

## I. INTRODUCTION

Federal Rule of Civil Procedure 11 provides for the imposition of

sanctions when a filing is frivolous, legally unreasonable, or without factual

foundation, or is brought for an improper purpose. Estate of Blue v. County

of Los Angeles, 120 F.3d 982, 985 (9th Cir.1997).  The Plaintiff's Motion

for Recusal is frivolous.  Moreover, it is filed for the improper purpose of harassing the defendants and their counsel.  Sanctions should be awarded.

When the conduct of counsel is at issue, the main focus in determining whether or not to impose Rule 11 sanctions is "what a reasonably competent attorney would believe."  See <u>G.C. and K.B. Investments, Inc.  v.  Wilson</u>, 326 F.3d 1096, 1109 (9th Cir.  2003) ("The 'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district court.").  The Plaintiff's motion to recuse the Magistrate in this case violates the applicable standard many times over.   First, a reasonable lawyer would have known that the motion is frivolous because it is many, many years too late.

Additionally, the motion is frivolous because Plaintiff and his lawyer have been in possession **since 2002** of the information they wrongly claim was concealed from them.  Moreover, the motion is frivolous because the information which is the subject of this motion is clearly not material to any issue in this case.

Finally, the Plaintiff's motion admits on its face that it is filed for an improper purpose.  The Plaintiff's papers admit that the Plaintiff and his counsel have no objection to the Court's impartiality in addressing disputes between the Plaintiff and the defendants.  The Plaintiff and his lawyer have

made this motion for the wrongful (albeit frivolous) purpose of attempting to induce the court to initiate a criminal prosecution of attorney Lex Smith.

For all of these reasons, the Plaintiff's motion is baseless and sanctions should be awarded.

## II. <u>DISCUSSION</u>

### 1. **THIS MOTION IS FRIVOLOUS BECAUSE IT IS UNTIMELY IN THE EXTREME**

The Plaintiff's motion is frivolous because it is far too late. The Court's alleged lack of impartiality[1] is based on something Plaintiff's counsel claims Judge Kobayashi told him in a Rule 16 conference in 2001. Plaintiff cannot seek recusal based on something he has known for more than four years. A recusal motion must be made in a timely fashion. <u>E. & J. Gallo Winery v. Gallo Cattle Co</u>., 967 F.2d 1280, 1295 (9th Cir. 1992). Such motions "should be filed with reasonable promptness after the ground for such a motion is ascertained." <u>Preston v. United States</u>, 923 F.2d 731, 733 (9th Cir.1991).

The Plaintiff's motion grossly violates the law's timeliness requirement because it relies on something Plaintiff was allegedly told more than four years ago. In view of the fact that Plaintiff has violated the

---

[1] The Motion states that it is based on 28 U.S.C. §455(a) which provides for recusal in cases where the Court's impartiality might be questioned. The sole basis on which the plaintiff questions the Court's impartiality is a statement allegedly made by the Court at a Rule 16 conference in 2001.

requirement to file such motions "with reasonable promptness after the ground for such a motion is ascertained", the motion is frivolous and should be sanctioned.

Moreover, the Plaintiff's attorney admits that the delay was deliberate: "I did not object nor did I see any basis for recusal at that time." Now, after more than four years, Plaintiff has decided that it suits his purposes to challenge the Magistrate Judge's impartiality. The authorities cited above confirm that the Plaintiff is precluded from doing so.

**2. THIS MOTION IS FRIVOLOUS BECAUSE THE PLAINTIFF HAS KNOWN SINCE 2002 THAT BRIAN CHRISTENSEN  BECAME HAWAII DIVISION PRESIDENT IN 2002**

The centerpiece of the Plaintiff's motion is the fact that Brian Christensen testified that he became Hawaii Division President in March of 2003, when he should have said March of 2002. Contrary to the Plaintiff's assertion of a grand conspiracy of concealment, the record confirms that Mr. Hogan and Mr. Berry were both told the correct date during Mark Dillon's deposition **in 2002**! In the March 2002 deposition of Mark Dillon, with Timothy Hogan asking the questions and Wayne Berry in attendance, the following testimony was presented:

Q    When was the last time you spoke with Mr. Stussi?

