LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
Email: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>        Plaintiff,<br><br>  vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., a California corporation; et al.<br><br>        Defendants.<br><br>_____ | Civ. No. CV03 00385 SOM-LEK<br>(Copyright)<br><br>**PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO DEFENDANTS C&S WHOLESALE GROCERS, INC., C&S ACQUISITION, LLC, C&S LOGISTICS, LLC, ES3, LLC AND RICHARD COHEN'S MOTION FOR SANCTIONS PURSUANT TO RULE 11**<br><br><br>**Judge:    Honorable Magistrate Judge Leslie Kobayashi** |

**PLAINTIFF WAYNE BERRY'S MEMORANDUM IN OPPOSITION TO DEFENDANTS C&S WHOLESALE GROCERS, INC., C&S ACQUISITION, LLC, C&S LOGISTICS, LLC, ES3, LLC AND RICHARD COHEN'S MOTION FOR SANCTIONS PURSUANT TO RULE 11**

COMES NOW, Plaintiff Wayne Berry ("Plaintiff"), by and through his undersigned counsel, and hereby respectfully submits his Plaintiff Wayne Berry's Memorandum in Opposition to Defendants C&S Wholesale Grocers, Inc., C&S Acquisition, LLC, C&S Logistics, LLC, ES3, LLC and Richard Cohen's Motion for Sanctions Pursuant to Rule 11 filed on 6/6/2006.

**I.    INTRODUCTION.**

Not only does Mr. Berry not concede that the sanctions should issue, he remains firm that the Court must recuse under these circumstances.

**II.    DISCUSSION.**

The Motion makes four points. First, that the recusal motion is untimely. Second, that it was frivolous. Third, that it was filed for an improper purpose. And fourth, that sanctions should be severe. These points shall be addressed separately.

    **A.    Timeliness is Not an Issue because the Motion was Filed Immediately Upon Obtaining Admissible Evidence of the False Testimony.**

The Motion concedes that C&S's counsel has not done anything to correct the damage done by the admitted false testimony. Claiming that Mr. Berry should

have known at the outset, not only of this case, but of the earlier case that the basis for Recusal Motion would eventually arise, the Motion's premise is nonsensical. The grounds for the Recusal Motion did not arise until the false testimony and the strong evidence to support a finding that counsel must have known. That didn't occur until the Employee Reply was filed regarding the fee motion on May 4, 2006. *See* Docket No. 957. The Motion for Recusal was filed on May 10, 2006, less than one week later. (Docket No. 969).

Moreover, the subsequent filing of declarations by both Mr. Smith and Mr. Christensen, where they both falsely claim Christensen was out of the loop on Berry related matters, are more grounds for the Court to consider in determining whether recusal is mandatory. *See* Declaration of Lex Smith filed on May 17, 2006 (Docket No. 975) at ¶ 8 (a copy is attached to the Declaration of Timothy J. Hogan ("Hogan Dec.") as Exhibit "1" and Declaration of Brian Christensen filed on May 17, 2006 (Docket No. 974) at ¶ 8, Hogan Dec. Exhibit "2." If the Court compares these recently filed declarations to the emails that are filed in the Declaration of Timothy J. Hogan in Support of Plaintiff Wayne Berry's Reply to Defendant PCT's and Employee Defendants' Opposition to Plaintiff Wayne Berry's Amended Motion for New Trial Filed on 3/21/06, or in the Alternative, Motion for Reconsideration and Rule 60(b) Relief; Exhibits 1 to 8 at Exhibits 2, 3, and 6, filed

separately under seal (Docket No. 984) and incorporated by this reference, the Court will see that these conflicting sworn statements make additional grounds for the Court to recuse. Moreover, these emails evidence the plan to cause this Court to appoint a discovery master as a device to block critical relevant evidence from discovery.

The one thing that the Rule 11 Motion does not argue is that the mere personal relationship between a judge and counsel is always ground for recusal nor does it argue that it is *never* grounds for recusal. A personal relationship with counsel in a given proceeding can be a reason for recusal as evidenced by the specific inclusion of this factor as a possible grounds for mandatory recusal on the U.S. Courts' Checklist for Financial and Conflicts of Interest (the "Checklist"). *See* Checklist at I-21. Hogan Dec. at Exhibit "3." The Court is requested to take judicial notice of the Checklist that is found on-line at http://www.uscourts.gov/guide/vol2/checklist.pdf .

