# Exhibit 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen,<br><br>  Plaintiff,<br><br>   v.<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., et al.<br><br>  Defendants. | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>DECLARATION OF BRIAN<br>CHRISTENSEN |

## DECLARATION OF BRIAN CHRISTENSEN

I, BRIAN CHRISTENSEN, hereby declare as follows:

1. I have personal knowledge of the facts stated in this Declaration and if called as a witness in this action, I could and would testify to all matters set forth herein of my own knowledge.

2. I am a named Defendant in this case.

3. I am the President of C&S Wholesale Grocers, Inc.'s Hawaii Division in Kapolei, Hawaii ("C&S"). In that capacity, I am responsible for overseeing all operations here in Hawaii. I am a salaried employee and have never received any additional compensation in my capacity as President of C&S or for the development of any computer software for C&S.

4.  Prior to my employment with C&S, I was employed by Fleming's Hawaii Division in Kapolei, Hawaii ("Fleming"). I first started with Fleming in January, 1991 as a Retail Sales Counselor. In 1993, I was promoted to Sales Manager. I then became President of Fleming in March, 2002.

5.  Aside from the compensation adjustments related to the new positions I held and the normal merit increases I received annually, I have never received any special or additional compensation or bonuses related to Plaintiff's software or the development of any computer software for Fleming while employed at Fleming.

6.  I testified in my deposition and at trial in this matter that I became President of Fleming in March, 2003. I did not intentionally or purposely misstate the date I became Fleming's President. I did not scheme to defraud the Plaintiff or the Court. I made an honest mistake.

7.  During my December, 2004 deposition, when I was asked when I became President, my mind went first to the month of March. I believed I became President near the end of March, but I deduced it was March of 2003 and not 2002 <u>because I was not involved in any substantive way with Plaintiff's pre-petition lawsuit against Fleming.</u>

8.  <u>Ralph Stussi, Fleming's former President, was the primary contact for all matters related to and concerning</u>

2

Plaintiff's pre-petition suit up through trial and until the verdict was rendered. Mr. Stussi was involved with all decision-making relative to that lawsuit and in fact returned to attend the trial against Fleming. While I assumed the day to day operations of Fleming in March, 2002, I was not a part of and had little or no knowledge of Plaintiff's prior litigation proceedings against Fleming. I acknowledge that as Fleming's President in 2002, I would have likely received invoices from Fleming's local counsel for services rendered in connection with Plaintiff's prior lawsuit. However, I did not recall this at the time of my deposition or at trial in this matter.

9. I was not Fleming's counsel's primary contact on Plaintiff's prior lawsuit. I did not have personal knowledge of the events that lead to Plaintiff bringing the first lawsuit against Fleming. I got involved with Plaintiff's pre-petition lawsuit only after the jury rendered its verdict. I oversaw Fleming's efforts to return to the original, licensed version of Plaintiff's software. I believed that by taking out the changes that were made to Plaintiff's software, we would have the original, licensed version and thereby be in compliance with the jury's verdict. I also oversaw Fleming's subsequent abandonment of Plaintiff's software altogether in favor of the Excel Spreadsheets.

10. Finally, I personally have never used Plaintiff's Freight Control System.

I declare under penalty of perjury under the laws of the State of Hawaii that the foregoing is true and correct.

Executed this 17th day of MAY 2006 at Kapolei, Hawaii

BRIAN CHRISTENSEN