# Exhibit
# 3

# CHECKLISTS FOR FINANCIAL AND OTHER CONFLICTS OF INTEREST

The Code of Conduct for United States Judges requires judges to disqualify themselves in proceedings in which they (or a spouse or resident minor child) have financial interests.[1] Judges also are required to recuse themselves when they are disqualified for other reasons, such as personal knowledge of disputed facts, prior service as an attorney or material witness in the matter, and involvement of relatives as parties, attorneys, or witnesses.[2]

The two attached checklists can help you identify potential conflicts of interest requiring recusal. The checklists reflect potential conflicts of interest explicitly mentioned in the Code of Conduct, but you should also avoid other situations in which you may be disqualified because your impartiality might reasonably be questioned.

To avoid conflicts, judges should:

- Be informed. Know about your own financial interests and stay informed about the personal financial interests of a spouse and minor children living with you. Canon 3C(2). You are not required to investigate the interests or activities of other relatives, but if you know of information called for by the checklist, you should include it.

- List conflicts. List disqualifying interests using the two attached checklists.

  *Financial conflicts.* List the following financial interests: (1) an ownership interest, such as common stock, preferred stock, convertible stock, stock options, or a partnership share (but not bonds or government securities)[3] and (2) a relationship as a director, advisor, or other active participant in the affairs of an entity. In compiling the list, it is helpful to review your annual financial disclosure report, but please note that the two lists are not coextensive. Your conflicts list should include currently held assets whereas your disclosure report reflects assets held at year end. In addition, the financial conflicts list should include stock of any value but not bonds, whereas the financial disclosure report lists both stocks and bonds but only if their value exceeds $1000.

  *Other conflicts.* Using the second checklist, list cases, attorneys, or law firms that warrant your disqualification. When making the list, review the cases you handled in other jobs or that were handled by lawyers with

---

[1] Code of Conduct for United States Judges, Canon 3C(1)(c); 28 U.S.C. § 455(b)(4).

[2] Code of Conduct for United States Judges, Canon 3C(1)(a) to (e); 28 U.S.C. § 455(b)(1) to (5).

[3] Shares in mutual funds do not constitute a financial interest in the companies whose stock is held by the mutual fund, unless the judge participates in management of the fund. However, shares in some mutual funds may convey an ownership interest in the mutual fund management company (in which case that company should be included on the conflicts list).

whom you practiced law and list any that might be filed in your court.

- Update the information on your list as needed. This will help you avoid handling cases with conflicts and minimize unnecessary disqualifications. Lists should be dated.

- Compare the list to the docket on a regular basis. This will help you identify situations in which you are required to recuse. The comparison may be done manually or electronically, in chambers or in the clerk's office; conflicts screening software is available to help with this task. At your discretion, copies of the list may be provided to counsel or the parties for their help in identifying potential conflicts.

- Watch for other sources of disqualification. These checklists should help you identify most conflicts. However, you also may be disqualified in the following circumstances, which cannot readily be identified in advance or recorded on your list: (1) you have a personal bias or prejudice concerning a party; (2) you have personal knowledge of disputed evidentiary facts concerning the proceeding; (3) you know that you, your spouse, your third degree relatives,[4] or their spouses have an interest that could be affected substantially by the outcome of the proceeding; or (4) your impartiality might reasonably be questioned on any other basis (for example, presiding over cases handled by close friends).

---

[4]Parent, child, grandparent, grandchild, great grandparent, great grandchild, sister, brother, aunt, uncle, niece, and nephew.

A0-300 (9/99)

# Checklist for Financial Conflicts

This checklist should assist judges in developing a list of all interests that may give rise to a financial conflict of interest. Judges should list each company or organization in which they or the relatives described below have a financial interest or connection. Do not list the amount of any financial interest or identify to whom the interest belongs. These conflicts of interest may not be waived.

