403300v1

KOBAYASHI, SUGITA & GODA
LEX R. SMITH            3485-0
THOMAS H. YEE        7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No. (808) 539-8700
Facsimile No.   (808) 539-8799
Email: lrs@ksglaw.com

Attorneys for Defendants
C&S LOGISTICS OF HAWAII, LLC, C&S
WHOLESALE GROCERS, INC., C&S
ACQUISITIONS LLC; ES3, LLC, and RICHARD
COHEN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>              Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., et al.,<br><br>              Defendants.<br><br>_____ | CIVIL NO. CV03-00385 SOM-LEK (Copyright)<br><br>**DEFENDANTS C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS, LLC, C&S LOGISTICS, LLC, ES3, LLC AND RICHARD COHEN'S; REPLY IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 BASED ON PLAINTIFF'S AND HIS COUNSEL'S FRIVOLOUS "MOTION FOR RECUSAL"; CERTIFICATE OF SERVICE** |

DEFENDANTS C&S WHOLESALE GROCERS, INC.,
C&S ACQUISITIONS, LLC, C&S LOGISTICS, LLC, ES3, LLC
AND RICHARD COHEN'S REPLY IN SUPPORT OF MOTION
FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11
BASED ON PLAINTIFF'S AND HIS  COUNSEL'S
FRIVOLOUS "MOTION FOR RECUSAL"

C&S Wholesale Grocers Inc., C&S Acquisition LLC, C&S Logistics

LLC, ES3 LLC and Richard Cohen ("Movants") submit this Reply in

support of their Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 Based

on Plaintiff's and His Counsel's Frivolous "Motion for Recusal".

The Plaintiff's rantings and ramblings cannot distract from the clear

frivolousness of his motion.

The single, sole, exclusive ground for recusal cited by the Plaintiff is

28 U.S.C. Section 455(a) addressing recusal where the Court's "impartiality

might reasonably be questioned."[1]   Plaintiff's sole ground for questioning

the Court's impartiality is an alleged four year old[2] statement, which

Plaintiff never objected to and which Plaintiff admits he consciously and

deliberately waived![3]  Moreover, on its face, the Plaintiff's motion expressly

admits that plaintiff still lacks any grounds to recuse the Court from deciding

---

[1] 28 U.S.C. 455(a) provides, in its entirety, as follows: "Any justice, judge, or magistrate judge of the
United States shall disqualify himself in any proceeding in which his impartiality might reasonably be
questioned."
[2] Plaintiff claims the Court proclaimed a "close personal friendship" with Lex Smith at the Rule 16
conference "in the prior infringement proceeding."  Presumably plaintiff is referring to Berry v. Fleming,
Civil No. CV 01 00446 SPK LEK which was filed in the summer of 2001.
[3] Plaintiff's counsel's declaration states "I did not object nor did I see any basis for recusal at that time."

any issue pending among any of the parties to this case.[4]  Plaintiff's moving papers further admit that he has filed this motion for the improper purpose of trying to launch a criminal investigation against opposing counsel.[5]  Finally, Plaintiff's claim that Brian Christensen's deposition[6] testimony provides a basis for recusal is frivolous.  A witness's incorrect testimony is no ground to disqualify *the judge*.

In short, a motion could not be more frivolous.  The Plaintiff and his attorney have placed themselves squarely within Rule 11 by recklessly trying to use the Court to baselessly harass and annoy their opponents.  Severe sanctions are in order.

DATED: Honolulu, Hawaii, July 5, 2006.


KOBAYASHI, SUGITA & GODA    */s/ Lex R. Smith*_____
LEX R. SMITH
THOMAS H. YEE
Attorneys for Defendants
C&S LOGISTICS OF HAWAII,
LLC, C&S WHOLESALE
GROCERS, INC., C&S
ACQUISITIONS LLC; ES3, LLC,
and RICHARD COHEN

---

[4] Plaintiff's motion states "the mere fact that the Court is a close friend of counsel does not, in-of-itself, support grounds for recusal where the Court was simply reviewing papers supporting or opposing position taken by one of Mr. Smith's clients, with Mr. Smith acting only in the capacity of attorney of record."  This is exactly the situation regarding every matter pending in this case.

[5] Plaintiff's moving papers (page 18) demand that "the Court must make the criminal referral" of Mr. Smith.

[6] Although Plaintiff devotes many pages of his brief to Mr. Christensen's trial testimony, Plaintiff neglects to mention that Mr. Smith did not attend the trial and was not present for that testimony.