IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| WAYNE BERRY, | ) | CIVIL NO. 03-00385 SOM-LEK |
| Plaintiff, | ) | |
| vs. | ) | |
| HAWAIIAN EXPRESS SERVICE, INC., ET AL., | ) | |
| Defendants. | ) | |

**FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS
C&S WHOLESALE GROCERS INC., C&S ACQUISITION LLC,
C&S LOGISTICS LLC, RICHARD COHEN AND ES3 LLC'S
MOTION FOR SANCTIONS PURSUANT TO
FED. R. CIV. P. 11 BASED ON THE PLAINTIFF'S AND
<u>HIS COUNSEL'S FRIVOLOUS "MOTION FOR RECUSAL"</u>**

Before the Court, pursuant to a referral by United States District Judge Susan Oki Mollway, is Defendants C&S Wholesale Grocers Inc., C&S Acquisition LLC, C&S Logistics LLC, Richard Cohen and ES3 LLC's (collectively "Defendants C&S") Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 Based on the Plaintiff's and His Counsel's Frivolous "Motion for Recusal" ("Sanctions Motion"), filed June 6, 2006. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i. Upon careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that the district court DENY the Motion for the

reasons below.

## BACKGROUND

Plaintiff Wayne Berry ("Plaintiff") filed his Motion for Recusal on May 10, 2006 ("Recusal Motion"). This Court denied the Recusal Motion in an order filed concurrently herewith ("Recusal Order"). In the instant Sanctions Motion, Defendants C&S argue that the Recusal Motion was frivolous and that Plaintiff filed it for the improper purpose of harassing the defendants and their counsel. Defendants C&S therefore ask the Court to impose the harshest sanction possible under Rule 11 of the Federal Rules of Civil Procedure. Plaintiff filed his memorandum in opposition to the Sanctions Motion on June 21, 2006. The arguments the parties raise are similar to the arguments this Court addressed in the Recusal Order and the Court need not repeat them here.

## DISCUSSION

Rule 11 provides, in pertinent part:

(b) Representations to Court.  By presenting to
the court (whether by signing, filing, submitting,
or later advocating) a pleading, written motion,
or other paper, an attorney or unrepresented party
is certifying that to the best of the person's
knowledge, information, and belief, formed after
an inquiry reasonable under the circumstances,--
     (1) it is not being presented for any
improper purpose, such as to harass or to cause
unnecessary delay or needless increase in the cost
of litigation;
     (2) the claims, defenses, and other legal
contentions therein are warranted by existing law
or by a nonfrivolous argument for the extension,

2

>        modification, or reversal of existing law or the
>        establishment of new law;
>            (3) the allegations and other factual
>        contentions have evidentiary support or, if
>        specifically so identified, are likely to have
>        evidentiary support after a reasonable opportunity
>        for further investigation or discovery; and
>            (4) the denials of factual contentions are
>        warranted on the evidence or, if specifically so
>        identified, are reasonably based on a lack of
>        information or belief.
>     (c) Sanctions.  If, after notice and a reasonable
>     opportunity to respond, the court determines that
>     subdivision (b) has been violated, the court may,
>     subject to the conditions stated below, impose an
>     appropriate sanction upon the attorneys, law
>     firms, or parties that have violated subdivision
>     (b) or are responsible for the violation.

Fed. R. Civ. P. 11(b), (c).  As an initial matter, this Court notes that Defendants C&S were required to serve the Sanctions Motion on Plaintiff and allow him twenty-one days thereafter to withdraw or correct the Recusal Motion before filing the Sanctions Motion with the Federal Court.  See Fed. R. Civ. P. 11(c)(1)(A).  Defendants C&S, however, apparently served Plaintiff with the Sanctions Motion when they filed it and therefore did not comply with the requirements of Rule 11(c)(1)(A).[1]  The Court may deny the Sanctions Motion on that

---

[1] Defendants C&S clearly stated in their memorandum in opposition to the Recusal Motion that they believed the Recusal Motion was frivolous and filed for an improper purpose.  Their memorandum also argued that the Court should impose sanctions at the appropriate time. Rule 11(c)(1)(A), however, requires that a motion for Rule 11 sanctions be filed separately from other motions and that the motion for Rule 11 sanctions be served on the party to be sanctioned.  Further, Defendants C&S served and filed their memorandum in opposition to the Recusal Motion on May
(continued...)

basis alone.  See Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005) (noting that the Ninth Circuit strictly enforces Rule 11's safe harbor provision).  For the sake of completeness, however, the Court will address the merits of the Sanctions Motion.

Defendants C&S argue that Rule 11 sanctions are warranted because the Recusal Motion was frivolous and because Plaintiff filed it for an improper purpose.  The Ninth Circuit has stated:

> The standard governing both the "improper purpose" and "frivolous" inquiries is objective.  [T]he subjective intent of the . . . movant to file a meritorious document is of no moment.  The standard is reasonableness.  The 'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district court.

G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003) (citations and quotation marks omitted) (alterations in original).  Although this Court found the Recusal Motion to be without merit, this Court will not go as far to say that a competent attorney could not have filed the Recusal Motion in good faith.  The Court therefore finds that the Recusal Motion was not frivolous.

---

[1](...continued)
17, 2006 and the Sanctions Motion on June 6, 2006, allowing Plaintiff only twenty days after the service of the memorandum in opposition to withdraw or correct the Recusal Motion.  The memorandum in opposition does not satisfy the requirements of Rule 11(c)(1)(A).

Whether Plaintiff filed the Recusal Motion for an improper purpose is a close issue. The Court finds it curious that Plaintiff filed the Recusal Motion days after this Court held a settlement conference regarding attorneys' fees and costs. Plaintiff pointed out Mr. Christensen's erroneous testimony in his memorandum in opposition to the Employees' Fees Motion, which Plaintiff filed on April 20, 2006. Thus, Plaintiff was apparently aware of Mr. Smith's alleged involvement in the purported fraud at that time. Plaintiff, however, did not raise the issue of the potential conflict regarding the Court's relationship with Mr. Smith until after the settlement conference. While it is possible to infer that Plaintiff filed the Recusal Motion because he was dissatisfied with the events of the settlement conference, this Court will not go so far as to find that a competent attorney could not have filed the Recusal Motion for a proper purpose. The Court therefore finds that the circumstances of this case do not warrant Rule 11 sanctions.

## CONCLUSION

On the basis of the foregoing, this Court FINDS AND RECOMMENDS that the district court DENY Defendants C&S's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 Based on the Plaintiff's and His Counsel's Frivolous "Motion for Recusal", filed June 6, 2006.

IT IS SO FOUND AND RECOMMENDED.

DATED at Honolulu, Hawai`i, July 5, 2006.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**WAYNE BERRY V. HAWAIIAN EXPRESS SERVICE, INC., ET AL; CIVIL NO. 03-00385 SOM-LEK; FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS C&S WHOLESALE GROCERS INC., C&S ACQUISITION LLC, C&S LOGISTICS LLC, RICHARD COHEN AND ES3 LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 BASED ON THE PLAINTIFF'S AND HIS COUNSEL'S FRIVOLOUS "MOTION FOR RECUSAL"**