IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| WAYNE BERRY, | ) | CIVIL NO. 03-00385 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF WAYNE BERRY'S MOTION FOR RECUSAL**

      Before the Court is Plaintiff Wayne Berry's ("Plaintiff") Motion for Recusal, filed May 10, 2006 ("Motion"). The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i. Upon careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY DENIES the Motion for the reasons below.

**BACKGROUND**

      The parties are familiar with the facts and procedural history of this case and the Court will only discuss the proceedings that are relevant to the Motion.

      Plaintiff filed the Motion on May 10, 2006, asking this Court to recuse itself from consideration of the pending motions for attorneys fees and costs. One of the pending motions for attorneys' fees and costs was filed by Defendants Mark Dillon,

Teresa Noa, Brian Christensen, Melvin Ponce, Sonia Purdy, Justin Fukumoto, Afredda Waiolama, and Jacqueline Rio (collectively, "Defendant Employees") on March 23, 2006 ("Employees' Fees Motion").  Plaintiff argues that, in the reply in support of the Employees' Fees Motion, Mr. Christensen admitted that his testimony at trial was not truthful.  At trial, Mr. Christensen testified that he became the president of the Hawai`i Division of Defendant Fleming Companies, Inc. ("Defendant Fleming") in March 2003, implying that he was not responsible for Defendant Fleming's infringing use of Plaintiff's software prior to that time.  Plaintiff, however, discovered an email showing that the company announced Mr. Christensen as division president on March 21, 2002.  Plaintiff pointed this out in his opposition to the Employees' Fees Motion.  In Defendant Employees' reply, Mr. Christensen claimed that he simply misstated the date.  Plaintiff also alleges that Mr. Christensen gave the same false testimony at his deposition on December 6, 2004.  Plaintiff argues that Mr. Christensen's false testimony violated state and federal perjury statutes and constituted a bankruptcy fraud.

In Plaintiff's view, Lex Smith, Esq., who represented Defendant Fleming in the prior litigation and who currently represents Defendant Fleming and Defendants C&S Wholesale Grocers Inc., C&S Acquisition LLC, C&S Logistics LLC, Richard Cohen and ES3 LLC's (collectively "Defendants C&S"), should have known

about Mr. Christensen's false testimony and that Mr. Smith's failure to correct his client's false testimony was arguably a violation of federal law.  Plaintiff notes that in Spring 2002, Mr. Smith's law firm sent its bills to Ralph Stussi, Defendant Fleming's division president.  By July 7, 2002, the firm began sending its bills to Mr. Christensen.  Plaintiff argues that this proves that Mr. Smith was aware that Mr. Christensen became division president in 2002 and that he knew Mr. Christensen was giving false testimony at the deposition and at trial.  Mr. Smith therefore had an affirmative duty to correct the false testimony. Plaintiff argues that this Court should recuse itself from consideration of the motions for attorneys' fees and costs because the Court will have to examine Mr. Smith's alleged misconduct and this Court has previously stated that Mr. Smith was a close personal friend.

        Plaintiff acknowledges that the mere fact that the Court has a personal friendship with Mr. Smith does not warrant recusal.  Plaintiff, however, argues that the evidence strongly suggests that Mr. Smith actively participated in Mr. Christensen's false testimony and that Mr. Smith may be guilty of subordination of perjury, bankruptcy fraud, or at least a violation of the Hawai`i Disciplinary Rules.  Plaintiff argues that this Court should not decide those issues because of the Court's friendship with Mr. Smith.

Plaintiff also argues that, if this Court reviews the motions for attorneys' fees and finds that there are reasonable grounds to believe that the alleged conduct occurred, it would have an affirmative obligation to refer Mr. Smith to the United States Attorney for criminal bankruptcy fraud pursuant to 18 U.S.C. § 152.  Plaintiff argues that this Court should recuse itself from considering the motions for attorneys' fees because this Court should not make the determination whether there is sufficient grounds for a referral.

Defendants C&S, Defendant Employees, Defendant Post-Confirmation Trust, and Defendants Guidance Software, Inc. and Michael Gurzi (collectively "Defendants Guidance") (all collectively "Defendants") all filed their respective memoranda in opposition on May 17, 2006.  Insofar as the memoranda raise similar arguments, the Court will refer to them collectively.

Defendants argue that the Recusal Motion is untimely and frivolous because this Court allegedly informed counsel that Mr. Smith was a "close personal friend" in a 2001 scheduling conference[1] and Plaintiff chose not to seek recusal.  Further, Plaintiff has known since 2002 that Mr. Christensen became division president in March 2002 and Plaintiff could have raised

---

[1] Defendant Employees note that Plaintiff's counsel is the only one who remembers such a statement and that Plaintiff did not provide any corroboration of counsel's claim.  In his reply, Plaintiff points out that other defendants did not deny that this Court made such a statement.

4

the issue of Mr. Christensen's erroneous testimony when it occurred.  Defendants also claim that Defendants Guidance produced the email announcement, which Plaintiff alleges alerted him to Mr. Christensen's false testimony, in September 2005.  The billing statements that Plaintiff relies on were also in his possession since the first lawsuit.

        Even assuming that the Recusal Motion is timely, Defendants argue that there are no grounds for recusal because there was no fraud upon the court.  Defendants characterize Mr. Christensen's misstatements about when he became division president, and Mr. Smith's failure to identify the misstatements, as honest mistakes.  Defendants point out that Plaintiff and Plaintiff's counsel must have also forgotten when Mr. Christensen became division president because they did not immediately alert the district court to other testimony which established the correct date.  Further, the date that Mr. Christensen became division president is not relevant to any of the issues in this case.  Defendants allege that Plaintiff filed the Recusal Motion to gain an advantage in this case by injecting meritless allegations of counsel's criminal wrongdoing.

