IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

WAYNE BERRY,                        )      CIVIL NO. 03-00385 SOM-LEK
                                    )
            Plaintiff,              )
                                    )
      vs.                           )
                                    )
HAWAIIAN EXPRESS SERVICE,           )
INC., ET AL.,                       )
                                    )
            Defendants.             )
_____     )


**REPORT OF SPECIAL MASTER ON DEFENDANTS GUIDANCE SOFTWARE, INC. AND MICHAEL GURZI'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND DEFENDANTS C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS LLC, ES3, LLC, AND RICHARD COHEN'S MOTION FOR AWARD OF ATTORNEYS' FEES AND FULL COSTS**

Before the Court, pursuant to a designation by United States District Judge Susan Oki Mollway, are Defendants Guidance Software, Inc. and Michael Gurzi's (collectively "Guidance") Motion for Award of Attorneys' Fees and Costs, filed March 30, 2006 ("Guidance Motion"), and Defendants C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions LLC, ES3, LLC, and Richard Cohen's (collectively "C&S") Motion for Award of Attorneys' Fees and Full Costs, filed March 23, 2006 ("C&S Motion").  Guidance requests $86,927.04 in attorney's fees and $9,973.32 in costs, for a total of $96,900.36, and C&S requests $162,330.50 in attorney's fees and $9,949.48 in costs, for a total award of $171,886.24.  In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court of

the District of Hawai`i ("Local Rules"), the Court finds this
matter suitable for disposition without a hearing.  After
reviewing the parties' submissions and the relevant case law, the
Court FINDS and RECOMMENDS that the C&S Motion should be GRANTED
IN PART and DENIED IN PART.  The Court recommends that the
district court award Guidance attorney's fees in the amount of
$47,561.18 and costs in the amount of $4,096.32, for a total
award of $51,657.50.  The Court also FINDS and RECOMMENDS that
the C&S Motion should be GRANTED IN PART and DENIED IN PART.  The
Court recommends that the district court award C&S attorney's
fees in the amount of $84,758.98 and that the district court deny
C&S's request for costs without prejudice.

<u>**BACKGROUND**</u>

The parties and the Court are familiar with the factual
and procedural background of this case.  The Court will only
address the events that are relevant to the motions currently
before the Court.

Defendant Fleming Companies, Inc. ("Fleming") hired
Guidance to provide forensic computer services in connection with
a prior copyright infringement action between Plaintiff Wayne
Berry ("Plaintiff"), Fleming, and other entities.  As part of its
service, Guidance preserved duplicates of Fleming's computer
system for litigation purposes.  On or about July 24, 2003,
Plaintiff's counsel sent Fleming's counsel an e-mail alleging

that the duplication infringed upon Plaintiff's copyrighted work.
Fleming's counsel responded in a July 28, 2003 letter, stating
that the duplication was permissible under the fair use doctrine
of the Copyright Act.  The letter cited Religious Technology
Center v. Wollersheim, 971 F.2d 364 (9th Cir. 1992), and Jartech,
Inc. v. Clancy, 666 F.2d 403 (9th Cir. 1982).  Plaintiff and
Guidance engaged in talks in an attempt to avoid litigation, but
these were unsuccessful.

        Plaintiff filed his Second Amended Verified Complaint
("SAVC") on June 18, 2004.  The SAVC alleged the following claims
against Guidance, C&S, and numerous other defendants: direct
copyright infringement (Count I); contributory and vicarious
copyright infringement (Count II); conspiracy to infringe (Count
III); misappropriation of trade secrets (Count IV); violations of
the Sherman Act (Count V); and Racketeering Influenced and
Corrupt Organization ("RICO") violations (Count VI).  Guidance
and C&S moved for summary judgment on April 20, 2005 and June 2,
2005, respectively.  The district court granted both motions in a
June 27, 2005 order ("Summary Judgment Order").  In ruling that
Guidance's actions constituted fair use, the district court cited
both of the cases in Fleming's counsel's July 28, 2003 letter.

        The case eventually case proceeded to trial against the
remaining defendants: Fleming's Post-Confirmation Trust ("PCT")
and Defendant Employees Mark Dillon, Teresa Noa, Melvin Ponce,

Sonia Purdy, Justin Fukumoto, and Jacqueline Rio.  On March 7, 2006, the jury returned a verdict in favor of Plaintiff against Fleming, Mr. Dillon, and Ms. Noa.  A judgment was issued based on the jury verdict on March 9, 2006 ("March 9 Judgment").  On March 16, 2006, a Second Amended Judgment was issued which addressed all of Plaintiff's claims against all of the defendants.[1]

## I.  __Guidance Motion__

Guidance now seeks its attorney's fees and costs, arguing that, because it prevailed on Plaintiff's copyright infringement claims, it is entitled to an award pursuant to 17 U.S.C. § 505.  Guidance also argues that it is entitled to its taxable costs under 28 U.S.C. § 1920.  Guidance argues that Plaintiff's claims were frivolous and that Plaintiff knew, before he filed the SAVC, that Guidance's use of his software was permissible under the fair use doctrine.  Guidance also argues that an award of attorney's fees and costs would promote the exercise of the fair use doctrine, as well as the purposes of the Copyright Act.  Thus, the four non-exclusive factors identified in Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994), weigh in favor of an award.  Guidance contends that it is entitled to its attorney's fees and costs incurred in defending against all of Plaintiff's claims because they were all related to the copyright

---

[1] The Amended Judgment, also issued on March 16, 2006, erroneously stated that Guidance's Counter-Motion for Summary Judgment had been granted in part and denied in part.

infringement claims.  Guidance argues that the attorney's fees
and costs it incurred were reasonable and necessarily incurred.

Plaintiff filed his memorandum in opposition to the
Guidance Motion on April 27, 2006.  Plaintiff first argues that
the Guidance Motion was untimely because Guidance did not file it
within fourteen days of the March 9 Judgment, as required by
Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.3(a).
Plaintiff argues that the Second Amended Judgment did not change
the deadline to file motions for attorney's fees because it did
not alter the parties' substantive rights.  Plaintiff also argues
that there are no grounds for a modification of the time for
filing because Guidance waived any claim of excusable neglect.

Plaintiff argues that he was prejudiced by this late
filing because, by the time Guidance filed its motion, Plaintiff
had already negotiated settlements with two other defendants.
Plaintiff states that, had he known Guidance was going to move
for attorney's fees and costs, he would have taken a different
approach to those settlement negotiations.  Plaintiff argues that
Guidance's late filing diminished the value of his settlements.

Plaintiff contends that awarding Guidance attorney's
fees would be contrary to the principles behind the Copyright
Act.  He alleges that Guidance has made false statements in this
and other related actions.  He posits that Guidance was only able
to obtain summary judgment because the district court did not

make any inferences from Guidance's conduct and this is hardly a victory for Guidance. He also points out that Guidance is a corporation and to allow it to collect fees from Plaintiff, an individual, would "shock the conscience" and be contrary to the principles in <u>Fogerty</u>. [Plf.'s Guidance Opp. at 17.]

