LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | Civ. No. CV03 00385 SOM-LEK |
| | (Copyright) |
| Plaintiff, | |
| | **PLAINTIFF WAYNE BERRY'S** |
| vs. | **OBJECTIONS TO REPORT OF** |
| | **SPECIAL MASTER ON** |
| | **DEFENDANTS GUIDANCE** |
| HAWAIIAN EXPRESS SERVICE, | **SOFTWARE, INC. AND MICHAEL** |
| INC., a California corporation; et al., | **GURZI'S MOTION FOR** |
| | **ATTORNEY'S FEES AND COSTS** |
| Defendants. | **AND DEFENDANTS C&S** |
| | **LOGISTICS OF HAWAII, LLC,** |
| | **C&S WHOLESALE GROCERS,** |
| | **INC., C&S ACQUISITIONS, ES3,** |
| | **LLC, AND RICHARD COHEN'S** |
| | **MOTION FOR AWARD OF** |
| | **ATTORNEY'S FEES AND FULL** |
| | **COSTS SUBMITTED ON** |
| | **OCTOBER 25, 2006** |
| _____ | |

Comes now Plaintiff Wayne Berry, by and through his undersigned counsel and hereby respectfully submits Plaintiff Wayne Berry's Objections to Report of Special Master on Defendants Guidance Software, Inc. and Michael Gurzi's Motion for Attorney's Fees and Costs and Defendants C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions, ES3, LLC, and Richard Cohen's Motion for Award of Attorney's Fees and Full Costs Submitted on October 25, 2006.

## I.  **INTRODUCTION.**

The instant Objection is filed as a protective measure within the ten-day limit as set forth in Fed. R. Civ. P. 72(b) regarding reports of magistrate judges of dispositive pretrial matters presumably made applicable to the instant fee motions pursuant to Fed. R. Civ. P. 54(d)(2)(D) to insure that Plaintiff has preserved his rights regarding the matters set forth in the Magistrate Judge's report and recommendation.  The direction that these objections may be received at a later date may not be sufficient to avoid the ten-day limitation in Fed. R. Civ. P. 72(b) that may be viewed as jurisdictional and late objections deemed a waiver/forfeiture of review.  *See generally* 14 Moore's Federal Practice, § 72.10[3][a] (Matthew Bender 3d ed.) *citing  Simpson v. Lear Astronics Corp.*, 77 F3d 1170, 1174 (9th Cir 1996)(Ninth Circuit views failure to timely object as a forfeiture, rather than a

waiver, of review). Mr. Berry makes the assumption that the Magistrate's report will be reviewed de novo under Rule 72(b) because the Court far exceeded the role of special master that is limited to "issues related to the value of services" as set forth in Fed. R. Civ. P. 54(d)(2)(D). To the extent that the District Court views this as a master report, Mr. Berry objects on the grounds that it exceeds the scope of permissible referral.

The Magistrate's report and recommendation are to be reviewed by the Court *de novo*. *See* Fed. R. Civ. P. 72(b). 14 Moore's Federal Practice, § 72.07[3](Matthew Bender 3d ed.). Upon that *de novo* review, the Court must find that the recommendations regarding the award of fees to Guidance Software and Michael Gurzi ("Guidance") and C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, ES3, LLC and Richard Cohen ("C&S") should be rejected.

**II.   DISCUSSION.**

   **A.  Guidance Software, Inc. And Michael Gurzi.**

Mr. Berry objects to the Magistrate Judge's finding that Guidance is entitled to fees. To support the findings, the Magistrate Judge made a clear factual error in regard to the claims against Guidance. Notably, the Magistrate at page 5 finds that "he alleges that Guidance has made false statements in this and other related

actions." The proof of the Magistrate's error is that this is not an allegation. The excerpt of the Declaration of Michael Gurzi filed in regard to the summary judgment motions, a copy of which is attached to the Declaration of Timothy J. Hogan ("Hogan Dec.") as Exhibit "A," admits that Mr. Gurzi made a false affidavit before the bankruptcy court related to the Berry FCS that was copied back onto the computers he claimed to have scrubbed. It is not an allegation, it is an established fact. Contrary to the Magistrate, Guidance's was not "alleged" to have simply have made a preservation copy of the Berry works. Contrary to the Master's findings, Guidance's Michael Gurzi's admission proves that Plaintiff had reasonable grounds to argue that Guidance was not acting simply to preserve evidence but actually that it made copies that had transferred Mr. Berry's protected work to the C&S purchased computers. The District Court did not find that any inference was created from that conduct to make a triable issue regarding Guidance's fair use defense but never ruled that the brining of this claim was frivolous.

