BRONSTER CRABTREE & HOSHIBATA
A Law Corporation

MARGERY S. BRONSTER #4750
REX Y. FUJICHAKU #7198
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-5644
Facsimile:  (808) 599-1881
mbronster@bchlaw.net
rfujichaku@bchlaw.net

VICTOR LIMONGELLI (admitted *pro hac vice*)
JOHN PATZAKIS (admitted *pro hac vice*)
GUIDANCE SOFTWARE, INC.
215 N. Marengo Ave.
Pasadena, California  91101
Telephone:  (626) 229-9191
Facsimile: (626) 229-9199
Victor@GuidanceSoftware.com
John.Patzakis@GuidanceSoftware.com

Attorneys for Defendants
GUIDANCE SOFTWARE, INC.
and MICHAEL GURZI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) Civil No. CV03 00385 SOM/LEK<br>) (Copyright)<br>) |
| Plaintiff, | ) DEFENDANTS GUIDANCE<br>) SOFTWARE, INC. AND MICHAEL |
| v. | ) GURZI'S RESPONSE TO<br>) PLAINTIFF WAYNE BERRY'S |
| HAWAIIAN EXPRESS SERVICE, INC., a California corporation, et al., | ) OBJECTIONS TO REPORT OF<br>) SPECIAL MASTER ON<br>) DEFENDANTS GUIDANCE |

|  |  |
|---|---|
| Defendants. | ) SOFTWARE, INC. AND MICHAEL<br>) GURZI'S MOTION FOR AWARD<br>) OF ATTORNEYS' FEES AND<br>) COSTS AND DEFENDANTS C&S<br>) LOGISTICS OF HAWAII, LLC,<br>) C&S WHOLE GROCERS, INC.,<br>) C&S ACQUISITIONS, LLC ES3,<br>) LLC AND RICHARD COHEN'S<br>) MOTION FOR AWARD OF<br>) ATTORNEYS' FEES AND FULL<br>) COSTS, FILED NOVEMBER 8,<br>) 2006; CERTIFICATE OF<br>) SERVICE<br>)<br>) |

DEFENDANTS GUIDANCE SOFTWARE, INC. AND
MICHAEL GURZI'S RESPONSE TO PLAINTIFF WAYNE
BERRY'S OBJECTIONS TO REPORT OF SPECIAL MASTER
ON DEFENDANTS GUIDANCE SOFTWARE, INC. AND MICHAEL
GURZI'S MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND DEFENDANTS C&S LOGISTICS OF HAWAII, LLC,
C&S WHOLE GROCERS, INC., C&S ACQUISITIONS, LLC ES3, LLC
AND RICHARD COHEN'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND FULL COSTS, FILED NOVEMBER 8, 2006

Defendants Guidance Software, Inc. and Michael Gurzi (collectively "Guidance"), pursuant to F.R.C.P. 72(b), submit this brief response to plaintiff Wayne Berry's ("Berry") Objections to the Special Master's Report on Guidance's Motion for Award of Attorneys' Fees and Costs filed November 8, 2006 ("Report").

In sum, Berry's objections are meritless. After careful review, the Special Master awarded Guidance a total of $51,657.50 in fees

2

and costs. Report at 2.[1] Berry attacks the special master for disagreeing with his version of the underlying facts of the case as the basis for discrediting the Report. Berry conveniently omits that the district court, in granting summary judgment on all claims in favor of Guidance, rejected Berry's version of the underlying facts.

For example, Berry takes issue with the special master's finding that the claims against Guidance were frivolous, given Mr. Gurzi's declaration to the bankruptcy court (attached as Exhibit "A" to Berry's Objection). However, the Court dismissed Berry's allegations that the representations by Guidance to the bankruptcy court constituted "improper means" or were anything other that inadvertent misstatements:

> Guidance explains that any misstatement to the Bankruptcy Court was inadvertent and caused by Dillon's use of a different name for the files. Berry presents only argument, not evidence, in response to Guidance's explanation. There is no evidence that Guidance tried to mislead the court.

---

[1] While Guidance has chosen not to object to the Special Master's Report, we do not necessarily agree with every conclusion reached by the Special Master, especially for deductions made for hourly rates and overlapping time, where Guidance asserts it supplied (or would have supplied if queried) records adequate to support the full amount of fees and costs requested.

3

Order Granting Guidance Software, Inc. and Michael Gurzi's Motion for Summary Judgment filed June 27, 2005 ("Order"), at 33 (internal citation omitted).

Berry failed to adduce evidence in support his factual allegations against Guidance to prevent summary judgment against him, and he failed in the second instance to convince the Court to reconsider its decision.  See Order Denying Motion for Reconsideration filed August 10, 2005.  Now, Berry is impermissively attempting a third bite at the apple, rearguing factual allegations which were twice decided against him by the Court.

Berry's arguments against the Special Master's well-reasoned (and correct) analysis regarding the timeliness of Guidance's attorneys' fee motion is likewise defective.  The Special Master held that Guidance timely filed its attorney fee request.  See Report at 14-15, citing Castro County, Texas v. Crespin, 101 F.3d 121, 128 (D.C. Cir. 1996).  In contrast to the Special Master's cogent analysis, based on caselaw from sister circuits, Berry's objection is based on pure rhetoric without legal citation.  It is without foundation and should be dismissed.

Lastly, Berry's position on the tolling issue is nonsensical. Although the Special Master held that Guidance timely filed its motion for attorneys' fees and costs, based on Ninth Circuit precedent squarely on all fours, the Special Master also determined that the deadline for filing fee motions based on the *initial* final judgment was tolled.  See Report at 15, citing <u>Bailey v. County of Riverside</u>, 414 F.3d 1023, 1025 (9th Cir. 2005).

Berry argues that LR 54.3(a), which states that "Filing an appeal from the judgment does not extend the time for filing a motion," supports his position that no tolling occurred.  However, in the instant case, Berry filed motions to amend the final judgment and for judgment as a matter of law or for new trial, under F.R.C.P. 50(b) and 59, thereby triggering tolling under <u>Bailey</u>.[2]  They were not notices of appeal to the Ninth Circuit pursuant to Rule 3 of the

---

[2] On March 21, 2006, Berry filed his (1) Motion to Alter or Amend Amended Second Judgment Entered on March 16, 2006 and To Delay Time For Filing an Appeal Pending Resolution of Motion for Attorneys' Fees and Full Costs ("Motion to Alter"), and (2) Renewed Motion for Judgment as a Matter of Law Regarding Defendant Fleming PCT's Failure to Produce Evidence of Deductable Expenses, Or In The Alternative, for New Trial ("Motion for Judgment").  Berry's Motion to Alter was based, *inter alia,* on F.R.C.P. Rule 59(e).  *See* Motion to Alter at 3.  Berry's Motion for Judgment was based, *inter alia,* on Rules 50(b) and 59.  *See* Motion for Judgment at 2.

Federal Rules of Appellate Procedure. Therefore Berry's citation to LR 54.3 is unavailing.

For the foregoing reasons, Guidance submits that Berry's objections should be disregarded by the Court.

Dated: Honolulu, Hawaii, November 17, 2006.

/s/ REX Y. FUJICHAKU
MARGERY S. BRONSTER
REX Y. FUJICHAKU

VICTOR LIMONGELLI
JOHN PATZAKIS

Attorneys for Defendants
GUIDANCE SOFTWARE, INC.
and MICHAEL GURZI