IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) Civ. No. CV03 00385 SOM-LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| | ) **MEMORANDUM IN SUPPORT OF** |
| vs. | ) **MOTION** |
| | ) |
| HAWAIIAN EXPRESS SERVICE, | ) |
| INC., a California corporation; et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.   BACKGROUND.**

On March 16, 2006, this Court entered its Second Amended Judgment in a Civil Case. Various parties filed motions for attorneys fees and costs that were apparently referred to the Magistrate Judge the Honorable Leslie Kobayashi (the "Magistrate Judge") acting as special master.[1]

---

[1] The first evidence that the Magistrate Judge was acting as a special master was contained in the October 25, 2006, Report of Special Master on Defendants Guidance Software, Inc. and Michael Gurzi's Motion for Award of Attorney's Fees and Costs and Defendants C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, ES3, LLC, and Richard Cohen's Motion for Award of Attorneys Fees and Full Costs (Court Docket No. 1012). Declaration of Timothy J. Hogan ("Hogan Dec.") Exhibit "1."

On May 5, 2006, the Magistrate Judge held a settlement conference conferring with the plaintiff and his counsel on the one hand and the defendants on the other *ex parte*[2].  The settlement conference did not resolve any of the fee issues.    Hogan Dec. ¶ 3.

On May 10, 2006, Plaintiff filed his Motion for Recusal Re: Magistrate Judge the Honorable Leslie Kobayashi (the "Recusal Motion") (Court Docket No. 969).  On July 6, 2006, the Magistrate denied the Recusal Motion ruling that the Magistrate Judge's casual relationship with C&S-Fleming's counsel Lex Smith, Esq. was not grounds for recusal. (Court Docket No. 1002) Hogan Dec. Exhibit "2."  Plaintiff's sole recourse would have been to seek a writ of mandamus to require the Magistrate Judge recuse.  Plaintiff chose to await the Magistrate Judge's to rulings, relying on the procedural protections that would attend any adverse rulings.  What was never imagined was that the Magistrate Judge would chose to rule on two of the four defendant motions (one motion filed by the Court's friend) and leave Plaintiff's and other defendants/judgment debtors' motions in limbo.  In that regard, on October 25, 2006, the Magistrate Judge filed the Report

---

[2] The use of magistrate judges as settlement judges has long been custom and practice in the District of Hawaii. Where remaining issues of substance are to be referred to the Magistrate the use of a separate mediator or another magistrate judge is preferable to the present practice.

of Special Master on Defendants Guidance Software, Inc. and Michael Gurzi's Motion for Award of Attorney's Fees and Costs and Defendants C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, ES3, LLC, and Richard Cohen's Motion for Award of Attorneys Fees and Full Costs (Court Docket No. 1012). Plaintiff filed an Objection to the Report of Special Master that is presently pending before the District Court. As of this writing Plaintiff's attorneys fee motions remain pending regarding the judgment debtors Fleming Companies, Inc. Post-Confirmation Trust (the "PCT"), the Plaintiff and seven of the former Fleming Employees.

The Court of Appeals has stayed the appeals related to the Berry matter pending the disposition of the instant motions for attorneys fees and costs. Hogan Dec. ¶4.

**II.    DISCUSSION.**

The Local Rules of the United States District Court for the District of Hawaii reserve to the district court the absolute authority to pass on any matter otherwise referred to a magistrate judge:

> Nothing in these rules shall preclude the court or a district judge from reserving any proceedings for conduct by a district judge, rather than a magistrate judge. The court, moreover, may by general order modify the method of assigning proceedings to a magistrate judge as changing conditions may warrant.

L.R. 72.8.

Even where the parties have consented to the conduct of trial by a Magistrate Judge, Congress provided the District Court with the power to withdraw reference to the Magistrate Judge of any matter referred through consent:

> The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection.

Title 28 U.S.C. § 636(c)(4).

The delegation of judicial authority to magistrate judges has past constitutional muster, in part, because the district judge retains control over the case and may vacate the reference to the magistrate at any time. *See Goldstein v. Kelleher*, 728 F.2d 32, 35 (1st Cir.), *cert. denied*, 469 U.S. 852, 105 S. Ct. 172, 83 L. Ed. 2d 107 (1984). In the present circumstances, the District Court should act to bring to finality the remaining issues related to fees and costs.

First, the Magistrate has ruled only on the fee motions related to C&S and Guidance Software, Inc. All parties in fairness have a right to have their motions decided in a timely fashion.

Second, Congress has established a high bar to meet to withdraw the reference after consent on motion of a party pursuant to 28 U.S.C. § 636(c). In that

regard, it is generally held that dissatisfaction with prior rulings does not meet the "extraordinary circumstances" test.  In this case, there is no statutory strict standard to apply.  Moreover, even if the high standard of 28 U.S.C. § 636(c)(4) applied,  the failure to rule for the prevailing plaintiff while ruling on motions for a select class of defendants, in light of the fact that one of the motions ruled upon was filed by the court's friend,  evidences the *possibility* of bias that would be grounds for the District Court to act under the "extraordinary circumstances" standard of 28 U.S.C. § 636(c)(4).  *See Carter v. Sea Land Services, Inc.*, 816 F.2d 1018 (5th Cir. 1987) (one factor court should consider in a former §636(c)(6) motion to vacate the referral is 'the possibility of bias or prejudice on the part of the magistrate').

      Third, despite ruling in regard to the Recusal Motion that the Magistrate Judge was able to be fair and impartial in its disposition of the fee motions, the relationship to counsel notwithstanding, the subsequent failure to rule on the prevailing Plaintiff's fees while ruling, over Plaintiff's objection, for certain defendant parties, the Magistrate Judge has given select parties a clear strategic advantage. Moreover, ruling on motions filed by a personal friend but not on those filed by another counsel is exactly the kind if 'possible' bias that the statute is meant to remedy.

Fourth, the Magistrate Judge is in the unfortunate dual role as settlement-mediator and judge.  The issuance of a Report and Recommendation for just two parties may have been viewed by the Magistrate acting as Mediator as a means to put the Plaintiff in the kind of bind that will foster a settlement.  This however, is simply not the function of the Federal Judiciary ruling on serious matters before it that are to be handled in unbiased, judicial, neutral fashion with no eye to either side's strategic goals.

This Court has a constitutionally and statutorily mandated duty to step in, rule on the pending motions and provide the parties with proper finality so the case may proceed to the Court of Appeals.  As it stands now there may be as many as four separate appeals docketed as a result of the Magistrate Judge's handling of this case that is wasteful for this Court as well as the Court of Appeals and needlessly costly to the parties.  Moreover, pinning Plaintiff down and preventing the appeals to go forward has the effect of preventing the Court of Appeals from determining whether ongoing infringement is occurring thus impairing the exercise of appellate jurisdiction by the Court of Appeals that has stayed pending appeals awaiting the Magistrate Judge's action.   Regardless of the outcome of the appeal, Mr. Berry has a right and a valid expectation that he will be treated with equal fairness as any other party in this case.   By choosing to rule for one class of

parties and not all thus delaying his appeal the Magistrate gives the appearance of having chosen favorites.  That is clear grounds for the withdrawal of the reference, even if the District Court needed a reason, and clearly it does not.

## III.   CONCLUSION.

For the reason stated, the Motion should be granted.

DATED:   Honolulu, Hawai'i, November 28, 2006.

      /s/ Timothy J. Hogan
      TIMOTHY J. HOGAN
      Attorney for Plaintiff WAYNE BERRY