# Exhibit 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| WAYNE BERRY, | ) | CIVIL NO. 03-00385 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING PLAINTIFF WAYNE BERRY'S MOTION FOR RECUSAL

Before the Court is Plaintiff Wayne Berry's

("Plaintiff") Motion for Recusal, filed May 10, 2006 ("Motion").

The Court finds this matter suitable for disposition without a

hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice

of the United States District Court for the District of Hawai`i.

Upon careful consideration of the Motion, supporting and opposing

memoranda, and the relevant legal authority, this Court HEREBY

DENIES the Motion for the reasons below.

## BACKGROUND

The parties are familiar with the facts and procedural

history of this case and the Court will only discuss the

proceedings that are relevant to the Motion.

Plaintiff filed the Motion on May 10, 2006, asking this

Court to recuse itself from consideration of the pending motions

for attorneys fees and costs.  One of the pending motions for

attorneys' fees and costs was filed by Defendants Mark Dillon,

Teresa Noa, Brian Christensen, Melvin Ponce, Sonia Purdy,

Justin Fukumoto, Afredda Waiolama, and Jacqueline Rio

(collectively, "Defendant Employees") on March 23, 2006

("Employees' Fees Motion").  Plaintiff argues that, in the reply

in support of the Employees' Fees Motion, Mr. Christensen

admitted that his testimony at trial was not truthful.  At trial,

Mr. Christensen testified that he became the president of the

Hawai`i Division of Defendant Fleming Companies, Inc. ("Defendant

Fleming") in March 2003, implying that he was not responsible for

Defendant Fleming's infringing use of Plaintiff's software prior

to that time.  Plaintiff, however, discovered an email showing

that the company announced Mr. Christensen as division president

on March 21, 2002.  Plaintiff pointed this out in his opposition

to the Employees' Fees Motion.  In Defendant Employees' reply,

Mr. Christensen claimed that he simply misstated the date.

Plaintiff also alleges that Mr. Christensen gave the same false

testimony at his deposition on December 6, 2004.  Plaintiff

argues that Mr. Christensen's false testimony violated state and

federal perjury statutes and constituted a bankruptcy fraud.

        In Plaintiff's view, Lex Smith, Esq., who represented

Defendant Fleming in the prior litigation and who currently

represents Defendant Fleming and Defendants C&S Wholesale Grocers

Inc., C&S Acquisition LLC, C&S Logistics LLC, Richard Cohen and

ES3 LLC's (collectively "Defendants C&S"), should have known

about Mr. Christensen's false testimony and that Mr. Smith's failure to correct his client's false testimony was arguably a violation of federal law.  Plaintiff notes that in Spring 2002, Mr. Smith's law firm sent its bills to Ralph Stussi, Defendant Fleming's division president.  By July 7, 2002, the firm began sending its bills to Mr. Christensen.  Plaintiff argues that this proves that Mr. Smith was aware that Mr. Christensen became division president in 2002 and that he knew Mr. Christensen was giving false testimony at the deposition and at trial.  Mr. Smith therefore had an affirmative duty to correct the false testimony.  Plaintiff argues that this Court should recuse itself from consideration of the motions for attorneys' fees and costs because the Court will have to examine Mr. Smith's alleged misconduct and this Court has previously stated that Mr. Smith was a close personal friend.

Plaintiff acknowledges that the mere fact that the Court has a personal friendship with Mr. Smith does not warrant recusal.  Plaintiff, however, argues that the evidence strongly suggests that Mr. Smith actively participated in Mr. Christensen's false testimony and that Mr. Smith may be guilty of subordination of perjury, bankruptcy fraud, or at least a violation of the Hawai`i Disciplinary Rules.  Plaintiff argues that this Court should not decide those issues because of the Court's friendship with Mr. Smith.

Plaintiff also argues that, if this Court reviews the motions for attorneys' fees and finds that there are reasonable grounds to believe that the alleged conduct occurred, it would have an affirmative obligation to refer Mr. Smith to the United States Attorney for criminal bankruptcy fraud pursuant to 18 U.S.C. § 152.  Plaintiff argues that this Court should recuse itself from considering the motions for attorneys' fees because this Court should not make the determination whether there is sufficient grounds for a referral.

