IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) Civ. No. 03-00385 SOM/LEK<br>)<br>) ORDER DENYING PLAINTIFF WAYNE |
|       Plaintiff, | ) BERRY'S MOTION FOR ORDER<br>) WITHDRAWING THE REFERENCE TO THE |
|   vs. | ) MAGISTRATE JUDGE OF POST-TRIAL<br>) MOTIONS RELATED TO ATTORNEYS' |
| HAWAII EXPRESS SERVICE, INC., a California corporation; et al. | ) FEES AND COSTS<br>)<br>) |
|       Defendants. | ) |
| _____ | ) |

ORDER DENYING PLAINTIFF WAYNE BERRY'S MOTION FOR ORDER
WITHDRAWING THE REFERENCE TO THE MAGISTRATE JUDGE OF
POST-TRIAL MOTIONS RELATED TO ATTORNEYS' FEES AND COSTS

Plaintiff Wayne Berry asks the district court to withdraw its reference to the Magistrate Judge of post-trial motions for attorneys' fees and costs. Berry's motion is denied.

As is obvious from the transcripts of proceedings in this case, this copyright litigation has been long-running and contentious. Following multiple dispositive motions, the issue of damages for infringement of a computer software program was tried to a jury. The verdict was in favor of Berry in some respects, and in favor of some Defendants in other respects. Numerous post-trial fee and cost motions were then filed, all of which were referred to Magistrate Judge Leslie Kobayashi for a report and recommendation. On October 25, 2006, the Magistrate Judge issued her report on the fee and cost applications filed by two entities. Three other fee and cost applications remain

before the Magistrate Judge, one of which is Berry's.

The sole basis of Berry's motion is the Magistrate Judge's issuance of fee and cost reports at different times. This argument provides no basis for withdrawal of the fee and cost motions from the Magistrate Judge, who has already spent considerable time and effort studying those motions. Withdrawal of the remaining motions from her would waste much of that time and effort and would ultimately delay rulings on the remaining motions, as the district court would then have to do the initial review of the remaining voluminous fee and cost applications.

Berry does not show why it is inappropriate for the Magistrate Judge to issue reports on multiple fee and cost motions at different times. He does not, for example, even argue that the motions that are the subject of the already issued report by the Magistrate Judge were somehow dependent on the remaining motions. Judges at all court levels routinely decide to issue rulings within a single case at different times, and there is nothing inherently improper about that.

The weakness in Berry's argument is highlighted by the nonfinal nature of any report by the Magistrate Judge. Berry suggests that the timing of the Magistrate Judge's reports affects proceedings before the Ninth Circuit. However, the Magistrate Judge's reports are not appealable to the Ninth Circuit. Instead, it falls to the district court to adopt,

reject, or modify the reports.  Even if the Magistrate Judge issued reports on all the fee and cost applications at once, the district court would not be required to act on those reports all at once.  Thus, the timing of the Magistrate Judge's reports cannot be said to control the timing of proceedings in the Ninth Circuit.

Having said that, the district court, although in no way required to do so, sees no problem with considering, and is willing to consider, all of the Magistrate Judge's reports at once.  The district court thus sets for hearing on the same day any objections to any of the Magistrate Judge's reports on fees and costs.  The hearing is set for Monday, February 26, 2007, at 9 a.m.  The district court sets this date with the understanding that the Magistrate Judge will have issued reports on all remaining fee and cost applications by January 16, 2007.  The district court, however, is by no means setting such a deadline for reports and intends to reschedule the hearing if reports do not issue by January 16, 2007.  Notwithstanding the setting of a hearing date, the district court reserves the right to rule on any objection to any report without a hearing.  Briefs remain due on the normal ten-day schedule for nonhearing matters, with no reply memoranda.

The district court is not persuaded by Berry that he risks being prejudiced if his fee and cost motion is left with

the Magistrate Judge. Quite apart from the lack of any evidence of prejudice with respect to proceedings in the Ninth Circuit, Berry does not sustain his suggestions of bias on the Magistrate Judge's part. Berry says that "the Magistrate Judge has given select parties a clear strategic advantage," but he identifies no such advantage. No party may act on the Magistrate Judge's already issued report, as that report has not been adopted by the district court. No settlement has been reached in reliance on the already issued report. In short, no "clear strategic advantage" exists.

Nor is this court persuaded that the timing of the Magistrate Judge's reports is influenced by her purported relationship to Lex Smith, an attorney for one of Berry's opponents. Berry raised that purported relationship in asking Magistrate Judge Kobayashi to recuse herself. She denied the recusal motion, and Berry sought no further action on the matter. He may not covertly seek this court's review of Magistrate Judge's recusal ruling through the present motion, which advances the timing of the fee and cost reports as a basis for withdrawing the referral of his fee and cost application to her.

To summarize, Berry's motion is denied, and a hearing on all objections to the Magistrate Judge's fee and cost reports (both those already issued and those to be issued) is set for Monday, February 26, 2007, at 9 a.m.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; November 29, 2006.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Wayne Berry v. Hawaii Express Service, Inc.; Civ. No. 03-00385 SOM/LEK; ORDER DENYING PLAINTIFF WAYNE BERRY'S MOTION FOR ORDER WITHDRAWING THE REFERENCE TO THE MAGISTRATE JUDGE OF POST-TRIAL MOTIONS RELATED TO ATTORNEYS' FEES AND COSTS