# Exhibit 5

VII. **PLAINTIFF'S CLAIMS OF PRE-2003 INFRINGEMENT ARE BASELESS**.

Plaintiff argues that the Employees have not refuted his claims that before 2003 they committed illegal infringement by using Plaintiff's database. First, Mr. Christensen was not even using the database. He did not become President until March, 2003. So Plaintiff is just wrong with respect to Mr. Christensen. [See Exhibit A, 16:24-25; 17:1-2].

With respect to Ms. Noa, she never admitted nor testified to making changes to Plaintiff's database. Plaintiff cites no evidence in the record. Furthermore, any use by Ms. Noa of Plaintiff's database prior to 2003 was done pursuant to the valid license Fleming possessed as the jury had found, and again, as a salaried employee operating as instructed by the company.

In addition, Mr. Dillon and all of the other individual employees were not parties to the first lawsuit. Plaintiff's argument about alleged infringement by the Employees prior to 2003 is an improper attempt at offensive collateral estoppel. Whether then or now, these employees have merely done what the company asked them to do, and therefore, they are not personally liable. The ramifications of a contrary determination will strike at the heart of U.S. labor.

VIII. **PLAINTIFF HAS NO LEGAL PRECEDENT**.

Plaintiff spends pages 28 through 31 of his Opposition attempting to distinguish the two cases that the Employees cited

14