KOBAYASHI, SUGITA & GODA
LEX R. SMITH            3485-0
THOMAS H. YEE           7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No. (808) 539-8700
Facsimile No.  (808) 539-8799
Email: lrs@ksglaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: mbaumann@kirkland.com
Attorneys for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., et al.,<br><br>Defendants. | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>**DEFENDANT PCT'S LIMITED OBJECTION TO THE REPORT OF SPECIAL MASTER ON PLAINTIFF WAYNE BERRY'S MOTION FOR ATTORNEY FEES AND FULL COSTS; DEFENDANT POST-CONFIRMATION TRUST'S MOTION FOR ATTORNEYS' FEES AND COSTS; AND DEFENDANT EMPLOYEES' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Hearing:     February 6, 2007<br>Time:        9:00 a.m.<br>Judge:       Susan Oki Mollway |

**DEFENDANT PCT'S LIMITED OBJECTION TO THE REPORT OF SPECIAL MASTER ON PLAINTIFF WAYNE BERRY'S MOTION FOR ATTORNEY FEES AND FULL COSTS; DEFENDANT POST-CONFIRMATION TRUST'S MOTION FOR ATTORNEYS' FEES AND COSTS; AND DEFENDANT EMPLOYEES'
MOTION FOR ATTORNEYS' FEES AND COSTS**

The Magistrate's report and recommendation, on the whole, is fair and reasonable. The PCT does, however, dispute two of the Magistrate's findings. The first is the finding that Berry was the prevailing party in the litigation. This finding is not only contrary to established precedent, but, if adopted, will also undoubtedly encourage Berry to continue his relentless litigation. The second is the Magistrate's finding that the PCT's counsel spent an excessive amount of time litigating this case. Counsel did spend a substantial amount of time on this matter. But the time it spent was, in large part, compelled by Berry's unfounded allegations, refusal to cooperate and numerous frolics and detours. Moreover, because the Magistrate found, as an initial matter, that the PCT was not statutorily entitled to recover the majority of its attorneys' fees, it is unnecessary (and indeed inconsistent with her ruling) to address whether the *overall* fees were excessive in issuing her the award. Accordingly, the PCT requests that the Court amend the Magistrate's report to (i) find that the PCT is the prevailing party, awarding appropriate costs and fees and (ii) remove the Magistrate's finding that counsel's time worked was excessive and, if appropriate, award the PCT additional fees for such work.

1

**I.    The PCT Is The Prevailing Party And Is Entitled To Attorneys' Fees.**

The Magistrate applies the wrong standard to assess whether the PCT is the prevailing party in this litigation. Instead of adopting the *Florentine* standard urged by the PCT -- a standard established in and commonly applied to cases litigated under the Copyright Act, the Magistrate relies on the standard set forth in *Buckhannon*, a case decided under the Fair Housing Amendments Act of 1998. *Buckhannon Bd. & Care Home, Inc. v. W. Vir. Dep't of Health & Human Res.*, 532 U.S. 598 (2001); *Florentine Art Studio, Inc. v. Vedet K. Corp.*, 891 F. Supp. 532, 541 (C.D. Cal. 1995). In doing so, the Magistrate finds that the PCT is not the prevailing party -- notwithstanding that Berry failed to receive injunctive relief and received less than 1% of his "frivolous and overstated" damages claim -- simply because it did not obtain a complete judgment in its favor on Berry's copyright infringement claims. *See* Magistrate Report at 22-24, 34.

*Buckhannon*, however, which was decided under the Fair Housing Amendments Act of 1998, is not relevant to federal copyright cases. The Fair Housing Amendments Act of 1998 is, essentially, a civil rights statute. Courts have observed that the standards for attorneys' fees in civil rights cases and copyright cases are quite different. "Unlike civil rights suits, where while a prevailing plaintiff is presumptively entitled to an award of fees, a prevailing defendant is entitled to such an award only if the suit was groundless, in copyright

suits prevailing plaintiffs and prevailing defendants are to be treated alike." *See Assessment Tech. of Wis., LLC v. Wiredata, Inc.*, 361 F.3d 434, 436 (7th Cir. 2004) (internal citations omitted). Accordingly, the party who achieves the largest degree of success is necessarily the prevailing party, regardless of whether judgment was entered in its favor.[1]

Courts mindful of this difference have applied a broader standard to determine whether a defendant who fights a plaintiff's improperly motivated and bad faith infringement claim is a prevailing party. This standard, as set forth in *Florentine* and other copyright cases, is whether a party "succeeded in a substantial part of this litigation, and achieved substantially all the benefits [it] hoped to achieve in defending the suit." *Florentine*, 891 F. Supp. at 541; *see also Warner Brothers, Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989); *Repp v. Webber*, 892 F.Supp. 552, 560 (S.D.N.Y. 1995) (finding that "[a] defendant is considered a 'prevailing party' when he successfully defends against the significant claims actually litigated in the action."). Under this more appropriate standard, the PCT is indisputably the prevailing party, having prevented Berry from obtaining any injunctive relief and limiting him to a *de minimis* financial

---

[1] By applying *Buckhannon* rather than cases decided under the Copyright Act, the Magistrate fails to account for the Copyright Act's unique statutory objective to equally promote and protect both an owner's right to its work and the public's right to access. *See Assessment Tech.*, 361 F.3d at 436 (finding that the public interest in access is as great as the public interest in enforcement of copyright).

