KOBAYASHI, SUGITA & GODA
Lex R. Smith      3485-0
Thomas H. Yee     7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii  96813
Telephone No. (808) 539-8700
Facsimile No.  (808) 539-8799
Email: lrs@ksglaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
777 South Figueroa Street
Los Angeles, CA  90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: mbaumann@kirkland.com
Counsel for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., et al.,<br><br>　　　　　Defendants.<br>_____ | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>**DEFENDANT PCT'S RESPONSE TO PLAINTIFF WAYNE BERRY'S LIMITED OBJECTION TO THE REPORT OF SPECIAL MASTER**<br><br>Hearing:　　　February 26, 2007<br>Time:　　　　9:00 a.m.<br>Judge:　　　　Susan Oki Mollway |

# **TABLE OF CONTENTS**

Page No.

I. The PCT -- Not Berry -- Prevailed On The Infringement Claims ..................3

II. If The Court Finds Berry Is The Prevailing Party, It Should Deny Berry's Claim For Full Costs And Attorney's Fees. ........................................5

    A. Berry Is Not Entitled To Full Costs Or Attorney's Fees As A Matter of Course..............................................................................5

    B. The Magistrate Properly Applied The *Fogerty* Factors In Denying Berry An Award of Full Costs And Fees ..............................8

III. The Court Should Award The PCT Attorney's Fees On The Trade Secret Claim.................................................................................................11

IV. Conclusion .............................................................................................15

# **TABLE OF AUTHORITIES**

Page No.

**Cases**

*Bourne Co. v. Walt Disney Co.*,
    1994 WL 263482 (S.D.N.Y. June 10, 1994) ..................................................9

*Contract Materials Processing, Inc. v. Kataleuna GmbH Cataylsts*,
    222 F. Supp. 2d 733 (D. Md. 2002) ............................................................11

*Florentine Art Studio, Inc. v. Vedet K. Corp.*,
    891 F. Supp. 532 (C.D. Cal. 1995) ...............................................................4

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517,
    114 S. Ct. 1023, 137 L. Ed. 2d 455 (1994) .......................................... passim

*Gemini Aluminum Corp. v. Cal. Custom Shapes, Inc.*,
    116 Cal. Rptr. 2d 358 (Ct. App. 2002) ........................................................11

*Leo Feist, Inc. v. Apollo Records, N.Y. Corp.*,
    300 F. Supp. 32 (S.D.N.Y. 1969) ................................................................10

*Metcalf v. Bochco*,
    2006 WL 2472193 at *5 2006 WL 2472193 at *5 (C.A. 9 (Cal), Aug.
    28, 2006) .................................................................................................6, 9

*Repp v. Webber*,
    892 F. Supp. 552 (S.D.N.Y. 1995) ...............................................................4

*Wall Data, Inc. v. L.A. County Sheriff's Dep't*,
    447 F.3d 769 (9th Cir. 2006) .....................................................................6, 7

*Warner Brothers, Inc. v. Dae Rim Trading, Inc.*,
    877 F.2d 1120 (2d Cir. 1989) .......................................................................4

**Statutes**

Haw. Rev. Stat. Section 482B-5 ...............................................................................11

## **DEFENDANT PCT'S RESPONSE TO BERRY'S LIMITED OBJECTION**

The Magistrate has recommended that the Court (i) find that Berry is the prevailing party on the copyright infringement claims, (ii) deny Berry's request for full costs and attorney's fees under the Copyright Act, and (iii) award the PCT its full costs and attorney's fees incurred in defending against Berry's specious trade secret claim as permitted by Hawai'i law. While the PCT disagrees with the Magistrate's finding that Berry is the prevailing party, her decision to deny Berry's costs and fees and to award certain of the PCT's costs and fees is well supported by established legal precedent and the particular facts of this case. Not surprisingly, however, Berry objects.

