**EXHIBIT A**

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE


IN RE:                              . Case Nos. 03-10945(MFW)
                                    .
                                    . (Jointly Administered)
FLEMING COMPANIES, INC.,            .
et al.,                             . 824 Market Street
                                    . Wilmington, Delaware  19801
                                    .
             Debtors.               . January 23, 2007
. . . . . . . . . . . . . . . . . . . 11:49 a.m.


                       TRANSCRIPT OF HEARING
           BEFORE HONORABLE MARY F. WALRATH, CHIEF JUDGE
                 UNITED STATES BANKRUPTCY COURT


APPEARANCES:

For the PCT:                Pachulski, Stang, Ziehl, Young,
                             Jones & Weintraub, P.C.
                            By:  LAURA DAVIS JONES, ESQ.
                            919 North Market Street
                            17th Floor
                            P.O. Box 8705
                            Wilmington, DE  19899

                            Pepper Hamilton, LLP
                            By:  DAVID M. FOURNIER, ESQ.
                            Suite 5100
                            1313 Market Street
                            Wilmington, DE 19899

Audio Operator:             Ken Brown

   Proceedings recorded by electronic sound recording, transcript
               produced by transcription service.
```

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
E-Mail:  jjcourt@optonline.net

(609) 586-2311   Fax No.   (609) 587-3599

1  waterfall, then they don't need to file this motion.  But Core-
2  Mark recognizes, and in some sense C&S recognizes in their
3  reservation of rights at paragraph 9, of the lingering
4  uncertainty of the outcome of the case in Hawaii.  If it is
5  reversed just as to profits, Your Honor, the PCT barely has
6  enough money today to pay Mr. Berry.  If it is reversed as to
7  C&S, again noting that the jury found that weekly use of Mr.
8  Berry's system was $9,000 in license fees for five users -- if
9  C&S has put this in their system company wide and using it for
10 three years when fee is reversed, I don't think anyone would
11 argue there's going to be enough money left to pay that claim.
12        Now, we've been here many times, Your Honor.  They
13 keep trying to get rid of Mr. Berry, and if the Court doesn't
14 find that there is grounds or even a right to get rid of the
15 waterfall -- and you're listening to -- I believe it was Mr.
16 Wynne -- there's no need to, because Mr. Berry's claim isn't
17 worth anything, then leave the waterfall in place, do what the
18 Court wants to do with the stock distribution, and if the Court
19 accepts Core-Mark's position, there shouldn't be any
20 distribution.  Thank you, Your Honor.
21        THE COURT:  Well, I don't know how long Mr. Berry
22 gets to hold hostage all of the other creditors.  I've already
23 estimated his administrative claim at $100,000, and there are
24 sufficient reserves for that.  I don't think there's any reason
25 to hold up distribution of cash to the other unsecured

1  creditors or two unsecured creditors on the remote possibility
2  that Mr. Berry is going to win on appeal.
3           MR. HOGAN:  Your Honor, Timothy Hogan.  If that were
4  the case then, Your Honor, I would ask the Court to leave the
5  waterfall -- the guaranty in play, in any event, (1) on the
6  grounds that it's already res judicata, and (2) it has no
7  bearing on anybody other than Mr. Berry, and perhaps Core-Mark.
8  Then the distribution can be made to the other creditors -- to
9  the unsecured creditors, and --
10          THE COURT:  Well, it can't -- well, the --
11          MR. HOGAN:  -- that can be addressed.
12          THE COURT:  Mr. Hogan, the distribution apparently
13 cannot be made to the other creditors until Core-Mark consents
14 or the guaranty is released.
15          MR. HOGAN:  Your Honor, if I may, Timothy Hogan.
16 Let's assume that this was something that the PCT could just
17 get rid of.  Let's assume that to be true.  One hundred eighty-
18 one days after confirmation every PCT, every reorganized
19 debtor, distributing Trustee, whatever you want to call it,
20 says all the obligations that were tied to the reorganized
21 debtors that were part of the plan are now released.  The
22 question I would have, Your Honor -- it's rhetorical -- would
23 anyone ever accept a reorganization from this point on based --
24          THE COURT:  Mr. Hogan --
25          MR. HOGAN:  on the ability --

J&J COURT TRANSCRIBERS, INC.