LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | PLAINTIFF WAYNE BERRY'S |
| | ) | EX PARTE MOTION FOR ORDER |
| HAWAIIAN EXPRESS SERVICE, | ) | GRANTING LEAVE TO FILE |
| INC., a California corporation; et al. | ) | RESPONSE TO DEFENDANT PCT'S |
| | ) | RESPONSE TO PLAINTIFF WAYNE |
| | ) | BERRY'S LIMITED OBJECTION TO |
| | ) | THE REPORT OF SPECIAL |
| | ) | MASTER FILED BY FLEMING |
| | ) | COMPANIES, INC. |
| | ) | |
| Defendants. | ) | |
| | ) | Judge: Honorable Susan Oki Mollway |
| | ) | |
| | ) | NON HEARING |
| _____ | ) | |

PLAINTIFF WAYNE BERRY'S
EX PARTE MOTION FOR ORDER GRANTING LEAVE TO FILE RESPONSE
TO DEFENDANT PCT'S RESPONSE TO PLAINTIFF WAYNE BERRY'S
LIMITED OBJECTION TO THE REPORT OF SPECIAL MASTER
FILED BY FLEMING COMPANIES, INC.

Comes now Plaintiff Wayne Berry ("Plaintiff"), by and through his undersigned counsel and hereby respectfully moves *ex parte* for an order granting him leave to address the reply filed by the Fleming Companies, Inc. Post Confirmation Trust ("PCT").

This *ex parte* motion is brought on the grounds that in the Court's Order Denying Plaintiff Wayne Berry's Motion for Order Withdrawing the Reference to the Magistrate Judge of Post-Trial Motion Related to Attorneys' Fees and Costs, filed on November 29, 2006 (Docket No. 1016), the Court ordered as follows: "Briefs remain due on the normal ten-day schedule for nonhearing matters, with no reply memoranda." A true and correct copy of that Order is attached to the Declaration of Timothy J. Hogan as Exhibit "A" at page 3 (emphasis added).

On December 4, 2006, the Magistrate Judge filed the Report of Special Master on Plaintiff Wayne Berry's Motion for Attorney Fees and Full Costs; Defendant Post-Confirmation Trust's Motion f or Attorneys's Fees and Cost; and Defendant Employees' Motion for Attorneys Fees and Costs (the "Report")

(Docket No. 1017).   On December 14, 2006, Mr. Berry timely filed his limited objection seeking to adopt parts of the Report and objecting to other parts.   No defendant filed a timely request to adopt or object to the Report.   That matter remains pending and hearing on that matter is set for February 26, 2007.

Despite this Court's November 29, 2006 Order that addressed the timing of memoranda, on December 22, 2006, more that ten days from December 4, 2006, the PCT filed its Objection to the Special Master's Report.  (Docket No. 1018). Now, in direct violation of the Court's order that there be no reply filed, and despite having earlier filed its out of time Objection (that afforded it an unwarranted opportunity to reply to Mr. Berry's limited objection) on February 8, 2007, without leave, the PCT filed Defendant PCT's Response to Plaintiff Wayne Berry's Limited Objection to the Report of Special Master Filed by Fleming Companies, Inc. (the "PCT Reply).   Evidencing knowledge that the PCT Reply was prohibited, the PCT coyly termed it a "response."   This document is nothing more than a reply that, in violation of the local rules, adds additional materials related to C&S and the Delaware proceedings that Mr. Berry must, out of fairness be able to address.   The addition to this record of these materials at this juncture is intended to prejudice the Plaintiff while Plaintiff and his counsel is bound by the earlier Order.   This prejudice will only be compounded if the Court does not

permit a hearing to go forward regarding the Master reports related to fees and costs.

For the reasons stated, Mr. Berry request that he be granted leave to file a response to the PCT Reply and states his desire to be heard on these matters. In addition, this Court should consider disciplinary sanctions against the PCT counsel for their brazen disregard of this Court's November 29, 2006 Order.

DATED: Honolulu, Hawaii, February 9, 2007.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN