IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A |
| vs. | ) ) | REPLY MEMORANDUM IN SUPPORT OF HIS OBJECTIONS TO THE |
| HAWAII EXPRESS SERVICE, INC., a California corporation; et al. | ) ) ) ) | REPORT OF SPECIAL MASTER AND FOR SANCTIONS BUT ALLOWING PLAINTIFF TO FILE A RESPONSE TO PCT'S OBJECTIONS |
| Defendants. | ) ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE
A REPLY MEMORANDUM IN SUPPORT OF HIS OBJECTIONS TO THE
REPORT OF SPECIAL MASTER AND FOR SANCTIONS BUT ALLOWING
<u>PLAINTIFF TO FILE A RESPONSE TO PCT'S OBJECTIONS</u>

On December 4, 2006, Magistrate Judge Leslie E. Kobayashi filed the Report of Special Master ("the Report") on various motions for attorneys' fees and costs.  On December 14, 2006, Plaintiff Wayne Berry ("Berry") filed his objections to the Report, and on February 8, 2007, Defendant Post Confirmation Trust ("PCT") filed its response to Berry's objections.  On December 22, 2006, PCT filed its objections to the Report, but Berry has not filed a response to PCT's objections.

On February 9, 2007, Berry filed the present motion, arguing that PCT's objections were untimely and that PCT was prohibited from filing its response.  Berry contends that, in light of PCT's actions, he should be granted leave to file a reply to PCT's response and that the court should "consider disciplinary sanctions against the PCT counsel for their brazen

disregard of this Court's November 29, 2006 Order." The court denies both requests.

Under 28 U.S.C. § 53(g)(2), a party may file objections to a master's report "no later than 20 days from the time the master's order, report, or recommendations are served, unless the court sets a different time." In this court's order of November 29, 2006 ("the Order"), the court intended to "set a different time" by stating that objections to the Report "remain due on the normal ten-day schedule for nonhearing matters, with no reply memoranda." The court intended that the parties comply with Local Rule 74.2, which concerns objections to magistrate judges' findings and recommendations, in determining when their objections to the Report were due. However, the court acknowledges that its intent may have been unclear, causing the parties to rely instead on 28 U.S.C. § 53(g)(2) for determining when their objections were due. Adding to the situation, staff with the Clerk of Court noted in the docket sheet a due date of December 26, 2006, for filing objections. See Docket Sheet at Document No. 1017. Under these circumstances and in fairness to the parties, the court considers any objection filed within the time allowed under 28 U.S.C. § 53(g)(2) to be timely.

Under 28 U.S.C. § 53(g)(2), parties may file objections to a master's report within "20 days from the time the master's [report is] . . . served." Additionally, when service of the

report is made by electronic means, "3 days are added after the prescribed period would otherwise expire." See Fed. R. Civ. P. 6(e) ("Whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a)."); see also Fed. R. Civ. P. 5(b)(2)(D) (discussing service made by "electronic means"). Because the Report was electronically filed and served on December 4, 2006, under 28 U.S.C. § 53(g)(2), PCT's objections were due 23 days later, on December 27, 2006. Therefore, the court deems timely PCT's objections filed on December 22, 2006.

      Berry also argues that PCT was not allowed to file its response to his objections. Berry relies on the following statement in the Order: "Briefs remain due on the normal ten-day schedule for nonhearing matters, <u>with no reply memoranda</u>." Ex. A (attached to Motion) at 3 (emphasis added). As mentioned above, the court intended that this statement refer the parties to Local Rule 74.2, which authorizes the filing of responses, but prohibits the filing of reply memoranda without leave of court. <u>See</u> LR 74.2. Berry contends that PCT's response "is nothing more than a reply." Motion at 3. As the terms are used in Local Rule 74.2, however, "responses" are filed in opposition to objections, and "replies" are filed in support of objections. Because PCT's response clearly opposes Berry's objections and does not support

them, PCT's February 8, 2007, filing is a "response," not a "reply," as those terms are used in Local Rule 74.2.  PCT's response was therefore authorized and not prohibited.

Berry's assertions in the present motion and the absence of a response to PCT's objections indicate that he may have mistakenly thought that he was prohibited from filing a response to PCT's objections.  As explained above, responses to objections are allowed under the Local Rules, but reply memoranda are not.  The court therefore denies Berry's request to file a reply to PCT's response, but Berry may file a response to PCT's objections by noon on February 16, 2007.

The court agrees with Berry's final argument that PCT's response to Berry's objections is untimely.  PCT appears to have thought its deadline was 18 days before the hearing, notwithstanding this court's setting of a nonhearing briefing schedule.  Although PCT's untimeliness prejudices the court by affording the court less review time, it is not prejudicial to Berry, as he may not file a reply to PCT's response.  The court therefore declines to sanction PCT for filing an untimely response.

                IT IS SO ORDERED.

                DATED:  Honolulu, Hawaii, February 12, 2007.



_____
Susan Oki Mollway
United States District Judge

**Berry v. Hawaiian Express Service, Inc., et al.**, Civ. No. 03-00385 SOM/LEK; ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM IN SUPPORT OF HIS OBJECTIONS TO THE REPORT OF SPECIAL MASTER AND FOR SANCTIONS BUT ALLOWING PLAINTIFF TO FILE A RESPONSE TO PCT'S OBJECTIONS.