# Exhibit
# 2

LYNCH ICHIDA THOMPSON KIM & HIROTA

WESLEY W. ICHIDA 1079-0
TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | **Civ. No. CV03 00385 SOM-LEK** |
| | ) | **(Copyright)** |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF TIMOTHY J.** |
| vs. | ) | **HOGAN IN SUPPORT OF** |
| | ) | **PLAINTIFF WAYNE BERRY'S** |
| HAWAIIAN EXPRESS SERVICE, | ) | **MOTION FOR AWARD OF** |
| INC., a California corporation; et al. | ) | **ATTORNEY'S FEES AND FULL** |
| | ) | **COSTS; EXHIBITS "1" TO "11"** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**AFFIDAVIT OF TIMOTHY J. HOGAN IN
SUPPORT OF PLAINTIFF WAYNE BERRY'S MOTION FOR
AWARD OF ATTORNEYS' FEES AND FULL COSTS**

| | |
|---|---|
| STATE OF HAWAII | ) |
| | ) SS: |
| CITY AND COUNTY OF HONOLULU | ) |

I, TIMOTHY J. HOGAN, declare as follows:

1.    I am an attorney with the law firm of Lynch Ichida Thompson Kim & Hirota, representing Plaintiff in the above matter and am duly qualified to practice law in the State of Hawaii.  I make this declaration based on personal knowledge and I am competent to testify about the matters set forth in this declaration.

2.    I am the attorney with primary responsibility in respect to the above-entitled case.  I was first admitted in 1990 and have been practicing primarily in both the  Bankruptcy Court  and United States District Court in litigation matters for my entire career.

3.    I performed most of the pre-trial work in this matter.

4.    Attached hereto as Exhibit "1" (A) is a true and correct listing of all of the time and hourly rates of the respective attorneys and para-professionals who incurred time in regard to this case.   Exhibit "1" (B) is a true and correct listing of all costs related to in-house copy charges, facsimile, long distance and postage charges. These were all necessary costs of this case necessarily incurred.

5.    My customary hourly rate is $200.00.  I believe that this rate is fair and reasonable and in fact on the low end of attorneys with 15 years of trial experience in complex litigation.

6.    The billing rate for Mr. Wesley W. Ichida, who assisted with

2

portions of the trial and did some work while I was on vacation is at a rate of $250.00 an hour which is well within the range of reasonablenes for an attorney with over 35 years of litigation experience.

7.    There are hours of paralegal time which is billed at $65 an hour which is commensurate with and in fact on the low end of paralegal's rates in Honolulu.

8.    The time is listed in Exhibit 1(A) is by the categories listed in LR 54.3.

9.    I have reviewed and approved the time and cost charges set forth in itemization of work performed and the expenses incurred that to the best of my knowledge information and belief were reasonable and necessary.

10.    No billing adjustments were made after the time was imputed into the computer.  However, adjustments were made by me prior to any time being imputed into the computer.  For example, hours spent in being educated by the client concerning software programming was not charged or logged in.  The same is true with respect to Mr. Ichida who spent time being educated as to computer issues which time was simply not logged since it was not intended to be billed.  This is in keeping the general procedure for the law firm.

11.    Attached hereto as Exhibits "2 "A" to "E" are the proof of outside

3

expenses and costs incurred by the Plaintiff Wayne Berry in this matter with the description of each expense.

12. I have reviewed the expenses and costs incurred in this case and believe that they are accurate and reasonable under the circumstances. In particular all the transcripts from pre-trial hearings, depositions, copy costs, exhibits preparation costs, trial expert costs as well as the trial transcript were all necessary and used in preparation for motions and the trial.

13. The time and fees spent for the Computer-Discovery Master and mediators should be paid entirely by Defendant Fleming since Defendant Fleming failed to cooperate in producing full and accurate copies of their program until February 7, 2006. In addition, after the Master required things to be produced, Defendant Fleming produced discs which were oftentimes incomprehensible, incomplete and redacted. This necessitated further meetings and time spent and charged by the Discovery Master.

14. Attached hereto as Exhibit "3" is a true and correct copy of an email dated May 1, 2003 from me to Damian Capozzola. In the beginning of the period after the commencement of the Fleming bankruptcy, I attempted to negotiate a reasonable license fee with Fleming's attorneys but they did not respond.

4

15.   Attached hereto as Exhibit "4" is a true and correct copy of an email dated May 9, 2003 that was admitted as Trial Exhibit 103.

16.   Attached hereto as Exhibit "5" is a true and correct copy of an email dated May 6, 2003 that was admitted as Trial Exhibit 78.

17.   Attached hereto as Exhibit "6" is a true and correct copy of an email dated September 10, 2003 from me to Damian Capozzola. I wrote the email after a telephone conference with Mr. Capozzola were I proposed dismissal of all claims against Fleming in exchange for an injunction and return of Mr. Berry's works.

18.   Attached hereto as Exhibit "7" is a true and correct copy of an order of the United States Bankruptcy Court for the District of Delaware in *Fleming Companies, Inc. v. Wayne Berry*, Adv. Proc. No. 03-54809-MFW (Bankr. Del.).

19.   Attached hereto as Exhibit "8" is a true and correct copy of a letter dated February 9, 2004 from me to the Employee Defendants' attorney Lyle Hosoda, Esq., proposing a settlement for no money only an agreed injunction. Mr. Hosoda requested that I provide him with a full set of settlement documents. I have a set drafted on my system, but as I recall the case went to mediation and

there was no settlement offers made as a counter.

20.    Attached hereto as Exhibit "9" is as a true and correct copy of letter dated November 4, 2005from me to the Employee Defendants' attorney Lyle Hosoda, Esq. proposing a settlement for a share in the fees and costs and an injunction. I do not recall and have no record of receiving any response from Mr. Hosoda regarding my offer.

21.    Attached hereto as Exhibit "10" is a s a true and correct copy of letter dated November 4, 2005from me to the PCT's attorney Eric Liebeler, Esq. proposing a settlement for a share in the estimated fees and costs that would be incurred through trial and an injunction. I do not recall and have no record of receiving any response from Mr. Liebeler regarding my offer.

22.    Attached hereto as Exhibit "11" is a s a true and correct copy of letter dated November 4, 2005 from me to C&S' attorney Lex Smith, Esq. proposing a settlement for an agreement to waive any right to appeal the spreadsheet infringement ruling for an agreement from C&S to return Mr. Berry's works that were left on the computers sold by Fleming.  I received a call from Mr. Smith who inquired about the terms of such an offer but there was no formal counter proposal, written or otherwise to the best of my recollection.

6

I hereby declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

DATED: Honolulu, Hawai'i, March 15, 2006.

TIMOTHY J. HOGAN

Subscribed and sworn to before me this
15th day of March .

Jane Sung

Notary Public, State of Hawaii

My commission expires: 3/18/2009

7