# Exhibit 6

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------x
:   Chapter 11
In re:                                            :
FLEMING COMPANIES, INC., et al.,                  :   Case No. 03-10945 (MFW)
                                                  :   Jointly Administered
         Debtors.                                 :
                                                  :   Obj. Deadline: Jan. 18, 2007 (extended by PCT)
                                                  :   Hearing Date: January 23, 2007 at 10:30 a.m.
                                                  :
                                                  :   Ref. No. 13382
---------------------------------------------------------x

**C&S WHOLESALE GROCERS, INC.'S AND C&S ACQUISITION, LLC'S RESPONSE AND RESERVATION OF RIGHTS WITH RESPECT TO THE PCT'S MOTION FOR AN ORDER IN AID OF IMPLEMENTATION OF THE PLAN**

C&S Wholesale Grocers, Inc. and C&S Acquisition, LLC ("C&S") hereby file this reservation of rights with respect to the Post Confirmation Trust's (the "PCT") Motion for an Order in Aid of Implementation of the Plan ("Motion") and in support respectfully represent the following:

**BACKGROUND**

1. Fleming Companies, Inc. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") on April 1, 2003 (the "Petition Date").

2. On July 7, 2003, certain of the Debtors entered into an Asset Purchase Agreement ("APA") with C&S dated July 7, 2003. The APA was subsequently amended by three letter agreements, one dated August 4, 2003 and two dated August 23, 2003.

**The Hawaii Action**

3. On July 22, 2003, Wayne Berry ("Berry") filed case number CV03 00385 SOM-

369.001-15235.DOC

LEK (the "Hawaii Action") entitled *Wayne Berry v. Hawaiian Express Services, et al.* in the United States District Court for the District of Hawaii ("Hawaii Court") against the PCT and C&S among other defendants.

4. On June 27, 2005, the Hawaii Court entered summary judgment in favor of the PCT and C&S dismissing a number of Berry's claims. On March 9, 2006, the jury in the Hawaii Action awarded Berry $57,534 in damages for Berry's claims that survived summary judgment.

5. Both Berry and the PCT, along with other defendants, filed motions for attorneys' fees. The motions were referred to a Special Master for the Hawaii Court. On December 8, 2006, the Special Master issued its opinions granting Berry costs in the amount of $19,986.42. The Special Master further granted the PCT fees and costs in the amount of $83,051.30. On December 14, 2006, Berry filed an objection to the Special Master's opinion on attorneys' fees.

**C&S' Indemnification Rights**

6. C&S has been made a party to the Hawaii Action through its purchase of certain of the Debtors' assets under the APA. APA sections 13.1 and 13.3(g) as supplemented or amended by one of the August 23, 2003 letter agreements, impose an indemnification obligation on the PCT for certain losses that may be suffered by C&S. C&S contends that any losses it may incur relating to the Hawaii Action and the pending appeal are covered by this indemnification obligation.

7. While C&S and the PCT recently reached a confidential settlement of many of their outstanding issues, the PCT has not been released from the indemnification provisions of the APA and such protections continue to be enforceable by C&S.

8. On December 4, 2006, the PCT filed its Motion for an Order in Aid of Implementation of the Plan seeking to have the Court: (i) approve its estimate of allowed general

unsecured claims in the amount of $2.4 billion with a corresponding reserve for disputed claims in the amount of $164 million; (2) authorize a cash distribution in the amount of approximately $57.5 million, which is roughly equivalent to a 2½ cent distribution on every dollar of the allowed unsecured claims; and, (ii) authorize a release of Core-Mark's guaranty of certain of the Debtors' administrative expense liability.

**RESERVATION OF RIGHTS**

9.   C&S does not object to the relief requested in the Motion. However, given the ongoing litigation with Mr. Berry and the lingering uncertainty of its outcome C&S does not want its acquiescence in the Motion to be asserted later as basis for denying C&S any of its rights, claims or defenses against PCT. C&S files this reservation of rights to preserve all of its rights, claims, defenses and causes of action against the PCT, including, but not limited to, indemnification rights and claims with relation to the APA, the August 23 letter agreement, the confidential settlement agreement and other relevant documents.

10.   C&S reserves all rights with respect to all rights, claims, defenses and causes of action it may have now or in the future against the PCT or any other person or entity, including, but not limited to, (a) objection(s) to any future distributions sought by the PCT and (b) any and all claims for indemnification by the PCT.

WHEREFORE C&S respectfully requests that any order entered approving the Motion should state that (i) nothing in the Motion shall prejudice C&S' indemnification rights or claims in connection with the relevant agreements; and (ii) granting C&S such other and further relief as the Court deems appropriate.

Dated: January 18, 2007

LANDIS RATH & COBB LLP

*/s/ Richard S. Cobb*
Richard S. Cobb (No. 3157)
Rebecca L. Butcher (No. 3816)
919 North Market St.
Suite 600
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

Counsel for C&S Acquisition LLC
and C&S Wholesale Grocers, Inc.

369.001-15235.DOC