# Exhibit 7

LYNCH ICHIDA THOMPSON KIM & HIROTA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MOV 16 2004

at _____ o'clock and ____ min ____ M.
WALTER A.Y.H. CHINN, CLERK

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF TIMOTHY J. |
| vs. | ) | HOGAN; EXHIBITS "A" TO "D" |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF TIMOTHY J. HOGAN

I, Timothy J. Hogan, an am attorney licensed to practice before all the courts

of the state of Hawaii and  hereby declare under penalty of perjury that the

following is true and accurate to the best of my knowledge and belief.  If called

upon to testify regarding the matters contained herein, I am competent and willing

to do so.

1.    Attached hereto as Exhibit "A" is a true and correct copy of Affidavit

of Damian Capozzola in Support of Debtors' Response to Wayne Berry's

Objection to Debtors' and Official Committee of Unsecured Creditors Third

Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc.

and its Filing Subsidiaries under Chapter 11 of the Bankruptcy Code, filed in *In re*

*Fleming Companies, Inc.*, Bk. No. 03-10945(MFW) (Bankr. Del.) on or about July

16, 2003 (the "Capozzola Aff."). Attached to the Capozzola Aff. as its Exhibit

"Q" was an excerpt of the deposition transcript of Michael Anderson, President of

New Technologies, Inc. ("NTI"). A true and correct excerpt of the Capozzola Aff.

Exhibit "Q" is attached hereto as Exhibit "B."

2.    The day after I spoke with Mr. Michael Anderson, President of NTI, I

called John Dethman, as directed by Mr. Anderson, and left a message for either

he or NTI's attorney to contact me. Later that day I received a call from Jeffrey

Daichman, Esq. Of Kane Kessler in New York. I explained to Mr. Daichman that

my principal concern was the disposition of the copies of Mr. Berry's software

that NTI was contemplating creating. Because Fleming was just weeks from

confirming its plan, I had no way to protect Mr. Berry from an unauthorized

transfer of his original work that Fleming could then claim to have been free from

2

any claims by Mr. Berry as a result of the discharge provisions of the Fleming Third Amended Plan of Reorganization. I informed Mr. Daichman that I would agree to a work with him to obtain an order from the Bankruptcy court to address my concerns so that NTI could complete its work but could not consent to the making of copies of Mr. Berry's work under the circumstances. I believe that my actions were not only correct under the circumstances, but required by my ethical duty to my client.

3.    Later that day Mr. Daichman called and informed me that for "business reasons" NTI had chosen to withdraw from the representation. Mr. Daichman never expressed anything to me that would leave me to believe that he viewed my discussion with Mr. Anderson as threatening or improper.

4.    During the time that both Guidance Software, Inc. ("Guidance") and NTI had been engaged to perform the forensic services related to Mr. Berry, Fleming had on general retainer a computer forensics firm of FTI Consulting, Inc. ("FTI") which firm was engaged in working to comply with the Securities and Exchange Commission ("SEC") investigative demands related to Fleming's computers. Attached hereto as Exhibit "C" is a true and correct copy of an excerpt from the Application pursuant to Fed. R. Bankr. P. 2014(a) for Order Under Section 327(a) of the Bankruptcy Code Authorizing the Employment and

Retention of FTI Consulting, Inc. as Financial Advisors to the Debtors and Debtors in Possession, filed in *In re Fleming Companies, Inc.*, Bk. No. 03-10945(MFW) (Bankr. Del.) on or about April 4, 2003.

5.    I remain firm in my belief that Fleming chose not to use their previously engaged computer forensic firm FTI, and engaged both Guidance and NTI without informing them of the pending SEC formal investigation that upon information and belief had resulted in an order preventing the kind of computer scrubbing that was engaged in by Guidance and contemplated by NTI. I remain firm in my belief that Fleming engaged in an obstruction of justice when it engaged Guidance to destroy the evidence of the computer deletions on the Fleming Kapolei computers.

6.    I did not threaten NTI and suggested that they contact Guidance Software, Inc. to become more fully informed regarding the status of the matters related to Fleming. Each time I have suggested a simple means to establish the contents of the drives at the Fleming-C&S facility my suggestions have been rejected by Fleming and its attorneys.

7.    NTI was professional appointed in the Delaware Bankruptcy proceeding and this matter has been brought before Chief Judge Walrath in Delaware including the playing of the deposition video transcripts of the NTI

personnel at the July 26, 2004 confirmation hearing. Fleming has taken no other

action to my knowledge in the Delaware Bankruptcy Court to sanction or

otherwise raise this issue with Judge Walrath.

8.    I filed the instant Motion for Reconsideration solely to bring to the

Court's attention errors in its findings that I believe meet the test as set forth in

Fed. R. Civ. P. 60 in hopes to avoid the necessity of appealing the ruling.

9.    I have not engaged in attempting to increase or multiply the scope of

these proceedings but have been required to represent my client as required by the

Rule of Professional Conduct.

10.    I remain firm in my belief that my client remains a victim of the

ongoing criminal infringement of his original works and filed the instant motion

for Reconsideration because I respectfully believe that the Court's ruling was

based on manifest error of law and fact.

Executed at Honolulu, Hawai'i, _____ **NOV 1 6 2004** _____.

TIMOTHY J. HOGAN