KOBAYASHI, SUGITA & GODA
Lex R. Smith        3485-0
Thomas H. Yee    7344-0
999 Bishop Street, Suite 2600
Honolulu, Hawaii  96813
Telephone No. (808) 539-8700
Facsimile No.  (808) 539-8799
Email: lrs@ksglaw.com

Counsel for Defendants
C&S Logistics of Hawaii, LLC,
C&S Wholesale Grocers, Inc.,
C&S Acquisitions, LLC,
ES3, LLC and Richard Cohen

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., et al.,<br><br>Defendants.<br><br>_____ | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>**DEFENDANTS C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS, LLC, ES3, LLC AND RICHARD COHEN'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S STATEMENT OF POSITION REGARDING LACK OF JURISDICTION, FILED MAY 17, 2007** |

**DEFENDANTS C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS, LLC, ES3, LLC AND RICHARD COHEN'S MEMORANDUM IN RESPONSE**

## TO PLAINTIFF'S STATEMENT OF <u>POSITION REGARDING LACK OF JURISDICTION, FILED MAY 17, 2007</u>

Mr. Berry's quotation from a case quoting Fed. R. Civ. P. 60(a) is irrelevant, as no one is seeking any relief under that rule.

The Court has awarded certain attorneys' fees in favor of C&S and other prevailing parties. The attorney fee awards are final, enforceable and appealable judgments. They need not be set forth in a separate document. Fed. R. Civ. P. 58(a)(1)(C).

While Plaintiff has appealed, he has not sought a stay of execution. Because there is no stay of execution, the law is clear that C&S is entitled to proceed with collection of its award:

> In the absence of a stay obtained in accordance with Rule 62(d), the pendency of an appeal does not prevent the judgment creditor from acting to enforce the judgment.

11 Wright Miller & Kane §2905; <u>see</u> <u>also</u>, <u>Marino v. Classic Auto Refinishing, Inc. (In re Marino)</u>, 234 B.R. 767, 769-70 (9th Cir. BAP 1999):

> "The general rule is, of course, that a district court cannot act to vacate or modify its orders while an appeal is pending...**Absent a stay, however, district courts have the authority to enforce their orders while an appeal of the underlying enforcement order is pending.**" <u>United States v. Chan</u>, No. CV-92-2965, 1994 WL 398511, at *2 (N.D. Cal. July 21, 1994) (internal citations omitted) (emphasis in original); <u>see also</u> <u>National Labor Relations Board v. Cincinnati Bronze, Inc.</u>, 829 F.2d 585, (6th Cir. 1987) ("although a district court may not expand upon an order after the notice of appeal has been filed, it may take action to enforce its order in the absence of a stay pending appeal").

(emphasis added).

The pendency of the appeal thus has no impact on this Court's power to proceed with enforcement of its fee award. The Court's "power and authority to enter such orders as may be necessary to enforce and effectuate their lawful orders and judgments" (Ying Fong v. Ashcroft, 317 F. Supp.2d 398, 404 (S.D. N.Y. 2004); Marcos Human Rights Litigation, 910 F.Supp. 1470 (D. Hawai'i 1995)) is unaffected by Mr. Berry's appeal.

The form of judgment submitted by C&S is pursuant to the Court's power and authority to enforce the fee award that is already final. Because there is no stay pending appeal, C&S (and all other defendants with fee awards) is entitled to proceed with enforcement of the fee award and the form of judgment that it has submitted is an appropriate step in the enforcement process.

DATED: Honolulu, Hawaii, May 18, 2007.

/s/ Thomas H. Yee
_____
LEX R. SMITH
THOMAS H. YEE
Attorneys for Defendants
C&S Logistics of Hawaii, LLC,
C&S Wholesale Grocers, Inc.,
C&S Acquisitions, LLC,
ES3, LLC and Richard Cohen