LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;  )<br>                              )<br>            Plaintiff,        )<br>                              )<br>    vs.                       )<br>                              )<br>HAWAIIAN EXPRESS SERVICE,     )<br>INC., a California corporation; et al.  )<br>                              )<br>            Defendants.       )<br>_____)  | Civ. No. CV03 00385 SOM-LEK<br>(Copyright) |

PLAINTIFF'S
REPLY TO C&S REGARDING LACK OF JURISDICTION

Plaintiff Wayne Berry respectfully states that C&S admits that there was a final appealable order that was appealed. C&S concedes that it can't proceed with collection without a separate document but the Court of Appeals, not the District

Court, has jurisdiction.

Contrary to C&S, Mr. Berry has not sought a stay because there is no "judgment" to stay. Should the Court act to enter a "judgment," Mr. Berry has ten days to seek a stay pursuant to Fed. R. Civ. P. 62(a).

The simple way to prove that the judgement can't be entered is simply to answer the question of what appeal will address that judgment? The one that has been filed or the one that will have to be again filed if the Court enters a void judgment.

Finally, C&S, apparently not running for employer of the year, makes the argument that Mr. Berry is free to execute on its employees' property. Noteworthy, the boss, Brian Christensen, like C&S, stands to receive a windfall at the employees' expense. If the Court was ever inclined to issue the judgment the only judicious thing to do under the circumstances would be to stay it upon entry.

Dated: Honolulu, Hawaii  May 18, 2007.

>/S/Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff-Appellant
Wayne Berry