KOBAYASHI, SUGITA & GODA
LEX R. SMITH          3485-0
THOMAS H. YEE       7344-0
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone No. (808) 539-8700
Facsimile No.  (808) 539-8799
Email: lrs@ksglaw.com

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
Erin N. Brady (CA Bar No. 215038)
777 South Figueroa Street
Los Angeles, CA  90017
Telephone No. (213) 680-8400
Facsimile No.  (213) 680-8500
Email: mbaumann@kirkland.com
Counsel for Defendant
POST-CONFIRMATION TRUST

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., et al.,<br><br>Defendants.<br>_____ | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>**JOINDER TO DEFENDANTS C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS, LLC, ES3, LLC AND RICHARD COHEN'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S STATEMENT OF POSITION REGARDING LACK OF JURISDICTION, FILED MAY 17, 2007** |

**JOINDER TO DEFENDANTS C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC., C&S ACQUISITIONS, LLC, ES3, LLC AND RICHARD COHEN'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S STATEMENT OF POSITION REGARDING LACK OF JURISDICTION, FILED MAY 17, 2007**

The Post-Confirmation Trust (the "PCT")[1] joins in *Defendants C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, ES3, LLC and Richard Cohen's Memorandum in Response to Plaintiff's Statement of Position Regarding Lack of Jurisdiction, Filed May 17, 2007.*

Wayne Berry's position that he obtained stay pending appeal simply by filing a notice of appeal (divesting the Court of jurisdiction) before the Court entered a formal judgment is absurd.  Federal Rule of Civil Procedure 62 specifically requires a party who wishes to stay of execution of judgment pending appeal to give a supersedeas bond.  Fed. R. Civ. P. 62(d).  Under Berry's rationale, however, a litigant can thwart this rule and achieve the same result simply by filing a notice of appeal immediately upon entry of an

---

[1] The PCT is a trust created pursuant to the *Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code* (the "Plan"), which the United States Bankruptcy Court for the District of Delaware approved on July 26, 2004.  The PCT is responsible for and has the power to administer litigation involving claims by and against Fleming Companies, Inc.

adverse order, thereby divesting the district court's jurisdiction to enter judgment. Neither the Federal Rules of Civil Procedure nor established case law contemplate or sanction this approach. Rather, as C&S points out, courts have consistently found that a trial court may take the administrative actions to carry out its order -- including entry and execution of judgment -- while that order is on appeal. *United States v. Chan*, No. CV-92-2965, 1994 WL 398511, at *2 (N.D. Cal. July 21, 1994); *see also National Labor Relations Board v. Cincinnati Bronze, Inc.*, 829 F.2d 585 (6th Cir. 1987) ("although a district court may not expand upon an order after the notice of appeal has been filed, it may take action to enforce its order in the absence of a stay pending appeal").

    Moreover, Defendants may execute directly on the Court's order awarding attorneys' fees regardless of whether the Court enters the proposed form of judgment. Federal Rule of Civil Procedure 58(a)(1)(C) makes clear that a separate document entering judgment is not required for an order disposing of a motion for attorneys fees. Fed. R. Civ. P. 58(a)(1)(C). In fact, if the order were not final and enforceable absent a formal judgment, Berry's appeal would be premature and would not be effective (as he argues) to divest the Court of jurisdiction. Defendants seek entry of a formal

judgment in this instance pursuant to the Court's power to enforce its fee award simply to reduce any confusion as the execution process proceeds.

In short, the Court may either enter the proposed form of judgment or confirm that the parties are entitled to execute directly on its order disposing of the attorney fee motions. If Berry wishes to stay the Defendants' ability to execute on their fee awards while he prosecutes his appeal, he must post the necessary supersedeas bond.

DATED: Honolulu, Hawaii, May 21, 2007.

*/s/ Thomas H. Yee*
KOBAYASHI, SUGITA & GODA
Lex R. Smith (659-0)
Thomas H. Yee (7344-0)
Suite 2600 First Hawaiian Center
999 Bishop Street
Honolulu, HI  96813
Telephone:  (808) 539-8700
Facsimile:   (808) 539-8799

and

KIRKLAND & ELLIS LLP
Michael E. Baumann (CA Bar No. 145830)
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:  (213) 680-8400
Facsimile:   (213) 680-8500

Co-Counsel for the Post Confirmation Trust for Fleming Companies, Inc.