IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ) ) ) | ORDER DECLINING DEFENDANTS' REQUEST FOR ADDITIONAL ENTRY OF JUDGMENT |
| vs. | ) ) | |
| HAWAII EXPRESS SERVICE, INC., a California corporation; et al. | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER DECLINING DEFENDANTS' REQUEST
FOR ADDITIONAL ENTRY OF JUDGMENT

On May 17, 2007, Defendants C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, ES3, LLC, and Richard Cohen ("Defendants") requested that this court enter an additional judgment concerning the attorneys' fees and costs awarded in the court's March 2, 2007, order adopting and modifying the special master's reports on the parties' motions for attorneys' fees and costs ("the Order"). Defendants argue, "Because there is no stay of execution, the law is clear that C&S is entitled to proceed with collection of its award." Berry objects to any further entry of judgment, contending that he "has not sought a stay because there is no 'judgment' to stay." The court declines Defendants' request.

Under Rule 58(a)(1)(C) of the Federal Rules of Civil Procedure, entry of judgment on "a separate document is not required for an order disposing of a motion . . . for attorney

fees under Rule 54." See also Bonneville v. Kitsap County, No. C06-5228RJB, 2007 WL 1412912, at *1 (W.D. Wash. May 10, 2007) ("Fed. R. Civ. P. 58(a)(1)(C) provides that a separate document entering a judgment is not required when the Court disposes of a motion for attorney fees."). Rather, judgment is entered when such an order "is entered in the civil docket under Rule 79(a)." Fed. R. Civ. P. 58(b)(1).

On March 2, 2007, this court entered the Order, which disposed of the parties' Rule 54(d) motions, in the civil docket. Under Rule 58(b)(1), judgment regarding the motions was therefore entered that same day. Because no separate document is required and because judgment has already been entered, the court declines to enter an additional judgment regarding attorneys' fees and costs.

The court also notes that Berry is mistaken in arguing that he "has not sought a stay because there is no 'judgment' to stay" and that, in any event, he "has ten days to seek a stay pursuant to Fed. R. Civ. P. 62(a)" if the court enters an additional judgment. According to Rule 54(a) of the Federal Rules of Civil Procedure, a "judgment" is defined as "a decree and any order from which an appeal lies." Berry's position that the Order is not a "judgment" is inconsistent with his own appeal from the Order. By appealing the Order, Berry must have been under the impression that the Order was an "order from which an

appeal lies," or a "judgment," as defined by Rule 54(a). Furthermore, this court had no intent to stay the execution of the Order, and no party has requested any stay.  In the absence of any request for a stay under Rule 62 or some equivalent, the ten-day automatic stay began to run on March 2, 2007, and has since expired.  See Fed. R. Civ. P. 62(a).  The Order is no longer stayed.

　　　　　　　　　　IT IS SO ORDERED.

　　　　　　　　　　DATED:  Honolulu, Hawaii, May 21, 2007.

　　　　　　　　　　　　　　　/s/ Susan Oki Mollway
　　　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　　　United States District Judge

**Berry v. Hawaiian Express Service, Inc., et al.**, **Civ. No. 03-00385 SOM/LEK;
ORDER DECLINING DEFENDANTS' REQUEST FOR ADDITIONAL ENTRY OF JUDGMENT.**