IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM-LEK |
| | ) (Copyright) |
| Plaintiff, | ) |
| | ) DECLARATION OF LEX R. SMITH; |
| vs. | ) |
| | ) |
| HAWAIIAN EXPRESS SERVICE, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### DECLARATION OF LEX R. SMITH

LEX R. SMITH declares as follows:

1. I am an attorney licensed to practice law before this Court and I am one of the attorneys representing C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, ES3, LLC and Richard Cohen ("Movants") in this case.

2. Timothy Hogan is counsel of record in this case for the plaintiff Wayne Berry.

3. Pursuant to the Judgment of this Court, Wayne Berry is indebted to C&S Logistics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, ES3, LLC and Richard Cohen in the amount of $84,758.98 plus interest.

4. In May of 2007, I wrote to Mr. Hogan and asked if June 4, 2007 would be a convenient date for Wayne Berry's judgment debtor examination. A true copy of my letter is attached hereto as Exhibit "A." Mr. Hogan did not respond.

5. On May 30, 2007 I followed up on my letter of May 22, 2007 by emailing Mr. Hogan. A copy is attached hereto as Exhibit "B." Mr. Hogan again did not respond.

6. On May 30, 2007 I received the Court's order setting June 28 for Mr. Berry's judgment debtor examination. I emailed a copy to Mr. Berry's counsel of record and wrote asking if June 28 would be a convenient date for Mr. Berry's examination. A copy is attached hereto as Exhibit "C." Mr. Hogan again did not respond.

7. In June of 2007, my staff was advised by the Deputy Sheriff that Mr. Hogan had refused service of the order for judgment debtor examination on the ground that Mr. Hogan allegedly lacked authority to receive service of the order.

8. I e-mailed Mr. Hogan to inquire whether he had actually refused service of the order. Attached as Exhibit "D" is Mr. Hogan's response confirming that he will not accept service and claiming that I am "required to make personal service on the judgment debtor."

9. Under Fed. R. Civ. P. 5(b) service "on a party represented by an attorney is made on the attorney unless the court orders service on the party." Wayne Berry is a party to this proceeding and his counsel of record is Mr. Hogan, therefore service of this Court's order has been made by service on Mr. Hogan.

10. In depositions, Wayne Berry has repeatedly refused to respond to questions asking for his residence address. In July of 2004, Mr. Berry was asked under oath for his address and testified "I can't recall at this time." In February of 2003 he was asked for his address and responded "I will keep that private for now." In 2003, he claimed he claimed Fleming and/or Fleming's counsel had sent gunmen to his house and he feared they would do so again if he divulged his address.

11. Mr. Hogan's email of June 14, 2007 (Exhibit "C") makes it clear that he does not intend to produce Mr. Berry for his judgment debtor examination set for June 28. Accordingly, I respectfully ask that the Court order that service of the Order on Berry's counsel of record is effective and compel Mr. Berry's attendance on June 28.

12. Movants request that this ex parte motion is granted so that Movants can pursue appropriate remedies against Wayne Berry.

The foregoing is true under penalty of perjury.

DATED:  Honolulu, Hawaii, June 15, 2007

_____
LEX R. SMITH