LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
Wayne Berry

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PLAINTIFF WAYNE BERRY'S |
| | ) | MEMORANDUM IN OPPOSITION |
| | ) | TO C&S MOTION TO COMPEL |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, | ) | |
| INC., a California corporation; et al. | ) | HEARING: |
| | ) | |
| | ) | DATE:   July 30, 2007 |
| | ) | TIME:   10:00 a.m. |
| | ) | JUDGE:  Hon. Leslie Kobayashi |
| Defendants. | ) | Magistrate Judge |
| _____ | ) | |

COMES NOW, Plaintiff Wayne Berry, by and through his undersigned counsel, and enters a limited special appearance in regard to the relief sought in the instant motion that seeks to compel the undersigned counsel to accept service for a judgment debtor exam regardless of whether he is authorized or willing to do so.

First, the Order states that it must be served upon the Plaintiff by a police officer, sherif or person designated by either of them. That should resolve the matter because C&S has conceded that it has not complied with the order. Second, as the undersigned has informed the Court, counsel does not believe that Mr. Berry is within the district of Hawaii.   The Hawaii statute that is applied in such post-judgment actions in state and federal court provides a process to proceed against a judgment debtor or other person to conduct a post-judgement examination as follows:

> Any creditor who has obtained a judgment in any court, or the creditor's successor in interest when that interest appears of record, may apply to the court for the issuance of orders, summons, or subpoenas, in order that the judgment debtor, and any other person having any knowledge about the affairs or property of the judgment debtor, may be examined orally before, or as directed by, a judge of the court as to any and what property the debtor owns or has an interest in and what debts are owing to the debtor, and the court may issue such orders, summons, or subpoenas, for the examination of the judgment debtor and any other person having any

> knowledge about the affairs or property of the judgment debtor, and for the production of any books or documents. The examination shall be conducted in the same manner as in the case of an oral examination of witnesses.

Hawaii Rev. Stat. §636-4.

The practice that has been applied in both state and federal court for generations permits the examination upon the issuance of an order directing personal service upon the person sought to be examined thus establishing personal jurisdiction regarding the post-judgment collection proceeding.  The return of service upon the judgment debtor or person with knowledge is a condition precedent to the right to proceed.  The Hawaii statute directs that the "[t]he examination shall be conducted in the same manner as in the case of an oral examination of witnesses."  Federal Rule of Civil Procedure 45 like the Hawaii equivalent limits the Court's ability to compel a witness to travel to attend an examination to within the state's geographic limits.  The Motion seeks to request that the Court ignore the statute, rules and custom and practice and simply rewrite the order that directed personal service be effected.

The only grounds that C&S gives for the request is that under Rule 5, counsel is served with documents filed subsequent to the initial pleadings.  This may hold true regarding documents in the case prior to judgement and notice of

appeal but upon the entry of judgment and the filing of the notice of appeal, jurisdiction of the matters subject to Rule 5 is transferred to the Court of Appeals. More to the point, the relevant Hawaii statute requires procedure not related to "parties" as contemplated by Rule 5, but rather specifically states that the rules related to "witnesses" apply to these post-judgment proceedings.

As to the taking of testimony, the relevant statute and rules related to compelling witness testimony makes it clear that the party seeking the relief must serve the order within the district.  C&S has not complied and the motion must be denied.  Were C&S correct in its reading of the relevant statutes and rules, then Mr. Berry could compel judgment debtors Teresa Noa and the PCT Board to travel to Hawaii for a session with Mr. Berry's counsel at their own expense and should the Court grant the instant motion, Ms. Noa and the PCT board members will be sought immediately to appear to give testimony in aid of Mr. Berry's judgment.

DATED:  Honolulu, Hawaii, July 11, 2007.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN