KOBAYASHI, SUGITA & GODA
Lex R. Smith        3485-0
Thomas H. Yee     7344-0
999 Bishop Street, Suite 2600
Honolulu, Hawaii  96813
Telephone No. (808) 539-8700
Facsimile No.  (808) 539-8799
Email: lrs@ksglaw.com

Counsel for Defendants
C&S Logistics of Hawaii, LLC,
C&S Wholesale Grocers, Inc.,
C&S Acquisitions, LLC,
ES3, LLC and Richard Cohen

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) CIVIL NO. CV03-00385 SOM-LEK<br>) (Copyright)<br>) |
| Plaintiff, | ) |
|  | ) REPLY MEMORANDUM IN |
| vs. | ) SUPPORT OF DEFENDANTS C&S<br>) LOGISTICS OF HAWAII, LLC, C&S |
| HAWAIIAN EXPRESS SERVICE, INC., et al., | ) WHOLESALE GROCERS, INC., C&S<br>) ACQUISITIONS, LLC, ES3, LLC AND<br>) RICHARD COHEN'S MOTION TO |
| Defendants. | ) COMPEL WAYNE BERRY TO<br>) COMPLY WITH ORDER FOR<br>) JUDGMENT DEBTOR<br>) EXAMINATION; DECLARATION OF<br>) ANTHONY SHANNON;<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>) |
| _____ | ) |

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS C&S
LOGISTICS OF HAWAII, LLC, C&S WHOLESALE GROCERS, INC.,
C&S ACQUISITIONS, LLC, ES3, LLC AND RICHARD COHEN'S
MOTION TO COMPEL WAYNE BERRY TO COMPLY WITH ORDER
FOR JUDGMENT DEBTOR EXAMINATION

The law is unambiguous. Rule 5 of the Federal Rules of Civil Procedure, covers "**every order** required by its terms to be served" and Rule 5(b)(1) provides that service "on a party represented by an attorney is made on the attorney." Fed. R. Civ. P. 5 (emphasis added).

Mr. Berry's attorney was served electronically when the document was filed. Moreover, service was again effected when the Sheriff went to Mr. Berry's counsel's office to deliver the document and Berry's counsel refused it. Declaration of Anthony Shannon.

Mr. Berry can cite no legal authority to support his effort to duck service. None of his excuses has merit:

1. Haw. Rev. Stat. §636-4 says nothing to change Rule 5's provision that service on a party's counsel of record is service on the party.

2. No statute or other authority creates a "condition precedent to the right to proceed" merely because the Sheriff has not filed a return of service. Mr. Berry cites no authority for this bald assertion because none exists.

3. The law's provision that the examination (when Mr. Berry appears) will be conducted in the same fashion as an oral examination of

witnesses does not change the fact that the Court's order has been properly served on Berry through service on his counsel of record.

  4. Mr. Berry blatantly misstates the law when he claims that "jurisdiction of the matters subject to Rule 5 is transferred to the Court of Appeals." Because Mr. Berry has not obtained a stay of execution, jurisdiction to proceed with enforcement of the Court's judgment against Mr. Berry remains with this Court: "absent a stay or supersedeas, the trial court also retains jurisdiction to implement or enforce the judgment or order." In re Padilla, 222 F.3d 1184 (9th Cir. 2000). "[T]he district court retains jurisdiction to enforce its judgment so long as the judgment has not been stayed or superseded." American Town Center v. Hall 83 Associates, 912 F.2d 104 (6th Cir. 1990). Jurisdiction remains in this Court and the Federal Rules of Civil Procedure continue to apply to Berry and his counsel of record.

  C&S has never claimed that Berry is required to travel to Hawaii for his examination. Mr. Berry has filed many pleadings in this Court representing that he is a domiciliary of the State of Hawaii. Accordingly, it would be simple enough for Mr. Berry to ask the Court to re schedule his examination on the date when Berry intends to return to Hawaii. If Berry is no longer domiciled in the State, the Court can nevertheless exercise its

jurisdiction over him to order that the examination take place at a different location.

      DATED: Honolulu, Hawaii, July 17, 2007.

KOBAYASHI, SUGITA & GODA    /s/ Thomas H. Yee

                                          _____
                                          BERT T. KOBAYASHI, JR.
                                          LEX R. SMITH
                                          THOMAS H. YEE
                                          Counsel for Defendants
                                          C&S Logistics of Hawaii, LLC,
                                          C&S Wholesale Grocers, Inc.,
                                          C&S Acquisitions, LLC,
                                          ES3, LLC and Richard Cohen