# MINUTES

|  |  |  |  |
|---|---|---|---|
| CASE NUMBER: | CIVIL NO. 03-00385SOM-LEK | | |
| CASE NAME: | Wayne Berry, a Hawaii citizen vs. Hawaii Express Service, Inc, a California corporation, et al. | | |
| ATTYS FOR PLA: | | | |
| ATTYS FOR DEFT: | | | |
| INTERPRETER: | | | |

|  |  |  |  |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 07/24/2007 | TIME: | |

COURT ACTION:  EO: **Court's Inclination to Grant Defendants' Motion to Compel Wayne Berry to Comply with Order for Judgment Debtor Examination**

Defendants C&S Logics of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC, ES3, LLC, and Richard Cohen (collectively "Defendants") filed the instant Motion to Compel Wayne Berry to Comply with Order for Judgment Debtor Examination ("Motion").  They sought to compel Plaintiff Wayne Berry's ("Plaintiff") attendance at his judgment debtor examination on June 28, 2007.  At the examination on June 28, 2007, the courtroom manager made three calls for Plaintiff, with no response.

Lex R. Smith, counsel for Defendants, states in his Declaration that pursuant to the Court's judgment, Plaintiff's debt to them totals $84,758.98 plus interest.  He also represents that Timothy Hogan, counsel of record for Plaintiff, refused service of the order for judgment debtor examination on the grounds that service must be made on Plaintiff.  Defendants have been unable to obtain an address for Plaintiff, as he has repeatedly refused to disclose the same.  Defendants thus request that the Court order that service upon Mr. Hogan is effective under Federal Rule of Civil Procedure 5 and compel Plaintiff's appearance.

On July 11, 2007, Plaintiff, specially appearing, filed an Opposition.  He explains that the Order for Judgment Debtor Examination explicitly requires service upon Plaintiff by a police officer, sheriff or person designated by either of them.  Per Defendants' concession that they did not serve him, Plaintiff argues that the matter is resolved.  Additionally, Mr. Hogan informed the Court that he believes that Plaintiff is not in the district of Hawai`i.

  Plaintiff claims that Hawai`i Revised Statutes ("HRS") § 636-4 governs post-judgment actions. According to Plaintiff, Defendants must first serve him before proceeding with the process set forth in § 636-4. Because the statute directs that the examination of a debtor "shall be conducted in the same manner as in the case of an oral examination of witnesses," Plaintiff proffers that the court may only compel a witness to attend an examination within the state's geographical limits, under the strictures of Federal Rule of Civil Procedure 45.

  On July 17, 2007, Defendants filed a Reply. They assert that Rule 5 covers every order that requires service and provides that service is made on an attorney when a party is so represented. [Reply at 2 (quoting Fed. R. Civ. P. 5).] As such, Defendants maintain that Plaintiff was served through Mr. Hogan both when the document was filed electronically and when the sheriff went to Mr. Hogan's office to deliver the document. Defendants additionally argue that Plaintiff fails to cite legal authority to support his evasion of service. Specifically, HRS § 636-4 does not affect the provisions of Rule 5; no authority creates a condition precedent to the right to proceed merely because the sheriff has not filed a return of service; the provision in HRS § 636-4 that an examination is conducted in the same manner as the oral examination of a witness does not negate the proper service on Plaintiff through his counsel; and Plaintiff mistakenly states that the Court of Appeals has jurisdiction of matters subject to Rule 5. Defendants contend that this Court retains jurisdiction over the enforcement of judgment because Plaintiff has not obtained a stay of execution. As a last point, Defendants suggest that because many of the pleadings filed in this Court indicate that Plaintiff is a domiciliary of Hawai`i, he could request that the examination date be rescheduled when he intends to return to the state. If Plaintiff is no longer domiciled in Hawai`i, however, the Court could exercise jurisdiction over him to order examination in another location.

  Rule 69(a) provides as follows:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed. R. Civ. P. 69(a). Thus, it appears that Rule 69 requires Defendants, as judgment creditors, to obtain a writ of execution in order to enforce their money judgment in this matter. As to the procedure by which to execute the judgment, this Court is inclined to find that it is required to look to applicable state law.

      Hawai`i Revised Statutes § 636-4 provides in relevant part:

> Any creditor who has obtained a judgment in any court . . . may apply to the court for the issuance of orders, summons, or subpoenas, in order that the judgment debtor, and any other person having any knowledge about the affairs or property of the judgment debtor, may be examined orally before, or as directed by, a judge of the court as to any and what property the debtor owns or has an interest in and what debts are owing to the debtor, and the court may issue such orders, summons, or subpoenas, for the examination of the judgment debtor and any other person having any knowledge about the affairs or property of the judgment debtor, and for the production of any books or documents. The examination shall be conducted in the same manner as in the case of an oral examination of witnesses. . . .

Haw. Rev. Stat. § 636-4.

      Hawai`i state law provides that Defendants "may apply to the court for the issuance of orders summons, or subpoenas" in order to have Plaintiff examined about his affairs or property. Id. Plaintiff argues that the Order for Judgment Debtor Examination explicitly requires service upon Plaintiff by a police officer, sheriff or person designated by either of them, and that Defendants have failed to effectuate such service. Hence, Defendants request that this Court order that service upon Mr. Hogan is effective under Fed. R. Civ. P. Rule 5 and compel Plaintiff's appearance. The Court is inclined to GRANT Defendants' Motion for the following reasons:

      Rule 69(a) provides in pertinent part:

> In aid of the judgment or execution, the judgment creditor or successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed. R. Civ. P. 69(a). Federal Rule of Civil Procedure 5(a) provides that "every order required by its terms to be served, every pleading subsequent to the original complaint . . ., every paper relating to discovery required to be served upon a party . . . shall be served upon each of the parties." Fed. R. Civ. P. 5(a). According to subsection (b)(1), service "on a party represented by an attorney is made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1). In reading these rules together, the Court is inclined to find that Rule 69(a) entitles Defendants to obtain discovery from Plaintiff, including the judgment debtor examination process set forth in HRS § 636-4, and that Rule 5(b)(1) directs that service of any order, pleading or paper relating to discovery made on Plaintiff's attorney shall be considered service on Plaintiff as a party to this action.

      The parties should appear at the July 30, 2007 hearing prepared to discuss these issues and/or to direct the Court to controlling case law that either supports or contradicts this matter. The Court notes, this inclination is intended only to help the parties prepare for oral argument and is not the Court's final decision in the matter. Rather, the parties are encouraged to raise relevant case law and/or facts to show the Court why its inclination is mistaken or correct.

Submitted by: Warren N. Nakamura, Courtroom Manager