IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

WAYNE BERRY,                    )    CIVIL NO. 03-00385 SOM-LEK
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
HAWAIIAN EXPRESS SERVICE,      )
INC., ET AL.,                  )
                               )
          Defendants.          )
_____)


**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL WAYNE BERRY
TO COMPLY WITH ORDER FOR JUDGMENT DEBTOR EXAMINATION**

          Before the Court is Defendants C&S Logics of Hawai`i,

LLC's, C&S Wholesale Grocers, Inc.'s, C&S Acquisitions, LLC's,

ES3, LLC's, and Richard Cohen's (collectively "Defendants")

Motion to Compel Wayne Berry to Comply with Order for Judgment

Debtor Examination ("Motion"), filed June 15, 2007.  This matter

came on for hearing on July 30, 2007.  Wesley W. Ichida, Esq.,

appeared and Timothy J. Hogan, Esq., specially appeared on behalf

of Plaintiff Wayne Berry ("Plaintiff").  Lex R. Smith, Esq.,

appeared on behalf of Defendants as well as Fleming Companies,

Inc.  Erin N. Brady, Esq., appeared pro hac vice via telephone on

behalf of Fleming Companies, Inc.  Lyle S. Hosoda, Esq., and

Raina P. B. Gushiken, Esq., appeared on behalf of Defendants

Jacqueline Rio, Mark Dillon, Teresa Noa, Brian Christensen,

Melvin Ponce, Sonia Purdy, Justin Fukumoto, and Afredda Waiolama.

Margery S. Bronster, Esq., appeared on behalf of Defendants

Guidance Software, LLC and Michael Gurzi.  After careful
consideration of the Motion, supporting and opposing memoranda,
and the arguments of counsel, Defendants' Motion to Compel
Wayne Berry to Comply with Order for Judgment Debtor Examination
is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

On May 30, 3007, the Court entered an Order Granting
Defendants C&S Logics of Hawai`i, LLC, C&S Wholesale Grocers,
Inc., C&S Acquisitions, LLC, ES3, LLC, and Richard Cohen's Ex
Parte Motion for Examination of Judgment Debtor Wayne Berry,
which ordered Plaintiff to appear before this Court on June 28,
2007, to examine him about any property he may own, possess or
have an interest in as well as any debts he may owe or be owed.

In filing the instant Motion, Defendants sought to
compel Plaintiff's attendance at his judgment debtor examination
on June 28, 2007.  Lex R. Smith, counsel for Defendants, states
in his Declaration that pursuant to the Court's judgment,
Plaintiff's debt to them totals $84,758.98 plus interest.  He
also represents that Timothy Hogan, counsel of record for
Plaintiff, refused service of the order for judgment debtor
examination on the grounds that service must be made on
Plaintiff.  Defendants have been unable to obtain an address for
Plaintiff, as he has repeatedly refused to disclose the same.
Defendants thus request that the Court order that service upon

2

Mr. Hogan is effective under Federal Rule of Civil Procedure 5 and compel Plaintiff's appearance.

On July 11, 2007, Plaintiff, specially appearing, filed an Opposition. He explains that the Order for Judgment Debtor Examination explicitly requires service upon Plaintiff by a police officer, sheriff or person designated by either of them. Per Defendants' concession that they did not serve him, Plaintiff argues that the matter is resolved. Additionally, Mr. Hogan informed the Court that he believes that Plaintiff is not in the district of Hawai'i.

Plaintiff claims that Hawai'i Revised Statutes ("HRS") § 636-4 governs post-judgment actions. According to Plaintiff, Defendants must first serve him before proceeding with the process set forth in § 636-4. Because the statute directs that the examination of a debtor "shall be conducted in the same manner as in the case of an oral examination of witnesses," Plaintiff proffers that the court may only compel a witness to attend an examination within the state's geographical limits, under the strictures of Federal Rule of Civil Procedure 45.

On July 17, 2007, Defendants filed a Reply. They assert that Rule 5 covers every order that requires service and provides that service is made on an attorney when a party is so represented. [Reply at 2 (quoting Fed. R. Civ. P. 5).] As such, Defendants maintain that Plaintiff was served through Mr. Hogan

3

both when the document was filed electronically and when the sheriff went to Mr. Hogan's office to deliver the document. Defendants additionally argue that Plaintiff fails to cite legal authority to support his evasion of service. Specifically, HRS § 636-4 does not affect the provisions of Rule 5; no authority creates a condition precedent to the right to proceed merely because the sheriff has not filed a return of service; the provision in HRS § 636-4 that an examination is conducted in the same manner as the oral examination of a witness does not negate the proper service on Plaintiff through his counsel; and Plaintiff mistakenly states that the Court of Appeals has jurisdiction of matters subject to Rule 5. Defendants contend that this Court retains jurisdiction over the enforcement of judgment because Plaintiff has not obtained a stay of execution. As a last point, Defendants suggest that because many of the pleadings filed in this Court indicate that Plaintiff is a domiciliary of Hawai'i, he could request that the examination date be rescheduled when he intends to return to the state. If Plaintiff is no longer domiciled in Hawai'i, however, the Court could exercise jurisdiction over him to order examination in another location.

