TIMOTHY J. HOGAN 5312-0
ATTORNEY AT LAW
1050 Bishop Street, No.433
Honolulu, Hawaii 96813
Tel. No. (808) 382-3698
Fax No. (808) 356-1682
E-mail: tjh@timhogan.com

Attorney for Plaintiff
WAYNE BERRY
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen; ) | Civ. No. CV03 00385 SOM-LEK |
| ) | (Copyright) |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | PLAINTIFF WAYNE BERRY'S |
| ) | STATEMENT OF APPEAL RE: |
| ) | |
| ) | ORDER GRANTING DEFENDANTS' |
| ) | MOTION TO COMPEL WAYNE |
| ) | BERRY TO COMPLY WITH ORDER |
| ) | FOR JUDGMENT DEBTOR |
| HAWAIIAN EXPRESS SERVICE, ) | EXAMINATION FILED ON JULY |
| INC., a California corporation; et al. ) | 30, 2007; EXHIBITS "1" - "3" |
| ) | |
| ) | NON-HEARING: |
| ) | |
| Defendants. ) | JUDGE:    Hon. Susan Oki Mollway |
| _____ ) | |

COMES NOW, Plaintiff Wayne Berry, by and through his undersigned counsel, and enters a limited special appearance on Plaintiff's behalf in regard to the relief sought in the instant motion that seeks to compel a resident of another state to travel to Hawaii to attend a  judgment debtor exam that was served upon counsel through the Court's CM/ECF system.

I.    BACKGROUND.

The facts are not in dispute.  The order directing judgment debtor examination ("JDE Order") (Docket No. 1064) (a copy of which is attached as Exhibit "1") that is the subject of the Magistrate Judge's Order Granting Defendants' Motion to Compel Wayne Berry to Comply with Order for Judgment Debtor Examination ("Order Compelling") (Docket No. 1075)( Exhibit "2") was purportedly served upon the Plaintiff Wayne Berry who the resides on the Mainland, by the Court's CM/ECF system that send an email copy of the order to Mr. Berry's undersigned trial counsel.   The special appearance is for the purpose of contesting in personam jurisdiction based on defective service of process and the constitutionality of the CM/ECF system.  Had the JDE Order been properly served, Mr. Berry would have had the opportunity to demonstrate that C&S, is not the owner of the purported judgment that is noteworthy because the PCT is stayed by

2

the Delaware Bankruptcy Court and by Berry's right offset against the true owner

of the purported judgment.  C&S admits that it didn't even attempt personal service

upon Mr. Berry in the state in which he presently resides.   C&S however, chose to

proceed under Hawaii state procedures.  The JDE Order states that it must be

served upon the Plaintiff by the "Sheriff of the State of Hawai'i or his Deputy or

any Police officer **in the state of Hawaii.**"  Exhibit "1" at page 2 of 6 (emphasis

added).   The Court is respectfully asked to take judicial notice that the Court's

CM/ECF system **is not** a police officer or sheriff in the State of Hawai'i.

The Hawaii statute that is applied in such post-judgment actions in state and

federal court provides a process to proceed against a judgment debtor or other

person to conduct a post-judgement examination as follows:

> Any creditor who has obtained a judgment in any court,
> or the creditor's successor in interest when that interest
> appears of record, **may apply to the court for the
> issuance of orders, summons, or subpoenas**, in order
> that the judgment debtor, and any other person having
> any knowledge about the affairs or property of the
> judgment debtor, may be examined orally before, or as
> directed by, a judge of the court as to any and what
> property the debtor owns or has an interest in and what
> debts are owing to the debtor, and the court may issue
> such orders, summons, or subpoenas, for the examination
> of the judgment debtor and any other person having any
> knowledge about the affairs or property of the judgment
> debtor, and for the production of any books or
> documents. The examination shall be conducted in the
> same manner as in the case of an oral examination of

witnesses.

Hawaii Rev. Stat. §636-4 (emphasis added).

In addition, the Magistrate, in the Order Compelling conceded that as a precondition to seeking the examination, C&S must demonstrate that it has sought and obtained a writ of execution. See Exhibit "2" at page 5. There is no factual dispute that C&S has never sought nor obtained a writ of execution.

The practice that has been applied in both state and federal court for generations permits the examination upon the issuance of a court order directing personal service of process upon the person sought to be examined thus establishing *in personam* jurisdiction regarding the post-judgment collection proceeding as it relates to the judgment debtor. The fact that the caption of the former litigation is used does not mean that this is a continuation of the prior proceeding because that proceeding is now on appeal before the Court of Appeals that has jurisdiction. The collection action is a new proceeding in aid of execution. Execution that the Magistrate admits was necessary and C&S concedes it never had nor attempted.

Under long standing state practice, the return of service upon the judgment debtor or person with knowledge is a condition precedent to the right to proceed. The Hawaii statute directs that the "[t]he examination shall be conducted in the

4

same manner as in the case of an oral examination of witnesses."    Federal Rule of Civil Procedure 45 like the Hawaii equivalent limits the Court's ability to compel a witness to travel to attend an examination to within the state's geographic limits. The JDE Order specifically limited the geographic scope to the State of Hawaii. The Order Compelling ignores the statute, rules and custom and practice and simply rewrites the Magistrate's own JDE Orderr that directed personal service be effected by the Sheriff or his Deputy or any Police Officer **in** the State of Hawaii."

