421768

KOBAYASHI, SUGITA & GODA
LEX R. SMITH     3485-0
THOMAS H. YEE       7344-0
999 Bishop Street, Suite 2600
Honolulu, Hawaii  96813
Telephone No. (808) 539-8700
Facsimile No.  (808) 539-8799
Email: lrs@ksglaw.com

Counsel for Defendants
C&S Logistics of Hawaii, LLC,
C&S Wholesale Grocers, Inc.,
C&S Acquisitions, LLC,
ES3, LLC and Richard Cohen

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>          Plaintiff,<br><br>      vs.<br><br>HAWAIIAN EXPRESS SERVICE,<br>INC., et al.,<br><br>          Defendants.<br><br>_____ | ) CIVIL NO. CV03-00385 SOM-LEK<br>) (Copyright)<br>)<br>) **MEMORANDUM IN OPPOSITION**<br>) **TO WAYNE BERRY'S**<br>) **STATEMENT OF APPEAL RE:**<br>) **ORDER GRANTING**<br>) **DEFENDANTS' MOTION TO**<br>) **COMPEL WAYNE BERRY TO**<br>) **COMPLY WITH ORDER FOR**<br>) **JUDGMENT DEBTOR FILED ON**<br>) **AUGUST 8, 2007; DECLARATION**<br>) **OF LEX R. SMITH; EXHIBITS "A"**<br>) **– "F"; CERTIFICATE OF SERVICE**<br>)<br>) Judge: Susan Oki Mollway<br>) |

**MEMORANDUM IN OPPOSITION TO WAYNE BERRY'S
STATEMENT OF APPEAL RE: ORDER GRANTING
DEFENDANTS' MOTION TO COMPEL WAYNE BERRY TO
COMPLY WITH ORDER FOR
<u>JUDGMENT DEBTOR FILED ON AUGUST 8, 2007</u>**

I.      <u>**INTRODUCTION**</u>

        C&S LOGISTICS OF HAWAII, LLC, C&S WHOLESALE

GROCERS, INC., C&S ACQUISITIONS, LLC, ES3, LLC AND

RICHARD COHEN (collectively "C&S") submit this memorandum in

opposition to the appeal filed Wayne Berry on August 8, 2007.

        In May of 2007, C&S's counsel wrote to Mr. Berry's counsel of

record in this case asking for convenient dates to take Mr. Berry's judgment

debtor examination.   Instead of responding to C&S's inquiry, Mr. Berry

attempted to create a game of "hide and seek" which has delayed matters

through the currently ordered examination date of August 13, 2007.  But his

efforts are fruitless because, as the Magistrate Judge recognized, service on

Berry's counsel of record is proper notice of the examination.  The

examination should go ahead as ordered without any further game-playing

or delay.

II.     <u>**FACTS**</u>

        1.  Wayne Berry is the plaintiff in this case.  His counsel of record is

Timothy Hogan, Esq.

2. The Complaint in this case, signed by counsel of record and verified by plaintiff Wayne Berry expressly states that Wayne Berry "is a resident and citizen of the State of Hawaii."   Numerous other filings in this Court make the same allegation.

3. The Court has entered judgment in favor of C&S and against Mr. Berry in the amount of $84,758.98 plus interest.[1]

4. On May 22, 2007, C&S's counsel wrote to Berry's counsel of record demanding payment of C&S's judgment; proposing dates for a judgment debtor examination and inviting Berry's counsel to submit alternate dates. (Exhibit "A"). Berry's counsel did not respond.

5. On May 30, 2007, C&S's counsel emailed Berry's counsel of record regarding the proposed date of June 4 for the examination, asking "is that date convenient for you and Mr. Berry or would you prefer to schedule the examination for a different date?" (Exhibit "B"). Again, Berry's counsel of record was silent.

6. The Court entered its order setting the examination for June 28, 2007. Again, C&S's counsel wrote to Berry's counsel stating "if that date is not convenient for you or Mr. Berry please let me know as soon as possible

---

[1] See Order Declining Defendants' Request For Additional Entry Of Judgment entered herein on May 21, 2007.

so we can schedule an agreeable date."   (Exhibit "C").  Again, there was no response.

