TIMOTHY J. HOGAN 5312-0
ATTORNEY AT LAW
1050 Bishop Street, No.433
Honolulu, Hawaii 96813
Tel. No. (808) 382-3698
Fax No. (808) 356-1682
E-mail: tjh@timhogan.com

WAYNE BERRY
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | PLAINTIFF WAYNE BERRY'S |
| | ) | SPECIAL APPEARANCE IN |
| | ) | OPPOSITION TO C&W |
| HAWAIIAN EXPRESS SERVICE, | ) | WHOLESALE'S EX PARTE |
| INC., et al. | ) | MOTION FOR WRIT OF |
| | ) | EXECUTION |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

I.   INTRODUCTION.

   COMES NOW, Plaintiff Wayne Berry, a resident of the State of Florida, by

and through his undersigned counsel, and enters a limited special appearance on Plaintiff's behalf in regard to the relief sought in the instant motion that seeks to assert the power of this court to issue a writ of execution over Mr. Berry's copyrights and rights in litigation. This is specifically prohibited under 17 U.S.C.§ 205 and well settled Hawaii law and the motion must be denied.

II.     DISCUSSION.

Because the motion is termed an ex parte motion, Mr. Berry will get to the point and respectfully reserves the right to file a supplemental brief, assert exemptions and seek other relief.

The Motion makes two false assertions. First, that a tax lien in a "voluntary transfer." This is patently false and absurd and contrary to contolling 9th Circuit law. ". .Nor is the attachment of a tax lien a voluntary transfer of property." *See In re DeMarah*, 62 F.3d 1248 1250 (9th Cir.1995)(citation omitted). *See Broadcast Music, Inc. v. Hersch*, 104 F/3d 1163 (9th Cir. 1997) (court found voluntary assignment of royalties was not a transfer of a copyright but was a transfer that was senior to a tax lien).

The second false assertion is that, under Hawaii law, a copyright may be the subject of a writ of execution. Leaving aside the federal preemption issues, in Hawaii, personal property must be capable of possession by the levying officer.

> Writ; how executed. The police officer to whom the writ is directed and delivered, shall execute the writ without delay as follows:
>
> . . .
>
> Personal property, capable of manual delivery, shall be attached by taking the same into custody.

Hawaii Rev. Stat. §651-9(2).

Hawaii Courts have long held that Hawaii does not recognize the issuance of a writ of execution such as that which is sought in the motion that seeks to seize choses in action as follows:

> There is no statute in Hawaii modifying the rule of the common law. The chapter on attachments (R. L., Ch. 156) contains a provision that "personal property, capable of manual delivery, shall be attached by taking the same into custody" and also provides a method for the levy of attachment upon stock in a corporation. It is silent as to any levy upon personal property not capable of manual delivery, such as the chose in action now under consideration. Chapter 139, which deals, among other things, with executions generally, does indeed say in a form of execution contained in section 2447 that the sheriff is commanded to levy upon personal property" of the defendant but other provisions in the chapter indicate that not all kinds of personal property may be levied upon by execution. Section 2456 provides that "every levy by an officer, in pursuance of a writ of execution issued by any court or judge, shall be made by taking the property levied upon into his possession, care and guardianship, and, in his option, by removal of the same to some place of security." This language is not applicable to such a chose in action as that now pursued by the plaintiff.

*Ferry v. Murata*, 26 Haw. 699, 1923 WL 2731 (Haw. Terr. 1923).

Likewise, in Hawaii execution may not be had regarding a judgment. *See Hyman v. Sing Warn*, 16 Haw. 106, 1904 WL 1331 (Haw.Terr. 1904). There is simply no state law right to do what C&S is trying to do.

C&S cites *In re Peregrine Entertainment, Ltd.*, 116 B.R. 194 (C.D. Cal. 1990) for the proposition that a levy on a copyright is permissible. This case has been subject of much criticism. The court in *Peregrine* specifically pointed to California law to determine whether a voluntary Chapter 11 Debtor could avoid an unperfected security interest under the rights of a hypothetical lien creditor granted the Debtor in Possession under 11 U.S.C. § 544. The Court noted that California law specifically provided from the assertion of such a lien.

