TIMOTHY J. HOGAN 5312-0
ATTORNEY AT LAW
1050 Bishop Street, No.433
Honolulu, Hawaii 96813
Tel. No. (808) 382-3698
Fax No. (808) 356-1682
E-mail: tjh@timhogan.com

WAYNE BERRY
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, | ) | Civ. No. CV03 00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | PLAINTIFF WAYNE BERRY'S |
| | ) | SPECIAL APPEARANCE IN |
| | ) | OPPOSITION TO BRIAN |
| HAWAIIAN EXPRESS SERVICE, | ) | CHRISTENSEN'S SUBSTANTIVE |
| INC., et al. | ) | JOINDER IN C&W WHOLESALE'S |
| | ) | EX PARTE MOTION FOR WRIT OF |
| | ) | EXECUTION |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

I.   INTRODUCTION.

   COMES NOW, Plaintiff Wayne Berry, a resident of the State of Florida, by

and through his undersigned counsel, and enters a limited special appearance on Plaintiff's behalf in regard to the relief sought in the substantive joinder.

The case cited by Mr. Christensen that permitted the execution on a beneficial interest in real property, specifically stated that the relief in that case may be had unless prohibited by statute.

> Any beneficial interest of a debtor in real or personal property which cannot be reached by regular process of law and is not expressly exempted by statute may be reached by a creditors' bill and subjected to the payment or satisfaction of the debt; and only such property may be so reached." 15 C. J. 1401.

*See Crescent City Motors, Ltd. Nalaielua*, 31 Haw. 418, 1930 WL 2889 *4 (Hawai'i Terr. 1930)(emphasis added).

The United States Congress has spoken in no ambiguous terms that, until Mr. Berry voluntarily parts with his copyright, this Court and no other court has the power to wench it from him. Because this action is being taken in the name of the creditors acting as self proclaimed deputies of the Internal Revenue Service, Government action attaches to this outrageous violation of law and rights.

The law is clear that no such writ is permitted under Federal law and the Court will be acting beyond any jurisdictional grant if the Motion is granted:

> (e) Involuntary Transfer.-When an individual author's ownership of a copyright, or of any of the exclusive rights under a copyright, has not previously been transferred voluntarily by that individual author, no action by any governmental body or other official or

>    <u>organization purporting to seize, expropriate, transfer, or exercise rights of ownership with respect to the copyright, or any of the exclusive rights under a copyright, shall be given effect under this title,</u> except as provided under title 11.

The Copyright Act, 117 U.S.C. § 102(e) (emphasis added).

Congress could have inserted *foreign*, between "any" and "governmental" but it chose not to. This Court is asked to throw the United States Code in the trash to assist Mr. Christensen in ongoing infringement of Mr. Berry's works. There is no equity, law or justification for ordering this and simply stated it violates the law.

Moreover, Mr.Berry believes that Mr. Christensen is not the holder of the right to collect upon this award that was a right owned by the Fleming PCT regarding which the Delaware Bankruptcy Court has ordered that Berry related collection await further order of the Delaware Bankruptcy Court. This alleged claim has, at best been trafficked to defeat the Delaware Bankruptcy Court's order and therefore, Brian Christensen lacks standing in equity even if there were a statutory authority for the relief sought. In addition, the seizure of the Berry works will necessarily have an impact on C&S's competitor in Hawaii who, unlike C&S licenses a copy of a Berry work.

Finally, the cause of action that is among the claims sought in violation of unchallenged Hawaii precedent is presently before the Court of Appeals. This

outrageous request can hardly be accomplished without bringing this case to the attention of the appeals court and upon such entry Mr. Berry will apply for an emergency hearing before the Court of Appeals that presently has jurisdiction over the res.

III. CONCLUSION.

For the reasons stated the motion should be denied.

DATED: Honolulu, Hawaii, February 20, 2008.

                                            /S/Timothy J. Hogan
                                            TIMOTHY J. HOGAN
                                            Attorney for Wayne Berry