EXHIBIT "A"

# MINUTES

CASE NUMBER:      CV NO. 03-00385SOM-LEK

CASE NAME:        Berry Vs. Hawaiian Express Service Inc., et al.

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

---

JUDGE:    Leslie E. Kobayashi          REPORTER:

DATE:     03/27/2008                   TIME:

---

COURT ACTION: **EO: COURT ORDER DENYING DEFENDANT C&S WHOLESALE GROCERS, INC.'S EX PARTE MOTION FOR ISSUANCE OF WRIT OF EXECUTION AFTER JUDGMENT**

On February 19, 2008, Defendant C&S Wholesale Grocers, Inc. ("C&S") filed its Ex Parte Motion for Issuance of Writ of Execution After Judgment ("Motion") in which it seeks issuance of a writ of execution after judgment directing the Deputy Sheriff of the State of Hawaii to levy on Plaintiff Wayne Berry's ("Plaintiff") property.  Plaintiff filed his opposition memorandum on February 19, 2008, and Defendant Brian Christensen ("Christensen") filed his Joinder to Defendant C&S Wholesale Grocer's Inc.'s Ex Parte Motion for Writ of Execution, filed on February 19, 2008, on February 20, 2008 ("Joinder").  Plaintiff filed his opposition memorandum to Christensen's Joinder on February 20, 2008.  The Motion and the Joinder were referred to this Court on February 20 and 21, 2008, respectively.

After careful consideration of the supporting and opposing memoranda, and the pertinent case law, this Court DENIES the Motion and the Joinder for the reasons set forth below.

A jury trial was held in the instant action which culminated in a jury verdict being returned on March 7, 2006.  As a result of post-trial motions, the district judge awarded attorneys' fees in favor of C&S and against Plaintiff, and in favor of Christensen and against Plaintiff.  [Order Adopting and Modifying the October 25, 2006 and December 4, 2006 Reports of Special Master on the Parties' Motions for Attorneys' Fees and Costs, filed March 2, 2007 ("Attorneys' Fees Order").]  Under Federal Rule of Civil Procedure 58(a)(3), a separate judgment is

Exhibit A

not required after an order disposing of a motion for attorneys'
fees, and pursuant to Rule 58(c)(1), judgment based on the
Attorneys' Fees Order was entered the day the order was filed.
C&S now seeks a writ of execution to levy on Plaintiff's
property, "including his registered and unregistered copyrights
as well as all causes of action that he may have and all rights
to recover in any pending lawsuits that he has filed . . . ."
[Motion at 2.]  Christensen has filed a joinder.

        C&S and Christensen seek a writ of execution as against
Plaintiff's property in order to pay for the attorneys' fees
awarded in this action.  Hawaii law provides that "[e]very
district judge at the request of the party recovering any civil
judgment in the judge's court, <u>unless the judgment is duly
appealed from</u>, shall issue the judge's execution against the
property of the party recovered against . . . ."  Haw. Rev. Stat.
§ 651-32 (emphasis added).  On March 14, 2007, Plaintiff filed a
Notice of Appeal from the Attorneys' Fees Order.  Defendants Mark
Dillon, Teresa Noa, Brian Christensen, Melvin Ponce, Sonia Purdy,
Justin Fukumoto, Afredda Waiolama, Jacqueline Rio filed a Notice
of Cross Appeal on March 28, 2007, and Defendant Post-
Confirmation Trust filed its Notice of Cross Appeal on March 29,
2007.  Insofar as the district court's judgment regarding
attorneys' fees has been "duly appealed from," this Court cannot
issue a writ of execution.  The Motion and Joinder are therefore
DENIED.

        **IT IS SO ORDERED.**


Submitted by Leslie L. Sai, Courtroom Manager