IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen, | ) ) ) | Civ. No. 03-00385 SOM/LEK |
| Plaintiff, | ) ) ) | JUDGE'S DISCLOSURE |
| vs. | ) ) | |
| HAWAII EXPRESS SERVICE, INC., a California corporation; et al. | ) ) ) ) | |
| Defendants. | ) ) ) | |

## JUDGE'S DISCLOSURE

I have before me an appeal from Magistrate Judge Leslie Kobayashi's order denying a motion for a writ of execution. I now disclose to the parties a circumstance that has arisen since the last time I was called upon to decide anything in this case. I was invited to be a speaker on a panel of women who had graduated from Harvard Law School. The panel was one of three panels included in a day-long conference put on by the Harvard Women's Law Association in February 2008, and I was told that my travel expenses were to be covered by the conference. My airplane ticket was purchased for me by Harvard Women's Law Association, and my hotel bill was paid and my meals covered by Harvard Women's Law Association. I was to submit a claim for reimbursement for other travel expenses, such as cab fare. Just a few days before I was scheduled to catch a plane to attend the conference, I learned that the conference was sponsored by

Kirkland & Ellis, counsel for one of the parties in this case. I immediately contacted the students organizing the conference to inquire about this sponsorship. I was told that Kirkland & Ellis was the only outside sponsor, that it provided a grant to Harvard Law School to support the conference, and that Harvard Law School's Dean of Students disbursed those funds to the Harvard Women's Law Association. No payments to either the Harvard Women's Law Association or to me were to come directly from Kirkland & Ellis.

I promptly contacted the Ninth Circuit's representative on the Committee on the Code of Conduct for Judges to discuss whether I had to pull out of the conference at the last minute, given Kirkland & Ellis's involvement. At the time of my discussion, there was no matter before me involving Kirkland & Ellis, and an appeal was pending in this case with the Ninth Circuit. My discussion was advisory only, and I was left to make my own conclusion, the time being too short to file a request for a formal opinion. I concluded, following my discussion, that I could participate in the conference. Following my discussion, I learned, on either the day before or the day of my flight from Honolulu to the conference, that a motion for a writ of execution had just been filed. As the motion was nondispositive, it was referred to Magistrate Judge Kobayashi. Recognizing that an appeal from Magistrate Judge Kobayashi's ruling might be taken to

me but without any matter actually pending before me, I took my flight and participated in the conference, which was held on February 22, 2008.

Kirkland & Ellis did not, as a law firm, appear to have any direct influence on the content of the conference. It was identified as a sponsor and thanked, and one of the panelists (on a panel other than the one I spoke on) was from Kirkland & Ellis. The panelists discussed their work and personal experiences, how being a woman had affected their experiences, and how Harvard had influenced them. It appeared that Kirkland & Ellis's sponsorship had its genesis in the previous year's conference, which was headed by a student who, following graduation from the law school, joined Kirkland & Ellis. The 2008 conference was only the second such conference, and I was told that other law firms hearing about the conference were offering to sponsor future conferences. Now that an appeal is indeed pending before me, I am filing this disclosure. Kirkland & Ellis's sponsorship of the conference is not, of course, influencing me in any way with respect to the present case, but I make this disclosure so all parties are fully informed of the circumstances.

It does not appear to me that recusal is mandatory under the circumstances. Moreover, this has been a very lengthy and complicated case, and the appeal raises a limited issue that may well be tremendously inefficient to transfer to a new judge.

However, in the interest of fairness to all parties, I offer to recuse myself unless all parties expressly waive any conflict. Thus, any party that believes my recusal is indeed mandatory, or simply has concerns about my impartiality given my participation in the conference, is offered this remedy.

Unless a waiver is obtained from all parties and all counsel, I intend to disqualify myself from this proceeding. If you and your client wish to waive my disqualification, letters to that effect **signed by you <u>and</u> your client must be sent to my courtroom manager, Toni Fujinaga, by Monday, April 14, 2008.** The letters should <u>**not**</u> be sent to me and copies should <u>**not**</u> be sent to other counsel. If all parties and all counsel submit such letters, this Notice and all responses will be made part of the record, as required by Canon 3D, and I will continue to participate in the proceeding. If a waiver is not received from all parties and all counsel, any responses will be kept under seal by the Clerk and not shown to me, nor will I be informed of the identity of any party or lawyer who declined to waive the disqualification. If the disqualification is not waived, the case will be reassigned.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 4, 2008.



    /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Berry v. Hawaii Express, et al.; Civ. No. 03-00385 SOM/LEK;
JUDGE'S DISCLOSURE