# Exhibit 8

DOCKET NUMBERS 05-15223 and 05-15347

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FLEMING COMPANIES, INC.,**

DEFENDANT, APPELLANT, AND CROSS-APPELLEE,

v.

**WAYNE BERRY,**

PLAINTIFF, APPELLEE AND CROSS-APPELLANT

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

**REPLY AND RESPONSE BRIEF OF APPELLANT FLEMING COMPANIES, INC. (THIRD BRIEF ON CROSS-APPEAL)**

Eric C. Liebeler (CA SBN: 149504)
Damian D. Capozzola (CA SBN: 186412)
R. Olivia Samad (CA SBN: 228611)
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400 telephone
(213) 680-8500 facsimile
eliebeler@kirkland.com

Lex R. Smith (HI SBN 3485-0)
Suite 2600, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii 96813
(808) 539-8700 telephone
(808) 539-8799 facsimile
lrs@ksglaw.com

Attorneys for Defendant - Appellant Fleming Companies, Inc.

that Fleming would "have the ability to change and modify reports that come out of the system."[2]

Berry points the Court to language in the November 26, 1999 license agreement (E 034-035) and notes that the agreement states that the software was "licensed not sold and that all title and intellectual property rights in and to the software product and any copies . . . are owned by you." Opp. at 14. But the excerpt should conclude "any copies **we make** are owned by you" (emphasis added). Why has Berry omitted the two small words "we make" from that excerpt? Because he was trying to hide from the Court the fact that Fleming retained ownership of the copy Berry gave Fleming in connection with the overall API transaction, leaving in place the above analysis. Fleming owned a <u>copy</u> of Berry's software and had a license to use it, and Section 117 protects the necessary modifications Fleming made for internal use. Again, the Court should reverse.

## IV. THERE WAS NO EVIDENCE OF WILLFULNESS, AND IT WAS ERROR FOR THE COURT TO INSTRUCT ON IT.

Berry's answering brief largely asks the Court to build speculation upon conjecture about what the jury might have been thinking. In fact, Berry's entire argument on the willfulness point contains not a single specific citation to record

---

[2] E 034-035 (November 26 License, Trial Exhibit 52); Stussi testimony at E 179-181 (Transcript of Trial Proceedings, March 3, 2003, at 104:9-104:22, 105:8-105:21, 106:1-106:8, CR 201).

7