# Exhibit 12

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,1 | ) | Case No. 03-10945 (MFW) |
| | ) | Jointly Administered |
| Debtors. | ) | |

### AFFIDAVIT OF DISINTERESTEDNESS

| | | |
|---|---|---|
| STATE OF HAWAII | ) | |
| | ) | ss: |
| CITY AND COUNTY OF HONOLULU | ) | |

**LYLE S. HOSODA** declares as follows:

1. I am the principal attorney of the firm of Lyle S. Hosoda & Associates, LLC (the "Firm"), which maintains offices at 345 Queen Street, Suite 804, Honolulu, Hawaii 96813.

2. This Affidavit is submitted in connection with an order of the United States Bankruptcy Court for the District of Delaware entered May 22, 2003 authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' Chapter 11

---

1 The Debtors are the following entities: Core-Mark International, Inc.; Fleming Companies, Inc.; ABCO Food Group, Inc.; ABCO Markets, Inc.; ABCO Realty Corp.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; Dunigan Fuels, Inc.; Favar Concepts, Ltd.; Fleming Foods Management Co., L.L.C., Fleming Foods of Texas, L.P.; Fleming International, Ltd.; Fleming Supermarkets of Florida, Inc.; Fleming Transportation Service, Inc.; Food 4 Less Beverage Company, Inc.; Fuelserv, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; Minter-Weisman Co.; Piggly Wiggly Company; Progressive Realty, Inc.; Rainbow Food Group, Inc.; Retail Investments, Inc.; Retail Supermarkets, Inc.; RFS Marketing Services, Inc.; and Richmar Foods, Inc.

cases (the "Chapter 11 Cases"). The Debtors have requested, and the Firm has agreed, to continue to represent and advise the Debtors pursuant to Section 327 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

3. The scope of services that the firm proposes to provide to the Debtors includes serving as counsel for employees of the Debtors in pending litigation.

4. The rates that the Firm proposes to charge for its services are as follows:

| | |
|---|---|
| Lyle S. Hosoda, Esq. | $200.00 per hour |
| Associates | $125.00 per hour |
| Legal Assistants | $ 75.00 per hour |

5. To the best of my knowledge, formed after due inquiry, the Firm does not have any connection with the Debtors or currently represent any of their creditors, other parties-in-interest, the United States Trustee or any person employed by the Office of the United States Trustee with respect to the matters upon which it is to be engaged, and the Firm does not, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders.

6. Thus, I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such services impair the Firm's ability to represent the Debtors in the ordinary course in these Chapter 11 Cases.

7. In addition, although unascertainable at this time after due inquiry, due to the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may represent certain other creditors of the Debtors, or certain parties owing monies for services rendered and disbursements incurred, in discrete matters entirely unrelated to the Debtors and their estates, but in this regard, the Firm's work for these clients will not include representation on any matters relating to the Chapter 11 Cases.

8. The Firm's process of ascertaining what, if any, connection it may have with any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders, consists of the following: (1) a personal check of all present and past clients and cases; and (2) a computer check of all present and past clients and cases.

9. The Firm is not owed anything on account of pre-petition services.

10. In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors or equity interest holders, as identified to the Firm, with respect to the matters in which the Firm will be engaged.

11. The Firm further states that it has not shared, nor agreed to share any compensation received in connection with the Chapter 11 Cases with another party or person, other than as permitted by Section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

12. The foregoing constitutes the statement of the Firm pursuant to Sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

_____
LYLE S. HOSODA
345 Queen Street, Suite 804
Honolulu, Hawaii 96813

Subscribed and sworn to before me this
____ day of _____ 2003

_____
Notary Public, State of Hawaii
My Commission expires: 4-9-2004
Print Name: Richard W. Hosoda

cs

4