# Exhibit 14

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, | ) | Civ. No. 07-00172 SOM/LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| vs. | ) | MOTION TO RECUSE; ORDER |
| | ) | GRANTING DEFENDANTS' MOTION |
| DEUTSCHE BANK TRUST COMPANY | ) | TO CHANGE VENUE |
| AMERICAS (FKA BANKERS TRUST | ) | |
| COMPANY) AND JP MORGAN CHASE | ) | |
| BANK IN THEIR SEPARATE | ) | |
| CAPACITIES AND AS AGENTS FOR | ) | |
| THE PRE AND POST-PETITION | ) | |
| LENDERS OF FLEMING COMPANIES, | ) | |
| INC.; DOES 1 TO 200, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION TO RECUSE;
ORDER GRANTING DEFENDANTS' MOTION TO CHANGE VENUE

I.      INTRODUCTION.

In a motion filed on August 10, 2007, Defendants
Deutsche Bank Trust Company Americas fka Bankers Trust Company
("Deutsche Bank") and JP Morgan Chase Bank ("JP Morgan")
(collectively, "Defendants") ask the court to "change venue to
the United States District Court for the Southern District of New
York" under 28 U.S.C. § 1404(a).  Defendants contend that, after
considering the convenience of the parties and witnesses, as well
as various private and public interest factors, the interests of
justice warrant the transfer of this case.

On August 12, 2007, Plaintiff Wayne Berry ("Berry")
filed his opposition to Defendants' motion, arguing that the
court should not transfer this case.  Berry contends that venue

is proper in this district and that, in any case, Defendants "waived an objection to venue." Berry also moves the court to recuse itself because he says "this Court is prejudice [sic] against him because he cooperated with the federal government in its prosecution of . . . this Court's former client . . . in matters that were relevant to the RICO claim that transpired during the period of the Court's former representation in 1994 and 1995." Counter-Motion at 13.

The court denies Berry's motion for recusal and, after considering relevant factors, the court, in its discretion, transfers this case to the Southern District of New York.[1]

Also before the court are Defendants' motion to dismiss the Complaint and Berry's partial motion for summary judgment. Because the court transfers this case, it declines to rule on these substantive motions.

II.      BACKGROUND.

On March 29, 2007, Berry filed the present lawsuit against Defendants "in their separate capacities and as agents for the pre and post-petition lenders of Fleming Companies." Berry alleges that Defendants "are the lead agents of those certain credit facilities for a syndicate of lenders of the former debtor Fleming Companies, Inc.," against which Berry

---

[1] The court, in its discretion, rules on the present motions without a hearing. See LR 7.2(d).

2

obtained judgments for direct infringement in previous lawsuits. In his present Complaint, Berry asserts that Defendants: (1) contributorily and vicariously infringed on Berry's copyright by directing Fleming to infringe and by profiting from Fleming's infringement; and (2) were unjustly enriched by Fleming's direct infringement.

According to Albert Fischetti ("Fischetti"), Deutsche Bank's senior credit officer, Deutsche Bank is organized under the laws of the state of New York, and its headquarters are located in New York, New York. Declaration of Albert Fischetti (8/10/2007) ("Fischetti Decl'n") ¶ 3. Fischetti says that he is "the individual who was employed at Deutsche Bank with the most direct involvement and knowledge relative to the Fleming Company" and "would be the principal witness on behalf of Deutsche Bank in this case." Id. ¶ 5. Fischetti alleges, "There are (or were) approximately three (3) other individuals at Deutsche Bank who worked with me in connection with the Fleming account." Id. ¶ 7. Fischetti says that the "entire group" that worked with the Fleming account, including himself, "worked out of Deutsche Bank's New York office." Id. ¶¶ 4, 7. Fischetti also says that "all of Deutsche Bank's records relating to the Fleming account are located in the New York office." Id. ¶ 8. Fischetti currently lives in Monroe, New York, and says, "It would be

extremely inconvenient and costly for me to have to fly to Hawaii
to testify in connection with this matter."  Id. ¶¶ 2, 6.

