UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
300 ALA MOANA BLVD., C-338
HONOLULU, HAWAII 96850-0338
CLERK

OFFICIAL BUSINESS

CV 03-385 DAE-LEK

**RECEIVED**
CLERK U.S. DISTRICT COURT
MAY 12 2008
11:10 AM
DISTRICT OF HAWAII

PRESORTED
FIRST CLASS



UNITED STATES POSTAGE
$00.54³
MAILED FROM ZIP CODE 96817
02 1M
0004243039
MAY 06 2008

VICTOR LIMONGELLI
JOHN PATZAKIS
GUIDANCE SOFTWARE INC
215 N ~~MARENGO AVE~~
PASA~~DENA CA~~

FORWARD  X 913 NFE 1 4071 00 05/09/08
: GUIDANCE SOFTWARE INC  RTN TO SEND
  215 N MARENGO AVE STE 250
  PASADENA CA 91101-1532

RETURN TO SENDER



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HAWAIIAN EXPRESS SERVICE, )<br>INC., et al., )<br>)<br>Defendant. )<br>_____ ) | CV. NO. 03-00385 DAE-LEK |

ORDER REVERSING AND REMANDING APPEAL OF
ORDER DENYING C&S WHOLESALE GROCERS, INC.'S
EX PARTE MOTION FOR ISSUANCE OF WRIT OF
<u>EXECUTION AFTER JUDGMENT</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing C&S Wholesale Grocers Inc.'s Statement of Appeal Re: Order Denying C&S Wholesale Grocers, Inc.'s Ex parte Motion for Issuance of Writ of Execution After Judgment and the supporting and opposing memoranda, the Court REVERSES AND REMANDS this matter as directed herein.

## BACKGROUND

On March 2, 2007, this District Judge Susan Oki Mollway adopted the report of special master on the parties' motions for attorneys' fees and costs, which awarded Defendant C&S Wholesale Grocers, Inc. ("C&S") $84,758.98 in attorneys fees (the "Attorneys' Fees Order"). (Docs. # 1012, 1037.) Judgment on the Attorneys' Fees Order was entered the same day pursuant to Federal Rule of Civil Procedure 58(a)(1)(C). (See Doc. #1062.) Plaintiff appealed those orders to the Ninth Circuit on March 14, 2007, and other parties filed a cross-appeal on March 28, 2007. Those appeals are still pending. No party sought a stay of the judgment. (See Doc. # 1062.)

On February 19, 2008, C&S, ex-parte, filed a motion for writ of execution of the judgment on the Attorneys' Fees Order with the Magistrate Judge, requesting that it be allowed to have the sheriff execute on the following assets of Plaintiff:

    1. All claims in any and all lawsuits to which Plaintiff is a party;

    2. All causes of action that Plaintiff may have against anyone; and

    3. All copyrights (registered an unregistered) that Plaintiff owns.

C&S recognizes that these items may not have any monetary value, but stated that if such items were purchased, it could stop Plaintiff from filing lawsuits against

C&S. Plaintiff filed an opposition to the writ request. By minute order issued on March 27, 2008, Magistrate Judge Kobayashi denied C&S's motion for issuance of writ of execution after judgment. The Magistrate Judge found that pursuant to Hawaii Revised Statute section 651-32, because the Attorneys' Fees Order had been appealed from, the Court could not issue a writ of execution.

C&S filed the instant appeal on April 3, 2008. After Judge Mollway recused herself, this appeal was assigned to this judge. Plaintiff filed a responsive brief on April 14, 2008.

## STANDARD OF REVIEW

Neither party set forth a standard of review to be applied to the instant appeal. However, because the Magistrate Judge's order is nondispositive, this Court will apply LR 74.1. Pursuant to LR 74.1, a district court "shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." LR 74.1. To find a magistrate judge's decision "clearly erroneous," the district court must have a "definite and firm conviction that a mistake has been committed." Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir.1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed."). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City and

3

County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Conant v. McCoffey, No. C 97-0139, 1998 WL 164946, at *2 (N.D. Cal. March 16, 1998).

## DISCUSSION

C&S argues that the Magistrate Judge erred by applying Hawaii Revised Statute section 651-32, because that statute applies to State court judges only, and even if it did apply in federal courts, it does not prevent execution of a judgment when an appeal is pending. Instead, under Hawaii law, a judgment may be enforced notwithstanding the pendency of an appeal unless a stay of execution is granted and appropriate security is provided. As no stay has been issued in this case and no bond has been posted, C&S argues that its writ should be granted.

Hawaii Revised Statute section 651-32 provides:

> Every district judge at the request of the party recovering any civil judgment in the judge's court, unless the judgment is duly appealed from, shall issue the judge's execution against the property of the party recovered against, which execution may be in the form established by the usage and practice of the issuing court and may be directed to any police officer of the judicial circuit in which the district court is situated; provided the defendant or any of the defendants is a resident of the circuit.

