IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, a Hawaii citizen; | ) | CIVIL NO. CV03-00385 SOM-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| vs. | ) | MOTION |
| | ) | |
| HAWAIIAN EXPRESS SERVICE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF MOTION

# TABLE OF CONTENTS

PAGE

1. HAWAII LAW RECOGNIZES, AND HAS ALWAYS RECOGNIZED THE RIGHT OF JUDGMENT-CREDITORS TO HAVE THE JUDGMENT-DEBTOR'S COPYRIGHTS, AND OTHER INTANGIBLES, SOLD IN ORDER TO SATISY THE OUTSTANDING JUDGMENT ........ 2

2. REGARDLESS OF WHAT IT IS CALLED, A CREDITOR'S BILL IS ENFORCED THE SAME WAY AS AN EXECUTION: TO HOLD AN AUCTION OF THE JUDGMENT DEBTOR'S PROPERTY AND APPLY THE PROCEEDS TOWARD SATISFACTION OF THE JUDGMENT-CREDITOR'S RIGHTS ........ 4

3. THE COURT HAS JURISDICTION OVER MR. BERRY AND HAS THE AUTHORITY TO ENFORCE ITS JUDGMENT AGAINST HIM ....... 6

4. THE PREDICATES FOR A CREDITOR'S BILL: (1) ENTRY OF JUDGMENT IN C&S'S FAVOR; AND (2) EXHAUSTION OF REMEDIES AT LAW, HAVE BEEN SATISFIED ........ 7

5. THE SALE WILL BE SUBJECT TO PRIOR LIENS THAT ATTACHED TO MR. BERRY'S ASSETS BEFORE THE JUDGMENT WAS ENTERED ........ 8

6. THE ASSETS THAT ARE THE SUBJECT OF THIS EXECUTION HAVE LITTLE OR NO VALUE ........ 11

7. SECTION 201(e) OF THE COPYRIGHT ACT IS INAPPLICABLE .......... 12

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

Broadcast Music, Inc. v. Hirsch,
104 F.3d 1163 (9th Cir. 1997) .......... 9, 15-16

Duchek v. Jacobi,
646 F.2d 415, 417-418 (9th Cir. 1981) .......... 6

In re DeMarah,
62 F.3d 1248 1250 (9th Cir.1995) .......... 16

In re Estate of Marcos Human Rights Litigation,
910 F.Supp. 1470, 1471 (D. Hawai'i 1995) .......... 7

In re Peregrine Entertainment, Ltd.,
116 B. R. 194 (C.D. Cal. 1990) n16 .......... 13

In re Pro Air, Inc.,
___ F. Supp ___, slip opinion, WL 1292091 (W.D. Wash. 2007) .......... 6

McAnich v. Wintermute,
491 F.3d 759, 766 (8th Cir. 2007) .......... 6

Platt & Munk Co. v. Republic Graphics, Inc.,
315 F.2d 847 (2nd Cir. 1963) .......... 4

## STATE CASES

Byrne v. Allen,
10 Haw. 668 (1897) .......... 2, 10

Crescent City Motors v. Nalaielua,
31 Haw. 418 (1930) .......... 3-4, 13

Ferry v. Hakalau Plantation Co.,
21 Haw. 745 (1913) .......... 5-6

Henry Waterhouse Trust Co. v. King,
33 Haw. 1 (1934) .......... 3

In re Grace's Will,
61 Misc.2d 1064, 308 N.Y.S.2d 136 (1970) .......... 4

**FEDERAL STATUTES**

17 U.S.C. §101 .......... 9
17 U.S.C. §201(e) .......... 12-16
11 U.S.C. §522 .......... 16
26 U.S.C. §6321 .......... 15-16
26 U.S.C. §6322 .......... 9
26 U.S.C. §6323(f)(5) .......... 9

**STATE STATUTES**

Haw. Rev. Stat. §603-21.9(6) .......... 7
Haw. Rev. Stat. § 651 .......... 5, 10
Haw. Rev. Stat. §651-49 .......... 10

**FEDERAL RULES**

Fed. R. Civ. P. 70 .......... 7, 11

**OTHER AUTHORITIES**

21 Am Jur.2d Creditor's Bills §30 .......... 5
21 Am Jur.2d Creditor's Bills §74 .......... 5
Commercial Law of Intellectual Property, Peter A. Alces
Section 4.3.3.2 pages 139-40 .......... 14, 16
H. Rep. No. 94-1476 (1978) .......... 14-15

By Order entered May 6, 2008, the Honorable David Ezra determined that C&S Wholesale Grocers Inc. is entitled to move for execution on Wayne Berry's personal property, and set forth certain requirements for the motion. The court required that any motion for execution "must be far more specific with respect to the Plaintiff's property that it seeks to have the writ of execution pertain to." Additionally, the motion "must clearly cite Hawaii authority upon which [C&S] bases its request" and "explain the location of such property, such that the writ can actually be executed." This motion meets that burden.

