# EXHIBIT C

LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WAYNE BERRY

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 16 2004

at ____ o'clock and ____ min ____ M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., a California corporation; H.E.S. TRANSPORTATION SERVICES, INC., a California corporation; CALIFORNIA PACIFIC CONSOLIDATORS, INC., a California corporation; JEFFREY P. GRAHAM and PETER SCHAUL, California citizens; MARK DILLON and TERESA NOA, BRIAN CHRISTENSEN, Hawaii citizens; FLEMING COMPANIES, INC., an Oklahoma corporation; C & S LOGISTICS OF HAWAII, LLC, a Delaware LLC; C & S WHOLESALE GROCERS, INC., a Vermont corporation; | Civ. No. CV03 00385 SOM-LEK<br>(Copyright)<br><br>SECOND AMENDED VERIFIED COMPLAINT; EXHIBIT "A"; DEMAND FOR JURY TRIAL; AND SUMMONS |

Exhibit C

210

C & S ACQUISITIONS, LLC; )
FOODLAND SUPER MARKET, )
LIMITED, a Hawaii corporation; )
HAWAII TRANSFER COMPANY, )
LIMITED, a Hawaii Corporation, )
RICHARD COHEN, a New Hampshire )
citizen ES3, LLC, a Delaware Limited )
Liability Company, MELVIN PONCE, )
SONIA PURDY, JUSTIN )
FUKUMOTO, AFREDDA )
WAIOLAMA, JACQUELINE RIO, )
Hawaii citizens; JESSIE GONZALES, )
LUIZ RODRIGUES, AL PEREZ and )
PATRICK HIRAYAMA , California )
citizens; GUIDANCE SOFTWARE, )
LLC, a California, LLC; MICHAEL )
GURZI, a California citizen; ALIX )
PARTNERS, LLC, a Delaware LLC ; )
DOE INDIVIDUALS 2-350; DOE )
PARTNERSHIPS, CORPORATIONS )
and OTHER DOE ENTITIES 2-20, )
                                                              )
            Defendants.                            )
_____ )

## SECOND AMENDED VERIFIED COMPLAINT

COMES NOW, Plaintiff Wayne Berry ("Plaintiff"), by and through his undersigned counsel, and hereby complains of the above-entitled Defendants and alleges as follows:

2

the Fleming Wholesale Business.

100. To facilitate C&S ability to recreate the Fleming business model, C&S required the automation that was provide by the Berry Freight Control System and the trade secrets that were contained in the numerous other computer software programs developed by Mr. Berry and loaned, as an interim measure to Fleming while it was in the process of replacing these programs and the processes with ones to be supplied by Manugistics.

101. In deposition testimony, Mark Dillon testified that certain Web Pages what were developed by Mr. Berry remained on the Fleming system and have been used by HEX/HEST/CALPAC.

102. The Guidance Report contained a listing of certain files that evidence that no less than 30 of the other programs created by Mr. Berry remained on the Fleming server when it was sold to C&S.

103. These programs were illegally transferred to C&S when its became the owner and operator of the Fleming-Logistics Department.

104. This transfer was made by "improper means" including theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means.

105. This transfer constitutes "misappropriation" because C&S' attorney Mr.

Ziman and Fleming's attorney Mr. Liebeler and others knew that Mr. Berry had claims regarding his software, and appeared in the Delaware Bankruptcy Court on August 4, 2003, and misrepresented to the Bankruptcy Court that Mr. Berry's software was "not on the list" while knowing that they were intending to transfer Mr. Berry's trade secrets. These attorneys were under a duty of condor to the Bankruptcy court that makes any misstatement or attempt to deceive a misrepresentation. The Bankruptcy Court has entered findings that Fleming's counsel has committed repeated misrepresentations in regard to their conduct in the Delaware proceedings.

106. C&S, Guidance, Scott and Gurzi knew or had reason to know that the Berry trade secrets were acquired by improper means.

107. C&S, Guidance, Scott and Gurzi knew that the disclosure or use of Mr. Berry's trade secrets of was without his express consent.

108. C&S, Guidance, Scott and Gurzi knew that Fleming had used improper means to acquire knowledge of the trade secret or, at the time of disclosure or use, C&S knew or had reason to know that the knowledge of the trade secret was derived from or through a person who had utilized improper means to acquire it or acquired it under circumstances giving rise to a duty to maintain its secrecy or limit its use; or derived from or through a person who owed a duty to maintain its secrecy or limit its use.

109. Mr. Berry's methods, program devices, and techniques, as evidenced by the at least 30 additional programs, constitute Trade Secrets as defined by Chapter 482B of the Hawaii Revised Statutes and derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. Mr. Berry has taken efforts that are reasonable under the circumstances to maintain the secrecy of his property.

110. Pursuant to Hawaii Rev. Stat. Plaintiff, is entitled to damages against C&S, Guidance, Scott and Gurzi and Fleming including both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss.

111. In lieu of damages measured by any other methods, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret.

112. C&S, Guidance, Scott and Gurzi, by participating in the fraud upon the Bankruptcy Court and evidenced by its hiring of Fleming's attorneys who had represented an adjudicated willful infringer, shows that its misappropriation was willful and malicious and therefore, Plaintiff shall seek an award of exemplary damages.