# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

WAYNE BERRY,

            Plaintiff,

vs.

DEUTSCHE BANK TRUST COMPANY AMERICAS (f.a. BANKERS TRUST COMPANY) and JP MORGAN CHASE BANK, in their separate capacities and as agents for the pre- and post-petition lenders of Fleming Companies, Inc.; GENERAL ELECTRIC CAPITAL CORPORATION; C&S WHOLESALE GROCERS, INC.; THE POST-CONFIRMATION TRUST OF FLEMING COMPANIES, INC.; ROBERT KORS; CORE-MARK HOLDINGS INC. and DOES 1 to 200.

            Defendants.

------------------------------------ x

: 01:07 CV 7634 WHP
: Judge William H. Pauley III
: ECF Case
:
: **SECOND AMENDED COMPLAINT AND JURY DEMAND; EXHIBITS "A" TO "R"**

## SECOND AMENDED COMPLAINT

i

Exhibit F

# Table of Contents
(Submitted for Convenience and Not to Limit Any Claim or Allegation)

**Table of Contents** .................................................................... Ii

**Parties** ................................................................................. 1

**Jurisdiction and Venue** .............................................................. 3
    Basis of Copyright Jurisdiction ...................................................... 4

**Prior Litigation** ..................................................................... 12
    The First Hawaii Case ................................................................ 13
    The Second Hawaii Case .............................................................. 17

**The Lenders Join the Enterprise** ................................................ 26

**GECC Agrees to Join the Enterprise** ............................................ 28

**Claim I Direct Copyright Infringement C&S, Core-mark and Doe Defendants** ......... 34

**Claim II Contributory and Vicarious Copyright Infringement Chase, Deutsche Bank and GECC** .................................................................... 35

**Claim III Contributory And/Or Vicarious Copyright Infringement Core-Mark, C&S** .. 41

**Claim IV Unjust Enrichment and Quantum Meruit the Lenders** ................. 42

**Claim V Breach of Contract for Damages and Specific Performance Kors and the PCT** 43

**Claim VI Tortious Inducement of Breach of Fiduciary Duty PCT, Kors and C&S** ...... 43

**Claim VII Aiding and Abetting Breach of Fiduciary Duty PCT, Kors and C&S** ........ 45

**Claim VIII Tortious Interference with Contractual Relations PCT, Kors and C&S** ..... 46

**Claim IX Aiding and Abetting Conversion of Client Funds PCT, Kors and C&S** ...... 47

**Claim X Abuse of Process PCT, Kors and C&S** ................................... 48

**Claim XI Conversion or Alternatively Trespass to Material Objects C&S, Core-Mark** . 49

**Claim XII RICO All Defendants** ................................................. 51
    The 18 U.S.C. § 1962(c) Enterprise ........................................ 51
    Pattern of Racketeering .................................................. 59
        Under Rico 18 U.S.C. § 1961(1)(A) ................................. 59
        Under Rico 18 U.S.C. § 1961(1)(B) ................................. 60
    RICO Offenses .......................................................... 64

**Additional RICO Predicates and Doe Defendants** ................................. 68

**Prayer for Relief** ............................................................. 69

COMES NOW, Plaintiff Wayne Berry ("Plaintiff"), by and through his undersigned counsel, and hereby complains of the above-named Defendants and alleges acts occurring up to the filing of this Second Amend Complaint as follows:

## PARTIES

1.  Plaintiff is an independent software developer and inventor who at times relevant to the matters complained of herein was a citizen and domiciliary of the State of Hawaii and presently resides in the State of Florida. Mr. Berry has overseen logistics operations that have shipped well more than one billion dollars of commodities in interstate commerce.

2.  Upon information and belief, Defendant Deutsche Bank Trust Company Americas ("Deutsche Bank") formerly known as Bankers Trust Company is a New York chartered bank with its principal place of business in New York.

3.  Upon information and belief, JP Morgan Chase Bank ("Chase") is a Delaware corporation with its principal place of business in the state of New York.

4.  Together Chase and Deutsche Bank served as the lead agents of those certain credit facilities for a syndicate of lenders of the former debtor Fleming Companies, Inc. and its subsidiaries dated June 18, 2002 and twice amended.

5.  Defendant General Electric Capital Corporation ("GECC") was also a pre-bankruptcy lender to the former Fleming Companies, Inc. under the June 18, 2002 credit facility and is presently lender to two additional borrowers, defendants C&S Wholesale Grocers, Inc. ("C&S") and defendant Core-Mark Holdings, Inc. ("Core-Mark").

6.  Chase, Deutsche Bank and GECC and the other Doe participants in the syndication of the June 18, 2002 loans are hereinafter referred to collectively as the "Pre-Petition

Lenders" or the "Lenders."

7.  Upon information and belief, Core-Mark is a Delaware corporation with its principal place of business in the State of California. Core-Mark transacts business in several states and Canada, and purports to be a lawful wholesale distributor of cigarettes in Hawaii.

8.  Defendant C&S is, upon information and belief, a Vermont Corporation with its principal place of business in New Hampshire and Vermont and is doing business interstate and competes with Mr. Berry in the business of ocean freight logistics and is engaged in interstate commerce and claims to be the nation's second largest wholesale grocer with sales reported of over $14 billion annually.

9.  C&S is the sole wholesale grocery distributor with a full line grocery warehouse located in the State of Hawaii.

10. Defendant Robert Kors, upon information and belief, is a citizen and domiciliary of the state of California and is the principal of an unincorporated association known as the Post-Confirmation Trust of Fleming Companies, Inc. ("PCT"). Upon information and belief the PCT was intended to be a grantor trust created under the law of the State of Delaware but, upon information and belief, the purported trust instrument was drafted with no termination and therefore may be void *ab initio* under the Rule Against Perpetuities applicable to grantor trusts created under Delaware law.

11. Does 1 through 200 are defendants whose identities and liability are not yet fully known to Plaintiff who has after diligent review of the records and documents been unable to properly identify. When their identities are made known to Plaintiff these defendants shall be identified as Does as set forth herein.