IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE BERRY, a Hawaii citizen;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN EXPRESS SERVICE, INC., et al.,<br><br>Defendants. | CIVIL NO. CV03-00385 SOM-LEK<br>(Copyright)<br><br>DECLARATION OF LEX R. SMITH |

DECLARATION OF LEX R. SMITH

LEX R. SMITH hereby declares as follows:

1. I am an attorney with the law firm of Kobayashi, Sugita & Goda, which firm represents C&S Wholesale Grocers Inc. ("C&S"), one of the Defendants in the above-entitled action. I make this declaration based on my personal knowledge, except where facts are specifically stated to be premised upon information and belief.

2. By Order entered March 2, 2007, the Honorable Susan O. Mollway awarded attorneys' fees in favor of C&S and against Plaintiff Wayne Berry in the

amount of $84,758.98. The March 2 order is a final and enforceable judgment.

3. While the judgment has been appealed, it has not been reversed, modified, or set aside, in whole or in part, and remains in full force and effect.

4. Pursuant to the judgment, there is now due and owing to Movant the principal sum of $84,758.98 exclusive of post judgment interest, post judgment attorneys' fees and other costs of collection. The judgment remains unsatisfied.

5. On August 13, 2007, I took the judgment debtor examination of Mr. Berry. Mr. Berry was under an order to produce his bank statements, but testified that he has none within his possession or control, except for the first page of the statements. He identified no assets that he owns that C&S could collect its judgment against. The only thing of value that he claims to own are a couple of firearms but he testified that he doesn't know where they are. Regarding his contractual relationship with Y. Hata, he testified that Y. Hata had prepaid its obligations to him but that he didn't recall the terms of his agreement with them. The records of Y. Hata which I subsequently subpoenaed reflect that Mr. Berry gave Y. Hata a 5% discount in order to get approximately $60,000 of contractual liability pre-paid before collection efforts were undertaken on the judgment awarded by the Court.

6. Movants request that this ex parte motion is granted so that Movants can pursue appropriate remedies for collection of their judgment.

7. Mr. Berry's sworn testimony confirms that he has received nothing

in the past ten years for any of the copyrights he has registered in the U.S. Copyright Office. (Exhibit "B"). The only exception is $100,000 that he received from Hawaiian Express in exchange for Mr. Berry's agreement to stop suing them.

8. Attached hereto as Exhibit "A" is a true and correct copy of the U.S. Tax Lien issued against Wayne Berry in the year 2000. I do not know the exact balance that remains unpaid under this lien because I understand that Berry's wife's tax refunds may have been seized in order to offset a portion of this debt. It also appears possible that additional amounts may be owed to the IRS, as Mr. Berry testified that the last five years' tax returns which he produced on August 13, 2007 were not filed until 2007.

9. By virtue of said judgment, the sum of $84,758.98, plus interest at the judgment rate and costs of collection is due and owing to C&S Wholesale Grocers Inc.

10. Attached hereto as Exhibit "B" are true and correct copies of pages from the August 13, 2007 sworn testimony of Wayne Berry.

11. Attached hereto as Exhibit "C" are true and correct copies of pages from the Second Amended Complaint that Wayne Berry filed in this case.

12. Attached hereto as Exhibit D is a true and correct copy of the list of 27,000 computer files that Wayne Berry produced in this case claiming he "suspected" that they contained Berry's trade secrets.

13. Attached hereto as Exhibit "E" is a true and correct copy of a document that Mr. Berry calls his "EULA" which he claims licensed the use of software he authored to Fleming. Fleming has always denied that it ever agreed to the terms of the "EULA" but that dispute is irrelevant to this motion.

14. Attached hereto as Exhibit "F" is a true and correct copy of the Second Amended Complaint that Mr. Berry filed in New York, reflecting numerous causes of action that he claims to have.

15. This Ex Parte Motion for Issuance of Writ of Execution after Judgment or for Creditor's Bill in Equity asks that a Writ of Execution or Creditor's Bill in Equity be issued providing for execution against the judgment-debtor's registered and unregistered copyrights as well as all causes of action for infringement and all rights existing in any pending lawsuits. The specific copyrights and causes of action are set forth in the motion.

I hereby declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

DATED: Honolulu, Hawaii, June 5, 2008.

/s/ Lex R. Smith
LEX R. SMITH