TIMOTHY J. HOGAN 5312-0
ATTORNEY AT LAW
1050 Bishop Street, No.433
Honolulu, Hawaii 96813
Tel. No. (808) 382-3698
Fax No. (808) 356-1682
E-mail: tjh@timhogan.com

WAYNE BERRY
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE BERRY, | ) | Civ. No. CV03 00385 DAE-LEK |
| | ) | (Copyright) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | PLAINTIFF WAYNE BERRY'S |
| | ) | OPPOSITION TO DEFENDANT C&S |
| | ) | WHOLESALE GROCERS, INC.'S |
| HAWAIIAN EXPRESS SERVICE, | ) | RENEWED EX PARTE MOTION |
| INC., et al. | ) | FOR WRIT OF EXECUTION OR IN |
| | ) | THE ALTERNATIVE FOR |
| | ) | JUDGMENT CREDITOR'S BILL IN |
| | ) | EQUITY; EXHIBIT "1" |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Table of Contents

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    The Motion Falsely Characterizes Judge Ezra's Order. . . . . . . . . . . 1

      B.    C&S Cited Authority Proves the Motion Must be Denied. . . . . . . . 2

      C.    The Relief Sought Is Not Consistent with the Law. . . . . . . . . . . . . 4

III.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      A.    The District Court has Already ruled that Mr. Berry Lives in Florida  7

      B.    C&S Lacks Standing in Equity . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      C.    Hawaii State Law Prohibits the Relief Sought . . . . . . . . . . . . . . . . 11

      D.    There is No Case That Supports the View that A Copyright That Has
            Not been Subject to a Prior Voluntary Transfer Can be the Subject of
            an Execution and Levy and Federal Law Strictly Prohibits This Court
            from Such an Act  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      E.    A Tax Lien is Not A Voluntary Transfer . . . . . . . . . . . . . . . . . . . . 17

      F.    C&S Is Likely Not the Holder of the Claim and the Bankruptcy Court
            has Stayed the Collection Proceeding. . . . . . . . . . . . . . . . . . . . . . 20

IV.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Table of Authorities

CASES

*7's Enterprises, Inc. v. Del Rosario*, 111 Hawaii 484, 143 P.3d 23 (Hawaii 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Broadcast Music, Inc. v. Hirsch*, 104 F.3d 163 (9th Cir. 1997) . . . . . . . . . . . . . . 20

*Brown v. Bigley*, 3 Tenn.Ch. 618 (Tenn.Ch.,1878)  . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Byrne v. Allen*, 10 Haw. 668, 1897 WL 1638 *2 (Hawaii 1897)  . . . . . . . . . . . . . . 5

*Carrigan v. Leatherwood*, 3 Tenn.Cas. 38 (Tenn.,1878)  . . . . . . . . . . . . . . . . . . . . 7

*Crescent City Motors v. Nalaielua* , 31 Haw. 418, 1930 WL 2889 *4 (Haw.Terr. 1930) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Duchek v. Jacobi*, 646 F.2d 415, 417-418 (9th Cir. 1981  . . . . . . . . . . . . . . . . . . . 19

*Ferry v. Murata*, 26 Haw. 699, 1923 WL 2731 (Haw. Terr. 1923)  . . . . . . . . 12, 16

*Henry Waterhouse Trust Co. v. King*,  33 Haw. 1,  1934 WL 2678 *5 (Haw.Terr. 1934) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Honolulu Brewing & Malting Co. v. Bartlett*,  23 Haw. 192, 1916 WL 1421 *3 (Haw.Terr. 1916)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

*Hyman v. Sing Warn*,  16 Haw. 106, 1904 WL 1331 (Haw.Terr. 1904) . . . . . . . . 13

*In re DeMarah*, 62 F.3d 1248 (9th Cir 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Grace's Will*, 61 Misc. 2d 1064, 308 N.Y.S2d 135 (1970)  . . . . . . . . . . . . . 4

*In re Kealiiahonui's Estate*,  9 Haw. 1,  1893 WL 1044 (Hawaii 1893) . . . . . . . . 11

*In re Peregrine Entertainment, Ltd.*, 116 B.R. 194 (C.D. Cal. 1990)  . . . . . . 15-18

