# Exhibit 1

```
                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE


   IN RE:                          )  Chapter 11
                                   )
   FLEMING COMPANIES, INC.,        )  Case No. 03-10945 (MFW)
   ET AL.,                         )
                                   )  Wilmington, Delaware
              Debtor.              )  August 28, 2006
                                   )


                      TRANSCRIPT OF HEARING
                 BEFORE THE HONORABLE MARY F. WALRATH
                    UNITED STATES BANKRUPTCY JUDGE


   APPEARANCES:

   For PCT:                        LAURA DAVIS JONES, ESQUIRE
                                   Pachulski, Stang, Ziehl,
                                   Young, Jones & Weintraub, LLP
                                   919 North Market Street
                                   17th Floor
                                   Wilmington, Delaware   19899

                                   ERIN N. BRADY, ESQUIRE
                                   STEVEN A. HASKINS, ESQUIRE
                                   Kirkland & Ellis, LLP
                                   777 South Figueroa Street
                                   Los Angeles, California   90017

                                   JAMES CARIGNAN, ESQUIRE
                                   Pepper Hamilton, LLP
                                   1313 North Market Street
                                   Suite 5100
                                   Wilmington, Delaware   19801


   For Wayne Berry:                TIMOTHY J. HOGAN, ESQUIRE
                                   Lynch, Ichida, Thompson,
                                   Kim & Hirota
                                   Suite 1405
                                   1133 Bishop Street
                                   Honolulu, Hawaii   96813

   For C&S Acquisition:            REBECCA L. BUTCHER, ESQUIRE
                                   Landis, Rath & Cobb, LLP
                                   919 Market Street
                                   Suite 600
                                   Wilmington, Delaware   19801
```

```
Appearances (continued):

For RCT:                    JANICE L. DUBAN, ESQUIRE
                            DLA Piper US, LLP
                            203 North LaSalle Street
                            Suite 1900
                            Chicago, Illinois   60601

Audio Operator:             BRANDON MCCARTHY

Transcribed by:             DIANA DOMAN TRANSCRIBING
                            P. O. Box 129
                            Gibbsboro, New Jersey   08026
                            Off: (856) 435-7172
                            Fax: (856) 435-7124
                            Email:  dianadoman@comcast.net
```

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

<u>I N D E X</u>

<u>ARGUMENT</u>:

| | | |
|---|---|---|
| By: | Ms. Jones | 4 |
| By: | Mr. Carignan | 5 |
| By: | Ms. Brady | 7 |
| By: | Mr. Hogan | 8 |
| By: | Mr. Haskins | 10 |
| By: | Ms. Butcher | 10 |
| By: | Ms. Duban | 11 |

                        Jones - Argument                        4

 1            CLERK:  All rise.  You may be seated.
 2            THE COURT:  Good morning.
 3            MS. JONES:  Good morning, Your Honor.  For the
 4   record, Laura Davis Jones of Pachulski, Stang, Ziehl, Young,
 5   Jones & Weintraub on behalf of the PCT.  Your Honor, if I may
 6   refer to the Court to the amended agenda for today's hearing,
 7   matters 1 through 12, Your Honor, are continued as noted on the
 8   agenda.
 9            Matter 13, Your Honor, the PCT's 58th omnibus
10   objection to claims, as noted in the agenda, the Charlie C's
11   IGA has advised us that they do not oppose the relief
12   requested.  So, we will submit an order subsequently no that
13   under certification of counsel.  And, the balance of those
14   matters, Your Honor, have been continued, and we'll submit an
15   order continuing them as well.
16            THE COURT:  All right.
17            MS. JONES:  Your Honor, before I yield the podium, I
18   would note, Your Honor, that, with respect to matter 16, the
19   PCT's objection to Munafo, the parties have agreed to continue
20   that to the September 22 hearing.  Just for Your Honor's
21   information, we're continuing in mediation in that matter and
22   we'll have medication again later this month -- I guess, the
23   beginning of next month.
24            THE COURT:  Okay.
25            MS. JONES:  And, Your Honor, matters 17 and 18 are --

Jones / Carignan - Argument  5

1  have both been settled.  Your Honor, we need to work through
2  the documentation, and we'll submit proposed forms of order
3  under certification of counsel once the parties work those
4  orders out.
5        THE COURT:  Okay.
6        MS. JONES:  Your Honor, with that, I'm going to yield
7  to counsel with respect to number 14, the PCT's 56th omnibus
8  objection.
9        MR. CARIGNAN:  Good morning, Your Honor.
10       THE COURT:  Good morning.
11       MR. CARIGNAN:  James Carignan of Pepper Hamilton
12  appearing today on behalf of the post confirmation trust.  Your
13  Honor, the 14th matter on the agenda is the PCT's 56th omnibus
14  objection to claims.  This matter has been resolved, Your
15  Honor, with respect to all of the claims except those of Mrs.
16  Cubbinsons Foods, which is a scheduled claim, and two filed
17  claims of American Nutrition.
18       The parties have agreed, with respect to the Mrs.
19  Cubbinsons' claim, to continue the hearing on this matter until
20  the next omnibus date.  But, we would like to proceed on an
21  uncontested basis today as against the American Nutrition
22  claims.
23       Your Honor, American Nutrition filed claim number
24  13852 and asserted a priority claim in the amount of roughly
25  $16,000.  We rec -- we seek to reclassify and allow this claim

