# Exhibit A

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

777 South Figueroa Street
Los Angeles, California 90017

Michael Baumann
To Call Writer Directly:
213-680-8424
mbaumann@kirkland.com

(213) 680-8400

www.kirkland.com

Facsimile:
(213) 680-8500
Dir. Fax: 213 680-8500

June 9, 2008

**VIA E-MAIL**

Timothy J. Hogan, Esq.
1050 Bishop Street, No. 433
Honolulu, Hawaii 96813

E-mail: tjh@tmhogan.com

Re:     *Berry vs. Hawaiian Express Service, Inc.*

Dear Mr. Hogan:

Over the weekend and last week you sent a stream of e-mails that appear to be for the purpose of threatening and harassing the PCT and Mr. Kors yet again. Your e-mails misstate the facts, the record, and prior proceedings and misapply the law. You incorrectly suggest agreement by my clients and others with theories you have frequently been informed my clients find bizarre, and you demand responses on artificial timetables that, if not met, cause you to assume your inaccurate accusations and false allegations are confirmed. You have repeatedly threatened Mr. Kors with criminal action in a transparent attempt to gain advantage in your civil lawsuits. You have asked the PCT to permit you to produce unidentified materials to the United States Trustee, while you suggest that these unidentified documents may be subject to a protective order or contain information that typically would be protected. You request depositions of Mr. Kors, Mark Dillon and Theresa Noa in Hawaii, along with significant document discovery, on the false pretense that you are conducting a proper judgment debtor exam. Below I address various points raised in your e-mails. To the extent something is not mentioned by me, we reject your position, your request, your characterizations and your arguments and disagree with you.

First, threatening Mr. Kors with criminal action is inappropriate. Such threats against Mr. Kors have become common place for you and Mr. Berry, and these threats are contrary to Hawaii ethical rules. Mr. Kors has done nothing criminal, as you are well aware.

K&E 12960187.2

# KIRKLAND & ELLIS LLP

Timothy Hogan
June 9, 2008
Page 2

Second, as to your request that we agree that certain unidentified materials are not subject to a protective order, you know that I cannot do that. What materials are you referring to? Send me the materials you are referring to and I will review them. But be clear, we do not consent to or agree to your turning over any privileged or protected PCT or Fleming documents to anyone at any time.

Third, illustrating why it is difficult to deal with you and Mr. Berry, you mischaracterize a letter the PCT sent in response to your specific and repeated requests that Mr. Wynne send a letter to C&S confirming what C&S has told both you and the PCT on repeated occasions — that C&S was not using Mr. Berry's freight control software. You suggested that sending the letter would avoid PCT becoming entangled in your litigation attacks on C&S. Contrary to your suggestion, the letter, read as written, does not confirm any of your allegations about C&S, but that matters little in a world in which everything is twisted by you and your client to fit your conspiracy theories. And, of course, you sued the PCT anyway, using you and your client's twisted interpretation of the letter as "evidence" to support your theory that the PCT became party to the Berry license agreement by sending the letter.

Fourth, your allegations regarding supposed conflicts and requests for disgorgement of fees are without merit. If you had any basis for objection, you should have raised such objections years ago when Mr. Smith's employment or the relevant fee applications were pending. If you believe that disqualification of any of the counsel, including K&E, is appropriate in the pending New York case, where the sanctions motions against you and Mr. Berry are pending, you may make such a motion and we will rely on the protection of Rule 11 and our right to object. It is instructive that you made these unserious accusations in an e-mail, rather than in any formal pleading, and that you copied the United States Trustee rather than subject your claims to scrutiny by a court in a formal proceeding.

Finally, as to your requests to take Mr. Kors' judgment debtor exam in Hawaii and request for production of documents — the answer is no. The only judgments Mr. Berry has against Fleming or the PCT are those expressly subject to the bankruptcy court's jurisdiction. The bankruptcy court has stayed collection activities with respect to these claims until you conclude your Ninth Circuit appeals — which will be argued next week. In addition, the purpose of a judgment debtor examination is to determine the existence and location of assets to satisfy the judgment. Your request has nothing to do with enforcement of judgments, since the location and amount of the assets available to Berry from the PCT is a matter of public record in the Delaware bankruptcy court. Moreover, given the small dollar amount of Mr. Berry's judgment, which was below what was estimated by the Delaware bankruptcy court, and the fact that Mr. Berry owes the PCT money for attorneys fees and costs for pursuing meritless claims, it is clear that the purpose of your discovery requests has nothing to do with enforcement of any judgment

# KIRKLAND & ELLIS LLP

Timothy Hogan
June 9, 2008
Page 3


of Mr. Berry.  Your willingness to misuse judicial process is also obvious from your request to have Mr. Hosoda produce Mark Dillon and Theresa Noa in Hawaii for depositions to determine if Mr. Berry will be able to collect on his $2 judgments.

Very truly yours,

Michael Baumann

cc:    Lyle Hosoda
       Lex Smith
       Jonathan Moskin
       Andrew DeNatale
       Joseph McMahon
       Rick Cobb
       Erin Brady