# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,1 | ) | Case No. 03-10945 (MFW) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## AFFIDAVIT OF DISINTERESTEDNESS

| | |
|---|---|
| STATE OF HAWAII | ) |
| | ) ss: |
| CITY AND COUNTY OF HONOLULU | ) |

**LEX R. SMITH** declares as follows:

1. I am a partner of the firm of Kobayashi, Sugita & Goda (the "Firm"), which maintains offices at 999 Bishop Street, Honolulu, Hawaii 96813.

2. This Affidavit is submitted in connection with an order of the United States Bankruptcy Court for the District of Delaware entered May 22, 2003 authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' Chapter 11 cases (the "Chapter 11 Cases"). The Debtors have requested, and the Firm has agreed, to

---

1 The Debtors are the following entities: Core-Mark International, Inc.; Fleming Companies, Inc.; ABCO Food Group, Inc.; ABCO Markets, Inc.; ABCO Realty Corp.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; Dunigan Fuels, Inc.; Favar Concepts, Ltd.; Fleming Foods Management Co., L.L.C., Fleming Foods of Texas, L.P.; Fleming International, Ltd.; Fleming Supermarkets of Florida, Inc.; Fleming Transportation Service, Inc.; Food 4 Less Beverage Company, Inc.; Fuelserv, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; Minter-Weisman Co.; Piggly Wiggly Company; Progressive Realty, Inc.; Rainbow Food Group, Inc.; Retail Investments, Inc.; Retail Supermarkets, Inc.; RFS Marketing Services, Inc.; and Richmar Foods, Inc.

continue to represent and advise the Debtors pursuant to Section 327 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

3. The scope of services that the firm proposes to provide to the Debtors includes representation of the interests of the Debtors in connection with claims made by Mr. Wayne Berry relating to various software that he created. Mr. Berry's claims are set forth in a lawsuit filed in the United States District Court for the District of Hawaii entitled <u>Wayne Berry vs. Hawaiian Express Services, Inc. et al.</u>, Civil No. CV03-00385 SOM LEK. The representation of the Debtor's interests includes representation of not only the Debtor but also defendants whom the Debtor has agreed to indemnify: C&S Logistics Of Hawaii, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions, LLC. .

4. The rates that the Firm proposes to charge for its services are as follows:

Partners: $200 per hour
Associates $120 per hour
Paralegals: $80 per hour

5. To the best of my knowledge, formed after due inquiry, the Firm does not have any connection with the Debtors or currently represent any of their creditors, other parties-in-interest, the United States Trustee or any person employed by the Office of the United States Trustee with respect to the matters upon which it is to be engaged, and the Firm does not, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders, except:

A. The Firm represents Kraft in the defense of a Hawaii State Court action filed against Kraft by a corporation controlled by Wayne Berry (Mr. Berry is the

plaintiff in the lawsuit described in paragraph 3 above) in which Mr. Berry claims Kraft owes money for unpaid freight bills.

B. The Firm has in the past represented Proctor & Gamble, but has not done any work for Proctor & Gamble at any time since this bankruptcy proceeding was initiated.

6. Thus, I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such services impair the Firm's ability to represent the Debtors in the ordinary course in these Chapter 11 Cases.

7. In addition, although unascertainable at this time after due inquiry, due to the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may represent certain other creditors of the Debtors, or certain parties owing monies for services rendered and disbursements incurred, in discrete matters entirely unrelated to the Debtors and their estates, but in this regard, the Firm's work for these clients will not include representation on any matters relating to the Chapter 11 Cases.

8. The Firm's process of ascertaining what, if any, connection it may have with any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders, consists of the following: computer search of all of the Firm's billing records and compare to the list provided by Kirkland & Ellis of debtors; non-debtor subsidiaries; recent and former officers and directors; secured lenders and agents; creditors holding twenty largest unsecured trade claims; 5% shareholders; indenture trustees; professionals and insurers.

9. The Firm is currently owed $146,253.17 on account of pre-petition services.

10. In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors or equity interest holders, as identified to the Firm, with respect to the matters in which the Firm will be engaged.

11. The Firm further states that it has not shared, nor agreed to share any compensation received in connection with the Chapter 11 Cases with another party or person, other than as permitted by Section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

12. The foregoing constitutes the statement of the Firm pursuant to Sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

*/s/ Lex R. Smith*
LEX R. SMITH
999 Bishop Street, 26th Floor
Honolulu, Hawaii 96813

Sworn to before me
this 4th day of March, 2004

*/s/ Tammy M. Yoshimura*
Notary Public, State of Hawaii
TAMMY M. YOSHIMURA
My commission expires: 9-22-2004

L.S.