IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

WAYNE BERRY,                    )    CIVIL NO. 03-00385 DAE-LEK
                               )
          Plaintiff,            )
                               )
     vs.                       )
                               )
HAWAIIAN EXPRESS SERVICE,      )
INC., ET AL.,                  )
                               )
          Defendants.          )
_____)


**FINDINGS AND RECOMMENDATION TO: DENY DEFENDANT C&S
WHOLESALE GROCERS, INC.'S RENEWED EX PARTE MOTION
FOR WRIT OF EXECUTION OR IN THE ALTERNATIVE
FOR JUDGMENT CREDITOR'S BILL IN EQUITY; DENY
DEFENDANT BRIAN CHRISTENSEN'S JOINDER; AND
<u>DENY DEFENDANT GUIDANCE SOFTWARE, INC.'S JOINDER</u>**

          Before the Court, pursuant to a designation by United

States District Judge David Alan Ezra, is Defendant C&S Wholesale

Grocers, Inc.'s ("C&S") Renewed Ex Parte Motion for Issuance of

Writ of Execution After Judgment or in the Alternative for

Judgment Creditor's Bill in Equity ("Motion"), filed on June 5,

2008, in which it seeks the issuance of a writ of execution or a

creditor's bill in equity directing the Deputy Sheriff of the

State of Hawaii ("Sheriff") to sell certain property of Plaintiff

Wayne Berry's ("Plaintiff") at auction.[1]  Defendant Brian

_____

          [1] With certain exceptions, a district judge "may designate a
magistrate judge to hear and determine any <u>pretrial</u> matter
pending before the court[.]"  28 U.S.C. § 636(b)(1)(A).  Post-
trial matters, such as the instant Motion, apparently cannot be
designated for ruling by a magistrate judge.

Christensen and Defendant Guidance Software, Inc. ("Guidance")
each filed joinders in the Motion on June 10, 2008 (collectively
"Joinders").  Plaintiff filed his memorandum in opposition to the
Motion on June 6, 2008.  The Court finds these matters suitable
for disposition without a hearing pursuant to Rule LR7.2(d) of
the Local Rules of Practice of the United States District Court
for the District of Hawaii ("Local Rules").  After careful
consideration of the Motion, Joinders, supporting and opposing
memoranda, and the relevant legal authority, this Court HEREBY
FINDS AND RECOMMENDS that C&S's Motion and the Joinders be DENIED
for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual
and procedural background of this case.  The Court will therefore
only discuss the events that are relevant to the instant Motion.

On October 25, 2006, this Court issued a Report of
Special Master recommending, *inter alia*, that the district judge
award C&S $84,758.98 in attorneys' fees and costs and that the
district judge award Guidance $51,657.50 in attorneys' fees and
costs.  On December 4, 2006, this Court issued a Report of
Special Master recommending, *inter alia*, that the district judge
award Christensen $27,507.20 in attorneys' fees.  The district
judge adopted these recommendations in a March 2, 2007 order.

On February 19, 2008, C&S filed its Ex Parte Motion for

Issuance of Writ of Execution After Judgment ("First Motion").
In a March 27, 2008 entering order ("3/27/08 EO"), this Court
denied the First Motion, ruling that it could not issue a writ of
execution pursuant to Haw. Rev. Stat. § 651-32 because the
attorneys' fees judgment had been duly appealed from.