A    I saw him Friday, actually.

Q    You saw him Friday?

A    Yeah.

Q    Is Mr. Stussi still employed at Fleming Kapolei?

A    I'm not sure.

Q    Why do you say that?

MR. SMITH:  Well, I'll just tell you.  The answer's no.

BY MR. HOGAN:

Q    **All right.  Who's the boss out there?**

A    **The boss would be Brian Christensen.**

March 25, 2002 Deposition of Mark Dillon, Page 88-89 (emphasis added)

[Attached hereto as Exhibit "A"].

Several months later, Mr. Hogan obviously remembered this fact when he questioned Mr. Stussi at trial in March of 2003 (again, in Mr. Berry's presence):

Q.  Would you state where are you presently employed, sir?

A.   For Fleming Companies, Inc.

Q.   And you are not presently the Hawaii division president, are you, sir?

A.  No, sir.

Q.  And were you ever the Hawaii division president?

A.  Yes, I was.

Q.  When did you cease being the Hawaii division president?

A.  April of 2002.

Q.  And where do you presently work, sir?

A.  I'm at the Garland, Texas division.

February 28, 2003 trial transcript, page 84-85.  [Attached hereto as Exhibit "B"].

Plaintiff's papers assert that the date is so critically important that Mr. Christensen (and Fleming attorney Lex Smith) could not have forgotten it.[2] The above-quoted transcripts show that the Plaintiff himself and his counsel were told the date and apparently forgot it themselves!   The assertion that anyone deliberately concealed the actual date that Mr. Christensen became division president is patently unsupportable in view of the fact that the date was given to the Plaintiff and his counsel.  The Plaintiff and his counsel were provided with the correct date and apparently forgot it.

---

[2] Actually, plaintiff's statement that "It will be impossible for counsel to deny that he had forgotten" is true. Mr. Smith agrees that he had forgotten.  Apparently Mr. Hogan and Mr. Berry forgot as well.

**3.    THIS MOTION IS FRIVOLOUS BECAUSE THE DATE BRIAN CHRISTENSEN BECAME HAWAII DIVISION PRESIDENT IS IMMATERIAL TO ANY ISSUE IN THIS CASE**

In January of 2005, the Court ruled that the Complaint filed in this lawsuit does not encompass any conduct that occurred before March of 2003.  The Court's January 26, 2005 Order clearly holds that the Plaintiff's claims apply "only to events occurring after acts in issue in the earlier case"[3] and "[i]f Berry wishes to seek damages from Employee Defendants for earlier periods, he must clarify that in yet another amended pleading."[4]

Thus, Brian Christensen's 2002 job title with Fleming is not material to any issue in this case.  The only claims that were ever at issue in this case arose from April 1, 2003 when it was undisputed that Christensen was the Division President.  Because the date is not material, there is no basis for Plaintiff's claim of perjury and this entire matter is frivolous.  U.S. v. Leon-Reyes, 177 F.3d 816 (9th 1999).

Indeed, the record confirms that Mr. Christensen's position and its relevance to the trial were truthfully presented and understood by the jury.  This information regarding the relevant time period was clearly and

---

[3] January 26, 2005 Order at 27.
[4] Id. at 30.  Although the Court's order refers to the "employee defendants" it is clear that the complaint does not state a claim against any other defendant for periods prior to March 2003 as well.  The January 26, 2005 Order expressly recognized that Berry could not sue Fleming for any periods before March of 2006.  The balance of the defendants (C&S) had nothing to do with Fleming Hawaii until sometime after Fleming's bankruptcy was filed in April of 2003.

accurately presented to the jury in response to questioning by Mr. Hogan as

follows:

> Q.  And what was your job in -- let's say April 1st
> 2003?
>
> A.  I was the president of Fleming companies
> Hawaii division.
>
> Q.  And so would it be fair to say that you were the
> boss of the  people that are the employee
> defendants here?
>
> A.  yes.
>
> …
>
> Q.  And isn't it true, sir, that as the head of the
> division, you could have just told them to stop
> using it as of April 1st?
>
> A. Yes.
>
> Q.  And did you ever tell them to stop using it as of
> April 1st:
>
> A.  No.