As proof that the factual predicate evidenced in the Recusal Motion can set the stage for a later (but C&S would argue *untimely*) recusal motion is the Checklist at I-22 where it specifically recognizes this danger lurking in the instant potential conflict as follows:

- Watch out for other sources of disqualification.

>These checklists should help you identify most conflicts.
>
>**However you may be disqualified in the following circumstances, which cannot readily be identified in advance** or recorded in you list:
>
>. . .
>
>(4)  **your impartiality might reasonably be questioned on any other basis (for example, presiding over cases handed by close friends)**.

*See* Checklist at I-22. Hogan Dec. Exhibit "3" (emphasis added).

C&S argues that Mr. Berry's counsel should be sanctioned for being **untimely** while asking the Court to disregard the specific directions of the United States Courts that expressly recognize that this type of required recusal may arise in circumstances **"which cannot readily be identified in advance."** *Id*.

The issue, ignored in the Rule 11 Motion, is what need be done when evidence comes forward of a conflict. The Checklist specifically identifies the current facts as a potential conflict that can arise though not "identified in advance." C&S says the Court should just ignore it because Mr. Berry didn't raise it earlier. Moreover, C&S says, "sanction Berry's counsel for raising it now." The Checklist, however, recognizes that the Court "may be disqualified" in these same

5

circumstances.  Plaintiff notes that the Employee defendants, in their Opposition to the Recusal Motion, make the argument that the Court's failure to put such a potential conflict on the record, a fact that is not in dispute, is grounds for initiating a report to the Senate Judiciary Committee.  The instant Rule 11 Motion makes no claim that the facts that were recounted in the Recusal Motion were not, in fact, true.  The fact that C&S's counsel has the gall to file this motion is more proof that recusal is warranted and why the Magistrate Judge should likely avoid all cases where C&S's counsel is involved.

The Motion cites, *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992) for the proposition that a recusal motion must be timely filed.  In *Gallow*, the motion was considered untimely because it was filed **after** the party had received an unfavorable ruling. The instant motion does not seek to upset any orders that have been entered and is on all fours with what *Gallow* would find counsel's conduct appropriate.  It was filed **in advance** of the Court having to make rulings that will necessarily implicate a determination of whether the such improper conduct occurred.  Moreover, *Gallow* makes it clear that there is no magic date and cited authority that 18 months was not too long.  Finally, *Gallow* makes clear that the Motion is unnecessary if the ground for recusal exists because the court **must recuse** whether a motion is on file or not.  Clearly *Gallow* makes no

6

distinction for mandatory recusal in cases where the grounds arises months or even years into the case.

C&S cites *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991) that, like *Gallow*, holds that the Motion "should be filed with reasonable promptness after the grounds for such a motion is ascertained."  Mr. Berry filed the motion just six days after the admission in the Employee Reply to their Fee and Cost Motion gave rise to facts that might implicate Mr. Smith.  This is the first **admissible** evidence of Mr. Christensen's false testimony obtained by Mr. Berry including the two transcripts that are cited in the Motion, neither of which were **admissible** against Christensen.  Until that time, no admissible grounds existed to believe that counsel had permitted the false testimony to stand uncorrected.  More to the point, just because opposing counsel didn't spot it doesn't excuse the false testimony and doesn't excuse C&S's counsel's failure to remedy it.  The declarations filed by Mr. Smith and Mr. Christensen falsely claiming that Mr. Christensen was not involved in any of the Berry related matters and the fact that Counsel forgot who his client was, only points to the need for the Court to recuse.

**B.   C&S Claims the Motion was Frivolous Because Plaintiff Has Known Since 2002 that Brian Christensen Became the Division President in 2002.  It's Absurd to Hold Plaintiff's Counsel to the Same Knowledge as C&S's Counsel.**

The Motion claims that it was understandable that Mr. Smith forgot who his client was because Mr. Berry's counsel forgot that, in a deposition taken years ago, testimony was given that Brian Christensen was the "boss" even though he had been the "boss" of sales for years.  The Rule 11 Motion concedes that the testimony never said he was the "division president" and the person responsible for allowing the infringement to continue for a year prior to the Bankruptcy.