**Does the judge:**

1. personally own stock, shares, or some other financial interest in a company?  NO ☐  YES ☐ ⇨  list name of company

2. have an equitable interest (e.g., as a vested beneficiary) in an estate or trust that has a financial interest in a company?  NO ☐  YES ☐ ⇨  list name of company

3. serve as an officer, director, advisor, trustee, or active participant in the affairs of an organization?  NO ☐  YES ☐ ⇨  list name of organization

4. serve as a fiduciary of an estate or trust that has a financial interest in a company?  NO ☐  YES ☐ ⇨  list name of company

**Does the judge's spouse:**

1. personally own stock, shares, or some other financial interest in a company?  NO ☐  YES ☐ ⇨  list name of company

2. have an equitable interest (e.g., as a vested beneficiary) in an estate or trust that has a financial interest in a company?  NO ☐  YES ☐ ⇨  list name of company

3. serve as an officer, director, advisor, trustee, or active participant in the affairs of an organization?  NO ☐  YES ☐ ⇨  list name of organization

**Does the judge's resident minor child:**

1. personally own stock, shares, or some other financial interest in a company?  NO ☐  YES ☐ ⇨  list name of company

2. have an equitable interest (e.g., as a vested beneficiary) in an estate or trust that has a financial interest in a company?  NO ☐  YES ☐ ⇨  list name of company

3. serve as an officer, director, advisor, trustee, or active participant in the affairs of an organization?  NO ☐  YES ☐ ⇨  list name of organization

**Does the judge's third degree relative,[1] the judge's spouse's third degree relative, or the spouse of any of these relatives:**

1. serve as an officer, director, or trustee of an organization?  NO ☐  YES ☐ ⇨  list name of organization

[1]Parent, child, grandparent, grandchild, great grandparent, great grandchild, sister, brother, aunt, uncle, niece, and nephew.

I-23

A0-301 (9/99)

# Checklist for Other Conflicts

This checklist should assist judges in developing a list of certain matters that may give rise to a conflict of interest other than a financial conflict. This checklist does not include all matters that may require recusal but only those that can reasonably be identified in advance and recorded on a list to compare to the court's docket. Judges should include on their lists matters arising from their own activities, the activities of relatives, or the activities of certain attorneys. These conflicts of interest may not be waived.  A judge may not preside over the cases described below.

**Is the judge, the judge's spouse, the judge's third degree relative,[1] the judge's spouse's third degree relative, or the spouse of any of these relatives:**

1. a party in a case?    NO ☐    YES ☐  ⇨  list all such cases that are likely to come before the court

2. likely to be a material witness in a case (to the judge's knowledge)?    NO ☐    YES ☐  ⇨  list all such cases that are likely to come before the court

3. an attorney who is likely to come before the court?    NO ☐    YES ☐  ⇨  list name of attorney

4. an equity partner in a law firm that is likely to come before the court?    NO ☐    YES ☐  ⇨  list name of law firm

**Did the judge:**

1. serve as an attorney in a matter?    NO ☐    YES ☐  ⇨  list all such cases that are likely to come before the court

2. participate in government employment as counsel, advisor, or material witness concerning a matter?    NO ☐    YES ☐  ⇨  list all such cases that are likely to come before the court

**Did an attorney with whom the judge practiced law:**

1. serve as an attorney in a matter during his or her association with the judge?    NO ☐    YES ☐  ⇨  list all such cases that are likely to come before the court

2. serve as a material witness in a matter during his or her association with the judge?    NO ☐    YES ☐  ⇨  list all such cases that are likely to come before the court

[1]Parent, child, grandparent, grandchild, great grandparent, great grandchild, sister, brother, aunt, uncle, niece, and nephew.

I-25

A0-302 (9/99)

# Conflicts List

List here all companies or organizations in which the judge or relative has a financial interest (from the Checklist for Financial Conflicts, form AO-300):

1. _____

2. _____

3. _____

4. _____

5. _____

List here all matters in which the judge has a disqualifying nonfinancial interest (from the Checklist for Other Conflicts, form A0-301):

1. _____

2. _____

3. _____

4. _____

5. _____

List here all attorneys and/or law firms related to the judge (from the Checklist for Other Conflicts, form AO-301) or whose appearance in a matter will otherwise cause the judge to recuse:

1. _____

2. _____

3. _____

4. _____

5. _____

Date: _____