        Defendants also argue that Plaintiff has not identified how he will be prejudiced if the Court does not recuse itself. This Court must make findings and recommendations regarding whether and to what extent any parties are entitled to attorneys'

fees and costs; the Court will not make any findings regarding compensation that Mr. Smith will receive directly.

Plaintiff filed replies to each memorandum in opposition on May 31, 2006.  Plaintiff emphasizes that Defendants do not deny that Mr. Christensen gave false testimony.  Plaintiff argues that Mr. Christensen's false deposition testimony resulted in a favorable summary judgment ruling in 2005 and that, by giving the same false testimony at trial, Mr. Christensen avoided liability for Defendant Fleming's infringement from March 2002 to April 1, 2003.  Plaintiff asserts that he could not have impeached Mr. Christensen with other witnesses' deposition testimony because the depositions would have been inadmissible and because the other depositions did not establish the precise title that Mr. Christensen had in March 2002.

Plaintiff also claims that the Recusal Motion did not become necessary until Mr. Smith refused to correct Mr. Christensen's fraudulent testimony.  Plaintiff argues that he timely filed the Recusal Motion as soon as the official trial transcripts were available because the district court ruled that the parties could not use the rough drafts.  Plaintiff reiterates that the circumstances of this case warrant a criminal referral of Mr. Smith and that the Court should not be allowed to make the decision whether to refer him because he is a personal friend of the Court's.  Plaintiff also argues that other misconduct by

6

Defendants Guidance provides additional support for his claim that a referral is necessary. Finally, Plaintiff points out that Defendants do not argue that they would be prejudiced if this Court grants the Recusal Motion.

## DISCUSSION

### I. Recusal

Plaintiff argues that this Court should recuse itself from consideration of the pending motions for attorneys' fees and costs because Mr. Smith knew that Mr. Christensen gave fraudulent testimony and failed to take corrective action. In Plaintiff's view, it would be improper for this Court to weigh the propriety of Mr. Smith's representation in the context of the motions for attorneys' fees and costs because Mr. Smith is a close personal friend of the Court.

#### A. Alleged Fraud on the Court

Plaintiff alleges that Mr. Christensen committed a fraud on the court by falsely testifying that he did not become the division president until March 2003. Plaintiff raised this allegation in his motion for relief under Federal Rule of Civil Procedure 60(b). The district court denied Plaintiff's motion on June 5, 2006, finding that there was no fraud on the court and that Plaintiff was not prevented from fully and fairly presenting his case. This Court is bound by the district court's ruling. Insofar as the district court has ruled that there was no fraud,

this Court need not consider Plaintiff's fraud allegations in determining whether recusal is warranted.

### B. Friendship with Mr. Smith

The Court has no recollection of the statement Plaintiff attributes to the Court and the Court does not in fact have a close friendship with Mr. Smith. Even assuming, *arguendo*, that Mr. Smith was a personal friend of the Court's, it would not constitute grounds for recusal.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Ninth Circuit employs an objective test in analyzing motions for disqualification under § 455(a): "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Clemens v. United States Dist. Court for the Cent. Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005) (citations and quotation marks omitted). In other words, whether a reasonable person would perceive "a significant risk that the judge will resolve the case on a basis other than the merits." Id. (citations and quotation marks omitted). A reasonable person is a "well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." Id. (citations and quotation marks omitted). Whether disqualification is required

under § 455(a) is a fact-driven inquiry based on the unique circumstances of the case.  See id.

As a general rule, judges are not required to recuse themselves merely because they have a casual relationship with one of the attorneys, or even one of the parties, in a case.  See United States v. Sundrud, 397 F. Supp. 2d 1230, 1233 (C.D. Cal. 2005) (citing cases).  A judge, however, must recuse herself where the level of the personal relationship is such that a reasonable person would question her impartiality.  See id.  That is not the case here.  The Court's personal relationship with Mr. Smith is casual at best.  We have never practiced law together, nor have we engaged in any other business or financial endeavor together.  We do not go to each other's homes, nor do we spend time together at personal social gatherings.  The Court's limited personal relationship with Mr. Smith would not cause it to either favor or disfavor Mr. Smith or his clients.

In addition, in making its findings and recommendations regarding the motions for attorneys' fees and costs, this Court must decide which parties are entitled to fees and costs.  That decision is dictated by the district court's prior dispositive rulings and the jury's verdict.  Any association that the Court has with Mr. Smith will not affect that decision.  Even if the Court concludes that Mr. Smith's clients are entitled to attorneys' fees and costs, the only findings that the Court would

9

have to make with regard to Mr. Smith are whether his requested hourly rate is reasonable and whether the number of hours he spent on the case was reasonable.  The Court is confident that its casual relationship with Mr. Smith will have no effect on its findings.  Further, the issues of Mr. Smith's hourly rate and hours expended are not of such grave importance that this Court should recuse itself to avoid the appearance of impropriety.  This Court therefore finds that recusal is not required in this case.[2]

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Recusal, filed May 10, 2006, is HEREBY DENIED.

IT IS SO ORDERED.

DATED at Honolulu, Hawai`i, July 5, 2006.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**WAYNE BERRY V. HAWAIIAN EXPRESS SERVICE, INC., ET AL; CIVIL NO. 03-00382 SOM-LEK; ORDER DENYING PLAINTIFF WAYNE BERRY'S MOTION FOR RECUSAL**

---

[2] In light of this Court's finding that there are no grounds for recusal, this Court declines to address Defendants' argument that the Motion was untimely.

10