Plaintiff further argues that Guidance was not the prevailing party as to Count I. Plaintiff points out that he was the prevailing party in Count I as to eight defendants and he argues that the district court's ultimate ruling in Guidance's favor on the fair use issue was not "a resounding victory justifying an award of fees." [<u>Id.</u> at 4.] Plaintiff also contends that Guidance is not entitled to fees and costs for Counts III through VI. Count III is a state law claim which does support a claim for attorney's fees. The state misappropriation of trade secrets statute only authorizes an award of attorney's fees upon a showing of bad faith and Plaintiff argues that his claim was well founded. In addition, neither the Sherman Act nor the RICO Act provide for attorney's fees for a prevailing defendant. The RICO claim was based on the state law conspiracy to infringe claim and Guidance therefore is not entitled to fees for the RICO claim. Plaintiff argues that the copyright claims are not related to the claims upon which Guidance arguably prevailed. Plaintiff notes that Guidance has not adjusted its fee request to deduct time spent on unrelated claims.

Plaintiff argues that the <u>Fogerty</u> factors weigh against Guidance.  Plaintiff's copyright claims were not frivolous; he did not bring the claims with an improper motivation; the factual and legal components of his case were objectively reasonable; and there was a need to bring the action based upon considerations of compensation and deterrence.  He argues that the result of the action against Guidance was not a foregone conclusion at the time he filed that action and there was evidence that did not support Guidance's fair use defense.

Finally, Plaintiff contends that amount of attorney's fees Guidance seeks is unreasonable because some of the fees were incurred after the Summary Judgment Order.[2]

Guidance filed its reply on May 11, 2006.  Guidance argues that its motion was timely because it was filed within fourteen days of the Second Amended Judgment.  Guidance argues that the fourteen-day filing period did not run against Guidance after the March 9 Judgment because that judgment did not address the claims against Guidance; it only addressed the jury's verdict.  In contrast, the Second Amended Judgment addressed all of Plaintiff's claims.  Thus, the Second Amended Judgment

---

[2] Plaintiff also argues that Guidance has admitted to committing criminal contempt in <u>Wayne Berry v. Fleming Co., Inc.</u>, CV 01-00446 SPK-LEK.  Plaintiff asks this Court to advise him on how he should proceed in that case in light of this admission. The Court declines to address this matter insofar as it is not relevant to the issues currently before the Court.

resolved a genuine ambiguity and changed a matter of substance. Guidance asserts that the time to file an appeal on the claims against Guidance, as well as the time to file motions for attorney's fees, were triggered by the Second Amended Judgment.

Even assuming, *arguendo*, that the time to file motions for attorney's fees was triggered by the March 9 Judgment, the time was tolled by Plaintiff's Motion to Alter or Amend Second Amended Judgment ("Motion to Alter") and his Renewed Motion for Judgment as a Matter of Law ("Motion for Judgment"), both of which Plaintiff filed on March 21, 2006. Thus, Guidance contends that its motion was timely and it does not need to allege excusable neglect. Further, Guidance also argues that Plaintiff was not prejudiced by the allegedly late filing. Although Plaintiff claims that two of his settlements were prejudiced, Plaintiff was able to settle with Defendant Hawai`i Transfer Company, Ltd. after Guidance filed its motion.

Guidance also reiterated the arguments it raised in the Guidance Motion.

On April 12, 2006, Defendant Foodland Super Market, Ltd. ("Foodland") filed a statement of no position.

## II.  C&S Motion

C&S also seeks its attorney's fees and costs pursuant to § 505 and its taxable costs pursuant to Rule 54(d).  C&S argues that the <u>Fogerty</u> factors support an award of attorney's

fees in its favor.  C&S argues that Plaintiff's claims against them were frivolous and objectively unreasonable.  The only reason Plaintiff named ES3, LLC ("ES3") as a defendant was that it shared a server with C&S.  Plaintiff sued Richard Cohen because, as the owner and principal shareholder of the C&S entities, he must have given his approval for their alleged infringement.  C&S argues that Plaintiff had no basis to sue either ES3 or Mr. Cohen.  C&S argues that Plaintiff's claims against all of them were, at a minimum, objectively unreasonable because he did not identify any protectable element of his work that was infringed.

C&S argues that the instant action was motivated by Plaintiff's long-standing vendetta against Fleming.  C&S cites other litigation initiated by Plaintiff and Plaintiff's deposition testimony that he reported alleged wrongdoing by Fleming to numerous government agencies.  Plaintiff pursued a similar pattern of action against C&S after it acquired Fleming's assets in August 2003.  C&S argues that Plaintiff's actions reflect a desire to harass C&S.  C&S argues that Plaintiff's litigation practices should be deterred by an award of C&S's attorney's fees.  An award would also further the purposes of the Copyright Act because Plaintiff's actions are an abuse of the act and an award should chill such abusive practices.

Plaintiff may claim that C&S is not entitled to an award of attorney's fees because PCT paid C&S's defense costs pursuant to an indemnity agreement. C&S argues that every court that has addressed the issue has held that a prevailing defendant is not prevented from recovering attorney's fees under § 505 merely because a third party paid for its defense.

Plaintiff filed his memorandum in opposition to the C&S Motion on April 20, 2006. Plaintiff argues that, in awarding attorney's fees and costs, courts must treat prevailing plaintiffs and prevailing defendants equally. He argues that he could not have prevailed on his claims of ownership, copyrightability, and infringement, were it not for the fact that he filed a copyright registration for his Freight Control System ("FCS") software. C&S failed to file a copyright registration for the allegedly non-infringing, independently created work that it obtained from Fleming. Plaintiff therefore argues that this Court is without subject matter jurisdiction over the C&S Motion.

As to Count I, Plaintiff asserts that he prevailed against all defendants as to his ownership of FCS and its copyrightability. He argues that C&S cannot be considered the prevailing party because it did not prevail on its affirmative defense that Plaintiff was not the owner of FCS. C&S merely prevailed on its claim that its spreadsheets were not an FCS derivative. C&S, however, did not establish ownership of the

10

spreadsheet work and did not register is allegedly independently created work.  By failing to file a compulsory counterclaim to establish ownership of the spreadsheet work, both C&S and PCT "lost the right to defend a claim brought by Berry that he is the owner of the Spreadsheet program on the grounds that these defendants have waived this claim and are barred under the *Res Judicata* sub-doctrine of claim bar and merger from contesting a claim of ownership."  [Plf.'s C&S Opp. at 10.]  In addition, C&S and Fleming collectively filed a joint answer and Plaintiff argues that his victory against Fleming was "collectively" a victory over C&S as well.  [Id. at 11.]

       Similarly, Plaintiff asserts that he was the prevailing party as to Count II, based on the issues he prevailed on in Count I.  He asserts that he prevailed over Fleming's and C&S's joint denial of vicarious infringement.  Plaintiff's arguments with regard to Counts III, IV, V, and VI are the same as those he raised in opposition to the Guidance Motion.