    Moreover, the Magistrate erroneously ignores the fact that the acts that Guidance undertook in the Summer of 2003 violated its own order in the first case that was stayed by the Bankruptcy filing. The District Court's application of the fair use defense to these facts was not preordained and Mr. Berry has to be

afforded a right to have this interpretation of fair use, at a minimum, reviewed by the Court of Appeals. To conclude that a developer's attempt to protect his works from transfer by persons who simply claim to be a forensic "expert" is frivolous is both a legal and factual error.

    The Magistrate also erred in determining that there was sufficient grounds to permit the tardy filed Guidance fee motion to go forward. Whether or not the Court filed amended judgments, the March 9, 2006 final judgment was a final judgment from which an appeal could lie. Had the District Court done nothing and let the original final judgment stand, could it be claimed that this would not have been a final judgment as to all parties for all purposes concluding this litigation? Plaintiff has found no authority that the District Court need go forward and make a detailed report of the prior orders, as it did, in order to enter a final appealable judgment. The early summary judgment orders were all interlocutory orders made final upon the entry of that final judgment on March 9, 2006. One would argue, to take the Magistrate's view, that whenever a judge doesn't go forward and provide the detailed list of orders that were entered in the case, that there is no final judgment as to those orders. One only wonders how many cases are out there where federal district courts have performed a simple of act of entering a final judgment despite numerous interlocutory orders that now, according to the

Magistrate, are not final appealable orders but simply collections of unresolved interlocutory events.  This position of the Magistrate is contrary to law.  Simply stated, upon the entry of final judgment on March 9, 2006, the fourteen-day clock began and Guidance simply did not file timely nor did Guidance claim any excusable neglect.  In order to do justice and fairness to the local rule as well as to the federal rules, Guidance's motion has to be deemed untimely.  Because there has been no request for relief from its untimely motion, the motion should have been denied in its entirety.

     As far at the issue of tolling is concerned, the Fed. R. Civ. P. 54(d)(2)(D), provides that the District Court may, by local rule, establish its procedures for handling fee motions.  The Hawaii District Court has adopted a local rule that provides 14 days to submit attorneys fees from the entry of final judgment.   The local rule makes it clear that "[f]iling an appeal from the judgment does not extend the time for filing a motion."  *See* LR 54.3(a).  Though the local rule makes it clear that there is no tolling derived from the "filing of an appeal" the Magistrate has cited authority, for the proposition that the filing of a Rule 50 or 59 motion provides for such tolling.  The apparent rationale is that  the filing of the Rule 50 or 59 motion implicates the "finality" of the judgment so, the time must be tolled.  Hawaii's local rule deals specifically with "finality" and makes it clear that a notice

of appeal won't toll the time for filing.  It would be consistent to apply the same strict rule when dealing with Rule 50 and 59 motions.   Mr. Berry has put forward evidence of the prejudice that derived from the Guidance tardy filing.  The Mandatory fourteen-day limit for seeking attorney's fees in FRCP 54(d)(2)(B) "should not be lightly disturbed."  *Slader v Pearle Vision, Inc.*, 199 FRD 125 (2001, SD NY) and the Local Rule should be enforced or the District Court make clear that such a tolling is contemplated when Rule 50 or 59 motions are involved.  This is especially relevant were, as in Hawaii, tolling is not to be had where an appeal has been filed.

     Moreover, the Magistrate at page 7, footnote 2, glosses over the fact that before that Court in the earlier *Wayne Berry v. Fleming Companies, Inc.*, CV01-00446 SPK-LEK, an order existed which prohibited Guidance from performing the very acts that it had committed that involved the scrubbing of computers not only the copying that the Court found was protected by the fair use defense.   Hogan Dec. Exhibit "B."  Its claim that it is entitled to a blanket relief from all court orders if it makes an allegation of forensic preservation is respectfully preserved for appeal.  The finding that bringing such a claim is frivolous is  legally unsupportable on the actual factual record before the Magistrate.  The Magistrate should not have ignored the record simply because it reflected facts that occurred

before the same Magistrate in another case especially because it all related to this case and bound together by the Fleming voluntary bankruptcy.