Defendants C&S, Defendant Employees, Defendant Post-Confirmation Trust, and Defendants Guidance Software, Inc. and Michael Gurzi (collectively "Defendants Guidance") (all collectively "Defendants") all filed their respective memoranda in opposition on May 17, 2006.  Insofar as the memoranda raise similar arguments, the Court will refer to them collectively.

Defendants argue that the Recusal Motion is untimely and frivolous because this Court allegedly informed counsel that Mr. Smith was a "close personal friend" in a 2001 scheduling conference[1] and Plaintiff chose not to seek recusal.  Further, Plaintiff has known since 2002 that Mr. Christensen became division president in March 2002 and Plaintiff could have raised

---

[1] Defendant Employees note that Plaintiff's counsel is the only one who remembers such a statement and that Plaintiff did not provide any corroboration of counsel's claim.  In his reply, Plaintiff points out that other defendants did not deny that this Court made such a statement.

4

the issue of Mr. Christensen's erroneous testimony when it
occurred.  Defendants also claim that Defendants Guidance
produced the email announcement, which Plaintiff alleges alerted
him to Mr. Christensen's false testimony, in September 2005.  The
billing statements that Plaintiff relies on were also in his
possession since the first lawsuit.

Even assuming that the Recusal Motion is timely,
Defendants argue that there are no grounds for recusal because
there was no fraud upon the court.  Defendants characterize
Mr. Christensen's misstatements about when he became division
president, and Mr. Smith's failure to identify the misstatements,
as honest mistakes.  Defendants point out that Plaintiff and
Plaintiff's counsel must have also forgotten when Mr. Christensen
became division president because they did not immediately alert
the district court to other testimony which established the
correct date.  Further, the date that Mr. Christensen became
division president is not relevant to any of the issues in this
case.  Defendants allege that Plaintiff filed the Recusal Motion
to gain an advantage in this case by injecting meritless
allegations of counsel's criminal wrongdoing.

Defendants also argue that Plaintiff has not identified
how he will be prejudiced if the Court does not recuse itself.
This Court must make findings and recommendations regarding
whether and to what extent any parties are entitled to attorneys'

fees and costs; the Court will not make any findings regarding
compensation that Mr. Smith will receive directly.

Plaintiff filed replies to each memorandum in
opposition on May 31, 2006.  Plaintiff emphasizes that Defendants
do not deny that Mr. Christensen gave false testimony.  Plaintiff
argues that Mr. Christensen's false deposition testimony resulted
in a favorable summary judgment ruling in 2005 and that, by
giving the same false testimony at trial, Mr. Christensen avoided
liability for Defendant Fleming's infringement from March 2002 to
April 1, 2003.  Plaintiff asserts that he could not have
impeached Mr. Christensen with other witnesses' deposition
testimony because the depositions would have been inadmissible
and because the other depositions did not establish the precise
title that Mr. Christensen had in March 2002.

Plaintiff also claims that the Recusal Motion did not
become necessary until Mr. Smith refused to correct
Mr. Christensen's fraudulent testimony.  Plaintiff argues that he
timely filed the Recusal Motion as soon as the official trial
transcripts were available because the district court ruled that
the parties could not use the rough drafts.  Plaintiff reiterates
that the circumstances of this case warrant a criminal referral
of Mr. Smith and that the Court should not be allowed to make the
decision whether to refer him because he is a personal friend of
the Court's.  Plaintiff also argues that other misconduct by

Defendants Guidance provides additional support for his claim
that a referral is necessary.  Finally, Plaintiff points out that
Defendants do not argue that they would be prejudiced if this
Court grants the Recusal Motion.

**DISCUSSION**

I.   **Recusal**

Plaintiff argues that this Court should recuse itself
from consideration of the pending motions for attorneys' fees and
costs because Mr. Smith knew that Mr. Christensen gave fraudulent
testimony and failed to take corrective action.  In Plaintiff's
view, it would be improper for this Court to weigh the propriety
of Mr. Smith's representation in the context of the motions for
attorneys' fees and costs because Mr. Smith is a close personal
friend of the Court.