3

recovery on claims even the Magistrate describes as "frivolous and overstated." *See* Magistrate Report at 34.[2]

Moreover, it is simply not accurate to say that Berry prevailed on his infringement claims in the litigation. If Berry's goal was to protect his rights and his property, he achieved it even before he filed his complaint. In fact, Fleming stopped using the Freight Control System software subject to the litigation, at Berry's request, more than a month before he filed his lawsuit. Had Berry been open to a reasonable settlement of his claim at that time, Fleming would have no doubt accepted it and moved on with winding down its affairs. But instead, Berry refused to settle, and relentlessly pursued his claims. This left Fleming, and later the PCT, with no choice but to continue defending itself. *See Assessment Tech.*, 361 F.3d at 437 (recognizing that an award of attorneys fees is often necessary to give defendants in copyright cases incentive to defend themselves, particularly where they have no opportunity to obtain damages awards themselves). Calling Berry a prevailing party under these circumstances is illogical and contrary to the goals of the Copyright Act.

Similarly illogical is designating Berry, the only party to appeal the judgment, as the prevailing party. Common sense dictates that a party who

---

[2] The Magistrate made a number of findings that weigh against a determination that Berry is the prevailing party. Among these are that Berry's litigation was, at least in part, motivated by an "improper purpose" and that his claimed damages were "frivolous and overstated." *See* Magistrate Report at 34-35. In light of these findings, it is hard to fathom that he qualifies as a prevailing party.

4

"prevails" does not feel compelled to appeal his prevailing judgment. The fact that Berry alone has appealed, therefore, is highly indicative that *even he* does not believe he is the prevailing party.

Finally, and perhaps most importantly, a finding that Berry is a prevailing party -- even without an award of fees -- will no doubt embolden him to continue his vexatious litigation. As the Magistrate recognized in her report, "the instant case is part of a long line of legal and administrative actions that Plaintiff has instituted against Fleming. This indicates that, although Plaintiff did raise some meritorious claims, this action was likely motivated, at least in part, by improper purpose." Magistrate Report at 34-35. As noted, Berry has already appealed the judgment in this action, further perpetuating this seemingly endless litigation. He has also recently threatened Fleming's former lenders with a contributory infringement suit, alleging that they were in control of Fleming during its bankruptcy, orchestrating Fleming's inadvertent post-petition infringement. This Court has the ability to deter Berry from bringing this and other lawsuits by applying the *Florentine* standard, under which the PCT is indisputably the prevailing party. This may be the only way to put a halt to Berry's wearisome and wasteful tactics. Accordingly, the PCT requests that the Court find that it is the prevailing party and award it at least some appropriate fees and costs.

**II.   Counsel's Time Spent On This Matter Was Reasonable**

5

The Magistrate awarded the PCT fees for defending Berry's trade secret claim. In doing so, she discounted the number of hours the PCT's counsel billed, in part because she found that counsel's time was excessive. The PCT accepts the Magistrate's discretionary decision to reduce the fee award, but believes it is unnecessary and inaccurate to do so on the basis that counsel's hours were excessive. As set forth at length in the PCT's moving and reply papers, counsel spent a substantial amount of its time in this matter responding to Berry's litigation tactics. These tactics included, among others, threatening the PCT's experts with baseless RICO suits, failing to voluntarily produce key software, fixating on irrelevant tangents (requiring the PCT to produce extensive documents and explanation to avoid additional, unfounded claims) and delaying trial.

During the litigation, Berry took (and even now continues to take) every opportunity to threaten and harass the PCT. And while the PCT would have preferred not to respond to these tactics, simply leaving Berry to his own devices, it did not have the luxury of doing so. Berry's claims, while frivolous, were also substantial. And the PCT Board, who governs the PCT, has a fiduciary duty to its beneficiaries to vigorously defend the PCT against Berry's claims, however unfounded or frivolous, to preserve and protect the recovery to which they are entitled under Fleming's reorganization plan. Scaling back its defense would have inappropriately jeopardized these recoveries.

Moreover, the Magistrate's blanket fifty-percent cut in hours billed does not take into account the work the counsel actually performed relative to the trade secret claim -- the claim for which the PCT received its fee award. For example, the Magistrate did not break out counsel's billings to determine whether significant portions of its trade secret billings were attributable to Berry's inappropriate tactics, or even what portion of its billings were attributable to this claim at all. Without such analysis, the proposed reduction in hours is not supportable by simply stating, inaccurately, that the work was excessive. Had the Magistrate simply exercised her discretion to reduce the award, the PCT would not have objected. But the comment that its counsel's fees are excessive is both unnecessary and unfair.

Finally, even if the Court elects not to award additional fees on the trade secret claim, the PCT requests that the Court affirm the Magistrate's award without adopting her finding that counsel's fees were excessive. Again, the PCT believes that while counsel's hours were high, they were not excessive in light of Berry's never-ending threats and harassment. And in any event, that finding is not necessary to the Magistrate's ultimate award of fees and will only serve to further Berry's assault on the PCT.

**III.   Conclusion**

The Magistrate's fee report and recommendation is, overall, well reasoned and fair. Nonetheless, the PCT urges the Court to find that the PCT was the prevailing party -- and award appropriate costs and fees -- to deter Berry from continuing his frivolous and specious litigation. The PCT also urges the Court not to adopt the Magistrate's finding that counsel's fees were excessive and, if appropriate, award the PCT additional fees on the trade secret claim. A definitive fee award in favor of the PCT may be the only way to stop Berry's crusade, once and for all.

DATED: Honolulu, Hawaii, December 22, 2006.

/s/ Thomas H. Yee

_____
KOBAYASHI, SUGITA & GODA
Lex R. Smith (659-0)
Thomas H. Yee (7344-0)
Suite 2600 First Hawaiian Center
999 Bishop Street
Honolulu, HI  96813
Telephone:   (808) 539-8700
Facsimile:   (808) 539-8799

and

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:   (213) 680-8400
Facsimile:   (213) 680-8500

Co-Counsel for the Post Confirmation Trust for Fleming Companies, Inc.