Berry's objections are -- like his conduct throughout this litigation -- frivolous and unreasonable. Berry first argues that the Court *must* award him full costs and attorney's fees because he is a "small individual copyright owner" who prevailed on his infringement claims. First, Berry is not the prevailing party in this litigation.[1] Moreover, Berry's argument itself entirely misconstrues established Supreme Court precedent and essentially advocates the application of Ninth Circuit law as it existed *before* the Supreme Court decided *Fogerty vs. Fantasy* in 1996.

---

[1] Contrary to the Magistrate's recommendation, governing precedent requires that the Court find that the PCT -- who succeeded in substantially all of the litigation and achieved substantially all of the benefits it hoped to achieve in defending Berry's claims -- is the prevailing party.

1

Berry also argues that the Court should deny the PCT's costs and attorney's fees because his trade secret claim was not frivolous or brought in bad faith. This argument defies the record in this case, which establishes that Berry did not present even one shred of evidence in support of his claim and, instead, continued to litigate the claim after he knew (or should have known) it was invalid.

The fact is, the Magistrate properly applied binding precedent to determine that Berry is not entitled to an award of full costs and fees -- and that the PCT is. In applying this precedent, the Magistrate properly considered the long line of prior and contemporaneous litigation that Berry has spawned. Had she been aware, she also may have considered Berry's more recent threats of frivolous litigation. Since the Court entered final judgment in this litigation, Berry has threatened to sue (among others) C&S Wholesale Grocers and the Debtors' former secured lenders for their alleged infringement of his software before, during and after the Fleming's bankruptcy case. The PCT arguably has indemnity obligations to these entities. Unless the Court appropriately deters Berry by holding him accountable for the waste that this largely meritless litigation has generated, Berry will almost certainly continue to hold the PCT hostage by bringing additional, baseless litigation.

The Bankruptcy Court acknowledged this fact at a recent hearing to consider the PCT's request to distribute cash to bona-fide unsecured creditors. Berry

2

objected to the proposed distribution, arguing that the PCT needed to reserve $200 million in cash just in case he were to prevail on appeal. Of course, if the PCT were to reserve $200 million for Berry's claim, there would be nothing for it to distribute to creditors. The Bankruptcy Court, in no uncertain terms, overruled Berry's objection, remarking that:

> Well, I don't know how long Mr. Berry gets to hold hostage all of the other creditors. I've already estimated his administrative claim at $100,000, and there are sufficient reserves for that. I don't think there's any reason to hold up distribution of cash to the other unsecured creditors . . . on the remote possibility that Mr. Berry is going to win on appeal.

*See* Declaration of Erin Brady, Ex. A at 15:21 - 16:2.

Berry has, in fact, held the PCT's creditors hostage throughout this litigation. And he has given every indication that he will continue to do so for as long as possible. *See* Brady Dec., Ex. B, C. In fact, the only way to deter these seemingly endless threats and claims may well be for this Court to find that Berry is *not* the prevailing party, deny his fee request and award appropriate costs and fees to the PCT. And with the facts of this case, the Court would be within its discretion to do so.

## I.     The PCT -- Not Berry -- Prevailed On The Infringement Claims

As an initial matter, the Magistrate found that Berry was the prevailing party with respect to his copyright infringement claims. This finding is both legally and factually infirm. The thrust of Berry's lawsuit was that Fleming profited from

3

using an unlawful derivative of his shipping software to operate its business and later sold that unlawful derivative to C&S Wholesale Grocers for a windfall. Berry focused his motion practice, discovery and incessant harassment around this theory. In the process, he sought multiple injunctions to stop Fleming (a non-operating entity) and C&S from using the alleged derivatives (which were, incidentally, no more than Microsoft Excel spreadsheets). He lost on each injunction motion. And he ultimately lost his entire claim on summary judgment.