## DISCUSSION

Federal Rule of Civil Procedure 69(a) provides as follows:

4

> Process to enforce a judgment for the payment of
> money shall be a writ of execution, unless the
> court directs otherwise.  The procedure on
> execution, in proceedings supplementary to and in
> aid of a judgment, and in proceedings on and in
> aid of execution shall be in accordance with the
> practice and procedure of the state in which the
> district court is held, existing at the time the
> remedy is sought, except that any statute of the
> United States governs to the extent that it is
> applicable.  In aid of the judgment or execution,
> the judgment creditor or successor in interest
> when that interest appears of record, may obtain
> discovery from any person, including the judgment
> debtor, in the manner provided in these rules or
> in the manner provided by the practice of the
> state in which the district court is held.

Fed. R. Civ. P. 69(a).  Thus, it appears that Rule 69 requires

Defendants, as judgment creditors, to obtain a writ of execution

in order to enforce their money judgment in this matter.  As to

the procedure by which to execute the judgment, this Court finds

that it is required to look to applicable state law.

Hawai'i Revised Statutes § 636-4 provides in relevant

part:

> Any creditor who has obtained a judgment in any
> court . . . may apply to the court for the
> issuance of orders, summons, or subpoenas, in
> order that the judgment debtor, and any other
> person having any knowledge about the affairs or
> property of the judgment debtor, may be examined
> orally before, or as directed by, a judge of the
> court as to any and what property the debtor owns
> or has an interest in and what debts are owing to
> the debtor, and the court may issue such orders,
> summons, or subpoenas, for the examination of the
> judgment debtor and any other person having any
> knowledge about the affairs or property of the
> judgment debtor, and for the production of any
> books or documents.  The examination shall be
> conducted in the same manner as in the case of an

5

oral examination of witnesses. . . .

Haw. Rev. Stat. § 636-4.

Hawai'i state law provides that Defendants "may apply to the court for the issuance of orders summons, or subpoenas" in order to have Plaintiff examined about his affairs or property. Id. Plaintiff argues that the Order for Judgment Debtor Examination explicitly requires service upon Plaintiff by a police officer, sheriff or person designated by either of them, and that Defendants have failed to effectuate such service. Hence, Defendants request that this Court order that service upon Mr. Hogan is effective under Federal Rule of Civil Procedure 5 and compel Plaintiff's appearance.  The Court is persuaded that service upon Mr. Hogan is effective.

Rule 69(a) provides in pertinent part:

In aid of the judgment or execution, the judgment creditor or successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed. R. Civ. P. 69(a).  Federal Rule of Civil Procedure 5(a) provides that "every order required by its terms to be served, every pleading subsequent to the original complaint . . ., every paper relating to discovery required to be served upon a party . . . shall be served upon each of the parties." Fed. R. Civ. P. 5(a).  According to subsection (b)(1), service "on a party

6

represented by an attorney is made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1). In reading these rules together, the Court finds that Rule 69(a) entitles Defendants to obtain discovery from Plaintiff, including the judgment debtor examination process set forth in HRS § 636-4, and that Rule 5(b)(1) directs that service of any order, pleading or paper relating to discovery made on Plaintiff's attorney shall be considered service on Plaintiff as a party to this action. This Court accordingly ORDERS Plaintiff to appear for his judgment debtor examination on August 13, 2007, at 10:30 a.m.

<u>**CONCLUSION**</u>

Based on the foregoing, the Court HEREBY GRANTS Defendants' Motion to Compel Wayne Berry to Comply with Order for Judgment Debtor Examination, filed June 15, 2007. Plaintiff is HEREBY ORDERED to appear personally before the Honorable Leslie E. Kobayashi in her courtroom at the United States District Court for the District of Hawai'i, 300 Ala Moana Boulevard, Honolulu, Hawai'i, at 10:30 a.m. on August 13, 2007 for examination as previously set forth in this Court's May 30, 2007 Order and attached exhibit.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, July 30, 2007.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

WAYNE BERRY V. HAWAIIAN EXPRESS SERVICE, INC., ET AL; CIVIL NO.
03-00385 SOM-LEK; ORDER GRANTING DEFENDANTS' MOTION TO COMPEL
WAYNE BERRY TO COMPLY WITH ORDER FOR JUDGMENT DEBTOR EXAMINATION