The only grounds that C&S gave (that the Magistrate adopted)  for the request is that under Fed. R. Civ. P.  5, counsel is served with documents filed subsequent to the initial pleading.  Therefore, as counsel of record Mr. Berry's attorney is required to *accept service of process* in this post-judgment proceeding. The relevant Hawaii statute and the JDE Order that the Magistrate issued establish that process issue and it must be personally served in the State of Hawaii.   The Magistrate adopted C&S' view and held that the effective service upon Mr. Berry pursuant to Rule 5 that, there is no dispute,  was only effected in this case  by the Courts's  CM/ECM system.  This not only violated Mr. Berry's right to due process, but also calles into question the constitutionality of the Federal Court's CM/ECF system.  Mr. Berry respectfully believes that the Court need not reach the overall constitutional question regarding the CM/EDM system if the Court simply

5

applies the District Court's own local rules and vacate the order.

II.    DISCUSSION.

When adopting the use of electronic means to file and serve papers in Federal Court proceedings, the United States District Court for the District of Hawaii adopted, as part of the implementing rules, its General Order Amending the Local Rules of Practice for the United States District Court for the District of Hawaii Dated June 21, 2004. This General Order provides that the Magistrate erred because the General Order specifically provides that service of process cannot be effected by the Court's CM/ECF system as follows:

> Pursuant to Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure, a party may serve pleadings and other papers, **other than service of process**, through the court's transmission facilities in accordance with the administrative procedures adopted by a general order of this court. Receipt of the Notice of Electronic Filing generated by the court's Electronic Case Files ("ECF") system shall constitute the equivalent of service of the pleading or other paper on a person or party who has consented in writing to electronic service and who has waived the right to personal service or service by first class mail. To the extent any Local Rule conflicts with this rule and/or the administrative procedures adopted pursuant to this rule, this rule and/or the administrative procedures shall govern.

LR5.4. Electronic Service (emphasis added).

It is well settled that the service of a post-judgment order compelling the

attendance at a judgment debtor examination is commenced via the personal service of process on the judgment debtor. *See Greenberg Traurig Hoffman Lipoff Rosen & Quentel v. Bolton*, 706 So.2d 97 (Fla.App. 3 Dist.,1998) (law firm retained by judgment debtor could not be required to accept service of notice of deposition for debtor as part of judgment creditor's attempts to execute judgment); *Manley Motor Sales Co. v. Kennedy*, 419 N.E.2d 947 (Ill.App.2.Dist. 1981) (in proceeding to enforce judgment, defendant was not properly served with citation to discover assets where defendant was never personally served where only service obtained was on attorneys who represented defendant in original action upon which judgment was based); *Allen v. American Land Research*, 611 P.2d 420( Wash.App.Div.2,1980)(where service of trial court's order for defendant judgment debtor to appear for supplemental proceeding instituted pursuant to statute governing proceedings supplemental to execution was made by delivering such order to defendant's attorney, service was insufficient, as statute was specific in requiring personal service of orders to appear for examination); *Card v. Houghton*, 37 N.Y.S.2d 335 (N.Y.Sup.,1942)(in supplementary proceedings, the order directing the judgment debtor to appear for examination must be personally served); *Bourlier v. Keithley*, 5 N.W.2d 121 (Neb.,1942)(the court, in a proceeding in aid of execution under statute dealing with the method of obtaining an order for

a bill of discovery in aid of execution after issuance of execution, is without power

to make any order having binding force on the judgment debtor, unless the order

for appearance has been served or the judgment debtor has voluntarily appeared in

response to the order).

Moreover, even if the District Court had not adopted a local rule prohibiting

this type of ineffective service, the 9th Circuit has ruled that when state judgment

collection procedures are used (as they were in this case) the state statute regarding

service controls and not the Federal Rules. *See Hilao  v. Estate of Marcos*, 95 F.3d

848  (9th Cir. 1996).  In *Halao*, the Court addressed that application of a California

statute requiring personal service in post-judgment actions.  The case dealt with

service, in-state, unlike this case that is dealing with a person in another state. *See*

Minute Order date June 28, 2007 (Docket No. 1068) where the Magistrate

acknowledges that Mr. Berry is not in Hawaii.  Exhibit "3."[1]  Even if the Court

were to conclude that state practice based on the statute is not controlling, the

manner of service under the federal rules was clearly deficient as well.

> Rule 4(c)(1) [now *Rule 4.1*] requires that a United States
> marshal, deputy marshal, or special appointee serve all
> process other than a subpoena or summons and
> complaint. . . . The proper *manner* of service under *Rule
> 4(c)(1)* is not immediately clear. . . . Other federal rules

---

[1]    This factual finding has not been appealed.

8

> instruct how to serve process in certain situations. . . *Rule 69(a)* states that the procedure for service 'shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.' Consequently, the manner of service on in-state defendants in such proceedings must be derived not from *Rule 4* but from the applicable federal or state statute.

*Hilao* 95 F.3d at 853-4.    Moreover, even the Magistrate concedes that execution is a pre-condition to the relief that C&S has received and there is no dispute that they never sought a writ prior to applying for the instant orders.  On that grounds alone the court should reverse and vacate the Order Compelling.

III.    CONCLUSION.

The new electronic age is full of promise but the Constitution's requirement of due process still controls the manner of service in federal court even when applied to Mr. Berry.  The District Court's own rules say that the Magistrate erred. The Order Compelling  must be vacated.  If C&S seeks to continue in its quest to put Mr. Berry and its smaller competitor Yhata, Ltd.  out of business, it must do so in accordance with due process and seek to examine  Mr. Berry where he presently resides.

DATED:   Honolulu, Hawaii, August 8, 2007.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Wayne Berry