7.  The Court's order setting the examination for June 28 was served on Berry's counsel of record in this case in the ordinary course.

8.  Additionally, the Sheriff took the order to Berry's counsel's office for service.  Berry's counsel of record in this case stated to the sheriff that he lacked authority from his client to be served with the order.  (Exhibits "D" and "D1").

9.  On June 14, nearly a month after C&S's counsel first wrote to Berry's counsel regarding scheduling of the judgment debtor examination, Berry's counsel of record wrote to C&S's counsel as follows:

> Lex
>
> I presume you are aware, to properly serve an order for judgment debtor exam, you are required to make personal service on the judgment debtor.  Other documents may be served properly via the court system.  I trust this answers your question.
>
> On another matter, has C&S received notice from the PCT to return all of Mr. Berry's works, including the works that Dillon claims to have created from scratch in July and August 2003?  I'd be happy to discuss the logistics of the turnover with you at your convenience.
>
> Tim

(Exhibit "E").

10. As a result, C&S was forced to move to compel. The hearing on the motion to compel was set for July 30, 2007. Following the July 30 hearing, the Magistrate ordered that Berry must appear for his examination, as the order had been properly served on Berry's counsel of record.

11. At no time since May of 2007 has Wayne Berry (through counsel or otherwise) ever submitted any affidavit or other evidence stating that the Court-ordered dates, times and place was inconvenient for him. Nor has Mr. Berry ever submitted any affidavit or evidence to modify his express statement in the Complaint that he "is a resident and citizen of the State of Hawaii."

12. On August 2, 2007, Berry offered, through his former counsel Mr. Ichida, to appear for his examination on September 10 or September 13, 2007. That offer was accepted, on reasonable terms (Exhibit "F") but has apparently been revoked in favor of this appeal.

III.    **DISCUSSION**

Rule 5 of the Federal Rules of Civil Procedure, covers "every order required by its terms to be served" and Rule 5(b)(1) provides that service "on a party represented by an attorney is made on the attorney." Fed. R. Civ. P. 5 (emphasis added). Rule 5 covers ***every order***, and clearly provides that service was properly made on Mr. Berry's counsel of record. Mr.

Berry's attorney was served electronically when the document was filed.
Moreover, service was again effected when the Sheriff went to Mr. Berry's
counsel's office to deliver the document and Berry's counsel refused it.  See
Exhibits "D" and "D1".

There is absolutely no Hawaii statute or authority to support Mr.
Berry's position.  Haw. Rev. Stat Section 636-4 says nothing that would
preclude service of the Court's order on Berry's counsel of record in
accordance with Fed. R. Civ. P. 5.

Moreover there is no legal authority, federal or state, to support
Berry's theory that examination of the judgment debtor "is a new
proceeding" that would somehow change his status as Berry's counsel of
record in this case.

Mr. Berry misplaces his reliance on Hawaii law's provision that the
judgment debtor "examination shall be conducted in the same manner as in
the case of an oral examination of witnesses."  The fact that the questioning
of the judgment debtor takes place in the same fashion as the examination of
any other witness has nothing to do with Rule 5's provision that service is
properly made on counsel of record.

Mr. Berry's citation to Fed. R. Civ. P. 4 is baseless.  Rule 4, entitled
"summons", covers issuance of a summons by the Clerk upon the filing of a

complaint (Fed. R. Civ. P. 4(b) and provides that the "summons shall be served together with a copy of the complaint." (Fed. R. Civ. P. 4(c)(1). Obviously, Rule 4 has nothing to do with the current matter. The balance of Rule 4 covers various methods of service of the summons.