> To determine this, we must first look to state law, as state law generally determines the validity of liens in bankruptcy cases. *See Danning v. Pacific Propeller, Inc.* (*In re Holiday Airlines Corp.*), 620 F.2d 731, 735 n. 4 (9th Cir.1980). In California, a creditor who obtains a money judgment may obtain a writ of execution that, when levied on a particular piece of the debtor's property, creates an execution lien on that property. See Cal.Civ.P.Code §§ 699.510, 697.710. This writ may be levied on virtually every type of personal and real property, including accounts receivables and "general intangibles." See Cal.Civ.P.Code §§ 699.710, 700.170. The California Code of Civil Procedure defines general intangibles as "any personal property (including things in action) other than goods, accounts, chattel paper, documents, instruments, and money." Cal.Civ.P.Code § 481.115 (incorporating by reference UCC § 9106). The

> Official Commentary to section 9106 specifically identifies "copyrights, trademarks and patents" as included in the definition of general intangibles. It appears, therefore, that at least in California, a judicial lien may, in fact, be used to encumber a copyright.

*Peregrine*, at 106 (citations in the original).

In sharp contrast to California law, Hawaii does not recognize the imposition of a writ of execution on property that cannot be possessed by the officer. *See Ferry v. Murata*, 26 Haw. at 699.

More to the point, Mr. Berry is in Florida and the motions cannot obtain the power to execute on property presently out side of Hawaii.

Finally, 17 U.S.C. 201(e) specifically exempts the working of Title 11, the Bankruptcy Code.

> Involuntary Transfer.— When an individual author's ownership of a copyright, or of any of the exclusive rights under a copyright, has not previously been transferred voluntarily by that individual author, no action by any governmental body or other official or organization purporting to seize, expropriate, transfer, or exercise rights of ownership with respect to the copyright, or any of the exclusive rights under a copyright, shall be given effect under this title, <u>except as provided under title 11.</u>

The Copyright, 17 U.S.C. § 201(e) (emphasis added).

In regard to the cite to an early Congressional Committee report regarding this section, just how Title 11, the United States Bankruptcy Code could have

anything to do with *Alexandr Solzhenitsyn* is something that neither the District Court in *Perigrine* nor C&S has explained. Clearly, where a debtor files a voluntary chapter 11 case, it creates a voluntary transfer to the Debtor-in-Possession that then may enforce the rights of a lien creditor or bonafide purchaser under 11 U.S.C. § 544(a). In *Perigrine*, the copyright owner had already voluntarily transferred a lien pre-petition to the creditor whose lien it sought to avoid. Under 17 U.S.C. § 201(e) there was no need to prove anything else. The court in *Perigrine* got there by going the long road around. In this case, the only allegation of a voluntary transfer is the tax lien that the 9th Circuit holds is an involuntary transfer and Mr. Berry has not filed a voluntary bankruptcy. Hawaii law, unlike California, does not give the Court the ability to travel off road like the *Perigrine* court to reach the result sought in the motion that must be denied.

  Finally, if the Court believes that its jurisdiction attached to these additional works, it is respectfully wrong. The case in which these works are subject to the jurisdiction of the Federal courts was transferred to the Southern District of New York. The Court should respect the ongoing actions of another federal court especially where this court has ordered the transfer to that court. This desperate act of C&S and its Hawaii counsel is undertaken because C&S has finally admitted that it has continued to use Berry works without a license and to advance this

criminal conduct this Court is being asked to exceed its statutory grant of jurisdiction and assist the infringers. The Court should follow the law and decline the invitation. If the Court decides to violate state law and permit the transfer to criminal infringers, a courtesy call to Judge Pauley in New York would appear to be in order.

III.    CONCLUSION.

For the reasons stated the motion should be denied. Should this matter proceed, then Mr. Berry intends to file an action under this or another caption to assert offset rights against the United States of America for the unlicenced use of the works that C&S is trying to seize.

DATED:    Honolulu, Hawaii, February 19, 2008.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Wayne Berry