Roger Odell ("Odell") was the managing director of JP
Morgan and says that he served as JP Morgan's "principal officer
in charge of the restructuring of the Fleming account" from late
March 2003 through August 2004.  Declaration of Roger Odell
(8/10/2007) ("Odell Decl'n") ¶¶ 1, 3.  According to Odell,
JP Morgan is a "national association chartered under the laws of
the United States with its main office designated in its Articles
of Association being the City of Columbus, County of Delaware,
State of Ohio."  Id. ¶ 4.  Odell alleges that he is "the
individual who was employed at JP Morgan with the most direct
involvement and knowledge relative to the Fleming Company."  Id.
¶ 6.  Odell says, "There were approximately two (2) other
individuals at JP Morgan who worked with me in connection with
the Fleming account" and that the "entire group" that worked on
the Fleming account, including himself, "worked out of JP
Morgan's New York office."  Id. ¶ 8.  Odell also alleges that
"all of JP Morgan's records relating to the Fleming account are
located in the New York office or are in storage in New York."
Id. ¶ 9.  Odell currently lives in Hilton, New York, and says,
"It would be extremely inconvenient and costly for me to have to
fly to Hawaii to testify in this case."  Id. ¶¶ 2, 7.

Berry himself now lives in Florida.  Declaration of
Timothy J. Hogan (8/12/2007) ("Hogan Decl'n") ¶ 2

III.      BERRY'S MOTION TO RECUSE.

"It is well established that in deciding whether
recusal is appropriate under § 455(a), what matters is not the
reality of bias or prejudice but its appearance.  Quite simply
and quite universally, recusal [is] required whenever
'impartiality might reasonably be questioned.'"  DeFazio v.
Hollister, Inc., No. CIV. S-04-1358 LKK/GGH, 2007 WL 926510,
at *1 (E.D. Cal. Mar. 27, 2007) (citing Liteky v. United States,
510 U.S. 540, 548 (1994)).  Under 28 U.S.C. § 455(a), "recusal is
required 'if a reasonable person, knowing all the circumstances,
would expect that the judge would have actual knowledge' of his
interest or bias in the case."  Id. (citing Sao Paulo State of
Federative Republic of Brazil v. Am. Tobacco Co., 535 U.S. 229,
232-33 (2002)).

On August 12, 2007, Berry filed what he calls a
"counter-motion for recusal."  This motion is not a proper
"counter motion."  It seeks the expedited consideration given a
true "counter-motion" while raising a subject entirely distinct
from the venue motion.  See Local Rule 7.9 (allowing counter
motions for "[a]ny motion raising the same subject matter as an
original motion").  The court deems Berry's filing to be an
independent request that this court recuse itself but does, under

the circumstances, consider it on the same schedule as the venue
motion.  The court denies Berry's recusal request.

This court must initially decide whether it may itself
decide Berry's motion for recusal, or whether another judge must
decide the motion.  To make this determination, the court
examines the motion itself.  Berry's motion does not state the
statutory basis for the motion.  The motion is apparently brought
under either 28 U.S.C. § 144 or 28 U.S.C. § 455.  Because Berry
did not file "a timely and sufficient affidavit that the judge
before whom the matter is pending has a personal bias or
prejudice," the motion to recuse cannot be based on § 144.
Accordingly, the motion must be based on § 455.

Under § 455(a), "[a]ny . . . judge . . . shall
disqualify himself in any proceeding in which his impartiality
might reasonably be questioned."  28 U.S.C. § 455(a).  Similarly,
§ 455(b) provides that judges shall also disqualify themselves
under certain circumstances.  Motions under § 455 have been
interpreted as being addressed to the judges whose recusal are in
question, requiring the judges to decide whether to recuse
themselves.  In <u>In re Bernard</u>, 31 F.3d 842, 842 (9th Cir. 1994),
a § 455 motion was filed seeking Circuit Court Judge Kozinski's
disqualification.  Judge Kozinski found that he alone was
responsible for deciding the motion:  "[T]he somewhat surprising
(and not entirely comfortable) reality is that the motion is