4

Haw. Rev. Stat. § 651-32. Although this statute provides direction to district judges of the district courts of the State of Hawaii, not district judges of the federal court, it was not clear error to apply the statute in this case.

> Indeed, Federal Rule of Civil Procedure 69 provides that
>
> [a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).

> [T]he overall intent of Rule 69(a) is to limit both the procedure for obtaining process and the effect of writs to that available under state law. . . . the courts have consistently read Rule 69(a) as limiting all federal process on money judgments to the type of process available under state law. . . . Although the forms of the process would, of course, be federal, the essential elements of state procedure for obtaining the writ must be followed.

Gabovitch v. Lundy, 584 F.2d 559, 561 & n.3 (1st Cir. 1978) (citations omitted).

Thus, it is appropriate to look to state procedures for execution of a judgment, unless a federal statute governs. C&S has pointed to no governing federal statute. Indeed, C&S argues that the one federal statute that may be pertinent, section 201(e) of the Copyright Act, is inapplicable. That being the case,

5

it was entirely proper for the Magistrate Judge to consider Hawaii Revised Statute section 651-32, as it clearly addresses the process for recovering any civil judgment. See Carnes v. Zamani, 488 F.3d 1057, 1060 (9th Cir. 2007) ("Rule 69(a) requires the court to apply state law to 'proceedings supplementary to and in aid of a judgment' unless there is a federal statute that would apply. Because there is no applicable federal statute, California procedural law applies to the Carneses' fee motion.").

C&S next argues that under Hawaii procedural law, the mere pendency of an appeal is insufficient to deny execution of a judgment. C&S asserts that the only way a writ of execution can be denied is if there was a stay issued on the judgment.

In TSA Intern. Ltd. v. Shimizu Corp., 990 P.2d 713, 735 (Haw. 1999), the Hawaii Supreme Court held that "the mere filing of a notice of appeal does not affect the validity of a judgment, [and] the circuit court retains jurisdiction to enforce the judgment." Hawaii Rules of Civil Procedure Rule 62(a) provides that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry." Rule

62(d) provides that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay[.]" Haw. R. Civ. P. 62(d). Reviewing Rule 62(d), the Hawaii Supreme Court has held that

> '[t]he necessary implication is that without giving a supersedeas bond or unless otherwise ordered by the Court, the order is not stayed, even though an appeal is pending. Otherwise a person could completely frustrate judicial proceedings by disobeying an order of the Court during the pendency of an appeal without giving any security that it will be complied with in the event of affirmance.' The purpose of posting a supersedeas bond is to preserve the status quo pending appeal.

Shanghai Inv. Co., Inc. v. Alteka Co., Ltd., 993 P.2d 516, 537 (Haw. 2000) overruled on other grounds by Blair v. Ing, 31 P.3d 184 (Haw. 2001) (citations omitted). This Court interprets the words "duly appealed from" as used in Hawaii Revised Statute section 651-32 to incorporate these general principals of law and the Hawaii Rules of Civil Procedure. Therefore, Hawaii Revised Statute section 651-32 does not prevent C&S from enforcing the judgment of the Attorneys' Fees Order through a writ of execution, even though an appeal of that Order is currently pending in the Ninth Circuit because there was no stay issued on that judgment.

Accordingly, the Magistrate Judge's order is reversed as it was clear error to find that the filing of an appeal, where no stay was imposed, was sufficient

to deny enforcement of a judgment. However, this does not mean that C&S is entitled to its writ as drafted. Therefore, this Court remands this matter back to the Magistrate Judge for a determination of the form of the writ, after C&S refiles such request, if it chooses to do so.

This Court hereby orders C&S to refile a request for a writ of execution within 30 days of the date of this Order. This Court advises C&S that its writ must be far more specific with respect to the Plaintiff's property that it seeks to have the writ of execution pertain to than its previous filing, and must clearly cite Hawaii authority upon which it bases its request and explain the location of such property, such that the writ can actually be executed. In other words, C&S must identify by name, civil number, and court, each "cause of action and other claims and pending lawsuits" that C&S expects to be executed upon. C&S must explain whether that property is located in Hawaii, and if not, C&S must provide the authority, if any, pursuant to which such property can be executed upon, given that Plaintiff does not appear to be a Hawaii resident. In addition, C&S must do the same with respect to the registered and unregistered copyrights. Along with a memorandum which clearly explains the basis for the writ as to each piece of

property contained in the writ, C&S must also file a proposed form of writ, which if granted, will be provided to the Deputy Sheriff of the State for execution.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 6, 2008.