## 1. HAWAII LAW RECOGNIZES, AND HAS ALWAYS RECOGNIZED THE RIGHT OF JUDGMENT-CREDITORS TO HAVE THE JUDGMENT-DEBTOR'S COPYRIGHTS, AND OTHER INTANGIBLES, SOLD IN ORDER TO SATISFY THE OUTSTANDING JUDGMENT

The Hawaii Supreme Court has recognized that intangibles, such as copyrights, patents and causes of action, are subject to the rights of judgment creditors to have them sold and the proceeds used to satisfy (in whole or in part) the outstanding judgments.

> All property which ought in equity to be applied to the payment of the debt can be reached by a creditor's bill. A **patent or a copyright** can be reached by this means, **even a right of action** for injury to the debtor's property.

Byrne v. Allen, 10 Haw. 668 (1897) (emphasis added). These are precisely the rights that C&S seeks to enforce its judgment against (in light of the fact that Mr.

Berry has testified that he has nothing else). His copyrights as well as his alleged "right[s] of action" should be sold pursuant to Hawaii law in order to satisfy his debt.

Hawaii courts have "preexisting inherent jurisdiction to entertain a creditors' bill to reach equitable assets of the debtor which cannot be reached upon execution at law." Henry Waterhouse Trust Co. v. King, 33 Haw. 1 (1934). In Crescent City Motors v. Nalaielua, 31 Haw. 418 (1930), the Hawaii Supreme Court explained the Court's inherent power to reach intangibles, such as copyrights of the judgment debtor:

> "Any beneficial interest of a debtor in real or personal property which cannot be reached by regular process of law and is not expressly exempted by statute may be reached by a creditors' bill and subjected to the payment or satisfaction of the debt; and only such property may be so reached." 15 C. J. 1401.... **Hawaii has no statute modifying this rule of the common law**.

Id. (emphasis added).

Indeed, Hawaii law recognizes that if the judgment-debtor could sell an intangible asset, the court can order it sold and the proceeds applied to satisfy the judgment creditors:

> If [the judgment debtor's] interest is alienable by him, as we think it is, it certainly should be seizable by a court of equity in satisfaction of the claims of creditors. To deny a creditor's petition for this relief would be to permit the respondent to sell immediately thereafter his interest by voluntary conveyance and to pocket the proceeds in defiance of the claims of his creditors and of the court.

Crescent City Motors v. Nalaielua, 31 Haw. 418 (1930).

A judgment creditor's right to have the debtor's copyrights, patents and other intangibles sold in order to satisfy the debt is not unique to Hawaii. Courts elsewhere have recognized the availability of the same procedure. In re Grace's Will, 61 Misc.2d 1064, 308 N.Y.S.2d 136 (1970) ("copyright can be reached by a creditor's bill in chancery and that an assignment can effectively be made of the copyright"); Platt & Munk Co. v. Republic Graphics, Inc., 315 F.2d 847 (2nd Cir. 1963) ("the Supreme Court made clear that a court of equity could subject a patent right to the payment of a judgment debt of the patentee").

**2. REGARDLESS OF WHAT IT IS CALLED, A CREDITOR'S BILL IS ENFORCED THE SAME WAY AS AN EXECUTION: TO HOLD AN AUCTION OF THE JUDGMENT DEBTOR'S PROPERTY AND APPLY THE PROCEEDS TOWARD SATISFACTION OF THE JUDGMENT-CREDITOR'S RIGHTS**

The remedy is the same for Execution or a Creditor's Bill in Equity: a public auction of the judgment-debtor's property and the proceeds (in excess of expenses of the sale) applied to the judgment creditor's claims. The Court has the

> power to decree satisfaction of the sum due the [judgment creditor] on his judgment, out of any personal property, money, or choses in action belonging to the [judgment debtor] which may have been discovered by the proceedings. If the property is of such a nature that its fair value may be obtained by a sale at auction, in the usual manner, that course should be resorted to as the most expeditious and least expensive.