*In re Pro Air, Inc*.,  Slip Copy, 2007 WL 1292091 (W.D.Wash.,May 2, 2007)  . 19

*In re Snavely*, 314 B.R. 808 (9th Cir.BAP 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*McAnich v. Wintermute*, 491 F.3d 759 (8th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . 18

*Mercer v. Henderson*, 7 Ky.Op. 448 (Ky.,1874) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Platt & Munk Co. v. Republic*, 315 F.2d 847 (2nd Cir. 1963) . . . . . . . . . . . . . . . . 4

*Shanghai Inv. Co., Inc. v. Alteka Co., Ltd.*, 92 Hawai'i 482, 993 P.2d 516 (2000)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

STATUTES

28 U.S.C. § 1962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Copyright Act, 17 U.S.C. 201(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 14, 17

Copyright Act, 17 U.S.C. § 301(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Copyright Act, 17 U.S.C. §205(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Hawaii Rev. Stat. § 651-32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hawaii Rev. Stat. §651-9(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

The Bankruptcy Code11 U.S.C. § 544. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Title 11, United States Bankruptcy Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 14

RULES

Fed. R. Civ. P. 69 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 19

## I.    INTRODUCTION.

COMES NOW, Plaintiff Wayne Berry, a resident of the State of Florida, by and through his undersigned counsel, who enters a limited special appearance on Plaintiff's behalf in regard to the relief sought in the instant motion. As to the attempt to execute on a copyright, this act is specifically prohibited under the Copyright Act, 17U.S.C.§201(e).  Federal law specifically preempts hundred year old cases of the Republic of Hawaii and this Court must obey the clear prohibition contained in the Copyright Act, that if it was actually only to be applied to foreign despots would have no reason to provide a single exception under the United States Bankruptcy Code, Title 11 of the U.S. Code.

## II.    FACTUAL BACKGROUND.

### A.    The Motion Falsely Characterizes Judge Ezra's Order.

In its Memorandum in support, C&S concedes that Judge Ezra's order gave C&S specific directions if it chose to continue to pursue a writ as follows:

> This Court hereby orders C&S to refile a request for a writ of execution within 30 days of the date of this Order. This Court advises C&S that its writ must be far more specific with respect to the Plaintiff's property that it seeks to have the writ of execution pertain to than its previous filing, and must clearly cite Hawaii authority upon which it bases its request and explain the location of such property, such that the writ can actually be executed. In other words, C&S must identify by name, civil number, and court, each "cause of action and other claims and pending lawsuits" that C&S expects to be executed upon. **C&S must explain whether that property is located in Hawaii, and if not, C&S must provide the authority, if any,**

**pursuant to which such property can be executed upon, given that Plaintiff does not appear to be a Hawaii resident. In addition, C&S must do the same with respect to the registered and unregistered copyrights. Along with a memorandum which clearly explains the basis for the writ as to each piece of property contained in the writ, C&S must also file a proposed form of writ, which if granted, will be provided to the Deputy Sheriff of the State for execution.**

Order Reversing and Remanding Appeal of Order Denying C&S Wholesale Grocers, Inc.'s Ex Parte Motion for Issuance of Writ of Execution after Judgment filed on May 6, 2008 at pages 8-9 (emphasis added).

What is clear is that the Motion failed to "explain whether the property is located in Hawaii, and if not, ... the authority, if any, pursuant to which such property can be executed upon, given Plaintiff does not appear to be a Hawaii resident.  . . . C&S must do the same with respect to the registered and unregistered copyrights.  Along with a memorandum which clearly explains the basis for the writ as to each piece of property contained in the writ, C&S must also file a proposed form of writ . . ."     Ignoring for now the other infirmities, C&S has not even attempted to comply with the Order.  No proposed Writ was filed and the Motion must be denied.

**B.     C&S Cited Authority Proves the Motion Must be Denied.**

The principal Hawaii Territorial case relied upon by C&S, defeats C&S on its attempt to alternatively seek a creditor bill before it even gets started.

In Hawaii equity had jurisdiction long before the enactment of any of

2

our garnishment statutes (the earliest was in 1890) to reach equitable assets of the debtor such as those involved in the case at bar. After quoting the statutory declaration from the Act of 1878 that courts of equity have jurisdiction of "bills by creditors to reach and apply in payment of a debt, any property, right, title or interest, legal or equitable, **of a debtor within this kingdom** which cannot be come at or attached or taken on execution in a suit at law against such debtor," this court said, "We have no doubt that equity had jurisdiction of creditors' bills before the enactment" (1878) "of this definition, under the general powers given to the chancellor and the vice-chancellor 'to hear and determine all matters in equity' " (citing §847 C. C.). Byrne v. Allen, 10 Haw. 668, 670.