1   as a general unsecured claim.  Your Honor, the debtor's books
2   and records indicate that there were no post petition
3   transactions that would support a finding of administrative
4   priority for this claim.  And, in fact, if Your Honor will
5   reference the schedule appended to that claim, it appears to
6   concede that the liability asserted all relates to pre-petition
7   transactions between these parties.
8           THE COURT:  All right.  Anybody wish to be heard on
9   that?  All right.  I will sustain the objection.
10          MR. CARIGNAN:  Thank you, Your Honor.  Claim 13851 is
11  the claim of American Nutrition Parent Co.  It asserts an
12  unsecured claim in the amount of approximately $48,000, but
13  does also include an administrative component in the amount of
14  approximately $56,000.
15          We also seek to reclassify and allow this claim as a
16  general unsecured claim in the aggregate amount of these two
17  components.  As with the previous claim, Your Honor, it does
18  not assert any specific legal basis for priority, and the
19  schedule appended to the claim concedes that these are all pre-
20  petition transactions save for one invoice asserted in the
21  amount of $165.
22          However, Your Honor, the debtor's books and records
23  indicate that that invoice also pertains to a pre-petition
24  transaction.  And, upon the affidavit in support of this
25  objection, we respectfully request that this claim be

Case 1:03-cv-00385-DAE-LEK Document 1011-13-2 Filed 04/16/2008 Page 7 of 14

| | |
|---|---|
| 1 | reclassified as general unsecured. |
| 2 | THE COURT: All right. I will sustain the objection. |
| 3 | MR. CARIGNAN: Thank you, Your Honor. With that, I |
| 4 | will yield the podium back to Ms. Jones. |
| 5 | THE COURT: Do have a form of order for me? |
| 6 | MR. CARIGNAN: I do not. I was -- I was intending to |
| 7 | submit it under certification of counsel, if that's acceptable. |
| 8 | THE COURT: That's fine. |
| 9 | MR. CARIGNAN: Thank you, Your Honor. |
| 10 | MS. BRADY: Good morning, Your Honor. Erin Brady for |
| 11 | Kirkland & Ellis. And, I'm going to address the 15th matter on |
| 12 | the agenda, the PCT's objection to Mr. Berry's administrative |
| 13 | claims. As we said in our papers, unless the Court is prepared |
| 14 | to rule against Mr. Berry on the attorney's fee claims, claims |
| 15 | that he actually never asserted in his proofs of claims |
| 16 | themselves, we think that the claim objection should be |
| 17 | continued pending the Hawaii Court's decision on the pending |
| 18 | attorney's fees motion. I guess, unless the Court has |
| 19 | immediate questions, I can walk through a synopsis of the |
| 20 | Hawaii litigation. |
| 21 | THE COURT: You don't have to. I'm wondering why I'm |
| 22 | here if the Hawaii litigation isn't final, if you will. |
| 23 | MS. BRADY: We relit -- well, we were -- back in |
| 24 | October of 2005, we were before the Court on the claim |
| 25 | objection on -- in the first instance. The Court asked the PCT |

Brady / Hogan - Argument                       8

1   to relist the claim objection at 30 days after the Hawaii
2   verdict was entered.  So, we did that.  Immediately then we
3   continued the objection out to August at Mr. Hogan's request.
4   And, as I said, the PCT agreed to do that without issue.
5            We contacted Mr. Hogan -- that date was not set in
6   stone.  We contacted Mr. Hogan early this month and asked him
7   if he wished to continue the objection.  Instead of responding,
8   he filed his response.  And, we have subsequently asked him
9   several times since then to continue the objection because it's
10  not ripe.  And, he has refused and insisted that we go forward
11  today.
12           THE COURT:  All right.  Well, let me hear from Mr.
13  Hogan for Mr. Berry.
14           MR. HOGAN:  Good morning, Your Honor.  Timothy Hogan
15  on behalf of Mr. Berry.  Your Honor, the story that you've
16  heard from counsel is not the way it went.  We -- I was forced
17  to file an objection.  A costly amount of attorney time I
18  expended.  The PCT's plan in this case from the beginning has
19  made it as expensive and as difficult for Mr. Berry as
20  possible.
21           We asked them at the very beginning to continue it
22  and to -- essentially until it moved on.  They would not agree
23  to that.  They now claim that they've been willing to do a lot
24  of things that they weren't willing to do when they were
25  talking to me.