        In a May 6, 2008 Order Reversing and Remanding Appeal
of Order Denying C&S Wholesale Grocers, Inc.'s Ex Parte Motion
for Issuance of Writ of Execution After Judgment ("5/6/08 Order")
the district judge reversed the 3/28/08 EO, concluding that,
under § 651-32, an pending appeal does not prevent the
enforcement of a judgment through a writ of execution where there
was no stay issued on the judgment.  The district judge remanded
the matter back to this Court to determine the form of the writ,
after C&S refiled its request for a writ of execution.  The
district judge stated:

        This Court hereby orders C&S to refile a
        request for a writ of execution within 30 days of
        the date of this Order.  This Court advises C&S
        that its writ must be far more specific with
        respect to the Plaintiff's property that it seeks
        to have the writ of execution pertain to than its
        previous filing, and must clearly cite Hawaii
        authority upon which it bases its request and
        explain the location of such property, such that
        the writ can actually be executed.  In other
        words, C&S must identify by name, civil number,
        and court, each "cause of action and other claims
        and pending lawsuits" that C&S expects to be
        executed upon.  C&S must explain whether that
        property is located in Hawaii, and if not, C&S
        must provide the authority, if any, pursuant to
        which such property can be executed upon, given
        that Plaintiff does not appear to be a Hawaii

> resident.  In addition, C&S must do the same with respect to the registered and unregistered copyrights.  Along with a memorandum which clearly explains the basis for the writ as to each piece of property contained in the writ, C&S must also file a proposed form of writ, which if granted, will be provided to the Deputy Sheriff of the State for execution.

[5/6/08 Order at 8-9.]

In the instant Motion, C&S seeks a writ of execution or, in the alternative, a creditor's bill in equity, directing the Sheriff to hold an auction and sell the following items of Plaintiff's property: 1) thirty-seven copyrights registered in the United States Copyright Office; 2) Plaintiff's right, title, and interest in certain unregistered works; 3) all computer programs that Plaintiff authored which are part of, or work with, the software Plaintiff licensed to Fleming Foods, Inc.; and 4) Plaintiff's causes of action in three lawsuits (collectively "Subject Property").  [Motion at 2-7.]

## DISCUSSION

Federal Rule of Civil Procedure 69(a)(1) provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Thus, the procedure to execute a federal court judgment "shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy

4

is sought, except that any statute of the United States governs
to the extent that it is applicable." Paul Revere Ins. Group v.
United States, 500 F.3d 957, 960 (9th Cir. 2007) (citation and
quotation marks omitted).  The district judge stated that it is
proper to consider Haw. Rev. Stat. § 651-32.  [5/6/08 Order at
6.]

       Haw. Rev. Stat. § 651-32 states:

> Every district judge at the request of the party
> recovering any civil judgment in the judge's
> court, unless the judgment is duly appealed from,
> shall issue the judge's execution against the
> property of the party recovered against, which
> execution may be in the form established by the
> usage and practice of the issuing court and may be
> directed to any police officer of the judicial
> circuit in which the district court is situated;
> provided the defendant or any of the defendants is
> a resident of the circuit.

(Emphasis added.)  The district judge expressly instructed C&S to
specify whether the property in question is located in Hawaii
and, if not, what legal authority authorizes execution upon the
property in light of the fact that Plaintiff does not appear to
be a Hawaii resident.  [5/6/08 Order at 8.]  In the instant
Motion, C&S argues that Plaintiff consented to the jurisdiction
of this district court by filing his action here and that the
district court has the authority to enforce its own judgments.
This district court, however, may only utilize execution
procedures consistent with Hawaii law as at it exists at the time
C&S sought to remedy of a writ of execution.  See Paul Revere

Ins. Group, 500 F.3d at 960.  Section 651-32 requires that the judgment defendant be a resident of the state.  C&S apparently does not contest the fact that Plaintiff moved to Florida after judgment was entered.  [Mem. in Supp. of Motion at 6.]

Further, C&S does not allege that the Subject Property is located in Hawaii.  Instead, C&S argues that the district court has the power to enforce its judgment against property outside the district, citing In re Estate of Marcos Human Rights Litigation, 910 F. Supp. 1470, 1471 (D. Haw. 1995) ("Estate of Marcos").  In that case, the district judge ordered Imelda Marcos and Ferdinand Marcos, as representatives of the estate of former President of the Philippines, Ferdinand Marcos ("Estate"), to assign the Estate's assets in certain Swiss bank accounts to the plaintiffs in partial satisfaction of the judgment.  This case does not support C&S's position.