Trial Transcript March 1, 2006, pages 88 to 91.  [Attached as Exhibit "C"].

## 4.    ON ITS FACE THE PLAINTIFF'S MOTION ADMITS THAT IT WAS FILED FOR AN IMPROPER PURPOSE

The Plaintiff's papers repeatedly confirm that the Plaintiff has no

objection to the Court deciding the claims, rights and remedies among

Plaintiff and any of the defendants.  Plaintiff's counsel confirms that in

2001, when he claims he learned of the grounds for recusal:

> "I did not object nor did I see any basis for
> recusal at that time"

Plaintiff's memorandum (page 17) reiterates that the Plaintiff has no

objection to the Magistrate Judge deciding the disputes between the parties

in this case:

> the mere fact that the Court is a close friend of
> counsel does not, in-of-itself, support grounds for
> recusal where the Court was simply reviewing
> papers supporting or opposing position taken by
> one of Mr. Smith's clients, with Mr. Smith acting
> only in the capacity of attorney of record.

Plaintiff admits that he has filed this motion in a misguided attempt to

initiate a criminal prosecution of attorney Lex Smith:

> But in this case, at this juncture … a reasonable
> trier of fact could easily find that Mr. Smith
> engaged in subordination [sic] of perjury,
> bankruptcy fraud not to mention violation of the
> Hawaii Disciplinary Rules.  Whether he did or not
> is not the issue.  This Court should not be the one
> to make the call, one way or the other. …
>
> This Court is under an affirmative obligation to
> make a criminal referral to the United States
> Attorney of the Court's close friend ...
>
> The Court is not tasked with making a final
> determination of the basis for proceeding to
> indictment …

Memorandum in Support of Motion to Recuse, Pages 17-29.

Plaintiff thus admits that he has no concern about the impartiality of Judge Kobayashi in deciding the issues that are properly before her in this case. Rather, Plaintiff's papers admit that he and his counsel have filed this motion for the improper purpose of attempting to gain an advantage in this civil case through the assertion of meritless allegations of criminal responsibility by his opponent's attorney. The motive is improper and warrants imposition of severe sanctions under Rule 11.

## 5. THE AMOUNT OF SANCTIONS SHOULD BE SEVERE

The Plaintiff's motivation to harass is obvious. Sanctions should be sufficient to "deter repetition of such conduct." See Fed R. Civ. P. 11(c)(2). In order to deter the Plaintiff, the Court should impose the maximum possible sanction.

## III. CONCLUSION

It is unethical for a lawyer to attempt to gain advantage in a civil case by alleging crimes against his opponents. Rule 3.4(i), Hawaii Rules of Professional Conduct.[5] The conduct is all the more reprehensible in this

/ / /

---

[5] In re Kasper-Ansermet, 132 F.R.D. 622 (D.N.J. 1990) (it would be unethical for a member of the bar of this court to threaten criminal action to gain an advantage in a civil negotiation, and the lawyer would be subject to appropriate discipline); Matter of Thompson, 416 F.Supp. 991 (S.D.Tex. 1976) ("an attorney's utilization of the criminal process to improve his client's position in a civil matter constitutes an unethical practice").

case where the criminal allegations are utterly frivolous. Severe sanctions

are in order.

     DATED: Honolulu, Hawaii, June 6, 2006.


KOBAYASHI, SUGITA & GODA    */s/ Lex R. Smith*_____
                                            LEX R. SMITH
                                            THOMAS H. YEE
                                            Attorneys for Defendants
                                            C&S LOGISTICS OF HAWAII,
                                            LLC, C&S WHOLESALE
                                            GROCERS, INC., C&S
                                            ACQUISITIONS LLC; ES3, LLC,
                                            and RICHARD COHEN