The instant motion is simply meant to divert the Court from the simple fact that Mr. Christensen gave repeated false testimony regarding material facts that any reasonable counsel would have necessarily known were untrue because counsel was sending his bills to him for months.   Moreover, the emails that are in the Hogan Dec. Exhibit 2, 3, and 6, filed under seal, evidence that the claim not to have known what Christensen's job was or that Christensen was out of the loop, was simply false.  The claim that Mr. Berry's counsel knew or if he didn't know this should explain Mr. Smith's inexplicable lack of knowledge is simply absurd. The question is whether the Court can address the Christensen and C&S claim that, despite the admitted false testimony and the possible implication regarding their

counsel, they should be rewarded with fees and costs for their conduct in this case. The issue of the false testimony and the implications that raises for counsel will not go away and remain grounds for mandatory recusal.

>   C.  **The Issue of Materiality is Splitting Hairs: Had Christensen Not Testified Falsely His Liability for Conduct Occurring in 2002 Could Be A Basis to Deny His Motion for Summary Judgment on Contributory Infringement.**

First, the degree to which the testimony was relevant to the case does not change the fact that it was false and counsel must have known. Second, the testimony was material because Mr. Berry was denied the opportunity employ the truth about Christensen's employment to defeat summary judgment. Even though the district court ruled against Mr. Berry on the 60(b) Motion, he was denied the opportunity to make a record on summary judgment. By not permitting Mr. Berry to point to this fact in opposition to Christensen and Fleming's Motions for Summary Judgment, Mr. Berry was relegated to a Rule 60(b) motion reviewed under an abuse of discretion standard. The false testimony and counsel's failure to timely rectify it, resulted in an appellate review by a more difficult standard than summary judgment *de novo* review. That makes it material whether the court granted the 60(b) motion or not. One only wonders what the average person would think if asked whether false testimony is acceptable conduct in federal court. In this case, the issue of materiality is simply not an issue on this record.

In addition, when viewing Christensen's recent false trial testimony there is no way to accept that this was just confusion over a date. When asked specifically what he did in reaction to a critical event here is how he testified:

6   Question by Mr. Hogan:  <u>But I'm talking about - actually, I would like to go</u>

7   <u>back to March 7th, the day after the jury verdict</u>:

8   <u>Why not just walk into the logistics department, as</u>

9   <u>the boss, and say, turn it off.</u> We don't need this, because

10   it's your knowledge and hard work that we make our money with,

11   not this software that's been nothing but trouble.

12   Why not just shut it off?

13   A.   <u>Well, for one thing, I wasn't the president at that time.</u>

14   <u>I became the president after that, the ending of March</u>. When

15   I got on board, it already -- we were already using it.

Transcript of Proceeding Before the Honorable Susan Oki Mollway dated March 2, 2006, at page 98 lines to 15.  Hogan Dec. Exhibit "4" (emphasis added).

At that time, neither the previous trial transcript nor the Dillon deposition transcript were admissible in the trial to impeach Christensen. No reasonable person would conclude that Christensen was not giving knowingly false testimony especially in light of the fact that, contrary to his Declaration, he had been

receiving detailed status updates from Mr. Smith all along.

### D. The Motion was not Filed for an Improper Purpose: The Motion was Filed Because Federal Law Makes this a Mandatory Recusal.

The claim that the Recusal Motion is filed for any purpose other than to address the issues set forth in 28 U.S.C. § 455 is absurd. Under the circumstances, the Motion had to be filed. *See* Hogan Dec. ¶ 5. Were facts to arise to support a claim that counsel for Mr. Berry offered what a reasonable person could find was knowingly false testimony, would anyone doubt that no close friend of his counsel should pass judgment related thereto? The difference is that Mr. Berry's counsel would never have the nerve to file a motion seeking to sanction counsel under such circumstances.

The facts in support of the Recusal Motion were not disputed. The application of the facts to the law are left to the Court. It is clear that the purpose of the instant Rule 11 Motion is deterrence, but not the kind the rules are meant to regulate. The Court should deny the instant Rule 11 Motion and award appropriate relief for the need to respond to what is simply an attempt to deter counsel from representing his client within the bounds of the law.