       Plaintiff also argues that the four Fogerty factors weigh against an award.  He argues that his claims against C&S were not frivolous because he prevailed on the Count I issues of his ownership of FCS and its copyrightability.  All of the other claims against C&S were not related to the Copyright Act.  Plaintiff points out that there is no indication in the district court's dispositive orders that it found Plaintiff's claims to be

frivolous.  He argues that, if this Court finds his claims to be frivolous, the finding would alter the district court's rulings. Plaintiff also argues that the affirmative defenses C&S jointly asserted with Fleming were frivolous.

Plaintiff contends that his use of the Copyright Act to protect his works cannot be construed as acting with improper motivation.  He states that this action was in response to the bankruptcy proceeding instituted by Fleming in Delaware and that he had evidence which pointed to C&S having obtained unlicensed copies of his works.  Plaintiff again argues that C&S's frivolous defenses show that it acted with evil intent and that it should not be awarded fees.

Plaintiff also argues that the factual and legal components of his case were objectively reasonable and that the outcome of his claims against C&S were not pre-ordained when the case was filed.  He argues that it would be unfair to require "the struggling individual developer trying to eek out a living in this state to pay the multi-billion dollar corporate recipient for the replacement for his work . . . ."  [Plf.'s C&S Opp. at 19.]

Assuming, *arguendo*, that C&S is the prevailing party, Plaintiff argues that it is not entitled to attorney's fees and costs because it did not keep contemporaneous time records related to its defense.  C&S has only submitted a split of fees

incurred by PCT.  PCT did not merely pay for C&S's defense, it provided the defense and there are no records establishing what work was performed on behalf of C&S alone.  Further, if C&S is entitled to fees, it should only be awarded fees incurred until the district court granted summary judgment in favor of C&S.

C&S filed its reply on May 4, 2006, largely reiterating the arguments in the C&S Motion.  In addition, C&S argues that Plaintiff's statement that C&S and Fleming "lost the right to defend a claim brought by Berry that he is the owner of the Spreadsheet program[,]" and his belief that he prevailed against C&S, indicate that he will burden C&S with future litigation.  C&S argues that a fee award should deter this practice.

C&S also argues that the law does not require a defendant to register a copyright in order to prevail.  C&S further argues that it has submitted appropriate records of its attorneys' time.  Its submission reflects many time entries devoted to work done solely for C&S.  C&S states that it has omitted time entries reflecting work done solely for Fleming/PCT and that, where counsel performed work that benefitted both C&S and Fleming/PCT, C&S has included one-half of that time.  C&S asserts that this is an equitable way to allocate the charges. C&S argues that, under Ninth Circuit case law, the inability to make an exact apportionment of fees does not mean that they are not entitled to an award of attorney's fees.

On April 12, 2006, Foodland filed a statement of no position.

## **DISCUSSION**

### I.   **Timeliness of the Guidance Motion**

Motions for attorney's fees and costs "must be filed no later than 14 days after entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(B); see also Local Rule LR54.3(a). "Rule 54(a) defines 'judgment' as including 'any order from which an appeal lies' and 'posits a relationship between a judgment and its appealability.' Pavlovich v. Nat'l City Bank, 461 F.3d 832, 836 (6th Cir. 2006) (quoting Castro County, Texas v. Crespin, 101 F.3d 121, 128 (D.C. Cir. 1996)). The time to appeal from a judgment is not tolled every time a district court amends its judgment. "[T]hat period is tolled 'when the lower court changes matters of substance, or resolves a genuine ambiguity' in a prior judgment." United States v. Doe, 374 F.3d 851, 854 (9th Cir. 2004) (quoting FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211 (1952)). Although the Ninth Circuit has not addressed the issue, other courts have applied appealability principles to the determination whether an attorney's fees motion is timely under Rule 54(d)(2)(B). See, e.g., Castro County, Texas v. Crespin, 101 F.3d 121, 128 (D.C. Cir. 1996) (concluding that the order in question did not trigger Rule 54(d)(2)(B)'s fourteen-day filing requirement because the order was not an appealable order).

14

The March 9 Judgment only addressed the rulings in the jury verdict; it did not address the claims against Guidance. The Second Amended Judgment, filed on March 16, 2006, addressed all of the dispositive rulings throughout the case.  It granted summary judgment in favor of Guidance pursuant to the district court's Summary Judgment Order.  Insofar as the Second Amended Judgment addressed claims that the March 9 Judgment did not, it changed matters of substance.  Thus, Rule 54(d)(2)(B)'s fourteen-day period began anew.  Guidance timely filed its motion within fourteen days of the Second Amended Judgment.

Further, even if the Second Amended Judgment did not start a new fourteen-day filing period, the Court would still find the Guidance Motion timely.  The Ninth Circuit has held that a motion for attorney's fees is timely filed if the party files it within fourteen days of the resolution of a motion under Federal Rules of Civil Procedure 50(b), 52(b), or 59.  See Bailey v. County of Riverside, 414 F.3d 1023, 1025 (9th Cir. 2005). Plaintiff filed the Motion to Alter and the Motion for Judgment on March 21, 2006.  The district court denied the Motion to Alter on May 16, 2006 and denied the Motion for Judgment on May 24, 2006.  Thus, Guidance timely filed its motion on March 30, 2006.

II.  **Entitlement to Attorney's Fees**

Guidance and C&S seek attorney's fees pursuant to 17 U.S.C. § 505, which provides:

15

> In any civil action under this title, the court in
> its discretion may allow the recovery of full
> costs by or against any party other than the
> United States or an officer thereof.  Except as
> otherwise provided by this title, the court may
> also award a reasonable attorney's fee to the
> prevailing party as part of the costs.

17 U.S.C. § 505.  Thus, whether to award attorney's fees to a

prevailing party is within the court's discretion; attorney's

fees are not awarded as a matter of course.  See Fogerty v.

Fantasy, Inc., 510 U.S. 517, 533-34 (1994).  Courts must treat

prevailing plaintiffs and prevailing defendants alike in

determining whether to award fees.  See id. at 534.

### A.    Subject Matter Jurisdiction over the C&S Motion

In order to bring a copyright infringement claim, a

plaintiff must have registered or preregistered his copyright.

See 17 U.S.C. § 411(a).  Without a registration, a court cannot

award statutory damages or attorney's fees under the Copyright

Act.  See 17 U.S.C. § 412.  One of C&S's defenses to Count I was

that its spreadsheet system, which Plaintiff alleged was an

illegal derivative of his FCS, was an independently created work.

Plaintiff argues that, because courts must apply the same

standard to prevailing plaintiffs and prevailing defendants, a

defendant claiming to have an original work cannot be considered

a prevailing party unless it registers its work.

Plaintiff's argument is misplaced.  Neither § 411(a)

nor § 412 applies because C&S did not allege that Plaintiff

infringed upon C&S's original work.  This Court therefore rejects Plaintiff's argument that it does not have subject matter jurisdiction to consider the C&S Motion.

**B.    Prevailing Parties**

In the present case, Plaintiff argues that neither Guidance nor C&S is the prevailing party as to Counts I and II because the district court ruled in Plaintiff's favor as to his ownership of FCS and its copyrightability, and because he prevailed before the jury on those counts.  Although the district court found for Plaintiff on the issues of ownership and copyrightability, the district court ultimately found that neither Guidance nor C&S infringed that copyright.  The district court granted summary judgment to Guidance and C&S on all counts. Plaintiff points to no legal authority supporting his proposition that the jury verdict against PCT, Mark Dillon, and Teresa Noa as to Count I and against PCT as to Count II rendered him the prevailing party against all defendants as to those counts.  Cf. Arclightz & Films Pvt. Ltd. v. Video Palace Inc., 303 F. Supp. 2d 356, 364 (S.D.N.Y. 2003) (plaintiff who obtained summary judgment against one group of defendants was not entitled to fees incurred pursuing the action against another group of defendants who the court previously granted summary judgment to).  Guidance and C&S each obtained a total victory on all of Plaintiff's claims.  This Court therefore finds that both Guidance and C&S are prevailing

17

parties for purposes of § 505.

### C.  **Related Claims**

Plaintiff argues that Guidance and C&S are not entitled to attorney's fees related to Counts III, IV, V, and VI because they are not claims under the Copyright Act and attorney's fees are not otherwise available for those claims.  A party that prevails on a claim under the Copyright Act may recover attorney's fees for the copyright claims and any other related claims.  See The Traditional Cat Ass'n, Inc. v. Gilbreath, 340 F.3d 829, 833 (9th Cir. 2003).  The Ninth Circuit has stated that claims are related when they arise from the same course and conduct.  See Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1230 (9th Cir. 1997).  Claims are unrelated when they allege "'distinctly different claims for relief that are based on different facts and legal theories' from the other causes of action in the overall litigation."  Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)); see also Gracie v. Gracie, 217 F.3d 1060, 1069 (9th Cir. 2000) (stating that under the Lanham Act, a prevailing party cannot recover legal fees for non-Lanham Act claims "unless the Lanham Act claims and non-Lanham Act claims are so intertwined that it is impossible to differentiate between work done on claims" (citations, internal quotation marks, and emphasis omitted)).

18

In the present case, Guidance and C&S argue that they are entitled to attorney's fees associated with all of Plaintiff's claims because Counts III, IV, V, and VI are related to the Copyright Act claims. Count III alleged conspiracy to commit copyright infringement. While conspiracy is a separate state law claim, Count III is clearly related to the copyright claims because they are all based on the same course of conduct. Similarly, Count IV, misappropriation of trade secrets, is also based on same conduct alleged in the copyright claims. Count VI, which alleges RICO violations, alleges that some of the defendants formed "an enterprise engaged in interstate commerce and directly and/or indirectly conducted or participated in the conduct of that enterprise through a pattern of racketeering." [SAVC at ¶ 138.] The alleged conduct was the copyright infringement. This Court therefore finds that Counts III, IV, and VI are related to the copyright claims and that, under § 505, Guidance and C&S may recover attorney's fees incurred defending against those claims.

In contrast, the crux of Count V, violation of the Sherman Act, is the allegation that Fleming, Foodland, and other defendants made illegal agreements which enabled Fleming to maintain a monopoly on the wholesale grocery market. Count V does allege that Fleming's illegal use of Plaintiff's FCS furthered the operation of the monopoly. The focus of the claim,

however, is on the monopoly, not the illegal use of Plaintiff's product.  Thus, Count V is based on distinctly different facts and legal theories from the copyright claims and is unrelated to the copyright claims.

The Sherman Act itself does not authorize an award of attorney's fees to a prevailing defendant.  The applicable provision provides:

> Except as provided in subsection (b) of this section, any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States . . . and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

15 U.S.C. § 15(a).  Section 15(a) only provides for an award of attorney's fees to a prevailing plaintiff; a prevailing defendant may not obtain fees incurred in defending against Sherman Act claims.  See, e.g., J.T. Gibbons, Inc. v. Crawford Fitting Co., 790 F.2d 1193, 1194-95 (5th Cir. 1986); Syufy Enters. v. Am. Multicinema, Inc., 602 F. Supp. 1466, 1468 (N.D. Cal. 1983).  This Court therefore finds that Guidance and C&S are not entitled to an award of fees incurred defending against Count V.

Neither Guidance nor C&S apportioned their fee requests to reflect the fees incurred defending against each count.  Having reviewed the Guidance Motion and the C&S Motion, the Court finds that it is impossible to make an exact apportionment of the fees incurred defending against Count V.  The fact that it

difficult to discern what fees should be apportioned to Count V does not relieve this Court of its obligation to attempt to allocate the requested fees to arrive at an award based on the compensable claims.  See Traditional Cat Ass'n, 340 F.3d at 834. If this Court finds that Guidance and C&S should be awarded fees, the Court will make the necessary apportionment based on its knowledge of facts and procedural history of this case.  See id.

D.  **Fogerty Factors**

The United States Supreme Court has stated that, in exercising their discretion to award attorney's fees and costs under the Copyright Act, courts may consider the following nonexclusive factors: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  Fogerty, 510 U.S. at 534 n.19 (citation and quotation marks omitted).  Courts, however, may only consider these factors if they are consistent with the purposes of the Copyright Act.  See id.  The Ninth Circuit has stated that courts should also consider the degree of the moving party's success, see Wall Data Inc. v. Los Angeles County Sheriff's Dep't, 447 F.3d 769, 787 (9th Cir. 2006), and "whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff." Ets-Hokin v. Skyy Spirits, Inc., 323 F.3d 763, 766 (9th Cir.

2003) (citation omitted).

1.   **Guidance**

a.   **Frivolousness & Objective Reasonableness**

The mere fact that Plaintiff's claims against Guidance were unsuccessful does not automatically render them frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989) (failure to state a claim does not require a finding of frivolousness).  The United States Supreme Court has stated that a claim is frivolous if it "lacks an arguable basis either in law or in fact."  Id. at 325.

Before Plaintiff amended his complaint to add Guidance as a defendant, Fleming sent him a letter stating that Guidance's copying of his FCS files was to preserve evidence for litigation purposes and that this was protected by the fair use doctrine. Plaintiff nevertheless pursued his claims, arguing that "the true purpose of the copying was to trick the Delaware Bankruptcy Court to cause it to approve the sale to C&S and trap Mr. Berry in new litigation in Delaware while his software was being transferred to a third party C&S [sic.]"  [Summary Judgment Order at 23-24 (citation and quotation marks omitted).]  The district court granted summary judgment in favor of Guidance, finding that its copying of the FCS files was fair use.  In so ruling, the district court cited two of the same cases Fleming cited in its letter to Plaintiff.  The district court also rejected

22

Plaintiff's claim that Guidance's stated reason for the copying was a mere pretext, noting that Plaintiff provided no evidence of a scheme to deceive the bankruptcy court. Plaintiff also failed to prove that Guidance intentionally induced or encouraged another party to commit direct infringement. This Court therefore finds that Plaintiff's copyright claims against Guidance were without legal and factual basis. Plaintiff's copyright claims against Guidance were frivolous and objectively unreasonable.[3]

### b.   Motivation

This Court also finds that Plaintiff's pursuit of claims against Guidance, in spite of notice that its copying constituted fair use, is a strong indication that he had an improper motivation. Plaintiff had access to counsel who could have easily determined that such claims were without legal and factual basis.

### c.   Compensation and Deterrence

This Court finds that an award of attorney's fees is appropriate to deter frivolous litigation.

---

[3] Plaintiff argues that this Court cannot find that his claims were frivolous because the district court did not make such a finding. The district court, however, did not have occasion to consider the issue whether Plaintiff's claims were frivolous. This Court's finding that Plaintiff's claims were frivolous therefore does not contradict the Summary Judgment Order. Further, the district court will have an opportunity to consider the issue when it reviews this Court's findings and recommendations.

This Court finds that the <u>Fogerty</u> factors weigh in favor of an award of attorney's fees to Guidance.  The application of the <u>Fogerty</u> factors is consistent with the purposes of the Copyright Act.  "The fair use doctrine . . . permits [and requires] courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster."  <u>Campbell v. Acuff-Rose Music, Inc.</u>, 510 U.S. 569, 577 (1994) (citation and quotation marks omitted) (some alterations in original). Copyright litigation is occasionally unavoidable in the creative process and to find that copies made purely for litigation purposes constituted infringement would be too rigid an application.  <u>See</u> 4 Nimmer on Copyright § 13.05[D][2] at 13-230.00 (2006) ("works are customarily reproduced in various types of judicial proceedings . . . and it seems inconceivable that any court would hold such reproduction to constitute infringement either by the government or by the individual parties responsible for offering the work in evidence").  Guidance's successful fair use defense furthered the purposes of the Copyright Act.

### d.   **Other factors**

The Ninth Circuit has stated that courts should also consider the degree of success obtained and whether an award of attorney's fees to a prevailing defendant would have too great a

chilling effect.  Guidance obtained a complete victory over
Plaintiff; the district court ruled in Guidance's favor on all
claims.  Finally, Plaintiff is not an unsophisticated litigant
and the Court finds that an award of attorney's fees to Guidance
would not have too great a chilling effect.

Having considered the factors identified by the Supreme
Court and the Ninth Circuit, this Court finds that Guidance
should be awarded attorney's fees and costs pursuant to § 505.

### 2.  **C&S**

#### a.  **Frivolousness & Objective Unreasonableness**

Plaintiff's only claim against C&S for direct
infringement was based on his allegation that C&S's Excel
spreadsheets were actually a derivative of FCS.  The district
court found that the Excel spreadsheets were not infringing
derivatives of FCS.  Although there were similarities between FCS
and the spreadsheets, Plaintiff did not provide any evidence that
the similarities occurred in protectable elements.

C&S argues that Plaintiff's claims against ES3 and
Richard Cohen were frivolous.  The only alleged connections
between ES3 and C&S Wholesale Grocers, Inc. were a shared web
server and some common personnel and infrastructure.  Plaintiff
argued that ES3 had access to his FCS and, because it is
developer of similar software, this access put him at risk.
[SAVC at ¶ 17.]  Plaintiff alleged that Mr. Cohen was the

principal of the C&S entities and had notice of the entities' infringement of FCS but failed to take action to stop it. Plaintiff alleged that Mr. Cohen chose to allow the infringement to continue for his own financial gain. [Id. at ¶ 18.] In the C&S Motion, C&S argues that Plaintiff's allegations were insufficient to support a claim that ES3 and Mr. Cohen infringed Plaintiff's copyright.

Whether Plaintiff's primary claim that C&S used and distributed an unauthorized derivative of his FCS was frivolous is a close question. The Court does note that the allegations supporting Plaintiff's claims against ES3 and Richard Cohen are very slim, but this Court cannot say that Plaintiff's claims against C&S collectively rose to the level of frivolousness. However, in light of Plaintiff's failure to identify any protectable elements of his work in the Excel spreadsheets and his failure to show that C&S intentionally induced or encouraged others to commit direct infringement, this Court finds that Plaintiff's claims against C&S were objectively unreasonable based on the facts of this case and the applicable law.

### b.  **Motivation**

Plaintiff has been responsible for numerous lawsuits and administrative complaints against Fleming. When C&S purchased Fleming's assets, Plaintiff continued this pattern against C&S. This is a strong indication of an improper motive

for pursuing the instant case against C&S.

### c.  **Compensation and Deterrence**

This Court finds that an award of attorney's fees is appropriate to deter the type of vindictive litigation that Plaintiff has pursued.

On balance, the <u>Fogerty</u> factors weigh in favor of an award of attorney's fees to C&S.  The application of the <u>Fogerty</u> factors is consistent with the purposes of the Copyright Act. Its primary objective "is not to reward the labor of authors, but [t]o promote the Progress of Science and useful Arts.  To this end, copyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work."  <u>Fogerty</u>, 510 U.S. at 527 (citation and quotation marks omitted) (alteration in original). Thus, defendants are encouraged to advance meritorious copyright defenses just as plaintiffs are encouraged to bring meritorious copyright infringement claims.  <u>See</u> <u>id.</u>  Fleming's and C&S's use of a non-infringing spreadsheet system that built upon the ideas conveyed by Plaintiff's FCS should be encouraged.

### d.  **Other factors**

The degree of C&S's success in this case, judgment in its favor on all counts, weighs in favor of an award of attorney's fees.  As noted above, Plaintiff is not an unsophisticated litigant and an award of attorney's fees to C&S

27

would not have too great a chilling effect.

Having considered the factors identified by the Supreme Court and the Ninth Circuit, this Court finds that C&S should be awarded attorney's fees and costs pursuant to § 505.

## III. **Calculation of Attorney's Fees**

In <u>Fogerty</u>, the Supreme Court stated that courts should be guided by the principles set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983).  <u>See</u> 510 U.S. at 534.  In <u>Hensley</u>, the Supreme Court approved the "lodestar" method in which a court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  461 U.S. at 433.  The court must then decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  <u>See</u> <u>Fischer v. SJB–P.D., Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000).

The factors the Ninth Circuit articulated in <u>Kerr</u> are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional

relationship with the client, and (12) awards in similar cases.

_Kerr_, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  _See_ _Morales v. City of San Rafael_, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending _City of Burlington v. Dague_, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. _See_ _Davis v. City & County of San Francisco_, 976 F.2d 1536, 1549 (9th Cir. 1992), _vacated in part on other grounds_, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  _See_ _Pennsylvania v. Delaware Valley Citizens' Council for Clean Air_, 483 U.S. 711, 728 (1987); _see also_ _Fischer_, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Guidance requests the following lodestar amount for work performed in connection with this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Margery Bronster | 43.8 | $350 | $15,330.00 |
| John Hoshibata | 3.6 | $190 | $   684.00 |
| Alan Burdick | 11.9 | $200 | $ 2,380.00 |
| Rex Fujichaku | 317.6 | $200 | $63,380.00 |
| Janis Fenton | 2.6 | $125 | $   325.00 |
| Johnnette Napoleon | 15.9 | $ 85 | $ 1,351.50 |
| | | Subtotal | $83,450.50 |

29

```
            Hawai`i General Excise Tax (4.166%)      $ 3,476.54

                                      Total     $86,927.04
```

[Exh. B to Guidance Motion.]  Ms. Bronster is a partner in the firm of Bronster Crabtree & Hoshibata and has been practicing law since 1983.  Mr. Hoshibata is also a partner and he has been practicing since 1982.  Mr. Fujichaku and Mr. Burdick are associates who have been practicing since 1998 and 1982, respectively.  [Guidance Motion, Decl. of Margery S. Bronster at ¶¶ 7-10.]  Ms. Fenton and Ms. Napoleon are paralegals.  [Id. at ¶¶ 12-13.]

C&S requests the following lodestar amount for work performed in connection with this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lex Smith | 541.85 | $200 | $108,370.00 |
| Thomas Yee | 11.80 | $150 | $  1,770.00 |
| Anne Lopez | 335.52 | $120 | $ 40,262.40 |
| Ann Teranishi | 22.15 | $120 | $  2,658.00 |
| Jesse Schiel | 2.65 | $120 | $    318.00 |
| MAK | 2.75 | $100 | $    275.00 |
| J. Garrett Karr | 6.00 | $ 70 | $    420.00 |
| JSL | 39.625 | $ 35 | $  1,386.88 |
| | | Subtotal | $155,838.28 |

```
         Hawai`i General Excise Tax (4.166%)     $  6,492.22

                                      Total     $162,330.50
```

30

[Exh. D to Decl. of Lex R. Smith in Supp. of C&S Motion ("Smith Decl.").] Mr. Smith is a partner at Kobayashi, Sugita & Goda and has been practicing law since 1983. Ms. Teranishi and Ms. Lopez were associates who have practicing since 1999 and 2002, respectively. Mr. Yee is an associate who has also been practicing since 1999. [Smith Decl. at ¶¶ 10-13.] J. Garrett Karr is a paralegal. [Id. at ¶ 15.] According to the firm's website, Mr. Schiel is an associate. He was admitted to the bar in 2003. The Court is unable to determine who "MAK" is and will therefore disallow time billed by MAK. Based on the hourly rate and the nature of the tasks performed, "JSL" appears to be clerical personnel. The Court will disallow all time billed by JSL because work that is clerical in nature should be subsumed by a law firm's overhead.

## A.  **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). It is the burden of the fee applicant to

produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  <u>See</u> <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987). Counsel must submit additional evidence that the rate charged is reasonable.  <u>See</u> <u>id.</u>

  This Court has considered the submissions of the parties, in light of its own knowledge of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation.  With regard to counsel for Guidance, this Court finds that the requested hourly rates of $350 for Ms. Bronster, $200 for Mr. Fujichaku, and $120 for Ms. Fenton are unreasonable.  The Court finds the following hourly rates to be reasonable: Ms. Bronster – $250; Mr. Fujichaku – $150; and Ms. Fenton – $85.  The Court finds the requested hourly rates of $190 for Mr. Hoshibata, $200 for Mr. Burdick, and $85 for Ms. Napoleon to be manifestly reasonable.

  With regard to counsel for C&S, the Court finds the requested hourly rates of $200 for Mr. Smith, $150 for Mr. Yee, $120 for Ms. Lopez, Ms. Teranishi, and Mr. Schiel, and $70 for Mr. Karr to be manifestly reasonable.

**B. <u>Hours Reasonably Expended</u>**

  Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees

and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

### 1.  **Guidance**

Plaintiff argues that Guidance is not entitled to attorney's fees for work performed after the district court granted summary judgment in its favor.  The district court issued the Summary Judgment Order on Jun 27, 2005.  On July 12, 2005, Plaintiff filed a motion for reconsideration of the Summary Judgment Order, which the district court denied on August 10, 2005.  Guidance was also involved in a discovery dispute with Plaintiff.  Plaintiff filed a Motion for Order to Show Cause Why Guidance Software, Inc. Shall Not be Held in Contempt for Failure

to Produce the Full 4.6 Gigabyte Unallocated Cluster as Ordered
on October 26, 2005.  This Court denied that motion on December
14, 2005.  Thus, Guidance was still involved in proceedings in
this case after the issuance of the Summary Judgment Order.  The
Court, however, will not award the full amount of requested fees
for work performed with relation to proceedings that Guidance was
not involved in, such as counsel's review of motions in liminie,
trial briefs, voir dire, etc.  Some review of these matters was
appropriate, insofar as they raised issues specifically related
to Guidance.  The Court will therefore deduct 0.5 hours from
Ms. Bronster's time, 8.0 hours from Mr. Fujichaku's time, and 1.0
hours from Ms. Napoleon's time.

        This Court finds that there are substantial duplicative
entries by Ms. Bronster and Mr. Fujichaku, and will therefore
deduct 5.0 hours from both of their totals.  This Court also
finds that the majority of Ms. Napoleon's time was spent on tasks
that were clerical in nature, such as calendaring.  Such time
should be subsumed in the firm's overhead.  This Court will
therefore deduct 10.0 hours from Ms. Napoleon's time.

        The Court notes that a significant number of the hours
expended by Ms. Bronster and Mr. Fujichaku is recorded in the
"block billing" style.  "The term 'block billing' refers to the
time-keeping method by which each lawyer and legal assistant
enters the total daily time spent working on a case, rather than

34

itemizing the time expended on specific tasks." Robinson v. City
of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations
and quotation marks omitted).  Block billing entries generally
fail to specify a breakdown of the time spent on each task.  This
practice makes it difficult to determine whether counsel spent a
reasonable amount of time on a particular task.  This Court will
therefore reduce Ms. Bronster's and Mr. Fujichaku's hours by
approximately five percent to account for the fact that their
block billing prevents this Court from determining whether the
hours expended were reasonable.  This Court will deduct 3.0 hours
from Ms. Bronster's time and 30.0 hours from Mr. Fujichaku's.

　　　　The Court finds the remainder of the hours to be
necessary and reasonably expended in this case.

　　　　**2.　　C&S**

　　　　Plaintiff argues that the Court should not award C&S
fees because counsel failed to keep contemporaneous time records
of fees incurred in its representation and because Fleming
provided the defense for C&S.  First, the lack of contemporaneous
time records alone does not automatically preclude a fee award.
See Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545,
1557 (9th Cir. 1989) ("The lack of contemporaneous records does
not justify an automatic reduction in the hours claimed, but such
hours should be credited only if reasonable under the
circumstances and supported by other evidence such as testimony

or secondary documentation." (citing <u>Johnson v. University</u> <u>College</u>, 706 F.2d 1205, 1207 (11th Cir. 1983))). C&S stated in its reply that the records submitted include some time entries reflecting work done solely for C&S. C&S acknowledges that at times counsel performed work solely for Fleming/PCT, but C&S states that none of that time is reflected in the C&S Motion. Where counsel's work was done on behalf of both C&S and Fleming/PCT, C&S included one-half of that time in its request. The time records C&S submitted are thorough and detailed. This Court has compared the records with those in PCT's motion for attorney's fees and there are significant differences in the two requests. C&S has not merely submitted one-half of Fleming's fees. The Court therefore finds that C&S has submitted sufficient time records and that the allocation of fees attributable to both C&S and Fleming/PCT is fair and equitable. Further, the fact that Fleming/PCT provided the defense for C&S does not preclude an award of attorney's fees to C&S. The fact that C&S may have to use any award of attorney's fees to reimburse Fleming/PCT does not mean that C&S is not entitled to the award in the first place.

As with Guidance, Plaintiff also argues that C&S is not entitled to attorney's fees after the district court granted summary judgment in its favor. After the district court issued the Summary Judgment Order, Plaintiff filed the July 12, 2005

motion for reconsideration.  On October 26, 2005, Plaintiff filed
a motion for a permanent injunction requiring the return of all
copies of FCS and Plaintiff filed another motion for
reconsideration of the Summary Judgment Order on February 10,
2006.  In addition, PCT filed a motion in liminie that addressed
evidence relating to C&S.  The time entries after the district
court granted summary judgment in C&S's favor are all related to
these proceedings.  This Court therefore rejects Plaintiff's
argument that all time after the Summary Judgment Order should be
disallowed.

This Court, however, finds that hours expended by
Mr. Smith and Ms. Lopez were excessive.[4]  The Court will reduce
Mr. Smith's hours by 200.00 and Ms. Lopez's hours by 150.00.  The
Court also finds that some of the time expended by Mr. Karr was
clerical in nature.  For example, he billed for transporting
binders to the courthouse, and setting them up in the courtroom,
for the summary judgment hearing.  The Court will therefore
reduce his hours by 1.0.  The Court finds the remainder of the
hours to be necessarily and reasonably expended in this case.

---

[4] This Court notes that counsel for C&S also recorded some
block billing, but not to the extent recorded by counsel for
Guidance.  This Court was able to determine whether the amount of
time C&S's counsel expended was reasonably expended and therefore
declines to reduce counsel's hours for block billing.

C.    **Total Award**

1.    **Guidance**

Based on the foregoing, this Court finds that Guidance has established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Margery Bronster | 35.3 | $250 | $ 8,825.00 |
| John Hoshibata | 3.6 | $190 | $   684.00 |
| Alan Burdick | 11.9 | $200 | $ 2,380.00 |
| Rex Fujichaku | 274.6 | $150 | $41,190.00 |
| Janis Fenton | 2.6 | $ 85 | $   221.00 |
| Johnnette Napoleon | 4.9 | $ 85 | $   416.50 |
| | | Total | $53,716.50 |
| | Hawai`i General Excise Tax (4.166%) | | $ 2,237.83 |
| | TOTAL LODESTAR | | **$55,954.33** |

The Court finds it unnecessary to adjust the lodestar amount based on the <u>Kerr</u> factors.

The Court, however, must adjust the award to account for attorney's fees incurred in the defense against Count V. Based on this Court's knowledge of the case, this Court finds that fifteen percent is a reasonable allocation of fees incurred in connection with Count V.  The Court therefore RECOMMENDS that Guidance's request for attorney's fees be GRANTED IN PART AND DENIED IN PART and that the district court award Guidance

$47,561.18 in attorney's fees.

     2.   **<u>C&S</u>**

     Based on the foregoing, this Court finds that C&S has established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lex Smith | 341.85 | $200 | $68,370.00 |
| Thomas Yee | 11.80 | $150 | $ 1,770.00 |
| Anne Lopez | 185.52 | $120 | $22,262.40 |
| Ann Teranishi | 22.15 | $120 | $ 2,658.00 |
| Jesse Schiel | 2.65 | $120 | $   318.00 |
| J. Garrett Karr | 5.00 | $ 70 | <u>$   350.00</u> |
| | | Subtotal | $95,728.40 |
| | Hawai`i General Excise Tax (4.166%) | | <u>$ 3,988.05</u> |
| | | **Total** | **<u>$99,716.45</u>** |

The Court finds it unnecessary to adjust the lodestar amount based on the <u>Kerr</u> factors.

     The Court, however, must adjust the award to account for attorney's fees incurred in the defense against Count V. Based on this Court's knowledge of the case, this Court finds that fifteen percent is a reasonable allocation of fees incurred in connection with Count V. The Court therefore RECOMMENDS that C&S's request for attorney's fees be GRANTED IN PART AND DENIED IN PART and that the district court award C&S $84,758.98 in

39

attorney's fees.

## IV.  Costs

### A.  Non-taxable Costs

Section 505 provides, in pertinent part, that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof."  17 U.S.C. § 505.  As with the attorney's fees, this Court must allocate the non-taxable costs attributable to the copyright claims and related claims.  See Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 884 (9th Cir. 2005), cert. denied, 126 S. Ct. 2932 (2006).  The Court may therefore award non-taxable costs incurred in connection with Counts I, II, III, IV, and VI.

#### 1.  Guidance

Guidance requests $1,077.88 in non-taxable costs consisting of the following:

| | |
|---|---:|
| Online legal research | $  851.39 |
| Courier deliveries | $  145.83 |
| Staff overtime (with tax) | $   57.74 |
| Parking fees (with tax) | $   22.92 |
| **Total** | **$1,077.88** |

[Exh. D-1 to Decl. of Rex Y. Fujichaku (4/13/06).]

Computer assisted legal research fees are recoverable as "out-of-pocket litigation expenses reimbursable as part of (or

'incidental to') an award of attorneys' fees under some provision or authority other than § 1920." <u>Aloha Tower Assocs. Piers 7, 8 & 9, Ltd. P'ship v. Millennium Aloha, Inc.</u>, 938 F. Supp. 646, 650 (D. Hawai`i 1996) (citations omitted). Computer assisted research fees are expenses that are normally incurred in the course of litigation and routinely billed to fee-paying clients. Thus, they are recoverable as "full costs" under § 505. This Court finds that counsel's billing statements submitted with the Guidance Motion adequately document the online research fees incurred by counsel. This Court finds that the online legal research fees are compensable, but they must be reduced by fifteen percent to account for non-copyright related costs.

Counsel's billing statement dated February 1, 2005 states that the firm incurred $145.83 in courier expenses, but the Court is unable to determine what the firm had delivered. The May 1, 2005 statement reflects $55.43 in staff overtime, but this is type of expense that should be subsumed in a firm's overhead. The July 1, 2005 statement reflects $22.00 in parking fees, but it does not state why counsel incurred those expenses. Without further information, this Court must find that this is also the type of expense that should be subsumed in the firm's overhead. Ths Court finds that Guidance's expenses for courier delivery, staff overtime, and parking fees, should be disallowed.

This Court RECOMMENDS that Guidance's request for non-taxable costs be GRANTED IN PART and DENIED IN PART. The Court recommends that the district court award Guidance $723.68 for online legal research.

### 2. C&S

C&S requests $6,951.66 in non-taxable costs. [Exh. E to Smith Decl.] C&S merely submitted a list of its actual expenditures in chronological order. C&S did not include a summary of its costs, nor did it include any supporting documentation. Further, many of the cost items have insufficient descriptions. For example, there are charges that merely state "On-line Services – Westlaw", or "Postage" or "Telephone Expense – Long distance charges". Without further information, this Court cannot determine whether the costs can fairly be considered "full costs" in this action. This Court therefore FINDS and RECOMMENDS that the district court DENY C&S's request for non-taxable costs without prejudice.

### B. Taxable Costs

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d)(1). A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those

enumerated in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T.

Gibbons, Inc., 482 U.S. 437, 441–42 (1987), superseded on other

grounds, 42 U.S.C. § 1988(c).  "Courts, however, are free to

construe the meaning and scope of the items enumerated as taxable

costs in § 1920."  Frederick v. City of Portland, 162 F.R.D. 139,

142 (D. Or. 1995) (citing Alflex Corp. v. Underwriters Lab.,

Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)).  Costs

enumerated in § 1920 include the following:

> 1.  Fees of the clerk and marshal;
> 2.  Fees of the court reporter for all or any
>     part of the stenographic transcript
>     necessarily obtained for use in the case;
> 3.  Fees and disbursements for printing and
>     witnesses;
> 4.  Fees for exemplification and copies of papers
>     necessarily obtained for use in the case;
> 5.  Docket fees under section 1923 of this title;
> 6.  Compensation of court appointed experts,
>     compensation of interpreters, and salaries,
>     fees, expenses, and costs of special
>     interpretation services under section 1828 of
>     this title.

28 U.S.C. § 1920.

> **1.  Guidance**

Guidance requests $8,895.44 in taxable costs consisting

of the following:

| | |
|---|---|
| Fees of the Clerk | $   450.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $    12.97 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | $5,509.83 |

```
        Discovery Master fees                        $2,922.64
```

                            **Total        $8,895.44**

[Exh. C-1 to Decl. of Rex Y. Fujichaku (4/13/06).]  The fees of
the clerk represent pro hac vice filing fees for Victor
Linomgelli and John Patzakis.  [Exh. B to Guidance Motion.]
Guidance also included an itemization of the work performed by
the discovery master.  [Exh. D to Guidance Motion.]  The district
court has discretion to tax the fees of a special master.  See
Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc., 260 F.3d
1054, 1061 (9th Cir. 2001).  The Court finds the clerk's fees and
discovery master's fees to be reasonable and necessarily incurred
in this case.

        The court reporter fees are for a transcript of a
January 30, 2006 status conference.  [Exh. C-1 to Decl. of Rex Y.
Fujichaku (4/13/06).]  At the status conference, Plaintiff, PCT,
and Employees addressed the discovery dispute regarding files
that Guidance allegedly failed to produce.  It is not readily
apparent, however, that this transcript was necessary for
Guidance's use in the case.  See 28 U.S.C. § 1920(2).

        Guidance has only provided the total copying costs in
each monthly bill to Guidance.  The Local Rules provide that:

>           The cost of copies necessarily obtained for use in
>           the case is taxable provided the party seeking
>           recovery submits an affidavit describing the
>           documents copied, the number of pages copied, the
>           cost per page, and the use of or intended purpose
>           for the items copied.  The practice of this court

44

> is to allow taxation of copies at $.15 per page or
> the actual cost charged by commercial copiers,
> provided such charges are reasonable.  The cost of
> copies obtained for the use and/or convenience of
> the party seeking recovery and its counsel is not
> allowable.

Local Rule LR54.2(f)4.  Guidance did not provide the necessary

information and the Court cannot determine whether the copies

made were necessary for use in the case or were for Guidance's

convenience.  This Court therefore RECOMMENDS that Guidance's

request for taxable costs be GRANTED IN PART and DENIED IN PART.

This Court recommends that the district court award Guidance

taxable costs as follows:

| | |
|---|---|
| Fees of the Clerk | $  450.00 |
| Discovery Master fees | $2,922.64 |
| **Total** | **$3,372.64** |

This Court recommends that Guidance's request for copying costs

be denied without prejudice.

### 2.    C&S

C&S requests $2,997.82 in taxable costs.  [Exh. C to

Smith Decl.]  Again, C&S failed to submit a summary of its costs

or any supporting documentation.  Further, many of the cost items

have insufficient descriptions.  For example, there are charges

that merely state "Photocopies".  C&S does not state how many

copies were made of what documents, nor does it provide the per

page rate.  This Court cannot review C&S's request for taxable

costs because C&S has not submitted sufficient information.  This

Court therefore FINDS and RECOMMENDS that the district court DENY C&S's request for taxable costs without prejudice.

<u>**CONCLUSION**</u>

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Guidance's Motion for Award of Attorneys' Fees and Costs, filed March 30, 2006, be GRANTED IN PART and DENIED IN PART and that the district court award Guidance attorney's fees in the amount of $47,561.18 and costs in the amount of $4,096.32, for a total award of $51,657.50. The Court recommends that the district court deny Guidance's request for taxable copying costs without prejudice. The Court also FINDS and RECOMMENDS that C&S's Motion for Award of Attorneys' Fees and Full Costs, filed March 23, 2006, be GRANTED IN PART and DENIED IN PART. The Court recommends that the district court award C&S attorney's fees in the amount of $84,758.98 and that the district court deny C&S's request for costs without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, October 25, 2006.



_/S/ Leslie E. Kobayashi_____
Leslie E. Kobayashi
United States Magistrate Judge

**WAYNE BERRY V. HAWAIIAN EXPRESS SERVICE, INC., ET AL; CIVIL NO. 03-00385 SOM-LEK; REPORT OF SPECIAL MASTER ON DEFENDANTS GUIDANCE SOFTWARE, INC. AND MICHAEL GURZI'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND DEFENDANTS C&S LOGISTICS OF HAWAI`I, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS LLC, ES3, LLC, AND RICHARD COHEN'S MOTION FOR AWARD OF ATTORNEYS' FEES AND FULL COSTS**