### B. C&S' Motion Should Also Have Been Denied.

Mr. Berry objects to the Magistrate's findings related to granting C&S's fees. In regard to the Court's conclusion that Mr. Berry's history with Fleming has become an asset of C&S transferred along with the other Fleming assets, the Magistrate erred when the court ignored the simple fact that twice, issues related to Fleming infringement have been resolved in Mr. Berry's favor and he has two final judgment's to prove it. The first included a jury finding of willful infringement. It is Fleming not Mr. Berry that exhibits a proven pattern of unlawful misconduct. The Magistrate erroneously concludes that Mr. Berry is a vexatious litigant but can't reconcile the fact that, as to Fleming, he has two wins compared to two Fleming losses.

Most troubling is the Magistrate's apparent motive for punishing Mr. Berry appears to be because he has cooperated with federal law enforcement. The fact is that it was the ATF that first approached Mr. Berry regarding criminal conduct at Fleming not the other way around. *See* Hogan Dec. ¶ 7. Likewise, Fleming's relationship with the Lindsey sisters and the Bishop Estate through API's former owner Jack Borja is what prompted the IRS to issue a subpoena to Mr. Berry.

Hogan Dec. Exhibit "C."   One would think most people would find it was a civic duty to assist a federal law enforcement in their efforts but the Magistrate finds this it is grounds to punish Mr. Berry.  The Magistrate must be wrong because otherwise, this report sends the message to not cooperate when subpoenaed to the grand jury.

As to the claim that Mr. Berry should move beyond the issue of re-pasteurized milk, he notes that most milk is shipped to Hawaii pasteurized on the Mainland then goes sour in shipping only to be cooked again before sold to consumers as "fresh" milk.   Just why his concern over this disgusting state of affairs is grounds to punish him is not altogether clear but is clearly not a legitimate reason to issue a fee award against him.   As to the Department of Defense, Mr. Berry requests that the Court permit the facts of this issue to be heard, *in camera* if it is in any way relevant.  Hogan Dec. ¶ 7.

Noteworthy, the three previous alleged victims of Mr. Berry*'s vendetta,* Fleming, Kraft Foods and Meadow Gold Dairy *nka* Dean's Foods, are all the recipients of SEC cease and desist consent decrees.  *See*  Hogan Dec. Exhibits "D" to "F."  Would anyone argue that the SEC is also engaged in a Fleming related *vendetta*?   Why just Mr. Berry?  These findings are not only erroneous but violates Mr. Berry's fundamental right to petition and he objects.

In addition, the Magistrate makes an apparent legal finding that C&S can obtain an adjudication of ownership rights in regard to its claimed replacement for FCS without filing a copyright registration and without proving a transfer from Fleming. Mr. Berry claims that in order to have obtained an adjudication of ownership of what the Magistrate claims is an "original work," C&S would have had to have filed a registration. The Magistrate has now taken what the District Court has found was an un-copyrightable collection of data and turned it into an original work. If that was so, then who got the copyright? The District Court said that Mr. Berry's copyright did not extend to the work because the elements were not protected expression. Just how is it then that when it falls into C&S' hands it becomes "an original work." Wasn't Mr. Berry the original author of that work or did Fleming become an original author when it copied the elements out of the database that left Mr. Berry's work as unprotected elements but then landed in Fleming's work as a new "original work." These findings are not only unnecessary but far beyond the role the Magistrate acting as a master or making fee related findings and recommendations tasked with simply determining the value of services. Mr. Berry objects because the report rewrites this Court's summary judgment motion orders, adding findings that were never made.

In regard to Mr. Berry's motivation, C&S had cited in its moving papers

three actions that the Magistrate erroneously concludes prove that Mr. Berry was engaged in an ongoing vendetta that passed from Fleming to C&S.   Noteworthy, none of the cases were brought by Mr. Berry.  If the Court looks simply at the cases that are cited, it will see that one of the cases was brought by Fleming against Atlantic Pacific International Inc. ("API") to enforce the terms of a fraudulently induced settlement.   Should the Court find the facts of the Fleming fraud against API relevant, a full evidentiary hearing should be ordered to make the record.  As to the other two, one is brought against Fleming by API but the other was against an API customer, Kraft Foods,  that, despite claiming to have paid Fleming, never paid API for money it owed to API.  It is fundamental that you can't argue against the electric company shutting off the lights by claiming that you paid the telephone company instead.  All three of these cases have one thing in common:  none ever resulted in any adjudication for anyone and were dismissed or stayed by the Fleming Bankruptcy . Noteworthy, the Magistrate omitted any mention of the finding of willful infringement against Fleming in the first case and a finding of infringement in the instant case.   The Magistrate erroneous engaged in a discussion of harassment and vexatious litigation where there is no basis in fact.

      C&S was hardly a prevailing party when it, like Fleming, lost on every issue

related to the ownership of FCS and its copyrightability. Should C&S be found to still be using a copy of Berry's works, would anyone doubt that it would be subject to civil and criminal penalties? In addition, and more fundamentally, the Magistrate was wrong when the court ignored the obvious grounds to deny C&S any fees because it did not keep contemporaneous separate records from time expended for Fleming. It is not simply a question of the Court attempting to divine what appropriate amount of the value of the services were, there simply are no records to show any time expended solely for C&S. The Court should not engage in what amounts to ghost writing C&S' time records. The Magistrate's recommendations will no doubt provide C&S a means to be used later to deter Mr. Berry from protecting his intellectual property. The award of fees in these circumstances is chilling and would deter any copyright owner from ever attempting to protect his/her work and this allows the infringers to take whatever they want. That is contrary law.

In addition, the prevailing parties section of the Magistrate's order at page 17, the Magistrate erroneously states that "Guidance and C&S each obtained total victory on all Plaintiff's claims." Mr. Berry had claimed copyrightability and ownership of FCS. According to the Magistrate, C&S and Guidance both prevailed on these contested issues. Is it the Magistrate's finding that FCS was

transferred to C&S and Guidance as the result of their successful defense in this case?  The findings make unsupported factual and legal statement that runs counter to the District Court's own orders and mischaracterizes the proceedings to support fee awards in favor of Guidance and C&S.  While it is true that C&S and Guidance prevailed on the issue of direct infringement both failed in any attempt to defeat Mr. Berry's rights as an owner to the copyrightable work FCS 1993.  Moreover, the Magistrate is entirely wrong in the section related to "related claims."  The Court erroneously states that Count IV Misappropriation of Trade Secrets is also based on the same conduct alleged in the copyright claims.  Quite the contrary, at the time this case was filed, Fleming was not engaged in any known copyright infringement regarding its use of the numerous other Berry works.  At the time this case commenced, Fleming, still operating at Kapolei, had a license to operate with those materials.

  As to the *Fogarty v. Fantasy, Inc.*, 510 U.S. 517, 533-34 (1994) factors that were set forth in the Magistrate's Order, the Magistrate erroneously decided that Mr. Berry is not to be afforded the ability to protect his works although there is no question that his work was infringed for a period from January 2000 to no earlier than June 2003.  The proven victim of earlier willful copyright infringement is not the one that needs to be deterred.

Another disturbing finding in the Magistrate's recommendation is the finding that "Fleming's and C&S' use of non-infringing spreadsheet system that built upon the ideas conveyed by Plaintiff's FCS should be encouraged." *See* Order at page 27. It is undisputed in this case that the ideas were conveyed through copying into Random Access Memory of an illegal, unlicensed, derivative copy of Mr. Berry's work. The Magistrate is now stating, as a matter of policy of the District Court, that you may commit acts of software copyright infringement and then use the infringing work that you create to create a new work which conduct is to be "encouraged." The Magistrate's apparent misapprehension will no doubt lead to mischief and a perceived license for more acts of willful infringement.

Should the Court view the Magistrate's report as those of a special master, Mr. Berry does not consent to the Magistrate making any findings other than the value of services. As to the calculation of the attorneys' fees, it would appear impossible for the Magistrate to come up with a valid determination of the value of Guidance's services in regard to this case. And in addition, as Mr. Berry has stated earlier, the inclusion of multiple claims that should not be considered as part of the calculus in determining the reasonableness of the value of the services makes the Magistrate's findings unsupported by the record.

As to C&S, there is simply no attempt to even say that there are separate time records kept for C&S. It is the duty of all attorneys to keep contemporaneous time records for each client. In this case, there was no separate records kept for C&S only the records kept for another client Fleming, that is, in fact, indisputably, the losing party in this case. No matter how you label this award, it is simply granting the losing party attorney's fees. As to the statement that the Magistrate was making ruling regarding the denial of costs "without prejudice," Mr. Berry objects to any additional claims of costs and fees being made by these defendants.

## III. CONCLUSION.

For these reasons the Magistrate's recommendations should be disregarded in their entirety. The District Court with its own substantial knowledge of the case should enter an order regarding all the fee motions to move this case along to finality. Finally, Mr. Berry notes that, although his attorney's fee motion was filed first and unquestionably timely, these other motions have been decided while his motion has been pending for going on eight months.

DATED: Honolulu, Hawai'i, November 8, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff WAYNE BERRY