A.   **Alleged Fraud on the Court**

Plaintiff alleges that Mr. Christensen committed a
fraud on the court by falsely testifying that he did not become
the division president until March 2003.  Plaintiff raised this
allegation in his motion for relief under Federal Rule of Civil
Procedure 60(b).  The district court denied Plaintiff's motion on
June 5, 2006, finding that there was no fraud on the court and
that Plaintiff was not prevented from fully and fairly presenting
his case.  This Court is bound by the district court's ruling.
Insofar as the district court has ruled that there was no fraud,

7

this Court need not consider Plaintiff's fraud allegations in determining whether recusal is warranted.

   **B.    <u>Friendship with Mr. Smith</u>**

        The Court has no recollection of the statement Plaintiff attributes to the Court and the Court does not in fact have a close friendship with Mr. Smith.  Even assuming, *arguendo*, that Mr. Smith was a personal friend of the Court's, it would not constitute grounds for recusal.

        "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The Ninth Circuit employs an objective test in analyzing motions for disqualification under § 455(a): "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>Clemens v. United States Dist. Court for the Cent. Dist. of Cal.</u>, 428 F.3d 1175, 1178 (9th Cir. 2005) (citations and quotation marks omitted).  In other words, whether a reasonable person would perceive "a significant risk that the judge will resolve the case on a basis other than the merits." <u>Id.</u> (citations and quotation marks omitted).  A reasonable person is a "well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." <u>Id.</u> (citations and quotation marks omitted).  Whether disqualification is required

8

under § 455(a) is a fact-driven inquiry based on the unique
circumstances of the case.  See id.

As a general rule, judges are not required to recuse
themselves merely because they have a casual relationship with
one of the attorneys, or even one of the parties, in a case.  See
United States v. Sundrud, 397 F. Supp. 2d 1230, 1233 (C.D. Cal.
2005) (citing cases).  A judge, however, must recuse herself
where the level of the personal relationship is such that a
reasonable person would question her impartiality.  See id.  That
is not the case here.  The Court's personal relationship with
Mr. Smith is casual at best.  We have never practiced law
together, nor have we engaged in any other business or financial
endeavor together.  We do not go to each other's homes, nor do we
spend time together at personal social gatherings.  The Court's
limited personal relationship with Mr. Smith would not cause it
to either favor or disfavor Mr. Smith or his clients.

In addition, in making its findings and recommendations
regarding the motions for attorneys' fees and costs, this Court
must decide which parties are entitled to fees and costs.  That
decision is dictated by the district court's prior dispositive
rulings and the jury's verdict.  Any association that the Court
has with Mr. Smith will not affect that decision.  Even if the
Court concludes that Mr. Smith's clients are entitled to
attorneys' fees and costs, the only findings that the Court would

have to make with regard to Mr. Smith are whether his requested

hourly rate is reasonable and whether the number of hours he

spent on the case was reasonable.  The Court is confident that

its casual relationship with Mr. Smith will have no effect on its

findings.  Further, the issues of Mr. Smith's hourly rate and

hours expended are not of such grave importance that this Court

should recuse itself to avoid the appearance of impropriety.

This Court therefore finds that recusal is not required in this

case.[2]

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for

Recusal, filed May 10, 2006, is HEREBY DENIED.

IT IS SO ORDERED.

DATED at Honolulu, Hawai`i, July 5, 2006.



Leslie E. Kobayashi
United States Magistrate Judge

**WAYNE BERRY V. HAWAIIAN EXPRESS SERVICE, INC., ET AL; CIVIL NO.
03-00382 SOM-LEK; ORDER DENYING PLAINTIFF WAYNE BERRY'S MOTION
FOR RECUSAL**

---

[2] In light of this Court's finding that there are no grounds
for recusal, this Court declines to address Defendants' argument
that the Motion was untimely.