Yet the Magistrate finds that Berry was the prevailing party simply because he received a jury verdict on his ancillary claim that Fleming had used a derivative form of his software for 94 days before switching over to the Microsoft Excel spreadsheets. That jury verdict alone, however, is wholly insufficient to make him the prevailing party. In the context of copyright disputes, a prevailing party is one who succeeds "in a substantial part of [the] litigation, and achieve[s] substantially all the benefits [it] hoped to achieve in defending the suit." *Florentine Art Studio, Inc. v. Vedet K. Corp.*, 891 F. Supp. 532, 541 (C.D. Cal. 1995); *see also Warner Brothers, Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989); *Repp v. Webber*, 892 F. Supp. 552, 560 (S.D.N.Y. 1995) (finding that "[a] defendant is considered a 'prevailing party' when he successfully defends against the significant claims actually litigated in the action"). Applying this standard, the PCT -- not Berry -- is the prevailing party.

4

Berry, for example, hoped to enjoin Fleming (and later the PCT) from using the Microsoft Excel spreadsheets he claimed infringed on his shipping software. He failed. Berry also hoped to recover hundreds of millions in damages from Fleming for its use and alleged sale of the same Microsoft Excel spreadsheets. He failed again, with the Court ruling on summary judgment that he did not establish even a *prima facie* case that the spreadsheets were infringing.[2] On the other hand, Fleming hoped to defeat Berry's frivolous injunctive requests -- and did. It also hoped to vindicate its right to use the Microsoft Excel spreadsheets (and to sell them to C&S) -- and did that as well. In short, the PCT succeeded in a substantial part of the litigation and achieved all of the benefits it hoped to achieve. It is the prevailing party. The Court should therefore amend the Magistrate's report to make this finding and award the PCT appropriate costs and fees.

## II.     If The Court Finds Berry Is The Prevailing Party, It Should Deny Berry's Claim For Full Costs And Attorney's Fees.

### A.     Berry Is Not Entitled To Full Costs Or Attorney's Fees As A Matter of Course.

In his objection to the Magistrate's report, Berry contends that he should receive full costs and attorney's fees simply because he prevailed on certain of his infringement claims. *See* Berry Objection to Special Master Report ("Berry Obj.") at 6 ("[h]aving proven . . . that Fleming and now its employees are infringers he is

---

[2]   *See* 6/27/05 Summary Judgment Order at 27.

5

entitled to his fees and can't be denied them on the basis set forth in the Report"). First of all, Berry -- whose only "victory" was to obtain token damages for something that happened more than a year before he even filed suit -- can hardly be considered the prevailing party in this matter. Nonetheless, assuming *arguendo* that he is the prevailing party, the Supreme Court has ruled clearly that prevailing parties in copyright actions are not entitled to full costs or attorney's fees as a matter of course. Rather, costs and fees "are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S. Ct. 1023, 1033, 137 L. Ed. 2d 455 (1994); *see also Metcalf v. Bochco*, 2006 WL 2472193 at *5 (C.A. 9 (Cal), Aug. 28, 2006) (recognizing that "fees are not awarded automatically to every prevailing party, but at the court's discretion").

Berry ignores this binding authority, and instead argues that the Ninth Circuit's recent decision in *Wall Data, Inc. v. L.A. County Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006) *requires* that this Court award him full costs and attorney's fees just because he prevailed -- albeit nominally -- on his infringement claims. His reliance on *Wall Data* is wholly misplaced. *Wall Data* does not hold that a court *must* award full costs or attorney's fees to a prevailing party. Such a holding would be directly contrary to *Fogerty*. *See Fogerty*, 510 U.S. at 534. Rather, *Wall Data* simply upholds a district court's ruling that an award of

6

attorney's fees was appropriate even though the plaintiff ultimately recovered less than it originally sought.³  *Wall Data* does not support Berry's cause.

Berry also argues that this Court *must* award him full costs and fees so that he, a self-proclaimed "small individual copyright owner," is not deterred from protecting his works.  *See* Berry Obj. at 3.  Berry relies on *Fogerty* in support of this argument.  But *Fogerty* explicitly *rejects* the proposition that Congress intended to provide plaintiffs with incentives (i.e., costs and fees) to bring copyright claims, reasoning that copyright plaintiffs often have as many or more resources than copyright defendants.  *Fogerty*, 510 U.S. at 524 (distinguishing civil rights cases).  *Fogerty* also rejects the once-popular line of cases holding that courts should generally award fees to prevailing plaintiffs to encourage the assertion of colorable copyright claims and deter infringement, reasoning that the goals of the Copyright Act are "more complex, more measured, than simply maximizing the number of meritorious suits for copyright infringement."  *Id.* at 525-26.  In short, the Supreme Court has made clear that Berry's status as a self-proclaimed "small individual copyright owner" does not give him a *de facto* entitlement to an award of full costs and attorney's fees.  His unsupportable assertion to the contrary must fail.

---

³   Notably, *Wall Data* was reviewing the district court's decision to award fees for abuse of discretion.  *Wall Data*, 447 F.3d at 787.

7

### B.  The Magistrate Properly Applied The *Fogerty* Factors In Denying Berry An Award of Full Costs And Fees

In fact, and again assuming *arguendo* that the Court determines that Berry is the prevailing party, Berry's request for full costs and fees is left entirely to the court's discretion. The Supreme Court has declined to articulate a "precise rule or formula" that courts must use to determine whether an award of full costs and fees is appropriate. *Fogerty*, 510 U.S. at 534. Instead, it has identified a *non-exclusive* list of four factors that the district court may consider when making a determination. *Id.* at 534 n. 19. These factors include frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence. *Id.*

The Magistrate applied these factors when considering Berry's request and, in doing so, determined that his request should be denied. Specifically, the Magistrate found that (i) Berry's improper motivation in the litigation -- as evidenced by his long history of legal and administrative actions against Fleming -- weighed against an award; (ii) the fact that the defendants' alleged infringement was not willful weighed against an award; (iii) Berry's limited recovery on his unreasonable and frivolous damages claim weighed against an award; and (iv)

Berry's limited success on the merits of his claims weighed against an award.[4] *See* Report of Special Master ("Report") at 33-36; *see also Metcalf*, 2006 WL 2472193 at *5 (finding that when half of the *Fogerty* factors weigh in favor of a fee award and half weigh against, a court is justified in not awarding fees); *Bourne Co. v. Walt Disney Co.*, 1994 WL 263482 (S.D.N.Y. June 10, 1994) (denying attorney's fees to prevailing plaintiff who, "at the end of an extensive and contentious period of discovery and an 11-day trial . . . prevailed on no more than half of its claims").

Moreover, there are countless other facts in the record that, taken together, compel a complete denial of Berry's full costs and fees under *Fogerty*. These same facts also support a finding that the PCT -- not Berry -- is the prevailing party. For example, this Court found that no party to this lawsuit infringed on Berry's software after June 9, 2003 -- nearly a year *before* Berry filed his lawsuit seeking, among other things, injunctive relief to stop such use. This fact supports a complete denial of fees. It also, of course, supports a finding that the PCT -- not Berry -- is the prevailing party in this litigation.

As another example, the centerpiece of Berry's case was that Fleming (who was not operating) and other defendants were infringing on his shipping software

---

[4] The Magistrate (in the PCT's view, erroneously) found that the "frivolousness" and "objective unreasonableness" factors (at least insofar as his claim that went to trial) weighed in favor of Berry because he received a jury award. *See* Report at 34.

9

by using Microsoft Excel spreadsheets. This Court found on summary judgment that Berry had not even made out a *prima facie* case in support of this claim. The fact that Berry could not even make out a *prima facie* case for his centerpiece claim supports both a complete denial of fees and a finding that the PCT -- not Berry -- is the prevailing party.

Finally, Berry refused to accept Fleming's offer to settle this case early on for $400,000 -- an amount seven times more than his ultimate jury award -- and instead chose to litigate his largely (and in most instances entirely) unsubstantiated claims. He ultimately lost on the vast majority of these claims. Berry's deliberate decision to needlessly continue his assault evidences his improper motivation in prosecuting his claims and supports a complete denial of fees. *Leo Feist, Inc. v. Apollo Records, N.Y. Corp.*, 300 F. Supp. 32, 43 (S.D.N.Y. 1969) (finding that plaintiffs "proceeded capriciously and in bad faith by refusing to accept royalties tendered while insisting upon expanded damages" in denying fee awards). It also supports a finding that the PCT -- not Berry -- is the prevailing party.

In short, Berry is not entitled to his costs and fees in this matter. The record supports -- and, in fact, demands -- a finding that the PCT was the prevailing party in this litigation. Accordingly, the PCT requests that the Court find that the PCT is the prevailing party, and deny Berry all costs and attorney's fees.

### III.   The Court Should Award The PCT Attorney's Fees On The Trade Secret Claim

Berry also objects that the Court should not award the PCT costs and attorney's fees for successfully defending against his specious trade secret claim. Because Berry failed to provide even one shred of evidence to support his trade secret claim, his objection -- like his trade secret claim itself -- falls flat.

The Hawai'i Revised Statutes allow courts to award reasonable attorney's fees to a defendant prevailing on a misappropriation of trade secret claim if the plaintiff's claim is made in bad faith. *See* Haw. Rev. Stat. § 482B-5. For purposes of the statute, bad faith is evidenced by "objective speciousness of the plaintiff's claim and its subjective misconduct in bringing or maintaining a claim." *Gemini Aluminum Corp. v. Cal. Custom Shapes, Inc.*, 116 Cal. Rptr. 2d 358, 367 (Ct. App. 2002) (interpreting the Uniform Trade Secrets Act upon which the Section 482B-5 of the Hawai'i Revised Statutes is based). Courts have found that a party's failure to present evidence in support of its trade secret claim establishes the objective speciousness of its claim. *See Contract Materials Processing, Inc. v. Kataleuna GmbH Cataylsts*, 222 F. Supp. 2d 733, 745 (D. Md. 2002) (interpreting the Uniform Trade Secrets Act upon which the Hawai'i law is based).

In its June 27, 2005, summary judgment order, this Court found that Berry did not present *any* evidence to support his misappropriation of trade secret claim. Specifically, the Court found:

11

- "Berry has not presented *any evidence* that [any of the files that were on the computers] had any independent economic value from not being generally known."  6/27/05 Summary Judgment Order at 32.

- "Berry presents *only argument, not evidence*, in response to Guidance's explanation . . .."  *Id*. at 33.

- "There is *no evidence* that Guidance tried to mislead the Court."  *Id.*

- "Berry does not establish *any material issue of fact* for trial with respect to his trade secret claims."  *Id.*

The record is clear that Berry's claim -- a claim not supported by *any* evidence -- was objectively specious.[5]

But while there is no evidence to support the merits of Berry's claim, the evidence of his subjective misconduct in prosecuting the claim abounds.  In fact, Berry's continued pursuit of this claim *after it had been dismissed by the Delaware Bankruptcy Court* is highly indicative of subjective misconduct.  Just one month after filing his Second Amended and Verified Complaint -- where he first raised his trade secret claim -- Berry litigated the fundamental substance and value of that claim in the Delaware Bankruptcy Court in an attempt to defeat Fleming's plan of reorganization.[6]  The Bankruptcy Court held a lengthy hearing to consider the

---

[5] Berry makes much of the fact that he has appealed the Court's ruling that he did not provide evidence in support of his trade secret claim.  This appeal does not change the existing record in this case, which demands a finding of bad faith.

[6] At the time of plan confirmation, Berry had asserted a $50 million administrative claim.  If this claim had been allowed, Fleming would have been unable to confirm its proposed plan of reorganization and satisfy creditor claims.  Accordingly, the Bankruptcy Court needed to estimate the *maximum*

12

validity of his claim, taking and considering evidence and testimony (presented predominantly by Fleming, as Berry had no evidence to present).[7]  Notably, as part of that hearing, Mark Dillon testified regarding Guidance and Fleming's inadvertent failure to remove all of Berry's software from Fleming computers before transferring them to C&S -- the crux of Berry's trade secret claim.  *See* Brady Dec., Ex. D at 93:22-96:20.  At the conclusion of that hearing, and after giving Berry ample opportunity to present *any* claim for damages relating to Fleming's alleged transfer of Berry's software to C&S, the Bankruptcy Court found:

> With respect to any alleged damages for a sale to C&S, there is no evidence of a sale to C&S.  The asset purchase agreement specifically does not include the software.  My ruling at the hearing on approval of the asset purchase agreement made it clear that there was no sale of Mr. Berry's software.  So nothing can be attributed to any value the debtor received as a result of any sale of the software.

*See* Brady Dec., Ex. D at 174:13-19.  Ultimately, the Bankruptcy Court ruled that Berry's only potentially viable administrative (i.e., post-bankruptcy) claim -- his claim for Fleming's modification of Berry's original software -- was worth no more than $100,000.  *Id.* at 174:19-20.

---

potential value of any claim Berry may have had against Fleming before it could confirm Fleming's plan.

[7]  During that hearing, Mr. Berry could not point to *any evidence* that supported the fact that Mr. Berry's software had any independent value.  *Id.* at 165:6-7 ("But to prove your case you have to give me more than just argument"); *Id.* at 166:3-4 ("I need evidence to estimate your claim . . .").

13

Berry left the Bankruptcy Court defeated and came back to this Court to take a second bite at the apple, knowing full well that his trade secret claim was without merit (and that his other claims were worth a pittance of what he claimed). Nonetheless, Berry pressed on, increasing his claimed damages and harassing the PCT in a transparent attempt to extort a greater settlement. Under these circumstances, it is evident that Berry brought his trade secret claim in bad faith.

Moreover, Berry's prosecution of his unsubstantiated trade secret claim is but one of many instances of his bad faith -- as evidenced by his unrelenting, vexatious litigation tactics. As detailed at length in the PCT's motion for costs and fees, Berry has continually harassed Fleming and the PCT with baseless claims. For example, during the course of this litigation, Berry has alleged:

- that the PCT (a grantor trust) is operating and scheming to sell outdated "re-pasteurized" milk to Hawaii consumers;

- that Fleming and its counsel are involved with a smuggling conspiracy and/or organization "with a propensity for decapitating missionaries;"

- that Fleming has connections to terrorist organizations;

- that Fleming has engaged in trafficking of illegal firearms; and

- that Fleming is/was behind a scheme to overcharge Hawaii consumers, using Berry's FCS logistics software.[8]

---

8   *See Defendant Post-Confirmation Trust's Motion For Attorneys' Fees and Costs* at 7-9.

Berry has not proven and cannot prove even one of these allegations -- they are all patently false. His addiction to dreaming up and asserting unsubstantiated, false claims cannot go undeterred. An award of attorney's fees to the PCT is necessary and appropriate.

**IV.   Conclusion**

In light of the clear record in this case, the PCT urges the Court to find that the PCT is prevailing party with respect to the copyright claims, to award the PCT appropriate costs and fees, and to deny Berry's request for costs and fees. The PCT further urges the Court to adopt the Magistrate's recommendation to award the PCT fees for its successful defense of the trade secret claim. The PCT's complete victory -- and Berry's indisputable defeat -- may be the only way to end this seemingly endless torrent of litigation once and for all.

DATED: Honolulu, Hawaii, February 8, 2007.

/s/ Thomas H. Yee
_____
KOBAYASHI, SUGITA & GODA
Lex R. Smith (659-0)
Thomas H. Yee (7344-0)
Suite 2600 First Hawaiian Center
999 Bishop Street
Honolulu, HI  96813
Telephone:   (808) 539-8700
Facsimile:     (808) 539-8799

    and

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:   (213) 680-8400
Facsimile:     (213) 680-8500

Co-Counsel for the Post Confirmation Trust for Fleming Companies, Inc.