Nor does <u>Greenberg Traurig Hoffman Lipoff Rosen & Quentel v. Bolton,</u> 706 So.2d 97 (Fla. App. 3 Dist. 1998) support Mr. Berry's position. In <u>Greenberg</u>, the judgment-creditor served a notice of deposition on lawyers who "were representing [the debtor] in another pending circuit court matter." <u>Id</u>. At 97. That is, the lawyers had never been the debtor's counsel of record in the case where the judgment was issued. In contrast, in the instant case the order for judgment debtor examination has been served on Mr. Berry's counsel of record **in this case.** Service on counsel of record in this case is thus proper under Rule 5 and the <u>Greeberg</u> case actually supports C&S's position.[2]

Nor does <u>Manley Motor Sales Co. v. Kennedy</u>, 95 Ill.App.3d 199, 419 N.E.2d 947, (Ill.App. 2 Dist.,1981) support Mr. Berry's position. That case involved an appeal from a jail sentence for contempt, where a state statute expressly called for service either by certified mail or in the same fashion as

---

[2] The <u>Greenberg</u> case also provides that the judgment debtor's attorneys themselves can be forced to appear at their own deposition and disclose "1) information that will lead to the whereabouts of [the judgment debtor] and 2) information relating to [the judgment debtor's] assets.

a summons.   No such statute exists in this case and service of the Court's

order has been made on Mr. Berry's counsel of record in this case in

accordance with the applicable law.

The next case relied on by Mr. Berry, <u>Allen v. American Land</u>

<u>Research,</u> 25 Wash.App. 914, 611 P.2d 420 (Wash.App. Div. 2 Apr 23,

1980) was **<u>reversed</u>** by the Washington Supreme Court at 95 Wash.2d 841,

631 P.2d 930 (Wash., 1981).   The Washington Supreme Court's ruling fully

supports the Magistrate Judge's ruling:

> The court had continuing jurisdiction over the
> parties here by virtue of the original summons,
> process and **<u>appearances in the action</u>**…. The
> record shows that defendants' Washington counsel
> received actual notice of these proceedings. No
> additional notice was necessary.

631 P.2d at 936.

Similarly, in the present case, the court has continuing jurisdiction

over Mr. Berry and service pursuant to Rule 5 was proper.  Moreover, Mr.

Berry and/or his counsel should be sanctioned for citation of authority that

has been reversed.

Mr. Berry's reliance on <u>Hilao v. Marcos</u>, 95 F.3d 848 (9th Cir. 1996) is

equally baseless.  In <u>Hilao</u>, the Ninth Circuit rejected an effort to levy on the

defendant's Swiss bank accounts by serving notices of levy on the banks'

California offices:

> Because there is no dispute that the deposit
> accounts of the Estate are not carried at the Banks'
> Los Angeles offices, under California law the
> personal service of the writs of execution and
> notices of levy at those locations was ineffective to
> levy on the Estate's accounts

Hilao thus says nothing about the issue before the Court.  The Swiss

banks were not judgment debtors and the case did not involve the issue of

service on the banks' counsel of record.

Next, Mr. Berry misplaces his reliance on Fed. R. Civ. P. 4.1.  The

Advisory Committee Notes to Rule 4.1 support the Magistrate's ruling,

stating, in pertinent part:

> With respect to a party who has once been served
> with a summons, the service of the decree or
> injunction itself or of an order to show cause **can
> be made pursuant to Rule 5**.

(emphasis added).

Obviously, the same is true for the plaintiff, Mr. Berry, who has

consistently appeared in this case through his counsel of record.  Service

pursuant to Rule 5 was accomplished and the Magistrate correctly enforced

the law.

IV.    **CONCLUSION**

This appeal is meritless.   The authorities on which it is based are

either inapplicable or reversed.  Service of the Court's order on Berry's

counsel of record is effective.  Since May of 2007, Mr. Berry has been given every opportunity to agree to a mutually convenient date, time and place for his examination.  He has responded with nothing but game-playing.  The Magistrate's order should be swiftly affirmed so that the Court ordered examination date remains in force and the process can move forward.

DATED: Honolulu, Hawaii, August 9, 2007.


KOBAYASHI, SUGITA & GODA        /s/ Thomas H. Yee

_____

LEX R. SMITH
THOMAS H. YEE
Counsel for Defendants
C&S Logistics of Hawaii, LLC,
C&S Wholesale Grocers, Inc.,
C&S Acquisitions, LLC,
ES3, LLC and Richard Cohen