addressed to, and must be decided by, the very judge whose impartiality is being questioned." Id. at 843.  Accordingly, this court decides Berry's motion.  Id.; see also United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980) ("section 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself"); accord United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985) ("Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.  It requires the judge to disqualify himself when any one of the statutory conditions is met.  It makes no provision for the transfer of the issue to another judge."); United States v. Champlin, 388 F. Supp. 2d 1177, 1180 (D. Haw. 2005) ("Because both the language of § 455 and the Ninth Circuit precedent interpreting § 455 indicate that the judge to whom a § 455 motion is directed should decide the motion, this court will rule on the defendants' motion for recusal.").

Berry's motion seeks recusal of this judge because Lokelani Lindsey ("Lindsey"), a former trustee of Kamehameha Schools, a client that this judge represented while in private practice, is supposedly involved with a RICO claim that Berry may decide to include in this action.  Berry says that Lindsey "was

7

engaged in cigarette smuggling with Fleming during the time that this court[']s firm represented her." Counter-Motion at 13. It appears that Berry may be arguing that Lindsey is also somehow connected to racketeering activity related to international terrorism, including Abu Sayyaf and Al Qaeda. Id. at 5 n.1. Berry argues that this court should recuse itself to avoid the appearance of impropriety. This court declines to do so under the circumstances, as Berry's Complaint contains no RICO claim and does not even mention Lindsey.

This district judge left private practice nine years ago. Although this court has, in the past, recused itself when Lindsey was a named party in a case, the last time this court did that was years ago. Thus, even if Lindsey were implicated in the present suit, this court would not automatically recuse itself. Nothing about cigarettes, Abu Sayyaf, or Al Quaeda bears any relation to this court's former representation of Lindsey. While Berry suggests that this court might be biased against him because he allegedly assisted federal authorities in an investigation in 1994 or 1995 relating to Lindsey, this court actually has no knowledge of the details of any such action by Berry. Indeed, until Berry mentioned it in his recusal request, the court was unaware of Berry's participation in any activity relating to Lindsey. The most glaring problem with Berry's

request remains, as noted above, that it is based on a
hypothetical claim, not an actual pending claim.

IV.     DEFENDANTS' MOTION TO CHANGE VENUE.

        A.   Standard to Transfer Venue.

        Pursuant to 28 U.S.C. § 1404(a), "For the convenience
of parties and witnesses, a district court may transfer any civil
action to any other district or division where it might have been
brought."  Under that statute, "the district court has broad
discretion to adjudicate motions for transfer according to an
individualized, case-by-case consideration of convenience and
fairness."  DeFazio v. Hollister Employee Share Ownership Trust,
406 F. Supp. 2d 1085, 1088 (E.D. Cal. 2005) (citing Jones v. GNC
Franchising, Inc., 211 F.3d 495, 495 (9th Cir. 2000)).  The
moving party has the burden of showing that an alternative forum
is the more appropriate forum for the action.  Tamashiro v.
Jarvey, 487 F. Supp. 2d 1162, 1168 (D. Haw. 2006).

        B.   Defendants Did Not Waive Their Request to
             Change Venue.

        Berry argues that, under Rule 12(g) of the Federal
Rules of Civil Procedure, Defendants "have waived an objection to
venue that must be brought in the first pleading or motion in
which the issue could be raised."  Opp. at 4.  The court
disagrees.

9

Pursuant to Rule 12(g),

A party who makes a motion under this rule
may join with it any other motions herein
provided for and then available to the party.
If a party makes a motion under this rule but
omits therefrom any defense or objection then
available to the party which this rule
permits to be raised by motion, the party
shall not thereafter make a motion based on
the defense or objection so omitted . . . .

Rule 12(h)(1) also provides in part:

A defense of lack of jurisdiction over the
person, improper venue, insufficiency of
process, or insufficiency of service of
process is waived (A) if omitted from a
motion in the circumstances described in
subdivision (g) . . . .

A defendant may raise the defense of "improper venue"
and seek dismissal of the case in a motion brought under Rule
12(b)(3). Such a motion would invoke 28 U.S.C. § 1406(a), which
requires a district court "in which is filed a case laying venue
in the wrong division" to dismiss or transfer the case.
28 U.S.C. § 1406(a). In the alternative, when venue is not
alleged to be "wrong" or "improper," a defendant may bring a
motion for discretionary transfer, invoking 28 U.S.C. § 1404(a),
which authorizes a district court to transfer a case for the
convenience of parties and witnesses and in the interests of
justice. 28 U.S.C. § 1404(a). Unlike a motion brought under
§ 1406(a), a motion under § 1404(a) is not subject to the
potential bar in Rule 12(h) of the Federal Rules of Civil
Procedure.

10

For example, in <u>Basargin v. Corr. Corp. of Am. Inc.</u>,
No. A05-191 CV (JWS), 2005 WL 2705002, at *1 (D. Alaska Oct. 17,
2005), the plaintiff, who was a resident of Alaska but
incarcerated in Arizona, brought suit in Alaska state court
against Corrections Corporation of America Inc., and one of its
employees, both based in Arizona.  The plaintiff alleged that,
while he was incarcerated in Arizona, the defendants had violated
his constitutional rights.  <u>Id.</u>  After the case was removed to
the District of Alaska and after the defendants had filed their
answer to the complaint, they moved to transfer the case to the
District of Arizona under 28 U.S.C. §§ 1406(a) and 1404(a).  <u>Id.</u>

In deciding whether to transfer the case for "improper
venue" under § 1406(a), the court noted that "venue is arguably
improper in Alaska."  <u>Id.</u>  However, the court stated, "Pursuant
to Federal Rule of Civil Procedure 12(h)(1)(b), a defendant must
object to improper venue by a Rule 12(b) motion prior to a
responsive pleading or in the answer to the complaint or the
objection is waived."  <u>Id.</u> at *2.  Because the defendants "did
not timely file a Rule 12(b) motion raising the defense of
improper venue [or] object to venue in their answer," the court
concluded that the defendants had "waived their objection to
improper venue under Rule 12(h)" and denied their § 1406(a)
motion.  The court then went on to address the defendants'
request for discretionary transfer under § 1404(a).  Because

11

§ 1404(a) invokes the discretion of the court and is not based on any allegation that venue in the original court is improper, the defendants' request under § 1404(a) was not barred by Rule 12(h). Indeed, after considering the convenience of the parties and witnesses, the court granted the defendants' § 1404(a) motion. Id. at *2-3.

On June 12, 2007, Defendants filed a motion to dismiss Berry's Complaint under Rule 12(b)(6). In that motion, Defendants did not seek dismissal or transfer of the case for "improper venue" under Rule 12(b)(3) and § 1406(a). Defendants do not argue that venue is "improper" in this district at all. Rather, Defendants invoke § 1404(a) in asking the court to transfer the case, in its discretion, for the convenience of the parties and the witnesses. Because Defendants do not seek to dismiss the case under Rule 12(b)(3), and because they do not argue that venue in this court is improper, the court disagrees with Berry that the present motion is barred by Rules 12(g) and/or 12(h) of the Federal Rules of Civil Procedure. Further, because "the Ninth Circuit has acknowledged 'the long-approved practice of permitting a court to transfer a case" under 28 U.S.C. § 1404(a), "so long as the parties are first given the opportunity to present their views on the issue," the court concludes that Defendants did not waive and are not barred from raising their present request to transfer the case under

§ 1404(a).  Engel v. CBS, Inc., 886 F. Supp. 728, 729-30 (C.D.
Cal. 1995); see also Basargin, 2005 WL 2705002, at *1-3.

      C.    The Court Transfers This Case Under
           28 U.S.C. § 1404(a).

At the outset, the court notes that neither party
challenges venue in this court as improper.  Berry's argument
that venue in this district is proper is therefore unnecessary.
Defendants' contention is instead that this court should exercise
its discretion to transfer the case to the Southern District of
New York under 28 U.S.C. § 1404(a) because it would be more
convenient for the parties and witnesses to litigate the case
there.  Motion at 4-5.  Defendants also point out that their
documentary evidence and witnesses are located in New York, that
Hawaii has "little or no connection to this litigation," and that
Berry no longer lives in Hawaii.  Id. at 5-6.  Regarding choice
of law, Defendants maintain that the New York district court
would have to apply federal copyright law to Berry's infringement
claims and may have to apply New York state law to his unjust
enrichment claims.  Berry opposes Defendants' motion, arguing
that Hawaii is "the only proper place for this case to be heard"
and that the "convenience of witnesses makes Hawaii the proper
venue."  Opp. at 3-4.  Berry also posits that the interests of
justice require this court to deny Defendants' motion.  The court
agrees with Defendants and transfers this case to the Southern
District of New York.

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district or division where it might have been brought for the convenience of the parties and witnesses and in the interest of justice.  The purpose of this section "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  Van Dusen v. Barrack, 371 U.S. 612, 616 (1964).  "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice."  Id.

A motion to transfer venue under section 1404(a) "requires the Court to weigh multiple factors in its determination of whether transfer is appropriate in a particular case."  Television Events & Mktg., Inc. v. Amcon Distrib. Co., 416 F. Supp. 2d 948, 957 (D. Haw. 2006) ("Television Events") (citing Jones, 211 F.3d at 498-99).  "As part of this inquiry, the court should consider private and public interest factors affecting the convenience of the forum."  Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). These factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to

14

> the plaintiff's cause of action in the chosen
> forum, (6) the differences in the cost of
> litigation in the two forums, (7) the
> availability of compulsory process to compel
> attendance of unwilling non-party witnesses,
> and (8) the ease of access to sources of
> proof.

Television Events, 416 F. Supp. 2d at 970 (citing Jones, 211 F.3d

at 499); see also Decker Coal Co., 805 F.2d at 843 (listing

"private factors" and "public factors" to consider).  "The

defendant must make a strong showing of inconvenience to warrant

upsetting the plaintiff's choice of forum."  Decker Coal Co., 805

F.2d at 843.  Cf. Amazon.com v. Cedant Corp., 404 F. Supp. 2d

1256, 1260 (W.D. Wash. 2005) ("Because § 1404 application results

in transfer, not dismissal as in forum non conveniens, a lesser

showing of inconvenience is required to upset plaintiff's

choice.").

The court now considers the convenience of the parties

and witnesses, as well as the foregoing factors.[2]

1.    Convenience of the Parties.

The convenience of the parties weighs in favor of

transferring the case.  Although Berry claims to be a citizen of

Hawaii, Complaint ¶ 11, "he presently lives in Florida."  Hogan

Decl'n ¶ 2; see also Motion at 4.  As Berry currently "needs to

be engaged in his work Monday through Saturday," Ex. D (attached

---

[2] None of these venue issues would be addressed by
simply transferring this case to another judge here in the
District of Hawaii, as Berry advocates.

to Motion) at 3, it may well be inconvenient for him to try this case in this district.

Defendants are also located outside of Hawaii. Deutsche Bank's headquarters is in New York, New York, and JP Morgan's "main office" is in Columbus, Ohio. Fischetti Decl'n ¶ 3; Odell Decl'n ¶ 4. Defendants' employees with knowledge relating to Defendants' relations with Fleming are also located in New York, New York. Fischetti Decl'n ¶¶ 4-7; Odell Decl'n ¶¶ 5-8. Consideration of the parties' convenience therefore favors transferring this case.

2. <u>Convenience of the Witnesses.</u>

The convenience of witnesses weighs in favor of transferring this case. Although the parties have not yet provided the court with witness lists, Defendants expect that Fischetti and Odell will be their principal witnesses, as Fischetti and Odell had the most direct involvement and knowledge regarding Defendants' relations with Fleming. Fischetti Decl'n ¶ 5; Odell Decl'n ¶ 6. Fischetti and Odell currently live in New York, and they say it would be "extremely inconvenient and costly for [them] to have to fly to Hawaii to testify in connection with" this case. Fischetti Decl'n ¶¶ 2, 6; Odell Decl'n ¶¶ 2, 7. Defendants' other employees with knowledge of Fleming accounts also work in Defendants' New York offices. Fischetti Decl'n ¶ 7; Odell Decl'n ¶ 8. If these employees are called to testify, it

would undoubtedly be more convenient for them to testify in New York than in Hawaii.

Berry argues that, "if there is a trial on the direct infringement, the Former Fleming employees would be burdened to travel" to New York. Opp. at 6. However, because the parties have already engaged in discovery concerning most (if not all) of the underlying direct infringement in prior cases, and there are judgements in those prior cases concerning many of Fleming's actions, it is unclear what issues involving Fleming's former employees will need to be tried in this action. Moreover, at least some of those former Fleming employees now live outside of Hawaii.

Berry also notes that, "from the outset, [he] agreed that his counsel would travel to New York to depose the Lenders' representatives" and that "Berry offered to travel to New York for the Lenders' convenience so they could conduct his own deposition." Opp. at 4. As Berry and his counsel are willing to travel to New York for depositions, and as Defendants' primary witnesses are located in New York, this factor weighs in favor of transferring this case.

> 3. Location Where Relevant Agreements Were Negotiated and Executed.

Although the court is unaware of where the pertinent loan agreements were executed, Fischetti and Odell, on behalf of Defendants, negotiated the agreements between Defendants and

17

Fleming in New York.  <u>See</u> Fischetti Decl'n ¶ 4; Odell Decl'n ¶ 5;
Ex. F (attached to Motion) ¶¶ 4-5; Ex. G (attached to Motion)
¶¶ 4-5.  This factor therefore weighs in favor of transferring
the case.

        4.   <u>State Most Familiar With Governing Law.</u>

   "[W]here the defendants seek transfer, the transferee
district court must be obligated to apply the state law that
would have been applied if there had been no change of venue."
<u>Van Dusen</u>, 376 U.S. at 639.  Regarding Berry's contributory and
vicarious infringement claims, either this court or the
transferee court would apply federal copyright law to those
claims.  Because all federal district courts apply federal
copyright law, this factor is neutral as it applies to Berry's
copyright claims.

   Berry also asserts an unjust enrichment claim under
Hawaii state law.  Complaint ¶¶ 35-39.  Although Defendants
maintain that "there is a very strong argument that New York law
should apply," Motion at 7, the transferee court would first have
to determine whether Hawaii law or New York law applies.  This
court, which sits in Hawaii, is more familiar with Hawaii law
than a New York court would be.  This factor therefore tilts in
favor of Berry if the unjust enrichment claim is governed by
Hawaii law.

     5.   <u>Berry's Choice of Forum.</u>

This factor weighs in favor of not transferring this case, as Berry chose to file it in this district.

     6.   The Parties' Contacts With the Forum and <u>Contacts Relating to Causes of Action.</u>

In his Complaint, Berry says that "the wrongs that are the subject of this complaint occurred in the State of Hawaii or were directed against one of its citizens."  Complaint ¶ 11.  Because Defendants are alleged to have controlled and directed Fleming, a national organization, and to have benefitted from Fleming's direct infringement, it remains unclear whether that control, direction, and benefit occurred in Hawaii or elsewhere.  Indeed, Defendants argue that "all of the events giving rise to Defendants' loans to Fleming took place in New York" and that "Defendants received the bankruptcy court distribution with which they were allegedly unjustly enriched" in New York.  Motion at 1, 7.  Given the allegations in the Complaint, however, the court concludes that this factor tilts in favor of denying Defendants' request to transfer this case.

     7.   <u>Costs of Litigation.</u>

Defendants point out that "all identified witnesses live in or near New York" and that "[f]lying witnesses 6,000 miles to trial in Hawaii . . . is inefficient and needlessly expensive."  Motion at 5.  Berry presents no argument on the costs of litigation, but notes that he will likely have to

represent himself <u>pro</u> <u>se</u> if this case is transferred because his
counsel resides in Hawaii and "it is doubtful that Mr. Berry will
be able to find another attorney to represent him in New York."
Opp. at 11; Hogan Decl'n ¶ 6.  However, Berry does not explain
why his counsel cannot appear <u>pro</u> <u>hac</u> <u>vice</u> to represent Berry in
New York.  Additionally, "courts have not considered the location
of the parties' counsel as a factor for transfer."  <u>DeFazio</u>, 406
F. Supp. 2d at 1090; <u>see also</u> <u>Kawamoto v. CB Richard Ellis, Inc.</u>,
225 F. Supp. 2d 1209, 1215-16 (D. Haw. 2002) ("This factor is
generally given little or no weight . . . .").  This factor
therefore weighs in favor of transferring this case.

> 8.   <u>Ability to Compel Unwilling Witnesses.</u>

None of the parties has identified unwilling witnesses,
and this factor is therefore neutral.

> 9.   <u>Access to Sources of Proof.</u>

According to Defendants, all of their documentary
evidence relating to their accounts with Fleming are located in
New York.  Fischetti Decl'n ¶ 8; Odell Decl'n ¶ 9.  Defendants
also say that "Fleming is no longer in existence, and all of its
remaining corporate documents are currently warehoused on the
mainland."  Motion at 5.  As this pertinent evidence is not
located in Hawaii, and as Berry presents no argument as to
whether access to evidence will be more convenient in Hawaii,
this factor tilts in favor of transferring the case.

10. <u>Local Interest in Resolving the Dispute.</u>

The parties also dispute whether Hawaii or New York has a greater interest in resolving the present dispute. Defendants argue that "Hawaii, and its citizens, have little or no connection to this litigation" because "Berry no longer lives in Hawaii" and because "Fleming, the underlying infringer, is out of business and does not operate in Hawaii." Motion at 6. Defendants say that "New York has an interest in policing the large corporations--like Defendants--that do business in its jurisdiction." Motion at 6. Berry contends, "The people of New York . . . have no compelling interest in what happens to the people of Hawaii." Opp. at 5. Because Berry no longer lives in Hawaii, the court is unpersuaded by Berry's assertion. However, because Hawaii has a likely interest in resolving a dispute that involves a former resident, and as New York has a likely interest in resolving a dispute that involves two large banks doing substantial business there, this factor is neutral.

11. Consideration of the Foregoing Factors
<u>Warrants Transferring This Case.</u>

After considering all of the foregoing factors, including the convenience of the parties and witnesses, the court concludes that Defendants have made a strong showing of inconvenience that warrants upsetting Berry's choice of forum. See <u>Decker Coal Co.</u>, 805 F.2d at 843. Only three of the ten factors reviewed above tilt in favor of keeping this case in

21

Hawaii.  Every party resides outside of Hawaii, and transferring this case to the Southern District of New York, where Defendants are located, is appropriate and will well serve the interests of justice.  <u>See</u> 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a).

V.      <u>CONCLUSION.</u>

The court denies Berry's motion to recuse and grants Defendants' motion to transfer this action to the United States District Court for the Southern District of New York.  Because the court transfers this case, it declines to rule on Defendants' motion to dismiss and Berry's cross-motion for partial summary judgment.

The Clerk of Court is directed to transfer this action to the Southern District of New York, to terminate pending dispositive motions, and to close this court's files in this matter.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 13, 2007.



_Susan Oki Mollway_
Susan Oki Mollway
United States District Judge

**Wayne Berry v. Deutsche Bank Trust Company Americas, et. al.,** Civ. No. 07-00172 SOM/LEK; ORDER DENYING PLAINTIFF'S MOTION TO RECUSE; ORDER GRANTING DEFENDANTS' MOTION TO CHANGE VENUE.

22