David Alan Ezra
United States District Judge

Wayne Berry vs. Hawaiian Express Service, Inc., et al., CV No. 03-00385 DAE-LEK; ORDER REVERSING AND REMANDING APPEAL OF ORDER DENYING C&S WHOLESALE GROCERS, INC.'S EX PARTE MOTION FOR ISSUANCE OF WRIT OF EXECUTION AFTER JUDGMENT

## Orders on Motions

1:03-cv-00385-DAE-LEK Berry v. Hawaiian Express Ser, et al **CASE CLOSED on 03/09/2006**

U.S. District Court

District of Hawaii - CM/ECF V3.1.2 (12/07)

### Notice of Electronic Filing

The following transaction was entered on 5/6/2008 at 2:10 PM HST and filed on 5/6/2008
**Case Name:**     Berry v. Hawaiian Express Ser, et al
**Case Number:**   1:03-cv-385
**Filer:**
**WARNING: CASE CLOSED on 03/09/2006**
**Document Number:** 1109

**Docket Text:**
**ORDER REVERSING AND REMANDING APPEAL OF ORDER DENYING C&S WHOLESALE GROCERS, INC.'S EX PARTE MOTION FOR ISSUANCE OF WRIT OF EXECUTION AFTER JUDGMENT. Signed by JUDGE DAVID ALAN EZRA on 5/6/08. ~ Excerpts from p. 8 of order: "...[T]his Court remands this matter back to the Magistrate Judge for a determination of the form of the writ, after C&S refiles such request, if it chooses to do so. This Court hereby orders C&S to refile a request for a writ of execution within 30 days of the date of this Order..." ~ re: (Appeal of Magistrate's Decision: [1099]; Magistrate Judge's Decision (order): [1098]; Ex Parte Motion for Writ of Execution: [1088] (afc)**

**1:03-cv-385 Notice has been electronically mailed to:**

Andrew V. Beaman abeaman@chunkerr.com, lwarfield@chunkerr.com, nshinozuka@chunkerr.com

Leroy E. Colombe lcolombe@chunkerr.com

Timothy Joseph Hogan tjh@timhogan.com, hogant001@hawaii.rr.com, timmyhogan@gmail.com

Wesley H.H. Ching whc@fmhc-law.com, dd@fmhc-law.com, eol@fmhc-law.com

Lex R. Smith lrs@ksglaw.com

Wesley W. Ichida wwi@loio.com

Margery S. Bronster mbronster@bhhawaii.net, audrey@bchlaw.net

Lyle S. Hosoda lsh@hosodalaw.com, ctc@hosodalaw.com, dmm@hosodalaw.com, rpbg@hosodalaw.com, ta@hosodalaw.com

William G. Meyer, III wmeyer@dwyerlaw.com, carashiro@dwyerlaw.com, jborges@dwyerlaw.com

Thomas H.Y.P. Yee thy@ksglaw.com, bls@ksglaw.com

Raina P.B. Gushiken rpbg@hosodalaw.com, dmm@hosodalaw.com, ta@hosodalaw.com

Rex Y. Fujichaku rfujichaku@bhhawaii.net, barbara@bhhawaii.net

Christopher T. Chun ctc@hosodalaw.com

Erin N. Brady ebrady@kirkland.com

**1:03-cv-385 Notice will not be electronically mailed to:**

Michael E. Baumann
Kirkland & Ellis
777 S Figueroa St Ste 3700
Los Angeles, CA 90017

Damian Capozzola
Kirkland & Ellis
777 S Figueroa St Ste 3700
Los Angeles, CA 90017

Melissa M. Dulac
Kirkland & Ellis
777 S Figueroa St Ste 3700
Los Angeles, CA 90017

Peter T. Kashiwa
Goodsill Anderson Quinn & Stifel LLLP
Alii Place
1099 Alakea St Ste 1800
Honolulu, HI 96813-2639

Iver N. Larson
Chun Kerr Dodd Beaman & Wong
900 Hawaii Tower
745 Fort St
Honolulu, HI 96813

Eric C. Liebeler
Kirkland & Ellis
777 S Figueroa St Ste 3700
Los Angeles, CA 90017

Victor Limongelli
Guidance Software Inc
215 N Marengo Ave
Pasadena, CA 91101

Anne E. Lopez
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop St Ste 2600
Honolulu, HI 96813-3889

Clyde Wm. Matsui
Matsui Chung Sumida & Tsuchiyama
737 Bishop St Ste 1400
Honolulu, HI 96813

Julia M. Morgan
Fukunaga Matayoshi Hershey & Ching
Davies Pacific Center
841 Bishop St Ste 1200
Honolulu, HI 96813

John Patzakis
Guidance Software Inc
215 N Marengo Ave
Pasadena, CA 91101

R. Olivia Samad
Kirkland & Ellis
777 S Figueroa St Ste 3700
Los Angeles, CA 90017

Shelley M Tamekazu
Lyle S. Hosoda & Associates, LLC
345 Queen St Ste 804
Honolulu, HI 96813

Ann C. Teranishi
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop St Ste 2600
Honolulu, HI 96813-3889

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095854936 [Date=5/6/2008] [FileNumber=487520-0]
[9241b637b402374cb22d47260a7d69d1534534653bdef2e0ebf25f7712cbb2d5fac15
0b64423f3fd1cd435cf07aabdf0de343e6c4f80bb02dc70f60d345d76b3]]