21 Am Jur.2d Creditor's Bills §74 (emphasis added).

> The property right of a debtor in a copyright, not being subject to seizure and sale under execution, has also been held to be reachable by creditor's bill, but in subjecting a copyright to its owner's debts by a sale thereof, it is necessary for the court to compel a transfer to the purchaser in conformity with the requirements of the copyright act in order to invest him with a complete title.

21 Am Jur.2d Creditor's Bills §30 (emphasis added).

The procedure for an execution sale, as specified under Haw. Rev. Stat. Chapter 651 is the same:

> The officer shall, on the day and at the place set for the public sale, unless paid the amount of the judgment, interest, and costs, and the officer's fees and disbursements accrued upon the writ, sell the property advertised to the highest bidder. The officer shall deduct from the proceeds of the sale sufficient for the full satisfaction, if possible, of the execution and the officer's costs, expenses, and commissions, and return the writ, satisfied wholly or in part, paying the amount collected thereon to the plaintiff in execution or the plaintiff's attorney.

Thus, if the Court concludes that "execution" is unavailable because it is impossible for the sheriff to take physical possession of a copyright, the Court can and should grant the identical relief under the name of "creditor's bill in equity."

Hawaii's courts have recognized that an effective levy can be made via constructive possession, and that the Sheriff need not take actual physical possession of the personal property, where it would be impractical to do so. See e.g. Ferry v.

Hakalau Plantation Co., 21 Haw. 745 (1913). However, if "execution" is not possible due to the "intangible" nature of Mr. Berry's only "asset" then C&S should be awarded the same remedy under the name of "Creditor's Bill in Equity" as discussed in the Hawaii caselaw and other legal authorities cited hereinabove.

**3. THE COURT HAS JURISDICTION OVER MR. BERRY AND HAS THE AUTHORITY TO ENFORCE ITS JUDGMENT AGAINST HIM**

Mr. Berry chose this forum to litigate his claims against C&S. In filing this lawsuit, he submitted to this Court's jurisdiction and the Court continues to have jurisdiction over him. A "plaintiff consents to personal jurisdiction by virtue of the act of bringing the suit in the given forum." McAnich v. Wintermute, 491 F.3d 759, 766 (8th Cir. 2007). This U.S. District Court has the authority to enforce its own judgment. Duchek v. Jacobi, 646 F.2d 415, 417-418 (9th Cir. 1981). In re Pro Air, Inc., ___ F. Supp ___ , slip opinion, WL 1292091 (W.D. Wash. 2007) ( "the inherent power of the court to give effect to its own judgment").

The Court's authority to enforce its own judgment through execution or creditor's bill is not affected by the fact that the plaintiff moved to Florida after the judgment was entered. Jurisdiction over the plaintiff was established when he filed the complaint and submitted himself to the Court's authority. The Court has authority to enforce its own judgment regardless of the plaintiff's decision to relocate after the judgment was entered.

This Court has the power and authority to enforce its own judgment against Mr. Berry: "In law settled, for more than a century, there can be no question that a court's power to render a judgment includes the power to enforce that judgment" and "implicit in the power to enforce a judgment is the power to use all legal means to provide relief to judgment creditors in an appropriate case." In re Estate of Marcos Human Rights Litigation, 910 F.Supp. 1470, 1471 (D. Hawai'i 1995). In Marcos, the Court ordered the judgment debtor (over whom it had personal jurisdiction) to assign its interest in Swiss bank accounts to the judgment creditor. Under Hawaii law, the Court has the power to enforce its own judgment, including the power to:

> issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice in matters pending before them.

Haw. Rev. Stat. §603-21.9(6)

The Court has the power to order Mr. Berry to sign over his copyrights and causes of action to the highest bidder after a public auction has been conducted. If Mr. Berry refuses, Fed. R. Civ. P. 70, provides the Court with the authority to appoint a third party to execute the transfer on Mr. Berry's behalf. In this fashion, the sale can, and should, be concluded as provided by Hawaii law.

**4. THE PREDICATES FOR A CREDITOR'S BILL: (1) ENTRY OF JUDGMENT IN C&S'S FAVOR; AND (2) EXHAUSTION OF REMEDIES AT LAW, HAVE BEEN SATISFIED**