*Henry Waterhouse Trust Co. v. King*, 33 Haw. 1, 1934 WL 2678 *5 (Haw.Terr. 1934) (emphasis added) (citations in original). This case cited by C&S proves its motion must be denied because Mr. Berry is not a Hawaii resident kingdom or otherwise. *See also Honolulu Brewing & Malting Co. v. Bartlett*, 23 Haw. 192, 1916 WL 1421 *3 (Haw.Terr. 1916) ("bills by creditors to reach and apply in payment of a debt, any property, right, title or interest, legal or equitable **of a debtor, within this Territory**, which cannot be come at to be attached or taken on execution in a suit at law, against such debtor.").

C&S also cites *Crescent City Motors v. Nalaielua*, 31 Haw. 418, 1930 WL 2889 *4 (Haw.Terr. 1930) but that case dealt with an interest in real property located in the Territory, and presumably belonged to a resident. At a minimum, the property was in Hawaii and under present law could be reached by execution or

garnishment.  C&S can point to no Hawaii case that permits a creditor bill against an non resident's personal property.  Rather than just concede that it can't obey the Order, C&S just ignores it.

C&S also cites *In re Grace's Will*, 61 Misc. 2d 1064, 308 N.Y.S2d 135 (1970) was a case related to the rights of the devisees to a decedent's manuscript. The case was not seeking a transfer of a copyright.  But this begs the central issue presented by Judge Ezra, how do you accomplish this when Mr. Berry is a Florida resident?  C&S just ignores this task because it knows that it can't put forward a legitimate basis for the Court ordering this remedy against a non-resident. C&S also cites to a case involving patents, *Platt & Munk Co. v. Republic*, 315 F.2d 847 (2nd Cir. 1963).  In *Platt*, the fight was over a material object and the first sale doctrine, in applicable here.  In addition, Mr. Berry knows of no patent statute akin to the Copyright Act, 17 U.S.C. § 201(e) that outright prohibits the Court, denying it any colorable basis for jurisdiction, to take the actions contemplated by the instant Motion.

### C.    The Relief Sought Is Not Consistent with the Law.

The Motion is wrong that fair value may be obtained by an auction. C&S an admitted wholesale grocery monopoly is using Mr. Berry's works to further its sole grip on the food wholesale business in Hawaii.  Were this sale to occur, the value

must be established according to the Copyright Act that provides Mr. Berry with the right to all of C&S's profits from the infringement.  That is the value that C&S must pay to simply cure its infringement and that should be the measure of the upset price for any sale.

Contrary to the 21 Am Jur2d cite, there is no lawful way to force Mr. Berry to convey his copyrights. Very rarely does Congress tell a federal judge not do something, this is an instance of such a command.

The one thing that the Motion got right is when it stated in the Memorandum that a "Creditor's Bill is enforced the same way as an execution."  Memo. page 4. Unable or unwilling to obey Judge Ezra's command to explain how the copyrights or other rights sought to sell are located in Hawaii, C&S concedes that Motion must be denied.  The focus on physical possession is just one of the hurdles that C&S has to overcome.  Mr. Berry is not a Hawaii resident and no authority supports the view that either of these remedies may be applied to a non-resident. Simply stating that Mr. Berry is a party to the case on appeal with jurisdiction before the Court of Appeals, does not change the fact that the order must be enforced, if at all, under Hawaii law that cannot reach a non-resident.

The first case cited by C&S answers the question. *Byrne v. Allen*, 10 Haw. 668, 1897 WL 1638 *2 (Hawaii 1897) the court made clear that the remedy applied to residents of the Kingdom.  C&S still cannot comply with Judge Ezra's order that

required it to describe as to each piece of property how a Hawaii Sheriff can seize it if Mr. Berry is a non-resident. That will apply whether the seizure is in an execution or under a creditor bill. C&S admits the procedures are the same.

Perhaps the easiest issue, to have standing to even request the creditor bill C&S must have exhausted all remedies at law. *See Honolulu Brewing & Malting Co. v. Bartlett*, 23 Haw. 192, 1916 WL 1421 *3 (Haw.Terr. 1916). C&S hasn't even tried to domesticate the attorneys fee order in Florida and execute on it there. C&S discovered many personal assets spending much of the creditor's examination engaged in a detailed but curious exploration of Mr. Berry's personalty that like the rights C&S is seeking to seize are with Mr. Berry in Florida. C&S does business in Florida and has no legitimate reason not to seek to recover there. It cannot claim to have standing to seek a creditor's bill under the circumstances. If C&S were correct, then no creditor would ever have to domesticate a judgment to collect, but would simply say to the local district court, "no assets or debtor in this state so issue a creditor's bill and we will sell all the assets that he/she owns in other states." That is in substance what C&S is asking the court to do. Judge Ezra put C&S to a task that it simply failed to accomplish and the Motion must be denied.

In addition, as to the judgments and the actions, as apposed to the copyrights, that are with Mr. Berry in Florida, the under-signed counsel has a

6

perfected super-priority charging lien on these cases that far exceeds the amount of C&S' claim and primes any tax lien.  Should C&S succeed, it will have done little more that become the nominee for all of Mr. Berry's taxes now and forever and an account debtor of Mr. Hogan, who will demand payment on his liens at the time of the sale or he will seek his remedies that include all the rights of a secured creditor with a defaulted debtor (C&S) under state and federal law.  *See  Brown v. Bigley*, 3 Tenn.Ch. 618 (Tenn.Ch.,1878) (An attorney's lien in the case in which his services were rendered, takes precedence of that of a judgment creditor of the client); *Carrigan v. Leatherwood*, 3 Tenn.Cas. 38 (Tenn.,1878) (an attorney who obtained judgment had lien for reasonable fee for his services in obtaining judgment which was prior to rights of attaching creditor, and attaching creditor, therefore, took subject to lien of attorney);  *Mercer v. Henderson*, 7 Ky.Op. 448 (Ky.,1874) (The court may properly adjudge attorneys, who procured a judgment for damages, a prior lien on the judgment for the services rendered).

## III.    ARGUMENT.

### A.    The District Court has Already ruled that Mr. Berry Lives in Florida.

Congress has provided this Court with the power to enforce its judgments entered in favor of non-governmental judgment creditors that derives from Hawaii law as follows:

> **Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State**, and shall cease to be a lien in the same manner and time. This section does not apply to judgments entered in favor of the United States. Whenever the law of any State requires a judgment of a State court to be registered, recorded, docketed or indexed, or any other act to be done, in a particular manner, or in a certain office or county or parish before such lien attaches, such requirements shall apply only if the law of such State authorizes the judgment of a court of the United States to be registered, recorded, docketed, indexed or otherwise conformed to rules and requirements relating to judgments of the courts of the State.

28 U.S.C. § 1962 (emphasis added).

Hawaii law limits by statute the scope of its jurisdiction to residents.

> Every district judge at the request of the party recovering any civil judgment in the judge's court, unless the judgment is duly appealed from, shall issue the judge's execution against the property of the party recovered against, which execution may be in the form established by the usage and practice of the issuing court and may be directed to any police officer of the judicial circuit in which the district court is situated; **provided the defendant or any of the defendants is a resident of the circuit**.

Hawaii Rev. Stat. § 651-32 (emphasis added).

In this case, the ex parte motion seeks issuance of process to seize property against a person who does not reside in the State of Hawaii.  Hawaii law, that

applies to this action, requires that C&S go to Florida to enforce any rights they claim under the Court's fee order. The District Court has already transferred a case based on the very fact that Mr. Berry resides in Florida. *See* Order Denying Plaintiff's Motion to Recuse; Motion Granting Change in Venue filed in *Wayne Berry v. Deutsche Bank et al*, Civ. No. 07-172 SOM-LEK (D. Hawaii) at Docket No. 60, page 5.

Just how this Court will employ Hawaii state law that authorizes a Hawaii officer to seize property from a person in Florida was not even addressed even though C&S was ordered to address this issue. Though Federal law gives a judgment creditor significant rights to proceed to collect on a judgment, the creditor must comply fully with the applicable state law. In *In re Snavely*, 314 B.R. 808, 818 (9th Cir.BAP 2004), the Bankruptcy Appellate panel held that failure to follow state law that required the filing of the docket to obtain a lien on real property, was grounds to void the judgment lien. In this case, Hawaii law is being employed over a non-resident. No Hawaii state court could grant the execution on a non-resident's personal property and the execution and/or bill must not issue.

### B.    C&S Lacks Standing in Equity.

C&S admits that this is an action at equity. On June 16, 2008, the United States Court of Appeals will hear oral argument on Mr. Berry's claim that C&S and Fleming stole his works, lied to this Court and committed thousands of RICO

predicate acts that it concedes it commits on a daily basis. These acts are not only serious civil wrongs but constitute ongoing felonies under U.S. law. C&S must have standing in equity to seek equity and its apparent admission that lied to the District Court that it had stopped using the Berry works that the Court of Appeals has ruled included the works created by Fleming, C&S should be cast out to dwell in the place set aside for all such malefactors. In any event, it can't claim standing in equity that is necessary for the Court to grant the Motion. Hawaii law recognizes that in regard to the matters related to the use of Berry's works, C&S must come with clean hands to have standing to seek the equitable relief it now requests. *7's Enterprises, Inc. v. Del Rosario*, 111 Hawaii 484, 494-5, 143 P.3d 23, 33-4 (Hawaii 2006). In the context of the ongoing commission of a felony, no claim can be made that C&S nor its agents have clean hands and therefore lack standing to proceed in equity.

As proof of C&S' ongoing criminal conduct, on July 5, 2007, the Court of Appeals affirmed the District Court and jury verdict that finally determined that the works that C&S retained were and remain all owned by Mr. Berry. This Writ of Mandate was issued over a year after the District Court entered its final judgment in this case and denied Mr. Berry's request for an injunction or return of his works. Fleming's PCT, represented by C&S's concurrent counsel Lex Smith, admitted to the Court of Appeals, prior to the Court's entry of the Writ of Mandate that all of

the works that C&S is using belong to Mr. Berry.  The long litigated Berry EULA
has been upheld as the operative license that regardless of assent is controlling over
all who use the works.  Fleming agreed that all the works it created were owned,
upon their creation, by Mr. Berry.  Therefore, even the works that the District
Court ruled were not infringing derivatives have, since the Court entered its final
judgment, by the Writ of Mandate, been finally adjudicated as the Berry works.
C&S admits it is using them for financial gain.  C&S is an admitted criminal
infringer and lacks standing in equity to request any equitable relief let alone to
request that this Honorable Court disregard clear federal law prohibition.  As such,
the Court will be acting within its discretion to deny the writ or bill simply on the
grounds of equitable standing alone.

This Court may consider the amounts due Mr. Berry by C&S for its
unlicensed use as an equivalent substitute for any requested bond.  *Se*e *Shanghai
Inv. Co., Inc. v. Alteka Co., Ltd.*, 92 Hawai'i 482, 503-4, 993 P.2d 516 (2000).
Under the Copyright Act, that amount is all of C&S's profits from the
infringement, a number far in excess of the $85,000 it is seeking to collect.

### C.     Hawaii State Law Prohibits the Relief Sought.

Even if C&S were not seeking this equitable relief while engaged in ongoing
criminal conduct, Hawaii law is clear that no court has power to seize the ongoing
cases as *choses in action*.  A 'chose in action,' is defined by the Hawaii Supreme

Court as "a right to receive or recover a debt or money, or damages for breach of contract, or for tort connected with contract, but which cannot be enforced without action ." *In re Kealiiahonui's Estate*, 9 Haw. 1, 4, 1893 WL 1044 (Hawaii 1893). It is well settled that in Hawaii, personal property must be capable of physical possession by the levying officer to be effective as follows:

> Writ; how executed. The police officer to whom the writ is directed and delivered, shall execute the writ without delay as follows:
>                                    . . .
> Personal property, **capable of manual delivery**, shall be attached by taking the same into custody.

Hawaii Rev. Stat. §651-9(2) (emphasis added).

As evidenced by the current Hawaii statute, this is still the law in Hawaii that this Court is asked to enforce that, on its face, clearly prohibits the result C&S is seeking. The statute has a long history of preventing this result as follows:

> There is no statute in Hawaii modifying the rule of the common law. The chapter on attachments ®. L., Ch. 156) contains a provision that "personal property, **capable of manual delivery**, shall be attached by taking the same into custody" and also provides a method for the levy of attachment upon stock in a corporation. It is silent as to any levy upon personal property not capable of manual delivery, **such as the chose in action now under consideration**. Chapter 139, which deals, among other things, with executions generally, does indeed say in a form of execution contained in section 2447 that the sheriff is commanded to levy upon personal property" of the defendant but other provisions in the chapter indicate that not all kinds of personal property may be levied upon by execution. Section 2456 provides that "every levy by an officer, in pursuance of a writ of execution issued by any court or judge, shall be made by taking the property levied

> upon into his possession, care and guardianship, and, in his option, by removal of the same to some place of security." This language is not applicable to **such a chose in action** as that now pursued by the plaintiff.

*Ferry v. Murata*, 26 Haw. 699, 1923 WL 2731 (Haw. Terr. 1923) (emphasis added).

Likewise, in Hawaii execution may **not** be had regarding a **judgment**. *See Hyman v. Sing Warn*,  16 Haw. 106, 1904 WL 1331 (Haw.Terr. 1904).  There is simply no state law that permits this Court employ Fed. R. Civ. P. 69 to grant C&S' Motion even if C&S had **clean hands**.  Because C&S is and admitted criminal infringer, state law forbids the issuance of the writ or bill under these extraordinary circumstances.

> **D.    There is No Case That Supports the View that A Copyright That Has Not been Subject to a Prior Voluntary Transfer Can be the Subject of an Execution and Levy and Federal Law Strictly Prohibits This Court from Such an Act**.

Ignoring the fact that these rights are exempt from execution and under Hawaii law such acts expose the creditor and officer executing to liability, Congress has preempted all state laws in regard to the enforcement of exclusive rights under the Copyright Act.  *See* the Copyright Act, 17 U.S.C. § 301(a). Congress has established the law that applies all regarding the transfer of ownership:

> Any transfer of copyright ownership or other document pertaining to a copyright may be recorded in the

13

> Copyright Office if the document filed for recordation **bears the actual signature of the person who executed it**, or if it is accompanied by a sworn or official certification that it is a true copy of the original, signed document.

*See* Copyright Act, 17 U.S.C. §205(a) (emphasis added).

The Motion contemplates the sheriff forging Mr. Berry's signature to defeat this requirement. Consistent with the Congressional intent to protect Mr. Berry's exclusive rights, by enacting the Copyright Act, 17 U.S.C. 201(e) Congress has specifically exempted Copyrights from the remedy that the criminal infringers now seek.

> Involuntary Transfer.— When an individual author's ownership of a copyright, or of any of the exclusive rights under a copyright, **has not previously been transferred voluntarily by that individual author, no action by any governmental body or other official or organization purporting to seize, expropriate, transfer, or exercise rights of ownership with respect to the copyright, or any of the exclusive rights under a copyright, shall be given effect** under this title, except as provided under Title 11.

The Copyright, 17 U.S.C. § 201(e) (emphasis added).

This controlling statute, that preempts all state law, evidences, on its face, that Congress was dealing with United States courts because it provides an exception where a debtor files, underTitle 11, the United States Bankruptcy Code, that provides for a transfer of the Copyright to the Debtor-in-Possession or Trustee by operation of law. Had Congress sought to limit the effect of this statute to foreign dictators, as C&S erroneously claims, Congress would have inserted

14

"foreign", between "any" and "governmental" but it chose not to.  Congress did show that it knew that it was addressing U.S. law because it carved out a single exception under the U.S. Code, the Bankruptcy Code of Title 11.  According to C&S, the foreign despot may seize the copyrights if they first file bankruptcy under Title 11.

This Court is asked to ignore a prohibition directed to this Court by Congress, set forth in the United States Code, to assist in ongoing criminal infringement of Mr. Berry's works.   There is no equity, law or justification for this and simply stated it violates the law and lacks any claimed jurisdictional basis.

C&S cites one case, *In re Peregrine Entertainment, Ltd.*, 116 B.R. 194 (C.D. Cal. 1990) for the proposition that a levy on a copyright is permissible. This case has been subject of much criticism but even a cursory review of it proves that the relevant cite is dicta.

The court in *Peregrine* specifically pointed to California law to determine whether a voluntary Chapter 11 Debtor could avoid an **un-perfected security interest** under the rights of a hypothetical lien creditor granted a Trustee or Debtor in Possession under the Bankruptcy Code 11 U.S.C. § 544.  First, the Title 11 exception applied because it was a voluntary bankruptcy. Looking to the applicable state law, the court noted that California law (in contrast to Hawaii) specifically

15

provided for the assertion of such a right a creditor enforcement proceeding.

> To determine this, we must first look to state law, as state law generally determines the validity of liens in bankruptcy cases. *See Danning v. Pacific Propeller, Inc.* ( *In re Holiday Airlines Corp*.), 620 F.2d 731, 735 n. 4 (9th Cir.1980). In California, a creditor who obtains a money judgment may obtain a writ of execution that, when levied on a particular piece of the debtor's property, creates an execution lien on that property. See Cal.Civ.P.Code §§ 699.510, 697.710. This writ may be levied on virtually every type of personal and real property, including accounts receivables and "general intangibles." See Cal.Civ.P.Code §§ 699.710, 700.170. The California Code of Civil Procedure defines general intangibles as "any personal property (including things in action) other than goods, accounts, chattel paper, documents, instruments, and money." Cal.Civ.P.Code § 481.115 (incorporating by reference UCC § 9106). The Official Commentary to section 9106 specifically identifies "copyrights, trademarks and patents" as included in the definition of general intangibles. It appears, **therefore, that at least in California**, a judicial lien may, in fact, be used to encumber a copyright.

*Peregrine*, at 200 (citations in the original) (emphasis added).

As stated, in sharp contrast to California law,  Hawaii's legislature has determined that Hawaii Courts may not impose a writ of execution on property that cannot be physically possessed by the officer.  *See  Ferry v. Murata*, 26 Haw. at 699.  Under the law of this state, the *Peregrine* case is therefore clearly distinguishable and irrelevant.

The Court in *Peregrine* didn't need to address the issue of involuntary

transfer because in *Peregrine*, the copyright owner had **already voluntarily transferred a security interest**, pre-petition to a secured creditor, whose lien the bankruptcy trustee sought to avoid because it was not properly perfected. The pre-petition grant of a security interest was clearly a voluntary transfer to the secured creditor enforceable outside of bankruptcy *vis a vis* the debtor. Under 17 U.S.C. § 201(e) where the debtor had filed a voluntary bankruptcy there was no need for the court to enter into the discussion of the Congressional intent regarding involuntary transfers. The cite to the Congressional record is clearly dicta because it was unnecessary based on any reading of the relevant statute. The court in *Perigrine* got the right result so there was no need to appeal the order.

**E.    A Tax Lien is Not A Voluntary Transfer.**

In addition, *Perigrine* holds that the initial transfer must be to a non-governmental entity. *Id*. at 206. In this case, C&S admits that the transfer that it claims was voluntary was to the IRS the Court must find to not be a private party. The Motion is entirely based on a single false premise: that the tax lien is a "voluntary transfer." This is patently false and absurd and contrary to controlling 9th Circuit law that binds this honorable Court. "...Nor is the attachment of a tax lien a voluntary transfer of property." *See  In re DeMarah*, 62 F.3d 1248, 1250 (9th Cir.1995)(citation omitted).

The United States Congress has spoken to this Court and directs that, until Mr. Berry **voluntarily** parts with his copyright, as opposed to some income stream derived from its voluntary license, this Court and no other court, including foreign despots, has the power to wench it from him and the *Perigrine* court recognized this requirement.

> As noted above, the Copyright Act recognizes transfers of copyright ownership "in whole or in part by any means of conveyance or by operation of law." 17 U.S.C. § 201(d)(1). Transfer is defined broadly to include any "assignment, mortgage, exclusive license, or any other conveyance, alienation, or hypothecation of a copyright ... whether or not it is limited in time or place of effect." 17 U.S.C. § 101. A judicial lien creditor is a creditor who has obtained a lien "by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(32). **Such a creditor typically has the power to seize and sell property held by the debtor at the time of the creation of the lien in order to satisfy the judgment _or, in the case of general intangibles such as copyrights, to collect the revenues generated by the intangible as they come due_**.

*Perigrine*, 116 B.R. at 205 (citations in the original) (emphasis added).

The very cases cited by C&S to support its right to a creditor bill under current Hawaii law could all be addressed through garnishment or other form of execution because the property was in Hawaii.  C&S cites *McAnich v. Wintermute*, 491 F.3d 759, 766 (8th Cir. 2007) for the proposition that the district court may establish personal jurisdiction over Mr. Berry.  This power is separate from the

issue of whether a Hawaii state court employing Hawaii law could reach assets of a debtor in Florida.  All the cases cited prove that a Hawaii court would be powerless to reach.  This Court applies Hawaii law that is not expanded simply because a federal court applies the law.  There is a competent federal court in Florida but for reasons that C&S has yet to articulate, it has not chosen to avail itself of that Court's jurisdiction.  C&S also cites *Duchek v. Jacobi*, 646 F.2d 415, 417-418 (9th Cir. 1981) where the court of appeals ruled that just because the state statute talks about state courts does not prohibit a federal court from applying the same remedy.  In this case, it is clear that no state judge has the power to effect the relief sought.  The district court's jurisdiction is no less than any state court to effect the remedy but also it is not expanded beyond the rights of the state tribunal.  In *In re Pro Air, Inc.*,  Slip Copy, 2007 WL 1292091 (W.D.Wash.,May 2, 2007) the court was asked to enforce a judgment transferring ownership of shares of stock after the conclusion of the case on appeal where the judgment had not specifically provided for it.  It was more akin to a clerical correction of the judgment.  In this case, C&S is employing state collection remedies in a supplemental preceding that proceeds under the power granted by state law and not to enforce an order of this court for specific performance or otherwise.  None of the powers that were sought invoked in *Pro Air* were derived from state law under Fed. R. Civ. P. 69 but as the incidence of the court's inherent power.

Claims related to these works are now being litigated under the jurisdiction and inherent powers of other Federal courts including one that received a related case transferred by this Court to the Southern District of New York. *Wayne Berry v. Deutsche Bank et al.*,01:07 CV 7634 WHP (S.D.N.Y.). In addition, by filing of the notice of appeal in the instant case, jurisdiction transferred to the Court of Appeals. This Court should respect the ongoing actions of another federal court especially where the district court has ordered the transfer to another district.

C&S cites *Broadcast Music, Inc. v. Hirsch*, 104 F.3d 163 (9th Cir. 1997) where the court of appeals reversed the district court that had found that an assignment of income under a copyright had to be perfected in the Copyright Office. This was not a transfer of the copyright, but only the right to be paid for the use of the work. That case firmly recognized that the copyright transfers must be recorded in the Copyrights Office in Washington D.C.. In contrast, a transfer of an interest in the income stream is addressed under state law.

### F.    C&S Is Likely Not the Holder of the Claim and the Bankruptcy Court has Stayed the Collection Proceeding.

To date, Mr. Berry holds judgment against the infringers totaling $284,692.72. Despite seeking to enforce an order as a judgment against Mr. Berry, C&S and its counsel have refused to provide debt verification though requested to provide verification to establish C&S' right to seek to recover on the

order.  The facts evidence that the alleged judgment is Fleming's and subject to

offset.  Notably, the declaration in support of the motion to obtain the writ made no

claim that C&S was the holder of the judgment that is required by local practice

The evidence shows that C&S is likely not the actual holder of the right to collect

upon this award that was a right owned by the Fleming PCT regarding which the

Delaware Bankruptcy Court has ordered that Berry related collections await further

order of the Delaware Bankruptcy Court.  It is long standing practice that the party

seeking supplemental proceeding in aid of collection swear that they are the owner

of the right.  The Declaration of Lex Smith, the attorney of record for Fleming in

this case, makes no such claim on behalf of his other client, C&S.  The Bankruptcy

Court specifically ordered that the determination of the Fleming PCT claims and

Mr. Berry's claims would be addressed when there is a final non-appealable order

"out of the last court that has jurisdiction in Hawaii."  *See* Transcript of

Proceedings taken on August 28, 2006, before the Honorable Mary F. Walrath,

United States Bankruptcy Judge, in *In re Fleming Companies, Inc*., Bk. No.

03-10945(MFW) (Bankr. Del.), at page 9:15-21.   A copy was filed with the

Declaration of Timothy J. Hogan as Exhibit "13" on April 14, 2008 at Docket No.

1101).  A copy is attached hereto as Exhibit "1."  Keeping Mr. Berry's hands tied

while these criminal infringers proceed would shock the conscious and the Court

must deny the Motion.

## IV.    CONCLUSION.

For the reasons stated the Motion must be denied.

DATED:   Honolulu, Hawaii, June 6, 2008.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Wayne Berry