1  THE COURT: Well, when did -- did they talk to you
2  about continuing today's hearing?
3  MR. HOGAN: They have -- they have attempted to
4  continue this -- today's hearing under conditions that were
5  unacceptable. They continue to refuse to accept the idea that
6  the Hawaii litigation will be finished when all appeals are
7  final. They -- and, in all the discussions with them, they
8  would not ever mention the word appeal in their willingness to
9  continue.
10  They want to have it -- at the moment there's an
11  order in Hawaii on fees, they want it over at that moment.
12  And, they may appeal the fee order. But, they'll be protected
13  in doing so, but not Mr. Berry. And, it's inequitable, Your
14  Honor.
15  THE COURT: Well, why don't I just say this. I'll
16  continue this until there's a final order in Hawaii?
17  MR. HOGAN: And, that's -- that would be fine with
18  us, Your Honor.
19  THE COURT: All right.
20  MS. BRADY: Your Honor, just to clarify, is that a
21  final non-appealable order out of the Appellate Courts or would
22  that be --
23  THE COURT: Out of the last Court that has
24  jurisdiction in Hawaii.
25  MS. BRADY: Okay.

1    THE COURT:  How's that?
2    MS. BRADY:  Thank you, Your Honor.
3    MR. HOGAN:  Thank you, Your Honor.
4    MS. JONES:  Your Honor, I think that brings us then
5    to matter 19 on the agenda, which was the scheduling conference
6    regarding the PCT vs. C&S Acquisition and C&S Wholesale
7    Grocers.  And, I'll yield to counsel, I believe, on the phone.
8    THE COURT:  Okay.
9    MR. HASKINS:  This is Steve Haskins for Kirkland &
10   Ellis -- with Kirkland & Ellis for the PCT.  And, I believe the
11   Court has two scheduling orders in front of it.  And, --
12   THE COURT:  Yes.
13   MR. HASKINS:  -- we're just coming before you, Your
14   Honor, with a request to expedite discovery and to move this
15   schedule forward as quickly as possible.
16   THE COURT:  And, the other side?
17   MS. BUTCHER:  Good morning, Your Honor.  Rebecca
18   Butcher on behalf of C&S Acquisition.  This matter has -- began
19   as a complaint simply between PCT and C&S.  C&S is seeking to
20   bring in a third party, The Grocer Supply Company, Inc., to
21   whom the obligations under the APA were transferred.  Grocer
22   Supply's answer deadline to our third party complaint is today.
23   At this point, we're not sure what issues Grocer
24   Supply plans to raise in response to our complaint.  We've had
25   some discussions with counsel for the other side in which they

Butcher / Duban - Argument                                         11

1   indicate they may be raising jurisdictional arguments.  They
2   may be raising other counterclaims unrelated to the issue that
3   was brought up in the initial complaint.  And, for that reason,
4   we're not sure that an expedited schedule is going to be
5   appropriate.
6         Frankly, until, I guess, we know where Grocer Supply
7   is going to come out with their response, we think it may be
8   best to wait until their initial scheduling conference on
9   September 22nd to enter a scheduling order that's going to
10  affect all of the parties.
11        THE COURT:  Any objection to that?
12        MR. HASKINS:  No.  We'd like to meet with Grocer
13  Supply as well before that, and we can talk with them.
14        THE COURT:  All right.  Let's do that.
15        MS. BUTCHER:  Thank you, Your Honor.
16        MR. HASKINS:  Thank you.
17        MS. JONES:  Your Honor, that brings us to the last
18  matter on the agenda, which is the RCT's second and final
19  status report.  And, I believe Ms. Duban is on the phone.
20        MS. DUBAN:  Thank you.  Good morning, Your Honor.
21  Janice Duban from DLA Piper representing the Reclamation
22  Creditors Trust.  Also on the line with me is Mr. Curtis
23  Marshall from Sara Lee Corp. who is the chairperson of the
24  Reclamation Creditors Trust.
25        Your Honor, we had intended to be either present in

Duban - Argument                                              12

1    court or on a -- on this call in connection with the PCT and
2    RCT's joint motion regarding their wind down settlement
3    agreement, your Honor having granted that motion in advance of
4    the hearing.  The status report remained on the call, so we
5    thought we should be on to answer any questions the Court may
6    have.  But, that's the only purpose of our presence.
7              THE COURT:  All right.  I had no questions.  Does
8    anybody else wish to be heard on that?  All right.  No, I had
9    no questions on your second and final status report.  And, as
10   noted, I did approve the resolution of the remaining matters
11   transferring them to the PCT.  So, I guess you're done.
12             MS. DUBAN:  Yes.  Thank you, Your Honor.  I guess we
13   are.
14             THE COURT:  All right.
15             MS. JONES:  Your Honor, we have no further matters
16   today.
17             THE COURT:  All right.  We'll stand adjourned.
18             MS. JONES:  Thank you very much.
19
20                            * * * *
21
22
23
24
25

13

|   |   |
|---|---|
| 1 | <u>C E R T I F I C A T I O N</u> |
| 2 | |
| 3 | I, Frances L. Maristch, court approved transcriber, |
| 4 | certify that the foregoing is a correct transcript from the |
| 5 | official electronic sound recording of the proceedings in the |
| 6 | above-entitled matter. |
| 7 | |
| 8 | |
| 9 | _____    _____ |
| 10 | DATE                    FRANCES L. MARISTCH |