In Estate of Marcos, the district judge noted that he had previously issued an order directing the Clerk of the Court to certify the final judgment for transfer to other districts for execution and that the plaintiffs filed a motion to transfer to the United States District Court for the Central District of California.  See id. at 1471.  In May 1995, prior to Estate of Marcos, which was filed on November 30, 1995, the plaintiffs registered the judgment in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1963.

Later in May 1995, writs of execution and notices of levy were served on the Los Angeles branches of two of the Swiss banks. See Hilao v. Estate of Marcos, 95 F.3d 848, 850 (9th Cir. 1996).[2] Thus, in Estate of Marcos, the district judge ordered the transfer of assets that the plaintiffs had already levied against.  The district judge also ordered the assignment purportedly according to California law because "the matter is now in California, solely for the purpose of executing the judgment."  Estate of Marcos, 910 F. Supp. at 1473.  Further, Estate of Marcos does not addresses whether the representatives of the Estate were Hawaii residents at the time.

In contrast, in the present case, C&S asks the Court to order the Sheriff to levy the Subject Property and sell it at auction and order Plaintiff to assign his rights in the Subject Property to the highest bidder.  Hawaii law, however, clearly contemplates execution only against property within the state.

> If, upon an execution being issued by a district judge, no property, or not a sufficient amount of property, belonging to the defendant in execution, can be found within the jurisdiction of the judge issuing the execution, and the same is returned unsatisfied, either wholly or in part, the plaintiff in execution may, upon procuring a certified copy of the judgment and execution in the court below, to be docketed in the office of the clerk of the supreme court, sue out a writ of execution from the supreme court, which shall be available against the property of the defendant,

---

[2] In Hilao, the Ninth Circuit held that the plaintiffs never effectively levied on the accounts.  See 95 F.3d at 856.

7

wherever situated <u>within the State</u>.

Haw. Rev. Stat. § 651-35 (emphases added).  This Court therefore
FINDS that, insofar as Plaintiff is not currently a resident of
Hawaii and the Subject Property is not located within Hawaii, the
district court cannot issue a writ of execution against the
Subject Property.

The Court notes that this does not leave C&S without
remedies.  C&S can register the attorneys' fees judgment in the
applicable federal court in Florida pursuant to 28 U.S.C. § 1963,
which provides, in pertinent part:

> A judgment in an action for the recovery of money
> or property entered in any . . . district court .
> . . may be registered by filing a certified copy
> of the judgment in any other district . . . when
> the judgment has become final by appeal or
> expiration of the time for appeal or when ordered
> by the court that entered the judgment for good
> cause shown. . . .  A judgment so registered shall
> have the same effect as a judgment of the district
> court of the district where registered and may be
> enforced in like manner.
>
> . . . .
>
> The procedure prescribed under this section is in
> addition to other procedures provided by law for
> the enforcement of judgments.

28 U.S.C. § 1963.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS
AND RECOMMENDS that C&S's Renewed Ex Parte Motion for Issuance of
Writ of Execution After Judgment or in the Alternative for

8

Judgment Creditor's Bill in Equity, filed June 5, 2008, and Christensen's and Guidance's joinders thereto, filed June 10, 2008, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, September 24, 2008.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

WAYNE BERRY V. HAWAIIAN EXPRESS SERVICE, INC., ET AL; CV 03-00385 DAE-LEK; FINDINGS AND RECOMMENDATION TO: DENY DEFENDANT C&S WHOLESALE GROCERS, INC.'S RENEWED EX PARTE MOTION FOR WRIT OF EXECUTION OR IN THE ALTERNATIVE FOR JUDGMENT CREDITOR'S BILL IN EQUITY; DENY DEFENDANT BRIAN CHRISTENSEN'S JOINDER; AND DENY DEFENDANT GUIDANCE SOFTWARE, INC.'S JOINDER