As to the claim that, by bringing the consequence of Mr. Christensen's conduct to light, counsel is acting in an unethical manner, first, can anyone dispute that Christensen gave false testimony in this proceeding? Second, it is not

whether Mr. Smith is targeted but whether Mr. Christensen's conduct gives rise to grounds for a referral. If that occurs, in light of the emails that rebut any claim that Christensen was out of the loop, can any reasonable person doubt that a proper investigation (not prosecution) of Christensen would necessarily involve Mr. Smith as a witness? It is not Mr. Berry or his counsel who bring what the motion describes as a threat of prosecution, it is federal law that requires that such conduct be properly vetted. According to the Rule 11 Motion, any attorney who drafts a copyright warning is acting unethically because all such warnings threaten criminal prosecution.

There was no threat of prosecution but even if there was, the rules make it clear that a threat of criminal prosecution must be done **<u>solely</u>** to obtain an advantage in a civil matter. If Mr. Smith believes that this DR has been violated then his failure to report it is grounds for discipline. In this case, Mr. Berry's counsel, like the Court, is duty bound to raise the issue of recusal when facts arise in circumstances "which cannot readily be identified in advance." *See* Checklist, Hogan Dec. Exhibit "3" *see also*, Hogan Dec. ¶ 5. In regard to the claim that the instant recusal is sought to give a civil advantage to Mr. Berry, that proposition is repugnant to the concept of equal justice. C&S does not articulate just why it is so certain that it won't get an equally fair hearing before another judge.

In addition, there is no basis to even claim that there will be a criminal prosecution nor is one even threatened. The referral statute is nothing but a gatekeeper function imposed upon the federal judiciary. Moreover, the claim that the conduct must give rise to criminal liability to be relevant to the Recusal Motion is also wrong. The claim that a *civil fraud* has been committed is no less relevant to the issue of fees remaining to be decided. The interests that are protected by the judicial cannons are served by insuring that issues related to this conduct are not clouded by a real or perceived judicial conflict of interest.

### E.     There is No Basis for Imposing any Sanction Let Alone a Severe One.

First, Mr. Berry does not believe that the Rule 11 Motion or even the Fee Motions are properly referred to the Magistrate Judge and respectfully does not consent. While the Court of Appeals for the Ninth Circuit, in what a appears to be a minority view, has held that, where properly referred "pre-trial" matters result in Rule 11 sanctions, under Fed. R. Civ. P. 72, the Magistrate Judge has jurisdiction to make the Rule 11 ruling as a non-dispositive matter. *See Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747 (9th Cir. 1990). The present circumstances, the Motion is clearly "post-trial" and therefore outside of Rule 72 and as such, dispositive. Similarly, 28 U.S.C. § 28 U.S.C. § 636 does not appear to include the Rule 11 Motion. Likewise, the Fee Motions requiring the court to determine,

"prevailing party" is likely outside the Magistrate Judge's jurisdiction.

Sanctions based on a frivolous filing are limited to situations where a motion is baseless or lacking in plausibility. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987) (subjective intent can't form basis for Rule 11 sanctions). Rather than address the facts that were presented either confirming or denying the support presented by Mr. Berry in his motion, the tactic taken by C&S is to seek to impose severe sanctions for simply telling the truth. The message is clear, keep yourself well within the limits allowed by C&S's counsel when litigating with him, or else. Where its is clearly established that three times false testimony was given and each time counsel **must have known** it was false, a close personal friend should not be left to make determinations related to such a record. It's that simple.

Moreover, because the Rule 11 Motion did not articulate the requested sanction, nor did it even identify the party sought to be sanctioned but targeting at the entire firm, at this stage in the litigation, it is not possible for the Court to address the requested relief either from a jurisdictional perspective or from a practical perspective of whom to blame. Because Mr. Berry remains firm that the Recusal Motion must be granted, the instant Rule 11 Motion is nothing but frustrated venting by C&S and its counsel and the Court should simply disregard it

and recuse.

### F. The Court Must Provide A Hearing.

Should the Court entertain any of the relief sought in the Rule 11 Motion, Mr. Berry asks that he be given a hearing on the matter:

> The record before us contains no indication that the district court notified *Codispoti* or her attorneys of its intention to sanction them, or offered them an opportunity to explain their allegedly improper motion. Accordingly, we vacate the sanction.

*Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 869-870 (9th Cir. 1995); *see also In re Ames Dep't Stores*, 76 F.3d 66,71 (2d Cir. 1996)(due process requires notice and opportunity to be heard before imposing sanctions).

### III. CONCLUSION.

For the reasons stated, the Motion should be denied.

DATED: Honolulu, Hawai'i, June 21, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY